UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) |  |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) ) | 18-CV- |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE LLC, JEROME H. COHEN, and SHAUN D. COHEN, | ) ) ) ) |  |
| Defendants. | ) ) |  |

## TEMPORARY RESTRAINING ORDER

This cause coming to be heard on plaintiff U.S. Securities and Exchange Commission's ("SEC") Emergency Motion for a Temporary Restraining Order to Prevent Violations of the Federal Securities Laws, to Appoint a Receiver, and to Provide for Other Ancillary Relief (the "TRO Motion") against Defendants Equitybuild, Inc., Equitybuild Finance, LLC, Jerome Cohen, and Shaun Cohen (collectively, "Defendants"), the Court having considered the TRO Motion, as well as the SEC's memorandum of law and accompanying evidentiary materials, the Complaint, and the parties' oral argument, if any, this Court finds that:

A. This Court has jurisdiction over the subject matter of this case and over Defendants, and the SEC is a proper party to bring this action seeking the relief sought in its Complaint;

B. There is good cause to believe that the SEC will ultimately succeed in establishing that Defendants have engaged in and are likely to engage in transactions, practices and courses of business that violate Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933

1

("Securities Act") [15 U.S.C. § 77e(a), e(c) and q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder;

      C.      There is good cause to believe that Defendants will continue to engage in such transactions, acts, practices and courses of business and in such violations unless immediately restrained and enjoined by Order of this Court;

      D.      There is good cause to believe that, unless restrained and enjoined, Defendants will dissipate, conceal, or transfer from the jurisdiction of this Court, assets which could be subject to an order of disgorgement;

      E.      Therefore, the SEC's TRO Motion should be, and is, granted, as set forth more fully below.

**IT IS THEREFORE ORDERED:**

**I.    ORDER RESTRAINING DEFENDANTS FROM VIOLATING SECTIONS 5(a), 5(c), and 17(a) OF THE SECURITIES ACT, SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5 THEREUNDER.**

      A.      Defendants and each of their officers, agents, servants, employees, and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including mail, facsimile transmission, overnight delivery service, or electronic mail, are restrained from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e(a) and (c)] by, directly or indirectly,

            (1)      Making use of means or instruments of transportation or communication in interstate commerce or of the mails to sell, through the use or medium of a prospectus or otherwise, securities as to which no registration statement was in effect; or

    (2) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy, through the use or medium of a prospectus or otherwise, securities as to which no registration statement had been filed.

  B. Defendants and each of their officers, agents, servants, employees, and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including mail, facsimile transmission, overnight delivery service, or electronic mail, are restrained from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] by, directly or indirectly, in connection with the offer or sale of any security, through the use of the means or instrumentalities of interstate commerce or of the mails or any facility of any national security exchange,

    (1) employing any device, scheme or artifice to defraud;

    (2) obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statement made, in light of the circumstances under which they were made, not misleading; or

    (3) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

  C. Defendants and each of their officers, agents, servants, employees, and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, mail, overnight delivery service, or electronic mail, are restrained from violating Section 10(b) of the Exchange Act [15 U.S.C. § 78(j)(b)] and Rule 10b-5 thereunder [17 C.F.R. 240.10b-5] by, directly or

indirectly, in connection with the purchase or sale of securities, through the use of the means or instrumentalities of interstate commerce or of the mails or any facility of any national security exchange,

  (1) employing any device, scheme or artifice to defraud;

  (2) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  (3) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

## II.  <u>PROHIBITION AGAINST RAISING INVESTOR FUNDS</u>

Pending a final disposition of this action, Defendants, their agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, and each of them, are enjoined from, directly or indirectly, soliciting any new investors or accepting additional funds from existing investors.

## III.  <u>DOCUMENT PRESERVATION</u>

  A. Until further order of this Court, Defendants and each of their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including mail, facsimile transmission, electronic mail, or overnight delivery service, are hereby restrained from destroying, mutilating, concealing, altering, disposing, or transferring custody of any items, including but not limited to any books, records, documents, correspondence, contracts, agreements, assignments, obligations, tape recordings, computer media or other property (1)

relating to the conduct described in the Complaint, or any amendment thereto, filed by the SEC in this action; or (2) pertaining in any way to investments in Equitybuild, Inc., Equitybuild Finance, LLC or any other investment offered for sale by Defendants (these documents and data are collectively referred to here as "Evidence").

   B. Such Evidence includes both "hard copy" versions and electronically-stored information in Defendants' possession, custody or control, including text files, data compilations, word processing documents, spreadsheets, e-mail, voicemail, data bases, calendars and scheduling information, log, file fragments and backup files, letters, instant messages, memoranda, notes, drawings, designs, correspondence or communication of any kind. Evidence that is stored electronically may be maintained on shared network files, computer hard drives, servers, DVDs, CD-ROMs, flash drives, thumb drives, laptops, digital recorders, netbooks, PDA, or other handheld/ smartphone devices.

   C. The obligations set forth in Section III herein include an obligation by Defendants to provide notice to all their employees, custodians, agents, or contractors who may be in possession of Evidence. This duty also extends to the preservation and retention of Evidence in the possession or custody of third-parties, such as an internet service provider or a cloud computing provider, if such Evidence is within Defendants' control.

   D. Defendants are ordered to act affirmatively to prevent the destruction of Evidence. This duty may necessitate: (1) quarantining certain Evidence to avoid its destruction or alteration; or (2) discontinuing the recycling of backup tapes or other storage media, and the deletion of emails, "trash," "recycling," "drafts," "sent," or "archived" folders.

## IV. ACCOUNTING

Pending a hearing on the SEC's motion for preliminary injunction, each Defendant shall serve upon the SEC's counsel, within ten (10) calendar days of the date of this Order, or within such extension of time as the SEC staff agrees to in writing or is otherwise granted by the Court, a verified written accounting, signed under penalty of perjury by the individual Defendant or, in the case of an entity Defendant, by the officer or employee of the entity most knowledgeable about the entity's financial condition, if any, providing the following information:

(1) A list of all accounts at all banks, brokerage firms or financial institutions (including the name of the financial institution and name and last four digits of the account number), tax identification numbers, telephone or facsimile transmission numbers (including numbers of pagers and mobile telephones), electronic mail addresses, World Wide Web sites or Universal Records Locators, Internet bulletin board sites, online interactive conversational spaces or chat rooms, Internet or electronic mail service providers, street addresses, postal box numbers, safety deposit boxes, and storage facilities used or maintained by any one or more of the Defendants, or under their direct or indirect control, at any time from January 1, 2014 to the present.

(2) All assets, liabilities and property currently held directly or indirectly by or for the benefit of Defendants, including, but not limited to, bank accounts, brokerage accounts, investments, business interests, loans, lines of credit, and real and personal property wherever situated, describing each asset and liability, its current location and amount;

(3) All money, property, assets, and other income received by Defendants, or for the direct or indirect benefit of one or more of them, in or at any time from January 1,

       2014, to the date of the accounting, describing the source, amount, disposition, and current location of each of the items listed;

(4) All assets, funds, securities, and real or personal property of Defendants transferred to or for the benefit of any other person or entity from January 1, 2014, to the date of the accounting, including a description of each transferred asset, the name of the recipient, and the date of the transfer; and

(5) The names and last known addresses of all bailees, debtors, and other persons and entities that are currently holding the assets, funds, or property of any one or more of the Defendants.

## V.    **EXPEDITED DISCOVERY**

    A.    Immediately upon entry of this Order, the parties may take depositions upon oral examination of parties and non-parties subject to seven calendar days' notice. All parties shall comply with the provisions of Rule 45 of the Federal Rules of Civil Procedure regarding issuance and service of subpoenas and documents sought from nonparties, and such nonparties shall be subject to at least seven calendar days' notice. Parties failing to appear for a properly noticed deposition shall be prohibited from introducing evidence at a hearing on the SEC's request for a preliminary injunction.

    B.    Immediately upon entry of this Order, the parties shall be entitled to serve requests for the production of documents, requests for admissions, and interrogatories. Absent agreement of the parties or an order of this Court, the parties shall respond to such discovery requests and produce responsive documents by August 31.

    C.    Service of discovery requests shall be sufficient if made upon counsel of record or, if there is no counsel of record, upon the party itself, by both email and overnight courier

delivery. All responses to the SEC's discovery, all discovery and pleadings, and all information to which the SEC is entitled pursuant to the terms of this Order shall be delivered to Ariella O. Guardi, Securities and Exchange Commission, Chicago Regional Office, by email at guardia@sec.gov or by overnight or messenger courier delivery (175 W. Jackson Blvd., Suite 1450, Chicago, Illinois 60604, (312) 353-7390).

      D.      Defendants shall serve an answer or otherwise respond to the SEC's Complaint within 10 calendar days from the date of this Order. Should Defendant fail to serve an answer or otherwise respond within such time, the Court shall deem the SEC's allegations admitted for purposes of the SEC's request for a preliminary injunction.

      E.      Depositions may be taken by telephone or other remote electronic means.

      F.      Depositions taken pursuant to this Order shall not impact the number of depositions the SEC may take in regular, non-expedited discovery.

## VI.   ORDER FOR PRELIMINARY INJUNCTION HEARING

      A.      Defendants wishing to be heard on this matter shall appear in this Court, on the SEC's motion for preliminary injunction, before the Honorable Judge John Z. Lee at 10 a.m., on the 17th day of September, 2018 in Courtroom 1225 of the United States District Court for the Northern District of Illinois, or as soon thereafter as the matter can be heard, to show cause, if there be any, why this Court should not enter a preliminary injunction and order preliminary relief against Defendants, pursuant to Rule 65 of the Federal Rules of Civil Procedure, or extending the temporary relief granted in this Order pending a final adjudication on the merits. .

## VII.   OTHER RELIEF

      A.      Notice of this Order, or any other Orders of the Court or Notices required to be issued by Plaintiff, may be accomplished by delivery of a copy of the Order or Notice by first class

mail, overnight delivery, international express mail, facsimile, electronic mail, or personally, by agents or employees of Plaintiff, (i) upon the Defendants or their attorneys; and (ii) upon any bank, saving and loan institution, credit union, financial institution, transfer agent, broker-dealer, investment company, title company, commodity trading company, storage company, or any other person, partnership, corporation, or legal entity that may be subject to any provision of this Order.

      B.     This Court shall retain jurisdiction of this matter for all purposes.

      C.     Pursuant to Federal Rule of Civil Procedure 65(c), no security is required of the SEC.

      D.     This Order shall be operative until further order of this Court.

## VIII. PRESERVATION OF RIGHTS AND PRIVILEGES

Nothing in this Order shall be construed to require that Defendants abandon or waive any constitutional or other legal privilege which they may have available to them including any Fifth Amendment privilege against self-incrimination. In turn, nothing in this Order shall prevent the SEC from opposing or challenging any assertion by a Defendant of any Fifth Amendment privilege against self-incrimination, or any other constitutional or other legal privilege.

## IX. ASSET FREEZE

Pending a hearing on and determination of the SEC's motion for a preliminary injunction, Defendants and each of their financial and brokerage institutions, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service, telephonic notice, email, or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment, or

other disposal (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the direct or indirect control of the Defendants, whether held in any of their names or for any of their direct or indirect beneficial interest wherever situated, in whatever form such assets may presently exist and wherever located within the territorial jurisdiction of the United States courts, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of the Defendants to hold or retain within its or his or her control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other properties, including, but not limited to, the following accounts:

| Account Title | Institution Name | Account Number |
| --- | --- | --- |
| 3400 Newkirk | Wells Fargo | ******3770 |
| 3400 Newkirk | Wells Fargo | ******4514 |
| Hard Money Company LLC/Shaun Cohen | Wells Fargo | *********2858 |
| Hard Money Company LLC/EquityBuild Finance (Escrow) | Wells Fargo | *********3077 |
| Hard Money Company LLC/EquityBuild Finance (Fee Income) | Wells Fargo | *********3226 |
| Hard Money Company LLC/Equitybuild Finance | Wells Fargo | *********3239 |
| Hard Money Company LLC/Equitybuild Finance | Wells Fargo | *********5561 |
| Hard Money Company LLC/EquityBuild Finance (Checking) | Wells Fargo | ******8783 |
| Hard Money Company LLC/EquityBuild Finance (Checking) | Wells Fargo | ******3721 |
| Hard Money Company LLC/EquityBuild Finance (Checking) | Wells Fargo | *********5451 |
| Hard Money Company | Wells Fargo | ******9081 |

| | | |
|---|---|---|
| LLC/EquityBuild Finance (Savings) | | |
| Tikkun Holdings LLC | Wells Fargo | ******5298 |
| Cohen, Jerry and Schroyer-Cohen, Patricia | Wells Fargo | *********3641 |
| Cohen, Jerry | Wells Fargo | *********6502 |
| Cohen, Bernard and Cohen, Jerry H | Wells Fargo | *********4869 |
| Cohen, Robert D and Cohen, Jerry | Wells Fargo | ******6260 |
| Cohen, Robert D and Cohen, Jerry | Wells Fargo | ******9729 |
| Schroyer-Cohen, Patricia and Cohen, Jerry | Wells Fargo | *********3641 |
| Cohen, Shaun | Wells Fargo | *********3299 |
| Cohen, Shaun and Cohen, Eldebran | Wells Fargo | *********5078 |
| Cohen, Shaun | Wells Fargo | *********9075 |
| Cohen, Shaun | Wells Fargo | *********1671 |
| Cohen, Shaun | Wells Fargo | *********4395 |
| Cohen, Shaun | Wells Fargo | ******2626 |
| Cohen, Shaun | Wells Fargo | ******4781 |
| Cohen, Shaun | Wells Fargo | ******7034 |
| Cohen, Shaun and Cohen, Eldebran | Wells Fargo | *********1671 |
| Cohen, Eldebran and Cohen, Shaun | Wells Fargo | *********7856 |
| EquityBuild | Wells Fargo | *********7110 |
| EquityBuild | Wells Fargo | *********1708 |
| EquityBuild | Wells Fargo | ******6992 |
| EquityBuild | Wells Fargo | ******4649 |
| EquityBuild | Wells Fargo | ******6976 |
| EquityBuild | Wells Fargo | *********8478 |
| EquityBuild (BusinessLine Mastercard) | Wells Fargo | ************3082 |
| EquityBuild DBA 6759 S. Indiana Associates | Wells Fargo | ******3274 |
| 11117 S Longwood LLC | Wells Fargo | |
| 11318 S Church St Associates | Wells Fargo | ******8703 |
| 1632 Shirley LLC | Wells Fargo | |
| 1700 Juneway LLC | Wells Fargo | |

11

|  |  |  |
|---|---|---|
| 2136 W 83RD LLC | Wells Fargo | ******6117 |
| 2136 W 83RD LLC | Wells Fargo | ******6262 |
| 2537 N McVicker LLC | Wells Fargo | ******6125 |
| 4520 S Drexel LLC | Wells Fargo |  |
| 4533-37 S Calumet LLC | Wells Fargo |  |
| 4528 Michigan LLC | Wells Fargo | ******6133 |
| 4528 Michigan LLC | Wells Fargo | ******6254 |
| 4750 Indiana LLC | Wells Fargo | ******2039 |
| 4755 S Saint Lawrence Associates | Wells Fargo | ******2021 |
| 4755 S Saint Lawrence Associates | Wells Fargo | ******8913 |
| 5001 S Drexel LLC | Wells Fargo |  |
| 5411 W Wrightwood LLC | Wells Fargo | ******6273 |
| 6951 S Merrill LLC | Wells Fargo | ****3316 |
| 7107-29 S Bennett LLC | Wells Fargo | ******8711 |
| 7109 S Calumet LLC | Wells Fargo | ****6236 |
| 7922 S Luella LLC | Wells Fargo | ******5242 |
| 7927-49 S Essex LLC | Wells Fargo |  |
| 7933 S Kingston LLC | Wells Fargo | ******5234 |
| 7945 S Kenwood LLC | Wells Fargo | ******2575 |
| 8104 S Kingston LLC | Wells Fargo | ******8157 |
| 8104 S Kingston LLC | Wells Fargo | ******8905 |
| 8153 S Avalon LLC | Wells Fargo | ******0334 |
| 8153 S Avalon LLC | Wells Fargo | ******2153 |
| 8217 Dorchester LLC | Wells Fargo |  |
| 8311 S Green LLC | Wells Fargo | ******8058 |
| 8432 S Throop Associates | Wells Fargo | ******1530 |
| 8432 S Throop Associates | Wells Fargo | ******3945 |
| 8725 S Ada LLC | Wells Fargo | ******4004 |
| 8745 S Sangamon LLC | Wells Fargo | ******0409 |
| 8745 S Sangamon LLC | Wells Fargo | ******7918 |

| | | |
|---|---|---|
| 8801 S Bishop St Associates | Wells Fargo | ******2088 |
| 8801 S Bishop St Associates | Wells Fargo | ******6304 |
| 8801 S Bishop St Associates | Wells Fargo | ******4498 |
| 8801 S Bishop St Associates | Wells Fargo | ******9873 |
| 9158 S Dobson LLC | Wells Fargo | ******4061 |
| Chicago Capital Fund I LLC | Wells Fargo | **** 5116 |
| Chicago Capital Fund II LLC | Wells Fargo | ****5264 |
| EB South Chicago 1 LLC | Wells Fargo | |
| EB South Chicago 2 LLC | Wells Fargo | |
| EB South Chicago 3 LLC | Wells Fargo | ****2851 |
| Hybrid Capital Fund LLC | Wells Fargo | ****1783 |
| South Shore Property Holdings LLC | Wells Fargo | |
| South Side Development Fund 1 LLC | Wells Fargo | |
| South Side Development Fund 2 LLC | Wells Fargo | |
| South Side Development Fund 3 LLC | Wells Fargo | |
| South Side Development Fund 4 LLC | Wells Fargo | |
| South Side Development Fund 5 LLC | Wells Fargo | |
| South Side Development Fund 6 LLC | Wells Fargo | |
| South Side Development Fund 7 LLC | Wells Fargo | |
| South Side Development Fund 8 LLC | Wells Fargo | |

**SO ORDERED at 6:10 p.m. CST this 17th day of August, 2018 by**

Entered:
8/17/18

John Z. Lee
United States District Judge

14