**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

_____

|  |  |  |
|---|---|---|
| **UNITED STATES SECURITIES** | ) | |
| **AND EXCHANGE COMMISSION,** | ) | |
| | ) | **Civil Action No.** |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **Hon. Judge** |
| **EQUITYBUILD, INC.,** | ) | |
| **EQUITYBUILD FINANCE, LLC,** | ) | |
| **JEROME H. COHEN and** | ) | |
| **SHAUN D. COHEN** | ) | |
| | ) | |
| **Defendants,** | ) | |

_____

### ORDER APPOINTING RECEIVER

**WHEREAS** this matter has come before this Court upon Plaintiff United States

Securities and Exchange Commission's ("SEC" or "Commission") Emergency Motion for a

Temporary Restraining Order to Prevent Violations of the Federal Securities Laws, to Appoint a

Receiver, and to Provide for Other Ancillary Relief; and,

**WHEREAS** the Court finds that, based on the record in these proceedings, the

appointment of a receiver in this action is necessary and appropriate for the purposes of

marshaling and preserving all assets of Defendants Equitybuild, Inc., Equitybuild Finance, LLC,

their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen; and,

**WHEREAS** this Court has subject matter jurisdiction over this action and personal

jurisdiction over the Defendants, and venue properly lies in this District.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED**

**THAT:**

1.      This Court hereby takes exclusive jurisdiction and possession of the assets, of

whatever kind and wherever situated, of the following Defendants, and the affiliate entities of

Defendants Jerome Cohen and Shaun Cohen:  Equitybuild, Inc., Equitybuild Finance, LLC, and

affiliates, including but not limited to:  3400 Newkirk, LLC, Hard Money Company LLC,

Tikkun Holdings LLC, 11117 S Longwood LLC, 11318 S Church St Associates, 1632 Shirley

LLC, 1700 Juneway LLC, 2136 W 83RD LLC, 2537 N McVicker LLC, 4520 S Drexel LLC,

4533-37 S Calumet LLC, 4528 Michigan LLC, 4750 Indiana LLC, 4755 S Saint Lawrence

Associates, 5001 S Drexel LLC, 5411 W Wrightwood LLC, 6951 S Merrill LLC, 7107-29 S

Bennett LLC, 7109 S Calumet LLC, 7922 S Luella LLC, 7927-49 S Essex LLC, 7933 S

Kingston LLC, 7945 S Kenwood LLC, 8104 S Kingston LLC, 8153 S Avalon LLC, 8217

Dorchester LLC, 8311 S Green LLC, 8432 S Throop Associates, 8725 S Ada LLC, 8745 S

Sangamon LLC, 8801 S Bishop St Associates, 9158 S Dobson LLC, Chicago Capital Fund I

LLC, Chicago Capital Fund II LLC, EB South Chicago 1 LLC, EB South Chicago 2 LLC, EB

South Chicago 3 LLC, Hybrid Capital Fund LLC, South Shore Property Holdings LLC, South

Side Development Fund 1 LLC, South Side Development Fund 2 LLC, South Side Development

Fund 3 LLC, South Side Development Fund 4 LLC, South Side Development Fund 5 LLC,

South Side Development Fund 6 LLC, South Side Development Fund 7 LLC, and South Side

Development Fund 8 LLC (collectively, the "Receivership Defendants").

      2.      Until further Order of this Court, Kevin B. Duff, of the firm Rachlis Duff Adler

Peel & Kaplan, LLC, is hereby appointed to serve without bond as the federal equity receiver

(the "Receiver") for the estate of the Receivership Defendants.

## I.  Asset Freeze

      3.      Except as otherwise specified herein, all assets of the Defendants and

Receivership Defendants (collectively, "Receivership Assets") are frozen until further order of

this Court.  "Receivership Assets" means assets of any and every kind whatsoever, including

without limitation all assets described in this Order, that are: (a) owned, controlled, or held, in whole or in part, by or for the benefit of any of the Receivership Defendants, in whole or in part; (b) in the actual or constructive possession of any of the Receivership Defendants, or other individual or entity acting in concert with any of the Receivership Defendants; (c) held by an agent of any of the Receivership Defendants, including as a retainer for the agent's provision of services; or (d) owned, controlled, or held, in whole or in part, by, or in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, trust, or other entity directly or indirectly owned, controlled, or held, in whole or in part, by any of the Receivership Defendants, including assets that have been transferred to other persons or entities but as to which assets such persons or entities do not have a legitimate claim. Accordingly, all persons, institutions and entities with direct or indirect control over any Receivership Assets other than the Receiver, are hereby restrained and enjoined from directly or indirectly transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of or withdrawing such Receivership Assets. This freeze shall include, but not be limited to, Receivership Assets that are on deposit with any financial institutions or other entities, including, but not limited to, banks, brokerage firms and mutual funds. In particular, the Court enjoins any disbursement of proceeds by the Defendants, their agents, representatives, employees and officers and all persons acting in concert or participation with them, whatever business name they may operate under, derived from the sales of interests in Receivership Defendants, or any of them.

## II. <u>General Powers and Duties of Receiver</u>

4.      The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers, members, and general and limited partners of the

3

Receivership Defendants under applicable state and federal law, by the governing charters, by-laws, articles and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959, and 1692, Fed. R. Civ. P. 66, and this Order.

5.      The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys, and other agents of the Receivership Defendants are hereby dismissed and the powers of any general partners, directors and/or managers are hereby suspended.  Such persons and entities shall have no authority with respect to the Receivership Defendants' operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. This order, however, does not dismiss Defendants Jerome Cohen and Shaun Cohen's personal attorneys, if any, who file an appearance in this action.

6.      The Receiver shall assume and control the operation of any of the Receivership Defendants and shall pursue and preserve all of their claims or interests.  The Receiver may continue and conduct the business of the Receivership Defendants in such manner, to such extent and for such duration as the Receiver may deem to be necessary or appropriate, if at all.

7.      No person holding or claiming any position of any sort with any of the Receivership Defendants shall possess any authority to act for or on behalf of any of the Receivership Defendants, unless expressly authorized, in writing, by the Receiver.

8.      Subject to the specific provisions in Sections II through XIII, below, the Receiver shall have the following general powers and duties:

> A.      To use reasonable efforts to determine the nature, location and value of all property interests of the Receivership Defendants, including, but not limited to, monies, funds, securities, credits, investments, savings, options, shares, cash, currencies, checks, accounts, vehicles, boats, equipment, fixtures, effects, goods, chattels, lands, premises, leases, claims, notes, membership interests in any limited liability company, partnership

4

interests, contracts, certificates of title, instruments, inheritances, interests in any trust, art, collectibles, furnishings, jewelry, personal effects, digital currencies, virtual currencies, cryptocurrencies, digital or electronic property, rights, and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind and wherever located, which the Receivership Defendants own, possess, have a beneficial interest in, or control directly or indirectly (the foregoing, together with all assets described in this Order collectively may be referred to as "Receivership Assets" or the "Receivership Estate");

B.      To take custody, control, and possession of all Receivership Assets and records relevant thereto from the Receivership Defendants; to sue for and collect, recover, receive, and take into possession from third parties all Receivership Assets and records relevant thereto;

C.      To manage, control, operate and maintain the Receivership Estate and hold in his possession, custody and control all Receivership Assets, pending further Order of this Court;

D.      To take possession of all bank and investment accounts or securities accounts owned controlled, or held, in whole or in part, by or associated with the Receivership Estate or Receivership Defendants, whether in the name of the Receivership Defendants or their subsidiaries or affiliates, wherever located (collectively, the "Accounts"). The Receiver shall have the authority to open, close, transfer and change all bank, investment and securities Accounts.

E.      To sign checks on, otherwise withdraw or transfer, trade, or otherwise control the funds and/or securities contained in any Accounts owned, controlled, or held, in whole or in part, by, or in the name of, the Receivership Defendants and Receivership Estate. The Receiver shall also be authorized to add or delete signers, including those currently authorized on the Account(s). The representatives of the Receiver initially designated with authority over these accounts shall be Kevin B. Duff.

F.      To open and maintain new bank accounts in the name of the Receiver for the use in administering and preservation of the Receivership Estate, using the Federal Employer Identification Number of the Receivership Estate, at the Receiver's discretion.

G.      To take control of, conserve, and liquidate any and all securities or commodities, owned, controlled, or held by, in whole or in part, by or for the benefit of the Receivership Estate, as the Receiver deems advisable or necessary.

H.      To use Receivership Assets for the benefit of the Receivership Estate,

making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging his duties as Receiver;

I.     To take any action which, prior to the entry of this Order, could have been taken by the officers, directors, partners, managers, members, trustees, and agents of the Receivership Defendants;

J.     To engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders or auctioneers;

K.     To take such action as necessary and appropriate for the preservation of Receivership Assets or to prevent the dissipation or concealment of Receivership Assets;

L.     To issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure;

M.     To bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging his duties as Receiver;

N.     To pursue, resist and defend all suits, actions, claims, and demands which may now be pending or which may be brought by or asserted against the Receivership Estate;

O.     To take such other action as may be approved by this Court.

### III.  Defendants' Duties to Receiver

9.     The individual Receivership Defendants and the past and/or present officers,

directors, agents, managers, members, general and limited partners, trustees, attorneys,

accountants and employees of the entity Receivership Defendants, as well as those acting in their

place, are hereby ordered and directed to preserve, provide immediate access, and turn over to

the Receiver forthwith all paper and electronic information of, and/or relating to, the

Receivership Defendants and/or all Receivership Assets; such information shall include but not

be limited to books, records, documents, accounts, all financial and accounting records, balance

6

sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, details of items deposited, and check registers), client lists, title documents, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, computer files, databases and other data compilations, electronically stored records and information, access codes, security codes, passwords, safe deposit keys, combinations, and all other instruments, papers, and electronic data or records of any kind or nature. This does not, however, include any documents or files of Defendant Jerome Cohen's or Defendant Shaun Cohen's personal attorneys, if any, that are protected by the work-product doctrine and/or attorney-client privilege. Notwithstanding the foregoing, the Receivership Defendants and any person or entity receiving notice of this Order shall turn over to the Receiver forthwith all keys, including but not limited to physical, digital, and cryptographic keys, codes, device PINs, and passwords, including but not limited to account, encryption, email account, and computer passwords, necessary to gain or to secure access to any Receivership Assets or documents of or pertaining to the Receivership Defendants, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, mail boxes, lock boxes, storage facilities, virtual currency accounts, virtual wallets, or other property.

10.     Within five (5) business days of the entry of this Order, the Receivership Defendants shall file with the Court and serve upon the Receiver and the Commission a sworn statement, listing: (a) the identity, location and estimated value of all Receivership Assets, including contact information for the party in possession of, all assets of such Defendant, held jointly or singly, including without limitation all assets held outside the territory of the United States; (b) all employees (and job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of the Receivership Defendants; and (c) the amount and nature of all

liabilities of such Defendant, including without limitation the names, addresses and amounts of claims of all known creditors of the Receivership Defendants. Such sworn statement shall include the names, addresses, telephone numbers, facsimile numbers, and e-mail addresses of the holders of any legal, equitable, or beneficial interests in such assets and the names, addresses, telephone numbers, facsimile numbers, and e-mail addresses of any financial institutions or other persons or entities holding such assets, along with the account numbers and balances. The sworn statements shall be accurate as of the date of this Order, shall be signed and verified as true and complete under penalty of perjury. Defendants Jerome Cohen and Shaun Cohen shall retain responsibility, and the Receiver shall assume no responsibility, for preparing and filing their respective personal income tax returns.

11. Within thirty (30) days of the entry of this Order, the Receivership Defendants shall file with the Court and serve upon the Receiver and the Commission a sworn statement and accounting, with complete documentation, covering the period from January 1, 2010 to the present:

      A.    Of all Receivership Assets, wherever located, held by or in the name of the Receivership Defendants, or in which any of them, directly or indirectly, has or had any beneficial interest, or over which any of them maintained or maintains and/or exercised or exercises control, including, but not limited to: (a) all securities, investments, funds, real estate, automobiles, jewelry and other assets, stating the location of each; and (b) any and all accounts, including all funds held in such accounts, with any bank, brokerage or other financial institution held by, in the name of, or for the benefit of any of them, directly or indirectly, or over which any of them maintained or maintains and/or exercised or exercises any direct or indirect control, or in which any of them had or has a direct or indirect beneficial interest, including the account statements from each bank, brokerage or other financial institution;

      B.    Identifying every account at every bank, brokerage, or other financial institution: (a) over which Receivership Defendants have signatory authority; and (b) opened by, in the name of, or for the benefit of, or used by, the Receivership Defendants;

C.  Identifying all credit, bank, charge, debit or other deferred payment card issued to or used by each Receivership Defendant, including but not limited to the issuing institution, the card or account number(s), all persons or entities to which a card was issued and/or with authority to use a card, the balance of each account and/or card as of the most recent billing statement, and all statements for the last twelve months;

D.  Of all assets received by any of them from any person or entity, including the value, location, and disposition of any assets so received;

E.  Of all funds received by the Receivership Defendants, and each of them, in any way related, directly or indirectly, to the conduct alleged in the Commission's Complaint.  The submission must clearly identify, among other things, all investors, the securities they purchased, the date and amount of their investments, and the current location of such funds;

G.  Of all expenditures exceeding $1,000 made by any of them, including those made on their behalf by any person or entity; and

H.  Of all transfers of assets made by any of them.

12.  Within ten (10) days of the entry of this Order, the Receivership Defendants shall provide to the Receiver and the Commission copies of the Receivership Defendants' federal income tax returns for 2010 through 2017 with all relevant and necessary underlying documentation.  The Receivership Defendants shall also deliver all state licenses, tax identification numbers, and all other relevant tax information.

13.  The individual Receivership Defendants and the Receivership Defendants' past and/or present officers, directors, agents, attorneys, managers, members, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners, and other appropriate persons or entities shall answer under oath to the Receiver all questions which the Receiver may put to them and produce all documents as required by the Receiver regarding the business of the Receivership Defendants, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to the Receivership Defendants.

In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make his discovery requests in accordance with the Federal Rules of Civil Procedure. Nothing in this Order shall operate as or effectuate a waiver of the attorney-client privilege regarding communications between Defendants Jerome Cohen and Shaun Cohen and their respective personal attorneys, if any, and such personal attorneys shall not be compelled by this Order to divulge information that would otherwise be protected by the attorney-client privilege.

14.     The Receivership Defendants are required to fully cooperate with and assist the Receiver in all respects in fulfilling his duties and obligations. As such, the Receivership Defendants must respond promptly and truthfully to all requests for information and documents from the Receiver. This cooperation and assistance shall include, but not be limited to: (a) providing any information or documents that the Receiver deems necessary or appropriate to the exercise of the Receiver's authority and the discharge of the Receiver's responsibilities under this Order; (b) providing any keys, including but not limited to physical, digital, and cryptographic keys, codes, device PINs, and passwords, including but not limited to account, encryption, email account, and computer passwords required to access any computer, electronic file, or telephonic data in any medium; (c) immediately advising all Persons who owe money or currency of any kind to the Receivership Defendants that all debts should be paid directly to the Receiver; (d) providing full access to all Receivership Assets; and (e) maintaining and not wasting, damaging, disposing of, or transferring in any manner any Receivership Assets.

## IV.  <u>Access to Books, Records and Accounts</u>

15.     The Receiver is authorized to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments

relating to the Receivership Defendants. All persons and entities having control, custody, or possession of any Receivership Assets are hereby directed to turn such property, including but not limited to all Accounts, over to the Receiver.

16. The Receivership Defendants, as well as their agents, servants, employees, attorneys, any persons acting for or on behalf of the Receivership Defendants, and any persons receiving notice of this Order by personal service, facsimile transmission or otherwise, having possession of the property, business, books, records, accounts or assets of the Receivership Defendants are hereby directed to deliver the same to the Receiver, his agents and/or employees.

17. All banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody, or control of any Receivership Assets, including without limitation assets or funds held by, in the name of, or for the benefit of, directly or indirectly; and of the Receivership Defendants that receive actual notice of this Order by personal service, email, facsimile transmission, or otherwise shall:

> A. Not liquidate, transfer, sell, convey or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Defendants except upon instructions from the Receiver;
>
> B. Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;
>
> C. Within five (5) business days of receipt of that notice, file with the Court and serve on the Receiver and counsel for the Commission a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and,
>
> D. Cooperate expeditiously in providing access to accounts, assets and funds, as well as information as well as transferring funds, assets and accounts to the Receiver or at the direction of the Receiver.

## V. **Access to Real and Personal Property**

18.     The Receiver is authorized to take immediate possession of all personal property of the Receivership Defendants, wherever located, including but not limited to electronically stored information, computers, laptops, hard drives, external storage drives, and any other such memory, media or electronic storage devices, books, papers, data processing records, evidence of indebtedness, bank records and accounts, savings records and accounts, brokerage records and accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments, contracts, mortgages, furniture, office supplies, automobiles, and equipment.

19.     The Receiver is authorized to take immediate possession of all real property of the Receivership Defendants, wherever located, including but not limited to all ownership and leasehold interests and fixtures.  Upon receiving actual notice of this Order by personal service, facsimile transmission, or otherwise, all persons other than law enforcement officials acting within the course and scope of their official duties, are (without the express written permission of the Receiver) prohibited from entering such premises, removing anything from such premises, or destroying, concealing, or erasing anything on such premises.  Notwithstanding the foregoing, the individual Receivership Defendants, or any of their respective family members, shall be permitted to continue residing in their respective primary places of residence, until further notice by the Receiver.

20.     In order to execute the express and implied terms of this Order, the Receiver is authorized to change door locks to the real property and premises described above.  The Receivership Defendants, or any other person acting or purporting to act on their behalf, are ordered not to change the locks in any manner, nor to have duplicate keys made, nor shall they have keys in their possession during the term of the receivership unless expressly permitted in advance by the Receiver in writing.

21.     The Receiver is authorized to open all mail, other than mail addressed to Defendant Jerome Cohen's spouse or daughter; or Defendant Shaun Cohen's spouse or children, directed to or received by or at the offices or post office boxes of the Receivership Defendants, and to inspect all mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandates of this Order.

22.     Upon the request of the Receiver, the U.S. Marshals Service, in any judicial district, is hereby ordered to assist the Receiver in carrying out his duties to take possession, custody, and control of, or identify the location of, any assets, records, or other materials belonging to the Receivership Estate.  In addition, the Receiver is authorized to request similar assistance from any other federal, state, county, or civil law enforcement officer(s) or constable(s) of any jurisdiction.

## VI.  Notice to Third Parties

23.     The Receiver shall promptly give notice of his appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers, members, and general and limited partners of the Receivership Defendants, as the Receiver deems necessary or advisable to effectuate the operation of the receivership.

24.     All persons and entities owing any obligation, debt, or distribution with respect to an ownership interest to any Receivership Defendant shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver, and its receipt for such payments shall have the same force and effect as if the Receivership Defendant had received such payment.

25.     In furtherance of his responsibilities in this matter, the Receiver is authorized to communicate with, and/or serve this Order upon, any person, entity, or government office that he

deems appropriate to inform them of the status of this matter and/or the financial condition of the

Receivership Estate. All government offices which maintain public files of security interests in

real and personal property shall, consistent with such office's applicable procedures, record this

Order upon the request of the Receiver or the Commission.

26.     The Receiver is authorized to instruct the United States Postmaster to hold and/or

reroute mail which is related, directly or indirectly, to the business, operations or activities of any

of the Receivership Defendants (the "Receiver's Mail"), including all mail addressed to, or for

the benefit of, the Receivership Defendants. The Postmaster shall not comply with, and shall

immediately report to the Receiver, any change of address or other instruction given by anyone

other than the Receiver concerning the Receiver's Mail. The Receivership Defendants shall not

open any of the Receiver's Mail and shall immediately turn over such mail, regardless of when

received, to the Receiver. All personal mail of any individual Receivership Defendants, mail

addressed any individual Receivership Defendants' spouse, and/or any mail appearing to contain

privileged information, and/or any mail not falling within the mandate of the Receiver, shall be

released to the named addressee or addressee's attorney by the Receiver. The foregoing

instructions shall apply to any proprietor, whether individual or entity, of any private mail box,

depository, business or service, or mail courier or delivery service, hired, rented, or used by the

Receivership Defendants. The Receivership Defendants shall not open a new mailbox or take

any steps or make any arrangements to receive mail in contravention of this Order, whether

through the U.S. mail, a private mail depository or courier service.

27.     Subject to payment for services provided, any entity or utility furnishing water,

electric, telephone, sewage, garbage, or trash removal services to the Receivership Defendants

shall maintain such service and transfer any such accounts to the Receiver unless instructed to

14

the contrary by the Receiver.

28.     The Receiver is authorized to assert, prosecute and/or negotiate any claim under any insurance policy held by or issued on behalf of the Receivership Defendants, or their officers, directors, agents, employees, or trustees, and to take any and all appropriate steps in connection with such policies.

## VII.  Injunction Against Interference with Receiver

29.     The Receivership Defendants and all persons receiving notice of this Order by personal service, facsimile, or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would:

      A.      Interfere with the Receiver's efforts to take control, possession, or management of any Receivership Assets; such prohibited actions include but are not limited to, using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Assets;

      B.      Hinder, obstruct or otherwise interfere with the Receiver in the performance of his duties; such prohibited actions include but are not limited to, concealing, destroying or altering records or information;

      C.      Dissipate or otherwise diminish the value of any Receivership Assets; such prohibited actions include but are not limited to, releasing claims or disposing, transferring, exchanging, assigning or in any way conveying any Receivership Assets, enforcing judgments, assessments or claims against any Receivership Assets or any Receivership Defendant, attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement executed by any Receivership Defendant or which otherwise affects any Receivership Assets;

      D.      Transact any of the business of the Receivership Defendants or transferring any Receivership Assets to anyone other than the Receiver;

      E.      Destroy, secrete, deface, transfer, or otherwise alter or dispose of any

documents of or pertaining to the Receivership Defendants and to the extent any such documents are no longer in existence, fail to disclose the nature and contents of such documents and how, when and by whom such documents were caused to no longer be in existence;

F.     Fail to notify the Receiver of any Receivership Assets, including accounts constituting Receivership Assets held in any name other than the name of a Receivership Defendant, or by any Person other than the Receivership Defendants, or fail to provide any assistance or information requested by the Receiver in connection with obtaining possession, custody, or control of such Receivership Assets;

G.     Refuse to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their powers, duties or authority under any order of this Court; or,

H.     Interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estate.

30.     The Receivership Defendants shall cooperate with and assist the Receiver in the performance of his duties.

31.     The Receiver shall promptly notify the Court and Commission counsel of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

## VIII.  <u>Stay of Litigation</u>

32.     As set forth in detail below, the following proceedings, excluding the instant proceeding and all police or regulatory actions and actions of the Commission related to the above-captioned enforcement action, are stayed until further Order of this Court:

All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in his capacity as Receiver; (b) any Receivership Assets, wherever located; (c) any of the Receivership Defendants, including subsidiaries and partnerships; or, (d) any of the Receivership Defendants' past or present officers, directors, managers, members, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

33.     The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

34.     All Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Further, as to a cause of action accrued or accruing in favor of one or more of the Receivership Defendants against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

## IX.  **Managing Assets**

35.     The Receiver shall establish one or more accounts at a federally insured bank to receive and hold all cash and cash equivalent Receivership Assets (the "Receivership Funds").

36.     The Receiver's deposit account shall be entitled "Receiver's Account, Estate of [Receivership Defendant]" together with the name of the action, or a title to that effect.

37.     The Receiver may, without further Order of this Court, transfer, compromise, or otherwise dispose of any Receivership Assets, other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such Receivership Assets.

38.     Subject to Paragraph 39, immediately below, the Receiver is authorized to locate, list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all necessary and reasonable actions to cause the sale or lease of all real property in the Receivership Estate, either at public or private sale, on terms and in the manner the Receiver deems most

17

beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such real property.

39.     Upon further Order of this Court, pursuant to such procedures as may be required by this Court and additional authority such as 28 U.S.C. §§ 2001 and 2004, the Receiver will be authorized to sell, and transfer clear title to, all real property in the Receivership Estate.

40.     The Receiver is authorized to take all actions to manage, maintain, and/or wind-down business operations of the Receivership Estate, including making legally required payments to creditors, employees, and agents of the Receivership Estate and communicating with vendors, investors, governmental and regulatory authorities, and others, as appropriate.

41.     The Receiver shall take all necessary steps to enable the Receivership Funds to obtain and maintain the status of a taxable "Settlement Fund," within the meaning of Section 468B of the Internal Revenue Code and of the regulations, when applicable, whether proposed, temporary or final, or pronouncements thereunder, including the filing of the elections and statements contemplated by those provisions.  The Receiver shall be designated the administrator of the Settlement Fund, pursuant to Treas. Reg. § 1.468B-2(k)(3)(i), and shall satisfy the administrative requirements imposed by Treas. Reg. § 1.468B-2, including but not limited to (a) obtaining a taxpayer identification number, (b) timely filing applicable federal, state, and local tax returns and paying taxes reported thereon, and (c) satisfying any information, reporting or withholding requirements imposed on distributions from the Settlement Fund.  The Receiver shall cause the Settlement Fund to pay taxes in a manner consistent with treatment of the Settlement Fund as a "Qualified Settlement Fund."  The Receivership Defendants shall cooperate with the Receiver in fulfilling the Settlement Funds' obligations under Treas. Reg. § 1.468B-2.

## X. **Investigate and Prosecute Claims**

42.     Subject to the requirement, in Section VI above, that leave of this Court is required to resume or commence certain litigation, the Receiver is authorized, empowered and directed to investigate, prosecute, institute, defend, appears in, intervene in or otherwise participate in, compromise, and/or adjust actions in any state, federal or foreign court or proceeding of any kind as may in his discretion, and in consultation with Commission counsel, be advisable or proper to recover and/or conserve Receivership Assets or that the Receiver deems necessary and advisable to carry out the Receiver's powers and duties under this Order.

43.     Subject to his obligation to expend receivership funds in a reasonable and cost-effective manner, the Receiver is authorized, empowered, and directed to investigate the manner in which the financial and business affairs of the Receivership Defendants were conducted and (after obtaining leave of this Court) to institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Estate, as the Receiver deems necessary and appropriate, also may seek, among other legal and equitable relief, the imposition of constructive trusts, disgorgement of profits, asset turnover, avoidance of fraudulent transfers, rescission and restitution, collection of debts, and such other relief from this Court as may be necessary to enforce this Order.  Where appropriate, the Receiver should provide prior notice to counsel for the Commission before commencing investigations and/or actions.

44.     The Receiver hereby holds, and is therefore empowered to waive, all privileges, including the attorney-client privilege, held by all entity Receivership Defendants.

45.     The Receiver has a continuing duty to ensure that there are no conflicts of interest between the Receiver, his Retained Personnel (as that term is defined below), and the Receivership Estate.

## XI. Repatriation of Foreign Assets and Documents

46.     The Receiver shall take such steps as are necessary to repatriate to the territory of the United States of America all Receivership Assets that are located in a country other than the United States and are held by or for Defendants or are under Defendants' direct or indirect control, jointly, severally, or individually.

47.     Immediately and without delay, following the entry of this Order, and in no event later than within three (3) business days following entry of this Order, Jerome Cohen and Shaun Cohen shall provide the Receiver and the Commission with a full accounting of all assets, including Receivership Assets, that are located outside of the United States that have been transferred to the United States and are held by or for any Defendant or are under any Defendants' direct or indirect control, jointly, severally, or individually, including the addresses and names of any foreign or domestic financial institution or other entity holding the assets, along with the account numbers and balances.

48.     Jerome Cohen and Shaun Cohen shall take all steps necessary and appropriate to prevent any transfer, disposition, or dissipation whatsoever of any assets, including Receivership Assets, located outside the United States.

49.     Immediately and without delay, following entry of this Order, Jerome Cohen and Shaun Cohen shall provide the Receiver and the Commission access to Defendants' records and documents held by financial institutions or other entities outside the United States, by signing and delivering to the Receiver and Commission's counsel a Consent to Release of Financial Records.  In furtherance of the foregoing repatriation provisions, the Receivership Defendants, their successors and assigns, and their officers, agents, servants, employees, affiliates, and attorneys, and all persons and entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby enjoined from taking any

20

action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Receivership Assets, or in the hindrance of the repatriation required by this Order, including but not limited to:

    A.    sending any statement, letter, fax, e-mail or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Receivership Assets have been fully repatriated pursuant to this Order; and

    B.    notifying any trustee, trust protector, or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to court order, until such time that all Receivership Assets have been fully repatriated pursuant to this Order.

## XII. <u>Interference with Repatriation</u>

50.    Defendants are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, that may result in the encumbrance or dissipation of foreign assets, including Receivership Assets, or in the hindrance of the. repatriation required by the preceding Section XI of this Order, including but not limited to:

    A.    Sending any statement, letter, facsimile, email or wire transmission, or telephoning, or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under

21

the terms of a foreign trust agreement, until such time that the assets have been fully

repatriated pursuant to the preceding Section XI of this Order; and

B.      Notifying any trustee, protector, or other agent of any foreign trust or other related

entities of either the existence of this Order or the fact that repatriation is required

pursuant to a Court Order, until such time as assets, including Receivership Assets, have

been fully repatriated pursuant the preceding Section XI of this Order.

### XIII.  Bankruptcy Filing

51.      The Receiver may seek authorization of this Court to file voluntary petitions for

relief under Title 11 of the United States Code (the "Bankruptcy Code") for the Receivership

Defendants, or any of them.  If a Receivership Defendant is placed in bankruptcy proceedings,

the Receiver may become, and may be empowered to operate the Receivership Estate as, a

debtor-in-possession.  In such a situation, the Receiver shall have all of the powers and duties as

provided a debtor-in-possession under the Bankruptcy Code to the exclusion of any other person

or entity.  Pursuant to Paragraph 4 above, the Receiver is vested with management authority for

all entity Receivership Defendants and may therefore file and manage a Chapter 11 petition.

52.      The provisions of Section VII above bar any person or entity, other than the

Receiver, from placing any of the Receivership Defendants in bankruptcy proceedings.

### XIV.  Liability of Receiver

53.      Until further Order of this Court, the Receiver shall not be required to post bond

or give an undertaking of any type in connection with his fiduciary obligations in this matter.

54.      The Receiver may choose, engage and employ attorneys, accountants, appraisers,

and any other independent contractors and technical specialists, including, but not limited to,

securities traders, registered representatives, financial or business advisers, liquidating agents,

22

real estate agents, forensic experts, property managers, brokers, traders, and auctioneers (collectively, "Retained Personnel") as the Receiver deems advisable or necessary in the performance of the Receiver's duties and responsibilities under the authority granted by this Order.  The Receiver and his Retained Personnel, acting within the scope of such agency are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree.  In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel, nor shall the Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

55.     No action shall be filed or proceeding commenced against the Receiver or the Retained Personnel arising out of or in any way related to this receivership or their duties or work performed in connection with the receivership without obtaining an order from the Court based upon a showing of good cause.  Nothing contained in this Order, nor the grant or exercise of any powers provided for herein by the Receiver shall cause said Receiver to be considered a past or present owner, operator or other potentially responsible or liable party pursuant to any provision of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C.  § 9601, et seq.; the Hazardous Site Response Act ("HSRA"), O.C.G.A. § 12-8-90, et seq.; or incur liability based on ownership or operation of the Receivership Assets pursuant to any other statutory, regulatory, common law or strict liability theory.  Furthermore, to the extent hazardous substances, wastes or constituents are known or discovered to be present upon the Receivership Assets, the Receiver shall not be considered to be in any direct or indirect

contractual relationship with any party responsible for such substances, wastes or constituents pursuant to CERCLA and/or HSRA, and shall instead be considered to be acting solely in a "fiduciary capacity" with respect to the Receivership Assets, pursuant to 42 U.S.C. § 107(n) of CERCLA and §12-8-92(7)(C) of HSRA.

56.     This Court shall retain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

57.     In the event the Receiver decides to resign, the Receiver shall first give written notice to the Commission's counsel of record and the Court of its intention, and the resignation shall not be effective until the Court appoints a successor.  The Receiver shall then follow such instructions as the Court may provide.

## XV.  Insurance

58.     Given the urgency to appoint a Receiver, the Court recognizes that the Receiver accepts this appointment without time for independent verification that appropriate insurance is in place on the property or that appropriate liability or other insurance is in place to protect the Receivership Assets and the Receivership Estate.  Accordingly, the Court acknowledges that the Receiver has no responsibility or liability until such time as he can confirm that such insurance is in place or acquire the appropriate insurance.  The Receiver shall make it a priority to verify or obtain insurance coverage immediately upon this Order Appointing Receiver being entered; however, the Plaintiff, Receivership Defendants, and Court acknowledge there may be a gap of time before such insurance may be in place to properly protect the assets of the estate and any employees of the estate, and that the Receiver has no responsibility or liability until such time as he/it has notified the Court by filing a notice that insurance is in place.

59.     Jerome Cohen and Shaun Cohen are ordered to immediately provide the Receiver with all available insurance information for both existing and prior insurance policies.  This

includes all applications, policies, riders, correspondence, endorsements, claims and other information.  Jerome Cohen and Shaun Cohen are ordered:  (1) to advise the insurance agent(s) of this Order in writing, (2) designate all authority over the policies to the Receiver, and (3) take no action with regard to terminating or modifying existing insurance policies.

60.     Any insurance broker, agent, carrier, or underwriter is specifically ordered by the Court to cooperate with the Receiver by timely furnishing the following:  (1) copies of all insurance policies including any riders, endorsements and applications with respect to policies related to the Receivership Estate, (2) loss history for five consecutive years or for as long as insurance has been in force if less than five years, (3) premium payment history including current status, and (4) any correspondence with insurance agents, brokers and companies.  Policies shall be endorsed by the Defendants naming the Receiver as Named Insured and Loss Payee effective the date of this Order as appropriate to the type of coverage, and evidence of this policy endorsement shall be promptly supplied to the Receiver.

61.     The Receiver is hereby authorized to engage insurance brokers and consultants as necessary to properly insure the Receivership Assets

## XVI.  **Recommendations and Reports**

62.     The Receiver is authorized, empowered, and directed to develop a plan for the fair, reasonable, and efficient recovery and liquidation of all remaining, recovered, and recoverable Receivership Assets (the "Liquidation Plan").

63.     Within ninety (90) days of the entry date of this Order, the Receiver shall file the Liquidation Plan in the above-captioned action, with service copies to counsel of record.

64.     Within thirty (30) days after the end of each calendar quarter, the Receiver shall file and serve a full report and accounting of each Receivership Estate (the "Quarterly Status

Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Assets, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership Estate.

65.     The Quarterly Status Report shall contain the following:

A.     A summary of the operations of the Receiver;

B.     The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate;

C.     A schedule of all the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second column for the entire duration of the receivership;

D.     A description of all known Receivership Assets, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

E.     A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments);

F.     A list of all known creditors with their addresses and the amounts of their claims;

G.     The status of Creditor Claims Proceedings, after such proceedings have been commenced; and,

H.     The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations.

66.     On the request of the Commission, the Receiver shall provide the Commission with any documentation that the Commission deems necessary to meet its reporting requirements, that is mandated by statute or Congress, or that is otherwise necessary to further

the Commission's mission.

## XVII.  Fees, Expenses and Accountings

67.     Subject to Paragraphs 68 – 74 immediately below, the Receiver need not obtain
Court approval prior to the disbursement of Receivership Funds for expenses in the ordinary
course of the administration and operation of the receivership.  Further, prior Court approval is
not required for payments of applicable federal, state or local taxes.

68.     Subject to Paragraph 69 below, the Receiver is authorized to solicit persons and
entities ("Retained Personnel") to assist him in carrying out the duties and responsibilities
described in this Order.  The Receiver shall not engage any Retained Personnel without first
obtaining an Order of the Court authorizing such engagement.

69.     The Receiver and Retained Personnel are entitled to reasonable compensation and
expense reimbursement from the Receivership Estate as described in the "Billing Instructions for
Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the
"Billing Instructions") agreed to by the Receiver.  Such compensation shall require the prior
approval of the Court.

70.     Within forty-five (45) days after the end of each calendar quarter, the Receiver
and Retained Personnel shall apply to the Court for compensation and expense reimbursement
from the Receivership Estate (the "Quarterly Fee Applications").  The Receiver may file a fee
application at the end of September 2018, November 2018, and January 2019, which otherwise
must comply with the requirements of this Order that are applicable to Quarterly Fee
Applications.  At least thirty (30) days prior to filing each Quarterly Fee Application with the Court,
the Receiver will serve upon counsel for the Commission a complete copy of the proposed
Application, together with all exhibits and relevant billing information in a format to be provided by

Commission staff.

71.     All Quarterly Fee Applications will be interim and will be subject to cost benefit and final reviews at the close of the receivership.  At the close of the receivership, the Receiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the Receiver during the course of the receivership.

72.     Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court.  The total amounts held back during the course of the receivership will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the receivership.

73.     Each Quarterly Fee Application shall:

A.      Comply with the terms of the Billing Instructions agreed to by the Receiver; and,

B.      Contain representations (in addition to the Certification required by the Billing Instructions) that: (i) the fees and expenses included therein were incurred in the best interests of the Receivership Estate; and, (ii) with the exception of the Billing Instructions, the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

74.     At the close of the Receivership, the Receiver shall submit a Final Accounting, in a format to be provided by Commission staff, as well as the Receiver's final application for compensation and expense reimbursement.

**IT IS SO ORDERED, this 17th day of August, 2018, at Chicago, Illinois**

_____

**John Z. Lee**
**UNITED STATES DISTRICT JUDGE**

Entered: 8/17/18