UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 18-CV-5587<br>) |
| v. | )<br>) Hon. John Z. Lee |
| EQUITYBUILD, INC.,<br>EQUITYBUILD FINANCE, LLC,<br>JEROME H. COHEN, and<br>SHAUN D. COHEN, | )<br>)<br>) Magistrate Judge Young B. Kim<br>) |
| Defendants. | )<br>)<br>) |

**RECEIVER'S MOTION FOR COURT APPROVAL OF THE RATES
TO BE CHARGED BY RECEIVER'S COUNSEL**

Kevin B. Duff, as the receiver ("Receiver") for the Estate of Defendants EquityBuild, Inc., EquityBuild Finance, LLC, their affiliates, and the affiliated entities of Defendants Jerome Cohen and Shaun Cohen (collectively, the "Receivership Defendants"), and pursuant to the powers vested in him by the Order of this Court entered on August 17, 2018, has retained Rachlis Duff Adler Peel & Kaplan, LLC ("RDAPK") as his counsel. The Receiver now respectfully moves this Court for an order approving the rates to be charged by the Receiver's counsel. In support of his Motion, the Receiver states as follows:

1. Section 214 of the Advisers Act [15 U.S.C. § 80b-14] gives this Court equitable jurisdiction over any Advisers Act violations. *See also SEC v. Blavin*, 557 F. Supp. 1304, 1316 (E.D. Mich. 1983) ("It is well established that the securities laws cover general equitable power upon district courts.") Once the equitable jurisdiction of a district court has been properly invoked, the Court may use all of its equitable remedies to effectuate the statutory purpose,

including ordering non-injunctive relief in a variety of forms. *See J.I. Case Co. v. Borak*, 377 U.S. 426, 433 (1964).

2. Pursuant to the Securities Act of 1933, the Securities Exchange Act of 1934, and the Investment Advisers Act of 1940, the Securities and Exchange Commission sought and obtained the appointment of Receiver. Under the order appointing the Receiver, the Receiver has authority in equity, as well as under 28 U.S.C. §§ 754, 959, and 1692, and Fed. R. Civ. Pro. 66, and was given broad powers to investigate and safeguard the assets of Receivership Defendants. Among other powers, the Receiver is authorized to retain RDAPK.

3. The Receiver has determined that there was in fact a great need to retain counsel to perform the following services:

    (a) advise the Receiver with respect to his powers and duties in the management and operation of the businesses and accounts of Receivership Defendants;

    (b) attend meetings and communicate with the representatives of investors, creditors, and other parties and advise and consult the Receiver on all legal and administrative requirements of operating in receivership;

    (c) advise the Receiver in connection with the management of and liquidation of all assets affiliated with Receivership Defendants;

    (d) provide advice to the Receiver with respect to legal issues arising in or relating to Receivership Defendants' ordinary course of business;

    (e) take all necessary action to protect and preserve the receivership, including the prosecution of actions on its behalf, the defense of any actions commenced against it, negations concerning all litigation in which the receivership may be involved and objections to claims filed against the receivership;

    (f) prepare on behalf of the Receiver all motions, applications, answers, orders, reports, and papers necessary to the administration of receivership;

    (g) bring actions to recover property unlawfully transferred from Receivership Defendants or their affiliates;

    (h) appear before this Court, or any appellate courts, and protect the interests of the receivership before such Courts; and

(i) perform all other necessary legal services and provide all other necessary legal advice to the Receiver in connection with this proceeding.

4. The firm of RDAPK has agreed to act on behalf of the Receiver, Kevin B. Duff.

5. In the interest of full disclosure, the Kevin B. Duff states that he is a member of the law firm of RDAPK.

6. Neither RDAPK nor any attorney at the firm holds or represents an interest materially adverse to the interests of the receivership.

7. RDAPK has agreed to charge the receivership at a discount of its standard hourly rates for those attorneys and paralegals that work on this engagement. A list of the lawyers and paralegals most likely to be staffed on the assignment, including names, positions, current hourly rates and discounted hourly rates, is attached hereto as **Exhibit A.** The Receiver reserves the right to substitute, add and delete attorneys and paralegals from this list on an as needed basis. RDAPK will charge the receivership the discounted rate described above for all attorneys, including those not listed in Exhibit A, who work on this engagement.

8. In addition, RDAPK will continue to charge the receivership at the discounted standard hourly rates through the 2019 calendar year. If the receivership is still active on January 1, 2020, RDAPK anticipates an annual five percent increase to the discounted standard hourly rates effective beginning January 1, 2020, but will not adjust any hourly rates without prior approval of the Court.

9. RDAPK will seek full reimbursement of any in-house out-of-pocket expenses and any out-of-pocket expenses that it incurs from outside vendors. Those charges include such things as photocopying service providers, travel, court reporter fees, and expert witnesses or

consultants. RDAPK will do its best to retain outside services providers on the most cost effective means.

10. RDAPK will strive to allocate the work to the lowest billable rate commensurate with the nature of the project.

WHEREFORE, the Receiver respectfully requests that this Court grant this Motion and enter the Order Approving the Rates to be Charged by Receiver's Counsel (attached hereto as **Exhibit B).**

Dated: August 17, 2018                                  Kevin B. Duff, Receiver

                                               By:     /s/ Michael Rachlis

                                                       Michael Rachlis
                                                       Nicole Mirjanich
                                                       Rachlis Duff Adler Peel & Kaplan, LLC
                                                       542 South Dearborn Street, Suite 900
                                                       Chicago, IL 60605
                                                       Phone  (312) 733-3950
                                                       Fax     (312) 733-3952
                                                       mrachlis@rdaplaw.net
                                                       nm@rdaplaw.net

4