UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br> v. <br><br> EQUITYBUILD, INC., <br> EQUITYBUILD FINANCE, LLC, <br> JEROME H. COHEN and <br> SHAUN D. COHEN <br><br> Defendants, | Civil Action No. 18-CV-5587 <br><br> Hon. Judge John Z. Lee |

REPLY IN SUPPORT OF
PETITION FOR ATTORNEY'S FEES

Pursuant to the Court's Minute Order (Dkt. 43), Braganca Law hereby files its reply in support of its petition for attorney's fees.

**Introduction**

On Thursday, August 16, Braganca Law was engaged to represent all defendants in a securities fraud case filed the night before by the SEC. The SEC sought a TRO, asset freeze, and the appointment of a receiver over all defendants. Mark Rosenberg, who had been representing Equitybuild in the SEC's investigation, sought local counsel with SEC and trial experience. Braganca Law, along with Friedman Law, began work immediately to respond to the SEC's motion.

On Friday, August 17, after an evidentiary hearing, the Court entered a TRO/asset freeze and a receiver order. At that time, defendants' counsel raised the issue of the Cohens' living expenses and attorney's fees with the Court. The Court asked that the issue be briefed.

On Monday, August 20, Braganca Law filed a motion informing the Court that defendants had made wire transfers in the amount of $20,000 before the Court had entered its orders. Braganca Law requested that those funds be released from the asset freeze to pay attorney's fees and expenses that Braganca Law and Friedman Law incurred August 16-19.[1]

On August 28, the SEC filed objections to the petition. The Equitybuild receiver has not filed an objection to the petition.

### 1. The SEC's objections

The SEC raised two objections to the petition. First, the SEC objected to the release of any frozen assets for attorney's fees alleging that such an action is expressly prohibited by Seventh Circuit precedent. Second, the SEC objected to the request for payment for work done on the two days immediately after the entry of the TRO/asset freeze. On those days, counsel was preparing for the preliminary injunction hearing as well as providing advice to the Cohens on the Court's orders and the case.

### 2. The Court may, in the exercise of its equitable powers, authorize the release of frozen assets for attorney's fees

The Court may exercise its discretion to release frozen assets for the payment of attorney's fees and living expenses. Courts can, and do, release funds to defendants for living expenses and

---

[1] Since the entry of the TRO/asset freeze, defendants' counsel Mark Rosenberg has been trying to get the SEC and the Receiver to agree to release funds for the Cohens' living expenses.

attorney's fees, even when those funds might be traceable to investors. Courts do so in order to ensure fairness and to avoid undue hardship.

Denying funds to the Cohens for attorney's fees would be a severe financial hardship and jeopardize the fairness of the proceedings. The Cohens have no other assets from which to pay attorney's fees. The Cohens have cooperated with the SEC and Equitybuild receiver. They have consented to a bifurcated judgment. The involvement of counsel for the Cohens has saved the receiver and SEC time and has made these proceedings more efficient and orderly.

If the Court declines to release funds for the payment of attorney's fees, Braganca Law will seek to withdraw from the case. The Cohens may be forced to proceed *pro se*.

3. **Courts have equitable power to release funds to pay attorney's fees.**

Courts have broad discretion in supervising an equitable distribution of assets in government enforcement actions including releasing funds from an asset freeze for payment of living expenses as well as attorney's fees. *SEC v. Gonzalez de Castilla*, 170 F. Supp. 2d 427, 430 (S.D.N.Y. 2001). The power to release funds from an asset freeze is the corollary to the power to freeze those assets. *Id.*

Courts routinely exercise their authority to release frozen assets for payment of defendants' attorney's fees in cases alleging fraud, even over the objection of the government. *See SEC v. Gonzalez de Castilla* 170 F. Supp. 2d at 430 (court released assets frozen in *ex parte* TRO for defendant's attorney's fees); *FTC v. Capital Acquisitions and Management Co., et al.*, No. 04-C-7781, Dkt. 235 (N.D. Ill. Sept. 14, 2005) (MJ Nolan) (releasing funds from asset freeze for defendant's attorney's fees); *FTC v. Amy Travel Service, Inc.*, 875 F.2d 564 (7th Cir. 1989) (acknowledging magistrate's exercise of discretion in releasing assets for defendant's attorney's fees).

3

Important factors in determining whether to release funds for attorney's fees are the financial hardship imposed on defendants accused of fraud in SEC enforcement cases and the fairness of the proceedings. In *SEC v. Dowdell*, 175 F. Supp. 2d 850, 855 (W.D.Va. 2001), the court released funds from an asset freeze for attorney's fees, as well as living expenses because the defendant had no other source of funds. While noting the same language the SEC cites in *SEC v. Quinn*, 997 F.2d 287 (7th Cir. 1993), the *Dowdell* court observed, "[t]he case law is anything but consistent on whether defendants in this type of civil enforcement action may be permitted to pay attorney's fees with a portion of frozen assets." *Id.* The court released funds to pay defendant's attorneys stating:

> This court's central concern is the fairness of the proceedings. The court does not believe that it could achieve a fair result at the preliminary injunction hearing were it to deny defendants the ability to retain counsel.

*Id.* at 856.

Here, the financial hardship is severe. Cohens have no other assets from which to pay attorney's fees. Moreover, the risk of an unfair proceeding is significant. The Cohens require legal advice in order to continue cooperating with the SEC and receiver. The Cohens also require legal representation in the proceedings going forward.

### 3. The authority cited by the SEC does not support its contention that the Court cannot release funds

The SEC states that the Cohens' lawyers *cannot be paid* with frozen assets or receivership funds. Opp. at 2. That is not true. As shown above, courts can and frequently do exercise their discretion to release frozen assets – even assets that may have come from investors or consumers. The cases cited by the SEC do not say otherwise.

While it recites the colorful and oft-cited "bank robber" quote from *SEC v. Quinn,* 997 F.2d 287, 289 (7th Cir. 1993), the SEC fails disclose that frozen assets were released in that case to pay attorney's fees. *Id.* The Seventh Circuit did not admonish or criticize the district court for releasing funds from the asset freeze for the defense of the case. *Id.* While the SEC cites *SEC v. Quinn*, as "expressly hold[ing]" that defendants accused of securities fraud "*are not entitled* to use investors' money to fund their legal defense" (Opp. at 2 (emphasis added)), that is not at issue. We do not contend that the Cohens are "entitled" to the release of attorney's fees for their defense. We request that the Court exercise its discretion to release funds for the payment of attorney's fees.

The SEC cites numerous cases that are inapposite. In *CFTC v. Wilson*, 2011 U.S. Dist. LEXIS 146153 (S.D. Calif. Dec. 20, 2011), attorneys argued that a retainer was not subject to an asset freeze order. That is not at issue in this case. In *SEC v. Current Fin. Servs.*, 62 F. Supp. 2d 66 (D.D.C. 1999), a *pro se* litigant argued that an asset freeze violated his constitutional right to counsel and that certain frozen assets were his personal property. Those are not issues in this case. In *SEC v. Grossman*, 887 F. Supp. 649 (S.D.N.Y. 1995), and *SEC v. Merrill Scott & Assocs.*, 2008 U.S. Dist. LEXIS 1077 (D. Utah Jan 7, 2008), the courts simply exercised their discretion to deny requests for the release of frozen assets for attorney's fees.

In *SEC v. Cobalt Multifamily Investors*, 2007 U.S. Dist. LEXIS 25872 (S.D.N.Y. April 2, 2007), a magistrate judge treated the payment of a retainer to an attorney made while an SEC motion for an asset freeze was pending as a violation of asset freeze. Treating the transfer of funds before the entry of an asset freeze as equivalent to a post-asset-freeze transfer is simply wrong. The SEC is required to make a showing to a court of law before a defendant's assets may be frozen.

In this case, the retainer payments were made before the Court entered the TRO/asset freeze and receiver orders. In this case, at the time the TRO/asset freeze and receiver orders were entered,

5

we asked the Court to address attorney's fees and living expenses. The Court instructed us to brief the issues. We did as instructed.

    We respectfully ask the Court to exercise its discretion and release the frozen $20,000 retainer payment for payment of attorney's fees incurred. Should the Court not release the funds for payment of attorney's fees, Celiza Braganca intend to request leave to withdraw from the case.

August 28, 2018

    Respectfully submitted,

    JEROME COHEN and SHAUN COHEN

By: *[signature]*
    One of Their Attorneys

Celiza P. Bragança (#6226636)
Braganca Law LLC
230 S. Clark Street #262
Chicago, IL  60604
Telephone:  847-906-3460
Email: Lisa@SECDefenseAttorney.com