```
 1                   IN THE UNITED STATES DISTRICT COURT
                        NORTHERN DISTRICT OF ILLINOIS
 2                            EASTERN DIVISION

 3   UNITED STATES SECURITIES AND     )   Docket No. 18 C 5587
     EXCHANGE COMMISSION,             )
 4                                    )
                         Plaintiff,   )
 5                                    )
              v.                      )   Chicago, Illinois
 6                                    )   August 31, 2018
     EQUITYBUILD, INC., et al.,       )   10:00 o'clock a.m.
 7                                    )
                         Defendants.  )
 8
                    TRANSCRIPT OF PROCEEDINGS - MOTION
 9                  BEFORE THE HONORABLE JOHN Z. LEE

10   APPEARANCES:

11   For the Plaintiff:          U.S. SECURITIES AND EXCHANGE
                                 COMMISSION, by
12                               MR. BENJAMIN J. HANAUER
                                 MS. ARIELLA OMHOLT GUARDI
13                               175 West Jackson Boulevard
                                 Suite 900
14                               Chicago, Illinois 60604

15   For the Defendants:         BRAGANCA LAW LLC, by
                                 MS. CELIZA  BRAGANCA
16                               230 South Clark Street
                                 Suite 262
17                               Chicago, Illinois 60604

18                               LAW OFFICES OF MARK L.
                                 ROSENBERG, by
19                               MR. MARK LOUIS ROSENBERG
                                 7101 Wisconsin Avenue
20                               Suite 1201
                                 Bethesda, Maryland 20814
21                               (appearing telephonically)

22
                       ALEXANDRA ROTH, CSR, RPR
23                       Official Court Reporter
                       219 South Dearborn Street
24                             Room 1224
                         Chicago, Illinois 60604
25                           (312) 408-5038
```

```
 1   APPEARANCES:  (Continued)

 2   For the Receiver:           RACHLIS DUFF ADLER PEEL &
                                 KAPLAN, LLC, by
 3                               MR. MICHAEL RACHLIS
                                 542 South Dearborn Street
 4                               Suite 900
                                 Chicago, Illinois 60605
 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1     (Proceedings had in open court:)
2         THE CLERK: No. 18 CV 5587, United States Securities
3  and Exchange Commission versus Equitybuild.
4         MS. BRAGANCA: Good morning, your Honor. Lisa
5  Braganca for defendants.
6         MR. HANAUER: Good morning, your Honor. Ben Hanauer
7  and Ariella Guardi for the SEC.
8         MR. RACHLIS: Good morning, your Honor. Michael
9  Rachlis on behalf of the receiver, Kevin Duff, who is here as
10 well.
11        MR. DUFF: Good morning, your Honor.
12        MR. ROSENBERG: Good morning, your Honor. Mark L.
13 Rosenberg on behalf of the defendants.
14        THE COURT: All right. Good morning, everyone.
15        So I have reviewed the motion that was filed by the
16 Braganca firm as well as Mr. Rosenberg's office with regard to
17 reimbursement of fees and expenses. I have reviewed the SEC
18 response as well as the reply that I ordered defendants to
19 file.
20        Is there anything that anyone would like to add in
21 addition to what they submitted in writing?
22        MR. RACHLIS: Your Honor, the receiver did submit a
23 very brief I would call it response, I call it surreply. But
24 we submitted that yesterday afternoon directly in response to a
25 few statements that arose from Ms. Braganca's reply brief.

1       MS. BRAGANCA: Your Honor, I would just like to
2 respond. The statement that was made in the reply brief that
3 the Court requested was that the Equitybuild receiver had not
4 filed any objection, which was the case.
5       MR. RACHLIS: We'll allow your Honor to review that.
6 But I am happy to summarize what is a relatively short
7 statement, which included a correction of the record as well as
8 an equitable point.
9       (Brief pause.)
10       THE COURT: All right. Anything else?
11       MS. BRAGANCA: Yes, your Honor. I just wanted to
12 mention that on August 17, immediately after you entered the
13 TRO, asset freeze and receiver's order, we raised the issue
14 with you of -- with the Court of attorneys' fees and living
15 expenses. And you had asked that we file a motion. And that
16 is exactly what we did on Monday, the first business day after
17 that hearing.
18       So that's what we have before you today.
19       THE COURT: No, I understand that. Anything else?
20       MR. HANAUER: Yes, very briefly, your Honor. And just
21 to respond to counsel's reply brief, that reply brief does not
22 dispute that the retainer came from the receivership entities
23 as opposed to the Cohens' personal assets. It does not dispute
24 that the retainer came in after counsel was aware of the SEC's
25 filing and the SEC's request for an asset freeze. Does not

1   dispute that the money that counsel seeks to be paid with comes
2   from defrauded investors, and does not dispute that counsel
3   continued to bill against that retainer after the asset freeze
4   had been entered and after the receivership order was in place.
5           So again, all these things that counsel does not
6   dispute further supports denying the fee request.
7           MS. BRAGANCA:  Your Honor, I'd like to respond to --
8           THE COURT:  No need.
9           Okay.  Under established law, this Court has broad
10  jurisdiction to modify order freezing the assets of defendants
11  in order to authorize payment of reasonable attorneys' fees and
12  costs related to defendants' defense of the action.  See
13  example SEC v. Quinn, 997 F.2d 287 at 289, Seventh Circuit
14  1993.  And SEC versus Duclaud, D-u-c-l-a-u-d, Gonzalez de
15  Castilla, C-a-s-t-i-l-l-a, 170 F.Supp. 2d, 428, Southern
16  District of New York 2001.
17          Here defendants provided two wire transfers of $10,000
18  each, or $20,000 in total, to their attorneys of record so that
19  they can be represented during the Court's consideration of the
20  SEC's motion for temporary restraining order and preliminary
21  injunction.  And the work for which the attorneys now seek
22  reimbursement is work that they performed leading up to, during
23  and immediately following the TRO hearing when the parties were
24  still in the process of negotiating the consent judgment, which
25  was eventually filed by the SEC on August 23, 2018.

1                    The Court further notes that although defendants have
2     agreed not to challenge liability here, although they are not
3     agreeing to it either, I understand, they are contesting the
4     amount of their assets that can be attributed to the fraudulent
5     conduct at issue.
6                    Furthermore, the SEC has previously informed the Court
7     that it believes that Mr. Cohen has approximately $500,000 in
8     cash assets, and the defendants together have a possessor
9     interest in a number of real estate properties throughout this
10    locality.
11                   Is there a comment?
12                   MR. HANAUER:  Yes, there is, your Honor, and that is
13    to clarify that last statement.  And that was made -- about the
14    $500,000.  That was made in the course of the TRO hearing based
15    on the information we had last -- in May.
16                   Since the receiver has come in, taken the work, got a
17    better understanding of the books, it's now the SEC's and the
18    receiver's understanding that there is far less money in the
19    receivership estate than the SEC or anyone anticipated.  I can
20    let the receiver speak to that.  But I think the Court should
21    be aware that the situation is much bleaker than even we
22    realized when we were in front of you two weeks ago, your
23    Honor.
24                   THE COURT:  How much is there?
25                   MR. RACHLIS:  I'll let the receiver address that

1 question, your Honor.

2 MR. DUFF: The cash that we have recovered so far,
3 $160,000. That's money that we were able to claw back that had
4 been transferred by Mr. Cohen to his daughter and to a friend.
5 I understand there is another 12,000 that was transferred to a
6 friend that has not yet been -- as far as I know, has not yet
7 made it to the receiver's account.

8 My understanding is that Shaun Cohen and his wife --
9 at this point I have not seen an account that has more than a
10 very small amount of money in it. We did address an expense
11 issue that's already dealt with with respect to the accounts
12 that are personally in Jerry Cohen's name.

13 Again, for the most part small amounts. There is one
14 account that has approximately $68,000. And that's it.

15 MS. BRAGANCA: Your Honor, may I just --

16 THE COURT: No.

17 MS. BRAGANCA: Okay. Thank you.

18 THE COURT: So apparently it appears that Jerry Cohen
19 has approximately $160,000 worth of cash assets or thereabouts.
20 And as I said, defendants together have possessor interest in
21 one form or another of a number of real estate properties,
22 although it's subject to the receiver's investigation that's
23 ongoing now.

24 In any event, given all of these factors, considering
25 all these factors, the Court finds that allowing reimbursement

```
 1   sought by Braganca Law LLC and Law Offices of Jeffrey Friedman
 2   for the work they performed through August 19 is reasonable and
 3   appropriate here.  After all defendants should be entitled to
 4   legal representation for the defense in this case, at least
 5   through the entry of the consent judgment.
 6          Accordingly, for all those reasons, the Court grants
 7   the motion to the extent that the Braganca law firm will be
 8   allowed to use the 20,000 retainer to pay for the fees and
 9   costs incurred through August 19, 2018.  And, furthermore, the
10   remaining $1,231.88 shall be released by the receiver from the
11   receivership assets.
12          That's my ruling with regard to the motion.  Any
13   questions?
14          Okay.  Very good.  We will see you in November.
15       (Which were all the proceedings heard in this case.)
```

CERTIFICATE

I HEREBY CERTIFY that the foregoing is a true, correct and complete transcript of the proceedings had at the hearing of the aforementioned cause on the day and date hereof.

/s/Alexandra Roth                                    9/20/2018
_____      _____
Official Court Reporter                              Date
U.S. District Court
Northern District of Illinois
Eastern Division