UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>EQUITY BUILD, INC.,<br>EQUITY BUILD FINANCE, LLC,<br>JEROME H. COHEN and<br>SHAUN D. COHEN<br><br>Defendants, | Civil Action No. 18-CV-5587<br><br>Hon. Judge John Z. Lee |

REPLY TO OPPOSITION OF THE SEC AND RECEIVER
TO FIRST APPLICATION OF MARK L. ROSENBERG, ESQ.
FOR ALLOWANCE OF COMPENSATION
AS COUNSEL TO EQUITY BUILD, INC. AND EQUITY BUILD FINANCE LLC

**Background Statement**

On September 7, 2018, Mark L. Rosenberg, Esq. submitted his First Application for Allowance of Compensation in the amount of $12,177.08 for the actual and reasonable legal expenses of representing EquityBuild, Inc. and EquityBuild Finance, LLC for the period of July 16, 2018 through August 15, 2018 (until the notification from the SEC that it had brought this action, at approximately 6:05 p.m. on Wednesday, August 15, 2018) and for the actual and reasonable legal expenses of representing all Defendants after said notification up and until the entry of the Temporary Restraining Order (Dkt. 15) on August 17, 2018.

Both the SEC and the Receiver have opposed this application. Their oppositions, and particularly the opposition of the Receiver, represent an improper and naked attempt to deny the

individual defendants, Jerome H. Cohen and Shaun D. Cohen, the counsel of their choice. By making inflammatory, untrue and possibly defamatory statements against Mr. Rosenberg, both the Receiver and the SEC are attempting to create a situation where the individual defendants cannot defend themselves properly, cannot house or feed their families, and cannot go on with their lives.

### (1) By Raising this Issue in an Opposition, Both the SEC and the Receiver do so Improperly

The statements made by both the SEC and the Receiver concerning Mr. Rosenberg alleged participation in the "fraud" are improper, without foundation, and made in an improper format. The Receiver and the SEC have means to address any legitimate claims that they may have. Instead, they raise this matter in response to Mr. Rosenberg's Fee Application. As stated below, such representations to the Court are completely untrue and without foundation.

### (2) Mr. Rosenberg Did Not Participate in any Improper Activities.

Mr. Rosenberg was retained by EquityBuild, Inc. and its affiliates to perform several functions. First, he was hired to represent the companies in their responses to the SEC subpoena and its non-public investigation, which he did over a long period of time. In fact, much of the fees paid to Mr. Rosenberg's law firm were for the purpose of cooperating with the SEC in its investigation, scheduling and attending oral testimony given by principals and employees of the companies, and otherwise making certain that the SEC was able to carry out its investigation in a proper manner. Mr. Rosenberg informed the SEC during the oral testimony given by Jerome H. Cohen and Shaun D. Cohen in the investigation that he represented them individually. The SEC

did not object to such representation even though it was aware that Mr. Rosenberg also represented the EquityBuild companies.

Mr. Rosenberg was also retained to assist with preparing certain offering materials for the EquityBuild companies. Mr. Rosenberg prepared those materials in accordance with his obligations under the securities laws.

Mr. Rosenberg prepared certain private placement memoranda ("PPMs") in 2017 and 2018 using information about the properties, the budgets, and other relevant materials provided by EquityBuild personnel. Because Mr. Rosenberg's engagement did not include providing any legal opinion concerning the PPMs, he did not independently verify the information he received. Mr. Rosenberg's role was limited to putting information he received from EquityBuild into a PPM format. *See, e.g.,* Exhibit A hereto, a transmittal letter of a draft of a PPM from Mr. Rosenberg to EquityBuild.

Nothing the SEC or Receiver has put before the Court shows that Mr. Rosenberg knew that the information he was provided either was not accurate or was not complete in any material way. Thus, the notion that Mr. Rosenberg somehow participated in any activity intending to defraud any investor or had any substantive knowledge of any untrue statement made by EquityBuild, Inc. or its affiliates, is simply untrue.

The Receiver (and, to a lesser extent, the SEC) seems to be implying that Mr. Rosenberg was an "aider and abettor" and therefore should be punished by the denial of his reasonable attorney's fees. The cases have been clear that, in order to establish such an "aider and abettor" liability, the facts must demonstrate that the person had actual knowledge of the misrepresentations and rendered "substantial assistance" in the securities fraud. See, eg., *Rose v.*

*Arkansas Valley Environmental & Utility Authority, et. al.,* 562 F. Supp.1180 (W.D. Mo. 1983) at 1200. There is no evidence that either of these factors was present here.

(3) **Courts have Equitable Powers to Order Payment of Legal Fees**.

Courts have broad discretion in supervising the distribution of assets in SEC enforcement actions. See, e.g., *SEC v. Wealth Mgmt, LLC*, 628 F.3d 323, 332-33 (7th Cir. 2010) ("[T]he primary job of the district court is to ensure that the proposed plan of distribution is fair and reasonable.") A variety of courts that have considered fee requests in similar SEC enforcement matters have exercised that discretion to grant fee requests. For instance, the United States District Court for the Western District of Wisconsin "recognize[d] the importance of encouraging attorneys to represent those charged with fraud" and provided a mechanism for compensating a law firm for it fees incurred, which was approximately $850,000.00. *United States Sec. & Exch. Comm'n v. ISC, Inc.*, No. 15-CV-45-JDP, 2016 WL 6124499, at *3 (W.D. Wis. Oct. 20, 2016), appeal dismissed sub nom. Sec. & Exch. Comm'n v. Honefi, LLC, No. 16-3951, 2017 WL 5897592 (7th Cir. Sept. 29, 2017). In allowing for the payment of attorneys' fees, the Court recognized that the law firm's representation "also benefitted the SEC, the court, and even the investors by helping keep [the defendant company] up and running." Id.

Similarly, the United States District Court for the Western District of Virginia expressed a willingness to approve reasonable attorneys' fees for a defendant in a SEC enforcement action. *S.E.C. v. Dowdell*, 175 F. Supp. 2d 850, 855 (W.D. Va. 2001). In doing so, the Court opined that it could not achieve a fair result if the defendants were denied the ability to retain counsel. Id. Other jurisdictions have reached similar results. See *S.E.C. v. Quinn*, 997 F.2d 287, 289 (7th Cir. 1993) (noting that the district "indicated willingness to release small amounts so that [the

defendant] could defend [the] suit."); *SEC v. Duclaud Gonzalez de Castilla*, 170 F.Supp.2d 427 (S.D.N.Y. 2001).

### (4) **Courts have Concluded that Individual Defendants in Securities Litigation Deserve Representation and that Compensation of their Attorneys is in the Public Interest.**

As Judge Lee has already recognized in this case, advice from experienced securities attorneys is important to this case. In approving Ms. Bragança's fees, the Court noted that the individual defendants had consented to a bifurcated judgment in the case. As a result, the fees and expenses that the Receiver incurs should be significantly reduced. Had Mr. Rosenberg not represented the EquityBuild companies before the TRO was filed, he would not have had the background knowledge to advise his clients as to whether to consent to a bifurcated judgment.

It should be noted that much of Mr. Rosenberg's time since August 17, 2018 has consisted of assisting his clients in responding to the Receiver's requests for information about the companies under the Receiver's control and the information necessary to the Receiver's operation of those companies. If the individual defendants are forced now to select new counsel who is unfamiliar with this case, the cost to the individual defendants will necessarily increase. The Court should not allow the SEC and the Receiver to take actions that will deprive the Cohens of their choice of counsel, counsel who is experienced in securities matters and who is familiar with this matter.

**WHEREFORE**, Mark L. Rosenberg, Esq. respectfully requests that the Court authorize the payment of $12,177.08 by the Receiver Kevin Duff from Receivership Assets.

Respectfully submitted,

*/s/Mark L. Rosenberg*
Mark L. Rosenberg
Counsel for Defendants
Jerome H. Cohen and Shaun D. Cohen
(DC Bar #18521)
Admitted Pro Hac Vice for this case
7315 Wisconsin Avenue
Suite 800 West
Bethesda, Maryland 20814
Telephone: (301) 913-0077
Email: Mark@MdBusinessLawyer.net

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served on October 4, 2018 by filing with the Clerk of Court using CM/ECF system, which will send notification of such filing to counsel of record.

*/s/Mark L. Rosenberg*