```
 1                IN THE UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF ILLINOIS
 2                          EASTERN DIVISION

 3   UNITED STATES SECURITIES AND     )  Docket No. 18 C 5587
     EXCHANGE COMMISSION,             )
 4                                    )
                         Plaintiff,   )
 5                                    )
              v.                      )  Chicago, Illinois
 6                                    )  August 28, 2018
     EQUITYBUILD, INC., et al.,       )  9:30 o'clock a.m.
 7                                    )
                         Defendants.  )
 8
                 TRANSCRIPT OF PROCEEDINGS - MOTION
 9             BEFORE THE HONORABLE JOHN Z. LEE

10   APPEARANCES:

11   For the Plaintiff:          U.S. SECURITIES AND EXCHANGE
                                 COMMISSION, by
12                               MR. BENJAMIN J. HANAUER
                                 175 West Jackson Boulevard
13                               Suite 900
                                 Chicago, Illinois 60604
14
     For the Defendants:         LAW OFFICES OF MARK L.
15                               ROSENBERG, by
                                 MR. MARK LOUIS ROSENBERG
16                               7101 Wisconsin Avenue
                                 Suite 1201
17                               Bethesda, Maryland 20814
                                 (appearing telephonically)
18
     For the Receiver:           RACHLIS DUFF ADLER PEEL &
19                               KAPLAN, LLC, by
                                 MR. MICHAEL RACHLIS
20                               542 South Dearborn Street
                                 Suite 900
21                               Chicago, Illinois 60605

22

23                     ALEXANDRA ROTH, CSR, RPR
                         Official Court Reporter
24                     219 South Dearborn Street
                              Room 1224
25                       Chicago, Illinois 60604
                            (312) 408-5038
```

```
1        (Proceedings had in open court:)
2             THE CLERK:  Case 18 CV 5587, United States Securities
3   and Exchange Commission versus Equitybuild.
4             MR. HANAUER:  Good morning.  Ben Hanauer for the SEC.
5             MR. RACHLIS:  Good morning, your Honor.  Michael
6   Rachlis and Kevin Duff.  We are here on behalf of the receiver,
7   Kevin Duff, Receiver.
8             MR. DUFF:  Good morning, your Honor.
9             MR. ROSENBERG:  Good morning, your Honor.  Mark L.
10  Rosenberg for the defendants.
11            THE COURT:  All right.  So there are a number of
12  motions.  Let's deal with them as they were filed.
13            So first of all, there is the application by the
14  Braganca LLC for allowance of compensation, reimbursement of
15  expenses, as they served as counsel for all defendants, and
16  compensation expenses for counsel for the individual
17  defendants, asking that their fees and expenses up to this date
18  be permitted to be paid out of the receivership estate.
19            What's the SEC's position with regard to this motion?
20            MR. HANAUER:  Procedurally, your Honor, it's my
21  understanding that motion isn't noticed up until tomorrow.  The
22  SEC does object and will be filing an opposition brief this
23  morning.
24            THE COURT:  Okay.
25            MR. HANAUER:  And it's also my understanding, Ms.
```

1  Braganca will not be appearing in court until tomorrow to
2  present that motion.
3      MR. ROSENBERG:  Yes, that's correct, your Honor.
4  Ms. Braganca had a conflict with another case this morning, was
5  unable to appear in court this morning.  But she will be there
6  tomorrow morning.
7      MR. RACHLIS:  Your Honor, on behalf of the receiver,
8  we also want to note for the record, while we are not going to
9  be filing anything, we are opposing the motion as well.
10      THE COURT:  Okay.  I will deal with that tomorrow.
11      The next motion is agreed motion for Court approval of
12  forensic collection protocol.  So I just want to make sure how
13  this is going to work.  So the SEC will be retaining -- or will
14  be paying for its outside forensic consultant to perform the
15  services, is that correct?
16      MR. HANAUER:  I didn't -- I'm sorry, your Honor?
17      THE COURT:  The SEC --
18      MR. HANAUER:  To perform the services?
19      THE COURT:  Right.  So --
20      MR. HANAUER:  Yes, your Honor.
21      THE COURT:  The SEC will be paying for it.
22      MR. HANAUER:  Yes, as opposed to the receivership and
23  the investors.  This is an agreed motion, your Honor.
24      THE COURT:  Right.  I just wanted to make sure that
25  that's how it's going to take place.

1           All right. So the parties' agreed motion for Court
2 approval of forensic collection protocol is granted.
3           So then lastly, we have the SEC's motion for entry of
4 judgment by consent of permanent injunctions and other relief.
5 I have reviewed the motion as well as the proposed orders that
6 were submitted. Is there any further comment from the parties
7 today with regard to this motion?
8           Mr. Rosenberg, anything?
9           MR. ROSENBERG: Yes, just one matter, your Honor, that
10 I wanted to just raise with you, which is that since the entry
11 of -- since signing of the consent by my two clients, they have
12 been cooperating with the receiver and the SEC. We have
13 engaged in a number of discussions with the receiver.
14           But there is an issue that's emerged that I just want
15 to bring to your Honor's attention, and that is that the -- as
16 your Honor knows, the -- one of the individual defendants, Sean
17 Cohen, is overseas with his family and has been attempting to
18 secure tickets to come back for himself, his wife and three
19 children. And we were working with the receiver to try to work
20 it out.
21           And yesterday it appeared that Mr. Cohen had
22 sufficient points on his Amex account to be able to pay for
23 those tickets. And the receiver and the SEC had consented to
24 that during the day yesterday, which I appreciated. However,
25 it turned out that because there is a past-due payment on the

1 Amex account, Amex will not allow Mr. Cohen to use those
2 points.
3   And, therefore, we are in a situation in which we
4 cannot -- he cannot come back with his family. His three young
5 children are starting school next week. And he is not going to
6 be able to come back except for, you know, an allowance for
7 those tickets from, you know, his personal assets. Again, not
8 from the company's assets.
9   So I have -- I notified the receiver and the SEC last
10 night that that was the case and asked their consent on that
11 point. And the reason why that's important is, obviously the
12 tickets are expensive at the end of the summer. We're talking
13 about allowance we think of about 6,000, perhaps $7,000, for
14 five people to come back from Turkey.
15   And obviously we like to work it out with the receiver
16 and the SEC. But at this point we don't have an agreement on
17 that point. We have not filed a motion on that because again
18 we thought until yesterday we'd use the AmEx points. But now
19 we are in that situation, and it's kind of an emergency
20 situation where we need to -- we need to move forward.
21   THE COURT: I think you can try to work it out with
22 the receiver and the SEC. So it seems like that's an issue
23 that can be worked out. And so do what you can. If you need
24 to file a motion, you can file it if it can't be worked out.
25   Okay, Mr. Rosenberg?

1    MR. ROSENBERG: Yes, that's fine, appreciate that,
2 your Honor.
3    THE COURT: All right. So given that, the SEC's
4 motion for entry of judgment by consent of permanent injunction
5 and other relief is granted.
6    Now, Mr. Hanauer, how do you suggest we go about
7 addressing the remaining issues of the appropriate
8 disgorgement, pre-judgment interest, civil penalties, et
9 cetera, et cetera?
10    MR. HANAUER: Thank you, your Honor. Discussed this
11 with Mr. Rosenberg. And the plan that we have laid out right
12 now is for the SEC and the Cohens to go pencils down for a
13 little while. Let the receiver do the work he needs to. And
14 it's my understanding there is a lot of work to be done, your
15 Honor.
16    And then after this period -- you know, some period of
17 allowing the receiver to do the things that he needs to do and
18 allow the parties to have a better lay of the land, then the
19 SEC and the Cohens can discuss the issue of financial remedies.
20 It will be a narrow issue. Whatever discovery would be needed
21 on that point would simply be for the most part how much money
22 did the defendants take in.
23    Probably that can just be resolved, you know, paper --
24 paper discovery. And then the way it's typically done, to the
25 extent the parties can't reach an agreement on a number, we

1  just brief it to the Court.  And it's resolved on the papers.
2          But again, that would be a later date after the
3  receiver's work has been allowed to run its course.
4          THE COURT:  So, how much time do you think you need to
5  complete that work?
6          MR. DUFF:  Well, your Honor, in terms of getting our
7  arms around the overall accounting picture, I think that's
8  going to take, you know, a couple months probably.  We have tax
9  filings due.  I know there is a motion that's pending with
10 respect to that.  They are due September 15.  That's going to
11 be an awful lot of work.
12         With respect had the preservation, the assets, and
13 getting our arms around the operation of the -- of the company
14 and the operation of the properties, that's going to be an
15 ongoing situation until we resolve how to address those
16 properties.  So that is certainly months and perhaps longer,
17 depending on the path we take.
18         THE COURT:  With regard to the -- so it seems like the
19 best thing to do, at least from the SEC's standpoint, what you
20 are proposing is, I set a status date at some point, perhaps in
21 about 60 days, to figure out where we are with the receiver's
22 investigation, and see if the issues have been sufficiently
23 narrowed with regard to the remaining issues, so we can set
24 some sort of schedule going forward.
25         MR. HANAUER:  That sounds great, your Honor.

1     THE COURT:  Mr. Rosenberg?
2     MR. ROSENBERG:  Yes, that sounds fine, your Honor.
3  The receiver and the SEC is certainly correct.  It will take a
4  few months because these are real estate assets.  There is a
5  lot of complexity in that.  And as the individual defendants
6  have indicated, they are glad to work with the receiver to help
7  in any way they can to maximize the value of the real estate
8  assets.
9     THE COURT:  All right.  So we will set this case for
10 further status the week of November 5.  Carmen, give me a date,
11 please.
12    THE CLERK:  November 7 at 9:00 o'clock.
13    THE COURT:  At that point, I will set a schedule going
14 forward.
15    MR. HANAUER:  Thank you, your Honor.
16    And given the parties' agreement to go pencils down
17 initially and the -- the lack of need for merits-based
18 discovery, we would ask that the mandatory initial discovery
19 requirements be held in abeyance until the November 7 status.
20    THE COURT:  That's reasonable.  I will go ahead and
21 stay any obligation in the mandatory initial discovery project.
22    All right.  Thank you.  Yes.
23    MR. RACHLIS:  There is one other motion, your Honor.
24 That is the -- for the approval of the rates to be charged by
25 the receiver's accountants and to appoint a tax administrator.

1  That has also been agreed to by the SEC and counsel for the
2  Cohens.
3              THE COURT:  That I don't have in my packet.  Hold on.
4              MR. RACHLIS:  It is Docket No. 32, your Honor.
5        (Brief pause.)
6              THE COURT:  To the extent the accounting firms are
7  going to be engaging outside vendors, what type of outside
8  vendors would they require?
9              MR. DUFF:  Your Honor, I don't know specifically,
10 except that they know that they cannot do it without my express
11 approval.  And obviously we have an eye towards being extremely
12 cost conscious here.
13             THE COURT:  Okay.  As long as they are hiring outside
14 vendors subject to the receiver's approval, the motion looks
15 fine.  I will go and grant it, and I will enter the order.
16             MR. RACHLIS:  Thank you, your Honor.
17             THE COURT:  I guess we will see you tomorrow.
18             MR. HANAUER:  Thank you, your Honor.
19             MR. ROSENBERG:  Thank you, your Honor.
20        (Which were all the proceedings heard in this case.)
21
22
23
24
25

```
 1                         CERTIFICATE

 2           I HEREBY CERTIFY that the foregoing is a true, correct

 3   and complete transcript of the proceedings had at the hearing

 4   of the aforementioned cause on the day and date hereof.

 5


 6    /s/Alexandra Roth                            10/8/2018
     _____          _____
 7    Official Court Reporter                      Date
      U.S. District Court
 8    Northern District of Illinois
      Eastern Division
```