UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br>v.<br><br>EQUITYBUILD, INC.,<br>EQUITYBUILD FINANCE, LLC,<br>JEROME H. COHEN, and<br>SHAUN D. COHEN,<br><br>Defendants. | Civil Action No. 18-CV-5587<br><br>Hon. John Z. Lee<br><br>Magistrate Judge Young B. Kim |

**RECEIVER'S MOTION FOR ENTRY OF AN ORDER:
(1) ESTABLISHING CLAIMS BAR DATE;
(2) FINDING THAT THE RECEIVER GAVE FAIR, ADEQUATE,
AND SUFFICIENT NOTICE TO ALL INTERESTED PARTIES; AND
(3) APPROVING PROOF OF CLAIM FORM AND SUMMARY PROCEDURES**

Kevin B. Duff, as the receiver ("Receiver") for the Estate of Defendants EquityBuild, Inc., EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen (collectively, the "Receivership Defendants"), and pursuant to the powers vested in him by the Order of this Court entered on August 17, 2018, hereby files his Motion for entry of an Order: (i) Establishing Claims Bar Date; (ii) Finding that the Receiver has given fair, adequate, and sufficient notice to all interested parties; and (iii) Approving Proof Of Claim Form And Summary Procedures (the "Motion").

### I. SUMMARY OF RELIEF REQUESTED

The Receiver brings this Motion to address issues generally relating to the establishment of: (i) a claims bar date for creditors of the Receivership Defendants; (ii) procedures for the

submission of claims against the Receivership Defendants; and (iii) guidelines for allowance of claims, as set forth in more detail herein.

Pursuant to the Order Appointing Receiver (the "Receiver Order"), the Receiver is charged with administering and managing the business affairs and assets of EquityBuild, Inc., EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Jerome Cohen and Shaun Cohen as defined in the Receiver Order. (*See* Docket No. 16, Order Appointing Receiver) To that end, the Receiver believes it is in the best interest of the Receivership Estate to establish a claims bar date by which all claimants must assert any claims they have against the Receivership Defendants to allow the Receiver to have complete information regarding such claims and time to evaluate and process those claims for the purpose of recommending an eventual distribution plan to the Court.

Accordingly, the Receiver requests entry of an order: (i) establishing a deadline by which all creditors must file claims against the Receivership Defendants; (ii) finding that the Receiver has given fair, adequate, and sufficient notice to all interested parties; and (iii) approving the proof of claim form and summary claims procedures.

## II. STATEMENT OF FACTS

Kevin B. Duff was appointed as the Receiver of EquityBuild, Inc., EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Jerome Cohen and Shaun Cohen pursuant to this Court's Order Appointing Receiver. (Docket. No. 16) In his role as Receiver, he has diligently executed his duties, including managing EquityBuild properties and assets, with the aim of maximizing returns to the Estate and EquityBuild's investors. *See* Exhibit A, Declaration of Kevin B. Duff at ¶ 4 ("Duff Decl."). He continues the process of evaluating the assets and liabilities of the Receivership Defendants.

The Receiver Order specifically identified certain Receivership Defendants and affiliates. (*See Id.* pp. 1-2) As of the filing of the Receiver's First Status Report, the Receiver and his retained professionals compiled an updated and comprehensive list of EquityBuild affiliate entities and the properties they own, directly or indirectly. At this time, the Receiver has identified a total of 158 entities associated with the Receivership Estate that are presently believed to be within the Estate. (Ex. A, Duff Decl. at ¶ 3 and Exhibit 1 thereto) The Receiver has filed a motion to amend and clarify the Order Appointing Receiver to make it clear that all such 158 entities are within the Receivership Estate. (Docket No. 226)

Based on the progress made in the administration of the Estate to date thus far, the Receiver believes it is appropriate to seek Court approval of a claims bar date and claims procedure, as set forth below, and the related notice of bar date and claim form. (Ex. A, Duff Decl. at ¶ 8) The Receiver believes the procedure described below will minimize expense and delay and also maximize distributions to eligible claimants. (Ex. A, Duff Decl. at ¶ 7) The proposed procedure is based in part on recognition of the fact that it appears quite likely that the Receivership Defendants' collective assets will be insufficient to pay claimants 100% of the amounts the Receiver anticipates will be claimed. (Ex. A, Duff Decl. at ¶ 4)

### III.  ENTRY OF AN ORDER ESTABLISHING A CLAIMS BAR DATE AND SUMMARY CLAIMS PROCEDURE IS WARRANTED

Pursuant to the Securities Act of 1933 and the Securities Exchange Act of 1934, the Securities and Exchange Commission sought and obtained the appointment of the Receiver. Under the Receiver Order, the Receiver has authority in equity, as well as under 28 U.S.C. §§ 754, 959 and 1692, and Rule 66 of the Federal Rules of Civil Procedure, and was given broad powers to investigate and safeguard the assets of Receivership Defendants. It is well settled that this Court has the authority to grant the relief requested herein. *See SEC v. Hardy*, 803 F.2d

1034, 1037 (9th Cir. 1986) ("district court's power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership is extremely broad"); *see also SEC v. Billion Coupons, Inc.,* 2009 WL 2143534, at * 4 (D. Haw. July 13, 2009) (approving receiver's claims procedures and bar date); *SEC v. Alanar, Inc.,* 2009 WL 1664443, at *3-4 (S.D. Ind. June 12, 2009) (same). The court's "broad powers and wide discretion" stem from the inherently complex transactions and multiple parties to a receivership action and the need for orderly administration of the estate. *Hardy*, 803 F.2d at 1037. Accordingly, a "primary purpose of equity receiverships is to promote orderly and efficient administration of the estate by the district court for the benefit of creditors," and "reasonable procedures instituted by the district court" that ultimately serve these basic principles are generally upheld. *Id.* at 1038.

In order to execute his duties under the Receiver Order, including distribution of the assets of the Receivership Estate and eventually bring the Receivership to a conclusion, the Receiver must ensure that all claims that he is required to consider have been submitted and analyzed. The implementation of a claims bar date and related procedures are necessary to allow the Receiver to determine the liabilities of the Receivership Estate and administer EquityBuild's assets for the benefit of creditors. Particularly given the limited funds available for distribution, these processes are vital to ensure the available assets are maximized and distributed to claimants holding valid, timely claims. The Receiver and his retained professionals have been in the process of reviewing records from the Receivership Defendants to perform a funds tracing.

A.   **Proposed Summary Claims Procedure**

The Receiver anticipates that investigating and calculating the claims of investors and creditors will take at least a year from the proposed bar date because the process will entail a

period for discovery related activities, the final review and confirmation of all investor and non-investor claims by the Receiver, and if appropriate, the filing of objections to any claims determined to be unacceptable and resolution of all claims disputes by the Court.

**1. Bar Date.** The Receiver seeks entry of an order establishing a date approximately 120 days from entry of the order sought by this Motion as the deadline by which all investors, creditors, and other claimants must submit all claims against EquityBuild (the "Bar Date"). The proposed Bar Date will allow sufficient time for (i) the Receiver to arrange for the proposed notices to be sent and (ii) claimants to file a proof of claim form with the Receiver. Further, the Bar Date is necessary to allow as many claimants as possible to participate in the claims process while still permitting the Receiver to obtain certainty in a reasonably prompt fashion of the total potential claims against EquityBuild. Moreover, setting such a deadline is critical to the claims process because the Receiver cannot make a determination regarding the distribution of the assets of the Receivership Estate until all claims have been received and analyzed, and the claims process has been administered.

The cover page of each proof of claim form will prominently display the Bar Date. And, the Bar Date will be displayed on the Receivership web site at the following link: http://rdaplaw.net/receivership-for-equitybuild

**2. Notice and Procedures for Submitting and Determining Proofs of Claims.**

The Receiver proposes a claims procedure to efficiently, equitably, and promptly identify potential claimants and the amount and validity of any claim. The proposed procedure will allow the Receiver to establish certainty as to the total number and amount of claims against EquityBuild and allow for an equitable distribution among claimants.

The Receiver also seeks Court approval to retain a third-party vendor – Axos Fiduciary Services – to setup and host a claims portal for the Receiver (hereinafter "Axos Claims Portal"). Given the magnitude of potential claimants (at least 700 investors and nearly a hundred others such as conventional lenders and creditors), the potential cost and burden on the Receiver's retained professionals to gather all proof of claim forms and supporting documents and organize in a useable fashion would far exceed any benefit.

The Receiver proposes the following notification efforts: serve all known potential claimants of which the Receiver is currently aware by email (through Axos Fiduciary Services email noticing service), to the extent he has an email address, or by regular mail if he has a known mailing address and no known email address, within thirty (30) days[1] after entry of the order sought by this Motion, with the following: (a) notice of the Bar Date and the procedures for submitting proofs of claim, substantially in the form of the notice attached as **Exhibit 2** to the Declaration of Kevin B. Duff in support of the motion at bar (the "Bar Date Notice") and (b) a link to the Axos Claims Portal containing a proof of claim form substantially in the form of the document attached as **Exhibit 3** to the Declaration of Kevin B. Duff in support of the motion at bar ("Claim Form"). (Ex. A, Duff Decl. at ¶¶ 5-6 and Exhibits 2 & 3 thereto) Within this thirty day time period, the Receiver will also file a notice and certification so advising the Court of the service of the Bar Date Notice and link containing the Claim Form.

---

[1] The Receiver anticipates needing thirty days to ensure that the Bar Date Notice and link to the Axos Claims Portal with the proof of claim form are sent to all interested parties (including at least 700 investors and nearly a hundred others such as conventional lenders and creditors). Further, the Receiver is building additional time into his proposed claims schedule to send individualized emails or mailings in limited circumstances where the first email notice (sent by Axos) "bounces back." Under this proposed timeframe, potential claimants will have at least 90 days from when the Bar Date Notice and link to the Axos Claims Portal are sent and the Bar Date itself.

Claimants will be provided a link to the Axos Claims Portal where they will be prompted to create login information, complete and submit their Claims Forms (which can be amended prior to the Bar Date), and upload all supporting documentation. Additionally, the Receiver proposes to send a follow-up email (or mail, where necessary) 30 days and 60 days before the Bar Date. This follow-up email will remind claimants of the Bar Date, and will again include the Bar Date Notice and link to the Axos Claims Portal. (Ex. A, Duff Decl. at ¶¶ 5-6)

The claimant must complete and sign the Claim Form under penalty of perjury and submit such form to the Axos Claims Portal before the Bar Date with supporting documentation.[2] The claimant must provide the amount(s) contended to be owed, as well as legible copies of documents supporting the claim or, if such documents are not available, an explanation as to why documentation is lacking. The Bar Date Notice, Claims Form, and link to the Axos Claims Portal will all be displayed on the Receiver's webpage at the following link http://rdaplaw.net/receivership-for-equitybuild

The submission of a proof of claim form will subject the claimant to the jurisdiction of the United States District Court for the Northern District of Illinois.

The Axos Claims Portal will include all Claims Forms and supporting documents organized by claimant for use by the Receiver. The Receiver has determined in his business judgment that the Axos Claims Portal is an efficient and cost-effective way to collect Claims Form and supporting documents. And, one of the many benefits to the Axos Claims Portal is the periodic extraction of data (for which the Receiver can use in relation to a tracing and claims

---

[2] Any Claim Form in writing or in hard copy will still be accepted. However, because electronic submission is more efficient and cost-effective for the Receiver, claimants are encouraged to complete the Claim Form electronically through the Axos Claims Portal.

analysis) and the ability to sort claims by claimant. The Receiver anticipates the following costs associated with the Axos Claims Portal and related claims process:

| ESTIMATED STATEMENT OF WORK | APPROXIMATE NUMBER OF HOURS | RATES |
|---|---|---|
| Email Noticing Set Up – includes upload of data file and verification of email addresses from standard format in Excel/Word | N/A | $500 |
| Email Notices – 900 notices @ $0.05 per notice | N/A | $45 |
| Claim Portal Form Setup | N/A | $3000 |
| 5 months portal hosting - $200 per month x 5 months. This includes the 120 days claims process, and an additional month following the Bar Date. The Receiver will not need to keep the Axos Claims Portal live through the entire Receivership; following the Bar Date and any additional months of live hosting, the Receiver and his team will be able to access the Claims Forms and supporting documents in a separate database at no additional charge to the Receivership. | N/A | $1,000 |
| IT/Programming - $100 per hour – Monthly Claims Extraction (per pull) and delivery to client in Excel file (estimate of 2 hours per month x 4 months) | 8 | $800 |
| **Axos Claims Portal Estimate Based on 900+ claims, 5 months of portal hosting service, and email set up and email notices** | **N/A** | **$5,345** |

3. **Approval of Claim Form.**

Attached as **Exhibit 3** to the Declaration of Kevin B. Duff in support of the motion at bar is the Receiver's proposed Claim Form and related instructions for EquityBuild creditors and investors. The Receiver asks the Court to approve the Claim Form substantially in the form of **Exhibit 3** to the Declaration of Kevin B. Duff in support of the motion at bar for the submission

of any and all types of claims (subject to minor changes necessary to format with the Claims Portal).[3]

4. **Effect of Failure to Submit Claim Form Before Bar Date.**

Failure of an investor, creditor, or any other person or entity to submit a claim verification form by the Bar Date shall be a basis for objection to and denial of that claim. Accordingly, any untimely-filed claims may not be entitled to receive distribution unless the Court excuses the failure.

5. **Status Date and Discovery.**

The Receiver has not set a time frame for the processing of claims. Instead, the Receiver is asking the Court to set a status date thirty (30) days after the Bar Date for the Receiver to report at least initially on the general response to the claims process. At this status date, and with claims at least having been submitted and the Bar Date having expired, the Receiver intends to propose a timetable and schedule for the review and analysis of all claims and distribution plan – including when the Receiver will report to the Court regarding the number, amount, categories of all claimants, his proposed distribution plan, and a schedule for objections to the distribution plan and resolution of same.

The Receiver also intends on proposing a discovery schedule to the Court to account for any reasonable discovery that the parties to the litigation, the Receiver, and claimants deem necessary and appropriate. Ideally, the Receiver believes that such discovery would be

---

[3] The Receiver has provided a copy of his proposed Claim Form to Axos Fiduciary Services so it can be formatted for the Claims Portal. To the extent Axos Fiduciary Services requires substantive changes or a re-write of the proposed Claims Form in order to be formatted for the Claims Portal, the Receiver will file a revised Claims Form. If only minor formatting changes are needed, the Receiver does not intend on filing anything further.

completed in advance of the submission of a proposed distribution plan, but that can be discussed further at the proposed status conference.

The Receiver has consulted with counsel for the Securities and Exchange Commission, and the SEC does not oppose this motion.

The Receiver believes that the requirements requested herein are critically important in order to prevent delays to the administration of claims submitted to the Receivership Estate, and are not unduly burdensome, but rather are necessary and common in Receiverships of this nature.

WHEREFORE, the Receiver respectfully requests that this Court grant this Motion and enter an Order (proposed order attached hereto as Exhibit B):

a. Establishing a deadline for submitting proof of claim forms ("Bar Date") and approving the initial claims procedures as described above;

b. Approving the Receiver's retention of a third-party vendor – Axos Fiduciary Services – to setup and host a claims portal for the Receiver as described above;

c. Approving the proof of claim form attached as **Exhibit 3** to the Declaration of Kevin B. Duff in support of the motion at bar;

d. Finding that the Receiver has given fair, adequate, and sufficient notice to all interested parties;

e. Setting a status date on the Receiver's claims process thirty (30) days after the Bar Date; and

f. For such other relief as the Court deems just and proper.

Dated: February 22, 2019            Kevin B. Duff, Receiver

           By:    /s/ Michael Rachlis

Michael Rachlis
Nicole Mirjanich
Rachlis Duff Adler Peel & Kaplan, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone (312) 733-3950; Fax (312) 733-3952
mrachlis@rdaplaw.net
nm@rdaplaw.net