IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) EQUITYBUILD, INC., EQUITYBUILD ) FINANCE, LLC, JEROME H. COHEN ) and SHAUN D. COHEN, ) ) Defendants. ) ) | Case No. 18-05587<br><br>Hon. John Z. Lee |

## MOTION FOR RELIEF FROM STAY

Brianna Byrd, plaintiff in *Brianna Byrd v. Equity Build, Inc., et al., 18 L 001993*, ("Byrd") by her attorney, Hall Adams, states as follows:

Byrd is the plaintiff in *Brianna Byrd v. Equity Build, Inc., et al., 18 L 001993*, pending in the Circuit Court of Cook County, Illinois ("Cook County Action"), a claim for personal injury damages arising out of a slip/fall in a rental apartment for which liability insurance coverage is provided to the defendants therein by a policy of liability insurance, to wit: Cincinnati Specialty Underwriters Insurance Company, policy no. CSU0084269 ("CSU Policy) having liability limits of $1 MM per occurrence, which are sufficient to cover Byrd's claims. Based on this Court's 17 August 2018 Order (Dkt 16) of this court imposing a receivership stay ("Stay") on actions pending against the defendants in the above-captioned cause, on 11 September 2018, the Circuit Court of Cook County entered its Order staying proceedings in the Cook County Action. (Ex. A)

Byrd wishes to proceed with the Cook County Action against Equitybuild, Inc., for the limited purposes of determining defendants' liability and the value of her claims, including her claims against Equitybuild, Inc., and to collect such claims from the CSU Policy, which is

anticipated to fully indemnify Equitybuild, Inc., against Byrd's claims. Byrd does not seek any recovery from Equitybuild, Inc., or its Receivership estate other than through such process as may be determined through this Court. Accordingly, allowing Byrd relief from this court's Stay will not prejudice this Court's Receiver or Receivership estate.

The power to impose a stay in a receivership proceeding is a corollary of the inherent power of a court of equity to impose a receivership and grant relief associated with the receivership. *SEC v. Wencke*, 622 F.2d 1363, 1369-70 (9th Cir. 1980) If equity requires it, the court may grant relief from the stay.

In *Wencke*, the SEC filed charges against a business for engaging in fraud and misrepresentation. After conducting a hearing, the district court held that the SEC proved a prima facie case of fraud and misrepresentation, placed the business in receivership, and enjoined all parties from commencing suit against the business. A third party filed a petition for relief from the stay to enforce a state court judgment against the business. The Ninth Circuit noted, "[t]he Supreme Court has repeatedly emphasized the broad equitable powers of the federal courts to shape equitable remedies to the necessities of particular cases, especially where a federal agency seeks enforcement in the public interest." *Id.*, 622 F.2d at 1371 (citing in a footnote, *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 386 (1970); *J.I. Case Co. v. Borak*, 377 U.S. 426, 433 (1964); *Hecht Co. v. Bowles*, 321 U.S. 321, 329 (1944); *Porter v. Warner Holding Co.*, 328 U.S. 395, 398 (1946). *SEC v. United Financial Group, Inc.*, 474 F.2d 354 (9th Cir. 1973); *Los Angeles Trust Deed & Mortgage Exchange v. SEC*, 285 F.2d 162 (9th Cir. 1960), cert. denied, 366 U.S. 919 (1961); *SEC v. Management Dynamics, Inc.*, 515 F.2d 801, 808 (2d Cir. 1975).

This situation bears a similarity to a motion for relief from the automatic stay in a bankruptcy case. While federal law, *i.e.*, 11 U.S.C. §362 provides a mechanism for granting relief from the automatic stay, this Court's inherent powers allow it to grant the requested relief. Generally, bankruptcy courts have granted creditors relief from the discharge injunction to sue a discharged debtor nominally, for purposes of establishing a right to insurance proceeds. *Matter of Fernstrom Storage & Van Co.*, 938 F.2d 731, 734 (7th Cir. 1991).

Lifting the Stay to allow Byrd to determine the value of her claims in the Cook County Action and to enforce any judgment entered therein against available liability insurance proceeds would not interfere with the status quo or impair the Receivership estate, since these insurance proceeds could not be used to satisfy the claims of investors who invested in Equitybuild, Inc.'s Ponzi scheme. Granting the relief requested by Byrd would not impair or interfere with the Receiver's orderly administration of the Receivership estate. Comparable relief was recently granted by this Court to earlier movants. (Dkt 205)

WHEREFORE, Brianna Byrd, by her attorney, Hall Adams, respectfully moves for entry of an Order granting relief from this Court's Stay so that she can prosecute her claims in the Cook County Action for the limited purposes of allowing her to establish the amount of her claim against the defendants therein and to obtain recovery therefore under the CLU Policy pursuant to such judgment as may be rendered in the Cook County Action by the Circuit Court of Cook County.

/s/ Hall Adams
One of Plaintiff's Attorneys

Hall Adams
Law Offices of Hall Adams LLC
33 North Dearborn Street, Suite 2350
Chicago, Illinois 60602
Attorneys I.D. #6194886