UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br>v.<br><br>EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,<br><br>    Defendants, | Civil Action No. 18-CV-5587<br><br>Hon. Judge John Z. Lee<br><br>Magistrate Judge Young B. Kim |

**RESPONSE TO SEC'S MOTION AND BRIEF IN SUPPORT OF MOTION FOR DISGORGEMENT, PREJUDGMENT INTEREST, CIVIL PENALTIES, AND ENTRY OF FINAL JUDGEMENT AGAINST THE COHEN DEFENDANTS**

Jerome H. Cohen and Shaun D. Cohen ("Defendants") respectfully file this Response ("Response") to the SEC's Motion and Brief in Support of **Motion for Disgorgement, Prejudgment Interest, Civil Penalties and Entry of Final Judgement Against the Cohen Defendants**. In support of its Response, the Defendants state as follows:

## BACKGROUND

In support of the calculation for disgorgement, the SEC tasked Ann Tushaus with reviewing certain bank records and financial transactions as defined in doc #195-1. The SEC presents an argument for the payment of disgorgement and prejudgment interest. Additionally, the SEC methods of calculating the proposed Civil Penalties.

1

The Defendants do not argue against the application of disgorgement or prejudgment interest and only call into question the calculation of disgorgement and, therefore, the prejudgment interest.

The Defendants raise the following issues with regard to the accounting as it pertains to disgorgement. <u>First</u>, after review of Exhibit's contained within said document it is believed that certain transactions, yet not limited to these certain transactions, are being added to the calculations and should not have been added. <u>Second</u>, due to the miscalculation and the lack of supporting documentation held by the Defendants, the Defendants are unable to determine whether other items were also incorrectly included. <u>Third</u>, an incorrect calculation of the disgorgement amount renders the prejudgment interest figure inaccurate.

The SEC states that the application of the civil penalties is to "achieve the dual goals of punishing the violator and deterring future violations." The SEC is seeking the maximum third-tier penalties. The Defendants raise the following issue with regard to the calculation of the civil penalty. Seeking a maximum third-tier penalty does not achieve the SEC's stated interest of punishment.

## ARGUMENT

**I. CERTAIN TRANSACTIONS SHOULD NOT HAVE BEEN ADDED TO THE CALCULATION OF DISGORGEMENT.**

After reviewing the **Declaration of Ann Tushaus Regarding the Disgorgement and Prejudgment Interest Against Jerome and Shaun Cohen**, listed below are, but are not limited to, certain transactions that should not have been included in the calculation. The transactions

listed below are referenced by the 'notes' section from the Exhibits to doc #195-1 and were purchases made by Jerome H. Cohen or Tikkun Holding for the benefit of Equitybuild or it affiliates. As calculated, the transactions are being treated as though Jerome H. Cohen or Tikkun Holdings directly benefited from the expenses when in fact neither party did.

REIMBURSEMENT FO USE OF
JC CARD

REIMBURSE JC CREDIT CARD
USAGE

REIMBURSE HOME DEPOT
LOAN

REIMBURSE PHONE AND ADS
PAID FOR EB BY TH

REIMBURSE RING CENTRAL

REIMBURSE EXPENSES PUT
ON THE CARD

REIMBURSE DAWGS
PAYMENT ON THE CARD

REIMBURSE DAWGS LIVE
CAREER AND FOTILIO

REIMBURSE GODADDY

REIMBURSE WEB SITE
REGISTRATIONS

REIMBURSE TRAVEL

REIMBURSE TEXT CAMPAIGN

CHECK # 2346 MEMO:
REIMBURSEMENT + BRUCE
COHEN PAYPAL DEPOSIT

EXPENSE REIMBURSEMENT

REIMBURSE NEWKIRK
INCORRECT DEP

## II. DEFENDANTS ARE UNABLE TO DETERMINE WHETHER OTHER ITEMS WERE INCORRECTLY INCLUDED.

The Defendants, no longer having access to Equitybuild or its affiliates related documentation, do not have the ability to determine whether any other items were incorrectly added. The Defendants respectfully request that the SEC produce supporting documentation as to how it defines a line item as being appropriately calculated toward the disgorgement figure as other items may also not have been correctly added to the final figure.

## III. THE PREJUDGMENT INTEREST CALCULATION IS NOT CORRECT DUE TO THE DISGORGEMENT FIGURE NOT BEING CORRECT.

As prejudgment interest is calculated as a percentage of the disgorgement amount, being as though the disgorgement amount is being called into question, the absolute dollar figure for prejudgment interest is also being called into question.

## IV. A MAXIMUM THIRD-TIER PENALTY DOES NOT ACHIEVE THE SEC'S STATED INTEREST OF PUNISHMENT NOR DOES IT CHANGE THE IMPACT AS A DETERRENT.

The Defendants contend that according to any system of punishment, for the punishment to be an actual punishment, the punishment itself should be able to be meted out. After the near two years of investigating this case the SEC should well know the financial condition of the Defendants. It is unreasonable for the SEC to expect the Defendants to be able to pay a maximum third-tier penalty plus disgorgement and prejudgment interest anytime in the near future. Due to

the financial condition of the Defendants, a larger or smaller civil penalty does not impact the effectiveness of a civil penalty as a deterrent. The disgorgement and prejudgment interest alone more than enough as a suitable deterrent in this particular case. The Defendants respectfully ask that the court consider the prospects of the punishment being able to be paid in a reasonable amount of time as a means to determine the effectiveness of the punishment being considered to in fact be a punishment. In light of this argument the Defendants ask that the court assess the least amount of a penalty by which a civil penalty can be calculated.

## **CONCLUSION**

The Defendants have submitted concerns with respect to the calculation of disgorgement, prejudgment penalties and the appropriate civil penalties. With respect to the calculation of disgorgement and prejudgment interest the Defendants respectfully ask the court to have the SEC provide the supporting documentation requested above in section II. With respect to the calculation of the civil penalties to be assessed the Defendants respectfully ask that the court weight the argument made above in section IV.

March 15th, 2019

                                                Respectfully submitted,

                                                DEFENDANTS JEROME H. COHEN AND
                                                SHAUN D. COHEN

                                                By:
                                                        Shaun D. Cohen

By:
    Jerome H. Cohen

_____

**CERTIFICATE OF SERVICE**

I hereby certify that on March 15th, 2018, a copy of the foregoing **RESPONSE TO SEC'S MOTION AND BRIEF IN SUPPORT OF MOTION FOR DISGORGEMENT, PREJUDGMENT INTEREST, CIVIL PENALTIES, AND ENTRY OF FINAL JUDGEMENT AGAINST THE COHEN DEFENDANTS** was served by filing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

_____
Shaun D. Cohen

_____
Jerome H. Cohen

6