UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> EQUITYBUILD, INC., *et al.*, <br><br> Defendants. | Civil Action No. 18-CV-5587 <br><br> Judge John Z. Lee <br><br> Magistrate Judge Young B. Kim |

**SEC'S RESPONSE TO LIBERTY EBCP, LLC'S OBJECTIONS
TO MAGISTRATE JUDGE KIM'S MAY 2, 2019 MEMORANDUM OPINION**

Liberty devotes nearly half of its Objections (ECF No. 359) to arguing that the sale process authorized by Magistrate Judge Kim runs afoul of the public sale requirements contained in 28 U.S.C. § 2001(a). But Liberty, and the other lenders who join its objections (ECF No. 363), fail to apprise the Court that Section 2001(a) provides specific procedures for the sale of real estate held by a court-appointed receiver. Those receiver-specific procedures do not, as Liberty claims, require sale at the county courthouse or at the subject property:

> Property in the possession of a receiver or receivers appointed by one or more district courts ***shall be sold at public sale in the district wherein any such receiver was first appointed***, at the courthouse of the county, parish, or city situated therein in which the greater part of the property in such district is located, ***or*** on the premises or some parcel thereof located in such county, parish, or city, as such court directs…

28 U.S.C. § 2001(a) (emphasis added).

As recognized by Judge St. Eve, real estate sales by receivers are governed by this specific provision of Section 2001(a), not the general provision cited by Liberty. *Pennant Mgmt. v. First Farmers Fin., LLC*, 2015 U.S. Dist. LEXIS 118222, *23-*24 (N.D. Ill. Sept. 4, 2015)

1

(approving "sophisticated public auction process" for receivership property that did not occur at county courthouse or on the subject real estate).

Because the sales process authorized by Magistrate Judge Kim contemplates a public sale of receivership property taking place in this district – the same district where this Court appointed Mr. Duff as receiver – that process satisfies the requirements of Section 2001(a).[1] However, even if that sale process did somehow deviate from the "archaic procedures" of Section 2001(a), the Court may still approve the process to avoid "hamper[ing] the sales" of the receivership property. *Pennant Mgmt.*, 2015 U.S. Dist. LEXIS 118222, *24-25 (approving auction process that "obtained a better result than if the Receivers would have only followed the requirements contained in [28 U.S.C. §§ 2001 and 2002].").[2]

\* \* \*

Liberty's remaining objections concern the procedures for credit bidding and bidding by property managers. The SEC submits that the Receiver should be given significant discretion to utilize sale procedures that reflect his business judgment on how to efficiently administer the estate and maximize the collective recovery for creditors, including the investor victims of the Cohens' Ponzi scheme.

---

[1] At the hearing on the Receiver's motion to approve sale procedures for the first tranche of real estate, Magistrate Judge Kim observed that the receiver-specific provision of Section 2001(a) applies in this case and does not require a sale at the county courthouse. (Nov. 21, 2018 Hearing Tr. at 3:16-4:6). Ms. Nicholson, who filed the motion on behalf of multiple lenders to join Liberty's present objections (ECF No. 363), responded: "I don't have a problem with [Section] 2001." (*Id.* at 4:8-9). As for Liberty, its counsel responded as follows when Magistrate Judge Kim recited the receiver-specific provision of Section 2001(a): "That's not my recollection." (*Id.* at 3:16-4:15).

[2] Liberty concedes that the Receiver's proposed sales process satisfies the notice requirements of 28 U.S.C. § 2002. (ECF No. 359, p. 6 ("The marketing process proposed by the Receiver complies with Section 2002.")).

Dated: May 21, 2019 　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　/s/ Benjamin Hanauer
　　　　　　　　　　　　　　　　　　　　　Benjamin J. Hanauer (hanauerb@sec.gov)
　　　　　　　　　　　　　　　　　　　　　Timothy J. Stockwell (stockwellt@sec.gov)
　　　　　　　　　　　　　　　　　　　　　U.S. Securities and Exchange Commission
　　　　　　　　　　　　　　　　　　　　　175 West Jackson Blvd., Suite 1450
　　　　　　　　　　　　　　　　　　　　　Chicago, IL 60604
　　　　　　　　　　　　　　　　　　　　　Phone: (312) 353-7390
　　　　　　　　　　　　　　　　　　　　　Facsimile: (312) 353-7398

## CERTIFICATE OF SERVICE

I hereby certify that I provided service of the foregoing Response, via ECF filing, to all counsel of record and Defendant Shaun Cohen, on May 21, 2019. I further certify that I caused the foregoing Response to be served on Defendant Jerome Cohen, via email delivery, at jerryc@reagan.com.

    /s/ Benjamin Hanauer
Benjamin J. Hanauer
175 West Jackson Blvd., Suite 1450
Chicago, IL 60604
Phone: (312) 353-7390
Facsimile: (312) 353-7398

One of the Attorneys for Plaintiff