UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES and EXCHANGE COMMISSION, | ) ) ) | No. 18 CV 5587 |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Magistrate Judge Young B. Kim |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | ) ) ) ) ) | |
| Defendants. | ) ) | May 22, 2019 |

**ORDER**

Before the court is Receiver Kevin B. Duff's fifth motion for court approval of the process for public sale of certain real property by sealed bid. Non-party creditors U.S. Bank National Association ("U.S. Bank") and UBS AG ("UBS") (together, "the Lenders") object to the Receiver's motion. For the following reasons, the motion is granted as explained herein:

**Background**

The court incorporates by reference the background of the case and facts relevant to the current motion from its May 2, 2019 order, (R. 352). In its fifth motion, the Receiver seeks the court's approval of the sealed-bid process for the public sale of the following properties in Chicago, Illinois ("Properties"):

1. 6949-59 South Merrill Avenue;
2. 7450 South Luella;
3. 7656 South Kingston;
4. 7109-19 South Calumet Avenue;
5. 7546-48 South Saginaw;

    6.    7749-59 South Yates; and

    7.    8201 South Kingston.

(R. 329, Receiver's 5th Mot. at 4.) The Lenders object to this motion. (R. 365, U.S. Bank's Obj.; R. 370, UBS's Obj.)

## Analysis

The Lenders object on various grounds to the Receiver's fifth motion for the court's approval of the public sale of the Properties. The court addresses each objection in turn. First, U.S. Bank complains that the motion does not address the Receiver's obligation to ensure that the "true and proper value" of each property is realized. (R. 365, U.S. Bank's Obj. at 2-4 (citing R. 16, Receivership Order ¶ 38).) More specifically, U.S. Bank objects that the motion does not specify whether "the Receiver intends to provide a full payoff to the Lender as a result of the sale." (R. 365, U.S. Bank's Obj. at 2.) In the context of the Receiver's second motion for court approval of the sale of properties, the court recognized that it had "minimal authority to extinguish preexisting state law security interests" and imposed conditions to ensure that lenders' rights would not be disturbed. Those conditions include allowing lenders to credit bid and requiring segregation of sales proceeds on a property-by-property basis. (R. 352, May 2, 2019 Order.) The court also invited lenders to petition the court for relief before the approval hearing if a sale price for a property would extinguish any preexisting security interest. (Id. at 10 n.5.) In an amendment to its fifth motion, the Receiver agreed that the sale process for the Properties would conform to the requirements set forth in the court's May 2, 2019 order. (R. 361, Receiver's Am. to 3d, 4th & 5th Mots.) Given the Receiver's

2

amendment, the court declines to prevent the sale process from moving forward, absent a showing that the Receiver is acting without due regard to the realization of the true and proper value of the Properties. U.S. Bank has made no such showing here.

Second, U.S. Bank argues that the motion fails to include important details, such as how or why the Receiver selected certain publications to publish notice of the sale, how the Receiver intends to define the scope of advertising generally set forth in the motion, and whether a broker has been retained to market the Properties. (R. 365, U.S. Bank's Obj. at 4-5.) UBS lodges a similar objection. (R. 370, UBS's Obj. at 5-6.) Other lenders advanced similar arguments in response to the Receiver's second motion for court approval of the sale of properties, and this court declined their requests for more detailed information. (R. 352, May 2, 2019 Order at 8-9.) In doing so, the court recognized that the Receivership Order permits the Receiver to "take all necessary and reasonable actions" to sell or lease the Properties. (Id. at 8.) The court further indicated that it did not "intend to dictate the Receiver's every move." (Id. at 8-9.) Nevertheless, the court noted that the Receiver may wish to consider the Lenders' suggestions before finalizing sale procedures.[1] (Id. at 9.) The court finds no reason to hold otherwise here.

---

[1] U.S. Bank also objects that the motion does not specify the commission structure if a broker is used and argues that for efficiency, the structure should be disclosed now. (R. 365, U.S. Bank's Obj. at 5-6.) U.S. Bank acknowledges that this court has invited lenders to petition the court for relief during the approval process if the commission structure would diminish the sale proceeds such that any lender's preexisting security interest would be extinguished. (Id. at 5.) But U.S. Bank asserts that it is "impossible to know this" because the motion does not define the

3

Third, U.S. Bank objects that the motion does not permit it to exercise its right to credit bid its secured debt. (R. 365, U.S. Bank's Obj. at 6.) UBS raises the same objection. (R. 370, UBS's Obj. at 2.) The court addressed this issue in the context of the Receiver's second motion and the Receiver agreed to conform the sales process to the requirements set forth in the court's May 2, 2019 order. (R. 361, Receiver's Am. to 3d, 4th & 5th Mots.) Accordingly, the court confirms the Lenders' right to credit bid and imposes the same conditions on the sale process here.

UBS notes, however, that "there remains a lack of certainty in the procedures surrounding the credit bid procedure," including how to calculate the payoff amount and whether Lenders will be afforded a "last look" opportunity to bid. (R. 370, UBS's Obj. at 3.) Other non-party creditors have objected to the court's May 2, 2019 order for the same reason, arguing that the Receiver is interpreting the court's order in a manner that conflicts with local rules and bankruptcy law. (See R. 359, Liberty EBCP, LLC's Obj. at 7-11; R. 362, Certain Lenders' Obj. at 2-3.) Certain Lenders indicate that they are discussing this issue with the Receiver in an effort to resolve the manner, timing, and methodology for placing credit bids. (R. 362, Certain Lenders' Obj. at 2.) UBS likewise is engaged in these discussions to resolve the credit bid procedure. If UBS and the other non-party creditors cannot reach an agreement with the Receiver by May 31, 2019, then UBS and the other creditors

---

commission structure. (Id. at 5-6.) While the court will not dictate the Receiver's every move, U.S. Bank is correct that disclosing the commission structure now may alleviate additional motion practice at the sale approval stage, thereby expediting the sale process.

4

have until June 7, 2019, to file a joint motion to amend[2] this order to establish procedures for submitting credit bids. The court's ruling on any future joint motion to amend would apply as an update to the court's May 2, 2019 ruling.

## Conclusion

For the foregoing reasons, the Receiver's fifth motion for court approval of the sale of subject properties is granted as provided herein.

                                                      **ENTER:**

*/s/ Young B. Kim*
**Young B. Kim**
**United States Magistrate Judge**

---

[2] If the non-party creditors file a joint motion to amend, it should be noticed for presentment before this court.