UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

                                         Civil Action No. 18-cv-5587

Plaintiff,                               Hon. John Z. Lee

v.                                     Magistrate Judge Young B. Kim

EQUITYBUILD, INC.,
EQUITYBUILD FINANCE, LLC,
JEROME H. COHEN, and
SHAUN D. COHEN, Defendants.
_____/

**OBJECTION OF LIBERTY EBCP, LLC TO RECEIVER'S FIRST INTERIM
APPLICATION AND MOTION FOR COURT APPROVAL OF PAYMENT OF FEES
AND EXPENSES OF RECEIVER AND RECEIVER'S RETAINED PROFESSIONALS**

Liberty EBCP, LLC ("*Liberty*"), by its counsel, Jaffe, Raitt, Heuer & Weiss, P.C. provides this *Objection of Liberty EBCP, LLC to Receiver's First Interim Application and Motion for Court Approval of Payment of Fees and Expenses of Receiver and Receiver's Retained Professionals* (the "First Fee Objection) and in support thereof, states as follows:

The *Receiver's First Interim Application and Motion for Court Approval of Payment of Fees and Expenses of Receiver and Receiver's Retained Professionals* [R412] (the "First Fee Petition") was filed six days ago. The First Fee Petition is 25 pages in length and Exhibit A to the First Fee Petition, containing the support, is 167 pages, which includes approximately 1000 professional fee time descriptions, some each a paragraph in length.

Liberty has requested that the Receiver not proceed with a hearing on the First Fee Petition on June 18, 2019, to allow Liberty and other parties in interest sufficient time to review the First Fee Petition. The Receiver has refused this request.

1

The Court should permit Liberty and other parties in interest sufficient time to review and if necessary, object to the First Fee Petition. The Receiver has waited over eight months to file the First Fee Petition and a short delay in hearing the same will not cause any prejudice to the Receiver.

Further, the creditors of this estate, many of whom have not yet even filed claims, should be provided with notice of the First Fee Petition, as allowance and payment of the same could impact the amounts otherwise due and payable to such claimants. The due date for filing such claims does not expire until at least July 1, 2019. Therefore, complete notice cannot be given until all proofs of claim have been submitted. This is especially important, as the Receiver is seeking immediate payment of the fees from unencumbered funds of the estate, to which certain creditors may assert a superior right.

Additionally, as this Court is aware, the Receiver is under an order of this Court to restore to creditors, including Liberty, monies diverted from Liberty, used to maintain or repair properties subject to liens of other creditors. Pursuant to the *Memorandum Opinion and Order* dated February 13, 2019, it was ordered that:

> The Receiver must: (1) not commingle the Rents and use the Rents from each property solely for the benefit of that particular property; (2) separately account for the Rents and provide a monthly accounting upon request; and (3) **restore the Rents, to the extent that there are enough funds, now or later, if they have been used for the benefit of other properties**.

*Memorandum Opinion and Order*, Page 9 [ECF 223] (emphasis added).

The amount due to Liberty, from the receivership estate, is $178,359.00, based on accounting records since provided by the Receiver to Liberty under court order (the "Diverted Funds"). Therefore, the Diverted Funds due to Liberty should be repaid, before unencumbered estate funds are used to pay fees sought pursuant to the First Fee Petition.

Moreover, it is not clear whether the Receiver will be seeking to surcharge or assert a receiver's lien over the assets subject to Liberty's lien, for a portion of the First Fee Petition. Whether such a surcharge or lien (to which Liberty will strenuously object) is to be pursued should first be disclosed by the Receiver. If Liberty's collateral will not be impacted by the First Fee Petition based on a surcharge or receiver lien assertion, then Liberty has little interest in scrutinizing the First Fee Petition (once the Diverted Funds are returned to Liberty). On the other hand, if Liberty's collateral will be impacted, then Liberty has a significant interest in scrutinizing the First Fee Petition. Therefore, before any hearing or objection date is established by this Court related to the First Fee Petition, the Receiver should be required to advise whether any surcharge or receiver's lien will be sought against Liberty's collateral related to the fees set forth in the First Fee Petition. If so, then the right to surcharge or assert a receiver's lien should first be adjudicated, before the parties spend time and effort litigating the First Fee Petition.

Wherefore, Liberty requests that this Court adjourn the hearing on the First Fee Petition or deny the relief thereunder until: (a) it is determined whether the Receiver will be seeking to surcharge or assert a receiver's lien against Liberty's collateral; (b) all creditors are given notice of the First Fee Petition, including those who have not yet submitted proofs of claim; and (c) all Diverted Funds are first returned to Liberty.

Respectfully Submitted,

/s/ Jay L. Welford

Jay L. Welford (P34471)
Jaffe, Raitt, Heuer & Weiss, P.C.
27777 Franklin Rd., Ste. 2500
Southfield, MI 48034
(248) 351-3000
jwelford@jaffelaw.com
*Counsel for Liberty EBCP, LLC*

Date: June 17, 2019

3

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2019, I provided service of the foregoing *Objection of Liberty EBCP, LLC to Receiver's First Interim Application and Motion for Court Approval of Payment of Fees and Expenses of Receiver and Receiver's Retained Professionals* via ECF filing to all counsel of record, and via electronic mail or U.S. mail to the following individuals and entities:

Jerome and Patricia Cohen
1050 8th Avenue N.
Naples, FL 34102
jerryc@reagan.com
*Defendant*

First Bank
Client Contact Center
600 James S. McDonnell Blvd.
St. Louis, MO 63042

/s/ Jay L. Welford

Jay L. Welford (P34471)
Jaffe, Raitt, Heuer & Weiss, P.C.
27777 Franklin Rd., Ste. 2500
Southfield, MI 48034
(248) 351-3000
jwelford@jaffelaw.com
*Counsel for Liberty EBCP, LLC*