UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br>v.<br><br>EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,<br><br>Defendants. | Civil Action No. 18-CV-5587<br><br>The Honorable John Z. Lee<br><br>Magistrate Judge Young B. Kim |

**RECEIVER'S FOURTH MOTION FOR APPROVAL
OF THE SALE OF CERTAIN REAL ESTATE AND FOR THE AVOIDANCE
OF CERTAIN MORTGAGES, LIENS, CLAIMS, AND ENCUMBRANCES**

Kevin B. Duff, as receiver ("Receiver") for the Estate of Defendants EquityBuild, Inc. ("EquityBuild"), EquityBuild Finance, LLC ("EquityBuild Finance" or "EBF"), their respective affiliate entities, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen (collectively, the "Receivership Defendants"), and pursuant to the powers vested in him by the Order Appointing Receiver entered on August 17, 2018, respectfully moves for judicial approval of the sale of certain real estate constituting Receivership Assets, and, in support of the motion, states as follows:

**Preliminary Statement**

In this motion, the Receiver seeks judicial approval to consummate the sales of four apartment buildings to Southside Property Group, LLC, which needs to close on the acquisitions by no later than Friday, December 20, 2019, in order to avoid forfeiting its rights to defer capital gains taxation pursuant to Section 1031 of the Internal Revenue Code. Because as much as five

days' lead time may be required to prepare for the closings, the Receiver respectfully requests both expedited briefing (if any oppositions are filed) and expedited consideration of this motion so that an order granting the motion (if the Court finds it meritorious) can be entered by no later than Friday, December 13, 2019.

## Factual Background

***This Court Authorized The Receiver To Sell Certain Assets Owned By The Receivership Defendants And Subsumed Within The Receivership Estate.***

1. The United States Securities and Exchange Commission filed this case against EquityBuild, EquityBuild Finance, Jerome Cohen, and Shaun Cohen alleging violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. 240.10b-5, Section 20(a) of the Exchange Act, 15 U.S.C. §78t(a), Sections 5(a) and 5(c) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §77e(a) and (c), and Section 17(a) of the Securities Act, 15 U.S.C. §§77q(a)q.

2. In the Complaint, the SEC alleged that the defendants operated a Ponzi-scheme that raised at least $135 million from more than 900 investors by, among other things, making untrue statements of material fact in connection with the sale of promissory notes allegedly secured by residential real estate primarily located on the south side of Chicago.

3. On August 28, 2018, the Court entered a judgment against defendants Jerome Cohen and Shaun Cohen which, among other things, enjoined future violations of federal securities laws. (Docket No. 40)

4. In its Order Appointing Receiver, the Court assumed exclusive jurisdiction over, and possession of, the assets of the Receivership Defendants. (Docket No. 16, ¶ 1)

5.      By Order dated March 14, 2019, the Court expanded the scope of the Order Appointing Receiver to include SSDF5 Portfolio 1 LLC and SSDF7 Portfolio 1 LLC as additional Receivership Defendants. (Docket No. 290)

6.      In the Order Appointing Receiver, the Court also conferred upon the Receiver (1) "all powers, authorities, rights and privileges" theretofore possessed by the principals of the Receivership Defendants under applicable state and federal law, as well as by the governing operating and shareholders' agreements and (2) all powers and authority of a receiver at equity, as well as all powers conferred upon a receiver under 28 U.S.C. §§ 754, 959, and 1692, and Federal Rule of Civil Procedure 66. (Docket No. 16, ¶ 4)

7.      The Court also authorized the Receiver to "take all necessary and reasonable actions to cause the sale" of "all real property in the Receivership Estate, either at public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such real property." (Docket No. 16, ¶ 38.)

***Pursuant To A Sealed-Bid Public Auction Process Approved By The Court, The Receiver Accepted Purchase And Sale Contracts For The Conveyance Of Various Properties.***

8.      On February 15, 2019, the Receiver filed a Second Motion For Court Approval Of The Process For Public Sale Of Real Property By Sealed Bid (the "Second Motion"). (Docket No. 288)

9.      The Second Motion related to several properties, including the property at 7625-33 South East End Avenue in Chicago, Illinois ("<u>7625-33 South East End</u>"), the property at 7635-43 South East End Avenue in Chicago, Illinois ("<u>7635-43 South East End</u>"), the property at 7750-58 South Muskegon Avenue in Chicago, Illinois ("<u>7750-58 South Muskegon</u>"), and the property at 7748-52 South Essex in Chicago, Illinois ("<u>7748-52 South Essex</u>").

3

10. The Receiver intends to sell each of the foregoing properties to Southside Property Group, LLC (an affiliate of WPD Management LLC, which currently manages each of the properties except <u>7748-52 South Essex</u>) pursuant to the purchase and sale contracts attached as **Exhibits A-D**, respectively.

11. Title to the properties at <u>7625-33 South East End</u>, <u>7635-43 South East End</u>, and <u>7750-58 South Muskegon</u> is vested in SSDF5 Portfolio 1 LLC, and each of these properties is encumbered by the cross-collateralization mortgage recorded in favor of BC57 LLC ("BC57") on September 29, 2017 as Document No. 1727219056, as corrected by Document No. 1727715135, recorded on October 4, 2017. (**Exhibit E**.)

12. Each of these properties is also encumbered by an assignment of rents and a financing statement recorded in favor of BC57 on September 29, 2017 as Document Nos. 1727219057 and 1727219058, respectively, with the assignment of rents re-recorded as Document No. 1727715136.

13. Title to the property at <u>7748-52 South Essex</u> is vested in SSDF7 Portfolio 1 LLC and encumbered by a cross-collateralization mortgage recorded in favor of Liberty EBCP, LLC ("Liberty") on May 7, 2018 as Document No. 1812734048 (**Exhibit F**), as well as an accompanying assignment of rents and a financing statement recorded as Document Nos. 1812734049 and 1812734050, respectively.

*<u>7625-33 South East End</u>*

14. Title to the property at <u>7625-33 South East End</u> is also encumbered by an EBF-affiliate mortgage recorded in favor of a group of various investor-lenders on January 21, 2016, as Document No. 1602156229. (**Exhibit G**.) Although this mortgage was ostensibly released on

4

September 29, 2017 (**Exhibit H**), the release was not executed by any of the individual mortgagees.

15. Title to the property at 7625-33 South East End is also clouded by a property manager's lien recorded by Chicago Real Estate Resources, Inc. on April 25, 2018, as Document No. 1811519134. (**Exhibit I**.)

16. Accordingly, the title commitment associated with 7625-33 South East End contains special exceptions relating to the BC57 mortgage, the EBF-affiliate mortgage, and the referenced property manager's lien. (**Exhibit J,** Special Exceptions 9-14, 19.)

### *7635-43 South East End*

17. Title to the property at 7635-43 South East End is also encumbered by an EBF-affiliate mortgage recorded in favor of a group of various investor-lenders on January 21, 2016, as Document No. 1602156231. (**Exhibit K**.) Although this mortgage was putatively released on September 29, 2017 (**Exhibit L**), the release was not executed by any of the individual mortgagees.

18. Title to the property at 7635-43 South East End is also clouded by a property manager's lien recorded by Chicago Real Estate Resources, Inc. on April 25, 2018, as Document No. 1811519133 (**Exhibit M**), as well as a mechanic's lien recorded by JK Electron, Inc. on August 27, 2018, as Document No. 1823945053 (**Exhibit N**).

19. Accordingly, the title commitment associated with 7635-43 South East End contains special exceptions relating to the BC57 mortgage, the EBF-affiliate mortgage, the property manager's lien, and the mechanic's lien. (**Exhibit O,** Special Exceptions 9-14, 16, 17.)

### *7750-58 South Muskegon*

20. Title to the property at 7750-58 South Muskegon is also encumbered by an EBF-affiliate mortgage recorded in favor of a group of various investor-lenders on January 16, 2015, as Document No. 1501656187, and corrected by Document No. 1504856045, recorded on February 17, 2015. (**Exhibit P**.) Although this mortgage was putatively released on September 29, 2017, at the time of the refinancing through BC57 (**Exhibit Q**), the release was not executed by any of the individual mortgagees.

21. Accordingly, the title commitment associated with 7750-58 South Muskegon contains special exceptions relating to the BC57 mortgage and the EBF-affiliate mortgage (and various partial assignments thereof). (**Exhibit R**, Special Exceptions 10-21.)

### *7748-52 South Essex*

22. Title to the property at 7748-52 South Essex is also encumbered by an EBF-affiliate mortgage recorded in favor of a group of various investor-lenders on May 10, 2016, as Document No. 1613150106. (**Exhibit S**.) Although this mortgage was putatively released on May 7, 2018, at the time of the refinancing through Liberty (**Exhibit T**), the release was not executed by any of the individual mortgagees.

23. Title to the property at 7748-52 South Essex is also clouded by a lis pendens recorded August 15, 2018, as Document No. 1822706115, in connection with the action styled *Michigan Shore Apartments LLC v. EquityBuild, Inc., SSDF7 Portfolio 1 LLC, and Liberty EBCP LLC,* Circuit Court of Cook County, Illinois, Case No. 2018-CH-09098 (the "Michigan Shores Action"). (**Exhibit U**.)

24. The plaintiff in the Michigan Shores Action seeks to set aside alleged fraudulent conveyances of 14 properties by EquityBuild to SSDF7 Portfolio 1 LLC (including the property

at 7748-52 South Essex) in connection with a *separate, underlying lawsuit* alleging, among other things, fraud, breach of contract, breach of fiduciary duty, and civil conspiracy, in connection with the conveyance of a property located at 7616-24 South Phillips Avenue in Chicago, Illinois. (**Exhibit V**.)

25. Because the plaintiff in the Michigan Shores Action does not claim any actual right, title, or interest to the property at 7748-52 South Essex, but rather seeks to have the 14 transfers by EquityBuild to SSDF7 Portfolio 1 LLC set aside in order to enhance the possible collectability of monetary damages against EquityBuild in the underlying lawsuit, any alleged entitlement to the *value* of 7748-52 South Essex can attach to the proceeds of the sale without compromising the plaintiff's position.

26. As a result of the foregoing encumbrances, the title commitment associated with 7748-52 South Essex contains special exceptions relating to the Liberty mortgage, the EBF-affiliate mortgage (and a partial assignment thereof), and the lis pendens associated with the Michigan Shores Action. (**Exhibit W,** Special Exceptions 8-13.)

***The Receiver Intends To Use Sales Proceeds To Pay Various Costs And Expenses Associated With The Conveyances As Part Of The Closing.***

27. At the closing of these transactions, certain closing costs and expenses will be paid from the sales proceeds, including, but not limited to, (1) the cost of a survey, (2) the premiums associated with the furnishing of owner's title insurance policies, (3) the cost of state, local, and municipal transfer taxes, (4) the closing (or escrow) fee assessed by the title company, and (5) a series of ancillary and customary charges relating to, among other things, the need to procure a full payment water certificate from the City of Chicago, the Receiver's obligation to deliver ALTA extended title insurance coverage, closing protection coverage, wire transfer fees (associated with

the transfer of the sales proceeds to the receivership bank account), expediting fees, a gap risk update, and state regulatory fees.

28. To convey clear title to each property at closing, the Receiver will also be required to (1) pay any and all past due or currently pending water charges and/or Cook County property taxes and (2) extend credits in connection with prospective pro-rated 2019 Cook County property tax liability.

29. The Receiver will also be required to pay sales commissions to SVN Chicago Commercial, LLC ("SVN") in connection with each conveyance. Pursuant to that certain Exclusive Sales Listing & Asset Management Agreement entered into between SVN and the Receiver, SVN will be entitled to receive a commission equal to 4.5% of the first $1,000,000 in sales price and 3.5% of the next $2,000,000 in sales price, with discounts of 0.5% in transactions where the prospective buyer was not procured through the efforts of a cooperating broker.

30. None of the properties encompassed within this motion requires the payment of a cooperating brokerage commission.

31. Accordingly, the Receiver will pay SVN real estate brokerage commissions in the following amounts in connection with the conveyances of the following properties:

        7625-33 South East End    :    $48,740.00

        7635-43 South East End    :    $45,950.00

        7750-58 South Muskegon    :    $28,000.00

        7748-52 South Essex    :    $52,250.00

32. Finally, Andrew E. Porter, an attorney for the Receiver, serves as an agent for the title company through which the sales subsumed within this motion will close and therefore expects to generate agency fees for the title examination work he performed in connection with

each proposed conveyance, such fees to be in the following estimated amounts (subject to modest increases if purchasers who acquire with financing are required to purchase additional endorsements):

| | | |
|---|---|---|
| 7625-33 South East End | : | $3,108.00 |
| 7635-43 South East End | : | $3,012.00 |
| 7750-58 South Muskegon | : | $3,228.00 |
| 7748-52 South Essex | : | $2,272.00 |

33. The Receiver intends to reduce the fee application ultimately submitted to the Court in connection with the corresponding asset disposition work in an amount equal to the agency fees being paid to Mr. Porter.

***The Receiver Will Provide Fair, Adequate, And Sufficient Notice To All Interested Parties.***

34. The Receiver intends to serve a copy of this motion (and the accompanying notice of motion) upon all interested parties of which he is currently aware by electronic mail, to the extent he possesses an e-mail address, or by regular mail if he possesses a mailing address, but no e-mail address.

35. The Receiver will use information obtained from EquityBuild's records, as well as communications received during the course of the Receivership, to ensure that contact information is as complete as reasonably possible.

36. In addition, all known mortgagees and claimants whose mortgages, liens, claims, or encumbrances the Receiver is seeking to avoid with this motion will receive a separate e-mail or physical mailing.

37. A copy of this motion will also be posted on the Receiver's webpage at *http://rdaplaw.net/receivership-for-equitybuild*. The previously-filed motion to approve the sales

processes for these four properties (Docket No. 228) and this Court's Order granting the same (Docket No. 352) were also posted to the Receiver's webpage.

## Conclusion

***This Court Should Enter An Order Approving The Sale Of The Properties Which Are The Subject Of This Motion.***

38. In the Order Appointing Receiver, this Court invested the Receiver with authority to sell, and transfer clear title to, all real property in the Receivership Estate. (Docket No. 16, ¶ 39) ("Upon further Order of this Court, pursuant to such procedures as may be required by this Court and additional authority such as 28 U.S.C. §§ 2001 and 2004, the Receiver will be authorized to sell, and transfer clear title to, all real property in the Receivership Estate.")

39. Accordingly, the Receiver respectfully requests that this Court enter the proposed order attached as **Exhibit X** approving the sales of the properties at 7625-33 South East End, 7635-43 South East End, 7750-58 South Muskegon, and 7748-52 South Essex pursuant to the Purchase And Sale Agreements attached as **Exhibits A-D**, with such sales to be free and clear of the mortgages, liens, claims, and encumbrances identified herein, and with all such mortgages, liens, claims, and encumbrances attaching to the sales proceeds with the same force, validity, status, and effect, if any, as they had against the properties being sold.

40. Pending the completion of the claims process and a to-be-approved distribution plan, the proceeds from the sales of the properties subject to this motion will be held in separate subaccounts established by the Receiver (and for which the Receiver will maintain an accounting as to all sums deposited therein) and will not be available to pay operating expenses of the Receivership, absent further order of Court. The inclusion of such amounts in a subaccount does not constitute an admission that any or all such amounts are subject to a valid security interest. The actual amount of sales proceeds in the subaccount to which the parties claiming the secured interest

are entitled will be subject to determination through the claims process. The Receiver reserves all rights to seek a transfer of any such proceeds to the Receiver's operating account by subsequent Order of the Court.

                                        Respectfully submitted,

                                        KEVIN B. DUFF, RECEIVER

                                        By: /s/ Michael Rachlis
                                        Michael Rachlis
                                        Nicole Mirjanich
                                        Rachlis Duff & Peel, LLC
                                        542 South Dearborn Street, Suite 900
                                        Chicago, Illinois 60605
                                        (312) 733-3950
                                        mrachlis@rdaplaw.net
                                        nm@rdaplaw.net

November 20, 2019