## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 18-CV-5587 |
| EQUITYBUILD, INC. EQUITYBUILD FINANCE., LLC, JEROME H. COHN, and SHAUN D. COHEN, | ) ) ) ) ) |
| Defendants. | ) |

### OBJECTION AND RESPONSE TO RECEIVER'S FOURTH MOTION FOR APPROVAL OF THE SALE OF CERTAIN REAL ESTATE AND AVOIDANCE OF <u>CERTAIN MORTGAGES, LIENS, CLAIMS AND ENCUMBRANCES</u>

Claimant, Creditor, Investor-Lender and/or Equity Investor, LMJ Sales, Inc., (hereinafter "LMJ"), by its attorneys Jerome F. Crotty, Kevin P. Brown and Rieck and Crotty P.C., as and for its Objection and Response to Receiver's Fourth Motion for Approval of the Sale of Certain Real Estate and Avoidance of Certain Mortgages, Liens, Claims and Encumbrances, states as follows:

### <u>INTRODUCTION</u>

Presently before the Court is the Receiver's Fourth Motion for Approval of the Sale of Certain Real Estate and Avoidance of Certain Mortgages, Liens, Claims and Encumbrances (hereinafter "Fourth Motion"). In the Fourth Motion, the Receiver requests the approval of the sale of certain properties, including 7748-52 South Essex,

Chicago, Illinois ("7748-52 South Essex"), free and clear of certain mortgages, liens, claims and encumbrances and the approval of the payment of various cost and expenses associated with the sale as part of the closing as set forth more fully in the Fourth Motion. After approval of the sale free and clear of the mortgages, liens, claims and encumbrances and the payment of said costs, the Receiver requests that "(p)ending the completion of the claims process and to-be-approved distribution plan, proceeds of the sale of the properties subject to this motion will be held in a separate subaccount established by the Receiver (and for which the Receiver will maintain an accounting as to all sums deposited therein) and will not be available to pay operating expenses of the Receivership, absent further order of Court."

While LMJ does not object to the approval of the sale of 7748-52 South Essex and having the proceeds of sale held as provided in the Fourth Motion, LMJ objects to the Release attached as Exhibit T to the Fourth Motion and any finding that its investment, a loan of $45,000.00, is not secured by a mortgage on 7748-52 South Essex and thus upon the sale of 7748-52 South Essex, LMJ's interest in said property should attach to proceeds of the sale of the same.

## Factual Background

Title to 7748-52 South Essex is held by SSDF7 Portfolio 1 LLC. Fourth Motion, ¶ 13. LMJ is the holder of note in the amount of $45,000.00, which was secured by a mortgage on 7748-52 South Essex. Fourth Motion ¶¶ 22 to 26 and Exhibit S to the Fourth

Motion. LMJ's note and mortgage on 7748-52 South Essex arose out of an investment opportunity offered by the Defendants herein in which investors like LMJ would lend money to Defendants to purchase and improve certain properties. See the Security and Exchange Commission's Memorandum in Support of its Motion to Appoint a Receiver, Docket Entry 4, Pgs. 3 to 11. The investors' notes would be secured by a mortgage on the property purchased. *Id*. The Notes typically identified: (a) the "borrower," who was usually the Defendant, Equitybuild; and (b) an investor, such as LMJ, who was identified as a "lender." *Id*. Each Note referenced a specific property — which Equitybuild would purchase and renovate using the funds collected pursuant to the various investors' notes. *Id*. The investors' notes were secured by a fractional interest in a mortgage on the identified property. *Id.*

LMJ's $45,000.00 note was secured by a mortgage on 7748-52 South Essex. Fourth Motion ¶¶ 22 to 26 and Exhibit S to the Fourth Motion. The Fourth Motion alleges that a Release of such mortgage was recorded against 7748-52 South Essex pursuant to a refinance of the property. Fourth Motion ¶ 22 and Exhibit T to the Fourth Motion. LMJ as lender/mortgagee did not execute the release. *Id*. As a result, pending discovery herein related to LMJ's mortgage and the alleged Release, LMJ asserts its $45,000.00 investment/note remains secured by the mortgage on 7748-52 South Essex because LMJ's Note was not paid in full and LMJ did not prepare or execute a release of LMJ's Mortgage.

**ARGUMENT**

I. **The Release Of LMJ's Mortgage On 7748-52 South Essex Which Is Attached To The Fourth Motion As Exhibit S Is Invalid Because The Underlying Debt Was Not Paid In Full And The Release Was Not Prepared And Executed By LMJ.**

As the Magistrate herein has previously ruled, the Receiver takes the receivership property subject to all the liens, priorities, or privileges existing or accruing under state law. *SEC v. Equitybuild, Inc.*, 2019 U.S. Dist. Lexis 23656. In order for a Release to be effective, the Illinois Mortgage Act requires that the debt secured by the mortgage be paid in full and that the Release be prepared and executed by the mortgagee. 765 ILCS 905/2; *North Shore Community Bank & Trust. Co. v. Sheffield Wellington LLC*, 2014 IL App (1st) 123784, Par. 72. Moreover, a Release of Mortgage is invalid on its face if it is not prepared and executed by the mortgagee. *Walker v. Ocwen Loan Servicing, LLC*, 2016 IL App (3d) 150034-U, Par. 17.

LMJ's $45,000.00 Note and investment in 7748-52 South Essex was never paid in full. See LMJ's claim filed with the Receiver herein. Moreover, LMJ never prepared nor executed the Release attached to the Fourth Motion. Fourth Motion ¶¶ 22 to 26 and Exhibit T to the Fourth Motion. The Fourth Motion alleges that the Release was executed pursuant to a refinance through Liberty EBCP, LLC. Fourth Motion ¶¶ 13 and 22. No documents have been submitted to the Court which demonstrate that the party who executed the Release had the authority to do so on behalf of LMJ or that LMJ was paid in full as a result of such refinance. Thus, it appears the Release is invalid on its face and

4

LMJ's Note remains secured by the Mortgage. Accordingly, until discovery herein is completed and the Court determines the validity of LMJ's mortgage, the Release and the other liens, claims and encumbrances alleged in the Fourth Motion and the priority of each thereafter, the proceeds from the sale of 7748-52 South Essex should remain in a separate subaccount established by the Receiver (and for which the Receiver will maintain an accounting as to all sums deposited therein) and will not be available to pay operating expenses of the Receivership, absent further order of Court as requested by the Receiver with the interest of the various claimants to the proceeds to attach.

## CONCLUSION

For all the foregoing reasons, the Order Approving the Sale of 7748-52 South Essex should provide that the proceeds of the sale after the payment of the costs related to the sale of the property should be deposited "in a separate subaccount established by the Receiver (and for which the Receiver will maintain an accounting as to all sums deposited therein) and will not be available to pay operating expenses of the Receivership, absent further order of Court" as requested by the Receiver with the interests of the claimants thereto to attach.

    Respectfully submitted,

    LMJ Sales, Inc.,

    By: \_\_\_\_/s/ Kevin P. Brown\_\_\_\_\_
        One of Its Attorneys

Jerome F. Crotty, Esq.
jcrotty@rieckcrotty.com
Kevin P. Brown, Esq.
kbrown@rieckcrotty.com
Rieck and Crotty, P.C.
Attorneys for Kirk Road Investments LLC
55 West Monroe Street, Suite 3625
Chicago, Illinois 60603
Phone: (312) 726-4646
Fax:     (312) 726-0647

## CERTIFICATE OF SERVICE

Kevin P. Brown, an attorney, certifies that he caused the within and foregoing **OBJECTION AND RESPONSE TO RECEIVER'S THIRD MOTION FOR APPROVAL OF THE SALE OF CERTAIN REAL ESTATE** to be served upon counsel of record by electronically filing the same via the Northern District of Illinois ECF Service and e-mailing counsel to the e-mail address provided herein on or before the hour of 5:00 p.m. on the 5rd day of December, 2019.

/s/ Kevin P. Brown