UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, ) ) ) ) | |
| Plaintiff, ) ) | Civil Action No. 18-CV-5587 |
| v. ) ) | Judge John Z. Lee |
| EQUITYBUILD, INC., *et al.*, ) ) | Magistrate Judge Young B. Kim |
| Defendants. ) ) | |

## SEC'S REPLY IN SUPPORT OF RECEIVER FEE APPLICATIONS

The SEC hereby supports the Receiver's Third and Fourth Fee Applications (ECF Nos. 569 and 576). The SEC confirms that it has reviewed the Receiver's invoices, they substantially comply with the SEC's billing guidelines, and the SEC approves of their payment. The SEC additionally incorporates its arguments in support of the Receiver's earlier fee applications (ECF No. 526). For these reasons, and those stated below, the Court should grant the Receiver's fee applications.

A. **The Receiver Has Performed Valuable Services**

From the onset, the Receiver has performed valuable services for the benefit of various constituencies, including investors, other creditors, and the Court. In granting the Receiver's earlier fee applications, the Court recognized the Receiver's important work and the need for that work to continue:

> as the Court has previously recognized, there is a significant need for the receiver assets to be managed by a neutral party until an orderly claims process is concluded. Thus, the Court finds that the receiver's efforts have benefitted, and will continue to benefit, the receivership estate; and, accordingly, the Court overrules the lenders' objections in this regard.

(Oct. 8, 2019 Hearing Tr., at 7:2-8). The Court later reiterated its approval of the Receiver's ongoing work by determining that the liquidation and claims processes should continue to be managed by the Receiver, as opposed to being diverted to bankruptcy. (ECF No. 597).

The Receiver's efforts are all the more notable given the constant stream of objections and motions filed by the institutional lenders seeking to thwart the liquidation of properties and implementation of a claims process. As reflected in the Receiver's fee applications and invoices, the lenders' conduct has distracted the Receiver from his core work and forced him to devote considerable time and resources that would otherwise be spent fulfilling his Court-imposed mandates.

### B. The Lenders' Objections are Unavailing

The lenders object to the Receiver's fee applications on two primary grounds, arguing that: (1) the Receiver has billed too much money and (2) the Receivership's liquidation and distribution efforts have proceeded too slowly. (*See* ECF No. 581, pp. 2-3, 6-7; ECF No. 595, p. 2-4). Those arguments fail, in the first instance, because the lenders themselves are a primary cause behind much of the Receiver's fees and the delays in the Receiver's liquidation and distribution efforts.

A review of the Receiver's invoices shows that the Receiver and his legal professionals have been forced to devote a large amount of time responding to the institutional lenders' voluminous motions, objections, and other filings. The Receiver similarly has expended significant resources preparing property reports requested by the lenders and otherwise responding to lender inquiries.

The Receiver should not be punished for incurring fees responding to the motions, objections, and inquiries lodged by the institutional lenders. Rather, stripping out the fees

incurred as a result of the lenders' litigious conduct would surely and substantially lower the "burn rate" that the lenders cite as a ground for denying the Receiver's fee petitions.[1]

For the same reasons, the lenders should not be able to use any delay in liquidations, claims resolution, or distributions as grounds for denying the Receiver payment for his work. Any past or future delay is greatly attributable to the motions and objections repeatedly filed by the lenders at each step of the process. Absent the lenders' conduct, the Receiver would undoubtedly have sold more properties and be further along in the claims and distribution process.

Finally, as noted in the SEC's earlier submission supporting the Receiver's entitlement to payment, denying the Receiver's fee petitions would set terrible precedent with significant ramifications beyond this case. The SEC would have difficulty recruiting well-qualified receivers, who would be unwilling to volunteer for lengthy and resource-intensive assignments with the prospect of not being compensated. It would also encourage those who oppose receiverships to employ the tactics used by the lenders in this case: object at every opportunity, interfere with the receiver's work, prevent the liquidation of receivership assets, force the receiver to incur significant expenses, and ultimately drive down the recovery for victims of securities fraud. The Court should decline the opportunity to reward the lenders' conduct or set it as an example for future receiverships.

---

[1] While the institutional lenders object to the Receiver being compensated for legal work the lenders thrust upon him, the SEC understands that the lenders intend to seek payment, from the Receivership, for their own legal fees related to the very same motions and objections.

### C. Conclusion

The Receiver seeks compensation for work he performed and directed, using his reasonable business judgment. His bills reflect his efforts to both fulfill his Court-imposed mandates and to respond to voluminous motions and objections by the institutional lenders. The Court should allow the Receiver to be paid for his efforts, and to continue working for the benefit of the victimized investors and other creditors.

Dated: December 19, 2019     Respectfully submitted,

    /s/ Benjamin Hanauer
Benjamin J. Hanauer (hanauerb@sec.gov)
Timothy J. Stockwell (stockwellt@sec.gov)
U.S. Securities and Exchange Commission
175 West Jackson Blvd., Suite 1450
Chicago, IL 60604
Phone: (312) 353-7390
Facsimile: (312) 353-7398

## CERTIFICATE OF SERVICE

I hereby certify that I provided service of the foregoing Reply, via ECF filing, to all counsel of record and Defendant Shaun Cohen, on December 19, 2019. I further certify that I caused the foregoing Response to be served on Defendant Jerome Cohen, via email at jerryc@reagan.com.

      /s/ Benjamin Hanauer
Benjamin J. Hanauer
175 West Jackson Blvd., Suite 1450
Chicago, IL 60604
Phone: (312) 353-7390
Facsimile: (312) 353-7398

One of the Attorneys for Plaintiff