**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 18 C 5587 |
| | ) | Judge John Z. Lee |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, And SHAUN D. COHEN, | ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

For the reasons stated herein, the Receiver's third and fourth interim applications and motions for Court approval of payment of fees and expenses of the Receiver and his retained professionals [569] [576] are granted.

**Statement**

**I.      Background**

Receiver's third interim application, *see* ECF No. 569, covers the period from January 1, 2019 through March 31, 2019.  The Receiver requests:

- **$106,392.00** for the Receiver;
- **$418,673.37** for Rachlis Duff Peel & Kaplan, LLC ("RDPK");
- **$21,102.00** for BrookWeiner, LLC;
- **$1,599.67** for Prometheum.

Receiver's fourth interim application, *see* ECF No. 576, covers the period from April 1, 2019 through June 30, 2019.  The Receiver requests:

- **$99,138.00** for the Receiver;
- **$403,111.76** for RDPK;

- **$18,502.50** for BrookWeiner;
- **$3,706.88** for Whitley Penn; and
- **$797.50** for Prometheum.

## II. Legal Standard

"In securities law receiverships, . . . the awarding of fees rests in the district judge's discretion, which will not be disturbed unless he has abused it." *S.E.C. v. First Secs. Co. of Chi.*, 528 F.2d 449, 451 (7th Cir 1976). "[T]he court may consider all of the factors involved in a particular receivership in determining an appropriate fee." *Gaskill v. Gordon*, 27 F.3d 248, 253 (7th Cir. 1994). In making this determination, courts consider that the benefits provided by a receivership "may take more subtle forms than a bare increase in monetary value." *Id.* (quoting *S.E.C. v. Elliott*, 953 F.2d 1560, 1577 (11th Cir. 1992)). Accordingly, "[e]ven though a receiver may not have increased, or prevented a decrease in, the value of the collateral, if a receiver reasonably and diligently discharges his duties, he is entitled to compensation." *Id.* (quoting *Elliott*, 953 F.2d at 1577). And courts also look to the position of the SEC, which is given "great weight" in determining whether fees should be awarded. *First Secs. Co.*, 528 F.2d at 451 (citation omitted).

## III. Analysis

The Court grants the fee applications at issue, overruling the objections made by certain lenders. *See* Obj. to Receiver's Third Interim Application for Fees, ECF No. 581; Obj. to Receiver's Fourth Interim Application for Fees, ECF No. 595. The Court's position with respect to these applications is influenced by, and consistent

with, that of the SEC. *See* SEC's Reply in Support of Receiver Fee Applications, ECF No. 606; *First Secs. Co.*, 528 F.2d at 451.

As the Court has repeatedly recognized, there is a significant need for the Receivership Assets to be managed by a neutral party until an orderly claims process is concluded. Moreover, the Court continues to find that the Receiver's efforts have benefitted and will benefit the Receivership Estate. While the objecting lenders suggest that the Receiver's requested fees are excessive, *see, e.g.*, Obj. to Receiver's Third Interim Application for Fees at 2; Obj. to Receiver's Fourth Interim Application for Fees at 4, the Court concludes that the lenders have failed to show that those fees are unreasonable. As the SEC noted in its reply brief, *see* SEC's Reply in Support of Receiver Fee Applications at 2, the Receiver and his legal professionals have devoted significant resources responding to various motions, objections, and inquiries made by lenders, with these efforts increasing the amount of fees the Receiver is reasonably entitled to.

Relatedly, while the objecting lenders contend that the Receiver's liquidation and distribution efforts have proceeded too slowly, *see, e.g.*, Obj. to Receiver's Third Interim Application for Fees at 6; Obj. to Receiver's Fourth Interim Application for Fees at 2, the Court notes that those efforts have been delayed in part by time spent responding to various motions and objections made by lenders. It is further worth noting that the fee applications at issue were filed consistent with the Order setting deadlines for these applications. *See* Order Setting Deadlines for Filing Quarterly Fee Applications, ECF No. 568.

Finally, the objecting lenders argue that the Court should hold back 20% of the Receiver's requested fees "given the apparent insolvency of the estate," Obj. to Receiver's Fourth Interim Application for Fees at 3. However, the Court is persuaded by the Receiver's response that the estate is not in fact insolvent given the amount of cash on hand—over $1.3 million as of December 20, 2019—and the amounts that the Receiver may recover from claims he is presently evaluating as well as from the sale of the Naples property. *See* Receiver's Combined Response to Obj. to Fee Applications at 3, ECF No. 607.

In sum, the Court determines that an award of the fees requested is appropriate, based on the complexity of the Receivership, the quality of the work performed, the benefit to the Receivership Estate, and the time records presented with the applications. The lenders' objections are overruled, and the Receiver's motions are granted.

**IT IS SO ORDERED.**

ENTERED: 1/7/20

**John Z. Lee**
**United States District Judge**