# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** | ) ) ) |  |
| **Plaintiff,** | ) ) | **Civil Action No. 18-cv-5587** |
| **v.** | ) ) | **Judge John Z. Lee** |
| **EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,** | ) ) ) ) | **Magistrate Judge Young B. Kim** |
| **Defendants.** | ) ) ) |  |

## RECEIVER'S SEVENTH MOTION FOR COURT APPROVAL OF THE PROCESS FOR PUBLIC SALE OF REAL PROPERTY BY SEALED BID

Kevin B. Duff, as court-appointed receiver ("Receiver") for the Estate of Defendants EquityBuild, Inc. ("EquityBuild"), EquityBuild Finance, LLC ("EquityBuild Finance" or "EBF"), their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen (collectively, the "Receivership Defendants"), and pursuant to the powers vested in him by that certain Order Appointing Receiver entered on August 17, 2018, respectfully moves for approval of a process for the public sale of certain properties through sealed bid.

In Paragraphs 20-178 below, the Receiver has identified **in bold font** all individuals and entities who could potentially assert a mortgage or other secured interest in each property subsumed within this motion based exclusively on information available through a public records search. The Receiver takes no position regarding the validity or priority of any particular encumbrance or release is merely reciting the current state of title.

*This Court Authorized The Receiver To Sell Certain Assets Owned By The Receivership Defendants And Subsumed Within The Receivership Estate.*

1.      The United States Securities and Exchange Commission filed this case against EquityBuild, EquityBuild Finance, Jerome Cohen, and Shaun Cohen alleging violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. 240.10b-5, Section 20(a) of the Exchange Act, 15 U.S.C. §78t(a), Sections 5(a) and 5(c) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §77e(a) and (c), and Section 17(a) of the Securities Act, 15 U.S.C. §§77q(a).

2.      In the Complaint, the SEC alleged that the defendants operated a Ponzi-scheme that raised at least $135 million from more than 900 investors by, among other things, making untrue statements of material fact in connection with the sale of promissory notes allegedly secured by residential real estate primarily located on the south side of Chicago.

3.      On August 28, 2018, the Court entered a judgment against defendants Jerome Cohen and Shaun Cohen which, among other things, enjoined future violations of federal securities laws. (Docket No. 40)

4.      In the aforementioned Order Appointing Receiver, the Court assumed exclusive jurisdiction over, and possession of, the assets of the Receivership Defendants, which defendants were expressly identified as including, but not being limited to, EB South Chicago 1 LLC, EB South Chicago 2 LLC, EB South Chicago 3 LLC, and EB South Chicago 4 LLC. (Docket No. 16, ¶ 1)

5.      By Order dated March 14, 2019, the Court expanded the list of Receivership Defendants to include, among other entities, 6217-27 S. Dorchester LLC. (Docket No. 290)

6.      In the Order Appointing Receiver, the Court also conferred upon the Receiver (1) "all powers, authorities, rights and privileges" theretofore possessed by the principals of the Receivership Defendants under applicable state and federal law, as well as by the governing

operating and shareholders' agreements and (2) all powers and authority of a receiver at equity, as well as all powers conferred upon a receiver under 28 U.S.C. §§ 754, 959, and 1692, and FRCP 66. (Docket No. 16, ¶ 4)

7.     The Court also authorized the Receiver to "take all necessary and reasonable actions to cause the sale" of "all real property in the Receivership Estate, either at public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such real property." (Docket No. 16, ¶ 38)

8.     The sale is required to comport with procedures as may be required by the Court and statutes such as 28 U.S.C. § 2001. (*Id.* ¶ 39) With this motion, the Receiver seeks Court approval that the public sale process described herein comports with the requirements of § 2001.

***The Receiver Seeks Leave To Market And Sell A Single Portfolio Of 37 Properties Containing 47 Dwelling Units.***

9.     The Receiver respectfully seeks leave to conduct a sealed-bid public sale auction of the following 37 single-family residences consisting of 47 total dwelling units as a single indivisible portfolio (the "Single-Family Residence Portfolio") in accordance with the process described at **Tab A**, which process comports with 28 U.S.C. §§ 2001, 2002:

   a.     61 East 92nd Street, Chicago, Illinois 60619
          ("61 East 92nd")

   b.     310 East 50th Street, Chicago, Illinois 60615
          ("310 East 50th")

   c.     406 East 87th Place, Chicago, Illinois 60619
          ("406 East 87th")

   d.     417 Oglesby Avenue,  Calumet City, Illinois 60409
          ("417 Oglesby")

   e.     1017 West 102nd Street, Chicago, Illinois 60643
          ("1017 West 102nd")

3

f.   1401 West 109th Place, Chicago, Illinois 60643
     ("<u>1401 West 109th</u>")

g.   1414-18 East 62nd Place, Chicago, Illinois 60637
     ("<u>1414-18 East 62nd</u>")

h.   1516 East 85th Place, Chicago, Illinois 60619
     ("<u>1516 East 85th</u>")

i.   2129 West 71st Street, Chicago, Illinois 60636
     ("<u>2129 West 71st</u>")

j.   2136 West 83rd Street, Chicago, Illinois 60620
     ("<u>2136 West 83rd</u>")

k.   3213 South Throop Street, Chicago, Illinois 60608
     ("<u>3213 South Throop</u>")

l.   3723 West 68th Place, Chicago, Illinois 60629
     ("<u>3723 West 68th</u>")

m.   5437 South Laflin Street, Chicago, Illinois 60609
     ("<u>5437 South Laflin</u>")

n.   6554 South Rhodes Avenue, Chicago, Illinois 60637
     ("<u>6554 South Rhodes</u>")

o.   6759 South Indiana Avenue, Chicago, Illinois 60637
     ("<u>6759 South Indiana</u>")

p.   6807 South Indiana Avenue, Chicago, Illinois 60637
     ("<u>6807 South Indiana</u>")

q.   6825 South Indiana Avenue, Chicago, Illinois 60637
     ("<u>6825 South Indiana</u>")

r.   7210 South Vernon Avenue, Chicago, Illinois 60619
     ("<u>7210 South Vernon</u>")

s.   7712 South Euclid Avenue, Chicago, Illinois 60649
     ("<u>7712 South Euclid</u>")

t.   7922 South Luella Avenue, Chicago, Illinois 60617
     ("<u>7922 South Luella</u>")

u.   7925 South Kingston Avenue, Chicago, Illinois 60617
     ("<u>7925 South Kingston</u>")

v.   7933 South Kingston Avenue, Chicago, Illinois  60617
     ("<u>7933 South Kingston</u>")

w.   7953 South Woodlawn Avenue, Chicago, Illinois 60619 ("7953 South Woodlawn")

x.   8030 South Marquette Avenue, Chicago, Illinois 60617 ("8030 South Marquette")

y.   8104 South Kingston Avenue, Chicago, Illinois 60617 ("8104 South Kingston")

z.   8107 South Kingston Avenue, Chicago, Illinois 60617 ("8107 South Kingston")

aa.  8346 South Constance Avenue, Chicago, Illinois 60617 ("8346 South Constance")

bb.  8403 South Aberdeen Street, Chicago, Illinois 60620 ("8403 South Aberdeen")

cc.  8405 South Marquette Avenue, Chicago, Illinois 60617 ("8405 South Marquette")

dd.  8432 South Essex Avenue, Chicago, Illinois 60617 ("8432 South Essex")

ee.  8517 South Vernon Avenue, Chicago, Illinois 60619 ("8517 South Vernon")

ff.  8529 South Rhodes Avenue, Chicago, Illinois 60619 ("8529 South Rhodes")

gg.  8800 South Ada Street, Chicago, Illinois 60620 ("8800 South Ada")

hh.  9212 South Parnell Avenue, Chicago, Illinois 60620 ("9212 South Parnell")

ii.  9610 South Woodlawn Avenue, Chicago, Illinois 60628 ("9610 South Woodlawn")

jj.  10012 South LaSalle Avenue, Chicago, Illinois 60628 ("10012 South LaSalle")

kk.  11318 South Church Street, Chicago, Illinois 60643 ("11318 South 'Church")

10.  Under § 2002, a public sale of realty may be made by notice published "once a week for four weeks prior to the sale in at least one newspaper regularly issued and of general

circulation in the county, state or judicial district of the United States wherein the realty is situated."

11.     Accordingly, the Receiver will provide notice of the public sale of the Portfolio in the form attached at **Tab B** in the <u>Chicago Sun-Times</u>.

12.     In addition, the Receiver entered into a Representation Agreement with SVN SFRhub Advisors and its local broker of record SVN Chicago Commercial (collectively "SVN") pursuant to which SVN agreed to market, advertise, and promote for sale the Single-Family Residence Portfolio.

13.     The Receiver has been advised by SVN and has concluded that a portfolio sale of all single-family residences in the Receivership Estate would substantially reduce transaction costs and yield more proceeds than marketing and selling each of the individual properties in separate transactions.

14.     SVN will list the Single-Family Residence Portfolio on <u>*SFRhub.com*</u>, a privately-owned technology company and Internet-based real estate listing service dedicated to reducing opportunity costs by marketing portfolios of single-family residences to prospective interested purchasers of this product type.

15.     SVN will also advertise the sale through the following other websites, which are popular forums for marketing real estate both in Chicago and throughout the United States, during the entire four-week period referenced in § 2002: SVN, SVN Chicago Commercial, Co-Star Group, LoopNet, City Feet, RealNex, CREXI, theBrokerList, Real Connex, and Linked-In.

16.     In addition, SVN will market the Single-Family Portfolio to a national network of known prospectively interested purchasers of this product type.

17. The winning bid, as evidenced by the purchase and sale contract, as well as the anticipated closing costs, including the real estate brokerage commission, will be presented to the Court for approval.

18. As explained below, the Receivership Defendants conveyed all but one of the properties in the Single-Family Portfolio to one of four different "EB South Chicago" entities for the purpose of refinancing property-specific indebtedness through a series of portfolio loans, as a result of which at least four different institutional noteholders and 28 different lender-investor noteholders may assert overlapping claims against 37 separate cross-collateralized properties.

19. Accordingly, at such time as the Receiver obtains judicial confirmation of a contract to sell the Single-Family Portfolio (which will not be awarded until after the Receiver conducts the public sale auction for which leave is now sought), the Court will be required to approve an allocation of the portfolio purchase price among the 37 different properties in a fair and equitable manner.

***The Single-Family Residence Portfolio Includes 14 Properties Owned Or Controlled By EB South Chicago 1.***

**1017 West 102nd**

20. EquityBuild acquired title to 1017 West 102nd by warranty deed recorded July 19, 2013. (Exhibit 1.)

21. A mortgage was recorded against the property on August 7, 2013, in favor of **Spectra Investments, LLC**, as to an undivided 51.29% interest, and **David A. Adams & Penny F. Adams**, as to an undivided 48.71% interest, to secure a promissory note in the originally stated amount of $125,186. (Exhibit 2.)

22. A release of the foregoing mortgage was recorded February 20, 2015 (Exhibit 3), although that release was not executed by the mortgagees.

**1516 East 85th**

23.     EquityBuild acquired title to <u>1516 East 85th</u> by warranty deed and trustee's deed recorded April 26, 2013. (Exhibits 4, 5.)

24.     EquityBuild conveyed the property to 1516 E 85th Place Associates by warranty deed recorded May 22, 2013. (Exhibit 6.)

**2136 West 83rd**

25.     EquityBuild acquired title to <u>2136 West 83rd</u> by warranty deed recorded March 26, 2013. (Exhibit 7.)

26.     EquityBuild conveyed the property to 2136 W 83rd LLC by warranty deed recorded May 9, 2013. (Exhibit 8.)

**417 Oglesby**

27.     EquityBuild acquired title to <u>417 Oglesby</u> by warranty deed recorded April 17, 2013. (Exhibit 9.)

**7922 South Luella**

28.     EquityBuild acquired title to <u>7922 South Luella</u> by warranty deed recorded May 21, 2013. (Exhibit 10.)

29.     EquityBuild conveyed the property to 7922 S Luella LLC by warranty deed recorded August 7, 2013. (Exhibit 11.)

**7925 South Kingston**

30.     EquityBuild acquired title to <u>7925 South Kingston</u> by special warranty deed recorded September 16, 2013. (Exhibit 12.)

31.     A mortgage was recorded against the property on October 28, 2013, in favor of one or more unidentified persons or entities in care of Hard Money Company to secure a promissory note in the originally stated amount of $129,160. (Exhibit 13.)

32.    A release of the foregoing mortgage was recorded February 20, 2015. (Exhibit 14.)

**8030 South Marquette**

33.    EquityBuild acquired title to 8030 South Marquette by warranty deed recorded July 17, 2012. (Exhibit 15.)

34.    EquityBuild conveyed the property to Vicki Barbara Schankman and Alan Robert Schankman by warranty deed recorded August 16, 2012. (Exhibit 16.)

**8403 South Aberdeen**

35.    EquityBuild acquired title to 8403 South Aberdeen by warranty deed recorded July 15, 2013. (Exhibit 17.)

36.    A mortgage was recorded against the property on August 7, 2013, in favor of **H Derrick LLC** to secure a promissory note in the originally stated amount of $124,200. (Exhibit 18.)

37.    A release of the foregoing mortgage was recorded February 20, 2015 (Exhibit 19), although that release was not executed by the mortgagee.

**8405 South Marquette**

38.    EquityBuild acquired title to 8405 South Marquette by special warranty deed recorded August 13, 2013. (Exhibit 20.)

39.    A mortgage was recorded against the property on September 25, 2013, in favor of **Manoj Donthineni** to secure a promissory note in the originally stated amount of $30,000. (Exhibit 21.)

40.    A release of the foregoing mortgage was recorded February 20, 2015 (Exhibit 22), although that release was not executed by the mortgagee.

**8800 South Ada**

41.     EquityBuild acquired title to 8800 South Ada by warranty deed recorded September 20, 2013. (Exhibit 23.)

42.     A mortgage was recorded against the property on October 28, 2013, in favor of **Peggy Christensen**, as to an undivided 13.89% interest; **Dennis McCoy**, as to an undivided 41.66% interest; **Gloria Woodley**, as to an undivided 27.77% interest; **EquityTrust Company, custodian FBO Karuna Voddi CESA**, as to an undivided 6.94% interest; **EquityTrust Company, custodian FBO Avery Maher CESA**, as to an undivided 4.87% interest; and **EquityTrust Company, custodian FBO Avery Maher CESA**, as to an undivided 4.87% interest, to secure a promissory note in the originally stated amount of $144,040. (Exhibit 24.)

43.     A release of the foregoing mortgage was recorded February 20, 2015, although that release was not executed by the mortgagees. (Exhibit 25.)

**9212 South Parnell**

44.     EquityBuild acquired title to 9212 South Parnell by special warranty deed recorded December 13, 2012. (Exhibit 26.)

45.     EquityBuild conveyed the property to 9212 South Parnell Avenue Associates by warranty deed recorded January 23, 2013. (Exhibit 27.)

46.     A mortgage was recorded against the property on January 23, 2013, in favor of **Vivek Pingili** to secure a promissory note in the originally stated amount of $130,212.66. (Exhibit 28.)

47.     A release of the foregoing mortgage was recorded February 20, 2015, although that release was not executed by the mortgagee. (Exhibit 29.)

**7933 South Kingston**

48.    EquityBuild acquired title to 7933 South Kingston by special warranty deed recorded June 24, 2013. (Exhibit 30.)

49.    EquityBuild conveyed the property to 7933 S Kingston Ave LLC by warranty deed recorded August 7, 2013. (Exhibit 31.)

**8104 South Kingston**

50.    EquityBuild acquired title to 8104 South Kingston by special warranty deed recorded April 10, 2013. (Exhibit 32.)

51.    EquityBuild conveyed the property to 8104 S Kingston Ave Associates by warranty deed recorded May 9, 2013. (Exhibit 33.)

**8529 South Rhodes**

52.    EquityBuild acquired title to the property at 8529 South Rhodes by trustee's deed recorded May 31, 2013. (Exhibit 34.)

53.    EquityBuild conveyed the property to 8529 S Rhodes Ave LLC by warranty deed recorded July 8, 2013. (Exhibit 35.)

### *EB South Chicago 1 Acquired The Single-Family Residences In Connection With A Portfolio Loan From Colony American Finance Lender.*

54.    EB South Chicago 1 LLC was formed as a Delaware limited liability company on September 15, 2014. (Exhibit 36.)

55.    2136 W 83rd LLC conveyed 2136 West 83rd, 7922 S Luella LLC conveyed 7922 South Luella, 7933 S. Kingston LLC conveyed 7933 South Kingston, 8104 S. Kingston Ave LLC conveyed 8104 South Kingston, and 8529 S Rhodes LLC conveyed 8529 South Rhodes to EB South Chicago 1 by quitclaim deed recorded January 12, 2015. (Exhibit 37.)

56.     EquityBuild conveyed <u>1017 West 102nd</u>, <u>417 Oglesby</u>, <u>7925 South Kingston</u>, <u>8403 South Aberdeen</u>, <u>8800 South Ada</u>, and <u>8405 South Marquette</u> to EB South Chicago 1 by quitclaim deed recorded January 12, 2015. (Exhibit 38.)

57.     Vicki Barbara Schankman and Alan Robert Schankman conveyed <u>8030 South Marquette</u> to EB South Chicago 1 by quitclaim deed recorded January 12, 2015. (Exhibit 39.)

58.     1516 East 85th Place Associates conveyed <u>1516 East 85th</u> to EB South Chicago 1 by quitclaim deed recorded January 12, 2015. (Exhibit 40.)

59.     9212 South Parnell Avenue Associates conveyed <u>9212 South Parnell</u> to EB South Chicago 1 by quitclaim deed recorded January 12, 2015. (Exhibit 41.)

60.     Colony American Finance Lender, LLC ("Colony American Finance Lender") extended EB South Chicago 1 an interest-only loan in the amount of $1,498,000 cross-collateralized by mortgages recorded against the 14 properties owned by the borrower (and referenced herein) on January 12, 2015. (Exhibits 42, 43.)

61.     The mortgage recorded against <u>8529 South Rhodes</u>, <u>8800 South Ada</u>, <u>9212 South Parnell</u>, <u>1516 East 85th</u>, <u>1017 West 102nd</u>, <u>417 Oglesby</u>, and <u>8405 South Marquette</u> was assigned by Colony American Finance Lender to CAF Term Borrower 1, LLC ("CAF Term Borrower") by instrument recorded August 4, 2015 (Exhibit 44), then assigned from CAF Term Borrower to CAF Sub REIT, Inc. ("CAF Sub REIT") by instruments recorded December 1, 2015 (Exhibits 45, 46), then assigned from CAF Sub REIT to **Colony American Finance 2015-1, Ltd.** ("Colony American Finance 2015") by instrument recorded December 1, 2015. (Exhibit 47.)

62.     The mortgage recorded against <u>2136 West 83rd</u>, <u>7922 South Luella</u>, <u>7925 South Kingston</u>, <u>7933 South Kingston</u>, <u>8104 South Kingston</u>, <u>8030 South Marquette</u>, and <u>8403 South Aberdeen</u> was assigned by Colony American Finance Lender to CAF Term Borrower (Exhibit 48), then assigned from CAF Term Borrower to CAF Sub REIT, Inc. (Exhibit 49), then assigned from

12

CAF Sub REIT to Colony American Finance 2015 (Exhibit 50), with each of the foregoing assignments recorded March 14, 2016.

***The Single-Family Residence Portfolio Includes 15 Properties Owned By EB South Chicago 2.***

**10012 South LaSalle**

63.     EquityBuild acquired title to 10012 South LaSalle by executor's deed recorded August 7, 2013. (Exhibit 51.)

64.     A mortgage was recorded against the property on August 7, 2013, in favor of **R2V2 Investments LLC**, as to an undivided 48.90% interest; **Sidney Glenn Willeford II**, as to an undivided 19.66% interest; **Jim McIntyre**, as to an undivided 15.72% interest; and **Ronald Chastain**, as to an undivided 15.72% interest, to secure a promissory note in the originally stated amount of $127,198. (Exhibit 52.)

**11318 South Church**

65.     EquityBuild acquired title to 11318 South Church by special warranty deed recorded January 14, 2013. (Exhibit 53.)

66.     EquityBuild conveyed the property to 11318 S Church Street Associates by quitclaim deed recorded August 17, 2015. (Exhibit 54.)

**3213 South Throop**

67.     EquityBuild acquired title to 3213 South Throop by administrator's deed recorded August 20, 2013. (Exhibit 55.)

68.     A mortgage was recorded against the property on November 14, 2013, in favor of **iPlan Group, LLC FBO Jackie Rowe IRA**, as to an undivided 76.24% interest and **Leah Kalish**, as to an undivided 23.76% interest, to secure a promissory note in the originally stated amount of $262,333. (Exhibit 56.)

**3723 West 68th**

69.     EquityBuild acquired title to <u>3723 West 68th</u> by warranty deed recorded September 9, 2013. (Exhibit 57.)

70.     A mortgage was recorded against the property on October 10, 2013, in favor of **iPlan IRA FBO Dennis McCoy**, as to an undivided 22.12% interest; **Equity Trust Company Custodian FBO Joan Shay Vinci IRA POA Michaela Sturhahn**, as to an undivided 11.06% interest; **iPlan IRA FBO Mario Flores**, as to an undivided 31.52% interest; **Brett Burnham**, as to an undivided 11.06% interest; and **John Martin** as to an undivided 24.23% interest, to secure a promissory note in the originally stated amount of $172,423. (Exhibit 58.)

71.     A release of the foregoing mortgage was recorded December 11, 2015 (Exhibit 59), although that release was not executed by the mortgagees.

**406 East 87th Place**

72.     EquityBuild acquired title to <u>406 East 87th</u> by special warranty deed recorded July 10, 2013. (Exhibit 60.)

73.     A mortgage was recorded against the property on July 30, 2013, in favor of **H Derrick LLC** to secure a promissory note in the originally stated amount of $163,166. (Exhibit 61.)

**61 East 92nd**

74.     EquityBuild acquired title to <u>61 East 92nd</u> by special warranty deed recorded August 8, 2013. (Exhibit 62.)

75.     A mortgage was recorded December 3, 2013, in favor of **American Estate & Trust, LLC FBO Joan Kupfer's IRA** to secure a promissory note in the originally stated amount of $54,000. (Exhibit 63.)

14

**6554 South Rhodes**

76.     EquityBuild acquired title to 6554 South Rhodes by representative's deed recorded November 22, 2011. (Exhibit 64.)

77.     A mortgage was recorded against the property on November 22, 2011, in favor of **Spectra Investments LLC** to secure a promissory note in the originally stated amount of $140,500. (Exhibit 65.)

78.     EquityBuild conveyed the property to CPJ Properties 5 LLC by warranty deed recorded March 14, 2012. (Exhibit 66.)

79.     A mortgage was recorded against the property on March 14, 2012, in favor of **Sark Investments LLC** to secure a promissory note in the originally stated amount of $150,600. (Exhibit 67.)

80.     Releases of the foregoing mortgages held by Spectra Investments and Sark Investments were recorded August 20, 2014 (Exhibits 68, 69), although those releases were not executed by the mortgagees.

81.     A mortgage was recorded against the property on August 20, 2014, in favor of Sark Investments to secure a promissory note in the originally stated amount of $150,600 (Exhibit 70), although Sark Investments released this mortgage by instrument recorded November 17, 2015. (Exhibit 71.)

**6825 South Indiana**

82.     EquityBuild acquired title to 6825 South Indiana by warranty deed recorded June 9, 2011. (Exhibit 72.)

83.     A mortgage was recorded against the property on June 9, 2011, in favor of **Spectra Investments LLC** to secure a promissory note in the originally stated amount of $127,500. (Exhibit 73.)

84.     EquityBuild conveyed the property to CPJ Properties 4 LLC by warranty deed recorded January 27, 2012. (Exhibit 74.)

85.     A mortgage was recorded against the property on January 27, 2012, in favor of **Cannon Farms, LLC** to secure a promissory note in the originally stated amount of $144,375. (Exhibit 75.)

86.     Cannon Farms purported to release its prior mortgage on August 20, 2014 (Exhibit 76), although that release was not executed by the mortgagee.

87.     Spectra Investments purported to release its prior mortgage on December 11, 2015 (Exhibit 77), although that release was not executed by the mortgagee.

88.     A mortgage was recorded against the property on August 20, 2014, in favor of Cannon Farms to secure a promissory note in the originally stated amount of $144,375. (Exhibit 78.)

**7210 South Vernon**

89.     EquityBuild acquired title to 7210 South Vernon by special warranty deed recorded October 12, 2011. (Exhibit 79.)

90.     A mortgage was recorded against the property on October 12, 2011, in favor of **Spectra Investments LLC** to secure a promissory note in the originally stated amount of $136,000. (Exhibit 80.)

91.     EquityBuild conveyed the property to CPJ Properties 6 LLC by warranty deed recorded April 11, 2012. (Exhibit 81.)

92.     A mortgage was recorded April 11, 2012, in favor of **Sark Investments, LLC** to secure a promissory note in the originally stated amount of $146,700. (Exhibit 82.)

93.     Releases of the mortgages in favor of Spectra Investments LLC and Sark Investments LLC were recorded August 20, 2014 (Exhibits 83, 84), although those releases were not executed by the mortgagees.

94.     A mortgage was recorded against the property on August 20, 2014, in favor of Sark Investments, LLC to secure a promissory note in the originally stated amount of $146,700. (Exhibit 85.)

**7712 South Euclid**

95.     EquityBuild acquired title to 7712 South Euclid by independent executor's deed recorded November 14, 2013. (Exhibit 86.)

96.     A mortgage was recorded against the property on December 31, 2013, in favor of **Joe Kennedy** as to an undivided 83.54% interest and **William Scutt** as to an undivided 16.46% interest to secure a promissory note in the amount of $179,575. (Exhibit 87.)

**7953 South Woodlawn**

97.     EquityBuild acquired title to 7953 South Woodlawn by special warranty deed recorded September 4, 2013. (Exhibit 88.)

98.     A mortgage was recorded October 28, 2013, in favor of **Marlen Junck**, as to an undivided 16.64% interest; **Alton Motes**, as to an undivided 13.87% interest; **Goldman Financial Resources Inc.**, as to an undivided 13.87% interest; **FFL Investments LLC**, as to an undivided 11.09% interest; **Dr. Tiffany Margolin**, as to an undivided 11.09% interest; **Mark Young**, as to an undivided 11.09% interest; **Ronald Gussett**, as to an undivided 11.09% interest; **Blessing Strategies, LLC**, as to an undivided 6.93% interest; **Quantum Growth Holdings**, as to an undivided 2.77% interest; and **Celia Tong Revocable Living Trust, dated December 22, 2011**, as to an undivided 1.54% interest to secure a promissory note in the amount of $180,270. (Exhibit 89.)

99.     A release of the foregoing mortgage was recorded December 11, 2015 (Exhibit 90), although that release was not executed by the mortgagees.

**8107 South Kingston**

100.     EquityBuild acquired title to 8107 South Kingston by special warranty deed recorded March 4, 2014. (Exhibit 91.)

101.     A mortgage was recorded against the property on November 10, 2014, in favor of **JLO Enterprises, LLC**, as to an undivided 58.12% interest; **Clove, LLC**, as to an undivided 8.68% interest; and **Frederick Alan James**, as to an undivided 33.20% interest to secure a promissory note in the originally stated amount of $149,695. (Exhibit 92.)

**8346 South Constance**

102.     EquityBuild acquired title to 8346 South Constance by warranty deed recorded February 28, 2013. (Exhibit 93.)

103.     EquityBuild conveyed the property to 8346 S Constance Ave Associates by warranty deed recorded April 5, 2013. (Exhibit 94.)

104.     A mortgage was recorded against the property on August 20, 2014, in favor of one or more unidentified persons or entities in care of Hard Money Company to secure a promissory note in the originally stated amount of $143,117. (Exhibit 95.)

105.     A release of the foregoing mortgage was recorded December 11, 2015. (Exhibit 96.)

**8432 South Essex**

106.     EquityBuild acquired title to 8432 South Essex by special warranty deed recorded August 1, 2013. (Exhibit 97.)

107.     A mortgage was recorded September 25, 2013, in favor of **Spectra Investments, LLC** to secure a promissory note in the originally stated amount of $139,794. (Exhibit 98.)

**8517 South Vernon**

108.    EquityBuild acquired title to 8517 South Vernon by warranty deed recorded December 6, 2013. (Exhibit 99.)

109.    A mortgage was recorded December 31, 2013, in favor of **Eric Schultz**, as to an undivided 20.78% interest; **Joe Kennedy** as to an undivided 59.36% interest; and **William Scutt**, as to an undivided 19.86% interest, to secure a promissory note in the originally stated amount of $168,463. (Exhibit 100.)

*EB South Chicago 2 Acquired The Single-Family Residences In Connection With A Portfolio Loan From Colony American Finance Lender.*

110.    EB South Chicago 2 was formed as a Delaware limited liability company on March 24, 2015. (Exhibit 101.)

111.    8346 S Constance Ave Associates conveyed 8346 South Constance to EB South Chicago 2 by quitclaim deed recorded August 17, 2015. (Exhibit 102.)

112.    CPJ Properties 6 LLC conveyed 7210 South Vernon to EB South Chicago 2 LLC by quitclaim deed recorded August 17, 2015. (Exhibit 103.)

113.    11318 S Church Street Associates conveyed 11318 South Church to EB South Chicago 2 by quitclaim deed recorded August 17, 2015. (Exhibit 104.)

114.    CPJ Properties 5 LLC conveyed 6554 South Rhodes to EB South Chicago 2 LLC by quitclaim deed recorded August 17, 2015. (Exhibit 105.)

115.    CPJ Properties 4 LLC conveyed 6825 South Indiana to EB South Chicago 2 LLC by quitclaim deed recorded August 18, 2015. (Exhibit 106.)

116.    EquityBuild conveyed 3213 South Throop to EB South Chicago 2 by quitclaim deed recorded August 28, 2015. (Exhibit 107.)

117.    EquityBuild conveyed 10012 South LaSalle, 8107 South Kingston, 8432 South Essex, 8517 South Vernon, 7953 South Woodlawn, 406 East 87th, 61 East 92nd, 3723 West 68th,

and 7712 South Euclid to EB South Chicago 2 by quitclaim deed recorded August 28, 2015. (Exhibit 108.)

118.    Colony American Finance Lender extended EB South Chicago 2 an interest-only loan in the amount of $1,706,900 cross-collateralized by mortgages recorded against the 15 properties owned by the borrower (and referenced herein) on August 31, 2015. (Exhibits 109, 110.)

119.    The mortgage recorded against 3213 South Throop, 8346 South Constance, 11318 South Church, 6554 South Rhodes, 7210 South Vernon, and 6825 South Indiana was assigned by Colony American Finance Lender to CAF Term Borrower by instrument recorded September 8, 2015 (Exhibit 111), then assigned from CAF Term Borrower to CAF Sub REIT by instrument recorded December 1, 2015 (Exhibit 112), then assigned from CAF Sub REIT to **Colony American Finance 2015** by instrument recorded December 1, 2015. (Exhibit 113.)

120.    The mortgage recorded against 7953 South Woodlawn, 7712 South Euclid, 8107 South Kingston, 8432 South Essex, 8517 South Vernon, 406 East 87th, 61 East 92nd, 3723 West 68th, 10012 South LaSalle was assigned by Colony American Finance Lender to CAF Term Borrower by instrument recorded September 30, 2015 (Exhibit 114), then assigned from CAF Term Borrower to **CAF Sub REIT** by instrument recorded December 1, 2015. (Exhibit 115.)

***The Single-Family Residence Portfolio Includes Four Properties Owned By EB South Chicago 3.***

**2129 West 71st**

121.    EquityBuild acquired title to 2129 West 71st by warranty deed recorded October 1, 2009. (Exhibit 116.)

122.    EquityBuild conveyed 2129 West 71st to Trevor J. Stokes by warranty deed recorded October 26, 2009. (Exhibit 117.)

123.    A mortgage was recorded October 26, 2009, in favor of The Aldrich Company Employees Retirement Trust to secure a promissory note in the originally stated amount of $111,240. (Exhibit 118.)

124.    Mr. Stokes conveyed the property to Kenneth C. Aldrich by quit claim deed recorded November 22, 2011. (Exhibit 119.)

125.    Mr. Aldrich conveyed the property to EquityBuild by warranty deed recorded November 22, 2011. (Exhibit 120.)

126.    A mortgage was recorded November 11, 2011, in favor of The Aldrich Company Employees Retirement Trust to secure a promissory note in the originally stated amount of $126,531 (Exhibit 121), although that mortgage was released by instrument recorded June 2, 2017. (Exhibit 122.)

**9610 South Woodlawn**

127.    EquityBuild acquired title to 9610 South Woodlawn by warranty deed recorded June 2, 2011. (Exhibit 123.)

128.    A mortgage was recorded June 2, 2011, in favor of **Equity Trust Company, custodian FBO William Lee Mullica Traditional IRA** to secure a promissory note in the originally stated amount of $86,500. (Exhibit 124.)

**5437 South Laflin**

129.    Jerry Cohen and David Sisler acquired title to 5437 South Laflin by warranty deed recorded August 25, 2010. (Exhibit 125.)

130.    Mr. Sisler conveyed his interest in 5437 South Laflin by quitclaim deed recorded November 3, 2010. (Exhibit 126.)

131.    Mr. Cohen conveyed 5437 South Laflin to Chad Johnstun by warranty deed recorded November 3, 2010. (Exhibit 127.)

132.     A mortgage was recorded against the property on November 3, 2010, in favor of **Michael Borgia** to secure a promissory note in the originally stated amount of $250,000. (Exhibit 128.)

133.     A release of the foregoing mortgage was recorded August 20, 2014 (Exhibit 129), although that release was not executed by the mortgagee.

134.     A mortgage was recorded against the property on August 20, 2014, in favor of Michael Borgia to secure a promissory note in the originally stated amount of $250,000 (Exhibit 130), although that mortgage was released on June 2, 2017. (Exhibit 131.)

135.     A mortgage was recorded against the property on January 26, 2017, in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Sierra Pacific Mortgage Company, Inc., to secure a promissory note in the originally stated amount of $120,000 (Exhibit 132), although that mortgage was released by instrument recorded July 28, 2017. (Exhibit 133.)

**6759 South Indiana**

136.     EquityBuild acquired title to 6759 South Indiana by warranty deed recorded September 23, 2010. (Exhibit 134.)

137.     EquityBuild conveyed the property to Chad Johnstun by warranty deed recorded September 23, 2010. (Exhibit 135.)

138.     A mortgage was recorded against the property on September 23, 2010, in favor of **6759 S Indiana Associates** to secure a promissory note in the originally stated amount of $90,000. (Exhibit 136.)

139.     A mortgage was recorded against the property on August 25, 2011, in favor of **Robert and Elizabeth Conley** to secure a promissory note in the originally stated amount of $16,400. (Exhibit 137.)

140.     Releases of the mortgages in favor of 6759 S Indiana Associates and Robert and Elizabeth Conley were recorded August 20, 2014 (Exhibits 138, 139), although those releases were not executed by the mortgagees.

141.     A mortgage was recorded against the property on August 20, 2014, in favor of **6759 S Indiana Associates** to secure a promissory note in the originally stated amount of $106,400. (Exhibit 140.)

### *EB South Chicago 3 Acquired The Single-Family Residences In Connection With A Portfolio Loan From Colony American Finance Lender.*

142.     EB South Chicago 3 LLC was formed as a Delaware limited liability company on May 12, 2017. (Exhibit 141.)

143.     Chad Johnstun conveyed 6759 South Indiana to EB South Chicago 3 by warranty deed recorded June 2, 2017. (Exhibit 142.)

144.     Chad Johnstun conveyed 5437 South Laflin to EB South Chicago 3 by warranty deed recorded June 21, 2017. (Exhibit 143.)

145.     EquityBuild conveyed 2129 West 71st and 9610 South Woodlawn to EB South Chicago 3 by special warranty deed recorded June 28, 2017. (Exhibit 144.)

146.     Colony American Finance Lender extended EB South Chicago 3 an interest-only loan in the amount of $1,491,000 cross-collateralized by a mortgage recorded June 28, 2017 (Exhibit 145), against seven properties then owned by the borrower, of which only the three referenced herein have been included in the Single-Family Residence Portfolio.

147.     The foregoing mortgage was assigned by Colony American Finance Lender to CAF Term Borrower MS, LLC ("CAF Term Borrower MS") by instrument recorded May 26, 2017 (Exhibit 146), then assigned from CAF Term Borrower MS to CF Corevest Purchaser LLC ("CF Corevest Purchaser") by instrument recorded December 29, 2017 (Exhibit 147), then assigned from CF Corevest Purchaser to Corevest American Finance Depositor LLC ("Corevest American

Finance Depositor") by instrument recorded December 29, 2017 (Exhibit 148), then assigned from Corevest American Finance Depositor to **Wilmington Trust, N.A., as Trustee for the Benefit of the Holders of Corevest American Finance 2017-1 Trust Mortgage Pass-Through Certificates** by instrument recorded December 29, 2017. (Exhibit 149.)

***The Single-Family Residence Portfolio Includes Three Properties Owned By EB South Chicago 4.***

### 1401 West 109th

148.     EquityBuild and Dunright Homes, LLC acquired title to <u>1401 West 109th</u> by warranty deed recorded November 10, 2010. (Exhibit 150.)

149.     Lyanne Naomi Iwamoto Terada granted a mortgage on the property to 1409 West 109th Associates in the not-to-exceed amount of $115,487 by instrument recorded December 3, 2010. (Exhibit 151.)

150.     Dunright Homes conveyed its interest in the property to EquityBuild by quitclaim deed recorded February 14, 2011. (Exhibit 152.)

151.     EquityBuild conveyed the property to Lyanne Naomi Iwamoto Terada by warranty deed recorded February 14, 2011. (Exhibit 153.)

### 310 East 50th

152.     EquityBuild acquired title to <u>310 East 50th</u> by warranty deed recorded January 21, 2011. (Exhibit 154.)

153.     EquityBuild conveyed the property to Martha A. Johnson by warranty deed recorded June 1, 2011. (Exhibit 155.)

154.     A mortgage was recorded against the property on June 1, 2011, in favor of Hard Money Company to secure a promissory note in the originally stated amount of $193,750 (Exhibit 156), although that mortgage was released by instrument recorded October 5, 2017. (Exhibit 157.)

155. Ms. Johnson conveyed the property to EB South Chicago 3 by warranty deed recorded August 3, 2017. (Exhibit 158.)

**6807 South Indiana Avenue**

156. Denise Alexander and Jesse L. Robertson acquired 6807 South Indiana by warranty deed recorded March 2, 2005. (Exhibit 159.)

157. A mortgage was recorded against the property on February 22, 2005, in favor of MERS, as nominee for People's Choice Home Loan, Inc., to secure a promissory note in the originally stated amount of $234,000. (This mortgage was re-recorded September 11, 2006, in order to correct the PIN.) (Exhibits 160, 161.)

158. Aurora Loan Services, LLC recorded a Notice of Foreclosure against the property on August 15, 2006. (Exhibit 162.)

159. MERS, as nominee for People's Choice Home Loan, Inc., assigned its mortgagee interest in the property to Aurora Loan Services by instrument recorded November 27, 2006. (Exhibit 163.)

160. Denise Alexander and Jesse L. Robertson conveyed the property to Denise Alexander by quitclaim deed recorded April 28, 2008. (Exhibit 164.)

161. Denise Alexander conveyed the property to Aurora Loan Services by quitclaim deed recorded March 2, 2010. (Exhibit 165.)

162. Aurora Loan Services assigned its mortgagee interest in the property to Lex Special Assets, LLC by instrument recorded June 21, 2010. (Exhibit 166.)

163. Intercounty Judicial Sales Corporation conveyed the property to Lex Special Assets by judicial sale deed recorded August 27, 2010. (Exhibit 167.)

164. Lex Special Assets conveyed the property to EquityBuild by special warranty deed recorded February 10, 2011. (Exhibit 168.)

165.    EquityBuild conveyed the property to CPJ Properties 3 LLC by warranty deed recorded August 9, 2012. (Exhibit 169.)

166.    A mortgage was recorded against the property on August 9, 2012, in favor of **6807 S Indiana Avenue Associates** to secure a promissory note in the originally stated amount of $145,000. (Exhibit 170.)

167.    A mortgage was recorded against the property on August 20, 2014, in favor of **6807 S Indiana Avenue Associates** to secure a promissory note in the originally stated amount of $145,000. (Exhibit 171.)

### *EB South Chicago 4 Acquired The Single-Family Residences In Connection With A Portfolio Loan From Colony American Finance Lender.*

168.    EB South Chicago 4 LLC was formed as a Delaware limited liability company on August 4, 2017. (Exhibit 172.)

169.    CPJ Properties 3 conveyed <u>6807 South Indiana</u> to EB South Chicago 4 by special warranty deed recorded October 5, 2017. (Exhibit 173.)

170.    Lyanne Naomi Iwamoto Terada conveyed <u>1401 West 109th</u> to EB South Chicago 4 by special warranty deed recorded October 5, 2017. (Exhibit 174.)

171.    EB South Chicago 3 conveyed <u>310 East 50th</u> to EB South Chicago 4 by special warranty deed recorded October 5, 2017. (Exhibit 175.)

172.    Corevest American Finance Lender LLC extended EB South Chicago 4 a $2,426,250 interest-only loan cross-collateralized by a mortgage recorded October 5, 2017 (Exhibit 176), against seven properties then owned by the borrower, of which only the four referenced herein have been included in the Single-Family Residence Portfolio.

173.    The foregoing mortgage was assigned by Corevest American Finance Lender to CF Corevest Purchaser LLC (Exhibit 177), then assigned from CF Corevest Purchaser to CAF Term Borrower MS (Exhibit 178), then assigned from CAF Term Borrower MS to CF Corevest

26

Purchaser (Exhibit 179), then assigned from CF Corevest Purchaser to Corevest American Finance Depositor (Exhibit 180), then assigned from Corevest American Finance Depositor to **Wilmington Trust, N.A., as Trustee for the Benefit of the Holders of Corevest American Finance 2017-2 Trust Mortgage Pass-Through Certificates** (Exhibit 181), with each of the foregoing assignments recorded January 24, 2018.

***The Single-Family Residence Portfolio Includes A Single-Family Home And Adjacent Side Lot Owned By 6217-27 S. Dorchester.***

<u>**1414-18 East 62nd Place**</u>

174.    An EquityBuild affiliate, 6217-27 S. Dorchester LLC (the "Dorchester Entity"), acquired an apartment building at 6217-27 South Dorchester, an adjacent single-family residence at 1414 East 62nd Place, and a vacant lot adjacent to the single-family residence at 1418 East 62nd Place by special warranty deed recorded March 14, 2017. (Exhibit 182.)

175.    A mortgage was recorded against all three of the foregoing properties on March 14, 2017, in favor of Liberty SBF Dorchester, LLC (the "Liberty Mortgage") to secure a promissory note in the originally stated amount of $1,695,000. (Exhibit 183.)

176.    A mortgage was subsequently recorded June 23, 2017, against the single-family residence and vacant side lot at <u>1414-18 East 62nd</u> (but not against the apartment building at 6217-27 South Dorchester) in favor of **Arman Kale Heaton** and **Natoshia Lambom Heaton**, as to an undivided 1.41% interest; **Blue Mountain Ventures (S/D IRA)**, as to an undivided 2.37% interest; **Concord Management LLC**, as to an undivided .85% interest; **Conor Benson King**, as to an undivided .42% interest; **Cree Capital Ventures, LLC**, as to an undivided 6.34% interest; **David M. Harris**, as to an undivided 1.36% interest; **Duane Young**, as to an undivided 1.13% interest; **Duke E. Heger and Viviana Heger**, as to an undivided 1.41% interest; **Erwin J. Page Trust**, as to an undivided 1.41% interest; EquityBuild as to an undivided 3.10% interest; **Fredric R. Gottlieb, Revocable Trust dated 7/31/08**, as to an undivided .44% interest; **Girl Cat Capital**

**West LLC**, as to an undivided .34% interest; **Hillside Fund LLC**, as to an undivided 1.83% interest; **iPlanGroup Agent for custodian FBO Elizabeth Zeng IRA**, as to an undivided 2.65% interest; **iPlanGroup Agent for Custodian FBO Gina Meyer Roth IRA**, as to an undivided 2.14% interest; **iPlanGroup Agent FBO Laura Dimberger Roth IRA**, as to an undivided .22% interest; **iPlanGroup Agent for Custodian FBO Lyle J. Swiney IRA**, as to an undivided 2.82% interest; **iPlanGroup Agent for Custodian FBO Michael Dimberger Roth IRA**, as to an undivided .20% interest; **iPlanGroup Agent for Custodian FBO Michelle Grimes IRA #3301097**, as to an undivided 1.41% interest; **IRA Services Trust Company CFBO Linda Lipschultz IRA**, as to an undivided .52% interest; **IRA Services Trust Company CFBO Steven Lipschultz IRA**, as to an undivided .62% interest; **Jerome B. Shaffer Trust**, as to an undivided 2.83% interest; **JN Investment Trust**, as to an undivided 1.41% interest; **Joe Siracusa**, as to an undivided 1.69% interest; **Karl R. DeKlotz**, as to an undivided 4.23% interest; **Kevin Randall**, as to an undivided 1.97% interest; **Linda Marie Lipschultz & Steven Charles Lipschultz TRS FBO LML Trust** under agreement dated April 8, 2016, as to an undivided 2.39% interest; **Madison Trust Company FBO Ernest Marcus M1612087**, as to an undivided 1.41% interest; **Matthew Hutchings**, as to an undivided 1.41% interest; **MidAtlantic IRA, LLC FBO Charles McEvoy IRA**, as to an undivided 4.23% interest; **Mountain West IRA, Inc. FBO Rachael Clark**, as to an undivided 1.41% interest; **Nathan and/or Brandi Hennefer**, as to an undivided .70% interest; **Next Generation Trust Services FBO Mark Kapsky IRA 2396**, as to an undivided 1.13% interest; **NGTS FBO Irene B. Kapsky FFBO Mark S. Kapsky IRA 3207**, as to an undivided .28% interest; **Optima Property Solutions LLC**, as to an undivided 2.01% interest; **Pacific Ocean Services, Inc.**, as to an undivided 2.82% interest; **Pat Desantis**, as to an undivided 7.04% interest; **Paul N. Wilmesmeier**, as to an undivided 1.41% interest; **PNW Investments, LLC**, as to an undivided .14% interest; **Quest IRA Inc. FBO Rebeca E. Savory-Romero Roth**

**IRA #15528-21**, as to an undivided .55% interest; **R.D. Meredith General Contractors, LLC 401K Plan**, as to an undivided 4.25% interest; **R2V2 Investments, LLC**, as to an undivided .85% interest; **REAP, LLC**, as to an undivided 2.82% interest; **Reymone Randall**, as to an undivided 1.42% interest; **Russell & Uschi Waite**, as to an undivided 2.41% interest; **Scott H. Eaton**, as to an undivided .70% interest; **Self Directed IRA Services Inc. FBO Gary Wayne Williams Acct #100010381**, as to an undivided 1.41% interest; **Shankar Thiruppathi**, as to an undivided 2.37% interest; **Shengje Li and Yuye Xu**, as to an undivided .99% interest; **Steven Roche**, as to an undivided .28% interest; **Sunwest Trust c/f Ann Marie Shuster, IRA Acct. #1712719**, as to an undivided 1.32% interest; **Sunwest Trust Inc. FBO John B. Allred IRS (Acct #1612618)**, as to an undivided .99% interest; **The Falkowitz Group Retirement Trust**, as to an undivided 1.41% interest; **Timothy Sharp**, as to an undivided 2.82% interest; **Top Mark Home Solutions Inc.**, as to an undivided .85% interest; **Wisemove Properties, LLC**, as to an undivided 2.82% interest; and **Xiaoqing Chen**, as to an undivided .28% interest, to secure a promissory note in the originally stated amount of $3,650,000. (Exhibit 184.)

177.    A mortgage was recorded December 15, 2017, against the apartment building at 6217-27 South Dorchester (but not against the single-family residence and adjacent lot) at <u>1414-18 East 62nd</u>. (Exhibit 185.)

WHEREFORE, the Receiver respectfully requests that this Court authorize the sale of the properties subject to this motion by sealed-bid public sale, enter an order in the form attached hereto at **Tab C,** and grant such other relief as the Court deems just and proper.

Dated: March 3, 2020                Kevin B. Duff, Receiver

                By:    /s/ Michael Rachlis
                           Rachlis Duff & Peel LLC
                           542 South Dearborn Street, Suite 900
                           Chicago, IL 60605
                           (312) 733-3950 T
                           (312) 733-3952 F
                           *mrachlis@rdaplaw.net*
                           *nm@rdaplaw.net*

**TAB A**

**EquityBuild Portfolio Of Single-Family Residences**
**Sealed Bid Public Sale of Real Estate**
**Terms and Conditions**

**Offer Due Date:** [_____]

1. <u>Seller</u>:  A portfolio of single-family residences (the "Portfolio") is being sold by Kevin B. Duff, as court-appointed receiver for various affiliate entities of EquityBuild, Inc. (the "Receiver" or the "Seller"), pursuant to that certain Order Appointing Receiver dated August 17, 2018, as supplemented by that certain Order dated March 14, 2019, entered in *SEC v. EquityBuild, Inc., et al.*, Civil Action No. 1:18-cv-05587, in the United States District Court for the Northern District of Illinois, Eastern Division. These affiliate entities include EB South Chicago 1 LLC, EB South Chicago 2 LLC, EB South Chicago 3 LLC, EB South Chicago 4 LLC, and 6217-27 S. Dorchester LLC.

2. <u>Offers</u>:  Offers may be made on a cash basis or subject to a financing contingency, in the latter case by completing Rider A to the form Purchase And Sale Agreement to be supplied by the Seller, accompanied by a proof of funds, and delivered to Thad Switzenberg, SVN | SFRhub Advisors ("Broker"), 7310 North 16th Street, Suite 210, Phoenix, AZ 85020, *thad.switzenberg@svn.com*, by no later than 7:00 p.m. CST on [_____]. Offers must be transmitted to the Broker by e-mail or enclosed in a sealed envelope and delivered by U.S. mail, by nationally-recognized overnight courier, or by hand. Untimely and non-conforming offers may be rejected at the sole discretion of the Broker. The Seller strongly recommends that prospective purchasers pre-qualify for financing prior to submitting an Offer. No liability shall attach to Seller, Broker, or any other party for failure to receive or open any Offer.

3. <u>Best and Final</u>:  Although bidders are encouraged to submit their best offer, a best and final round may be conducted. In that event, the Seller will select the most competitive bids and the corresponding bidders will be invited to participate in the best and final round to be conducted by the Broker. The best and final bidding process will be conducted by telephone and email.

4. <u>Earnest Money Deposit</u>:  The winning bidder will be required to make an earnest money deposit in an amount equal to ten percent (10%) of the purchase price by wiring the funds to First American Title Insurance Company within three (3) business days after the Receiver's acceptance of the purchase and sale agreement. The earnest money deposit shall become non-refundable at the expiration of the due diligence period defined in the form purchase and sale contract and applied toward the purchase price at closing.

5. <u>As-Is Sale</u>:  The properties included within the Portfolio are being sold "as-is," with all faults, as of the closing date. Neither the Seller, nor the Broker, nor any of their respective agents, contractors, attorneys, officers, or directors ("Agents") makes any representation or warranty with respect to the physical condition of any property in the Portfolio, or any of the personalty, fixtures, machinery, or equipment located therein, including any warranty of merchantability or fitness for a particular purpose, or any type of other warranty, express or implied. The Seller, the Broker, and their Agents specifically disclaim any warranty, guaranty, or representation, oral or written, past or present, express or implied, concerning the physical condition of any property in the Portfolio or any of

the personalty, fixtures, machinery, or equipment located therein. Neither the Seller, nor the Broker, nor any of their respective agents possesses any authority to make any oral or written representation regarding the condition of any particular property or its contents, other than as may be set forth in the form purchase and sale contract, and no bidder may rely upon any such oral or written representation.

6.  Due Diligence Process: The bidders will not be granted access to any of the properties in the Portfolio, nor be permitted to contact any tenants at said properties prior to the selection of a winning bidder. Nevertheless, bidders will enjoy access to an electronic due diligence room containing, for each property in the Portfolio, a trailing twelve-month profit and loss statement, copies of any current leases, copies of pleadings received in connection with any administrative or housing court proceedings, and a property report prepared by a nationally-recognized, professional, and independent single-family home inspection consultant retained in connection with the Portfolio sale. Following the selection of a winning bidder, the full execution of a purchase and sale contract, and the deposit of the required earnest money, the prospective buyer will have the right for a period of 15 calendar days to conduct its own independent physical inspection of any properties in the Portfolio. Bidders shall submit offers based solely upon their own independent judgment and conclusions and not in reliance on any information provided by the Seller, the Broker, or their respective Agents.

7.  Broker Participation Invited:  A cooperating commission will be paid to a qualified, licensed real estate broker that procures a bidder who closes on the acquisition of the Portfolio, provided that said cooperating real estate broker is not prohibited by law from being paid such commission and, additionally, is neither a principal nor affiliate of the bidder. Oral registrations will not be accepted. Under no circumstances shall any commission be paid if the sale does not close.

8.  Closing:  The closing shall be held within fifteen (15) days after the receivership court grants the Receiver's motion to approve the sale, which motion will be filed as soon as practicable following the acceptance of the contract and the expiration of the 15-day due diligence period. Each property in the Portfolio will be conveyed by receiver's deed, subject to any and all covenants, conditions, and restrictions of record, public utility easements, building lines, if any, real estate taxes not yet due and payable, housing court proceedings, building code violations, and acts suffered or permitted by the grantee.

9.  Special Rules Regarding Credit Bids: A lender claiming a secured interest in any Property (a "Credit Bid Lender") is advised that it may be required to pay, at closing, all closing costs approved by the Court, which may include, but not be limited to, title insurance premiums, applicable transfer taxes, the survey invoice, property management fees accrued through closing, due and unpaid real estate taxes, escrow fees, brokerage commissions, unpaid utilities, title commitment update fees, gap insurance premiums, State of Illinois policy fees, extended coverage premiums, the costs of closing protection coverage, and any and all other expenses required to be paid by the Seller at closing, as well as any and all amounts advanced for the benefit of the Property which are required to be reimbursed and/or any amount required to discharge any Receiver's lien. Each Credit Bid Lender shall use the Purchase And Sale Agreement to convey its offer (modifying such form and/or adding one or more riders to make clear the terms of the offer), and shall submit along with its offer an explanation regarding the computation of

the alleged payoff amount as of the date of submission of the credit bid (specifically itemizing principal, contract interest, default rate interest, fees, penalties, or other charges) if the credit bid exceeds the amount of the principal then allegedly due to the Credit Bid Lender. A Credit Bid Lender must request to participate in the sealed bid auction by no later than the deadline for submitting offers. If such request has been conveyed to the Broker, the Receiver will advise the Credit Bid Lender as to the amount of the highest and best offer received after completion of the process described in Paragraph 2. The Receiver will then allow the Credit Bid Lender to submit a credit bid, which must be promptly conveyed and be at least 2% higher than the highest offer the Receiver has received through the bid process. If a credit bid is submitted, the Receiver shall offer other bidders the opportunity to improve their bids, provided such new bids exceed the credit bid by at least 2%. The process will continue until either the Credit Bid Lender does not submit a credit bid above the highest offer received or another bidder does not outbid the highest credit bid. In the event that a Credit Bid Lender is selected as the winning bidder, the Credit Bid Lender will be required under certain circumstances established by the Receivership Court, and as a condition of closing, to post an irrevocable letter of credit in the amount of the bid (minus any and all Court approved sale-related expenses), with time being of the essence. Additional details governing the terms and conditions of credit bids, including a good-faith estimate of the Seller's expenses at closing, will be made available by the Receiver upon request. At the reasonable discretion of the Receiver, a Credit Bid Lender may nominate a third party, related or unrelated, to acquire title as the grantee.

10.    <u>Other Terms and Conditions</u>:

   a)    The closing of the sale shall remain subject to the approval of the receivership court.

   b)    The Seller and the Broker reserve the right, in their sole and absolute discretion, to postpone or cancel the sealed-bid public sale with or without notice or to amend, modify, or add any new terms and conditions prior to the submission deadline. To the extent of any conflict between these terms and conditions and the provisions set forth in the form Purchase and Sale Agreement, the provisions of the Purchase and Sale Agreement shall control.

   c)    These terms and conditions do not create any legal obligation on the part of the Seller or the Broker. If the sale fails to comply with any of these terms and conditions for any reason, the Seller and the Broker shall have no liability to any unsuccessful bidder.

**TAB B**

## NOTICE OF PUBLIC SALE OF REAL ESTATE

Kevin B. Duff, Receiver for the Estate of EquityBuild, Inc., EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen in *SEC v. EquityBuild, Inc., et al.*, Civil Action No. 1:18-cv-05587, United States District Court for the Northern District of Illinois, Eastern Division (the "Civil Action"), gives notice of his intent to sell the following real estate as a single indivisible portfolio of single-family residences by sealed bid public sale:

| | | | | |
|---|---|---|---|---|
| 1017 W 102nd Street | Chicago | IL | 60643 | 25-08-427-046-0000 |
| 1516 E 85th Place | Chicago | IL | 60619 | 20-35-411-019-0000 |
| 2136 W 83rd Street | Chicago | IL | 60620 | 20-31-129-046-0000 |
| 417 Oglesby Avenue | Calumet City | IL | 60409 | 29-12-219-015-0000 |
| 7922 S Luella Avenue | Chicago | IL | 60617 | 20-36-204-024-0000 |
| 7925 S Kingston Avenue | Chicago | IL | 60617 | 21-31-103-013-0000 |
| 7933 S Kingston Avenue | Chicago | IL | 60617 | 21-31-103-015-0000 |
| 8030 S Marquette Avenue | Chicago | IL | 60617 | 21-31-113-050-0000 |
| 8104 S Kingston Avenue | Chicago | IL | 60617 | 21-31-118-019-0000 |
| 8403 S Aberdeen Street | Chicago | IL | 60620 | 20-32-410-002-0000 |
| 8405 S Marquette Avenue | Chicago | IL | 60617 | 21-31-314-002-0000 |
| 8529 S Rhodes Avenue | Chicago | IL | 60619 | 20-34-408-008-0000 |
| 8800 S Ada Street | Chicago | IL | 60620 | 25-05-112-011-0000 |
| 9212 S Parnell Avenue | Chicago | IL | 60620 | 25-04-312-056-0000 |
| 10012 S LaSalle Avenue | Chicago | IL | 60628 | 25-09-412-025-0000 |
| 11318 S Church Street | Chicago | IL | 60643 | 25-19-216-025-0000 |
| 3213 S Throop Street | Chicago | IL | 60608 | 17-32-107-006-0000 |
| 3723 W 68th Place | Chicago | IL | 60629 | 19-23-314-013-0000 |
| 406 E 87th Place | Chicago | IL | 60619 | 25-03-200-027-0000 |
| 61 E 92nd Street | Chicago | IL | 60619 | 25-03-308-024-0000 |
| 6554 S Rhodes Avenue | Chicago | IL | 60637 | 20-22-218-039-0000 |
| 6825 S Indiana Avenue | Chicago | IL | 60637 | 20-22-309-011-0000 |
| 7210 S Vernon Avenue | Chicago | IL | 60619 | 20-27-208-019-0000 |
| 7712 S Euclid Avenue | Chicago | IL | 60649 | 20-25-322-021-0000 |
| 7953 S Woodlawn Avenue | Chicago | IL | 60619 | 20-35-300-045-0000 |
| 8107 S Kingston Avenue | Chicago | IL | 60617 | 21-31-119-003-0000 |
| 8346 S Constance Avenue | Chicago | IL | 60617 | 20-36-304-054-0000 |
| 8432 S Essex Avenue | Chicago | IL | 60617 | 21-31-309-031-0000 |
| 8517 S Vernon Avenue | Chicago | IL | 60619 | 20-34-407-005-0000 |
| 2129 W 71st Street | Chicago | IL | 60636 | 20-30-104-004-0000 |
| 9610 S Woodlawn Avenue | Chicago | IL | 60628 | 25-11-108-045-0000 |
| 5437 S Laflin Street | Chicago | IL | 60609 | 20-08-318-014/015-0000 |
| 6759 S Indiana Avenue | Chicago | IL | 60637 | 20-22-303-023-0000 |
| 1401 W 109th Place | Chicago | IL | 60643 | 25-17-323-014-0000 |
| 310 E 50th Street | Chicago | IL | 60615 | 20-10-116-018-0000 |
| 6807 S Indiana Avenue | Chicago | IL | 60637 | 20-22-309-002-0000 |
| 1414-18 E 62nd Place | Chicago | IL | 60637 | 20-14-415-007-0000 |

Offers may be made on a cash basis or subject to a financing contingency, in the latter case by completing Rider A to the form Purchase And Sale Agreement to be supplied by the Seller and delivered to Thad Switzenberg, SVN | SFRhub Advisors ("Broker"), 7310 North 16th Street, Suite 210, Phoenix, AZ 85020, *thad.switzenberg@svn.com*, by no later than 5:00 p.m. CST on [_____]. Offers must be transmitted to the Broker by e-mail or enclosed in a sealed envelope and delivered by U.S. mail, by nationally-recognized overnight courier, or by hand. Untimely and non-conforming offers may be rejected at the sole discretion of the Broker. Cash offers should be accompanied by a proof of funds, and the Seller strongly recommends that offers subject to mortgage contingencies be made by prospective purchasers who have pre-qualified for financing. No liability shall attach to the Seller, the Broker, or any other party for failure to receive or open any offer.

The properties are being sold "as-is," with all faults, as of the closing date. Unless a credit bidding lender, the winning bidder will be required to make an earnest money deposit in an amount equal to ten percent (10%) of the purchase price by wiring the funds to a designated title company within three (3) business days after the Seller's acceptance of the purchase and sale agreement. The closing shall be held within fifteen (15) days after the receivership court grants the Receiver's motion to approve the sale, which motion will be filed as soon as practicable following the acceptance of the contract submitted by the winning bidder or credit bidding lender, and the expiration of an ensuing 15-day due diligence period, and the closing shall remain subject to the approval of the receivership court. The Receiver reserves the right to reject any and all offers to purchase any of the properties being offered for sale.

Bidders must comply with the "Sealed Bid Public Sale of Real Estate Terms and Conditions" that have been approved in the Civil Action, a copy of which may be obtained upon request to the Broker.

**TAB C**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) | **Civil Action No. 18-cv-5587** |
| **v.** | ) ) | **Hon. John Z. Lee** |
| **EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,** | ) ) ) ) | **Magistrate Judge Young B. Kim** |
| **Defendants.** | ) ) ) | |

**ORDER GRANTING RECEIVER'S SEVENTH MOTION FOR COURT APPROVAL OF THE PROCESS FOR PUBLIC SALE OF REAL PROPERTY**

WHEREAS, this matter having come before the Court on the Receiver's Seventh Motion For Court Approval Of The Process For Public Sale Of Real Property (the "Motion"), due notice having been given to all potentially interested parties, and the Court being fully advised in the premises;

NOW, THEREFORE, it is hereby ORDERED that:

The Receiver's Seventh Motion For Court Approval Of The Process For Public Sale Of Real Property is GRANTED. The Court finds that the sealed-bid public sale auction process articulated in the Motion comports with the requirements of 28 U.S.C. §§ 2001 and 2002, and the Receiver is accordingly authorized to market that certain portfolio of properties located at the following commonly-known addresses pursuant to the sealed-bid public sale auction procedures described in the Motion:

1.      1017 West 102nd Street, Chicago, IL 60643

2.      1516 East 85th Place, Chicago, IL 60619

3. 2136 W 83rd Street, Chicago, IL 60620

4. 417 Oglesby Avenue, Chicago, IL 60409

5. 7922 S Luella Avenue, Chicago, IL 60617

6. 7925 S Kingston Avenue, Chicago, IL 60617

7. 7933 S Kingston Avenue, Chicago, IL 60617

8. 8030 S Marquette Avenue, Chicago, IL 60617

9. 8104 S Kingston Avenue, Chicago, IL 60617

10. 8403 S Aberdeen Street, Chicago, IL 60620

11. 8405 S Marquette Avenue, Chicago, IL 60617

12. 8529 S Rhodes Avenue, Chicago, IL 60619

13. 8800 S Ada Street, Chicago, IL 60620

14. 9212 S Parnell Avenue, Chicago, IL 60620

15. 10012 S LaSalle Avenue, Chicago, IL 60628

16. 11318 S Church Street, Chicago, IL 60643

17. 3213 S Throop Street, Chicago, IL 60608

18. 3723 W 68th Place, Chicago, IL 60629

19. 406 E 87th Place, Chicago, IL 60619

20. 61 E 92nd Street, Chicago, IL 60619

21. 6554 S Rhodes Avenue, Chicago, IL 60637

22. 6825 S Indiana Avenue, Chicago, IL 60637

23. 7210 S Vernon Avenue, Chicago, IL 60619

24. 7712 S Euclid Avenue, Chicago, IL 60649

25. 7953 S Woodlawn Avenue, Chicago, IL 60619

26. 8107 S Kingston Avenue, Chicago, IL 60617

27.   8346 S Constance Avenue, Chicago, IL 60617

28.   8432 S Essex Avenue, Chicago, IL 60617

29.   8517 S Vernon Avenue, Chicago, IL 60619

30.   2129 W 71st Street, Chicago, IL 60636

31.   9610 S Woodlawn Avenue, Chicago, IL 60628

32.   5437 S Laflin Street, Chicago, IL 60609

33.   6759 S Indiana Avenue, Chicago, IL 60637

34.   1401 W 109th Place, Chicago, IL 60643

35.   310 E 50th Street, Chicago, IL 60615

36.   6807 S Indiana Avenue, Chicago, IL 60637

37.   1414-18 E 62nd Place, Chicago, IL 60637


Entered:          _____

Date:             _____