**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 18-CV-5587 |
| v. | ) ) | |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | ) ) ) ) ) | The Honorable John Z. Lee  Magistrate Judge Young B. Kim |
| Defendants. | ) ) ) | |

**RECEIVER'S SIXTH MOTION FOR APPROVAL**
**OF THE SALE OF CERTAIN REAL ESTATE**

Kevin B. Duff, as receiver ("Receiver") for the Estate of Defendants EquityBuild, Inc. ("EquityBuild"), EquityBuild Finance, LLC ("EquityBuild Finance" or "EBF"), their respective affiliate entities, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen (collectively, the "Receivership Defendants"), and pursuant to the powers vested in him by the Order Appointing Receiver entered on August 17, 2018, respectfully moves for judicial approval of the sale of certain real estate constituting Receivership Assets, and, in support of the motion, states as follows:

**Preliminary Statement**

In this motion, the Receiver seeks judicial approval to consummate the sale of the single-family home in Naples, Florida, originally titled in the name of Jerome Cohen and now identified by this Court as a Receivership Asset. (Docket No. 603, 12/13/2019 Order.) The Receiver intends to sell this property to Craig L. Stevens and is required to close by April 10, 2020, pursuant to the purchase and sale agreement entered into on February 11, 2020.

**Factual Background**

*This Court Authorized The Receiver To Sell Certain Assets Owned By The Receivership Defendants And Subsumed Within The Receivership Estate.*

1. The United States Securities and Exchange Commission filed this case against EquityBuild, EquityBuild Finance, Jerome Cohen, and Shaun Cohen alleging violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. 240.10b-5, Section 20(a) of the Exchange Act, 15 U.S.C. §78t(a), Sections 5(a) and 5(c) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §77e(a) and (c), and Section 17(a) of the Securities Act, 15 U.S.C. §§77q(a)q.

2. In the Complaint, the SEC alleged that the defendants operated a Ponzi-scheme that raised at least $135 million from more than 900 investors by, among other things, making untrue statements of material fact in connection with the sale of promissory notes allegedly secured by residential real estate primarily located on the south side of Chicago.

3. On August 28, 2018, the Court entered a judgment against defendants Jerome Cohen and Shaun Cohen which, among other things, enjoined future violations of federal securities laws. (Docket No. 40)

4. In its Order Appointing Receiver, the Court assumed exclusive jurisdiction over, and possession of, the assets of the Receivership Defendants. (Docket No. 16, ¶ 1)

5. In the Order Appointing Receiver, the Court also conferred upon the Receiver (1) "all powers, authorities, rights and privileges" theretofore possessed by the principals of the Receivership Defendants under applicable state and federal law, as well as by the governing operating and shareholders' agreements and (2) all powers and authority of a receiver at equity, as well as all powers conferred upon a receiver under 28 U.S.C. §§ 754, 959, and 1692, and Federal Rule of Civil Procedure 66. (Docket No. 16, ¶ 4)

6. The Court also authorized the Receiver to "take all necessary and reasonable actions to cause the sale" of "all real property in the Receivership Estate, either at public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such real property." (Docket No. 16, ¶ 38.)

7. On March 7, 2019, the Receiver filed a motion to amend the Order Appointing Receiver to clarify that the home acquired by and resided in by Jerome and Patricia Cohen at 1050 8th Avenue N, Naples, Florida (the "Naples Residence"), is a Receivership Asset. (Docket No. 265) Cohen challenged the Receiver's position that the Naples Residence is a Receivership Asset (Docket Nos. 301, 356), and, after the motion was briefed, Magistrate Judge Kim held an evidentiary hearing on July 10, 2019. Jerome Cohen did not attend. Cohen subsequently filed a memorandum explaining his absence, and Judge Kim issued an order setting a further hearing on August 14, 2019, which was ultimately cancelled as a result of Cohen's failure to appear. (Docket Nos. 457 & 475) On August 27, 2019, Magistrate Judge Kim issued a report and recommendation granting the Receiver's motion and finding that the Naples Property and a bank account in the name of Jerome Cohen and Patricia Cohen are Receivership Assets. (Docket No. 492) Judge Kim also ruled, *inter alia*, that "Patricia Cohen cannot argue that a 'lack of knowledge or involvement' in Cohen's Ponzi scheme 'exonerates' her and renders her eligible for the homestead exemption. *In re Fin. Federated*, 347 F.3d at 890 ('A lack of knowledge on the part of the person asserting the homestead exception does not change [the court's] analysis, as it is the fraudulent nature of the funds which is of utmost importance.'). Thus, the homestead exemption does not apply here. Kirkland, No. 6:06-CV-183, 2008 WL 1787234, at *1." (Docket No. 492, 8/17/2019 Order, at 12-14.) On December 13, 2019, Judge Lee adopted Magistrate Judge Kim's report and

3

recommendation in full and granted the Receiver's motion to amend the Order Appointing Receiver in order to designate the Naples Residence as a Receivership Asset. (Docket No. 603, 12/13/2019 Order, at 1)

***Pursuant To A Private Sale Process Approved by The Court, The Receiver Accepted The Sales Contract For The Conveyance Of Certain Property.***

8. On November 25, 2019, the Receiver moved to sell the Naples Residence (Docket No. 589), and Jerome Cohen subsequently objected (Docket No. 593). On January 6, 2020, the Court overruled Cohen's objection and granted the motion, appointing three appraisers, and allowing the Receiver to sell the property through a private sale. (Docket No. 612). The Receiver then obtained three appraisals from the approved appraisers, who appraised the property at $950,000, $960,000, and $970,000, respectively. (See **EXHIBITS A-C**.) The Receiver then listed the property for sale at $999,000, consistent with the information received from the appraisers and in consultation with his local real estate broker.

9. Thereafter, the Receiver entered into a Sales Contract dated February 12, 2020, with Craig L. Stevens at the list price of $999,000. (**EXHIBIT D**.)

10. Following a due diligence review by the purchaser, the Receiver entered into an Amended Sales Contract with the buyer on March 2, 2020 (**EXHIBIT E**) reflecting a $49,000 decrease to the purchase price as a result of certain defects identified during a home inspection. A sale of the Naples Residence at this price complies with 28 U.S.C. § 2001, which provides that "[n]o private sale shall be confirmed at a price less than two-thirds of the appraised value." Here, the Receiver seeks approval to sell the property at 100% of its lowest appraised value.

11. The Naples Residence is encumbered by that certain mortgage dated August 26, 2015, from Jerome H. Cohen and Patricia Schroyer, husband and wife, to Mortgage Electric Registration System, Inc., as nominee for Flagstar Bank, FSB (the "Lender"), recorded

September 2, 2015, to secure a promissory note in the originally stated principal amount of $576,000.00 (**EXHIBIT F**.)

*The Receiver Intends To Use Sales Proceeds To Retire The Mortgage And Fund All Necessary Closing Costs.*

12. The Receiver will request a final payoff letter from the Lender for closing and will pay the outstanding principal balance of the mortgage from the closing proceeds. Certain closing costs and expenses will also be paid from the sales proceeds, including, but not limited to (1) any fees associated with the furnishing of owner's title insurance policies, (2) the cost of state, local, and municipal transfer taxes, (3) the closing (or escrow) fee assessed by the title company, and (4) a series of ancillary and customary charges relating to utilities, wire transfer fees (associated with the transfer of the sales proceeds to the receivership bank account), expediting fees, and state regulatory fees.

13. The Receiver will also be required to pay sales a brokerage commission to Engel & Voelkers Naples Bonita Estero ("Broker"). Pursuant to that certain Listing Agreement entered into between the Broker and the Receiver, the Broker is entitled to a commission equaling 4.0% of the purchase price in any transaction where the prospective buyer was not procured through the efforts of a cooperating broker.

14. The property encompassed within this motion does not require the payment of a cooperating brokerage commission, and thus the Receiver will pay a $38,000 brokerage commission at closing.

15. Finally, the Receiver requests that the law firm of Roetzel & Andress, which has served, and continues to serve as local counsel in connection with the sale of the Naples Residence, be paid attorneys' fees and reimbursed for expenses in the amount not to exceed $10,000 at closing. The firm has agreed to cap its fees and expenses at this amount. (Copies of the relevant invoices

through February 2020 are attached hereto as **EXHIBIT G**. Roetzel & Andress estimates that an additional $2,500 in fees will be incurred through closing for the following work: (i) preparing, executing, and delivering the seller's closing documents; (ii) preparing and approving of the closing statement and numerous costs listed thereon; (iii) complying with buyer's requested title insurance documents which may be different from standard seller's documents; (iv) working with the closing agent for the days before and after closing; and (v) approving disbursement of closing funds.).

*The Receiver Will Provide Fair, Adequate, And Sufficient Notice To All Interested Parties.*

16. The Receiver intends to serve a copy of this motion (and the accompanying notice of motion) upon the Lender and all other interested parties of which he is currently aware by electronic mail (to the extent he possesses an e-mail address), or by regular mail if he possesses a mailing address, but no e-mail address.

17. A copy of this motion will also be posted on the Receiver's webpage at *http://rdaplaw.net/receivership-for-equitybuild.* The previously-filed motion to approve the sales process for this property (Docket No. 589) and this Court's Order granting the same (Docket No. 612) were also posted to the Receiver's webpage.

## Conclusion

*This Court Should Enter An Order Approving The Sale Of The Naples Residence.*

18. In the Order Appointing Receiver, this Court invested the Receiver with authority to sell, and transfer clear title to, all real property in the Receivership Estate. (Docket No. 16, ¶ 39) ("Upon further Order of this Court, pursuant to such procedures as may be required by this Court and additional authority such as 28 U.S.C. §§ 2001 and 2004, the Receiver will be authorized to sell, and transfer clear title to, all real property in the Receivership Estate.")

19. Accordingly, the Receiver respectfully requests that this Court enter the proposed order attached as **Exhibit H** approving the sale of the Naples Residence pursuant to the Sales Contract attached as **Exhibits D & E.** The Receiver also requests the Court's approval to deposit the net proceeds from the sale of the property into the Receiver's Account and to use those funds for the payment of the administrative and operating expenses of the Receivership Estate.

        Respectfully submitted,

        KEVIN B. DUFF, RECEIVER

        By: /s/ Michael Rachlis
        Michael Rachlis
        Rachlis Duff & Peel, LLC
        542 South Dearborn Street, Suite 900
        Chicago, Illinois 60605
        (312) 733-3950
        *mrachlis@rdaplaw.net*

March 6, 2020