**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** | ) ) ) ) |  |
| Plaintiff, | ) ) | Civil Action No. 18-cv-5587 |
| v. | ) ) | Hon. John Z. Lee |
| **EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,** | ) ) ) ) | Mag. Judge Young B. Kim |
| Defendants. | ) ) ) |  |

**RECEIVER'S MOTION FOR PARTIAL RELIEF**
**FROM AMENDED GENERAL ORDER 20-0012**
**IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY**

This motion seeks relief from Amended General Order 20-0012, which extended all deadlines in this action by 21 days, and specifically with respect to three pending motions filed by the Receiver (Docket Nos. 618, 645 & 649), for which further delay creates a substantial risk of significant harmful consequences for the Receivership Estate and the properties the Receiver is working to preserve and sell. We are in an unprecedented situation given the current global health crisis.

On March 16, 2020, by Amended General Order 20-0012 of the Chief Judge, the Honorable Rebecca Pallmeyer ordered that "in all civil cases, all deadlines, whether set by the court or by the Rules of Civil Procedure or Local Rules, are hereby extended 21 days from the current deadline set." One effect of the foregoing Amended General Order was to extend the dates previously set by this Court's March 9, 2020 Order (Docket No. 652) by allowing objections to two pending motions to be filed by March 23, 2020, with replies to those objections to be filed by April 6, 2020.

1

Respectfully, and for the reasons set forth herein and demonstrated by the record in this action as well as the current economic environment of which the Court may take judicial notice, the Receiver requests an exception to Amended General Order 20-0012 with respect to:

- Receiver's Sixth Motion For Approval Of The Sale Of Certain Real Estate (**Docket No. 649**), which seeks judicial confirmation of the sale of Defendant Jerome Cohen's former residence in Naples, Florida, which is currently under contract to close by April 10, 2020;

- Receiver's Seventh Motion For Court Approval Of The Process For Public Sale Of Real Property By Sealed Bid (**Docket No. 645**), which seeks judicial approval to market and sell a portfolio of 37 single-family home homes; and

- Receiver's Consolidated Sixth Motion For Court Approval Of The Process For Public Sale Of Real Estate By Sealed Bid, Fifth Motion For Approval Of The Sale Of Certain Real Estate And For The Avoidance Of Certain Mortgages, Liens, Claims, And Encumbrances, and Motion To Amend The August 17, 2018 Order Appointing Receiver (**Docket No. 618**), which seeks judicial approval to market and sell 36 multifamily apartment buildings and judicial confirmation of the sale of 17 others and which, moreover, is fully briefed.

Further delay in the marketing and sale of both the latest tranche of multi-family apartment properties and the single-family homes portfolio, and in the closing of the sales of multi-family apartment properties already under contract, visits substantial economic prejudice on the Receivership Estate, as the costs of continuing to own and manage these properties escalates daily, to the detriment of all claimants, whether institutional lenders or lender-investors. Moreover, the consequences of further delay include subjecting the properties to potentially great volatility in the real estate markets and the multifamily sector, in particular, occasioned by the global health crisis of which the Court may take judicial notice. Accordingly, it is essential that the Court's previously entered briefing schedule relating to these motions (Docket No. 652) be reinstated or otherwise amended and that the extension of the briefing deadlines for these motions by Amended General Order 20-0012 be vacated so that these three pending motions (Docket Nos. 618, 645 & 649) can be resolved as quickly as possible.

**Docket No. 649 – Closing of Sale of Naples Property**
**Receiver's Sixth Motion For Approval Of The Sale Of Certain Real Estate**

On March 6, 2020, the Receiver filed a Sixth Motion For Approval Of The Sale Of Certain Real Estate. (Docket No. 649) This motion relates to the sale of a property in Naples, Florida, which was formerly the residence of Defendant Jerome Cohen and which the Court has previously declared a Receivership Asset. (*Id.*; *see also, e.g.,* Docket No. 492) The sale of the subject property is currently required to close by April 10, 2020, pursuant to the purchase and sale agreement entered into on February 11, 2020. (*See* Docket No. 649, at 1) The procedural history relating the Naples property shows that both the Magistrate Judge and the District Court have carefully and thoroughly considered actual and potential objections relating to the nature of the asset and the process by which the Receiver listed the property for sale as an asset of the Receivership Estate. (*See, e.g.,* Docket Nos. 265, 301, 356, 457, 475 492, 589, 593, 603 & 612) After numerous months and appeals, those have all been resolved. In light of this record, and the careful and thorough approach to selling the asset undertaken by the Receiver (*see, e.g.,* Docket No. 649, at 2-6), no valid objection is anticipated, nor should any such objection further delay the closing and jeopardize the transaction and the Receivership. To that end, the Receiver will be prepared to file any reply to objections within two business days of the date the Court sets for objections to be filed, if necessary, with the request that an order be issued on or before March 31, 2020 if possible.

It is essential that the sale of the Naples Property close by April 10, 2020 to ensure that the date in the purchase and sale agreement is met, to liquidate the asset expeditiously, to eliminate risk from the current economic environment, and to bring several hundred thousand dollars in net sales proceeds into the Receivership Estate to meet ongoing and anticipated expenses. As the Sales Contract that is the subject of the sale states, time is of the essence. (*Id.*, Ex. D, at 2)

**Docket No. 645 – Listing the "Single Family Residence Portfolio" (37 Properties) for Sale**
**Receiver's Seventh Motion For Court Approval Of The**
**Process For Public Sale Of Real Property By Sealed Bid**

On March 3, 2020, the Receiver filed a Seventh Motion For Court Approval Of The Process For Public Sale Of Real Property By Sealed Bid. (Docket No. 645) The motion relates to sale of a portfolio of 37 single-family residences consisting of 47 total dwelling units as a single indivisible portfolio. (*See* Docket No. 645, at 3) As the Receiver has made clear throughout this Receivership, it is essential to sell these properties without delay. There remain substantial carrying costs associated with many of these properties that lack sufficient revenue to cover their operating costs. It is essential that each of the Receiver's motions be ruled on without delay.

Notably, with respect to the impact of the Amended General Order on the single family residence portfolio motion, the Receiver has conferred with counsel for Midland Loan Services as servicer for various securitization trusts ("Midland") that have asserted a mortgage lien on 28 of the 37 properties within the Single-Family Residence Portfolio, representing more than 75% of the total number of properties within the portfolio of properties. Midland has indicated that it has no objection to this motion and that it has no objection to the underlying motion (Docket No. 645).

Once sold, and consistent with his practice with respect to contested properties, the Receiver intends to deposit the net sales proceeds from the sale of the Single-Family Residence Portfolio into a segregated account pending further order from the Court as to fair and equitable allocation of the portfolio purchase price among the 37 different properties and ultimate determination of how to distribute the net sales proceeds.

As a result, the Receiver requests that the Court reinstate the previous briefing schedule set forth in (Docket No. 652) or such other schedule as the Court deems necessary and just.

**Docket No. 618 – Listing and Closing Sales of Certain Properties** *(fully-briefed motion)*
**Receiver's Consolidated (i) Sixth Motion For Court Approval
Of The Process For Public Sale Of Real Estate By Sealed Bid,
(ii) Fifth Motion For Approval Of The Sale Of Certain Real Estate And For The
Avoidance Of Certain Mortgages, Liens, Claims, And Encumbrances, and
(iii) Motion To Amend The August 17, 2018 Order Appointing Receiver**

The Receiver also notes that, consistent with the foregoing, it is also essential that the Receiver's Consolidated Sixth Motion For Court Approval Of The Process For Public Sale Of Real Estate By Sealed Bid (Docket No. 618) be ruled on without delay.[1] The Consolidated Motion is fully briefed. (*See* Docket Nos. 628, 637, 644, 651) The Consolidated Motion is consistent with previous motions that the Court has previously granted over similar objections. All parties have had an opportunity to be heard and no party would be harmed by an expedited ruling. Most of these properties are the subject of disputes between lender claimants who have asserted a priority secured interests in them as collateral for their loans, which requires that the Receiver continue to preserve them until they can be liquidated and a determination made as to which lender has priority to available sales proceeds. As a result, all interested parties would benefit from expeditious disposition of the Consolidated Motion. Without the ability to liquidate the properties that are the subject of the Receiver's Consolidated Motion without delay, there is a substantial risk the Receiver will not be able to continue to preserve them for much longer and the Receivership Estate will soon face a significant and potentially crippling lack of available cash to cover the costs of preserving and carrying these properties. The potential future volatility of the market for these

---

[1] The consolidated motion filed as Docket No. 618 involves 36 properties for which the Receiver has sought judicial approval to market and sell. Ten of those properties met with no objection and the Court allowed listing them for sale. (Docket No. 635) The consolidated motion involves another 17 properties for which the Receiver has sought judicial confirmation of a pending sale. Two of those properties met with no objection and the Court allowed proceeding with their sales. (Docket No. 633). The consolidated motion also included a request to amend the Order Appointing Receiver, which the Court has already granted. (Docket No. 634)

properties is substantial and it remains imperative to sell the properties to mitigate this exposure. Thus, to the extent that Amended General Order 20-0012 may otherwise delay disposition of the Receiver's Consolidated Motion, the Receiver respectfully requests that this Court expedite disposition of the motion.

The Receiver has conferred with counsel for the SEC, which has no objection to this motion.

WHEREFORE, for each of these reasons, and those for which the Court can take judicial notice, the Receiver respectfully requests that the Court issue an order that provides immediate relief from the automatic extension occasioned by Amended General Order 20-0012:

(i)  reinstate the briefing schedule for the Receiver's motion (**Docket No. 649**) so that objections are due March 23, 2020, or such other date as the Court deems necessary and just, and for replies to any objections to be filed within two (2) business days thereafter;

(ii)  reinstate the briefing schedule for the Receiver's Seventh Motion For Court Approval Of The Process For Public Sale Of Real Property By Sealed Bid (**Docket No. 645**) so that objections are due March 23, 2020 and replies to those objections filed by March 31, 2020, so that the matter can be ruled upon by the Court as quickly as possible;

(iii) expedite ruling on the Receiver's fully-briefed Consolidated Sixth Motion For Court Approval Of The Process For Public Sale Of Real Estate By Sealed Bid (**Docket No. 618**); and

(iv) for such other relief as the Court deems equitable and just.

Dated:  March 17, 2020

Kevin B. Duff, Receiver

By:  /s/     Michael Rachlis
Michael Rachlis (mrachlis@rdaplaw.net)
Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone (312) 733-3950

6