UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>        v.<br><br>EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,<br><br>        Defendants. | Case No. 1:18-cv-5587<br><br>Hon. John Z. Lee |

**MOTION OF CERTAIN MORTGAGEES FOR STAY OF RULING AND FOR ORAL ARGUMENTS ON RECEIVER'S CONSOLIDATED SIXTH MOTION FOR COURT APPROVAL OF THE PROCESS FOR PUBLIC SALE OF REAL ESTATE BY SEALED BID, FIFTH MOTION FOR APPROVAL OF THE SALE OF CERTAIN REAL ESTATE AND FOR THE AVOIDANCE OF CERTAIN MORTGAGES, LIENS, CLAIMS, AND ENCUMBRANCES, AND MOTION TO AMEND THE AUGUST 17, 2018 ORDER APPOINTING RECEIVER**

The following mortgagees (collectively, "Mortgagees", and each individually a "Mortgagee") respectfully submit this Motion ("Motion") pursuant to LR 78.3 requesting that this Court stay any ruling on the Receiver's Consolidated Sixth Motion for Court Approval of the Process for Public Sale of Real Estate by Sealed Bid, Fifth Motion for Approval of the Sale of Certain Real Estate and for the Avoidance of Certain Mortgages, Liens, Claims, and Encumbrances, and Motion to Amend the August 17, 2018 Order Appointing Receiver ("Consolidated Motion") [Dkt. 618] and for oral argument on the Consolidated Motion and Objections to Receiver's Consolidated Sixth Motion for Court Approval of the Process for Public Sale of Real Estate by Sealed Bid, Fifth Motion for Approval of the Sale of Certain Real Estate and for the Avoidance of Certain Mortgages, Liens, Claims, and Encumbrances, and Motion to Amend the August 17, 2018 Order Appointing Receiver ("Objections") [Dkt. 628]:

1

(1) Citibank N.A., as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB48; (2) U.S. Bank National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2017-SB30; (3) U.S. Bank National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2017-SB41; (4) U.S. Bank National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB50; (5) Wilmington Trust, National Association, as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Trust 2014-LC16, Commercial Mortgage Pass-Through Certificates, Series 2014-LC16; (6) Federal Home Loan Mortgage Corporation ("Freddie Mac"); (10) UBS AG ("UBS"); (11) Federal National Mortgage Association ("Fannie Mae"); (12) BMO Harris Bank N.A; and (13) BC57, LLC. In support of the Motion, the Mortgagees state as follows:

## BACKGROUND

The Receiver proposes to market and list for sale 36 multifamily properties pursuant to certain procedures as outlined in the Consolidated Motion. The Receiver also proposes to close on the sale of 15 multifamily properties as outlined in the Consolidated Motion (collectively the "Properties"). Certain Mortgagees filed objections to the Consolidated Motion on February 17, 2020. *See* Objections [Dkt. 628.] The U.S. Securities and Exchange Commission (the "SEC") and Receiver each filed replies in support of the Consolidated Motion. *See* Dkt. Nos. 644, 651, respectively.

On March 16, 2020, Chief Judge Rebecca Pallmeyer entered Amended General Order 20-

2

0012 In Re: Coronavirus COVID-19 Public Emergency extending all prior set deadlines by 21 days and striking all civil case hearings through April 3, 2020. In response to the Amended General Order, the Receiver filed Receiver's Motion for Partial Relief for Amended General Order 20-0012 In Re: Coronavirus COVID-19 Public Emergency [Dkt. 663] ("Motion for Partial Relief") seeking an immediate ruling on the Consolidated Motion. On March 18, 2020, the Court entered a Minute Order [Dkt. 665] partially granting the Motion for Partial Relief and stating it anticipates resolving the Consolidated Motion before April 1, 2020. The Mortgagees file this Motion requesting oral arguments on the Consolidated Motion and respectfully requesting the Court stay ruling on the Consolidated Motion until after oral arguments.

1. **Oral Arguments Should be Set to Assist the Court in Resolving the Issues Raised in the Objections.**

As more fully set forth in the Objections, each of the Mortgagees has a valid and protectable interest in the properties subject to the Consolidated Motion. The Consolidated Motion requests authority to take action that will materially impact and impair the Mortgagees' protectable interest. The Court has discretion to set oral arguments on the Consolidated Motion. *See* LR 78.3. The Mortgagees request the Court exercise its equitable discretion and set oral arguments on the Consolidated Motion to assist the Court in resolving the significant issues raised in the Objections. The Mortgagees also respectfully request that the Court stay ruling on the Consolidated Motion until the Court has had an opportunity to hear oral arguments.

It is undisputed that the current Coronavirus pandemic has chilled the United States economy, including the real estate market. Based on the current "Stay at Home" order currently in effect in in Illinois (and other jurisdictions), the Receiver's request to advance the sale Properties does not make economic sense and appears to be in direct contravention with the mandate contained in the Receiver Order, which requires that any marketing and sale methods

employed by the Receiver for the sale of real estate take due regard to the realization of the true and proper value of the real property so as to maximize the value of that property. Dkt 16., ¶ 38. Under the Receiver's proposed sale method, the Properties would be published for sale on various web sites for thirty (30) days and then interested parties would have a one-time opportunity to inspect the property for one hour. The current "Stay at Home" order, which is effective through April 7, 2020, will in all probability be extended beyond that date based on statements made by the Governor of the State of Illinois and other medical experts. As such, the ability or likelihood of any potential interested parties to be allowed an onsite inspection of the Properties and of the individual units while tenants are living in the units will be severely limited, if not prohibited.

The unique nature of the properties within the Receivership Estate warrants a more conventional marketing procedure and an extended marketing period to maximize the value of the Receivership Estate. Exhibit 1, Declaration of Antje Gehrken, ¶¶ 13-21. Many of the properties in the Receivership Estate are small multi-family and commercial properties more likely to appeal to local than national investors. Id., ¶ 23. For smaller properties in the Receivership Estate a local broker would be more effective to market and sell those properties than the method Receiver is employing. Id., ¶14 -15. A four-week marketing period for the properties is simply insufficient to generate the kind of interest likely to result in competitive bidding that realizes sales equal to the true and proper value of the real estate. Id., ¶ 14. Properties such as those in the Receivership Estate typically involve marketing periods of up to six (6) months. Id., ¶¶ 14, 18. Rigidly allowing prospective bidders only one hour at a predetermined time and date to conduct an inspection of the property then less than a week thereafter to submit final and best offers virtually eliminate any kind of conventional financing

for bidders. Id., ¶¶ 19-20. Elimination of conventional financing, in turn, works to dissuade smaller, local investors from even participating in the bidding process. Id., ¶ 24. Thus, by allowing the Receiver to continue to use a marketing method which precludes smaller, local investors from the bidding process, removes and important segment from the pool of prospective purchasers, thereby decreasing competitive bidding and suppressing sale prices. Id., ¶¶ 23-24.

In his reply brief the Receiver dismisses Mortgagees' objections to the marketing procedures by arguing they are "conclusory." [Dkt. 651, at 5]. Receiver simultaneously asserts, in conclusory fashion, "professionals have advised him that four weeks is more than adequate for maximizing the sales prices of the properties." Id., citing Braasch Declaration. [Dkt. 537, ¶ 26]. Receiver's arguments simply highlight that there are markedly different views between Receiver's "professional" and Mortgagees' consultants as to the most efficient way to market and sell the properties in the Receivership Estate. Mortgagees should be allowed to proffer evidence and to cross examine Receiver's "professionals" so the Court can make an informed decision about whether Receiver's marketing and sale procedures are likely to maximize the sale prices for benefit of the Receivership Estate.

Further, there is no reason for the Receiver to rush to sell these Properties. After 18 months of this receivership, the Receiver has only sold 11 properties and that sale process has taken an extraordinary slow time period. The sale process itself is flawed and does not generate the interest it should get if these Properties were sold through a more conventional marketing and sales method described in the Objection and in this Motion.

Even if the Stay at Home Order is lifted in the near future, the current impact on the United States economy has been devastating. As such, any offers for these Properties would be in effect "fire sales" significantly damaging the claims of the secured creditors as it relates to

5

these Properties. The Receiver has pled, on a number of occasions, that there are no other assets in the EquityBuild Estate other than the real estate. The Receiver has acknowledged in pleadings and in oral statements to the Court that the secured claims asserted against the real property of EquityBuild far exceeds the fair market value of the real estate. Therefore, to irrationally rush into a sale of these Properties at a time when these sales will not generate the maximum value of these Properties, is wrong and should be stayed until oral argument on the Objections and this Motion, can be heard.

The Receiver fails to take in account or even consider the current economic factors caused by this pandemic or the Stay at Home order and whether these conditions would adversely impact offers for these Properties. Not only is this impractical, it runs contrary to the mandates set forth in the Receiver Order. There is no reason to rush these sales. The process to determine priority has not been set (and in fact is only being briefed at this time), and the Receiver has acknowledged this process could take up to two to five years to complete. Additionally, a stay of the sale of these Properties for a limited time to allow oral argument would not adversely impact the receivership. Many of the properties appear to be or should be generating sufficient cash flow to cover the expenses of the property, including real estate taxes, insurance, property management fees and utilities, other than debt service for principal and interest payments. Therefore, the more prudent approach would be to stay ruling on the Consolidated Motion and allow a hearing on whether the method currently being used by the Receiver to sell these Properties maximizes the return to the receivership.

Therefore, the Movants respectfully request that this Court stay ruling on the Consolidated Motion for a short period to allow a hearing on matters raised in the Objections, including whether the method and procedure employed by the Receiver to sell the Properties is

4841-5619-0392.2

appropriate. Given the exigent circumstances related to the global pandemic caused by the novel coronavirus, the Mortgagees respectfully request the oral argument be set for a date and time that the Court is comfortable with and that complies with any General Order issued by Chief Judge Pallmeyer.

## CONCLUSION

WHEREFORE, the Mortgagees respectfully request that this Honorable Court exercise its equitable discretion and set oral arguments on the Consolidated Motion and stay ruling on the Consolidated Motion until after the Court has had an opportunity to hear oral arguments.

Dated: March 26, 2020

Respectfully submitted,

/s/ Jill Nicholson
Jill Nicholson (jnicholson@foley.com)
Andrew T. McClain (amcclain@foley.com)
Foley & Lardner LLP
321 N. Clark St., Ste. 3000
Chicago, IL 60654
Ph: (312) 832-4500
Fax: (312) 644-7528
*Counsel for Citibank N.A., as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB48; U.S. Bank National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2017-SB30; U.S. Bank National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2017-SB41; U.S. Bank National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB50; Fannie*

/s/ James M. Crowley
James M. Crowley
(jcrowley@plunkettcooney.com)
Plunkett Cooney, PC
221 N. LaSalle Street, Ste. 1550
Chicago, IL 60601
Ph: (312) 970-3410
Fax: (248) 901-4040
*Counsel for UBS AG*

/s/ Mark Landman
Mark Landman (mlandman@lcbf.com)
Landman Corsi Ballaine & Ford P.C.
120 Broadway, 27th Floor
New York, NY 10271
Ph: (212) 238-4800
Fax: (212) 238-4848
*Counsel for Freddie Mac*

/s/ James P. Sullivan
James P. Sullivan (jsulliva@chapman.com)
Chapman and Cutler LLP
111 West Monroe Street
Chicago, IL 60603
Ph: (312)845-3445
Fax: (312)516-1445

7

| | |
|---|---|
| Scott B. Mueller (scott.mueller@stinson.com)<br>Stinson LLP<br>7700 Forsyth Blvd., Suite 1100<br>St. Louis, MO 63105-1821<br>Ph: 314.259.4594<br>*Counsel for BMO Harris Bank N.A.* | *Mae*<br><br>/s/ David Hart<br>David Hart<br>(dhart@maddinhauser.com)<br>Maddin, Hauser, Roth & Heller, P.C.<br>28400 Northwestern Highway<br>Suite 200-Essex Centre<br>Southfield MI 48034<br>*Counsel for BC57, LLC* |

8

4841-5619-0392.2