UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 18-CV-5587 |
| v. | ) ) | Judge John Z. Lee |
| EQUITYBUILD, INC., *et al.*, | ) ) | Magistrate Judge Young B. Kim |
| Defendants. | ) ) ) | |

### SEC'S OPPOSITION TO THE INSTITUTIONAL LENDERS' MOTION TO STAY

The SEC hereby supports and joins in the Receiver's opposition (ECF No. 699) to the institutional lenders' motion to stay the marketing and sale of the Receiver's real estate (ECF No. 694). For the following reasons and those stated by the Receiver, the Court should deny the lenders' motion and allow the Receiver's real estate sales to proceed.

Since the onset of this case, the Court has entrusted the Receiver to exercise his reasonable business judgment in administering and liquidating the Receivership estate. (*See, e.g.,* ECF No. 676, pp. 4-5 ("The Court, however, 'does not intend to dictate the Receiver's every move, absent a showing that he is exceeding his [broad grant of] authority or otherwise violating the Receivership Order.'") (citations omitted)). Neither the Receivership Order nor any other guidance from the Court suggests that the Receiver may only exercise his reasonable business judgment in good economic times but be constrained during less favorable financial conditions.

Here, the Receiver's decision to continue marketing and selling properties falls squarely within his discretion. As demonstrated by the Receiver's opposition and supporting declaration, many of the properties the Receiver seeks to sell have expenses that exceed their revenues.

1

Staying the sales of these properties means forcing the Receiver to maintain properties that are cash-flow negative and continue to deplete the Receivership's limited funds. And, given the indefinite stay sought by the lenders, freezing the sales process could lead to severe cash-flow issues. Under these circumstances, the Receiver's prudent decision to sell, rather than maintain, burdensome properties should not be second-guessed. It is telling that the lenders offer no suggestion how the Receiver – and, ultimately, the Receiver's creditors – should pay the costs to indefinitely hold onto properties where expenses exceed revenues.

Moreover, the Receiver's response shows that real estate conditions are not as distressed as the lenders claim, and that an active market remains for the Receiver's properties. However, it is unknown whether such conditions will continue, or for how long. Allowing the Receiver to complete his liquidation plan now militates against the risk that conditions deteriorate further or that future cash flow issues require the Receiver to sell the properties on terms less favorable to the Receivership estate. Again, this is a sound exercise of the Receiver's business judgment.

For these reasons, and those contained in the Receiver's opposition, the SEC respectfully requests that the Court deny the lenders' motion to stay and allow the Receiver to continue his work liquidating the Receivership estate.

Dated:  June 2, 2020                                         Respectfully submitted,

                                                           /s/ Benjamin Hanauer
Benjamin J. Hanauer (hanauerb@sec.gov)
Timothy J. Stockwell (stockwellt@sec.gov)
U.S. Securities and Exchange Commission
175 West Jackson Blvd., Suite 1450
Chicago, IL 60604
Phone:  (312) 353-7390
Facsimile: (312) 353-7398

## CERTIFICATE OF SERVICE

I hereby certify that I provided service of the foregoing Response, via ECF filing, to all counsel of record and Defendant Shaun Cohen, on June 2, 2020. I further certify that I caused the foregoing Response to be served on Defendant Jerome Cohen, via email at jerryc@reagan.com.

    /s/ Benjamin Hanauer
Benjamin J. Hanauer
175 West Jackson Blvd., Suite 1450
Chicago, IL 60604
Phone: (312) 353-7390
Facsimile: (312) 353-7398

One of the Attorneys for Plaintiff