IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, )<br>)<br>)<br>)<br>Defendants. ) | Case No. 18 C 5587<br><br>Judge John Z. Lee |

## ORDER

For the following reasons, the Receiver's fifth and sixth interim applications and motions for Court approval of payment of fees and expenses of the Receiver and his retained professionals [608] [626] are granted.

### I.   Background

The Receiver's fifth interim application, ECF No. 608, covers the period from July 1, 2019 through September 30, 2019.  The Receiver requests:

- **$90,948.00** for the Receiver;
- **$374,583.42** for Rachlis Duff & Peel, LLC ("RDP");
- **$14,273.50** for BrookWeiner, LLC;
- **$2,007.50** for Prometheum;
- **$3,282.50** for Axos Fiduciary Services.

The Receiver's sixth interim application, ECF No. 626, covers the period from October 1, 2019 through December 31, 2019.  The Receiver requests:

- **$61,698.00** for the Receiver;
- **$245,649.01** for RDP;
- **$18,246.40** for BrookWeiner;

- **$550.00** for Prometheum;
- **$3,415.00** for Roetzel & Andress.

## II. <u>Legal Standard</u>

"In securities law receiverships, . . . the awarding of fees rests in the district judge's discretion, which will not be disturbed unless he has abused it." *S.E.C. v. First Secs. Co. of Chi.*, 528 F.2d 449, 451 (7th Cir 1976). "[T]he court may consider all of the factors involved in a particular receivership in determining an appropriate fee." *Gaskill v. Gordon*, 27 F.3d 248, 253 (7th Cir. 1994). In making this determination, courts consider that the benefits provided by a receivership "may take more subtle forms than a bare increase in monetary value." *Id.* (quoting *S.E.C. v. Elliott*, 953 F.2d 1560, 1577 (11th Cir. 1992)). Accordingly, "[e]ven though a receiver may not have increased, or prevented a decrease in, the value of the collateral, if a receiver reasonably and diligently discharges his duties, he is entitled to compensation." *Id.* (quoting *Elliott*, 953 F.2d at 1577). Courts also look to the position of the SEC, which is given "great weight" in determining whether fees should be awarded. *First Secs. Co.*, 528 F.2d at 451 (citation omitted).

## III. <u>Analysis</u>

The Court grants the fee applications at issue, overruling the objections made by certain lenders. *See* Obj. to Receiver's Fifth Interim App. for Fees, ECF No. 617; Obj. to Receiver's Sixth Interim App. for Fees, ECF No. 648. The Court's position with respect to these applications is influenced by, and consistent with, that of the SEC. *See* SEC's Reply in Support of Receiver's Fifth Interim Fee App. at 1, ECF No. 622 ("The SEC confirms that it has reviewed the Receiver's invoices, they

substantially comply with the SEC's billing guidelines, and the SEC approves of their payment."); SEC's Reply in Support of Receiver's Sixth Interim Fee App. at 1, ECF No. 705 (same); *First Secs. Co.*, 528 F.2d at 451.

In reaching this conclusion, the Court once again reaffirms both that there is a significant need for the Receivership Assets to be managed by a neutral party until an orderly claims process is concluded, and that the Receiver's efforts have benefitted and will continue to benefit the Receivership Estate. *See, e.g.*, 1/7/20 Order at 3, ECF No. 614. Furthermore, and setting conclusory assertions aside, the objecting lenders have failed to show that the Receiver's requested fees are excessive. *See* Obj. to Receiver's Fifth Interim App. for Fees at 4–7; Obj. to Receiver's Sixth Interim App. for Fees at 4–8. As the SEC notes, and as this Court has observed before, the Receiver and his legal professionals have devoted significant resources responding to various motions, objections, and inquiries made by lenders, with these efforts increasing the amount of fees that the Receiver is reasonably entitled to. Moreover, the applications at issue are on even stronger footing than the ones the Court has previously approved, as the Receiver has made substantial reductions in his fees and billing rates. *See* Receiver's Combined Resp. to Obj. to Fee Apps. at 8, ECF No. 703 (explaining that, through "economies [that] were achieved," "the Receiver and his firm achieved . . . a 41% decrease in fees and a 15% decrease in average billing rates between the first quarter and the fourth quarter [of 2019]").

The objecting lenders further complain that Receiver's liquidation and distribution efforts have proceeded too slowly, *see, e.g.*, Obj. to Receiver's Fifth

3

Interim App. for Fees at 3; Obj. to Receiver's Sixth Interim App. for Fees at 3. But the Receiver has met the Court's deadlines, and certain delays in this case can be attributed to the Receiver's need to respond to various motions and objections made by lenders. Moreover, while the lenders vaguely allege that the Receiver is engaging in "duplicative billing," Obj. to Receiver's Sixth Interim App. for Fees at 8, they offer no specifics, and their allegation is not supported by the Court's, or the SEC's, review of the fee applications. *See* SEC's Reply in Support of Receiver's Fifth Interim Fee App. at 1; SEC's Reply in Support of Receiver's Sixth Interim Fee App. at 1.

Finally, the objecting lenders argue, as they have in the past, that the Court should withhold 20% of the Receiver's requested fees in light of "[t]he apparent insolvency of the estate," Obj. to Receiver's Fifth Interim App. for Fees at 8. The Court is persuaded by the Receiver's response that the estate is not insolvent, given the current cash in hand as well as, *inter alia*, sales proceeds and escrow funds that are scheduled to be received in the near future. *See* Receiver's Combined Response to Obj. to Fee Apps. at 10. And the Court does not see any other reason to hold back fees at this time.

In sum, the Court determines that an award of the fees requested is appropriate, based on the complexity of the Receivership, the quality of the work performed, the benefit to the Receivership Estate, and the records presented with the applications. The lenders' objections are overruled, and the Receiver's motions are granted.

4


**IT IS SO ORDERED.**  ENTERED: 6/9/20

*/s/ John Z. Lee*

**John Z. Lee**
**United States District Judge**