# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | Civil Action No.: 18-CV-5587 |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | Hon. John Z. Lee |
| | Magistrate Judge Young B. Kim |
| Defendants. | |

**OBJECTION OF INTERVENOR VENTUS HOLDINGS, LLC TO RECEIVER'S EIGHTH MOTION TO CONFIRM SALE OF CERTAIN REAL ESTATE**

Intervenor, Ventus Holdings, LLC ("Ventus"), through its attorney, Michael B. Elman & Associates, Ltd., for its Objection to Receiver's Eighth Motion to Confirm Sale of Certain Real Estate, states as follows:

1. The real estate that is the subject of this motion consists of three (3) parcels, (i) 6949-59 South Merrill, (ii) 7600-10 South Kingston and (iii) 7656-58 South Kingston, all in Chicago, Illinois (collectively the "Properties").

2. Ventus agrees with the following facts contained in the Receiver's motion:

    A. The Receiver accepted Ventus' bids on each of the Properties;

    B. On or about April 15, 2020, Ventus was informed by its lender that due to the pandemic financing was no longer available. (Exhibit 6 to the Receiver's motion);

    C. On or about April 20, 2020, Ventus informed the Receiver that it was unable to proceed with the transactions (Exhibit 7 to the Receiver's motion); and

2

      D.    On May 8, 2020 the Receiver accepted alternative bids for each of the Properties.

3.    The Receiver's motion fails to state that Ventus tendered ten percent of each of its bids as an earnest money deposit. Accordingly, $431,520.00 of Ventus' money is being held in an escrow account.

4.    The motion does not address the Receiver's intention regarding these earnest money deposits. At some point in time this issue will need to be resolved and Ventus would seek return of these deposits based on numerous legal arguments.

5.    In the motion the Receiver also admits:

      A.    **6949-59 Merrill:**  Ventus' bid was $1,935,200.00 and the Receiver is asking the Court to approve a new bid of $1,520,000.00. A loss of $415,200.00;

      B.    **7600-10 Kingston:**  Ventus' bid was $1,870,000 and the Receiver is asking the Court to approve a new bid of $1,530,000.00. A loss of $340,000.00; and

      C.    **7656-58 Kingston:**  Ventus' bid was $510,000.00 and the Receiver is asking the Court to approve a new bid of $320,000.00. A los of $190,000.00.

Accordingly, if the Court confirms the pending bids, the Receivership Estate would receive a total of $945,200.00 less than it would have received from Ventus.

6.    Ventus is in the process of securing alternative financing and has received, and approved, term sheets from a new lender. Ventus will be ready, willing and able to purchase the Properties based upon these terms. Ventus has not attached these term sheets to this objection because they contain proprietary information but would, upon request, provide them to the Receiver.

7. Ventus had also entered into a fourth contract with the Receiver for a property located at 7110 South Cornell. This contract was also terminated. However, Ventus secured alternative financing based upon the identical terms as those stated in the pending term sheets. The Receiver agreed to reinstate this contact and is proceeding to closing.

8. By this objection, Ventus seeks two alternatives:

A. Deny the pending motion and order the Receiver to re-instate the Ventus contracts. This alternative would provide the greatest return to the Receivership Estate and avoid the time and expense of litigating the earnest money deposit issues; or

B. If this motion is granted and the pending bids are confirmed, grant leave to Ventus to file a motion for return of its earnest money deposits. In support of this motion, Ventus would argue that (i) the Receiver failed to mitigate its damages because the loss to the Receivership Estate would be $945,200.00, (ii) forfeiture of the earnest money deposits is an impermissible penalty and (iii) because of the pandemic, the Ventus contracts are unenforceable due to frustration of contractual purpose.

9. As the Court stated in its order entered on May 2, 2019, "the Receiver must act with due regard to the realization of the true and proper value of such real property".

10. Confirming the bids herein, which would cause the Receivership Estate to lose $945,200.00, would not be the realization of the true and proper value of the Properties, especially considering that Ventus is in the process of securing the financing necessary to now acquire the Properties.

11. In **Corporate Assets, Inc. v. Paloian**, 368 F.3d 761 (7th Cir., 2004), a bankruptcy proceeding, the plaintiff submitted the winning bid for the purchase of real

estate. After the auction was closed a new bid was submitted. The court then ordered the plaintiff to conduct a new auction. The plaintiff submitted a new bid in an amount that was $352,500.00 higher than its earlier bid. The court confirmed the higher bid. The plaintiff appealed, arguing that the court erred in ordering a second auction.

12. The Appellate court affirmed the confirmation of sale. In so doing, it analyzed two competing principles. The governing principle at a confirmation proceeding is to secure the highest price for the estate. But, there is also an interest in the finality and integrity of the process. Significantly, the court held that the trial court has more discretion to reject a bid prior to, rather than after, confirmation because consideration of a late bid would not unduly frustrate the reasonable expectations of the participants or compromise the integrity of the process.

13. Under Illinois foreclosure law the court has broad discretion to approve or disapprove a confirmation of sale. **Mortgage Electronic Registration Systems, Inc. v. Thompson**, 368 Ill.App.3d 1035, 859 N.E.2d 621 (1st Dist. 2006).

14. Also under Illinois foreclosure law, until confirmation, the sale is merely an irrevocable offer which is not deemed accepted until confirmed by the court. **In Re Laporta**, 578 B.R. 792 (2017).

15. In **JP Morgan Chase Bank v. Fankhauser**, 383 Ill.App.3d 254, 890 N.E.2d 592 (2nd Dist. 2008), the appellate court reversed a confirmation of sale finding that the sale price was unconscionable. The fair market value of the real estate was $385,000.00 (or $325,000.00) and the sale price was $32,212.40.

16. Similarly, in **Commercial Credit Loans, Inc. v. Espinoza**, 293 Ill.App.3d 915, 689 N.E.2d 282 (1st Dist. 1997), the appellate court affirmed an order denying a

5

motion to confirm sale because the sale's price was only one-sixth of the property's fair market value.

17. The facts before this Court clearly give the Court a basis for denying the motion here. If the motion were to be granted the Receivership Estate would lose $945,200.00.

18. Moreover, the Receiver did not act in good faith. The Receiver accepted the new bids only 18 days after the Ventus deals were terminated. The Receiver never re-opened the bidding in an attempt to realize the fair market value of the Properties. Alternatively, the Receiver could have waited a few months until the effects of the pandemic subsided. Lastly, the Receiver could have worked with Ventus to allow Ventus to obtain alternative financing, which Ventus is doing, thereby receiving fair market value for the Properties.

19. If it is the Receiver's intention to ask the Court to order payment of Ventus' earnest money deposits to the Receivership Estate, such an intention would result in needless expense to litigate the issue. Furthermore, in the best case scenario for the Receivership Estate, the earnest money totals only $431,520.00 leaving a shortfall of $513,680.00.

WHEREFORE, Intervenor, Ventus Holdings, LLC respectfully requests that the Court enter an order denying the Receiver's Eighth Motion to Confirm Sale of Certain Real Estate and either:

A. Direct the Receiver to re-instate the Ventus contracts thereby allowing Ventus to purchase the Properties; or alternatively

B. Grant leave to Ventus to file a motion for return of its earnest money

deposits.

        Respectfully Submitted,


        <u>s/Michael B. Elman</u>
        Attorney for Ventus Holdings, LLC


Michael B. Elman & Associates, Ltd.
10 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312)541-0903
melman@mbelmanlaw.com

## **CERTIFICATE OF SERVICE**

    I hereby certify on _____ \_\_\_, 2020, the undersigned electronically filed this Objection of Intervenor Ventus Holdings, LLC to Receiver's Eighth Motion to Confirm Sale of Certain Real Estate with the Clerk of the United States District Court for the Northern District of Illinois, via the CM/ECF system and copies thereof were served to counsel of record via the CM/ECF system.

                                                /s/ Michael B. Elman
                                                Attorney for Ventus Holdings, LLC

Michael B. Elman & Associates, Ltd.
10 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312)541-0903
melman@mbelmanlaw.com