UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.:  18-CV-5587 |
| v. | ) ) | Honorable Judge John Z. Lee |
| EQUITYBUILD,INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | ) ) ) ) | Magistrate Judge Young B. Kim |
| Defendants. | ) ) | |

**MEMORANDUM IN SUPPORT OF RECEIVER'S EIGHTH MOTION TO CONFIRM SALE OF CERTAIN REAL ESTATE AND RESPONSE TO OBJECTIONS OF VENTUS HOLDINGS, LLC AND THOROFARE
ASSET BASED LENDING  REIT FUND IV, LLC**

Pioneer Acquisitions LLC ("**Pioneer**") through its attorneys, Field and Goldberg, LLC, for its Memorandum in Support of Receiver's Eighth Motion to Confirm Sale of Certain Real Estate and For the Avoidance of Certain Mortgage, Liens, Claims and Encumbrances (the "**Confirmation Motion**") on certain real estate including the real property commonly known as 6949-59 South Merrill, Chicago, Illinois (the "**Merrill Property**") and in Response to the Objections to the Confirmation Motion filed by Ventus Holdings, LLC ("**Ventus**") (the "**Ventus Objection**") and Thorofare Asset Based Lending REIT Fund IV, LLC ("**Thorofare**") (the "**Thorofare Objection**") states as follows:

1.  Subsequent to the inability of Ventus to fulfill its contractual obligation and proceed with the acquisition of the Merrill Property and subsequent to Thorofare, the secured lender, declining to make a credit bid for the third time, Pioneer, as purchaser,

1

and the Receiver appointed herein, entered into a Purchase & Sale Agreement on May 8, 2020 (the "**PSA**"). *Confirmation Motion ¶¶ 23 – 24.*

2. Pursuant to the PSA and during the COVID-19 epidemic, Pioneer spent significant time and money inspecting the Merrill Property and performing Pioneer's due diligence.

3. Pioneer is ready, willing and able to close on the acquisition of the Merrill Property pursuant to the terms of the PSA and only awaits confirmation of the sale. *Affidavit of L. Jayson Lemberg* at ¶ 1.

4. The objections to the Confirmation Motion of both Ventus and Thorofare relate to the allegation that Ventus is willing to pay more money than Pioneer.

5. Although Ventus states that it "will be ready, willing and able to purchase the Properties", Ventus:

   (a) fails to state when Ventus will be ready and able to close,

   (b) fails to state that the term sheet, for the financing Ventus requires to close, contains no conditions or contingencies whatsoever, or in the alternative that all conditions and contingencies have been satisfied,

   (c) fails to state that there are no conditions or contingencies whatsoever required by the new lender for the loan to Ventus, or in the alternative that all conditions and contingencies have been satisfied, and

   (d) fails to state when the new lender will be in a position to close.

6. Pioneer can close on the acquisition of the Merrill Property <u>without</u> financing. *Affidavit of L. Jayson Lemberg* at ¶ 2.

7. Both Ventus and Thorofare would like this Court to disregard long-standing decisions made by Illinois courts as stated in *Steinbrecher v. Steinbrecher*, 197 Ill.2d 514, 759 N.E.2d 509 (Ill. 2001) that:

> **Illinois law protects the integrity and finality of property sales, including judicial sales**. Dixon v. City National Bank, 81 Ill.2d 429, 433, 43 Ill.Dec. 710, 410 N.E.2d 843 (1980); Checkley & Co. v. Citizens National Bank, 43 Ill.2d 347, 350, 253 N.E.2d 441 (1969); Blancett v. Taylor, 6 Ill.2d 434, 438, 128 N.E.2d 916 (1955); Shultz v. Milburn, 366 Ill. 400, 405, 9 N.E.2d 199 (1937); Levy v. Broadway-Carmen Building Corp., 366 Ill. 279, 282-83, 8 N.E.2d 671 (1937); Smith v. Herdlicka, 323 Ill. 585, 592-93, 154 N.E. 414 (1926); Crist v. McCoy, 287 Ill. 641, 647, 122 N.E. 857 (1919); Osmond v. Evans, 269 Ill. 278, 284, 110 N.E. 16 (1915); Conover v. Musgrave, 68 Ill. 58, 62 (1873). Indeed, it extends this protection to purchasers who without notice at the time of the purchase buy in good faith. **This finality and permanence is relied on by both purchasers and others in connection with the purchase of the property**, including financial institutions, title insurers, realtors, and tenants. **Absent this policy, no person would purchase real property involved in a judicial proceeding, if afterwards he incurred the hazard of losing the property due to facts unknown to him at the time of the sale**. (emphasis added) *Id.* at 518.

8. At the time Pioneer entered into the PSA with the Receiver, Pioneer had no knowledge whatsoever that Ventus, or any other prospective purchaser, would be allowed to intervene and claim a better right to the acquisition of the Merrill Property to Pioneer's detriment. *Affidavit of L. Jayson Lemberg* at ¶ 3.

9. To allow Ventus to usurp Pioneer's right to purchase the Merrill Property pursuant to the PSA, after Ventus failed to fulfill its contractual obligation, is simply unjust and would discourage future prospective purchasers of properties.

10. Section 1508(b) of the Illinois Code of Civil Procedure states as follows:

> (b) Hearing. Upon motion and notice in accordance with court rules applicable to motions generally, which motion shall not be made prior to sale, the court shall conduct a hearing to confirm the sale. Unless the court finds that (i) a notice required in accordance with subsection (c) of Section 15-1507 was not given, (ii) the terms of sale were unconscionable, (iii) the

3

sale was conducted fraudulently or (iv) that justice was otherwise not done, the court **shall** then enter an order confirming the sale." (emphasis added.) *735 ILCS 5/15-1508(b).*

11. Other than Ventus alleging that it can now pay more money than Pioneer and more money will allegedly be available for creditors, Ventus and Thorofare:

    (a)    fail to allege that notice was not properly given,

    (b)    fail to allege the terms of the sale were unconscionable[1].

    (c)    fail to allege the sale was conducted fraudulently, and

    (d)    fail to allege justice was not done.

12. Thus, according to Illinois law, the court **shall** enter an order confirming the sale of the Merrill Property to Pioneer.

13. In the event the sale of the Merrill Property to Pioneer is not confirmed, and such failure to confirm is not as a result of any action or inaction of Pioneer, then Pioneer should be entitled to recover reimbursement for Pioneer's expenses and time.

WHEREFORE, Pioneer Acquisitions LLC respectfully requests that this Honorable Court enter an order:

    A.    Confirming the Receiver's Eighth Motion to Confirm the Sale of Certain Real Estate and For the Avoidance of Certain Mortgage, Liens, Claims and Encumbrances; or in the alternative

    B.    Direct the Receiver to reimburse Pioneer for Pioneer's expenses including, but not limited to attorneys fees and inspection fees, and a reasonable

---

[1] The cases cited by Ventus in the Ventus Objection where the purchase prices were approximately 1/6th and 1/10th of the fair market value clearly shock the conscience. No such allegation has been made in this case that would lead this Court to find that the sale was unconscionable.

amount for the time Pioneer spent subsequent to the execution of the PSA to be proved up at a later date.

Dated: July 8, 2020

                                        Respectfully submitted,

                                        PIONEER ACQUISITIONS LLC

                                        /s/ Jay R. Goldberg
                                        Jay R. Goldberg
                                        Attorney for Pioneer Acquisitions LLC

Jay R. Goldberg
Field and Goldberg, LLC
10 South LaSalle Street, Suite 2910
Chicago, Illinois 60603
(312) 408-7271
jgoldberg@fieldandgoldberg.com

## EXHIBIT A

## AFFIDAVIT OF L. JAYSON LEMBERG

I, L. Jayson Lemberg, a member of Pioneer Acquisitions LLC ("**Pioneer**"), having first been duly sworn on oath and if called to testify in open court could competently testify based upon personal knowledge as follows:

1. Pioneer is ready, willing and able to close on the acquisition of the property commonly known as 6949-59 South Merrill, Chicago, Illinois (the "**Merrill Property**").

2. Pioneer can close on the acquisition of the Merrill Property <u>without</u> financing.

3. At the time Pioneer entered into the PSA with the Receiver, Pioneer had no knowledge whatsoever that Ventus, or any other prospective purchaser, would be allowed to intervene and claim a better right to the acquisition of the Merrill Property to Pioneer's detriment.

FURTHER AFFIANT SAYETH NOT.

_____
L. Jayson Lemberg

SUBSCRIBED AND SWORN TO before me this 7th day of July 2020.

_Amanda DeRaffele_
Notary Public

Amanda L. DeRaffele
Notary Public, State of New York
No. 01DE6382352
Qualified in Westchester County
Commission Expires October 22, 2022