# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** | ) |
| | ) |
| **Plaintiff,** | ) **Civil Action No. 18-cv-5587** |
| | ) |
| **v.** | ) **Hon. John Z. Lee** |
| | ) |
| **EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,** | ) **Magistrate Judge Young B. Kim** |
| | ) |
| **Defendants.** | ) |

## RECEIVER'S (1) SECOND MOTION FOR RESTORATION OF FUNDS EXPENDED FOR THE BENEFIT OF OTHER PROPERTIES; AND (2) NINTH MOTION TO CONFIRM THE SALE OF CERTAIN REAL ESTATE AND FOR THE AVOIDANCE OF CERTAIN MORTGAGES, CLAIMS, LIENS, AND ENCUMBRANCES

Kevin B. Duff, as receiver ("Receiver") for the Estate of Defendants EquityBuild, Inc. ("EquityBuild"), EquityBuild Finance, LLC ("EquityBuild Finance"), their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen (collectively, the "Receivership Defendants"), and pursuant to the powers vested in him by that certain Order Appointing Receiver entered on August 17, 2018 (Docket No. 16), as supplemented by that certain Order entered March 14, 2019 (Docket No. 290) and that certain Order entered February 21, 2020 (Docket No. 634), respectfully moves for Court approval to (i) use proceeds from the sale of twenty-four sold properties to restore funds they received from other properties or the Receiver's account to preserve, maintain, and improve them prior to their sale (pp. 2-12); and (ii) for confirmation of the sale of fourteen apartment building properties and for the avoidance of certain mortgages, liens, claims, and encumbrances (pp. 13-42).

The Receiver intends to serve a copy of this motion (and the accompanying notice of motion) upon all interested parties of which he is currently aware by electronic mail, to the extent he possesses an e-mail address, or by regular mail if he possesses a mailing address but no e-mail address. The Receiver will use information obtained from EquityBuild's records, as well as communications received during the course of the Receivership, to ensure that contact information is as complete as reasonably possible. A copy of this consolidated motion will also be posted on the Receiver's webpage at *http://rdaplaw.net/receivership-for-equitybuild.*

**RECEIVER'S SECOND MOTION FOR RESTORATION**
**OF FUNDS EXPENDED FOR THE BENEFIT OF OTHER PROPERTIES**

Kevin B. Duff, as the receiver ("Receiver") for the Estate of Defendants EquityBuild, Inc., EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen (collectively, the "Receivership Defendants"), hereby moves for Court approval to use proceeds from the sale of twenty-four sold properties ("the benefited properties"), consistent with the prior orders of this Court, to restore funds they received from other properties or the Receiver's account to preserve, maintain, and improve them prior to their sale. The sale proceeds for each of the benefited properties are currently held in separate accounts. In support of this motion, the Receiver submits a declaration (Exhibit 1), a schedule identifying each of the benefited properties[1] and the amount of funds the Receiver requests for restoration (Exhibit 2), and a schedule reflecting the amounts due from each of the benefited properties (Exhibits 3-26), and states as follows:

---

[1] There are other properties, in addition to the 24 addressed by this motion that also received the benefit of rent proceeds from other properties or funds from the Receiver's account, but they either have not yet been sold or are recently sold such that the accounting for the amounts they received was not yet complete by the time this motion was filed. The Receiver will file a subsequent motion relating to those properties seeking similar relief

**Relevant Background**

1.     The Court appointed the Receiver to marshal and preserve the assets of the Receivership Estate.  (*See, e.g.,* Docket No. 16, at 1)  As this Court is aware, there are 116 real estate assets in the Estate and many of those properties have lacked sufficient funds to pay for their operating and other costs.  As the Court is also aware, the Defendants' scheme obfuscated priority interests in the properties, requiring the Receiver to preserve the benefited properties and their sales proceeds until a claims process is implemented and priority interests are determined.

2.     Many of the properties face or have faced difficult circumstances, including crumbling walls and facades, porches falling off structures, inadequate heating systems, unpaid water and electric bills, unpaid real estate taxes, deferred maintenance, onsite or nearby gang or other illegal activity, and similar significant and substantial challenges.  Some of the properties had high vacancy rates, due to their location, physical state, need for repairs, or other challenges.  These challenges were made manifest by enormous management and cost burdens, attributable largely to the state in which the properties were left by the Cohens.  While some of the properties generate sufficient income to cover their costs (*e.g.,* taxes, property management, repairs, utilities, etc.), many did not or do not have enough income to do so.  Indeed, when the Receivership commenced, the Cohens had drained out the cash, and as part of the fraud simply left many of the properties in a compromised state, so that many properties were unable to pay and/or had not been paying their own costs.   (Declaration of Kevin B. Duff ("Duff Declaration"), ¶ 3)

3.     In addition, most of the properties are low-income properties in distressed neighborhoods of Chicago.  They are occupied by hundreds of Chicago families and individuals, many of whom benefit from government-subsidized housing programs.  Had the properties been shut down, vacated, boarded up, allowed to fall into disrepair, and abandoned, significant life and

safety issues would have gone unaddressed and the value of the properties would have fallen markedly.  (*Id.* ¶ 4)

4.      In the first few months of the Receivership, funds were used from performing properties to preserve and maintain underperforming properties as necessary on a portfolio basis. By order dated February 13, 2019, the Court ordered the Receiver to restore rents to such performing properties to the extent there are enough funds now or later.  Since that Order, as reported throughout the receivership, the Receiver has used net sale proceeds from properties previously identified and understood to be unencumbered[2] and other recovered funds both for rent restoration and to preserve, maintain, and improve the benefited properties until they were sold. (*See id.* ¶ 6)

### **Restoration of Rent for Certain Properties and Funds to the Receiver's Account**

5.      This motion involves the following twenty-four (24) properties[3] that received funds from the rent proceeds of other properties or from the Receiver's account for which restoration is now sought:

> a.  6160-6212 S. Martin Luther King: sale approved on April 24, 2019 with escrow account established with net proceeds (Docket No. 346)

---

[2] These properties were sold and their proceeds approved for use to pay operating expenses associated with the Receivership without objection (*see, e.g.,* Docket Nos. 346, 571), including without limitation for the preservation and maintenance of the properties that are the subject of this motion. Certain claimants have asserted interests in those former properties during the claims process. If the Court determines that any of those claims were secured, have priority, and/or have not been waived, then the Receiver would plan to file a motion to address reconciliation of funds consistent with such rulings.

[3] For ease of reference, each of these properties is identified by its most commonly known address and its initial street number. Some properties may be known by alternative addresses and/or have additional street numbers.  The docket number of the order granting the motion to approve the sale of each is indicated.

b. 7927-49 S. Essex; sale approved on April 24, 2019 with escrow account established with net proceeds (Docket No. 348)[4]

c. 7834-44 S. Ellis: sale approved on November 4, 2019 with escrow account established with net proceeds (Docket No. 571)

d. 5955-59 S. Sacramento: sale approved on November 4, 2019 with escrow account established with net proceeds (Docket No. 571)

e. 6001-05 S. Sacramento: sale approved on November 4, 2019 with escrow account established with net proceeds (Docket No. 571)

f. 7026-42 S. Cornell: sale approved on November 4, 2019 with escrow account established with net proceeds (Docket No. 571)

g. 701-13 S. 5th: sale approved on November 4, 2019 with escrow account established with net proceeds (Docket No. 571)

h. 7750-58 S. Muskegon: sale approved on December 12, 2019 with escrow account established with net proceeds (Docket No. 602)

i. 7748-52 S. Essex: sale approved on December 12, 2019 with escrow account established with net proceeds (Docket No. 602)

j. 7635-43 S. East End: sale approved on December 12, 2019 with escrow account established with net proceeds (Docket No. 602)

k. 8047-55 S. Manistee: sale approved on January 17, 2020 with escrow account established with net proceeds (Docket No. 616)

---

[4] 7927 S. Essex refers to five properties at 7927-49 S. Essex, but which are referenced as a single property in this motion. Sold together, these properties have a single account holding their net sales proceeds.

l.  7749-59 S. Yates: sale approved on February 21, 2020 with escrow account established with net proceeds (Docket No. 633)

m.  7450 S. Luella: sale approved on April 1, 2020 with escrow account established with net proceeds (Docket No. 680)

n.  7546-48 S. Saginaw: sale approved on April 1, 2020 with escrow account established with net proceeds (Docket No. 680)

o.  8201 S. Kingston: sale approved on April 1, 2020 with escrow account established with net proceeds (Docket No. 680)

p.  8326-58 S. Ellis; sale approved on April 1, 2020 with escrow account established with net proceeds (Docket No. 680)[5]

q.  5450-52 S. Indiana; sale approved on June 16, 2020 with escrow account established with net proceeds (Docket No. 715)

r.  6437-41 S. Kenwood; sale approved on June 16, 2020 with escrow account established with net proceeds (Docket No. 715)

s.  7760 S. Coles; sale approved on June 16, 2020 with escrow account established with net proceeds (Docket No. 715)

t.  8000-02 S. Justine; sale approved on June 16, 2020 with escrow account established with net proceeds (Docket No. 715)

u.  8107-09 S. Ellis; sale approved on June 16, 2020 with escrow account established with net proceeds (Docket No. 715))

---

[5] 8326 S. Ellis refers to four properties at 8326-58 S. Ellis, but which are referenced as a single property in this motion. Sold together, these properties have a single account holding their net sales proceeds.

      v.  8214-16 S. Ingleside; sale approved on June 16, 2020 with escrow account established with net proceeds (Docket No. 715)

     w.  11117-39 S. Longwood; sale approved on June 16, 2020 with escrow account established with net proceeds (Docket No. 715)

     x.  8209-13 S. Ellis; sale approved on June 16, 2020 with escrow account established with net proceeds (Docket No. 715)

(*See also* Duff Declaration, ¶ 8)  Attached as Exhibit 2 is a chart that provides, for each of these properties, the date sold, the gross sale price, the net sale proceeds held in a separate account by the Receiver, and the amount owed as reimbursement as discussed below.[6]

      6.     From the beginning of the Receivership through at least March 31, 2020, each of these properties benefited from the rent income of other properties and from other funds in the Receiver's account.  In that regard, the Receivership has worked with its professionals including the property managers for the benefited properties in the effort to preserve, maintain, and improve them.  The covered expenses included property management costs, real estate taxes, and insurance costs.  Property management costs included but were not limited to property management fees, unit turns, utilities (gas, electric, water), garbage service, tenant and rental services, various repairs (labor and supplies), janitorial services, landscaping services, extermination services, supervising building access to outside vendors (such as locksmiths, plumbers, electricians, glass repairmen, utility company inspectors, etc.), asset reconciliation and accounting services, posting notices, eviction-related services, and permits.  (*Id.* ¶ 9)

---

[6] As other properties are sold that also have received monies from the Receivership, the Receiver will file one or more motions related to those properties for restoration of such amounts.  It is anticipated that such amounts will exceed $700,000.

7.     Exhibit 2 to the motion provides a summary of the costs that have been advanced to the property managers or paid directly by the Receiver for each of the 24 benefited properties through March 31, 2020, which totals an aggregate number of $1,587,866.14 (the "Aggregate Restoration Amount").[7]     These expenses were necessary and appropriate to address the maintenance, preservation, and improvement of the benefited properties.  (*Id.* ¶ 10)  The amounts are reflected in the monthly reports for each property prepared by the BrookWeiner accounting firm based upon monthly profit and loss reports from the property managers, schedules maintained by the Receiver of expenditures per property, and information provided by the insurance agent (Rosenthal Brothers) used to allocate the percentage of total insurance costs to each property on a proportionate basis. These reports are provided monthly to the institutional lenders, accompanied by an email which includes analysis and discussion of the information included in the reports, their components, and the terms used.  (*Id.* ¶¶ 10-11)  The most recent reports for the 24 benefited properties from which reimbursement is sought are also attached to the motion as Exhibits 3-26 to the motion.  (*Id.*)

8.     Properties that had their rent proceeds used for the benefit of the other properties have been receiving rent restoration (through direct transfers to the accounts for those properties and through expenditures benefiting such properties made from other Receivership funds) and this motion seeks to complete that effort.  Likewise, funds used from the Receiver's account for the benefit of other properties, including those that are subject of this motion, should also be restored to the Receiver's account now that those benefited properties have been sold and funds are

---

[7] The monthly reporting through March 2020 reflects the amount each property was owed for rent restoration or was required to restore to other properties or the Receiver's account.  As subsequent monthly reporting is completed, and more properties are sold, the Receiver will file another motion to address amounts due to be restored for expenses made on behalf any properties that benefited from such funds after March 2020.

available.  Thus, through this motion, the Receiver seeks both to complete the rent restoration due under the Court's February 13, 2019 Order and to restore funds to the Receiver's account that have been expended for the benefited properties.

### Legal Standard

9.     "The district court appointing the receiver has discretion over who will pay the costs of the receiver."  *SEC v. Elliott*, 953 F.2d 1560, 1576 (11th Cir. 1992) (citing *Bowersock Mills & Power Co. v. Joyce,* 101 F.2d 1000, 1003 (8th Cir. 1939)).  "It is appropriate and obvious that a receiver will make expenditures to maintain trust property." *Id.* (citing *Union Trust Co. v. Illinois M.R. Co.,* 117 U.S. 434, 456 (1886)); *see also Clark on Receivers* § 641 (3d ed. 1959) ("property which is benefitted by the receivership should bear its share of the costs and expenses of the receivership including receivers fees"); *Schreiber v. Ditch Road Investors,* 164 Cal.Rptr. 633, 636, 105 Cal.App.3d 675 (Cal. Ct. App. 1980) (real estate taxes were properly paid by receiver as an expense of the receiver).

10.     "The power of a court of equity to appoint managing receivers of such property ... and to authorize such receivers to raise money necessary for the preservation and management of the property, and make the same chargeable as a lien thereon for its repayment, cannot, at this day, be seriously disputed....  The character of the property gives character to the particular species of preservation which it requires.  ... [T]he court, while in charge of the property, has the power, and the duty, to make such repairs as are necessary to keep the property and its structures in a safe and proper condition to serve the public." *Union Trust Co. v. Illinois Midland Railway. Co.,* 117 U.S. 434, 454-56 (1886).

11.     "As a general rule, the expenses and fees of a receivership are a charge upon the property administered."  *Gaskill v. Gordon*,  27 F.3d 248, 251 (7th Cir. 1994) (citing *Atlantic Trust*

*Co. v. Chapman*, 208 U.S. 360, 375-76 (1908); *Donovan v. Robbins,* 588 F. Supp. 1268, 1271 (N.D. Ill. 1984)); *Gaskill v. Gordon*, 1993 WL 64642, at *3 (N.D. Ill. 1993) ("The general rule regarding payment of receivership expenses is that: [C]osts and expenses of a receivership, including compensation for the receiver, counsel fees, and obligations incurred by him in the discharge of his duties, constitute a first charge against the property or funds in the receivership....") (citing 66 Am. Jur. 2d *Receivers* § 281 (1973); *Donovan,* 588 F. Supp. at 1271 ("As a general rule, the expenses and costs of a receivership are charged to the property or fund administered.")). In receivership actions, "it is common to give priority to the costs of repairs." *Cagan v. Mutual Ben. Life Ins. Co.*, 28 F.3d 654, 656 (7th Cir. 1994) (observing a bankruptcy trustee would routinely recover such expenses and that mechanics' and materialmen's liens serve the same function). In *Cagan v. Mutual Ben. Life Ins. Co.*, the Seventh Circuit observed it would be "startling … [for a mortgagee to] believe that the receiver must stand in line behind its mortgage." 28 F.3d 654, 656 (7th Cir. 1994).

12.     "[I]t is appropriate to charge a secured creditor for maintenance of the collateral…." *Id.* In most cases, it is easy to determine the benefit a receiver confers on a property, such as when the receiver pays the property's taxes. *Elliott*, 953 F.2d at 1576-77. But sometimes it is difficult to determine the benefits a receiver has conferred on receivership property and the benefits may be subtle. *Id.* Ultimately, the Court has the discretion to determine who will pay the costs expended to preserve and maintain the assets of a receivership. *Id.* at 1576.

13.     The Court's February 13, 2019 rent restoration order (which was sought and obtained by the institutional lenders) was premised in many respects on these same principles. *See* Docket No. 223. At its core, the rent restoration ruling requires those properties that have received the benefit of funds from other sources to reimburse or restore funds to those sources. This motion,

in the same fashion as the Receiver's first rent restoration motion (*see* Docket Nos. 460, 493 & 494), seeks reimbursement of funds from benefited properties to complete rent restoration to those properties to which rent restoration remains due, and to restore funds to the Receiver's account that were used for the 24 benefited properties.

## Analysis and Requested Relief

14.     As set forth above, the Receiver paid various expenses for the benefit of the 24 properties that are the subject of this motion that were necessary for the preservation, maintenance, and improvement of those properties.  This included items such as property taxes, insurance, utilities, upkeep, and repairs.  Without these expenditures, the benefited properties could not have been preserved, maintained, improved, and ultimately sold.  When other properties had their rent proceeds used for the benefit of the other properties, the Court found they were entitled to rent restoration.  This motion will complete that effort.  Likewise, funds used from the Receiver's account used for the same purposes – for the benefit of other properties – should be restored to the Receiver's account now that those benefited properties have been sold and funds are available.

15.     Consistent with the court's prior orders, the discussion set forth above, and the exhibits attached hereto, the Receiver respectfully requests approval to transfer the Aggregate Restoration Amount from the separate accounts for the benefited properties: first, *pro rata*,[8] to accounts for the benefit of those properties to which rent restoration is due; and second, to the Receiver's account.  Specifically, the Receiver requests approval to transfer: (i) $391,830.42, or such lesser amount that equals the total rent restoration remaining due as of the date of transfer, to

---

[8] For purposes of determining *pro rata* transfers, and consistent with the Receiver's first rent restoration motion, the Receiver will use as a basis the amounts reflected on the most recent monthly rent restoration reports provided to the lenders.  Those most recent reports provide information through March 31, 2020.  The rent restoration reports are updated monthly, following receipt of monthly financial reporting from the property managers.

the separate accounts for those properties to which rent restoration is due; and (ii) the remainder of the Aggregate Restoration Amount, after completion of rent restoration,[9] to the Receiver's account.  (Duff Declaration, ¶ 11)  These transfers are consistent with the applicable legal standard, described above.  *See also, e.g., In re Spicewood Associates,* 445 F. Supp. 564, 570 n.5 (N.D. Ill. 1977) ("fees and expenses of a receiver in administering a property are properly chargeable against the owner thereof and/or against the proceeds from the sale thereof") (cited by *Gaskill v. Gordon*, 1993 WL 64642, at *3 (N.D. Ill. 1993)); *see also Donovan v. Robbins*, 588 F. Supp. 1268, 1271 (N.D. Ill. 1984) (same).  In accordance with the Court's prior orders, these amounts transferred back to the Receiver's account as described above would then be available to pay ongoing expenses, which is critical for the continued operations of the Receivership as articulated in prior submissions.  It is imperative that such reimbursement be approved as quickly as possible.  (Duff Declaration, ¶ 11)

WHEREFORE, the Receiver respectfully requests that the Court grant the Receiver's motion by entering an order in the form attached at Tab 1, approving the Receiver's request to transfer funds from the 24 separate accounts holding the net proceeds from the sales of those benefited properties that are the subject of this motion consistent with Exhibit 2 to (i) complete rent restoration consistent with the Court's February 13, 2019 Order, and (ii) restore funds to the Receiver's account for continued administration of the receivership; and (c) for such other relief as the Court determines is just and equitable.

---

[9] This was $1,196,055.72 as of March 31, 2020, but will increase by the amount, if any, by which the rent restoration amount (which was $391,830.42 of March 31, 2020) has been reduced between March 31, 2020 and the transfer date.

### RECEIVER'S NINTH MOTION TO CONFIRM THE
### SALE OF CERTAIN REAL ESTATE AND FOR THE AVOIDANCE OF
### CERTAIN MORTGAGES, LIENS, CLAIMS, AND ENCUMBRANCES

Kevin B. Duff, as receiver ("Receiver") for the Estate of Defendants EquityBuild, Inc. ("EquityBuild"), EquityBuild Finance, LLC ("EquityBuild Finance"), their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen (collectively, the "Receivership Defendants") respectfully moves for approval of the sale of certain real estate and for the avoidance of certain mortgages, liens, claims, and encumbrances.

To the extent that this motion makes reference to "secured" interests or "released" mortgages, those references are descriptive only and not intended as representations that the subject security instruments have been conclusively determined "secured" or "released." This motion takes no position with respect to the validity or priority of any encumbrance referenced herein, and the order in which any encumbrances are enumerated in the paragraphs that follow should not be construed as a finding or opinion regarding such issues.

***This Court Authorized The Receiver To Sell Assets Owned By The Receivership Defendants.***

16. The United States Securities and Exchange Commission filed this case against EquityBuild, EquityBuild Finance, Jerome Cohen, and Shaun Cohen alleging violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. 240.10b-5, Section 20(a) of the Exchange Act, 15 U.S.C. §78t(a), Sections 5(a) and 5(c) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §77e(a) and (c), and Section 17(a) of the Securities Act, 15 U.S.C. §§77q(a).

17. In its August 17, 2018 Order Appointing Receiver (Docket No. 16), the Court assumed exclusive jurisdiction over, and possession of, the assets of the Receivership Defendants, including 1700 Juneway LLC ("Juneway"), and, by Order entered March 14, 2019 (Docket No. 290), the Court expanded the list of Receivership Defendants to include SSDF2 1139 E 79th

LLC, SSDF4 6250 S. Mozart LLC, SSDF5 Portfolio 1 LLC, SSDF7 Portfolio 1 LLC , and SSPH Portfolio 1 LLC.

18.     In the Order Appointing Receiver, the Court conferred upon the Receiver (1) "all powers, authorities, rights and privileges" theretofore possessed by the principals of the Receivership Defendants under applicable state and federal law, as well as by the governing operating and shareholders' agreements and (2) all powers and authority of a receiver at equity, as well as all powers conferred upon a receiver under 28 U.S.C. §§ 754, 959, and 1692, and FRCP 66. (Docket No. 16, ¶ 4)

19.     The Court further authorized the Receiver to "take all necessary and reasonable actions to cause the sale" of "all real property in the Receivership Estate, either at public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such real property." (*Id.*)

***The Receiver Will Provide Fair, Adequate, And Sufficient Notice Of This Motion To All Interested Parties.***

20.     In addition to service through the Court's electronic case filing system, the Receiver intends to serve a copy of this motion (and the accompanying notice of motion) upon all interested parties of which he is currently aware by electronic mail (to the extent he possesses an e-mail address) or by regular mail if he possesses a mailing address but no e-mail address.

21.     The Receiver will use information obtained from EquityBuild's records, as well as communications received during the course of the Receivership, to ensure that contact information is as complete as reasonably possible.

22.     A copy of this motion will also be posted on the Receiver's webpage at *http://rdaplaw.net/receivership-for-equitybuild.*

***The Receiver Seeks Judicial Confirmation Of The Sales Of Fourteen Apartment Buildings.***

23.     The Receiver seeks judicial confirmation of the sales of the residential apartment buildings located at 1700-08 West Juneway Terrace, Chicago, Illinois 60626 ("1700-08 West Juneway"), 1131-41 East 79th Street, Chicago, Illinois 60619 ("1131-41 East 79th"), 6250 South Mozart Avenue, Chicago, Illinois 60629 ("6250 West Mozart"), 3074 East Cheltenham Place, Chicago, Illinois 60649 ("3074 East Cheltenham"), 7201 South Constance Avenue, Chicago, Illinois 60649 ("7201 South Constance"), 2736-44 West 64th Street, Chicago, Illinois 60629 ("2736-44 West 64th"), 6355-59 South Talman Avenue, Chicago, Illinois 60629 ("6355-59 South Talman"), 6356 South California Avenue, Chicago, Illinois 60629 ("6356 South California"), 7051 South Bennett Avenue, Chicago, Illinois 60649 ("7051 South Bennett"), 7201-07 South Dorchester Avenue, Chicago, Illinois 60619 ("7201-07 South Dorchester"), 7508 South Essex Avenue, Chicago, Illinois 60649 ("7508 South Essex"), 7953-59 South Marquette Road, Chicago, Illinois 60617 ("7953-59 South Marquette"), 5618-20 South Martin Luther Drive, Chicago, Illinois 60637 ("5618-20 South King"), and 6558 South Vernon Avenue, Chicago, Illinois 60637 ("6558 South Vernon").

24.     On January 24, 2020, as part of a consolidated pleading, the Receiver filed a Sixth Motion For Court Approval Of The Process For Public Sale Of Real Property By Sealed Bid (the "Sixth Motion"), and each of the properties identified herein was included within the scope of that motion. (Docket No. 618)

25.     The Sixth Motion was granted by Order dated April 1, 2020 (Docket No. 681), subject, among other things, to the rights of lenders to credit bid for the properties securing their loans, provided they post a letter of credit in the amount of the bid if the Receiver identifies a *bona fide* dispute regarding the validity or priority of their security.

26.     Pursuant to 28 U.S.C. § 2002, a public sale of realty may be made by notice published "once a week for four weeks prior to the sale in at least one newspaper regularly issued and of general circulation in the county, state or judicial district of the United States wherein the realty is situated."

27.     Notice of the public sale of 1700 West Juneway was published for four consecutive weeks between February 27, 2020, and March 19, 2020, in the Chicago Sun-Times, and the bid deadline was March 31, 2020. (*See* Certificate of Publication, Exhibit 27.)

28.     Notice of the public sale of the thirteen remaining properties subsumed within this motion was published for four consecutive weeks between May 6, 2020, and May 27, 2020, in the Chicago Sun-Times, and the bid deadline was June 3, 2020. (*See* Certificate of Publication, Exhibit 28.)

**1700-08 West Juneway**

29.     The Receiver, acting upon the advice of his real estate brokers at SVN and his retained professionals, asked $3,200,000 for 1700-08 West Juneway.

30.     Bids were submitted by eight prospective purchasers, and the Receiver accepted an offer from Becovic Residential LLC to purchase the property for $2,800,000. (A true and accurate copy of the Purchase and Sale Agreement is attached at Exhibit 29.)

31.     Title to 1700 West Juneway is vested in 1700 Juneway LLC and clouded by the following encumbrances of record:

        a.      that certain Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing recorded April 11, 2017, as Document No. 1710129089, and re-recorded April 12, 2017, as Document No. 1710206148 and that certain Financing Statement filed April 11, 2017, as Document No. 1710129090;

16

b.     that certain Amendments to Mortgages and Cross-Collateralization Agreement recorded as Document No. 1725729064, and the terms and conditions contained therein; and

c.     that certain Mortgage recorded June 23, 2017, as Document No. 1717413024, in favor of the Agee Family Trust, as to an undivided 0.97% interest; Aluvelu Homes, LLC, as to an undivided 0.49% interest; American Estate and Trust FBO Layne Jones IRA, as to an undivided 0.49% interest; Asians Investing In Real Estate LLC, as to an undivided 0.36% interest; Bill Akins, as to an undivided 0.49% interest; Cadaval Investment Trust FBO Dana Cadaval Solo 401k, as to an undivided 1.21% interest; CAMA SDIRA LLC FBO Bill Akins IRA (Account Number: 000107), as to an undivided 0.61% interest; Capital Investors, LLC, as to an undivided 6.07% interest; Clearwood Funding, LLC., as to an undivided 1.21% interest; Clove, LLC, as to an undivided 0.12% interest; Coppy Properties, LLC, as to an undivided 1.21% interest; Cross 5774 Holdings LLC - Cross Global Funding Group, as to an undivided 1.21% interest; Danielle DeVarne, as to an undivided 1.21% interest; Darrell W. Duty and Frances C. Duty, as to an undivided 0.24% interest; DeeAnn Nason, as to an undivided 1.21% interest; Denton Real Estate Company Inc. 401k, as to an undivided 0.61% interest; Dream Homes 4u Inc, as to an undivided 0.36% interest; Elaine Sison Ernst, as to an undivided 0.73% interest; Evans & Associates LLC, as to an undivided 1.21% interest; Gilbert D. Sherman Declaration of Trust Dated July 30, 2013, as to an undivided 1.21% interest; Helene D. Kapsky, as to an undivided 2.43% interest; Hiroyuki Roy Chin and Lillian S. Chin, as to an undivided 0.58% interest; iPlan Group Agent for Custodian FBO Dana Speed IRA, as to an undivided 0.97% interest; iPlan Group Agent for Custodian FBO Jason Ragan Roth IRA #3320326, as to an

undivided 0.24% interest; iPlan Group Agent for Custodian FBO Jason Ragan SEP #3340597, as to an undivided 0.49% interest; iPlanGroup Agent for Custodian FBO Andrew Brooks IRA, as to an undivided 0.49% interest; iPlanGroup Agent for Custodian FBO David Trengove IRA Account #3300951, as to an undivided 0.85% interest; iPlanGroup Agent for Custodian FBO Gary Bumham JR Family HSA, as to an undivided 0.22% interest; iPlanGroup Agent for Custodian FBO Janice G. Burrell IRA, as to an undivided 2.11% interest; iPlanGroup Agent for Custodian FBO Michael Borgia IRA, as to an undivided 3.03% interest; iPlanGroup Agent for Custodian FBO Raegan Bumham Roth IRA, as to an undivided 0.02% interest; iPlanGroup Agent for Custodian FBO Vladimir Matviishin IRA, as to an undivided 0.18% interest; IRA Services Trust Company CFBO Jean-Marc Cabrol IRA 220656, as to an undivided 0.37% interest; IRA Services Trust Company CFBO Melbourne Kimsey II IRA113530, as to an undivided 1.21% interest; JLo Enterprises, LLC, as to an undivided 0.66% interest; JLo Enterprises, LLC, as to an undivided 0.24% interest; JML Roth, LLC, as to an undivided 0.05% interest; JML Roth, LLC, as to an undivided 0.05% interest; John A. Martino, as to an undivided 2.43% interest; Juliette S. Barksdale, as Trustee of the Juliette S. Barksdale 2011 Revocable Trust u/d/t December 22, 2011, as to an undivided 7.28% interest; Kameda Investments LLC, as to an undivided 2.43% interest; Madison Trust Company Custodian FBO Brian Shaffer IRA Account # M1703059, as to an undivided 2.43% interest; Madison Trust Company Custodian FBO Michael McClane IRA M1610052, as to an undivided 2.43% interest; Madison Trust Company Custodian FBO Xuwen Lin IRA Account #M1606034, as to an undivided 0.21% interest; Madison Trust Company Custodian FBO Zahra Mofrad IRA, as to an undivided 0.61% interest; Madison Trust IRA FBO Grace Ndungu #M1703041, as

to an undivided 1.21% interest; Mark A. Miller ATF Domaskin Revocable Trust August 8th, 2006, as to an undivided 2.43% interest; MayREI LLC, as to an undivided 1.46% interest; MayREI LLC, as to an undivided 1.21% interest; Melanie T. Gonzales and Gary M. Gonzales, as to an undivided 6.07% interest; NuView IRA fbo Elizabeth Monnot-Chase IRA Traditional IRA, as to an undivided 1.21% interest; NuView IRA fbo Elizabeth Monnot-Chase IRA Traditional IRA, as to an undivided 1.33% interest; Patrick Connely, as to an undivided 1.21% interest; Paul N. Wilmesmeier, as to an undivided 0.61% interest; Paul S. Applefield, DDS, 401K Plan, as to an undivided 1.09% interest; Pioneer Valley Properties, LLC, as to an undivided 1.21% interest; Quest IRA acc#26920-21 FBO Mona Leonard Roth IRA, as to an undivided 1.21% interest; Quest IRA, Inc. FBO Paul S. Applefield IRA# 16413-21, as to an undivided 0.16% interest; Quest IRA, Inc. FBO Rebeca E. Savory-Romero IRA #15528-21, as to an undivided 0.25% interest; Quest IRA, Inc. FBO Robin Applefield IRA# 25164-21, as to an undivided 0.16% interest; R.D. Meredith General Contractors, LLC, as to an undivided 2.43% interest; R.D. Meredith General Contractors, LLC 401K Plan, as to an undivided 0.97% interest; Ricardo Acevedo Lopez, as to an undivided 0.36% interest; Rise Up Real Estate Group, LLC, as to an undivided 3.50% interest; Robert A. Potter, as to an undivided 1.92% interest; Samuel R. Cratis, as to an undivided 1.82% interest; Scott H. Eaton, as to an undivided 0.61% interest; Scott/Erquiaga Trust, as to an undivided 1.21% interest; Self Directed IRA Services Inc., FBO: William Hooper, Account #100005001, as to an undivided 1.33% interest; Serva Fidem, LLC, as to an undivided 0.85% interest; Simon Usuga, as to an undivided 1.09% interest; Source One Funding, LLC, as to an undivided 1.21% interest; Spectra Investments, LLC, as to an undivided 2.67% interest; Steven Bald, as to an undivided

1.46% interest; The Entrust Group Inc. FBO Jill Meekcoms IRA #33-21296, as to an undivided 1.21% interest; Tiger Chang Investment LLC, as to an undivided 0.24% interest; Vantage Custodian FBO Sidney Haggains IRA, as to an undivided 0.61% interest; and Vladimir Garcia Melijov, as to an undivided 2.43% interest.

## 1131-41 East 79th

32.     The Receiver, acting upon the advice of his real estate brokers at SVN and his retained professionals, asked $1,250,000 for 1131-41 East 79th.

33.     Bids were submitted by five prospective purchasers, and the Receiver accepted an offer from Longwood Development LLC to purchase the property for $1,150,000. (A true and accurate copy of the Purchase and Sale Agreement is attached at Exhibit 30.)

34.     Title to 1131-41 East 79th is vested in SSDF2 1139 East 79th LLC and clouded by the following encumbrances of record:

a.     that certain Multifamily Mortgage, Assignment Of Leases And Rents, Security Agreement And Fixture Filing recorded December 23, 2013, as Document No. 1335722057 and made by 81st Street LLC to Greystone Servicing Corporation, Inc. and last assigned to FannieMae by Document No. 1335722058, recorded December 23, 2013;

b.     that certain Assumption and Release Agreement made by and between 81st Street LLC, SSDF 2 1139 E 79th LLC, and Fannie Mae recorded February 21, 2018, as Document No. 1805213041;

c.     that certain Financing Statement evidencing an indebtedness from 81st Street LLC to FannieMae filed January 2, 2014, as Document No. 1400210062 and the continuation statement recorded as Document No. 1820633426; and

d.     that certain Financing Statement evidencing an indebtedness from SSDF2 1139 E 79th LLC to FannieMae filed March 6, 2018, as Document No. 1806504023.

**6250 South Mozart**

35.     The Receiver, acting upon the advice of his real estate brokers at SVN and his retained professionals, asked $850,000 for 6250 West Mozart.

36.     Bids were submitted by eleven prospective purchasers, and the Receiver accepted an offer from Longwood Development LLC to purchase the property for $925,000. (A true and accurate copy of the Purchase and Sale Agreement is attached at Exhibit 31.)

37.     Title to 6250 West Mozart is vested in SSDF4 6250 S Mozart LLC and clouded by the following encumbrances of record:

a.      that certain Mortgage recorded September 8, 2016 as Document No. 1625250138 made by EquityBuild, Inc. to DK Phenix Investments LLC, as to an undivided 5.48% interest; iPlan Group Agent for Custodian FBO Vladimir Matviishin IRA, as to an undivided 8.22% interest; Asians Investing in Real Estate, LLC, as to an undivided 2.74% interest; iPlanGroup Agent for Custodian FBO Eric Schwartz IRA, as to an undivided 3.29% interest; iPlanGroup Agent for Custodian FBO Jason Ragan IRA, as to an undivided 0.78% interest; Phyllis Harte, as to an undivided 0.40% interest; Pat Desantis, as to an undivided 6.03% interest; Samir Totah, as to an undivided 8.22% interest; SWFL Investment Trust, as to an undivided 3.29% interest; SB Investment Partners, LLC, as to an undivided 20.82% interest; Annie Chang, as to an undivided 2.74% interest; La Donna Acklen, as to an undivided 5.64% interest; Steve Bald, as to an undivided 2.19% interest; Madison Trust Company Custodian FBO Robert W. Jennings Account #M1605053, as to an undivided 12.35% interest; Mennco Properties LLC Solo 401K, as to an undivided 0.78% interest; Madison Trust Company Custodian FBO Robert Mennella Roth IRA Account #M1604064, as to an undivided 0.99% interest; Madison Trust Company Custodian FBO Sheryl Mennella Roth IRA Account #M1604088, as to an undivided 0.99%

21

interest; American IRA, LLC FBO Kevin Lyons IRA (acct.no. 02799-14), as to an undivided 1.37% interest; Michael James Guilford and Nancy Richard-Guilford, jointly with right of survivorship, as to an undivided 2.74% interest; John and or Cynthia Braden, as to an undivided 1.10% interest; Chetram Jodha, as to an undivided 1.10% interest; Jason Park, as to an undivided 0.55% interest; KKW Investments, as to an undivided 0.19% interest; Gavin Kemp, as to an undivided 2.19% interest; Baron Real Estate Holdings, LLC, as to an undivided 5.81% interest;

b.     that certain Mortgage recorded December 19, 2017, as Document No. 1735315043 made by SSDF4 6250 S. Mozart LLC to CBRE Capital Markets, Inc. and last assigned to Citibank, N.A., as trustee for the registered holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB48, recorded April 25, 2018, as Document No. 1811508179; and

c.     that certain lis pendens recorded July 2, 2018, as Document No. 1818318076 in connection with the action styled *Anson Markell, as Trustee for the Amark Investment Trust v. Equitybuild, Inc. d/b/a EB Equitybuild Capital, Inc.; Hard Money Company, LLC d/b/a Venture Hard Money Capital LLC; Equitybuild Finance, LLC; Jerry J. Cohen; Shaun D. Cohen; SSDF4 6250 S Mozart, LLC; SSDF4 638 N. Avers, LLC; SSDF4 701 5th, LLC; SSFD4 7024 S. Paxton LLC; SSDF4 7255 S Euclid, LLC; SSDF5 Portfolio 1, LLC; SSDF7 Portfolio 1 LLC; 4533-37 S. Calumet LLC; 6437 S. Kenwood, LLC; 7026 Cornell, Inc., 7109 S. Calumet, LLC; 8100 S Essex, LLC; EB South Chicago 4, LLC and SSPH Portfolio 1, LLC*, United States District Court for the Southern District of Texas, Houston Division, Civil Action No. 18-cv-01274 (the "Anson Markwell 8076 Lis Pendens").

**3074 East Cheltenham**

38.     The Receiver, acting upon the advice of his real estate brokers at SVN and his retained professionals, asked $950,000 for 3074 East Cheltenham.

39.     Bids were submitted by nine prospective purchasers, and the Receiver accepted an offer from Longwood Development LLC to purchase the property for $1,060,000. (A true and accurate copy of the Purchase and Sale Agreement is attached at Exhibit 32.)

40.     Title to 3074 East Cheltenham is vested in SSDF5 Portfolio 1 LLC and clouded by the following encumbrances of record:

    a.     that certain Mortgage recorded September 8, 2016 as Document No. 1625250140 made by EquityBuild, Inc. to Danyel Tiefenbacher and Jamie Lai, as to an undivided 2.27% interest; The Entrust Group Inc. FBO Jill Halverson IRA #33-21296, as to an undivided 2.27% interest; MayREI LLC, as to an undivided 3.93% interest; iPlanGroup Agent for Custodian FBO Christopher Pong IRA, as to an undivided 1.33% interest; iPlanGroup Agent for Custodian FBO Julia Pong IRA, as to an undivided 1.57% interest; Kevin Randall, as to an undivided 2.27% interest; Alton P. Motes and Vicki Elaine Washburn JTWROS, as to an undivided 3.64% interest; Paul N. Wilmesmeier, as to an undivided 1.14% interest; iPlanGroup Agent for Custodian FBO James B. Ploeger IRA, as to an undivided 0.29% interest; Flying Hound Holdings, LLC, as to an undivided 0.84% interest; Pat Desantis, as to an undivided 5.00% interest; Adir Hazan, as to an undivided 2.27% interest; Optima Property Solutions LLC, as to an undivided 2.73% interest; Quest IRA Inc. FBO Francis Webb IRA #1437711, as to an undivided 1.00% interest; Kester Brothers Farm, LLC, as to an undivided 2.27% interest; James Hoven, as to an undivided 2.27% interest; 2nd City Solo 401K Trust, as to an undivided 0.91% interest; Joshua Morrow, as to an undivided 2.27% interest; D & D Investment Circle LLC, as to an

undivided 1.36% interest; iPlanGroup Agent for Custodian FBO Yvette Camacho IRA, as to an undivided 1.36% interest; Madison Trust Company Custodian FBO Robert W. Jennings Account #M1605053, as to an undivided 3.39% interest; iPlanGroup Agent for Custodian FBO Jyotsna Sharma IRA, as to an undivided 1.14% interest; Erika Dietz, as to an undivided 2.27% interest; iPlanGroup Agent for Custodian FBO Mark Young IRA, as to an undivided 4.55% interest; 1839 Fund I, LLC, as to an undivided 2.27% interest; Joseph M. Martinez and Linda M. Martinez, as to an undivided 2.27% interest; Ira J. Fields Living Trust, Glynis Sheppard, Trustee, as to an undivided 2.27% interest; Terry L. Merrill and Sheryl R. Merrill, as to an undivided 2.27% interest; Equity Trust Company Custodian FBO Paula Levand IRA, as to an undivided 2.05% interest; TruStar Real Estate Solutions, LLC, as to an undivided 3.41% interest; Quest IRA, Inc. FBO Francisco A. Romero Sr. Acct. #25282-11; as to an undivided 2.55% interest; iPlanGroup Agent for Custodian FBO Jacqueline C. Rowe IRA, as to an undivided 2.27% interest; G & M You-nique Properties LLC, as to an undivided 2.73% interest; Walter T. Akita and Margaret M. Akita, as to an undivided 2.27% interest; Scott E. Pammer, as to an undivided 3.18% interest; Equity Trust Company Custodian FBO Stanley J. Kessock IRA, as to an undivided 2.27% interest; iPlanGroup Agent for Custodian FBO Filomena Mora IRA, as to an undivided 1.75% interest; KKW Investments, as to an undivided 0.07% interest; PNW Investments, LLC, as to an undivided 0.45% interest; New Move Ventures Inc., as to an undivided 2.27% interest; iPlanGroup Agent for Custodian FBO Maria Christina Jorgensen IRA #3320820, as to an undivided 1.91% interest; Vantage FBO Sidney Haggins IRA, as to an undivided 1.36% interest; Grathia Corporation, as to an undivided 4.55% interest; Vladimir Matviishin, dba Network Expert, as to an undivided 1.28% interest; Susan Tingle, as to an

undivided 2.27% interest and Samuel Home Solutions, LLC, as to an undivided 1.92% interest and that certain purported assignment of a partial interest in said Mortgage recorded September 2, 2017, as Document No. 1728613034;

b.     that certain Mortgage, that certain Assignment of Rents, and that certain Financing Statement recorded September 29, 2017, as Document Nos. 1727219057, 1727219057, and 727219058, respectively, and that certain Corrective Mortgage and Corrective Assignment of Rents recorded October 4, 2017, as Document Nos. 1727715135 and 1727715136, respectively, each given by SSDF5 Portfolio 1 LLC to BC57, LLC (collectively, the "BC57 Security Documents");

c.     that certain claim for a property management lien recorded April 25, 2018 as Document No. 1811519132 by Chicago Real Estate Resources Inc.; and

d.     that certain lis pendens recorded July 2, 2018, as Document No. 1818318078 in connection with the action styled *Anson Markell, as Trustee for the Amark Investment Trust v. Equitybuild, Inc. d/b/a EB Equitybuild Capital, Inc.; Hard Money Company, LLC d/b/a Venture Hard Money Capital LLC; Equitybuild Finance, LLC; Jerry J. Cohen; Shaun D. Cohen; SSDF4 6250 S Mozart, LLC; SSDF4 638 N. Avers, LLC; SSDF4 701 5th, LLC; SSFD4 7024 S. Paxton LLC; SSDF4 7255 S Euclid, LLC; SSDF5 Portfolio 1, LLC; SSDF7 Portfolio 1 LLC; 4533-37 S. Calumet LLC; 6437 S. Kenwood, LLC; 7026 Cornell, Inc., 7109 S. Calumet, LLC; 8100 S Essex, LLC; EB South Chicago 4, LLC and SSPH Portfolio 1, LLC*, United States District Court for the Southern District of Texas, Houston Division, Civil Action No. 18-cv-01274 (the "Anson Markell 8078 Lis Pendens").

25

**7201 South Constance**

41.     The Receiver, acting upon the advice of his real estate brokers at SVN and his retained professionals, asked $1,000,000 for 7201 South Constance.

42.     Bids were submitted by eight prospective purchasers, and the Receiver accepted an offer from Jimmy Oppenheimer to purchase the property for $1,000,000. (A true and accurate copy of the Purchase and Sale Agreement is attached at Exhibit 33.)

43.     Title to 7201 South Constance is vested in SSDF5 Portfolio 1 LLC and clouded by the following encumbrances of record:

    a.     that certain Mortgage recorded November 17, 2015, as Document No. 1532145039 made by EquityBuild, Inc. to Towpath Investments LLC, as to an undivided 2.22% interest, Michael Borgia, as to an undivided 29.75% interest, Reynald Lalonde and Chantal Lemaire, as to an undivided 2.22% interest, Initium LLC, managed by Harry Saint-Preux, as to an undivided 2.22% interest, Steven J. Talyai, as to an undivided 6.67% interest, Shaw Family Trust, as to an undivided 2.44% interest, PNW Investments, LLC, as to an undivided 2.22% interest, John Sullivan, as to an undivided 2.22% interest, Arthur L. Bertrand and Dinah F. Bertrand, as to an undivided 4.44% interest, Kirk Road Investments LLC, as to an undivided 2.80% interest, Equity Trust Company Custodian FBO Sidney Haggins IRA, as to an undivided 2.22% interest, Quest IRA, Inc. FBO Steven K. Chennappan IRA # 17293-31, as to an undivided 0.44% interest, Edge Investments, LLC, as to an undivided 0.77% interest, Property Solutions, LLC, as to an undivided 2.67% interest, and EquityBuild, Inc., as to an undivided 36.68% interest;

    b.     the BC57 Security Documents; and

    c.     that certain lis pendens recorded July 2, 2018, as Document No. 1818318077 in connection with the action styled *Anson Markell, as Trustee for the Amark*

*Investment Trust v. Equitybuild, Inc. d/b/a EB Equitybuild Capital, Inc.; Hard Money Company, LLC d/b/a Venture Hard Money Capital LLC; Equitybuild Finance, LLC; Jerry J. Cohen; Shaun D. Cohen; SSDF4 6250 S Mozart, LLC; SSDF4 638 N. Avers, LLC; SSDF4 701 5th, LLC; SSFD4 7024 S. Paxton LLC; SSDF4 7255 S Euclid, LLC; SSDF5 Portfolio 1, LLC; SSDF7 Portfolio 1 LLC; 4533-37 S. Calumet LLC; 6437 S. Kenwood, LLC; 7026 Cornell, Inc., 7109 S. Calumet, LLC; 8100 S Essex, LLC; EB South Chicago 4, LLC and SSPH Portfolio 1, LLC*, United States District Court for the Southern District of Texas, Houston Division, Civil Action No. 18-cv-01274 (the "Anson Markwell 8077 Lis Pendens").

**2736-44 West 64th**

44.     The Receiver, acting upon the advice of his real estate brokers at SVN and his retained professionals, asked $360,000 for <u>2736-44 West 64th</u>.

45.     Bids were submitted by eight prospective purchasers, and the Receiver accepted an offer from Leo Kremer to purchase the property for $418,000. (A true and accurate copy of the Purchase and Sale Agreement is attached at Exhibit 34.)

46.     Title to <u>2736-44 West 64th</u> is vested in SSDF7 Portfolio 1 LLC and clouded by the following encumbrances of record:

        a.      that certain Mortgage recorded March 19, 2015, as Document No. 1507856003 made by EquityBuild, Inc. to Mark Young, as to an undivided 6.76% interest; 1839 Fund I, LLC, as to an undivided 3.38% interest; iPlanGroup Agent for Custodian FBO Yifan Tang IRA, as to an undivided 7.70% interest; Sunshine Bliss, LLC, as to an undivided 3.38% interest; Paul S. Applefield, DDS, 401K Plan Paul S. Applefield, Trustee, as to an undivided 4.05% interest; Applefield Family Trust date July 25, 1997 Paul S. Applefield and Robin Kahn Applefield, Trustees, as to an undivided 2.70% interest; Daniel

27

J. Martineau, as to an undivided 6.76% interest; Debbie Elizabeth Lasley, as to an undivided 6.76% interest; Arbor Ventures Overseas Limited, LLC, as to an undivided 1.35% interest; Equity Trust Company Custodian FBO Albert Ruffin IRA, as to an undivided 6.76% interest; The Anchor Group LLC, as to an undivided 4.05% interest; Arthur L. and Dinah F. Bertrand, as to an undivided 13.51% interest; Hongjun Li and Sheyu Zhou, as to an undivided 12.57%; iPlan Group Agent for Custodian FBO Leah Kalish IRA, as to an undivided 9.46% interest; Robert Guiney, as to an undivided 6.76% interest; and Edge Investments, LLC, as to an undivided 4.05% interest;

b. that certain Mortgage, that certain Assignment of Rents, and that certain Financing Statement given by SSDF7 Portfolio 1 LLC to Liberty EBCP, LLC and recorded May 7, 2018, as Document Nos. 1812734048, 1812734049, and 1812734050, respectively (collectively, the "Liberty EBCP Security Documents");

c. that certain lis pendens recorded July 2, 2018, as Document No. 1818318079 in connection with the action styled *Anson Markell, as Trustee for the Amark Investment Trust v. Equitybuild, Inc. d/b/a EB Equitybuild Capital, Inc.; Hard Money Company, LLC d/b/a Venture Hard Money Capital LLC; Equitybuild Finance, LLC; Jerry J. Cohen; Shaun D. Cohen; SSDF4 6250 S Mozart, LLC; SSDF4 638 N. Avers, LLC; SSDF4 701 5th, LLC; SSFD4 7024 S. Paxton LLC; SSDF4 7255 S Euclid, LLC; SSDF5 Portfolio 1, LLC; SSDF7 Portfolio 1 LLC; 4533-37 S. Calumet LLC; 6437 S. Kenwood, LLC; 7026 Cornell, Inc., 7109 S. Calumet, LLC; 8100 S Essex, LLC; EB South Chicago 4, LLC and SSPH Portfolio 1, LLC,* United States District Court for the Southern District of Texas, Houston Division, Civil Action No. 18-cv-01274 (the "Anson Markwell 8079 Lis Pendens"); and

d.      that certain lis pendens recorded August 15, 2018, as Document No. 1822706115 in connection with the action styled *Michigan Shore Apartments LLC v. EquityBuild, Inc., SSDF7 Portfolio LLC, et al.*, Circuit Court of Cook County, Illinois, Case No. 2018-CH-09098 (the "Michigan Shores 6115 Lis Pendens").

**6355-59 South Talman**

47.     The Receiver, acting upon the advice of his real estate brokers at SVN and his retained professionals, asked $500,000 for 6355-59 South Talman.

48.     Bids were submitted by ten Leo Kremer to purchase the property for $577,000. (A true and accurate copy of the Purchase and Sale Agreement is attached at Exhibit 35.)

49.     Title to 6355-59 South Talman is vested in SSDF7 Portfolio 1 LLC and clouded by the following potential encumbrances of record:

a.      that certain Mortgage recorded August 2, 2016, as Document No. 1621550123 made by EquityBuild, Inc. to Burnham 401K Trust, as to an undivided 2.27% interest, Equity Trust Company Custodian FBO Kelly Welton IRA Account#200271700, as to an undivided 0.27% interest, Madison Trust Company Custodian FBO Huiyi Yang Roth IRA Account #M1604106, as to an undivided 3.36% interest, Tracy-Meek Trust dtd 03-12-2001, as to an undivided 6.36% interest, JSMS Trust, as to an undivided 4.55% interest, Pat Desantis, as to an undivided 10.00% interest, The Moore/Ferrer family 2004 trust, as to an undivided 4.55% interest, McKenzie Irrevocable Living Trust, dated February 3, 1999, Donald E. McKenzie, Trustee, as to an undivided 18.18% interest, Sidney L. Cohn & Sheila L. Cohn JTWROS, as to an undivided 5.45% interest, Sutherland Family Trust DTD 5-8-97 Peggy Sutherland TTEE, as to an undivided 4.55% interest, Adir Hazan, as to an undivided 4.55% interest, Daniel Martineau, as to an undivided 2.20% interest, DK Phenix Investments LLC, as to an undivided 13.70% interest, Kester Brothers

Farm, LLC, as to an undivided 2.73% interest, John or Cynthia Braden, as to an undivided 3.64% interest; and EquityBuild, Inc., as to an undivided 13.64% interest;

      b.     the Liberty EBCP Security Documents;

      c.     the Anson Markwell 8079 Lis Pendens; and

      d.     the Michigan Shores 6115 Lis Pendens.

## 6356 South California

50.     The Receiver, acting upon the advice of his real estate brokers at SVN and his retained professionals, asked $325,000 for 6356 South California.

51.     Bids were submitted by twelve prospective purchasers, and the Receiver accepted an offer from Leo Kremer to purchase the property for $375,000. (A true and accurate copy of the Purchase and Sale Agreement is attached at Exhibit 36.)

52.     Title to 6356 South California is vested in SSDF7 Portfolio 1 LLC and clouded by the following encumbrances of record:

      a.     that certain Mortgage recorded February 4, 2016, as Document No. 1603550264 made by EquityBuild, Inc. to Madison Trust Company Custodian FBO Rochelle Minchow M1511505 IRA, as to an undivided 14.67% interest; Nicholas C Jenks and Joyce R Jenks JTWROS, as to an undivided 3.33% interest; iPlanGroup Agent for Custodian FBO Ed Bancroft IRA, as to an undivided 2.00% interest; Peter P Nuspl, as to an undivided 19.89% interest; MTASS Realty, LLC, as to an undivided 33.40% interest; Self-Directed IRA Services FBO Vincent Michael Spreuwenberg IRA 201207909, as to an undivided 4.68% interest; Scott E. Pammer, as to an undivided 6.67% interest; Geraldine Martin, as to an undivided 6.68% interest; Crossglobalfunding, LLC, as to an undivided 3.33% interest; Oak Barrel One, LLC, as to an undivided 2.67% interest; Chetram Jodha, as to an undivided 2.67% interest;

      b.     the Liberty EBCP Security Documents;

      c.     the Anson Markwell 8079 Lis Pendens; and

      d.     the Michigan Shores 6115 Lis Pendens.

**7051 South Bennett**

53. The Receiver, acting upon the advice of his real estate brokers at SVN and his retained professionals, asked $550,000 for 7051 South Bennett.

54. Bids were submitted by twelve prospective purchasers, and the Receiver accepted an offer from Michael Kelley to purchase the property for $600,000. (A true and accurate copy of the Purchase and Sale Agreement is attached at Exhibit 37.)

55. Title to 7051 South Bennett is vested in SSDF7 Portfolio 1 LLC and clouded by the following encumbrances of record:

      a.     that certain Mortgage recorded April 27, 2015, as Document No. 1511750077 made by EquityBuild, Inc. to Steve Weera and Esther Tonasut, as to an undivided 4.12% interest; Peter P. Nuspl, as to an undivided 14.45% interest; Zin Investments LLC, as to an undivided 28.81% interest; Equity Trust Company Custodian FBO Mark Mouty IRA, as to an undivided 6.58% interest; Michael Mallory Gibbons, as to an undivided 25.84% interest; IRA Innovations, LLC, FBO, Kimberly Robinsons, IRA, as to an undivided 3.62% interest; Jacqueline C. Rowe, as to an undivided 6.17% interest; 1839 Fund I LLC, as to an undivided 5.80% interest; Kimberly Robinson, as to an undivided 0.49% interest; and Carl Walker, as to an undivided 4.12% interest;

      b.     that certain Assignment of Mortgage from Michael Mallory Gibbons to Best Capital Funding, Inc., recorded June 19, 2017, as Document No. 1717018061;

c.      that certain Assignment of Mortgage from Michael Mallory Gibbons to Provident Trust Group LLC: FBO Barbara E. Burton-IRA, recorded June 19, 2017, as Document No. 1717018062;

d.      that certain Assignment of Mortgage from Michael Mallory Gibbons to Adaz, LLC, recorded June 19, 2017, as Document No. 1717018063;

e.      that certain Assignment of Mortgage from Michael Mallory Gibbons to Wisemove Properties, LLC, recorded June 19, 2017, as Document No. 1717018064;

f.      that certain Assignment of Mortgage from Michael Mallory Gibbons to Paul S. Scribner Revocable Trust dated May 15, 2003, recorded June 19, 2017 as Document No. 1717018065;

g.      that certain Assignment of Mortgage from Michael Mallory Gibbons to Green Light Investments, LLC, recorded June 19, 2017, as Document No. 1717018066;

h.      the Liberty EBCP Security Documents;

i.      the Anson Markwell 8078 Lis Pendens; and

j.      the Michigan Shores 6115 Lis Pendens.

**7201-07 South Dorchester**

56.      The Receiver, acting upon the advice of his real estate brokers at SVN and his retained professionals, asked $400,000 for 7201-07 South Dorchester.

57.      Bids were submitted by thirteen prospective purchasers, and the Receiver accepted an offer from FC Realty LLC to purchase the property for $495,000. (A true and accurate copy of the Purchase and Sale Agreement is attached at Exhibit 38.)

58.      Title to 7201-07 South Dorchester is vested in SSDF7 Portfolio 1 LLC and clouded by the following encumbrances of record:

a.     that certain Mortgage recorded June 27, 2016, as Document No. 1617919110 made by EquityBuild, Inc. to iPlanGroup Agent for Custodian FBO Mark Young IRA, as to an undivided 1.82% interest; Frank & Laura Sohm, as to an undivided 1.34% interest; Ping Liu, as to an undivided 4.55% interest; Asians Investing In Real Estate, LLC, as to an undivided 5.45% interest; Paul N. Wilmesmeier, as to an undivided 2.27% interest; Towpath Investments LLC, as to an undivided 2.73% interest; Pat Desantis, as to an undivided 10.00% interest; Equity Trust Company Custodian FBO Terri Shelton Account#200338949 IRA, as to an undivided 4.55% interest; iPlanGroup Agent for Custodian FBO Laura Dirnberger Roth IRA, as to an undivided 0.71% interest; Optima Property Solutions LLC, as to an undivided 7.05% interest; Nicholas C Jenks and Joyce R Jenks JTWROS, as to an undivided 4.55% interest; Aluvelu Homes, LLC, as to an undivided 0.45% interest; iPlanGroup Agent for Custodian FBO Rajanikanth Tanikella, IRA. Acct No. 3300878, as to an undivided 4.55% interest; Vartan Tarakchyan, Trustee for Defined Benefits Plan and 401K Pension Plan, as to an undivided 5.91% interest; Clearwood funding LLC, as to an undivided 4.55% interest; Hillside Fund, LLC, as to an undivided 4.55% interest; Bill Akins, as to an undivided 4.55% interest; Steven Roche, as to an undivided 1.82% interest; Remoni Global Holdings, LLC, as to an undivided 3.18% interest; Timothy Sharp, as to an undivided 4.55% interest; Equity Trust Company Custodian for James Robinson IRA, as to an undivided 4.55% interest; Rachel C. Beck, as to an undivided 4.55% interest; Lori Waring, as to an undivided 4.55% interest; Quest IRA, Inc. FBO Freda Smith IRA # 16816-11, as to an undivided 1.82% interest and JN Investment Trust, as to an undivided 5.45% interest;

b.     the Liberty EBCP Security Documents;

      c.      the Anson Markwell 8078 Lis Pendens; and

      d.      the Michigan Shores 6115 Lis Pendens.

**7508 South Essex**

59.     The Receiver, acting upon the advice of his real estate brokers at SVN and his retained professionals, asked $675,000 for 7508 South Essex.

60.     Bids were submitted by seventeen prospective purchasers, and the Receiver accepted an offer from University Property Holdings LLC to purchase the property for $755,000. (A true and accurate copy of the Purchase and Sale Agreement is attached at Exhibit 39.)

61.     Title to 7508 South Essex is vested in SSDF7 Portfolio 1 LLC and clouded by the following encumbrances of record:

      a.      that certain mortgage recorded June 7, 2016, as Document No. 1615950074 and re-recorded as Document No. 1634734075 made by EquityBuild, Inc. to Alex Breslav, as to an undivided 4.22% interest; Bill Akins, as to an undivided 8.15% interest; Daniel Martineau, as to an undivided 8.15% interest; Cosmos Building Maintenance Solo 401K Trust Acct. # 2758150862, as to an undivided 3.70% interest; James Taber, as to an undivided 3.70% interest; Beth Denton, as to an undivided 3.70% interest; IRA Services Trust Company CFBO Beth Denton, as to an undivided 1.48% interest; Bridges Christopher, as to an undivided 1.85% interest; Eleven St. Felix Street Realty Corp, as to an undivided 3.70% interest; Asians Investing in Real Estate, LLC, as to an undivided 4.07% interest; Coleman Scheuller, as to an undivided 3.70% interest; Quest IRA Inc FBO Terri S. Tracy IRA #24921-31, as to an undivided 8.89% interest; Grathia Corporation, as to an undivided 3.70% interest; Madison Trust Company Custodian FBO Rochelle Minchow # M151150, as to an undivided 3.70% interest; JFKN Investment Trust, as to an undivided 2.96% interest; Madison Trust Company Custodian FBO Stuart Edelman #

M1510082, as to an undivided 3.70% interest; Receivables to Cash, LLC d/b/a Berenger Capital, as to an undivided 3.70% interest; Capital Liability Investments, LLC, as to an undivided 4.07% interest; EquityBuild, Inc., as to an undivided 0.74% interest; Equity Trust Company Custodian FBO James McKnight SEP, as to an undivided 0.38% interest; Equity Trust Company Custodian FBO Silma McKnight SEP, as to an undivided 0.44% interest; Madison Trust Company Custodian FBO Huiyi Yang M1604042, as to an undivided 1.62% interest; iPlan Group Agent for Custodian FBO Jason Ragan Account #3300445 IRA, as to an undivided 1.19% interest; iPlan Group Agent for Custodian FBO Jason Ragan Account #3320326 Roth IRA, as to an undivided 1.53% interest; Madison Trust Company Custodian FBO David Harris #1604039, as to an undivided 3.93% interest; Umbrella Investment Partners LLC, as to an undivided 2.96% interest; LaDonna W. Acklen, as to an undivided 3.70% interest; Principal Assets, LLC, as to an undivided 0.14% interest; Russ Moreland, as to an undivided 3.70% interest; Cama Plan FBO Bill Akins IRA, as to an undivided 0.74% interest; Phyllis Harte, as to an undivided 0.69% interest; and Pittman Gold, LLC, as to an undivided 1.05% interest;

      b.      the Liberty EBCP Security Documents;

      c.      the Anson Markwell 8079 Lis Pendens; and

      d.      the Michigan Shores 6115 Lis Pendens.

**7953-59 South Marquette**

62.     The Receiver, acting upon the advice of his real estate brokers at SVN and his retained professionals, asked $300,000 for 7953-59 South Marquette.

63.     Bids were submitted by thirteen prospective purchasers, and the Receiver accepted an offer from 7936ESSEX LLC to purchase the property for $351,000. (A true and accurate copy of the Purchase and Sale Agreement is attached at Exhibit 40.)

35

64.     Title to <u>7953-59 South Marquette</u> is vested in SSDF7 Portfolio 1 LLC and clouded by the following encumbrances of record:

a.     that certain Mortgage recorded May 21, 2015, as Document No. 1514129033 made by Property Solutions, LLC to Jacqueline C. Rowe, as to an undivided 5.64% interest, iPlanGroup Agent for Custodian FBO Jim Taber IRA, as to an undivided 5.64% interest, iPlanGroup Agent for Custodian FBO Dan O'Hare IRA, as to an undivided 5.64% interest, 1839 Fund I, LLC, as to an undivided 4.45% interest, Quest IRA, Inc. FBO Steven K. Chennappan IRA #17293-31, as to an undivided 5.64% interest, Burnham 401 K Trust, as to an undivided 2.54% interest, Steven and Linda Lipschultz, as to an undivided 19.95% interest, Equity Trust Company Custodian FBO Account # Z149966 IRA, as to an undivided 1.86% interest, Equity Trust Company Custodian FBO Account # Z150206 IRA, as to an undivided 1.92% interest, Christopher Maher, as to an undivided 1.86% interest, American Estate and Trust Self-Directed IRA FBO Brenda Elder. IRA Acct #T1001616147, as to an undivided 5.05% interest, Pensco Trust Company Custodian FBO Steve Weera Tonasut IRA#20004340, as to an undivided 5.64% interest, Edge Investments, LLC, as to an undivided 6.54% interest, 2nd City Solo 401K Trust, as to an undivided 11.27% interest, John E. Bloxham, as to an undivided 12.40% interest, and Howard and Doris Bybee, as to an undivided 5.64% interest;

b.     that certain Assignment of Partial Interest in Mortgage recorded October 13, 2017, as Document No. 1728613035;

c.     the Liberty EBCP Security Documents; and

d.     that certain <u>lis pendens</u> recorded July 2, 2018, as Document No. 1818318080 in connection with the action styled *Anson Markell, as Trustee for the Amark*

*Investment Trust v. Equitybuild, Inc. d/b/a EB Equitybuild Capital, Inc.; Hard Money Company, LLC d/b/a Venture Hard Money Capital LLC; Equitybuild Finance, LLC; Jerry J. Cohen; Shaun D. Cohen; SSDF4 6250 S Mozart, LLC; SSDF4 638 N. Avers, LLC; SSDF4 701 5th, LLC; SSFD4 7024 S. Paxton LLC; SSDF4 7255 S Euclid, LLC; SSDF5 Portfolio 1, LLC; SSDF7 Portfolio 1 LLC; 4533-37 S. Calumet LLC; 6437 S. Kenwood, LLC; 7026 Cornell, Inc., 7109 S. Calumet, LLC; 8100 S Essex, LLC; EB South Chicago 4, LLC and SSPH Portfolio 1, LLC,* United States District Court for the Southern District of Texas, Houston Division, Civil Action No. 18-cv-01274.

**5618-20 South King**

65.      The Receiver, acting upon the advice of his real estate brokers at SVN and his retained professionals, asked $625,000 for 5618-20 South King.

66.      Bids were submitted by eight prospective purchasers, and the Receiver accepted an offer from Leo Kremer to purchase the property for $646,000. (A true and accurate copy of the Purchase and Sale Agreement is attached at Exhibit 41.)

67.      Title to 5618-20 South King is vested in SSPH Portfolio 1 LLC and clouded by the following encumbrances of record:

a.      that certain Mortgage recorded April 24, 2015, as Document No. 1511456068 made by EquityBuild, Inc. to Duane Young, as to an undivided 5.78% interest; Advanta IRA Trust, LLC FBO Brian Shea IRA #6213202, as to an undivided 3.04% interest; Equity Trust Company Custodian FBO Kevin Bybee IRA, as to an undivided 23.12% interest; iPlan Group Agent for Custodian FBO Leah Kalish IRA, as to an undivided 6.80% interest; Arthur L. Bertrand and Dinah F. Bertrand, as to an undivided 5.78% interest; IB Investments LLC, as to an undivided 5.78% interest; The Income Fund,

LLC, as to an undivided 49.67% interest; and EquityBuild, Inc., as to an undivided 0.02% interest;

b.      that certain Mortgage, that certain Assignment of Rents, and that certain Financing Statement recorded May 23, 2017, as Document Nos. 1714316084, 1714316085, and 1714316086, respectively, given by SSPH Portfolio 1 LLC to UBS AG and last assigned to UBS AG by Document Nos. 1910255150, and 1910255151, and 1912045048, respectively (collectively, the "UBS Security Documents"); and

c.      the Anson Markwell 8076 Lis Pendens.

**6558 South Vernon**

68.      The Receiver, acting upon the advice of his real estate brokers at SVN and his retained professionals, asked $450,000 for 6558 South Vernon.

69.      Bids were submitted by fifteen prospective purchasers, and the Receiver accepted an offer from Jimmy Oppenheimer to purchase the property for $576,000. (A true and accurate copy of the Purchase and Sale Agreement is attached at Exhibit 42.)

70.      Title to 6558 South Vernon is vested in SSPH Portfolio 1 LLC and clouded by the following encumbrances of record:

a.      that certain Mortgage recorded August 8, 2014, as Document No. 1422050101 given by EquityBuild, Inc. to Hard Money Company, LLC;

b.      that certain Assignment of Mortgage from Russell & Ursula Waite to Pensco Trust Company Custodian FBO Kathleen Robinson Self-Directed Roth IRA 080000001320 as to an undivided 4.35% interest, recorded August 2, 2016, as Document No. 1621550122;

c.      the UBS Security Documents; and

d.      the Anson Markwell 8076 Lis Pendens.

**Payment Of Transaction Costs & Treatment Of Proceeds**

71.     At the closings of these sales, certain costs and expenses will be paid from the sales proceeds, including, but not limited to, (1) the cost of a survey, (2) the premiums associated with the delivery of policies of owner's title insurance, (3) the cost of state, local, and municipal transfer taxes, (4) the closing (or escrow) fee assessed by the title company, and (5) a series of ancillary and customary charges relating to, among other things, the need to procure a full payment water certificate from the City of Chicago, the Receiver's obligation to deliver ALTA extended title insurance coverage, closing protection coverage, wire transfer fees (associated with the transfer of sales proceeds to a receivership bank account), expediting fees, a gap risk update, and state regulatory fees.

72.     To convey clear title to each property, the Receiver will also be required to (1) pay from the closing proceeds any and all past due or currently pending water charges and/or Cook County property taxes and (2) extend credits in connection with prospective pro-rated 2020 Cook County property tax liability.

73.     The Receiver will also be required to pay sales commissions to SVN in connection with each conveyance. Pursuant to that certain Exclusive Sales Listing & Asset Management Agreement entered into between SVN and the Receiver, SVN will be entitled to receive a commission equal to 4.5% of the first $1,000,000 in sales price and 3.5% of the next $2,000,000 in sales price, with discounts of 0.5% in transactions where the prospective buyer was not procured through the efforts of a cooperating broker.

74.     The Receiver intends to pay brokerage commissions in connection with the sale of the properties under contract to Leo Kremer (2736-44 W 64th, 6355-59 South Talman, 6356 South California, and 5618-20 South King), reserving its right to contest any alleged obligation to pay such commissions pursuant the terms and conditions governing the sales of the properties.

75.     Accordingly, the Receiver intends to pay real estate brokerage commissions in the following amounts in connection with the conveyances of the following properties:

| | | |
|---|---|---|
| 1700 West Juneway | : | $ 94,000 |
| 1131-41 East 79th | : | $ 44,500 |
| 6250 West Mozart | : | $ 37,000 |
| 3074 East Cheltenham | : | $ 41,800 |
| 7201 South Constance | : | $ 43,000 |
| 2736-44 West 64th | : | $ 18,810 |
| 6355-59 South Talman | : | $ 25,965 |
| 6356 South California | : | $ 16,875 |
| 7051 South Bennett | : | $ 24,000 |
| 7201-07 South Dorchester | : | $ 19,800 |
| 7508 South Essex | : | $ 30,200 |
| 7953-59 South Marquette | : | $ 14,040 |
| 5618-20 South King | : | $ 29,070 |
| 6558 South Vernon | : | $ 24,000 |

76.     Finally, Andrew E. Porter, an attorney for the Receiver, serves as an agent for the title company through which the sales subsumed within this motion will close and will therefore receive agency fees for the title examination work he performed in connection with each proposed conveyance, such fees to be in the following estimated amounts (subject to increases if buyers who acquire with financing are required to purchase one or more title insurance endorsements):

| | | |
|---|---|---|
| 1700 West Juneway | : | $ 5,464.00 |
| 1131-41 East 79th | : | $ 3,004.00 |

| | | |
|---|---|---|
| 6250 West Mozart | : | $ 2,712.00 |
| 3074 East Cheltenham | : | $ 2,896.00 |
| 7201 South Constance | : | $ 2,944.00 |
| 2736-44 West 64th | : | $ 1,792.00 |
| 6355-59 South Talman | : | $ 2,096.00 |
| 6356 South California | : | $ 1,720.00 |
| 7051 South Bennett | : | $ 2,218.00 |
| 7201-07 South Dorchester | : | $ 1,920.00 |
| 7508 South Essex | : | $ 2,400.00 |
| 7953-59 South Marquette | : | $ 1,888.00 |
| 5618-20 South King | : | $ 2,208.00 |
| 6558 South Vernon | : | $ 2,096.00 |

77.     The Receiver intends to reduce the fee application ultimately submitted to the Court in connection with the corresponding asset disposition work in an amount equal to the agency fees being paid to Mr. Porter.

78.     In the Order Appointing Receiver, this Court vested the Receiver with authority to sell, and transfer clear title to, all real property in the Receivership Estate. (Docket No. 16, ¶ 39) ("Upon further Order of this Court, pursuant to such procedures as may be required by this Court and additional authority such as 28 U.S.C. §§ 2001 and 2004, the Receiver will be authorized to sell, and transfer clear title to, all real property in the Receivership Estate.")

79.     Pending the completion of the claims process and a to-be-approved distribution plan, the proceeds from the sales of the properties subject to this motion will be held in separate subaccounts established by the Receiver (and for which the Receiver will maintain an accounting

41

as to all sums deposited therein) and will not be available to pay operating expenses of the Receivership, absent further order of Court. The inclusion of such amounts in a subaccount does not constitute an admission that any or all such amounts are subject to a valid security interest. The actual amount of sales proceeds in the subaccount to which the parties claiming the secured interest are entitled will be subject to determination through the claims process. The Receiver reserves all rights to seek a transfer of any such proceeds to the Receiver's operating account by subsequent Order of the Court.

WHEREFORE, the Receiver respectfully requests that this Court grant the Ninth Motion To Confirm The Sale Of Certain Real Estate And For The Avoidance Of Certain Mortgages, Liens, Claims, And Encumbrances by entering an order in the form attached at Tab 2 approving the sales of the properties at 1700 West Juneway, 1131-41 East 79th, 6250 West Mozart, 3074 East Cheltenham, 7201 South Constance, 2736-44 West 64th, 6355-59 South Talman, 6356 South California, 7051 South Bennett, 7201-07 South Dorchester, 7508 South Essex, 7953-59 South Marquette, 5618-20 South King, and 6558 South Vernon, with such sales to be free and clear of the mortgages, liens, claims, and encumbrances identified herein, and with all such mortgages, liens, claims, and encumbrances attaching to the sales proceeds with the same force, validity, status, and effect, if any, as they had against the properties being sold.

Dated: July 24, 2020

Kevin B. Duff, Receiver

By:    /s/ Michael Rachlis

Michael Rachlis
Jodi Rosen Wine
Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone (312) 733-3950; Fax (312) 733-3952
mrachlis@rdaplaw.net
jwine@rdaplaw.net

**TAB 1**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |  |
| Plaintiff, | ) ) | Civil Action No. 18-cv-5587 |
| v. | ) ) | Hon. John Z. Lee |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | ) ) ) ) | Magistrate Judge Young B. Kim |
| Defendants. | ) ) | |

## ORDER APPROVING RECEIVER'S SECOND MOTION FOR RESTORATION OF FUNDS EXPENDED FOR THE BENEFIT OF OTHER PROPERTIES

Kevin B. Duff, as the receiver ("Receiver") for Estate of Defendants EquityBuild, Inc., EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen (collectively, the "Receivership Defendants"), having filed a motion for Court approval to transfer certain proceeds described herein from the sale of twenty-four sold properties to restore funds they received from other properties or the Receiver's account, reasonable and fair notice and opportunity to be heard having been given to all interested persons, the Court having considered all submissions relating to the motion, and for good cause shown,

IT IS HEREBY ORDERED THAT:

1. The Receiver's Motion is granted.

2. The Court hereby orders that the Receiver shall transfer the amount of $1,587,866.14 ("Aggregate Restoration Amount") as follows: (i) $391,830.42 from the 24 separate accounts holding the net proceeds from the sales of those benefited properties that are the

subject of the Receiver's motion consistent with Exhibit 2 to the Receiver's motion, or such lesser amount that equals the total rent restoration remaining due as of the date of transfer, to the separate accounts for those properties to which rent restoration is due consistent with the Court's February 13, 2019 Order; and (ii) the remainder of the Aggregate Restoration Amount to the Receiver's account to be available to pay ongoing and approved administrative fees and expenses of the Receivership Estate.

3. The accounts to which such transfers shall be made for rent restoration shall be the separate account for each property established by the Receiver.

Entered: _____

Honorable John Z. Lee

Date: _____

**TAB 2**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, ) ) ) ) | |
| Plaintiff, ) | Civil Action No. 18-cv-5587 |
| ) v. ) | Judge John Z. Lee |
| ) EQUITYBUILD, INC., EQUITYBUILD ) FINANCE, LLC, JEROME H. COHEN, ) and SHAUN D. COHEN, ) ) | Magistrate Judge Young B. Kim |
| Defendants. ) ) | |

**ORDER GRANTING RECEIVER'S NINTH MOTION TO CONFIRM THE
SALE OF CERTAIN REAL ESTATE AND FOR THE AVOIDANCE OF
CERTAIN MORTGAGES, LIENS, CLAIMS, AND ENCUMBRANCES**

WHEREAS, by Order Appointing Receiver, dated August 17, 2018 (Docket No. 16) this Court took exclusive jurisdiction and possession of the assets of all Receivership Defendants;

WHEREAS, the Order Appointing Receiver identified 1700 Juneway LLC as a Receivership Defendant;

WHEREAS, by Order dated March 14, 2019 (Docket No. 290), this Court identified SSDF2 1139 E 79th LLC, SSDF4 6250 S. Mozart LLC, SSDF5 Portfolio 1 LLC, SSDF7 Portfolio 1 LLC, and SSPH Portfolio 1 LLC as additional Receivership Defendants;

WHEREAS, 1700 Juneway LLC is the owner of record of the real estate located at 1700-08 West Juneway Terrace, Chicago, Illinois 60626 ("1700-08 West Juneway"), whose commonly known address, permanent index number, and legal description is reflected on Tab A hereto;

WHEREAS, SSDF2 1139 E 79th LLC is the owner of record of the real estate located at 1131-41 East 79th Street, Chicago, Illinois 60619 ("1131-41 East 79th"), whose commonly known address, permanent index number, and legal description is reflected on Tab A hereto;

WHEREAS, SSDF4 6250 S. Mozart LLC is the owner of record of the real estate located at 6250 South Mozart Avenue, Chicago, Illinois 60629 ("6250 West Mozart"), whose commonly known address, permanent index number, and legal description is reflected on Tab A hereto;

WHEREAS, SSDF5 Portfolio 1 LLC is the owner of record of the real estate located at 3074 East Cheltenham Place, Chicago, Illinois 60649 ("3074 East Cheltenham") and 7201 South Constance Avenue, Chicago, Illinois 60649 ("7201 South Constance"), whose commonly known addresses, permanent index numbers, and legal descriptions are reflected on Tab A hereto;

WHEREAS, SSDF7 Portfolio 1 LLC is the owner of record of the real estate located at 2736-44 West 64th Street, Chicago, Illinois 60629 ("2736-44 West 64th"), 6355-59 South Talman Avenue, Chicago, Illinois 60629 ("6355-59 South Talman"), 6356 South California Avenue, Chicago, Illinois 60629 ("6356 South California"), 7051 South Bennett Avenue, Chicago, Illinois 60649 ("7051 South Bennett"), 7201-07 South Dorchester Avenue, Chicago, Illinois 60619 ("7201-07 South Dorchester"), 7508 South Essex Avenue, Chicago, Illinois 60649 ("7508 South Essex"), and 7953-59 South Marquette Road, Chicago, Illinois 60617 ("7953-59 South Marquette"), whose commonly known addresses, permanent index numbers, and legal descriptions are reflected on Tab A hereto;

WHEREAS, SSPH Portfolio 1 LLC is the owner of record of the real estate located at 5618-20 South Martin Luther Drive, Chicago, Illinois 60637 ("5618-20 South King") and 6558 South Vernon Avenue, Chicago, Illinois 60637 ("6558 South Vernon"), whose commonly known addresses, permanent index numbers, and legal descriptions are reflected on Tab A hereto;

WHEREAS, the Court finds that the sales prices reflected in the Purchase And Sale Agreements that the Receiver has accepted for the conveyances of 1700 West Juneway, 1131-41 East 79th, 6250 West Mozart, 3074 East Cheltenham, 7201 South Constance, 2736-44 West 64th, 6355-59 South Talman, 6356 South California, 7051 South Bennett, 7201-07 South Dorchester, 7508 South Essex, 7953-59 South Marquette, 5618-20 South King, and 6558 South Vernon (collectively, the "Properties") are consistent with the fair market value of the Properties;

WHEREAS, Kevin B. Duff, as receiver ("Receiver") for the Receivership Defendants, filed a Ninth Motion To Confirm The Sale Of Certain Real Estate And For The Avoidance Of Certain Mortgages, Liens, Claims, And Encumbrances (the "Motion"); and

WHEREAS, the Court finds that the Receiver has given fair, adequate, and sufficient notice to all interested parties, including all mortgagees and other encumbrancers affected by the Motion;

NOW, THEREFORE, it is hereby ORDERED that:

1.      The Motion is GRANTED.

2.      The Receiver is authorized to sell the real property and improvements at 1700-08 West Juneway free and clear of:

a.      that certain Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing recorded April 11, 2017, as Document No. 1710129089, and re-recorded April 12, 2017, as Document No. 1710206148 and that certain Financing Statement filed April 11, 2017, as Document No. 1710129090;

b.      that certain Amendments to Mortgages and Cross-Collateralization Agreement recorded as Document No. 1725729064, and the terms and conditions contained therein; and

      c.     that certain Mortgage recorded June 23, 2017, as Document No. 1717413024, in favor of the Agee Family Trust, as to an undivided 0.97% interest; Aluvelu Homes, LLC, as to an undivided 0.49% interest; American Estate and Trust FBO Layne Jones IRA, as to an undivided 0.49% interest; Asians Investing In Real Estate LLC, as to an undivided 0.36% interest; Bill Akins, as to an undivided 0.49% interest; Cadaval Investment Trust FBO Dana Cadaval Solo 401k, as to an undivided 1.21% interest; CAMA SDIRA LLC FBO Bill Akins IRA (Account Number: 000107), as to an undivided 0.61% interest; Capital Investors, LLC, as to an undivided 6.07% interest; Clearwood Funding, LLC., as to an undivided 1.21% interest; Clove, LLC, as to an undivided 0.12% interest; Coppy Properties, LLC, as to an undivided 1.21% interest; Cross 5774 Holdings LLC - Cross Global Funding Group, as to an undivided 1.21% interest; Danielle DeVarne, as to an undivided 1.21% interest; Darrell W. Duty and Frances C. Duty, as to an undivided 0.24% interest; DeeAnn Nason, as to an undivided 1.21% interest; Denton Real Estate Company Inc. 401k, as to an undivided 0.61% interest; Dream Homes 4u Inc, as to an undivided 0.36% interest; Elaine Sison Ernst, as to an undivided 0.73% interest; Evans & Associates LLC, as to an undivided 1.21% interest; Gilbert D. Sherman Declaration of Trust Dated July 30, 2013, as to an undivided 1.21% interest; Helene D. Kapsky, as to an undivided 2.43% interest; Hiroyuki Roy Chin and Lillian S. Chin, as to an undivided 0.58% interest; iPlan Group Agent for Custodian FBO Dana Speed IRA, as to an undivided 0.97% interest; iPlan Group Agent for Custodian FBO Jason Ragan Roth IRA #3320326, as to an undivided 0.24% interest; iPlan Group Agent for Custodian FBO Jason Ragan SEP #3340597, as to an undivided 0.49% interest; iPlanGroup Agent for Custodian FBO Andrew Brooks IRA, as to an undivided 0.49% interest; iPlanGroup Agent for Custodian

FBO David Trengove IRA Account #3300951, as to an undivided 0.85% interest; iPlanGroup Agent for Custodian FBO Gary Bumham JR Family HSA, as to an undivided 0.22% interest; iPlanGroup Agent for Custodian FBO Janice G. Burrell IRA, as to an undivided 2.11% interest; iPlanGroup Agent for Custodian FBO Michael Borgia IRA, as to an undivided 3.03% interest; iPlanGroup Agent for Custodian FBO Raegan Bumham Roth IRA, as to an undivided 0.02% interest; iPlanGroup Agent for Custodian FBO Vladimir Matviishin IRA, as to an undivided 0.18% interest; IRA Services Trust Company CFBO Jean-Marc Cabrol IRA 220656, as to an undivided 0.37% interest; IRA Services Trust Company CFBO Melbourne Kimsey II IRA113530, as to an undivided 1.21% interest; JLo Enterprises, LLC, as to an undivided 0.66% interest; JLo Enterprises, LLC, as to an undivided 0.24% interest; JML Roth, LLC, as to an undivided 0.05% interest; JML Roth, LLC, as to an undivided 0.05% interest; John A. Martino, as to an undivided 2.43% interest; Juliette S. Barksdale, as Trustee of the Juliette S. Barksdale 2011 Revocable Trust u/d/t December 22, 2011, as to an undivided 7.28% interest; Kameda Investments LLC, as to an undivided 2.43% interest; Madison Trust Company Custodian FBO Brian Shaffer IRA Account # M1703059, as to an undivided 2.43% interest; Madison Trust Company Custodian FBO Michael McClane IRA M1610052, as to an undivided 2.43% interest; Madison Trust Company Custodian FBO Xuwen Lin IRA Account #M1606034, as to an undivided 0.21% interest; Madison Trust Company Custodian FBO Zahra Mofrad IRA, as to an undivided 0.61% interest; Madison Trust IRA FBO Grace Ndungu #M1703041, as to an undivided 1.21% interest; Mark A. Miller ATF Domaskin Revocable Trust August 8th, 2006, as to an undivided 2.43% interest; MayREI LLC, as to an undivided 1.46% interest; MayREI LLC, as to an undivided 1.21% interest; Melanie T. Gonzales and Gary

5

M. Gonzales, as to an undivided 6.07% interest; NuView IRA fbo Elizabeth Monnot-Chase IRA Traditional IRA, as to an undivided 1.21% interest; NuView IRA fbo Elizabeth Monnot-Chase IRA Traditional IRA, as to an undivided 1.33% interest; Patrick Connely, as to an undivided 1.21% interest; Paul N. Wilmesmeier, as to an undivided 0.61% interest; Paul S. Applefield, DDS, 401K Plan, as to an undivided 1.09% interest; Pioneer Valley Properties, LLC, as to an undivided 1.21% interest; Quest IRA acc#26920-21 FBO Mona Leonard Roth IRA, as to an undivided 1.21% interest; Quest IRA, Inc. FBO Paul S. Applefield IRA# 16413-21, as to an undivided 0.16% interest; Quest IRA, Inc. FBO Rebeca E. Savory-Romero IRA #15528-21, as to an undivided 0.25% interest; Quest IRA, Inc. FBO Robin Applefield IRA# 25164-21, as to an undivided 0.16% interest; R.D. Meredith General Contractors, LLC, as to an undivided 2.43% interest; R.D. Meredith General Contractors, LLC 401K Plan, as to an undivided 0.97% interest; Ricardo Acevedo Lopez, as to an undivided 0.36% interest; Rise Up Real Estate Group, LLC, as to an undivided 3.50% interest; Robert A. Potter, as to an undivided 1.92% interest; Samuel R. Cratis, as to an undivided 1.82% interest; Scott H. Eaton, as to an undivided 0.61% interest; Scott/Erquiaga Trust, as to an undivided 1.21% interest; Self Directed IRA Services Inc., FBO: William Hooper, Account #100005001, as to an undivided 1.33% interest; Serva Fidem, LLC, as to an undivided 0.85% interest; Simon Usuga, as to an undivided 1.09% interest; Source One Funding, LLC, as to an undivided 1.21% interest; Spectra Investments, LLC, as to an undivided 2.67% interest; Steven Bald, as to an undivided 1.46% interest; The Entrust Group Inc. FBO Jill Meekcoms IRA #33-21296, as to an undivided 1.21% interest; Tiger Chang Investment LLC, as to an undivided 0.24% interest;

Vantage Custodian FBO Sidney Haggains IRA, as to an undivided 0.61% interest; and

Vladimir Garcia Melijov, as to an undivided 2.43% interest.

3.     The Receiver is authorized to sell the real property and improvements at <u>1131-41</u>

<u>East 79th</u> free and clear of:

      a.     that certain Multifamily Mortgage, Assignment of Leases And Rents,

Security Agreement And Fixture Filing recorded December 23, 2013, as Document No.

1335722057 and made by 81st Street LLC to Greystone Servicing Corporation, Inc. and

last assigned to FannieMae by Document No. 1335722058, recorded December 23, 2013;

      b.     that certain Assumption and Release Agreement made by and between 81st

Street LLC, SSDF 2 1139 E 79th LLC, and Fannie Mae recorded February 21, 2018, as

Document No. 1805213041;

      c.     that certain Financing Statement evidencing an indebtedness from 81st

Street LLC to FannieMae filed January 2, 2014, as Document No. 1400210062 and the

continuation statement recorded as Document No. 1820633426; and

      d.     that certain Financing Statement evidencing an indebtedness from SSDF2

1139 E 79th LLC to FannieMae filed March 6, 2018, as Document No. 1806504023.

4.     The Receiver is authorized to sell the real property and improvements at <u>6250 West</u>

<u>Mozart</u> free and clear of:

      a.     that certain Mortgage recorded September 8, 2016 as Document No.

1625250138 made by EquityBuild, Inc. to DK Phenix Investments LLC, as to an undivided

5.48% interest; iPlan Group Agent for Custodian FBO Vladimir Matviishin IRA, as to an

undivided 8.22% interest; Asians Investing in Real Estate, LLC, as to an undivided 2.74%

interest; iPlanGroup Agent for Custodian FBO Eric Schwartz IRA, as to an undivided

3.29% interest; iPlanGroup Agent for Custodian FBO Jason Ragan IRA, as to an undivided 0.78% interest; Phyllis Harte, as to an undivided 0.40% interest; Pat Desantis, as to an undivided 6.03% interest; Samir Totah, as to an undivided 8.22% interest; SWFL Investment Trust, as to an undivided 3.29% interest; SB Investment Partners, LLC, as to an undivided 20.82% interest; Annie Chang, as to an undivided 2.74% interest; La Donna Acklen, as to an undivided 5.64% interest; Steve Bald, as to an undivided 2.19% interest; Madison Trust Company Custodian FBO Robert W. Jennings Account #M1605053, as to an undivided 12.35% interest; Mennco Properties LLC Solo 401K, as to an undivided 0.78% interest; Madison Trust Company Custodian FBO Robert Mennella Roth IRA Account #M1604064, as to an undivided 0.99% interest; Madison Trust Company Custodian FBO Sheryl Mennella Roth IRA Account #M1604088, as to an undivided 0.99% interest; American IRA, LLC FBO Kevin Lyons IRA (acct.no. 02799-14), as to an undivided 1.37% interest; Michael James Guilford and Nancy Richard-Guilford, jointly with right of survivorship, as to an undivided 2.74% interest; John and or Cynthia Braden, as to an undivided 1.10% interest; Chetram Jodha, as to an undivided 1.10% interest; Jason Park, as to an undivided 0.55% interest; KKW Investments, as to an undivided 0.19% interest; Gavin Kemp, as to an undivided 2.19% interest; Baron Real Estate Holdings, LLC, as to an undivided 5.81% interest;

b.     that certain Mortgage recorded December 19, 2017, as Document No. 1735315043 made by SSDF4 6250 S. Mozart LLC to CBRE Capital Markets, Inc. and last assigned to Citibank, N.A., as trustee for the registered holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB48, recorded April 25, 2018, as Document No. 1811508179; and

c.    that certain lis pendens recorded July 2, 2018, as Document No. 1818318076 in connection with the action styled *Anson Markell, as Trustee for the Amark Investment Trust v. Equitybuild, Inc. d/b/a EB Equitybuild Capital, Inc.; Hard Money Company, LLC d/b/a Venture Hard Money Capital LLC; Equitybuild Finance, LLC; Jerry J. Cohen; Shaun D. Cohen; SSDF4 6250 S Mozart, LLC; SSDF4 638 N. Avers, LLC; SSDF4 701 5th, LLC; SSFD4 7024 S. Paxton LLC; SSDF4 7255 S Euclid, LLC; SSDF5 Portfolio 1, LLC; SSDF7 Portfolio 1 LLC; 4533-37 S. Calumet LLC; 6437 S. Kenwood, LLC; 7026 Cornell, Inc., 7109 S. Calumet, LLC; 8100 S Essex, LLC; EB South Chicago 4, LLC and SSPH Portfolio 1, LLC*, United States District Court for the Southern District of Texas, Houston Division, Civil Action No. 18-cv-01274 (the "Anson Markwell 8076 Lis Pendens").

5.    The Receiver is authorized to sell the real property and improvements at 3074 East Cheltenham free and clear of:

a.    that certain Mortgage recorded September 8, 2016 as Document No. 1625250140 made by EquityBuild, Inc. to Danyel Tiefenbacher and Jamie Lai, as to an undivided 2.27% interest; The Entrust Group Inc. FBO Jill Halverson IRA #33-21296, as to an undivided 2.27% interest; MayREI LLC, as to an undivided 3.93% interest; iPlanGroup Agent for Custodian FBO Christopher Pong IRA, as to an undivided 1.33% interest; iPlanGroup Agent for Custodian FBO Julia Pong IRA, as to an undivided 1.57% interest; Kevin Randall, as to an undivided 2.27% interest; Alton P. Motes and Vicki Elaine Washburn JTWROS, as to an undivided 3.64% interest; Paul N. Wilmesmeier, as to an undivided 1.14% interest; iPlanGroup Agent for Custodian FBO James B. Ploeger IRA, as to an undivided 0.29% interest; Flying Hound Holdings, LLC, as to an undivided 0.84%

interest; Pat Desantis, as to an undivided 5.00% interest; Adir Hazan, as to an undivided 2.27% interest; Optima Property Solutions LLC, as to an undivided 2.73% interest; Quest IRA Inc. FBO Francis Webb IRA #1437711, as to an undivided 1.00% interest; Kester Brothers Farm, LLC, as to an undivided 2.27% interest; James Hoven, as to an undivided 2.27% interest; 2nd City Solo 401K Trust, as to an undivided 0.91% interest; Joshua Morrow, as to an undivided 2.27% interest; D & D Investment Circle LLC, as to an undivided 1.36% interest; iPlanGroup Agent for Custodian FBO Yvette Camacho IRA, as to an undivided 1.36% interest; Madison Trust Company Custodian FBO Robert W. Jennings Account #M1605053, as to an undivided 3.39% interest; iPlanGroup Agent for Custodian FBO Jyotsna Sharma IRA, as to an undivided 1.14% interest; Erika Dietz, as to an undivided 2.27% interest; iPlanGroup Agent for Custodian FBO Mark Young IRA, as to an undivided 4.55% interest; 1839 Fund I, LLC, as to an undivided 2.27% interest; Joseph M. Martinez and Linda M. Martinez, as to an undivided 2.27% interest; Ira J. Fields Living Trust, Glynis Sheppard, Trustee, as to an undivided 2.27% interest; Terry L. Merrill and Sheryl R. Merrill, as to an undivided 2.27% interest; Equity Trust Company Custodian FBO Paula Levand IRA, as to an undivided 2.05% interest; TruStar Real Estate Solutions, LLC, as to an undivided 3.41% interest; Quest IRA, Inc. FBO Francisco A. Romero Sr. Acct. #25282-11; as to an undivided 2.55% interest; iPlanGroup Agent for Custodian FBO Jacqueline C. Rowe IRA, as to an undivided 2.27% interest; G & M You-nique Properties LLC, as to an undivided 2.73% interest; Walter T. Akita and Margaret M. Akita, as to an undivided 2.27% interest; Scott E. Pammer, as to an undivided 3.18% interest; Equity Trust Company Custodian FBO Stanley J. Kessock IRA, as to an undivided 2.27% interest; iPlanGroup Agent for Custodian FBO Filomena Mora IRA, as to an undivided 1.75%

10

interest; KKW Investments, as to an undivided 0.07% interest; PNW Investments, LLC, as to an undivided 0.45% interest; New Move Ventures Inc., as to an undivided 2.27% interest; iPlanGroup Agent for Custodian FBO Maria Christina Jorgensen IRA #3320820, as to an undivided 1.91% interest; Vantage FBO Sidney Haggins IRA, as to an undivided 1.36% interest; Grathia Corporation, as to an undivided 4.55% interest; Vladimir Matviishin, dba Network Expert, as to an undivided 1.28% interest; Susan Tingle, as to an undivided 2.27% interest and Samuel Home Solutions, LLC, as to an undivided 1.92% interest and that certain purported assignment of a partial interest in said Mortgage recorded September 2, 2017, as Document No. 1728613034;

b.      that certain Mortgage, that certain Assignment of Rents, and that certain Financing Statement recorded September 29, 2017, as Document Nos. 1727219057, 1727219057, and 727219058, respectively, and that certain Corrective Mortgage and Corrective Assignment of Rents recorded October 4, 2017, as Document Nos. 1727715135 and 1727715136, respectively, each given by SSDF5 Portfolio 1 LLC to BC57, LLC (collectively, the "BC57 Security Documents");

c.      that certain claim for a property management lien recorded April 25, 2018 as Document No. 1811519132 by Chicago Real Estate Resources Inc.; and

d.      that certain lis pendens recorded July 2, 2018, as Document No. 1818318078 in connection with the action styled *Anson Markell, as Trustee for the Amark Investment Trust v. Equitybuild, Inc. d/b/a EB Equitybuild Capital, Inc.; Hard Money Company, LLC d/b/a Venture Hard Money Capital LLC; Equitybuild Finance, LLC; Jerry J. Cohen; Shaun D. Cohen; SSDF4 6250 S Mozart, LLC; SSDF4 638 N. Avers, LLC; SSDF4 701 5th, LLC; SSFD4 7024 S. Paxton LLC; SSDF4 7255 S Euclid, LLC; SSDF5*

11

*Portfolio 1, LLC; SSDF7 Portfolio 1 LLC; 4533-37 S. Calumet LLC; 6437 S. Kenwood, LLC; 7026 Cornell, Inc., 7109 S. Calumet, LLC; 8100 S Essex, LLC; EB South Chicago 4, LLC and SSPH Portfolio 1, LLC*, United States District Court for the Southern District of Texas, Houston Division, Civil Action No. 18-cv-01274 (the "Anson Markwell 8078 Lis Pendens").

6.      The Receiver is authorized to sell the real property and improvements at <u>7201 South Constance</u> free and clear of:

a.      that certain Mortgage recorded November 17, 2015, as Document No. 1532145039 made by EquityBuild, Inc. to Towpath Investments LLC, as to an undivided 2.22% interest, Michael Borgia, as to an undivided 29.75% interest, Reynald Lalonde and Chantal Lemaire, as to an undivided 2.22% interest, Initium LLC, managed by Harry Saint-Preux, as to an undivided 2.22% interest, Steven J. Talyai, as to an undivided 6.67% interest, Shaw Family Trust, as to an undivided 2.44% interest, PNW Investments, LLC, as to an undivided 2.22% interest, John Sullivan, as to an undivided 2.22% interest, Arthur L. Bertrand and Dinah F. Bertrand, as to an undivided 4.44% interest, Kirk Road Investments LLC, as to an undivided 2.80% interest, Equity Trust Company Custodian FBO Sidney Haggins IRA, as to an undivided 2.22% interest, Quest IRA, Inc. FBO Steven K. Chennappan IRA # 17293-31, as to an undivided 0.44% interest, Edge Investments, LLC, as to an undivided 0.77% interest, Property Solutions, LLC, as to an undivided 2.67% interest, and EquityBuild, Inc., as to an undivided 36.68% interest;

b.      the BC57 Security Documents; and

c.      that certain <u>lis pendens</u> recorded July 2, 2018, as Document No. 1818318077 in connection with the action styled *Anson Markell, as Trustee for the Amark*

*Investment Trust v. Equitybuild, Inc. d/b/a EB Equitybuild Capital, Inc.; Hard Money Company, LLC d/b/a Venture Hard Money Capital LLC; Equitybuild Finance, LLC; Jerry J. Cohen; Shaun D. Cohen; SSDF4 6250 S Mozart, LLC; SSDF4 638 N. Avers, LLC; SSDF4 701 5th, LLC; SSFD4 7024 S. Paxton LLC; SSDF4 7255 S Euclid, LLC; SSDF5 Portfolio 1, LLC; SSDF7 Portfolio 1 LLC; 4533-37 S. Calumet LLC; 6437 S. Kenwood, LLC; 7026 Cornell, Inc., 7109 S. Calumet, LLC; 8100 S Essex, LLC; EB South Chicago 4, LLC and SSPH Portfolio 1, LLC*, United States District Court for the Southern District of Texas, Houston Division, Civil Action No. 18-cv-01274 (the "Anson Markwell 8077 Lis Pendens").

7.       The Receiver is authorized to sell the real property and improvements at 2736-44 West 64th free and clear of:

a.       that certain Mortgage recorded March 19, 2015, as Document No. 1507856003 made by EquityBuild, Inc. to Mark Young, as to an undivided 6.76% interest; 1839 Fund I, LLC, as to an undivided 3.38% interest; iPlanGroup Agent for Custodian FBO Yifan Tang IRA, as to an undivided 7.70% interest; Sunshine Bliss, LLC, as to an undivided 3.38% interest; Paul S. Applefield, DDS, 401K Plan Paul S. Applefield, Trustee, as to an undivided 4.05% interest; Applefield Family Trust date July 25, 1997 Paul S. Applefield and Robin Kahn Applefield, Trustees, as to an undivided 2.70% interest; Daniel J. Martineau, as to an undivided 6.76% interest; Debbie Elizabeth Lasley, as to an undivided 6.76% interest; Arbor Ventures Overseas Limited, LLC, as to an undivided 1.35% interest; Equity Trust Company Custodian FBO Albert Ruffin IRA, as to an undivided 6.76% interest; The Anchor Group LLC, as to an undivided 4.05% interest; Arthur L. and Dinah F. Bertrand, as to an undivided 13.51% interest; Hongjun Li and Sheyu

13

Zhou, as to an undivided 12.57%; iPlan Group Agent for Custodian FBO Leah Kalish IRA, as to an undivided 9.46% interest; Robert Guiney, as to an undivided 6.76% interest; and Edge Investments, LLC, as to an undivided 4.05% interest;

      b.     that certain Mortgage, that certain Assignment of Rents, and that certain Financing Statement given by SSDF7 Portfolio 1 LLC to Liberty EBCP, LLC and recorded May 7, 2018, as Document Nos. 1812734048, 1812734049, and 1812734050, respectively (collectively, the "Liberty EBCP Security Documents");

      c.     that certain lis pendens recorded July 2, 2018, as Document No. 1818318079 in connection with the action styled *Anson Markell, as Trustee for the Amark Investment Trust v. Equitybuild, Inc. d/b/a EB Equitybuild Capital, Inc.; Hard Money Company, LLC d/b/a Venture Hard Money Capital LLC; Equitybuild Finance, LLC; Jerry J. Cohen; Shaun D. Cohen; SSDF4 6250 S Mozart, LLC; SSDF4 638 N. Avers, LLC; SSDF4 701 5th, LLC; SSFD4 7024 S. Paxton LLC; SSDF4 7255 S Euclid, LLC; SSDF5 Portfolio 1, LLC; SSDF7 Portfolio 1 LLC; 4533-37 S. Calumet LLC; 6437 S. Kenwood, LLC; 7026 Cornell, Inc., 7109 S. Calumet, LLC; 8100 S Essex, LLC; EB South Chicago 4, LLC and SSPH Portfolio 1, LLC*, United States District Court for the Southern District of Texas, Houston Division, Civil Action No. 18-cv-01274 (the "Anson Markell 8079 Lis Pendens"); and

      d.     that certain lis pendens recorded August 15, 2018, as Document No. 1822706115 in connection with the action styled *Michigan Shore Apartments LLC v. EquityBuild, Inc., SSDF7 Portfolio LLC, et al.*, Circuit Court of Cook County, Illinois, Case No. 2018-CH-09098 (the "Michigan Shores 6115 Lis Pendens").

8.     The Receiver is authorized to sell the real property and improvements at <u>6355-59</u> <u>South Talman</u> free and clear of:

     a.     that certain Mortgage recorded August 2, 2016, as Document No. 1621550123 made by EquityBuild, Inc. to Burnham 401K Trust, as to an undivided 2.27% interest, Equity Trust Company Custodian FBO Kelly Welton IRA Account#200271700, as to an undivided 0.27% interest, Madison Trust Company Custodian FBO Huiyi Yang Roth IRA Account #M1604106, as to an undivided 3.36% interest, Tracy-Meek Trust dtd 03-12-2001, as to an undivided 6.36% interest, JSMS Trust, as to an undivided 4.55% interest, Pat Desantis, as to an undivided 10.00% interest, The Moore/Ferrer family 2004 trust, as to an undivided 4.55% interest, McKenzie Irrevocable Living Trust, dated February 3, 1999, Donald E. McKenzie, Trustee, as to an undivided 18.18% interest, Sidney L. Cohn & Sheila L. Cohn JTWROS, as to an undivided 5.45% interest, Sutherland Family Trust DTD 5-8-97 Peggy Sutherland TTEE, as to an undivided 4.55% interest, Adir Hazan, as to an undivided 4.55% interest, Daniel Martineau, as to an undivided 2.20% interest, DK Phenix Investments LLC, as to an undivided 13.70% interest, Kester Brothers Farm, LLC, as to an undivided 2.73% interest, John or Cynthia Braden, as to an undivided 3.64% interest; and EquityBuild, Inc., as to an undivided 13.64% interest;

     b.     the Liberty EBCP Security Documents;

     c.     the Anson Markwell 8079 Lis Pendens; and

     d.     the Michigan Shores 6115 Lis Pendens.

9.     The Receiver is authorized to sell the real property and improvements at <u>6356 South</u> <u>California</u> free and clear of:

a.      that certain Mortgage recorded February 4, 2016, as Document No. 1603550264 made by EquityBuild, Inc. to Madison Trust Company Custodian FBO Rochelle Minchow M1511505 IRA, as to an undivided 14.67% interest; Nicholas C Jenks and Joyce R Jenks JTWROS, as to an undivided 3.33% interest; iPlanGroup Agent for Custodian FBO Ed Bancroft IRA, as to an undivided 2.00% interest; Peter P Nuspl, as to an undivided 19.89% interest; MTASS Realty, LLC, as to an undivided 33.40% interest; Self-Directed IRA Services FBO Vincent Michael Spreuwenberg IRA 201207909, as to an undivided 4.68% interest; Scott E. Pammer, as to an undivided 6.67% interest; Geraldine Martin, as to an undivided 6.68% interest; Crossglobalfunding, LLC, as to an undivided 3.33% interest; Oak Barrel One, LLC, as to an undivided 2.67% interest; Chetram Jodha, as to an undivided 2.67% interest;

b.      the Liberty EBCP Security Documents;

c.      the Anson Markwell 8079 Lis Pendens; and

d.      the Michigan Shores 6115 Lis Pendens.

10.    The Receiver is authorized to sell the real property and improvements at <u>7051 South Bennett</u> free and clear of:

a.      that certain Mortgage recorded April 27, 2015, as Document No. 1511750077 made by EquityBuild, Inc. to Steve Weera and Esther Tonasut, as to an undivided 4.12% interest; Peter P. Nuspl, as to an undivided 14.45% interest; Zin Investments LLC, as to an undivided 28.81% interest; Equity Trust Company Custodian FBO Mark Mouty IRA, as to an undivided 6.58% interest; Michael Mallory Gibbons, as to an undivided 25.84% interest; IRA Innovations, LLC, FBO, Kimberly Robinsons, IRA, as to an undivided 3.62% interest; Jacqueline C. Rowe, as to an undivided 6.17% interest;

1839 Fund I LLC, as to an undivided 5.80% interest; Kimberly Robinson, as to an undivided 0.49% interest; and Carl Walker, as to an undivided 4.12% interest;

b.      that certain Assignment of Mortgage from Michael Mallory Gibbons to Best Capital Funding, Inc., recorded June 19, 2017, as Document No. 1717018061;

c.      that certain Assignment of Mortgage from Michael Mallory Gibbons to Provident Trust Group LLC: FBO Barbara E. Burton-IRA, recorded June 19, 2017, as Document No. 1717018062;

d.      that certain Assignment of Mortgage from Michael Mallory Gibbons to Adaz, LLC, recorded June 19, 2017, as Document No. 1717018063;

e.      that certain Assignment of Mortgage from Michael Mallory Gibbons to Wisemove Properties, LLC, recorded June 19, 2017, as Document No. 1717018064;

f.      that certain Assignment of Mortgage from Michael Mallory Gibbons to Paul S. Scribner Revocable Trust dated May 15, 2003, recorded June 19, 2017 as Document No. 1717018065;

g.      that certain Assignment of Mortgage from Michael Mallory Gibbons to Green Light Investments, LLC, recorded June 19, 2017, as Document No. 1717018066;

h.      the Liberty EBCP Security Documents;

i.      the Anson Markwell 8078 Lis Pendens; and

j.      the Michigan Shores 6115 Lis Pendens.

11.    The Receiver is authorized to sell the real property and improvements at <u>7201-07 South Dorchester</u> free and clear of:

a.      that certain Mortgage recorded June 27, 2016, as Document No. 1617919110 made by EquityBuild, Inc. to iPlanGroup Agent for Custodian FBO Mark

17

Young IRA, as to an undivided 1.82% interest; Frank & Laura Sohm, as to an undivided 1.34% interest; Ping Liu, as to an undivided 4.55% interest; Asians Investing In Real Estate, LLC, as to an undivided 5.45% interest; Paul N. Wilmesmeier, as to an undivided 2.27% interest; Towpath Investments LLC, as to an undivided 2.73% interest; Pat Desantis, as to an undivided 10.00% interest; Equity Trust Company Custodian FBO Terri Shelton Account#200338949 IRA, as to an undivided 4.55% interest; iPlanGroup Agent for Custodian FBO Laura Dirnberger Roth IRA, as to an undivided 0.71% interest; Optima Property Solutions LLC, as to an undivided 7.05% interest; Nicholas C Jenks and Joyce R Jenks JTWROS, as to an undivided 4.55% interest; Aluvelu Homes, LLC, as to an undivided 0.45% interest; iPlanGroup Agent for Custodian FBO Rajanikanth Tanikella, IRA. Acct No. 3300878, as to an undivided 4.55% interest; Vartan Tarakchyan, Trustee for Defined Benefits Plan and 401K Pension Plan, as to an undivided 5.91% interest; Clearwood funding LLC, as to an undivided 4.55% interest; Hillside Fund, LLC, as to an undivided 4.55% interest; Bill Akins, as to an undivided 4.55% interest; Steven Roche, as to an undivided 1.82% interest; Remoni Global Holdings, LLC, as to an undivided 3.18% interest; Timothy Sharp, as to an undivided 4.55% interest; Equity Trust Company Custodian for James Robinson IRA, as to an undivided 4.55% interest; Rachel C. Beck, as to an undivided 4.55% interest; Lori Waring, as to an undivided 4.55% interest; Quest IRA, Inc. FBO Freda Smith IRA # 16816-11, as to an undivided 1.82% interest and JN Investment Trust, as to an undivided 5.45% interest;

     b.     the Liberty EBCP Security Documents;

     c.     the Anson Markwell 8078 Lis Pendens; and

     d.     the Michigan Shores 6115 Lis Pendens.

12. The Receiver is authorized to sell the real property and improvements at <u>7508 South Essex</u> free and clear of:

a. that certain mortgage recorded June 7, 2016, as Document No. 1615950074 and re-recorded as Document No. 1634734075 made by EquityBuild, Inc. to Alex Breslav, as to an undivided 4.22% interest; Bill Akins, as to an undivided 8.15% interest; Daniel Martineau, as to an undivided 8.15% interest; Cosmos Building Maintenance Solo 401K Trust Acct. # 2758150862, as to an undivided 3.70% interest; James Taber, as to an undivided 3.70% interest; Beth Denton, as to an undivided 3.70% interest; IRA Services Trust Company CFBO Beth Denton, as to an undivided 1.48% interest; Bridges Christopher, as to an undivided 1.85% interest; Eleven St. Felix Street Realty Corp, as to an undivided 3.70% interest; Asians Investing in Real Estate, LLC, as to an undivided 4.07% interest; Coleman Scheuller, as to an undivided 3.70% interest; Quest IRA Inc FBO Terri S. Tracy IRA #24921-31, as to an undivided 8.89% interest; Grathia Corporation, as to an undivided 3.70% interest; Madison Trust Company Custodian FBO Rochelle Minchow # M151150, as to an undivided 3.70% interest; JFKN Investment Trust, as to an undivided 2.96% interest; Madison Trust Company Custodian FBO Stuart Edelman # M1510082, as to an undivided 3.70% interest; Receivables to Cash, LLC d/b/a Berenger Capital, as to an undivided 3.70% interest; Capital Liability Investments, LLC, as to an undivided 4.07% interest; EquityBuild, Inc., as to an undivided 0.74% interest; Equity Trust Company Custodian FBO James McKnight SEP, as to an undivided 0.38% interest; Equity Trust Company Custodian FBO Silma McKnight SEP, as to an undivided 0.44% interest; Madison Trust Company Custodian FBO Huiyi Yang M1604042, as to an undivided 1.62% interest; iPlan Group Agent for Custodian FBO Jason Ragan Account

#3300445 IRA, as to an undivided 1.19% interest; iPlan Group Agent for Custodian FBO Jason Ragan Account #3320326 Roth IRA, as to an undivided 1.53% interest; Madison Trust Company Custodian FBO David Harris #1604039, as to an undivided 3.93% interest; Umbrella Investment Partners LLC, as to an undivided 2.96% interest; LaDonna W. Acklen, as to an undivided 3.70% interest; Principal Assets, LLC, as to an undivided 0.14% interest; Russ Moreland, as to an undivided 3.70% interest; Cama Plan FBO Bill Akins IRA, as to an undivided 0.74% interest; Phyllis Harte, as to an undivided 0.69% interest; and Pittman Gold, LLC, as to an undivided 1.05% interest;

      b.      the Liberty EBCP Security Documents;

      c.      the Anson Markwell 8079 Lis Pendens; and

      d.      the Michigan Shores 6115 Lis Pendens.

13.     The Receiver is authorized to sell the real property and improvements at <u>7953-59 South Marquette</u> free and clear of:

      a.      that certain Mortgage recorded May 21, 2015, as Document No. 1514129033 made by Property Solutions, LLC to Jacqueline C. Rowe, as to an undivided 5.64% interest, iPlanGroup Agent for Custodian FBO Jim Taber IRA, as to an undivided 5.64% interest, iPlanGroup Agent for Custodian FBO Dan O'Hare IRA, as to an undivided 5.64% interest, 1839 Fund I, LLC, as to an undivided 4.45% interest, Quest IRA, Inc. FBO Steven K. Chennappan IRA #17293-31, as to an undivided 5.64% interest, Burnham 401 K Trust, as to an undivided 2.54% interest, Steven and Linda Lipschultz, as to an undivided 19.95% interest, Equity Trust Company Custodian FBO Account # Z149966 IRA, as to an undivided 1.86% interest, Equity Trust Company Custodian FBO Account # Z150206 IRA, as to an undivided 1.92% interest, Christopher Maher, as to an undivided 1.86% interest,

American Estate and Trust Self-Directed IRA FBO Brenda Elder. IRA Acct #T1001616147, as to an undivided 5.05% interest, Pensco Trust Company Custodian FBO Steve Weera Tonasut IRA#20004340, as to an undivided 5.64% interest, Edge Investments, LLC, as to an undivided 6.54% interest, 2nd City Solo 401K Trust, as to an undivided 11.27% interest, John E. Bloxham, as to an undivided 12.40% interest, and Howard and Doris Bybee, as to an undivided 5.64% interest;

      b.      that certain Assignment of Partial Interest in Mortgage recorded October 13, 2017, as Document No. 1728613035;

      c.      the Liberty EBCP Security Documents; and

      d.      that certain lis pendens recorded July 2, 2018, as Document No. 1818318080 in connection with the action styled *Anson Markell, as Trustee for the Amark Investment Trust v. Equitybuild, Inc. d/b/a EB Equitybuild Capital, Inc.; Hard Money Company, LLC d/b/a Venture Hard Money Capital LLC; Equitybuild Finance, LLC; Jerry J. Cohen; Shaun D. Cohen; SSDF4 6250 S Mozart, LLC; SSDF4 638 N. Avers, LLC; SSDF4 701 5th, LLC; SSFD4 7024 S. Paxton LLC; SSDF4 7255 S Euclid, LLC; SSDF5 Portfolio 1, LLC; SSDF7 Portfolio 1 LLC; 4533-37 S. Calumet LLC; 6437 S. Kenwood, LLC; 7026 Cornell, Inc., 7109 S. Calumet, LLC; 8100 S Essex, LLC; EB South Chicago 4, LLC and SSPH Portfolio 1, LLC*, United States District Court for the Southern District of Texas, Houston Division, Civil Action No. 18-cv-01274.

14.     The Receiver is authorized to sell the real property and improvements at <u>5618-20 South King</u> free and clear of:

      a.      that certain Mortgage recorded April 24, 2015, as Document No. 1511456068 made by EquityBuild, Inc. to Duane Young, as to an undivided 5.78% interest;

Advanta IRA Trust, LLC FBO Brian Shea IRA #6213202, as to an undivided 3.04% interest; Equity Trust Company Custodian FBO Kevin Bybee IRA, as to an undivided 23.12% interest; iPlan Group Agent for Custodian FBO Leah Kalish IRA, as to an undivided 6.80% interest; Arthur L. Bertrand and Dinah F. Bertrand, as to an undivided 5.78% interest; IB Investments LLC, as to an undivided 5.78% interest; The Income Fund, LLC, as to an undivided 49.67% interest; and EquityBuild, Inc., as to an undivided 0.02% interest;

      b.     that certain Mortgage, that certain Assignment of Rents, and that certain Financing Statement recorded May 23, 2017, as Document Nos. 1714316084, 1714316085, and 1714316086, respectively, given by SSPH Portfolio 1 LLC to UBS AG and last assigned to UBS AG by Document Nos. 1910255150, and 1910255151, and 1912045048, respectively (collectively, the "UBS Security Documents"); and

      c.     the Anson Markwell 8076 Lis Pendens.

15.     The Receiver is authorized to sell the real property and improvements at <u>6558 South Vernon</u> free and clear of:

      a.     that certain Mortgage recorded August 8, 2014, as Document No. 1422050101 given by EquityBuild, Inc. to Hard Money Company, LLC;

      b.     that certain Assignment of Mortgage from Russell & Ursula Waite to Pensco Trust Company Custodian FBO Kathleen Robinson Self-Directed Roth IRA 080000001320 as to an undivided 4.35% interest, recorded August 2, 2016, as Document No. 1621550122;

      c.     the UBS Security Documents; and

      d.     the Anson Markwell 8076 Lis Pendens.

16.     The Receiver is hereby vested with full power and authority to execute any and all closing documents associated with the conveyances of the Properties, including, but not limited to, deeds, bills of sale, affidavits of title, and settlement statements.

17.     The proceeds from the sales of the Properties shall be held by the Receiver in separate subaccounts for which the Receiver shall maintain an accounting as to all sums deposited therein, and shall not be available to pay operating expenses of the Receivership nor for any other expense or distribution, absent further order of Court.

Entered:

_____

The Honorable John Z. Lee

Date:_____

23

**TAB A**

**1700 WEST JUNEWAY TERRACE**
**CHICAGO, ILLINOIS 60626**
1700 JUNEWAY LLC
11-30-205-011-0000

THE WEST 22 FEET OF LOT 6 AND ALL OF LOTS 7 AND 8 AND THE EAST 22 FEET OF LOT 9 IN BLOCK 2 IN DAVID P. O'LEARY'S SUBDIVISION OF PART OF THE SOUTH HALF OF THE NORTHEAST QUARTER OF SECTION 30, TOWNSHIP 41 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

**1131-41 EAST 79TH STREET**
**CHICAGO, ILLINOIS 60619**
SSDF2 1139 E 79TH LLC
20-35-106-022-0000

LOTS 29 TO 34, BOTH INCLUSIVE, IN THE RESUBDIVISION OF BLOCK 108 IN CORNELL IN THE NORTH HALF OF SECTION 35, TOWNSHIP 38 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

**6250 WEST MOZART STREET**
**CHICAGO, ILLINOIS 60629**
SSDF4 6250 S MOZART LLC
19-13-330-038-0000

LOTS 16 AND 17 IN BLOCK 15 IN COBE AND MCKINNON'S 63RD STREET AND SACRAMENTO AVENUE SUBDIVISION OF THE EAST HALF OF THE SOUTHWEST QUARTER SECTION 13, TOWNSHIP 38 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

**3074 EAST CHELTENHAM. PLACE**
**CHICAGO, ILLINOIS 60649**
SSDF5 PORTFOLIO 1 LLC
21-30-414-040-0000

THE EASTERLY 120 FEET OF LOT 114, IN DIVISION ONE OF WESTFALL'S SUBDIVISION OF 208 ACRES, BEING THE EAST HALF OF THE SOUTHWEST QUARTER AND THE SOUTHEAST FRACTIONAL QUARTER OF SECTION 30, TOWNSHIP 38 NORTH, RANGE 15 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

**7201 SOUTH CONSTANCE AVENUE**
**CHICAGO, ILLINOIS 60649**
SSDF5 PORTFOLIO 1 LLC
20-25-119-001-0000

LOTS 13 AND 14 (EXCEPT SOUTH 6 INCHES THEREOF) IN CHRISTOPHER COLUMBUS ADDITION TO JACKSON PARK, A SUBDIVISION OF THE EAST HALF OF THE NORTHWEST QUARTER OF SECTION 25, TOWNSHIP 38 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

**2736-44 WEST 64TH STREET**
**CHICAGO, ILLINOIS 60629**
SSDF7 PORTFOLIO 1 LLC
19-24-200-029-0000

LOT 15 (EXCEPT THE NORTH 10 FEET THEREOF), IN MOREAU AND DEJONG'S RESUBDIVISION OF LOTS 30 TO 48, INCLUSIVE, IN BLOCK 16, IN AVONDALE ADDITION TO CHICAGO, BEING A SUBDIVISION OF THE WEST HALF OF THE NORTHEAST QUARTER OF SECTION 24, TOWNSHIP 38 NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

**6355-59 SOUTH TALMAN AVENUE**
**CHICAGO, ILLINOIS 60629**
SSDF7 PORTFOLIO 1 LLC
19-24-203-023-0000

LOTS 28 AND 29 IN BLOCK 1 IN AVONDALE, A SUBDIVISION OF THE WEST HALF OF THE NORTHEAST QUARTER OF SECTION 24, TOWNSHIP 38 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

**6356 SOUTH CALIFORNIA AVENUE**
**CHICAGO, ILLINOIS 60629**
SSDF7 PORTFOLIO 1 LLC
19-24-107-037-0000

LOTS 26 AND 27 IN BLOCK 1 IN JOHN BAIN'S SUBDIVISION OF THE EAST HALF OF THE EAST HALF OF THE NORTHWEST QUARTER OF SECTION 24, TOWNSHIP 38 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

**7051 SOUTH BENNETT AVENUE**
**CHICAGO, ILLINOIS 60649**
SSDF7 PORTFOLIO 1 LLC
20-24-328-011-0000

LOT 13 (EXCEPT THE SOUTH 22 FEET THEREOF) AND LOT 14 (EXCEPT THE NORTH 8 FEET THEREOF) IN BLOCK 15 IN JACKSON PARK HIGHLANDS, IN THE EAST HALF OF THE SOUTHWEST QUARTER OF SECTION 24, TOWNSHIP 38 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

**7201-07 SOUTH DORCHESTER AVENUE**
**CHICAGO, ILLINOIS 60619**
SSDF7 PORTFOLIO 1 LLC
20-26-210-001-0000

LOTS 14 AND 15 IN BLOCK 10 IN JOHN G. SHORTALL TRUSTEE'S SUBDIVISION OF THE NORTH HALF OF THE NORTHEAST QUARTER OF SECTION 26, TOWNSHIP 38 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

**7508 SOUTH ESSEX AVENUE**
**CHICAGO, ILLINOIS 60649**
SSDF7 PORTFOLIO 1 LLC
21-30-301-030-0000

LOT 1 AND THE EAST 18 FEET OF LOT 2, IN BLOCK 3, IN SOUTH SHORE PARK, BEING A SUBDIVISION OF THE WEST HALF OF THE SOUTHWEST QUARTER OF SECTION 30, TOWNSHIP 38 NORTH, RANGE 15 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

**7953-59 SOUTH MARQUETTE ROAD**
**CHICAGO, ILLINOIS 60617**
SSDF7 PORTFOLIO 1 LLC
21-31-106-024-0000

LOTS 29 AND 30 IN THE SUBDIVISION OF BLOCK 6 OF CIRCUIT COURT PARTITION OF THE NORTHWEST QUARTER OF THE NORTHEAST QUARTER AND THE NORTHEAST QUARTER OF THE NORTHWEST QUARTER OF SECTION 31, TOWNSHIP 38 NORTH, RANGE 15 EAST OF THE THIRD PRINCIPAL MERIDIAN IN COOK COUNTY, ILLINOIS.

**5618-20 SOUTH MARTIN LUTHER KING DRIVE**
**CHICAGO, ILLINOIS 60637**
SSPH PORTFOLIO 1 LLC
20-15-112-018-0000, 20-15-112-019-0000

LOT 5 AND THE SOUTH 17 FEET OF LOT 4 IN BLOCK 1 IN BURNHAM'S RESUBDIVISION OF THE NORTH 4 ACRES OF LOT 1 IN NEWHALL, LARNED AND WOODBRIDGE'S RESUBDIVISION OF PART OF THE NORTHWEST QUARTER IN SECTION 15, TOWNSHIP 38 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN IN COOK COUNTY, ILLINOIS.

**6558 SOUTH VERNON**
**CHICAGO, ILLINOIS 60637**
SSPH PORTFOLIO 1 LLC
20-22-216-038-0000, 20-22-216-039-0000

LOTS 3 AND 4 IN RUBY A. S. NICKELSON'S RESUBDIVISION OF LOTS 21 TO 25, IN BLOCK 1 IN OAKWOOD SUBDIVISION OF THE NORTH HALF OF THE SOUTH HALF OF THE NORTHEAST QUARTER OF SECTION 22, TOWNSHIP 38 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.