**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Case No. 1:18-cv-5587 |
| v. | |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN | Hon. John Z. Lee |
| | Magistrate Judge Young B. Kim |
| Defendants. | |

**MIDLAND'S LIMITED OBJECTION TO RECEIVER'S**
**SECOND MOTION FOR RESTORATION OF FUNDS**
**EXPENDED FOR THE BENEFIT OF OTHER PROPERTIES**

Midland Loan Services, a Division of PNC Bank, NA hereby files its Limited Objection to Receiver's Second Motion for Restoration of Funds Expended for the Benefit of Other Properties (the "Second Restoration Motion") [Dkt. No. 749],[1] and in support thereof states as follows:

**BACKGROUND**

Kevin B. Duff, as court-appointed receiver (the "Receiver") for the estate of EquityBuild, Inc. and its affiliates, seeks authority to use proceeds from the sale of twenty-four (24) sold properties (the "Sold Properties") to "restore funds they received from other properties or the Receiver's account to preserve, maintain, and improve them prior to their sale." (Dkt. No. 749 at 1.) The below chart depicts five Sold Properties that are encumbered by a first priority mortgage in favor of Midland and the corresponding reimbursable amount being sought from each property:

---

[1] Midland has no position on the Receiver's Ninth Motion to Confirm Sales, which is included in the same document.

54348348;1

|    | **Property Address**                     | **Reimbursable Amount Requested** |
|----|------------------------------------------|-----------------------------------|
| 1. | 7760 S. Coles, Chicago, Illinois         | $67,787.76                        |
| 2. | 8000-02 S. Justine, Chicago, Illinois    | $113,597.64                       |
| 3. | 8107-09 S. Ellis, Chicago, Illinois      | $80,850.18                        |
| 4. | 8209-13 S. Ellis, Chicago, Illinois      | $55,846.86                        |
| 5. | 8214-16 S. Ingleside, Chicago, Illinois  | $62,821.55                        |
|    | Total:                                   | **$380,903.99**                   |

(Dkt. No. 749-1, Ex. 2.)[2]

## LIMITED OBJECTION

1.  Midland on a monthly basis for each property receives a rent roll and profit and loss statement (the "Statements"). The Statements are generated by the Receiver's property managers, Paper Street Properties ("Paper Street") and WPD Management LLC ("WPD").

2.  The Statements generally reflect for each property its monthly income and expenses and include various subcategories, which further characterize the type of income or expense.

3.  Paper Street's expense reporting does not contain the level of detail provided in the WPD reports. For example, WPD provides granular detail for its expenses—e.g., on 06/01/2020 "8107-SFH – Maintenance / Repair – Scraped, patched, sanded and painted drywall repairs" in an amount of $245.04. Paper Street, on the other hand, provides reporting on categories such as "Building Supplies," "Inspection Repairs," "Janitorial expense," and "Repairs and Maintenance," without further detail.

5.  Paper Street manages and reports for each of the properties listed in the above table.

6.  Accordingly, Midland only has a general understanding of the expenses that appear to have been devoted to its Sold Properties and is unable to determine whether the reimbursable

---

[2] Numerous investor lenders have also asserted liens on these properties. These investors will also benefit from Midland's objection.

54348348;1

amount requested—collectively $380,903.99—was necessary, reasonable, or beneficial to the sale process.

7. The undersigned counsel requested that the Receiver cause Paper Street to provide backup support for the following categories of expenses:

- Upgrades, Acct. # 5518
- Building Supplies, Acct. # 5520
- Unit Turnover, Acct. # 5517
- Repairs and Maintenance, Acct. # 5510

8. As of this filing, the requested information has not been provided.

9. Unless and until Midland is provided the opportunity to review the backup support for the expenses at issue, Midland objects to the Second Restoration Motion.

## **CONCLUSION**

Midland submits that the requested reimbursement payments should continue to be segregated and held in suspense until later administered by the Court whether it be through a final hearing or otherwise. Midland reserves all of its rights under the applicable loan documents and reserves the right to supplement this limited objection and to seek such other and further relief as may be necessary and just.

August 24, 2020                          Respectfully Submitted,

*/s/ Thomas B. Fullerton*
Thomas B. Fullerton (6296539)
Akerman LLP
71 S. Wacker Drive, 47th Floor
Chicago, IL 60606
(312) 634-5700
thomas.fullerton@akerman.com

- and –

Michael D. Napoli (TX 14803400)
Akerman LLP
2001 Ross Avenue, Suite 3600
Dallas, TX 75201
(214) 720-4360
michael.napoli@akerman.com

*Counsel for Midland Loan Services,
a Division of PNC Bank, National Association*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document has been served on August 24, 2020 by filing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record.

*/s/ Thomas B. Fullerton*
