UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) Civil Action No.: 18-cv-5587 ) |
| v. | ) Hon. John Z. Lee ) |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME E. COHEN, and SHAUN D. COHEN | ) Magistrate Judge Young B. Kim ) ) ) |
| Defendants. | ) ) |

**SOUTHSIDE PROPERTY GROUP, LLC'S AND PIONEER ACQUISTIONS LLC'S JOINT MOTION TO STRIKE VENTUS HOLDINGS, LLC'S SUPPLEMENTAL REPLY [Doc. 763]**

Southside Property Group, LLC ("Southside Property Group") and Pioneer Acquisitions LLC ("Pioneer Acquisitions"), for their Joint Motion to Strike Ventus Holdings, LLC's Supplemental Reply [Doc. 763], state as follows:

**FACTUAL BACKGROUND**

1.  The Receiver filed his Eighth Motion To Confirm the Sale of Certain Real Estate and For the Avoidance of Certain Mortgages, Liens, Claims, and Encumbrances (the "Eighth Motion to Confirm"; Doc. 712) on June 11, 2020.

2.  The Eighth Motion to Confirm sought judicial approval of the Receiver's pending sales of 7600-10 South Kingston and 7656-58 South Kingston (the "Kingston Properties") to Southside Property Group and of 6949 South Merrill (the "Merrill Property") to Pioneer Acquisitions.

3.  Although the Receiver previously moved to confirm the sale of both the Kingston Properties and the Merrill Property to Ventus Holdings, LLC ("Ventus") (Doc. 618), and although

this Court granted that motion (Doc. 676), Ventus subsequently informed counsel for the Receiver that it could not close because its putative lender had refused to provide financing and "because of [the] economic circumstances, [its] investors also no longer intend[ed] to proceed with the acquisition of these properties." (Eighth Motion to Confirm, Exhibit 7; Doc. 712.)

4. As a result, the Receiver issued Ventus a default letter, terminated the purchase and sale agreements with Ventus, and entered into new purchase and sale contracts with Southside Property Group and Pioneer Acquisitions. (Eighth Motion to Confirm, Exhibit 8; Doc. 712).

5. Southside Property Group and Pioneer Acquisitions deposited the requisite earnest money and remain ready, willing, and able to close.

6. On June 23, 2020, Ventus moved to intervene for the purpose of objecting to the Eighth Motion to Confirm ( Doc. 721).

7. The Court granted Ventus' motion to intervene (Doc. 742), and Ventus filed a formal objection to the Eighth Motion to Confirm on July 17, 2020 (Doc. 746).

8. On July 8, 2020, Southside Property Group and Pioneer Acquisitions moved to intervene (Docs. 732 and 734) for the purpose of supporting the Eighth Motion to Confirm, and, after the Court granted those motions (Doc. 742), it filed their supporting memorandum. (Docs. 747 and 748).[1]

9. On August 14, 2020, Ventus filed a Supplemental Reply to the Eighth Motion to Confirm ("Supplemental Reply;" Doc. 763), which included an Affidavit of Zachary D. Elman ("Second Elman Affidavit").

---

[1] Other interested parties also moved to intervene, and/or filed briefs in support of, or in opposition, to the Receiver's Eighth Motion to Confirm, including Thorofare Asset Based Lending REIT Fund IV (Doc. 730), and Liberty EBCP (Doc. 728).

10. Ventus filed the Supplemental Reply (Doc. 763) without leave of Court, and nearly a month after all briefing on the Eighth Motion to Confirm was complete.

**ARGUMENT**

11. As a preliminary matter, Southside Property Group and Pioneer Acquisitions respectfully request that the Court strike the Supplemental Reply (including the Second Elman Affidavit) because it was filed after briefing on the Eighth Motion to Confirm had been completed and absent leave of Court. (In the event that the Court does not strike the Supplemental Reply, however, then Southside Property Group and Pionee Acquisitions respectfully request that the Court entertain their responses to the arguments set forth therein, as briefly stated in the paragraphs below.)

### *The Second Elman Affidavit Reveals That Ventus Still Lacks A Financing Commitment That Would Enable It To Close.*

12. Ventus filed the Supplemental Reply nominally for the purpose of compelling the Receiver to provide financial records regarding the three properties that were the subject of the purchase and sale contracts upon which it previously defaulted, in order to ensure that its lender was prepared to proceed in the event that the Court denies the Eighth Motion to Confirm, sets aside the new purchase and sale contracts, and upsets the expectations of Southside Property Group and Pioneer Acquisitions. (Supplemental Reply, ¶¶ 4 – 8).

13. Although Ventus takes aim at the Receiver for refusing to produce additional financial information, the Receiver cannot be blamed for refusing to produce confidential documentation to a party who invited its own default and who, thus, no longer holds valid and enforceable purchase and sale contracts with respect to any of the three subject properties.

14. In actuality, the Supplemental Reply (¶¶ 7-10) and the Second Elman Affidavit (¶¶ 4-5) reveal that Ventus requires financial information from the Receiver to confirm that, this time, it would have the financing needed to close.

15. The request for this financial information is clearly not a meaningless gesture: As a practical matter, the requested information would be subject to review and evaluation by Ventus' unidentified potential new lender. Clearly, Ventus could not close the first time, and, at present, it still cannot.

### *The Second Elman Affidavit Fails To Establish That Mr. Elman Possesses Any Qualification To Present Factual Assertions Regarding Real Estate Values In The Form Of Expert Opinions.*

16. Ventus is evidently seeking another opportunity to argue that the "initial shock" from the Covid-19 pandemic temporarily upset the real estate industry and that the Receiver accepted new purchase and sale contracts that do not reflect the "fair market value" of the Kingston Properties and the Merrill Property. (Supplemental Reply, ¶¶ 11 – 15.)

17. This contention, however, is rooted in sheer speculation about the state of the market for southside Chicago multifamily residential real estate assets, and Mr. Elman has laid no foundation to establish that he possesses the requisite qualifications to articulate an "expert opinion" on this subject.

### CONCLUSION

The court process is not a game of speculation and exagerations. For the reasons previously articulated by Southside Property Group, Pioneer Acquisitions and the Receiver, the Eighth Motion to Confirm should be granted, and the Supplemental Reply should be stricken.

Respectfully submitted,

SOUTHSIDE PROPERTY GROUP, LLC


/s/ Kenneth D. Peters
One of its attorneys

Kenneth D. Peters (6186034)
Marc A. Primack (2254514)
Dressler | Peters, LLC
70 W. Hubbard Street, Suite 200
Chicago, Illinois 60654
(312) 602-7360
*kpeters@dresslerpeters.com*
*mprimack@dresslerpeters.com*


PIONEER ACQUISITIONS LLC

/s/ Jay R. Goldberg
Jay R. Goldberg
Attorney for Pioneer Acquisitions LLC

Jay R. Goldberg
Field and Goldberg, LLC
10 South LaSalle Street, Suite 2910
Chicago, Illinois 60603
(312) 408-7271
*jgoldberg@fieldandgoldberg.com*