**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** ) ) ) | **Civil Action No. 18-CV-5587** |
| **Plaintiff,** ) ) | **Hon. John Z. Lee** |
| **v.** ) ) | **Magistrate Judge Young B. Kim** |
| **EQUITYBUILD, INC., et al.,** ) ) | |
| **Defendants.** ) ) | |

## JOINT STATUS REPORT ON DISCOVERY-RELATED ISSUES

In advance of the upcoming September 23, 2020 status conference, the Receiver, the institutional lenders (hereinafter the "Mortgagees"), and the SEC provide the following update to the Court on the discovery-related issues that were discussed at the last status conference.

1. **Draft Standard Discovery.** The Mortgagees, the Receiver and the SEC have continued efforts to develop standard discovery that would be issued to both investor lenders and Mortgagees. Various drafts have been developed, exchanged and commented upon by the Mortgagees, the SEC and the Receiver. Copies of the Receiver's latest drafts are attached here to Exhibits A and B. Copies of the Mortgagee's latest drafts are attached as Exhibit C and D.

2. **Draft Protective Order.** The Mortgagees, the Receiver and the SEC have continued efforts to develop a protective order. The current draft of such protective order that included comments from the Mortgagees that are under review by the SEC and Receiver is attached hereto as Exhibit E.

**3.     Selection of Vendor For EB Documents.**  The Mortgagees have continued their efforts to search for a vendor that would be able to develop a document type of library for various EB internal documents at an economical cost.   No vendor has yet been selected, but the search has been narrowed to two vendors.

**4.     Breakdown of Certain Information Regarding Claims.** Pursuant to the request of the Court, the Receiver submitted certain charts that broke down by category of dollar amount the amounts claimed by investor lenders through their proof of claims, the amount invested by investor lenders in properties that are part of the Receivership Estate, and the amount invested by investor lenders in various funds.   Those charts and a brief description was filed as part of Docket No. 798.

Dated: September 22, 2020

Respectfully submitted,


/s/ Michael Rachlis
Michael Rachlis
Jodi Rosen Wine
Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone (312) 733-3950
Fax (312) 733-3952
mrachlis@rdaplaw.net
jwine@rdaplaw.net

*Attorneys for Kevin B. Duff, Receiver*

/s/ Michael Gilman
Michael Gilman (6182779
(mgilman@dykema.com)
Dykema Gossett PLLC
10 S. Wacker Drive
Suite 2300
Chicago, Illinois 60606
(312) 627-5675

/s/ Benjamin Hanauer
Benjamin J. Hanauer (hanauerb@sec.gov)
Timothy J. Stockwell (stockwellt@sec.gov)
175 West Jackson Blvd., Suite 1450
Chicago, IL 60604
Phone:  (312) 353-7390
Facsimile: (312) 353-7398

*Attorneys for Plaintiff*
*U.S. Securities and Exchange Commission*

*Counsel for Federal Home Loan Mortgage Corporation Wilmington Trust, National Association, as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Trust 2014-LC16, Commercial Mortgage Pass-Through Certificates, Series 2014-LC16; Wilmington Trust, National Association, as Trustee for the Registered Holders of UBS Commercial Mortgage Trust 2017-C1,Commercial Mortgage Pass-Through Certificates, Series 2017-C1; Citibank N.A., as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB48; Federal National Mortgage Association; U.S. Bank National Association, as Trustee for the registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2017-SB41;U.S. Bank National Association, as Trustee for the registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB50;U.S. Bank National Association, as Trustee for the registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2017-SB30 Sabal TL1 LLC; Midland Loan Services, a Division of PNC Bank, N.A. as servicer for Wilmington Trust, N.A., as Trustee for the Benefit of Corevest American Finance 2017-1 Trust Mortgage Pass-Through Certificates; Midland Loan Services, a Division of PNC Bank, N.A. as servicer for Wilmington Trust, N.A., as Trustee for the Registered Holders of Corevest American Finance 2017-2 Trust, Mortgage Pass-Through Certificates, Series 20172; BC57, LLC; UBS AG*

**Certificate of Service**

I hereby certify that on September 22, 2020, I caused the foregoing **Joint Status Report on Discovery-Related Issues** to be electronically filed with the Clerk of the Court for the United States District Court for the Northern District of Illinois, Eastern Division, by using the CM/ECF system which will serve via e-mail notice of such filing to all counsel registered as CM/ECF users.

I further certify that I caused true and correct copies of the foregoing **Joint Status Report** to be served upon the following individuals or entities by electronic mail:

-       Defendant Jerome Cohen (jerryc@reagan.com);

-       All known EquityBuild investors; and

-       All known individuals or entities that submitted a proof of claim in this action (sent to the e-mail address each claimant provided on the claim form).

I further certify that the **Joint Status Report** will be posted to the Receivership webpage at: http://rdaplaw.net/receivership-for-equitybuild

/s/ Michael Rachlis

Michael Rachlis
Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone (312) 733-3950
Fax (312) 733-3952
mrachlis@rdaplaw.net

# Exhibit A

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** | ) ) ) |  |
| **Plaintiff,** | ) ) | Civil Action No. 18-cv-5587 |
| **v.** | ) ) | Hon. John Z. Lee |
| **EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,** | ) ) ) ) | Mag. Judge Young B. Kim |
| **Defendants.** | ) ) ) |  |

To: EquityBuild Claimant

You are receiving this document because you have asserted a claim in the matter of SEC v. EquityBuild, Inc. et al., Case No. 18 CV 05587, pending in the federal district court for the Northern District of Illinois.

The Court is addressing the claims asserted in this case by groups of properties, or "tranches."  You have asserted a claim against one or more of the properties in the tranche that is currently before the Court, which consists of the following properties:

LIST PROPERTIES IN TRANCHE

All investors in this tranche are being served with these discovery requests so that the Court and other claimants asserting a claim against the same properties may properly evaluate the claims against the properties in the tranche.

The discovery requests include (1) requests to provide the documents described; and (2) requests to answer questions in writing, also called interrogatories.

You are required to provide a copy of all of the requested documents and answer all of the questions asked. You will need to search your records to find the requested documents and the information necessary to answer the questions. Your answers and documents are due on [insert date].

We understand that you have already submitted a proof of claim form and supporting documentation.  There is no need for you to send anything you previously submitted again. But, please be aware you are being requested to provide documents and information in addition to what you already submitted with your proof of claim, so, if you did not already submit any one or more of the requested documents with your proof of claim, you need to provide those documents at this time.

On the following pages there is a list of the documents that you need to provide and the questions, or interrogatories, that you need to answer in writing. By DATE, you must email your answers to the questions and any additional documents you have not already submitted to counsel for the Receiver who will then make arrangements for distribution to the SEC and each claimant in the tranche. If you are unable to scan and email your answers and the documents (the preferred means of delivery), they instead may be mailed to:

> EquityBuild Receiver
> c/o Rachlis Duff & Peel
> 542 S. Dearborn, Suite 900
> Chicago, IL 60605

After you have sent Your Responses to these discovery requests, you must supplement Your Responses or correct your responses if You learn that Your responses were incomplete or incorrect.

Please refer to the following instructions and definitions to assist you in answering these discovery requests.

<u>Instructions</u>.

1. We have the supporting documentation that you submitted with your Proof of Claim form, and you do not need to resubmit anything that you already submitted with your claim.

2. There are written questions for you to answer that are shown below. These written questions are also known as interrogatories. Please answer the questions (interrogatories) in a document that numbers each response to indicate the question that you are answering.

3. There are requests for you to provide additional documents that you have not already provided. Each request seeks each and every document related to the request. If you have a doubt whether you provided a document with your proof of claim or whether a document is related to a request, you should provide it. You must provide both documents that you have in your possession and documents that you gave to someone or that someone else may be holding for you, such as a spouse, a relative, a friend, a lawyer, an accountant, or an investment officer.

4. You also have the ability to ask written questions (interrogatories) to, or to request documents from the other participants in the claims process by serving such written questions or requests for documents on that participant at the address provided on the Tranche Contact List accompanying these discovery requests.

5. The Court, however, has ordered that in addition to these interrogatories and document requests, a claimant may not serve more than ____ interrogatories and may not serve more than ____ document requests. No claimant may send more interrogatories or document requests without an order from the Court allowing it.

<u>Definitions</u>.

1. "You" or "Your" means the person, business, or entity who made the investment with or provided a loan to EquityBuild.

2. "EquityBuild" includes EquityBuild, Inc. and all the affiliates identified on the Proof of Claim form used in this proceeding.

3. An "EquityBuild Asset" is any real or personal property in which EquityBuild or an EquityBuild affiliate has or had an ownership interest.

4. "Documents" means both paper documents and electronically stored information (such as "word" documents, "pdf." documents, "Excel" documents), and includes letters, statements, spreadsheets, e-mails, and text messages.

5. "Original Transaction" means the transaction in which you acquired a claim of ownership or a security interest in an EquityBuild Asset of affiliate.

6. A "Rollover Transaction" means a situation where You had a claim of ownership or a security interest in an EquityBuild Asset or affiliate that was changed or converted, in whole or in part, to an ownership or security interest in another EquityBuild asset or affiliate. A Rollover Transaction occurred, for example, if You had an interest in a mortgage on an EquityBuild Asset and, instead of receiving a cash distribution, You received an interest in another EquityBuild Asset or affiliate.

I. <u>Requests for Documents</u>.

<mark>To The Extent You Have Not Already Provided These With Your Proof Of Claim Form, You Need to Provide the Following Documents:</mark>

1. All documents you received from EquityBuild related to an Original Transactions and/or a Rollover Transactions, such as:
   - account statements,
   - financial reports,
   - solicitations,
   - private placement memoranda,
   - offering memoranda,
   - brochures,
   - advertisements,
   - information sheets
   - receipts

2. All documents that you executed or were requested to execute regarding your investment in or loan to any property in the tranche, such as:
   - Mortgages,
   - Promissory notes,
   - Servicing agreements,
   - Collateral agreements,
   - Powers of attorney,
   - Operating Agreements,
   - Contracts or other agreements,
   - Releases or satisfaction of mortgages,

3. All documents relating to any Rollover Transaction of Your investment in or loan to any property in the tranche to a different EquityBuild asset.

   NOTE: These Requests Ask For, And You Need To Provide, The Requested Documents Concerning Rollover Transactions Regardless Of Whether The Equity Build Asset That Was Involved In The Rollover Transaction Is Included In This Tranche

4. All documents regarding the payments You made (or the consideration You gave) for your investments or loans with EquityBuild.

5. All documents regarding the payments You received, either for distributions on or payoffs of Your investments or loans with EquityBuild.

6. All documents related to any refinancing or payoff of any EquityBuild mortgage loan in which You have or had an Interest.

7. All e-mails and correspondence or text messages between You and anyone working for or on behalf of EquityBuild relating to your investment in or loan to any property in the tranche or a Rollover Transaction from any property that is in the tranche.

II.  <u>Interrogatories</u>

1. Was the "Claimant Name" identified on Your Proof of Claim the actual entity that made the investment in or loan to an EquityBuild asset or affiliate? If not, please identify the name of the individual or entity that made the investment of provided the loan.

2. Are the email address and telephone number identified on Your Proof of Claim the best way to contact you? If not, please identify the best email address and phone number to contact You.

3. Please state the names of all persons You (or Your representative) interacted with at or on behalf of EquityBuild, including anyone who said that he or she was an agent, employee, or representative of EquityBuild, about Your

investments or loans relative to the property in the tranche. For each person, please also state that person's address and best phone number to contact the person(s) You conversed with (by phone, by email, text or letter, or in person).

4. For each EquityBuild Asset in the tranche in which You claim an ownership or security interest, state the amount You paid for the investment or the type of consideration given for the investment, the date that You paid or gave consideration for the investment, and to whom You paid this money or other consideration.

5. For each EquityBuild Asset in the tranche in which You claim an ownership or security interest, state whether You received any payments, distributions, or other form of return on your investment, and state the amount, the date, and from whom You received the payment, distribution or return on Your investment. If you already provided all of this information on your Proof of Claim form, then you do not need to answer this interrogatory.

6. For each EquityBuild Asset in the tranche in which You claim an ownership or security interest, state the amount that is due to You for your investment in or loan to that specific property.

7. State whether any investment You had in an EquityBuild Asset in the tranche was the subject of a "Rollover Transaction" (see Definition of "Rollover Transaction" above), and for each Rollover Transaction, state the date of the Rollover Transaction, identify Your original interest by type of interest, the amount of the original interest, and property address, and identify Your rolled-over interest by type of interest, amount of the rolled-over Interest, and property address (if any). If you already provided all of this information on your Proof of Claim form, then you do not need to answer this interrogatory.

8. For each EquityBuild Asset in the tranche in which You assert an interest, state whether You have previously made any representations or submitted any documents regarding Your investment in any other judicial proceedings, such as bankruptcy, estate administration, marriage dissolution, tax return or proceeding, other judicial, governmental, or administrative proceeding or other loan/credit/insurance applications regarding that interest and, if so, state the EquityBuild Asset and the proceeding (Court and Case Number).

9. ~~For each EquityBuild Asset in which You assert an Interest, state whether You believe that your Interest is secured or unsecured and the facts and documents that support Your claim.~~

10. ~~For each EquityBuild Asset in which You assert an Interest, state whether You believe that your Interest should be paid before another claimant's Interest in~~

that same EquityBuild Asset and, if so, state the facts and documents that support Your claim.

11. For each EquityBuild Asset in which You assert an Interest, state whether you believe that an Interest claimed by any other person or entity in that same EquityBuild Asset is not valid and, if so, state the facts and documents that support Your claim.

12. If any Document requested above was once in Your possession, but is no longer in Your possession, state where the Document was located when you possessed, how it was stored, when, how and why it was disposed of, where it is located now, if known, and identify all persons familiar with the contents of said Document.

Exhibit B

| | | |
|---|---|---|
| | ) | |
| **UNITED STATES SECURITIES** | ) | |
| **AND EXCHANGE COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 18-cv-5587** |
| | ) | |
| **v.** | ) | **Hon. John Z. Lee** |
| | ) | |
| **EQUITYBUILD, INC., EQUITYBUILD** | ) | **Mag. Judge Young B. Kim** |
| **FINANCE, LLC, JEROME H. COHEN,** | ) | |
| **and SHAUN D. COHEN,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## STANDARD DISCOVERY REQUESTS TO INSTITUTIONAL LENDERS

Pursuant to the procedures ordered by the Court in this matter on DATE, each

Institutional Lender (as that term is defined in the Proof of Claim form approved by the Court in

this matter) shall answer these interrogatories and produce the documents requested within __

days of these discovery requests.

Definitions

1. The term "Tranche" means the group of properties that is currently before the Court,
   which for purposes of these requests is comprising the following properties:

   LIST PROPERTIES IN TRANCHE

2. The term "Investor-Lender" shall have the meaning ascribed to it in the Proof of Claim
   form approved by the Court in this matter.

**Instructions**

1. Your responses to these requests should cover the time period from the making of the
   loan for the property which is the subject your response to the present.

2. Your responses should be made available to the SEC, the Receiver, and all litigants in the tranche by sending them an email link to the responses at the address provided on the Tranche Contact List accompanying these discovery requests, or at such other address as they may otherwise provide in a subsequent change of address document filed in this litigation.

I.  **DOCUMENT REQUESTS**

1. All documents evidencing, reflecting, or constituting communications between you, or anyone acting on your behalf, and EquityBuild or its affiliates, relating to your provision of financing secured by a property in the Tranche.

2. All documents evidencing, reflecting, or supporting the position that EquityBuild Investor-Lenders released their mortgages on a property in the Tranche, and/or that the Investor-Lenders were paid in connection with the release of their mortgages on the subject property.

3. All documents evidencing, reflecting, or supporting the position that EquityBuild, or its affiliates, were authorized by Investor-Lenders to release their mortgages on a property in the Tranche.

4. All documents related to any inquiry by you, or anyone acting your behalf, related to (a) whether the EquityBuild Investor-Lenders released their mortgages on a property in the Tranche, and/or (b) whether the Investor-Lenders were paid in connection with the release of their mortgages on the subject property, or (c) whether EquityBuild, or its affiliates, were authorized by Investor-Lenders to release the Investor-Lenders' mortgages on the subject property.

5. All documents evidencing, reflecting, or constituting communications between you, or anyone acting on your behalf, and any title insurance company ~~prior to the commencement of this case~~ related to the loan against the property in the Tranche that is the subject of your Proof of Claim, and regarding:

> (1) the origination of the loan;
> (2) the closing of the loan (including all pre-closing communications);
>
> (3) the escrow arrangements associated with the loan and its funding;
>
> (4) the priority of the loan;
>
> (5) any due diligence undertaken prior to funding;
>
> (6) any communications with EquityBuild or the Cohens;
>
> (7) knowledge of and investigation regarding prior encumbrances;
>
> (8) whether the investor-lenders released their mortgages on a property;

(9) whether the investor-lenders were paid in connection with the release of their mortgages on a property;

(10) whether EquityBuild or its affiliates were authorized by the investor lenders to release their mortgages on the property;

(11) the title company's internal evaluation of any of the issues noted above.

6. All documents related to whether EquityBuild, or its affiliates, had sufficient assets to repay its creditors at the time you obtained a security interest in any property in the Tranche against which you have made a Proof of Claim.

7. To the extent not already submitted in support of your Proof of Claim, all underwriting files and/or other information reflecting your investigation of EquityBuild and its officers and affiliates in connection with your decision to provide financing on any property in the Tranche.

8. Produce each title insurance policy you obtained in relation to a property in the Tranche.

## II.  INTERROGATORIES

1. Did any EquityBuild Investor-Lenders release their mortgages on any property in the Tranche?  If so, describe in detail the basis for your belief that the Investor-Lenders released their mortgages, including by identifying all Investor-Lenders that released their mortgage(s).

2. Were any EquityBuild Investor-Lenders paid in connection with the release of their mortgages on the subject property?  If so, describe in detail the basis for your belief that the Investor-Lenders were paid in connection with the release of their mortgages, including by identifying all such Investor-Lenders and the amounts they were paid.

3. Was EquityBuild, or its affiliates, authorized by the Investor-Lenders to release their mortgages on the subject property?  If so, describe in detail the basis for your belief that the Investor-Lenders authorized EquityBuild, or its affiliates, to release their mortgages, including by identifying all Investor-Lenders that authorized EquityBuild to release their mortgage(s).

4. Describe all efforts you, or anyone acting on your behalf, made before extending financing on any property in the tranche to determine (a) whether the EquityBuild Investor-Lenders voluntarily released their mortgages on any property in the Tranche, or (b) whether the EquityBuild investors were paid in connection with the release of their mortgages on the subject property, or (c) whether EquityBuild, or its affiliates, were

authorized by the Investor-Lenders to release their mortgages on the subject property, and identify the person(s) involved in any such efforts, and the role of each such person.

5. Describe all efforts you, or anyone acting on your behalf, made to determine whether EquityBuild, or its affiliates, had sufficient assets to repay its creditors, at the time you obtained a security interest in any property in the Tranche, and identify the person(s) involved in any such efforts, and the role of any such person.

Exhibit C

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) | Civil Action No. 18-cv-5587 |
| **v.** | ) ) | Hon. John Z. Lee |
| **EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,** | ) ) ) ) | Mag. Judge Young B. Kim |
| **Defendants.** | ) ) ) | |

To: EquityBuild Claimant

You are receiving this document because you have asserted a claim in the matter of SEC v. EquityBuild, Inc. et al., Case No. 18 CV 05587, pending in the federal district court for the Northern District of Illinois.

The Court is addressing the claims asserted in this case by groups of properties, or "tranches." You have asserted a claim against one or more of the properties in the tranche that is currently before the Court, which consists of the following properties:

LIST PROPERTIES IN TRANCHE

All investors in this tranche are being served with these discovery requests so that the Court and other claimants asserting a claim against the same properties may properly evaluate the claims against the properties in the tranche.

The discovery requests include (1) requests to provide the documents described; and (2) requests to answer questions in writing, also called interrogatories.

You are required to provide a copy of all of the requested documents and answer all of the questions asked. You will need to search your records to find the requested documents and the information necessary to answer the questions. Your answers and documents are due on [insert date].

We understand that you have already submitted a proof of claim form and supporting documentation. There is no need for you to send anything you previously submitted again. But, please be aware you are being requested to provide documents and information in addition to what you already submitted with your proof of claim, so, if you did not already submit any one or more of the requested documents with your proof of claim, you need to provide those documents at this time.

On the following pages there is a list of the documents that you need to provide and the questions, or interrogatories, that you need to answer in writing. By DATE, you must email your answers to the questions and any additional documents you have not already submitted to ~~counsel for the Receiver who will then make arrangements for distribution to the SEC and each claimant in the tranche~~ all individuals and entities identified in the e-mail that sent these discovery requests to you by sending a "reply all" e-mail. If you are unable to scan and email your answers and the documents (the preferred means of delivery), they instead may be mailed to each individual and entity identified in the e-mail that sent these discovery requests to You.~~:~~

> ~~EquityBuild Receiver~~
> ~~c/o Rachlis Duff & Peel~~
> ~~542 S. Dearborn, Suite 900~~
> ~~Chicago, IL 60605~~

After you have sent Your Responses to these discovery requests, you must supplement Your Responses or correct your responses if You learn that Your responses were incomplete or incorrect.

Please refer to the following instructions and definitions to assist you in answering these discovery requests.

<u>Instructions</u>.

1. We have the supporting documentation that you submitted with your Proof of Claim form, and you do not need to resubmit anything that you already submitted with your claim.

2. There are written questions for you to answer that are shown below. These written questions are also known as interrogatories. Please answer the questions (interrogatories) in a document that numbers each response to indicate the question that you are answering.

3. There are requests for you to provide additional documents that you have not already provided. Each request seeks each and every document related to the request. If you have a doubt whether you provided a document with your proof of claim or whether a document is related to a request, you should provide it. You must provide both documents that you have in your possession and documents that you gave to someone or that someone else may be holding for you, such as a spouse, a relative, a friend, a lawyer, an accountant, or an investment officer.

4. You also have the ability to ask written questions (interrogatories) to, or to request documents from the other participants in the claims process by serving such written questions or requests for documents on that participant at the address provided on the Tranche Contact List accompanying these discovery requests.

5. The Court, however, has ordered that in addition to these interrogatories and document requests, a claimant may not serve more than ____ interrogatories and may not serve

more than ____ document requests. No claimant may send more interrogatories or document requests without an order from the Court allowing it.

<u>Definitions</u>.

1. "You" or "Your" means the person, business, or entity who made the investment with or provided a loan to EquityBuild.

2. "EquityBuild" includes EquityBuild, Inc. and all the affiliates identified on the Proof of Claim form used in this proceeding.

3. An "EquityBuild Asset" is any real or personal property in which EquityBuild or an EquityBuild affiliate has or had an ownership interest.

4. "Documents" means both paper documents and electronically stored information (such as "word" documents, "pdf." documents, "Excel" documents), and includes letters, statements, spreadsheets, e-mails, and text messages.

5. "Original Transaction" means the transaction in which you acquired a claim of ownership or a security interest in an EquityBuild Asset of affiliate.

6. A "Rollover Transaction" means a situation where You had a claim of ownership or a security interest in an EquityBuild Asset or affiliate that was changed or converted, in whole or in part, to an ownership or security interest in another EquityBuild asset or affiliate. A Rollover Transaction occurred, for example, if You had an interest in a mortgage on an EquityBuild Asset and, instead of receiving a cash distribution, You received an interest in another EquityBuild Asset or affiliate.


I. <u>Requests for Documents.</u>

~~To~~ <u>You Need to Provide the Documents Requested Below:</u>

<u>If You Believe That You Already Provided All Of These Requested Document With Your Proof Of Claim Form and Submittal, You Must Review The Proof Of Claim Form and Submittal To Confirm That You Provided All Of These Documents And That You Do Not Have Any Documents That You Did Not Provide In The POC Submittal. If You Have Confirmed That You Furnished All Of The Requested Documents, You Can Answer the Request By Stating: "I Confirmed That I Furnished All Of The Requested Documents In My Proof Of Claim Submittal." If Not, You Should Produce the Documents That Were Not Included With Your POC Submittal.</u> ~~The Extent You Have Not Already Provided These With Your Proof Of Claim Form, You Need to Provide the Following Documents:~~

1. All documents you received from EquityBuild related to an Original Transactions and/or a Rollover Transactions, such as:

3

- account statements,
- financial reports,
- solicitations,
- private placement memoranda,
- offering memoranda,
- brochures,
- advertisements,
- information sheets
- receipts

2. All documents that you executed or were requested to execute regarding your investment in or loan to any property in the tranche, such as:
    - Mortgages,
    - Promissory notes,
    - Servicing agreements,
    - Collateral agreements,
    - Powers of attorney,
    - Operating Agreements,
    - Contracts or other agreements,
    - Releases or satisfaction of mortgages,

3. All documents relating to any Rollover Transaction of Your investment in or loan to any property in the tranche to a different EquityBuild asset.

   NOTE: These Requests Ask For, And You Need To Provide, The Requested Documents Concerning Rollover Transactions Regardless Of Whether The Equity Build Asset That Was Involved In The Rollover Transaction Is Included In This Tranche

4. All documents regarding the payments You made (or the consideration You gave) for your investments or loans with EquityBuild.

5. All documents regarding the payments You received, either for distributions on or payoffs of Your investments or loans with EquityBuild.

6. All documents related to any refinancing or payoff of any EquityBuild mortgage loan in which You have or had an Interest.

7. All e-mails and correspondence or text messages between You and anyone working for or on behalf of EquityBuild relating to your investment in or loan to any property in the tranche or a Rollover Transaction from any property that is in the tranche.

II. Interrogatories[A1]

1. Was the "Claimant Name" identified on Your Proof of Claim the actual entity that made the investment in or loan to an EquityBuild asset or affiliate? If not, please identify the name of the individual or entity that made the investment of provided the loan.

2. Are the email address and telephone number identified on Your Proof of Claim the best way to contact you? If not, please identify the best email address and phone number to contact You.

3. Please state the names of all persons You (or Your representative) interacted with at or on behalf of EquityBuild, including anyone who said that he or she was an agent, employee, or representative of EquityBuild, about Your investments or loans relative to the property in the tranche. For each person, please also state that person's address and best phone number to contact the person(s) You conversed with (by phone, by email, text or letter, or in person).

4. For each EquityBuild Asset in the tranche in which You claim an ownership or security interest, state the amount You paid for the investment or the type of consideration given for the investment, the date that You paid or gave consideration for the investment, and to whom You paid this money or other consideration.

5. For each EquityBuild Asset in the tranche in which You claim an ownership or security interest, state whether You received any payments, distributions, or other form of return on your investment, and state the amount, the date, and from whom You received the payment, distribution or return on Your investment If You Believe That You Already Provided All Of This Information in Your Proof Of Claim Form, You Must Review The Proof Of Claim Form To Confirm That You Provided All Of This Information And That You Do Not Have Any Information That You Did Not Provide In The POC Submittal. If You Have Confirmed That have furnished all of the requested information, You Can Answer the Request By Stating: "I Confirmed That I Furnished all of the requested information In My Proof Of Claim. If Not, You Should Produce the Documents That Were Not Included With Your POC Submittal. If you already provided all of this information on your Proof of Claim form, then you do not need to answer this interrogatory.

6. For each EquityBuild Asset in the tranche in which You claim an ownership or security interest, state the amount that is due to You for your investment in or loan to that specific property.

7. State whether any investment You had in an EquityBuild Asset in the tranche was the subject of a "Rollover Transaction" (see Definition of "Rollover Transaction" above), and for each Rollover Transaction, state the date of the

Rollover Transaction, identify Your original interest by type of interest, the amount of the original interest, and property address, and identify Your rolled-over interest by type of interest, amount of the rolled-over Interest, and property address (if any). If You Believe That You Already Provided All Of This Information in Your Proof Of Claim Form, You Must Review The Proof Of Claim Form To Confirm That You Provided All Of This Information And That You Do Not Have Any Information That You Did Not Provide In The POC Submittal. If You Have Confirmed That have furnished all of the requested information, You Can Answer the Request By Stating: "I Confirmed That I Furnished all of the requested information In My Proof Of Claim. If Not, You Should Produce the Documents That Were Not Included With Your POC Submittal. ~~If you already provided all of this information on your Proof of Claim form, then you do not need to answer this interrogatory~~.

8. For each EquityBuild Asset in the tranche in which You assert an interest, state whether You have previously made any representations or submitted any documents regarding Your investment in any other judicial proceedings, such as bankruptcy, estate administration, marriage dissolution, tax return or proceeding, other judicial, governmental, or administrative proceeding or other loan/credit/insurance applications regarding that interest and, if so, state the EquityBuild Asset and the proceeding (Court and Case Number).[1]

9. For each EquityBuild Asset in which You assert an Interest, state whether You believe that your Interest is secured or unsecured and the facts and documents that support Your claim.

10. For each EquityBuild Asset in which You assert an Interest, state whether You believe that your Interest should be paid before another claimant's Interest in

---

[1] Judge Lee has already spoken on the issue of contention interrogatories:

Now, I understand the institutional lenders' position that you would like a clearer definition of the basis for someone to assert a priority lien on a particular subject property, and that you may need something more than just whatever documents were submitted as part of the claims process. But I wondered whether -- and, again, this comes out of more the MDL context -- wonder whether the -- as a standard discovery form -- whether the parties can come up with a standard list of questions and documents that – document requests -- that every claimant would have to fill out and respond to and submit to all the other claimants in the case.

So, in other words, rather than having one claimant send out an affirmative interrogatory to every other claimant saying, you know, state the factual basis for your contention that your lien has priority over this one and this one and this one and this one, I wonder if the parties can come up with just a standard questionnaire that -- or form – that every claimant would have to fill out as part of a claims resolution process when their claim is up that could get the ball rolling and, basically, provide the information that all the other claimants want and need with regard to the basis for the asserted claim.

See 7/15/20 Tr. At 25:10-26:8.

that same EquityBuild Asset and, if so, state the facts and documents that support Your claim.

11. For each EquityBuild Asset in which You assert an Interest, state whether you believe that an Interest claimed by any other person or entity in that same EquityBuild Asset is not valid and, if so, state the facts and documents that support Your claim.

12. If any Document requested above was once in Your possession, but is no longer in Your possession, state where the Document was located when you possessed, how it was stored, when, how and why it was disposed of, where it is located now, if known, and identify all persons familiar with the contents of said Document.

# Exhibit D

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES SECURITIES** | ) | |
| **AND EXCHANGE COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 18-cv-5587** |
| | ) | |
| **v.** | ) | **Hon. John Z. Lee** |
| | ) | |
| **EQUITYBUILD, INC., EQUITYBUILD** | ) | **Mag. Judge Young B. Kim** |
| **FINANCE, LLC, JEROME H. COHEN,** | ) | |
| **and SHAUN D. COHEN,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**STANDARD DISCOVERY REQUESTS TO INSTITUTIONAL LENDERS**

Pursuant to the procedures ordered by the Court in this matter on DATE, each

Institutional Lender (as that term is defined in the Proof of Claim form approved by the Court in

this matter) shall answer these interrogatories and produce the documents requested within __

days of these discovery requests.

Definitions

1. The term "Tranche" means the group of properties that is currently before the Court,
   which for purposes of these requests is comprising the following properties:

   LIST PROPERTIES IN TRANCHE

2. The term "Investor-Lender" shall have the meaning ascribed to it in the Proof of Claim
   form approved by the Court in this matter.

**Instructions**

1. Your responses to these requests should cover the time period from the making of the
   loan for the property which is the subject your response to the present.

1

2. Your responses should be made available to the SEC, the Receiver, and all litigants in the tranche by sending them an email link to the responses at the address provided on the Tranche Contact List accompanying these discovery requests, or at such other address as they may otherwise provide in a subsequent change of address document filed in this litigation.

**I.    DOCUMENT REQUESTS**

1. All documents evidencing, reflecting, or constituting communications between you, or anyone acting on your behalf, and EquityBuild or its affiliates, relating to your provision of financing secured by a property in the Tranche.

2. All documents evidencing, reflecting, or supporting the position that EquityBuild Investor-Lenders released their mortgages on a property in the Tranche, and/or that the Investor-Lenders were paid in connection with the release of their mortgages on the subject property.

3. All documents evidencing, reflecting, or supporting the position that EquityBuild, or its affiliates, were authorized by Investor-Lenders to release their mortgages on a property in the Tranche.

4. All documents related to any inquiry by you, or anyone acting your behalf, related to (a) whether the EquityBuild Investor-Lenders released their mortgages on a property in the Tranche, and/or (b) whether the Investor-Lenders were paid in connection with the release of their mortgages on the subject property, or (c) whether EquityBuild, or its affiliates, were authorized by Investor-Lenders to release the Investor-Lenders' mortgages on the subject property.

5. ~~All documents evidencing, reflecting, or constituting communications between you, or anyone acting on your behalf, and any title insurance company relating to a property in the Tranche related to the origination of the loan against the property in the Tranche that is the subject of your Proof of Claim.  Your responses do not need to include any post-closing documents exchanged with or communications between you or your representatives and any title insurance company or its representatives that are the subject of any title insurance claim that you may have made.~~

5. All documents evidencing, reflecting, or constituting communications between you, or anyone acting on your behalf, and any title insurance company ==prior to the commencement of this case== related to the loan against the property in the Tranche that is the subject of your Proof of Claim, and regarding:

   (1) the origination of the loan;

   (2) the priority of the loan;

(3) any due diligence undertaken prior to funding;

(4) any communications with EquityBuild or the Cohens;

(5) knowledge of and investigation regarding prior encumbrances;

(6) whether the investor-lenders released their mortgages on a property;

(7) whether the investor-lenders were paid in connection with the release of their mortgages on a property;

(8) whether EquityBuild or its affiliates were authorized by the investor lenders to release their mortgages on the property;

(9) the title company's internal evaluation of any of the issues noted above.

6. All documents related to whether EquityBuild, or its affiliates, had sufficient assets to repay its creditors at the time you obtained a security interest in any property in the Tranche against which you have made a Proof of Claim.

7. To the extent not already submitted in support of your Proof of Claim, all underwriting files and/or other information reflecting your investigation of EquityBuild and its officers and affiliates in connection with your decision to provide financing on any property in the Tranche.

8. Produce each title insurance policy you obtained in relation to a property in the Tranche.

## II. INTERROGATORIES

1. Did any EquityBuild Investor-Lenders release their mortgages on any property in the Tranche? If so, describe in detail the basis for your belief that the Investor-Lenders released their mortgages, including by identifying all Investor-Lenders that released their mortgage(s).

2. Were any EquityBuild Investor-Lenders paid in connection with the release of their mortgages on the subject property? If so, describe in detail the basis for your belief that the Investor-Lenders were paid in connection with the release of their mortgages, including by identifying all such Investor-Lenders and the amounts they were paid.

3. Was EquityBuild, or its affiliates, authorized by the Investor-Lenders to release their mortgages on the subject property? If so, describe in detail the basis for your belief that the Investor-Lenders authorized EquityBuild, or its affiliates, to release their mortgages, including by identifying all Investor-Lenders that authorized EquityBuild to release their mortgage(s).

4. Describe all efforts you, or anyone acting on your behalf, made before extending financing on any property in the tranche to determine (a) whether the EquityBuild Investor-Lenders voluntarily released their mortgages on any property in the Tranche, or (b) whether the EquityBuild investors were paid in connection with the release of their mortgages on the subject property, or (c) whether EquityBuild, or its affiliates, were authorized by the Investor-Lenders to release their mortgages on the subject property, and identify the person(s) involved in any such efforts, and the role of each such person.

5. Describe all efforts you, or anyone acting on your behalf, made to determine whether EquityBuild, or its affiliates, had sufficient assets to repay its creditors, at the time you obtained a security interest in any property in the Tranche, and identify the person(s) involved in any such efforts, and the role of any such person.

# Exhibit E

|  |  |  |
|---|---|---|
| **U.S. SECURITIES AND EXCHANGE COMMISSION,** | ) ) ) |  |
|  | ) |  |
| Plaintiff, | ) | **Civil Action No. 18-CV-5587** |
|  | ) |  |
| v. | ) | **Judge John Z. Lee** |
|  | ) |  |
| **EQUITYBUILD, INC.,** *et al.,* | ) | **Magistrate Judge Young B. Kim** |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

## [PROPOSED] <u>AGREED CONFIDENTIALITY ORDER</u>

This matter is before the Court on the Receiver's motion for entry of a protective order to govern the production and use of (i) all claims and documentation submitted to the Receiver in connection with the claims process in this action; (ii) all documentation and information that contains Confidential Information (as defined below) produced by any party in the claims process, (iii) EquityBuild Documents (as defined below); and (iv) all Discovery Material (as defined below) produced by any party or nonparty in this litigation. The Court having found good cause for the entry of this Order, it is hereby ORDERED:

1.  <u>Scope</u>. For purposes of this Order, the term "party" shall include all named parties and all participants in the claims process or the proceedings before this Court with respect to claims submitted to the Receiver and properties among the Receivership Assets (as defined in Doc. # 16) against which claims have been submitted. All materials produced or adduced in the course of discovery or the informal production of documents among the parties to this Order, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "Discovery Material"), shall be

1

subject to this Order concerning Confidential Information as defined below. This Order is subject

to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure

and calculation of time periods, except as otherwise ordered by the Court.

2.     _Confidential Information_. As used in this Order, "Confidential Information" means

information that is (i) designated as confidential in accordance with this Order by the producing

party; and (ii) that falls within one or more of the following categories: (a) information prohibited

from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical,

commercial or financial information that the party has maintained as confidential; (d) medical

information concerning any individual; (e) personal identity information consisting of a claimant's

home address, email or phone number, social security number, taxpayer identification number,

birth date, driver's license number, state identification number, passport number, financial account

numbers, passwords, and names of any individual known to be a minor; (f) income tax returns

(including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or

employment records of a person who is not a party to the case. **However, all EquityBuild**

**Documents, and all claims and supporting documentation submitted to the Receiver in this**

**action by any claimant, which the Receiver produces to the parties in connection with the**

**claims process proceedings, shall be treated as Confidential Information without the need of**

**the Receiver or any other party designating or otherwise marking such material as**

**Confidential Information, subject to the provisions of Section 7.** Insofar as there is any conflict

between the preceding sentence and any other sentence in this Order, the preceding sentence shall

govern.  Notwithstanding the foregoing, information or documents that are available to the public

shall not be deemed Confidential Information. As used in this Order, "EquityBuild Documents"

means records (whether in paper or electronic form) created or maintained by EquityBuild or any

2

of its affiliates and provided by the Receiver to the Mortgagees (as defined in Doc. # 751) as required by the Court at the status conference held on July 15, 2020.

3.   Designation.

(a)   A party may designate Discovery Material as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL -SUBJECT TO PROTECTIVE ORDER" on the Discovery Materials and on all copies in a manner that will not interfere with the legibility of the Discovery Materials. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the Discovery Materials are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to Discovery Material does not mean that the Discovery Material has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any Discovery Materials marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked Discovery Materials and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b)   The designation of Discovery Material as Confidential Information is a certification by an attorney or a party appearing pro se that the Discovery Material contains Confidential Information as defined in this order.

4.   Depositions.

Deposition testimony is protected by this Order only if designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the record at the time the testimony is taken. Such

54114164;3

designation shall be specific as to the portions that contain Confidential Information. Deposition testimony so designated shall be treated as Confidential Information protected by this Order until fourteen days after delivery of the transcript by the court reporter to any party or the witness. Within fourteen days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record identifying the specific portions of the transcript that are designated Confidential Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. The failure to serve a timely Notice of Designation waives any designation of deposition testimony as Confidential Information that was made on the record of the deposition, unless otherwise ordered by the Court.

5.      Protection of Confidential Material.

(a)      General Protections.   Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof or any separate litigation between or among parties and a title insurance company ("Title Insurance Company") relating to one or more current or former Receivership Asset ("Related Litigation").

(b)      Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(10). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1)      Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

(2)      Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

4

(3)     Title Insurance Claims Personnel. To the extent that a Title Insurance Company is providing title insurance defense coverage with respect to one or more issues that are the subject of this matter, title insurance claims counsel and other employees of the title insurance company who have responsibility for the resolution of such issue(s) and the Title Insurance Company's insurers and reinsurers, and any authority that regulates the Title Insurance Company;

(4)     The Court and its personnel;

(5)     Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

(6)     Contractors. Those persons specifically engaged for the limited purpose of making copies of Discovery Materials or organizing or processing Discovery Materials including outside vendors hired to process electronically stored Discovery Materials;

(7)     Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(8)     Witnesses at depositions. During or in preparation for their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of Discovery Materials containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(9)     Author or recipient. The author or recipient of the Discovery Material (not including a person who first received the Discovery Material in the course of litigation); and

(10)    Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c)     Control of Information. Counsel for the parties shall make reasonable

efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel

54114164;3

shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6. <u>Inadvertent Failure to Designate</u>. An inadvertent failure to designate Discovery Material as Confidential Information does not, standing alone, waive the right to so designate the Discovery Material; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates Discovery Material as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the Discovery Material is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7. <u>Filing of Confidential Information</u>. This Order does not, by itself, authorize the filing of any Discovery Material under seal. Any party wishing to file Discovery Material designated as Confidential Information in connection with a motion, brief, or other submission to the Court must comply with LR 26.2. Notwithstanding the foregoing, (i) all EquityBuild Documents and (ii) all claims and supporting documentation submitted to the Receiver by any claimant that the Receiver subsequently produces to the parties in connection with the proceedings for the resolution of disputed claims may be filed in the public record in redacted format, and it shall be the burden of the party filing the position statement to redact all personal identity or health information consisting of identifying social security numbers, taxpayer identification numbers, driver's license, state identification or passport numbers, home addresses, financial account

numbers, passwords, birth dates, medical information, and names of any individual known to be a minor. However, a claimant's (i) income tax returns (including attached schedules and forms), (ii) W-2 forms, and (iii) 1099 forms issued by anyone other than EquityBuild or one of its affiliates, may not be filed except in accordance with LR 26.2.

8.    No Greater Protection of Specific Documents.  Except on privilege grounds, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9.    Challenges by a Party to Designation as Confidential Information.  The designation of any Discovery Material as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a)    Meet and Confer.  A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b)    Judicial Intervention.  A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the

7

designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10.   Action by the Court.  Applications to the Court for an order relating to Discovery Materials designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of Discovery Materials produced in discovery or at trial.

11.   Use of Confidential Discovery Materials or Information at Trial.  Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such Discovery Materials or information at trial.

12.   Confidential Information Subpoenaed or Ordered Produced in Other Litigation.

(a)    If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of Discovery Material designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b)    The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

54114164;3

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

13.     <u>Challenges by Members of the Public to Sealing Orders</u>.  A party or interested member of the public has a right to challenge the sealing of particular Discovery Materials that have been filed under seal, and the party (i) who designated the Discovery Material as confidential, or (ii) who submitted the claim and supporting documentation to the Receiver, will have the burden of demonstrating the propriety of filing under seal.

14.     <u>Inadvertent Disclosure of Privileged Materials</u>.  The disclosure of information subject to the attorney-client privilege, work product protection, or any other applicable privilege or protection will not constitute or be deemed a waiver or forfeiture of any claim, protection, privilege or immunity in this or any state or federal proceeding.  In the event that a party learns that it has inadvertently disclosed such privileged or protected material, the producing party may promptly provide written notification of the disclosure to the receiving party.  Upon receipt of such notification, the receiving party will provide notice to the producing party of any third parties to whom the inadvertently disclosed material has been disseminated, and will promptly make best efforts to identify and return, or sequester and destroy or delete, all copies of the inadvertently produced material.  This provision is, and shall be construed as, an Order under Rule 502(d) of the

Federal Rules of Evidence, and requires documents to be returned upon notice of the inadvertent disclosure irrespective of the care taken by the producing party in reviewing the documents for privilege prior to their production. Nothing herein shall prevent the receiving party from challenging the propriety of the producing party's claim of privilege or protection on grounds other than the inadvertent production by motion to the court, and the producing party shall retain the burden of establishing the privileged or protected nature of the material.

15.     Obligations on Conclusion of Litigation.

(a)     Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)     Obligations at Conclusion of Litigation. Within sixty-three days after dismissal or entry of final judgment not subject to further appeal of the last of this case and all Related Litigation, all Confidential Information and Discovery Materials marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the Discovery Material has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; (3) as to Discovery Materials bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the Discovery Materials and certifies to the producing party that it has done so.

(c)     Retention of Work Product and Filed Discovery Materials. Notwithstanding the above requirements to return or destroy Discovery Materials, counsel and a Title Insurance Company may retain (1) attorney work product and archived emails and attachments (not for further dissemination), and (2) a complete set of all Discovery Materials ~~filed with the Court,~~.

including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order.

(d)     Deletion of Discovery Materials filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

16.     <u>Order Subject to Modification</u>. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

17.     <u>No Prior Judicial Determination</u>. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery and the informal production of Discovery Materials. Nothing herein shall be construed or presented as a judicial determination that any Discovery Material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific Discovery Material or issue.

18.     <u>Persons Bound</u>. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

19.     Notwithstanding any other provision of this Order, the SEC shall not be limited in its ability to share, disclose, or produce any information received in connection with this action with any other federal or state authority, agency, or department, or to the extent otherwise required by law or permitted pursuant to the terms of SEC Form 1662.

54114164;3

So Ordered.

Dated: _____

_____
U.S. District Judge
U.S. Magistrate Judge

54114164;3

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **U.S. SECURITIES AND EXCHANGE** ) | |
| **COMMISSION,** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action No. 18-CV-5587** |
| ) | |
| **v.** ) | **Judge John Z. Lee** |
| ) | |
| **EQUITYBUILD, INC.,** *et al.,* ) | **Magistrate Judge Young B. Kim** |
| ) | |
| **Defendants.** ) | |

## <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

The undersigned hereby acknowledges that he/she has read the Confidentiality

Order dated _____ in the above-captioned action and attached hereto, understands

the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction

of the United States District Court for the Northern District of Illinois in matters relating to the

Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her

to use materials designated as Confidential Information in accordance with the Order solely for

the purposes of the above-captioned action, and not to disclose any such Confidential Information

to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in

penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

54114164;3

Mailing Address (if different from Business Address):

_____

Date: _____     Signature: _____

54114164;3