UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Civil Action No. 18-CV-5587 |
| v. | Judge John Z. Lee |
| EQUITYBUILD, INC., *et al.*, | Magistrate Judge Young B. Kim |
| Defendants. | |

### SEC'S REPLY IN SUPPORT OF RECEIVER'S EIGHTH FEE APPLICATION

The SEC hereby supports the Receiver's Eighth Fee Application (ECF No. 778). The SEC confirms that it has reviewed the Receiver's invoices, they substantially comply with the SEC's billing guidelines, and the SEC approves of their payment. The SEC additionally incorporates its arguments in support of the Receiver's earlier fee applications. (*See* ECF Nos. 526, 606, 622, 705, 797). The SEC likewise incorporates the Receiver's Combined Response to Objections to Seventh and Eighth Fee Applications. (ECF No. 800). For these reasons, and those stated below, the Court should grant the Receiver's fee application.

**A. The Lenders Repeat their Earlier Objections**

The institutional lenders opposition (ECF No. 792) merely repeats objections they lodged in opposition to the Receiver's Seventh fee application. Namely, the lenders: (a) object to the imposition of a Receiver's lien, (b) request a delay or holdback of the payment of the Receiver's fees, and (c) claim the Receiver's fees are excessive. (ECF No. 792). The SEC and the Receiver have specifically responded to each of these objections (ECF Nos. 797, 800), and those responses continue to show that the lenders' objections are unavailing.

1

### B. Additional Grounds for Granting the Receiver's Fee Petition

Beyond the reasons previously cited by the SEC and the Receiver, additional grounds support granting the fee petition. At the September 23, 2020 hearing, the Court reaffirmed the importance of the Receiver's work and his continued benefit to the estate. The Court also ruled that the Receiver should continue his work administering the claims and priority-dispute resolution processes. (ECF No. 801). Given the Court's affirmation of the Receiver's work and guidance for the Receiver to continue, the Receiver's request for a lien – to be paid only by the "winners" of the priority determination process – is even more warranted. Indeed, it would be fundamentally unjust to have the Receiver continue his Court-mandated efforts under threat that he will not be paid for his work.

Finally, the lenders again attack the Receiver for the amount of his fees and for liquidity issues facing the Receivership. In response, the Receiver notes that his average legal billing rate has decreased to within $2 per hour of his lowest billing rate to date (which he achieved during the prior billing period). (ECF No. 800, p. 18). The Receiver further advised the Court that, following the Court's ruling on his rent restoration motion (ECF No. 796) and the sale of property with significant equity beyond any claimed security interests, in excess of $2.2 million in unencumbered funds will soon be available to the Receiver and available to pay his general expenses. (ECF No. 800, p. 19). The Receiver's billing rates being near their all-time lows and the Receiver continuing to successfully bring unencumbered funds into the Estate further demonstrates that he is entitled to be compensated for his efforts.

### C. Conclusion

The Receiver seeks compensation for work he performed and directed, using his reasonable business judgment, which benefitted the Receivership Estate. His bills reflect his efforts to both fulfill his Court-imposed mandates and to respond to voluminous motions and objections by the institutional lenders. Accordingly, the Court should allow the Receiver to be paid for his efforts, and to continue working for the benefit of the victimized investors and other creditors.

Dated: September 29, 2020                            Respectfully submitted,

                                                               /s/ Benjamin Hanauer
                                           Benjamin J. Hanauer (hanauerb@sec.gov)
                                           Timothy J. Stockwell (stockwellt@sec.gov)
                                           U.S. Securities and Exchange Commission
                                           175 West Jackson Blvd., Suite 1450
                                           Chicago, IL 60604
                                           Phone: (312) 353-7390
                                           Facsimile: (312) 353-7398

## CERTIFICATE OF SERVICE

I hereby certify that I provided service of the foregoing Reply, via ECF filing, to all counsel of record and Defendant Shaun Cohen, on September 29, 2020. I further certify that I caused the foregoing Response to be served on Defendant Jerome Cohen, via email at jerryc@reagan.com.

   /s/ Benjamin Hanauer
Benjamin J. Hanauer
175 West Jackson Blvd., Suite 1450
Chicago, IL 60604
Phone: (312) 353-7390
Facsimile: (312) 353-7398

One of the Attorneys for Plaintiff