## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 18-cv-5587 |
| v. | ) ) | Hon. John Z. Lee |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | ) ) ) ) | Mag. Judge Young B. Kim |
| Defendants. | ) ) | |

## JOINT MOTION TO RESOLVE DISPUTES REGARDING STANDARD DISCOVERY

Pursuant to directions of the Court, the SEC, representatives of the institutional lenders, and the Receiver have been making efforts to prepare standard discovery requests to both institutional lenders and investor lenders.[1]  Those efforts have proven productive on a vast majority of the issues raised, but after further meets and confers, there remain a few issues on each set of discovery where the Court's involvement is necessary.

### I.      Discovery to Investor Lenders. (Exhibits 1-3)

The proposed standard form of discovery to the investor lenders that is being presented by the Receiver and supported by the SEC is attached as Exhibit 1 hereto, and the proposed standard form discovery presented by the institutional lenders is attached as Exhibit 2.  For ease, a version

---

[1] On September 22, 2020, the Receiver served the draft discovery requests proposed by the Receiver and the institutional lenders on all the individual investor claimants.  Although the Receiver heard from a number of these claimants regarding their obligations, none objected to any of the specific requests nor requested revisions to same.

of the standard discovery to the investor lenders that shows the differences (through a comparewrite) is attached as Exhibit 3.

There are four issues that remain in dispute regarding standard discovery to the investor lenders. The first concerns the definitions and instructions to be used, the second concerns several discovery requests that the Receiver believes are duplicative and unnecessary, the third concerns the appropriateness of what the parties have referred to as "contention interrogatories," and the fourth involves issues regarding where the claimants' discovery responses should be sent.

**A.    Definitions and Instructions**

1. *The Receiver's Position.*    The Receiver believes that fewer defined and complex terms will make the standard discovery easier for claimants to understand. As such, the draft definitions and instructions in the Receiver's proposal attempt to use fewer defined terms that could be confusing at a reader. The use of such defined terms in the proposal from the Institutional Lenders is significantly greater and will be confusing. The SEC supports the definitions and instructions utilized within the Receiver's proposed standard requests.

2. *The Institutional Lenders' Position.*

Definitions. The Mortgagees (also referred to as institutional lenders) developed the definitions without any pleadings filed by the Investor Lenders. Consequently, the Mortgagees do not know how the Investor Lenders describe or refer to their interests. Also, the Mortgagees do not know the Investor Lenders' levels of sophistication and knowledge of terms. Not everyone understands the distinction between an unsecured loan, a mortgage and a secured loan (a mortgage loan). The term "investment" has been used, but it is not clear what that means with respect to a Loan, a Mortgage Loan or a Mortgage or how the Investor Lenders describe their interests. The Mortgagees also

seek to avoid any confusion between an investment and an interest in a property. An Investor Lender may assert that his or investment was not paid, even though a mortgage loan in which he may have had an interest was paid off. The definitions serve to assist the Investor Lenders concerning the documents requested so that they know what is being requested of them.

Instructions. The Mortgagees' instructions are clear, simple and logically organized. They do not contain duplication.

**B.    Duplicative Discovery Requests (Document Requests 7-12 & Interrogatory No. 17)**

1.   *The Receiver's Position.*   The Receiver believes that two of its proposed Document Requests, Nos. 7 and 8, adequately and precisely cover the documents requested in the institutional lenders' five proposed Document Requests, Nos. 7 through 11, and therefore the additional requests are duplicative and confusing.   Requests No. 7 and 8 proposed by the Receiver and supported by the SEC are as follows:

7.   All documents related to any refinancing or payoff of any loan on a property in this tranche in which You have or had an interest.

8.   All documents related to a release or a request for a release of your interest in a loan on any property in this tranche.

The institutional lenders propose the following five requests, which cover the same information:

7.   All documents related to any actual or purported refinancing or payoff of your Interest, a Mortgage Loan or Loan relating to a property in this tranche in which You have or had an Interest.

8.   All documents in which You were ever told that your Interest or a Mortgage Loan or Loan may be refinanced or paid off.

9.   All documents in which You were ever told that that your Interest, a Mortgage Loan or Loan was refinanced or paid off.

10. All documents in which you were requested to release your Interest, a Mortgage, Mortgage Loan or Loan.

11. All documents in which you released or agreed to release your Interest, a Mortgage, Mortgage Loan or Loan.

Additionally, on the day this submission was due, the institutional lenders proposed Document Request 12 and Interrogatory No. 17, which state as follows:

Document Request No. 12.     All documents reflecting collection by EquityBuild or Equity Build payments to You on an investment that you made in or with EquityBuild in which any EquityBuild entity collected payments from the borrower or a third party with your knowledge.  Note that this request includes, but is not limited to the properties in this tranche.

Interrogatory No. 17.     Identify each investment that you made in or with EquityBuild in which any EquityBuild entity collected payments from the borrower or a third party with your knowledge, and for each such investment state the amount of the investment, the name or location of the property involved, the time period during which the payments were collected, the amount collected, and the amount of the payments received by you.  Note that this question includes, but is not limited to the properties in this tranche.

These two requests are particularly confusing, but to the extent they are decipherable, they appear to relate to payments made to the claimant or someone on claimant's behalf and are therefore duplicative of other existing requests (*see, e.g.*, Receiver's Document Request No. 6 and Interrogatory No. 5):

Document Request No. 6.     All documents regarding the payments You received (or anyone received on Your behalf), either for distributions on or payoffs of Your investments or loans with EquityBuild.

Interrogatory No. 5.     For each property in this tranche in which You claim an ownership or security interest, state whether You or anyone on Your behalf received any payments, distributions, or other form of return on your investment, and state the amount, the date, and from whom You received the payment, distribution or return on Your investment.

Throughout these proceedings, the Receiver gets many emails and phone calls from claimants asking questions and for clarification about court filings.  This has been a significant (and important) portion of the work performed by the Receiver and his counsel, and contributes to

the fees about which the institutional lenders complain so bitterly. As with the defined terms, simpler, more direct, and non-duplicative discovery requests will result in fewer inquiries from claimants and a lower cost to administer this process.

2. *The Institutional Lenders' Position.*

The Mortgagees' proposed discovery does not contain duplication, but instead seek to be comprehensive. The Mortgagees intend the Standard Discovery to the Investors Lenders to permit the Mortgagees to expeditiously ascertain the basic facts and contentions in support of the Investor Lenders' positions. Receipt of that information could obviate the need for more detailed discovery, including depositions.

None of the Mortgagees proposed interrogatories or document production requests seek information that would not be discoverable in a lien priority dispute, nor are they in contravention of the Federal Rules of Civil Procedure. They seek fundamental facts and the contentions of the parties. These requests are particularly important and relevant in this matter because the Investor Lenders are not being required to file Complaints; the proofs of claim have not yet been provided to the Mortgagees and, in any event, were completed on the Receiver's form that did not require the Investor Lenders to assert or support any lien priority claims; and, as the Receiver admitted in his Seventh Interim Fee Application, in some cases were incomplete [Doc. 755, p. 15]. As such, the requested discovery is essential to the Mortgagees' understanding of the Investor Lenders' factual and legal positions, and their ability to contest them.

In <u>Document Request Nos. 7 through 11</u>, the Mortgagees request documents based upon their content and not the form of the document, as opposed to Document

Request Nos. 1 through 3. An Investor Lender may not believe that a particular document fits within one of the described forms of documents specified in Document Request Nos. 1 through 3. These requests guide the Investor Lenders in producing relevant documents and provide that the responses are thorough.

In Request No. 12, along with Interrogatory No. 6, the Mortgagees request information from Investor Lenders who have or had an interest in another property concerning the collection of payments. (All of the other discovery requests are focused upon discovery concerning properties in the tranche.) The information is relevant because it can show whether the Investor Lenders' course of dealing with EquityBuild evidences their knowledge, acquiescence, agreement or understanding with respect to EquityBuild's receipt of payments on EquityBuild Assets in which they assert an interest. For instance, if an Individual Investor had three EquityBuild investments, two of which were not in the tranche and one that was, the Investor's knowledge of, and acquiescence in, EquityBuild's collection of payments on the first two is relevant to evaluating EquityBuild's authority to do so for the property in the tranche. Similarly, there is a Collateral Agency and Servicing Agreement [Dkt. 5-2] that authorized an EquityBuild entity to collect payments on Investor Lenders' Mortgage Loans. However, because the Receiver has not produced many Investor Lender transaction documents, there may be Mortgage Loans where no such document can be found. Evidence of similar documents in the Investor Lender's non-tranche investments is relevant to an Investor Lender's knowledge of EquityBuild's practices and authority relevant to a property within the tranche in which the Investor Lender has an interest.

## C. Contention Styled Interrogatories (Nos. 9, 12-16)

1. *The Receiver's Position.* From the view of the Receiver (and supported by the SEC), the six contention-type interrogatories to the investor lenders as set forth in numbers 9 and 12-16 are neither proper nor necessary. There are at least three reasons for that position.

First, there are concerns associated with the necessity and burden of these interrogatories. In view of the information available in the proof of claim responses (submitted under penalty of perjury) and in response to the questions already included in the standard form discovery, the institutional lenders seeking discovery already will have the building blocks setting forth the details and basis of investor lender claims and the support for them, and creating such additional obligations on largely *pro se* parties is therefore unnecessary. The identified interrogatories largely repeat information that is included in the proof of claims or requested through other requests, and are unnecessary. In other words, the proofs of claim and other discovery requests will provide the facts needed to evaluate the competing claims, and it is unnecessary and unfair to require the claimants to provide a legal analysis regarding the strength of their claims.

Second, and related, contention interrogatories for even the most experienced litigant and lawyer, can provide trick boxes which can amount to a "gotcha" trap relative to a response, or lack thereof. That situation will likely arise here. Additionally, these contention interrogatories presume that claimants know all "facts" regarding competing loans, a presumption that is likely inaccurate, as many claimants may be generally unaware, for example, of the Cohens' efforts to resell first-secured interests in certain properties, and the circumstances surrounding those transactions. Such requests are not appropriate for discovery issued to mostly unsophisticated and unrepresented claimants. Furthermore, the claims submission instructions and claim form already

placed a burden on claimants to submit all documentation and information in support of their claims.

Third, there are concerns regarding the timing of such discovery, as the proposed standard interrogatories will be answered before any discovery regarding other claims against the properties takes place. As a result, they are premature.

Fourth, to the extent that a fact or theory may be raised by a claimant in their position statement that the institutional lenders believe is new and not previously identified, the institutional lenders may request leave from the Court to serve discrete additional discovery, if necessary.

2. *The Institutional Lenders' Position.*

In <u>Interrogatory Nos. 13 through 15</u>, the Mortgagees ask the Investor Lenders to set forth the factual and legal basis of their claims. Pleadings typically provide a framework to give notice of a party's claims or defenses. Because the Investor Lenders are not being required to file pleadings, the contention interrogatories serve to provide that information. The responses may obviate the need for further discovery or allow more narrowed and focused future discovery.

Fed. R. Civ. P. 33(a) permits contention interrogatories. Further, the Mortgagees do not understand the Receiver's objection because the Court already approved the use of contention interrogatories:

> Now, I understand the institutional lenders' position that you would like a clearer definition of the basis for someone to assert a priority lien on a particular subject property, and that you may need something more than just whatever documents were submitted as part of the claims process. But I wondered whether -- and, again, this comes out of more the MDL context -- wonder whether the -- as a standard discovery form -- whether the parties can come up with a standard list of questions and documents that – document requests -- that every claimant would have to fill out and respond to and submit to all the other claimants in the case.

So, in other words, rather than having one claimant send out an affirmative interrogatory to every other claimant saying, you know, state the factual basis for your contention that your lien has priority over this one and this one and this one and this one, I wonder if the parties can come up with just a standard questionnaire that -- or form – that every claimant would have to fill out as part of a claims resolution process when their claim is up that could get the ball rolling and, basically, provide the information that all the other claimants want and need with regard to the basis for the asserted claim.

See 7/15/20 Tr. At 25:10-26:8.

The Receiver appears to object to these interrogatories on the basis that the Investor Lenders may not be represented by counsel and may not be sophisticated enough to articulate their positions. The Mortgagees do not know how many Investor Lenders will not be represented or lack sufficient sophistication. But, at some point, they need to articulate their claims both to allow the Mortgagees a fair and reasonable opportunity to respond to them, and for the Court to adjudicate them.

Further, the Mortgagees are expected to answer, contention interrogatories in the discovery propounded upon them by the Receiver (on behalf of the Individual Investors) and have no objection to doing so. The Receiver thus concedes that the information requested thorough contention interrogatories is both relevant and helpful to the parties in understanding and narrowing the disputes.

Interrogatory No. 9 is not a contention interrogatory. It requests specific facts concerning whether the Investor Lenders ever authorized anyone to collect on a Mortgage Loan or Loan in which they had an interest. That information is critical to the priority dispute, many of which involve payoffs of such loans through an EquityBuild entity that the Mortgagees contend was authorized to receive the payment.

Interrogatory No. 12 is not a contention interrogatory. It requests specific facts concerning the Investor Lenders' investigation, if any, to determine whether there were

any prior mortgages on the property that would prime the Investor Lenders' Mortgages, such as Mortgagees' Mortgages that were recorded prior to the Investor Lenders' Mortgages or that refinanced a pre-existing mortgage that at all times was prior to the Investor Lenders' Mortgages. Further, Interrogatory No. 12 is basically the same as interrogatory No. 4 to the institutional lenders that the Mortgagees are expected to answer. Thus, the Receiver again concedes that the information is both relevant and helpful to the parties in understanding and narrowing the disputes.

Interrogatory No. 16 is not a contention interrogatory. The Mortgagees need to know whether any documents that would otherwise be responsive to the document production request were not produced because they were lost, as opposed to never existing, so that they can explore the Individual Investors' knowledge of them or attempt to discover them elsewhere.

**D.      Issues Regarding Centralized Repository**

1.  *The Receiver's Position.*  The Receiver believes (and the SEC supports) that it will be most orderly and efficient for the claimants' discovery responses and documents to be directed to a centralized location and then be made available to all claimants, rather than putting the burden on each claimant to serve all interested parties.  Because the Receiver is already tasked with providing each claimant with the claims submissions of all others claiming an interest in the same property, the Receiver believes it would be most efficient for the Receiver to work with the vendor that will be distributing the claim submissions to the claimants per tranche via FTP link, to also maintain and distribute the discovery material in a similar manner.  This is consistent with the role of the Receiver, and further complements his work as an instrument of the Court to facilitate a fair and efficient process.

There has been progress made on this front, as previously the Institutional Lenders were of the view that the investor lenders should simply hit "reply all" and e-mail their responses to everyone. The most recent iteration has modified that demand substantially, but continues to insist that the investor lenders e-mail (or mail) their responses to **both** the Receiver and a representative of the institutional lenders (to be determined). The Receiver is concerned that this proposal will still pose significant logistical challenges, and increase costs and inefficiencies.

First and foremost, the investor lender may be confused relative to who needs to receive the responses, and if they are sent to the institutional lender representative but not the Receiver there is a significant risk that they will not be included in the centralized database. Moreover, in circumstances where the size of the files produced in discovery are too large to email, the proposals both provide that the claimant put that in an email so a link to upload the documents may be sent to the claimant. If two email addresses are provided, the claimants may not know where to send this request. A procedure where each claimant sends their discovery to a single location would be preferable.

Additionally, as transpired with respect to the submission of the proof of claims, certain claimants may choose to mail paper copies their discovery responses, and it would be overly burdensome and expensive to require them to send copies more than one location. The Receiver's proposal will ensure that the materials are housed in a centralized location and circulated to everyone in a manner that provides easy and equal access to the information.

2. *The Institutional Lenders' Position.*

The Receiver seeks to be the depository and distributor of the Investor Lenders' discovery responses. Because the Receiver will seek compensation for the associated time and expense from the secured properties through a receiver's lien, such

unnecessary charges should be avoided.  The Investor Lenders' responses do not need to be funneled through the Receiver, which adds both costs and delay. The Mortgagees are proposing a drop box system where all Investor Lenders can access all discovery responses. The details will be provided prior to the issuance of the standard discovery.

## II.    Discovery to Institutional Lenders (Exhibit 4)

There are two issues that remain in regards to the draft standard discovery to the institutional lenders, one issue involving timing and the other involving a category of documents exchanged between the title company and the institutional lenders (Request 5(9)).  A single version of the standard discovery to the institutional lenders that sets forth the two areas of disagreement is attached hereto as Exhibit 4.

**A.    Time Period Covering the Requests.**  The institutional lenders claim that the proper cut-off for purposes of responsive information is August 15, 2018, the date the SEC filed the pending action.  The institutional lenders also request that they do not want to prepare a privilege log for documents subsequent to that date.

1.    *The Receiver's Position.* As a general matter, the SEC and Receiver are of the position that all responsive non-privileged documents should be produced irrespective of time period.  The Receiver and SEC understand the burden associated with a document-by-document privilege log.  However, attempting to avoid such a burden is not a basis to avoid the production of all relevant, non-privileged documents, a goal which is undermined by a blanket prohibition for any document created after the start of this pending action.  The suggested limitation is overbroad for at least the following reasons:

First, the suggestion that starting precisely on that date, every communication that occurred necessarily involved attorney client and/or work product communications or other privileged

communications between the insureds and the title company is unwarranted. It would not be surprising for there to have been non-privileged business communications regarding the loans at issue here, which is precisely the reason that claims of privilege must be asserted on a log in some capacity. Second, even communications between business personnel regarding coverage and this case would not necessarily be privileged. Counsel appointed by the title company did not even file appearances until after the claims motion was filed in February 2020. Relying upon the August 2018 date provides approximately eighteen months of exchanges prior to a defense being provided, which seems to also undermine the breadth of the request.

The Receiver suggests that if the institutional lenders are going to claim privilege relative to internal or external exchanges or other documents involving non-attorneys after August 14, 2018, then those records should be identified on a privilege log (by date, author/recipient, subject matter and privilege asserted) so that any stakeholder can evaluate the propriety of such withholding.

> 2. *Institutional Lenders' Position.*
>
> The Mortgagees request an August 15, 2018 cut-off date concerning only communications between the Mortgagees and the title insurers. On that date, the SEC filed this action. After that date, Mortgagees tendered claims to their title insurers. As discussed below, those communications either are not relevant or are privileged. The Mortgagees also seek to save time and avoid the costs of preparing privilege logs related thereto.

**B.     Request for Coverage Correspondence and Related Items.**

    1.     *The Receiver's Position.*

As noted above, the SEC and Receiver are of the position that all responsive non-privileged documents should be produced irrespective of time period.   Consistent with that position, the standard discovery proposed by the Receiver and supported by the SEC seeks non-privileged correspondence exchanged between the institutional lenders and title insurers including those that deal with the issues of coverage (Request 5(9)) and related documents dealing the loan and property are properly produced pursuant to the standard discovery requests.   Such communications are part of the title company's ordinary business, and were sent to a third party (here the institutional lender).   This complex issue has been noted by the courts, which recognize that insurance companies perform work in the ordinary course of business, not just for purposes of litigation, and warn against overbroad and conclusory efforts to apply broad assertions of privilege regarding documents provided or created by an insurer as seen by the following discussion:

> The determination as to whether materials are protected under this definition [of work product privilege] is necessarily fact-specific. This is even more true where, as here, the documents in question were created by or for an insurance company in the course of its investigation, since "the very business of the producing party is to evaluate claims that may ultimately ripen into litigation." *Arkwright Mutual Ins. Co. v. National Union Fire Ins. Co.,* No. 90 Civ. 7811(AGS), 1994 WL 698298, at *2 (S.D.N.Y. Dec.13, 1994).* This is equally the case whether the documents were created during an investigation pursuant to a third-party policy, the very nature of which is anticipating litigation, or pursuant to a first-party policy, since a first-party insurer must anticipate that the denial of a claim may lead to a lawsuit. *See, e.g.,* 6 *Moore's Federal Practice* § 26.70 [c], at 26–214 (3d ed.1998) (stating that case-by-case approach to liability insurance documents is appropriate). Thus, courts presented with work product disputes in the insurance context must be careful not to hold that documents are protected from discovery simply because of a party's "ritualistic incantation" that all documents created by insurers are made in preparation for litigation, and mindful of the fact that **insurer**-authored documents are more likely than attorney-authored documents to have been

prepared in the ordinary course of business, rather than for litigation purposes. *American Ins. Co. v. Elgot Sales Corp.,* No. 97 Civ. 1327(RLC)(NRM), 1998 WL 647206, at *1 (S.D.N.Y. Sept. 21, 1998) (discussing need for limiting principle to avoid allowing "virtually the entirety of an insurance company's files" to be exempt from discovery). Overprotecting insurance documents would hinder the broad discovery contemplated by the Rules, while doing little to foster uninhibited deliberation concerning insurance claims, since insurers have a duty—as well as business incentive —to carefully investigate every potential claim, whether or not it will likely erupt into litigation. *See, e.g., Fine v. Bellefonte Underwriters Ins. Co.,* 91 F.R.D. 420, 422 (S.D.N.Y.1981). Thus, in the insurance context, it is particularly important that the party opposing production of the documents, on whom the burden of proof as to privilege rests, demonstrate by specific and competent evidence that the documents were created in anticipation of litigation. *Harrigan v. Electronic Pre–Press Systems, Inc.,* No. 90 Civ. 4081(MEL), 1992 WL 121438, at *3 (S.D.N.Y. May 15, 1992).

*Weber v. Paduano,* 2003 WL 161340 at *4 (S.D.N.Y. 2003) (granting in part motion seeking various documents and investigative reports developed by insured and other materials). It is worth noting that as recently as late February 2020, the institutional lenders' counsel were referencing developments that would be needed in this action in order for them to invoke insurance coverage and cause coverage counsel to become involved on their behalf, raising a question about the extent to which such communications would have been privileged before coverage counsel ultimately became involved and appeared on their behalf in the Spring of 2020.

    2.    *The Institutional Lenders' Position*.

    The Receiver's request for correspondence between the Mortgagees and the title companies "for coverage under title insurance policies and related communications, including but not limited to all coverage correspondence" seeks documents that are not relevant to the dispute. A Mortgagee's post-occurrence tender of a claim to its title insurer and its title insurer's response has no bearing on the priority of a lien or any claim of fraudulent conveyance. Nor may the presence

of insurance be considered in determining the priority or validity of a secured interest or the distribution of the estate's assets. Further, coverage correspondence addresses whether a claim asserted against an insured is covered under an insurance policy, regardless of the merits of the claim, and whether a duty to defend existed, none of which is relevant to the issues before the Court.

Further, communications between an insurer and its insured are privileged. The attorney-client privilege extends to communications between an insurer and an insured, also known as the insurer-insured privilege, where the insurer is under an obligation to defend the insured. *People v. Ryan*, 30 Ill. 2d 456, 460-61, 197 N.E.2d 15 (1964):

> We think the rationale of those cases upholding the privileged nature of communications between insured and insurer where the insurer is under an obligation to defend is more persuasive. We concede that such communications are normally made by the insured to a layman and in many cases no lawyer will actually be retained for the purpose of defending the insured. Nevertheless, by the terms of the common liability insurance contract, the insured effectively delegates to the insurer the selection of an attorney and the conduct of the defense of any civil litigation. The insured is ordinarily not represented by counsel of his own choosing either at the time of making the communication or during the course of litigation. Under such circumstances we believe that the insured may properly assume that the communication is made to the insurer as an agent for the dominant purpose of transmitting it to an attorney for the protection of the interests of the insured. We believe that the same salutory reasons for the privilege as exist when the communication is directly between the client and attorney were present when [the insured] made her statement to the investigator for her insurer. We therefore conclude that public policy dictates that the statement given by [the insured] to her insurance carrier was clothed with the attorney-client privilege while in control of the insurer.

The communications are also protected under the common defense, joint defense or common interest doctrine, which some courts call a privilege while other courts call it an exception to a rule of waiver of the attorney-client privilege. The common

defense privilege protects communication between an attorney, the client and a third-party. *Selby v. O'Dea*, 2017 IL App (1st) 151572, ¶40. "The joint defense privilege enables counsel for clients facing a common litigation opponent to exchange privileged communications and attorney work product in order to adequately prepare a defense without waiving either privilege." *United States v. McPartlin*, 595 F.2d 1321, 1337 (7th Cir. 1979); see *IBJ Whitehall Bank & Trust Co. v. Cory & Assocs.*, 1999 U.S. Dist. LEXIS 12440. It applies to communications between and insured and insurer because they have a common interest. See *Waste Management, Inc. v. International Surplus Lines Ins. Co.*, 144 Ill. 2d 178, 193-94 579 N.E.2d 322 (1991).

## MORTGAGEES' CONCLUSION

The Mortgagees have provided abbreviated statements of their positions here and request that the Court consider the positions of the parties at oral argument, with such further factual explanations and legal authority as may be needed to fully consider the issues. Further, although the parties have prepared the standard discovery requests to streamline and facilitate the discovery process, the Mortgagees participated without waiving any objections that they may have to them, the furnishing of certain information or the production of certain documents, or the assertion of privileges.

## RECEIVER'S CONCLUSION

The respective positions were included in this document without revisions or responses for joint presentation to the Court. Although numerous communications preceded the preparation of this document, the undersigned did not review each other's written positions, which were exchanged at the end of the process at the time of filing. Accordingly, the Receiver will be

prepared to discuss the issues regarding this discovery and the positions set forth herein, and reserves the right to present additional information and authority that may assist the Court including at oral argument if the Court believes that it will be helpful to reach resolution on these open issues.

Dated: October 2, 2020

Respectfully submitted,

/s/ Michael Rachlis
Michael Rachlis
Jodi Rosen Wine
Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone (312) 733-3950
Fax (312) 733-3952
mrachlis@rdaplaw.net
jwine@rdaplaw.net

*Attorneys for Kevin B. Duff, Receiver*

/s/ Michael Gilman
Michael Gilman (6182779)
mgilman@dykema.com
Dykema Gossett PLLC
10 S. Wacker Drive, Suite 2300
Chicago, Illinois 60606
(312) 627-5675

*Counsel for Federal Home Loan Mortgage Corporation Wilmington Trust, National Association, as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Trust 2014-LC16, Commercial Mortgage Pass-Through Certificates, Series 2014-LC16; Wilmington Trust, National Association, as Trustee for the Registered Holders of UBS Commercial Mortgage Trust 2017-C1,Commercial Mortgage Pass-Through Certificates, Series 2017-C1; Citibank N.A., as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB48; Federal National Mortgage Association; U.S. Bank National Association, as Trustee for the registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2017-SB41;U.S. Bank National Association, as Trustee for the registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB50;U.S. Bank National Association, as Trustee for the registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2017-SB30 Sabal TL1 LLC; Midland Loan Services, a Division of PNC*

*Bank, N.A. as servicer for Wilmington Trust, N.A., as Trustee for the Benefit of Corevest American Finance 2017-1 Trust Mortgage Pass-Through Certificates; Midland Loan Services, a Division of PNC Bank, N.A. as servicer for Wilmington Trust, N.A., as Trustee for the Registered Holders of Corevest American Finance 2017-2 Trust, Mortgage Pass-Through Certificates, Series 2017-2; BC57, LLC; UBS AG*

Exhibit 1

|  |  |  |
| --- | --- | --- |
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |  |
| Plaintiff, | ) ) | Civil Action No. 18-cv-5587 |
| v. | ) ) | Hon. John Z. Lee |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | ) ) ) ) | Mag. Judge Young B. Kim |
| Defendants. | ) ) ) |  |

To: EquityBuild Claimant

You are receiving this document because you have asserted a claim in the matter of SEC v. EquityBuild, Inc. et al., Case No. 18 CV 05587, pending in the federal district court for the Northern District of Illinois.

The Court is addressing the claims asserted in this case by groups of properties, also called "tranches" of properties. You have asserted a claim against one or more of the properties in the tranche that is currently before the Court, which consists of the following properties:

LIST PROPERTIES IN TRANCHE

All investors in this tranche are being served with these discovery requests so that the Court and other claimants asserting a claim against the same properties may properly evaluate the claims against the properties in this tranche.

The discovery requests include (1) requests to provide the documents described; and (2) requests to answer questions in writing.

You are required to provide a copy of all of the requested documents and a written answer to all of the questions asked. You will need to search your records to find the requested documents and the information necessary to answer the questions.

We understand that you have already submitted a proof of claim form and supporting documentation. There is no need for you to send anything you previously submitted again. But, please be aware you are being requested to provide documents and information in addition to what you already submitted with your proof of claim, so, if you did not already submit any one or more of the requested documents with your proof of claim, you need to provide those documents at this time.

You also have the ability to ask written questions (interrogatories) or to request documents from the other participants in this tranche by sending such written questions or requests for documents to that participant at the address provided on the Tranche Contact List accompanying these discovery requests.

The Court, however, has ordered that a claimant may not ask more than _____ interrogatories and may not request more than _____ categories of documents, unless the claimant first obtains an order from the Court allowing it.

Please refer to the following instructions and definitions to assist you in answering these discovery requests.

INSTRUCTIONS

1. By DATE, you must email your answers to the interrogatories and any additional documents you have not already submitted to the Receiver at equitybuildreceiver@rdaplaw.net, who will then make arrangements for distribution to the SEC and every other claimant asserting an interest in the same property as you. If your documents are too large to attach to your email, please say so in the email and a link to upload the documents will be provided to you.  If you are unable to scan and email electronic copies of your answers and the documents (the preferred means of delivery), they instead may be mailed to:

    EquityBuild Receiver
    c/o Rachlis Duff & Peel
    542 S. Dearborn, Suite 900
    Chicago, IL 60605

2. We understand that you have already submitted a Proof of Claim form and supporting documentation, and you do not need to resubmit anything that you already submitted with your claim. However, you must review the Proof of Claim form and submittal to confirm that you provided all of the documents and information that are requested in these discovery requests. If there are documents or information that you did not furnish, you need to do so now.

3. If you have confirmed that you already submitted all of the documents described in a request, you can answer the request by stating that you have confirmed that you already submitted the requested documents.

4. If you have a doubt whether you provided a document with your Proof of Claim or whether a document is related to a request, you should provide it.

5. You must provide both documents that you have in your possession and documents that you gave to someone or that someone else may be holding for you, such as a spouse, a relative, a friend, a lawyer, an accountant, or an investment adviser.

6. There are also written questions for you to answer that are shown below. These written questions are also known as interrogatories. You are required to answer all of the questions under oath. A verification form is located at the end of this document.

7. Please answer the interrogatories in a document that numbers each response to indicate the question that you are answering.

8. If you have confirmed that you already furnished all of the information sought by an interrogatory in your Proof of Claim submission, you can answer the interrogatory by stating: that you have confirmed that you already submitted the requested information.

9. After you have sent Your Responses to these discovery requests, you must supplement Your Responses or correct your responses if You learn that Your responses were incomplete or incorrect.

<u>Definitions</u>.

1. "You" or "Your" means the person, business, or entity who made the investment with or provided a loan to EquityBuild.

2. "EquityBuild" includes EquityBuild, Inc. and all the affiliates identified on the Proof of Claim form used in this proceeding.

3. An "EquityBuild Asset" is any real or personal property in which EquityBuild or an EquityBuild affiliate has or had an ownership interest, such as the properties in this tranche.

4. "Documents" means both paper documents and electronically stored information (such as "word" documents, "pdf." documents, "Excel" documents), and includes letters, statements, spreadsheets, e-mails, and text messages.

5. "Original Transaction" means the transaction in which you acquired a claim of ownership or a security interest in an EquityBuild Asset of affiliate.

6. A "Rollover Transaction" means a situation where You had a claim of ownership or a security interest in an EquityBuild Asset or affiliate that was changed or converted, in whole or in part, to an ownership or security interest in another EquityBuild Asset or affiliate. A Rollover Transaction occurred, for example, if You had an interest in a mortgage on an EquityBuild Asset and, instead of receiving a cash distribution, You received an interest in another EquityBuild Asset or affiliate.

I.    <u>Requests for Documents.</u>

To The Extent You Have Not Already Provided These With Your Proof Of Claim Form, You Need to Provide the Following Documents:

1.    All documents you received from EquityBuild related to each Original Transaction and each Rollover Transaction involving a property in this tranche in which you have or had an interest, such as:
- account statements,
- financial reports,
- solicitations,
- private placement memoranda,
- offering memoranda,
- brochures,
- advertisements,
- information sheets
- receipts

2.    All documents that you executed or were requested to execute regarding your investment in or loan to any property in this tranche, such as:
- Mortgages,
- Promissory notes,
- Servicing agreements,
- Collateral agreements,
- Powers of attorney,
- Operating Agreements,
- Contracts or other agreements,
- Releases or satisfaction of mortgages,

3.    All e-mails and correspondence or text messages between You and anyone working for or on behalf of EquityBuild relating to your investment in or loan involving any property in this tranche or a Rollover Transaction from any property that is in this tranche.

4.    All documents relating to any Rollover Transaction of Your investment in or loan to any property in this tranche to a different EquityBuild Asset.

NOTE: This Request asks for, and you need to provide, the requested documents concerning Rollover Transactions regardless of whether the EquityBuild Asset that your investment or loan was rolled into is included in this tranche.

5.    All documents regarding the payments You made (or the consideration You gave) for your investments or loans with EquityBuild.

6. All documents regarding the payments You received (or anyone received on your behalf), either for distributions on or payoffs of Your investments or loans with EquityBuild.

7. All documents related to any refinancing or payoff of any loan on a property in this tranche in which You have or had an interest.

8. All documents related to a release or a request for a release of your interest in a loan on any property in this tranche.

II. Interrogatories

1. Was the "Claimant Name" identified on Your Proof of Claim the actual entity that made the investment in or loan to a property in the tranche? If not, please identify the name of the individual or entity that made the investment of provided the loan.

2. Are the email address and telephone number identified on Your Proof of Claim the best way to contact you? If not, please identify the best email address and phone number to contact You.

3. Please state the names of all persons You (or Your representative) interacted with at or on behalf of EquityBuild, including anyone who said that he or she was an agent, employee, or representative of EquityBuild, about Your investments or loans relative to the property in this tranche. For each person, please also state that person's address and best phone number to contact the person(s) You communicated with (by phone, by email, text or letter, or in person).

4. For each property in this tranche in which You claim an ownership or security interest, state the amount You paid for the investment or the type of consideration given for the investment, the date that You paid or gave consideration for the investment, and to whom You paid this money or other consideration.

5. For each property in this tranche in which You claim an ownership or security interest, state whether You or anyone on your behalf received any payments, distributions, or other form of return on your investment, and state the amount, the date, and from whom You received the payment, distribution or return on Your investment.

6. For each property in this tranche in which You claim an ownership or security interest, state the amount that is due to You for your investment in or loan to that specific property.

7. State whether any investment You had in a property in this tranche was the subject of a "Rollover Transaction" (see Definition of "Rollover Transaction"

above), and for each Rollover Transaction, state the date of the Rollover Transaction, identify Your original interest by type of interest, the amount of the original interest, and property address, and identify Your rolled-over interest by type of interest, amount of the rolled-over Interest, and property address (if any).

8. For each property in this tranche in which You assert an interest, state whether You have previously made any representations or submitted any documents regarding Your investment in any other judicial proceedings, such as bankruptcy, estate administration, marriage dissolution, tax return or proceeding, other judicial, governmental, or administrative proceeding or other loan/credit/insurance applications regarding that interest and, if so, identify the property and the proceeding (Court and Case Number).

9. Were you ever told that there were or would be one or more other loans on any property in this tranche in which you claim an interest?

   a. If so, please state when, how, and by whom you were told of the other loan(s)

   b. If you were told in a document, have you furnished a copy of that document with your Proof of Claim or in response to these discovery requests?

10. Did you ever release your interest, or authorize any other person to release your interest, in a loan on a property in this tranche?

   a. If so, state when and how you released or authorized the release of your interest.

   b. If the release or authorization was in a document, have you furnished a copy of that document with your Proof of Claim or in response to these discovery requests?

# VERIFICATION

I, [name of claimant], verify that I have reviewed the answers that I have provided to the Interrogatories above and they are true and correct to the best of my information, knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

_____

Executed on (date).

(Signature)

Exhibit 2

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |  |
| Plaintiff, | ) | Civil Action No. 18-cv-5587 |
|  | ) |  |
| v. | ) | Hon. John Z. Lee |
|  | ) |  |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | ) ) ) | Mag. Judge Young B. Kim |
|  | ) |  |
| Defendants. | ) ) |  |

To: EquityBuild Claimant

You are receiving this document because you have asserted a claim in the matter of SEC v. EquityBuild, Inc. et al., Case No. 18 CV 05587, pending in the federal district court for the Northern District of Illinois.

The Court is addressing the claims asserted in this case by groups of properties, also called "tranches" of properties. You have asserted a claim against one or more of the properties in the tranche that is currently before the Court, which consists of the following properties:

LIST PROPERTIES IN TRANCHE

All investors in this tranche are being served with these discovery requests so that the Court and other claimants asserting a claim against the same properties may properly evaluate the claims against the properties in this tranche.

The discovery requests include (1) requests to provide the documents described; and (2) requests to answer questions, which are called interrogatories, in writing.

You are required to provide a copy of all of the requested documents and answer all of the questions asked. You will need to search your records to find the requested documents and the information necessary to answer the questions.

You also have the ability to ask interrogatories or to request documents from the other participants in this tranche by sending such written questions or requests for documents to that participant at the address provided on the Tranche Contact List accompanying these discovery requests.

The Court, however, has ordered that in addition to these questions and document requests, a claimant may not ask more than ____ questions and may not request more than

____ categories of documents, unless the claimant first obtains an order from the Court allowing it.

Please refer to the following instructions and definitions to assist you in answering these discovery requests.

<u>INSTRUCTIONS</u>

1. By DATE, you must email your answers to the questions and any additional documents you have not already submitted to [mortgagee we will provide an e-mail address for the mortgagees] and the Receiver at equitybuildreceiver@rdaplaw.net, who will then make arrangements for distribution to the SEC and every other claimant asserting an interest in the same property as you. If your documents are too large to attach to your email, please say so in the email and a link to upload the documents will be provided to you. If you are unable to scan and email electronic copies of your answers and the documents (the preferred means of delivery), they instead may be mailed to:

> EquityBuild Receiver
> c/o Rachlis Duff & Peel
> 542 S. Dearborn, Suite 900
> Chicago, IL 60605
>
> and
>
> [We will provide an address for the mortgagees.]

2. We understand that you have already submitted a Proof of Claim form and supporting documentation. There is no need for you to furnish again anything you previously furnished. But, please be aware that you are being requested to provide documents in addition to the documents you already furnished with your Proof of Claim. Therefore, you will need to review the Proof of Claim you submitted to determine whether you furnished all of the documents that you are requested to produce in these discovery requests. If there are documents that you did not furnish, you need to produce them now. If you determine that you previously furnished all of the documents in your Proof of Claim, you may answer the request that you have confirmed that you already submitted the requested documents.If you have a doubt whether you provided a document with your Proof of Claim or whether a document is related to a request, you should provide it.

3. You must provide both documents that you have in your possession and documents that you gave to someone or that someone else may be holding for you, such as a spouse, a relative, a friend, a lawyer, an accountant, or an investment adviser.

4. You are required to answer all of the interrogatories under oath. A verification form is located at the end of this document.

5. Please answer the interrogatories in a document that numbers each response to indicate the interrogatory that you are answering.

6. If you have confirmed that you already furnished all of the information sought by an interrogatory in your Proof of Claim submission, you can answer the question by stating: that you have confirmed that you already submitted the requested information.

7. After you have sent Your Responses to these discovery requests, you must supplement Your Responses or correct your responses if You learn that Your responses were incomplete or incorrect. You should e-mail or mail your supplemental or corrected responses to the same addresses where you e-mailed or mailed your initial responses to these discovery requests.


Definitions.

1. "EquityBuild" includes EquityBuild, Inc. and all the affiliates identified on the Proof of Claim form used in this proceeding.

2. An "EquityBuild Asset" is any real or personal property in which EquityBuild or an EquityBuild affiliate has or had an ownership interest, such as the properties in this tranche or any other property outside of this tranche into which you rolled over your Interest.

3. "Mortgage" means a document recorded against a property in this tranche that secures repayment of a loan or an investment.

4. "Mortgage Loan" means a loan or investment that is secured by a mortgage on an property in this tranche.

5. "Loan" means a loan or investment that is not secured by a mortgage.

6. "You" or "Your" means the person, business, or entity who made the investment with or provided a loan to EquityBuild.

7. "Interest" means any claim you assert to or in an EquityBuild Asset in this tranche or to or in a Mortgage, Mortgage Loan or Loan related to an EquityBuild Asset in this tranche arising from an investment, Loan, a Mortgage, a Mortgage Loan, or any other basis relating to that Equity Build Asset.

8. "Documents" means both paper documents and electronically stored information (such as "word" documents, "pdf." documents, "Excel" documents), and includes letters, statements, spreadsheets, e-mails, and text messages.

9. "Original Transaction" means the transaction in which you acquired a claim an Interest in an EquityBuild Asset of affiliate.

10. A "Rollover Transaction" means a situation where You had an Interest in an EquityBuild Asset that was changed or converted, in whole or in part, to an Interest in another EquityBuild asset. A Rollover Transaction occurred, for example, if You had an Interest in a Mortgage on an EquityBuild Asset and, instead of receiving a cash distribution, You received an Interest in another EquityBuild Asset.

I.   Requests for Documents.

1.   All documents you received from EquityBuild related to each Original Transaction and each Rollover Transaction in which at least one of the properties was a property in this tranche in which you have or had an Interest, such as:
- account statements,
- financial reports,
- solicitations,
- private placement memoranda,
- offering memoranda,
- brochures,
- advertisements,
- information sheets,
- receipts.

2.   All documents that you executed or were requested to execute regarding your Interest in any EquityBuild Asset or property in this tranche, such as:
- Mortgages,
- Promissory notes,
- Servicing agreements,
- Collateral agreements,
- Powers of attorney,
- Operating Agreements,
- Contracts or other agreements,
- Releases or satisfaction of mortgages.

3.   All e-mails and correspondence or text messages between You and anyone working for or on behalf of EquityBuild relating to your Interest involving any EquityBuild Asset or property in this tranche or a Rollover Transaction from any property that is in this tranche.

4.   All documents relating to any Rollover Transaction involving Your Interest involving any property in this tranche to a different EquityBuild Asset, regardless of whether that EquityBuild Asset is included in this tranche.

NOTE: This Request asks for, and you need to provide, the requested documents concerning Rollover Transactions regardless of whether the EquityBuild Asset that your Interest was rolled into is included in this tranche.

5.    All documents regarding the payments You made (or the consideration You gave) for your Interest with EquityBuild.

6.    All documents regarding the payments You received, either as distributions on or payoffs of Your Interest.

7.    All documents related to any actual or purported refinancing or payoff of your Interest, a Mortgage Loan or Loan relating to a property in this tranche in which You have or had an Interest.

8.    All documents in which You were ever told that your Interest or a Mortgage Loan or Loan may be refinanced or paid off.

9.    All documents in which You were ever told that that your Interest, a Mortgage Loan or Loan was refinanced or paid off.

10.    All documents in which you were requested to release your Interest, a Mortgage, Mortgage Loan or Loan.

11.    All documents in which you released or agreed to release your Interest, a Mortgage, Mortgage Loan or Loan.

12.    All documents reflecting collection by EquityBuild or Equity Build payments to You on an investment that you made in or with EquityBuild in which any EquityBuild entity collected payments from the borrower or a third party with your knowledge. Note that this request includes, but is not limited to the properties in this tranche.


II.    <u>Interrogatories</u>

1.    Was the "Claimant Name" identified on Your Proof of Claim the actual entity that made the investment in or Mortgage Loan or Loan to an EquityBuild asset or affiliate? If not, please identify the name of the individual or entity that made the investment or provided the Mortgage Loan or Loan.

2.    Are the email address and telephone number identified on Your Proof of Claim the best way to contact You? If not, please identify the best email address and phone number to contact You.

3.    Please state the names of all persons You (or Your representative) interacted with at or on behalf of EquityBuild, including anyone who said that he or she

was an agent, employee, or representative of EquityBuild, about Your Interest, investments, Mortgage, Mortgage Loan or Loans relative to any property in this tranche. For each person, please also state that person's address and best phone number to contact the person(s) You communicated with (by phone, by email, text or letter, or in person).

4. For each EquityBuild Asset in this tranche in which You claim an Interest, state the amount You paid for the Interest or the type of consideration given for the Interest, the date that You paid or gave consideration for the Interest, and to whom You paid this money or other consideration.

5. For each EquityBuild Asset in this tranche in which You claim any Interest, state whether You received any payments, distributions, or other form of return on your investment or Interest, and state the amount, the date, and from whom You received the payment, distribution or return on Your investment or Interest.

6. For each EquityBuild Asset in this tranche in which You claim any Interest, state the amount that is due to You for your Interest in each specific property.

7. State whether any Interest You had in an EquityBuild Asset in this tranche was the subject of a "Rollover Transaction" (see Definition of "Rollover Transaction" above), and for each Rollover Transaction, state the date of the Rollover Transaction, identify Your original Interest by type of investment, the amount of the original investment, and property address, and identify Your rolled-over Interest by type of interest, amount of the rolled-over Interest, and property address (if any).

8. For each EquityBuild Asset in this tranche in which You assert an Interest, state whether You have previously made any representations or submitted any documents regarding Your Interest in any other judicial proceedings, such as bankruptcy, estate administration, marriage dissolution, tax return or proceeding, other judicial, governmental, or administrative proceeding or other loan/credit/insurance applications regarding that Interest and, if so, state the EquityBuild Asset and the proceeding (Court and Case Number).

9. Do you claim an Interest in a property in this tranche based upon one or more Mortgage Loans or Loans?

   a. If so, did you ever authorize anyone or any entity to collect any amount due on the Mortgage Loan(s) or Loan(s)?

   b. If so, state the name of the person or entity who you authorized to collect any amount due on the Mortgage Loan(s) or Loan(s).

   c. If so, is there a document in which you authorized that person or entity to collect any amount on the Mortgage Loan(s) or Loan(s)?

      d.     If so, have you furnished that document in your Proof of Claim or in response to these discovery requests?

10. Were you ever told that there were or would be one or more other Mortgage Loans or Loans on any property in this tranche in which you claim an Interest?

      a.     If so, please state when, how, and by whom you were told of the other Mortgage Loans or Loans.

      b.     If you were told in a document, have you furnished a copy of that document with your Proof of Claim or in response to these discovery requests?

11. Did you ever release or authorize any other person or entity to release your Interest, or a Mortgage Loan or Loan(s) on a property in this tranche?

      a.     If so, state when and how you released or authorized the release of your Interest or the Mortgage Loan or Loan(s).

      b.     If you authorized a person or entity to release your Interest in a Mortgage Loan or Loan(s) on a property in this tranche, state the name of the person or entity and the date when you authorized the person or entity or entity to release your Interest.

      c.     If the release or authorization was in a document, have you furnished a copy of that document in your Proof of Claim or in response to these discovery requests?

12. Describe all efforts you, or anyone acting on your behalf, made before making your investment for your Interest or in a Mortgage Loan or EquityBuild Asset to determine if there were any other mortgages on the same property in this tranche.

13. For each EquityBuild Asset in this tranche for which You assert an Interest, state whether You believe that your Interest is secured or unsecured and the facts and documents that support Your claim.

14. For each EquityBuild Asset in this tranche for which You assert an Interest, state whether You believe that your Interest should be paid before another claimant's Interest in that same EquityBuild Asset and, if so, state the facts and documents that support Your claim.

15. For each EquityBuild Asset in this tranche in which You assert an Interest, state whether you believe that an Interest claimed by any other person or entity in that same EquityBuild Asset is not valid and, if so, state the facts and documents that support Your claim.

16. If any Document requested above was once in Your possession, but is no longer in Your possession, state where the Document was located when you possessed, how it was stored, when, how and why it was disposed of, where it is located now, if known, and identify all persons familiar with the contents of said Document.

17. Identify each investment that you made in or with EquityBuild in which any EquityBuild entity collected payments from the borrower or a third party with your knowledge, and for each such investment state the amount of the investment, the name or location of the property involved, the time period during which the payments were collected, the amount collected, and the amount of the payments received by you.  Note that this question includes, but is not limited to the properties in this tranche.

## VERIFICATION

I, [name of claimant], verify that I have reviewed the answers that I have provided to the Interrogatories above and they are true and correct to the best of my information, knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

_____

Executed on (date).

(Signature)

Exhibit 3

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** | ) ) ) |  |
| **Plaintiff,** | ) ) | **Civil Action No. 18-cv-5587** |
| **v.** | ) ) | **Hon. John Z. Lee** |
| **EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,** | ) ) ) ) | **Mag. Judge Young B. Kim** |
| **Defendants.** | ) ) |  |

To: EquityBuild Claimant

You are receiving this document because you have asserted a claim in the matter of SEC v. EquityBuild, Inc. et al., Case No. 18 CV 05587, pending in the federal district court for the Northern District of Illinois.

The Court is addressing the claims asserted in this case by groups of properties, also called "tranches" of properties. You have asserted a claim against one or more of the properties in the tranche that is currently before the Court, which consists of the following properties:

LIST PROPERTIES IN TRANCHE

All investors in this tranche are being served with these discovery requests so that the Court and other claimants asserting a claim against the same properties may properly evaluate the claims against the properties in this tranche.

The discovery requests include (1) requests to provide the documents described; and (2) requests to answer questions, which are called interrogatories, in writing.

You are required to provide a copy of all of the requested documents and a written answer to all of the questions asked. You will need to search your records to find the requested documents and the information necessary to answer the questions.

We understand that you have already submitted a proof of claim form and supporting documentation. There is no need for you to send anything you previously submitted again. But, please be aware you are being requested to provide documents and information in addition to what you already submitted with your proof of claim, so, if you did not already submit any one or more of the requested documents with your proof of claim, you need to provide those documents at this time.

You also have the ability to ask ~~written questions~~ (interrogatories) or to request documents from the other participants in this tranche by sending such written questions or requests for documents to that participant at the address provided on the Tranche Contact List accompanying these discovery requests.

The Court, however, has ordered that in addition to these questions and document requests, a claimant may not ask more than ____ ~~interrogatories~~questions and may not request more than ____ categories of documents, unless the claimant first obtains an order from the Court allowing it.

Please refer to the following instructions and definitions to assist you in answering these discovery requests.

<u>INSTRUCTIONS</u>

1. By DATE, you must email your answers to the ~~interrogatories~~questions and any additional documents you have not already submitted to [mortgagee we will provide an e-mail address for the mortgagees] and the Receiver at ~~equitybuildreceiver@rdaplaw.net,~~equitybuildreceiver@rdaplaw.net, who will then make arrangements for distribution to the SEC and every other claimant asserting an interest in the same property as you. If your documents are too large to attach to your email, please say so in the email and a link to upload the documents will be provided to you. If you are unable to scan and email electronic copies of your answers and the documents (the preferred means of delivery), they instead may be mailed to:

   EquityBuild Receiver
   c/o Rachlis Duff & Peel
   542 S. Dearborn, Suite 900
   Chicago, IL 60605

   and

   [We will provide an address for the mortgagees.]

2. We understand that you have already submitted a Proof of Claim form and supporting documentation~~—.~~. There is no~~and you do not~~ need for you to ~~resubmit~~furnish again anything you previously furnished. But, please be aware that you are being requested to provide documents in addition to the documents you already ~~submitted~~furnished with your ~~claim. However~~Proof of Claim. Therefore, you ~~must~~will need to review the Proof of Claim ~~form and submittal to confirm~~you submitted to determine whether you furnished all of the documents that you ~~provided all of the documents and information that~~are requested to produce in these discovery requests. If there are documents ~~or information~~ that you did not furnish, you need to ~~do so now.~~

3. ~~If you~~produce them now. If you determine that you previously furnished all of the documents in your Proof of Claim, you may answer the request that you have confirmed

that you already submitted ~~all of the documents described in a request, you can answer the request by stating that you have confirmed that you already submitted~~ the requested documents.

~~4.~~2.     If you have a doubt whether you provided a document with your Proof of Claim or whether a document is related to a request, you should provide it.

~~5.~~3.     You must provide both documents that you have in your possession and documents that you gave to someone or that someone else may be holding for you, such as a spouse, a relative, a friend, a lawyer, an accountant, or an investment adviser.

~~6.~~4.     ~~There are also written questions for you to answer that are shown below. These written questions are also known as interrogatories.~~  You are required to answer all of the ~~questions~~interrogatories under oath.  A verification form is located at the end of this document.

~~7.~~5.     Please answer the interrogatories in a document that numbers each response to indicate the ~~question~~interrogatory that you are answering.

~~8.~~6.     If you have confirmed that you already furnished all of the information sought by an interrogatory in your Proof of Claim submission, you can answer the ~~interrogatory~~question by stating: that you have confirmed that you already submitted the requested information.

~~9.~~7. After you have sent Your Responses to these discovery requests, you must supplement Your Responses or correct your responses if You learn that Your responses were incomplete or incorrect.  —You should e-mail or mail your supplemental or corrected responses to the same addresses where you e-mailed or mailed your initial responses to these discovery requests.

Definitions.

~~1.     "You" or "Your" means the person, business, or entity who made the investment with or provided a loan to EquityBuild.~~

~~2.~~1.     -"EquityBuild" includes EquityBuild, Inc. and all the affiliates identified on the Proof of Claim form used in this proceeding.

2.     An "EquityBuild Asset" is any real or personal property in which EquityBuild or an EquityBuild affiliate has or had an ownership interest, such as the properties in this tranche or any other property outside of this tranche into which you rolled over your Interest.

3.     "Mortgage" means a document recorded against a property in this tranche that secures repayment of a loan or an investment.

4. "Mortgage Loan" means a loan or investment that is secured by a mortgage on an property in this tranche.

5. "Loan" means a loan or investment that is not secured by a mortgage.

6. "You" or "Your" means the person, business, or entity who made the investment with or provided a loan to EquityBuild.

7. "Interest" means any claim you assert to or in an EquityBuild Asset in this tranche or to or in a Mortgage, Mortgage Loan or Loan related to an EquityBuild Asset in this tranche arising from an investment, Loan, a Mortgage, a Mortgage Loan, or any other basis relating to that Equity Build Asset.

~~3.~~8. "Documents" means both paper documents and electronically stored information (such as "word" documents, "pdf." documents, "Excel" documents), and includes letters, statements, spreadsheets, e-mails, and text messages.

~~4.~~9. "Original Transaction" means the transaction in which you acquired a claim ~~of ownership or a security interest~~an Interest in an EquityBuild Asset of affiliate.

~~5.~~10. A "Rollover Transaction" means a situation where You had ~~a claim of ownership or a security interest~~an Interest in an EquityBuild Asset ~~or affiliate~~ that was changed or converted, in whole or in part, to an ~~ownership or security interest~~Interest in another EquityBuild ~~Asset or affiliate.~~asset. A Rollover Transaction occurred, for example, if You had an ~~interest~~Interest in a ~~mortgage~~Mortgage on an EquityBuild Asset and, instead of receiving a cash distribution, You received an ~~interest~~Interest in another EquityBuild Asset ~~or affiliate~~.


I. Requests for Documents.

~~To The Extent You Have Not Already Provided These With Your Proof Of Claim Form, You Need to Provide the Following Documents:~~

1. All documents you received from EquityBuild related to each Original Transaction and each Rollover Transaction ~~involving~~in which at least one of the properties was a property in this tranche in which you have or had an ~~interest~~Interest, such as:
- account statements,
- financial reports,
- solicitations,
- private placement memoranda,
- offering memoranda,
- brochures,

- advertisements,
- information sheets.
- receipts.

2.  All documents that you executed or were requested to execute regarding your ~~investment~~Interest in ~~or loan to~~ any EquityBuild Asset or property in this tranche, such as:
- Mortgages,
- Promissory notes,
- Servicing agreements,
- Collateral agreements,
- Powers of attorney,
- Operating Agreements,
- Contracts or other agreements,
- Releases or satisfaction of mortgages~~.~~.

3.  All e-mails and correspondence or text messages between You and anyone working for or on behalf of EquityBuild relating to your ~~investment in or loan~~Interest involving any EquityBuild Asset or property in this tranche or a Rollover Transaction from any property that is in this tranche.

4.  All documents relating to any Rollover Transaction ~~of~~involving Your ~~investment in or loan to~~Interest involving any property in this tranche to a different EquityBuild Asset, regardless of whether that EquityBuild Asset is included in this tranche.

NOTE: This Request asks for, and you need to provide, the requested documents concerning Rollover Transactions regardless of whether the EquityBuild Asset that your ~~investment or loan~~Interest was rolled into is included in this tranche.

5.  All documents regarding the payments You made (or the consideration You gave) for your ~~investments or loans~~Interest with EquityBuild.

6.  All documents regarding the payments You received ~~(or anyone received on your behalf),~~, either ~~for~~as distributions on or payoffs of Your ~~investments or loans with EquityBuild.~~Interest.

7.  All documents related to any actual or purported refinancing or payoff of ~~any loan on~~your Interest, a Mortgage Loan or Loan relating to a property in this tranche in which You have or had an ~~interest~~Interest.

8.  All documents ~~related to a~~in which You were ever told that your Interest or a Mortgage Loan or Loan may be refinanced or paid off.

9.  All documents in which You were ever told that that your Interest, a Mortgage Loan or Loan was refinanced or paid off.

10. All documents in which you were requested to release ~~or a~~ your Interest, a Mortgage, Mortgage Loan or Loan.

11. All documents in which you released or agreed to release your Interest, a Mortgage, Mortgage Loan or Loan.

~~8.~~12. All documents reflecting collection by EquityBuild or Equity Build payments to You on an investment that you made in or with EquityBuild in which any EquityBuild entity collected payments from the borrower or a third party with your knowledge. Note that this request ~~for a release of your interest in a loan on any property~~includes, but is not limited to the properties in this tranche.

II. <u>Interrogatories</u>

1. Was the "Claimant Name" identified on Your Proof of Claim the actual entity that made the investment in or ~~loan~~Mortgage Loan or Loan to ~~a property in the tranche?~~an EquityBuild asset or affiliate? If not, please identify the name of the individual or entity that made the investment ~~of~~or provided the ~~loan~~Mortgage Loan or Loan.

2. Are the email address and telephone number identified on Your Proof of Claim the best way to contact ~~you~~You? If not, please identify the best email address and phone number to contact You.

3. Please state the names of all persons You (or Your representative) interacted with at or on behalf of EquityBuild, including anyone who said that he or she was an agent, employee, or representative of EquityBuild, about Your Interest, investments, Mortgage, Mortgage Loan or ~~loans~~Loans relative to ~~the~~any property in this tranche. For each person, please also state that person's address and best phone number to contact the person(s) You communicated with (by phone, by email, text or letter, or in person).

4. For each ~~property~~EquityBuild Asset in this tranche in which You claim an ~~ownership or security interest~~Interest, state the amount You paid for the ~~investment~~Interest or the type of consideration given for the ~~investment~~Interest, the date that You paid or gave consideration for the ~~investment~~Interest, and to whom You paid this money or other consideration.

5. For each ~~property~~EquityBuild Asset in this tranche in which You claim ~~an ownership or security interest,~~any Interest, state whether You ~~or anyone on your behalf~~received any payments, distributions, or other form of return on your investment or Interest, and state the amount, the date, and from whom You received the payment, distribution or return on Your investment or Interest.

6

6.  For each ~~property~~EquityBuild Asset in this tranche in which You claim ~~an ownership or security interest~~any Interest, state the amount that is due to You for your ~~investment~~Interest in ~~or loan to that~~each specific property.

7.  State whether any ~~investment~~Interest You had in ~~a property~~an EquityBuild Asset in this tranche was the subject of a "Rollover Transaction" (see Definition of "Rollover Transaction" above), and for each Rollover Transaction, state the date of the Rollover Transaction, identify Your original ~~interest~~Interest by type of ~~interest~~investment, the amount of the original ~~interest~~investment, and property address, and identify Your rolled-over ~~interest~~Interest by type of interest, amount of the rolled-over Interest, and property address (if any).

8.  For each ~~property~~EquityBuild Asset in this tranche in which You assert an ~~interest~~Interest, state whether You have previously made any representations or submitted any documents regarding Your ~~investment~~Interest in any other judicial proceedings, such as bankruptcy, estate administration, marriage dissolution, tax return or proceeding, other judicial, governmental, or administrative proceeding or other loan/credit/insurance applications regarding that ~~interest~~Interest and, if so, ~~identify~~state the ~~property~~EquityBuild Asset and the proceeding (Court and Case Number).

9.  Do you claim an Interest in a property in this tranche based upon one or more Mortgage Loans or Loans?

    a.  If so, did you ever authorize anyone or any entity to collect any amount due on the Mortgage Loan(s) or Loan(s)?

    b.  If so, state the name of the person or entity who you authorized to collect any amount due on the Mortgage Loan(s) or Loan(s).

    c.  If so, is there a document in which you authorized that person or entity to collect any amount on the Mortgage Loan(s) or Loan(s)?

    d.  If so, have you furnished that document in your Proof of Claim or in response to these discovery requests?

~~9.~~10.  Were you ever told that there were or would be one or more other ~~loans~~Mortgage Loans or Loans on any property in this tranche in which you claim an ~~interest~~Interest?

    a.  If so, please state when, how, and by whom you were told of the other ~~loan(s)~~Mortgage Loans or Loans.

    b.  If you were told in a document, have you furnished a copy of that document with your Proof of Claim or in response to these discovery requests?

10.11.  Did you ever release ~~your interest,~~ or authorize any other person or entity to release your ~~interest, in~~Interest, or a ~~loan~~Mortgage Loan or Loan(s) on a property in this tranche?

    a.   If so, state when and how you released or authorized the release of your ~~interest.~~Interest or the Mortgage Loan or Loan(s).

    b.   If you authorized a person or entity to release your Interest in a Mortgage Loan or Loan(s) on a property in this tranche, state the name of the person or entity and the date when you authorized the person or entity or entity to release your Interest.

    ~~b.~~c.   If the release or authorization was in a document, have you furnished a copy of that document ~~with~~in your Proof of Claim or in response to these discovery requests?

12. Describe all efforts you, or anyone acting on your behalf, made before making your investment for your Interest or in a Mortgage Loan or EquityBuild Asset to determine if there were any other mortgages on the same property in this tranche.

13. For each EquityBuild Asset in this tranche for which You assert an Interest, state whether You believe that your Interest is secured or unsecured and the facts and documents that support Your claim.

14. For each EquityBuild Asset in this tranche for which You assert an Interest, state whether You believe that your Interest should be paid before another claimant's Interest in that same EquityBuild Asset and, if so, state the facts and documents that support Your claim.

15. For each EquityBuild Asset in this tranche in which You assert an Interest, state whether you believe that an Interest claimed by any other person or entity in that same EquityBuild Asset is not valid and, if so, state the facts and documents that support Your claim.

16. If any Document requested above was once in Your possession, but is no longer in Your possession, state where the Document was located when you possessed, how it was stored, when, how and why it was disposed of, where it is located now, if known, and identify all persons familiar with the contents of said Document.

17. Identify each investment that you made in or with EquityBuild in which any EquityBuild entity collected payments from the borrower or a third party with your knowledge, and for each such investment state the amount of the investment, the name or location of the property involved, the time period during

which the payments were collected, the amount collected, and the amount of the payments received by you.  Note that this question includes, but is not limited to the properties in this tranche.

# VERIFICATION

I, [name of claimant], verify that I have reviewed the answers that I have provided to the Interrogatories above and they are true and correct to the best of my information, knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

_____

Executed on (date).

(Signature)

Exhibit 4

| | | |
|---|---|---|
| | ) | |
| **UNITED STATES SECURITIES** | ) | |
| **AND EXCHANGE COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 18-cv-5587** |
| | ) | |
| **v.** | ) | **Hon. John Z. Lee** |
| | ) | |
| **EQUITYBUILD, INC., EQUITYBUILD** | ) | **Mag. Judge Young B. Kim** |
| **FINANCE, LLC, JEROME H. COHEN,** | ) | |
| **and SHAUN D. COHEN,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## STANDARD DISCOVERY REQUESTS TO INSTITUTIONAL LENDERS

Pursuant to the procedures ordered by the Court in this matter on DATE, each

Institutional Lender (as that term is defined in the Proof of Claim form approved by the Court in

this matter) shall answer these interrogatories and produce the documents requested within 30

days of these discovery requests.

Definitions

1. The term "Tranche" means the group of properties that is currently before the Court,
   which for purposes of these requests is comprising the following properties:

   LIST PROPERTIES IN TRANCHE

2. The term "Investor-Lender" shall have the meaning ascribed to it in the Proof of Claim
   form approved by the Court in this matter.

**Instructions**

1. Your responses to these requests should cover the time period from the making of the
   loan for the property which is the subject your response to the present.

2. Your responses should be made available to the SEC, the Receiver, and all litigants in the tranche by sending them an email link to the responses at the address provided on the Tranche Contact List accompanying these discovery requests, or at such other address as they may otherwise provide in a subsequent change of address document filed in this litigation.

## I. DOCUMENT REQUESTS

1. All documents evidencing, reflecting, or constituting communications between you, or anyone acting on your behalf, and EquityBuild or its affiliates, relating to EquityBuild's request for financing or your subsequent provision of financing secured by a property in the Tranche.

2. All documents evidencing, reflecting, or supporting the position that EquityBuild Investor-Lenders released their mortgages on a property in the Tranche, and/or that the Investor-Lenders were paid in connection with the release of their mortgages on the subject property.

3. All documents evidencing, reflecting, or supporting the position that EquityBuild, or its affiliates, were authorized by and/or that consent was provided by Investor-Lenders to release their mortgages on a property in the Tranche.

4. All documents related to any inquiry by you, or anyone acting your behalf, related to (a) whether the EquityBuild Investor-Lenders released their mortgages on a property in the Tranche, and/or (b) whether the Investor-Lenders were paid in connection with the release of their mortgages on the subject property, or (c) whether EquityBuild, or its affiliates, were authorized by Investor-Lenders to release the Investor-Lenders' mortgages on the subject property.

5. Provide the following documents related to the loan against the property in the Tranche that is the subject of your Proof of Claim, as well as all documents evidencing, reflecting, or constituting internal communications, or communications between you, or anyone acting on your behalf, and any title company ***THE FOLLOWING LIMITATION SUBMMITTED BY THE INSTITUTIONAL LENDERS IS OPPOSED BY THE RECEIVER AND THE SEC:*** **prior to the commencement of this case**, regarding:

   (1) the origination of the loan;

   (2) the closing of the loan (including all pre-closing communications including but not limited to communications regarding the title commitment and all amendments thereto, any special exceptions to title (and any recorded documents provided or obtained related to those special exceptions), drafts of and final settlement statements, escrow instructions and escrow agreements)

2

(2) the priority of the loan;

(3) any due diligence undertaken prior to funding;

(4) any communications with EquityBuild or the Cohens;

(5) knowledge of and investigation regarding prior encumbrances;

(6) whether the investor-lenders released their mortgages on a property;

(7) whether the investor-lenders were paid in connection with the release of their mortgages on a property;

(8) whether EquityBuild or its affiliates were authorized by the investor lenders to release their mortgages on the property;

**THE FOLLOWING REQUEST SUBMITTED BY THE RECEIVER IS OPPOSED BY THE INSTITUTIONAL LENDERS:**

**(9)  exchanges with the title company for coverage under title insurance policies and related communications, including but not limited to all coverage correspondence.**

6. All documents related to whether EquityBuild, or its affiliates, had sufficient assets to repay its creditors at the time you obtained a security interest in any property in the Tranche against which you have made a Proof of Claim.

7. To the extent not already submitted in support of your Proof of Claim, all underwriting files and/or other information reflecting your investigation of EquityBuild and its officers and affiliates in connection with your decision to provide financing on any property in the Tranche.

8.  Produce each title insurance policy you obtained in relation to a property in the Tranche.


## II.    INTERROGATORIES

1. Did any EquityBuild Investor-Lenders release their mortgages on any property in the Tranche?  If so, describe in detail the basis for your belief that the Investor-Lenders released their mortgages, including by identifying all Investor-Lenders that released their mortgage(s).

2. Were any EquityBuild Investor-Lenders paid in connection with the release of their mortgages on the subject property?  If so, describe in detail the basis for your belief that the Investor-Lenders were paid in connection with the release of their mortgages, including by identifying all such Investor-Lenders and the amounts they were paid.

3. Was EquityBuild, or its affiliates, authorized by the Investor-Lenders to release their mortgages on the subject property?  If so, describe in detail the basis for your belief that the Investor-Lenders authorized EquityBuild, or its affiliates, to release their mortgages,

including by identifying all Investor-Lenders that authorized EquityBuild to release their mortgage(s).

4. Describe all efforts you, or anyone acting on your behalf, made before extending financing on any property in the tranche to determine (a) whether the EquityBuild Investor-Lenders voluntarily released their mortgages on any property in the Tranche, or (b) whether the EquityBuild investors were paid in connection with the release of their mortgages on the subject property, or (c) whether EquityBuild, or its affiliates, were authorized by the Investor-Lenders to release their mortgages on the subject property, and identify the person(s) involved in any such efforts, and the role of each such person.

5. Describe all efforts you, or anyone acting on your behalf, made to determine whether EquityBuild, or its affiliates, had sufficient assets to repay its creditors, at the time you obtained a security interest in any property in the Tranche, and identify the person(s) involved in any such efforts, and the role of any such person.