UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,<br><br>Defendants. | Case No. 1:18-cv-5587<br><br>Hon. John Z. Lee |

### MORTGAGEES' MOTION FOR RECONSIDERATION

Certain mortgagees (collectively, "Mortgagees," and each individually a "Mortgagee")[1] submit this Motion ("Motion") pursuant to the Federal Rules of Civil Procedure and respectfully provide facts and laws that the Court may not have been aware of when making its minute ruling regarding procedures for the Receiver to allege claims for fraudulent transfers by which the Receiver seeks to avoid a party's secured lien and mortgage. Minute Order ("Order") [Dkt. 801]. As such, the Mortgagees seek the Court's reconsideration of this Minute Order. In support of the Motion, the Mortgagees state as follows:

---

[1] The Mortgagees seeking reconsideration are: (1) Citibank N.A., as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB48; (2) U.S. Bank National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2017-SB30; (3) U.S. Bank National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2017-SB41; (4) U.S. Bank National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB50; (5) Wilmington Trust, National Association, as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Trust 2014-LC16, Commercial Mortgage Pass-Through Certificates, Series 2014-LC16; (6) Sabal TL1, LLC; (7) Federal Home Loan Mortgage Corporation ("Freddie Mac"); (8) UBS AG ("UBS"); and (9) Federal National Mortgage Association ("Fannie Mae").

1

## SUMMARY OF RELIEF REQUESTED

The Mortgagees respectfully request this Court reconsider its Order and September 23 ruling in which it allows the Receiver to challenge the Mortgagees' liens in a manner that does not comply with: (a) Illinois' statutory Uniform Fraudulent Transfer Act 740 ILCS 160/1 *et seq.*; (b) the Federal Rules of Civil Procedure ("FRCP"), including Rules 8, 9, 11, 12, and 66; and (3) the heightened pleadings standards required for fraud as required by the United States Supreme Court in the seminal *Twombly* and *Iqbal* cases. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## BACKGROUND

The Receiver filed his Motion for Approval of Process for Resolution of Disputed Claims [Dkt. 638] ("Claims Motion"), in which he set forth the proposed process for resolving disputed claims against estate property.[2] The Receiver's proposed process suggests that the Receiver may also seek to avoid Mortgagees' liens as fraudulent. Claims for the avoidance of liens as a result of fraudulent transfers must be brought under the Illinois Uniform Fraudulent Transfer Act.

The Mortgagees filed their Response to the Claims Motion [Dkt. 708] ("Objections") raising numerous objections to the proposed claim process.[3] The Mortgagees also filed Alternative Procedures [Dkt. 744] ("Alternative Procedures") setting forth an alternative process for resolving

---

[2] The Receiver proposed using summary proceedings based on the following process: (1) The Receiver files a framing report identifying the properties and claimants for the tranche of properties at issue and the Court enters an order beginning the summary proceedings; (2) The claimants conduct expedited and truncated oral and written discovery; (3) After close of discovery, each claimant and SEC file position papers setting forth the factual basis for their claims and opposition to other claims; (4) The Receiver files his own "submission"; (5) Each party can then respond to any other party's position paper and the Receiver's submission; (6) The Court holds a hearing and issues a ruling on claim priority. Claims Motion, pp. 13-18.

[3] Among other issues, the Mortgagees objected to the timing and methodology of the Receiver's "submission." Specifically, the timing of the submission allows the Receiver to wait until close of discovery and after the parties submit their position papers to reveal what claims, if any, he has against the Mortgagees. These claims potentially include fraudulent transfers. Claims Motion, ¶21, see also, Dkt 477, pp. 7-8; Dkt 806, pp. 3, 7-8. The Mortgagees objected to this entire process because it also violates their due process rights. See Objections, pp. 7-10.

disputed claims against estate property.[4] The Mortgagees' Objections and Alternative Procedures are incorporated herein by reference.

### The Court's Ruling

On September 23, 2020, the Court ruled on the timing and format of the Receiver's submission. The Court ruled that the Receiver's submission (i.e., disclosure) (the "Disclosure") shall be submitted fourteen days after close of discovery. *Id*. at 25:11-18. Seven days after receipt of the Receiver's Disclosure, any lienholder may request leave of court to conduct discovery on the theories advanced by the Receiver. *Id*. at 25:19-25; *see also* Order. The Disclosure will be submitted "before any sort of briefs are filed with regard to the liens related to that particular property" (Transcript, 26:9-11) and "before [the Receiver] submits his opening brief." (Transcript, 25:17-18.)

The Disclosure "will consist of identifying the lien that the receiver will seek to nullify or void and the factual basis for that claim." Transcript, 27:17-19. In providing additional guidance as to the format of the Disclosure, the Court stated "the receiver is going to have to be responding to an interrogatory" and "one way to think about is as though the parties in the case sent the receiver an interrogatory saying, 'Are you going to seek to nullify a lien with regard to the property at issue; and, if the answer is 'Yes,' set forth the factual basis for such a theory." Transcript, 27-28: 25, 1-5.

The Court also ruled that the Disclosure does not have to comply with Rule 9 and that the Receiver is not required to file a complaint that complies with Rule 9. *Id*. at 32:11-15. The lienholders whose liens are challenged in a Disclosure are not permitted to file a dispositive motion

---

[4] The Mortgagees' Alternative Procedures proposes a modified claim process that provides proper due process. Specifically, the Mortgagees propose that each tranche is handled in a separate declaratory action. The Mortgagees also propose that the Federal Rules of Civil Procedure apply to all disputes and that the Receiver's submission must comply with the Federal Rules of Civil Procedure, including Rules 8, 9 and 11, and 66.

in response to the Disclosure. *Id*. at 28: 6-12. Rather, the lienholder will have to wait until "the end." *Id*.

## LEGAL STANDARD

A court may reconsider an interlocutory order at any time and for any reason. Fed. R. Civ. P. 54(b). A court has inherent authority under Rule 54(b) to reconsider interlocutory orders "at any time before entering a final judgment." *Wiegel v. Stork Craft Mfg., Inc.*, 891 F. Supp. 2d 941, 944 (N.D. Ill. 2012).

A motion for reconsideration serves a valuable function where the Court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error of not reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quotation omitted).

## ARGUMENT

I. **The Disclosure Does Not Satisfy the Requirements for Pleading a Fraudulent Transfer under Illinois Law.**

This Court should reconsider its Order and its decisions related to the Receiver's Disclosure and the Receiver's allegations of state law-governed fraudulent transfers. First, the process does not comply with the requirements of pleading fraudulent transfers under the Illinois Uniform Fraudulent Transfer Act ("IUFTA"). "[T]he receiver must bring actions against individual investors under state fraudulent conveyance law in federal court through the federal court's pendant or ancillary jurisdiction over the federal claims . . ." Gauhar Naseem, *The Application of Federal Common Law to Overcome Conflicting State Laws in the Supplemental Disgorgement Proceedings of an SEC Appointed Receiver*, 3 Seton Hall Circuit Rev. 31, 54 (2006) (citing *Scholes v. Lehmann*, 56 F.3d 750 (7th Cir. 1995). Moreover, the United States Supreme Court recently confirmed in *Rodriguez v. FDIC*, 140 S.Ct. 713, 718 (2020) that state law, not federal common

4

law, should be used to resolve property disputes. Recently, the Seventh Circuit cited the *Rodriquez* decision with favor, noting "the strong preference for using state law to determine property interests." *West v. Louisville Gas & Elec. Co.*, No. 19-2442, 2020 WL 995774, at *4 (7th Cir. Mar. 2, 2020).

The IUFTA provides for two types of fraudulent transfer claims: (1) actual and (2) constructive. 740 ILCS 160/5(a)(1), (2). Allegations of both types of fraud under the IUFTA must also comply with the FRCP. *In re Quadrant 4 Sys. Corp.*, No. 17 BK 19689, 2020 WL 375591, at *3-4 (Bankr. N.D. Ill. Jan. 22, 2020) ("The 'fraud' which Rule 9(b) encompasses include fraudulent transfer claims, both actual and constructive."); *D.A.N. Joint Venture III, L.P. v. Touris*, No. 18-CV-349, 2020 WL 1445623, at *4 (N.D. Ill. Mar. 25, 2020).

### *Requirements for Avoidance of Actual Fraudulent Transfer Under IUFTA.*

Actual fraud must be shown by clear and convincing evidence that a transfer was made with actual intent to hinder, delay or defraud creditors. 740 ILCS 160/5(a)(1); *Wachovia Sec., LLC v. Banco Panamericano, Inc.*, 674 F.3d 743, 757 (7th Cir. 2012).

### *Requirements for Avoidance of Constructive Fraudulent Transfer Under IUFTA.*

A claim of a constructively fraudulent transfer under the IUFTA requires pleading facts that show (1) the debtor made a voluntary transfer; (2) at the time of the transfer, the debtor incurred obligations elsewhere; (3) the debtor made the transfer without receiving a reasonably equivalent value in exchange; and (4) after the transfer the debtor failed to retain sufficient property to pay his indebtedness. 740 ILCS 160/5(a)(2); *Grochocinski v. Schlossberg*, 402 B.R. 825, 838 (N.D. Ill. 2009).

### *IUFTA Requirements Are Not Satisfied by the "Disclosure"*

These state law fraudulent transfer pleading requirements are not satisfied by the

Disclosure. Furthermore, the Receiver must allege fraudulent transfers with particularity under the Federal Rules, including FRCP 9(b). *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 79 (7th Cir. 1997) (holding that constructively fraudulent transfer claims under IUFTA must be evaluated to determine if there was sufficient particularity to satisfy Federal Rule of Civil Procedure 9(b)); *In re First Commercial Mgmt. Grp., Inc.*, 279 B.R. 230, 235 (Bankr. N.D. Ill. 2002) (in the context claims of actual fraud "The applicable procedural rule [Rule 9(b)] provides that allegations of fraud must be pleaded with particularity.") Additionally, taking discovery, absent compliance with these fundamental pleadings standards, places the cart before the proverbial horse and imposes significant costs on all parties – both investors and lenders – involved. Finally, such a Disclosure disenfranchises the Mortgagees and investors of their procedural due process[5] because they are unable to file a motion to dismiss or other responsive pleading prior to the initiation of potentially costly and time-consuming discovery.[6]

**II.  The Federal Rules Apply to Federal Receivership Actions.**

FRCP 66 applies to all federal receivership actions: "These rules govern an action in which the appointment of a receiver is sought or a receiver sues or is sued." Fed. R. Civ. P. 66.

**A.  The Disclosure Process Does Not Comply with FRCP 9.**

Any claim by the Receiver sounding in fraud against a lienholder is subject to Rule 9(b)'s heighten pleading standard. *B.E.L.T., Inc. v. Wachovia Corp.*, 403 F.3d 474, 477-78 (7th Cir. 2005)

---

[5] "The Due Process Clause of the Fifth Amendment guarantees that '[n]o person shall ... be deprived of life, liberty, or property, without due process of law.'" *U.S. v. James Daniel Good Real Property*, 510 U.S. 43, 48 (1993). This requires an opportunity to be heard "at a meaningful time and in a meaningful manner," *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965), and "that the procedures be fair." *SEC v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992); *Brinkerhoff-Faris Co. v. Hill*, 281 U.S. 673, 681 (1930) (fairness of procedure is "due process in the primary sense"). As a result, proceedings are "inadequate 'when [the litigants are] deprived of a full and fair opportunity to present their claims and defenses.'" *SEC v. Torchia*, 922 F.3d 1307, 1319 (11th Cir. 2019).

[6] The Receiver may argue that any necessary discovery related to the fraudulent transfers can be completed during the initial discovery phase of the claims process (i.e., before the Receiver even files his Disclosure). However, there is no way for the Mortgagees to know what discovery to seek during the initial phase because they will have no notice of the Receiver's claims. Thus, the Disclosure process unnecessarily requires two rounds of discovery.

(stating claims of fraud "must be pleaded with particularity under Fed. R. Civ. P. 9(b).") This heightened standard applies equally to claims under the IUFTA and other claims that sound in fraud. *PNC Equip. Fin., LLC v. Zilberbrand*, No. 12-CV-03074, 2014 WL 448384, at *9 (N.D. Ill. Feb. 4, 2014) ("Because PNC's IUFTA allegations sound in fraud, the heightened pleading standard of Rule 9(b) is applicable."); *Desmond v. Taxi Affiliation Servs. LLC*, 344 F. Supp. 3d 915, 923 (N.D. Ill. 2018) ("Rule 9(b) applies not only to claims of fraud but also to those that 'sound[ ] in fraud,' meaning those 'premised upon a course of fraudulent conduct.'" (citing *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502 (7th Cir. 2007)). Rule 9(b), in turn, requires a pleading to state with particularity the circumstances constituting the alleged fraud. *See* Fed. R. Civ. P. 9(b); *FirstMerit Bank N.A. v. Wolf Prof'l Ctr., Corp.*, No. 13 C 2750, 2013 WL 4847491, at *2 (N.D. Ill. Sept. 10, 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009)). The allegations of fraud must state with particularity "the who, what, when, where, and how' of the fraud." *Hildene Opportunities Master Fund, Ltd. v. Holata Micco, LLC*, No. 18 CV 1758, 2019 WL 1125798, at *1 (N.D. Ill. Mar. 12, 2019). Moreover, Rule 9 requires that the alleged facts must also show that fraud is a "necessary or probable inference" from those facts. *Spector v. Mondelez Int'l, Inc.*, No. 15 C 4298, 2017 WL 4283711, at *1 (N.D. Ill. Sept. 27, 2017) (quoting *People ex rel. Hartigan v. E. & E. Hauling, Inc.*, 607 N.E.2d 165, 174 (Ill. 1992)). Allegations of fraud cannot simply be lodged in a "Disclosure" that is akin to a discovery response and does not comply with the FRCP. The Disclosure format allows the Receiver to assert these claims based on information and belief and without specificity, which is a violation of the FRCP. As the Seventh Circuit noted "Heightened pleading in the fraud context is required in part because of the potential stigmatic injury that comes with alleging fraud and the concomitant desire to ensure that such fraught allegations are not lightly leveled." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits*

*Tr. v. Walgreen Co.*, 631 F.3d 436, 442 (7th Cir. 2011).

B. **<u>The Disclosure Process Does Not Comply with FRCP 8.</u>**

The disclosure process also fails to comply with Rule 8. Rule 8 states a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (ellipsis omitted)). Claims of fraudulent transfers under the IUFTA must comply with both Rule 8 and Rule 9's heightened standard. *Armada (Singapore) PTE Ltd. v. AMCOL Int'l Corp.*, No. 13 C 3455, 2013 WL 5781845, at *3 (N.D. Ill. Oct. 25, 2013). Neither the Order nor the September 23 ruling require the Receiver's Disclosure to comply with Rule 8.

I. **<u>The Disclosure Process Does Not Comply with FRCP 11.</u>**

Similarly, the Disclosure must comply with Rule 11. The issues that will be raised in the Disclosure go to the heart of this case—what parties have valid and enforceable liens in the estate property and which of those claimants have a senior perfected security interest in the estate property. Rule 11 requires that an attorney certify by signing every pleading, motion, or other paper, that it is in good faith and not for any other purpose. Fed. R. Civ. P. 11(b). One of the purposes of Rule 11 is to prevent baseless filings. *Jimenez v. Madison Area Technical Coll.*, 321 F.3d 652, 656 (7th Cir. 2003). Moreover, the Rule is intended to deter plaintiffs and defendants from filing frivolous papers which lack factual or legal support in order to save innocent parties and courts from dealing with frivolous lawsuits. *Am. State Bank v. Pace*, 124 F.R.D. 641, 643 (D. Neb. 1987). Rule 11 compliance will safeguard this Court and all parties from dealing with frivolous claims. Here, no such procedural due process protection is afforded to the Mortgagees.

8

II. **The Disclosure Process Does Not Comply with FRCP 12.**

Finally, the Mortgagees also respectfully request that the Disclosure and related process comply with Rule 12. Rule 12 provides the Court and the parties the tools to "eliminat[e] needless controversies which not only delay the trial but also produce no ultimate gain or useful information." *Acoustica Assocs., Inc. v. Powertron Ultrasonics Corp.*, 28 F.R.D. 16, 18 (E.D.N.Y. 1961). Currently, no lienholder is entitled to challenge the Disclosure until "the end." Transcript, at 28: 6-12. Confronting deficiencies in the Disclosure at the outset is more effective, efficient, and compliant with the FRCP. Waiting until the end of the process will result in additional costs and expenses to the Court, Receiver, estate, and all parties. Given the Receiver's numerous admissions that the estate is insolvent, cost savings and efficiency should be a priority of all parties. More importantly, the Mortgagees are not afforded even basic procedural safeguards, including being even able to file a motion to dismiss before, but yet are required to undertake discovery. For over two years the Receiver has made vague allegations and assertions that the Mortgagees' liens are void due to fraud, yet he has not produced a scintilla of evidence to support these unfounded assertions. He should not be able to continue in this manner with the Disclosure process. Rule 12 provides the Mortgagees with the necessary tools to finally challenge the Receiver's allegations. Delaying dispositive motions until "the end" puts the Receiver's fishing expedition first before requiring the Receiver to even state a plausible claim. Such a process cannot be countenanced under procedural due process or the FRCP.

## CONCLUSION

For the foregoing reasons, the Mortgagees respectfully request that this Court reconsider is Order and ruling on the Disclosure.

Dated: October 12, 2020  Respectfully submitted,

/s/ Jill Nicholson
Jill Nicholson (jnicholson@foley.com)
Andrew T. McClain (amcclain@foley.com)
Foley & Lardner LLP
321 N. Clark St., Ste. 3000
Chicago, IL 60654
Ph: (312) 832-4500
Fax: (312) 644-7528

/s/ Mark Landman
Mark Landman (mlandman@lcbf.com)
Landman Corsi Ballaine & Ford P.C.
120 Broadway, 27th Floor
New York, NY 10271
Ph: (212) 238-4800
Fax: (212) 238-4848
*Counsel for Freddie Mac*

/s/ James M. Crowley
James M. Crowley
(jcrowley@plunkettcooney.com)
Plunkett Cooney, PC
221 N. LaSalle Street, Ste. 1550
Chicago, IL 60601
Ph: (312) 970-3410
Fax: (248) 901-4040
*Counsel for UBS AG*

*Counsel for Citibank N.A., as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB48; U.S. Bank National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2017-SB30; U.S. Bank National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2017-SB41; U.S. Bank National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB50; Wilmington Trust, National Association, as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Trust 2014-LC16, Commercial Mortgage Pass-Through Certificates, Series 2014-LC16; Fannie Mae; and Sabal TL1, LLC*