UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Case No. 1:18-cv-5587 |
| v. | |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | Hon. John Z. Lee |
| Defendants. | |

**CERTAIN MORTGAGEES' MOTION FOR CERTIFICATION OF
INTERLOCUTORY APPEAL**

Federal National Mortgage Association ("Fannie Mae") and Citibank, N.A., as Trustee for the registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB48 ("Citibank as Trustee", collectively the "Mortgagees") by and through their counsel, Foley & Lardner LLP respectfully moves this Court to certify its Order [Dkt. 825 ] ("Order") pursuant to 28 U.S.C. §1292(b), and states as follows:

The Mortgagees filed concurrently with this Motion, their Notice of Appeal to the United States Court of Appeals for the Seventh Circuit ("Notice of Appeal") of their direct appeal of this Court's October 26, 2020 Order [Dkt. 825] pursuant to 28 U.S.C. §1292(a)(2). The Mortgagees believe they have a proper basis for direct appeal under 28 U.S.C. §1292(a)(2), but file this Motion in the alternative to their Notice of Appeal. The Mortgagees respectfully request that the Court certify the Order pursuant to 28 U.S.C. §1292(b). The Order raises the following controlling questions of law:

1

4847-2766-6640.1

1. Can the Receiver sell real properties encumbered by the Mortgagees' liens when sales of these properties will not generate any net proceeds for the estate over and above the amount of the mortgage liens?

2. Can the Receiver sell real properties encumbered by the Mortgagees' liens free and clear without first objecting to the Mortgagees' proofs of claim or lien priority through a formal objection or avoidance action?

3. Can the Receiver require the Mortgagees to post a letter of credit in order to submit a credit bid to purchase the property secured by their security interests without first objecting to the Mortgagees' proofs of claim or lien priority through a formal objection or avoidance action?

4. Does the Receiver violate his ongoing duty ordered in the Order Appointing Receiver to ensure that no conflicts of interest arise by selling real properties to affiliates of the current property managers and the property managers in place when the original Ponzi scheme allegedly occurred?

5. Did the Receiver violate his duties to sell real properties "with due regard to the realization of the true and proper value of such real property" as required by the Order Appointing Receiver when the Receiver failed to provide any evidence, testimony, or affidavits as to (a) the due regard to the realization of the true and proper value of such properties and (b) why the sales are in the best interest of the estate as required and (c) without allowing the Mortgagees' to present evidence to the Court to the contrary?

WHEREFORE, for all of the reasons set forth in the attached memorandum in support hereof, the Mortgagees respectfully move the Court to certify for 28 U.S.C. § 1292(b) review by the United States Court of Appeals for the Seventh Circuit the Order and the pure questions of law raised by the Order.

4847-2766-6640.1

Dated: October 27, 2020          Respectfully submitted,

/s/ Jill Nicholson
Jill Nicholson (jnicholson@foley.com)
William J. McKenna, Jr. (wmckenna@foley.com)
Andrew T. McClain (amcclain@foley.com)
Foley & Lardner LLP
321 N. Clark St., Ste. 3000
Chicago, IL 60654
Ph: (312) 832-4500
Fax: (312) 644-7528
*Counsel for Fannie Mae; Citibank, N.A., as Trustee for the registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB48*

4847-2766-6640.1