UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | Civil Action No.: 18-CV-5587 |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | Hon. John Z. Lee |
| | Magistrate Judge Young B. Kim |
| Defendants. | |

## VENTUS HOLDINGS, LLC'S AND VENTUS MERRILL, LLC'S COMBINED RESPONSE TO RECEIVER'S OPPOSSION TO VENTUS'S MOTION TO STAY

Ventus Holdings, LLC and Ventus Merrill, LLC (collectively "Ventus") through their attorney, Michael B. Elman & Associates, Ltd., for their Combined Response to Receiver's Opposition to Ventus's Motion to Stay, states as follows:

1.     The Receiver asserts that Ventus:

A.     has no right to appeal under Section 1292(a);

B.     lacks standing to appeal;

C.     has suffered no irreparable harm;

D.     has no likelihood of success on the merits; and

E.     has no valid basis to stay the orders.

2.     In the Receiver's introductory remarks in opposition to the motion to stay, he relies on *SEC v. Wealth Management, LLC*, 628 F.3d 323 (7th Cir. 2010). However, this case actually supports the motion to stay.

1

3.     In *SEC* a group of investors lost $131,000,000.00. The receiver only recovered $6,300,000.00. The receiver's plan of distribution was based upon giving pro rata shares to the investors. Some investors objected and filed an appeal seeking a stay of distribution. The Appellate Court denied the stay and the receiver made a distribution of $4,000,000.00. The receiver then filed a motion seeking to dismiss the appeal arguing that it would be too difficult to unwind the distribution. The Appellate Court agreed and dismissed the appeal.

4.     There are important differences between the facts in *SEC* and the facts before this Court. First, in *SEC* the appeal was brought pursuant to the collateral-order doctrine, not 28 U.S.C. Section 1292(a)(2). Second, the assets at issue was money, which is intangible and fungible. Here the assets are real estate, which is tangible and not fungible.

5.     In *SEC* the plan of distribution was affirmed because the assets were comingled. Here, Ventus's request for a stay is designed to avoid that issue. Because the assets are real estate, once the issue is resolved, the real estate will be sold and the cash will be distributed.

6.     In *SEC* the court discussed the collateral-order doctrine holding that, "[t]o fall within the scope of this doctrine, the order most conclusively determine the disputed question, resolve an important issue completely separate from the merits of the underlying action, and be effectively unreviewable on appeal from a final judgement (citation omitted)". *SEC v. Wealth Management, LLC*, 628 F.3d at 330. The court further found that all three criteria were satisfied, stating:

> First, the order conclusively determines the disputed question –
> how the recovered assets in the receivership will be distributed

> (citation omitted). Second, the manner in which the assets will be distributed is important to the defrauded investors and is independent of the merits of the underlying SEC enforcement action against Wealth Management, Putman, and Fevola. See *id.* Finally, the order will be effectively unreviewable after the court enters a final judgment because the assets will have been distributed by that point, see *id.*; interlocutory review makes sense out of fairness to the investors and as a matter of judicial economy.

*SEC* 682 F.3d at 331.

The same criteria apply to the facts relating to the Ventus issues.

7.      In this Court's order confirming the sales to the other bidders, entered on October 26, 2020, the Court relied on *In re Gil-Bern Indus., Inc.*, 526 F.2d 627 (1st Cir. 1975) stating the public policy that creditors would suffer if unpredictability discouraged bidders altogether or at least encouraged low formal bids. While Ventus does not dispute the importance of this policy, the court in *In re Gil-Bern* also recognized the competing public policy that "the court must remain mindful of the ubiquitous desire of the unsecured creditors and the primary objective of the Code, to enhance the value of the estate… 526 F.2d at 565.

8.      This principle is even more important in this proceeding *In re Gil-Bern* concerned creditors. The case before this Court concerns victims of fraud who are clearly entitled to have the value of the receivership estate enhanced to its fullest.

9.      *In re A & F Enterprises, Inc. II*, 742 F.3d 763 (7th Cir. 2014) the creditor wanted to sell the debtor's assets which were IHOP franchises and the debtor filed a motion to stay. The Appellate Court reversed both the bankruptcy and district courts and granted the stay, holding:

> The standard for granting a stay pending appeal mirrors that for granting a preliminary injunction. (citation omitted). Stays, like preliminary injunctions are necessary to mitigate the damage that can be done during the interim period before a legal issue is finally resolved on its merits. The goal is to minimize the costs of error. (citation omitted). To determine whether to grant a stay, we consider the moving party's likelihood of success on the merits, the irreparable harm that will result to each side if the stay is either granted or denied in error, and whether the public interest favors one side or the other. (citation omitted).

742 F.3d at 766.

10.    The appellate court held that the debtor demonstrated (i) a likelihood of success on the merits; (ii) the potential harm to the debtor is greater than to the creditor; and (iii) the debtor would be irreparably harmed because money damages do not take into account the debtor's interest in operating his business.

## I.    Ventus HasThe Right to Appeal Under Section 1292(a)(2)

11.    28 U.S.C.A. Section 1292(a)(2) states:

(a) Except as provided in subsections (c) and (d), the courts of appeal shall have jurisdiction of appeals from:
(2) interlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purpose thereof, such as directing sales or other disposals of property;

12.    Ventus's appeal concerns the steps taken by the Receiver to wind up the receivership, such as the sale of property.

13.    In reliance on the argument that Ventus has no right to appeal, the Receiver refers to *U.S. v. Antiques Ltd. P'ship*, 760 F.3d 668 (7th Cir. 2014). In that case the defendants were two individuals and their partnerships. The government filed suit seeking a judgment to collect past due tax assessments. A final judgment was entered and a receiver was appointed to collect the judgment. After the judgment was entered the defendants filed an appeal pursuant to section 1292(a)(2), objecting to the receiver's appointment. The appellate court held that it lacked jurisdiction because the receiver was appointed in the judgment collection proceeding, not the underlying proceeding and, the order appealed from was also entered in the collection proceeding. The issue before this court is not analogous to the issue in *U.S. v. Antiques.* Significantly, the court in *U.S. v. Antiques* found that an order concerning steps taken to accomplish the wind up of the receivership is appealable under Section 1292(a)(2).

## II.    Ventus Does Not Lack Standing to Appeal.

14.    On June 23, 2020 Ventus filed a motion to Intervene. On June 24, 2020 the Court entered an order directing the Receiver to file a response. The Receiver never objected to the motion and accordingly, the Court entered an order on July 10, 2020

granting Ventus's motion to intervene. The Court also allowed Ventus Merrill to intervene, without objection, on November 9, 2020 (Docket entry 863).

15.     Thus, Ventus is a party to this proceeding. In its objection, the Receiver relies on no case law in support of his argument. The Receiver simply argues, wrongfully, that Ventus will not suffer any damage from the sale of these properties because it is pursuing return of its earnest money. The Receiver is correct that return of the earnest money to Ventus would leave Ventus in the same position it was in prior to the earnest money deposit (leaving aside for purposes of this argument that Ventus would lose the income generated from these properties). The Receiver's argument is disingenuous because the Receiver has objected to return of the earnest money to Ventus. Therefore, Ventus will be damaged in two respects, loss of the profits from the properties and loss of its earnest money. The earnest money issue is yet another reason to stay the sales. In the near future it is anticipated that the Court will rule on Ventus's pending motion for return of its earnest money, filed on November 9, 2020, docket entry 861.  When that issue is resolved the damages to Ventus will be more fully ascertainable.

## III.    There is no Irreparable Harm to Ventus, But Greater Harm and Risk to The Stakeholder and The Public

16.     The Receiver is wrong. Of course Ventus will be irreparably harmed if the properties are sold. Ventus will lose the profit opportunities earned from these properties. Furthermore, Ventus's bids reflect the fair market value of the properties. The other bidders took advantage of a once in a century event, the Covid-19 pandemic, to purchase the properties at below market value.

## IV.    There Is a Likelihood of Success on The Merits

17.     Contrary to the Receiver's assertion, there is a likelihood of success on the merits. The issue before the Court is unique. As previously stated, it concerns an event never before adjudicated.

18.     In light of these extraordinary circumstances, Ventus has the following meritorious arguments which it ought to be allowed to present to a reviewing court:

    A.  The confirmed bids are unconscionable;

    B.   Ventus's inability to perform their contracts was temporary and due to

commercial frustration; and

C.  the law abhors a forfieture;

19.    The Receiver argues that *Corporate Assets, Inc. v. Paloian*, 368 F.3d 761 (7th Cir. 2004) is distinguishable from the facts before this Court. However, *Corporate Assets* emphasizes an important principle, namely, estate maximization. The fact that *Corporate Assets* concerned a bankruptcy proceeding is beside the point. The Receiver here also has a duty to maximize the estate and Ventus should have the right to seek a ruling from the reviewing court concerning these two competing objectives, especially under these unique circumstances.

20.    The receiver also argues that *JP Morgan Chase Bank v. Fankhauser*, 383 Ill. App.3d 254 (2nd Dist. 2008) is distinguishable from the facts before this Court. *JP Morgan* recognizes the legal principle that a bid may shock the conscience of a court of equity. By confirming the sale in this proceeding, the receivership estate lost $945,200.00. Ventus should have the right to ask for a review of this issue.

## V.  A Bond is Not Essential to Protect The Interests of The Receivership Estate

21.    Contrary to the Receiver's argument, there is no "substantial additional financial risk to the Estate". A bond is necessary where there is a risk that a money judgment will be uncollectable. Here there is no risk of an uncollectable money judgment. The assets, real property, ensures collectability. It does not matter who prevails on appeal. The asset – real property – will remain in the Receivership Estate and will be converted to cash. Moreover, if Ventus prevails, the estate will have more cash than if the Receiver prevails.

WHEREFORE, Ventus Holdings, LLC and Ventus Merrill, LLC respectfully request that the Court enter an order granting Ventus Holdings, LLC's Motion to Stay Enforcement of the Orders Entered on October 26, 2020 and October 30, 2020 and

Stay the Sale of the Real Estate Identified in the Orders.

Respectfully Submitted,


s/Michael B. Elman
Attorney for
Ventus Holdings, LLC
Ventus Merrill, LLC


Michael B. Elman & Associates, Ltd.
10 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312)541-0903
melman@mbelmanlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify on November 18, 2020, the undersigned electronically filed Ventus Holdings, LLC's and Ventus Merrill, LLC's Response to Receiver's Opposition to Ventus's Motion to Stay, via the CM/ECF system and copies thereof were served to counsel of record via the CM/ECF system.

      /s/ Michael B. Elman
      Attorney for
      Ventus Holdings, LLC
      Ventus Merrill, LLC

Michael B. Elman & Associates, Ltd.
10 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312)541-0903
melman@mbelmanlaw.com