**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|   |   |   |
|---|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 18-cv-5587 |
| v. | ) ) | Judge John Z. Lee |
| **EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,** | ) ) ) ) | Magistrate Judge Young B. Kim |
| Defendants. | ) ) | |

### **RECEIVER'S OPPOSITION TO MOTION TO VACATE SALES**

Kevin B. Duff, as receiver ("Receiver") for the Estate of Defendants EquityBuild, Inc. ("EquityBuild"), EquityBuild Finance, LLC ("EquityBuild Finance"), their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen (collectively, the "Receivership Defendants"), respectfully files this memorandum in opposition to Ventus Holdings, LLC's And Ventus Merrill, LLC's Combined Emergency Motion To Vacate Sale Until The Court Rules On Motion To Stay (Dkt. No. 892).

### **Factual Background**

By Order dated October 30, 2020 (Dkt. No. 841), the Court granted the Receiver's motion to confirm the sales of 7600-10 South Kingston, 7656-58 South Kingston, and 6949-59 South Merrill. The Kingston properties had previously been under contract to Ventus Holdings, LLC and the Merrill property had previously been under contract to Ventus Merrill, LLC. But after the Ventus entities indicated that they could not secure acquisition financing, could not raise the

required equity, and could not consummate the purchases, the Receiver accepted new purchase and sale contracts. (*See, e.g.,* Dkt. 882, at 3-4)

On November 2, 2020, Ventus filed a notice of appeal from the Court's confirmation order (Dkt. No. 847) and contemporaneously moved to stay the enforcement of the order (Dkt. No. 848). After this Court indicated that the Ventus motion to stay would be taken under advisement (Dkt. No. 860), the Receiver filed a memorandum in opposition to the motion (Dkt. No. 869). In his opposition, the Receiver made clear that "these properties urgently need[ed] to be sold" (*id.* at 1) and that the Receiver had scheduled the closings for November 12, 2020, but reset the closings for November 17, 2020 and was "planning on proceeding with the closings at that time" (*id.* at 3). On November 13, 2020, Ventus then moved for leave to file a reply in support of the motion (Dkt. No. 875), and this Court entered an order on November 16, 2020 stating that "[t]he Receiver is directed to hold off on the sales of [the three properties] for 14 days" (Dkt. No. 877).

In accordance with the Court's order, the Receiver held off on the sales of the three properties for 14 days. On December 1, 2020, after the 14-day waiting period expired without any motion by Ventus to extend it, the Receiver closed on the conveyance of 6949-59 South Merrill and then, on December 2, 2020, he closed on the conveyances of 7600-10 South Kingston and 7656-58 South Kingston. On December 3, 2020, the Receiver filed a notice that the sales had occurred and advised the Court that Ventus' pending motion had become moot. (Dkt. No. 889) On December 4, 2020, Ventus moved to vacate the sales pending a ruling on its motion to stay. (Dkt. No. 892) For the reasons set forth below, however, no such relief is available, and the motion should be denied.

**Argument**

I. **Any Attempt To Reverse Or Vacate This Court's Confirmation Order Is Moot.**

Ventus is asking this Court to enter an order vacating the completed sales of three receivership properties, which would entail, among many other things, the refund of purchase monies, the redeposits of earnest money into escrow, the reconveyance of three properties by the purchasers, the issuance of retraction letters to tenants regarding changes in building ownership, the reassignment of all tenant leases, the cancellation and release of promissory notes and mortgages executed in favor of the buyers' lenders, the refunds of the loan proceeds (presumably with interest), the nullification of both the owner's and lender's policies of title insurance with concomitant refunds of premium, the reversal of all closing costs (if possible), including brokerage commissions, deed and money escrow fees, and state, county, and municipal transfer taxes, and the reestablishment of utility accounts in the name of the Receiver – in essence, the untangling of a Gordian knot. Not surprisingly, the law recognizes that when such sales are completed, requests such as Ventus advances here are moot. *See, e.g., In Re CGI,* 27 F.3d 296, 301 (7th Cir. 1994) (dismissing appeal based on mootness where property sales completed).

Ventus' emergency motion provides no basis for the relief sought other than (i) noting that the motion to stay it filed has not been resolved and (ii) that it was Receiver's obligation to seek permission for the sale after the expiration of the fourteen-day period. Neither of these contentions supports the relief requested.

As to the first point, while it is true that Ventus' motion for stay remains pending, like a notice of appeal, the motion does not itself act to preclude a sale. *In re CGI,* 27 F.3d at 301 ("absent entry of a stay, the trustee was not required to wait … before acting"). *See also, e.g., In re Andy Frain Services, Inc.,* 798 F. 2d 1113, 1125 (7th Cir. 1986) (where party fails to obtain stay of order confirming sale of estate property pending appeal, subsequent sale of property moots appeal); *In re*

3

*Vetter Corp.,* 724 F. 2d 52, 54-55 (7th Cir. 1983) (same). Moreover, the issue is academic because Ventus can no longer attack an order from which it has already appealed. "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *Kusay v. United States,* 62 F. 3d 192, 193 (7th Cir. 1995). Thus, the only avenue of relief available to Ventus is the vacatur of this Court's November 16, 2020 order (Dkt. No. 877) directing the Receiver to hold off on selling the properties for 14 days followed by the entry of a new order directing the Receiver to hold off on selling the properties until such time as the Court rules on the Ventus motion to stay pending appeal. But this Court need no longer consider the motion to stay pending appeal because, as discussed above, the appeal is now moot. In fact, because the appeal is now moot, the Court should now formally deny the motion to stay pending appeal (Dkt. No. 848).

As to its other argument that the Receiver did not seek permission, once the fourteen-day period expired, no further order precluded the Receiver from proceeding with the sale or required additional notice by the Receiver. Indeed, the Receiver previously made clear his intention to proceed with these closings at the earliest possible time in order to avoid the continuing risks of holding the properties, including further threats that the purchaser(s) would terminate their contracts and seek damages unless the closing occurred. (Dkt. No. 869, at 3) The Receiver also indicated that closing these sales was needed to avoid continuing and increased costs to the Receivership, including operating expenses and litigation, ongoing casualty risk, and risk of losing the current sales in light of the delays. (*Id.* at 6) The Receiver indicated that such actions were consistent with the Receiver's practice of closing properties as soon as possible after receipt of appropriate orders in the interest of capping all expenses and casualty risks associated with holding

4

properties, and in recognition of the fact that the purchasers have been waiting for months to close and are courting risks with their lenders by not closing in timely fashion. (*Id.* at 3) In addition, the Receiver has noted that the COVID-19 pandemic and its impact on the economy in general, and rental income and risk to the real estate market in particular, has heightened the challenges of operating, maintaining and preserving these properties and created an even greater impetus to sell them expeditiously. (*See, e.g.,* Dkt. No. 699, at 4) Closing these sales was essential to protect the interests of the Receivership Estate and its claimants. And the Court had previously approved the sales and overruled Ventus' objections to those sales. (Dkt. No. 825, at 1-4; *see also* Dkt. No. 841) Accordingly, once the fourteen days expired, the Receiver proceeded to close the sales. (*See* Dkt. No. 889)

Conversely, Ventus was well aware that the Court only ordered a fourteen-day stay rather than an indefinite stay, and, thus, the onus was on Ventus (not the Receiver) to seek an extension. The Receiver acted in accordance with an order of this Court confirming the sales of these properties. He was not required to seek additional leave. (Dkt. No. 825, at 1-4; *see also* Dkt. No. 841)

Finally, Ventus does not offer or assert any other basis in support of its motion or for the relief it requests. Not having advanced any other arguments, any such arguments have been waived. In any event, the issues presented by Ventus are moot and its motion (Dkt. No. 892) – as well as its motion to stay (Dkt. No. 848) – should be denied.

## Conclusion

Accordingly, for all the foregoing reasons, the Emergency Motion To Vacate Sale Until The Court Rules On Motion To Stay (Dkt. No. 892) and the Motion To Stay Motion To Stay Enforcement Of The Orders Entered On October 26, 2020 And October 30, 2020 And Stay The

5

Sale Of The Real Estate Identified In The Orders (Dkt. No. 848) should both be denied as moot as well as for the reasons set forth in the Receiver's previous oppositions to Ventus' efforts (Dkt. 699, 869).

Dated: December 7, 2020  Kevin B. Duff, Receiver

By: /s/ Michael Rachlis
Michael Rachlis
Jodi Rosen Wine
Rachlis Duff & Peel LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone (312) 733-3950; Fax (312) 733-3952
mrachlis@rdaplaw.net
jwine@rdaplaw.net

**CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2020, I electronically filed the foregoing **Receiver's Opposition to Motion to Vacate Sales** with the Clerk of the United States District Court for the Northern District of Illinois, using the CM/ECF system. A copy of the foregoing was served upon counsel of record via the CM/ECF system.

I further certify that I caused a true and correct copy of the foregoing **Opposition**, to be served upon the following individuals or entities by electronic mail:

- Defendant Jerome Cohen (jerryc@reagan.com);

- All known EquityBuild investors; and

- All known individuals or entities that submitted a proof of claim in this action (sent to the e-mail address each claimant provided on the claim form).

I further certify that the **Opposition** will be posted to the Receivership webpage at: http://rdaplaw.net/receivership-for-equitybuild

/s/ Michael Rachlis

Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone  (312) 733-3950
Fax     (312) 733-3952
mrachlis@rdaplaw.net