

Jonathan Gardner
212 907 0839 direct
212 907 0700 main
jgardner@labaton.com

New York Office
140 Broadway
New York, NY 10005

December 15, 2020

**VIA ECF**

Hon. John Z. Lee
United States District Judge
United States District Court, Northern District of Illinois
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, IL 60604

RE: *SEC v. Equitybuild, Inc.*, No. 1:18-cv-5587 (N.D. Ill.)

Dear Judge Lee:

We are counsel to the Lead Plaintiffs and a putative class of similarly situated individuals who invested in the Equitybuild Ponzi scheme in a class action pending against Wells Fargo Bank, N.A. (the bank through which the scheme was perpetrated). The case—*Chang v. Wells Fargo Bank, N.A.*, No. 4:19-cv-01973-HSG (N.D. Cal.)—is currently in discovery.

We write to notify the Court that we intend to participate in the December 17, 2020 status hearing in *SEC v. Equitybuild, Inc.*, No. 1:18-cv-5587 (N.D. Ill.), because we are seeking documents that are in the Receiver's possession for use in *Chang v. Wells Fargo Bank, N.A.*

We have been following activity in *SEC v. Equitybuild* and have been communicating with the Court-appointed Receiver about receiving the documents informally. Through these discussions, we have learned that certain institutional lenders are in the process of setting up a document database to house certain Equitybuild documents and have submitted a proposal to the Court regarding same. ECF No. 812. It is our understanding that third parties, including investors in the Equitybuild scheme, will have access to the database so long as they agree to pay the requisite fees. On behalf of our clients (who represent all affected investors), should the Court approve the pending proposal, we hereby respectfully request access to the document database and are willing to pay the requisite fees.[1]

---

[1] On November 4, 2020, we emailed counsel for the institutional investors (namely, Michael Gilman, Ronald A. Damashek, and Scott Mueller) to inform them of our interest in accessing the database. On November 5, 2020, they responded that the database proposal has not yet been approved by the Court but that investors will be able to access the database once approved.

**Labaton Sucharow**

Hon. John Z. Lee
December 15, 2020
Page 2

We have also communicated with the Receiver about obtaining claim forms and supporting documents submitted by Equitybuild investor-claimants. The Receiver has informed us that he intends to make the claim forms and supporting documents available to all claimants, and that the Receiver has proposed doing so through a vendor—but that a motion on this issue is pending, with the Court indicating on November 9, 2020 that additional briefing on this motion is necessary, including with respect to "[a]pproval of vendor to host claims documentation repository and coordinate transfer to claimants in each tranche on a property-by-property basis." ECF No. 863. Once the Court approves the pending proposal, we hereby respectfully request access to the claims documentation repository to access all investor claim forms and supporting documentation.

We have copied on this letter counsel to Defendant Wells Fargo in the *Chang v. Wells Fargo Bank, N.A.* matter. We also note that the court in that action entered a protective order (No. 4:19-cv-01973-HSG (N.D. Cal.), ECF No. 50), which shall govern any documents obtained in connection with the above.

Respectfully submitted,

*/s/Jonathan Gardner*
Jonathan Gardner

cc: Issac K. deVyer (kdeVyver@mcguirewoods.com)
David C. Powell (dpowell@mcguirewoods.com)
Carolee Anne Hoover (choover@mcguirewoods.com)
Nellie Elisabeth Hestin (nhestin@mcguirewoods.com)
Jill Crawley Griset (JGriset@mcguirewoods.com)