UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) | |
|  | ) | Civil Action No. 18-CV-5587 |
| Plaintiff, | ) | |
| v. | ) ) | |
|  | ) | Hon. John Z. Lee |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | ) ) ) ) | Magistrate Judge Young B. Kim |
|  | ) ) | |
| Defendants. | ) ) | |

### ORDER GRANTING IN REMAINING PART RECEIVER'S NINTH MOTION TO CONFIRM THE SALE OF CERTAIN REAL ESTATE AND FOR THE AVOIDANCE OF CERTAIN MORTGAGES, LIENS, CLAIMS, AND ENCUMBRANCES

WHEREAS, by Order Appointing Receiver, dated August 17, 2018 (Docket No. 16) this Court took exclusive jurisdiction and possession of the assets of all Receivership Defendants;

WHEREAS, by Order dated March 14, 2019 (Docket No. 290) this Court identified SSDF2 1139 E 79th LLC and SSDF4 6250 S. Mozart LLC as additional Receivership Defendants;

WHEREAS, SSDF2 1139 E 79th LLC is the owner of record of the real estate located at 1131-41 East 79th Street, Chicago, Illinois 60619 ("1131-41 East 79th"), whose commonly known addresses, permanent index number, and legal description is reflected on Tab A hereto;

WHEREAS, SSDF4 6250 S. Mozart LLC is the owner of record of the real estate located at 6250 South Mozart Street, Chicago, Illinois 60629 ("6250 South Mozart"), whose commonly known address, permanent index number, and legal description is reflected on Tab A hereto;

1

WHEREAS, the Court finds that the sales prices reflected in the Purchase And Sale Agreements that the Receiver has accepted for the conveyances of 1131-41 East 79th and 6250 South Mozart (collectively, the "Properties") are consistent with the fair market value of the Properties;

WHEREAS, Kevin B. Duff, as receiver ("Receiver") for the Receivership Defendants, filed a Ninth Motion To Confirm The Sale Of Certain Real Estate And For The Avoidance Of Certain Mortgages, Liens, Claims, And Encumbrances (the "Motion"); and

WHEREAS, the Court finds that the Receiver has given fair, adequate, and sufficient notice to all interested parties, including all mortgagees and other encumbrancers affected by the Motion;

NOW, THEREFORE, it is hereby ORDERED that:

1. The Motion is GRANTED IN REMAINING PART.

2. The Receiver is authorized to sell the real property and improvements at 1131-41 East 79th free and clear of:

    a. that certain Mortgage recorded December 23, 2013 as Document No. 1335722057 made by 81st Street LLC to Greystone Servicing Corporation, Inc., to secure a note in the originally stated principal amount of $1,300,000.00 and last assigned to Fannie Mae by Document No. 1335722058;

    b. that certain Assumption and Release Agreement made by and between 81st Street LLC, SSDF2 1139 E 79th LLC, and Fannie Mae recorded February 21, 2018 as Document No. 1805213041;

    c. that certain financing statement evidencing an indebtedness from 81st Street LLC to Fannie Mae, filed January 2, 2014 as Document No. 1400210062 and that certain continuation statement recorded as Document No. 1820633426; and

    d. that certain financing statement evidencing an indebtedness from SSDF2 1139 E 79th LLC to Fannie Mae, filed March 6, 2018 as Document No. 1806504023.

  3. The Receiver is authorized to sell the real property and improvements at <u>6250 South Mozart</u> free and clear of:

    a. that certain Mortgage recorded September 8, 2016 as Document No. 1625250138 made by EquityBuild, Inc. to DK Phenix Investments LLC, as to an undivided 5.48% interest; iPlan Group Agent for Custodian FBO Vladimir Matviishin IRA, as to an undivided 8.22% interest; Asians Investing in Real Estate, LLC, as to an undivided 2.74% interest; iPlanGroup Agent for Custodian FBO Eric Schwartz IRA, as to an undivided 3.29% interest; iPlanGroup Agent for Custodian FBO Jason Ragan IRA, as to an undivided 0.78% interest; Phyllis Harte, as to an undivided 0.40% interest; Pat Desantis, as to an undivided 6.03% interest; Samir Totah, as to an undivided 8.22% interest; SWFL Investment Trust, as to an undivided 3.29% interest; SB Investment Partners, LLC, as to an undivided 20.82% interest; Annie Chang, as to an undivided 2.74% interest; La Donna Acklen, as to an undivided 5.64% interest; Steve Bald, as to an undivided 2.19% interest; Madison Trust Company Custodian FBO Robert W. Jennings Account #M1605053, as to an undivided 12.35% interest; Mennco Properties LLC Solo 401K, as to an undivided 0.78% interest; Madison Trust Company Custodian FBO Robert Mennella Roth IRA Account #M1604064, as to an undivided 0.99% interest; Madison Trust Company Custodian FBO Sheryl Mennella Roth IRA Account

#M1604088, as to an undivided 0.99% interest; American IRA, LLC FBO Kevin Lyons IRA (acct.no. 02799-14), as to an undivided 1.37% interest; Michael James Guilford and Nancy Richard-Guilford, jointly with right of survivorship, as to an undivided 2.74% interest; John and or Cynthia Braden, as to an undivided 1.10% interest; Chetram Jodha, as to an undivided 1.10% interest; Jason Park, as to an undivided 0.55% interest; KKW Investments, as to an undivided 0.19% interest; Gavin Kemp, as to an undivided 2.19% interest; Baron Real Estate Holdings, LLC, as to an undivided 5.81% interest, to secure a note in the originally stated principal amount of $1,825,000.00; and

      b.      that certain Mortgage recorded December 19, 2017 as Document No. 1735315043 made by SSDF4 6250 S. Mozart LLC to CBRE Capital Markets, Inc., to secure a note in the originally stated principal amount of $1,264,000.00 and last assigned to Citibank, N.A., as trustee for the registered holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB48 by Document No. 1811508179.

      4.      The Receiver is hereby vested with full power and authority to execute any and all closing documents associated with the conveyances of the Properties, including, but not limited to, deeds, bills of sale, affidavits of title, and settlement statements.

      5.      The proceeds from the sales of the Properties shall be held by the Receiver in separate subaccounts for which the Receiver shall maintain an accounting as to all sums deposited therein, with all mortgages, liens, claims, and encumbrances attaching to the sales proceeds with the same force, validity, status, and effect, if any, as they had against the properties being sold, and the sums in the separate subaccounts shall not be

available to pay operating expenses of the Receivership nor for any other expense or distribution, absent further order of Court.

Entered: 12/15/20

John Z. Lee
United States District Court Judge

**TAB A**

**1131-41 EAST 79TH STREET, CHICAGO, ILLINOIS 60619**

LOTS 29 TO 34, BOTH INCLUSIVE, IN THE RESUBDIVISION OF BLOCK 108 IN CORNELL IN THE NORTH HALF OF SECTION 35, TOWNSHIP 38 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

20-35-106-022-0000

**6250 WEST MOZART STREET, CHICAGO, ILLINOIS 60629**

LOTS 16 AND 17 IN BLOCK 15 IN COBE AND MCKINNON'S 63RD STREET AND SACRAMENTO AVENUE SUBDIVISION OF THE EAST HALF OF THE SOUTHWEST QUARTER SECTION 13, TOWNSHIP 38 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

19-13-330-038-0000