UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, ) ) ) ) Plaintiff, ) ) v. ) ) EQUITYBUILD, INC., *et al.,* ) ) Defendants. ) ) | Civil Action No. 18-CV-5587<br><br>Judge John Z. Lee<br><br>Magistrate Judge Young B. Kim |

**AGREED CONFIDENTIALITY ORDER**

This matter is before the Court on the Receiver's motion for entry of a protective order to govern the production and use of (i) all claims and documentation submitted to the Receiver in connection with the claims process in this action; (ii) all documentation and information that contains Confidential Information (as defined below) produced by any party in the claims process, (iii) EquityBuild Documents (as defined below); and (iv) all Discovery Material (as defined below) produced by any party or nonparty in this litigation. The Court having found good cause for the entry of this Order, it is hereby ORDERED:

1.  Scope. For purposes of this Order, the term "party" shall include all named parties and all participants in the claims process or the proceedings before this Court with respect to claims submitted to the Receiver and properties among the Receivership Assets (as defined in Doc. # 16) against which claims have been submitted. All materials produced or adduced in the course of discovery or the informal production of documents among the parties to this Order, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "Discovery Material"), shall be

1

2

subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods, except as otherwise ordered by the Court.

2. <u>Confidential Information</u>. As used in this Order, "Confidential Information" means information that is (i) designated as confidential in accordance with this Order by the producing party; and (ii) that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information consisting of a claimant's home address, email or phone number, social security number, taxpayer identification number, birth date, driver's license number, state identification number, passport number, financial account numbers, passwords, and names of any individual known to be a minor; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. **However, all EquityBuild Documents, and all claims and supporting documentation submitted to the Receiver in this action by any claimant, which the Receiver produces to the parties in connection with the claims process proceedings, shall be treated as Confidential Information without the need of the Receiver or any other party designating or otherwise marking such material as Confidential Information, subject to the provisions of Section 7.** Insofar as there is any conflict between the preceding sentence and any other sentence in this Order, the preceding sentence shall govern. Notwithstanding the foregoing, information or documents that are available to the public shall not be deemed Confidential Information. As used in this Order, "EquityBuild Documents" means records (whether in paper or electronic form) created or maintained by EquityBuild or any

54114164;3

of its affiliates and provided by the Receiver to the Mortgagees (as defined in Doc. # 751) as required by the Court at the status conference held on July 15, 2020.

3. <u>Designation</u>.

(a) A party may designate Discovery Material as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL -SUBJECT TO PROTECTIVE ORDER" on the Discovery Materials and on all copies in a manner that will not interfere with the legibility of the Discovery Materials. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the Discovery Materials are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to Discovery Material does not mean that the Discovery Material has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any Discovery Materials marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked Discovery Materials and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b) The designation of Discovery Material as Confidential Information is a certification by an attorney or a party appearing pro se that the Discovery Material contains Confidential Information as defined in this order.

4. <u>Depositions</u>.

Deposition testimony is protected by this Order only if designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the record at the time the testimony is taken. Such

designation shall be specific as to the portions that contain Confidential Information. Deposition testimony so designated shall be treated as Confidential Information protected by this Order until fourteen days after delivery of the transcript by the court reporter to any party or the witness. Within fourteen days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record identifying the specific portions of the transcript that are designated Confidential Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. The failure to serve a timely Notice of Designation waives any designation of deposition testimony as Confidential Information that was made on the record of the deposition, unless otherwise ordered by the Court.

      5.      <u>Protection of Confidential Material</u>.

      (a)      General Protections. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof or any separate litigation between or among parties and a title insurance company ("Title Insurance Company") relating to one or more current or former Receivership Asset ("Related Litigation").

      (b)      Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(10). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

      (1)      Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

      (2)      Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

4

(3) Title Insurance Claims Personnel. To the extent that a Title Insurance Company is providing title insurance defense coverage with respect to one or more issues that are the subject of this matter, title insurance claims counsel and other employees of the title insurance company who have responsibility for the resolution of such issue(s) and the Title Insurance Company's insurers and reinsurers, and any authority that regulates the Title Insurance Company;

(4) The Court and its personnel;

(5) Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

(6) Contractors. Those persons specifically engaged for the limited purpose of making copies of Discovery Materials or organizing or processing Discovery Materials including outside vendors hired to process electronically stored Discovery Materials;

(7) Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(8) Witnesses at depositions. During or in preparation for their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of Discovery Materials containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(9) Author or recipient. The author or recipient of the Discovery Material (not including a person who first received the Discovery Material in the course of litigation); and

(10) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) Control of Information. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel

shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6. <u>Inadvertent Failure to Designate</u>. An inadvertent failure to designate Discovery Material as Confidential Information does not, standing alone, waive the right to so designate the Discovery Material; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates Discovery Material as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the Discovery Material is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7. <u>Filing of Confidential Information</u>. This Order does not, by itself, authorize the filing of any Discovery Material under seal. Any party wishing to file Discovery Material designated as Confidential Information in connection with a motion, brief, or other submission to the Court must comply with LR 26.2. Notwithstanding the foregoing, (i) all EquityBuild Documents and (ii) all claims and supporting documentation submitted to the Receiver by any claimant that the Receiver subsequently produces to the parties in connection with the proceedings for the resolution of disputed claims may be filed in the public record in redacted format, and it shall be the burden of the party filing the position statement to redact all personal identity or health information consisting of identifying social security numbers, taxpayer identification numbers, driver's license, state identification or passport numbers, home addresses, financial account

54114164;3

numbers, passwords, birth dates, medical information, and names of any individual known to be a minor. However, a claimant's (i) income tax returns (including attached schedules and forms), (ii) W-2 forms, and (iii) 1099 forms issued by anyone other than EquityBuild or one of its affiliates, may not be filed except in accordance with LR 26.2.

8. <u>No Greater Protection of Specific Documents</u>. Except on privilege grounds, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9. <u>Challenges by a Party to Designation as Confidential Information</u>. The designation of any Discovery Material as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) Meet and Confer. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b) Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the

designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10. <u>Action by the Court</u>. Applications to the Court for an order relating to Discovery Materials designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of Discovery Materials produced in discovery or at trial.

11. <u>Use of Confidential Discovery Materials or Information at Trial</u>. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such Discovery Materials or information at trial.

12. <u>Confidential Information Subpoenaed or Ordered Produced in Other Litigation</u>.

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of Discovery Material designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

54114164;3

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

13. <u>Challenges by Members of the Public to Sealing Orders</u>. A party or interested member of the public has a right to challenge the sealing of particular Discovery Materials that have been filed under seal, and the party (i) who designated the Discovery Material as confidential, or (ii) who submitted the claim and supporting documentation to the Receiver, will have the burden of demonstrating the propriety of filing under seal.

14. <u>Inadvertent Disclosure of Privileged Materials</u>. The disclosure of information subject to the attorney-client privilege, work product protection, or any other applicable privilege or protection will not constitute or be deemed a waiver or forfeiture of any claim, protection, privilege or immunity in this or any state or federal proceeding. In the event that a party learns that it has inadvertently disclosed such privileged or protected material, the producing party may promptly provide written notification of the disclosure to the receiving party. Upon receipt of such notification, the receiving party will provide notice to the producing party of any third parties to whom the inadvertently disclosed material has been disseminated, and will promptly make best efforts to identify and return, or sequester and destroy or delete, all copies of the inadvertently produced material. This provision is, and shall be construed as, an Order under Rule 502(d) of the

Federal Rules of Evidence, and requires documents to be returned upon notice of the inadvertent disclosure irrespective of the care taken by the producing party in reviewing the documents for privilege prior to their production. Nothing herein shall prevent the receiving party from challenging the propriety of the producing party's claim of privilege or protection on grounds other than the inadvertent production by motion to the court, and the producing party shall retain the burden of establishing the privileged or protected nature of the material.

15. <u>Obligations on Conclusion of Litigation</u>.

(a) Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) Obligations at Conclusion of Litigation. Within sixty-three days after dismissal or entry of final judgment not subject to further appeal of the last of this case and all Related Litigation, all Confidential Information and Discovery Materials marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the Discovery Material has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; (3) as to Discovery Materials bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the Discovery Materials and certifies to the producing party that it has done so.

(c) Retention of Work Product and Filed Discovery Materials. Notwithstanding the above requirements to return or destroy Discovery Materials, counsel and a Title Insurance Company may retain (1) attorney work product and archived emails and attachments (not for further dissemination), and (2) a complete set of all Discovery Materials, including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order.

54114164;3

(d) Deletion of Discovery Materials filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

16. <u>Order Subject to Modification</u>. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

17. <u>No Prior Judicial Determination</u>. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery and the informal production of Discovery Materials. Nothing herein shall be construed or presented as a judicial determination that any Discovery Material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific Discovery Material or issue.

18. <u>Persons Bound</u>. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

19. Notwithstanding any other provision of this Order, the SEC shall not be limited in its ability to share, disclose, or produce any information received in connection with this action with any other federal or state authority, agency, or department, or to the extent otherwise required by law or permitted pursuant to the terms of SEC Form 1662.

So Ordered.

Dated: 12/19/20

_____
John Z. Lee
U.S. District Judge

11

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) |  |
| Plaintiff, | ) ) | Civil Action No. 18-CV-5587 |
| v. | ) ) | Judge John Z. Lee |
| EQUITYBUILD, INC., *et al.*, | ) ) | Magistrate Judge Young B. Kim |
| Defendants. | ) ) ) |  |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Mailing Address (if different from Business Address):

_____

Date: _____     Signature: _____

54114164;3