UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 18-cv-5587 |
| v. | ) Judge John Z. Lee |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | ) Magistrate Judge Young B. Kim |
| Defendants. | ) |

### RECEIVER'S REPLY IN SUPPORT OF ELEVENTH MOTION TO CONFIRM THE SALE OF CERTAIN REAL ESTATE AND FOR THE AVOIDANCE OF CERTAIN MORTGAGES, LIENS, CLAIMS, AND ENCUMBRANCES

Paper Street Realty LLC evidently misapprehends the nature of the claims process in this action. It is not objecting to the *sale* of 7237-43 South Bennett. Rather, it is arguing an entitlement to priority over the sales proceeds for the property. But Paper Street submitted a claim to the Receiver within the claims process for the *pre-receivership* work it performed at the property (Response, Exs. A & B) and that claim adequately protects any purported interest in the sales proceeds which will be segregated in a separate account pending the outcome of the claims process. At such time as this Court adjudicates priority, the objections articulated in Paper Street's opposition memorandum will be accorded due consideration. In the meantime, the sale of this property must close in order to stem further carrying costs, operating losses, or casualty events that would impair the interests of the stakeholders.

Nothing in Paper Street's opposition to the Eleventh Motion To Confirm justifies holding up the sale of 7237-43 South Bennett pending litigation over priority to the proceeds. The response

does not contest that Paper Street's asserted interest is for pre-receivership work, or that the claims process will address such pre-receivership claims. For example, Paper Street's response and affidavit confirm it seeks recovery associated with work at the property that began in March 2017, a year and a half before the receivership was established. (Response, Exhibits A & B.) Recognizing this, Paper Street argues (in conclusory fashion) that because its pre-petition work contributed to the value of the property that the Receiver now seeks to sell, it is entitled to get paid for the pre-receivership activities ahead of other claimants. (*See, e.g.,* Response, ¶ 15.) There is no legal support cited for that proposition. That is not surprising, as the same position could be argued by any similarly situated claimant.

Paper Street seeks to overcome these facts by falling back on a purported implied promise of payment from the Receiver. (*Id.* ¶ 10 ("The Receiver further *implied* that Paper Street's continuation as property manager would better position Paper Street to obtain payment for sums due it, and Paper Street would not have continued had it known it was not going to be paid the significant sums due it, especially since Paper Street's work helped the Receiver obtain the goal of maximizing the value from the Bennett Property.")) (emphasis supplied). However, that assertion is false and directly contradicted, in writing, by Exhibit A-3 to Paper Street's response, in which the Receiver's counsel expressly stated in correspondence to Paper Street that "the receiver is treating the outstanding receivable as something akin to a 'pre-petition claim.'"

In sum, Paper Street ignores that allowing the Receiver to sell 7237-43 South Bennett does not mean that its pre-receivership claim is being denied, but rather that it will be addressed in the claims process along with other claims against the property.

Wherefore, for the reasons set forth herein and in his Eleventh Motion to Confirm the Sale of Certain Real Estate, Kevin B. Duff, Receiver respectfully request that the Eleventh Motion to Confirm the Sale of Certain Real Estate be granted.

Dated: January 4, 2021

Kevin B. Duff, Receiver

By: /s/ Michael Rachlis
Michael Rachlis
Jodi Rosen Wine
Rachlis Duff & Peel LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone (312) 733-3950
mrachlis@rdaplaw.net

# CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2021, I electronically filed the foregoing **Receiver's Reply In Support Of Eleventh Motion To Confirm The Sale Of Certain Real Estate And For The Avoidance Of Certain Mortgages, Liens, Claims, And Encumbrances** with the Clerk of the United States District Court for the Northern District of Illinois, using the CM/ECF system. Copies of the foregoing were served upon counsel of record via the CM/ECF system.

I further certify that I caused true and correct copy of the foregoing **Reply** to be served upon the following individuals or entities by electronic mail:

- Defendant Jerome Cohen (jerryc@reagan.com);
- All known EquityBuild investors; and
- All known individuals or entities that submitted a proof of claim in this action (sent to the e-mail address each claimant provided on the claim form).

I further certify that the **Reply** will be posted to the Receivership webpage at: http://rdaplaw.net/receivership-for-equitybuild.

/s/ Michael Rachlis

Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone (312) 733-3950
Fax (312) 733-3952
mrachlis@rdaplaw.net