UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, ) ) ) ) | |
| Plaintiff, ) | Civil Action No. 18-CV-5587 |
| ) | |
| v. ) | Judge John Z. Lee |
| ) | |
| EQUITYBUILD, INC., *et al.*, ) | Magistrate Judge Young B. Kim |
| ) | |
| Defendants. ) ) | |

### SEC'S REPLY IN SUPPORT OF RECEIVER'S NINTH FEE APPLICATION

The SEC hereby supports the Receiver's Ninth Fee Application (ECF No. 885). The SEC confirms that it has reviewed the Receiver's invoices, they substantially comply with the SEC's billing guidelines, and the SEC approves of their payment. The SEC additionally incorporates its arguments supporting the Receiver's earlier fee petitions, which the Court has granted. (*See* ECF Nos. 526, 606, 622, 705, 797, 803). In granting the prior petitions, the Court has repeatedly approved the precise types of activities for which the Receiver currently seeks payment, finding them beneficial to the Receivership Estate.

Beyond the reasons supporting its approval of the prior petitions, the Court should overrule the institutional lenders' current objections because they are premature. The objections focus less on the relief sought in the petition, the Receiver's entitlement to payment for his work, and instead relate to an independent issue: whether and in what amount the Receiver may assert a lien that takes priority over other secured creditors. However, the Court has already ruled that the amount of the Receiver's lien will be determined via the upcoming claims process. Thus, the lenders' objections are premature and do not form a valid basis for denying the fee petition.

1

**A. The Lenders' Primary Objection, Regarding the Receiver's Lien, is Premature**

The thrust of the lenders' objections is their view that any fees awarded to the Receiver should not be the subject of a lien that trumps other secured creditors. (ECF No. 907, pp. 3-6). According to the lenders, the Receiver is not entitled to a lien because his work does not benefit the estate. (*Id.*). But the lenders ignore the Court's findings in generally approving the Receiver's request for a lien. Contrary to the lenders' objections, the Court has found that the Receiver's core work – maintaining and liquidating properties, representing those properties in "adverse litigation," and implementing the claims process – has benefited the Receivership Estate. (ECF No. 824, p. 4).

To the extent the Court's prior rulings are not dispositive to the lenders' present objections, those rulings make clear that the objections are premature. Indeed, in granting the Receiver's general request for a lien, the Court held: "The priority of the Receiver's lien as to any particular property or properties, however, will be determined by the Court as part of the claims approval process." (ECF No. 824, pp. 5-6). Because the lenders' objections as to the amount of the Receiver's lien will be addressed during the claims process, those objections have no bearing on the initial determination sought in the Receiver's fee petition: whether the Receiver is entitled to be paid for his work administering the Receivership.

**B. The Receiver Provided Reasonable Services to Benefit the Estate**

As to the merits of the Receiver's petition – whether he deserves to be compensated for his work – the lenders merely rehash prior arguments the Court has already rejected.

As documented in his fee petition, during the Third Quarter of 2020 the Receiver continued his core work of managing the residential real estate portfolio left in the wake of the Cohens' Ponzi scheme. The Receiver maintained the upkeep of residential buildings, liquidated

properties, and worked to implement a fair and orderly claims process. This work benefited the estate's creditors, whether they be investors, institutional lenders, or other claimants. The Receiver also spent a large amount of time successfully responding to objections and other filings lodged by the institutional lenders.

These are precisely the types of activities that the Court has repeatedly found to be appropriate work by the Receiver that entitles him to reasonable compensation for his efforts. (*See, e.g.*, ECF No. 824, p. 4 ("the Receiver's efforts have benefitted the Receivership Estate, including through maintaining, marketing, and liquidating properties; representing those properties in adverse litigation; bringing new assets into the Receivership; and designing a claims process by which property sales proceeds will be distributed to senior secured claimants"); *id.*, p. 3 ("the Receiver and his legal professionals have devoted significant resources responding to various motions, objections, and inquiries made by lenders, with these efforts increasing the amount of fees to which the Receiver is reasonably entitled.")).

Beyond performing the type of work the Court has already found to justify payment, the Receiver took additional steps to bring new assets into the estate for the benefit of creditors. To that end, the Receiver performed the necessary measures to file a significant lawsuit against certain of Equitybuild's former attorneys. (*See* ECF No. 885, p. 13). A successful recovery in that action would mean more funds for the victims of the Cohens' fraud.

Because the activities the Receiver performed are a continuation of, and consistent with, the types of activities the Court previously found to be reasonable and beneficial, there is no merit to the lenders' arguments that the Receiver's fees are excessive.

### C. The Lenders' Remaining Objections Have Already Been Overruled

The lenders' remaining objections merely reassert arguments that the Court has repeatedly rejected. For instance, the lenders again request a 20% holdback of the Receiver's requested fees, or a complete holdback until the approval of a distribution plan, even though the Court has routinely determined that a holdback is not warranted. (*See, e.g.*, ECF No. 710, p. 4; ECF No. 824, p. 4 n.1). Moreover, the lenders' own chart chronologically listing the Receiver's fee requests (ECF No. 907, p. 8) demonstrates that the Receiver's current fee petition seeks at least $65,000 *less* than in the prior quarter, for which the Court approved the Receiver's fees despite the lenders' claims of unreasonableness and excessiveness.[1]

Finally, in response to the lenders' objections concerning the Receivership's solvency, the Receiver notes that as of September 30, 2020, he held more than $1.16 million in unencumbered funds that could support payment of his fees. (ECF No. 885, p. 4). Presumably that figure will increase as the Receiver continues to liquidate properties, obtain the restoration of rents previously paid from his accounts (*see*, e.g., ECF No. 843), and otherwise bring new assets into the Receivership estate.

### D. Conclusion

The Receiver seeks compensation for work he performed and directed, using his reasonable business judgment, which benefitted the Receivership Estate. His bills reflect his efforts to both fulfill his Court-imposed mandates and to respond to voluminous motions and objections by the institutional lenders. The Court should allow the Receiver to be paid for his efforts, and to continue working for the benefit of the victimized investors and other creditors.

---

[1] The lenders' objections reflect that the Court approved the Receiver's fees of $527,100 for the previous quarter, while the Receiver's current request seeks payment for $461,280 in fees. (ECF No. 907, pp. 7-8).

                                                            Respectfully submitted,

Dated: January 7, 2021                     /s/ Benjamin Hanauer
                                                    Benjamin J. Hanauer (hanauerb@sec.gov)
                                                    Timothy J. Stockwell (stockwellt@sec.gov)
                                                    U.S. Securities and Exchange Commission
                                                    175 West Jackson Blvd., Suite 1450
                                                    Chicago, IL 60604
                                                    Phone: (312) 353-7390
                                                    Facsimile: (312) 353-7398

**CERTIFICATE OF SERVICE**

I hereby certify that I provided service of the foregoing Reply, via ECF filing, to all counsel of record and Defendant Shaun Cohen, on January 7, 2021.

     /s/ Benjamin Hanauer
Benjamin J. Hanauer
175 West Jackson Blvd., Suite 1450
Chicago, IL 60604
Phone: (312) 353-7390
Facsimile: (312) 353-7398

One of the Attorneys for Plaintiff