## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, )<br><br>Plaintiff, )<br><br>v. )<br><br>EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, )<br><br>Defendants. ) | Civil Action No. 18-cv-5587<br><br>Hon. John Z. Lee<br><br>Magistrate Judge Young B. Kim |

### RECEIVER'S TENTH STATUS REPORT
### (Fourth Quarter 2020)

Kevin B. Duff, as the receiver ("Receiver") for the Estate of Defendants EquityBuild, Inc.,

EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Defendants Jerome Cohen[1]

and Shaun Cohen, as defined in the Order Appointing Receiver entered August 17, 2018 (Dkt. No.

16), as supplemented by Order entered March 14, 2019 (Dkt. No. 290) and Order entered February

21, 2020 (Dkt. No. 634) (collectively, the "Receivership Defendants"), and pursuant to the powers

vested in him by Order of this Court, respectfully submits this Tenth Status Report for the quarter

ending December 31, 2020.

## I.  SUMMARY OF THE OPERATIONS OF THE RECEIVER

The Receiver, together with his legal counsel, Rachlis Duff & Peel, LLC ("RDP"),

accountants BrookWeiner, LLC ("BrookWeiner"), forensic consultant Prometheum Technologies,

---

[1] On December 30, 2020, Defendant Shaun Cohen reported to the Receiver that Defendant Jerome Cohen died on November 28, 2020

Inc. ("Prometheum"), asset management and real estate brokerage services provider SVN Chicago Commercial, LLC ("SVN"), and claims administration service provider Axos Fiduciary Services ("Axos"), have undertaken, without limitation, the following activities since the submission of his Ninth Status Report (Dkt. No. 757):

      a.    <u>Identification and Preservation of Assets</u>

Since the filing of his Ninth Status Report, the Receiver continued using reasonable efforts to determine the nature, location, and value of all property interests of the Receivership Defendants, including monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights, and other assets, together with all profits, interest, or other income attributable thereto, of whatever kind, which the Receivership Defendants owned, possessed, had a beneficial interest in, or controlled directly or indirectly.

At the end of the Fourth Quarter 2020, there were 49 properties in the Receivership Estate, including the 37 one-to-four unit properties that are being marketed as a single portfolio and the property in Houston, Texas.[2] The Receiver's primary focus has been and continues to be the preservation, operation, maintenance, and sale of the properties within the Receivership Estate, as well as the implementation and handling of claims administration.

As previously stated, the Receiver, in connection with his counsel, asset manager/real estate broker, and property managers, continues to plan for cash flow needs at the properties including but not limited to the underperforming properties, to control and minimize expenditures

---

[2] There were 116 properties in the Receivership Estate at the inception of the Receivership, not including a property in Plano, Texas, that Defendant Shaun Cohen had used as a residence. (*See* Exhibit 6) The Receiver sold ten properties in the second quarter of 2019 (formerly reported as six properties because five of these properties were sold together), eleven properties in the fourth quarter of 2019, two properties in the first quarter of 2020, 17 properties in the second quarter of 2020, 12 properties in the third quarter of 2020, and 15 properties in the fourth quarter of 2020. (*See* Exhibit 1)

where possible, and to address health, safety, and other essential needs at each property. To that end, the Receiver and his counsel have regularly communicated with the property managers to address operational and cash needs. The Receiver and his retained professionals also have reviewed monthly financial reporting and analyzed the cash position of the Estate. In consultation with his asset managers, the Receiver has assessed the prudence and necessity of property maintenance and repair work. Consistent with the Liquidation Plan filed with the Court (Dkt. No. 166), the Receiver remains committed, in accordance with the advice of his retained professionals, the property managers, and asset management consultants, and subject to availability of funds, to undertake capital improvements needed to address health and safety concerns, cure building code violations, or yield increases in occupancy that would drive commensurate increases in property value.

During the Fourth Quarter 2020, the Receiver paid real estate taxes at the closings of the sales of Receivership properties. As of December 31, 2020, only two properties had delinquent 2018 property taxes, 7237-43 S Bennett Avenue in Chicago (in the amount of $28,789.54) and 1102 Bingham in Houston (in the amount of $49,056.47). Both properties are under contract, and the Chicago property is the subject of the Receiver's pending Eleventh Motion to Confirm Sale (Dkt. No. 902). An additional $36,507.51 is owed for 2019 taxes on the Houston property, and there are $30,323.49 of delinquent 2019 taxes across the remaining Chicago real estate portfolio.

The Receiver is maintaining casualty and liability insurance for all assets in the portfolio and paid $96,969 for insurance in the Fourth Quarter 2020. The cost of maintaining this insurance decreases, however, with each conveyance. The cost of the monthly general liability and umbrella policy is $23,164.40, and the last monthly payment on the property insurance was $17,228. In the Fourth Quarter 2020, the Receiver recovered the balance of the $406,086.41 insurance proceeds

related to a fire that occurred at 638 N. Avers in November 2019. These funds are held in the segregated account held for that property (Exhibit 2) and will be used to cover its expenses until it can be conveyed.

   b. <u>Property Sales</u>

   The sales of fifteen Receivership properties closed during the Fourth Quarter 2020, generating aggregate net proceeds in the amount of $13,896,003. *See* **<u>Exhibit 1</u>** for a listing of property sales and net proceeds by properties since the inception of the Receivership, including properties closed during the Fourth quarter by closing date, property address and gross and net proceeds. Consistent with the Court's orders approving these sales, the Receiver segregated the net proceeds into separate subaccounts. (Dkt. Nos. 615, 616)

   On October 5, 2020, the Receiver filed his Tenth Motion to Confirm Sales of 13 apartment buildings and a vacant land parcel (Dkt. No. 809):

- 4533-47 South Calumet Avenue, Chicago, Illinois 60653
- 4611-15 South Drexel Boulevard, Chicago, Illinois 60653
- 6217-27 South Dorchester Avenue, Chicago, Illinois 60637
- 7024-32 South Paxton Avenue, Chicago, Illinois 60649
- 7255-57 South Euclid Avenue, Chicago, Illinois 60649
- 4317-19 South Michigan Avenue, Chicago, Illinois 60653
- 7442-54 South Calumet Avenue, Chicago, Illinois 60619
- 7701-03 South Essex Avenue, Chicago, Illinois 60649
- 816-22 East Marquette Road, Chicago, Illinois 60621
- 1422-24 East 68th Street, Chicago, Illinois 60637
- 2800-06 East 81st Street, Chicago, Illinois 60617
- 4750-52 South Indiana Avenue, Chicago, Illinois 60615
- 7840 South Yates Avenue Chicago, Illinois 60649
- 431 East 42nd Place, Chicago, Illinois 60653 (vacant parcel).

   On October 21, 2020, certain institutional lender claimants filed objections to the sale of the following eight properties (Dkt. No. 820):

1. 4611-15 S Drexel Boulevard
2. 6217-27 S Dorchester Avenue
3. 7024-32 S Paxton Avenue

4. 7255-57 S Euclid Avenue
5. 1422-24 East 68th Street
6. 2800-06 E 81st Street
7. 4750-52 S Indiana Avenue
8. 7840-42 S Yates Avenue

On November 2, 2020, the SEC filed a Reply in Support of the Receiver's Tenth Motion to Confirm Sales (Dkt. No. 845), and on November 6, the Receiver filed his Reply to the Objections (Dkt. No. 858). The motion remains pending as to these eight properties.

On October 30, 2020, the Court entered an order confirming the sales of the remaining six properties included in the Receiver's Tenth Motion to Confirm Sales (Dkt. No. 842), and the sale of each of these properties was closed during the Fourth Quarter:

1. 4533-47 S Calumet Avenue
2. 4317-19 S Michigan Avenue
3. 7442-48 S Calumet Avenue
4. 7701-03 S Essex Avenue
5. 816-20 E Marquette Road
6. 431 E 42nd Place

On October 26, 2020, the Court overruled the pending objections to the Receiver's Eighth and Ninth Motions to Confirm Sales (Dkt. No. 825), touching off a flurry of motions and two appeals that sought to prevent and stay those sales.[3] Claimants Citibank/Fannie Mae and Ventus Holdings each appealed the Court's decision, and moved this Court to stay the sales. Additionally, Citibank/Fannie Mae filed a separate motion to certify an interlocutory appeal, and Ventus filed a motion to vacate property sales. During the quarter, the Receiver responded to each of these motions, participated in a mandatory settlement conference ordered by the Seventh Circuit, and successfully moved to dismiss the appeals. This Court subsequently denied the pending motions as moot, and on December 15, 2020, entered an order confirming the remainder of the sales (Dkt.

---

[3] The Fourth Quarter 2020 saw an unprecedented level of motion practice and briefing resulting in higher than average fees for the Receiver's work in this matter (*see also* Section VI below discussing the process for the resolution of claims)

No. 910). The Receiver closed the sales of each of the properties that were the subject of these motions and appeals in the Fourth Quarter.

For four consecutive weeks between December 14, 2020, and January 4, 2021, along with other promotional efforts, the Receiver and his real estate professionals advertised for public bid (with a January 15 deadline for the submission of offers) the following portfolio of 37 single-family residences (containing 47 total units) pursuant to the Court's order granting Receiver's Seventh Motion to Approve the Process for Public Sale of Real Property by Sealed Bid (Dkt. Nos. 645, 682):

- 1017 West 102nd Street, Chicago, IL 60643
- 1516 East 85th Place, Chicago, IL 60619
- 2136 W 83rd Street, Chicago, IL 60620
- 417 Oglesby Avenue, Chicago, IL 60409
- 7922 S Luella Avenue, Chicago, IL 60617
- 7925 S Kingston Avenue, Chicago, IL 60617
- 7933 S Kingston Avenue, Chicago, IL 60617
- 8030 S Marquette Avenue, Chicago, IL 60617
- 8104 S Kingston Avenue, Chicago, IL 60617
- 8403 S Aberdeen Street, Chicago, IL 60620
- 8405 S Marquette Avenue, Chicago, IL 60617
- 8529 S Rhodes Avenue, Chicago, IL 60619
- 8800 S Ada Street, Chicago, IL 60620
- 9212 S Parnell Avenue, Chicago, IL 60620
- 10012 S LaSalle Avenue, Chicago, IL 60628
- 11318 S Church Street, Chicago, IL 60643
- 3213 S Throop Street, Chicago, IL 60608
- 3723 W 68th Place, Chicago, IL 60629
- 406 E 87th Place, Chicago, IL 60619
- 61 E 92nd Street, Chicago, IL 60619
- 6554 S Rhodes Avenue, Chicago, IL 60637
- 6825 S Indiana Avenue, Chicago, IL 60637
- 7210 S Vernon Avenue, Chicago, IL 60619
- 7712 S Euclid Avenue, Chicago, IL 60649
- 7953 S Woodlawn Avenue, Chicago, IL 60619
- 8107 S Kingston Avenue, Chicago, IL 60617
- 8346 S Constance Avenue, Chicago, IL 60617
- 8432 S Essex Avenue, Chicago, IL 60617
- 8517 S Vernon Avenue, Chicago, IL 60619
- 2129 W 71st Street, Chicago, IL 60636

- 9610 S Woodlawn Avenue, Chicago, IL 60628
- 5437 S Laflin Street, Chicago, IL 60609
- 6759 S Indiana Avenue, Chicago, IL 60637
- 1401 W 109th Place, Chicago, IL 60643
- 310 E 50th Street, Chicago, IL 60615
- 6807 S Indiana Avenue, Chicago, IL 60637
- 1414-18 E 62nd Place, Chicago, IL 60637

Aside from these 37 single-family residence properties for which bids were obtained in early January, 2021, the following properties have not closed as of December 31, 2020:

- 638 North Avers (for which the Receiver is in discussions with the institutional lender)
- 7109-19 South Calumet (the terms of a proposed letter of credit to be posted by an institutional lender have not been resolved and the Receiver is awaiting a response from the lender's counsel)
- 1102 Bingham (a parcel of land in Houston, Texas, containing a single-family home and six adjacent vacant lots, which is under contract)
- 7237-43 South Bennett (pending ruling on 11th Motion to Confirm Sales)
- Eight (8) properties that are the subject of the 10th Motion to Confirm Sales:

    - 4611-15 S Drexel
    - 6217-27 S Dorchester
    - 7024-32 S Paxton
    - 7255-57 S Euclid
    - 1422-24 East 68th
    - 2800-06 E 81st
    - 4750-52 S Indiana
    - 7840-42 S Yates

Also pending is Ventus' November 9, 2020 Motion for Return of Earnest Money Deposits (Dkt. No. 861) to which the Receiver responded on November 24, 2020 (Dkt. No. 882).

c.   Code Violations and Property Damage

During the continued COVID-19 pandemic, the City's citation of code violations has remained low, and the administrative courts have extended most dates with respect to the enforcement of code violations. During the Fourth Quarter 2020, two new notices of violation were issued. In one of these cases (against 1449 N. Talman) the Receiver was able to obtain

dismissal of the EquityBuild entity. The Receiver did not become aware of the other matter (against 6250 S Mozart), however, before a default judgment was entered on December 16, 2020.

During the Fourth Quarter, the Receiver moved to set aside several additional default judgments entered in Department of Sanitation matters without the Receiver's knowledge, which had resulted in liens being filed against two estate properties. For the property located at 431 E. 42nd Place, the Receiver was able to negotiate a resolution with the City whereby $4,950 of default judgments were reduced to $600 plus $60 court costs. For the property located at 4611 S. Drexel, the Receiver was able to set aside the $2,740 default judgment and obtain a release of the recorded lien, and the matter has been continued to February 18, 2021. The Receiver is aware of no other pending Department of Sanitation matters.

The Department of Administrative Hearings has not yet resumed hearings in Department of Buildings matters, and therefore each of the hearings that were scheduled during the quarter in pending matters was continued. However, counsel for the Receiver resolved one of the pending matters (7546 S Saginaw) pursuant to a favorable settlement. During the quarter, the Receiver's counsel received numerous orders continuing hearings, updated its docket, and continued to work closely with the property managers to address life and safety issues, and to preserve the respective properties.

Seven housing court matters were heard on October 8, 2020, resulting in three dismissals and four continuances to January 28, 2021.

In summary, as of December 31, 2020, there were 17 known pending City of Chicago matters involving alleged code violations. These included 4 pending City of Chicago municipal housing court matters, 11 pending City of Chicago administrative proceedings filed by the

Buildings Department and 2 pending administrative proceeding filed by the Department of Sanitation.

     d.    <u>Financial Reporting and Rents Restoration</u>

In accordance with the February 13, 2019 Order (Dkt. No. 223), the Receiver continues to provide institutional lenders with monthly accounting relating to rents generated by, and expenses incurred in connection with, the properties on which they assert liens. To that end, monthly reports covering the period through May 31, 2020 were sent to lenders' counsel during the quarter.[4] Reports for each property include the following information: (a) net operating income, (b) expenditures made by the Receiver for the benefit of the property (primarily for insurance, real estate taxes, and funds sent to the property manager to cover property management expenses not payable through operating income), (c) net income distributed to the Receiver or to other property accounts from which funds were previously borrowed, and (d) a computation of the amount (if any) of rentals remaining to be restored to the property pursuant to the February 13, 2019 Order. (Dkt. No. 223)  Each report also includes a computation of the cumulative amount (if any) reimbursable from each property, representing the amount that has been expended for the benefit of the property from sources other than its operating income.

Additional reimbursable amounts were expended to preserve, maintain, and improve properties sold during the Fourth Quarter 2020.  The aggregate amount reimbursable from properties that were sold during the Fourth Quarter 2020 (calculated as described above) was approximately $517,346. Because the balance of the rents required to be restored to properties

---

[4] Beginning in September 2019, the Receiver and his counsel also began generating monthly reports for properties not encumbered by institutional debt.

pursuant to Dkt. No. 223 was restored in September 2020[5], the Receiver will seek the Court's approval to reimburse the Receiver's Account for these funds that the Receiver expended on the sold properties.

  e. <u>Open Litigation</u>

  During the Fourth Quarter 2020, the settlement and release agreement was executed by the plaintiff in the matter captioned *Barnes v. EquityBuild, et al.*, Case No. 19 L 7852, Circuit Court of Cook County, and the matter was closed.

  Fact and expert discovery has proceeded in the matter captioned *Byrd v. EquityBuild et al.*, Case No. 18 L 1993, Circuit Court of Cook County and a discovery cutoff of March 31, 2021 has been set. Two outstanding orders for rules to show cause have been issued against two key witnesses, but due to COVID the sheriff's office is not currently serving the orders. Discovery may need to be extended if defendant is unable to complete these two depositions.

  A claim brought by a tenant of 4520 S Drexel Avenue was settled by the insurance carrier during the quarter without a lawsuit having been filed, resulting in a $25,000 deductible payment owed which sum is included in the Receiver's pending Motion to Approve Use of Proceeds from Sales of Receivership Property. (Dkt. No. 902)

  The Receiver also received notice of a personal injury claim made by a tenant for injuries allegedly sustained at 7114 S Cornell on August 9, 2020. The Receiver's counsel has provided notice of the Receivership to the tenant's lawyer and notice of the claim to the institutional lender's counsel.

---

[5] A small balance of $84.25 was restored in January 2021, resulting from adjustments relating to prepaid insurance costs allocations.

f.     Notice of Appointment of Receiver

The Receiver continued his efforts to notify all necessary and relevant individuals and entities of the appointment and to protect and preserve the assets of the Receivership Estate. To that end, as they are identified, the Receiver will continue to deliver notices to individuals or entities that have been identified as potentially possessing property, business, books, records, or accounts of the Receivership Defendants, or who may have retained, managed, held, insured, or encumbered, or otherwise been involved with, any of the assets of the Receivership Defendants.

g.     Claimant Communications

The Receiver has provided numerous resources to keep claimants informed. To provide basic information, the Receiver established a webpage (http://rdaplaw.net/receivership-for-equitybuild) for claimants and other interested parties to obtain information and certain court filings related to the Receivership Estate. A copy of this Status Report will be posted on the Receivership web site.

Court filings and orders are also available through PACER, which is an electronic filing system used for submissions to the Court. Investor claimants and others seeking court filings and orders can visit www.ilnd.uscourts.gov for information about accessing filings through PACER.

Beyond those avenues, the Receiver continues to receive and respond to numerous emails and voicemails from claimants and their representatives. The Receiver and his staff responded to about 150 such inquiries during the Fourth Quarter 2020, in addition to numerous oral and other written communications. The Receiver will continue to work to ensure that information is available and/or otherwise provided as quickly and completely as practicable, asks all stakeholders and interested parties for patience during this lengthy process, and reiterates that responding to individual inquiries depletes Receivership assets. These quarterly status reports and the Receiver's

other court filings remain the most efficient means of communicating information regarding the activities of the Receivership Estate.

h.  Control of Receivership Property and Records

The Receiver has continued efforts to preserve all EquityBuild property and records. The Receiver is maintaining two platforms of records and data. On October 9, 2020, the institutional lenders submitted a plan to the Court to process the EquityBuild internal documents and make them available to other claimants and parties. (Dkt. No. 812). Such access will involve a fee as well as agreement regarding keeping the documents confidential. (Dkt. Nos. 911, 915)

i.  Securing Bank and Investment Accounts

The Receiver notified, contacted, and conferred with the banks and other financial institutions identified as having custody or control of funds, accounts, or other assets held by, in the name of, or for the benefit of, directly or indirectly, the Receivership Defendants. The Receiver is still pursuing records from certain institutions.

j.  Factual Investigation

The Receiver and his retained professionals have continued to review and analyze the following: (i) documents and correspondence sent to or received from the EquityBuild principals, to whose email accounts the Receiver has access; (ii) bank records from EquityBuild and its affiliate entities; (iii) EquityBuild documents (largely stored in cloud-based and other electronic media, plus a limited number of hard copy records); (iv) available underlying transaction documents received to-date from former Chicago-based EquityBuild counsel; and (v) files produced by former EquityBuild counsel, accountants, and employees. The Receiver anticipates that additional subpoenas will be issued in the coming months.

k.    <u>Tax Issues</u>

The Receiver has informed investors that he cannot provide advice on tax matters. Moreover, the Receiver and his retained professionals do not plan to issue 1099-INT's. With respect to valuation, loss, or other tax issues, investors and their tax advisors may wish to seek independent tax advice and to consider IRS Rev. Proc. 2009-20 and IRS Rev. Rul. 2009-9.

BrookWeiner was retained to perform accounting, tax, and related work in connection with winding down the business operations of the Receivership Defendants. BrookWeiner also has compiled monthly property statements and property spreadsheets and assisted with cash flow analysis matters. In October, 2020, BrookWeiner prepared thirteen 2017 partnership tax returns. The Receiver does not plan to issue Form K-1s for 2016 and 2017.

l.    <u>Accounts Established by the Receiver for the Benefit of the Receivership Estate</u>

The Receiver established custodial accounts at a federally insured financial institution to hold all cash proceeds from the sale of the Receivership property. These interest-bearing checking accounts are used by the Receiver to collect liquid assets of the Estate and to pay portfolio-related and administrative expenses. The Receiver also established separate interest-bearing accounts to hold funds from the sale of real estate, as directed by Court order, until such time as it becomes appropriate to distribute such funds, upon Court approval, to the various creditors of the Estate, including but not limited to the defrauded investors or lenders. Attached as **<u>Exhibit 2</u>** is a schedule reflecting the balance of funds in these property specific accounts as of December 31, 2020, with a description of any changes to the account balance during the quarter.

## II.    RECEIVER'S FUND ACCOUNTING

The Receiver's Standardized Fund Accounting Report ("SFAR") for the Fourth Quarter 2020 is attached hereto as **<u>Exhibit 3</u>**. The SFAR discloses the funds received and disbursed from

the Receivership Estate during this reporting period.  As reported in the SFAR, cash on hand as of December 31, 2020 equaled $1,181,881.43.  The information reflected in the SFAR is based on records and information currently available to the Receiver.  The Receiver and his advisors are continuing with their evaluation and analysis.

## III.  RECEIVER'S SCHEDULE OF RECEIPTS AND DISBURSEMENTS

The Receiver's Schedules of Receipts and Disbursements ("Schedule") for the Fourth Quarter 2020 are attached hereto as **Exhibit 4.**  These Schedules in the aggregate reflect $149,061.14 in total receipts and $134,407.03 in total disbursements to and from the Receiver's (non-property) accounts.

## IV.  RECEIVERSHIP PROPERTY

All known Receivership Property is identified and described in the Master Asset List attached hereto as **Exhibit 5.**  Additionally, a list of real estate that has been in the Receivership Estate since its inception is attached as **Exhibit 6**, and the balance of the 89 separate interest-bearing accounts established to hold the proceeds from sold real estate is attached as Exhibit 2.

The Master Asset List identifies 56 checking accounts in the names of the affiliate entities identified as Receivership Defendants, reflecting transfers of $213,249.56 to the Receiver's account.  (*See also* Dkt. No. 348 at 23-24 for additional information relating to these funds.) The Master Asset List also identifies funds in the Receiver's account in the amount of $1,181,881.43. (Exhibit 5).  The 89 property-specific accounts holding funds from the sale of those properties cumulatively contained $49,583,260.26 as of December 31, 2020 (Exhibit 2).

The Master Asset List does not include funds received or recovered after December 31, 2020.  Nor does it include potentially recoverable assets for which the Receiver is still evaluating

the value, potential value, and/or ownership interests. The Receiver is in the process of evaluating certain other types of assets that may be recoverable by the Receivership Estate.

## V.   LIQUIDATED AND UNLIQUIDATED CLAIMS HELD BY THE RECEIVERSHIP ESTATE

The Receiver and his attorneys are analyzing and identifying potential claims, including, but not limited to, potential fraudulent transfer claims and claims for aiding and abetting the fraud of the Receivership Defendants.

On August 17, 2020, the Receiver through his retained counsel filed a lawsuit in the Circuit Court of Cook County's Law Division against certain of EquityBuild's former lawyers: (1) the law firm Rock Fusco & Connelly LLC, (2) Ioana Salajanu, a lawyer formerly at Rock Fusco, and (3) the law firm Bregman, Berbet, Chwatz & Gilday, LLC. The Amended Complaint, filed on September 23, 2020, alleges, *inter alia,* professional malpractice as well as aiding and abetting the Cohens' breaches of their fiduciary duties. The Receiver is represented in this matter by Spellmire Bruck LLP, Roeder Law Offices, Porter Law Offices and Rachlis Duff & Peel, LLC. (*See* Dkt. Nos. 759, 801) As of January 15, 2021, all Defendants have answered the complaint in the state court action brought by the Receiver and written discovery has commenced.

As it relates to potential actions against claimants, and as discussed as part of the pending motion for establishment of a claims resolution process, the Receiver anticipates that any such claims would be brought as part of the claims dispute resolution process.

## VI.   CREDITORS AND CLAIMS AGAINST THE RECEIVERSHIP ESTATE

The identification and compilation of claims submitted in this matter has been extraordinarily complex and time-consuming due to the unique circumstances and facts in this case. For example, it appears that in many instances anticipated proceeds of investor-lender loans rolled into new offerings rather than being paid off at maturity. It also appears that in some

circumstances the mortgages securing loans may have been released without investor-lenders' knowledge or consent, allowing the Defendants to refinance the properties with new loans without retiring the existing loans. Moreover, some investor-lenders may have been induced to exchange secured loans for unsecured loans or equity positions through false representations. Additionally, claims against many properties are complicated by cross-collateralized mortgages. The claims process has also been complicated by, among other things: (i) improperly completed proofs of claim, (ii) claims relating to properties that were conveyed to third-parties prior to the establishment of the Receivership; and (iii) claims lacking reference to properties, or relating solely to what appear to be equity investment vehicles.

During the Fourth Quarter 2020, the Receiver continued to work on the accuracy and completeness of its records regarding the nearly 2400 submitted claims.[6] However, despite the claims review and analysis undertaken to date, the Receiver has not yet been able to review all of the documents submitted with each claim form, and thus makes no conclusions or recommendations to the Court or to the claimants as to the validity, certainty, eligibility, or priority of any particular claim at this time. Such review will occur as part of the claims process that is currently under review, and discussed further below.

---

[6] Because many of the Proof of Claim ("POC") forms submitted to the Receiver included claims against more than one property, and many claimants submitted more than one POC for the same claims, the most accurate measure of the total number of claims is the number of unique claims against a particular property or fund, which total nearly 2400. About 165 of these claims, however, are asserted against properties that are not part of the Receivership Estate, because they were sold or otherwise disposed of before the Order Appointing Receiver was entered.

*The Motion To Establish A Process For Resolution Of Claims.*

During the Fourth Quarter of 2020, the Receiver and his counsel proceeded on many fronts in furtherance of a process for the review and resolution of claims and in response to the efforts of certain claimants to have their claims addressed by the Court ahead of the others.

On October 27 and December 17, 2020, the Court held additional telephonic hearings on the Receiver's February 28, 2020 Motion for Approval of Process for Resolution of Disputed Claims (Dkt. No. 638), which proposed a process for the orderly resolution of claims submitted to the Receiver in this matter. (Dkt. Nos. 836, 915) The Court directed the Receiver to work with counsel for claimants to prepare several joint status reports and motions, and in accordance with that directive counsel for the Receiver held several extended conference calls and exchanged multiple rounds of drafts of (1) Joint Status Report Regarding Pending Motions (Dkt. 805) filed on October 2, 2020; (2) Joint Motion to Resolve Disputes Regarding Standard Discovery (Dkt. No. 807) also filed on October 2, 2020; and (3) Joint Status Report Regarding Certain Elements of the Claims Process (Dkt. No. 911) filed on December 16, 2020.[7] Additionally, the Receiver responded to; (4) Certain Institutional Lenders' Proposal for Access to EquityBuild Documents (Dkt. No. 812) on October 27, 2020 (Dkt. No. 828); and (5) Motion for a Protective Order raising privilege issues related to communications with the lenders' insurers (Dkt. No. 866) on November 24, 2020 (Dkt. No. 884).

In connection with the discussions regarding the claims process, the Receiver also divided the properties in the estate into proposed groupings and shared his proposal with counsel for both the institutional lenders and certain of the investor lenders , worked with vendors Axos and Avalon

---

[7] A second Joint Status Report regarding the claims process was filed on January 22, 2021 (Dkt. No. 928). A substantial amount of the work on this latter report was conducted during the Fourth Quarter of 2020.

to ready the claims documentation for transfer to claimants, met with vendors CloudNine and TeamWerks to evaluate and receive training on their electronic discovery platform, and worked with the institutional lenders to draft a proposed order implementing the first phase of the claims process.

There was also a substantial amount of activity in this Court and the Seventh Circuit Court of Appeals initiated by certain of the institutional lender claimants: Briefing was completed on (1) the pending Motion for Priority Determination and Turnover of Sale Proceeds (Dkt. Nos. 785, 806, 817); (2) Motion for Reconsideration of the Court's September 23, 2020 minute order (Dkt. No. 801) related to the claims process (Dkt. Nos. 814, 818, 822, 823, 849), which was denied by the Court on December 17, 2020 (Dkt. 915); (3) Motion to Stay Sales and Motion for Certification of Interlocutory Appeal (Dkt. Nos. 832, 833, 834, 854, 862, 870), which were denied as moot in light of the Seventh Circuit's dismissal of the appeal on December 11, 2020. (Dkt. No. 898, 899); and (4) the Receiver's Motion to Dismiss the Appeal, which was granted by the Seventh Circuit Court of Appeals on December 11, 2020.[8]

This Court has indicated that the claims resolution process that will be implemented will be a comprehensive process where all issues will be reviewed. Accordingly, the Receiver anticipates utilizing this process to review all claims, including but not limited to their validity, fairness, amount, legality and classification, as the process is meant to be comprehensive and will allow for discovery and the like such that all matters regarding a property can be addressed at one time in one process..

---

[8] As noted in Section I(b), Ventus Holdings also made several filings before the Court and the Seventh Circuit in an effort to stop the sales of three properties, all of which were denied.

The institutional lenders have raised a myriad of objections regarding each stage of the proposed process for the resolution of claims, which the Receiver responded to both orally and in writing during the quarter. These objections include the Receiver's role in the evaluation and resolution of competing claims and the Court's priority determinations, the scope and timing of discovery, the appropriateness of summary proceedings, the timing and mechanism for the Receiver's affirmative assertion of avoidance claims, and the means through which the costs for the administrative expenses associated with the process will be handled. The Court is continuing to evaluate various issues regarding the claims resolution process and to that end, another status conference was held on January 29, 2021.

Pursuant to the Court's order, the Receiver and his counsel worked with counsel for the institutional lenders on the hosting of EquityBuild's internal documents to provide access to all claimants, and to prepare standard discovery requests to investor-lender claimants and to institutional-lender claimants and a protective order governing the discovery of confidential information. Pursuant to such discussions and further approvals and instructions from the Court as set forth in a conference held on December 17, 2020, a process is being established where efforts will be made to create the EquityBuild document library where access will be permitted for a small fee for a limited time period of approximately six months. Separately, over the a three month period, links to claims submitted for a property will be provided to each claimant on that property, subject to terms on a confidentiality order that the court has entered. The Agreed Confidentiality Order was entered by the Court on December 19, 2020 (Dkt. No. 917), and a proposed order relating to claimants' access to the EquityBuild and claims documentation has been presented to the Court and awaits entry.

As reflected in the December 17, 2020 status conference, the Court has also reviewed and largely approved of standard discovery that will issued to each participant in a given group, in the hope of expediting the resolution of each group. A few items related to standard discovery remain under review, as do other matters regarding the other discovery to occur during the claims resolution process.

Finally, some reminders regarding claims: Claimants may want to consider whether to hire counsel to assist them with the claims process. Claimants do not have an obligation to retain counsel in order to participate in the claims process, but the Receiver and his counsel cannot provide legal advice to any claimant, nor can the Receiver advise claimants regarding whether or not they should retain counsel. Any claimant that choses to proceed without counsel should visit the section of the Court's website (www.ilnd.uscourts.gov) named "Information for People Without Lawyers (Pro Se)" which provides useful information and also states the following: "The rules, procedures and law that affect your case are very often hard to understand. With that in mind, you should seriously consider trying to obtain professional legal assistance from an attorney instead of representing yourself as a pro se party." Claimants may also want to speak with a lawyer to assist them in determining for themselves whether or not to retain counsel.

All claimants have a continuing responsibility to ensure that the Receiver at all times has current and up-to-date contact information so that the Receiver may provide important information relating to the claims process, the claimant's claim, or the Receivership Estate. Claimants may provide changes to or updated contact information to the Receiver at equitybuildclaims@rdaplaw.net.

## VII. PROFESSIONAL FEES AND EXPENSES

As of December 31, 2020, there were $2,054,140.47 in unpaid fees and expenses for all professionals that have been approved by the Court, and the Receiver has submitted applications for an additional $403,064.48 of professional fees for the third quarter of 2020 (Dkt. No. 885), which remains pending. On October 26, 2020, the Court granted the Receiver's request for a lien on the estate assets and their proceeds to cover the Receiver's fees and other approved Receivership expenses that may exceed the Estate's unencumbered funds, and indicated that the priority of the lien will be determined as part of the claims process. (Dkt. No. 824)

## VIII. CONCLUSION

At this time, the Receiver recommends the continuation of the Receivership for at least the following reasons:

1.    Preservation, maintenance, and operation of the assets in the Receivership Estate;

2.    The continued investigation and analysis of current assets and potentially recoverable assets for which the Receiver is still evaluating the value, potential value, and/or ownership interests;

3.    The continued efforts of the Receiver to dispose of various assets of the Receivership Estate on the best possible terms;

4.    The continued investigation and analysis of the potential claims against the Receivership Estate, including, but not limited to, the claims and records of investors;

5.    The continued investigation, analysis, and recovery of potential fraudulent transfer claims and claims against third parties;

6.    The continued analysis and formulation, in consultation with the SEC and the Court, of a just and fair distribution plan for the creditors of the Receivership Estate; and

7.     The discharge of any other legal and/or appointed duties of the Receiver as identified in the August 17, 2018 Order Appointing Receiver, or as the Court deems necessary.

Dated:  February 1, 2021                    Kevin B. Duff, Receiver

                                    By:     /s/  Michael Rachlis
                                            Michael Rachlis (mrachlis@rdaplaw.net)
                                            Jodi Rosen Wine (jwine@rdaplaw.net)
                                            Rachlis Duff & Peel, LLC
                                            542 South Dearborn Street, Suite 900
                                            Chicago, IL 60605
                                            Phone (312) 733-3950; Fax (312) 733-3952

## CERTIFICATE OF SERVICE

I hereby certify that I provided service of the foregoing Receiver's Tenth Status Report, via ECF filing, to all counsel of record on February 1, 2021.

I further certify that I caused true and correct copies of the foregoing to be served upon the following individuals or entities by electronic mail:

- All known EquityBuild investors; and

- All known individuals or entities that submitted a proof of claim in this action (sent to the e-mail address each claimant provided on the claim form).

I further certify that the Receiver's Tenth Status Report will be posted to the Receivership webpage at: http://rdaplaw.net/receivership-for-equitybuild

/s/  Michael Rachlis

Michael Rachlis
Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone (312) 733-3950
Fax (312) 733-3952
mrachlis@rdaplaw.net

# EXHIBIT 1

| Prop # | PROPERTY ADDRESS | CLOSING DATE | SALE PRICE | AMOUNT OF NET PROCEEDS |
|---|---|---|---|---|
| | | ALL CLOSED PROPERTIES | | |
| 3 | 5001-05 S Drexel | 5/22/2019 | $2,800,000.00 | $2,579,171.14 |
| 9 | 8100 S Essex | 4/30/2019 | $1,100,000.00 | $887,701.86 |
| 11 | 7500-06 S Eggleston | 4/26/2019 | $960,000.00 | $841,038.85 |
| 14 | 7549-59 S Essex | 4/26/2019 | $1,175,000.00 | $1,074,337.60 |
| 79 | 6160-6212 S Martin LK | 4/30/2019 | $785,000.00 | $532,278.72 |
| 102 | 7927-29 S Essex | 5/1/2019 | $175,000.00 | $141,875.84 |
| 103 | 7933-35 S Essex | 5/1/2019 | $175,000.00 | $142,485.14 |
| 104 | 7937-39 S Essex | 5/1/2019 | $175,000.00 | $141,990.37 |
| 105 | 7943-45 S Essex | 5/1/2019 | $175,000.00 | $136,204.61 |
| 106 | 7947-49 S Essex | 5/1/2019 | $175,000.00 | $142,012.95 |
| 10 | 7301-09 S Stewart | 11/4/2019 | $650,000.00 | $587,383.53 |
| 62 | 7834 S Ellis | 11/4/2019 | $1,777,000.00 | $1,655,750.17 |
| 58 | 5955 S Sacramento | 11/5/2019 | $570,000.00 | $497,643.46 |
| 59 | 6001 S Sacramento | 11/5/2019 | $435,000.00 | $379,772.49 |
| 60 | 7026 Cornell | 11/6/2019 | $1,110,000.00 | $918,748.46 |
| 12 | 3030 E 79th | 11/12/2019 | $400,000.00 | $351,680.90 |
| 13 | 2909 E 78th | 11/14/2019 | $1,426,000.00 | $1,276,569.01 |
| 71 | 701 S 5th Avenue | 3/31/2020 | $975,000.00 | $520,541.83 |
| 77 | 7750 S. Muskegon | 12/18/2019 | $700,000.00 | $582,979.54 |
| 92 | 7748 S. Essex | 12/18/2019 | $1,350,000.00 | $1,217,423.87 |
| 75 | 7625 S. East End | 12/20/2019 | $1,250,000.00 | $1,156,782.51 |
| 76 | 7635 S. East End | 12/20/2019 | $1,170,000.00 | $1,084,045.74 |
| 15 | 8047 S. Manistee | 2/5/2020 | $975,000.00 | $867,058.48 |
| 5 | 7749 S. Yates | 4/22/2020 | $925,000.00 | $785,629.17 |
| 115 | 1050 8th Ave, Naples, FL | 4/24/2020 | $950,000.00 | $393,043.13 |
| 65 | 6749 S. Merrill | 4/28/2020 | $1,480,000.00 | $1,384,437.44 |
| 112 | 7450 S. Luella | 5/7/2020 | $278,000.00 | $211,313.61 |
| 88 | 7546 S. Saginaw | 5/13/2020 | $625,000.00 | $536,319.43 |
| 95 | 8201 S. Kingston | 5/21/2020 | $400,000.00 | $313,377.74 |
| 63 | 4520 S. Drexel | 5/21/2020 | $6,110,000.00 | $5,814,278.91 |
| 96 | 8326-32 S Ellis Avenue | | | |
| 97 | 8334-40 S Ellis Avenue | 6/11/2020 | $1,610,000.00 | $1,403,225.03 |
| 98 | 8342-50 S Ellis Avenue | | | |
| 99 | 8352-58 S Ellis Avenue | | | |
| 4 | 5450 S. Indiana Avenue | 6/25/2020 | $1,800,000.00 | $1,656,600.96 |
| 6 | 6437 S. Kenwood Avenue | 6/25/2020 | $1,415,000.00 | $1,317,322.28 |

| 50 | 7760 S. Coles | 6/26/2020 | $260,000.00 | $188,195.94 | | |
|---|---|---|---|---|---|---|
| 54 | 8000 S. Justine | 6/26/2020 | $375,000.00 | $297,778.30 | | |
| 55 | 8107 S. Ellis | 6/30/2020 | $220,000.00 | $175,605.67 | | |
| 57 | 8214 S. Ingleside | 6/30/2020 | $350,000.00 | $267,219.19 | | |
| 56 | 8209 S. Ellis | 7/1/2020 | $375,000.00 | $308,848.22 | | |
| 100 | 11117 S. Longwood | 7/8/2020 | $1,750,000.00 | $1,599,854.81 | | |
| 49 | 7300-04 S. St. Lawrence | 7/27/2020 | $330,000.00 | $283,239.84 | | |
| 66 | 7110-16 S. Cornell | 8/13/2020 | $1,240,000.00 | $1,145,576.16 | | |
| 93 | 7957-59 S. Marquette | 9/21/2020 | $351,000.00 | $279,775.32 | | |
| 84 | 7051 S. Bennett | 9/23/2020 | $600,000.00 | $482,797.05 | | |
| 74 | 3074 Cheltenham | 9/24/2020 | $1,060,000.00 | $960,348.38 | | |
| 80 | 2736-44 W. 64th | 9/29/2020 | $418,000.00 | $373,122.98 | | |
| 110 | 5618-20 S. King | 9/29/2029 | $646,000.00 | $584,772.08 | | |
| 83 | 6356 S. California | 9/29/2020 | $375,000.00 | $312,552.66 | | |
| 82 | 6355-59 S. Talman | 9/29/2020 | $577,000.00 | $472,139.56 | | |
| 78 | 7201 S. Constance | 9/30/2020 | $1,100,000.00 | $951,411.73 | | |
| 111 | 6554-58 S.Vernon | 10/15/2020 | $576,000.00 | $528,668.50 | **4th Quarter 2020** | |
| 1 | 1700-08 W. Juneway | 10/20/2020 | $2,800,000.00 | $2,628,031.19 | **Total Sale Price** | **Total Net Proceeds** |
| 85 | 7201-07 S. Dorchester | 10/20/2020 | $495,000.00 | $413,136.81 | | |
| 87 | 7508 S. Essex | 10/28/2020 | $755,000.00 | $690,807.52 | | |
| 115 | 431 E. 42nd | 11/5/2020 | $82,500.00 | $59,375.71 | | |
| 91 | 7701-03 S. Essex | 11/16/2020 | $700,000.00 | $641,060.09 | | |
| 86 | 7442-54 S. Calumet | 11/16/2020 | $565,000.00 | $518,560.89 | | |
| 94 | 816-22 E. Marquette | 11/18/2020 | $805,000.00 | $747,245.26 | | |
| 101 | 6949-59 S. Merrill | 12/1/2020 | $1,520,000.00 | $1,404,824.55 | | |
| 2 | 4533-47 S. Calumet | 12/1/2020 | $2,120,000.00 | $1,969,074.99 | | |
| 81 | 4315-19 S. Michigan | 12/2/2020 | $850,000.00 | $787,969.95 | | |
| 89 | 7600-10 S. Kingston | 12/2/2020 | $1,530,000.00 | $1,377,207.46 | | |
| 90 | 7656-58 S. Kingston | 12/2/2020 | $320,000.00 | $230,791.66 | | |
| 67 | 1131-41 E 79th Place | 12/22/2020 | $1,150,000.00 | $1,055,876.12 | | |
| 69 | 6250 S Mozart Street | 12/22/2020 | $925,000.00 | $843,372.55 | | |

| | | | $61,296,500.00 | $54,110,265.91 | $15,193,500.00 | $13,896,003.25 |
|---|---|---|---|---|---|---|

# EXHIBIT 2

*SEC v. EquityBuild, Inc., et al.*

No. 18-cv-5587

**Balances of Funds in Property Specific Accounts as of December 31, 2020**

| Account Number | Account Name | Account Balance (as of December 31, 2020) | Date of Settlement | Reason for Change (if any) 10/1/20 - 12/31/20 |
|---|---|---|---|---|
| 0025 | 7301 S Stewart Ave | $302,674.81 | 11/4/2019 | Interest earned, $190.15 |
| 0033 | 5001-05 S Drexel | $2,719,323.46 | 5/22/2019 | Interest earned, $1,708.33 |
| 0041 | 7927-49 S Essex | $642,868.78 | 5/1/2019 | Interest earned, $403.86 |
| 0058 | 8100-14 S Essex | $926,599.60 | 4/30/2019 | Interest earned, $582.10 |
| 0066 | 6160-6212 S King | $428,856.60 | 4/30/2019 | Interest earned, $269.41 |
| 0108 | 8047 S. Manistee | $806,947.63 | 2/5/2020 | Interest earned, $506.93 |
| 0116 | 5955 S. Sacramento | $448,986.96 | 11/5/2019 | Interest earned, $282.06 |
| 0124 | 6001-05 S. Sacramento | $327,036.56 | 11/5/2019 | Interest earned, $205.45 |
| 0132 | 7026-42 S. Cornell | $865,975.06 | 11/6/2019 | Interest earned, $544.01 |
| 0157 | 7834-44 S. Ellis | $1,632,532.19 | 11/4/2019 | Interest earned, $1,025.58 |
| 0165 | 701-13 S. 5th Avenue | $597,747.79 | 3/31/2020 | Refund from title company of unused escrow funds, $142,798.11; interest earned, $354.06 |
| 0199 | 7625 S. East End | $1,238,662.35 | 12/20/2019 | Interest earned, $778.15 |
| 0207 | 7635 S. East End | $1,046,270.38 | 12/20/2019 | Interest earned, $657.28 |
| 0215 | 7748 S. Essex | $1,169,126.89 | 12/18/2019 | Interest earned, $734.46 |
| 0223 | 7750 S. Muskegon | $408,538.52 | 12/18/2019 | Interest earned, $256.65 |
| 0231 | 7749-59 S. Yates | $647,543.90 | 4/22/2020 | Transfer to Receiver's account in accordance with Order (#843) on 2d restoration motion ($139,383.80); interest earned, $434.41 |
| 0249 | 7450 S. Luella | $186,135.60 | 5/7/2020 | Interest earned, $116.93 |
| 0256 | 4520-26 S. Drexel | $5,883,614.92 | 5/21/2020 | Interest earned, $3,696.18 |
| 0264 | 6749-59 S. Merrill | $1,398,209.10 | 4/28/2020 | Interest earned, $878.38 |
| 0272 | 7110 S. Cornell | $1,146,680.00 | 8/13/2020 | Interest earned, $720.36 |
| 0298 | 7600 S. Kingston | $1,377,480.29 | 12/3/2020 | Proceeds from 12/3/20 sale of property, $1,377,207.46; interest earned, $272.83 |
| 0306 | 7656 S. Kingston | $230,837.38 | 12/2/2020 | Proceeds from 12/2/20 sale of property, $230,791.66; interest earned, $45.72 |
| 0314 | 8201 S. Kingston | $279,204.19 | 5/21/2020 | Interest earned, $175.40 |
| 0322 | 8326-58 S. Ellis | $1,311,281.33 | 6/11/2020 | Refund from title company of unused escrow funds, $2,000.00; interest earned, $823.47 |
| 0330 | 6949-59 S. Merrill | $1,405,122.05 | 12/1/2020 | Proceeds from 12/1/20 sale of property, $1,404,824.55; interest earned, $297.50 |
| 0355 | 7546 S. Saginaw | $510,616.73 | 5/13/2020 | Interest earned, $321.65 |
| 0363 | 638 N. Avers | $336,001.06 | n/a | Insurance settlement for fire damage (additional amount) $111,758.22; payment of property management expenses, ($13,140.29); payment of commission to insurance broker ($32,486.92); payment of fees to fire board-up service ($11,139.00); interest earned, $191.10 |
| 0371 | 5450 S. Indiana | $1,650,075.30 | 6/25/2020 | Transfer to Receiver's account in accordance with Order (#843) on 2d restoration motion ($8,679.15); interest earned, $1,041.16 |
| 0389 | 6437 S. Kenwood | $1,317,233.21 | 6/25/2020 | Interest earned, $829.77 |
| 0397 | 7300 S. St. Lawrence | $283,544.58 | 7/27/2020 | Interest earned, $178.62 |
| 0405 | 7760 S. Coles | $120,606.44 | 6/26/2020 | Interest earned, $75.98 |
| 0413 | 8000 S. Justine | $184,483.98 | 6/26/2020 | Interest earned, $116.21 |
| 0421 | 8107-09 S. Ellis | $94,916.63 | 6/30/2020 | Interest earned, $59.80 |
| 0439 | 8209 S. Ellis | $253,342.74 | 7/1/2020 | Interest earned, $159.59 |
| 0447 | 8214-16 S. Ingleside | $204,692.87 | 6/30/2020 | Interest earned, $127.54 |
| 0454 | 11117 S. Longwood | $1,589,102.58 | 7/8/2020 | Interest earned, $1,001.04 |
| 0462 | 1700 Juneway | $2,629,327.52 | 10/20/2020 | Proceeds from 10/20/20 sale of property, $2,628,031.19; interest earned, $1,296.33 |
| 0470 | 1131-41 E. 79th | $1,055,948.44 | 12/22/2020 | Proceeds from 12/22/20 sale of property, $1,055,876.12; interest earned, $72.32 |
| 0488 | 2736 W. 64th | $373,360.72 | 9/29/2020 | Interest earned, $235.19 |

*SEC v. EquityBuild, Inc., et al.*

No. 18-cv-5587

**Balances of Funds in Property Specific Accounts as of December 31, 2020**

| Account Number | Account Name | Account Balance (as of December 31, 2020) | Date of Settlement | Reason for Change (if any) 10/1/20 - 12/31/20 |
|---|---|---|---|---|
| 0496 | 3074 Cheltenham | $1,012,831.26 | 9/24/2020 | Post-sale reconciliation proceeds from property manager, $51,828.28; interest earned, $608.56 |
| 0504 | 5618 S. Martin Luther King | $601,063.85 | 9/29/2020 | Interest earned, $378.64 |
| 0512 | 6250 S. Mozart | $863,100.40 | 12/22/2020 | Proceeds from 12/22/20 sale of property, $843,372.55; interest earned, $70.16 |
| 0520 | 6355 S. Talman | $472,440.40 | 9/29/2020 | Interest earned, $297.61 |
| 0538 | 6356 S. California | $312,751.81 | 9/29/2020 | Interest earned, $197.01 |
| 0546 | 6554-58 S. Vernon | $528,947.39 | 10/15/2020 | Proceeds from 10/15/20 sale of property, $528,668.50; interest, $278.89 |
| 0553 | 7051 S. Bennett | $483,127.84 | 9/23/2020 | Interest earned, $304.34 |
| 0561 | 7201 S. Constance | $952,017.95 | 9/30/2020 | Interest earned, $599.71 |
| 0579 | 7201-07 S. Dorchester | $416,779.79 | 10/20/2020 | Proceeds from 10/20/20 sale of property, $413,136.81; refund from title company of unused escrow funds, $3,438.04; interest earned, $204.94 |
| 0587 | 7508 S. Essex | $691,115.13 | 10/28/2020 | Proceeds from 10/28/20 sale of property, $690,807.52; interest earned, $307.61 |
| 0595 | 7957 S. Marquette | $279,970.84 | 9/21/2020 | Interest earned, $176.36 |
| 0603 | 4533 S. Calumet | $1,969,944.25 | 12/1/2020 | Proceeds from 12/1/20 sale of property, $1,969,074.99; interest earned, $418.42 |
| 0611 | 1017 W. 102nd | $4,496.31 | n/a | Interest earned, $2.83 |
| 0629 | 1516 E. 85th | $2,903.75 | n/a | Interest earned, $1.83 |
| 0637 | 417 Oglesby | $369.96 | n/a | Interest earned, $0.23 |
| 0645 | 7922 S. Luella | $200.67 | n/a | Interest earned, $0.13 |
| 0652 | 7925 S. Kingston | $2,056.09 | n/a | Interest earned, $1.29 |
| 0660 | 8030 S. Marquette | $1,414.11 | n/a | Interest earned, $0.89 |
| 0678 | 8104 S. Kingston | $2,647.79 | n/a | Interest earned, $1.67 |
| 0686 | 8403 S. Aberdeen | $2,354.58 | n/a | Interest earned, $1.48 |
| 0694 | 8405 S. Marquette | $1,945.78 | n/a | Interest earned, $1.23 |
| 0702 | 8529 S. Rhodes | $935.69 | n/a | Interest earned, $0.59 |
| 0710 | 9212 S. Parnell | $2,461.76 | n/a | Interest earned, $1.55 |
| 0728 | 10012 S. LaSalle | $2,024.92 | n/a | Interest earned, $1.27 |
| 0736 | 11318 S. Church | $1,159.98 | n/a | Interest earned, $0.73 |
| 0744 | 6554 S. Rhodes | $1,086.73 | n/a | Interest earned, $0.68 |
| 0751 | 6825 S. Indiana | $1,054.11 | n/a | Interest earned, $0.66 |
| 0769 | 7210 S. Vernon | $224.23 | n/a | Interest earned, $0.15 |
| 0777 | 7712 S. Euclid | $1,642.25 | n/a | Interest earned, $1.04 |
| 0785 | 8107 S. Kingston | $367.55 | n/a | Interest earned, $0.23 |
| 0793 | 8346 S. Constance | $1,471.84 | n/a | Interest earned, $0.92 |
| 0801 | 8432 S. Essex | $393.52 | n/a | Interest earned, $0.25 |
| 0819 | 8517 S. Vernon | $1,174.48 | n/a | Interest earned, $0.74 |
| 0827 | 2129 W. 71st | $1,002.69 | n/a | Interest earned, $0.63 |
| 0835 | 9610 S. Woodlawn | $2,330.52 | n/a | Interest earned, $1.47 |
| 0843 | 1401 W. 109th | $2,368.74 | n/a | Interest earned, $1.49 |
| 0850 | 1139 E. 79th | $3,706.04 | n/a | Interest earned, $2.33 |
| 0868 | 4611 S. Drexel | $43,820.47 | n/a | Interest earned, $27.61 |
| 0876 | 6217 S. Dorchester | $12,826.65 | n/a | Interest earned, $8.08 |
| 0884 | 7255 S. Euclid | $26,425.71 | n/a | Interest earned, $16.65 |
| 0892 | 7024 S. Paxton | $45,157.36 | n/a | Interest earned, $28.45 |
| 0900 | 4317 S. Michigan | $791,811.22 | 12/2/2020 | Proceeds from 12/2//20 sale of property, $787,969.95; interest earned, $164.24 |
| 0918 | 7701 S. Essex | $646,029.07 | 11/16/2020 | Proceeds from 11/16/20 sale of property, $641,060.09; interest earned, $200.62 |
| 0926 | 816 E. Marquette | $752,554.46 | 11/18/2020 | Proceeds from 11/18/20 sale of property, $747,245.26; interest earned, $228.44 |
| 0934 | 1422 E. 68th | $1,823.22 | n/a | Interest earned, $1.15 |
| 0942 | 2800 E. 81st | $5,401.18 | n/a | Interest earned, $3.40 |

*SEC v. EquityBuild, Inc., et al.*
No. 18-cv-5587
Balances of Funds in Property Specific Accounts as of December 31, 2020

| Account Number | Account Name | Account Balance (as of December 31, 2020) | Date of Settlement | Reason for Change (if any) 10/1/20 - 12/31/20 |
|---|---|---|---|---|
| 0959 | 4750 S. Indiana | $13,133.06 | n/a | Interest earned, $8.28 |
| 0967 | 7840 S. Yates | $8,764.09 | n/a | Interest earned, $5.53 |
| 0975 | 7442-48 S. Calumet | $518,720.74 | 11/16/2020 | Proceeds from 11/16/20 sale of property, $518,560.89; interest earned, $159.85 |
| 0983 | 431 E. 42nd Place | $59,398.89 | 11/5/2020 | Proceeds from 11/5/20 sale of property, $59,375.71; interest earned, $23.18 |
| | | | | |
| | **TOTAL FUNDS HELD:** | **$49,583,260.26** | | |

# EXHIBIT 3

STANDARDIZED FUND ACCOUNTING REPORT for EQUITYBUILD, INC., et al. - Cash Basis
Receivership; Civil Court Docket No. 18-cv-05587
Reporting Period 10/1/2020 to 12/31/2020

| Fund Accounting (See Instructions): | | Detail | Subtotal | Grand Total |
|---|---|---|---|---|
| Line 1 | Beginning Balance (As of 10/1/2020): | $1,167,227.32 | | $1,167,227.32 |
| | *Increases in Fund Balance:* | | | |
| Line 2 | Business Income | | | |
| Line 3 | Cash and unliquidated assets | | | |
| Line 4 | Interest/Dividend Income | $758.19 | | |
| Line 5 | Business Asset Liquidation | | | |
| Line 6 | Personal Asset Liquidation | | | |
| Line 7 | Net Income from Properties | | | |
| Line 8 | Miscellaneous - Other¹ | $148,302.95 | | |
| | Total Funds Available (Line 1-8): | | | $1,316,288.46 |
| | *Decrease in Fund Balance:* | | | |
| Line 9 | Disbursements to Investors | | | |
| Line 10 | Disbursements for receivership operations | | | |
| Line 10a | Disbursements to receiver or Other Profesionals | | | |
| Line 10b | Business Asset Expenses² | ($134,407.03) | | |
| Line 10c | Personal Asset Expenses | | | |
| Line 10d | Investment Expenses | | | |
| Line 10e | Third-Party Litigation Expenses | | | |
| | 1. Attorney Fees | | | |
| | 2. Litigation Expenses | | | |
| | Total Third-Party Litigation Expenses | | $0.00 | |
| Line 10f | Tax Administrator Fees and Bonds | | | |
| Line 10g | Federal and State Tax Payments | | | |
| | Total Disbursements for Receivership Operations | | ($134,407.03) | |
| Line 11 | Disbursements for Distribution Expenses Paid by the Fund: | | | |
| Line 11a | Distribution Plan Development Expenses: | | | |
| | 1. Fees: | | | |
| | Fund Administrator………………………………………… | | | |
| | Independent Distribution Consultant (IDC)………………… | | | |
| | Distribution Agent………………………………………… | | | |
| | Consultants………………………………………………. | | | |
| | Legal Advisers…………………………………………….. | | | |
| | Tax Advisers…………………………………………….. | | | |
| | 2. Administrative Expenses | | | |
| | 3. Miscellaneous | | | |
| | Total Plan Development Expenses | | $0.00 | |
| Line 11b | Distribution Plan Implementation Expenses: | | | |
| | 1. Fees: | | | |
| | Fund Administrator……………………………………….. | | | |
| | IDC…………………………………………………………. | | | |

STANDARDIZED FUND ACCOUNTING REPORT for EQUITYBUILD, INC., et al. - Cash Basis
Receivership; Civil Court Docket No. 18-cv-05587
Reporting Period 10/1/2020 to 12/31/2020

| | | | | |
|---|---|---|---|---|
| | Distribution Agent………………………………………… | | | |
| | Consultants………………………………………………… | | | |
| | Legal Advisers…………………………………………… | | | |
| | Tax Advisers……………………………………………… | | | |
| | 2. Administrative Expenses | | | |
| | 3. Investor identification | | | |
| | Notice/Publishing Approved Plan………………………… | | | |
| | Claimant Identification…………………………………… | | | |
| | Claims Processing………………………………………… | | | |
| | Web Site Maintenance/Call Center……………………… | | | |
| | 4. Fund Adminstrator Bond | | | |
| | 5. Miscellaneous | | | |
| | 6. Federal Account for Investor Restitution | | | |
| | (FAIR) reporting Expenses | | | |
| | Total Plan Implementation Expenses | | | |
| | Total Disbursement for Distribution Expenses Paid by the Fund | $0.00 | | |
| Line 12 | **Disbursement to Court/Other:** | | | |
| Line 12a | *Investment Expenses/Court Registry Investment* | | | |
| | *System (CRIS) Fees* | | | |
| Line 12b | *Federal Tax Payments* | | | |
| | Total Disbursement to Court/Others: | | | |
| | Total Funds Disbursed (Lines 1-12): | | | ($134,407.03) |
| Line 13 | **Ending Balance (As of 12/31/2020):** | | | $1,181,881.43 |
| Line 14 | **Ending Balance of Fund - Net Assets:** | | | |
| Line 14a | *Cash & Cash Equivalents* | | | $1,181,881.43 |
| Line 14b | *Investments (unliquidated Huber/Hubadex investments)* | | | |
| Line 14c | *Other Assets or uncleared Funds* | | | |
| | **Total Ending Balance of Fund - Net Assets** | | | $1,181,881.43 |

*¹ Refund of insurance premium financing payments for sold propert7 (6751 S Merrill) - $240.00; funds transfers from property accounts per 10/30/20 Order (#843) on 2d restoration motion - $148,062.95; TOTAL: $148,302.95*

*² Insurance ($96,968.83); property utilities ($11,023.69); property security installations ($4,591.08); property repairs ($10,076.68): property management fees ($2,003.00); payment of retained professional fees for 1Q and 2Q2020 per 10/26/20 Order (#824); ($9,743.75); TOTAL $134,407.03.*

Receiver:

/s/ Kevin B. Duff

STANDARDIZED FUND ACCOUNTING REPORT for EQUITYBUILD, INC., et al. - Cash Basis
Receivership; Civil Court Docket No. 18-cv-05587
Reporting Period 10/1/2020 to 12/31/2020

(Signature)

Kevin B. Duff, Receiver EquityBuild, Inc., et al.
(Printed Name)

Date: _____ January 26, 2021 _____

# EXHIBIT 4

EQUITYBUILD RECEIVERSHIP ESTATE ACCOUNT #0181
October-December 2020
Schedule of Receipts and Disbursements

| | | | | |
|---|---|---|---|---|
| **Beginning Balance 10/1/20** | | | | **$1,040,573.76** |
| | | | | |
| **RECEIPTS** | | | | |
| | | **Received From** | **Amount** | |
| Transfer In | 10/30/2020 | Transfer from 5450 Indiana property account in accordance with Order (#843) on 2d restoration motion | $8,679.15 | |
| Transfer In | 10/30/2020 | Transfer from 7749 Yates property account in accordance with Order (#843) on 2d restoration motion | $139,383.80 | |
| | 11/1/2020 | Interest | $224.61 | |
| | 11/30/2020 | Interest | $223.49 | |
| Deposit | 12/10/2020 | Insurance premium refund (Endorsement 15 on policy # PRMA1-2019-EQB deleting 6751 S. Merrill) | $240.00 | |
| | 12/31/2020 | Interest | $230.48 | |
| | | TOTAL RECEIPTS: | | $148,981.53 |
| | | | | |
| **DISBURSEMENTS** | | | | |
| | | **Paid To** | **Amount** | |
| Wire Out | 10/6/2020 | First American Title Ins. Co. (to pay in full water bill for 5618 S MLK at closing) | ($1,975.02) | |
| Wire Out | 10/7/2020 | First Funding (installment on premium financing agreement - GL & umbrella ins) | ($23,164.00) | |
| Wire Out | 10/14/2020 | Paper Street (3 months DAWGS at 7237 S Bennett) | ($4,591.08) | |
| Wire Out | 10/20/2020 | Paper Street (utilities at 1401 W 109th, $1,400.03; 7201 S Dorchester, $4,149.52) | ($5,549.55) | |
| Wire Out | 10/30/2020 | First Funding (installment on premium financing agreement - property ins) | ($16,012.98) | |
| Wire Out | 11/12/2020 | First Funding (installment on premium financing agreement - GL & umbrella ins) | ($11,292.46) | |
| Wire Out | 11/27/2020 | First Funding (installment on premium financing agreement - property ins) | ($14,635.58) | |
| Wire Out | 12/9/2020 | First Funding (installment on premium financing agreement - GL & umbrella ins) | ($17,228.23) | |
| 20024 | 12/9/2020 | Axos Fiduciary Services - Invoice 119006, 126002 (EB fees, 1Q & 2Q2020) | ($7,538.75) | |

EQUITYBUILD RECEIVERSHIP ESTATE ACCOUNT #0181
October-December 2020
Schedule of Receipts and Disbursements

| | | | | |
|---|---|---|---|---|
| 20025 | 12/9/2020 | Prometheum Technologies, Inc. - Inv 11083, 11599 (EB fees 1Q & 2Q2020) | ($1,155.00) | |
| 20026 | 12/9/2020 | Kraus Law Firm - Inv 24830 (EB fees 1Q & 2Q2020) | ($1,050.00) | |
| Wire Out | 12/23/2020 | First American Title Ins. Co. (to pay in full water bill for 4533 S Calumet post closing) | ($3,311.04) | |
| Wire Out | 12/23/2020 | Paper Street (property management expenses for 1401 W 109th)[1] | ($12,267.76) | |
| Wire Out | 12/23/2020 | First Funding (installment on premium financing agreement - property ins) | ($14,635.58) | |
| | | TOTAL DISBURSEMENTS: | | ($134,407.03) |
| | | | | |
| | | **Grand Total Cash on Hand at 12/31/2020:** | | **$1,055,148.26** |
| | | | | |
| | | | | |
| [1]Rent Ready Apartments | $8,026.68 | | | |
| Paper Street Realty, LLC | $500.00 | | | |
| | | | | |
| Rent Ready Apartment  - Rehab | $2,050.00 | | | |
| Peoples Gas | $55.37 | | | |
| City of Chicago- Utility | $132.71 | | | |
| MII Overdraw | $1,503.00 | | | |
| **Total** | $12,267.76 | | | |

EQUITYBUILD RECEIVERSHIP ESTATE ACCOUNT #0348
October-December 2020
Schedule of Receipts and Disbursements

| | | | | |
|---|---|---|---|---|
| **Beginning Balance 10/1/20** | | | | **$126,653.56** |
| | | | | |
| **RECEIPTS** | | | | |
| | | **Received From** | **Amount** | |
| | 11/1/20 | Interest | $27.69 | |
| | 11/30/20 | Interest | $25.09 | |
| | 12/31/20 | Interest | $26.83 | |
| | | TOTAL RECEIPTS: | | $79.61 |
| | | | | |
| **DISBURSEMENTS** | | | | |
| | | **Paid To** | **Amount** | |
| | | | | |
| | | TOTAL DISBURSEMENTS: | | $0.00 |
| | | | | |
| | | **Grand Total Cash on Hand at 12/31/2020:** | | **$126,733.17** |

# EXHIBIT 5

**Master Asset List**

| Receiver's Account (as of 12/31/2020) | | |
|---|---|---|
| **Institution** | **Account Information** | **Amount** |
| AXOS Fiduciary Services | Checking #0181 | $1,055,148.26 |
| AXOS Fiduciary Services | Checking #0348 | $126,733.17 |
| | | Total: $1,181,881.43 |

| Receivership Defendants' Accounts | | | |
|---|---|---|---|
| **Institution** | **Account Information** | **Current Value** | **Amount Transferred to Receiver's Account** |
| Wells Fargo | Checking (53 accounts in the names of the affiliates and affiliate entities included as Receivership Defendants) | | $190,184.13[1] |
| Wells Fargo | Checking (account in the names of Shaun Cohen and spouse) | | $23,065.43[2] |
| Byline Bank | Checking (2 accounts in names of Receivership Defendants) | $21,828.73[3] | |
| | | | Total: $213,249.56 |

| EquityBuild Real Estate Portfolio |
|---|
| For a list of the properties within the EquityBuild portfolio identified by property address, alternative address (where appropriate), number of units, and owner, *see* Exhibit 1 to the Receiver's First Status Report, Docket No. 107. See also Exhibit __ hereto. |

| Other, Non-Illinois Real Estate | |
|---|---|
| **Description** | **Appraised Market Value** |
| Single family home in Plano, Texas | ±$450,000.00 |
| | Approximate mortgage amount: $400,000.00 Approximate value less mortgage: $50,000.00 |

[1] This amount reflects the total value of all of the frozen bank accounts held by Wells Fargo that were transferred to the Receiver's account; the final transfer was made on 1/22/20, and included as part of the Receiver's Account as of 3/31/20.

[2] This amount was transferred to the Receiver's Account as of 8/27/18, and is included as part of the total balance of the Receiver's Account as of 3/31/19.

[3] The Receiver is investigating whether these accounts are properly included within the Receivership Estate.

# EXHIBIT 6

**Master Property List**

| Prop # | Property Address | Alternative Address |
|---|---|---|
| 1 | 1700-08 Juneway Terrace | |
| 2 | 4533-47 S Calumet Avenue | |
| 3 | 5001 S Drexel Boulevard | 909 E 50th Street |
| 4 | 5450-52 S Indiana Avenue | 118-132 E Garfield |
| 5 | 7749-59 S Yates Boulevard | |
| 6 | 6437-31 S Kenwood Avenue | |
| 7 | 7109-19 S Calumet Avenue | |
| 8 | 1414 & 1418 East 62nd Place | |
| 9 | 8100 S Essex Avenue | 2449-2457 E. 81st St. |
| 10 | 7301-09 S Stewart Avenue | |
| 11 | 7500-06 S Eggleston Avenue | |
| 12 | 3030-32 E 79th Street | |
| 13 | 2909-19 E 78th Street | |
| 14 | 7549-59 S Essex Avenue | |
| 15 | 8047-55 S Manistee Avenue | |
| 16 | 1017 W 102nd Street | |
| 17 | 1516 E 85th Place | |
| 18 | 2136 W 83rd Street | |
| 19 | 417 Oglesby Avenue | |
| 20 | 7922 S Luella Avenue | |
| 21 | 7925 S Kingston Avenue | |
| 22 | 7933 S Kingston Avenue | |
| 23 | 8030 S Marquette Avenue | |
| 24 | 8104 S Kingston Avenue | |
| 25 | 8403 S Aberdeen Street | |
| 26 | 8405 S Marquette Avenue | |
| 27 | 8529 S Rhodes Avenue | |
| 28 | 8800 S Ada Street | |
| 29 | 9212 S Parnell Avenue | |
| 30 | 10012 S LaSalle Avenue | |
| 31 | 11318 S Church Street | |
| 32 | 3213 S Throop Street | |
| 33 | 3723 W 68th Place | |
| 34 | 406 E 87th Place | |
| 35 | 61 E 92nd Street | |
| 36 | 6554 S Rhodes Avenue | |
| 37 | 6825 S Indiana Avenue | |
| 38 | 7210 S Vernon Avenue | |
| 39 | 7712 S Euclid Avenue | |
| 40 | 7953 S Woodlawn Avenue | |
| 41 | 8107 S Kingston Avenue | |
| 42 | 8346 S Constance Avenue | |
| 43 | 8432 S Essex Avenue | |
| 44 | 8517 S Vernon Avenue | |

**Master Property List**

| Prop # | Property Address | Alternative Address |
|---|---|---|
| 45 | 2129 W 71st Street | |
| 46 | 9610 S Woodlawn Avenue | |
| 47 | 5437 S Laflin Street | |
| 48 | 6759 S Indiana Avenue | |
| 49 | 7300-04 St Lawrence Avenue | |
| 50 | 7760 S Coles Avenue | |
| 51 | 1401 W 109th Place | |
| 52 | 310 E 50th Street | |
| 53 | 6807 S Indiana Avenue | |
| 54 | 8000-02 S Justine Street | 1541 E 80th Street |
| 55 | 8107-09 S Ellis Avenue | |
| 56 | 8209 S Ellis Avenue | |
| 57 | 8214-16 S Ingleside Avenue | |
| 58 | 5955 S Sacramento Avenue | 2948-56 W 60th Street |
| 59 | 6001-05 S Sacramento Avenue | 2945-51 W 60th Street |
| 60 | 7026-42 S Cornell Avenue | |
| 61 | 7237-43 S Bennett Avenue | |
| 62 | 7834-44 S Ellis Avenue | |
| 63 | 4520-26 S Drexel Boulevard | |
| 64 | 4611-17 S Drexel Boulevard | |
| 65 | 6749-59 S Merrill Avenue | 2136 East 68th Street |
| 66 | 7110 S Cornell Avenue | |
| 67 | 1131-41 E 79th Place | |
| 68 | 6217-27 S Dorchester Avenue | 1408-10 E. 62nd Place |
| 69 | 6250 S Mozart Avenue | 2832-36 W 63rd Street |
| 70 | 638-40 N Avers Avenue | |
| 71 | 701-13 S 5th Avenue, Maywood | 414 Walnut |
| 72 | 7024-32 S Paxton Avenue | |
| 73 | 7255-57 S Euclid Avenue | 1940-44 E 73rd Street |
| 74 | 3074 Cheltenham Place | 7836 S Shore Drive |
| 75 | 7625-33 S East End Avenue | |
| 76 | 7635-43 S East End Avenue | |
| 77 | 7750-58 S Muskegon Avenue | 2818-36 E 78th Street |
| 78 | 7201 S Constance Avenue | 1825-31 E 72nd Street |
| 79 | 6160-6212 S Martin Luther King Drive | |
| 80 | 2736 W 64th Street | |
| 81 | 4317-19 S Michigan Avenue | |
| 82 | 6355-59 S Talman Avenue | 2616-22 W 64th Street |
| 83 | 6356 S California Avenue | 2804 W 64th Street |
| 84 | 7051 S Bennett Avenue | |
| 85 | 7201-07 S Dorchester Avenue | 1401 E 72nd Street |
| 86 | 7442-48 S Calumet Avenue | |
| 87 | 7508 S Essex Avenue | 2453-59 E 75th Street |
| 88 | 7546-48 S Saginaw Avenue | |

**Master Property List**

| Prop # | Property Address | Alternative Address |
|---|---|---|
| 89 | 7600-10 S Kingston Avenue | 2527 E 76th Street |
| 90 | 7656-58 S Kingston Avenue | 2514-20 E 77th Street |
| 91 | 7701-03 S Essex Avenue | |
| 92 | 7748-52 S Essex Avenue | 2450-52 E 78th Street |
| 93 | 7953-59 S Marquette Road | 2708-10 E 80th Street |
| 94 | 816-20 E Marquette Road | |
| 95 | 8201 S Kingston Avenue | |
| 96 | 8326-32 S Ellis Avenue | |
| 97 | 8334-40 S Ellis Avenue | |
| 98 | 8342-50 S Ellis Avenue | |
| 99 | 8352-58 S Ellis Avenue | |
| 100 | 11117-11119 S Longwood Drive | |
| 101 | 6949-59 S Merrill Avenue | |
| 102 | 7927-29 S Essex Avenue | |
| 103 | 7933-35 S Essex Avenue | |
| 104 | 7937-39 S Essex Avenue | |
| 105 | 7943-45 S Essex Avenue | |
| 106 | 7947-49 S Essex Avenue | |
| 107 | 1422-24 East 68th Street | |
| 108 | 2800-06 E 81st Street | |
| 109 | 4750-52 S Indiana Avenue | |
| 110 | 5618-20 S Martin Luther King Drive | |
| 111 | 6558 S Vernon Avenue | 416-24 E 66th Street |
| 112 | 7450 S Luella Avenue | 2220 East 75th Street |
| 113 | 7840-42 S Yates Avenue | |
| 114 | 1050 8th Avenue, Naples, FL | |
| 116 | 1102 Bingham St, Houston TX | |
| 141 | 431 E. 42nd Place | |