IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, ) ) ) ) | |
| Plaintiff, ) ) | Civil Action No. 18-cv-5587 |
| v. ) ) | Hon. John Z. Lee |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, ) ) ) ) ) ) | Magistrate Judge Young B. Kim |
| Defendants. ) | |

## JOINT STATUS REPORT

The undersigned counsel for the Receiver, for certain of the Institutional Lenders, for certain of the Investor Lenders, and for the SEC submit the following joint status report pursuant to the Court's Order (Dkt. No. 931).

**A. Claims Process**

On February 9, 2021, all claimants were provided with notice of the Court's Confidentiality Order and the 14-day opt-out period. On February 25, 2021, the Receiver filed a Notice of All Claimants Who Do Not Agree to Abide by the Terms of the Agreed Confidentiality Order. (Dkt. 949) On February 26, 2021, the Receiver provided all claimants with information about the distribution of claim forms by Avalon Legal, and Avalon began sending emails to claimants with links to download

1

claims documentation on March 5, 2021. Avalon projects that the documentation will be provided to all claimants well within its 10-12 week estimated schedule.

The project of creating the database and then providing access to the EquityBuild documents remains in an early stage, with the vendor contract in the final stages of negotiation. The parties expect that in the coming weeks the contract will be executed, the documents will be transferred to CloudNine, and the parties and TeamWerks will get underway with the process for culling the documents. The goal remains to have the documents available for access by all claimants who choose to pay the required fee by the commencement of the claims resolution process on May 4, 2021.

The process for the payment of the Receiver's fees pursuant to the Receiver's lien remains to be resolved. On February 23, 2021 the Receiver filed a Motion for Approval to Pay Certain Previously Approved Fees and Costs and for Interim Payment of Continuing Claims Process Fees and Costs Pursuant to Receiver's Lien (Dkt. 947), and certain of the institutional lenders have filed an unopposed motion requesting extension of the deadline to file their objections to March 23, 2021. (Dkt. 951) The Receiver is in the process of preparing schedules that allocate previously-approved fees to specific properties in accordance with the approved allocation methodology, which will be submitted to the Court as soon as practicable, and seeks a ruling on the process prior to the commencement of the claims process. The Institutional Lenders dispute the Receiver's methodology and reserve the right to review and respond to Receiver's schedules.

The Receiver and counsel for Midland Loan Services and U.S. Bank National Association, two institutional lenders holding liens against properties with only a single claim against them, have conferred and exchanged proposals regarding a process for the resolution of their claims against those properties. There are a total of 26 single-family properties securing Midland's loans in this category (two of which also have a claim submitted by the City of Chicago), and two multi-family properties securing U.S. Bank's loans. Those discussions are on-going.

Finally, the Receiver believes that for the claims process to proceed in an orderly fashion without constant interruption and drain on the Receiver's resources, it is necessary that an order be issued automatically staying any motion practice relating to the legality, validity, classification, priority or avoidance of claims outside of the summary procedures ordered by the Court. The requested stay of motion practice would not apply to a claimant's ability to file a motion related to discovery (i.e., a motion to compel, motion for protective order, etc.) The Receiver's position is that, if the Court believes that a further filing is necessary in this regard, the Receiver can file such a motion.

The Institutional Lenders object to any blanket stay of motion practice, and contend that, if the Receiver wants to obtain such relief, it should file a motion supported by legal authority to which they can respond. In particular, the Institutional Lenders assert that a stay order is inappropriate because this proceeding involves hundreds of parties and assets exceeding 100 million dollars. As a result, it is difficult to determine in advance what issues might arise and what

motions need to be filed. For instance, the Receiver has filed Motion for Approval to pay certain fees and costs (Dkt. 947) that seeks to adjudicate the issue of lien priority prior to the commencement of the claims process. The Institutional Lenders intend to contest that Motion, but believe that this Court should determine how to address motions on a case-by-case basis, rather than through a blanket prohibition.[1]

### B. Property Sales

The Receiver is awaiting a ruling on the pending Tenth Sales Motion (Dkt. 809, filed on October 5, 2020) to complete the sale of the eight properties which were subject to objections. This motion has been fully briefed since November 6, 2020. The Receiver is also awaiting a ruling on the pending Eleventh Sales Motion (Dkt. 902, filed December 14, 2020) to complete the sale of the property located at 7237-43 S Bennett. That motion has been fully briefed since January 4, 2021.

A contract for the sale of thirty-seven 1-4 unit properties (the "single family residence portfolio") has been entered and is currently in an inspection phase. The Receiver expects to move for confirmation of these sales later this month.

Three additional properties remain to be sold: 638 N. Avers (contract for sale was recently terminated), 7109 S Calumet (subject of credit bid and lender is

---

[1] The Receiver does not agree with the Institutional Lenders comment that the pending motion regarding the receiver lien is an example of an effort to avoid the claims process; the Receiver believes that the receiver's lien issue is unrelated to a stay of future motions.

reviewing Receiver's suggested revisions to proposed letter of credit), and 1102 Bingham in Houston, Texas (under contract and under review by title company).

### C. Pending Motions

For the Court's convenience, the parties identify the motions that are currently pending in this matter as follows:

1. The remainder of Receiver's Motion For Approval of Process For Resolution of Disputed Claims (Dkt 638; *see* Dkt. 863).

2. Fully Briefed: (Corrected) <u>Motion for Priority Determination and Turnover of Sale Proceeds</u> (Dkt. 785) filed 9/10/20, Receiver's Opposition (Dkt. 806) filed 10/02/20, and Reply (Dkt. 817) filed 10/14/20

3. <u>Fully Briefed: Receiver's Tenth Sales Motion</u> (Dkt. 809) filed 10/05/20, Objections (Dkt. 820) filed 10/21/20, granted in part on 10/30/20 (Dkts. 840, 842), SEC's Reply (Dkt. 845) filed 11/2/20, Receiver's Reply (Dkt. 858) filed 11/6/20

4. Fully Briefed: <u>Ventus Motion for Disbursement of Earnest Money</u> (Dkt. 861) filed 11/09/20, Receiver's Opposition (Dkt. 882) filed 11/23/20

5. Fully Briefed: <u>Receiver's Ninth Fee</u> Application (Dkt. 885) filed 11/30/20, Objections (Dkt. 907) filed 12/15/20, SEC's Reply (Dkt. 922) filed 1/7/21, Receiver's Reply (Dkt. 923) filed 1/7/21

6. Fully Briefed: <u>Receiver's Consolidated Eleventh Sales Motion and Motion to Approve Use of Proceeds from Sales of Receivership</u> Property (Dkt. 902) filed 12/14/20, objections to Eleventh Sales Motion only (Dkt. 918) filed 12/29/20, and Reply (Dkt. 921) filed 1/4/21

   Proposed Order regarding the unobjected-to Motion to Approve Use of Proceeds was provided to the Court on January 11, 2021

7. <u>Receiver's Tenth Interim Application And Motion For Court Approval Of Payment Of Fees And Expenses Of Receiver And Receiver's Retained Professionals</u> (Dkt. 945) filed 2/23/21, objections due 3/9/21 (Dkt. 939) but unopposed extension requested to 3/23/21 (Dkt. 951)

8. <u>Receiver's Motion for Approval to Pay Certain Previously Approved Fees and Costs and for Interim Payment of Continuing Claims Process Fees and Costs Pursuant to Receiver's Lien</u> (Dkt. 947) filed 2/23/21; objections

5

due 3/9/21 (Dkt. 939) but unopposed extension requested to 3/23/21 (Dkt. 951)

Dated: March 5, 2021                      Respectfully submitted,

/s/ Michael Rachlis
Michael Rachlis
Jodi Rosen Wine
Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone (312) 733-3950; Fax (312) 733-3952
mrachlis@rdaplaw.net
jwine@rdaplaw.net

*Attorneys for Kevin B. Duff, Receiver*

/s/ Benjamin J. Hanauer
Benjamin J. Hanauer (hanauerb@sec.gov)
Timothy J. Stockwell (stockwellt@sec.gov)
175 West Jackson Blvd., Suite 1450
Chicago, IL 60604
Phone (312) 353-7390; Fax (312) 353-7398

*Attorneys for Plaintiff*
*U.S. Securities and Exchange Commission*

/s/ Ronald Damashek
Ronald Damashek
rdamashek@stahlcowen.com
Dickinson Wright PLLC
55 West Monroe Street, Suite 1200
Chicago, IL 60603
Phone (312) 377-7858

*Counsel for Citibank N.A., as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB14; Midland Loan Services, a Division of PNC Bank, National Association; Thorofare Asset Based Lending REIT Fund IV, LLC; and Liberty EBCP, LLC*

/s/ Michael Gilman
Michael Gilman (6182779)
mgilman@dykema.com
Dykema Gossett PLLC
10 S. Wacker Drive, Suite 2300
Chicago, IL 60606
(312) 627-5675

*Counsel for Federal Home Loan Mortgage Corporation Wilmington Trust, National Association, as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Trust 2014-LC16, Commercial Mortgage Pass-Through Certificates, Series 2014-LC16; Wilmington Trust, National Association, as Trustee for the Registered Holders of UBS Commercial Mortgage Trust 2017-C1,Commercial Mortgage Pass-Through Certificates, Series 2017-C1; Citibank N.A., as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily*

/s/ Max A. Stein
Max A. Stein (ARDC # 6275993)
Lauren E. Dreifus (ARDC # 6317983)
Boodell & Domanskis, LLC
One North Franklin, Suite 1200
Chicago, IL 60606
mstein@boodlaw.com
ldreifus@boodlaw.com

*Counsel for Bill Akins, Paul Applefield, Manuel Cadaval, Dana Cadaval, Jacob Cadaval, Joshua Lapin, Cadaval Investment Trust, Karl Deklotz, Deklotz Investment Properties, Pat Desantis, Julie Farr-Barksdale, Joel Feingold, Francisco Fernandez, Patricia E Gomes, RAVIN3, LLC, Longwood 11117, LLC, Roj Gupta, Amit Hammer, Conrad Hanns, Robert Jennings, Cynthia Jennings, Asbury R. Lockett, Richard Lohrman, Mary Lohrman, Don Minchow, Russ Moreland, Lori Moreland, Alan Schankman, Vicki Schankman, Knickerbocker Investments, Coleman Scheuller, Harvey Singer, Aryeh (Judah) Smith, Brook Swientisky, Sarah Swientisky, J&S Investment LLC, Kathy Bischoff Talman, Kristien Van Hecke, Dwight Plymale, DK Phenix Investments LLC, Norman (Bud) Wheeler, Melinda Mayne, Liberty Quest Investment Group LLC*

*Mortgage Pass-Through Certificates, Series 2018-SB48; Federal National Mortgage Association; U.S. Bank National Association, as Trustee for the registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2017-SB41;U.S. Bank National Association, as Trustee for the registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB50;U.S. Bank National Association, as Trustee for the registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2017-SB30 Sabal TL1 LLC; Midland Loan Services, a Division of PNC Bank, N.A. as servicer for Wilmington Trust, N.A., as Trustee for the Benefit of Corevest American Finance 2017-1 Trust Mortgage Pass-Through Certificates; Midland Loan Services, a Division of PNC Bank, N.A. as servicer for Wilmington Trust, N.A., as Trustee for the Registered Holders of Corevest American Finance 2017-2 Trust, Mortgage Pass-Through Certificates, Series 2017¬2; BC57, LLC; UBS AG*

7

## **Certificate of Service**

I hereby certify that on March 5, 2021, I caused the foregoing **Joint Status Report** to be electronically filed with the Clerk of the Court for the United States District Court for the Northern District of Illinois, Eastern Division, by using the CM/ECF system which will serve via e-mail notice of such filing to all counsel registered as CM/ECF users.

/s/ Michael Rachlis

Michael Rachlis
Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone (312) 733-3950
Fax (312) 733-3952
mrachlis@rdaplaw.net