**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, And SHAUN D. COHEN, )<br>)<br>)<br>Defendants. ) | Case No. 18 C 5587<br><br>Judge John Z. Lee |

### ORDER

Before the Court is the Receiver's tenth motion to confirm the sale of certain real estate and for the avoidance of certain mortgages, liens, claims, and encumbrances. Citibank, N.A., as Trustee for the registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB48 ("Citibank"), UBS AG ("UBS"), and the Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively, the "Institutional Lenders"), have objected to the sale of eight of the listed properties. For the following reasons, the Institutional Lenders' objection is overruled, and the Receiver's motion is granted.

### STATEMENT

Citibank, UBS, and Freddie Mac object to the sale of properties located at the following addresses in Chicago, Illinois: 4611-17 South Drexel, 6217-27 South Dorchester, 7255-57 South Euclid, 7024-32 South Paxton, 1422-24 East 68th

Street, 2800-06 East 81st Street, 4750-52 South Indiana Avenue, and 7840-42 South Yates Avenue. Citibank claims an interest in 4611-17 South Drexel, 6217-27 South Dorchester, and 7255-57 South Euclid; Freddie Mac claims an interest in 7024-32 South Paxton; and UBS claims an interest in 1422-24 East 68th Street, 2800-06 East 81st Street, 4750-52 South Indiana Avenue, and 7840-42 South Yates Avenue.

As outlined in the Receiver's motion, the asking price and sale price for these eight properties are as follows:

| Property | Asking Price | Sale Price |
|---|---|---|
| 4611-17 South Drexel | $3,300,000 | $4,900,000 |
| 6217-27 South Dorchester | $1,750,000 | $2,116,000 |
| 7024-32 South Paxton | $1,550,000 | $1,775,000 |
| 7255-57 South Euclid | $800,000 | $970,000 |
| 4750-52 South Indiana Avenue | $570,000 | $697,000 |
| 1422-24 East 68th Street | $450,000 | $400,000 |
| 2800-06 East 81st Street | $400,000 | $460,000 |
| 7840 South Yates Avenue | $250,000 | $350,000 |

*See* Receiver's Tenth Mot. Confirm Sales at 7–27, ECF No. 809. Thus, with the exception of 1422-24 East 68th Street, the sale of each property exceeds its asking price. Citibank also admits that the sale price for 4611-17 South Drexel exceeds the $3,697,340.98 amount Citibank listed in the proof of claim it filed for that

2

property. *See* Institutional Lenders' Obj. Tenth Mot. ("Obj. Tenth Mot.") at 29, ECF No. 820.

The arguments raised by the Institutional Lenders are nearly identical to the arguments raised by certain other lenders in their objections to the Receiver's ninth motion to confirm sales—down to the headings used in the brief. *Compare* Obj. Tenth Mot. at i *with* Institutional Lenders' Obj. Second Mot. Restoration of Funds and Ninth Mot. Confirm Sales at 2, ECF No. 769.[1] As stated in the order granting the Receiver's ninth sales motion,

> the Court already approved the Receiver's credit bidding procedures, Oct. 4, 2019 Order at 4–6, ECF No. 540; approved the sales of properties for prices amounting to less than the mortgages securing them, Mar. 31, 2020 Order at 7, ECF No. 676; [and] approved the sales of properties free and clear of any liens or encumbrances provided that those liens attach to the ultimate sales proceeds of the properties, Dec. 12, 2019 Minute Entry, ECF No. 601 . . . . The Court also has ruled that an orderly claims process is the most efficient and equitable method to resolve competing claims of investors and institutional lenders, [Oct. 4, 2019 Order] at 5; Mar. 31, 2020 Order at 6; and that a claims process is appropriate even for properties where a Lender has a recorded mortgage but the investors do not. [Mar. 31, 2020 Order] at 6 n.2 ("Though there are no competing mortgages for four of the properties at issue . . . the Court is persuaded that, with respect to these properties, 'other issues

---

[1] In light of the similarities between the two objections, the Receiver's response to the instant objection incorporated the Receiver's and SEC's responses in support of the Receiver's ninth motion to confirm sales and stated that "[f]or purposes of judicial economy, and without waiving or conceding any of these repeated objections, the Receiver attempts below to only address new objections, objections specific to the properties at issue, or objections that ignore more recent information." *See* Receiver's Reply at 2, ECF No. 858. The Court notes that this approach did not, in fact, promote judicial economy because neither the Receiver's brief nor the SEC's identified which of the Institutional Lenders' arguments were recycled and which were new, nor did they identify which pages of each prior brief were responsive or which passages of the Court's prior orders were on point.

> remain to be resolved during the initiated claims resolution process, including without limitation the alleged balance due in connection with the corresponding loan, the propriety of all of the component amounts of the claims asserted, and the entitlement of the Receiver to an administrative lien on a portion of the proceeds, if warranted.'" (citation omitted)).

Oct. 26, 2020 Order at 4–5; *see also* Dec. 11, 2020 Order at 4–6, ECF No. 899 (recounting the procedural history of the Receiver's motions to confirm sales and the Court's rulings). The Court also rejected the lenders' Fifth Amendment Takings Clause argument as unsupported by existing law. *See* Oct. 26, 2020 Order at 6.

Furthermore, when considering the ninth sales motion, the Court was not swayed by the Institutional Lenders' contention that the sales would not "generate[] the true and proper value of the properties." *Id.* at 5. This is because the sale prices for the properties at issue in the ninth sales motion represented 92% and 109% of the list prices, and the Lenders "offer[ed] no evidence that the bid process the Receiver employed resulted in properties being sold for less than their true value." *Id.* at 5–6. Here, the sale prices are similar to those at issue in the ninth sales motion. While the sale price for 1422-24 East 68th Street represents 88.9% of the list price, the other sale prices represent between 114.5% on the low end (for 7024-32 South Paxton) and 148.5% on the high end (for 4611-17 South Drexel). And the Lenders still "offer no evidence that the bid process . . . resulted in properties being sold for less than their true value." *Id.* at 5 (citing Mar. 31, 2020 Order at 7). Thus, again, the Court is not persuaded by this argument.

5

Because the Institutional Lenders have not raised any arguments that the Court has not already rejected, their objection is overruled.

## **CONCLUSION**

For the foregoing reasons, the entirety of the Receiver's tenth motion to confirm sales is granted.

**IT IS SO ORDERED.**  ENTERED: 3/31/21

*/s/ John Z. Lee*

**JOHN Z. LEE**
**United States District Judge**