UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 18-CV-5587 |
| v. | ) ) | Judge John Z. Lee |
| EQUITYBUILD, INC., *et al.*, | ) ) | Magistrate Judge Young B. Kim |
| Defendants. | ) ) ) | |

**SEC'S REPLY IN SUPPORT OF RECEIVER'S TENTH FEE APPLICATION**

The SEC hereby supports the Receiver's Tenth Fee Application (ECF No. 945). The SEC confirms that it has reviewed the Receiver's invoices, they substantially comply with the SEC's billing guidelines, and the SEC approves of their payment. The SEC additionally incorporates its arguments supporting the Receiver's earlier fee petitions, which the Court has granted save for the Ninth petition, which is pending. (*See* ECF Nos. 526, 606, 622, 705, 797, 803, 922). In granting the prior petitions, the Court has repeatedly approved the precise types of activities for which the Receiver currently seeks payment, finding them beneficial to the Receivership Estate.

**A. The Receiver Continued to Provide Reasonable Services to Benefit the Estate**

As documented in his fee petition, during the Fourth Quarter of 2020 the Receiver continued his core work of managing the residential real estate portfolio left in the wake of the Cohens' Ponzi scheme. The Receiver maintained the upkeep of residential buildings, liquidated properties, and worked to implement a fair and orderly claims process. This work benefited the estate's creditors, whether they be investors, institutional lenders, or other claimants. The

1

Receiver also spent a large amount of time successfully responding to objections and other filings lodged by the institutional lenders.

These are precisely the types of activities that the Court has repeatedly found to be appropriate work that entitles the Receiver to reasonable compensation. (*See, e.g.*, ECF No. 824, p. 4 ("the Receiver's efforts have benefitted the Receivership Estate, including through maintaining, marketing, and liquidating properties; representing those properties in adverse litigation; bringing new assets into the Receivership; and designing a claims process by which property sales proceeds will be distributed to senior secured claimants"); *id.*, p. 3 ("the Receiver and his legal professionals have devoted significant resources responding to various motions, objections, and inquiries made by lenders, with these efforts increasing the amount of fees to which the Receiver is reasonably entitled.")).

The lenders offer no new arguments to justify revisiting the Court's findings that the Receiver's work has been beneficial. Rather, in objecting to the merits of the Receiver's petition – whether he deserves to be compensated for his work – the lenders merely rehash arguments the Court has repeatedly rejected.

Beyond performing the type of work the Court has already found to be beneficial, the Receiver took additional steps to bring new assets into the estate for the benefit of creditors. To that end, the Receiver performed the necessary measures to continue prosecuting an action against certain of Equitybuild's former attorneys. (*See* ECF No. 945, p. 10). A successful recovery in that action would mean more funds for the victims of the Cohens' fraud.

Because the activities the Receiver performed are a continuation of, and consistent with, the types of activities the Court previously found to be reasonable and beneficial, the Court should again reject the lenders' arguments that the Receiver's fees are excessive. Additionally,

and unlike in prior quarters, the Receiver was forced to incur large fees to (successfully) defend an interlocutory appeal filed by certain institutional lenders. This included resource-intensive motion practice at both the appellate and district court levels.

Nevertheless, the Receiver's requested fees are lower than in the prior two quarters, and significantly less than the Q2 2020 fees the Court already approved despite the lenders' claims of unreasonableness and excessiveness.[1] The fact that the Receiver's requested fees are in line with prior quarters, yet include the significant expenditures relating to the lenders' ill-conceived appeal, further demonstrates the reasonableness of Receiver's fees.

### B. The Lenders' Primary Objection, Regarding the Receiver's Lien, is the Subject of a Separate Motion

The thrust of the lenders' objections is their view that any fees awarded to the Receiver should not be the subject of a lien that trumps secured creditors. (ECF No. 960, pp. 3-7). According to the lenders, the Receiver is not entitled to a lien because his work does not benefit the estate. (*Id.*). But the lenders ignore the Court's findings in generally approving the Receiver's request for a lien. Contrary to the lenders' objections, the Court has found that the Receiver's core work – maintaining and liquidating properties, representing those properties in "adverse litigation," and implementing the claims process – has benefited the Receivership Estate and entitles the Receiver to a lien. (ECF No. 824, p. 4). That core work continued in Q4 2020, and there have been no changes in circumstances that would render that work non-beneficial.

In any event, the issue of whether and in what amount the Receiver should be paid from the proceeds of property sales is the subject of a separate motion by the Receiver (ECF No. 947),

---

[1] The lenders' objections reflect that the Receiver requested $527,100 for Q2 2020 and $461,280 in fees for Q3 2020. (ECF No. 960, pp. 9-10). The Receiver's current request seeks a net repayment for approximately $379,388 in fees. (ECF No. 945, pp. 17-18).

3

to which the lenders have already responded (ECF No. 961). Because the lenders' objections as to the amount of the Receiver's lien will be addressed via a different motion, those objections have no bearing on the initial determination sought in the Receiver's fee petition: whether the Receiver should be paid for his work administering the Receivership.[2]

### C. The Lenders' Remaining Objections Have Already Been Overruled

The lenders' remaining objections merely reassert arguments that the Court has repeatedly rejected. For instance, the lenders again request a 20% holdback of the Receiver's requested fees, or a complete holdback until the approval of a distribution plan, even though the Court has routinely determined that a holdback is not warranted. (*See, e.g.*, ECF No. 710, p. 4; ECF No. 824, p. 4 n.1).

As for the lenders' objections concerning the Receivership's solvency, the Receiver notes that as of December 31, 2020, he held more than $1.18 million in unencumbered cash that could support payment of his fees. (ECF No. 945, p. 4). Presumably that figure will increase as the Receiver continues to liquidate properties, obtain the restoration of rents previously paid from his accounts (*see*, e.g., ECF No. 843), and otherwise bring new assets into the Receivership estate. Moreover, the Receiver's cash-on-hand is more than four times greater now than when he filed his 8th Fee petition (which the Court granted), further negating the liquidity concerns raised by the lenders. (*See* ECF No. 778, p. 4).

---

[2] To the extent the lenders' objections vis-à-vis the Receiver's lien are not resolved in the Receiver's pending motion (ECF No. 947), the Court has already determined: "The priority of the Receiver's lien as to any particular property or properties, however, will be determined by the Court as part of the claims approval process." (ECF No. 824, pp. 5-6).

### D. Conclusion

The Receiver seeks compensation for work he performed and directed, using his reasonable business judgment, which benefitted the Receivership Estate. His bills reflect his efforts to both fulfill his Court-imposed mandates and to respond to voluminous motions and objections by the institutional lenders. The Court should allow the Receiver to be paid for his efforts, and to continue working for the benefit of the victimized investors and other creditors.

Respectfully submitted,

Dated: April 16, 2021

/s/ Benjamin Hanauer
Benjamin J. Hanauer (hanauerb@sec.gov)
Timothy J. Stockwell (stockwellt@sec.gov)
U.S. Securities and Exchange Commission
175 West Jackson Blvd., Suite 1450
Chicago, IL 60604
Phone: (312) 353-7390
Facsimile: (312) 353-7398

## CERTIFICATE OF SERVICE

      I hereby certify that I provided service of the foregoing Reply, via ECF filing, to all counsel of record and Defendant Shaun Cohen, on April 16, 2021.

      /s/ Benjamin Hanauer
Benjamin J. Hanauer
175 West Jackson Blvd., Suite 1450
Chicago, IL 60604
Phone: (312) 353-7390
Facsimile: (312) 353-7398

One of the Attorneys for Plaintiff