IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 18-cv-5587 |
| v. | ) ) | Hon. John Z. Lee |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | ) ) ) ) ) ) | Magistrate Judge Young B. Kim |
| Defendants. | ) | |

## JOINT STATUS REPORT

The undersigned counsel for the Receiver, for certain of the Institutional Lenders, for certain of the Investor Lenders, and for the SEC submit the following joint status report to the Court.

**A. Distribution of Claims Documentation**

The distribution of claims documentation on a property-by-property basis is underway, and as of the date of this filing, the claim forms and supporting documents relating to 91 properties have been distributed to each of the claimants asserting an interest in those properties who did not opt out of the Court's Confidentiality Order. Vendor Avalon believes that it is on track to have all of the documentation provided to claimants by the end of April 2021.

1

### B. The EquityBuild Documents

The project of creating the database and then providing access to the EquityBuild documents has taken more time to get started than anticipated, largely due to personnel turnover at CloudNine, the vendor who will be creating and hosting the database, and related delays negotiating the agreement with CloudNine. The vendor agreement was finalized on April 14, 2021, has been executed by the Receiver and CloudNine, and is in the process of being executed by the institutional lender representatives. The Receiver delivered the documents to the vendor on April 15, 2021.

In light of these delays, the parties do not anticipate that the documents can be culled, uploaded to the database, and made available to claimants prior to the current date for the commencement of the claims resolution process of May 4, 2021. The current goal is to have the documents processed and ready for review by June 1, 2021, although the parties recognize that this may be overly optimistic given the volume of the data.

Leading counsel for the institutional lenders and certain investor lenders recommend that the first framing report not be issued until the EquityBuild documents will be available for review because the dispute resolution schedule was premised, in part, on the EquityBuild documents being available for review at the commencement of the process and because the claimants identified in the first framing report anticipate, given the large volume of EquityBuild documents, requiring much time to review these documents. They suggest that the parties submit a further status report on May 18, 2021, at which time the parties will have updated

information as to when the documents will be accessible for review. On behalf of litigants who were not parties to the voluminous EquityBuild documents exchanged between EquityBuild and numerous individual investors, leading counsel for the institutional lenders assert that they would be denied due process if they do not have access to the EquityBuild documents prior to the commencement of the first tranche of the claims resolution process. Lead counsel for the institutional lenders object to the position taken by the SEC below because the attorneys for the individual investors and the institutional lenders are going to be the parties litigating the issue of competing lien priority, the efficacy of the procedures used in the first tranche will be evaluated for application to each succeeding tranche, and the individual investors and institutional lender participating in the first tranche should not be disadvantaged by the delay in making the EquityBuild documents available to them.

Undersigned counsel for certain investor lenders does not oppose the institutional lenders' request.

The Receiver does not oppose a limited extension to June 1, 2021, but believes any extension should be to a specific date and not uncertain.

The SEC does not oppose a limited extension, to June 1, but believes the start of the claims process should not be further delayed beyond that time, even if the EquityBuild documents are not immediately available to the individual investors and single institutional lender participating in the first tranche. Because any delay in beginning the first tranche will delay the start of subsequent tranches, the SEC believes that, even if the EquityBuild documents are not immediately available, the

Receiver can issue his Framing Report and the first tranche claimants can begin reviewing the Proofs of Claim and engaging in discovery per the process detailed in ECF No. 941.

### C. The Process for Payment of Receiver's Fees Pursuant to the Receiver's Lien

The process for the payment of the Receiver's fees pursuant to the Receiver's lien also remains to be resolved, an issue that was identified by the Receiver as necessary for resolution as part of the original claims process motion (Dkt. 638). As part of those efforts, on February 23, 2021 the Receiver filed a Motion for Approval to Pay Certain Previously Approved Fees and Costs and for Interim Payment of Continuing Claims Process Fees and Costs Pursuant to Receiver's Lien (Dkt. 947), and certain of the institutional lenders filed objections to the Receiver's proposal on March 30, 2021 (Dkt. 961). The Receiver anticipates submitting a reply brief, and hopes to submit that brief on or before April 27, 2021.

Regarding previously approved fees (through June 2020), the Receiver's preparation of schedules that allocate those previously-approved fees to specific properties in accordance with the allocation methodology approved by the Court has taken an enormous amount of effort. The Receiver anticipates that these schedules will be submitted to the Court by the end of April, and the Institutional Lenders have reserved the right to review and respond to Receiver's schedules. As these matters involve previously approved fee petitions, the Receiver believes that such issues are ripe for resolution and should be resolved at this point for the reasons set forth in the motion. (Dkt. 947) Regarding the process proposed by the Receiver for the interim

payment of fees related to the claims process, the Receiver has requested a ruling on his proposal before the claims process commences so that the stakeholders will be aware of the Court's decision moving forward. (*Id.*) The Institutional Lenders dispute that the issue of the priority of the Receiver's claimed lien for fees and costs is ripe for resolution and have opposed the Receiver's request. (Dkt. 961)

### D. Conclusion

In light of the foregoing, an extension of the commencement of the claims process appears both to be a practical necessity and warranted as it would allow: (1) the database of EquityBuild documents to be made available to claimants; and (2) the process associated with the issue of the Receiver's Lien and the interim payment of fees to be determined. The Receiver and SEC do not oppose an extension for thirty days, until June 1, 2021. The parties suggest that they submit another joint status report on or before May 18, 2021 to update the Court as to the progress made in relation to the EquityBuild documents and to indicate whether any of the participants believes a further extension of the commencement date for the claims process is necessary.

Dated: April 19, 2021          Respectfully submitted,

/s/ Michael Rachlis
Michael Rachlis
Jodi Rosen Wine
Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
(312) 733-3950; Fax (312) 733-3952
mrachlis@rdaplaw.net
jwine@rdaplaw.net

*Attorneys for Kevin B. Duff, Receiver*

/s/ Benjamin J. Hanauer
Benjamin J. Hanauer (hanauerb@sec.gov)
Timothy J. Stockwell (stockwellt@sec.gov)
175 West Jackson Blvd., Suite 1450
Chicago, IL 60604
(312) 353-7390; Fax (312) 353-7398

*Attorneys for Plaintiff*
*U.S. Securities and Exchange Commission*

5

s/ Ronald Damashek
Ronald Damashek
rdamashek@stahlcowen.com
Dickinson Wright PLLC
55 West Monroe Street, Suite 1200
Chicago, IL 60603
(312) 377-7858

*Counsel for Citibank N.A., as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB14; Midland Loan Services, a Division of PNC Bank, National Association; Thorofare Asset Based Lending REIT Fund IV, LLC; and Liberty EBCP, LLC*


/s/ Max A. Stein
Max A. Stein (ARDC # 6275993)
Lauren E. Dreifus (ARDC # 6317983)
Boodell & Domanskis, LLC
One North Franklin, Suite 1200
Chicago, IL 60606
mstein@boodlaw.com
ldreifus@boodlaw.com

*Counsel for Bill Akins, Paul Applefield, Manuel Cadaval, Dana Cadaval, Jacob Cadaval, Joshua Lapin, Cadaval Investment Trust, Karl Deklotz, Deklotz Investment Properties, Pat Desantis, Julie Farr-Barksdale, Joel Feingold, Francisco Fernandez, Patricia E Gomes, RAVIN3, LLC, Longwood 11117, LLC, Roj Gupta, Amit Hammer, Conrad Hanns, Robert Jennings, Cynthia Jennings, Asbury R. Lockett, Richard Lohrman, Mary Lohrman, Don Minchow, Russ Moreland, Lori*

/s/ Michael Gilman
Michael Gilman (6182779)
mgilman@dykema.com
Dykema Gossett PLLC
10 S. Wacker Drive, Suite 2300
Chicago, IL 60606
(312) 627-5675

*Counsel for Federal Home Loan Mortgage Corporation Wilmington Trust, National Association, as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Trust 2014-LC16, Commercial Mortgage Pass-Through Certificates, Series 2014-LC16; Wilmington Trust, National Association, as Trustee for the Registered Holders of UBS Commercial Mortgage Trust 2017-C1,Commercial Mortgage Pass-Through Certificates, Series 2017-C1; Citibank N.A., as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB48; Federal National Mortgage Association; U.S. Bank National Association, as Trustee for the registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2017-SB41;U.S. Bank National Association, as Trustee for the registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB50;U.S. Bank National Association, as Trustee for the registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2017-SB30 Sabal TL1 LLC; Midland Loan Services, a Division of PNC Bank, N.A. as servicer for Wilmington Trust, N.A., as Trustee for the Benefit of Corevest American*

*Moreland, Alan Schankman, Vicki Schankman, Knickerbocker Investments, Coleman Scheuller, Harvey Singer, Aryeh (Judah) Smith, Brook Swientisky, Sarah Swientisky, J&S Investment LLC, Kathy Bischoff Talman, Kristien Van Hecke, Dwight Plymale, DK Phenix Investments LLC, Norman (Bud) Wheeler, Melinda Mayne, Liberty Quest Investment Group LLC*

*Finance 2017-1 Trust Mortgage Pass-Through Certificates; Midland Loan Services, a Division of PNC Bank, N.A. as servicer for Wilmington Trust, N.A., as Trustee for the Registered Holders of Corevest American Finance 2017-2 Trust, Mortgage Pass-Through Certificates, Series 2017¬2; BC57, LLC; UBS AG*

## Certificate of Service

I hereby certify that on April 19, 2021, I electronically filed the foregoing **Joint Status Report** with the Clerk of the United States District Court for the Northern District of Illinois, using the CM/ECF system. Copies of the foregoing were served upon counsel of record via the CM/ECF system.

I further certify that I caused true and correct copy of the foregoing **Joint Status Report** to be served upon the following individuals or entities by electronic mail:

- Defendant Jerome Cohen (jerryc@reagan.com);
- All known EquityBuild investors; and
- All known individuals or entities that submitted a proof of claim in this action (sent to the e-mail address each claimant provided on the claim form).

I further certify that the **Joint Status Report** will be posted to the Receivership webpage at: http://rdaplaw.net/receivership-for-equitybuild

/s/ Michael Rachlis

Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone  (312) 733-3950
Fax    (312) 733-3952
mrachlis@rdaplaw.net