**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 18-cv-5587 |
| v. | ) ) | Hon. John Z. Lee |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | ) ) ) ) | Mag. Judge Young B. Kim |
| Defendants. | ) ) | |

**INDIVIDUAL INVESTORS' MOTION TO MODIFY THE
GROUP 1 SCHEDULE TO ALLOW FOR DISCOVERY OF BC57 LLC'S EXPERT**

The undersigned Group 1 individual investors (the "Individual Investors") move to modify the Schedule set forth in the Court's order Regarding Summary Proceedings for Group 1 (Doc. 1006) to allow for discovery regarding the expert report that institutional lender BC57 LLC ("BC57") sought and received leave to include in its position statement (Docs. 1076 and 1078).

In support of their motion, the Individual Investors state as follows:

1. After significant negotiation by the parties and resolving the lingering disputed issues, the Court entered an order establishing the claims process for this Receivership. (Doc. 941.) The process created by the Court departed from the standard practices set by the Federal Rules of Civil Procedure on a number of points. (*See, e.g.*, Doc. 941 at ¶ 9 (establishing standard discovery requests, limiting additional discovery to 10 interrogatories and 10 requests for production, limiting third-party discovery to title companies/loan originators, and allowing for no more than three, 3-hour depositions per participant).)

2. For expert witnesses, the Court made it clear that it did not believe that experts would be required, noting a couple of times, the Court did not "foresee the need for any expert discovery during this process." (Jan. 29. 2021 Hearing Tr. at 40-41, 42.) The Court specifically cautioned that a "real estate lawyer" expert opining on which party had priority would be a "non-starter." (*Id.* at 40-31.) Consistent with these admonishments, the Court ordered that a party wishing to rely on expert testimony must seek leave of court before the completion of discovery. (Doc. 941, ¶ 10.)

3. The claims process for Group 1 began on July 9, 2021, and included a November 4, 2021 deadline for completing discovery, a December 9, 2021 deadline for submission of Position Statements by the Claimants and SEC, a December 30, 2021 deadline for the Receiver's Submission regarding the claims, and a January 13, 2022 deadline for Claimants and the SEC to submit Responsive Statements. (Doc. 1006.)

4. The Schedule for the Group 1 claims process does not include any deadlines for expert discovery. (Doc. 1006.)

5. On November 1, 2021, BC57 filed its motion for leave to include an expert witness disclosure in its Position Statement (due on December 9, 2021). (Doc. 1076.) The next morning, the Court granted BC57's motion. (Doc. 1078.)

6. Because the claims process did not contemplate expert discovery, allowing BC57 to submit an expert report with its Position Statement means none of the other parties in the claims process for Group 1 will have an opportunity to question the opinions set forth in that report, including at a deposition. The SEC addressed this and other issues raised by BC57's request for leave in its Response to BC57's Motion for Leave for Expert Witness. (Doc. 1079 (requesting that

claims process participants be given the opportunity to depose BC57's expert prior to submitting their position papers).)

7. For claimants like the Individual Investors, not being able to depose BC57's expert would likely mean that the only way that they can challenge that expert's opinions would be through an expert of their own – which will impose additional costs on claimants who are already victims of the EquityBuild scheme. Before deciding whether to incur those costs, the Individual Investors would like to depose BC57's expert to better understand and test his opinions.

8. Accordingly, the Individual Investors now request that the Court modify the Schedule to allow for discovery regarding BC57's expert's opinions. Specifically, the Individual Investors propose the following changes to the Schedule for Group 1:

| Discovery Event | Original Deadline | New Deadline |
| --- | --- | --- |
| Deadline for disclosure of BC57's Expert's Report | N/A | December 9, 2021 |
| Deadline for deposition of BC57's Expert | N/A | December 23, 2021 |
| Deadline for disclosure of Rebuttal Expert Reports, if any | N/A | January 6, 2022 |
| Deadline for deposition of any Rebuttal Experts, if any | N/A | January 20, 2022 |
| Position Statements by Claimants and SEC due | December 9, 2021 | January 27, 2022 |
| Receiver's Submission regarding the claims and in support of any avoidance actions due | December 30, 2021 | February 17, 2022 |
| Claimants' and the SEC's Responsive Statements are due | January 13, 2022 | March 3, 2022 |
| Hearing on competing claims and avoidance claims | To be scheduled by the Court | |

3

In total, these modifications, which were selected mindful of having any deadlines fall during the end-of-year holidays, will extend the Schedule by just under two months.

9. Additionally, the Individual Investors request that the Court make three clarifications regarding expert discovery. First, the Individual Investors request that the Court order that all experts disclose their opinions in reports that comply with Rule 26(a)(2).

10. Second, the Individual Investors request that the Court expand the three-hour limitation on the length of depositions to 4.5 hours for expert depositions.

11. Third, the Individual Investors request that the Court order that the party disclosing an expert pay to the expert any fees and expenses associated with that expert's deposition. Requiring this minimizes issues, both equitable and logistical, that result from requiring the questioning parties to pay another party's expert's fees and expenses.

12. Equitably, requiring the party that retained the expert to pay expert fees associated with that expert's deposition eliminates the possibility that costs associated with deposing an expert could prevent Claimants from being able to fully defend their claims, thereby avoiding manifest injustice. In contrast, requiring the parties seeking to depose the experts, as provided for in Rule 26(b)(4)(E),[1] makes a party's ability to challenge BC57's expert's opinions contingent on that parties' willingness to pay fees over which they have no control. Maintaining control over the costs of expert discovery is particularly important for the Individual Investors, who are victims of a Ponzi scheme and are trying to carefully manage and marshal their resources to efficiently and effectively preserve their legal rights in this Receivership. The investors should likewise not

---

[1] By its express terms, Rule 26(b)(4)(E) requires a party to pay an opposing party's expert only for responding to discovery issued under Rule 26(b)(4)(A) or (D). As noted above, this claims resolution process involves summary proceedings that are not governed by the Federal Rules of Civil Procedure, suggesting that Rule 26(b)(4)(E) does not apply here.

be forced to pay for BC57's expert when the Court previously advised that expert discovery would be unlikely and that real estate attorneys such as BC57's expert would be "non-starters." (Jan. 29. 2021 Hearing Tr. at 41.) Thus, requiring the disclosing party to cover the costs of their own experts, including at a deposition, avoids potential manifest injustice.

13. Logistically, requiring the disclosing party to pay its expert's fees and expenses connected to a deposition means that each party knows it will only be responsible for the fees associated with the expert it hires. This, in turn, eliminates the uncertainty of having to pay fees for an expert chosen by another party and of having to pay expert fees associated with multiple depositions. In a matter like this one that involves multiple parties, determining who should pay the fees and expenses of another party's expert will inevitably lead to issues as to the appropriate allocation of the fees and expenses among the multiple parties that may be interested in an expert's deposition. Further, if more than one party seeks leave to rely on a rebuttal expert, requiring the questioning party to pay for the time of the expert at a deposition means that other parties may be required to pay for fees associated with multiple depositions.

14. For all of these reasons, counsel for the Individual Investors have regularly agreed in large, multiparty cases involving experts that each party will simply cover all costs associated with their own expert.

15. While they regret that the additional time added to the Schedule by their request is necessary, the Individual Investors nonetheless request this modification in good faith to allow for the time needed to conduct the important expert discovery.

16. Prior to filing this motion, the Individual Investors contacted counsel for the SEC, the Receiver, and BC57 to see if they opposed its requests.

17. Counsel for the SEC and the Receiver responded that they support the relief requested in this motion.

18. Counsel for the Receiver further requested that if the Schedule is modified as requested, that the deadline for the Receiver's Disclosure of Avoidance Claims be moved from November 18, 2021 to January 7, 2022, with the related deadline for requesting leave of Court to take additional discovery relevant to those claims moved from November 25, 2021 to January 13, 2022. This would provide an opportunity for the Receiver to address the expert's opinions in his disclosure, as warranted, and would leave substantially intact the Court's schedule providing that the claimants would submit their position statements approximately 21 days following the Receiver's disclosure. The Individual Investors and the SEC do not oppose this request.

19. After meet-and-confer conversations on November 9 and 11, 2021, counsel for BC57 indicated that they oppose the motion.

**WHEREFORE**, the Indiavidual Investors respectfully request that the Court enter an order

    a. Modifying the Schedule for Group 1 as follows:

| Discovery Event | Original Deadline | New Deadline |
|---|---|---|
| Deadline for disclosure of BC57's Expert's Report | N/A | December 9, 2021 |
| Deadline for deposition of BC57's Expert | N/A | December 23, 2021 |
| Deadline for disclosure of Rebuttal Expert Reports, if any | N/A | January 6, 2022 |
| Receiver's Disclosure of Avoidance Claims is due | November 18, 2021 | January 7, 2022 |
| Deadline for any of the lienholders to request leave of Court to take additional | November 25, 2021 | January 13, 2022 |

| | | |
|---|---|---|
| discovery relevant to the Receiver's claim | | |
| Deadline for deposition of any Rebuttal Experts, if any | N/A | January 20, 2022 |
| Position Statements by Claimants and SEC due | December 9, 2021 | January 27, 2022 |
| Receiver's Submission regarding the claims and in support of any avoidance actions due | December 30, 2021 | February 17, 2022 |
| Claimants' and the SEC's Responsive Statements are due | January 13, 2022 | March 3, 2022 |
| Hearing on competing claims and avoidance claims | To be scheduled by the Court | |

b. Requiring that all experts disclose their opinions in reports that comply with Rule 26(a)(2);

c. Allowing up 4.5 hours for all expert depositions;

d. Requiring that the party disclosing an expert pay all fees and expenses of the expert related to his or her deposition; and

e. Granting such further relief as the Court deems just and appropriate.

Dated: November 12, 2021

**CLAIMANTS PAT DESANTIS, GIRL CAT CAPITAL WEST LLC, ROBERT JENNINGS, KNICKERBOCKER INVESTMENT GROUP LLC, and LORI MORELAND**

By:   /s/ Max A. Stein
        One of their attorneys

Max A. Stein
Lauren E. Dreifus
Boodell & Domanskis, LLC
One North Franklin, Suite 1200
Chicago, IL 60606
(312) 938-4070
mstein@boodlaw.com
ldreifus@boodlaw.com

7

**1839 FUND LLC**

By:   /s/ Michael O' Malley Kurtz

Michael O'Malley Kurtz
Kurtz & Augenlicht LLP
123 W Madison St, Ste. 700
Chicago, IL 60602
312.265.0106
mkurtz@kalawchicago.com

## CERTIFICATE OF SERVICE

I, Max A. Stein, an attorney, certify that I caused a copy of the aforementioned **INDIVIDUAL INVESTORS' MOTION TO MODIFY THE GROUP 1 SCHEDULE TO ALLOW FOR DISCOVERY OF BC57 LLC'S EXPERT,** to be served upon the parties and counsel of record through the CM/ECF system.

/s/ Max A. Stein

{00933469 }