**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, et. al., | ) ) ) | |
| Plaintiff, | ) ) | Case No. 18 cv 05587 |
| v. | ) ) | Honorable John Z. Lee |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN | ) ) ) ) | Magistrate Judge Young B. Kim |
| Defendants. | ) | |

**<u>MOTION TO DESIGNATE INTERLOCUTORY ORDER AS A
FINAL JUDGMENT FOR THE PURPOSES OF APPEAL</u>**

Intervenors, Ventus Holdings, LLC and Ventus Merrill, LLC (collectively, "Ventus"), respectfully request that this Court designate its Order entered on August 13, 2021 (Docket 1025), which denied Ventus' Combined Motion for Return of Their Earnest Money Deposits (Docket 861), as a "final judgment" for the purposes of appeal pursuant to Fed. R. Civ. P. 54(b). In support thereof, Ventus states as follows:

1.      On August 18, 2018, the Plaintiff initiated this proceeding by filing a complaint against four defendants, alleging fraud through a Ponzi Scheme involving over 900 investors (Docket No. 1). On August 17, 2018, Kevin B. Duff was appointed as the Receiver in this proceeding (Docket No. 16).

2.      In December 2019, the Receiver accepted Ventus' bids to purchase four parcels of real property (the "Properties") (Docket No. 739). In or about March 2020, the world was shut down due to the Covid-19 pandemic, the credit market seized-up, and Ventus was unable to secure financing to purchase the Properties (Docket No. 746). On April 20, 2020, Ventus notified the

Receiver that due to its inability to secure financing, Ventus would be unable to proceed with the transactions (Docket No. 746).

3.      On May 8, 2020, the Receiver accepted alternate bids for three of the four properties at a combined sale price of $945,200.00 less than Ventus' bids (Docket No. 746). On June 11, 2020, the Receiver filed a motion to confirm the sales to the third-party bidders (Docket No. 712). On June 23, 2020, Ventus filed a motion to Intervene (Docket No. 721), which was granted, and an attached objection to the Receiver's motion to confirm. Following briefing, the District Court granted the Receiver's motion to confirm sale and denied Ventus' objection, and, on October 30, 2020, entered an order authorizing the sales of the Properties (Docket Nos. 825 & 841).

4.      As a result, on November 9, 2020, Ventus filed a motion for return of the earnest money for the three Properties not sold to them. (Docket No. 861). On August 13, 2021, the District Court denied this motion (Docket No. 1025). This "August 13 Order" is the order Ventus seeks to have designated a final judgment for the purposes of appeal.

5.      Ventus actually filed a Notice of Appeal of the August 13 Order, but the appeal was subsequently dismissed by the Seventh Circuit Court of Appeals for failure of jurisdiction. In its order of November 4, 2021, the Seventh Circuit held:

> Under 28 U.S.C. § 1292(a)(2) this court has jurisdiction to hear appeals from Interlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property." Appellant appeals from the district court's order denying a motion for return of earnest money paid to the receiver under a contract to purchase property. This order was not a refusal to take steps to accomplish the purposes for winding up a receivership or either of the other types of orders listed in § 1292(a)(2). See United States v. Antiques Ltd. P'ship, 760 F.3d 668, 671 (7th Cir. 2014). We thus agree with the receiver that this appeal does not fall within the scope of that section, and the order is not otherwise appealable as a final decision, 28 U.S.C. § 1291.

6.      Due to the nature and scope of this proceeding, including the sheer volume of claims and the difficulty unwinding the fraud and administering the assets to some 900 claimants, an actual final judgment in this case – one that disposes of all the claims and all the parties' – will likely take years to achieve. (It is illustrative, for example, that one of the most recent Court minute orders (Docket 1090) sets the next status hearing for May of 2022.) Ventus' issue, however, is very narrow, contained, and simple, but one that affects a fairly significant asset. Accordingly, there are compelling grounds to allow Ventus to appeal the August 13 Order immediately, rather than waiting for a final determination.

7.      Fed. R. Civ. P. 54(b) provides:

**54 (b) Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

8.      Ventus is prepared to appeal the August 13 Order regardless of when that option may become available. Obviously, it would be efficient for Ventus to proceed with that appeal now. Ventus is only a party to this proceeding for the very limited question of its interest in the Properties and earnest money. It is not a claimant. Ventus does not expect to participate in any subsequent or additional activities that occur in this case. An immediate appeal of the August 13 Order would enable Ventus to resolve its singular issue and permit all the parties affected by the August 13 Order to move on.

9.      However, allowing the appeal to proceed at this time is not solely for the benefit or convenience of Ventus. Resolving the appeal of Ventus' singular issue will allay a question that has significant repercussions in this case, streamlining the remaining work of the Receiver and simplifying any subsequent appeal that might take place after the close of the receivership.

10.      In general, a court should grant a Rule 54(b) motion where the order sought to be appealed "is an ultimate disposition of an individual claim[,] in a multiple claims action." *Gen. Ins. Co. of Am. v. Clark Mall Corp.,* 644 F.3d 375, 379 (7th Cir. 2011). For that determination, courts typically consider: (i) whether the claims remaining have significant factual overlap with those already decided, *see VDF FutureCeuticals, Inc. v. Stiefel Labs., Inc.,* 792 F.3d 842, 845 (7th Cir. 2015), or (ii) whether they are aimed at the same recovery, 917 F.3d 538, 544 (7th Cir. 2019). In addition, there is generally no just reason for delay when a partial final judgment would not result in duplicative appeals or otherwise waste judicial resources. *U.S. v. Ettrick Wood Prods., Inc.,* 916 F.2d 1211, 1218 (7th Cir. 1990).

11.      Appealing the August 13 order meets all of the foregoing factors. Ventus' appeal is, at most, a request for review of the legal analysis underlying earnest money deposits, liquidated damages, and forfeiture. None of these issues are intertwined with the actual claims in the receivership. Ventus is not seeking the same or even similar recovery compared to any other claimants or parties, it is seeking a refund of moneys it paid directly to the Receiver, not adjudicating a right to money in the receivership estate. Accordingly, there is no need to excavate any of the underlying claims between the Plaintiff and Defendants, no need to fossick through the facts of the Ponzi scheme and alleged fraud. Permitting the appeal to proceed now, rather than in a comprehensive collection of potential appeals regarding all the decisions in this complex matter, benefits the Court, parties, and the judicial system as a whole.

12.     In addition, there is no just reason to delay this appeal. Typically, the Court of Appeals wishes to avoid piecemeal arguments arising from the same set of facts and decisions. However, the Ventus issue is truly in isolation from all of the other substantive questions in the case. It can be decided with virtually no briefing on the underlying claims and defenses.

13.     Additionally, having the issue of the earnest money decided now (or in the near future) would create surety for a substantive issue that will have repercussions on the remaining claims and claimants in this case. The earnest money at issue is not insignificant – Ventus seeks return of $431,520.00 – and will therefore presumably impact the distribution of moneys to claimants. If this Court's order is reversed, remanded for recalculation, or partially upheld with a reduction in the amount forfeited, the amount of money available in the pool of available funds will be materially impacted. Since the Receiver is anticipated to pay claimants out of this pool, any such material change could have ripple effects among a large group of innocent individuals.

14.     Having the issue of the earnest money decided now, during the pendency of this case, will benefit all the parties who are affected:  the Courts, the claimants, the Receiver, the Plaintiff and Defendants, and Ventus. Because of this, there is no just cause to otherwise delay the appeal to an uncertain time when all the issues and claims are resolved into a final judgment.

15.     Ventus acknowledges that this Motion is brought more than thirty (30) days after entry of the August 13 Order which it seeks to make a final judgment, and that "as a general rule it is an abuse of discretion for a district judge to grant a motion for a Rule 54(b) order when the motion is filed more than thirty days after the entry of the adjudication to which it relates." *Schaefer v. First Nat'l Bank of Lincolnwood,* 465 F.2d 234, 236 (7th Cir. 1972).

16.     However, Ventus was in a Catch-22 regarding the timing of the appeal. Had it not filed an immediate notice of appeal, and instead sought determination under Rule 54(b), the

window in which to file the appeal would have closed if the August 13 Order *was* properly appealable under 28 U.S.C. § 1292(a)(2). (The same is true if Ventus had waited until the entire case were adjudicated – if the August 13 Order were properly appealable under 28 U.S.C. §1292(a)(2), Ventus had to act immediately to appeal it or else risk missing the jurisdictional deadline.) And once the notice of appeal had been filed, the District Court was temporarily relived of all jurisdiction and Ventus had no avenue to seek Rule 54(b) determination.

17.     Only once the Seventh Circuit determined that the interlocutory order was not appealable was it appropriate for Ventus to bring this motion, which it has done now with alacrity. The appeal was dismissed on November 4, and this Motion is brought well within 30 days of that determination. Accordingly, this is an instance "where dilatoriness is not occasioned by neglect or carelessness," and "in which the application of this general [30-day] rule might be abrogated in the interest of justice." *Id.*

18.     Counsel for Ventus reached out to counsel for the Receiver to inquire as to whether the Receiver has an objection to this Motion, per this Court's standing order, but did not have a response as of the time of filing. Counsel presumes that the Receiver does oppose this Motion, and would want an opportunity to respond.

WHEREFORE, for the above and foregoing reasons, Intervenors Ventus Holdings, LLC and Ventus Merrill, LLC, respectfully request that this Honorable Court: (i) find, pursuant to Fed. R. Civ. P. 54(b), that there is no just cause to delay appeal of its Order of August 13, 2021, docketed as number 1025 in this cause, (ii) designate that this Order shall be considered a final judgment so as to render it immediately appealable, and (iii) grant any further relief the Court deems fair and necessary under the circumstances.

Respectfully submitted,

Ventus Holdings, LLC and Ventus Merrill, LLC,
Intervenors

By: ___/s/Saskia Nora Bryan_____
        One of their attorneys

Robert S. Minetz – IARDC #1925563
Saskia Nora Bryan – IARDC #6255682
Latimer LeVay Fyock LLC
55 West Monroe Street, Suite 1100
Chicago, Illinois  60603
(312) 422-8000; Fax: (312) 422-8001

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2021, I electronically filed the Foregoing Motion to Designate Interlocutory Order as a Final Judgment for the Purposes of Appeal with the clerk of the United States District Court for the Northern District of Illinois, using the CM/ECF system, which will serve a copy of the foregoing upon counsel and parties of record.

/s/Saskia Nora Bryan_____