**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** ) ) ) ) | |
| Plaintiff, ) ) | Civil Action No. 18-cv-5587 |
| v. ) ) | Judge John Z. Lee |
| **EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,** ) ) ) ) | Magistrate Judge Young B. Kim |
| Defendants. ) ) | |

**RECEIVER'S OPPOSITION TO VENTUS' MOTION TO DESIGNATE INTERLOCUTORY APPEAL AS FINAL ORDER**

The Seventh Circuit has twice dismissed appeals brought by Ventus Holdings LLC and Ventus Merrill, LLC ("Ventus") because they involved interlocutory, non-appealable orders. Most recently, the Seventh Circuit noted that the order that is the subject of the motion at bar did not fall under 28 U.S.C. § 1292(a) or 28 U.S.C. § 1291 and thereby deprived the Court of Appeals of jurisdiction. Nevertheless, Ventus seeks to circumvent the Seventh Circuit decisions and these jurisdictional statutes through the pending motion, asking this Court to issue an order under Fed. R. Civ P. 54(b). As further detailed below, Ventus' Rule 54(b) motion must be denied on both procedural and substantive grounds.

First, as a procedural matter, the motion is untimely. The Seventh Circuit has repeatedly held that a Rule 54(b) motion must be filed within 30 days of the order subject to the motion. The motion at bar comes more than 90 days after this Court entered the August 13, 2021 order.

Second, and substantively, the order that Ventus seeks to appeal is not an appealable final order, and a finding under Rule 54(b) will not change the nature of the order and make it

1

appealable. Furthermore, if this request were granted, the entire statutory scheme under Sections 1291 and 1292(a) would be uprooted, and would set a terrible precedent, both for this matter and in general.

## RELEVANT BACKGROUND

In October 2019, the Receiver accepted contracts (without financing contingencies) to sell Ventus properties located at 7600-10 South Kingston for $1,870,000 and at 7656 South Kingston for $510,000. (Dkt. No. 618 at 66, 69) In December 2019, the Receiver accepted a contract to sell Ventus the property located at 6949-59 South Merrill for $1,935,200. (*Id.* at 76)

After the District Court confirmed these sales (Dkt Nos. 633 and 680), Ventus defaulted and the purchase contracts were terminated. (*See* Dkt. No. 739, Exhibits A & B) By letter dated April 20, 2020, Ventus informed counsel for the Receiver that it was unable to secure acquisition financing, that it could no longer raise the required equity, and that it could not proceed with the acquisitions of the Properties. (*Id.,* Exhibit A) Ventus then requested the return of its earnest money deposits (equaling ten percent of each purchase price), but the Receiver refused, which the purchase contracts entitled him to do.

With Ventus' unequivocal pronouncement that it could not proceed (*see id.*, Exhibit A), the Receiver secured new purchase contracts for the Properties from other buyers who had previously submitted bids. On June 11, 2020, the Receiver moved to confirm the sales of the Properties to the new purchasers. (Dkt. No. 712) As set forth in the motion, the Receiver accepted offers to purchase 7600-10 South Kingston for $1,530,000, 7656 South Kingston for $320,000, and 6949-59 South Merrill for $1,520,000. (*See* Dkt. No. 712 at 5-11)

On June 22, 2020, however, Ventus moved to intervene and then opposed the Receiver's motion to confirm the sales to the new purchasers. (Dkt. No. 721)

On October 26, 2020, the District Court overruled Ventus' objection and granted the Receiver's motion to approve the sales of the Properties. (Dkt. No. 825) Ventus appealed from that decision, but the appeal was dismissed for lack of subject matter jurisdiction on December 11, 2020. (*See* Exhibit 1)

Subsequently, Ventus moved for an order that would direct the title company to return its earnest money on the basis that its breach was excused by the doctrines of impossibility and commercial frustration. (Dkt. No. 861) The Receiver opposed the motion. (Dkt. No. 882) On August 13, 2021, this Court ruled in the Receiver's favor and denied Ventus' motion. (Docket No. 1025)

Another notice of appeal by Ventus followed. On November 4, 2021, the Seventh Circuit again dismissed the appeal for lack of jurisdiction. In its succinct opinion dismissing the appeal, the Seventh Circuit made clear that it reviewed the question of jurisdiction under Sections 1291 and 1292(a) and found that jurisdiction did not exist under either statute. (*See* Exhibit 2)

## ARGUMENT

The question of whether to grant a Rule 54(b) motion lies within the discretion of the Court. *See, e.g., Horn v. Transcon Lines, Inc.,* 898 F.2d 589, 592 (7th Cir. 1990) (dismissing appeal for lack of final order, finding that district court abused its discretion in granting request for Rule 54(b) language). In this instance, Ventus' motion must be denied both because it is untimely and because the order at issue is not appealable irrespective of including the requested language.

**I.     Ventus' Motion Must Be Denied Because It Is Untimely**.

For the last fifty years, the Seventh Circuit has enforced a 30-day requirement for the filing of a Rule 54(b) motion. *See Schaeffer v. First National Bank of Lincolnwood,* 465 F.2d 234 (7th

3

Cir. 1972) (dismissing appeal based in improvidently granted Rule 54(b) motion). That rule was recently reaffirmed and reapplied:

> Long ago we added a timeliness requirement as a hedge against dilatory Rule 54(b) motions. … We held in *Schaefer* that "as a general rule it is an abuse of discretion for a district judge to grant a motion for a Rule 54(b) order when the motion is filed more than thirty days after the entry of the adjudication to which it relates." *Id.* We recognized that "[t]here may be of course cases of extreme hardship which dilatoriness is not occasioned by neglect or carelessness in which application of this general rule may be abrogated in the interests of justice." *Id.* But "[t]hose occasions," we said, "ought . . . to be extremely rare." *Id.*
>
> Here, King's Rule 54(b) motion was made 13 months after partial summary judgment was granted and more than 30 days after the entry of partial summary judgment on the pleadings. Because the motion was seriously tardy, King needed to show hardship. He has not done so; nor has he given any good reason for the delay. Applying *Schaefer,* the appeal must be dismissed for lack of appellate jurisdiction.

*King v. Newbold,* 845 F.3d 866, 868 (7th Cir. 2017) (citations omitted).

There is no debate here that this motion has been filed more than 30 days after this Court's entry of the August 13, 2021 order. The timing of this motion is well past the 30 days, and it is a recognized abuse of discretion to grant such an untimely motion. *See, e.g., Republic Bank of Chicago v. Desmond,* 2015 WL 4397781 at *2 (N.D. Ill. July 17, 2015) (denying Rule 54(b) motion on numerous grounds including untimeliness, noting that it is an abuse of discretion for a district court to grant an untimely Rule 54(b) motion, which is one filed more than thirty days after entry of order) (citations omitted); *AutoZone, Inc. v. Strick,* 2007 WL 683992 (N.D. Ill. March 1, 2007) (denying Rule 54(b) motion that was past the 30 day limit).

Recognizing that focus on the operative date of August 13, 2021 is fatal, Ventus seeks to defend its lack of timeliness by noting that this motion is filed less than thirty days after the Seventh Circuit's second dismissal order of November 4, 2021. (Ventus Rule 54(b) Motion, ¶¶ 15-17) Putting aside the fact that the position is legally groundless as seen from the decisions discussed

above, there are other problems with the Ventus' self-serving analysis. If one is to start the clock based on appellate decisions, here the critical date should be from the first dismissal of a Ventus appeal by the Seventh Circuit back in December 2020. At that time, the Seventh Circuit made it clear that the type of order that Ventus is seeking to appeal did not fall within the confines of Section 1292(a)(2), which creates a narrow exception for a limited set of orders arising from a receivership context. (*See* Exhibit 1 hereto) Despite making it clear that the Ventus issues were not subject to appeal under 1292(a)(2), Ventus decided to file its second appeal from the same set of circumstances making exactly the same jurisdictional argument in support of its second appeal. Put differently, the first dismissal made it evident that those grounds did not support appeal, yet Ventus ignored that order to file another unfounded appeal rather than filing its Rule 54(b) motion within 30 days of the August 13, 2021 order. Under such circumstances, Ventus does not come close to meeting the narrow "interests of justice" exception to the application of the thirty-day deadline.

    **II.**    **The Order Is Interlocutory And Cannot Be Properly Appealed Even With A Rule 54(b) Finding.**

Ventus' motion for a Rule 54(b) finding wrongly presumes that the order at issue is final and appealable except for the absence of a Rule 54(b) finding. Ventus also suggests that there are efficiency and other benefits as why its appeal and issues should be treated differently than every other interested party in these Receivership proceedings. But Ventus' self-serving arguments do not override governing case law and applicable statutes.

To start, it is critical to recognize that the final judgment rule preserves the proper balance between trial and appellate courts, as it minimizes the harassment, delay, and waste of resources that would result from repeated interlocutory appeals and promotes the efficient administration of justice. *Microsoft Corp. v. Baker*, 137 S.Ct. 1702, 1712 (2017). "The final judgement rule exists

to help avoid piecemeal litigation and encroachment on the special role district judges play in managing ongoing litigation. . . . Furthermore, until a case is over, litigants do not know whether an individual error actually matters, and appeal courts usually benefit from having an entire record in front of them." *Abelsesz v. Erste Group Bank AG,* 695 F.3d 655, 661-62 (7th Cir. 2012) (citations omitted).

Here, the August 13th order is not a final order because there will remain issues associated with the subject matter and monies which relate to that order. Put differently, there is an overlap of issues relating to the properties at issue and the funds that resulted from their sales that are not appealable until later as they are part of the receivership process and do not involve "orders appointing receivers, refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property," as the Seventh Circuit has held in dismissing Ventus' appeals and in other receivership matters under 28 U.S.C. § 1292(a)(2). Indeed, as the Court is aware, there were objections previously raised relating to both the sale process utilized (Dkt. Nos. 232, 235, 240, 333, 365) and approval of sales contracts (Dkt. Nos. 721, 728, 730, 746) for the three properties at issue here, all of which are interlocutory orders that are not appealable at this juncture, as the Seventh Circuit made clear when it dismissed Ventus' first appeal (Exhibit 1) and that of certain institutional investors who also appealed after their objections to certain sales was overruled. (*See* Exhibit 3) These orders all are not final and overlap and/or are intertwined with the August 13th order that is the subject of the motion at bar. This is a situation that is markedly different, for example, from a circumstance where a distribution plan has been approved by a district court for all victims of a Ponzi scheme, which the Seventh Circuit has found to be final for purposes of Section 1291. *See S.E.C. v. Wealth Management LLC,* 628 F.3d 323 (7th Cir. 2010) (finding jurisdiction to review final distribution plan under Section 1291

and the collateral order doctrine). The Seventh Circuit has already evaluated these issues of finality and appealability and ruled that the order here does not fall under Section 1291. (*See* Exhibit 2) Jurisdiction could have been found Section 1291 without any Rule 54(b) language (*e.g.*, *Diaz v. The Southern Drilling Corp.,* 427 F.2d 1118 (5th Cir. 1970)), but the order was not final. The addition of Rule 54(b) language as requested does not change that fact. *See, e.g., In Re Southeast Banking Corp.,* 69 F.3d 1539, 1549 (11th Cir. 1996) (noting that an interlocutory order "cannot be transformed under Rule 54(b) into a final order for purposes of expediting an appeal").

Allowing the appeal here would result in duplicative appeals and an unnecessary use and waste of resources. One need look no further than the Seventh Circuit's three prior dismissals of appeals from rulings of this Court relating to the Receivership to recognize that this Court's interlocutory rulings are more efficiently handled together, later in the proceeding, instead of in a piecemeal fashion. The fundamental case relied upon by the Seventh Circuit in dismissing those three earlier appeals speaks loudly and directly to the issue. In *U.S. v. Antiques Ltd. P'ship,* 760 F.3d 668 (7th Cir. 2014), the actions of a receiver and related court orders led to the filing of numerous appeals, including an appeal from an order of the district court approving of certain property sales. The Seventh Circuit held that an "appeal … challenging the district court's approval of property sales by the receiver … is not within our jurisdiction," despite the fact that "an interlocutory order appointing a receiver is appealable, as is an interlocutory order 'refusing to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property.'" *Antiques,* 760 F.3d at 671 (citing 28 U.S.C. § 1292(a)(2)). The Court explained:

> Parties in other cases have argued that this additional statutory language authorizes appeals from orders en route to winding up the receivership, which could include the sale order in the collection phase of this case. **But that would both strain the statutory language and make anything the**

7

> **receiver did appealable immediately, which could flood the courts of appeals with interlocutory appeals**. We therefore agree with the courts that have held that appellate jurisdiction over interlocutory orders involving receivers is limited to the three types of order specified in section 1292(a)(2): orders appointing a receiver, orders refusing to wind up a receivership, and orders refusing to take steps to accomplish the purposes for winding up a receivership.

760 F.3d at 671-72 (emphasis added).

Ventus cites to no decision in a receivership context that supports its request for Rule 54(b) finding. In fact, its citations generally support denial of its motion. For example, in *U.S. v. Ettrick Wood Products, Inc.,* 916 F.2d 1211 (7th Cir. 1990) (cited by Ventus in ¶ 10), the court denied the request for 54(b) finding, and the appeal in that case occurred after the remaining defendants and claims settled. As such, there was no risk of piecemeal appeals – as the trial court's denial of the Rule 54 motion ensured – and appellate jurisdiction resided under Section 1291 as a final judgment. Similarly, in *General Ins. Co. of Am. v. Clark Mall. Corp.,* 644 F.3d 375 (7th Cir. 2011), the Seventh Circuit dismissed the appeal finding the trial court's grant of a Rule 54(b) motion erroneous when various matters that remained were related to the order being appealed.

Second, and complementing the logic of the Seventh Circuit in *Antiques* and its prior dismissals of appeals from orders in this Receivership, allowing Ventus to appeal this interlocutory order in a piecemeal fashion creates numerous and unwieldy problems for this Court, the Court of Appeals, and the Receivership. A Rule 54(b) finding will encourage other litigants to file and argue that they should be entitled to pursue piecemeal appeals, arguing that their rights and related proceedings have been sufficiently concluded such that an appeal would be beneficial for them so that they can get an immediate review. With the large number of stakeholders here, that would prove disastrous, exponentially more expensive and less efficient, and fully undermine the policies underlying the final judgment rule. Such precedent would also undermine Section 1292(a)(2),

8

which reflects the types of interlocutory orders that Congress has determined should proceed forward. The Seventh Circuit has twice found that the circumstances that surround Ventus' motion here do not fall within the special categories that are set forth in the statute, and if allowed to proceed, would flood the courts of appeals with interlocutory appeals. The effort to turn an interlocutory order into a final order is just an effort to circumvent the statute and case law described above and create chaos for this Court, the Court of Appeals, and the Receivership.

WHEREFORE, the Receiver respectfully requests that this Court deny Ventus' Rule 54(b) Motion and provide any further relief that the Court deems appropriate.

Dated: December 20, 2021                                  Kevin B. Duff, Receiver

                                        By:     /s/ Michael Rachlis
                                                Michael Rachlis
                                                Jodi Rosen Wine
                                                Rachlis Duff & Peel LLC
                                                542 South Dearborn Street, Suite 900
                                                Chicago, IL 60605
                                                Phone (312) 733-3950
                                                *mrachlis@rdaplaw.net*
                                                *jwine@rdaplaw.net*

## CERTIFICATE OF SERVICE

I hereby certify that I provided service of the foregoing Receiver's Opposition To Ventus' Motion To Designate Interlocutory Appeal As Final Order, via the Court's CM/ECF system, to all counsel of record on December 20, 2021.

/s/ Michael Rachlis

Michael Rachlis
Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone (312) 733-3950
Fax (312) 733-3952
mrachlis@rdaplaw.net

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## ORDER

December 11, 2020

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

| No. 20-3155 | SECURITIES AND EXCHANGE COMMISSION,<br>Plaintiff - Appellee<br><br>and<br><br>KEVIN B. DUFF,<br>Appellee<br><br>v.<br><br>VENTUS HOLDINGS, LLC,<br>Defendant - Appellant |
|---|---|
| **Originating Case Information:** ||
| District Court No: 1:18-cv-05587<br>Northern District of Illinois, Eastern Division<br>District Judge John Z. Lee ||

    The following is before the court: **RECEIVER'S MOTION TO DISMISS APPEAL FILED BY VENTUS HOLDINGS, LLC**, filed on November 19, 2020, by counsel for the appellee.

    Under 28 U.S.C. § 1292(a)(2) a court of appeals has jurisdiction of appeals from "Interlocutory orders appointing receivers, or refusing orders to wind up receiverships

Exhibit

1

No. 20-3155 Page 2

or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property." Appellant appeals from the district court's October 26, 2020, order granting the receiver's eighth motion to confirm the sale of certain real estate. Appellant did not submit a timely response to the receiver's motion to dismiss for lack of jurisdiction. *See* Fed. R. App. P. 27(a)(3)(A). We agree with the receiver that the challenged order does not fall within the scope of § 1292(a)(2). *See United States v. Antiques Ltd. P'ship*, 760 F.3d 668, 671 (7th Cir. 2014). Therefore,

**IT IS ORDERED** that the motion to dismiss is **GRANTED** and the appeal is **DISMISSED** for lack of jurisdiction.

form name: **c7_Order_3J**(form ID: **177**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**ORDER**

November 4, 2021

Before
FRANK H. EASTERBROOK, *Circuit Judge*
MICHAEL S. KANNE, *Circuit Judge*
DIANE P. WOOD, *Circuit Judge*

| No. 21-2664 | SECURITIES AND EXCHANGE COMMISSION, Plaintiff<br><br>and<br><br>KEVIN B. DUFF, Appellee<br><br>v.<br><br>EQUITYBUILD, INC., et al., Defendants<br><br>and<br><br>VENTUS HOLDINGS, LLC and VENTUS MERRILL, LLC, Intervenors - Appellants |
|---|---|
| **Originating Case Information:** ||
| District Court No: 1:18-cv-05587<br>Northern District of Illinois, Eastern Division<br>District Judge John Z. Lee ||

The following are before the court:

1. **MOTION TO DISMISS APPEAL**, filed on October 13, 2021, by counsel for the appellee.

Exhibit 2

No. 21-2664 Page 2

2. **RESPONSE TO MOTION TO DISMISS APPEAL**, filed on October 28, 2021, by counsel for the appellants.

Under 28 U.S.C. § 1292(a)(2) this court has jurisdiction to hear appeals from "Interlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property." Appellant appeals from the district court's order denying a motion for return of earnest money paid to the receiver under a contract to purchase property. This order was not a refusal to take steps to accomplish the purposes for winding up a receivership or either of the other types of orders listed in § 1292(a)(2). *See United States v. Antiques Ltd. P'ship*, 760 F.3d 668, 671 (7th Cir. 2014). We thus agree with the receiver that this appeal does not fall within the scope of that section, and the order is not otherwise appealable as a final decision, 28 U.S.C. § 1291. Therefore, **IT IS ORDERED** that the motion to dismiss is **GRANTED** and this appeal is **DISMISSED** for lack of jurisdiction.

form name: **c7_Order_3J**    (form ID: **177**)

### UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



| Everett McKinley Dirksen United States Courthouse | | Office of the Clerk |
| Room 2722 - 219 S. Dearborn Street | | Phone: (312) 435-5850 |
| Chicago, Illinois 60604 | | www.ca7.uscourts.gov |

**ORDER**

December 11, 2020

Before

FRANK H. EASTERBROOK, *Circuit Judge*
MICHAEL S. KANNE, *Circuit Judge*
DIANE P. WOOD, *Circuit Judge*

| | |
|---|---|
| No. 20-3114 | SECURITIES AND EXCHANGE COMMISSION, Plaintiff - Appellee<br><br>and<br><br>KEVIN B. DUFF, Appellee<br><br>v.<br><br>CITIBANK, N.A., Defendant - Appellant<br><br>and<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, Appellant |

**Originating Case Information:**

District Court No: 1:18-cv-05587
Northern District of Illinois, Eastern Division
District Judge John Z. Lee

The following are before the court:

**Exhibit 3**

No. 20-3114 Page 2

1. **RECEIVER'S MOTION TO DISMISS APPEAL**, filed on November 16, 2020, by counsel for the Appellee Kevin B. Duff.

2. **SECURITIES AND EXCHANGE COMMISSION'S JOINDER OF RECEIVER'S MOTION TO DISMISS**, filed on November 27, 2020, by counsel for Appellee Securities and Exchange Commission.

3. **APPELLANTS' RESPONSE IN OPPOSITION TO APPELLEE RECEIVER'S MOTION TO DISMISS APPEAL**, filed on November 30, 2020, by counsel for the appellants.

4. **RECEIVER'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS APPEAL**, filed on December 7, 2020, by counsel for Appellee Kevin B. Duff.

Under 28 U.S.C. § 1292(a)(2) a court of appeals has jurisdiction of appeals from "Interlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property." Appellants appeal from the district court's October 26, 2020, order granting the receiver's ninth motion to confirm the sale of certain real estate and for the avoidance of certain mortgages, liens, claims and encumbrances. That order does not fall within the scope of § 1292(a)(2). *See United States v. Antiques Ltd. P'ship*, 760 F.3d 668, 671 (7th Cir. 2014). Therefore, **IT IS ORDERED** that the motion to dismiss is **GRANTED** and the appeal is **DISMISSED** for lack of jurisdiction.

form name: **c7_Order_3J**(form ID: **177**)