# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) | **Civil Action No. 18-cv-5587** |
| **v.** | ) ) | **Judge John Z. Lee** |
| **EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,** | ) ) ) ) | **Magistrate Judge Young B. Kim** |
| **Defendants.** | ) ) ) | |

## FIFTEENTH MOTION TO CONFIRM THE SALE OF CERTAIN REAL ESTATE AND FOR THE AVOIDANCE OF <u>CERTAIN MORTGAGES, LIENS, CLAIMS, AND ENCUMBRANCES</u>

Kevin B. Duff, as receiver ("Receiver") for the Estate of Defendants EquityBuild, Inc. ("EquityBuild"), EquityBuild Finance, LLC ("EquityBuild Finance"), their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen (collectively, the "Receivership Defendants"), and pursuant to the powers vested in him by that certain Order Appointing Receiver entered on August 17, 2018 (Dkt. No. 16), as supplemented by that certain Order entered March 14, 2019 (Dkt. No. 290) and that certain Order entered February 21, 2020 (Dkt. No. 634), respectfully moves for confirmation of the sale of 7109-19 South Calumet Avenue, Chicago, Illinois 60619 ("<u>7109-19 S Calumet</u>") and for the avoidance of certain mortgages, liens, claims, and encumbrances.

To the extent that this motion makes reference to "secured" interests or "released" mortgages, those references are descriptive only and not intended as representations that the subject security instruments have been conclusively determined "secured" or "released." This

motion takes no position with respect to the validity or priority of any encumbrance referenced herein, and the order in which any encumbrances are enumerated in the paragraphs that follow should not be construed as a finding or opinion regarding such issues.

***This Court Authorized The Receiver To Sell Assets Owned By The Receivership Defendants.***

1.      The United States Securities and Exchange Commission filed this case against EquityBuild, EquityBuild Finance, Jerome Cohen, and Shaun Cohen alleging violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. 240.10b-5, Section 20(a) of the Exchange Act, 15 U.S.C. §78t(a), Sections 5(a) and 5(c) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §77e(a) and (c), and Section 17(a) of the Securities Act, 15 U.S.C. §§77q(a).

2.      In its August 17, 2018 Order Appointing Receiver (Dkt. No. 16), the Court assumed exclusive jurisdiction over, and possession of, the assets of the Receivership Defendants, which included 7109 Calumet LLC.

3.      In the Order Appointing Receiver, the Court conferred upon the Receiver (1) "all powers, authorities, rights and privileges" theretofore possessed by the principals of the Receivership Defendants under applicable state and federal law, as well as by the governing operating and shareholders' agreements, and (2) all powers and authority of a receiver at equity, as well as all powers conferred upon a receiver under 28 U.S.C. §§ 754, 959, and 1692, and FRCP 66.  (Docket No. 16, ¶ 4)

4.      The Court further authorized the Receiver to "take all necessary and reasonable actions to cause the sale" of "all real property in the Receivership Estate, either at public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such real property." (*Id*.)

***The Receiver Will Provide Fair, Adequate, And Sufficient Notice Of This Motion To All Interested Parties.***

5.      In addition to service through the Court's electronic case filing system, the Receiver intends to serve a copy of this motion upon all interested parties of which he is currently aware by electronic mail (to the extent he possesses an e-mail address) or by regular mail if he possesses a mailing address but no e-mail address.

6.      The Receiver will use information obtained from EquityBuild's records, as well as communications received during the course of the Receivership, to ensure that contact information is as complete as reasonably possible.

7.      A copy of this motion will also be posted on the Receiver's webpage at *http://rdaplaw.net/receivership-for-equitybuild.*

***The Court Should Confirm The Public Sale Of A Sale Of A Multifamily Apartment Building In Chicago, Illinois Pursuant To 28 U.S.C. § 2002.***

8.      On April 18, 2019, the Receiver filed a Fifth Motion For Court Approval Of The Process For Public Sale Of Real Property By Sealed Bid (the "Fifth Motion"), and 7109-19 S Calumet was included within the scope of that motion. (Dkt. No. 329)

9.      The Fifth Motion was granted by Order dated May 22, 2019 (Dkt. No. 382), subject, among other things, to the rights of lenders to credit bid for the properties securing their loans, provided they post a letter of credit in the amount of the bid if the Receiver identifies a *bona fide* dispute regarding the validity or priority of their security. *See also,* Dkt. No. 540 (Order overruling objections to 5/22/2019 Order).

10.      Pursuant to 28 U.S.C. § 2002, a public sale of realty may be made by notice published "once a week for four weeks prior to the sale in at least one newspaper regularly issued and of general circulation in the county, state or judicial district of the United States wherein the realty is situated."

11.　Notice of the public sale of 7109-19 S Calumet was published July 19, 2019, July 26, 2019, August 2, 2019, and August 9, 2019, and the bid deadline was August 14, 2019.  (*See* Certificate of Publication, Exhibit 1)

12.　Bids were received from four prospective purchasers. At the direction of the Receiver, and pursuant to the court approved bidding procedures, SVN Chicago Commercial LLC ("SVN Chicago") invited a credit bid (exceeding the existing bid by at least two percent) from U.S. Bank National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2017-SB30 ("U.S. Bank as Trustee") to purchase 7109-19 S Calumet.  U.S. Bank as Trustee then submitted a credit bid in the amount of $1,122,000, and none of the prospective purchasers was thereafter willing to increase its offer, as a result of which the Receiver accepted the credit bid, with the form of the letter of credit to be posted in respect of that credit bid to be negotiated with the lender.  (*See* Dkt. No. 618, at 62-64 & Exhibit 191)

13.　The terms of the letter of credit were never finalized.  On November 16 and 17, 2021, U.S. Bank as Trustee notified Receiver that it was unable to proceed with its credit bid to purchase 7109-19 S Calumet due to the parties' inability to reach an agreement on the terms of the letter of credit, and that it consented to the Receiver selling the property in accordance with the marketing and sale process previously approved by the Court.

14.　As a result, the Receiver proceed to re-market the property for sale.  Notice of the public sale of 7109-19 S Calumet was published in the Chicago Sun-Times on November 19, 2021, November 26, 2021, December 3, 2021 and December 10, 2021, and the bid deadline was December 16, 2021. (*See* Certificate of Publication, Exhibit 2)

15.     The Receiver, acting upon the advice of his real estate brokers at SVN Chicago, as well his own retained professionals, asked $1,290,000 for 7109-19 S Calumet.

16.     After the property was toured by 15 interested parties, offers were submitted by 9 prospective purchasers.

17.     The Receiver then solicited, through SVN Chicago, best and final bids from the most competitive bidders, resulting in a highest bid of $1,496,000.  At the direction of the Receiver, and pursuant to the court approved bidding procedures, SVN Chicago then invited a credit bid (exceeding the existing bid by at least two percent) from U.S. Bank as Trustee to purchase 7109-19 S Calumet.  U.S. Bank as Trustee declined to submit a credit bid.  As a result, the Receiver accepted an offer in the amount of $1,496,000 from NCPM, Jimmy Oppenheimer, an offer that both waived inspection and was not subject to any financing contingency.  (A true and accurate copy of the Purchase and Sale Agreement is attached at Exhibit 3 3)

18.     Title to 7109-19 S Calumet is vested in 7109 S Calumet LLC and clouded by the following encumbrances of record:

        a.      that certain Mortgage recorded October 17, 2014 as document 1429050012 made by EquityBuild, Inc. to Russell Waite and Ursula Waite, as to an undivided 2.78% interest; Peggy Christensen Living Trust dated September 16, 2011, as to an undivided 5.56% interest; Ashwin D. Patel, as to an undivided 11.56% interest; Navin Vardya, as to an undivided 5.56% interest; iPlanGroup Agent for Custodian FBO Mark Young IRA, as to an undivided 5.56% interest; Edge Investments, LLC, as to an undivided 3.61% interest; EZ NJ Ventures, LLC, as to an undivided 2.78% interest; Jerome B. Shaffer Trust, as to an undivided 5.56% interest; Focus4 Investments, LLC, as to an undivided 2.78% interest; R.D. Meredith General Contractors, LLC 401K Plan, as to an undivided 8.33% interest;

Steven Canning, as to an undivided 5.56% interest; Optima Property Solutions, LLC, as to an undivided 11.11% interest; R2V2 Investments, LLC, as to an undivided 1.67% interest; Brown Rental Properties, LLC, as to an undivided 5.56% interest; iPlanGroup Agent for Custodian FBO Charles Michael Anglin IRA, as to an undivided 4.33% interest; 1839 Fund I, LLC, as to an undivided 2.78% interest; Shankar Thiruppathi, as to an undivided 5.56% interest; John Love, as to an undivided 1.94% interest; Jackie Rowe, as to an undivided 0.50% interest; Joe Siracusa, as to an undivided 2.78% interest; and Scott E. Pammer, as to an undivided 4.17% interest, to secure a note in the originally stated principal amount of $1,800,000.00;

b.      that certain Multifamily Mortgage, Assignment of Rents and Security Agreement recorded February 07, 2017 as document 1703816048 made by 7109 S. Calumet LLC to Red Mortgage Capital, LLC, to secure a note in the originally stated principal amount of $1,507,000.00 and last assigned to U.S. Bank National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-through Certificates, Series 2017-SB30, recorded on May 16, 2017 as Document No. 1713608071.

c.      that certain lis pendens recorded July 2, 2018, as Document No. 1818318076 in connection with the case captioned *Anson Markwell, as Trustee for the Amark Investment Trust v. EquityBuild, Inc., et al*., United States District Court for the Southern District of Texas, Houston Division, Case No. 4:18-cv-01274.

### *The Receiver Will Be Required To Pay Transaction Costs Associated With The Conveyance Of 7109-19 S Calumet.*

19.      At the closing of the sale of 7109-19 S Calumet, certain costs and expenses will be paid from the sale proceeds, including, but not limited to, (1) the costs of surveys, (2) premiums

associated with the delivery of owner's policies of title insurance, (3) state, local, and municipal transfer taxes, (4) closing (or escrow) fees assessed by the title company, and (5) various ancillary and customary charges relating to, among other things, the need to procure full payment water certificates from the City of Chicago, the obligation to deliver ALTA commercial extended title insurance coverage, closing protection coverage, wire transfer fees (associated with the transfers of sales proceeds to receivership bank accounts), expediting fees, a gap risk update, and state regulatory fees.

20.     To convey clear title to the property, the Receiver will also be required to (1) pay any and all past due or currently pending water charges and delinquent Cook County property taxes, (2) extend credits in connection with prospective 2021 Cook County property tax liability, and (3) pay a $54,880 sales commission to SVN Chicago.

21.     Finally, Andrew E. Porter, an attorney for the Receiver, serves as an agent for the title company through which the sale of 7109-19 S Calumet will close and will therefore receive an agency fee in the estimated amount of $3,400 for the title examination work performed in connection with the proposed conveyance, subject to increase if an acquisition lender requires title insurance endorsements.

22.     The Receiver intends to reduce the fee application ultimately submitted to the Court in connection with the corresponding asset disposition work in an amount equal to the agency fee being paid to Mr. Porter.

***The Receiver Will Segregate And Hold The Sales Proceeds In Separate Sub-Accounts.***

23.     Pending the completion of the claims process and a to-be-approved distribution plan, the proceeds from the sale of 7109-19 S Calumet will be held in a separate subaccount established by the Receiver (and for which the Receiver will maintain an accounting as to all sums deposited therein) and will not be available to pay operating expenses of the Receivership, absent

further order of Court. The inclusion of such amounts in a separate subaccount does not constitute an admission that any or all such amounts are subject to a valid security interest. The actual amount of sales proceeds in the subaccount to which the parties claiming the secured interest are entitled will be subject to determination through the claims process. The Receiver reserves all rights to seek a transfer of any such proceeds to the Receiver's operating account by subsequent Order of the Court.

WHEREFORE, the Receiver respectfully requests that this Court grant the Fifteenth Motion To Confirm The Sale Of Certain Real Estate And For The Avoidance Of Certain Mortgages, Liens, Claims, And Encumbrances by entering an order in the form attached at Exhibit 4 approving the sale of 7109-19 S Calumet free and clear of the mortgages, liens, claims, and encumbrances identified herein, and with all such mortgages, liens, claims, and encumbrances attaching to the sales proceeds with the same force, validity, status, and effect, if any, as they had against the corresponding property prior to the sale.

Dated:  December 30, 2021                  Kevin B. Duff, Receiver

By:   /s/ Michael Rachlis
       Michael Rachlis
       Jodi Rosen Wine
       Rachlis Duff & Peel LLC
       542 South Dearborn Street, Suite 900
       Chicago, IL 60605
       Phone (312) 733-3950
       mrachlis@rdaplaw.net
       jwine@rdaplaw.net

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2021, I electronically filed the foregoing **Fifteenth Motion To Confirm The Sale Of Certain Real Estate And For The Avoidance Of Certain Mortgages, Liens, Claims, And Encumbrances** with the Clerk of the United States District Court for the Northern District of Illinois, using the CM/ECF system. A true copy of the foregoing was served upon counsel of record via the CM/ECF system.

I further certify that I caused true and correct copy of the foregoing **Motion** to be served upon the following individuals or entities by electronic mail:

-   All known EquityBuild investors; and

-   All known individuals or entities that submitted a proof of claim in this action (sent to the e-mail address each claimant provided on the claim form).

I further certify that the **Motion** will be posted to the Receivership webpage at:

http://rdaplaw.net/receivership-for-equitybuild

/s/ Michael Rachlis
_____

Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone  (312) 733-3950
Fax      (312) 733-3952
mrachlis@rdaplaw.net

RACHLIS DUFF PEEL & KAPLAN
ADORDERNUMBER:-0001089552-01
PO NUMBER: Notice of Pub Sale

# Chicago Sun-Times
## Certificate of Publication

NO. OF AFFIDAVITS  1
COST: $450.00

**State of Illinois – County of**        **Cook**

Chicago Sun-Times, does hereby certify it has published the attached advertisements in the following secular newspapers.  All newspapers meet Illinois Compiled Statue requirements for publication of Notices per Chapter 715 ILCS 5/0.01 et seq. R.S. 1874, P728 Sec 1, EFF. July 1, 1874. Amended By Laws 1959, P1494,EFF. July 17, 1959. Formerly Ill. Rev. Stat. 1991, CH100, P1..
Note:  Notice appeared in the following checked positions.
PUBLICATION DATE(S):     07/19/2019, 07/26/2019, 08/02/2019, 08/09/2019

**Chicago Sun-Times**

IN WITNESS WHEREOF, the undersigned, being duly authorized,
has caused this Certificate to be signed

by

Pamela D. Henson
Account Manager – Public Legal Notices

This 9th Day of August 2019 A. D. .

OFFICIAL SEAL
JENNIFER M STREFF
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/26/23

NOTARY PUBLIC

RACHLIS DUFF PEEL & KAPLAN
542 S DEARBORN ST SUITE 900
ATTN: NICOLE MIRJANICH
CHICAGO, IL 60605

**Exhibit**

**1**

### NOTICE OF PUBLIC SALE OF REAL ESTATE

Kevin B. Duff, Receiver for the Estate of EquityBuild, Inc., EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen in the action styled U. S. Securities and Exchange Commission v. EquityBuild, Inc., et al., Civil Action No. 1:18-cv-05587, in the United States District Court for the Northern District of Illinois, Eastern Division, gives notice of his intent to sell the following real properties by sealed bid public sale:

638-46 N. Avers Avenue, Chicago, IL 60624 (PIN 16-11-112-027-0000)

4520-26 S. Drexel Blvd, Chicago, IL 60653 (PIN 20-02-311-016-0000)

6751-57 S Merrill Avenue, Chicago, IL 60649 (PIN 20-24-403-006-0000)

6949-59 S. Merrill Avenue, Chicago, IL 60649 (PIN 20-24-417-014-0000)

7109-19 S Calumet Avenue, Chicago, IL 60619 (PINS 20-27-105-003-0000; 20-27-105-004-0000; 20-27-105-005-0000)

7110-16 S Cornell Avenue, Chicago, IL 60649 (PIN 20-25-100-014-0000)

7450 S Luella Avenue, Chicago, IL 60649 (PIN 20-25-225-027-0000)

7546 S Saginaw Avenue, Chicago, IL 60649 (PIN 21-30-304-020-0000)

7600 S Kingston Avenue, Chicago, IL 60649 (PIN 21-30-309-030-0000)

7625-33 S East End Avenue, Chicago, IL 60649 (PIN 20-25-310-008-0000)

7635-43 S East End Avenue, Chicago, IL 60649 (PIN 20-25-310-009-0000)

7656 S Kingston Avenue, Chicago, IL 60649 (PIN 21-30-309-026-0000)

7748-50 S Essex Avenue, Chicago, IL 60649 (PIN 21-30-319-029-0000)

7749 S Yates Boulevard, Chicago, IL 60649 (PIN 21-30-318-013-0000)

7750-58 S Muskegon Avenue, Chicago, IL 60649 (PIN 21-30-400-034-0000)

8201 S Kingston Avenue, Chicago, IL 60617 (PIN 21-31-126-001-0000)

8326-32 S Ellis Avenue, Chicago, IL 60619 (PIN 20-35-303-096-0000)

8334-40 S Ellis Avenue, Chicago, IL 60619 (PIN 20-35-303-097-0000)

8342-50 S Ellis Avenue, Chicago, IL 60619 (PIN 20-35-303-098-0000)

8352-58 S Ellis Avenue, Chicago, IL 60619 (PIN 20-35-303-099-0000)

Offers may be made on a cash basis or subject to a financing contingency, in either case by completing the form Purchase And Sale Agreement to be supplied by the Seller, accompanied by a proof of funds, and delivered to Jeffrey Baasch ("Broker"), SVN Commercial Real Estate, 940 West Adams, Suite 200, Chicago, IL 60607, jeffrey. baasch@svn.com, by no later than 5:00 p.m. CST on August 14, 2019. Offers must be transmitted to the Broker by e-mail or enclosed in a sealed envelope and delivered by U.S. mail, by nationally-recognized overnight courier, or by hand. Untimely and non-conforming offers may be rejected at the sole discretion of the Broker. The seller strongly recommends that prospective purchasers prequalify for financing prior to submitting an offer. No liability shall attach to the seller, the broker, or any other party for failure to receive or open any offer.

The Receivership court afforded all lenders a right to make a credit bid on any property against which they hold a mortgage lien. (Docket No. 351) Special procedures regarding credit bids will be made available upon request.

The winning bidder, if not a credit bidder, will be required to make an earnest money deposit in an amount equal to ten percent (10%) of the purchase price by wiring the funds to a designated title company within three (3) business days after acceptance of the Purchase And Sale Agreement. Property tours will be available to all bidders at scheduled times, and the properties may also be shown by appointment. The properties are being sold "as-is," with all faults, as of the closing date. The closing shall be held within fifteen (15) days after judicial approval of the Receiver's motion to approve the corresponding sale, which motion will be filed as soon as practicable following the Seller's acceptance of the contract submitted by the winning bidder. The Receiver reserves the right to reject any and all offers to purchase any of the properties being offered for sale.

Bidders must comply with the "Sealed Bid Public Sale of Real Estate Terms and Conditions" which have been approved in the Civil Action, a copy of which may be obtained upon request to the Receiver's Broker at: SVN Commercial Real Estate, Attn: Jeffrey Baasch, 940 West Adams, Suite 200, Chicago, IL 60607, jeffrey.baasch@svn. com.

7/19, 7/26, 8/2, 8/9/19       #1089552

RACHLIS DUFF & PEEL, LLC

NOTICE OF PUBLIC SALE OF REAL ESTATE     Kevin B. Duff, R

**ADORDERNUMBER:** 0001135776-01

**PO NUMBER:** 7109-19 S Calumet Avenue

**AMOUNT:** 550.00

**NO OF AFFIDAVITS:** 1

# Chicago Sun-Times
# Certificate of Publication

**State of Illinois - County of**     Cook

Chicago Sun-Times, does hereby certify it has published the attached advertisments in the following secular newspapers. All newspapers meet Illinois Compiled Statue requirements for publication of Notices per Chapter 715 ILCS 5/0.01 et seq. R.S. 1874, P728 Sec 1, EFF. July 1, 1874. Amended by Laws 1959, P1494, EFF. July 17, 1959. Formerly Ill. Rev. Stat. 1991, CH100, Pl.

Note: Notice appeared in the following checked positions.

**PUBLICATION DATE(S):** 11/19/2021, 11/26/2021, 12/03/2021, 12/10/2021

Chicago Sun-Times

---

**NOTICE OF PUBLIC SALE OF REAL ESTATE**

Kevin B. Duff, Receiver for the Estate of EquityBuild, Inc., EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen in the action styled SEC v. EquityBuild, Inc., et al., Civil Action No. 1:18-cv-05587, in the United States District Court for the Northern District of Illinois, Eastern Division, gives notice of his intent to sell by sealed bid public sale the real property located at (**7109-19 S Calumet Avenue, Chicago IL 60619**) **(20-27-105-003-0000, 20-27-105-004-0000, 20-27-105-005-0000)** (the "**Property**').

Good faith offers may be made on a cash basis or subject to a financing contingency, in the latter case by completing Rider A to the form Purchase and Sale Agreement to be supplied by the Seller, accompanied by a proof of funds. All offers, other than offers submitted by credit bid, shall be delivered to Jeffrey Baasch ("Broker"), SVN Commercial Real Estate, 940 West Adams, Suite 200, Chicago, IL 60607, jeffrey.baasch@svn.com, by no later than **5:00 p.m. CST on December 16, 2021**. Offers must be transmitted to the Broker by e-mail or enclosed in a sealed envelope and delivered by U.S. mail, nationally-recognized overnight courier, or hand. Untimely and non-conforming offers may be rejected at the sole discretion of the Broker. The Seller strongly recommends that prospective purchasers pre-qualify for financing prior to submitting an offer. No liability shall attach to Seller, Broker, or any other party for failure to receive or open any offer.

The Receivership court afforded all lenders a right to make a credit bid on any property against which they have recorded a mortgage. (Docket No. 351) Special procedures regarding credit bids will be made available upon request.

The winning bidder, if not a credit bidder, will be required to make an earnest money deposit in an amount equal to at least ten percent (10%) of the purchase price by wiring funds to a designated title company within three (3) business days after acceptance by the Receiver of the Purchase and Sale Agreement. The earnest money deposit shall become non-refundable at the expiration of the due diligence period and applied toward the purchase price at closing. Property tours will be available to all bidders at scheduled times, and Property may also be shown by appointment. Prospective bidders will be provided a set of bid materials, although the accuracy of the information contained in the bid materials cannot be guaranteed, and prospective bidders are therefore encouraged to complete any desired and non-invasive due diligence at their own sole cost and expense. The Property is being sold "as-is," with all faults, as of the closing date. The closing shall be held as soon as practicable after the Receivership Court grants the Receiver's motion to confirm the sale, which motion will be filed at such time as the Receiver deems appropriate, but in no event prior to the expiration of any due diligence or financing contingencies contained in the Purchase And Sale Agreement. The Receiver reserves the right to reject any and all offers to purchase the Property. A cooperating commission will be paid to a broker who is neither owned by, nor affiliated with, either the purchaser or any nominee of the purchaser, who was the procuring cause of the transaction, who submits a "Broker Information Form" at the inception of its involvement, and who is identified on the signature page of the purchase and sale contract submitted to the Receiver in connection with the buyer's bid.

Bidders must comply with the "Sealed Bid Public Sale of Real Estate Terms and Conditions," a copy of which may be obtained upon request to the Receiver's Broker at: SVN Commercial Real Estate, Attn: Jeffrey Baasch, 940 West Adams, Suite 200, Chicago, IL 60607, jeffrey.baasch@svn.com.

11/19, 11/26, 12/3, 12/10/21     #1135776

---

IN WITNESS WHEREOF, the undersigned, being duly authorized, has caused this Certificate to be signed

by     *Robin Munoz*

Robin Munoz

Manager | Recruitment & Legals

This 10th Day of December 2021

**Exhibit**

**2**

RACHLIS DUFF & PEEL , LLC
542 S DEARBORN ST, STE 900
ATTN: JODI WINE
CHICAGO, IL 60605

DocuSign Envelope ID: EA70B2BA-BCF6-4575-A758-49E49831FE77

## PURCHASE & SALE AGREEMENT

This Purchase & Sale Agreement ("Agreement") is made by and between the court-appointed federal equity receiver for 7109 S. Calumet LLC ("Seller") pursuant to that certain Order Appointing Receiver entered August 17, 2018 (Dkt. 16) in the case captioned *United States Securities and Exchange Commission v. EquityBuild, Inc., et al.*, United States District Court for the Northern District of Illinois, Eastern Division, Civil Action No. 1:18-cv-05587 (the "SEC Action"), and

NCPM, Jimmy Oppenheimer, *reassigned* _____ ("Buyer")

for the purchase and sale of that certain real property and all fixtures, equipment, and personal property appurtenant thereto (the "Property") located at 7109-19 South Calumet Avenue, Chicago, Illinois 60619 and legally described as follows:

PARCEL 1:

LOT 11 (EXCEPT THE SOUTH 95 FEET AND 8 INCHES THEREOF) AND THE SOUTH 43 FEET AND 4 INCHES OF LOT 12 IN BLOCK 1 IN PRESCOTT'S SUBDIVISION OF THE EAST HALF OF THE NORTHWEST QUARTER OF SECTION 27, TOWNSHIP 38 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

PARCEL 2:

THE NORTH 47 FEET AND 7 INCHES OF THE SOUTH 95 FEET AND 8 INCHES OF LOT 11 IN BLOCK 1 IN PRESCOTT'S SUBDIVISION OF THE EAST HALF OF THE NORTHWEST QUARTER OF SECTION 27, TOWNSHIP 38 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

PARCEL 3:

THE SOUTH 48 FEET AND 1 INCH OF LOT 11 IN BLOCK 1 IN PRESCOTT'S SUBDIVISION OF THE EAST HALF OF THE NORTHWEST QUARTER OF SECTION 27, TOWNSHIP 38 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Permanent Index Nos. 20-27-105-003-0000, 20-27-105-004-0000, 20-27-005-0000

\*       \*       \*

### TERMS AND CONDITIONS

The Seller agrees to sell the Property, and the Buyer agrees to purchase the Property, on the following terms and conditions:

1.      **Purchase Price**. The purchase price for the Property shall be $ ~~1,475,000~~ $1,496,000 ⁰⁰ (the "Purchase Price"). The Buyer shall pay the Purchase Price as follows:

1

Exhibit

3

DocuSign Envelope ID: EA70B2BA-B0F6-4E75-A758-49E49831E77

    a.     An earnest money deposit (the "Earnest Money") in an amount equal to ten percent (10%) of the Purchase Price within three (3) business days following the date of acceptance of the Agreement by the Seller (the "Acceptance Date").

    b.     The balance of the Purchase Price, subject to any applicable credits and prorations, at Closing.

*[Note: If the Buyer desires to enter into this Agreement subject to a financing contingency, then Rider A should be completed. Otherwise, Rider A should be left blank.]*

2.     **Earnest Money**. The Earnest Money shall be held by First American Title Company ("First American Title") in a segregated escrow account. In connection with said Earnest Money deposit, the Buyer shall execute and deliver to the Seller a copy of that certain strict joint order escrow agreement in the form attached hereto as Exhibit A.

3.     **Court Approval**. As soon as practicable after the Acceptance Date, the Seller shall move before the Honorable John Z. Lee or any judge sitting in his stead or to whom he has made a referral in the SEC Action (the "Receivership Court") for approval of the sale of the Property pursuant to this Agreement. In the event that the Receivership Court does not issue the requisite approval, then the Agreement shall become null and void and all Earnest Money shall be promptly refunded to the Buyer.

4.     **Escrow Closing**. This sale shall be closed through an escrow with First American Title in accordance with the general provisions of the usual form of deed and money escrow agreement then furnished and in use by said title company. Payment of the Purchase Price and delivery of the receiver's deed shall be made through the escrow. The cost of the escrow shall be divided equally between the Buyer and the Seller unless the Buyer acquires the Property with financing, in which event that portion of the cost of the escrow relating to the financing shall be borne by the Buyer. Unless otherwise specified herein, all other closing costs shall be paid in accordance with custom for apartment investment sales transactions in Cook County, Illinois.

5.     **Irrevocable Offer**. This Agreement when executed by the Buyer and delivered to the Seller shall constitute an irrevocable offer to purchase the Property until December 31, 2021 (the "Offer Expiration Date"). In the event that the offer is not accepted by the Seller before the Offer Expiration Date, then the offer shall be deemed withdrawn.

6.     **Personal Property**. At Closing, the Seller shall tender to the Buyer a bill of sale for the personal property appurtenant to the Property (the "Personal Property") warranting only that Seller is the absolute owner of said Personalty, that said Personalty is free and clear of all liens, charges, and encumbrances, and that the Seller has the full right, power, and authority to sell said Personalty and to deliver the bill of sale. The Seller shall neither make nor adopt any warranty whatsoever with respect to the Personal Property and shall specifically disclaim any implied warranty of merchantability or fitness for a particular purpose. The price of the

DocuSign Envelope ID: EA70B2BA-B0F6-4E75-A758-49F49831E77

Personal Property shall be included in the Purchase Price, and the Buyer agrees to accept all such Personal Property in "as is" condition.

7.     **The Closing Date**. The closing shall be held on a date (the "Closing Date") to be designated by the Seller after the Receivership Court approves the sale of the Property pursuant to this Agreement, provided, however, that the Buyer shall be entitled to ten business days' advance Notice of the Closing Date.

8.     **Conveyance of Title**. At Closing, the Seller shall convey title to the Property by a recordable form receiver's deed subject only to (a) general real estate taxes not yet due and payable at the time of Closing; (b) covenants, conditions, restrictions, or building lines and easements of record, if any; (c) public and utility easements; (d) applicable zoning and building laws and ordinances; (f) acts done by or suffered through Buyer or anyone claiming by, through, or under Buyer; (g) governmental actions or proceedings concerning or affecting the Property; and (h) encroachments of a minor nature, if any, that can be insured over at closing (the "Permitted Exceptions"). The Seller agrees to surrender possession of the Property at the time of Closing.

9.     **Commitment For Title Insurance**. Within ten (10) business days after the Acceptance Date, the Seller shall deliver to the Buyer evidence of merchantable title by delivering a commitment for title insurance with extended coverage from First American Title in the amount of the Purchase Price with a commitment date not earlier than July 1, 2019, subject only to general exceptions, the Permitted Exceptions, and exceptions pertaining to liens or encumbrances of a definite and ascertainable amount which may be removed by the payment of money by Seller, endorsed over by First American Title at the Seller's sole expense, or which will be extinguished by order of the Receivership Court. Such title commitment shall be conclusive evidence of good and merchantable title, subject only to the foregoing exceptions. If the commitment for title insurance discloses title exceptions other than the general exceptions, Permitted Exceptions, exceptions waivable through the payment of money or the issuance of an endorsement, or exceptions to be extinguished by Receivership Court order, the Seller shall have thirty (30) calendar days from the Closing Date to cure, or insure over, the unpermitted exceptions and the Closing shall be postponed until said unpermitted exceptions are cured or insured over. If the Seller fails to timely secure the removal of the unpermitted exceptions or obtain an endorsement insuring over the unpermitted exceptions, the Purchaser may terminate this Contract with a full refund of Earnest Money upon Notice to the Seller within ten (10) business days after the expiration of the thirty (30) day period. In such event, this Agreement shall become null and void and neither party shall thereafter have any rights against the other, and the Seller may not be held liable for direct, indirect, incidental, or consequential damages.

10.     **Survey**. Within ten business days after the Acceptance Date, the Seller shall provide the Buyer with an ALTA survey prepared by Professionals Associated and dated October 1, 2019, indicating the location of all improvements. If the Buyer or the Buyer's mortgagee desires a more recent or extensive survey, the survey shall be obtained at the Buyer's expense.

DocuSign Envelope ID: EA70B2BA-BCF6-4E75-A758-49E49831FE77

11. **Assignment And Assumption Of Leases**. At Closing, the Seller shall deliver to the Buyer, and the Seller and Buyer shall execute, an assignment and assumption of leases (in the form attached hereto as Exhibit B) pursuant to which the Seller shall convey all right, title, and interest in and to any leases in effect at the Property to the Buyer, and the Buyer shall agree to assume all of the Seller's obligations under said leases.

12. **Prorations**. Prepaid service contracts and other similar items shall be credited ratably at Closing. Any and all rents collected from or on behalf of tenants until the date of the Closing shall be applied by the Seller first to past due balances and then to currently scheduled monthly rent. Each tenant's scheduled monthly rent shall then be prorated for the month of Closing. To the extent that any tenant has paid all rent through and including the month prior to the Closing, then all additional rent received from such tenant shall be applied by the Seller first to rent for the period between the first day of the month in which the Closing occurs and the date of the Closing, and the balance of said rent, if any, shall be paid to the Buyer. Any and all rents that remain delinquent as of the Closing Date shall belong to the Buyer upon collection. Notwithstanding the foregoing, real estate taxes associated with the ownership of the Property shall be prorated as of the Closing Date based on 110% of the most recently ascertainable tax bill.

13. **Inspection Period**. The Buyer acknowledges that it was afforded the opportunity to conduct a limited tour of the Property prior to submitting its offer. Within three (3) calendar days following the Acceptance Date, the Seller shall produce the following documents to the Buyer (the "Due Diligence Materials"):

    a.    *Current Rent Roll*. A current rent roll for the Property generated by the management company.

    b.    *Utility Bills*. Copies of all utility bills relating to the Property, to the extent available, for the twelve calendar months preceding the month of the Acceptance Date.

    c.    *Leases*. Copies of all existing leases affecting the Property.

    d.    *Profit & Loss Statement*. A current trailing twelve-month profit and loss statement reflecting all categories of operating income and expenses associated with the Property, as generated by the management company.

    e.    *Litigation Documents*. Copies of documents, including notices of violation, orders, judgments, and other pleadings, pertaining to any known litigation or proceedings currently affecting the Property.

In addition, the Seller shall allow the Buyer reasonable access to the Property for twenty days from and after the Acceptance Date (the "Inspection Period") for the purpose of conducting an inspection of the major structural and mechanical components of the Property. A major structural or mechanical component shall be deemed to be in acceptable operating condition if

DocuSign Envelope ID: EA70B2BA-B9F6-4E75-A758-49F49831E77

it substantially performs the function for which it is intended, regardless of age, and does not pose a threat to health or safety. In the event that the Buyer possesses sound evidence that any major structural or mechanical component of the Property does not substantially perform the function for which it is intended, then the Buyer shall have the right to terminate this Agreement upon the delivery of Notice to the Seller on or before the conclusion of the Inspection Period, such notice to be accompanied by the relevant pages of an inspection report prepared by a licensed or certified inspector and identifying the defect justifying the termination. Upon receipt by the Seller of the notice of termination, this Agreement shall be considered null and void and the parties shall be discharged of any and all obligations hereunder (except those obligations which survive termination) and First American Title shall release the Earnest Money to the Buyer. In the event that the Buyer does not terminate the Agreement on or prior to the conclusion of the Inspection Period, the Property shall be considered accepted by the Buyer and the Earnest Money shall thereafter be non-refundable. In connection with its inspection of the Property, the Buyer shall keep the Property free and clear of liens, shall indemnify and hold Seller harmless from any and all liability, loss, cost, damage, or expense relating to its inspection of the Property, and shall repair any and all damage arising from the inspection. These obligations shall survive termination of the Agreement.

14. **Entry Into Or Renewal Of Contracts & Material Changes**. Following the expiration of the Inspection Period, the Seller shall not without the prior written consent of the Buyer, said consent not to be unreasonably withheld, conditioned, or delayed, enter into or renew any service contract or lease affecting or concerning the Property. In addition, the Seller shall not make any material changes to the Property, perform or engage in any act, or enter into any agreement that materially changes the value of the Property or the rights of the Buyer relating to the Property.

15. **Material Destruction**. Risk of loss to the Property shall be borne by the Seller until title has been conveyed to Buyer. If, prior to Closing, a material portion of the Property shall be destroyed or materially damaged by fire or other casualty, then the Seller shall provide prompt notice of said fire or other casualty to the Buyer and this Agreement shall thereafter, at the option of the Buyer, exercised by Notice to the Seller within five (5) business days after receipt of notice of such material damage, be null and void, and all Earnest Money shall be refunded to the Buyer. Failure of the Buyer to provide timely notice shall constitute a waiver of the right to terminate.

16. **Condition Of Property**. The Buyer understands and agrees that the Property is being sold "as is" and "with all faults" and that neither the Seller nor any agent or attorney of the Seller, makes, or has made, any representation or warranty as to the physical condition or value of the Property or its suitability for the Buyer's intended use. The Seller has no obligation to repair or correct any alleged patent or latent defect at the Property, or to compensate the Buyer for any such defect, and, upon closing, the Buyer waives, releases, acquits, and forever discharges the Seller, and all of the Seller's agents and attorneys, to the maximum extent permitted by law, from any and all claims, actions, causes or action, demands, rights, liabilities,

DocuSign Envelope ID: EA70B2BA-BCF6-4575-A758-49E49831E77

losses, damages, costs, or expenses, direct or indirect, known or unknown, foreseen or unforeseen, that it now has or which may arise in the future on account of or in any way arising from or relating to any alleged patent or latent defect at the Property.

17.     **Buyer Default**. The Buyer and Seller agree that it would be difficult to ascertain the actual damages to be suffered by the Seller in the event of a default by the Buyer and that the amount of the Earnest Money deposited by the Buyer hereunder constitutes the parties' reasonable estimate of the Seller's damages in the event of the Buyer's default, and that upon any such default not caused by the Seller, the Seller shall be entitled to retain the Earnest Money as liquidated damages, which shall constitute the Seller's sole and exclusive remedy in law or at equity in connection with said default.

18.     **Seller Default**. In the event that the Seller shall fail to sell, transfer, and assign the Property to Purchaser in violation of the terms of this Agreement and/or fail to perform any other material obligation of Seller hereunder, then the Buyer may give Notice to the Seller specifying the nature of the default. The Seller shall thereafter have five (5) business days from receipt of said Notice, but in no event beyond the Closing Date, within which to cure the alleged default. If the Seller fails to cure the default within the cure period, then the Buyer shall be entitled to the return of all Earnest Money and (a) to declare the Agreement null and void and sue for reasonable out-of-pocket expenses incurred in connection with this Agreement prior to the alleged default or (b) to sue for specific performance, the parties recognizing that the Property is unique and that the Buyer otherwise lacks an adequate remedy at law. In the latter event, the Buyer is advised that Section VIII of the Order Appointing Receiver entered in the SEC Action enjoins the filing or prosecution of all civil proceedings against the Receiver, in his capacity as Receiver, until further order of the court.

19.     **Representations and Warranties**. As a material inducement to the Buyer to enter into this Agreement, the Seller hereby makes the following representations and warranties, each of which shall remain true and correct as of the Closing Date:

a.      The Seller has the full right, power, and authority to convey the Property to the Buyer as provided in this Agreement and to carry out its obligations hereunder. In addition, the individual executing this Agreement on behalf of the Seller has the legal right, power, and authority to bind the Seller to the terms hereof.

b.      The Seller will not take any action affecting title to the Property following the Acceptance Date.

c.      To the best of the Seller's knowledge, there are no actions, investigations, suits, or proceedings, pending or threatened, that affect the Property, or the ownership or operation thereof, other than the SEC Action and the following:

   *[None.]*

   d.   To the best of the Seller's knowledge, the Property is not in violation, nor has
        been under investigation for violation, of any federal, state, or local law,
        ordinance, or regulation regulating environmental conditions in, at, on, under, or
        about the Property, including but not limited to, soil and groundwater
        conditions.

20.   **Notices**. All notices required or permitted under this Agreement shall be in writing and
served by registered or certified United States mail, return receipt requested; nationally
recognized overnight mail courier (signature required); or electronic mail (evidenced by
competent and authentic proof of transmission). Any notices given to the Seller shall be
delivered to the Seller's counsel, at the following physical or e-mail addresses:

              Andrew E. Porter
              Porter Law Office
              853 North Elston Avenue
              Chicago, Illinois 60614
              _andrew@andrewporterlaw.com_

              Michael Rachlis
              Rachlis Duff Peel & Kaplan LLC
              542 South Dearborn, Suite 900
              Chicago, Illinois 60605
              _mrachlis@rdaplaw.net_

Any such notices or demands given to the Buyer shall be delivered to the Buyer's counsel, at the
following address physical or e-mail addresses:

              Vera Porter

              VP@ berglaw.co.

              847 845 - 8289

21.   **Like-Kind Exchange**. The Seller agrees to cooperate if the Buyer elects to acquire the
Property as part of a like-kind exchange under Section 1031 of the Internal Revenue Code. The
Buyer's contemplated exchange shall not impose upon the Seller any additional liability or
financial obligation, and the Buyer agrees to hold the Seller harmless from any liability that
might arise from such exchange. This Agreement is neither subject to nor contingent upon the
Buyer's ability to dispose of its exchange property or to effectuate an exchange. In the event
any exchange contemplated by the Buyer should fail to occur, for whatever reason, the sale of
the Property shall nonetheless be consummated as provided herein.

DocuSign Envelope ID: EA70B2BA-BCF6-4E75-A758-49E49831E77

22. **Real Estate Agents**. Purchaser represents and warrants that, other than Seller's Agent and Buyer's Agent, as identified on the signature page hereto, if any, no other putative real estate agent or broker was involved in submitting, showing, marketing, or selling the Property to the Buyer, and the Buyer agrees to indemnify and hold Seller, and its successors and assigns, harmless from and against any and all liability, loss, damages, cost, or expense, including reasonable attorneys' fees, arising from or relating to any claim for a commission, fee, or other form of payment or compensation asserted by a putative real estate agent or broker purporting to have procured the Buyer in connection with this Agreement.

23. **Foreign Investor Disclosure**. The Seller and the Buyer agree to execute and deliver any instrument, affidavit, or statement, and to perform any act reasonably necessary to carry out the provisions of the Foreign Investment in Real Property Tax Act and regulations promulgated thereunder. The Seller represents that the Seller is not a foreign person as defined in Section 1445 of the Internal Revenue Code.

24. **Merger**. This Agreement expresses the entire agreement of the parties and supersedes any and all previous agreements or understandings between them with regard to the Property. There are no other understandings, oral or written, which in any way alter or enlarge the terms of this Agreement, and there are no warranties or representations of any nature whatsoever, either express or implied, except as set forth herein. This Agreement may be modified only by a written instrument signed by the party to be charged.

25. **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Illinois.

*     *     *

The undersigned Buyer hereby offers and agrees to purchase the Property upon the terms and

conditions stated herein as of the 16th day of December, 2021. In addition, the individual

signing below on behalf of the Buyer represents and warrants that s/he is authorized to execute

this Agreement on behalf of the Buyer.

DocuSign Envelope ID: EA70B2BA-BCE6-4E75-A758-49E49831E77

**Buyer**

NCPM –

Jimmy Oppenheimer

By: _Jeff_

Its: _Owner_

**Buyer's Agent**

Jeff Baasch

**Seller**

KEVIN B. DUFF,
FEDERAL EQUITY RECEIVER FOR
7109 S. CALUMET LLC

Rachlis Duff Peel & Kaplan LLC
542 South Dearborn Street, Suite 900
Chicago, Illinois 60605
(312) 733-3390

_K. B. Duff_

Acceptance Date: 12/23/2021

**Seller's Agent**

Jeffrey Baasch
SVN Chicago Commercial
940 West Adams Street, Suite 200
Chicago, Illinois 60607
(312) 676-1866

9

## RIDER A

_____ If the Buyer desires that the terms and provisions of this Rider be incorporated into the Purchase And Sale Agreement to which it is annexed, please initial this paragraph.

*      *      *

This Agreement is contingent upon the Buyer securing, no later than 21 days following the Acceptance Date (the "Financing Contingency Deadline"), a firm written mortgage commitment for a fixed or adjustable rate mortgage from an established multifamily residential mortgage lender in the amount of $_____, at an interest rate (or initial interest rate if an adjustable rate mortgage) not to exceed %_____ per annum, amortized over _____ years, payable monthly, with a loan origination fee not to exceed %_____, plus appraisal and credit report fees, if any. If the Buyer is unable to secure a firm written mortgage commitment as described herein within the referenced time period, then the Buyer may terminate this Agreement with a full refund of Earnest Money by providing notice to the Seller prior to the expiration of the Financing Contingency Deadline. If the Buyer does not provide the requisite notice to the Seller as provided herein, then the Buyer shall be deemed to have waived this financing contingency, and this Agreement shall remain in full force and effect.

No. Contingency/

DocuSign Envelope ID: EA70B2BA-BCE6-4E75-A758-49E49831EE77

**EXHIBIT A**

DocuSign Envelope ID: EA70B2BA-BC56-4E75-A758-49E49831FE77



**First American**
*Title Insurance Company*

## STRICT JOINT ORDER ESCROW AGREEMENT

Open Date: _____  Expected Release Date: _____  Escrow Number: __2964659__

Property Address: __7109-19 S Calumet Avenue, Chicago, IL 60619_____

Deposit Amount: $ __149,600_____   Purpose: [X] Earnest Money   [ ] Repairs: _____
Document(s) Held _____             [ ] Tax Escrow    [ ] Other: _____

The above is hereby deposited with First American Title Insurance Company, as Escrowee (hereinafter referred to as the Escrowee) pursuant to this Strict Joint Order Escrow Agreement (hereinafter referred to as the Agreement). Said deposit shall be released and delivered by the Escrowee only upon the joint written order of the undersigned or their respective legal representatives or assigns.

Escrowee is hereby expressly authorized to disregard, in its sole discretion, any and all notices or warnings given by any other person or corporation, but the Escrowee is hereby expressly authorized to regard and to comply with and obey any and all orders, judgments or decrees entered or issued by any court with or without jurisdiction, and in case the Escrowee obeys or complies with any such order, judgment or decree of any court it shall not be liable to any party hereto or any other person, firm or corporation by reason of such compliance, notwithstanding any such order, judgment or decree being entered without jurisdiction or being subsequently reversed, modified, annulled, set aside or vacated. In case of any suit or proceeding regarding the Agreement, to which the Escrowee is or may at any time become a party, it shall have a lien on the contents hereof for any and all costs, and reasonable attorneys' fees, whether such attorneys shall be regularly retained or specially employed, and any other expenses which it may have incurred or become liable for on account thereof, and it shall be entitled to reimburse itself therefore out of said deposit, and the undersigned agree to pay the Escrowee upon demand all such costs, fees and expenses so incurred, to the extent the funds deposited hereunder shall be insufficient to allow for such reimbursement.

In no case shall the above mentioned deposits be surrendered except on an order signed by the parties hereto, their respective legal representatives or assigns, or order of court as aforesaid.

Interest, income or other benefits, if any, earned or derived from the funds deposited shall belong to the Escrowee. The Escrowee may deposit all funds received hereunder to one or more of its general accounts. The Escrowee shall be under no duty to invest or reinvest any funds, at any time, held by it pursuant to the terms of the Agreement.

Unless otherwise tendered, the Escrowee is authorized to pay an Escrow Fee in the amount of $300.00, and thereafter a Maintenance Fee in the amount of $200.00 (charged per annum beginning one year following the date of the Agreement) from the funds deposited in this escrow. The Escrowee also reserves the right to add applicable administration fees at its discretion.

| Purchaser: | | Seller: | |
|---|---|---|---|
| Signed: | | Signed: | |
| Print Name: | Jimmy Oppenheimer | Print Name: | Kevin B. Duff, Federal Equity Receiver for 7109 S Calumet LLC |
| Address: | 1804 S. Ashland Chicago 60608 | Address: | 542 S Dearborn, Suite 900 Chicago, IL 60605 |
| Email: | | Email: | kduff@rdaplaw.net |
| Primary Phone: | | Primary Phone: | (312) 733-3390 |
| Alternate Phone: | 773 612 3820 | Alternate Phone: | |

Primary Contact (if other than above): _____

Accepted: First American Title Insurance Company, Escrowee     By: _____

27775 Diehl Road, Ste 200, Warrenville, IL 60555
*T E L* 877-295-4328 · *F A X* 866-525-5530
*titleindemnity.warrenville.il@firstam.com*

DocuSign Envelope ID: EA70B2BA-BCE6-4E75-A758-49E49831EE77

**EXHIBIT B**

DocuSign Envelope ID: FA70B2BA-BCF6-4E75-A758-49E49831E577

## Assignment And Assumption Of Leases

For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Kevin B. Duff, as court-appointed federal equity receiver for 7109 S. Calumet LLC ("Seller") pursuant to that certain Order Appointing Receiver entered August 17, 2018 (Dkt. 16) in the case captioned *United States Securities and Exchange Commission v. EquityBuild, Inc., et al.*, United States District Court for the Northern District of Illinois, Eastern Division, Civil Action No. 1:18-cv-05587 ("Assignor"), hereby irrevocably grants, assigns, transfers, conveys, and sets over to *[TBD]* ("Assignee"), a _____, all of Assignor's right, title, and interest in and to the leases (collectively, the "Leases") attached hereto.

Assignee hereby assumes all of the obligations imposed upon the Assignor under the Leases which accrue from and after the date hereof. This Assignment is made without any express or implied representation or warranty, except to the extent provided in that certain Purchase And Sale Agreement, accepted by the Seller on *[DATE]*, by and between Assignor and Assignee.

This Assignment shall be governed by and construed in accordance with the laws of the State of Illinois.

IN WITNESS WHEREOF, the parties have executed this Assignment And Assumption Of Leases as of this ___ day of _____, 2022.

**ASSIGNOR:**

Kevin B. Duff, Federal Equity Receiver for
7109 S Calumet LLC

_____

**ASSIGNEE:**

*[TBD]*

By:_____

Name: _____

Title: _____

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** ) ) ) | |
| **Plaintiff,** ) | **Civil Action No. 18-CV-5587** |
| **v.** ) | |
| ) | **Hon. John Z. Lee** |
| **EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,** ) ) ) ) | **Magistrate Judge Young B. Kim** |
| ) | |
| **Defendants.** ) | |

**ORDER GRANTING RECEIVER'S FIFTEENTH MOTION TO CONFIRM**
**THE SALE OF CERTAIN REAL ESTATE AND FOR THE AVOIDANCE**
**OF CERTAIN MORTGAGES, LIENS, CLAIMS, AND ENCUMBRANCES**

WHEREAS, by Order Appointing Receiver, dated August 17, 2018 (Dkt. No. 16) this Court took exclusive jurisdiction and possession of the assets of all Receivership Defendants;

WHEREAS, the Order Appointing Receiver identified 7109 S Calumet LLC as a Receivership Defendant;

WHEREAS, 7109 S Calumet LLC is the owner of record of the real estate located at 7109-19 South Calumet Avenue, Chicago, Illinois 60619 ("7109-19 S Calumet"), whose commonly known address, permanent index numbers, and legal description is reflected on Tab A hereto;

WHEREAS, the Court finds that the sales price reflected in the Purchase And Sale Agreement that the Receiver accepted from NCPM, Jimmy Oppenheimer is consistent with the fair market value of the property;

**Exhibit**

**4**

exhibitsticker.com

1

WHEREAS, Kevin B. Duff, as receiver ("Receiver") for EquityBuild, filed a Fifteenth Motion To Confirm The Sale Of Certain Real Estate And For The Avoidance Of Certain Mortgages, Liens, Claims, And Encumbrances (the "Motion"); and

WHEREAS, the Court finds that the Receiver has given fair, adequate, and sufficient notice to all interested parties, including all mortgagees and other encumbrancers affected by the Motion;

NOW, THEREFORE, it is hereby ORDERED that:

1.      The Motion is GRANTED.

2.      The Receiver is authorized to sell the real property and improvements at 7109-19 S Calumet free and clear of:

        a.      that certain Mortgage recorded October 17, 2014 as document 1429050012 made by EquityBuild, Inc. to Russell Waite and Ursula Waite, as to an undivided 2.78% interest; Peggy Christensen Living Trust dated September 16, 2011, as to an undivided 5.56% interest; Ashwin D. Patel, as to an undivided 11.56% interest; Navin Vardya, as to an undivided 5.56% interest; iPlanGroup Agent for Custodian FBO Mark Young IRA, as to an undivided 5.56% interest; Edge Investments, LLC, as to an undivided 3.61% interest; EZ NJ Ventures, LLC, as to an undivided 2.78% interest; Jerome B. Shaffer Trust, as to an undivided 5.56% interest; Focus4 Investments, LLC, as to an undivided 2.78% interest; R.D. Meredith General Contractors, LLC 401K Plan, as to an undivided 8.33% interest; Steven Canning, as to an undivided 5.56% interest; Optima Property Solutions, LLC, as to an undivided 11.11% interest; R2V2 Investments, LLC, as to an undivided 1.67% interest; Brown Rental Properties, LLC, as to an undivided 5.56% interest; iPlanGroup Agent for Custodian FBO Charles Michael Anglin IRA, as to an undivided 4.33% interest; 1839 Fund I, LLC, as to an undivided 2.78% interest; Shankar Thiruppathi, as to an undivided 5.56%

interest; John Love, as to an undivided 1.94% interest; Jackie Rowe, as to an undivided 0.50% interest; Joe Siracusa, as to an undivided 2.78% interest; and Scott E. Pammer, as to an undivided 4.17% interest, to secure a note in the originally stated principal amount of $1,800,000.00;

  b.  that certain Multifamily Mortgage, Assignment of Rents and Security Agreement recorded February 07, 2017 as document 1703816048 made by 7109 S. Calumet LLC to Red Mortgage Capital, LLC, to secure a note in the originally stated principal amount of $1,507,000.00 and last assigned to U.S. Bank National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-through Certificates, Series 2017-SB30, recorded on May 16, 2017, as Document No. 1713608071.

  c.  that certain lis pendens recorded July 2, 2018, as Document No. 1818318076 in connection with the case captioned *Anson Markwell, as Trustee for the Amark Investment Trust v. EquityBuild, Inc., et al*., United States District Court for the Southern District of Texas, Houston Division, Case No. 4:18-cv-01274.

  3.  The Receiver is hereby vested with full power and authority to execute any and all closing documents associated with the conveyance of <u>7109-19 S Calumet</u>, including, but not limited to, the deeds, bill of sale, affidavit of title, and settlement statement.

  4.  The proceeds from the sales of <u>7109-19 S Calumet</u> shall be held by the Receiver in a separate subaccount for which the Receiver shall maintain an accounting as to all sums deposited therein, and shall not be available to pay operating expenses of the Receivership nor for any other expense or distribution, absent further order of Court.

3

Entered:

_____

The Honorable John Z. Lee

Date:_____

**TAB A**

**7109-19 SOUTH CALUMET**
**CHICAGO, ILLINOIS 60619**

7109 S CALUMET LLC
20-27-105-003-0000 (PARCEL 1)
20-27-105-004-0000 (PARCEL 2)
20-27-105-005-0000 (PARCEL 3)

**PARCEL 1:** LOT 11 (EXCEPT THE SOUTH 95 FEET AND 8 INCHES THEREOF) AND THE SOUTH 43 FEET AND 4 INCHES OF LOT 12 IN BLOCK 1 IN PRESCOTT'S SUBDIVISION OF THE EAST HALF OF THE NORTHWEST QUARTER OF SECTION 27, TOWNSHIP 38 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

**PARCEL 2:** THE NORTH 47 FEET AND 7 INCHES OF THE SOUTH 95 FEET AND 8 INCHES OF LOT 11 IN BLOCK 1 IN PRESCOTT'S SUBDIVISION OF THE EAST HALF OF THE NORTHWEST QUARTER OF SECTION 27, TOWNSHIP 38 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

**PARCEL 3:** THE SOUTH 48 FEET AND 1 INCH OF LOT 11 IN BLOCK 1 IN PRESCOTT'S SUBDIVISION OF THE EAST HALF OF THE NORTHWEST QUARTER OF SECTION 27, TOWNSHIP 38 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.