**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 18-cv-5587 |
| v. | ) Judge John Z. Lee |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | ) Magistrate Judge Young B. Kim |
| Defendants. | ) |

**RECEIVER'S RESPONSE TO U.S. BANK'S AND MIDLAND'S**
**MOTION FOR CLARIFICATION OF ORDER**

Kevin B. Duff, as receiver ("Receiver") for the Estate of Defendants EquityBuild, Inc. ("EquityBuild"), EquityBuild Finance, LLC ("EquityBuild Finance"), their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen, submits this response to the Motion for Clarification of Order filed by institutional lenders U.S. Bank National Association, as Trustee for the registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB50 ("U.S. Bank") and Midland Loan Services, a Division of PNC Bank, NA ("Midland"). (Dkt. No. 1111)

**I.     No Clarification of this Court's Order Is Needed**.

On November 18, 2021, the Court heard extensive argument on the issue raised in the motion and adopted the procedure proposed by the Receiver whereby the parties would issue necessary third-party subpoenas by November 30, 2021, Midland and U.S. Bank would serve responses to discovery by December 10, 2021, and the parties involved would submit a joint status

report by January 25, 2022. (Dkt. No. 1090) This would be followed then by an update as to when the Receiver would be in a position to provide a notice of disclosure. The Order does not reflect, and there is no requirement that the Receiver issue a notice disclosing whether he intended to contest the validity of the movants' liens in the time-frame now requested by movants.

Movants now argue that the Court's Order #1090 should be "clarified" to require the Receiver to notify counsel for these Claimants if he intends to contest the validity of any of their liens on the twenty-eight (28) properties involved in this process or the amounts in Claimants' proofs of claim prior to January 28, 2022, and suggest that such a requirement would be consistent with the Court's Order and the process proposed by the Receiver. The Receiver disagrees.[1] There is no clarification needed, as the Order is consistent with the Receiver's position, which was clearly stated at the November 18, 2021 hearing:

> MR. RACHLIS: So, the proposal that we have included, in summary form, would: One, we'd attempt to work on this. So, if your Honor were to consider this a group, if you will, this single-lien group, we would begin work on that if the process was approved, you know, simultaneously with Group 1, but making sure that we're not interfering with the completion of the Group 1 process. And what we would do in that context is: One, the first -- and try and quickly with the -- working with the other -- with the institutional lenders that are involved here, try and get these subpoenas out quickly to the loan originators and to the title companies. That's the -- that's Point One. Probably that's a 30-day process, but we would hope that that could -- in other words, 30 -- not to get that out in 30 days, but try and get responses back in some capacity, you know, in a 30-day window or so. **We would want to then look at that information, as well as the information that's been provided by these claimants, and come back to your Honor, at this point, I would say sometime in January, maybe January -- towards the end of the month -- and give you a status report and these claimants a report, in order to let them know where we're at in terms of getting responses from these subpoenas and getting through the process of reviewing these claimant -- the materials that have been provided.**

---

[1] The Receiver's proposal attached as Exhibit B to the Joint Motion did not propose a hard deadline for the Receiver to notify counsel if he intends to contest the validity of any of the claims at issue, which was the subject of discussion at the hearing. (*See, e.g.,* Dkt. No. 1073 at 28, 31)

> **We think that if we are able to do that, we'd be in a position to be able to tell your Honor how soon thereafter we'd be in a position to provide either notices of no dispute or notices of avoidance** that would trigger what we propose to be, you know, a 60-day -- based on the these single-lien claimants' request, I think there's no disagreement that they look at a 60-day process for purposes of going through contested claims. (Ex. 1, 11/18/21 Tr. at 24-26)

The Court agreed and scheduled the proposed hearing for January 28, 2022. (Dkt. 1090)

Consistent with the process discussed and approved by the Court, the Receiver has initiated the narrow discovery contemplated by the Court's Order, is waiting for production of responses to some of this discovery, and is reviewing the materials provided by the claimants. In particular, following the November 18, 2021 hearing, the Receiver worked with counsel for Midland and U.S. Bank to draft subpoena riders to the loan originators and title companies involved in the loans at issue. The Receiver served six subpoenas on November 30, 2021, to the following third parties:

- Primary Title Services LLC
- OS National LLC
- Chicago Title Insurance Company
- Avenue 365 Title Company
- CBRE Capital Markets Inc.
- Corevest American Finance Lender LLC

As of the filing date of this response, documents have been produced by three of the subpoenaed third parties—Primary Title, OS National, and Chicago Title. Additionally, the Receiver has heard from counsel for CBRE, who requested an additional 45 days to respond to the subpoena, and counsel for Avenue 365, who requested an extension until January 21, 2022. The Receiver's counsel told both of these subpoenaed parties that the Receiver would extend the courtesy of an extension, but advised them that the parties were working within a narrow schedule set by the

3

district court and would appreciate their assistance in gathering and producing the documents as quickly as possible. Notably, no response has been received yet from Corevest (f/k/a Colony American Finance Lender LLC), the originator of three of the five loans at issue.

Additionally, U.S. Bank served its discovery responses on December 10, 2021. Midland only just provided its discovery responses a week ago (on January 5, 2022).

The current status of these efforts is precisely why the process advocated by the Receiver and set by the Court provided a time for a status update, and further why the Court *did not* set forth the process that is now sought to be created by movants to have a disclosure in advance of that date when it was and is clear that the Receiver is not and will not be in a position to provide such a disclosure not even having the information that has been requested in his possession (let alone reviewed). There is no clarification that is appropriate or necessary here, as the actions that have been taken are all consistent with the Court ordered process.

## II. The Clarification Process Requested by Movants Is Untimely and Prejudicial.

Since the November 18, 2021 hearing and ruling, the Receiver has operated with the understanding that he would not be required to file a dispute notice regarding these claims prior to the January 28, 2022 hearing and he has focused his efforts and used his resources consistent with what was discussed at the November 18, 2021 hearing and in the Court's Order. While the Receiver has been proceeding diligently working to gather the discovery that is needed for this single claim process and reviewing the nearly 10,000 pages of materials submitted by these claimants with their proofs of claim, the Receiver has also devoted substantial efforts to (1) his motion to allocate fees (which is itself relevant to the resolution of these movants' claims), (2) participation in the Group 1 discovery including expert proceedings, and (3) the disposition of the

remaining asset in the estate. A change at this time would be unduly prejudicial (and as noted above unfeasible).

In regards to timing, the parties had some communications regarding this issue raised in the current motion around the end of November, where the Receiver made his position clear based on what was discussed at the hearing and included in the Court's Order. Specifically, the Receiver notified the movants on December 3, 2021 of what was already plain from the record – namely, that the Receiver understood that the purpose of the January 25, 2022 status report and the January 28, 2022 hearing ordered by the Court is for the parties to (i) report on the status of third-party discovery (and their review of information produced by the claimants and the third parties) and (ii) to inform the Court how soon thereafter the Receiver expects be in a position to provide notice of a dispute and whether any additional discovery will be required. The Court's Order is consistent with this understanding. The movants nevertheless waited to file their motion for more than 6 weeks, including a full month after the Receiver confirmed his understanding of the Order, with the relief being sought of disclosures for the 28 properties at issue in approximately two weeks. Such a request is unwarranted, unfeasible, untimely, and unduly prejudicial. And it is also yet another distraction—on top of the protracted negotiation and motion practice regarding the process for the resolution of these single claims properties—that acts to divert and deplete resources from the ability to focus upon and accomplish the work that needs to be done in order to resolve these claims.

## CONCLUSION

The Motion for Clarification should be denied. The Receiver agrees that it does not make sense to proceed with further discovery unless and until the parties have received and reviewed all of the currently outstanding discovery and the Receiver has made his determination about whether

5

he will dispute these claims. That is precisely why the Court has established the process which is in now in place, where the Court will be updated on the discovery and review process through the January 25, 2022 status report and the January 28, 2022 status hearing.

Dated: January 12, 2022  Respectfully submitted,

Kevin B. Duff, Receiver

By:  /s/ Michael Rachlis
Michael Rachlis
Jodi Rosen Wine
Rachlis Duff & Peel LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone (312) 733-3950
*mrachlis@rdaplaw.net*
*jwine@rdaplaw.net*

```
 1                  IN THE UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF ILLINOIS
 2                           EASTERN DIVISION

 3
     UNITED STATES SECURITIES AND    ) Docket No. 18 C 5587
 4   EXCHANGE COMMISSION,            )
                                     )
 5                    Plaintiffs,    )
                                     )
 6              vs.                  )
                                     )
 7   EQUITYBUILD, INC., EQUITYBUILD  )
     FINANCE, LLC, JEROME H. COHEN,  )
 8   AND SHAUN D. COHEN,             ) Chicago, Illinois
                                     ) November 18, 2021
 9                    Defendants.    ) 3:00 o'clock p.m.

10
             TRANSCRIPT OF PROCEEDINGS - VIDEOCONFERENCE MOTIONS
11                   BEFORE THE HONORABLE JOHN Z. LEE

12
     VIDEOCONFERENCE APPEARANCES:
13

14   For the Plaintiff:          U.S. SECURITIES & EXCHANGE
                                   COMMISSION
15                               BY:  MR. BENJAMIN J. HANAUER
                                 175 W. Jackson Blvd., Suite 900
16                               Chicago, Illinois   60604

17
     For the Receiver:           RACHLIS, DUFF, PEEL & KAPLAN, LLC
18                               BY:  MR. MICHAEL RACHLIS
                                      MS. JODI ROSEN WINE
19                               542 South Dearborn, Suite 900
                                 Chicago, Illinois   60605

20

21   Federal Home Loan Mortgage  DYKEMA GOSSETT, PLLC
     Corporation, Wilmington     BY:  MR. TODD GALE
22   Trust, Citibank, Federal    10 South Wacker Drive, Suite 2300
     National Mortgage Assoc.,   Chicago, Illinois   60606
23   U.S. Bank, Sabal TL,
     Midland Loan Svcs., BC57,
24   and UBS AG:,

25
```

Exhibit

1

1  of timing do you envision or do you anticipate for a claims
2  resolution process with regard to the single-claim properties
3  to take place.
4        MR. RACHLIS: So, the proposal that we have included,
5  in summary form, would: One, we'd attempt to work on this.
6  So, if your Honor were to consider this a group, if you will,
7  this single-lien group, we would begin work on that if the
8  process was approved, you know, simultaneously with Group 1,
9  but making sure that we're not interfering with the completion
10 of the Group 1 process.
11       And what we would do in that context is: One, the
12 first -- and try and quickly with the -- working with the
13 other -- with the institutional lenders that are involved
14 here, try and get these subpoenas out quickly to the loan
15 originators and to the title companies. That's the -- that's
16 Point One.
17       Probably that's a 30-day process, but we would hope
18 that that could -- in other words, 30 -- not to get that out
19 in 30 days, but try and get responses back in some capacity,
20 you know, in a 30-day window or so.
21       We would want to then look at that information, as
22 well as the information that's been provided by these
23 claimants, and come back to your Honor, at this point, I would
24 say sometime in January, maybe January -- towards the end of
25 the month -- and give you a status report and these claimants

1 a report, in order to let them know where we're at in terms of
2 getting responses from these subpoenas and getting through the
3 process of reviewing these claimant -- the materials that have
4 been provided.
5     We think that if we are able to do that, we'd be in a
6 position to be able to tell your Honor how soon thereafter
7 we'd be in a position to provide either notices of no dispute
8 or notices of avoidance that would trigger what we propose to
9 be, you know, a 60-day -- based on the these single-lien
10 claimants' request, I think there's no disagreement that they
11 look at a 60-day process for purposes of going through
12 contested claims.  And, then, it's twenty -- and then the same
13 sort of process for position statements and things of that
14 nature.
15     So, it is an effort to:  One, work in parallel with
16 the Group 1 process; an effort to work cooperatively, quickly
17 with the single-lien institutional investors; and to report
18 back, you know, in the -- call it in approximately 45 days or
19 so, but it would be sometime by mid-January.
20     I think we can make progress in that regard.  That
21 will give enough time to get subpoena answers, we believe, as
22 well as to go through -- at least get a better handle on the
23 documents, and then be in a position to inform the Court.
24     So, it's within that balance that we think that we
25 are prepared to do that and devote, you know -- without trying

1 to -- and we also want the Court to know if we believe that
2 this has created more of a problem, if going through this has
3 either elicited to -- you know, there are 28 different
4 properties here.
5 　　　　　So, in going through those, if there's an issue, we
6 want to flag it. We want the Court to know and the lenders to
7 know that, you know, it's taking longer or not.
8 　　　　　But we do think that would be a -- basically, a good
9 way to keep everyone abreast of those efforts while still
10 focusing on Group 1.
11 　　　　　So, that is our general effort and proposal here to
12 try and get this group of properties moving and moving,
13 essentially, you know, right away through the kind of joint
14 issuance of these.
15 　　　　　THE COURT: All right.
16 　　　　　And do you anticipate needing the claimants to answer
17 some of the standard discovery requests?
18 　　　　　MR. RACHLIS: Yes. We did specifically identify
19 those in our proposal. There's very few -- not all of them,
20 but three or four different requests or one or two
21 interrogatories that, basically, we would want to be addressed
22 during this time that we are getting the subpoenas answered
23 and beginning the reviews of the -- of what is intimated on
24 the claims. So, the answer is, yes, in a modified form.
25 　　　　　THE COURT: Mr. McClain?

**CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2022, I electronically filed the foregoing **Receiver's Response to U.S. Bank's and Midland's Motion for Clarification of Order** with the Clerk of the United States District Court for the Northern District of Illinois, using the CM/ECF system. A true copy of the foregoing was served upon counsel of record via the CM/ECF system.

/s/ Michael Rachlis
Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone (312) 733-3950
Fax (312) 733-3952
mrachlis@rdaplaw.net