

**CHICAGO TITLE
INSURANCE COMPANY**

---

**Policy No.: 4478-1-IL1706750-2017.72307-212571283**

---

### LOAN POLICY OF TITLE INSURANCE

Issued by

### CHICAGO TITLE INSURANCE COMPANY

*Any notice of claim and any other notice or statement in writing required to be given to the Company under this Policy must be given to the Company at the address shown in Section 17 of the Conditions.*

### COVERED RISKS

SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B, AND THE CONDITIONS, CHICAGO TITLE INSURANCE COMPANY, a Florida corporation (the "Company") insures as of Date of Policy and, to the extent stated in Covered Risks 11, 13, and 14, after Date of Policy, against loss or damage, not exceeding the Amount of Insurance, sustained or incurred by the Insured by reason of:

1. Title being vested other than as stated in Schedule A.
2. Any defect in or lien or encumbrance on the Title. This Covered Risk includes but is not limited to insurance against loss from
   (a) A defect in the Title caused by
      (i) forgery, fraud, undue influence, duress, incompetency, incapacity, or impersonation;
      (ii) failure of any person or Entity to have authorized a transfer or conveyance;
      (iii) a document affecting Title not properly created, executed, witnessed, sealed, acknowledged, notarized, or delivered;
      (iv) failure to perform those acts necessary to create a document by electronic means authorized by law;
      (v) a document executed under a falsified, expired, or otherwise invalid power of attorney;
      (vi) a document not properly filed, recorded, or indexed in the Public Records including failure to perform those acts by electronic means authorized by law; or
      (vii) a defective judicial or administrative proceeding.
   (b) The lien of real estate taxes or assessments imposed on the Title by a governmental authority due or payable, but unpaid.
   (c) Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land. The term "encroachment" includes encroachments of existing improvements located on the Land onto adjoining land, and encroachments onto the Land of existing improvements located on adjoining land.
3. Unmarketable Title.
4. No right of access to and from the Land.
5. The violation or enforcement of any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
   (a) the occupancy, use, or enjoyment of the Land;
   (b) the character, dimensions, or location of any improvement erected on the Land;
   (c) the subdivision of land; or
   (d) environmental protection
   if a notice, describing any part of the Land, is recorded in the Public Records setting forth the violation or intention to enforce, but only to the extent of the violation or enforcement referred to in that notice.
6. An enforcement action based on the exercise of a governmental police power not covered by Covered Risk 5 if a notice of the enforcement action, describing any part of the Land, is recorded in the Public Records, but only to the extent of the enforcement referred to in that notice.
7. The exercise of the rights of eminent domain if a notice of the exercise, describing any part of the Land, is recorded in the Public Records.
8. Any taking by a governmental body that has occurred and is binding on the rights of a purchaser for value without Knowledge.
9. The invalidity or unenforceability of the lien of the Insured Mortgage upon the Title. This Covered Risk includes but is not limited to insurance against loss from any of the following impairing the lien of the Insured Mortgage
   (a) forgery, fraud, undue influence, duress, incompetency, incapacity, or impersonation;
   (b) failure of any person or Entity to have authorized a transfer or conveyance;
   (c) the Insured Mortgage not being properly created, executed, witnessed, sealed, acknowledged, notarized, or delivered;
   (d) failure to perform those acts necessary to create a document by electronic means authorized by law;

72307 ALTA Loan Policy 06/17/06_307
Copyright 2006-2016 American Land Title Association. All rights reserved. The use of this Form (or any derivative thereof) is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.

BC570009606

(e) a document executed under a falsified, expired, or otherwise invalid power of attorney;

(f) a document not properly filed, recorded, or indexed in the Public Records including failure to perform those acts by electronic means authorized by law; or

(g) a defective judicial or administrative proceeding.

10. The lack of priority of the lien of the Insured Mortgage upon the Title over any other lien or encumbrance.

11. The lack of priority of the lien of the Insured Mortgage upon the Title

  (a) as security for each and every advance of proceeds of the loan secured by the Insured Mortgage over any statutory lien for services, labor, or material arising from construction of an improvement or work related to the Land when the improvement or work is either

    (i) contracted for or commenced on or before Date of Policy; or

    (ii) contracted for, commenced or continued after Date of Policy if the construction is financed, in whole or in part, by proceeds of the loan secured by the Insured Mortgage that the Insured has advanced or is obligated on Date of Policy to advance; and

  (b) over the lien of any assessments for street improvements under construction or completed at Date of Policy.

12. The invalidity or unenforceability of any assignment of the Insured Mortgage, provided the assignment is shown in Schedule A, or the failure of the assignment shown in Schedule A to vest title to the Insured Mortgage in the named Insured assignee free and clear of all liens.

13. The invalidity, unenforceabilty, lack of priority, or avoidance of the lien of the Insured Mortgage upon the Title:

  (a) resulting from the avoidance in whole or in part, or from a court order providing an alternative remedy, of any transfer of all or any part of the title to or any interest in the Land occurring prior to the transaction creating the lien of the Insured Mortgage because that prior transfer a constituted fraudulent or preferential transfer under federal bankruptcy, state insolvency, or similar creditors' rights laws; or

  (b) because the Insured Mortgage constitutes a preferential transfer under federal bankruptcy, state insolvency, or similar creditors' rights laws by reason of the failure of its recording in the Public Records

    (i) to be timely, or

    (ii) to impart notice of its existence to a purchaser for value or to a judgment or lien creditor.

14. Any defect in or lien or encumbrance on the Title or other matter included in Covered Risks 1 through 13 that has been created or attached or has been filed or recorded in the Public Records subsequent to Date of Policy and prior to the recording of the Insured Mortgage in the Public Records.

The Company will also pay the costs, attorneys' fees, and expenses incurred in defense of any matter insured against by this Policy, but only to the extent provided in the Conditions.

IN WITNESS WHEREOF, CHICAGO TITLE INSURANCE COMPANY has caused this policy to be signed and sealed by its duly authorized officers.

Countersigned:

**CHICAGO TITLE INSURANCE COMPANY**

By:
Authorized Officer or Agent
Henry Marmol
Near North National Title, LLC
222 North LaSalle St, Suite 100
Chicago, IL 60601
Tel:312-419-3900
Fax:312-419-0569

By:

President

Attest:

Secretary

## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1. (a) Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to

  (i) the occupancy, use, or enjoyment of the Land;

  (ii) the character, dimensions, or location of any improvement erected on the Land;

  (iii) the subdivision of land; or

  (iv) environmental protection;

or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.

  (b) Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided

72307     ALTA Loan Policy 06/17/06_307

Copyright 2006-2016 American Land Title Association. All rights reserved. The use of this Form (or any derivative thereof) is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.



BC570009607

under Covered Risk 6.
2. Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.
3. Defects, liens, encumbrances, adverse claims, or other matters
    (a) created, suffered, assumed, or agreed to by the Insured Claimant;
    (b) not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
    (c) resulting in no loss or damage to the Insured Claimant;
    (d) attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 11, 13, or 14); or
    (e) resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Insured Mortgage.

4. Unenforceability of the lien of the Insured Mortgage because of the inability or failure of an Insured to comply with applicable doing-business laws of the state where the Land is situated.
5. Invalidity or unenforceability in whole or in part of the lien of the Insured Mortgage that arises out of the transaction evidenced by the Insured Mortgage and is based upon usury or any consumer credit protection or truth-in-lending law.
6. Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction creating the lien of the Insured Mortgage, is
    (a) a fraudulent conveyance or fraudulent transfer, or
    (b) a preferential transfer for any reason not stated in Covered Risk 13(b) of this policy.
7. Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the Insured Mortgage in the Public Records. This Exclusion does not modify or limit the coverage provided under Covered Risk 11(b).

## CONDITIONS

### 1. DEFINITION OF TERMS
The following terms when used in this policy mean:
(a) "Amount of Insurance": The amount stated in Schedule A, as may be increased or decreased by endorsement to this policy, increased by Section 8(b) or decreased by Section 10 of these Conditions.
(b) "Date of Policy": The date designated as "Date of Policy" in Schedule A.
(c) "Entity": A corporation, partnership, trust, limited liability company, or other similar legal entity.
(d) "Indebtedness": The obligation secured by the Insured Mortgage including one evidenced by electronic means authorized by law, and that obligation is the payment of a debt, the Indebtedness is the sum of
    (i) the amount of the principal disbursed as of Date of Policy;
    (ii) the amount of the principal disbursed subsequent to Date of Policy;
    (iii) the construction loan advances made subsequent to Date of Policy for the purpose of financing in whole or in part the construction of an improvement to the Land or related to the Land that the Insured was and continued to be obligated to advance at Date of Policy and at the date of the advance;
    (iv) interest on the loan;
    (v) the prepayment premiums, exit fees, and other similar fees or penalties allowed by law;
    (vi) the expenses of foreclosure and any other costs of enforcement;
    (vii) the amounts advanced to assure compliance with laws or to protect the lien or the priority of the lien of the Insured Mortgage before the acquisition of the estate or interest in the Title;
    (viii) the amounts to pay taxes and insurance; and
    (ix) the reasonable amounts expended to prevent deterioration of improvements;
    but the Indebtedness is reduced by the total of all payments and by any amount forgiven by an Insured.

(e) "Insured": The Insured named in Schedule A.
    (i) The term "Insured" also includes
        (A) the owner of the Indebtedness and each successor in ownership of the Indebtedness, whether the owner or successor owns the Indebtedness for its own account or as a trustee or other fiduciary, except a successor who is an obligor under the provisions of Section 12(c) of these Conditions;
        (B) the person or Entity who has "control" of the "transferable record," if the Indebtedness is evidenced by a "transferable record," as these terms are defined by applicable electronic transactions law;
        (C) successors to an Insured by dissolution, merger, consolidation, distribution, or reorganization;
        (D) successors to an Insured by its conversion to another kind of Entity;
        (E) a grantee of an Insured under a deed delivered without payment of actual valuable consideration conveying the Title
            (1) if the stock, shares, memberships, or other equity interests of the grantee are wholly-owned by the named Insured,
            (2) if the grantee wholly owns the named Insured, or
            (3) if the grantee is wholly-owned by an affiliated Entity of the named Insured, provided the affiliated Entity and the named Insured are both wholly-owned by the same person or Entity;
        (F) any government agency or instrumentality that is an insurer or guarantor under an insurance contract or guaranty insuring or guaranteeing the Indebtedness secured by the Insured Mortgage, or any part of it, whether named as an Insured or not;
    (ii) With regard to (A), (B), (C), (D), and (E) reserving, however, all rights and defenses as to any successor that the Company would have had against any predecessor Insured, unless the successor acquired the Indebtedness as a

72307                   ALTA Loan Policy 06/17/06_307
Copyright 2006-2016 American Land Title Association. All rights reserved. The use of this Form (or any derivative thereof) is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.

BC570009608

purchaser for value without Knowledge of the asserted defect, lien, encumbrance, or other matter insured against by this policy.

(f) "Insured Claimant": An Insured claiming loss or damage.

(g)"Insured Mortgage": The Mortgage described in paragraph 4 of Schedule A.

(h)"Knowledge" or "Known": Actual knowledge, not constructive knowledge or notice that may be imputed to an Insured by reason of the Public Records or any other records that impart constructive notice of matters affecting the Title.

(i) "Land": The land described in Schedule A, and affixed improvements that by law constitute real property. The term "Land" does not include any property beyond the lines of the area described in Schedule A, nor any right, title, interest, estate, or easement in abutting streets, roads, avenues, alleys, lanes, ways or waterways, but this does not modify or limit the extent that a right of access to and from the Land is insured by this policy.

(j) "Mortgage": Mortgage, deed of trust, trust deed, or other security instrument, including one evidenced by electronic means authorized by law.

(k) "Public Records": Records established under state statutes at Date of Policy for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without Knowledge. With respect to Covered Risk 5(d), "Public Records" shall also include environmental protection liens filed in the records of the clerk of the United States District Court for the district where the Land is located.

(l) "Title": The estate or interest described in Schedule A.

(m) "Unmarketable Title": Title affected by an alleged or apparent matter that would permit a prospective purchaser or lessee of the Title or lender on the Title or a prospective purchaser of the Insured Mortgage to be released from the obligation to purchase, lease, or lend if there is a contractual condition requiring the delivery of marketable title.

## 2. CONTINUATION OF INSURANCE

The coverage of this policy shall continue in force as of Date of Policy in favor of an Insured after acquisition of the Title by an Insured or after conveyance by an Insured, but only so long as the Insured retains an estate or interest in the Land, or holds an obligation secured by a purchase money Mortgage given by a purchaser from the Insured, or only so long as the Insured shall have liability by reason of warranties in any transfer or conveyance of the Title. This policy shall not continue in force in favor of any purchaser from the Insured of either (i) an estate or interest in the Land, or (ii) an obligation secured by a purchase money Mortgage given to the Insured.

## 3. NOTICE OF CLAIM TO BE GIVEN BY INSURED CLAIMANT

The Insured shall notify the Company promptly in writing (i) in case of any litigation as set forth in Section 5(a) of these Conditions, (ii) in case Knowledge shall come to an Insured of any claim of title or interest that is adverse to the Title or the lien of the Insured Mortgage, as insured, and that might cause loss or damage for which the Company may be liable by virtue of this policy, or (iii) if the Title or the lien of the Insured Mortgage, as insured, is rejected as Unmarketable Title. If the Company is prejudiced by the failure of the Insured Claimant to provide prompt notice, the Company's liability to the Insured Claimant under the policy shall be reduced to the extent of the prejudice.

## 4. PROOF OF LOSS

In the event the Company is unable to determine the amount of loss or damage, the Company may, at its option, require as a condition of payment that the Insured Claimant furnish a signed proof of loss. The proof of loss must describe the defect, lien, encumbrance, or other matter insured against by this policy that constitutes the basis of loss or damage and shall state, to the extent possible, the basis of calculating the amount of the loss or damage.

## 5. DEFENSE AND PROSECUTION OF ACTIONS

(a)Upon written request by the Insured, and subject to the options contained in Section 7 of these Conditions, the Company, at its own cost and without unreasonable delay, shall provide for the defense of an Insured in litigation in which any third party asserts a claim covered by this policy adverse to the Insured. This obligation is limited to only those stated causes of action alleging matters insured against by this policy. The Company shall have the right to select counsel of its choice (subject to the right of the Insured to object for reasonable cause) to represent the Insured as to those stated causes of action. It shall not be liable for and will not pay the fees of any other counsel. The Company will not pay any fees, costs, or expenses incurred by the Insured in the defense of those causes of action that allege matters not insured against by this policy.

(b)The Company shall have the right, in addition to the options contained in Section 7 of these Conditions, at its own cost, to institute and prosecute any action or proceeding or to do any other act that in its opinion may be necessary or desirable to establish the Title or the lien of the Insured Mortgage, as insured, or to prevent or reduce loss or damage to the Insured. The Company may take any appropriate action under the terms of this policy, whether or not it shall be liable to the Insured. The exercise of these rights shall not be an admission of liability or waiver of any provision of this policy. If the Company exercises its rights under this subsection, it must do so diligently.

(c)Whenever the Company brings an action or asserts a defense as required or permitted by this policy, the Company may pursue the litigation to a final determination by a court of competent jurisdiction, and it expressly reserves the right, in its sole discretion, to appeal from any adverse judgment or order.

## 6. DUTY OF INSURED CLAIMANT TO COOPERATE

(a)In all cases where this policy permits or requires the Company to prosecute or provide for the defense of any action or proceeding and any appeals, the Insured shall secure to the Company the right to so prosecute or provide defense in the action or proceeding, including the right to use, at its option, the name of the Insured for this purpose. Whenever requested by the Company, the Insured, at the Company's expense, shall give the Company all reasonable aid (i) in securing evidence, obtaining witnesses, prosecuting or defending the action or proceeding, or effecting settlement, and (ii) in any other lawful act that in the opinion of the Company may be necessary or desirable to establish the Title, the lien of the Insured Mortgage, or any other matter as insured. If the Company is prejudiced by the failure of the Insured to furnish the required cooperation, the Company's obligations to the Insured under the policy shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation, with regard to the matter or matters requiring such cooperation.

(b)The Company may reasonably require the Insured Claimant to submit to examination under oath by any authorized representative of the Company and to produce for examination, inspection, and copying, at such reasonable times and places as may be designated by the authorized representative of the Company, all records, in whatever

72307    ALTA Loan Policy 06/17/06_307
Copyright 2006-2016 American Land Title Association. All rights reserved. The use of this Form (or any derivative thereof) is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.



BC570009609

medium maintained, including books, ledgers, checks, memoranda, correspondence, reports, e-mails, disks, tapes, and videos whether bearing a date before or after Date of Policy, that reasonably pertain to the loss or damage. Further, if requested by any authorized representative of the Company, the Insured Claimant shall grant its permission, in writing, for any authorized representative of the Company to examine, inspect, and copy all of these records in the custody or control of a third party that reasonably pertain to the loss or damage. All information designated as confidential by the Insured Claimant provided to the Company pursuant to this Section shall not be disclosed to others unless, in the reasonable judgment of the Company, it is necessary in the administration of the claim. Failure of the Insured Claimant to submit for examination under oath, produce any reasonably requested information, or grant permission to secure reasonably necessary information from third parties as required in this subsection, unless prohibited by law or governmental regulation, shall terminate any liability of the Company under this policy as to that claim.

## 7. OPTIONS TO PAY OR OTHERWISE SETTLE CLAIMS; TERMINATION OF LIABILITY

In case of a claim under this policy, the Company shall have the following additional options:

(a) To Pay or Tender Payment of the Amount of Insurance or to Purchase the Indebtedness.

(i) To pay or tender payment of the Amount of Insurance under this policy together with any costs, attorneys' fees, and expenses incurred by the Insured Claimant that were authorized by the Company up to the time of payment or tender of payment and that the Company is obligated to pay; or

(ii) To purchase the Indebtedness for the amount of the Indebtedness on the date of purchase, together with any costs, attorneys' fees, and expenses incurred by the Insured Claimant that were authorized by the Company up to the time of purchase and that the Company is obligated to pay.

When the Company purchases the Indebtedness, the Insured shall transfer, assign, and convey to the Company the Indebtedness and the Insured Mortgage, together with any collateral security.

Upon the exercise by the Company of either of the options provided for in subsections (a)(i) or (ii), all liability and obligations of the Company to the Insured under this policy, other than to make the payment required in those subsections, shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation.

(b) To Pay or Otherwise Settle With Parties Other Than the Insured or With the Insured Claimant.

(i) to pay or otherwise settle with other parties for or in the name of an Insured Claimant any claim insured against under this policy. In addition, the Company will pay any costs, attorneys' fees, and expenses incurred by the Insured Claimant that were authorized by the Company up to the time of payment and that the Company is obligated to pay; or

(ii) to pay or otherwise settle with the Insured Claimant the loss or damage provided for under this policy, together with any costs, attorneys' fees, and expenses incurred by the Insured Claimant that were authorized by the Company up to the time of payment and that the Company is obligated to pay.

Upon the exercise by the Company of either of the options provided for in subsections (b)(i) or (ii), the Company's obligations to the Insured under this policy for the claimed loss or damage, other than the payments required to be made, shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation.

## 8. DETERMINATION AND EXTENT OF LIABILITY

This policy is a contract of indemnity against actual monetary loss or damage sustained or incurred by the Insured Claimant who has suffered loss or damage by reason of matters insured against by this policy.

(a) The extent of liability of the Company for loss or damage under this policy shall not exceed the least of

(i) the Amount of Insurance,

(ii) the Indebtedness,

(iii) the difference between the value of the Title as insured and the value of the Title subject to the risk insured against by this policy, or

(iv) if a government agency or instrumentality is the Insured Claimant, the amount it paid in the acquisition of the Title or the Insured Mortgage in satisfaction of its insurance contract or guaranty.

(b) If the Company pursues its rights under Section 5 of these Conditions and is unsuccessful in establishing the Title or the lien of the Insured Mortgage, as insured,

(i) the Amount of Insurance shall be increased by 10%, and

(ii) the Insured Claimant shall have the right to have the loss or damage determined either as of the date the claim was made by the Insured Claimant or as of the date it is settled and paid.

(c) In the event the Insured has acquired the Title in the manner described in Section 2 of these Conditions or has conveyed the Title, then the extent of liability of the Company shall continue as set forth in Section 8(a) of these Conditions.

(d) In addition to the extent of liability under (a), (b), and (c), the Company will also pay those costs, attorneys' fees, and expenses incurred in accordance with Sections 5 and 7 of these Conditions.

## 9. LIMITATION OF LIABILITY

(a) If the Company establishes the Title, or removes the alleged defect, lien or encumbrance, or cures the lack of a right of access to or from the Land, or cures the claim of Unmarketable Title, or establishes the lien of the Insured Mortgage, all as insured, in a reasonably diligent manner by any method, including litigation and the completion of any appeals, it shall have fully performed its obligations with respect to that matter and shall not be liable for any loss or damage caused to the Insured.

(b) In the event of any litigation, including litigation by the Company or with the Company's consent, the Company shall have no liability for loss or damage until there has been a final determination by a court of competent jurisdiction, and disposition of all appeals, adverse to the Title or to the lien of the Insured Mortgage, as insured.

(c) The Company shall not be liable for loss or damage to the Insured for liability voluntarily assumed by the Insured in settling any claim or suit without the prior written consent of the Company.

## 10. REDUCTION OF INSURANCE; REDUCTION OR TERMINATION OF LIABILITY

(a) All payments under this policy, except payments made for costs, attorneys' fees, and expenses, shall reduce the Amount of Insurance by the amount of the payment. However, any payments made prior to the acquisition of Title as provided in Section 2 of these Conditions shall not reduce the Amount of Insurance afforded under this policy except to the extent that the payments reduce the Indebtedness.

(b) The voluntary satisfaction or release of the Insured Mortgage shall terminate all liability of the Company except as provided in Section 2 of these Conditions.

72307       ALTA Loan Policy 06/17/06_307
Copyright 2006-2016 American Land Title Association. All rights reserved. The use of this Form (or any derivative thereof) is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.

Page 5 of 6



BC570009610

**11. PAYMENT OF LOSS**

When liability and the extent of loss or damage have been definitely fixed in accordance with these Conditions, the payment shall be made within 30 days.

**12. RIGHTS OF RECOVERY UPON PAYMENT OR SETTLEMENT**

(a) The Company's Right to Recover

Whenever the Company shall have settled and paid a claim under this policy, it shall be subrogated and entitled to the rights of the Insured Claimant in the Title or Insured Mortgage and all other rights and remedies in respect to the claim that the Insured Claimant has against any person or property, to the extent of the amount of any loss, costs, attorneys' fees, and expenses paid by the Company. If requested by the Company, the Insured Claimant shall execute documents to evidence the transfer to the Company of these rights and remedies. The Insured Claimant shall permit the Company to sue, compromise, or settle in the name of the Insured Claimant and to use the name of the Insured Claimant in any transaction or litigation involving these rights and remedies. If a payment on account of a claim does not fully cover the loss of the Insured Claimant, the Company shall defer the exercise of its right to recover until after the Insured Claimant shall have recovered its loss.

(b) The Insured's Rights and Limitations

(i) The owner of the Indebtedness may release or substitute the personal liability of any debtor or guarantor, extend or otherwise modify the terms of payment, release a portion of the Title from the lien of the Insured Mortgage, or release any collateral security for the Indebtedness, if it does not affect the enforceability or priority of the lien of the Insured Mortgage.

(ii) If the Insured exercises a right provided in (b)(i), but has Knowledge of any claim adverse to the Title or the lien of the Insured Mortgage insured against by this policy, the Company shall be required to pay only that part of any losses insured against by this policy that shall exceed the amount, if any, lost to the Company by reason of the impairment by the Insured Claimant of the Company's right of subrogation.

(c) The Company's Rights Against Noninsured Obligors

The Company's right of subrogation includes the Insured's rights against non-insured obligors including the rights of the Insured to indemnities, guaranties, other policies of insurance, or bonds, notwithstanding any terms or conditions contained in those instruments that address subrogation rights.

The Company's right of subrogation shall not be avoided by acquisition of the Insured Mortgage by an obligor (except an obligor described in Section 1(e)(i)(F) of these Conditions) who acquires the Insured Mortgage as a result of an indemnity, guarantee, other policy of insurance, or bond, and the obligor will not be an Insured under this policy.

**13. ARBITRATION**

Either the Company or the Insured may demand that the claim or controversy shall be submitted to arbitration pursuant to the Title Insurance Arbitration Rules of the American Land Title Association ("Rules"). Except as provided in the Rules, there shall be no joinder or consolidation with claims or controversies of other persons.

Arbitrable matters may include, but are not limited to, any controversy or claim between the Company and the Insured arising out of or relating to this policy, any service in connection with its issuance or the breach of a policy provision, or to any other controversy or claim arising out of the transaction giving rise to this policy. All arbitrable matters when the Amount of Insurance is 2,000,000 or less shall be arbitrated at the option of either the Company or the Insured. All arbitrable matters when the Amount of Insurance is in excess of $2,000,000 shall be arbitrated only when agreed to by both the Company and the Insured. Arbitration pursuant to this policy and under the Rules shall be binding upon the parties. Judgment upon the award rendered by the Arbitrator(s) may be entered in any court of competent jurisdiction.

**14. LIABILITY LIMITED TO THIS POLICY; POLICY ENTIRE CONTRACT**

(a) This policy together with all endorsements, if any, attached to it by the Company is the entire policy and contract between the Insured and the Company. In interpreting any provision of this policy, this policy shall be construed as a whole.

(b) Any claim of loss or damage that arises out of the status of the Title or lien of the Insured Mortgage or by any action asserting such claim shall be restricted to this policy.

(c) Any amendment of or endorsement to this policy must be in writing and authenticated by an authorized person, or expressly incorporated by Schedule A of this policy.

(d) Each endorsement to this policy issued at any time is made a part of this policy and is subject to all of its terms and provisions. Except as the endorsement expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsement, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance.

**15. SEVERABILITY**

In the event any provision of this policy, in whole or in part, is held invalid or unenforceable under applicable law, the policy shall be deemed not to include that provision or such part held to be invalid, but all other provisions shall remain in full force and effect.

**16. CHOICE OF LAW; FORUM**

(a) Choice of Law: The Insured acknowledges the Company has underwritten the risks covered by this policy and determined the premium charged therefor in reliance upon the law affecting interests in real property and applicable to the interpretation, rights, remedies, or enforcement of policies of title insurance of the jurisdiction where the Land is located.

Therefore, the court or an arbitrator shall apply the law of the jurisdiction where the Land is located to determine the validity of claims against the Title or the lien of the Insured Mortgage that are adverse to the Insured and to interpret and enforce the terms of this policy. In neither case shall the court or arbitrator apply its conflicts of law principles to determine the applicable law.

(b) Choice of Forum: Any litigation or other proceeding brought by the Insured against the Company must be filed only in a state or federal court within the United States of America or its territories having appropriate jurisdiction.

**17. NOTICES, WHERE SENT**

Any notice of claim and any other notice or statement in writing required to be given to the Company under this policy must be given to the Company at CHICAGO TITLE INSURANCE COMPANY, Attn: Claims Department, P.O. Box 45023, Jacksonville, FL 32232-5023.

72307      ALTA Loan Policy 06/17/06_307
Copyright 2006-2016 American Land Title Association. All rights reserved. The use of this Form (or any derivative thereof) is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.



BC570009611

## NEAR NORTH NATIONAL TITLE LLC
222 NORTH LASALLE STREET, SUITE 100
CHICAGO, IL 60601

ISSUING AGENT FOR CHICAGO TITLE INSURANCE COMPANY

### LENDER'S FORM

### SCHEDULE A

Number: **IL1706750**

Property: **7201 S. Constance Ave., Chicago, IL 60649**
**7625-33 S. East End Ave., Chicago, IL 60649**
**7635-7643 S. East End Ave., Chicago, IL 60649**
**7750-7752 S. Muskegon Ave., Chicago, IL 60649**
**7836 S. South Shore Dr., Chicago, IL 60649**

Underwriter No.: **72307-212571283**

Date of Policy: **September 29, 2017**

Amount of Insurance: **$5,328,433.43**

1.  Name of Insured:

    **BC57, LLC, a Michigan limited liability company, its successors and/or assigns, as their interests may appear**

2.  The estate or interest in the Land that is encumbered by the Insured Mortgage is:

    **Fee Simple**

3.  Title is vested in:

    **SSDF5 Portfolio 1 LLC, an Illinois limited liability company**

4.  The Insured Mortgage, and its assignments, if any, are described as follows:

    **Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated September 29, 2017 and recorded September 29, 2017 as document number 1727219056 and Corrective Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing recorded October 4, 2017 as document number 1727715135 and made by SSDF5 Portfolio 1 LLC, an Illinois limited liability company to BC57, LLC, a Michigan limited liability company, to secure a note in the amount of $5,328,433.43.**

5.  The Land referred to in this policy is described as follows:

    **SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF**

This policy valid only if Schedule B is attached.

BC570009612

## NEAR NORTH NATIONAL TITLE LLC

ISSUING AGENT FOR CHICAGO TITLE INSURANCE COMPANY

## LENDER'S FORM

## SCHEDULE B

No.: IL1706750

This policy does not insure against loss or damage by reason of the following:

1.     General real estate taxes for the year 2017. Tax number: 20-25-119-001-0000. (Affects Parcel 1)

Note: Taxes for the year 2017 are not yet due and payable.

2.     General real estate taxes for the year 2017. Tax number: 20-25-310-008-0000 and 20-25-310-009-0000. (Affects Parcels 2 and 3)

Note: Taxes for the year 2017 are not yet due and payable.

3.     General real estate taxes for the year 2017. Tax number: 21-30-400-034-0000. (Affects Parcel 4)

Note: Taxes for the year 2017 are not yet due and payable.

4.     General real estate taxes for the year 2017. Tax number: 21-30-414-040-0000. (Affects Parcel 5)

Note: Taxes for the year 2017 are not yet due and payable.

5.     Proceedings pending in the Circuit Court of Cook County, Case Number 2016-M1-403679, on a complaint filed December 6, 2016 by City of Chicago and against EquityBuild LLC, et al, for Building Violation.

Note: A Lis Pendens of said proceedings was recorded December 15, 2016 as document 1635041069.

(Affects Parcel 4)

6.     Proceedings pending in the Circuit Court of Cook County, Case Number 2016-M1-4000863, on a complaint filed February 25, 2016 by City of Chicago and against 7836 S. Shore Drive, et al, for Building Violation.

Note: A Lis Pendens of said proceedings was recorded December 15, 2016 as document 1637541190.

(Affects Parcel 5)

7.     Encroachment of the building onto the public way by approximately 0.03 to 0.04 feet north as disclosed by plat of survey Number 15-07-014 made by Landmark Engineering LLC dated July 15, 2015.

(Affects Parcel 1)

8.     Encroachment of the south tip of satellite dish located mainly on the land onto the property south and adjoining by approximately 1.6 and of the fence located onto the property west and adjoining by an undisclosed amount, as shown on plat of Survey Number 15-07-014 prepared by Landmark Engineering

BC570009613

## SCHEDULE B
(continued)

LLC dated July 15, 2015.

(Affects Parcel 1)

9.      Easement on and over the east 8 feet of the land for ingress and egress, created by Agreement from Martin McHugh to R. J. Manly recorded March 7, 1923 as document <u>7830708</u>, for the benefit of owners of property south and adjoining.

(Affects Parcel 1)

10.     A 20 foot building line from the street line as shown on the Plat Of Stinson's Subdivision of the East Grand Crossing aforesaid.

(Affects Parcels 2 and 3)

11.     Violation of the 20-foot building line noted herein at exception reference Number 5 by various measurements 3.48 feet; 3.50 feet; 7.20 feet and 7.25 feet, as shown on survey by Preferred Survey Dated October 29, 2015 No. 2015-10-85.

(Affects Parcel 2)

12.     Violation of the 20-foot building line noted herein at exception reference Number 5 by various measurements 3.16 feet; 3 feet and 7.13 feet, as shown on Survey by Preferred Survey Dated October 29, 2015 No. 2015-10-84.

(Affects Parcel 3)

13.     Rights of residential tenants under existing unrecorded leases and of all parties claiming by, through or under them with no right of first refusal or option to purchase.

If any document referenced herein contains a covenant, condition or restriction which is in violation of 42USC 3604(c), such covenant, condition or restriction, to the extent of such violation, is hereby deleted.

BC570009614

# NEAR NORTH NATIONAL TITLE LLC

ISSUING AGENT FOR CHICAGO TITLE INSURANCE COMPANY

## LENDER'S FORM

## SCHEDULE B - PART II

In addition to the matters set forth in Part I of this Schedule B, the title to the estate or interest in the Land described or referred to in Schedule A is subject to the following matters, if any be shown, but the Company insures that such matters are subordinate to the lien or charge of the Insured Mortgage upon said estate or interest:

1.  Assignment of Leases and Rents dated September 27, 2017 and recorded September 29, 2017 as document 1727219057 and Corrective Assignment of Leases and Rents recorded October 4, 2017 as document number 1727715136 made by SSDF5 Portfolio 1 LLC to BC57 LLC.

2.  UCC Financing Statement recorded September 29, 2017 as document 1727219058 disclosing BC57 LLC to be the secured party and SSDF5 Portfolio 1 LLC as debtor.


ISSUING AGENT FOR CHICAGO TITLE INSURANCE COMPANY


BY: _____
       AUTHORIZED SIGNATORY

NNNT, LLC
222 North LaSalle Street, Suite 100
Chicago, IL 60601

(312)419-3900
(312)419-0778  FAX

BC570009615

## EXHIBIT "A"

Parcel 1:

Lots 13 and 14 (except south 6 inches thereof) in Christopher Columbus Addition To Jackson Park, a subdivision of the East 1/2 of the Northwest 1/4 of Section 25, Township 38 North, Range 14, East of the Third Principal Meridian, in Cook County, Illinois.

Parcel 2:

The North 6.00 feet of Lot 36, and all of Lots 37, 38, 39 and 40 in Block 11 in
James Stinson's Subdivision of East Grand Crossing in the Southwest quarter of Section 25, Township 38 North, Range 14, East of the Third Principal Meridian, in Cook County, Illinois.

Parcel 3:

The North 14 feet of Lot 32 and all of Lots 33, 34, 35 and 36 (except the north 6 feet thereof) Block 11 in James Stinson's Subdivision of East Grand Crossing in the Southwest 1/4 of Section 25, Township 38 North, Range 14, East of the Third Principal Meridian, in Cook County, Illinois.

Parcel 4:

Lot 132 in Division 2 in Westall Subdivision of 208 acres being the East 1/2 of the Southwest 1/4 and the Southeast fractional 1/4 of Section 30 Township 38 North Range 15, East of the Third Principal Meridian in Cook County, Illinois.

Parcel 5:

The Easterly 120 feet of Lot 114, in Division One of Westfalls Subdivision of 208 acres, being the East Half of the Southwest Quarter and the Southeast fractional Quarter of Section 30, Township 38 North, Range 15 East of the Third Principal Meridian, in Cook County, Illinois.

BC570009616

## ENDORSEMENT
### ISSUED BY

## Chicago Title Insurance Company

Attached to File No. **IL1706750**

Underwriter Policy No. **72307-212571283**

## ALTA ENDORSEMENT 3.1-06 (ZONING-COMPLETED STRUCTURE) (PARCEL 1)

1.     The Company insures against loss or damage sustained by the Insured in the event that, at Date of Policy,

     a.     according to applicable zoning ordinances and amendments, the Land is not classified Zone RT-4;

     b.     the following use or uses are not allowed under that classification:
        Multi-Unit Residential

     c.     there shall be no liability under paragraph 1.b. if the use or uses are not allowed as the result of any lack of compliance with any conditions, restrictions, or requirements contained in the zoning ordinances and amendments, including but not limited to the failure to secure necessary consents or authorizations as a prerequisite to the use or uses. This paragraph 1.c. does not modify or limit the coverage provided in Covered Risk 5.

2.     The Company further insures against loss or damage sustained by the Insured by reason of a final decree of a court of competent jurisdiction either prohibiting the use of the Land, with any existing structure, as specified in paragraph 1.b. or requiring the removal or alteration of the structure, because, at Date of Policy, the zoning ordinances and amendments have been violated with respect to any of the following matters:

     a.     Area, width, or depth of the Land as a building site for the structure

     b.     Floor space area of the structure

     c.     Setback of the structure from the property lines of the Land

     d.     Height of the structure, or

     e.     Number of parking spaces.

3.     There shall be no liability under this endorsement based on:

     a.     the invalidity of the zoning ordinances and amendments until after a final decree of a court of competent jurisdiction adjudicating the invalidity, the effect of which is to prohibit the use or uses;

     b.     the refusal of any person to purchase, lease or lend money on the Title covered by this policy.

---

**Copyright 2006-2009 American Land Title Association. All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited. Reprinted under license from the American Land Title Association.



AMERICAN
LAND TITLE
ASSOCIATION

ALTA Endorsement 3.1-06 (Zoning-Completed Structure) (Parcel 1) (06/17/2006)         IL1706750

BC570009617

## ENDORSEMENT

**Underwriter Policy No. 72307-212571283**

### ALTA ENDORSEMENT 3.1-06 (ZONING-COMPLETED STRUCTURE) (PARCEL 1)
**(Page 2 of 2)**

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

**Near North National Title LLC,** as issuing agent

Dated: **September 29, 2017**          By: _____

**Copyright 2006-2009 American Land Title Association. All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited. Reprinted under license from the American Land Title Association.


AMERICAN
LAND TITLE
ASSOCIATION

ALTA Endorsement 3.1-06 (Zoning-Completed Structure) (Parcel 1) (06/17/2006)          IL1706750

BC570009618

# ENDORSEMENT
## ISSUED BY

## Chicago Title Insurance Company

Attached to File No. **IL1706750**

Underwriter Policy No. **72307-212571283**

## ALTA ENDORSEMENT 12-06 (AGGREGATION)

1. The following policies are issued in conjunction with one another:

| POLICY NUMBER: | STATE: | AMOUNT OF INSURANCE: |
|---|---|---|
| 72307-212571283 | Illinois | $5,328,433.43 |
| 1401-08983000 | Illinois | $2,776,576.95 |

2. The amount of insurance available to cover the Company's liability for loss or damage under this policy at the time of payment of loss shall be the Aggregate Amount of Insurance defined in Section 3 of this endorsement.

3. Subject to the limits in Section 4 of this endorsement, the Aggregate Amount of Insurance under these policies is $5,328,43343.

4. Section 7(a)(i) of the Conditions of this policy is amended to read:

**7. OPTIONS TO PAY OR OTHERWISE SETTLE CLAIMS; TERMINATION OF LIABILITY**

In case of a claim under this policy, the Company shall have the following additional options:

(a) to pay or tender payment of the lesser of the value of the Title as insured or the Aggregate Amount of Insurance applicable under this policy at the date the claim was made by the Insured Claimant, or to purchase the Indebtedness.

(i) to pay or tender payment of the lesser of the value of the Title as insured at the date the claim was made by the Insured Claimant, or the Aggregate Amount of Insurance applicable under this policy together with any cost, attorneys' fees, and costs and expenses incurred by the Insured Claimant that were authorized by the Company up to the time of payment or tender of payment and that the Company is obligated to pay; or

5. Section 8(a) and 8(b) of the Conditions of this policy are amended to read:

**8. DETERMINATION AND EXTENT OF LIABILITY**

This policy is a contract of indemnity against actual monetary loss or damage sustained or incurred by the Insured Claimant who has suffered loss or damage by reason of matters insured against by this policy.

(a) The extent of liability of the Company for loss or damage under this policy shall not exceed the least of (i) the Aggregate Amount of Insurance,

(ii) the Indebtedness,

(iii) the difference between the value of the Title as insured and the value of the Title subject to the risk insured against by this policy, or

(iv) if a government agency or instrumentality is the Insured Claimant, the amount it paid in the acquisition of the Title or the Insured Mortgage in satisfaction of its insurance contract or guaranty.

---

**Copyright 2006-2009 American Land Title Association. All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.



AMERICAN
LAND TITLE
ASSOCIATION

ALTA Endorsement 12-06 (Aggregation) (06/17/2006)

IL1706750

BC570009619

# ENDORSEMENT
**Underwriter Policy No. ALTA 2006 PROFORMA LOAN POLICY**
## ALTA ENDORSEMENT 12-06 (AGGREGATION)
### (Page 2 of 2)

(b) If the Company pursues its rights under Section 5 of these Conditions and is unsuccessful in establishing the Title or the lien of the Insured Mortgage, as insured, the Insured Claimant shall have the right to have the loss or damage determined either as of the date the claim was made by the Insured Claimant or as the date it is settled and paid.

6. Section 10 of the Conditions of this policy is amended to read:

**10. REDUCTION OF INSURANCE; REDUCTION OR TERMINATION OF LIABILITY**

(a) All payments under this policy, except payments made for costs, attorneys' fees, and expenses, shall reduce the Aggregate Amount of Insurance by the amount of the payment.

(b) However, any payments made prior to the acquisition of Title as provided in Section 2 of these Conditions shall not reduce the Aggregate Amount of Insurance afforded under this endorsement except to the extent that the payments reduce the Indebtedness.

(c) The voluntary satisfaction or release of the Insured Mortgage shall terminate all liability of the Company under this policy, except as provided in Section 2 of these Conditions, but it will not reduce the Aggregate Amount of Insurance for the other policies identified in Section 1 of this endorsement.

This endorsement is issued as part of the policy.  Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance.   To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls.   Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

**Near North National Title LLC,** as issuing agent

Dated:  **September 29, 2017**

By: *Henry Marmol* _____

**Copyright 2006-2009 American Land Title Association.  All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited.  Reprinted under license from the American Land Title Association.



AMERICAN
LAND TITLE
ASSOCIATION

ALTA Endorsement 12-06 (Aggregation) (06/17/2006)                                    IL1706750

BC570009620

# ENDORSEMENT
## ISSUED BY

## Chicago Title Insurance Company

Attached to File No. **IL1706750**

Underwriter Policy No. **72307-212571283**

## ALTA ENDORSEMENT 17-06 (ACCESS AND ENTRY) (PARCEL 1)

The Company insures against loss or damage sustained by the Insured if, at Date of Policy (i) the Land does not abut and have both actual vehicular and pedestrian access to and from S. Constance Avenue (the "Street"), (ii) the Street is not physically open and publicly maintained, or (iii) the Insured has no right to use existing curb cuts or entries along that portion of the Street abutting the Land.

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

**Near North National Title LLC,** as issuing agent

Dated: **September 29, 2017**    By: _____

**Copyright 2006-2009 American Land Title Association. All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.



AMERICAN
LAND TITLE
ASSOCIATION

ALTA Endorsement 17-06 (Access and Entry) (Parcel 1) (06/17/2006)                IL1706750

BC570009621

# ENDORSEMENT
## ISSUED BY

## Chicago Title Insurance Company

Attached to File No. **IL1706750**

Underwriter Policy No. **72307-212571283**

## ALTA ENDORSEMENT 17.2-06 (UTILITY ACCESS)

The Company insures against loss or damage sustained by the Insured by reason of the lack of a right of access to the following utilities or services:  **[CHECK ALL THAT APPLY]**

☑  Water service        ☑  Natural gas service        ☑  Telephone service

☑  Electrical power service        ☑  Sanitary sewer        ☑  Storm water drainage

☑  n/a _____

either over, under or upon rights-of-way or easements for the benefit of the Land because of:

(1)       a gap or gore between the boundaries of the Land and the rights-of-way or easements;

(2)       a gap between the boundaries of the rights-of-way or easements; or

(3)       a termination by a grantor, or its successor, of the rights-of-way or easements.

This endorsement is issued as part of the policy.  Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance.   To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls.   Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

**Near North National Title LLC,** as issuing agent

Dated: **September 29, 2017**        By: _____

**Copyright 2006-2009 American Land Title Association.  All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited.  Reprinted under license from the American Land Title Association.



AMERICAN
LAND TITLE
ASSOCIATION

ALTA Endorsement 17.2-06 (Utility Access) (10/16/2008)        IL1706750

BC570009622

# ENDORSEMENT
## ISSUED BY

## Chicago Title Insurance Company

Attached to File No. **IL1706750**

Underwriter Policy No. **72307-212571283**

## ALTA ENDORSEMENT 18.1-06 (MULTIPLE TAX PARCEL)

The Company insures against loss or damage sustained by the Insured by reason of:

1.  those portions of the Land identified below not being assessed for real estate taxes under the listed tax identification numbers or those tax identification numbers including any additional land:

    20-25-119-001-0000 (Parcel 1)
    20-25-310-008-0000 and 20-25-310-009-0000 (Affects Parcels 2 and 3)
    21-30-400-034-0000 (Parcel 4)
    31-30-414-040-0000 (Parcel 5)

2.  the easements, if any, described in Schedule A being cut off or disturbed by the nonpayment of real estate taxes, assessments or other charges imposed on the servient estate by a governmental authority.

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

**Near North National Title LLC,** as issuing agent

Dated: **September 29, 2017**

By: *Henry Marmol*

**Copyright 2006-2009 American Land Title Association. All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.



AMERICAN
LAND TITLE
ASSOCIATION

ALTA Endorsement 18.1-06 (Multiple Tax Parcel) (06/17/2006)                    IL1706750

# ENDORSEMENT
## ISSUED BY

## Chicago Title Insurance Company

Attached to File No. **IL1706750**

**Underwriter Policy No. 72307-212571283**

## ALTA ENDORSEMENT 25-06 (SAME AS SURVEY) (PARCEL 1)

The Company insures against loss or damage sustained by the Insured by reason of the failure of the Land as described in Schedule A to be the same as that identified on the survey made by WAYLS Survey LTD. dated September 22, 2017; Order No. 2017-09-76.

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

**Near North National Title LLC,** as issuing agent

Dated: **September 29, 2017**     By: _____

**Copyright 2006-2009 American Land Title Association. All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.


AMERICAN
LAND TITLE
ASSOCIATION

ALTA Endorsement 25-06 (Same As Survey) (Parcel 1) (10/16/2008)                    IL1706750

BC570009624

## ENDORSEMENT
### ISSUED BY

### Chicago Title Insurance Company

Attached to File No. **IL1706750**

**Underwriter Policy No. 72307-212571283**

### ALTA ENDORSEMENT 27-06 (USURY)

The Company insures against loss or damage sustained by the Insured by reason of the invalidity or unenforceability of the lien of the Insured Mortgage as security for the Indebtedness because the loan secured by the Insured Mortgage violates the usury law of the state where the Land is located.

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

**Near North National Title LLC,** as issuing agent

Dated: **September 29, 2017**          By: _____

**Copyright 2006-2009 American Land Title Association. All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.



AMERICAN
LAND TITLE
ASSOCIATION

ALTA Endorsement 27-06 (Usury) (10/16/2008)                    IL1706750

BC570009625

# ENDORSEMENT
**ISSUED BY**

## Chicago Title Insurance Company

Attached to File No. **IL1706750**

Underwriter Policy No. **72307-212571283**

## ALTA ENDORSEMENT 28-06 (EASEMENT-DAMAGE OR ENFORCED REMOVAL)

The Company insures against loss or damage sustained by the Insured if the exercise of the granted or reserved rights to use or maintain the easement(s) referred to in Exception(s) 5, 6, 9 and 10 of Schedule B results in:

(1) damage to an existing building located on the Land, or

(2) enforced removal or alteration of an existing building located on the Land.

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

**Near North National Title LLC,** as issuing agent

Dated: **September 29, 2017**       By: _____

**Copyright 2006-2010 American Land Title Association. All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.



AMERICAN
LAND TITLE
ASSOCIATION

ALTA Endorsement 28-06 (Easement-Damage Or Enforced Removal) (02/03/2010)       IL1706750

BC570009626

## ENDORSEMENT
### ISSUED BY

## Chicago Title Insurance Company

Attached to File No. **IL1706750**

Underwriter Policy No. **72307-212571283**

## ALTA ENDORSEMENT 9-06 (RESTRICTIONS, ENCROACHMENTS, MINERALS - LOAN POLICY)

1. The insurance provided by this endorsement is subject to the exclusions in Section 5 of this endorsement; and the Exclusions from Coverage, the Exceptions from Coverage contained in Schedule B, and the Conditions in the policy.

2. For the purposes of this endorsement only:

   a. "Covenant" means a covenant, condition, limitation or restriction in a document or instrument in effect at Date of Policy.

   b. "Improvement" means an improvement, including any lawn, shrubbery, or trees, affixed to either the Land or adjoining land at Date of Policy that by law constitutes real property.

3. The Company insures against loss or damage sustained by the Insured by reason of:

   a. A violation of a Covenant that:

      i. divests, subordinates, or extinguishes the lien of the Insured Mortgage,

      ii. results in the invalidity, unenforceability or lack of priority of the lien of the Insured Mortgage, or

      iii. causes a loss of the Insured's Title acquired in satisfaction or partial satisfaction of the Indebtedness;

   b. A violation on the Land at Date of Policy of an enforceable Covenant, unless an exception in Schedule B of the policy identifies the violation;

   c. Enforced removal of an Improvement located on the Land as a result of a violation, at Date of Policy, of a building setback line shown on a plat of subdivision recorded or filed in the Public Records, unless an exception in Schedule B of the policy identifies the violation; or

   d. A notice of a violation, recorded in the Public Records at Date of Policy, of an enforceable Covenant relating to environmental protection describing any part of the Land and referring to that Covenant, but only to the extent of the violation of the Covenant referred to in that notice, unless an exception in Schedule B of the policy identifies the notice of the violation.

4. The Company insures against loss or damage sustained by reason of:

   a. An encroachment of:

      i. an Improvement located on the Land, at Date of Policy, onto adjoining land or onto that portion of the Land subject to an easement; or

**Copyright 2012 American Land Title Association. All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.



ALTA Endorsement 9-06 (Restrictions, Encroachments, Minerals - Loan Policy) (04/02/2012)   IL1706750

BC570009627

## ENDORSEMENT
### Underwriter Policy No. 72307-212571283
## ALTA ENDORSEMENT 9-06 (RESTRICTIONS, ENCROACHMENTS, MINERALS - LOAN POLICY)
#### (Page 2 of 2)

    ii.  an Improvement located on adjoining land onto the Land at Date of Policy unless an exception in Schedule B of the policy identifies the encroachment otherwise insured against in Sections 4.a.i. or 4.a.ii.;

  b.  A final court order or judgment requiring the removal from any land adjoining the Land of an encroachment identified in Schedule B; or

  c.  Damage to an Improvement located on the Land, at Date of Policy:

    i.  that is located on or encroaches onto that portion of the Land subject to an easement excepted in Schedule B, which damage results from the exercise of the right to maintain the easement for the purpose for which it was granted or reserved; or

    ii.  resulting from the future exercise of a right to use the surface of the Land for the extraction or development of minerals or any other subsurface substances excepted from the description of the Land or excepted in Schedule B.

5.  This endorsement does not insure against loss or damage (and the Company will not pay costs, attorneys' fees, or expenses) resulting from:

  a.  any Covenant contained in an instrument creating a lease;

  b.  any Covenant relating to obligations of any type to perform maintenance, repair, or remediation on the Land;

  c.  except as provided in Section 3.d, any Covenant relating to environmental protection of any kind or nature, including hazardous or toxic matters, conditions, or substances;

  d.  contamination, explosion, fire, flooding, vibration, fracturing, earthquake or subsidence; or

  e.  negligence by a person or an Entity exercising a right to extract or develop minerals or other subsurface substances.

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

**Near North National Title LLC,** as issuing agent

Dated: **September 29, 2017**    By: _____

**Copyright 2012 American Land Title Association. All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.



AMERICAN
LAND TITLE
ASSOCIATION

ALTA Endorsement 9-06 (Restrictions, Encroachments, Minerals - Loan Policy) (04/02/2012)    IL1706750

BC570009628

## ENDORSEMENT
### ISSUED BY

## Chicago Title Insurance Company

Attached to File No. **IL1706750**

**Underwriter Policy No. 72307-212571283**

### ARBITRATION ENDORSEMENT (LOAN)

The provisions of paragraph 13, entitled "Arbitration", of the Conditions of this Policy are hereby deleted from the Policy.

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

**Near North National Title LLC,** as issuing agent

Dated: **September 29, 2017**          By: _____

Arbitration Endorsement (Loan)                                                                IL1706750

BC570009629

**ENDORSEMENT**
ISSUED BY

**Chicago Title Insurance Company**

Attached to File No. **IL1706750**

Underwriter Policy No. **72307-212571283**

## ALTA ENDORSEMENT 3.1-06 (ZONING-COMPLETED STRUCTURE) (PARCEL 2 AND 3)

1.   The Company insures against loss or damage sustained by the Insured in the event that, at Date of Policy,

    a.   according to applicable zoning ordinances and amendments, the Land is not classified Zone RT-4;

    b.   the following use or uses are not allowed under that classification:
Multi-Unit Residential

    c.   there shall be no liability under paragraph 1.b. if the use or uses are not allowed as the result of any lack of compliance with any conditions, restrictions, or requirements contained in the zoning ordinances and amendments, including but not limited to the failure to secure necessary consents or authorizations as a prerequisite to the use or uses. This paragraph 1.c. does not modify or limit the coverage provided in Covered Risk 5.

2.   The Company further insures against loss or damage sustained by the Insured by reason of a final decree of a court of competent jurisdiction either prohibiting the use of the Land, with any existing structure, as specified in paragraph 1.b. or requiring the removal or alteration of the structure, because, at Date of Policy, the zoning ordinances and amendments have been violated with respect to any of the following matters:

    a.   Area, width, or depth of the Land as a building site for the structure

    b.   Floor space area of the structure

    c.   Setback of the structure from the property lines of the Land

    d.   Height of the structure, or

    e.   Number of parking spaces.

3.   There shall be no liability under this endorsement based on:

    a.   the invalidity of the zoning ordinances and amendments until after a final decree of a court of competent jurisdiction adjudicating the invalidity, the effect of which is to prohibit the use or uses;

    b.   the refusal of any person to purchase, lease or lend money on the Title covered by this policy.

---

**Copyright 2006-2009 American Land Title Association. All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.



AMERICAN
LAND TITLE
ASSOCIATION

ALTA Endorsement 3.1-06 (Zoning-Completed Structure) (Parcel 2 and 3) (06/17/2006)          IL1706750

BC570009630

## ENDORSEMENT
### Underwriter Policy No. 72307-212571283
## ALTA ENDORSEMENT 3.1-06 (ZONING-COMPLETED STRUCTURE) (PARCEL 2 AND 3)
### (Page 2 of 2)

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

**Near North National Title LLC,** as issuing agent

Dated: **September 29, 2017**            By: _____

**Copyright 2006-2009 American Land Title Association. All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.


AMERICAN
LAND TITLE
ASSOCIATION

ALTA Endorsement 3.1-06 (Zoning-Completed Structure) (Parcel 2 and 3) (06/17/2006)            IL1706750

BC570009631

# ENDORSEMENT
## ISSUED BY

## Chicago Title Insurance Company

Attached to File No. **IL1706750**

Underwriter Policy No. **72307-212571283**

## ALTA ENDORSEMENT 3.1-06 (ZONING-COMPLETED STRUCTURE) (PARCEL 4)

1.  The Company insures against loss or damage sustained by the Insured in the event that, at Date of Policy,

    a.  according to applicable zoning ordinances and amendments, the Land is not classified Zone RT-4;

    b.  the following use or uses are not allowed under that classification:
        Multi-Family Residential

    c.  there shall be no liability under paragraph 1.b. if the use or uses are not allowed as the result of any lack of compliance with any conditions, restrictions, or requirements contained in the zoning ordinances and amendments, including but not limited to the failure to secure necessary consents or authorizations as a prerequisite to the use or uses. This paragraph 1.c. does not modify or limit the coverage provided in Covered Risk 5.

2.  The Company further insures against loss or damage sustained by the Insured by reason of a final decree of a court of competent jurisdiction either prohibiting the use of the Land, with any existing structure, as specified in paragraph 1.b. or requiring the removal or alteration of the structure, because, at Date of Policy, the zoning ordinances and amendments have been violated with respect to any of the following matters:

    a.  Area, width, or depth of the Land as a building site for the structure

    b.  Floor space area of the structure

    c.  Setback of the structure from the property lines of the Land

    d.  Height of the structure, or

    e.  Number of parking spaces.

3.  There shall be no liability under this endorsement based on:

    a.  the invalidity of the zoning ordinances and amendments until after a final decree of a court of competent jurisdiction adjudicating the invalidity, the effect of which is to prohibit the use or uses;

    b.  the refusal of any person to purchase, lease or lend money on the Title covered by this policy.

---

**Copyright 2006-2009 American Land Title Association. All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited. Reprinted under license from the American Land Title Association.



AMERICAN
LAND TITLE
ASSOCIATION

ALTA Endorsement 3.1-06 (Zoning-Completed Structure) (Parcel 4) (06/17/2006)                                    IL1706750

BC570009632

## ENDORSEMENT
### Underwriter Policy No. 72307-212571283
## ALTA ENDORSEMENT 3.1-06 (ZONING-COMPLETED STRUCTURE) (PARCEL 4)
#### (Page 2 of 2)

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

**Near North National Title LLC,** as issuing agent

Dated: **September 29, 2017**                    By: _____

**Copyright 2006-2009 American Land Title Association. All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited. Reprinted under license from the American Land Title Association.



AMERICAN
LAND TITLE
ASSOCIATION

ALTA Endorsement 3.1-06 (Zoning-Completed Structure) (Parcel 4) (06/17/2006)                    IL1706750

BC570009633

**ENDORSEMENT**
ISSUED BY

**Chicago Title Insurance Company**

Attached to File No. **IL1706750**

Underwriter Policy No. **72307-212571283**

## ALTA ENDORSEMENT 3.1-06 (ZONING-COMPLETED STRUCTURE) (PARCEL 5)

1.  The Company insures against loss or damage sustained by the Insured in the event that, at Date of Policy,

    a.  according to applicable zoning ordinances and amendments, the Land is not classified Zone RM-5;

    b.  the following use or uses are not allowed under that classification:
        Multi-Unit Residential

    c.  there shall be no liability under paragraph 1.b. if the use or uses are not allowed as the result of any lack of compliance with any conditions, restrictions, or requirements contained in the zoning ordinances and amendments, including but not limited to the failure to secure necessary consents or authorizations as a prerequisite to the use or uses. This paragraph 1.c. does not modify or limit the coverage provided in Covered Risk 5.

2.  The Company further insures against loss or damage sustained by the Insured by reason of a final decree of a court of competent jurisdiction either prohibiting the use of the Land, with any existing structure, as specified in paragraph 1.b. or requiring the removal or alteration of the structure, because, at Date of Policy, the zoning ordinances and amendments have been violated with respect to any of the following matters:

    a.  Area, width, or depth of the Land as a building site for the structure

    b.  Floor space area of the structure

    c.  Setback of the structure from the property lines of the Land

    d.  Height of the structure, or

    e.  Number of parking spaces.

3.  There shall be no liability under this endorsement based on:

    a.  the invalidity of the zoning ordinances and amendments until after a final decree of a court of competent jurisdiction adjudicating the invalidity, the effect of which is to prohibit the use or uses;

    b.  the refusal of any person to purchase, lease or lend money on the Title covered by this policy.

---

**Copyright 2006-2009 American Land Title Association. All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited. Reprinted under license from the American Land Title Association.



AMERICAN
LAND TITLE
ASSOCIATION

ALTA Endorsement 3.1-06 (Zoning-Completed Structure) (Parcel 5) (06/17/2006)                    IL1706750

BC570009634

## ENDORSEMENT
### Underwriter Policy No. 72307-212571283
## ALTA ENDORSEMENT 3.1-06 (ZONING-COMPLETED STRUCTURE) (PARCEL 5)
#### (Page 2 of 2)

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

**Near North National Title LLC,** as issuing agent

Dated: **September 29, 2017**

By: _____

**Copyright 2006-2009 American Land Title Association. All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited. Reprinted under license from the American Land Title Association.



AMERICAN
LAND TITLE
ASSOCIATION

ALTA Endorsement 3.1-06 (Zoning-Completed Structure) (Parcel 5) (06/17/2006)          IL1706750

BC570009635

## ENDORSEMENT
### ISSUED BY

## Chicago Title Insurance Company

Attached to File No. **IL1706750**

**Underwriter Policy No. 72307-212571283**

### ALTA ENDORSEMENT 25-06 (SAME AS SURVEY) (PARCEL 2)

The Company insures against loss or damage sustained by the Insured by reason of the failure of the Land as described in Schedule A to be the same as that identified on the survey made by WAYLS Survey, LTD. dated October 29, 2015; Order No. 2015-10-84.

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

**Near North National Title LLC,** as issuing agent

Dated: **September 29, 2017**　　　　By: _____

**Copyright 2006-2009 American Land Title Association. All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.



AMERICAN
LAND TITLE
ASSOCIATION

ALTA Endorsement 25-06 (Same As Survey) (Parcel 2) (10/16/2008)　　　　　　　　IL1706750

BC570009636

# ENDORSEMENT
## ISSUED BY

## Chicago Title Insurance Company

Attached to File No. **IL1706750**

**Underwriter Policy No. 72307-212571283**

## ALTA ENDORSEMENT 17-06 (ACCESS AND ENTRY) (PARCEL 2)

The Company insures against loss or damage sustained by the Insured if, at Date of Policy (i) the Land does not abut and have both actual vehicular and pedestrian access to and from S. East End Avenue (the "Street"), (ii) the Street is not physically open and publicly maintained, or (iii) the Insured has no right to use existing curb cuts or entries along that portion of the Street abutting the Land.

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

**Near North National Title LLC,** as issuing agent

Dated: **September 29, 2017**          By: _____

**Copyright 2006-2009 American Land Title Association. All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.



AMERICAN
LAND TITLE
ASSOCIATION

ALTA Endorsement 17-06 (Access and Entry) (Parcel 2) (06/17/2006)          IL1706750

BC570009637

## ENDORSEMENT
### ISSUED BY

## Chicago Title Insurance Company

Attached to File No. **IL1706750**

Underwriter Policy No. **72307-212571283**

### ALTA ENDORSEMENT 25-06 (SAME AS SURVEY) (PARCEL 3)

The Company insures against loss or damage sustained by the Insured by reason of the failure of the Land as described in Schedule A to be the same as that identified on the survey made by WAYLS Survey, LTD. dated October 29, 2015; Order No. 2015-10-85.

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

**Near North National Title LLC,** as issuing agent

Dated: **September 29, 2017**          By: _____

**Copyright 2006-2009 American Land Title Association. All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.



AMERICAN
LAND TITLE
ASSOCIATION

ALTA Endorsement 25-06 (Same As Survey) (Parcel 3) (10/16/2008)                    IL1706750

BC570009638

# ENDORSEMENT
## ISSUED BY

## Chicago Title Insurance Company

Attached to File No. **IL1706750**

Underwriter Policy No. **72307-212571283**

## ALTA ENDORSEMENT 17-06 (ACCESS AND ENTRY) (PARCEL 3)

The Company insures against loss or damage sustained by the Insured if, at Date of Policy (i) the Land does not abut and have both actual vehicular and pedestrian access to and from S. East End Avenue (the "Street"), (ii) the Street is not physically open and publicly maintained, or (iii) the Insured has no right to use existing curb cuts or entries along that portion of the Street abutting the Land.

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

**Near North National Title LLC,** as issuing agent

Dated: **September 29, 2017**      By: _____

**Copyright 2006-2009 American Land Title Association. All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited. Reprinted under license from the American Land Title Association.



AMERICAN
LAND TITLE
ASSOCIATION

ALTA Endorsement 17-06 (Access and Entry) (Parcel 3) (06/17/2006)                    IL1706750

# ENDORSEMENT
## ISSUED BY

## Chicago Title Insurance Company

Attached to File No. **IL1706750**

Underwriter Policy No. **72307-212571283**

### ALTA ENDORSEMENT 25-06 (SAME AS SURVEY) (PARCEL 4)

The Company insures against loss or damage sustained by the Insured by reason of the failure of the Land as described in Schedule A to be the same as that identified on the survey made by WAYLS Survey LTD. Dated September 22, 2017; Order No. 2017-09-75.

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

**Near North National Title LLC,** as issuing agent



Dated: **September 29, 2017**          By: _____

**Copyright 2006-2009 American Land Title Association. All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.

AMERICAN
LAND TITLE
ASSOCIATION

ALTA Endorsement 25-06 (Same As Survey) (Parcel 4) (10/16/2008)                    IL1706750

BC570009640

## ENDORSEMENT
### ISSUED BY

## Chicago Title Insurance Company

Attached to File No. **IL1706750**

**Underwriter Policy No. 72307-212571283**

## ALTA ENDORSEMENT 17-06 (ACCESS AND ENTRY) (PARCEL 4)

The Company insures against loss or damage sustained by the Insured if, at Date of Policy (i) the Land does not abut and have both actual vehicular and pedestrian access to and from S. Muskegon Avenue and E. 78th Street (the "Street"), (ii) the Street is not physically open and publicly maintained, or (iii) the Insured has no right to use existing curb cuts or entries along that portion of the Street abutting the Land.

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

**Near North National Title LLC,** as issuing agent

Dated: **September 29, 2017**    By:

**Copyright 2006-2009 American Land Title Association. All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.



AMERICAN
LAND TITLE
ASSOCIATION

ALTA Endorsement 17-06 (Access and Entry) (Parcel 4) (06/17/2006)    IL1706750

BC570009641

# ENDORSEMENT
## ISSUED BY

## Chicago Title Insurance Company

Attached to File No. **IL1706750**

**Underwriter Policy No. 72307-212571283**

## ALTA ENDORSEMENT 25-06 (SAME AS SURVEY) (PARCEL 5)

The Company insures against loss or damage sustained by the Insured by reason of the failure of the Land as described in Schedule A to be the same as that identified on the survey made by L.R. Pass & Associates dated June 20, 2016; Order No. 1606-0795.

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

**Near North National Title LLC,** as issuing agent



Dated: **September 29, 2017**            By: _____

**Copyright 2006-2009 American Land Title Association. All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.

AMERICAN
LAND TITLE
ASSOCIATION

ALTA Endorsement 25-06 (Same As Survey) (Parcel 5) (10/16/2008)            IL1706750

BC570009642

## ENDORSEMENT
### ISSUED BY

### Chicago Title Insurance Company

Attached to File No. **IL1706750**

Underwriter Policy No. **72307-212571283**

### ALTA ENDORSEMENT 17-06 (ACCESS AND ENTRY) (PARCEL 5)

The Company insures against loss or damage sustained by the Insured if, at Date of Policy (i) the Land does not abut and have both actual vehicular and pedestrian access to and from S. Southshore Drive and Cheltenham Place (the "Street"), (ii) the Street is not physically open and publicly maintained, or (iii) the Insured has no right to use existing curb cuts or entries along that portion of the Street abutting the Land.

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

**Near North National Title LLC,** as issuing agent

Dated: **September 29, 2017**     By: _____

**Copyright 2006-2009 American Land Title Association. All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.



AMERICAN
LAND TITLE
ASSOCIATION

ALTA Endorsement 17-06 (Access and Entry) (Parcel 5) (06/17/2006)          IL1706750

BC570009643

**ENDORSEMENT**
ISSUED BY

**Chicago Title Insurance Company**

Attached to File No. **IL1706750**

Underwriter Policy No. **72307-212571283**

**INTERIM MECHANICS LIEN ENDORSEMENT A (REVISED 2010)**

Interim Mechanic's Lien Endorsement Number: 1

Notwithstanding any covered risks of this policy, the sole mechanics lien coverage provided by this Commitment or policy is pursuant to this endorsement.

Paragraph 11(a) of the Covered Risks of this policy and any general mechanics lien exception ("any lien or right to a lien for services, labor or material....") in Schedule B of the Commitment are hereby deleted and replaced with the following provision:

Subject to the Exclusions from Coverage, Exceptions shown on Schedule B, and the Conditions of this Policy, the Company hereby insures against loss or damage by reason of the lack of priority of the lien of the Insured Mortgage over any lien claim by a lien claimant arising under the Illinois Mechanics Lien Act for services, labor, or material furnished in connection with an improvement on the Land, provided:

1. The lien claimant is:

    A. A contractor named on the sworn owner's (or tenant's) statement dated SEPTEMBER 21, 2017 and executed by EQUITY BUILD INC.;

    B. A party disclosed on an affidavit signed by a party named on the aforesaid owners sworn statement;

2. The lien claim relates to that portion of the amount for the liened services, labor or material which is shown as either previously paid or as the amount of the current payment payable to or for the benefit of the disclosed lien claimant on a statement described at 1A above; and

3. The lien claim relates to labor, material, or services furnished prior to the date shown at 1A above in the absence of a sworn contractor's statement above.

**Near North National Title LLC,** as issuing agent

Dated: **September 29, 2017**

By: *Henry Marmol*

Interim Mechanics Lien Endorsement A (Revised 2010)

IL1706750

BC570009644

**ENDORSEMENT**
ISSUED BY

**Chicago Title Insurance Company**

Attached to File No. **IL1706750**

Underwriter Policy No. **72307-212571283**

**ENCROACHMENT ENDORSEMENT NO. 1**

The Company hereby insures the Insured against loss or damage which the Insured shall sustain by reason of the following:

The entry of any court order or judgment which constitutes a final determination and denies the right to maintain the existing improvements on the Land because of the encroachment or encroachments thereof specifically set forth in Schedule B Exception(s) 5, 6, 9 and 10 onto adjoining property.

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

**Near North National Title LLC,** as issuing agent

Dated: **September 29, 2017**          By: _____

Encroachment Endorsement No. 1                                                        IL1706750

BC570009645

# ENDORSEMENT
## ISSUED BY

## Chicago Title Insurance Company

Attached to File No. **IL1706750**

**Underwriter Policy No. 72307-212571283**

## PENDING DISBURSEMENT ENDORSEMENT

Anything in this policy and any endorsement thereto not withstanding, the liability of the Company under said policy shall not exceed the sum of $5,244,243.93 (being the amount actually disbursed of the proceeds of the loan secured by the Insured Mortgage at the date of said policy) and costs which the Company is obligated under the Conditions to pay, but such liability shall be increased by the sum of each subsequent disbursement made under the Insured Mortgage up to the face amount of the policy; subject, however, with respect to each such increase, to any defects, liens, encumbrances, adverse claims or other matters which may be disclosed upon an examination of the title to the estate or interest in the Land subsequent to the preceding examination and down to and including the date of each disbursement.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

**Near North National Title LLC,** as issuing agent

Dated: **September 29, 2017**        By: _____

Pending Disbursement Endorsement                                                    IL1706750

BC570009646