IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Civil Action No. 1:18-cv-5587 |
| v. | Judge John Z. Lee |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | Magistrate Judge Young B. Kim |
| Defendants. | |

## RESPONSES TO STANDARD DISCOVERY REQUESTS DIRECTED TO INSTITUTIONAL LENDERS

BC57, by their attorneys, respond to the Standard Discovery Requests Directed to Institutional Lenders as follows:

### GENERAL OBJECTIONS AND NOTES

1. BC57 objects to each document production request and document production request to the extent it seeks information and documents that are protected the attorney-client privilege, the insurer-insured privilege, the work product privilege or the "common defense" privilege. BC57 is preparing a privilege log and will tender it by August 13, 2021.

2. In responding to these discovery requests, BC57 is preserving any and all evidentiary objections to the subject matter herein.

3. BC57 responds to these discovery requests based on the best of its present knowledge, information and belief. BC57's responses are at all times subject to such additional or different information that discovery and further investigation may disclose. BC57 reserves the

right to supplement, amend, and/or modify its responses based upon additional facts and evidence obtained after the service of these responses.

   4. Documents being produced include documents received from Near North National Title.

**I. DOCUMENT REQUESTS**

   1. All documents evidencing, reflecting, or constituting communications between you, or anyone acting on your behalf, and EquityBuild or its affiliates, relating to EquityBuild's request for financing or your subsequent provision of financing secured by a property in the Group.

    **RESPONSE:** All non-privileged responsive documents are produced.

   2. All documents evidencing, reflecting, or supporting the position that EquityBuild Investor-Lenders released their mortgages on a property in the Group, and/or that the Investor-Lenders were paid in connection with the release of their mortgages on the subject property.

    **RESPONSE:** All non-privileged responsive documents are produced. Responsive documents are also contained in the Investor-Lenders' claims and discovery responses, and the EquityBuild/EquityBuild Finance documents furnished by the Receiver.

   3. All documents evidencing, reflecting, or supporting the position that EquityBuild, or its affiliates, were authorized by and/or that consent was provided by Investor-Lenders to release their mortgages on a property in the Group.

    **RESPONSE:** All non-privileged responsive documents are produced. Responsive documents are also contained in the Investor-Lenders' claims and discovery responses, and the EquityBuild/EquityBuild Finance documents furnished by the Receiver.

2

4. All documents related to any inquiry by you, or anyone acting your behalf, related to (a) whether the EquityBuild Investor-Lenders released their mortgages on a property in the Group, and/or (b) whether the Investor-Lenders were paid in connection with the release of their mortgages on the subject property, or (c) whether EquityBuild, or its affiliates, were authorized by Investor-Lenders to release the Investor-Lenders' mortgages on the subject property.

**RESPONSE:** All non-privileged responsive documents are produced.

5. Provide the following documents related to the loan against the property in the Group that is the subject of your Proof of Claim, as well as all documents evidencing, reflecting, or constituting internal communications, or communications between you, or anyone acting on your behalf, and any title company regarding:

(1) the origination of the loan;

(2) the closing of the loan (including all pre-closing communications including but not limited to communications regarding the title commitment and all amendments thereto, any special exceptions to title (and any recorded documents provided or obtained related to those special exceptions), drafts of and final settlement statements, escrow instructions and escrow agreements)

(3) the priority of the loan;

(4) any due diligence undertaken prior to funding;

(5) any communications with EquityBuild or the Cohens;

(6) knowledge of and investigation regarding prior encumbrances;

(7) whether the investor-lenders released their mortgages on a property;

(8) whether the investor-lenders were paid in connection with the release of their mortgages on a property;

(9) whether EquityBuild or its affiliates were authorized by the investor lenders to release their mortgages on the property;

(10) exchanges with the title company for coverage under title insurance policies and related communications, including but not limited to all coverage correspondence.

3

>BC57 objects to Request 5(10) because the documents are protected by the attorney-client privilege, the insurer-insured privilege, the work product privilege or the "common defense" privilege. BC57 is preparing a privilege log and will tender it by August 13, 2021. All other non-privileged responsive documents are produced

6. All documents related to whether EquityBuild, or its affiliates, had sufficient assets to repay its creditors at the time you obtained a security interest in any property in the Group against which you have made a Proof of Claim.

**RESPONSE:** All non-privileged responsive documents are produced.

7. To the extent not already submitted in support of your Proof of Claim, all underwriting files and/or other information reflecting your investigation of EquityBuild and its officers and affiliates in connection with your decision to provide financing on any property in the Group.

**RESPONSE:** All non-privileged responsive documents are produced.

8. Produce each title insurance policy you obtained in relation to a property in the Group.

**RESPONSE:** All non-privileged responsive documents are produced.

II. **INTERROGATORIES**

1. Did any EquityBuild Investor-Lenders release their mortgages on any property in the Group? If so, describe in detail the basis for your belief that the Investor-Lenders released their mortgages, including by identifying all Investor-Lenders that released their mortgage(s).

>Yes. Releases of the mortgages were recorded as Document Nos. 1727219059, 1727219060, 1727219061, 1727219062, 1727219063. Although the releases identify EquityBuild Inc. as the releasing party, each was signed by EquityBuild

4

Finance, LLC, and referenced the mortgage being released. Hard Money LLC was an affiliate of EquityBuild Finance. The Investor-Lenders were paid in accordance with the terms of the Note, which directed payment to them in care of EquityBuild Finance, LLC, their authorized agent. The Investor-Lenders authorized EquityBuild Finance or Hard Money in the Collateral Agency and Servicing Agreements and Exhibits to the mortgages to issue pay-off statements, collect payments on the loan, including payments pursuant to a pay-off statement, and release the mortgages. Pursuant to the above authority, and prior to the payoffs, EquityBuild Finance collected interest payments from the mortgagors on behalf of the Investor-Lenders and distributed the payments received to the Investor-Lenders. Under common and statutory law, including the Fiduciary Obligations Act, payments to EquityBuild Finance or Hard Money constitutes a payment the Investor-Lenders and protects BC57 from the claims by the Investor-Lenders of non-payment. Further, the mortgages provided that once the debt was paid, the mortgage will be released. Illinois statutes provide for the release of a mortgages upon payment of the debt, 765 ILCS 905/2, and case law provides that where the mortgage debt is paid, the mortgage, which is but an incident to the debt, is no longer a lien on the property. *See Dunas v. Metropolitan Trust Company*, 41 Ill.App.3d 167, 170 (1st Dist. 1963) citing the Illinois Supreme Court in *Markus v. Chicago Title & Trust Co.*, 373 Ill. 557, 560 (1940); Midwest Bank of Freeport v. Gingell, 1993 WL 487540, 5 (N.D. Ill. 1993) (when a debt is paid the mortgage is extinguished by operation of law), citing *Bradley v. Lightcap*, 201 Ill. 511, 517 (1903) (when the debt is paid, the mortgagee's title is extinguished by operation of law").

2. Were any EquityBuild Investor-Lenders paid in connection with the release of their mortgages on the subject property? If so, describe in detail the basis for your belief that the Investor-Lenders were paid in connection with the release of their mortgages, including by identifying all such Investor-Lenders and the amounts they were paid.

**RESPONSE:** See Response to interrogatory no 1.

3. Was EquityBuild, or its affiliates, authorized by the Investor-Lenders to release their mortgages on the subject property? If so, describe in detail the basis for your belief that the Investor-Lenders authorized EquityBuild, or its affiliates, to release their mortgages, including by identifying all Investor-Lenders that authorized EquityBuild to release their mortgage(s).

**RESPONSE:** Yes. See Answers to 1 and 2.

4. Describe all efforts you, or anyone acting on your behalf, made before extending financing on any property in the Group to determine (a) whether the EquityBuild Investor-Lenders voluntarily released their mortgages on any property in the Group, or (b) whether the EquityBuild investors were paid in connection with the release of their mortgages on the subject property, or (c) whether EquityBuild, or its affiliates, were authorized by the Investor-Lenders to release their mortgages on the subject property, and identify the person(s) involved in any such efforts, and the role of each such person.

> **RESPONSE:** Releases were recorded as Document Nos. 1727219059, 1727219060, 1727219061, 1727219062, 1727219063. The title companies settlement statement and wire confirmations show that the payments were made to the Investor-Lenders through their servicing agent. See Answers to 1 and 2.

5. Describe all efforts you, or anyone acting on your behalf, made to determine whether EquityBuild, or its affiliates, had sufficient assets to repay its creditors, at the time you obtained a security interest in any property in the Group, and identify the person(s) involved in any such efforts, and the role of any such person.

> **RESPONSE:** BC57, LLC and its affiliates conducted a customary commercial mortgage loan origination process which included comprehensive underwriting due diligence. BC57, LLC acquired and analyzed the financial information and data found in the documents produced, conducted an analysis of the financial performance and market information to confirm the value of the real estate assets securing the loans. Its credit due diligence also included review of professionally prepared reports completed by the following third party vendors: Certified Credit Reporting, Vcheck Global, Vcorp Services, Guidewire Consulting, SecurityGauge, PM Environmental, Planning & Zoning Resource Company.
>
> The following people were involved on behalf of BC57 and its affiliates: Jason Jarjosa, Mathhew Turzewski and Dennis Onabajo.

6

## VERIFICATION

I, Jason Jarjosa, Authorized Agent for BC57, LLC, verify that I have reviewed the above answers to the Standard Discovery Requests and they are true and correct to the best of my information, knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

BC57, LLC

By: Jason Jarjosa
Its: Authorized Agent

Dated: August 6, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on __August 6__, 2021, I caused the foregoing **Responses to Standard Discovery Requests Directed to Institutional Lenders** to be served upon attorneys of records via email.

/s/ Michael A. Gilman

As to objections.

/s/ Michael A Gilman
Dykema Gossett PLLC
10 S. Wacker Dr. Suite 2300
Chicago, IL 60606
312-627-5675

7