**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,<br><br>Defendants. | Civil Action No. 1:18-cv-5587<br><br>Judge John Z. Lee<br><br>Magistrate Judge Young B. Kim |

## BC57, LLC'S MOTION TO COMPEL RECEIVER DEPOSITION

Claimant BC57, LLC ("BC57") hereby moves this Court, pursuant to the Court's Order Granting BC57, LLC's Motion for Leave to Take Discovery (Dkt. 1135) and Rule 37 of the Federal Rules of Civil Procedure, for entry of an order compelling the attendance of the Receiver at a deposition relating to the Receiver's disclosed avoidance claim ("Receiver's Disclosure," Dkt. 1118). In support thereof, BC57 states as follows:

1. BC57 is a so-called Institutional Lender whose secured claim to five different properties will be adjudicated in Group 1 in the claims adjudication process. (Dkt. 1004.) Group 1 includes competing claims of BC57 and approximately 175 Investor-Lenders to five properties (the "Properties"). (Dkt. 693.) BC57 has a secured interest arising from a single mortgage that encumbers the Properties (the "BC57 Mortgage"). Each of the Investor-Lenders claims one or more interests as a participant in a loan secured by a mortgage on one of the Properties (the "Investor-Lenders' Mortgages"). (Dkt. 693.) The making of BC57's Mortgage loan was contingent on the release of all prior mortgages, including the Investor-Lenders' Mortgages.

2. After being allowed to take significant discovery, the Receiver filed his disclosure of an avoidance claim on January 7, 2022. (Receiver's Disclosure, Dkt. 1118.) The Receiver alleges that, to the extent that the Investor-Lenders' Mortgages are deemed not to be in first position, BC57's security interest in the Properties is a voidable fraudulent transfer under the Illinois Fraudulent Transfer Act, 740 ILCS 160 (the "Act"). (Dkt. 1118, p. 1.)

3. The Act requires the Receiver to prove, among other things, that EquityBuild, Inc. ("EquityBuild") made a transfer or incurred an obligation "with actual intent to hinder, delay, or defraud any creditor of the debtor . . ." Section 5 of the Act, 740 ILCS 160/5. In addition, even if the Receiver were to prove a fraudulent transfer, BC57's security interest would remain valid if it accepted the security interests in good faith and for reasonably equivalent value. 740 ILCS 160/9.

4. In the Receiver's Disclosure, the Receiver references several cases that hold that proof of a Ponzi scheme is sufficient to establish actual intent to hinder, delay or defraud creditors—suggesting that the Receiver will be attempting to take advantage of the so-called "Ponzi scheme presumption" to satisfy the "actual intent" element of his fraudulent transfer claim. (Dkt. 1118, p. 2) In support of this, the Receiver states: "The evidence that EquityBuild and the Cohens were operating a Ponzi scheme is a matter of record and incontrovertible." (Dkt. 1118, p. 3) Besides citing to a couple docket entries, the Receiver does not elaborate on what evidence the Receiver is relying upon to make such a statement, and, indeed, the allegations of the SEC's original complaint and the declaration supporting it appear to establish that, as a matter of fact and law, a Ponzi scheme did not exist.

5. It is the Receiver's burden to establish actual intent. If, as it seems, the Receiver intends to argue that the Ponzi scheme presumption applies to create a presumption of actual intent, and assuming that such a presumption exists under the Act, the Receiver will need to prove the

existence of a Ponzi scheme, which involves: "deposits were made by investors; the *Ponzi* scheme operator conducted little or no legitimate business operations as represented to investors; the purported business operation produces little or no profits or earnings, the source of the funds being new investments by subsequent investors; and the source of payments to investors is cash infused by new investors." In re Equip. Acquisition Res., Inc., 483 B.R. 823, 834 (Bankr. N.D. Ill. 2012); *see also* In re Taneja, No. 10–1225, 2012 WL 3073175, at *4 (Bankr. E.D. Va. July 30, 2012) (explaining that "the burden is on the trustee to prove the predicate facts: that a Ponzi scheme existed and that the transactions were a part of the Ponzi scheme"). In the Receiver's Disclosure, he discloses no facts supporting the existence of a Ponzi scheme.[1] If the Receiver "cannot carry his burden of proof, the presumption will not arise." *See* In re Taneja, 2012 WL 3073175, at *4, *7 (determining that the trustee had not carried his burden to establish the presumption, despite the existence of fraud, and explaining that "[a]ll Ponzi schemes are frauds. Not all frauds are Ponzi schemes.").

6. Establishing the existence of a Ponzi scheme (or actual intent) is not the only factual burden the Receiver carries. The Receiver must also establish that the transfer at issue—the granting of a mortgage to BC57 in exchange for an unquestioned loan of over $5 million received by a receivership entity—was integral to a then-ongoing Ponzi scheme. *See, e.g.*, In re Foos, 188 B.R. 239, 244 (Bankr. N.D. Ill. 1995) (explaining that the Ponzi scheme presumption only applies to transfers that were actually part of the scheme itself: "[w]here . . . the individual who is operating the Ponzi scheme conducts ordinary business transactions outside of the Ponzi scheme, the basis for presuming fraud is not present and must be alleged in accordance with Rule 9(b)."), *rev'd on other grounds*, 1996 WL 563503 (N.D. Ill. Sept. 23, 1996); *see also* In re Phoenix Diversified Inv. Corp., 2011 WL 2182881 (Bankr. S.D. Fla. June 2, 2011) (noting that only transfers that actually perpetrate

---

[1] Because determining whether a Ponzi scheme exists is a factual question, evidence—and presumably, discovery—would be required. *See, e.g.*, Horwitt v. Sarroff, No. 3:17-cv-1902, 2020 WL 5504471, at *13-16 (D. Conn. Sept. 11, 2020).

03566002 v1     3

the scheme are subject to the Ponzi Scheme Presumption).

7. Further, the Receiver must also establish that he has standing to bring the avoidance claim, requiring that he establish a direct injury to a receivership entity resulting from the granting of the mortgage. *See* Scholes v. Lehmann, 56 F.3d 750, 753 (7th Cir. 1995) (explaining that "an equity receiver may sue only to redress injuries to the entity in receivership"); Boston Trading Grp., Inc. v. Burnazos, 835 F.2d 1504, 1514 (1st Cir. 1987) (explaining that the "Receiver draws his authority to sue from a court order that gives him full power to prosecute all claims . . . *on behalf of [the receivership entities]*. It does not give him authority to prosecute clams on behalf of [the receivership entities'] creditors.") (internal quotation and citation omitted) (emphasis in original). The transfer and standing issues, too, require a factual basis for which the Receiver has thus far provided no support.

8. Given the threadbare Disclosure by the Receiver and his equally inadequate responses to contention interrogatories, BC57 must be allowed to depose the Receiver in order to conduct discovery into the facts upon which the Receiver intends to rely upon to establish the existence of a Ponzi scheme, the fact that the granting of the mortgage was integral to such a scheme, the Receiver's standing, and any other issues in relation to the Receiver's alleged avoidance claim.

9. This Court previously granted BC57's Motion for Leave to Take Discovery (Dkt. 1135), which provided that BC shall be permitted to take two (2) depositions related to the Receiver's avoidance claim.

10. In accordance with the Order Granting BC57, LLC's Motion for Leave to Take Discovery (Dkt. 1135), BC57 notified the Receiver and his counsel of its intention to depose the Receiver. The Receiver's counsel responded that the Receiver would not appear for a deposition, relying on the Court's statement at the hearing held on November 18, 2021 (the "November 18 Hearing") resolving, *inter alia*, the Joint Motion to Determine Claims Process for Single Claim

Properties (the "Joint Motion") (Dkt. 1073), that "[n]either the receiver, nor any Rule 30(b)(6) representative of the estate may be deposed, because I don't think that's going to provide any sort of relevant information — relevant factual information anyway." Tr. of November 18 Hearing 32:22-33:2.

11. BC57 disagrees that the Court's statement at the November 18 hearing, which the Receiver has removed entirely from its context, bars a deposition of the Receiver in connection with the alleged fraudulent conveyance allegations. The Court's statement was made in connection with the relief sought under the Joint Motion, and as part of the Court's ruling permitting discovery in the claims process for single-claimant properties that is entirely separate from the Group 1 claims process (and, in which BC57 is not a participant). The Receiver did not file the Receiver's Disclosure revealing his assertion of an avoidance claim until nearly two months ***after*** the Court's statement at the November 18 Hearing. The Receiver's reliance on the Court's November 18 statement divorces the statement from context, and is an attempt to use it offensively against a party without a stake in the Joint Motion or the single-claimant property claims process, and in connection with a claim that BC57 did not have notice of at the time the statement was made. Binding BC57 to the Court's earlier limitation on deposing the Receiver, particularly in light of the factual issues on which BC57 is entitled to discovery, would be unfairly prejudicial to BC57, and deny BC57 a fair opportunity to defend against the Receiver's ill-described allegations of a fraudulent conveyance.

12. Further, the Receiver relies on the argument that he cannot be deposed because he is not a fact witness and cannot provide factual information by virtue of his appointment after the relevant events occurred. Not only is that argument misleading – because of the Receiver's burdens of proof described above – the argument is also wrong to the extent it suggests that receivers or estate representatives are immune from examination because they do not have firsthand knowledge of

relevant facts that they simultaneously seek to prove. *See*, *e.g.*, *Fed. Deposit Ins. Corp. v. Giancola*, No. 13-cv-3230, 2015 WL 5559804, at *3 (N.D. Ill. Sept. 18 2015) (in FDIC receivership, concluding that fact of receiver having no involvement with failed bank prior to its failure "does not absolve [the receiver] from the duty to present a witness to testify about the factual allegations that [the receiver] – after a lengthy investigation – chose to make."); *In re Kelton Motors, Inc.*, 130 B.R. 183, 184 (Bankr. D. Vt. 1991) (noting, in opinion permitting deposition of chapter 7 trustee, that "[f]acts known to the Trustee are not immune from discovery."); *In re Kenny Indus. Servs., LLC*, No. 05-adv-00479, 2009 WL 1604989 at *4 (Bankr. N.D. Ill. June 5, 2009) (a chapter 7 trustee "has a duty to provide a Rule 30(b)(6) witness with requisite knowledge.").

13. Accordingly, BC57 believes that the requested deposition of the Receiver is within the scope of the Order Granting BC57, LLC's Motion for Leave to Take Discovery (Dkt. 1135), and that discovery of this information by deposing the Receiver is reasonably calculated to lead to the discovery of admissible evidence relating to the Receiver's claim under the Act and BC57's defenses to same.

14. BC57 certifies that in good faith it unsuccessfully conferred telephonically with the Receiver's counsel on February 21, 2022 to obtain the Receiver's deposition. The Receiver's decision not to produce himself for deposition has necessitated the filing of this Motion.

**WHEREFORE**, Claimant BC57, LLC respectfully requests that this Court grant this Motion and enter an order compelling the Receiver to appear at a deposition in accordance with the Order Granting BC57, LLC's Motion for Leave to Take Discovery (Dkt. 1135).

Dated: February 21, 2022　　　　　　　　**BC57, LLC**

　　　　　　　　　　　　　　　　　　/s/ *Robert M. Horwitz*
　　　　　　　　　　　　　　　　　　David E. Hart
　　　　　　　　　　　　　　　　　　Robert M. Horwitz
　　　　　　　　　　　　　　　　　　Maddin Hauser Roth & Heller, PC
　　　　　　　　　　　　　　　　　　28400 Northwestern Drive, 2nd Floor
　　　　　　　　　　　　　　　　　　Southfield, MI 48034
　　　　　　　　　　　　　　　　　　(248) 827-1884
　　　　　　　　　　　　　　　　　　dhart@maddinhauser.com
　　　　　　　　　　　　　　　　　　rhorowitz@maddinhauser.com
　　　　　　　　　　　　　　　　　　Attorneys for BC57, LLC

　　　　　　　　　　　　　　　　　　*-and-*

　　　　　　　　　　　　　　　　　　Robert J. Keach
　　　　　　　　　　　　　　　　　　Letson Douglass Boots
　　　　　　　　　　　　　　　　　　Kyle D. Smith
　　　　　　　　　　　　　　　　　　Motions for Admission Pro Hac Vice Pending (Dkts. 1185-1187)
　　　　　　　　　　　　　　　　　　Bernstein, Shur, Sawyer & Nelson, P.A.
　　　　　　　　　　　　　　　　　　Portland, ME 04104
　　　　　　　　　　　　　　　　　　Telephone: (207) 774-1200
　　　　　　　　　　　　　　　　　　Facsimile: (207) 774-1127
　　　　　　　　　　　　　　　　　　rkeach@bernsteinshur.com
　　　　　　　　　　　　　　　　　　lboots@bernsteinshur.com
　　　　　　　　　　　　　　　　　　kdsmith@bernsteinshur.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2022, I caused the foregoing BC57's Motion to Compel Receiver Deposition to be electronically filed with the Clerk of Court through the Court's CM/ECF system, which sent electronic notification of such filing to all parties of record, and e-mailed to ebgroup1service@rdaplaw.net, which is designed to send electronic notification of such filing to all parties involved in Group 1.

*/s/ David E. Hart*