# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) Civil Action No. 18-cv-5587<br>) |
| v. | ) Hon. John Z. Lee<br>) |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | ) Mag. Judge Young B. Kim<br>)<br>)<br>) |
| Defendants. | )<br>) |

## CERTAIN INDIVIDUAL INVESTORS OPPOSITION TO BC57'S MOTION TO COMPEL RECEIVER DEPOSITION

The undersigned Group 1 Investor-Lenders submit this Opposition to the motion to compel the deposition of the Receiver (Doc. 1191 (the "Motion to Compel" or the "Motion")) filed by BC57 LLC ("BC57").

Throughout this Receivership, BC57 and the other Institutional Lenders have engaged in scorched-earth litigation. The Institutional Investors' motion for appointment of a fee examiner (Doc. 1177) and the Court's order denying it (Doc. 1184) provide a recent example of the Institutional Lenders' strategy. As that order explains, not only did the Institutional Lenders seek to create a wholly new process that would add significant complication and cost to the Receivership estate, they did so belatedly and seemingly without considering whether the costs they sought to impose on the estate were justified by the hoped-for benefits. (Doc. 1184.)

The Institutional Lenders' strategy has significantly delayed the resolution of the key issues in this Receivership, particularly those regarding the priority of the competing lien claims, and driven up the costs associated with it. This, in turn, has further harmed the claimants in this Receivership, adding to the harms already inflicted on them by the EquityBuild fraud. Now, in

{00957290 }

its Motion to Compel, BC57 continues this pattern by prematurely seeking to take a futile and unnecessary deposition of the Receiver. The Court should deny the Motion to Compel.

BC57's Motion is premature because, as even the Motion acknowledges, the Receiver's Disclosure makes clear that it will pursue an avoidance claim only if the Court determines that BC57's mortgage lien has a higher priority than the mortgage liens of the Individual Investors. (Doc. 1191, ¶ 2.) That issue is now before the Court, through the Group 1 Claims Process. Accordingly, the question of whether BC57 will even need to proceed with a deposition concerning an avoidance claim should, at a minimum, wait until after the Court resolves the lien priority issue.[1]

Second, even if the Motion were not premature, it would still be highly inefficient, if not entirely futile. It is undisputed that the Receiver did not participate in the events that would be the basis for such a claim and merely has evidence of those events. The only possible testimony the Receiver could give would be the Receiver's analysis and interpretation of documents and other evidence regarding those events. None of that testimony would be evidence. Even if the privilege issues that would be continuously raised by such an examination are ignored, deposing a party to grill it on its legal strategy and conclusions is irregular and counterproductive.

Ultimately, BC57's complaint seems to be that the Receiver's Disclosure did not sufficiently describe the evidence that forms the basis of the potential avoidance claim. Rather that conducting a premature, inefficient examination of the Receiver, this issue could be better

---

[1] BC57's Motion seems to assume that the Court will find in its favor. The Motion describes BC57's lien as a "secured interest arising from a single mortgage that encumbers the Properties" while noting that the Individual Investors "claim one or more interests" as participants in loans secured by mortgages on those same Properties. (Doc. 1191, p.¶ 1.) The evidence in the Position Statements now before the Court, however, demonstrates that significant issues exist regarding BC57's actions, both those it took directly and those taken by agents acting on its behalf. Thus, it may be that the Receiver will have no reason to pursue an avoidance claim at all.

addressed through additional disclosures and/or position statements should the Receiver actually pursue that claim after the Court resolves the priority issues for Group 1. As the docket in this matter demonstrates, the Court is fully capable of establishing a process for such further proceedings, should they actually be necessary.

In sum, the Court should reject BC57's latest attempt to add needless delay and expense to this Receivership by denying BC57's Motion to Compel.

Dated: February 25, 2022

| | |
|---|---|
| **ARTHUR AND DINAH BERTRAND, PAT DESANTIS, GIRL CAT CAPITAL WEST LLC, SIDNEY HAGGINS, INITIUM LLC / HARRY SAINT-PREUX, ROBERT JENNINGS, KNICKERBOCKER INVESTMENT GROUP LLC, STEVEN AND LINDA LIPSCHULTZ, JILL MEEKCOMS, LORI MORELAND, MARK MOUTY, GLYNIS SHEPPARD / J. FIELDS LIVING TRUST, RANDALL SOTKA / TAHITI TRUST / BIG BEAN LLC, LOUIS DUANE VELEZ,** | **1839 FUND LLC**<br><br>By:   */s/ Michael O'Malley Kurtz*<br><br>Michael O'Malley Kurtz<br>Kurtz & Augenlicht LLP<br>123 W Madison St, Ste. 700<br>Chicago, IL 60602<br>312.265.0106<br>mkurtz@kalawchicago.com |
| By:   */s/ Max A. Stein*<br>     One of their attorneys<br><br>Max A. Stein<br>Boodell & Domanskis, LLC<br>One North Franklin, Suite 1200<br>Chicago, IL 60606<br>(312) 938-4070<br>mstein@boodlaw.com | **KIRK ROAD INVESTMENTS, LLC, LEROY JOHNSON, MARTHA JOHNSON, AND LMD SALES, INC.,**<br><br>By:   */s/ Jerome F. Crotty*<br><br>Jerome F. Crotty<br>Kevin P. Brown<br>Rieck and Crotty, P.C.<br>161 North Clark Street, Suite 2500<br>Chicago, Illinois 60601<br>312-726-4646<br>kbrown@rieckcrotty.com |

## **CERTIFICATE OF SERVICE**

  I, Max A. Stein, an attorney, certify that I caused a copy of the aforementioned **CERTAIN INDIVIDUAL INVESTORS OPPOSITION TO BC57'S MOTION TO COMPEL RECEIVER DEPOSITION** to be served upon the parties and counsel of record through the CM/ECF system and through the ebgroup1service@rdaplaw.net email.

              */s/ Max A. Stein*