**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 18-CV-5587 |
| v. | ) ) | Judge John Z. Lee |
| EQUITYBUILD, INC., *et al.*, | ) ) | Magistrate Judge Young B. Kim |
| Defendants. | ) ) ) | |

**SEC'S REPLY IN SUPPORT OF RECEIVER'S THIRTEENTH FEE APPLICATION**

The SEC supports the Receiver's Thirteenth Fee Application (ECF No. 1087). The SEC confirms the Receiver's representation (ECF 1207, at 1) that the SEC has reviewed the Receiver's invoices, they substantially comply with the SEC's billing guidelines, and the SEC approves of their payment. The SEC additionally incorporates its arguments supporting the Receiver's earlier fee petitions, which the Court has granted. (*See* ECF Nos. 526, 606, 622, 705, 797, 803, 922, 970, 1002). In granting the prior petitions, the Court has repeatedly approved the precise types of activities for which the Receiver now seeks payment, finding them beneficial to the Receivership Estate.

The institutional lenders' present objections (ECF 1188) primarily repeat their objections to the Receiver's twelfth petition (ECF 1039), which the Court recently overruled. (ECF 1213). Namely, the lenders' chief objection parrots their earlier objections that the Receiver has not shown his fees are from activities the Court determined deserve payment on a priority basis. In overruling the prior objection, the Court recognized the lenders' characterization of the Receiver's activities was "too narrow." (ECF 1213, at 6.). That finding holds true here as well.

1

The types of activities for which the Receiver seeks payment – managing the estate, liquidating properties, administering the claims process, and working to bring additional assets into the receivership – are the same types of activities the Court has repeatedly found to be appropriate work that entitles the Receiver to reasonable compensation. As with the previous fee petition, the Receiver deserves to be compensated for the beneficial work he has performed on behalf of, collectively, the creditors of the Receivership Estate.

At the same time, the lenders should not be rewarded for their continued obstruction. Their overly litigious efforts have only served to distract the Receiver from his core work and deplete the recovery for the victims of the Cohens' fraud and other creditors. The lenders' tactics should not become precedent for others seeking to (a) disrupt future receiverships or (b) dissuade well-qualified receiver candidates from volunteering out of fear they will not receive payment for their valuable services to courts and creditors.

Respectfully submitted,

Dated: March 17, 2022

/s/ Benjamin Hanauer
Benjamin J. Hanauer (hanauerb@sec.gov)
Timothy J. Stockwell (stockwellt@sec.gov)
U.S. Securities and Exchange Commission
175 West Jackson Blvd., Suite 1450
Chicago, IL 60604
Phone: (312) 353-7390
Facsimile: (312) 353-7398

**CERTIFICATE OF SERVICE**

      I hereby certify that I provided service of the foregoing Reply, via ECF filing, to all counsel of record and Defendant Shaun Cohen, on March 17, 2022.

      /s/ Benjamin Hanauer
Benjamin J. Hanauer
175 West Jackson Blvd., Suite 1450
Chicago, IL 60604
Phone: (312) 353-7390
Facsimile: (312) 353-7398

One of the Attorneys for Plaintiff