# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 18-cv-5587 |
| v. | ) Hon. John Z. Lee |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | ) Magistrate Judge Young B. Kim |
| Defendants. | ) |

## JOINT STATUS REPORT REGARDING GROUP 1 CLAIMS PROCESS

Pursuant to the Court's January 27, 2022 Order (Dkt. 1148), the undersigned counsel provide this joint status report regarding the Group 1 Claims Process.

1. The Group 1 Claims Process has proceeded according to the schedule set forth in the Order Modifying Group 1 Schedule. (Dkt. 1091)

2. Discovery has been completed, including the additional discovery granted to BC57, LLC on January 21, 2022. (Dkt. 1135)

3. On January 27, 2022, the SEC and certain claimants in Group 1 filed their Position Statements with the Court. (Dkt. 1144, 1146-47, 1149, 1151, 1152-60) Additionally, another 51 claimants submitted Position Statements to the Receiver, who, after redacting personal identifying information from those Position

Statements, filed them with the Court on February 3 and February 23, 2022. (Dkt. 1168, 1195)

4. On February 28, 2022, the Receiver filed his submission on Group 1 claims. (Dkt. 1201)

5. On March 14, 2022, the SEC, BC57, and certain investor-lender claimants filed their responsive position statements. (Dkt. 1215, 1216, 1217)

6. On March 28, 2022, the Receiver filed his Response on his avoidance claim against BC57. (Dkt. 1227) Briefing on the Group 1 priority dispute and the Receiver's avoidance claim is now complete.

7. One item from the Court's Scheduling Order that remains unresolved is whether to hold a hearing, and the scope of any such hearing, for both the lien priority dispute and the Receiver's avoidance claim. This Court's Order Regarding Claims Resolution Process No. 2 (Dkt. 941) states at paragraph 15(a):

> Unless it determines that competing claims or avoidance claims may be summarily determined without a hearing consistent with due process, the Court will set a time for hearing (notice of which will be provided), which, if necessary, will include the opportunity to present evidence to the extent material factual disputes exist in the manner that the Court deems necessary.

8. Prior to this Status Report, no Group 1 claimant had requested an evidentiary hearing, nor was any claimant required to do so.

9. The position of the SEC and the investors represented by the undersigned counsel ("Certain Investors") is that no hearing is needed to resolve the lien priority dispute between the investors and BC57. The SEC and Certain Investors submit that for the lien priority controversy, there are no material facts in

dispute such that an evidentiary hearing is unnecessary. The SEC and Certain Investors' position is that, while disagreement exists on the legal implication of those undisputed facts, the parties have already extensively briefed the priority issue making additional argument redundant. The SEC and Certain Investors further note that foregoing a hearing will save the claimants significant resources and avoid the logistical issues associated with a potentially disperse group of investors from around the country, including *pro se* ones, seeking or feeling compelled to participate.

10. The SEC and Certain Investors observe that while BC57 appears to be reserving rights to an evidentiary hearing, BC57 does not actually request one. The SEC and Certain Investors further note that BC57 does not identify: (1) any disputed facts that would need to be resolved through an evidentiary hearing; (2) what additional evidence BC57 believes the Court needs to hear to resolve the priority dispute; or (3) its reasons for not presenting such evidence already. While the SEC and Certain Investors submit that an evidentiary hearing is unnecessary, they reserve their rights to participate, present evidence and argument, and to cross-examine witnesses, should the Court schedule such a hearing.

11. As for the Receiver's avoidance claim, the SEC takes no position on the merits of that claim or the need for a hearing. That said, the Receiver and BC57 appear to be in agreement that the Receiver's avoidance claim only becomes outcome-determinative if BC57 prevails on its priority dispute with the investors. In other words, if the investor-lenders are found to have priority, the Receiver's

3

avoidance claim becomes moot. For this reason, the SEC, Certain Investors, and the Receiver recommend that any hearing on the Receiver's avoidance claim, if necessary, takes place after the Court has resolved the priority dispute between the investors and BC57. BC57 does not object to this proposal.

12. The Receiver's position is that there is a well-developed record on the issue of priority. There does not appear to be any disputed material fact that would require an evidentiary hearing and none has been identified by any of the signatories of this joint status report. All participants have had a full and fair opportunity to submit any and all evidence or argument they wished to the Court in a position statement, as a result of which the Court has a fully developed record of both the facts and arguments at issue. If any Group 1 participant believes that a hearing and/or oral argument is nevertheless needed, the issue can be addressed at the status hearing before the Court on April 19, 2022. The Receiver expressly reserves the right to present argument and/or evidence if the Court determines that a hearing is necessary.

13. The Receiver does not believe that there is a need for an evidentiary hearing on the avoidance claim raised as to BC57. However, the Receiver believes that this issue as well as the adjudication of the Receiver's avoidance claim can and should be deferred until after the Court has made a determination about priority, particularly as the avoidance issue may be mooted by the Court's ruling on priority. The Receiver expressly reserves the right to present argument and/or evidence if the Court determines that a hearing is necessary.

14. BC57 is not willing to waive any oral argument or presentation of evidence related to Group 1 lien priority or avoidance issues; does not understand that the Court has asked any Group 1 party to state a position regarding whether an evidentiary hearing should take place; but, to the extent such an election is required at this time, respectfully requests the opportunity to present evidence regarding lien priority and avoidance issues. (BC57 does not object to deferring any hearing on the avoidance issues until the Court has ruled on the lien priority issues.)

15. BC57 believes that oral argument would clarify and streamline the parties' positions, particularly given the simultaneous briefing process for Position and Responsive Statements and that BC57 will have had no opportunity to reply to the Receiver's most recent filing as to his avoidance claim. The Court will also benefit from testimony to contextualize and explain the evidence submitted by the parties through the briefing process, and the Court's rulings on certain legal issues could necessitate the introduction of testimony to resolve genuine issues of material fact with respect to other, dependent issues. BC57 stands prepared to provide argument and present evidence that will assist the Court in deciding the Group 1 lien priority and avoidance issues.

16. All parties look forward to discussing these issues further at the scheduled April 19, 2022 status conference. The undersigned counsel do not have any other matters regarding the Group 1 Claims Process that they wish to raise with the Court at this time.

Dated: March 29, 2022                                   Respectfully submitted,

/s/ Michael Rachlis                                     /s/ Benjamin J. Hanauer
Michael Rachlis                                         Benjamin J. Hanauer (hanauerb@sec.gov)
Jodi Rosen Wine                                         Timothy J. Stockwell (stockwellt@sec.gov)
Rachlis Duff & Peel, LLC                                175 West Jackson Blvd., Suite 1450
542 South Dearborn Street, Suite 900                    Chicago, IL 60604
Chicago, IL 60605                                       Phone (312) 353-7390; Fax (312) 353-7398
Phone (312) 733-3950; Fax (312) 733-3952
mrachlis@rdaplaw.net                                    *Attorneys for Plaintiff*
jwine@rdaplaw.net                                       *U.S. Securities and Exchange Commission*

*Attorneys for Kevin B. Duff, Receiver*

/s/ Max A. Stein                                        /s/ Todd Gale
Max A. Stein (ARDC # 6275993)                           Todd Gale (ARDC # 6229288)
Lauren E. Dreifus (ARDC # 6317983)                      Michael Gilman (ARDC # 6182779)
Boodell & Domanskis, LLC                                  mgilman@dykema.com
One North Franklin, Suite 1200                          Dykema Gossett PLLC
Chicago, IL 60606                                       10 S. Wacker Drive, Suite 2300
mstein@boodlaw.com                                      Chicago, IL 60606
ldreifus@boodlaw.com                                    (312) 627-5675

*Counsel for Claimants Pat DeSantis,*                   -and-
*Girl Cat Capital West LLC, Robert*
*Jennings, Knickerbocker Investment*                    /s/ Robert J. Keach
*Group LLC, and Lori Moreland*                          Robert J. Keach
                                                        Bernstein, Shur, Sawyer & Nelson, P.A.
                                                        Portland, ME 04104
                                                        Telephone: (207) 774-1200
                                                        Facsimile: (207) 774-1127
                                                        rkeach@bernsteinshur.com

                                                        -and-

                                                        /s/ Robert M. Horwitz
                                                        David E. Hart
                                                        Robert M. Horwitz
                                                        Maddin Hauser Roth & Heller, PC
                                                        28400 Northwestern Drive, 2nd Floor
                                                        Southfield, MI 48034
                                                        (248) 827-1884
                                                        dhart@maddinhauser.com

6

                rhorwitz@maddinhauser.com

                *Counsel for BC57, LLC*

/s/ Michael O'Malley Kurtz

Michael O'Malley Kurtz
Kurtz & Augenlicht LLP
123 W Madison St, Ste. 700
Chicago, IL 60602
312.265.0106
mkurtz@kalawchicago.com
*Counsel for 1839 FUND LLC*

7