**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, ) ) ) ) Plaintiff, ) ) v. ) ) EQUITYBUILD, INC., *et al.*, ) ) Defendants. ) ) | Civil Action No. 18-CV-5587<br><br>Judge John Z. Lee<br><br>Magistrate Judge Young B. Kim |

## SEC'S REPLY IN SUPPORT OF RECEIVER'S FOURTEENTH FEE APPLICATION

The SEC supports the Receiver's Fourteenth Fee Application (ECF No. 1181). The SEC confirms that it has reviewed the Receiver's invoices, they substantially comply with the SEC's billing guidelines, and the SEC approves of their payment. The SEC additionally incorporates its arguments supporting the Receiver's earlier fee petitions. (*See* ECF 526, 606, 622, 705, 797, 803, 922, 970, 1002, 1220). In granting every petition on which it has ruled, the Court has repeatedly approved the precise types of activities for which the Receiver now seeks payment, finding them beneficial to the Receivership Estate. (*See, e.g.*, ECF 1213).

The institutional lenders' present objections (ECF 1250) primarily repeat their objections to the Receiver's earlier petitions, which the Court has consistently overruled. (*See, e.g.*, ECF 1031, 1213). The lenders' chief objection parrots their earlier objections that the Receiver has not shown his fees are from activities the Court determined deserve payment on a priority basis. In overruling similar objections, the Court has recognized the lenders' characterization of the Receiver's activities is "too narrow." (ECF 1213, at 7). That finding holds true here as well.

1

The types of activities for which the Receiver seeks payment – managing the estate, liquidating properties, administering the claims process, and working to bring additional assets into the receivership – are the same types of activities the Court has repeatedly found to be appropriate work that entitles the Receiver to reasonable compensation. As with the previous fee petitions, the Receiver deserves to be compensated for the beneficial work he has performed on behalf of, collectively, the creditors of the Receivership Estate.

Despite the Court's repeated confirmation that the Receiver should be compensated for his efforts on behalf of the Estate, the Receiver and his small law firm have gone effectively unpaid since *January 2020*. (ECF 1181, p. 24). Since that time, the institutional lenders' obstructive efforts have resulted in the Receiver being deprived of more than $2.86 million in *Court-approved* fees, covering *two years of work*, that were already heavily discounted from the Receiver's firm's standard billing rates. (*Id.*, pp.4 n.2, 20, 24). It is striking that this same small group of objecting lenders, who caused so much delay in this litigation and are responsible for the Receiver incurring many of the fees of which they complain, are the *only* claimants that have challenged the Receiver's fees and ability to be compensated for his work.

As previously recognized by the Court, the lenders' litigiousness has distracted the Receiver from his core work and depleted the recovery for the victims of the Cohens' fraud and other creditors. (ECF 1031, pp. 11-12 n.32). Despite the Court's admonishment, the lenders' obstruction has continued, as evidenced by their recent (unsuccessful) motion to appoint a fee examiner that would further delay the Receiver being paid for his work. (*See* ECF 1177, 1184). The lenders' tactics should not become precedent for others seeking to (a) disrupt future receiverships or (b) dissuade well-qualified receiver candidates from volunteering out of fear they will not receive payment for their valuable services to courts and creditors.

                                             Respectfully submitted,

Dated: May 26, 2022                /s/ Benjamin Hanauer
                                             Benjamin J. Hanauer (hanauerb@sec.gov)
                                             Timothy J. Stockwell (stockwellt@sec.gov)
                                             U.S. Securities and Exchange Commission
                                             175 West Jackson Blvd., Suite 1450
                                             Chicago, IL 60604
                                             Phone: (312) 353-7390
                                             Facsimile: (312) 353-7398

**CERTIFICATE OF SERVICE**

I hereby certify that I provided service of the foregoing Reply, via ECF filing, to all counsel of record and Defendant Shaun Cohen, on May 26, 2022.

  /s/ Benjamin Hanauer
Benjamin J. Hanauer
175 West Jackson Blvd., Suite 1450
Chicago, IL 60604
Phone: (312) 353-7390
Facsimile: (312) 353-7398

One of the Attorneys for Plaintiff