UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Case No. 1:18-cv-5587 |
| v. | |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | Hon. John Z. Lee |
| Defendants. | |

**JOINT MOTION OF THE RECEIVER AND U.S. BANK, AS TRUSTEE
TO APPROVE DISTRIBUTIONS OF PROCEEDS
<u>OF THE SALES OF 6749-59 S MERRILL AND 7110-16 S CORNELL</u>**

Kevin B. Duff, as the receiver for the Estate of Defendants EquityBuild, Inc., EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen ("Receiver") and U.S. Bank National Association, as Trustee for the registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB50 ("U.S. Bank, as Trustee"), respectfully file this Joint Motion for approval of an agreed plan for the distribution of the proceeds from the sales of 6749-59 S Merrill Avenue and 7110-16 S Cornell Avenue. In support of this motion, movants state as follows:

1. The properties located at 6749-59 S Merrill (Property 65) ("6749 Merrill") and 7110-16 S Cornell (Property 66) ("7110 Cornell") (collectively, the "Subject Properties") are each subject to a claim submitted by U.S. Bank, as Trustee in connection with this Court's approved claims process (Dkt. 349, 574), and from no other claimant (Dkt. 1164, Ex. 6 at 45).

1

2. With the Court's approval and over the objection of U.S. Bank, as Trustee, on April 28, 2020, the Receiver sold the property located at 6749-59 S Merrill Avenue for $1,480,000.00. (Dkt. 680) The net proceeds of sale in the amount of $1,384,437.44 were deposited into a separate interest-bearing account held by the Receiver pursuant to court order. Additional deposits have been made into the 6749 Merrill account corresponding to the Receiver's second restoration motion (Dkt. 796) ($11,426.32), post-sale reconciliation of the property manager's account ($8,274.78), an adjustment relating to insurance premiums ($24.75), and monthly interest (totaling $7,614.04). The current balance in the separate account established for these sale proceeds as of the date of this filing is $1,411,777.33.[1] Additionally, the Receiver seeks the Court's approval to transfer an additional $240.00, representing the property's pro rata share of certain insurance premium refunds to the account, which will bring the amount available for distribution from the 6749 Merrill account to $1,412,017.33.

3. With the Court's approval and over the objection of U.S. Bank, as Trustee, on August 30, 2020, the Receiver sold the property located at 7110 S Cornell for $1,240,000.00. (Dkt. 680) The net proceeds of sale in the amount of $1,145,576.16 were deposited into a separate interest-bearing account held by the Receiver pursuant to court order. Additional deposits have been made into the 7110 Cornell account corresponding to post-sale reconciliation of the property manager's account ($20,521.93) and monthly interest (totaling $5,476.45). The balance in the separate account established for these sale proceeds as of the date of this filing is $1,171,574.54.[2]

---

[1] The last reported account balance for 6749-59 S Merrill was $1,410,897.67 as of March 31, 2022. *See* Receiver's Fifteenth Status Report (Dkt. 1243 at Ex. 2).
[2] The last reported account balance for 7110 S Cornell was $1,170,844.54 as of March 31, 2022. *See* Receiver's Fifteenth Status Report (Dkt. 1243 at Ex. 2).

4. On November 18, 2021, the Court entered an order commencing a claims process for certain properties for which there is a single claimant, including the Subject Properties. (Dkt. 1090) Pursuant to the Court's Order, the Receiver reviewed the claims submitted by U.S. Bank, as Trustee in regards to the Subject Properties, and the parties conducted third-party discovery from the loan originator and title company involved with these loans.

5. On April 29, 2022, the Receiver submitted his Initial Position Statement Regarding Single Claim Properties. (Dkt. 1244) In that submission, the Receiver informed the Court and U.S. Bank, as Trustee that he would not pursue an avoidance claim seeking to avoid U.S. Bank, as Trustee's secured interests in the Subject Properties in their entirety. *Id.* at 4. The Receiver further recommended that U.S. Bank, as Trustee's claims be capped at the return of its principal investment and certain real estate tax advances it made on behalf of the properties, and set-off by the amount of distributions already received by U.S. Bank, as Trustee in the form of interest, loan origination fees, and late charges, as well as amounts held in escrow reserves, in order to prevent it from realizing a profit from the Ponzi scheme at the expense of other investors and lenders. *Id.* at 4-12 & Ex. 1.

6. The movants subsequently engaged in settlement discussions and reached a negotiated agreement regarding the distribution of the funds in the accounts held for the Subject Properties. U.S. Bank, as Trustee further agreed, with respect to the Subject Properties, to withdraw its objections to the Receiver's lien entered by the Court (Dkt. 1030) and to the Receiver's pending fee allocation motion (Dkt. 1107), subject to the agreements reached by the movants as set forth in this Motion and the Court's granting of this Motion.

7. The Receiver and U.S. Bank, as Trustee also agreed to submit this Motion seeking the Court's approval of the distribution of all amounts held in the separate receivership accounts for the Subject Property, consistent with the following:

| **6749-59 S Merrill Avenue** | | |
|---|---|---|
| Distribution Amount | Description | Distributee |
| $1,327,387.75 | Amount corresponds to balance in the separate interest-bearing account for 6749 Merrill after (i) payment to the Receiver for uncontested fees allocated to the property (described in greater detail below), which equals $84,584.58 and (ii) reimbursement to the Receiver's account for 6749 Merrill's allocated share of the cost for newspaper publication associated with property sale, which equals $45.00. | U.S. Bank National Association, as Trustee for the registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB50 or its designee |
| $84,584.58 | $79,206.84 (fee allocations through Q1 2022, Dkt. 1107, 1181, 1256), plus $8,777,74 (estimated fee allocations for Q2 2022)[3] minus $3,400.00 (credit for agency fees paid to Receiver's counsel) | Rachlis Duff & Peel, LLC |
| $45.00 | Reimbursement (allocated share) for newspaper publication associated with property sale | Receiver's Account |
| **$1,412,017.33** | **TOTAL DISTRIBUTIONS** | |

---

[3] The Receiver requests the Court's approval of fees allocated to this Property in the Receiver's 13th, 14th and 15th fee applications (Dkt. 1087, 1186, 1256), as well as the second quarter 2022 fee allocation that will be included in the Receiver's 16th fee application to be filed on August 15, 2022. Any fees that have not yet been approved by the District Court will remain in the property account until they are approved by the Court, and any interest accruing thereon will be paid to the Receiver. As any objection has been resolved, and these properties have no other claimants, there should not be any impediment to the Court approving such fees at this time.

| \*\*7110-16 S Cornell Avenue\*\* | | |
|---|---|---|
| Distribution Amount | Description | Distributee |
| $1,042,599.70 | Amount corresponds to balance in the separate account for 7110 Cornell following (i) payment to the Receiver for uncontested fees allocated to the property (described in greater detail below), which equals $87,046.34, (ii) reimbursement to the Receiver's account for net insurance premiums paid for 7110 Cornell, which equals $41,883.50, and (iii) reimbursement to the Receiver's account for 7110 Cornell's allocated share of the cost for newspaper publication associated with property sale, which equals $45.00. | U.S. Bank National Association, as Trustee for the registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB50, or its designee |
| $87,046.34 | $82,808.80 (fee allocations through Q1 2022, Dkt. 1107, 1181, 1256), plus $8,349.54 (estimated fee allocations for Q2 2022)[4], minus $3,112.00 (credit for agency fees paid to Receiver's counsel) | Rachlis Duff & Peel, LLC |
| $41,883.50 | Net amount reimbursable from property for insurance premiums paid (less credit for insurance refunds received) | Receiver's Account |
| $45.00 | Reimbursement (allocated share) for newspaper publication associated with property sale | Receiver's Account |
| **$1,171,574.54** | **TOTAL DISTRIBUTIONS** | |

8. The Receiver and U.S. Bank, as Trustee further agreed that:

   a. the amounts described herein will be disbursed no later than five (5) business days after entry of the order granting this joint motion (excluding fees that are included in pending fee petitions[5]);

---

[4] See note 3, *supra*.
[5] U.S. Bank, as Trustee has agreed to waive any objections with respect to the Receiver's fees, application of the receiver's lien, and allocations, in respect to the Subject Properties, including as

5

b. the Receiver and U.S. Bank, as Trustee's agreement resolves all disputes between the Receivership Estate and the Receiver and U.S. Bank, as Trustee with respect to the Subject Properties;

c. U.S. Bank, as Trustee has agreed that it will not seek appeal from any rulings associated with the Subject Properties;

d. notwithstanding the foregoing, U.S. Bank, as Trustee will retain the right to assert unsecured claims in the amounts of $92,612.25 for 6749 Merrill; and $177,400.30 for 7110 Cornell, which represents the difference between the unpaid principal balance of its loans secured by these two properties (which equals $1,420,000 for 6749 Merrill and $1,220,000 for 7110 Cornell) and the amount distributed to it in accordance with the terms described herein[6]; and

e. the Receiver's right and ability to object to U.S. Bank, as Trustee's unsecured claim shall not be limited by their agreement or otherwise; and nothing in their agreement limits the Receiver's ability to propose a fair and equitable distribution plan with respect to unsecured claims against the Receivership Estate, including without limitation a plan that recommends that U.S. Bank, as Trustee receive no further amounts with respect to its unsecured claims and the deficiency amounts referenced herein.

---

to fees through June 30, 2022 so long as the amounts distributed to U.S. Bank, as Trustee are not less than the amounts identified in this Motion. The Receiver provided U.S. Bank, as Trustee estimated amounts of fees for 2Q 2022 prior to their reaching the agreement described herein.

[6] The amount of the unsecured claim retained by U.S. Bank, as Trustee, will be further reduced by any additional amounts that are paid to it for additional bank interest, if any, that is received into the property accounts prior to the distribution to U.S. Bank.

Legal authority

9.     It is well-settled that the district courts have broad powers and are afforded wide discretion in approving a distribution plan of receivership funds. *SEC v. Forex Asset Mgmt.*, 242 F.3d 325, 331 (5th Cir. 2001); *SEC v. Enterprise Trust Co.*, 559 F.3d 649, 652 (7th Cir. 2009) ("District judges possess discretion to classify victims sensibly in receivership proceedings."); *SEC v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992).

10.    Because the Receiver is a fiduciary and officer of this Court, the Court may give some weight to the "…Receiver's judgment of the most fair and equitable method of distribution." *CFTC v. Eustace*, No. 05-2973, 2008 WL 471574, at *5 (E.D. Pa. February 19, 2008) (approving receiver's pro-rata distribution plan and recognizing that the receiver does not represent a particular group of investors or claimants but rather proposes a plan that is fair to all investors).

11.    Based on the facts and circumstances, the Receiver believes that this distribution plan is fair and equitable. The recommended amounts to be distributed represent a substantial payment of the principal amount of the loans to secured lenders for the Subject Properties, for which no other claimant has submitted a claim. The Receiver has further determined that there are no other issues that he is aware of that would necessitate any further holdback from the amounts set forth above. There are also additional savings of time and resources achieved based on the agreements reached between U.S. Bank, as Trustee and the Receiver. As a result of this agreement with U.S. Bank, as Trustee, there are no objections that remain associated with the Receiver's lien or fees allocated to the Subject Properties. U.S. Bank, as Trustee's agreement to not seek appeal from any rulings associated with the Subject Properties will be a further saving time and resources for many involved in the Receivership. Effectively, as a result of the agreement and distribution, the claims and issues between U.S. Bank, as Trustee on these properties and the Receivership have

concluded, other than U.S. Bank, as Trustee retaining an unsecured claim for the deficiency between the amounts of the distributions pursuant to the agreement and distribution plan that is the subject of this motion and the unpaid principal balance of the loans secured by the Subject Properties.

12. Pursuant to the agreement reached between the Receiver and U.S. Bank, as Trustee, the Receiver also seeks approval that the distributions noted above be made within five business days from the approval of this motion.

WHEREFORE, the Receiver and U.S. Bank, as Trustee seek approval of: (i) their agreement described herein, as fair and reasonable; (ii) the distribution of funds as set forth in Paragraph 7 of this motion, with distributions to be made within five (5) business days of the Court's approval of this motion; and (iii) for such other relief as the Court deems fair and equitable.

Dated: July 12, 2022

Respectfully submitted,

/s/ Jill Nicholson

Jill Nicholson (jnicholson@foley.com)
Andrew T. McClain (amcclain@foley.com)
Foley & Lardner LLP
321 N. Clark St., Ste. 3000
Chicago, IL 60654
Ph: (312) 832-4500
Fax: (312) 644-7528
*Counsel for U.S. Bank National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB50*

/s/ Michael Rachlis

Michael Rachlis
Jodi Rosen Wine
Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone (312) 733-3950
mrachlis@rdaplaw.net
jwine@rdaplaw.net
*Counsel for Kevin B. Duff, Receiver*