UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-cv-5587 |
| | ) | |
| v. | ) | Hon. John Z. Lee |
| | ) | |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | ) ) ) | Magistrate Judge Young B. Kim |
| | ) | |
| Defendants. | ) | |
| | ) | |

**RECEIVER'S RESPONSE AND OPPOSITION TO OBJECTION
FILED BY THE FHFA TO MAGISTRATE JUDGE OPINION OF JUNE 22, 2022**

Receiver Kevin B. Duff submits the following response and opposition to the objection of

the Federal Housing Finance Agency (Dkt. 1266) (the "Objection") to the minute order and

opinion of Magistrate Judge Young B. Kim (Dkt. 1257, 1258) overruling the FHFA's objections

and opposition to certain fee allocations presented by the Receiver (Dkt. 1107). The Receiver

notes that a joinder to the Objection was filed as well on July 8, 2022 (Dkt. 1269). The Receiver's

position is that such joinder is nothing but an objection that should have been filed within the time

limits set forth by Fed. R. Civ. P. 72. Because it is untimely, such joinder should not be recognized

or considered.[1]

---

[1] *See Crabtree v. Experian Information Solutions, Inc.*, No. 16-cv-10706, 2017 WL 11473925 (N.D. Ill. Sept. 6, 2017) ("failure to file objections with the district judge within the specified time period will waive the right to appeal all findings, both factual and legal, made by the magistrate court in a report and recommendation") (citing *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986)).

**PRELIMINARY STATEMENT**

Magistrate Judge Kim has spent nearly four years addressing various issues raised in regards to this Receivership. This included many issues associated with the management and disposition of the properties in the Receivership Estate, as well as various issues associated with the claims process. It is precisely such activities that comprise the categories that are included in the fee allocations submitted by the Receiver. With that background, Judge Kim evaluated the objections and issued his ruling of June 22, 2022, rejecting the arguments raised by the FHFA to the Receiver's fee allocations to two properties for which the FHFA only recently claimed to act as conservator.

Judge Kim properly rejected the FHFA's arguments, and the FHFA's objections should be overruled. He recognized that the FHFA (through Fannie Mae and Freddie Mac) has been involved virtually from the inception of the Receivership and was aware of and received the benefit of the work and efforts of the Receiver. In light of these circumstances, Judge Kim properly determined that after sitting, watching, and benefitting from the efforts of the Receiver, that the FHFA had waived its objections. Further, Judge Kim properly rejected the various statutory justifications advanced by the FHFA as overreaches and inapplicable. Judge Kim's rulings in these respects were correct, and the objections raised now should also be overruled.

**ARGUMENT**

As this Court is aware, Magistrate Judge Kim's decision is to be evaluated on a "clear error" standard.[2] Under the clear error standard of review, "the district court can overturn the

---

[2] The FHFA suggests that *de novo* review is also proper. (Objection at 4) That is incorrect. The enabling statute for United States Magistrates provides eight categories of matters where *de novo* review is appropriate, and the issues raised by the FHFA are not among them. *See* 28 U.S.C. § 636(b)(1)(A) ("a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress

magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.,* 126 F.3d 926, 943 (7th Cir. 1997). Here, a review of Judge Kim's decision shows that it is well grounded and under no circumstances can this Court be left with a "definite and firm conviction" that a mistake has been made. Just the opposite is true.

### I. The Magistrate Judge Properly Determined That The FHFA Waived Its Objections.

Judge Kim's decision that the FHFA waived its objections is a conclusion that could not be more solidly grounded. The FHFA was aware of Receivership activities virtually from the inception of the Receivership, and for nearly all that time made a conscious decision to allow the Receiver to engage in activities that have repeatedly been held to benefit the properties. As Judge Kim recognizes, "the FHFA asks the court to deny the Receiver his vetted and approved fees even though the FHFA largely sat by while the Receiver undertook actions that benefitted—not harmed—the GSE encumbered properties." (Order at 9) Judge Kim found that the FHFA's citation and reliance upon Section 4617 – whether in the letter or its spirit – were waived under the circumstances.

The FHFA did not and does not contest in any way the factual circumstances demonstrating waiver advanced by the Receiver and determined by Judge Kim. That evidence includes Fannie Mae's and Freddie Mac's counsel (and therefore the FHFA) being involved in the Receivership from its inception. And while these counsel flooded the docket with countless objections, for nearly four years they never previously raised Section 4617. That conduct can reasonably be

---

evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action."); *see also, e.g., Robinson v. Eng,* 148 F.R.D. 635, 640 n.7 (D. Neb. 1993) ("Although the term 'dispositive' is found nowhere in § 636(b), it has nonetheless become a vernacular buzzword used as a shorthand way of referring to the eight exceptions listed in § 636(b)(1)(A).")

construed as a knowing and express determination to not do so. There is no reason proffered by the FHFA as to why nearly four years of inaction cannot serve as a "past action already taken." (*See* Objection at 12 (attempting to distinguish the Seventh Circuit's decision *Roberts* on the notion that the Court in that case was only analyzing the FHFA's "past action … already taken")); *see also* 5 U.S.C. § 551(13) ("'agency action' [by each authority of the Government of the United States] includes … failure to act"). Indeed, the FHFA does not, and cannot argue, that any action of the Receiver restrained or affected its activities. Indeed, rather than "restrain and affect the Conservator's statutory power to 'collect all obligations and money due' the Enterprises" the Receiver's efforts have benefitted the properties, as the Court itself has repeatedly observed. (*See, e.g.,* Dkt. 1030 at 4 (citing Dkt. 541, 614, 710, 824))

Instead, the FHFA objections center on its argument that in essence – irrespective of anything it does – no waiver is possible. However, as the FHFA acknowledges, *N.J. Carpenters* stands for the proposition that the FHFA cannot disregard Court deadlines. (Objection at 10; *see N.J. Carpenters*, 28 F.4th at 379.) Thus, the FHFA could not (as it did) sit idly by, allowing deadline after deadline to pass in this action year after year – including but not limited to deadlines as to the marketing and sale of the properties and the granting of a receiver's lien against the properties at issue – all the while enjoying the benefits of the Receiver's work to preserve, maintain, and liquidate the properties – efforts that have and will continue to provide a benefit. But that is precisely what it did here, as the Magistrate duly noted. (Order at 9 ("[T]he FHFA asks the court to deny the Receiver his vetted and approved fees even though the FHFA largely sat by while the Receiver undertook actions that benefitted—not harmed—the GSE-encumbered properties. Because the Receiver's compensation is more than appropriate under such circumstances, and the FHFA failed to timely object, *neither the letter nor spirit of Section 4617(f)*

4

*is implicated here.*") (emphasis added)) (citing *N.J. Carpenters*, 28 F.4th at 367 (the FHFA cannot use HERA to reclaim interests that went out the door while it was sleeping)).

The FHFA's primary argument is that the Eighth Circuit decision in *Hanson v. FDIC,* 113 F.3d 866 (8th Cir. 1997) dictates a different result than the one issued by Judge Kim. (Objection at 5) It does not. The *Hanson* decision holds only that the imposition of a constructive trust requested by the plaintiff in that case – which would have made him the beneficial owner of the property and implicated many issues including the ability to transfer the property -- was barred under a similar provision to Section 4617(f): "Imposition of a constructive trust would necessarily 'restrain or affect the exercise of powers or functions of the [FDIC] as a conservator or a receiver.'" 12 U.S.C. § 1821(j); *Hanson,* 113 F.3d at 871. The facts and circumstances of *Hanson* are wholly inapposite. Further, the opinion does not expressly discuss the issue of waiver, and does not demonstrate that Judge Kim's opinion is wrong. Any notion that Judge Kim did not address the line of cases on which the FHFA relies is also inaccurate. (*See* Order at 7 n.5) The remainder of the FHFA's objection (Objection at 6-10) does not offer any opinion that shows waiver is precluded in the circumstances at issue, but instead discusses Section 1981 claims, the Immigration and Nationality Act, the Norris and La-Guardia Act, the Tax Injunction Act, none of which have any applicability to the case at bar.

The FHFA's effort to explain the decisions relied upon by Judge Kim to support his ruling boils down to arguments that such decisions are "non-binding" and decided wrongly. (Objection at 9) As to the "non-binding" argument, while it is accurate that a number of the decisions referenced by Judge Kim are not from the Seventh Circuit, he acknowledged a paucity of precedent, identified the decisions he found persuasive, and did rely on the Seventh Circuit's decision in *Roberts v. Federal Housing Finance Agency*, 889 F.3d 397, 403 (7th Cir. 2018), *supra*)

in addition to key decisions from the Second Circuit in *N.J. Carpenters Health Fund v. NovaStar Mortg., Inc.,* 28 F.4th 357, 367 (2d Cir. 2022) and the D.C. Circuit's decision in *Perry Capital LLC v. Mnuchin*, 864 F.3d 591, 604-05 (D.C. Cir. 2017). Additionally, the key decision advanced by the FHFA is an Eighth Circuit case (*Hanson*), with its other cases running from various Circuits. As such, the FHFA's "non-binding" argument goes nowhere.

As to the FHFA's other argument, which boils down to the proposition that every decision (whether from this Circuit or others) with which it disagrees is just wrongly decided.[3] (*See, e.g.,* Objection at 10 n.7 ("FHFA believes *NJ Carpenters* was incorrectly reasoned on the point and wrongly decided.")) However, the bottom line on those cases, which Judge Kim properly noted, is that those cases all involved a "bar to relief in a case in which a court otherwise has jurisdiction" (Order at 7) and thereby supported Judge Kim's decision in regards to waiver of the FHFA's objections. No clear error exists or has been established.

## II.      The Magistrate Judge Properly Rejected The Application Of Section 4617(f).

Judge Kim properly interpreted the FHFA's invocation of Section 4617(f) here as improperly using the statute as a sword. (Order at 8-9) The FHFA's objection essentially argues that Section 4617(f) can be used as both a sword and shield, here as a sword to thwart payment for more than three years of the Receiver's beneficial work on the properties for which the FHFA purports to act as a conservator. Not only is that improper action under 4617(f) (as Judge Kim held), but it also appears to run contrary to Section 4617(b)(2)(H) which provides:

> The Agency, as conservator or receiver, ***shall***, to the extent of proceeds realized from the performance of contracts or sale of the assets of a regulated entity, ***pay all valid obligations of the regulated entity that are due and payable at the time of the appointment of the Agency as conservator or receiver,*** in accordance with the prescriptions and limitations of this section. (Emphasis supplied)

---

[3]As part of its over-reaching argument, the FHFA tosses aside language from *Roberts,* 889 F.3d at 403 noting that Section 4617(f)'s scope is but "not boundless."

*Cf. Roberts,* 889 F.3d at 403 (observing that the scope of Section 4617(f)'s shelter "is sweeping … but not boundless" and noting Section 4617(b)(2)(H) requires payments of debts); *Federal National Mortgage Association v. Canyon Willow Owners Ass'n,* 2018 WL 297575 at *4 (D. Nev. Jan. 4, 2018) (observing that this section "creates a duty on behalf of the agency to pay obligations of the regulated entity").

Indeed, the *N.J. Carpenters* decision (cited in the Order at 9) – which affirmed a district court decision concluding that Section 4617(f) and the "FHFA's duty as a conservator could not 'be turned into a sword'" to prevent the court from "'finaliz[ing] a settlement in a class action where [Freddie Mac] had slept on [its] right[]'" to opt out – represents a proper limitation and interpretation of Section 4617(f). In that case, the FHFA was seeking to use 4617(f) to excuse Freddie Mac's failure to opt out of a settlement – or put differently to use 4617(f) as a sword to escape from a course of action dictated by actions it failed to take. The Second Circuit rejected the FHFA's efforts and suggested statutory construction. Here, the FHFA adopts the same argument to try and avoid payment for work that benefitted the properties at issue after having all such work proceed – again after not taking any timely action in opposition to the work undertaken by the Receiver pursuant to the Court's prior approval.

Judge Kim's analysis was correct, and there is no clear error supporting the objection.

### III. The Magistrate Judge Correctly Determined That Section 4617(j)(3) Is Inapplicable.

The Magistrate Judge properly interpreted the text of Section 4617(j)(3) – which says "no property of the Agency shall be subject to levy, attachment, garnishment, foreclosure or sale without consent of the Agency, nor shall any involuntary lien attach to the property of the Agency" – and found it inapplicable to the circumstances at bar. Judge Kim properly ruled Section

4617(j)(3) inapplicable, a result supported by the plain text of Section 4617(j)(3). Judge Kim

determined that the section applied to foreclosures and similar procedures (consistent with other

cases), a procedure that is *not* at issue through the fee allocation motion. (Order at 10)

In any event, under these circumstances it is fair to understand that the FHFA, at worst,

impliedly consented to such expenditures as is permitted under 4617(f)(3). *Cf. Opportunity*

*Homes, LLC, v. Federal Home Loan Mortgage Corp.,* 169 F. Supp. 3d 1073, 1077 (D. Nev. 2016)

(discussing ambiguity in statute regarding consent, and recognizing that some circumstances may

allow implied consent under Section 4617(j)(3)). Each of these properties has been part of a sales

process, where a host of expense associated with sale of the properties have been incurred,

including brokerage fees, property management fees, and other types of expenditures. Those sale-

related expenses have been paid (without any such objection), *except* for these attorney fees. The

fees at issues cannot and should not be treated any differently. The *Trembling Prairie* decision

cited by the FHFA is distinguishable. (Objection at 14, 15) In that case the FDIC disputed that it

had notice of the foreclosure or related activities. *Trembling Prairie Land Co. v. Verspoor,* 145

F.3d 686, 688 (5th Cir. 1988). Here, there has not been any argument of a lack of notice. Nor is

there any dispute that Fannie and Freddie have had appearances on file and notice of and

involvement in all of the proceedings virtually from the inception of the Receivership. *Cf.*

*Operators' Piano Co. v. First Wisconsin Tr. Co.*, 283 F. 904, 906 (7th Cir. 1922) ("failure to object

in fact constitutes consent") (citation omitted).[4] Whether one looks at the FHFA's conduct as

reflective of the inapplicability of this statutory section, or seen through the prism of consent,

---

[4] To the extent the FHFA may assert that Fannie Mae's and Freddie Mac's objections showed that it did not consent, the undisputed failure of Fannie Mae and Freddie Mac to object on the basis of Section 4617 demonstrates the opposite.

Judge Kim was correct and not clearly erroneous in his decision that the statutory section is inapplicable. The objection should be overruled.

### IV. Alternatively, The Objections Raised By The FHFA Can Be Entered And Continued Until Priority Issues Are Resolved.

This Court has not resolved the issues of priority associated with the two properties implicated by the FHFA's arguments. If the investor lenders are found to have priority, the issues being raised by the FHFA will be moot and will not need to be decided. Judge Kim agreed (Order at 8 ("[W]e do not yet know from whom that piece of the pie will be cut. And if it is not the FHFA's, the Section 4617 issue is moot.")); and the FHFA never addressed the issue of potential mootness. As a result, as the Receiver has noted at various points (*see, e.g.,* Order at 8), the objections and issues raised by the FHFA are premature and need not be decided at this point.

As such, the District Court could enter and continue the disposition of the objections to a time after the priority issues regarding these properties have been decided.

### CONCLUSION

Wherefore, Receiver Kevin B. Duff respectfully requests that Magistrate Judge Young B. Kim's decision of June 22, 2022 be affirmed or, alternatively, that the entire objection and issue raised by the FHFA be entered and continued to a time after this Court has made a priority determination on the properties subject to the FHFA's argument.

Dated: July 20, 2022

Respectfully submitted,

s/ Michael Rachlis
Michael Rachlis (mrachlis@rdaplaw.net)
Jodi Rosen Wine (jwine@rdaplaw.net)
Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone (312) 733-3950
*Attorneys for Kevin B. Duff, Receiver*

## CERTIFICATE OF SERVICE

I hereby certify that I provided service of the foregoing Receiver's Response And Opposition To Objection Filed By The FHFA To Magistrate Judge Opinion Of June 22, 2022, through the Court's CM/ECF system, to all counsel of record on July 20, 2022.

I further certify that I caused true and correct copy of the foregoing Response to be served upon all individuals or entities that submitted a proof of claim in this action (sent to the e-mail address each claimant provided on the claim form) and their counsel.

I further certify that the Response will be posted to the Receivership webpage at: http://rdaplaw.net/receivership-for-equitybuild

/s/ Michael Rachlis

Michael Rachlis
Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone (312) 733-3950
Fax (312) 733-3952
mrachlis@rdaplaw.net