**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| United States Securities and Exchange Commission,<br><br>Plaintiff,<br><br>v.<br><br>EquityBuild, Inc., EquityBuild Finance, LLC, Jerome H. Cohen, and Shaun D. Cohen,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.: 18-cv-5587<br>Honorable John Z. Lee<br>Magistrate Judge Young B. Kim |

**FEDERAL HOUSING FINANCE AGENCY'S REPLY IN SUPPORT OF ITS OBJECTION TO THE MAGISTRATE JUDGE'S DECISION OVERRULING FHFA'S OBJECTION TO FEE ALLOCATION**

The Federal Housing Finance Agency ("FHFA"), as Conservator for Fannie Mae and Freddie Mac (the "Enterprises"), respectfully submits this reply in support of its Objection under Rule 72 (Dkt. 1266) (the "Objection") to the Magistrate Judge's June 22, 2022 Minute Order (Dkt. 1257) and Opinion (Dkt. 1258) (together, the "MJ Decision") overruling FHFA's objection (Dkt. 1209) to the Receiver's motion to allocate its fees and costs to specific properties insofar as it would allocate any costs to properties encumbered by Enterprise liens (Dkt. 1107).

The MJ Decision departs so dramatically from established law that it should "strike [the Court] as wrong with the force of a 5 week old, unrefrigerated, dead fish." *See S. Indus., Inc. v. Centra 2000, Inc.*, 249 F.3d 625, 627 (7th Cir. 2001). The Receiver's Response and Opposition to the Objection (Dkt. 1275) (the "Response") offers nothing to clear the air. Instead, it mischaracterizes arguments in the Objection and misstates the law on several points.

Perhaps most prominently, the Response continually asserts that FHFA seeks to prevent the Receiver from collecting fees. *See* Dkt. 1275 at 3, 4, 6, 7, 8, 9. That is not correct; FHFA has been clear that its position is *not* "to deny the Receiver his vetted and approved fees," (*see* Dkt. 1258 at 9), but only that a federal statute precludes any court assessing or collecting those or any

other fees in a way that would dissipate the collateral securing Enterprise loans, because that would restrain or affect the Conservator's powers to collect obligations and money due the Enterprises, and to preserve and conserve the Enterprises' assets and property.

As explained below, that is far from the only instance where the Response depends on a mistaken understanding of FHFA's arguments or the law supporting them.[1]

**ARGUMENT**

*First*, the Response purports to identify "factual circumstances demonstrating [FHFA's supposed] waiver" of Section 4617(f), including "Fannie Mae's and Freddie Mac's counsel (and therefore the FHFA) being involved in the Receivership from its inception." Dkt. 1275 at 3. But it is impossible for *any facts* to "demonstrate waiver" of Section 4617(f), because the statute embodies a *nonwaivable* limitation on courts' jurisdiction. Dkt. 1266 at 5-10. Relatedly, the Response suggests that *Roberts v. FHFA*, 889 F.3d 397 (7th Cir. 2018) is somehow relevant to the waiver issue. *See* Dkt. 1275 at 4 (citing Dkt. 1266 at 12). *Roberts* is not about waiver, and the Objection does not cite *Roberts* for an argument related to waiver. Dkt. 1266 at 12. The Receiver's effort to link *Roberts* to waiver is unfounded.

*Second*, at several points, the Response argues that *N.J. Carpenters Health Fund v. Novastar Mortgage, Inc.*, 28 F.4th 357 (2d Cir. 2022) precludes FHFA's reliance on Section

[1] The arguments in this Reply focus on the Rule 72(a) standard because any argument that would warrant reversal under the Rule 72(a) standard would easily satisfy the Rule 72(b) *de novo* standard as well. But regardless, the Response's argument that there are only "eight categories of matters where *de novo* review is appropriate, and the issues raised by the FHFA are not among them" is incorrect. Dkt. 1275 at 2-3 n.2. The list of "dispositive" matters in 28 U.S.C. § 636(b)(1)(A) is not exhaustive; a motion may be deemed "dispositive" if it is "analogous to the eight motions enumerated in [the statute]." *Cleversafe, Inc. v. Amplidata, Inc.*, 287 F.R.D. 424, 426-27 (N.D. Ill. 2012) (collecting cases). Because the MJ Decision "undertake[s] an action that could have a significant impact on [FHFA's] ability to manage and control its property during the course of litigation," it is analogous to the motions enumerated in Section 636(b)(1)(A). *ML-CFC 2007-6 Puerto Rico Properties, LLC v. BPP Retail Properties, LLC*, 951 F.3d 41, 48 (1st Cir. 2020).

4617(f) in this case. Dkt. 1275 at 4-5, 7. But *NJ Carpenters* has no application here. That case holds only that Section 4617(f) did not empower the Conservator to excuse Freddie Mac's attempt to opt-out from a class settlement after a court-ordered deadline passed. 28 F.4th at 379. Here, FHFA did not seek "to disregard . . . court deadlines." *Id.* Nor could it have: Because Section 4617(f) is jurisdictional, a court cannot impose a deadline for FHFA to raise it. Dkt. 1266 at 5-10. The Response further states that *NJ Carpenters* holds that Section 4617(f) is inapplicable where FHFA asserts it as "a sword." Dkt. 1275 at 7. *NJ Carpenters* holds no such thing: As the MJ Decision explains, where FHFA asserts Section 4617(f) "to protect it[self] from court action because of its own conduct," it deploys the statute "as a shield," *not* "as a sword." Dkt. 1258 at 8. In *NJ Carpenters*, FHFA asserted Section 4617(f) to protect its own conservatee's conduct—opting out of a class action—from court action; thus, FHFA clearly deployed the statute *as a shield*. 28 F.4th at 363.

*Third*, the Response asserts that FHFA's argument "boils down to the proposition that every decision . . . with which it disagrees is just wrongly decided." Dkt. 1275 at 6 (citing Dkt. 1266 at 10 n.7). That is a badly mistaken reading of the Objection, which asserts that exactly one case—*NJ Carpenters*—was "incorrectly reasoned on [one] point" and therefore "wrongly decided," but explains that that is "*immaterial here*" because even taken at face value, *NJ Carpenters* does not support the MJ Decision. Dkt. 1266 at 10 & n.7 (emphasis added). Nowhere else does the Objection suggest that a decision was wrongly decided, although it does point out that two cases—which the MJ Decision relies upon to assert that "the D.C. Circuit and the only court in this circuit to have both considered and decided the issue treat Section 4617(f) as a mere bar to certain relief in a case over which a court otherwise has jurisdiction," Dkt. 1258 at 7 (citing *Perry Cap. LLC v. Mnuchin*, 864 F.3d 591 (D.C. Cir. 2017); *Roberts v. FHFA*, 243 F. Supp. 3d

950 (N.D. Ill. 2017), *aff'd*, 889 F.3d 397 (7th Cir. 2018))—do not support the MJ Decision. Dkt. 1266 at 9. The Response ignores FHFA's analysis of these cases in favor of attacking a straw man.

*Fourth*, the Response insists that "[t]he facts and circumstances of *Hanson* [*v. FDIC,* 113 F.3d 866 (8th Cir. 1997)] are wholly inapposite" to the extent that "the opinion does not expressly discuss the issue of waiver." Dkt. 1275 at 5. FHFA does not contend that *Hanson* is factually analogous; FHFA contends that *Hanson* unequivocally holds that Section 1821(j)—which is substantively identical to Section 4617(f)—is jurisdictional and therefore unwaivable. The Response ignores that crucial point. *See* Dkt. 1266 at 5. The Response is also incorrect to assert that *Hanson* does not address waiver. In holding that "Section 1821(j) limits the subject matter jurisdiction of federal and state courts," and that the court could therefore "consider [it] for the first time on appeal," the Eighth Circuit relies on the familiar proposition that "questions of subject-matter jurisdiction may be raised at any time *and may not be waived*"). *Id*. at 870 n.5 (quoting *Preferred Risk Mut. Ins. Co. v. United States*, 86 F.3d 789, 793 (8th Cir. 1996) in parenthetical) (emphasis added).

*Fifth*, the Response incorrectly dismisses the Objection's arguments related to Section 1981, the Immigration and Nationality Act, the Norris-LaGuardia Act, and the Tax Injunction Act (Dkt. 1266 at 6-10) because the cases FHFA cited in relation to those statutes do not discuss waiver. Dkt. 1275 at 5. But this hand-waving misses the point entirely. The statutes and cases cited in the Objection confirm that "[t]he MJ Decision's purported distinction between statutes that bar certain relief and statutes that limit jurisdiction presents a false dichotomy—that a statute may be *either* 'a mere bar to certain relief' *or* a 'jurisdictional bar,' but cannot be *both*—that the Supreme Court and the Seventh Circuit have rejected." Dkt. 1266 at 6. In other words, these cases support the legal conclusion that Section 4617(f) is jurisdictional. *Id.* at 6-10.

*Sixth*, in response to the Objection's argument that the MJ Decision's shield/sword analysis is untenable, the Response contends that relying on Section 4617(f) as a "sword … appears to run contrary to Section 4617(b)(2)(H)." Dkt. 1275 at 6. Section 4617(b)(2)(H) has no application here—it addresses FHFA's responsibility to "pay all valid obligations of the regulated entity *that are due and payable at the time of the appointment of the Agency as conservator or receiver*." *Id.* (emphasis added). FHFA was appointed Conservator in September 2008, long before this action commenced. *See* 12 U.S.C. § 4617(a). But regardless, FHFA's reading of Section 4617(f) does not conflict with Section 4617(b)(2)(H) as it applies to pre-conservatorship obligations, either. Section 4617(f) does not limit courts' jurisdiction to award compensatory damages, and therefore does not affect FHFA's responsibility to "pay all valid obligations" under Section 4617(b)(2)(H).

*Seventh*, in arguing that Section 4617(j)(3)—which protects conservatorship property interests from a variety of legal impairments unless FHFA consents—does not apply,[2] the Response asserts that FHFA "impliedly consented to such expenditures as is permitted under 4617([j])(3)." Dkt. 1275 at 8.[3] But for purposes of Section 4617(j)(3), FHFA's consent must be express and cannot be implied. *Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC*, 893 F.3d 1136, 1149 (9th Cir. 2018); *Berezovsky v. Moniz*, 869 F.3d 923, 929 (9th Cir. 2017).[4]

---

[2] The Response also contends that *Trembling Prairie Land Co. v. Verspoor,* 145 F.3d 686 (5th Cir. 1988) is factually distinguishable and does not support FHFA's argument that Section 4617(j)(3) applies here. Dkt. 1275 at 8. But, in *Trembling Prairie*, FDIC's claimed lack of notice in no way affected the Fifth Circuit's analysis of "whether the petition to quiet title is essentially analogous to a foreclosure, and is a 'triggering event'" under the FDIC analog to Section 4617(j)(3), 12 U.S.C. § 1825(b)(2). 145 F.3d at 689. Therefore, the Response's attempt to factually distinguish the case does not neutralize *Trembling Prairie*'s clear holding that that under Section 1825(b)(2)—and by extension, Section 4617(j)(3)—the conservator or receiver "must *consent* to any deprivation of property …." *Id.* at 691 (emphasis added).

[3] The Response incorrectly refers to Section 4617(f)(3), which does not exist.

[4] In light of the Ninth Circuit precedent on this issue, the sole district court opinion that the Response cites to the contrary—issued by a court in bound by Ninth Circuit precedent—has been [*Footnote continues on next page.*]

*Eighth*, the Response's last-ditch assertion that "the objections and issues raised by the FHFA are premature and need not be decided at this point" is unavailing. Dkt. 1275 at 9. Indeed, FHFA first objected (Dkt. 1209) to Receiver's motion to allocate certain accrued fees and costs to specific properties and to receive an interim payment from the corresponding accounts (Dkt. 1107) because those allocations would dissipate the Enterprises' collateral, thereby impairing the Conservator's statutory powers to collect on the obligations secured by the properties and to preserve and conserve the Enterprises' assets. In other words, if the MJ Decision is entered, and this Court resolves the issues of priority in Fannie Mae's favor, its collateral will have already dissipated. Put simply, waiting for the priority issues to be resolved will render this Court's delayed decision on the applicability of Section 4617(f) too little, too late.

## CONCLUSION

The MJ Decision is clearly erroneous and contrary to law. This Court should set it aside or reject it, and uphold FHFA's limited objection to the fee-allocation motion.

superseded and is no longer good law. Dkt. 1275 at 8 (citing *Opportunity Homes, LLC, v. Federal Home Loan Mortgage Corp.,* 169 F. Supp. 3d 1073, 1077 (D. Nev. 2016)).

Dated: July 29, 2022

Respectfully submitted,

/s/ Michael A.F. Johnson
Michael A.F. Johnson
ARNOLD & PORTER
KAYE SCHOLER LLP
D.C. Bar No. 460879, *admitted pro hac vice*
601 Massachusetts Avenue NW
Washington, DC 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
Michael.Johnson@arnoldporter.com

Daniel E. Raymond
ARNOLD & PORTER
KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, Illinois 60602
Telephone: (312) 583-2300
Facsimile: (312) 583-2360
Daniel.Raymond@arnoldporter.com

*Attorneys for Federal Housing Finance Agency in its capacity as Conservator for the Federal National Mortgage Association and the Federal Home Loan Mortgage Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2022, I caused the foregoing **Federal Housing Finance Agency's Reply in Support of Its Objection to the Magistrate Judge's Decision Overruling FHFA's Objection to Fee Allocation** to be electronically filed with the Clerk of the Court through the Court's CM/ECF system, which sent electronic notification of such filing to all parties of record.

/s/ Daniel E. Raymond