IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN<br><br>Defendants. | No. 18 C 5587<br><br>Judge John Z. Lee |

## ORDER

Creditors U.S. Bank National Association ("U.S. Bank") and Midland Loan Services ("Midland") (collectively, "Claimants") move the Court to clarify its minute order setting the schedule for the claims process for single-claim properties. *See* ECF No. 1090. The motion is denied.

## STATEMENT

The Claimants and the Receiver filed a joint motion to determine the claims process for single claim properties on October 29, 2021. *See* ECF No. 1072. The Court held a hearing on that motion on November 18, 2021, *see* Transcript of Proceedings, *S.E.C. v. Equitybuild* (N.D. Ill. Nov. 18, 2021) ("11/18/21 Hr'g Tr."), ECF No. 1102, at which it ordered the claims process for single-claim properties to begin immediately, and issued a scheduling order the same day. *See* ECF No. 1090.

The instant motion arises out of a dispute between the Claimants and the Receiver concerning when the Court required the Receiver to provide notice to the Claimants that he is disputing their claims. The Claimants argue that the Receiver was required to provide such notice before the status hearing set forth in the minute order (originally set for January 28, 2022, and rescheduled to February 8, 2022).

The Claimants are incorrect. At the hearing, the Court specified that discovery as to the single claim properties would continue for sixty days *after* the January status hearing. Given that the purpose of that discovery is to assist the Receiver in determining whether he will contest the single claims, *see* 11/18/21 Hr'g Tr. 33:23–34:2, it would make little sense for the Court to require the Receiver to provide "a short and plain statement of facts setting forth the legal basis for [each] dispute" before that discovery concludes. Joint Mot. Determine Claims Process Single Claim Properties at 11, ECF No. 1072. The Court also set another status hearing for May 6, 2022, following the April 28, 2022 deadline for the Receiver's position paper, and noted that it was "*at that point* [that] we'll have . . . an idea as to how many of these claims will be disputed." 11/18/21 Hr'g Tr. 33:11-13 (emphasis added). The Receiver was required to provide notice of any disputes regarding the single-claim properties in its position paper, due on or before April 28, 2022. The Claimants' motion is denied.

**IT IS SO ORDERED.**   ENTERED: 8/3/22

*[signature: John Z. Lee]*

**John Z. Lee**
**United States District Judge**