IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN | ) ) ) ) ) |
| Defendants. | ) ) |

No. 18 C 5587

Judge John Z. Lee

## ORDER

Intervenors Ventus Holdings, LLC and Ventus Merrill, LLC (collectively "Ventus"), move the Court to designate its order denying Ventus's motion for return of earnest money as a final judgment pursuant to Federal Rule of Civil Procedure 54(b). For the following reasons, the Court denies the motion.

### STATEMENT

#### I. Background

Ventus is a real estate company that unsuccessfully attempted to purchase several Receivership properties. *See* Mot. Designate Interloc'y Order Final J. ¶ 2 ("Mot. Designate"), ECF No. 1095. The Receiver originally accepted Ventus's bids for the properties, but Ventus was unable to secure acquisition financing, so the Receiver contracted to sell the properties to other bidders. *Id.* ¶¶ 2–3. The Court granted Ventus's motion to intervene in this action in order to object to the sale. *See* ECF No.

742. After the Court approved the sale over Ventus's objections, *see* Order Granting 8th 9th Mots. Confirm Sale, *S.E.C. v. Equitybuild* (N.D. Ill. Oct. 26, 2020), ECF No. 825, Ventus appealed the order approving the sale. *See* Notice of Appeal, ECF No. 847. The Seventh Circuit dismissed the appeal for lack of jurisdiction. *See S.E.C. v. Equitybuild*, No. 20-3114 (7th Cir. Dec. 11, 2020), ECF No. 933.

Ventus then filed a motion to recover the earnest money it had put down for the properties. *See* Ventus's Combined Mot. Return Earnest Money Deposits, ECF No. 861. The Court denied that motion on August 13, 2021, *see* Order, *Equitybuild* (N.D. Ill.) ECF No. 1025, and Ventus filed a notice of appeal from that order. *See* Notice of Appeal, ECF No. 1043. The Seventh Circuit dismissed that appeal for lack of jurisdiction on November 4, 2021. *S.E.C. v. Equitybuild*, No. 21-2664 (7th Cir. Nov. 4, 2021), ECF No. 1109. On November 24, 2021, Ventus moved the Court under Rule 54(b) to designate the August 13 order as a final judgment. *See* Mot. Designate.

## II. Analysis

Generally, orders resolving fewer than all claims in a civil action are not "final decisions" for purposes of appellate jurisdiction. 28 U.S.C. § 1291. Rule 54(b), however, allows a court to designate an order deciding one or more, but not all, claims in a civil action as a "final judgment" for purposes of appealability if there is "no just reason for delay." *King v. Newbold*, 845 F.3d 866, 868 (quoting Fed. R. Civ. P. 54(b)). Under longstanding Seventh Circuit precedent, a motion to designate an order as appealable under Rule 54(b) must be filed no more than thirty days after the entry of the order to which it relates. *See id.* (citing *Schaeffer v. First Nat'l Bank of*

*Lincolnwood*, 465 F.2d 234, 236 (7th Cir. 1972)). Indeed, "it is an abuse of discretion for a district judge to grant a motion for a Rule 54(b) order when the motion is filed more than thirty days after" the entry of the order to be designated as final, unless the movant can show that "extreme hardship" justified the delay. *Id.* (quoting *Schaeffer*, 465 F.2d at 236).

Here, Ventus does not dispute that it filed the instant motion well after the thirty-day window expired. *See* Mot. Designate ¶ 15. But it argues that a finding of "extreme hardship" justifies its dilatory filing. Ventus claims that it faced a procedural catch-22 because, if it filed a timely Rule 54(b) motion, it risked losing its chance to appeal under § 1292(a)(2), which grants appellate jurisdiction over certain interlocutory orders in receivership cases.

This argument is unpersuasive. Before the Court issued the order giving rise to this dispute, Ventus had already appealed this Court's interlocutory order approving the sale of the properties for which Ventus had put down earnest money. *See* ECF No. 847. The Seventh Circuit dismissed that appeal for lack of jurisdiction, citing a case clarifying that the statute authorizing interlocutory appeals of orders in receivership cases only authorizes appeals from "orders appointing a receiver, orders refusing to wind up a receivership, and orders refusing to take steps to accomplish the purposes for winding up a receivership." *United States v. Antiques Ltd. P'Ship*, 760 F.3d 668, 672 (7th Cir. 2014); *see Equitybuild*, No. 20-3114 (Dec. 11, 2020). Thus, Ventus was on notice that the Seventh Circuit strictly construed § 1292(a)(2)'s grant of jurisdiction over orders in receivership cases to exclude orders relating to

3

individual objections to the receivership process, such as the one at issue here. As the Receiver observes, the fact that Ventus chose to file a second appeal, "making exactly the same jurisdictional argument" that the Seventh Circuit rejected in dismissing its first appeal, rather than timely filing a Rule 54(b) motion in this Court, does not excuse its delay. Receiver's Opp'n Ventus's Mot. Designate Interloc'y Appeal Final Order at 5, ECF No. 1106; *see King*, 845 F.3d at 868 (noting that such occasions "ought to be extremely rare" (alterations and internal quotation marks omitted) (quoting *Schaeffer*, 465 F.2d at 236)). Because Ventus's motion is untimely and Ventus has not shown hardship, it must be denied. *King*, 845 F.3d at 868.

### III. Conclusion

For the foregoing reasons, Ventus's motion to designate the Court's order denying Ventus's motion to recover its earnest money as a final judgment is denied.

**IT IS SO ORDERED.**  ENTERED: 8/3/22

*/s/ John Z. Lee*

**John Z. Lee**
**United States District Judge**