UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>      Plaintiff,<br><br>      v.<br><br>EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,<br><br>      Defendants. | Case No. 1:18-cv-5587<br><br>Hon. John Z. Lee |

**JOINT MOTION OF THE RECEIVER AND MIDLAND LOAN SERVICES TO APPROVE DISTRIBUTIONS OF PROCEEDS FROM THE SALES OF TWENTY-SIX MIDLAND SINGLE CLAIM PROPERTIES**

Kevin B. Duff, as the receiver for the Estate of Defendants EquityBuild, Inc., EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen ("Receiver"), Midland Loan Services, a Division of PNC Bank, N.A. as servicer for Colony American Finance 2015-1 and Midland Loan Services, a Division of PNC Bank, N.A. as servicer for Wilmington Trust, N.A., as Trustee for the Benefit of Corevest American Finance 2017-1 Trust Mortgage Pass-Through Certificates (collectively, "Midland") respectfully file this joint motion for approval of an agreed plan for the distribution of the proceeds from the sales of the twenty-six (26) properties identified on Exhibit A to the motion. In support of this motion, movants state as follows:

    1.    The twenty-six (26) properties identified on Exhibit A (collectively, the "Subject Properties") are each subject to a claim submitted by Midland in connection with this Court's approved claims process (Dkt. 349, 574), and from no other claimant except the City of Chicago

1

with respect to two of the properties, 8517 S Vernon Avenue and 9610 S Woodlawn Avenue (Dkt. 1164, Ex. 6 at 44).

2. The City of Chicago does not oppose this motion, has accepted the distributions proposed in this motion with respect to its claims, and agrees that it will not seek appeal from any rulings associated with the Subject Properties.

3. With the Court's approval, on May 26, 2021, the Receiver sold a portfolio of properties that included the Subject Properties free and clear of all mortgages and encumbrances. (Dkt. 967)[1] Prior to the sale, the Court found that the Receiver gave fair, adequate, and sufficient notice to all interested parties, including all mortgagees affected by the Motion. *Id.* at 3. The net proceeds of sale for each of the 26 properties were deposited into a separate interest-bearing account held by the Receiver pursuant to court order. *See* Exhibit A. Additional deposits have been made into these property accounts, as reported in the Receiver's quarterly status reports (Dkt. 1017, 1077, 1164, 1243, 1280) and summarized in Exhibit A, along with the current balance in each of the accounts.

4. In 2019, the Receiver initiated a claims process whereby he (a) researched mortgagees of record and EquityBuild records to identify potential claimants; (b) served all known potential claimants by email and regular mail with notice of the bar date, procedures for submitting proofs of claim, and a link to a third-party portal to submit claims; (c) sent multiple follow-up

---

[1] Ten of the 26 Subject Properties have prior liens in the record of title where no releases of those mortgages were recorded, and another six properties have recorded releases that were executed by Receivership Defendant Hard Money Company and not the lender(s) of record. The Receiver did not receive claims asserting interests in these 16 properties (other than the Midland and City of Chicago claims described herein), and each of the lenders that had mortgage liens on the properties (other than an Eric Schultz that the Receiver was unable to locate) have been given notice of the Receiver's recommendation that they are not in a position to recover any of the proceeds from the sale of these properties. (Dkt. 1244)

2

emails reminding potential claimants of the bar date (and the extended bar date); and (d) established a webpage (http://rdaplaw.net/receivership-for-equitybuild) for claimants and other interested parties which prominently displayed the claims bar date and provided copies of the claims notice, instructions, proof of claim forms, a link to the claims portal, and copies of certain court filings related to the claims process.  Investors were notified that the failure to submit a claim verification form by the bar date would be a basis for denial of that claim.  (Dkt. 241, 302, 349, 468, 548, 638, 693, 720)  The Court's orders with respect to the claims process were also served upon claimants and potential claimants and posted on the Receiver's website.  (Dkt. 349, 574, 940, 941)

5. In February 2021, the Receiver moved to approve the payment of certain previously approved fees and costs pursuant to the Receiver's lien on the properties of the Estate that had been granted by the Court (Dkt. 947, 981) The Court granted the Receiver's motion and certain fee applications (Dkt. 1030, 1031, 1213), and referred subsequent proceedings on the Receiver's specific fee allocations to Judge Kim, which are ongoing. (Dkt. 1107, 1113, 1230)  Claimants and potential claimants have received notice of the Receiver's fee applications and the motion practice relating to the receiver's lien, and the foregoing motions, applications and orders have been posted to the Receiver's website.

6. On November 18, 2021, the Court entered an order commencing a claims process for certain properties for which there is a single claimant, including the Subject Properties. (Dkt. 1090)  Pursuant to the Court's Order, the Receiver reviewed the claims submitted by Midland in regards to the Subject Properties, and the parties conducted third-party discovery from the loan originator and title companies involved with these loans.

7. On April 29, 2022, the Receiver submitted his Initial Position Statement Regarding Single Claim Properties. (Dkt. 1244) In that submission, the Receiver recommended that Midland's claims be capped at the return of its principal investment, and set-off by the amount of distributions already received by Midland in the form of interest, loan origination fees, and late charges, as well as amounts held in escrow reserves, in order to prevent it from realizing a profit from the Ponzi scheme at the expense of other investors and lenders. *Id.* at 4-12 & Ex. 2. All known claimants and potential claimants received notice of the Receiver's submission. *Id.* at 16-17.

8. In his position statement, the Receiver further recommended that the claims asserted by the City of Chicago against two of these nominally "single claim" properties—8517 S Vernon and 9610 S Woodlawn, in the amounts of $841.94 and $431.13, respectively—be considered unsecured because the supporting documentation submitted by the City does not support the amounts claimed, and because the City did not perfect a lien on these properties. (Dkt. 1244 at 15 and Ex. 5)

9. The movants subsequently engaged in settlement discussions and reached a negotiated agreement regarding the distribution of the funds in the accounts held for the Subject Properties, as set forth in Exhibits A (distribution plan) and B (detail regarding amounts reimbursable to Receiver's operating account from individual property accounts). The amount of the distribution to Midland or its nominee for each property corresponds to the current balance in each separate property account following: (i) payment to the Receiver's law firm for uncontested fees allocated to the property (constituting actual fee allocations for submitted fee applications through the First Quarter of 2022, plus estimated fee allocations for the Second and Third quarters of 2022, minus a credit for agency fees paid to the Receiver's counsel); (ii) reimbursement to the

4

Receiver's account for (a) net insurance premiums paid for the property (after applying a credit for any refunds), (b) the property's allocated share of the cost for newspaper publication associated with the property's sale, (c) property inspections, (d) a FedEx charge, and (e) the property's allocated share of costs associated with a tax appeal; and (iii) distributions to City of Chicago in satisfaction of its claims against the properties located at 8517 S Vernon Avenue and 9610 S Woodlawn Avenue. *See* Exhibits A and B.[2]

10. The Receiver and Midland further agreed that:

    a. distribution to the City of Chicago of the relatively small amounts claimed by the City is in the Receivership Estate's and Midland's best interests to avoid additional expense and delay of continued litigation, and the City of Chicago has agreed to accept the proposed distributions in the amounts of $841.94 from 8517 S Vernon and $431.13 for 9610 S Woodlawn in full satisfaction of its claims against those two properties;

    b. they would jointly submit this Motion seeking the Court's approval of the distribution of all amounts held in the separate receivership accounts for the Subject Property, as set forth in Ex. B.

    c. with respect to the Subject Properties, Midland would withdraw its objections to the Receiver's lien entered by the Court (Dkt. 1030) and to the Receiver's pending fee allocation motion (Dkt. 1107), subject to the agreements reached by the movants as set forth in this Motion and the Court's granting of this Motion;

---

[2] The separate property account balances, and therefore the distributions to Midland or its nominee, will increase by the amount of interest that accrues between the filing of this motion and the date of distribution.

   d. the amounts described herein will be disbursed no later than ten (10) business days after entry of the order granting this joint motion;

   e. the Receiver and Midland's agreement resolves all disputes between the Receivership Estate and the Receiver and Midland with respect to the Subject Properties; and

   f. Midland will not seek appeal from any rulings associated with the Subject Properties.

  11. The Receiver requests that the Court find that adequate and fair notice has been provided to all interested and potentially interested parties of the claims process, the Receiver's proposed fee allocations, the Receiver's Initial Position Statement Regarding Single Claim Properties, and the current Motion, and that each interested or potentially interested party has had a full and fair opportunity to assert its interests and any objections.

  12. The Receiver further requests that the Court approve the portion of the attorneys' fees set forth in the Receiver's 13th, 14th, and 15th fee applications (Dkt. 1087, 1181, 1256) that the Receiver has allocated to the Subject Properties, and the Court further approve the payment of estimated attorneys' fee allocations to the Subject Properties for the Second and Third Quarters of 2022.

  <u>Legal authority</u>

  13. It is well-settled that the district courts have broad powers and are afforded wide discretion in approving a distribution plan of receivership funds. *SEC v. Forex Asset Mgmt.*, 242 F.3d 325, 331 (5th Cir. 2001); *SEC v. Enterprise Trust Co.*, 559 F.3d 649, 652 (7th Cir. 2009) ("District judges possess discretion to classify claims sensibly in receivership proceedings."); *SEC v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992).

14. Because the Receiver is a fiduciary and officer of this Court, the Court may give some weight to the "…Receiver's judgment of the most fair and equitable method of distribution." *CFTC v. Eustace*, No. 05-2973, 2008 WL 471574, at *5 (E.D. Pa. February 19, 2008) (approving receiver's pro-rata distribution plan and recognizing that the receiver does not represent a particular group of investors or claimants but rather proposes a plan that is fair to all investors).

15. Based on the facts and circumstances, the Receiver believes that the distribution plan with respect to the Subject Properties as described in this motion is fair and equitable. The recommended distribution amounts represent a substantial payment of the principal amount of the loans to secured lenders for the Subject Properties, for which no other claimant (other than the City of Chicago, as described herein) has submitted a claim. The Receiver has further determined that there are no other issues that he is aware of that would necessitate any further holdback from the amounts set forth above. There are also additional savings of time and resources achieved based on the agreements reached between the Receiver, Midland, and the City of Chicago. As a result of the Receiver's agreement with Midland, there are no objections that remain associated with the Receiver's lien or fees allocated to the Subject Properties. Midland's agreement to not seek appeal from any rulings associated with the Subject Properties will be a further saving time and resources for many involved in the Receivership. Effectively, as a result of the agreement and distribution, the claims and issues between the Receivership, Midland, and the City of Chicago with respect the Subject Properties have concluded.

16. Pursuant to the agreement reached between the Receiver and Midland, the Receiver also seeks approval that the distributions noted above be made within ten (10) business days from the approval of this motion.

WHEREFORE, the Receiver and Midland seek approval of: (i) their agreement described herein, as fair and reasonable; (ii) the distribution of funds as set forth in Exhibit A to this motion, with distributions to be made within ten (10) business days of the Court's approval of this motion; and (iii) for such other relief as the Court deems fair and equitable.

Dated: August 9, 2022

Respectfully submitted,

| | |
|---|---|
| /s/ Thomas B. Fullerton | /s/ Michael Rachlis |
| Thomas B. Fullerton (6296539) | Michael Rachlis |
| Akerman LLP | Jodi Rosen Wine |
| 71 S. Wacker Drive, 47th Floor | Rachlis Duff & Peel, LLC |
| Chicago, IL 60606 | 542 South Dearborn Street, Suite 900 |
| (312) 634-5700 | Chicago, IL 60605 |
| thomas.fullerton@akerman.com | Phone (312) 733-3950 |
| | mrachlis@rdaplaw.net |
| Michael D. Napoli (TX 14803400) | jwine@rdaplaw.net |
| Akerman LLP | |
| 2001 Ross Avenue, Suite 3600 | *Counsel for Kevin B. Duff, Receiver* |
| Dallas, TX 75201 | |
| (214) 720-4360 | |
| michael.napoli@akerman.com | |

*Counsel for Midland Loan Services,*
*a Division of PNC Bank, National Association*

**DISTRIBUTION PLAN - MIDLAND SINGLE CLAIM PROPERTIES**

| Prop # | PROPERTY ADDRESS | Net proceeds of Sale | Transfers pursuant to 9/21/20 Court Order (#796) | Post-Sale Reconciliations | Interest Paid | Property Account Balance | Agreed Fee Allocations | Credit for agency fees paid to Receiver's counsel | Net Distribution to Rachlis, Duff & Peel LLC | Net Distribution to Receiver for Cost Reimbursements | Distribution to City of Chicago | Distribution to Midland or Its Nominee |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 16 | 1017 W 102nd Street | $ 86,590.77 | $ 4,493.30 | $ 14,558.24 | $ 319.62 | $ 105,961.93 | $ 17,463.94 | $ 1,487.50 | $ 15,976.44 | $ 1,917.42 | | $ 88,068.07 |
| 17 | 1516 E 85th Place | $ 85,993.20 | $ 2,901.81 | $ 20,927.47 | $ 325.71 | $ 110,148.19 | $ 19,639.72 | $ 1,487.50 | $ 18,152.22 | $ 2,566.61 | | $ 89,429.36 |
| 18 | 2136 W 83rd Street | $ 86,171.93 | $ - | $ 15,468.13 | $ 299.30 | $ 101,939.36 | $ 16,614.39 | $ 1,487.50 | $ 15,126.89 | $ 3,182.28 | | $ 83,630.19 |
| 19 | 417 Oglesby Avenue | $ 85,681.31 | $ 369.72 | $ 15,468.13 | $ 299.56 | $ 101,818.72 | $ 19,116.68 | $ 1,487.50 | $ 17,629.18 | $ 2,282.45 | | $ 81,907.09 |
| 20 | 7922 S Luella Avenue | $ 120,678.34 | $ 200.54 | $ 21,837.36 | $ 420.52 | $ 143,136.76 | $ 18,822.84 | $ 1,487.50 | $ 17,335.34 | $ 2,124.40 | | $ 123,677.02 |
| 21 | 7925 S Kingston Avenue | $ 71,360.20 | $ 2,054.72 | $ 14,558.24 | $ 261.80 | $ 88,234.96 | $ 17,464.76 | $ 1,487.50 | $ 15,977.26 | $ 2,014.67 | | $ 70,243.03 |
| 23 | 8030 S Marquette Avenue | $ 63,021.04 | $ 1,413.17 | $ 16,378.02 | $ 237.83 | $ 81,050.06 | $ 17,031.78 | $ 1,487.50 | $ 15,544.28 | $ 2,293.66 | | $ 63,212.12 |
| 24 | 8104 S Kingston Avenue | $ 129,170.70 | $ 2,646.02 | $ 18,197.80 | $ 449.09 | $ 150,463.61 | $ 17,586.42 | $ 1,487.50 | $ 16,098.92 | $ 2,793.59 | | $ 131,571.10 |
| 25 | 8403 S Aberdeen Street | $ 98,487.01 | $ 2,353.01 | $ 14,558.24 | $ 345.66 | $ 115,743.92 | $ 18,103.83 | $ 1,487.50 | $ 16,616.33 | $ 2,308.40 | | $ 96,819.19 |
| 27 | 8529 S Rhodes Avenue | $ 122,380.68 | $ 935.07 | $ 10,918.68 | $ 402.74 | $ 134,637.17 | $ 17,500.23 | $ 1,487.50 | $ 16,012.73 | $ 2,705.65 | | $ 115,918.79 |
| 29 | 9212 S Parnell Avenue | $ 84,934.06 | $ 2,460.11 | $ 10,918.68 | $ 296.17 | $ 98,609.02 | $ 16,464.29 | $ 1,487.50 | $ 14,976.79 | $ 1,907.10 | | $ 81,725.13 |
| 30 | 10012 S LaSalle Avenue | $ 79,102.26 | $ 2,023.57 | $ 6,250.83 | $ 265.07 | $ 87,641.73 | $ 16,867.43 | $ 1,487.50 | $ 15,379.93 | $ 1,939.54 | | $ 70,322.26 |
| 31 | 11318 S Church Street | $ 114,979.02 | $ 1,159.21 | $ 10,157.60 | $ 379.47 | $ 126,675.30 | $ 18,335.31 | $ 1,487.50 | $ 16,847.81 | $ 2,470.56 | | $ 107,356.93 |
| 32 | 3213 S Throop Street | $ 117,834.62 | $ - | $ 19,533.84 | $ 405.36 | $ 137,773.82 | $ 21,262.40 | $ 1,487.50 | $ 19,774.90 | $ 3,379.95 | | $ 114,618.97 |
| 34 | 406 E 87th Place | $ 92,555.38 | $ - | $ 7,032.18 | $ 298.28 | $ 99,885.84 | $ 16,613.24 | $ 1,487.50 | $ 15,125.74 | $ 2,550.22 | | $ 82,209.88 |
| 36 | 6554 S Rhodes Avenue | $ 75,853.54 | $ 1,086.01 | $ 10,157.60 | $ 260.23 | $ 87,357.38 | $ 18,094.84 | $ 1,487.50 | $ 16,607.34 | $ 2,946.38 | | $ 67,803.66 |
| 37 | 6825 S Indiana Avenue | $ 119,930.56 | $ 1,053.41 | $ 6,250.83 | $ 384.56 | $ 127,619.36 | $ 17,385.34 | $ 1,487.50 | $ 15,897.84 | $ 2,988.45 | | $ 108,733.07 |
| 38 | 7210 S Vernon Avenue | $ 57,667.13 | $ 224.08 | $ 3,516.09 | $ 184.81 | $ 61,592.11 | $ 18,009.94 | $ 1,487.50 | $ 16,522.44 | $ 2,958.70 | | $ 42,110.97 |
| 39 | 7712 S Euclid Avenue | $ 118,934.85 | $ 1,641.15 | $ 10,157.60 | $ 393.77 | $ 131,127.37 | $ 18,577.49 | $ 1,487.50 | $ 17,089.99 | $ 2,066.27 | | $ 111,971.11 |
| 41 | 8107 S Kingston Avenue | $ 89,825.21 | $ 367.31 | $ 7,813.54 | $ 293.61 | $ 98,299.67 | $ 17,549.17 | $ 1,487.50 | $ 16,061.67 | $ 2,323.11 | | $ 79,914.89 |
| 42 | 8346 S Constance Avenue | $ 127,584.75 | $ 1,470.86 | $ 6,875.91 | $ 411.30 | $ 136,342.82 | $ 17,611.57 | $ 1,487.50 | $ 16,124.07 | $ 1,890.98 | | $ 118,327.77 |
| 43 | 8432 S Essex Avenue | $ 129,042.27 | $ 393.26 | $ 4,688.12 | $ 405.35 | $ 134,529.00 | $ 17,042.86 | $ 1,487.50 | $ 15,555.36 | $ 1,849.64 | | $ 117,124.00 |
| 44 | 8517 S Vernon Avenue | $ 120,836.94 | $ 1,173.70 | $ 10,938.95 | $ 399.23 | $ 133,348.82 | $ 19,377.21 | $ 1,487.50 | $ 17,889.71 | $ 2,066.27 | $ 841.94 | $ 112,550.90 |
| 45 | 2129 W 71st Street | $ 57,320.28 | $ 1,002.02 | $ 5,658.05 | $ 191.30 | $ 64,171.65 | $ 17,787.28 | $ 1,487.50 | $ 16,299.78 | $ 1,899.70 | | $ 45,972.17 |
| 46 | 9610 S Woodlawn Avenue | $ 74,850.80 | $ 2,328.96 | $ 10,435.82 | $ 259.79 | $ 87,875.37 | $ 19,592.91 | $ 1,487.50 | $ 18,105.41 | $ 2,279.60 | $ 431.13 | $ 67,059.23 |
| 48 | 6759 S Indiana Avenue | $ 87,606.27 | $ - | $ 2,514.69 | $ 271.72 | $ 90,392.68 | $ 15,536.86 | $ 1,487.50 | $ 14,049.36 | $ 3,189.78 | | $ 73,153.54 |
| | **TOTALS** | **$ 2,498,393.12** | **$ 33,751.01** | **$ 295,770.64** | **$ 8,461.85** | **$ 2,836,376.62** | **$ 465,452.74** | **$ 38,675.00** | **$ 426,777.74** | **$ 62,895.38** | **$ 1,273.07** | **$ 2,345,430.43** |

Exhibit A
Joint Motion to Approve Distributions for Midland Single Claim Properties

*COST REIMBURSEMENT DETAIL - MIDLAND SINGLE CLAIM PROPERTIES*

| Prop # | PROPERTY ADDRESS | Net amount reimbursable from property insurance premiums (after credits for refunds applied) | Cost reimbursement (allocated share) for newspaper publication associated with sale (May 2020) | Cost reimbursement (allocated share) for property inspection fee (May 2020)[1] | Cost reimbursement for Fed Ex Delivery | Cost Reimbursement (allocated share) for Tax Appeal | Net Distribution to Receiver for Cost Reimbursements |
|---|---|---|---|---|---|---|---|
| 16 | 1017 W 102nd Street | $ 1,768.61 | $ 14.86 | $ 133.95 | | | $ 1,917.42 |
| 17 | 1516 E 85th Place | $ 2,417.80 | $ 14.86 | $ 133.95 | | | $ 2,566.61 |
| 18 | 2136 W 83rd Street | $ 3,033.47 | $ 14.86 | $ 133.95 | | | $ 3,182.28 |
| 19 | 417 Oglesby Avenue | $ 1,988.66 | $ 14.86 | $ 150.00 | $ 128.93 | | $ 2,282.45 |
| 20 | 7922 S Luella Avenue | $ 1,975.59 | $ 14.86 | $ 133.95 | | | $ 2,124.40 |
| 21 | 7925 S Kingston Avenue | $ 1,865.86 | $ 14.86 | $ 133.95 | | | $ 2,014.67 |
| 23 | 8030 S Marquette Avenue | $ 2,144.85 | $ 14.86 | $ 133.95 | | | $ 2,293.66 |
| 24 | 8104 S Kingston Avenue | $ 2,644.78 | $ 14.86 | $ 133.95 | | | $ 2,793.59 |
| 25 | 8403 S Aberdeen Street | $ 2,159.59 | $ 14.86 | $ 133.95 | | | $ 2,308.40 |
| 27 | 8529 S Rhodes Avenue | $ 2,556.84 | $ 14.86 | $ 133.95 | | | $ 2,705.65 |
| 29 | 9212 S Parnell Avenue | $ 1,758.29 | $ 14.86 | $ 133.95 | | | $ 1,907.10 |
| 30 | 10012 S LaSalle Avenue | $ 1,790.73 | $ 14.86 | $ 133.95 | | | $ 1,939.54 |
| 31 | 11318 S Church Street | $ 2,321.75 | $ 14.86 | $ 133.95 | | | $ 2,470.56 |
| 32 | 3213 S Throop Street | $ 3,231.14 | $ 14.86 | $ 133.95 | | | $ 3,379.95 |
| 34 | 406 E 87th Place | $ 2,401.41 | $ 14.86 | $ 133.95 | | | $ 2,550.22 |
| 36 | 6554 S Rhodes Avenue | $ 2,783.28 | $ 14.86 | $ 133.95 | | $ 14.29 | $ 2,946.38 |
| 37 | 6825 S Indiana Avenue | $ 2,783.28 | $ 14.86 | $ 133.95 | | $ 56.36 | $ 2,988.45 |
| 38 | 7210 S Vernon Avenue | $ 2,783.28 | $ 14.86 | $ 133.95 | | $ 26.61 | $ 2,958.70 |
| 39 | 7712 S Euclid Avenue | $ 1,917.46 | $ 14.86 | $ 133.95 | | | $ 2,066.27 |
| 41 | 8107 S Kingston Avenue | $ 2,174.30 | $ 14.86 | $ 133.95 | | | $ 2,323.11 |
| 42 | 8346 S Constance Avenue | $ 1,742.17 | $ 14.86 | $ 133.95 | | | $ 1,890.98 |
| 43 | 8432 S Essex Avenue | $ 1,700.83 | $ 14.86 | $ 133.95 | | | $ 1,849.64 |
| 44 | 8517 S Vernon Avenue | $ 1,917.46 | $ 14.86 | $ 133.95 | | | $ 2,066.27 |
| 45 | 2129 W 71st Street | $ 1,750.89 | $ 14.86 | $ 133.95 | | | $ 1,899.70 |
| 46 | 9610 S Woodlawn Avenue | $ 2,130.79 | $ 14.86 | $ 133.95 | | | $ 2,279.60 |
| 48 | 6759 S Indiana Avenue | $ 3,040.97 | $ 14.86 | $ 133.95 | | | $ 3,189.78 |
| | **TOTALS** | **$ 58,784.08** | **$ 386.36** | **$ 3,498.75** | **$ 128.93** | **$ 97.26** | **$ 62,895.38** |

[1] *Property inspection for 417 Ogelsby was April 2021*

**Exhibit B**
Joint Motion to Approve Distributions for Midland Single Claim Properties