# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |
|---|---|
| United States Securities and Exchange Commission,<br><br>Plaintiff,<br><br>v.<br><br>EquityBuild, Inc., EquityBuild Finance, LLC, Jerome H. Cohen, and Shaun D. Cohen,<br><br>Defendants. | No.: 18-cv-5587<br>Honorable John Z. Lee<br>Magistrate Judge Young B. Kim |

**FEDERAL HOUSING FINANCE AGENCY, FANNIE MAE, AND FREDDIE MAC'S JOINT OBJECTION TO RECEIVER'S FIFTEENTH AND SIXTEENTH INTERIM APPLICATIONS AND MOTIONS FOR COURT APPROVAL OF PAYMENT OF FEES AND EXPENSES OF RECEIVER AND RECEIVER'S RETAINED PROFESSIONALS**

The Federal Housing Finance Agency ("FHFA"), as Conservator for the Federal National Mortgage Association ("Fannie Mae") and Federal Home Loan Mortgage Corporation ("Freddie Mac") (together, "the Enterprises"), Fannie Mae, and Freddie Mac respectfully object to the Receiver's Fifteenth and Sixteenth Interim Applications and Motions for Court Approval of Payment of Fees and Expenses of Receiver and Receiver's Retained Professionals, Dkts. 1251 and 1293 (together, "the Motions"), to the extent they seek to allocate fees to 1131-41 East 79th Place or 7024-32 South Paxton Avenue (together, the "GSE Properties").

On March 4, 2022, FHFA filed an objection (Dkt. 1209, the "Initial Objection") to the Receiver's motion to allocate its fees and costs to specific properties insofar as it would allocate any costs to the GSE Properties (Dkt. 1107). FHFA objected on the grounds that the allocation of fees and costs to the GSE Properties violates federal law, including the mandates that: (i) "no court may take any action to restrain or affect the exercise of powers or functions of [FHFA] as a conservator," 12 U.S.C. § 4617(f); and that (ii) conservatorship property is not "subject to levy, attachment, garnishment, foreclosure, or sale without [FHFA's] consent," 12 U.S.C. § 4617(j)(3).

*See* Dkt. 1209; *see also* Dkt. 1266. The Magistrate Judge's June 22, 2022 Minute Order (Dkt. 1257) and Opinion (Dkt. 1258) overruled FHFA's objection. FHFA then objected to the Magistrate's decision under Rule 72 on July 7, 2022. Dkt. 1266 (the "Objection to the Order"). FHFA's Objection to the Order is fully briefed and pending before the district court. As explained in the Initial Objection and FHFA's briefing on the Objection to the Order, allocating fees and costs to the GSE Properties will necessarily dissipate the collateral securing each Enterprise's loan, thereby depriving the Conservator of a property interest and restraining the Conservator's powers to collect on obligations due the GSEs and to preserve and conserve conservatorship property.

Accordingly, and to preserve FHFA and the Enterprises' position as to any further allocations of Receiver's fees and costs to Properties, FHFA and the Enterprises object to the Motions to the extent that they seek to allocate fees and costs to the GSE Properties. In that regard, FHFA and the Enterprises respectfully rely upon and incorporate here by reference the arguments in the Initial Objection and FHFA's briefing on the Objection to the Order. *See* Dkts. 1209, 1266, 1279. To be clear, FHFA and the Enterprises' position is not that the fees and costs set forth in the Motions are themselves objectionable, but only that they cannot be allocated to or assessed against collateral representing the GSE Properties.[1]

Further, in the event that the Receiver moves for approval of property-by-property fee allocations against the GSE Properties, FHFA and the Enterprises reserve the right to assert the arguments that doing so violates federal law in opposition to that motion, and they intend to do so.

---

[1] The Enterprises may have additional objections to the fees and costs for their properties not included within this objection.

## **CONCLUSION**

FHFA and the Enterprises object to the Receiver's Motions to the extent its fees and costs are allocated to the GSE Properties, as such action is precluded by federal law. The Court should deny the Receiver's Motions to the extent the fees and costs are allocated against GSE Properties.

Dated:  August 30, 2022

Respectfully submitted,

/s/ Michael A.F. Johnson
Michael A.F. Johnson
ARNOLD & PORTER
   KAYE SCHOLER LLP
D.C. Bar No. 460879, *admitted pro hac vice*
601 Massachusetts Avenue NW
Washington, DC  20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
Michael.Johnson@arnoldporter.com

Daniel E. Raymond
ARNOLD & PORTER
   KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, Illinois  60602
Telephone: (312) 583-2300
Facsimile: (312) 583-2360
Daniel.Raymond@arnoldporter.com

*Attorneys for Federal Housing Finance Agency in its capacity as Conservator for the Federal National Mortgage Association and the Federal Home Loan Mortgage Corporation*

/s/ Jill L. Nicholson
Jill L. Nicholson
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, Illinois  60654
Telephone: (312) 832-4500
Facsimile: (312) 644-7528
jnicolson@foley.com

*Attorney for Federal National Mortgage Association*

/s/ Mark Landman
Mark Landman
LANDMAN CORSI
BALLAINE & FORD P.C.
120 Broadway, 27th Floor
New York, New York  10271
Telephone: (212) 238-4800
Facsimile: (212) 238-4848
mlandman@lcbf.com

*Attorney for Federal Home Loan Mortgage Corporation*

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 30, 2022, I caused the foregoing **Federal Housing Finance Agency, Fannie Mae, and Freddie Mac's Joint Objection to Receiver's Fifteenth and Sixteenth Interim Applications and Motions for Court Approval of Payment of Fees and Expenses of Receiver and Receiver's Retained Professionals** to be electronically filed with the Clerk of the Court through the Court's CM/ECF system, which sent electronic notification of such filing to all parties of record.

                                                  /s/ Daniel E. Raymond