UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,<br><br>　　　　　Defendants. | Case No. 1:18-cv-5587<br><br><br>Hon. John Z. Lee |

**MORTGAGEES' RESPONSE TO RECEIVER'S SIXTEENTH INTERIM APPLICATION AND MOTION FOR COURT APPROVAL OF PAYMENT OF FEES AND EXPENSES OF RECEIVER AND RECEIVER'S RETAINED PROFESSIONALS**

　　　　The Mortgagees identified on Exhibit A object to the Receiver's Sixteenth Interim Fee Application and Motion for Court Approval of Payment of Fees and Expenses of Receiver and Receiver's Retained Professionals (Dkt. 1293, the "16th Fee Application") on the same bases contained in their prior objections, which objections this Court has denied. They also object generally to the Receiver's request in his 16th Fee Application for a super priority lien for the same reasons contained in Mortgagees' Response to Motion for Approval to Pay Certain Previously Approved Fees and Cost (Dkt. 961), which the Court denied with respect to fees incurred in (i) the preservation, management, and liquidation of certain real estate belonging to the Receivership Estate, and (ii) the implementation and management of an orderly summary claim-priority adjudication process. (Dkt. 1030.)

　　　　While preserving the above objections, the Mortgagees further object to the Receiver's request that fees (the "Fees") and expenses shown on Exhibits F through I of the 16th Fee Application be paid on a first priority basis from the proceeds of the sale of certain Receivership

real properties (the "Properties") (Dkt. 1181, pp. 14, 15) to the extent that they are not covered by the Court-approved Priming Lien Categories. The Mortgagees request that the Receiver's request for a priority lien and his allocations be referred to Magistrate Judge Kim because the Mortgagees' similar objections in response to the Receiver's Motion for Approval of Allocations of Fees to Properties for Payment Pursuant to Receiver's Lien ("Fee Allocation Motion") (Dkt. 1107) are pending before Magistrate Judge Kim.

Finally, the Mortgagees request a 20% holdback of Fees requested in the Receiver's 16th Fee Application (Dkt. 1293) and an additional 20% holdback on the payment of all Fees (Dkt. 1030, p. 15) for the same reasons contained in their objections to the Receiver's ninth, tenth, eleventh, twelfth, thirteenth, fourteenth and fifteenth fee applications (Dkt. 907, 960, 1000, 1039, 1188, 1250) and the orders providing for those holdbacks (Dkt. 1030, 1031, 1213, p. 9).

## BACKGROUND

1. The Mortgagees generally refer the Court to the Background section of their Response to Receiver's Fourteenth Interim Application and Motion for Court Approval of Payment of Fees and Expenses of Receiver and Receiver's Retained Professionals (Dkt. 1250, pp. 2-6).

2. As additional background here, on May 16, 2022 (Dkt. 1251) and supplemented on May 26, 2022 (Dkt. 1256), the Receiver filed his Fifteenth Fee Application. On August 15, 2022, the Receiver filed his Sixteenth Fee Application. (Dkt. 1293).

3. By orders dated August 16, 2022, the Court ordered Mortgagees to file responses or objections, if any, to both the Fifteenth and Sixteenth motions by August 30, 2022. Dkts. 1297-1298.

2

**I. The Mortgagees Assert The Same Objections To The Receiver's 16th Fee Application As They Asserted To The Receiver's Prior Fee Applications.**

The Mortgagees adopt and assert their objections to the Receiver's prior fee applications (Dkts. 1210, 1188, 1181, 1039, 1000, 960, 792, 777, 648, 617, 595, 581, 509, 438) to the Receiver's 16th Fee Application, to preserve those objections by incorporating them by reference into this response.

**II. The Receiver Has Failed to Show That His Fees and Expenses in His 16th Fee Application Fall Within the Court-Approved Priming Lien Categories.**

The Receiver requests that the Fees shown on, among other exhibits, Exhibits F and G, be paid as a first lien from the proceeds of the sales of the Properties. The Receiver also attaches summaries and compilations of the same information provided with more detail in Exhibits F and G, and therefore the line item specific objections are presented by Mortgagees only as to Exhibits F and G.

The Receiver's narrative in his 16th Fee Application of the services furnished during the period covered by the 16th Fee Application shows that many of those services are not covered by the Court-Approved Priming Lien Categories or, to the extent that they are covered, otherwise should not be paid as a priority lien, as discussed below. Although the Receiver may have invoiced the Fees in accordance with SEC billing protocols, such compliance alone does not establish that they fall within the Court-Approved Priming Lien Categories.

The Mortgagees have color highlighted sample entries on the Receiver and his attorneys' monthly invoices (Exhibits F and G to the 16th Fee Application) to illustrate Fees that should not prime their liens, a copy of which is attached as Ex. B. The bases of these specific objections are as follows:

*First,* Fees that are not covered by the either of the Court-Approved Priming Lien Categories are highlighted in red. These include:

- Fees incurred to give notice of the Receiver's appointment to individuals or entities which have been identified as potentially possessing property, books, or records of the Receivership Defendants (Dkt. 1293, p.6) because those efforts are receivership tasks that were not furnished to preserve, manage, or liquidate real estate belonging to the Receivership Estate or manage the claims administration process, and thus are not covered by the Court-Approved Priming Lien Categories. The Receiver fails to show why those Fees should be paid as part of its priority lien.

- Fees incurred in efforts to locate and preserve records because the Receiver fails to show that they are related to the management or disposition of the Properties or the management of the claims administration process, especially because the EquityBuild Records were deposited with a third-party vendor before the commencement of the Group One claim process in the summer of 2021. Dkt. 1293 pp.6-7.

- Fees incurred for the "factual investigation" and actions against EquityBuild professionals (Dkt. 1293, p. 7) do not fall within either of the two Court-Approved Priming Lien Categories.

- Fees incurred with respect to tax issues (Dkt. 1293, pp. 7-8) have no relation to the two Court-Approved Priming Lien Categories.

- Fees incurred with respect to ongoing separate litigation (Dkt. 1293, pp. 5-6) have no relation to the two Court-Approved Priming Lien Categories.

4

- o Fees incurred to address creditor inquiries (Dkt. 1293, pp. 8-11) fall outside the scope of the Court-Approved Priming Lien Categories. The Receiver has failed to show that they were incurred with respect to preservation, management or disposition of properties or the management of the claims adjudication process.
- o Entries that lack sufficient detail to show that they should be paid as a priming lien should not be paid as part of the Receiver's priming lien.

*Second*, Fees incurred to address open building code violations (Dkt. 1251, p. 5) do not support a priming lien where the Receiver caused the violation by either causing the condition or failing to cure it. The Receiver fails to provide sufficient information to show the nature of the violations, such as the occurrence date, or the claimed violation, to show that the Fees were incurred not as the result of the Receiver or his vendor's failure to comply with the Chicago Municipal Code. Examples are highlighted in green.

*Third,* Fees incurred to litigate Group 1 claims (Dkt. 1251, p.10) are not payable at this time through a priming lien. The Court has ruled that whether the time spent litigating the Group 1 claims could be paid from a priority lien would be determined as part of the claims adjudication process. (Dkt. 1030, p. 14, n.7.) Examples are highlighted in yellow.

*Fourth*, Midland and US Bank as Trustee (both as defined in Exhibit A) in previously-filed objections to prior fee applications of the Receiver objected to a priming lien for Fees incurred to resolve Mortgagees' claims where no other claims were submitted for particular properties.[1] The Mortgagees' objections were indicated by grey highlighting on entries related to

---

[1] The Single-Claim Properties are properties against which only one claimant asserted that it held a lien. They are: 1017 W 102nd Street, 1516 E 85th Place, 2136 W 83rd Street, 417 Oglesby Avenue, 7922 S Luella Avenue, 8030 S Marquette Avenue, 8104 S Kingston Avenue, 8403 S Aberdeen Street, 8529 S Rhodes Avenue, 11318 S Church Street, 2129 W 71st Street, 6749-59 S

5

such properties. However, the properties to which this issue applied have been fully settled including as to the fee objections. See Dkts. 1272, 1288, 1300, 1301. Such objections are therefore not lodged in the Mortgagees' objections to the 15th and 16th fee petitions, and grey highlighting on prior fee objections lodged on this basis should be disregarded by the Court.

**III.  The Receiver's Proposed Allocations Should be Referred to Magistrate Judge Kim.**

The Court previously referred the Receiver's Fee Allocation Motion to Magistrate Judge Kim for disposition. (Dkt. 1112.) The Mortgagees filed a detailed response. (Dkt. 1210.) That motion is currently pending before Magistrate Judge Kim. The Mortgagees request that the Court refer the Receiver's request that the tasks shown on his exhibits be approved as a priming lien and allocated as shown on that exhibit to Magistrate Judge Kim for the same reasons that the Receiver's Fee Allocation Motion has been referred to Judge Kim and to foster uniformity.

**IV.  The 16th Fee Application Should Be Subject To A 20% Holdback.**

Consistent with the Court's order approving the Receiver's ninth, tenth, and eleventh fee petitions (Dkt. 1031, pp. 13-14), and twelfth fee petition, (Dkt. 1213, p. 9), if the Court approves the fees requested in the 16th Fee Application, the Mortgagees request that any approved fees be subject to a 20% holdback. Further, consistent with the Court's August 17, 2021 Order (Dkt. 1030, pp. 14-16) and March 14, 2022 order (Dkt. 1213), if the Receiver seeks to pay its approved fees from the proceeds of the sales of the Properties, the Mortgagees request an additional 20% holdback. In further support of this request, the Mortgagees incorporate by reference their

---

Merrill Avenue, 7110 S Cornell Avenue, 7925 S. Kingston, 9212 S. Parnell, 7210 S. Vernon, 6825 S. Indiana, 406 E 87th Place, 6554 S. Rhodes, 7712 S. Euclid, 8432 S. Essex, 3213 S Throop, 8107 S. Kingston, 8346 S. Constance, 10012 S LaSalle, 9610 S. Woodlawn, 6759 S. Indiana Ave, and 8517 S. Vernon.

097077.000109 4861-9454-1615.3

requests for a 20% holdback contained in the Mortgagees' objections to the Receiver's ninth, tenth and eleventh fee applications (Dkts. 907, pp.10-12, 960, pp. 12-14, and 1000, pp. 11-13).

The Receiver in reply generally incorporates his prior arguments on that topic (*see* Dkt. 1255 at pp. 13-15, Dkt. 1293 at 15) and Mortgagees do the same (*see* Dkt. 1250 at pp. 10-12).

## CONCLUSION

Consequently, the Mortgagees request that the Court deny the Receivers 16th Fee Application on the grounds raised in their objections to the Receiver's prior fee applications. If the Fees are approved, the Mortgagees request that only those Fees that are covered by the Court-Approved Priming Lien Categories can be paid as part of the Receiver's priming lien and that the Court refer the determination of issue of priority and allocation to Magistrate Judge Kim. They further request that any approved fees be subject to a 20% holdback and that any payment of approved fees be subject to an additional 20% holdback.

Respectfully submitted,

| /s/ Michael Gilman<br><br>Edward S. Weil<br>(eweil@dykema.com)<br>Michael A. Gilman<br>(mgilman@dykema.com)<br>Todd Gale<br>(tgale@dykema.com)<br>Brett J. Natarelli<br>(bnatarelli@dykema.com)<br>Kevin Connor<br>(kconnor@dykema.com)<br>Dykema Gossett PLLC<br>10 S. Wacker Drive<br>Suite 2300<br>Chicago, Illinois 60606<br>(312) 627-5675<br>*Federal Home Loan Mortgage Corporation*<br>*Wilmington Trust, National Association, as*<br>*Trustee for the Registered Holders of Wells* | /s/ Ronald A. Damashek<br>Ronald Damashek<br>(rdamashek@dickinsonwright.com)<br>Dickinson Wright PLLC<br>55 West Monroe Street — Suite 1200<br>Chicago, Illinois 60603<br>Ph: (312) 377-7858<br>Fax: (312) 423-8160<br>*Counsel for Citibank N.A., as Trustee for*<br>*the Registered Holders of Wells Fargo*<br>*Commercial Mortgage Securities, Inc.,*<br>*Multifamily Mortgage Pass-Through*<br>*Certificates, Series 2018-SB14;*<br>*Midland Loan Services, a Division of PNC*<br>*Bank, National Association; Thorofare Asset*<br>*Based Lending REIT Fund IV, LLC; and*<br>*EBCP, LLC*<br><br>s/ Jill L. Nicholson<br>Jill L. Nicholson (jnicholson@foley.com) |

7

| | |
|---|---|
| *Fargo Commercial Mortgage Trust 2014-LC16, Commercial Mortgage Pass-Through Certificates, Series 2014-LC16; Wilmington Trust, National Association, as Trustee for the Registered Holders of UBS Commercial Mortgage Trust 2017-C1,Commercial Mortgage Pass-Through Certificates, Series 2017-C1; Citibank N.A., as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB48; Federal National Mortgage Association; U.S. Bank National Association, as Trustee for the registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2017-SB41;U.S. Bank National Association, as Trustee for the registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB50;U.S. Bank National Association, as Trustee for the registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2017-SB30 Sabal TL1 LLC; Midland Loan Services, a Division of PNC Bank, N.A. as servicer for Wilmington Trust, N.A., as Trustee for the Benefit of Corevest American Finance 2017-1 Trust Mortgage Pass-Through Certificates; Midland Loan Services, a Division of PNC Bank, N.A. as servicer for Wilmington Trust, N.A., as Trustee for the Registered Holders of Corevest American Finance 2017-2 Trust, Mortgage Pass-Through Certificates, Series 2017¬2; BC57, LLC; UBS AG; 1111 Crest Dr., LLC, Pakravan Living Trust, Hamid Ismail, Farsaa, Inc.; Thorofare Asset Based Lending REIT Fund IV LLC* | Andrew T. McClain (amcclain@foley.com)<br>Foley & Lardner LLP<br>321 N. Clark St., Ste. 3000<br>Chicago, IL 60654<br>Ph: (312) 832-4500<br>Fax: (312) 644-7528<br>*Counsel for Citibank N.A., as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB48; U.S. Bank National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2017-SB30; U.S. Bank National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2017-SB41; U.S. Bank National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB50; Wilmington Trust, National Association, as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Trust 2014-LC16, Commercial Mortgage Pass-Through Certificates, Series 2014-LC16; Federal National Mortgage Association; and Sabal TL1, LLC* |
| s/Jay L. Welford<br>Jay L. Welford<br>Counsel to Liberty EBCP, LLC | s/ William J. Serritella, Jr.<br>William J. Serritella, Jr. |

8

097077.000109 4861-9454-1615.3

| | |
|---|---|
| jwelford@jaffelaw.com<br>JAFFE RAITT, HEUER & WEISS, P.C.<br>Jay L. Welford (P34471)<br>27777 Franklin Road, Suite 2500<br>Southfield, Michigan 48034<br>(248) 351-3000<br><br>s/ Mark S. Landman<br>mlandman@lcbf.com<br>Landman Corsi Ballaine & Ford P.C.<br>120 Broadway, 13th Floor<br>New York, NY 10271<br>Ph: (212) 238-4800<br>Fax: (212) 238-4848<br>*Counsel for Freddie Mac*<br><br>/s/ Thomas B. Fullerton<br>Thomas B. Fullerton (6296539)<br>Akerman LLP<br>71 S. Wacker Drive, 47th Floor<br>Chicago, IL 60606<br>(312) 634-5700<br>thomas.fullerton@akerman.com<br><br>/s/ Michael D. Napoli<br>Michael D. Napoli (TX 14803400)<br>Akerman LLP<br>2001 Ross Avenue, Suite 3600<br>Dallas, TX 75201<br>(214) 720-4360<br>michael.napoli@akerman.com<br>*Counsel for Midland Loan Services, a Division of PNC Bank, National Association* | wserritella@taftlaw.com<br>Taft Stettinius & Hollister LLP<br>111 East Wacker Drive, Suite 2800<br>Chicago, IL 60601<br>(312) 527-4000<br><br>/s/ John F. Sullivan<br>John F. Sullivan<br>Jsullivan@plunkettcooney.com<br>Plunkett Cooney, PC<br>221 N. LaSalle Street, Ste. 3500<br>Chicago, IL 60601<br>Ph: (312) 970-3480<br>Fax: (248) 901-4040<br>*Counsel for UBS AG*<br><br>/s/William R. Wurm<br>William R. Wurm, #6324871<br>(William.Wurm@stinson.com)<br>Stinson, LLP<br>7700 Forsyth Blvd., Suite 1100<br>St. Louis, MO 63105<br>Phone: (314) 863-0800<br>Fax: (314) 259-3931<br>*Attorneys for BMO Harris Bank, N.A., and Midland Loan Services, a division of PNC Bank, NA, acting under authority designated by Colony American Finance Lender, LLC, assignee Wilmington Trust, N.A. as Trustee for the benefit of registered holder of Colony American Finance 2015-1*<br><br>/s/ David Hart<br>David Hart<br>(dhart@maddinhauser.com)<br>Robert M. Horwitz<br>(rhorwitz@maddinhauser.com)<br>Maddin, Hauser, Roth & Heller, P.C.<br>28400 Northwestern Highway<br>Suite 200-Essex Centre<br>Southfield MI 48034<br>Phone: (248) 827-1884<br>*Counsel for BC57, LLC* |

097077.000109 4861-9454-1615.3

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2022, I electronically filed with CM/ECF the foregoing **MORTGAGEES' RESPONSE TO RECEIVER'S SIXTEENTH INTERIM APPLICATION AND MOTION FOR COURT APPROVAL OF PAYMENT OF FEES AND EXPENSES OF RECEIVER AND RECEIVER'S RETAINED PROFESSIONALS** which sent electronic notification of the filing to all attorneys of record

*/s/ Candace Mandel*