UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) |  |
| Plaintiff, | ) ) | No. 18-cv-5587 |
| v. | ) ) | Hon. Manish S. Shah |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | ) ) ) ) ) ) | Magistrate Judge Young B. Kim |
| Defendants. | ) ) |  |

**RECEIVER'S RESPONSE TO MOTION FOR LEAVE TO FILE CLAIM
AND REVISED RECOMMENDATION**

Kevin B. Duff, as receiver ("Receiver") for the Estate of Defendants EquityBuild, Inc., EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen, for his response to the Motion for Leave to File Claim (Dkt. 1308), states as follows:

1. The Receiver refers the Court to his Position as to the late claim submission received from Joseph and Linda Martinez ("the movants"). (Dkt. 1299)

2. The Receiver designed, the Court approved, and the Receiver implemented a fair and reasonable claims process that included the opportunity and means for the movants to ensure and confirm that they had properly and timely submitted a claim.

3. The Receiver notes that the last page of Proof of Claim form (Dkt. 241-1 at 37, and Proof of Claim Form available on Receiver's website) instructed claimants (with capitalization and bold in the original) as follows:

> **YOU SHOULD RETAIN THE CONFIRMATION EMAIL YOU RECEIVE ALONG WITH YOUR REFERENCE NUMBER AND THE ORIGINALS OF ALL SUPPORTING DOCUMENTATION SUBMITTED HEREWITH. YOU SHOULD RETAIN YOUR CONFIRMATION EMAIL AND REFERENCE NUMBER TO BE USED IN THE EVENT YOUR CLAIM IS NOT RECEIVED.**

4. The movants do not assert that they received any confirmation email or reference number after they attempted to submit their claim.

5. The movants explanation for why it took approximately three years for them to realize that they had not properly submitted their claim and do something about it was that they were told the claims process would take a long time and they needed to be patient. (Dkt. 1308) They also stated that they believed they did not need to heed deadline warnings because they thought they had already submitted their claim. (*Id.*) The Receiver further notes that there is no indication that the movants are (or have been) represented by counsel.

6. In sum, the movants state that they took affirmative steps to submit a claim through the system established by the Receiver, thought they had done so, and had no reason to believe otherwise. (*Id.*)

7. The Receiver does not question, doubt, or dispute the veracity of the movants' explanation for having failed to property and timely submit a claim. The movants' failure to ensure that they had properly, timely, and successfully submitted a claim appears to have been an error by them.

8. The Receiver sent numerous email communications to the movants about the claims process, though never about their claim specifically. (*See* Dkt. 1299)

9. Their claim was not previously listed by the Receiver in any version of the master claims list that was repeatedly filed with the Court in various status reports and filings about submitted claims and made available to claimants on the Receivership web site.

10. There is a legitimate question about whether any other claimant would be prejudiced by allowing the movants' claim to be considered along with other claims against Group 1 properties.

11. There is no question that, by virtue of not having participated in the Group 1 claims process, the movants did not provide and produce information that other Group 1 claimants were required to provide and produce. This precluded scrutiny of their claim by other claimants, although the extent of such examination is uncertain and speculative. On the other hand, out of 171 claimants in Group 1, 27 other investor-lender claimants did not submit responses to the standard discovery responses and 83 other investor-lender claimants did not submit a position statement.

12. On the issue of priority, it is likely that allowing the movants' claim to be considered with other claims for the two Group 1 properties against which movants have asserted claims – *i.e.,* 3074 E Cheltenham Place (Property No. 74) and 7750-58 S Muskegon Avenue (Property No. 78) – would not materially impact the financial outcome for the largest single claimant and the only claimant to oppose investor-

lender claims on those two properties, which is institutional-lender claimant BC57. This is shown from considering the following potential outcomes of the priority dispute with respect to those properties: if BC57 prevails, then it will be compensated for its secured claim before the movants; by comparison, if BC57 does not prevail on priority, then BC57 is not likely to receive anything from the funds against which it has asserted a secured claim because the total amount of investor-lender secured claims for those properties exceeds the amount of funds available to be distributed. (*See* Dkt. 1201 & Ex. 8) In short, these points – with respect to the potential outcomes of the priority dispute for the two noted Group 1 properties – are true irrespective of whether the amounts of the movants' claims against those properties are considered. (*Id.*)

13. Although adding the Martinez's claims would impact the other investor-lender claims, the impact would not be material. The movants have asserted a $50,000 claim against 3074 Cheltenham, which equates to 2.2% of the overall investor claims (including movants' claim). They also have asserted a $50,000 claim against 7750 Muskegon, which equates to 2.3% of the overall investor claims (including movants' claim). Moreover, should the investor lender claimants prevail in the priority dispute with BC57, the Receiver and other claimants would require an opportunity to evaluate the late claims, and the actual amount to which the Martinez's would be entitled in that circumstance could be less than the amount they have claimed, resulting in an even smaller impact.

14. While other claimants who timely submitted claims incurred the time and expense of doing so, the movants have shown that they also made the effort to submit a claim based on the attestation in their motion. The Court's previous orders with respect to the claims bar date, claims amendments, and Group 1 claims process also must be considered and their effect meaningfully and equitably applied, as well as the fact that the movants are not represented by counsel.

### Receiver's Revised Recommendation

15. Upon further consideration of movants' showing, in equity and fairness to all, the issues discussed herein, and potential impact on other claimants of allowing movants' claim, the Receiver recommends that the Court consider movants claims along with all other submitted claims with respect to the three properties against which they have asserted claims, including the two properties against which they have asserted claims included in Group 1.

16. The Receiver places particular weight on the following: movants have shown they took substantive and intentional steps in an effort to properly and timely submit their claim, apart from receiving a confirmation email and reference number through the claims portal; there is no indication that the movants are (or have been) represented by counsel; and the Receiver has confirmed from claims portal records that the movants, in fact, accessed the portal and took steps consistent with their assertion that they intended to and attempted to timely submit their claim.

17. The Receiver notes that his revised recommendation set forth herein is based upon the unique facts and circumstances discussed and is not necessarily

5

indicative or precedential with respect to what his position would be if in the future other late claims were to be asserted. With respect to any such future late claim asserted, the Received expressly reserves and does not waive any objections he may have.

Dated: September 19, 2022

                                                Kevin B. Duff, Receiver

                                        By: /s/ Michael Rachlis
                                                Michael Rachlis
                                                Jodi Rosen Wine
                                                Rachlis Duff & Peel LLC
                                                542 South Dearborn Street, Suite 900
                                                Chicago, IL 60605
                                                Phone (312) 733-3950
                                                mrachlis@rdaplaw.net
                                                jwine@rdaplaw.net

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2022, I electronically filed the foregoing Response to Motion for Leave to File Claim with the Clerk of the United States District Court for the Northern District of Illinois, using the CM/ECF system. A copy of the foregoing was served upon counsel of record via the CM/ECF system.

I further certify that I caused a true and correct copy of the foregoing to be served upon all known EquityBuild investors and all known individuals or entities that submitted a proof of claim in this action (sent to the e-mail address each claimant provided on the claim form).

I further certify that I caused a true and correct copy of the foregoing Response, to be served on Joseph and Linda Martinez by email using the contact information provided by them in their claim form.

I further certify that the Notice will be posted to the Receivership webpage at: http://rdaplaw.net/receivership-for-equitybuild

/s/ Michael Rachlis
Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone  (312) 733-3950
Fax    (312) 733-3952
mrachlis@rdaplaw.net