UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | No. 18-cv-5587 |
| v. | ) ) | Hon. Manish S. Shah |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | ) ) ) ) ) | Magistrate Judge Young B. Kim |
| Defendants. | ) ) | |

**RECEIVER'S MOTION TO APPROVE SETTLEMENT AND RELEASE AGREEMENT WITH WHITLEY PENN LLP AND TO AUTHORIZE PAYMENT OF CONTINGENCY FEE AND COSTS TO RECEIVER'S COUNSEL**

Kevin B. Duff, as receiver ("Receiver") for the Estate of Defendants EquityBuild, Inc. ("EquityBuild"), EquityBuild Finance, LLC ("EquityBuild Finance"), their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen (collectively, the "Receivership Defendants"), respectfully moves for approval of a $3,000,000 settlement reached with Whitley Penn LLP ("Whitley Penn") and to authorize payment of fees and costs to counsel for the Receiver. In support of this Motion, the Receiver states as follows:

*Background and Receiver's Power to Settle Claims*

1. The United States Securities and Exchange Commission ("SEC") filed this action against EquityBuild, EquityBuild Finance, Jerome Cohen, and Shaun Cohen alleging that the Cohens operated a Ponzi scheme through which they fraudulently induced more than 900 investors to invest at least $135 million in residential properties on the south side of Chicago. (Dkt. 1, ¶ 1)

1

2.	In its August 17, 2018 Order Appointing Receiver (Dkt. 16), the Court assumed exclusive jurisdiction over, and possession of, the assets of the Receivership Defendants.

3.	In the Order Appointing Receiver, the Court conferred upon the Receiver (1) "all powers, authorities, rights and privileges" theretofore possessed by the principals of the Receivership Defendants under applicable state and federal law, as well as by the governing operating and shareholders' agreements, and (2) all powers and authority of a receiver at equity, as well as all powers conferred upon a receiver under 28 U.S.C. §§ 754, 959, and 1692, and FRCP 66. (*Id.* ¶ 4)

4.	The Order Appointing Receiver authorizes the Receiver to take custody, control, and possession of all assets which the Receivership Defendants own, possess, have a beneficial interest in, or control directly or indirectly ("Receivership Assets"), to issue subpoenas for documents and testimony, and to sue for, collect, recover, receive, and take into possession from third parties all Receivership Assets. (*Id.* ¶ 8) The Court further authorized Receiver to investigate, prosecute, and compromise claims related to Receivership Assets. (*Id.* ¶¶ 37, 42)

5.	On August 11, 2020, the Receiver filed a motion for approval to retain additional counsel to perform certain legal work including investigation, advice, counsel, and representation in connection with potential recoveries the Receiver may achieve on behalf of the Receivership Estate or one or more entities within the Receivership Estate. (Dkt. 759, ¶ 2) The Receiver's motion stated that: "The Additional Counsel will seek compensation from the Receivership Estate solely on a contingency basis and only subject to review of the SEC and approval of the Court prior to any payment of compensation. Similarly, the Receiver and/or his existing counsel will also participate in the litigation of such claims, and any time and expenses incurred regarding the

potential claims that Additional Counsel will work on would also be compensated on a contingency basis and subject to review of the SEC and approval of the Court prior to any payment of compensation."[1] (*Id.* ¶ 6) In salient part, the engagement letter provides for the engaged law firms to receive a collective fee of 35% of any recovery obtained and that the firms would split the contingency fee in accordance with their agreement. In addition, the engagement letter provides for the payment of all costs and expenses incurred in connection with the representation from the recovery after deducting the contingent fee. (*See also* note 1, *supra*.) This Court granted the Receiver's motion to approve retention of additional counsel. (Dkt. 801)

***Whitley Penn's Services for the Receivership Defendants***

6.  Whitley Penn is a Texas-based accounting firm which was retained by EquityBuild in 2014, to provide professional tax preparation and accounting support services, and, in 2017, also began providing out-sourced clerical assistance to EquityBuild.

7.  The Receiver and his counsel have conducted investigation and research into the services performed by Whitley Penn on behalf of the Receivership Defendants.

***The Settlement Negotiations***

8.  On August 14, 2020, the Receiver entered into a tolling agreement with Whitley Penn to preserve any claims the Receiver had or may have against Whitley Penn. The tolling agreement has remained continuously in effect and will expire, if not extended, on February 14, 2023.

---

[1] Prior to granting the Receiver's motion, at the Court's request, the Receiver's counsel provided a copy of the engagement letter setting forth the engagement and compensation terms between the Receiver and the additional and existing counsel to the Court for its review. (A copy of the engagement letter between the Receiver and Spellmire Bruck LLP, Roeder Law Offices LLC, and Rachlis Duff & Peel, LLC can again be submitted for *in camera* review by the Court.)

9. The Receiver, through his counsel, raised concerns with Whitley Penn in connection with Whitley Penn's services to the Receivership Defendants. Whitley Penn retained the international law firm, Vinson & Elkins LLP, to represent it, denied any liability in regards to the Receiver's concerns, and raised a variety of issues in support of its positions. Discussions and negotiations ensued over the course of more than a year.

10. In evaluating Whitley Penn's positions, it became apparent to the Receiver that pursuing claims against Whitley Penn would require significant and time-consuming litigation and that the result of any such litigation would be difficult to predict.

11. Rather than proceeding to litigation, the Receiver utilized his reasonable business judgment, together with the advice from his counsel, to determine whether a settlement could be achieved with Whitley Penn that would be beneficial to the Receivership Estate. Whitley Penn agreed to attempt to reach a mediated resolution with the Receiver. To facilitate that effort, the Receiver and Whitley Penn retained the Honorable Jeff Kaplan (Ret.), who is with JAMS, to serve as a neutral mediator of the parties' settlement discussions.[2] Following extensive good faith negotiations, in which both parties were represented by counsel, the mediator recommended that the parties enter a settlement pursuant to which Whitley Penn would pay the Receivership Estate three million dollars ($3,000,000.00) (USD) (the "Settlement Amount"). The Receiver and Whitley Penn both agreed to accept the mediator's recommendation, which has resulted in a

---

[2] "Hon. Jeff Kaplan (Ret.) joined JAMS after nearly 20 years of service as a federal and state court judge. During his 18 years as a federal magistrate judge for the Northern District of Texas, Judge Kaplan presided over more than 60 jury trials and authored more than 2,100 opinions and recommendations in a variety of civil cases, including intellectual property, class action, employment, personal injury, civil rights, insurance, and complex business disputes. He is highly respected for his integrity, impartiality, and ability to quickly grasp and analyze complicated legal issues." *See* https://www.jamsadr.com/kaplan/.

4

written settlement agreement between the parties, subject to this Court's approval, in the form attached hereto as **Exhibit A** (the "Settlement Agreement"). The Settlement Agreement itself is the result of good faith negotiations.

12. Pursuant to and in accordance with the terms of the Settlement, the Receiver and Whitley Penn agree that Whitley Penn shall pay the Settlement Amount to the Receivership Estate, in one lump sum within 30 days following the Court's approval of the Settlement. In exchange for payment of the Settlement Amount, the Receiver shall release all claims against Whitley Penn and Whitley Penn shall release all claims against the Receiver and the Receivership Defendants. The Receiver respectfully submits that this is a fair and reasonable settlement for the Receivership Estate and he respectfully requests the Court's approval of the Settlement Agreement.[3]

### *The Court Has Broad Authority to Approve the Settlement*

13. The Court has wide discretion to determine whether to approve a settlement in a federal equity receivership. *See Gordon v. Dadante*, 336 Fed. Appx. 540, 551 (6th Cir. 2009) ("A district court has wide discretion to administer proceedings in an equity receivership—including the approval of settlements."). A district court's determination of the fairness of a settlement by a receiver is subject to the sound discretion of the Court. *Id.* at 545; *see also Sterling v. Stewart*, 158 F.3d 1199, 1202 (11th Cir. 1998) (the determination of fairness of a settlement in an equity receivership will not be overturned absent a clear showing of abuse of discretion).

---

[3] This description of the Settlement Agreement is included here for summary purposes only and not intended to constitute a full recitation of the terms of the Settlement Agreement. A review of this description or this Motion should not be a substitute for a review of the complete Settlement Agreement. *See* **Exhibit A**.

14. There are "no federal rules [that] prescribe a particular standard for approving settlements in the context of an equity receivership; instead, a district court has wide discretion to determine what relief is appropriate." *Gordon,* 336 Fed. Appx. at 548-49 (citing *Liberte Capital Group, LLC v Capwill*, 462 F.3d 543, 551 (6th Cir. 2006)). Courts in receivership proceedings have looked to decisions in other legal contexts, such as bankruptcy or class actions. *See, e.g., SEC v. Capital Cove Bancorp LLC,* 2016 WL 6156198 *1 (C.D. Cal. April 7, 2016) (noting that in approving a settlement, the bankruptcy court is charged with considering the "fairness, reasonableness and adequacy" of the agreement, and considers "(a) the probability of success in the litigation, (b) the difficulties to be encountered in the matter of collection, (c) the complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it, and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises") (citing *U.S. v. Edwards*, 595 F.3d 1004, 1012 (9th Cir. 2010)).

***The Settlement Agreement Is in the Receivership Estate's Best Interest***

15. The Receiver and his counsel have spent more than three years, and in excess of 2,000 hours, investigating, researching, and evaluating the strengths and weaknesses of engaging in potential litigation and/or a negotiated resolution with Whitley Penn relating to the services performed by Whitley Penn on behalf of the Receivership Defendants. Those efforts, related discussions and negotiations in mediation, the advice of counsel, and the mediator's recommendation (see below) made clear to the Receiver that litigation would not be without substantial risk and a negotiated agreement with Whitley Penn was in the best interests of the Receivership Estate. *See, e.g., Sterling*, 158 F.3d at 1203 (finding district court properly approved settlement where usurpation of corporate opportunity claims had some worth but the defenses as

to those claims also had real merit). Moreover, litigation against Whitley Penn would be time consuming, including requiring significant time and attention from the Receiver, and costly to the Receivership Estate. The Settlement Agreement provides a fixed recovery of $3,000,000, without the substantial risk or expense of litigation. The amount also is the product of a recommendation of an experienced mediator and former federal court magistrate judge evaluating the circumstances. Moreover, the settlement does not preclude the Receiver from seeking to recover from third parties who are not covered by the settlement. For these reasons, the Receiver believes that the Settlement Agreement is fair, reasonable, and in the best interests of Receivership Estate.

16. The Receiver will provide fair, adequate, and sufficient notice of this motion to all interested parties. In addition to service through the Court's electronic case filing system, the Receiver intends to serve a copy of this motion (and the accompanying notice of motion) upon all interested parties of which he is currently aware by electronic mail (to the extent he possesses an e-mail address) or by regular mail if he possesses a mailing address but no e-mail address. A copy of this motion will also be posted on the Receiver's webpage at *http://rdaplaw.net/receivership-for-equitybuild*.

17. The Receiver has conferred with counsel for the SEC which consents to the relief requested in this motion.

### *Request to Pay Contingency Fees and Costs to Receiver's Counsel*

18. As noted above, the Receiver and the law firms representing him have spent significant time (*i.e.,* more than two years and more than 2,000 hours) devoted to achieving a resolution with Whitley Penn that is fair, reasonable, and in the best interests of Receivership Estate.

19. Pursuant to the Court's September 23, 2020 Order Granting Receiver's Motion for Retention of Counsel (Dkt. 801), the Receiver requests the Court authorize and approve payment to the Receiver's counsel in the amount of $1,050,000.00 (representing 35% of the settlement payment by Whitley Penn) and out-of-pocket expenses in the amount of $7,979.28,[4] advanced and/or incurred, in connection with investigating, researching, presenting, negotiating, and resolving the dispute with Whitley Penn, immediately upon receiving the settlement payments from Whitley Penn, without further order of the Court. In particular, the Receiver requests that the Court approve that: (i) the settlement payment in the amount of $3,000,000.00 to be made by Whitley Penn LLP to the Receiver's Account; and (ii) upon receipt of the settlement payment by Whitley Penn, the Receiver will transfer $1,057,979.28, representing the total of the approved contingency fee plus expenses, from the Receiver's Account to the client fund account of Spellmire Bruck LLP to be thereafter split between the engaged counsel in accordance with their agreement as set forth in the engagement letter.

---

[4] A schedule describing the expenses incurred and for which reimbursement it requested is attached hereto as **Exhibit B**.

WHEREFORE, for the foregoing reasons, the Receiver respectfully requests that the Court: (A) enter the proposed order, attached hereto as **Exhibit C**, approving the Settlement Agreement and authorizing the Receiver to pay the 35% contingency fees and 100% of the out-of-pocket expenses described above to counsel for the Receiver immediately upon receiving the settlement payment from Whitley Penn, without further order of the Court; and (B) grant such other and further relief as the Court deems just and proper.

Dated: November 30, 2022

Kevin B. Duff, Receiver

By: /s/ Michael Rachlis

Michael Rachlis
Jodi Rosen Wine
Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone (312) 733-3950
mrachlis@rdaplaw.net
jwine@rdaplaw.net

## CERTIFICATE OF SERVICE

I hereby certify that I provided service of the foregoing Receiver's Motion To Approve Settlement And Release Agreement With Whitley Penn LLP And To Authorize Payment Of Contingency Fee And Costs To Receiver's Counsel, via ECF filing, to all counsel of record on November 30, 2022.

I further certify that I caused true and correct copies of the foregoing to be served upon the following individuals or entities by electronic mail:

- All known EquityBuild investors; and

- All known individuals or entities that submitted a proof of claim in this action (sent to the e-mail address each claimant provided on the claim form).

I further certify that the Receiver's Motion To Approve Settlement And Release Agreement With Whitley Penn LLP And To Authorize Payment Of Contingency Fee And Costs To Receiver's Counsel will be posted to the Receivership webpage at: http://rdaplaw.net/receivership-for-equitybuild

/s/ Michael Rachlis

Michael Rachlis
Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone (312) 733-3950
Fax (312) 733-3952
mrachlis@rdaplaw.net

**EXHIBIT A**

# FINAL SETTLEMENT AGREEMENT AND GENERAL RELEASE OF CLAIMS

This Final Settlement Agreement and General Release of Claims (this "***Agreement***") is entered into by and between Kevin B. Duff, Receiver for the Estate of EquityBuild, Inc., EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Jerome Cohen and Shaun Cohen (the "***Receiver***") and Whitley Penn LLP, a Texas limited partnership ("***Whitley Penn***").

WHEREAS, on August 15, 2018, the United States Securities and Exchange Commission (the "***SEC***") filed the lawsuit styled *United States Securities and Exchange Commission v. EquityBuild, Inc., EquityBuild Finance, LLC, Jerome H. Cohen, and Shaun D. Cohen; Civil Action No. 18-CV-5587 in the United States District Court for the Eastern District of Illinois* (the "***SEC Action***") which among other requests for relief sought the appointment of a receiver to marshal and preserve all assets of the defendant businesses and their affiliates and handle all related claims.

WHEREAS, the Court in the SEC Action entered an Order on August 17, 2018 (Docket #16) (the "***Order Appointing Receiver***") taking exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of Jerome Cohen and Shaun Cohen, including EquityBuild, Inc., EquityBuild Finance, LLC, and affiliates, as defined by Paragraph 1 of the Order Appointing Receiver (the "***res of the Receivership Estate***"). The Order Appointing Receiver was supplemented by two subsequent Orders, identifying additional affiliate entities as defendants in the SEC Action, on (i) March 14, 2019 (Docket #290), and (ii) February 21, 2020 (Docket #634). This Agreement collectively refers to the Receivership Defendants identified in the three Orders as "***EquityBuild***."

WHEREAS, Kevin B. Duff was appointed by the Court, in the Order Appointing Receiver, to act as the Receiver for all EquityBuild entities. The Receiver was directed to "assume control and operation of [EquityBuild] and preserve all of [its] claims or interests." Under the Order Appointing Receiver, the Receiver has "all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers, members, and general and limited partners of the Receivership Defendants under applicable state and federal law, by the governing charters, by-laws, articles and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959, and 1692, Fed. R. Civ. P. 66, and this Order." Among his powers, the Receivership is authorized to (i) "bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging his duties as Receiver," (ii) "pursue, resist and defend all suits, actions, claims, and demands which may now be pending or which may be brought by or asserted against the Receivership Estate," (iii) "investigate, prosecute, institute, defend . . . compromise, and/or adjust actions in any state, federal or foreign court or proceeding of any kind as may in his discretion, and in consultation with [SEC] counsel, be advisable or proper to recover and/or conserve Receivership Assets," and (iv) "institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Estate, as the Receiver deems necessary."

WHEREAS, Whitley Penn was retained by EquityBuild in 2014 to provide professional tax preparation and advisory services, and valuation services and, in 2017, began providing out-sourced clerical assistance to EquityBuild.

US 9099538

WHEREAS, on or about June 3, 2019, Whitley Penn submitted a claim in the SEC Action in an amount of no less than $161,406.22 against EquityBuild, Inc. for payment of Whitley Penn fees incurred by EquityBuild pre-receivership.

WHEREAS, Whitley Penn and the Receiver have had ongoing discussions in regards to various issues in connection with Whitley Penn's services to EquityBuild.

WHEREAS, Whitley Penn has denied liability in connection with its services to EquityBuild.

WHEREAS, the Receiver denies that Whitley Penn is entitled to any further fees or any monies associated with its SEC Action claim for pre-receivership fees..

WHEREAS, contingent on entry of an Order by the Court in the SEC Action approving this Agreement, the parties wish to resolve any and all claims that they have or may have against each other, including any and all claims affecting the res of the Receivership Estate and that the Receiver or EquityBuild has or may have, including any and all claims the Receiver has the authority to assert, arising out of Whitley Penn's professional services engagements by EquityBuild and the Receiver or such other claims within the Receivership and any claims that Whitley Penn may have against the Receiver or EquityBuild.

NOW, THEREFORE, in consideration of the promises set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the parties, the parties agree as follows:

1. **Approval**. The Parties acknowledge and agree that this settlement Agreement is subject to the approval of the Receivership Court and, therefore, will not be binding until such approval has been granted (the "Approval"). The parties will jointly submit or otherwise approve a motion to the Court for Approval of this Agreement.

2. **General Release of Claims**.

(a) In exchange for good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged by the Receiver, the Receiver, the Receivership Estate, and EquityBuild hereby release, discharge and forever acquit Whitley Penn and its shareholders, members, partners, officers, managers, directors, fiduciaries, employees, representatives, and agents (collectively, the "***Whitley Penn parties***") from liability for, and the Receiver, the Receivership Estate, and EquityBuild hereby waive, any and all claims, damages, demands, or causes of action of any kind that the Receiver, the Receivership Estate or EquityBuild have or could have, whether known or unknown, against any Whitley Penn party, including any and all claims, damages, demands, or causes of action relating to any contract, tort, common law, statutory, or administrative claim, including without limitation (i) claims for professional negligence, breach of fiduciary duty, aiding and abetting any act of another entity or individual, conspiracy, fraud, breach of implied or express contract, breach of implied covenant of good faith and fair dealing, promissory estoppel, or tortious interference; (ii) any allegation for costs, fees, or other expenses including attorneys' fees incurred in, or with respect to, a Released Claim; (iii) any claim for compensation, benefits, or damages of any kind not expressly set forth in this Agreement; or (iv) such other claims within the Receivership, including but not limited to any and all claims

2

the Receiver has the authority to assert, including such claims that affect the res of the Receivership Estate (collectively, the "*Receiver Released Claims*"). THIS RELEASE INCLUDES MATTERS ATTRIBUTABLE TO THE SOLE OR PARTIAL NEGLIGENCE (WHETHER GROSS OR SIMPLE) OR OTHER FAULT, INCLUDING STRICT LIABILITY, OF ANY OF THE WHITLEY PENN PARTIES. The provisions of this release are not intended to, and do not in fact, release, waive, or discharge Jerome Cohen, Shaun Cohen, Patricia Cohen, Eldebran Cohen, and the former attorneys, accountants (other than the Whitley Penn parties) and other professionals, employees, or independent contractors of EquityBuild from any type of claims, liabilities, or demands accruing to the Receiver, the Receivership Estate, or EquityBuild.

(b)  In exchange for good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged by the Whitley Penn parties, the Whitley Penn parties hereby release, discharge and forever acquit the Receiver, the Receivership Estate, and EquityBuild and each of their shareholders, members, partners, officers, managers, directors, fiduciaries, employees, representatives, and agents (collectively, the "*Receiver parties*") from liability for, and the Whitley Penn parties hereby waive, any and all claims, damages, demands, or causes of action of any kind that the Whitley Penn parties have, whether known or unknown, against the Receiver, EquityBuild, Inc., EquityBuild Finance LLC, and affiliate corporate entities, including any and all claims, damages, demands, or causes of action relating to any contract, tort, common law, statutory, or administrative claim, including without limitation: (i) for recovery pursuant to any claim submitted to the Receiver in the SEC action; (ii) any fees, costs, or other expenses including attorneys' fees incurred in, or with respect to, a Whitley Penn Released Claim (collectively, the "*Whitley Penn Released Claims*").

(c)  The Receiver, the Receivership Estate, and EquityBuild on the one hand, and Whitley Penn on the other hand, hereby represent and warrant to the other that, neither of them has brought or joined any lawsuit or filed any charge or claim against the other parties in any court or before any government agency or arbitrator for or with respect to a matter, claim or incident that occurred or arose out of one or more occurrences that took place on or prior to execution of this Agreement. The Parties hereby further represent and warrant that neither has assigned, sold, delivered, transferred or conveyed any rights the Receiver, the Receivership Estate, or EquityBuild has asserted or may have against any of the Whitley Penn parties or that Whitley Penn has asserted or may have against any of the Receiver parties to any person or entity, in each case, with respect to any Receiver Released Claims or Whitley Penn Released Claims. The Parties affirm that they are the holders of the claims referenced herein and represent that they have the authority to enter into this Agreement. The Receiver further represents and warrants that he has authority to release any claims on behalf of himself, as Receiver, and all EquityBuild entities or such other claims within the Receivership in accordance with the Order Appointing Receiver or as otherwise authorized by the Court.

3.  **Payment to the Receivership Estate.**

(a)  Within thirty business days following the Court's Approval of the settlement, Whitley Penn agrees to pay to the Receivership Estate, collectively, the total amount of Three Million Dollars (USD) ($3,000,000) (the "*Settlement Amount*") in a single lump-sum payment in the form of wire transfer to the Receiver's fiduciary account for the Receivership Estate.

4. **Covenants and Representations**.

(a) Each of the parties to this Agreement covenants and agrees that it will not make any statement, oral or written, including any legal filing or press release, which (i) disparages the other party, or (ii) damages the business or reputation of the other party; provided, however, notwithstanding the foregoing, no claim of disparagement or damage to business or reputation of the other party can be made based on the following and nothing in this Agreement shall prohibit either party from (a) filing jointly approved pleading(s) in the SEC Action necessary to describe the demands, assertions, allegations, or claims made to or against Whitley Penn by the Receiver parties for purposes of obtaining Approval of the Agreement by the Court; (b) in responding in good faith to any question which requires that a response be given in connection with any court proceeding regarding Approval of the Agreement; (c) filing or serving pleadings and discovery or responses thereto or offering evidence and testimony in the SEC Action or other actions brought against other professionals or other defendants that may require descriptions of, references to, disclosure of, or production of (i) the work and role of Whitley Penn for EquityBuild or (ii) demands, assertions, allegations, or claims made to or against Whitley Penn by the Receiver parties including but not limited to those which pre-date this Agreement, or (d) as may otherwise be required by law or regulation.

(b) Whitley Penn represents that it has not received any communications from any tax or other governmental authority relating to EquityBuild that Whitley Penn has not provided to the Receiver.

5. **Entire Agreement**. This Agreement constitutes the entire agreement between the parties with respect to the matters herein provided and all prior understandings and agreements regarding the subject matter hereof have been incorporated herein. No modifications or waiver of any provision hereof shall be effective unless in writing and signed by each party.

6. **Dispute Resolution**.

Any action, controversy, or claim between the parties arising out of or relating to this Agreement, including those relating to the validity, interpretation, construction, performance and enforcement of this Agreement, shall be determined by the Receivership Court that granted Approval to this Agreement.

7. **Headings; Interpretation**. Titles and headings to Sections hereof are for the purpose of reference only and shall in no way limit, define or otherwise affect the provisions hereof. Unless the context requires otherwise, all references herein to laws, regulations, contracts, agreements, instruments and other documents shall be deemed to refer to such laws, regulations, agreements, instruments and other documents as they may be amended, supplemented, modified and restated from time to time, and references to particular provisions of laws or regulations include a reference to the corresponding provisions of any succeeding law or regulation. The word "or" as used herein is not exclusive and is deemed to have the meaning "and/or." The words "herein," "hereof," "hereunder" and other compounds of the word "here" shall refer to the entire Agreement, including all exhibits, and not to any particular provision hereof. The use herein of the word "including" following any general statement, term or matter shall not be construed to limit such statement, term or matter to the specific items or matters set forth immediately following

such word or to similar items or matters, whether or not non-limiting language (such as "without limitation," "but not limited to," or words of similar import) is used with reference thereto, but rather shall be deemed to refer to all other items or matters that could reasonably fall within the broadest possible scope of such general statement, term or matter. Neither this Agreement nor any uncertainty or ambiguity herein shall be construed or resolved against any party hereto, whether under any rule of construction or otherwise. On the contrary, this Agreement has been reviewed by each of the parties hereto and shall be construed and interpreted according to the ordinary meaning of the words used so as to fairly accomplish the purposes and intentions of the parties.

8. **Third Party Beneficiaries**. Each Whitley Penn party and Receiver party that is not a signatory hereto shall be a third-party beneficiary of the covenants, warranties, representations, and release of claims set forth in this Agreement and entitled to enforce such provisions as if it was a party hereto.

9. **Return of Property**. The parties represent and agree that each will, within ten business days of the payment described herein in Paragraph 3, return all copies of materials produced by the other in connection with the Receiver's claims against Whitley Penn.

10. **No Waiver**. No failure by any party at any time to give notice of any breach by the other party of, or to require compliance with, any condition or provision of this Agreement shall be deemed a waiver of similar or dissimilar provisions or conditions at the same or at any prior or subsequent time.

11. **Severability and Modification**. To the extent permitted by applicable law, the parties agree that any term or provision of this Agreement (or part thereof) that renders such term or provision (or part thereof) or any other term or provision (or part thereof) of this Agreement invalid or unenforceable in any respect shall be severable and shall be modified or severed to the extent necessary to avoid rendering such term or provision (or part thereof) invalid or unenforceable, and such severance or modification shall be accomplished in the manner that most nearly preserves the benefit of the parties' bargain hereunder.

12. **Counterparts**. This Agreement may be executed in one or more counterparts (including portable document format (.pdf) and facsimile counterparts), each of which shall be deemed to be an original, but all of which together will constitute one and the same agreement.

[*Signatures begin on the following page*]

5

US 9099538

IN WITNESS WHEREOF, the parties have executed this Agreement with the intent to be legally bound.

**AGREED AND ACCEPTED:**

**KEVIN B. DUFF, as Receiver for the Estate of EquityBuild, Inc., EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Jerome Cohen and Shaun Cohen**

By: *[signature]*
Printed Name: Kevin B. Duff
Title: Receiver

Dated: November 7, 2022.


**WHITLEY PENN LLP**

By: *[signature]*
Printed Name: Jim D. Bradbury
Title: General Counsel

Dated: November 7, 2022.

**EXHIBIT B**

| Date | Amount | Description |
|---|---|---|
| **Spellmire Bruck** | | |
| Jun-21 | $25.67 | Online research |
| Jul-21 | $286.75 | Online research |
| Sep-21 | $120.13 | Online research |
| Oct-21 | $664.58 | Online research |
| Nov-21 | $321.50 | Online research |
| Dec-21 | $160.94 | Online research |
| Jan-22 | $377.82 | Online research |
| Feb-22 | $388.24 | Online research |
| Mar-22 | $931.25 | Mediation fee |
| | $514.05 | Online research |
| Apr-22 | $22.97 | Conference call |
| | $327.44 | Online research |
| May-22 | $7.57 | Conference call |
| | $37.54 | Online research |
| Jul-22 | $39.47 | Conference call |
| **Total Spellmire** | **$4,225.92** | |
| | | |
| **RDP** | | |
| Aug-20 | $720.11 | Online research |
| Mar-22 | $1,862.50 | Mediation fee |
| | $31.74 | FedEx delivery to JAMS |
| | $50.23 | Online research |
| Jul-22 | $23.09 | Online research |
| Aug-22 | $134.44 | Online research |
| **Total RDP** | **$2,822.11** | |
| | | |
| **Roeder Law Offices** | | |
| Mar-22 | $931.25 | Mediation fee |
| **Total Roeder** | **$931.25** | |
| **Grand Total** | **$7,979.28** | |

**EXHIBIT C**

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | No. 18-cv-5587 |
| v. | ) ) | Hon. Manish S. Shah |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | ) ) ) ) ) | Magistrate Judge Young B. Kim |
| Defendants. | ) ) | |

**[ PROPOSED ]**
**ORDER GRANTING RECEIVER'S MOTION TO**
**APPROVE SETTLEMENT AND RELEASE AGREEMENT**
**WITH WHITLEY PENN LLP AND TO AUTHORIZE PAYMENT**
**OF CONTINGENCY FEE AND COSTS TO RECEIVER'S COUNSEL**

This matter came before the Court upon the Receiver's Motion to Approve Settlement and Release Agreement with Whitley Penn LLP and to Authorize Payment of Contingency Fee and Costs to Receiver's Counsel [ECF No. \_\_\_\_] (the "Motion"). The Court, having considered the Motion and the record of this receivership action and being otherwise duly advised in the premises, hereby finds and orders as follows:

1. The Motion [ECF No. \_\_\_\_] is GRANTED.

2. The Court finds that the Settlement and Release Agreement, attached as Exhibit A to the Motion, is reasonable, fair, adequate, and in the best interest of the Receivership Estate.

3. The Court confirms the Receiver's authority to enter into the Settlement and Release Agreement.

4. The Court finds that the contingency fee amount for the Receiver's counsel, Spellmire Bruck LLP, Roeder Law Offices LLC, and Rachlis Duff & Peel, LLC, is fair and

reasonable and that they are entitled to a total payment of $1,057,979.28, representing the total of the approved contingency fee plus expenses (comprising $1,050,000.00 in fees and $7,979.28 in costs) from the $3,000,000 settlement amount.

5. The Court approves: (i) the settlement payment in the amount of $3,000,000.00 to be made by Whitley Penn LLP to the Receiver's Account; and (ii) upon receipt of the settlement payment by Whitley Penn, and without further order of the Court, the Receiver's immediate payment of $1,057,048.03, representing the total of the approved contingency fee plus expenses, from the Receiver's Account to the client fund account of Spellmire Bruck LLP to be thereafter split between the engaged counsel in accordance with their agreement as set forth in the engagement letter.

6. The Court finds that the Receiver has given fair, adequate, and sufficient notice of the Motion to all interested parties.

7. The Court shall retain exclusive jurisdiction over all matters concerning the Settlement and Release Agreement, including without limitation the enforcement thereof.

ORDERED in the United States District Court

for Northern District of Illinois, Eastern Division,

on this _____ day of December, 2022.

_____

UNITED STATES DISTRICT COURT JUDGE