UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Case No. 1:18-cv-5587 |
| v. | Hon. Manish S. Shah |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | Magistrate Judge Young B. Kim |
| Defendants. | |

**RESPONSE TO MIDLAND'S MOTION FOR ADJUDICATION OF SINGLE CLAIM STATUS AND DISTRIBUTION REGARDING PROPERTY NO. 47**

Kevin B. Duff, as receiver ("Receiver") for the Estate of Defendants EquityBuild, Inc., EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen, for his response to Midland's[1] Motion for Adjudication of Single Claim Status and Distribution Regarding Property No. 47 (Dkt. 1330), states as follows:

Midland moves this Court for an order (i) designating the property located at 5437 S Laflin Street (Property 47) as a "single-claim" property, with no claims other than the claim asserted by Midland, and (ii) distributing the proceeds in the Receiver's property account for 5437 S Laflin to Midland after deducting the Receiver's fees, costs and expenses allowed by the Court. Due to the specific and particular circumstances described herein, the Receiver does not object to Midland's motion.

---

[1] "Midland" refers to Midland Loan Services, a Division of PNC Bank, N.A. as servicer for Wilmington Trust, N.A., as Trustee for the Benefit of Corevest American Finance 2017-1 Trust Mortgage Pass-Through Certificates.

First and foremost, Midland's motion was filed at the suggestion of Magistrate Judge Kim, who is conducting settlement discussions regarding certain properties in which five or fewer claimants have asserted a secured interest. By his acquiescence to this motion, the Receiver is not suggesting and expressly disputes that any other claimant can sidestep the process for the resolution of disputed claims that has been set by this Court by filing a similar motion. (Dkt. 940, 941)

Second, the evidence that Michael Borgia, the only claimant other than Midland who has asserted an interest in this property, released his interest in the property is clear. Mr. Borgia filed a proof of claim in this matter asserting an interest in 5437 S Laflin pursuant to a July 1, 2014 [sic] loan in the amount of $250,000. This mortgage, which was in fact dated July 24, 2014, was recorded on August 20, 2014 as Document Number 1423256023 (*see* Ex. 5 to Midland's Motion). A notarized release signed by Mr. Borgia was subsequently filed with the Cook County Recorder of Deeds on June 2, 2017, expressly releasing the mortgage recorded on August 14, 2014 as Document Number 1423256023. (Ex. 6 to Midland's Motion)

Claimant Borgia has not disputed that he released his lien, nor has he responded to multiple communications from the Court asking him to respond to Midland's position that the recorded release executed by Mr. Borgia meant that Midland held the sole lien on the property at the time it was sold by the Receiver.

For each of these reasons, the Receiver agrees that Midland holds the only claim secured by 5437 S Laflin, and accordingly that the balance of the segregated account holding the proceeds of the sale of that property, less the amount of the Receiver's lien and the reimbursement of certain property-related expenses paid from the Receiver's account, should be paid to Midland.

The Receiver attaches as Exhibit A to this Response a chart showing his calculation of the amounts that are potentially available for distribution at this time. As set forth in Exhibit A:

- The balance in the property account for 5437 S Laflin as of October 31, 2022 was $45,907.99.

- Total fees allocated to 5437 S Laflin of $15,996.06, consisting of (a) $14,661.04 of fees allocated to this property that previously have been approved by the Court (*i.e.*, the fees set forth in fee applications 1-16, covering the period through June 30, 2022); (b) $1,322.52 of fees allocated to this property in the Receiver's pending 17th fee application (covering the period from July 1, 2022 to September 30, 2022), and (c) $1,500 that the Receiver estimates has or will be incurred subsequent to October 1, 2022 for counsel's work with the Court on the negotiation of potential settlements, responding to this motion, and preparing distributions in the event that this motion is granted.[2]

- The net amount of $8,683.31 reimbursable to the Receiver's account for expenses paid by the Receiver for the benefit of 5437 S Laflin, primarily for insurance premiums (as offset by a credit for insurance refunds received) and two payments to the property manager for items such as property management fees, property taxes, utilities, etc., that exceeded the net income for the property in March 2019 and May 2020. (*See* Exhibit B hereto calculating net amount reimbursable from property)

- After these sums are deducted from the current balance held in the segregated property account, a total of $21,228.52 is currently available to distribute to Midland in satisfaction of its claim against Property 47.

Midland has notified the Receiver that it approves of these proposed distributions and the proposed order attached hereto as Exhibit C.

The Receiver notes that his approval of the current motion is an individualized decision based upon the facts and circumstances set forth herein, and is not indicative or precedential in any fashion of his position if in the future similar circumstances were to arise.

WHEREFORE, the Receiver requests that, in granting Midland's Motion for Adjudication of Single Claim Status and Distribution Regarding Property No. 47 (Dkt. 1330), the Court enter

---

[2] The Receiver expects that actual fees will likely exceed the estimate of $1,500 reflected in Exhibit A for fees and expenses incurred and to be incurred in the fourth quarter of 2022, but is only seeking reimbursement for the amounts reflected in Exhibit A, including this estimated amount.

an order in the form of Exhibit C, approving the payment of: (i) $15,996.06 to RDP for fees and costs set forth in the Receiver's 1st through 17th fee applications that have been allocated to this property pursuant to the receiver's lien approved by the Court plus an estimated amount for fees incurred and to be incurred in the fourth quarter of 2022; (ii) $8,683.31 to the Receiver's Account for reimbursement of property-related expenses paid by the Receiver; and (iii) $21,228.52 as a distribution to Midland in satisfaction of its claim against Property 47.[3]

Dated: November 30, 2022    Kevin B. Duff, Receiver

By:   /s/ Michael Rachlis
      Michael Rachlis
      Jodi Rosen Wine
      Rachlis Duff & Peel LLC
      542 South Dearborn Street, Suite 900
      Chicago, IL 60605
      Phone (312) 733-3950
      mrachlis@rdaplaw.net
      jwine@rdaplaw.net

---

[3] The Receiver will also pay any pro rata interest earned as of the date of distribution to Midland.

## CERTIFICATE OF SERVICE

I hereby certify that I provided service of the foregoing Response To Midland's Motion For Adjudication Of Single Claim Status And Distribution Regarding Property No. 47, via ECF filing, to all counsel of record on November 30, 2022.

I further certify that I caused true and correct copies of the foregoing to be served upon the following individuals or entities by electronic mail:

- All known EquityBuild investors; and

- All known individuals or entities that submitted a proof of claim in this action (sent to the e-mail address each claimant provided on the claim form).

I further certify that the Response To Midland's Motion For Adjudication Of Single Claim Status And Distribution Regarding Property No. 47 will be posted to the Receivership webpage at: http://rdaplaw.net/receivership-for-equitybuild

/s/ Michael Rachlis

Michael Rachlis
Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone (312) 733-3950
Fax (312) 733-3952
mrachlis@rdaplaw.net

**EXHIBIT A**

**PROPOSED DISTRIBUTION PLAN -- 5437 S LAFLIN AVENUE**

| Prop # | 47 |
|---|---|
| PROPERTY ADDRESS | 5437 S Laflin Street |
| Net proceeds of Sale | $ 35,662.04 |
| Transfers pursuant to 9/21/20 Court Order (Dkt. 796) | $ - |
| Post-Sale Reconciliations | $ 10,058.74 |
| Interest Paid | $ 187.21 |
| Balance of Receivership Account for Property (as of 10/31/22) | $ 45,907.99 |
| | |
| Fee Allocations (thru Q2 2022) | $ (14,661.04) |
| Fee Allocations (Q3 2022) | $ (1,322.52) |
| Estimated Fee Allocations (Q4 2022) | $ (1,500.00) |
| Credit for agency fees paid to Receiver's counsel | $ 1,487.50 |
| Net Distribution to Receiver for Fees | $ (15,996.06) |
| Net Distribution to Receiver's Account for Cost Reimbursements | $ (8,683.41) |
| | |
| Potential amount available for distribution | $21,228.52 |

5437 S Laflin - Net Amount Reimbursable - 220911

| **Receiver's Property Report** | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **5437 S. Laflin** | | | | | | | | | | |
| | **18-Aug** | **18-Sep** | **18-Oct** | **18-Nov** | **18-Dec** | **19-Jan** | **19-Feb** | **19-Mar** | **19-Apr** | **19-May** |
| **Property Expenses Paid by Receivership** | | | | | | | | | | |
| Property Taxes | | | | | | | | | | |
| Insurance | | 207.76 | 265.18 | 258.71 | 129.35 | 129.35 | 129.35 | | | 753.53 |
| Insurance Reconciliation Amount | | | | | | | | | | |
| Funds for Property Expenses Sent to Property Manager by Receivership | | | | | | | | | 37.37 | | |
| **Total Property Expenses Paid by Receivership** | 0.00 | 207.76 | 265.18 | 258.71 | 129.35 | 129.35 | 129.35 | 37.37 | 0.00 | 753.53 |
| Distributions Out | | | | (286.98) | (346.27) | | | | | |
| Contributions In | | | | | | | | | | |
| Inter Property Transfers Out | | | | | | | | | | |
| Inter Property Transfers In | | | | | | | | | | |
| Total Property Expenses Paid by Receivership | | | | | | | | | | |
| Rents Restored to Property by Receiver | | | | | | | | | | |
| Funds Restored from Property | | | | | | | | | | |
| **Remaining Amount to be Restored** | | | | | | | | | | |
| **Cumulative Amount Reimbursable from Property** | | | | | | | | | | |
| **Insurance Refunds received** | | | | | | | | | | |
| **Net Amount Reimbursable from (to) Property** | | | | | | | | | | |

5437 S Laflin - Net Amount Reimbursable - 220911

| **Receiver's Property Report** | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **5437 S. Laflin** | | | | | | | | | |
| | 19-Jun | 19-Jul | 19-Aug | 19-Sep | 19-Oct | 19-Nov | 19-Dec | 20-Jan | 20-Feb |
| **Property Expenses Paid by Receivership** | | | | | | | | | |
| Property Taxes | | | | | | | | | |
| Insurance | 92.60 | 135.07 | 135.07 | 135.07 | 135.07 | 135.07 | 135.07 | 255.80 | |
| Insurance Reconciliation Amount | | | | | | | | | |
| Funds for Property Expenses Sent to Property Manager by Receivership | | | | | | | | | |
| **Total Property Expenses Paid by Receivership** | 92.60 | 135.07 | 135.07 | 135.07 | 135.07 | 135.07 | 135.07 | 255.80 | 0.00 |
| Distributions Out | | | | | | | | | |
| Contributions In | | | | | | | | | |
| Inter Property Transfers Out | | | | | | | | | |
| Inter Property Transfers In | | | | | | | | | |
| Total Property Expenses Paid by Receivership | | | | | | | | | |
| Rents Restored to Property by Receiver | | | | | | | | | |
| Funds Restored from Property | | | | | | | | | |
| **Remaining Amount to be Restored** | | | | | | | | | |
| **Cumulative Amount Reimbursable from Property** | | | | | | | | | |
| **Insurance Refunds received** | | | | | | | | | |
| **Net Amount Reimbursable from (to) Property** | | | | | | | | | |

5437 S Laflin - Net Amount Reimbursable - 220911

| Receiver's Property Report | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **5437 S. Laflin** | | | | | | | | | |
| | 20-Mar | 20-Apr | 20-May | 20-Jun | 20-Jul | 20-Aug | 20-Sep | 20-Oct | 20-Nov |
| | | | | | | | | | |
| **Property Expenses Paid by Receivership** | | | | | | | | | |
| Property Taxes | | | | | | | | | |
| Insurance | 88.28 | (5.42) | 2,341.41 | 91.93 | 227.78 | 169.65 | 185.69 | 185.69 | 122.89 |
| Insurance Reconciliation Amount | 92.34 | | | | | | | | |
| Funds for Property Expenses Sent to Property Manager by Receivership | | | 401.85 | | | | | | |
| **Total Property Expenses Paid by Receivership** | 180.62 | (5.42) | 2,743.26 | 91.93 | 227.78 | 169.65 | 185.69 | 185.69 | 122.89 |
| | | | | | | | | | |
| Distributions Out | | | | | | | | | |
| Contributions In | | | | | | | | | |
| Inter Property Transfers Out | | | | | | | | | |
| Inter Property Transfers In | | | | | | | | | |
| Total Property Expenses Paid by Receivership | | | | | | | | | |
| Rents Restored to Property by Receiver | | | | | | | | | |
| Funds Restored from Property | | | | | | | | | |
| **Remaining Amount to be Restored** | | | | | | | | | |
| **Cumulative Amount Reimbursable from Property** | | | | | | | | | |
| **Insurance Refunds received** | | | | | | | | | |
| **Net Amount Reimbursable from (to) Property** | | | | | | | | | |

5437 S Laflin - Net Amount Reimbursable - 220911

| Receiver's Property Report | | | | | | | |
|---|---|---|---|---|---|---|---|
| **5437 S. Laflin** | | | | | | | |
| | **20-Dec** | **21-Jan** | **21-Feb** | **21-Mar** | **21-Apr** | **21-May** | **Total** |
| **Property Expenses Paid by Receivership** | | | | | | | |
| Property Taxes | | | | | | | 0.00 |
| Insurance | 150.94 | 152.49 | 152.49 | 82.45 | | 2,435.25 | 9,413.57 |
| Insurance Reconciliation Amount | | | | | | | 92.34 |
| Funds for Property Expenses Sent to Property Manager by Receivership | | | | | | | 439.22 |
| **Total Property Expenses Paid by Receivership** | 150.94 | 152.49 | 152.49 | 82.45 | 0.00 | 2,435.25 | 9,945.13 |
| Distributions Out | | | | | | | (633.25) |
| Contributions In | | | | | | | 0.00 |
| Inter Property Transfers Out | | | | | | | 0.00 |
| Inter Property Transfers In | | | | | | | 0.00 |
| Total Property Expenses Paid by Receivership | | | | | | | 9,945.13 |
| Rents Restored to Property by Receiver | | | | | | | 0.00 |
| Funds Restored from Property | | | | | | | 0.00 |
| **Remaining Amount to be Restored** | | | | | | | 0.00 |
| **Cumulative Amount Reimbursable from Property** | | | | | | | 9,311.88 |
| | | | | | | Sold 5/26/2021 | |
| **Insurance Refunds received** | | | | | | | 628.47 |
| **Net Amount Reimbursable from (to) Property** | | | | | | | 8,683.41 |

EXHIBIT C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Case No. 1:18-cv-5587 |
| v. | |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | Hon. Manish S. Shah |
| Defendants. | |

### ORDER APPROVING DISTRIBUTION OF PROCEEDS FROM THE SALE OF 5437 S LAFLIN

WHEREAS, this matter came before the Court on the Motion filed by Midland Loan Services, a Division of PNC Bank, N.A. as servicer for Wilmington Trust, N.A., as Trustee for the Benefit of Corevest American Finance 2017-1 Trust Mortgage Pass-Through Certificates (collectively, "Midland") for Adjudication of Single Claim Status and Distribution Regarding Property No. 47 (Dkt. 1330), (the "Motion");

WHEREAS, pursuant to the Court's order entered November 9, 2022, objections to the relief requested in the Motion were due by November 30, 2022 (Dkt. 1331);

WHEREAS, Kevin B. Duff, as receiver ("Receiver") for the Estate of Defendants EquityBuild, Inc., EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen, filed a response stating that he does not object to Midland's Motion;

WHEREAS, pursuant to the Court's order entered April 12, 2021 (Dkt. 967), the Receiver sold 5437 S Laflin free and clear of all liens including but not limited to the mortgage serviced by Midland, and the net proceeds of sale was deposited into a separate interest-bearing account held by the Receiver, and additional deposits have been made into the account for post-sale reconciliation of

1

the property manager's accounts, and adjustments for monthly interest, as described in the Receiver's status reports (Dkt. 839 at Ex. 3, Dkt. 930 at Ex. 2; Dkt. 985 at Ex. 2; Dkt. 1017 at Ex. 3; Dkt. 1077 at Ex. 3; Dkt. 1164 at Ex. 2; Dkt. 1243 at Ex. 2; Dkt. 1280 at Ex. 1), leaving a current balance of $45,907.99 as of October 31, 2022;

WHEREAS, for the reasons stated in his response, the Receiver agrees that Midland holds the only claim secured by Property No. 47 (5437 S Laflin), and accordingly that the balance of the segregated account holding the proceeds of the sale of that property, less the amount of the Receiver's lien and the reimbursement of certain property-related expenses paid from the Receiver's general operating account, should be paid to Midland;

WHEREAS, the Receiver has calculated that the Total fees allocated to 5437 S Laflin are $15,996.06, consisting of (a) $14,661.04 of fees allocated to this property that previously have been approved by the Court (i.e., the fees set forth in fee applications 1-16, covering the period through June 30, 2022); (b) $1,322.52 of fees allocated to this property in the Receiver's pending 17th fee application (covering the period from July 1, 2022 to September 30, 2022), and (c) $1,500 that the Receiver estimates has or will be incurred subsequent to October 1, 2022 for counsel's work with the Court on the negotiation of potential settlements, responding to Midland's motion, and preparing distributions pursuant to this Order;

WHEREAS, the net amount of $8,683.31 is reimbursable to the Receiver's account for expenses paid by the Receiver for the benefit of 5437 S Laflin, primarily for insurance premiums (as offset by a credit for insurance refunds received) and two payments to the property manager for items such as property management fees, property taxes, utilities, etc. that exceeded the net income for the property in March 2019 and May 2020;

WHEREAS, after these sums are deducted from the current balance held in the segregated property account, a total of $21,228.52 is currently available to distribute to Midland in satisfaction

of its claim against Property 47;

WHEREAS, Midland has agreed subject to the entry of this Order, to withdraw its objections with respect to the Property No. 47 to the Receiver's lien entered by the Court (Dkt. 1030) and to the Receiver's pending fee allocation motion (Dkt. 1107);

WHEREAS, the Receiver and Midland have agreed that the distributions approved in this Order resolve all disputes between and among them with respect to Property No. 47; and

WHEREAS, Midland has agreed that it will not seek appeal from any rulings associated with Property No. 47.

NOW, THEREFORE, the Court, having considered the Motion and the record of this receivership case and being otherwise duly advised in the premises, hereby finds and ORDERS:

1. The Motion is GRANTED.

2. The agreed distribution plan is reasonable, fair, and equitable.

3. Adequate and fair notice has been provided to all interested and potentially interested parties (including lienholders in the chain of title) of the claims process, the Receiver's proposed fee allocations, and the Motion, and that each interested or potentially interested party has had a full and fair opportunity to assert its interests and any objections.

4. The Court approves the portion of the fees set forth in the Receiver's 17th fee application (Dkt. 1332) that the Receiver has allocated to Property No. 47, and the Court further approves the payment of estimated fee allocations to Property No. 47 for the Fourth Quarter of 2022.

5. No later than ten (10) business days after entry of this order, the Receiver shall disburse the following amounts:

    a) $15,996.06 to RDP for fees and costs set forth in the Receiver's 1st through 17th fee applications that have been allocated to this property pursuant to the

receiver's lien approved by the Court, plus an estimated amount for fees incurred and to be incurred in the fourth quarter of 2022;

b) $8,683.31 to the Receiver's Account for reimbursement of property-related expenses paid by the Receiver; and

c) $21,228.52, plus any pro rata interest earned as of the distribution date, as a distribution to Midland in satisfaction of its claim against Property 47.

Entered:

_____
Manish S. Shah
United States District Court Judge

Date:_____