UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Case No. 1:18-cv-5587 |
| v. | |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | Hon. Manish S. Shah |
| Defendants. | |

**MORTGAGEES' RESPONSE TO RECEIVER'S SEVENTEENTH INTERIM
APPLICATION AND MOTION FOR COURT APPROVAL OF PAYMENT OF FEES
AND EXPENSES OF RECEIVER AND RECEIVER'S RETAINED PROFESSIONALS**

The Mortgagees identified on Exhibit A object to the Receiver's Seventeenth Interim Fee

Application and Motion for Court Approval of Payment of Fees and Expenses of Receiver and

Receiver's Retained Professionals (Dkt. 1332, the "17th Fee Application") on the same bases

contained in their prior objections, which objections this Court has denied. They also object

generally to the Receiver's request in his 17th Fee Application for a super priority lien for the

same reasons contained in Mortgagees' Response to Motion for Approval to Pay Certain

Previously Approved Fees and Cost (Dkt. 961), which the Court denied with respect to fees

incurred in "(i) the preservation, management, and liquidation of certain real estate belonging to

the Receivership Estate, and (ii) the implementation and management of an orderly summary

claim-priority adjudication process." (Dkt. 1030, p.2, the "Court-Approved Priming Lien

Categories").

While preserving the above objections, the Mortgagees further object to the Receiver's

request that fees (the "Fees") and expenses shown on Exhibits F through I of the 17th Fee

Application be paid on a first priority basis from the proceeds of the sale of certain Receivership real properties (the "Properties") (Dkt. 1332, pp. 13-15) to the extent that they are not covered by the Court-approved Priming Lien Categories. The Mortgagees request that the Receiver's request for a priority lien and his allocations be referred to Magistrate Judge Kim because the Mortgagees' similar objections in response to the Receiver's Motion for Approval of Allocations of Fees to Properties for Payment Pursuant to Receiver's Lien ("Fee Allocation Motion") (Dkt. 1107) are pending before Magistrate Judge Kim.

Finally, the Mortgagees request a 20% holdback of Fees requested in the Receiver's 17th Fee Application (Dkt. 1332) and an additional 20% holdback on the payment of all Fees (Dkt. 1030, p. 15) for the same reasons contained in their objections to the Receiver's ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth and sixteenth fee applications (Dkt. 907, 960, 1000, 1039, 1188, 1250, 1293) and the orders providing for those holdbacks (Dkt. 1030, 1031, 1213, 1312).

## BACKGROUND

1.     The Mortgagees generally refer the Court to the Background section of their Response to Receiver's Fourteenth Interim Application and Motion for Court Approval of Payment of Fees and Expenses of Receiver and Receiver's Retained Professionals (Dkt. 1250, pp. 2-6).

2.      As additional background here, on November 14, 2022 (Dkt. 1332) the Receiver filed his Seventeenth Fee Application.

3.     By order on November 17, 2022, the Court required Mortgagees to file responses or objections, if any, to the Seventeenth Fee Application by November 30, 2022. Dkt. 1341.

2

**I.**     **The Mortgagees Assert The Same Objections To The Receiver's 17th Fee Application As They Asserted To The Receiver's Prior Fee Applications.**

The Mortgagees adopt and assert their objections to the Receiver's prior fee applications (Dkts. 1305, 1210, 1188, 1181, 1039, 1000, 960, 792, 777, 648, 617, 595, 581, 509, 438) to the Receiver's 17th Fee Application, to preserve those objections by incorporating them by reference into this response.

**II.**     **The Receiver Has Failed to Show That His Fees and Expenses in His 17th Fee Application Fall Within the Court-Approved Priming Lien Categories.**

The Receiver requests that the Fees shown on, among other exhibits, Exhibits F and G, be paid as a first lien from the proceeds of the sales of the Properties. The Receiver also attaches summaries and compilations of the same information provided with more detail in Exhibits F and G, and therefore the line item specific objections are presented by Mortgagees only as to Exhibits F and G.

The Receiver's narrative in his 17th Fee Application of the services furnished during the period covered by the 17th Fee Application shows that several of those services are not covered by the Court-Approved Priming Lien Categories or, to the extent that they are covered, otherwise should not be paid as a priority lien, as discussed below. Although the Receiver may have invoiced the Fees in accordance with SEC billing protocols, such compliance alone does not establish that they fall within the Court-Approved Priming Lien Categories.

The Mortgagees have color highlighted sample entries on the Receiver and his attorneys' monthly invoices (Exhibits F and G to the 17th Fee Application) to illustrate Fees that should not prime their liens, a copy of which is attached as Ex. B. The bases of these specific objections are as follows:

097077.000109 4853-7298-9505.1

*First,* Fees that are not covered by the either of the Court-Approved Priming Lien Categories are highlighted in red. These include:

- o Fees incurred to give notice of the Receiver's appointment to individuals or entities which have been identified as potentially possessing property, books, or records of the Receivership Defendants (Dkt. 1332, p.6) because those efforts are receivership tasks that were not furnished to preserve, manage, or liquidate real estate belonging to the Receivership Estate or manage the claims administration process, and thus are not covered by the Court-Approved Priming Lien Categories. The Receiver fails to show why those Fees should be paid as part of its priority lien.

- o Fees incurred in efforts to locate and preserve records because the Receiver fails to show that they are related to the management or disposition of the Properties or the management of the claims administration process, especially because the EquityBuild Records were deposited with a third-party vendor before the commencement of the Group One claim process in the summer of 2021. Dkt. 1332 pp.6-7.

- o Fees incurred for the "factual investigation" and actions against EquityBuild professionals (Dkt. 1332, p. 7) do not fall within either of the two Court-Approved Priming Lien Categories.

- o Fees incurred with respect to tax issues (Dkt. 1332, pp. 7-8) have no relation to the two Court-Approved Priming Lien Categories.

- o Fees incurred to calculate amounts owed to the Receiver (Dkt. 1332, p.5) have no relation to the two Court-Approved Priming Lien Categories.

097077.000109 4853-7298-9505.1

o Fees incurred to address creditor inquiries (Dkt. 1332, pp. 8-12) fall outside the scope of the Court-Approved Priming Lien Categories. The Receiver has failed to show that they were incurred with respect to preservation, management or disposition of properties or the management of the claims adjudication process.

o Entries that lack sufficient detail to show that they should be paid as a priming lien should not be paid as part of the Receiver's priming lien.

*Second,* Fees incurred to litigate Group 1 claims (Dkt. 1251, p.10) are not payable at this time through a priming lien. The Court has ruled that whether the time spent litigating the Group 1 claims could be paid from a priority lien would be determined as part of the claims adjudication process. (Dkt. 1030, p. 14, n.7.) Examples are highlighted in yellow.[1]

*Third,* the Receiver adds a new category of Fees which the Receiver has not separately itemized before, "Distributions," for which the Receiver requests interim payment and a priming lien and which the Receiver further describes as "efforts to distribute funds to claimants." Dkt. 1332 at pp. 13-14. Mortgagees object to the Receiver's request because the new "Distributions" category is not included in the Court's two limited categories of Court-Approving Priming Lien Categories, i.e., "(1) the preservation, management, and liquidation of certain real estate belonging to the Receivership Estate; and (2) the implementation and management of an orderly summary claim-priority adjudication process." Dkt. 1030 at 2. Mortgagees have not added a separate color category for such Distribution Fees in response to this 17th Fee Application because, to date, the Receiver's "Distribution" efforts appear focused on properties for which

---

[1] Mortgagees previously objected to Fees associated with single claim properties (grey color) and for housing code violations (green color). These categories are not present in this set of objections because the single-claim properties were settled and there were no significant housing code related expenses claimed by the Receiver in the 17th Fee Petition.

there was either a settlement inclusive of issues concerning Fees payable to the Receiver (*see, e.g.*, Dkts. 1288, 1301 ), or properties part of Magistrate Judge Kim's settlement process and at his direction to prepare for settlement conferences or effectuate resolutions (*see, e.g.*, Dkt. 1290). Mortgagees anticipate objections in future fee petitions to the extent the Receiver seeks interim payment and a priming lien for generalized distribution efforts not attributed to any specific property, where the parties have not agreed on the distribution or lien status of the Receiver's Fees, to the extent the Receiver goes beyond Magistrate Judge Kim's specific requests, or for other reasons consistent with prior objections such as lack of detail, lack of attribution, misattribution, or that otherwise do not fit the Court-Approving Priming Lien Categories.

## III.     The Receiver's Proposed Allocations Should be Referred to Magistrate Judge Kim.

The Court previously referred the Receiver's Fee Allocation Motion to Magistrate Judge Kim for disposition. (Dkt. 1112.) The Mortgagees filed a detailed response. (Dkt. 1210.) That motion is currently pending before Magistrate Judge Kim. The Mortgagees request that the Court refer the Receiver's request that the tasks shown on his exhibits be approved as a priming lien and allocated as shown on that exhibit to Magistrate Judge Kim for the same reasons that the Receiver's Fee Allocation Motion has been referred to Judge Kim and to foster uniformity.

## IV.     The 17th Fee Application Should Be Subject To A 20% Holdback.

Consistent with the Court's order approving the Receiver's ninth, tenth, and eleventh fee petitions (Dkt. 1031, pp. 13-14), and twelfth fee petition, (Dkt. 1213, p. 9), if the Court approves the fees requested in the 17th Fee Application, the Mortgagees request that any approved fees be subject to a 20% holdback. Further, consistent with the Court's August 17, 2021 Order (Dkt. 1030, pp. 14-16) and March 14, 2022 order (Dkt. 1213), if the Receiver seeks to pay its approved fees from the proceeds of the sales of the Properties, the Mortgagees request an additional 20%

097077.000109 4853-7298-9505.1

holdback. In further support of this request, the Mortgagees incorporate by reference their requests for a 20% holdback contained in the Mortgagees' objections to the Receiver's ninth, tenth and eleventh fee applications (Dkts. 907, pp.10-12, 960, pp. 12-14, and 1000, pp. 11-13).

The Receiver in reply generally incorporates his prior arguments on that topic (*see* Dkt. 1332 at p.15, Dkt. 1255 at pp. 13-15, Dkt. 1293 at 15) and Mortgagees do the same (*see* Dkt. 1250 at pp. 10-12).

## CONCLUSION

Consequently, the Mortgagees request that the Court deny the Receivers 17th Fee Application on the grounds raised in their objections to the Receiver's prior fee applications. If the Fees are approved, the Mortgagees request that only those Fees that are covered by the Court-Approved Priming Lien Categories can be paid as part of the Receiver's priming lien and that the Court refer the determination of issue of priority and allocation to Magistrate Judge Kim. They further request that any approved fees be subject to a 20% holdback and that any payment of approved fees be subject to an additional 20% holdback.

Respectfully submitted,

| /s/ Brett J. Natarelli | /s/ Ronald A. Damashek |
|---|---|
| Edward S. Weil (eweil@dykema.com) Michael A. Gilman (mgilman@dykema.com) Todd Gale (tgale@dykema.com) Brett J. Natarelli (bnatarelli@dykema.com) Kevin Connor (kconnor@dykema.com) Dykema Gossett PLLC 10 S. Wacker Drive, Suite 2300 Chicago, Illinois 60606 (312) 627-5675 | Ronald Damashek (rdamashek@dickinsonwright.com) Dickinson Wright PLLC 55 West Monroe Street — Suite 1200 Chicago, Illinois 60603 Ph: (312) 377-7858 Fax: (312) 423-8160 *Counsel for Citibank N.A., as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB14; Midland Loan Services, a Division of PNC Bank, National Association; Thorofare Asset Based Lending REIT Fund IV, LLC; and Liberty EBCP, LLC* |

| | |
|---|---|
| *Counsel for Federal Home Loan Mortgage Corporation Wilmington Trust, National Association, as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Trust 2014-LC16, Commercial Mortgage Pass-Through Certificates, Series 2014-LC16; Wilmington Trust, National Association, as Trustee for the Registered Holders of UBS Commercial Mortgage Trust 2017-C1,Commercial Mortgage Pass-Through Certificates, Series 2017-C1; Citibank N.A., as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB48; Federal National Mortgage Association; U.S. Bank National Association, as Trustee for the registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2017-SB41;U.S. Bank National Association, as Trustee for the registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB50;U.S. Bank National Association, as Trustee for the registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2017-SB30 Sabal TL1 LLC; Midland Loan Services, a Division of PNC Bank, N.A. as servicer for Wilmington Trust, N.A., as Trustee for the Benefit of Corevest American Finance 2017-1 Trust Mortgage Pass-Through Certificates; Midland Loan Services, a Division of PNC Bank, N.A. as servicer for Wilmington Trust, N.A., as Trustee for the Registered Holders of Corevest American Finance 2017-2 Trust, Mortgage Pass-Through Certificates, Series 2017¬2; BC57, LLC; UBS AG; 1111 Crest Dr., LLC, Pakravan Living Trust, Hamid Ismail, Farsaa, Inc.; Thorofare Asset Based Lending REIT Fund IV LLC* | s/ Jill L. Nicholson<br><br>Jill L. Nicholson (jnicholson@foley.com)<br>Andrew T. McClain (amcclain@foley.com)<br>Foley & Lardner LLP<br>321 N. Clark St., Ste. 3000<br>Chicago, IL 60654<br>Ph: (312) 832-4500<br>Fax: (312) 644-7528<br>*Counsel for Citibank N.A., as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB48; U.S. Bank National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2017-SB30; U.S. Bank National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2017-SB41; U.S. Bank National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB50; Wilmington Trust, National Association, as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Trust 2014-LC16, Commercial Mortgage Pass-Through Certificates, Series 2014-LC16; Federal National Mortgage Association; and Sabal TL1, LLC* |

8

 s/Jay L. Welford
Jay L. Welford
Counsel to Liberty EBCP, LLC
jwelford@jaffelaw.com
JAFFE RAITT, HEUER & WEISS, P.C.
Jay L. Welford (P34471)
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000

s/ Mark S. Landman
mlandman@lcbf.com
Landman Corsi Ballaine & Ford P.C.
120 Broadway, 13th Floor
New York, NY 10271
Ph: (212) 238-4800
Fax: (212) 238-4848
*Counsel for Freddie Mac*

/s/ Thomas B. Fullerton
Thomas B. Fullerton (6296539)
Akerman LLP
71 S. Wacker Drive, 47th Floor
Chicago, IL 60606
(312) 634-5700
thomas.fullerton@akerman.com

/s/ Michael D. Napoli
Michael D. Napoli (TX 14803400)
Akerman LLP
2001 Ross Avenue, Suite 3600
Dallas, TX 75201
(214) 720-4360
michael.napoli@akerman.com
*Counsel for Midland Loan Services, a*
*Division of PNC Bank, National Association*

s/ William J. Serritella, Jr.
William J. Serritella, Jr.
wserritella@taftlaw.com
Taft Stettinius & Hollister LLP
111 East Wacker Drive, Suite 2800
Chicago, IL 60601
(312) 527-4000

/s/ John F. Sullivan
John F. Sullivan Jsullivan@plunkettcooney.com
Plunkett Cooney, PC
221 N. LaSalle Street, Ste. 3500
Chicago, IL 60601
Ph: (312) 970-3480
Fax: (248) 901-4040
*Counsel for UBS AG*

 /s/William R. Wurm
 William R. Wurm, #6324871
 (William.Wurm@stinson.com)
 Stinson, LLP
 7700 Forsyth Blvd., Suite 1100
 St. Louis, MO 63105
 Phone: (314) 863-0800
 Fax: (314) 259-3931
 *Attorneys for BMO Harris Bank, N.A., and*
 *Midland Loan Services, a division of PNC*
 *Bank, NA, acting under authority designated*
 *by Colony American Finance Lender, LLC,*
 *assignee Wilmington Trust, N.A. as Trustee*
 *for the benefit of registered holder of Colony*
 *American Finance 2015-1*

 /s/ David Hart
 David Hart
 (dhart@maddinhauser.com)
 Robert M. Horwitz
 (rhorwitz@maddinhauser.com)
 Maddin, Hauser, Roth & Heller, P.C.
 28400 Northwestern Highway
 Suite 200-Essex Centre
 Southfield MI 48034
 Phone: (248) 827-1884
 *Counsel for BC57, LLC*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2022, I electronically filed with CM/ECF the foregoing **MORTGAGEES' RESPONSE TO RECEIVER'S SEVENTEENTH INTERIM APPLICATION AND MOTION FOR COURT APPROVAL OF PAYMENT OF FEES AND EXPENSES OF RECEIVER AND RECEIVER'S RETAINED PROFESSIONALS** which sent electronic notification of the filing to all attorneys of record

*/s/ Candace Mandel*

097077.000109 4853-7298-9505.1