UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States Securities and Exchange Commission,<br><br>            Plaintiff,<br><br>v.<br><br>EquityBuild, Inc., EquityBuild Finance, LLC, Jerome H. Cohen, and Shaun D. Cohen,<br><br>            Defendants. | No.: 18-cv-5587<br>Honorable Manish S. Shah<br>Magistrate Judge Young B. Kim |

**FEDERAL HOUSING FINANCE AGENCY, FANNIE MAE, AND FREDDIE MAC'S JOINT OBJECTION TO RECEIVER'S SEVENTEENTH INTERIM APPLICATION AND MOTION FOR COURT APPROVAL OF PAYMENT OF FEES AND EXPENSES OF RECEIVER AND RECEIVER'S RETAINED PROFESSIONALS AS PERTAINS TO THE ALLOCATION OF SUCH FEES AND EXPENSES TO THE FUNDS HELD RELATING TO THE GSE PROPERTIES**

The Federal Housing Finance Agency ("FHFA"), as Conservator for the Federal National Mortgage Association ("Fannie Mae") and Federal Home Loan Mortgage Corporation ("Freddie Mac") (together, "the GSEs"), Fannie Mae, and Freddie Mac respectfully object to the Receiver's Seventeenth Interim Application and Motion for Court Approval of Payment of Fees and Expenses of Receiver and Receiver's Retained Professionals, Dkts. 1332 ("the Motion"), to the extent they seek to allocate fees to funds controlled by this Court relating to the Receiver's sale of 1131-41 East 79th Place or 7024-32 South Paxton Avenue (together, the "GSE Properties").

On March 4, 2022, FHFA filed an objection (Dkt. 1209) to the Receiver's motion to allocate its fees and costs to the bank accounts associated with specific properties insofar as it would allocate any costs to the GSE Properties ("Initial Objection"). Dkt. 1107. FHFA objected on the grounds that the allocation of fees and costs to the GSE Properties violates federal law, including the mandates that: (i) "no court may take any action to restrain or affect the exercise of powers or functions of [FHFA] as a conservator," 12 U.S.C. § 4617(f); and that (ii) conservatorship

property is not "subject to levy, attachment, garnishment, foreclosure, or sale without [FHFA's] consent," 12 U.S.C. § 4617(j)(3). *See* Dkt. 1209; *see also* Dkt. 1266. The Magistrate Judge's June 22, 2022 Minute Order (Dkt. 1257) and Opinion (Dkt. 1258) overruled FHFA's objection ("MJ Decision"). FHFA then objected to the Magistrate's decision under Rule 72 on July 7, 2022. Dkt. 1266.

On October 17, 2022, the Court held a hearing and sustained in part and overruled in part FHFA's objections but affirmed the MJ Decision (the "Ruling"). Dkt. 1325. FHFA timely moved for the Court to certify the Ruling for immediate appeal under 28 U.S.C. § 1292(b) and filed a notice of appeal under 28 U.S.C.A. § 1292(a) as a protective measure in the event the Court does not certify the Ruling for appeal under Section 1292(b). Dkts. 1334, 1336. The Court set a briefing schedule for FHFA's 1292(b) motion, and FHFA's notice of appeal is pending.

As explained in FHFA's Initial Objection and in FHFA's subsequent briefing on its objection to the MJ Decision and its motion to certify the Ruling for immediate appeal under 28 U.S.C. § 1292(b), allocating fees and costs to the GSE Properties will necessarily dissipate the collateral securing each Enterprise's loan, thereby depriving the Conservator of a property interest and impermissibly restraining the Conservator's federal powers to collect on obligations due the GSEs and to preserve and conserve conservatorship property as required by Congress.

Accordingly, and to preserve FHFA and the Enterprises' position as to any further allocations of Receiver's fees and costs to GSE Properties, FHFA and the Enterprises object to the Motion to the extent that it seeks to allocate fees and costs to the GSE Properties. In that regard, FHFA and the Enterprises respectfully rely upon and incorporate here by reference the arguments in the Initial Objection and in FHFA's subsequent briefing on its objection to the MJ Decision and its motion to certify the Ruling for immediate appeal under 28 U.S.C. § 1292(b). *See* Dkts. 1209,

1266, 1279, 1334, 1335. To be clear, FHFA and the Enterprises' position is that the fees and costs set forth in the Motion cannot be allocated to or assessed against collateral representing the GSE Properties. FHFA and the Enterprises may have additional objections to the fees and costs for their properties not included within this objection.

Further, in the event that the Receiver subsequently moves for approval of property-by-property fee allocations against the GSE Properties, FHFA and the Enterprises reserve the right to assert the arguments that doing so violates federal law in opposition to any future motion, and they intend to do so.

## CONCLUSION

FHFA and the Enterprises object to the Receiver's Motion to the extent its fees and costs are allocated to the GSE Properties, as such action is precluded by federal law. The Court should carve out the GSE Properties from the allocation request and deny the Receiver's Motion to the extent the fees and costs are allocated against GSE Properties.

Dated: November 30, 2022

Respectfully submitted,

/s/ Michael A.F. Johnson
Michael A.F. Johnson
ARNOLD & PORTER
   KAYE SCHOLER LLP
D.C. Bar No. 460879, *admitted pro hac vice*
601 Massachusetts Avenue NW
Washington, DC 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
Michael.Johnson@arnoldporter.com

Daniel E. Raymond
ARNOLD & PORTER
   KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, Illinois 60602
Telephone: (312) 583-2300
Facsimile: (312) 583-2360
Daniel.Raymond@arnoldporter.com

*Attorneys for Federal Housing Finance Agency in its capacity as Conservator for the Federal National Mortgage Association and the Federal Home Loan Mortgage Corporation*

/s/ Jill L. Nicholson
Jill L. Nicholson
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, Illinois 60654
Telephone: (312) 832-4500
Facsimile: (312) 644-7528
jnicolson@foley.com

*Attorney for Federal National Mortgage Association*

/s/ Mark Landman
Mark Landman
LANDMAN CORSI
BALLAINE & FORD P.C.
120 Broadway, 27th Floor
New York, New York 10271
Telephone: (212) 238-4800
Facsimile: (212) 238-4848
mlandman@lcbf.com

*Attorney for Federal Home Loan Mortgage Corporation*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2022, I caused the foregoing **Federal Housing Finance Agency, Fannie Mae, and Freddie Mac's Joint Objection to Receiver's Seventeenth Interim Application and Motion for Court Approval of Payment of Fees and Expenses of Receiver and Receiver's Retained Professionals** to be electronically filed with the Clerk of the Court through the Court's CM/ECF system, which sent electronic notification of such filing to all parties of record.

                                                              /s/ Daniel E. Raymond