## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 18-cv-5587 |
| v. | ) ) | Hon. Manish S. Shah |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | ) ) ) ) | Magistrate Judge Young B. Kim |
| Defendants. | ) ) | |

## RECEIVER'S RESPONSE AND OPPOSITION TO
## FHFA'S MOTION FOR CERTIFICATION

Receiver Kevin B. Duff submits the following response and opposition to the motion of

the Federal Housing Finance Agency ("FHFA") (Dkt. 1335) seeking certification under 28 U.S.C.

§ 1292(b) of the District Court's October 17, 2022 Order affirming the June 22, 2022 minute order

and Memorandum Opinion and Order of Magistrate Judge Young B. Kim (Dkt. 1257, 1258),

which overruled FHFA's objections and opposition to certain fee allocations presented by the

Receiver (Dkt. 1107).

As explained below, this unfavored and rarely granted motion should be denied here as

well. FHFA's motion myopically and wrongly argues that its objection is the lynchpin to the

whole allocation issue and will bring a quicker resolution to the entire litigation. It is neither.

Indeed, when one considers with proper perspective FHFA's argument that its issues are more

important and more relevant to the entire Receivership – a view likely shared by every claimant

and stakeholder in this and any receivership – the fact is that its objection (which FHFA now

repackages into three questions for certification) does not present controlling legal questions and will not materially advance the litigation. Indeed, other critical unresolved issues, which are not addressed by FHFA's objection, could obviate the need to ever reach FHFA's objection. In particular, the Court has not yet determined whether or not FHFA's claims have priority over other claims in regards to the two properties that are the subject of its objection. This alone shows that FHFA's motion is hypothetical, speculative, and unripe. And, in that same vein, the allocation motion against which FHFA's objection has been lodged has not been ruled upon by Magistrate Judge Kim, further demonstrating that the motion is premature. The motion also does not involve a controlling question of law. Nor would its determination materially advance this receivership action. Instead, it only serves to increase the costs of the time and resources devoted to FHFA issues and delays the efforts of the Receiver and the Court on other fronts. The motion should be denied.

## RELEVANT BACKGROUND

As FHFA has previously noted, it has acted as "conservator" over Freddie Mac and Fannie Mae since 2008. (Dkt. 1209 at 3) That is relevant here because both Fannie Mae and Freddie Mac have been involved in this Receivership virtually from its inception.[1] (*See* Dkt. 35, 61 – appearances on behalf of both Freddie Mac and Fannie Mae) So, not later than September 2018, FHFA had notice of the Receivership and the Receiver's duties and responsibilities regarding the maintenance and disposition in an orderly fashion of properties in the Receivership.

Indeed, since 2018, Fannie Mae and Freddie Mac have claimed a secured interest in two properties sold by the Receiver, one at 1131-41 E 79th Place and one at 7024 S Paxton Avenue.

---

[1] The docket and hearing transcripts in this action reflect that Fannie, Freddie, and their counsel were among the leaders of the institutional lenders who have been actively involved in this Receivership from the outset.

FHFA now feigns lack of knowledge of these sales. (FHFA Br., Dkt. 1335 at 2) But the enterprises for which it concedes it was responsible were actively engaged in this Receivership for *more than two* years prior to those sales. Even if FHFA was ignorant of the massive legal efforts and fees being waged and expended by Fannie's and Freddie's counsel over years with respect to these properties, it cannot avoid the fact that both properties were sold with the Court's approval, pursuant to the Receiver's motion and due notice having been provided (including by publication). And, on the occasion of both of these property sales, the Court specifically found "that the Receiver has given fair, adequate, and sufficient notice to *all interested parties, including all mortgagees and other encumbrancers affected by the Motion*." (Dkt. 910 for 1131 E 79th; Dkt. 966 for 7024 S Paxton (emphasis added))

At no time was any issue raised regarding FHFA's claim of interference with its statutory duties and functions before Receivership resources and monies were used to preserve and maintain the properties, pay for insurance, address taxes, market and sell the properties, and the like, all of which involved time spent by the Receiver and his professionals relative to the preservation, maintenance, and disposition of the properties, and which the Court has found benefited the properties.

Pursuant to this Court's grant of a receiver's lien and further direction from the Court, the Receiver filed a motion for allocation of fees to properties for payment pursuant to the receiver's lien. (Dkt. 1107) Only then did FHFA appear in these proceedings to object to the Receiver's Allocation Motion. (Dkt. 1209)

While that objection has been overruled by Magistrate Judge Kim (Dkt. 1257, 1258), appealed to the District Court (Dkt. 1266), briefed (Dkt. 1275, 1279), and again sustained by this Court (Dkt. 1325), the fact is that the underlying subject matter associated with the position of

FHFA's claims and any allocation of fees to the properties at issue remains largely unresolved. Both properties involve priority disputes that have not yet been addressed through the Court's disputed claims process. As such, whether or not FHFA even has any interest in those properties (and consequently whether it even has standing or an interest to advance through its objection) is yet to be resolved. The priority issue is not advanced by certification of FHFA's objection, which FHFA has broken down into the following three questions in the effort to repackage them to satisfy Section 1292(b):

1. Whether, for purposes of Section 4617(f), the allocation of the Receiver's fees to Enterprise accounts restrains or affects the Conservator's powers or functions;

2. Whether, under Section 4617(j)(3), conservatorship property interests can be dissipated by payment of Receiver's fees from Enterprise accounts without FHFA's explicit consent; and

3. Whether Section 4617(j)(3) bars judicially sanctioned dissipation of conservatorship property interests by means other than levy, attachment, garnishment, foreclosure, sale.

(FHFA Motion at 2)

Separately, the issue of the allocations themselves is yet to be determined by Magistrate Judge Kim. The motion seeking approval of the allocations to these two and many other properties remains pending, as Judge Kim is devoting meaningful time and energies in the efforts to resolve and settle matters associated with various properties. And, notably, Judge Kim has stated that "as to the issue of whether the allocations are reasonable——if the Institutional Lenders object and the court agrees, the court would allow the Receiver to re-do the allocations so that his reimbursements are paid out of the correct funds." (Dkt. 1184) As such, there is not an even an allocation that has been made or approved that would be subject to review. And even when the allocation motion is decided, as this Court has noted in the context of FHFA's efforts, that will be just one step on the road to a final distribution plan that will not resolve the litigation. (FHFA Motion, Ex. A at 27)

Despite the unresolved nature of all of these fundamental issues, and despite this Court's express statements as to the non-final nature of the ruling addressing FHFA's objection (FHFA Motion, Ex. A at 27), FHFA has filed the motion at bar seeking certification (along with a baseless notice of appeal over this non-final ruling, now requiring additional time and resources of the Receivership regarding these matters). FHFA does so by advancing the three questions for certification noted above, but all of them essentially seek review of this Court's rejection of FHFA's position that it can freeride on the work and efforts of the Receiver and various professionals in regards to the preservation, maintenance, and disposition of the two properties in which FHFA asserts an interest.

## ARGUMENT

There is no credible dispute that the ruling at issue here is non-final and not appealable, absent certification. Impliedly recognizing this fact, FHFA argues in its separate appeal (which it calls "protective" (Dkt. 1334 at 1)) not that the order is "final," but that this Court's decision is akin to an injunction and appealable under Section 1292(a)(1) (relating to appeals of injunctions). The law rejects FHFA's injunction argument, and the Receiver will shortly file a motion to dismiss in that regard (incurring the expenditure of additional time and resources necessitated by such a filing). Put differently, Section 1292(b) certification is the only arguable path for review.

As this Court is well aware, interlocutory appeals under Section 1292(b) are not favored by the Seventh Circuit. *See, e.g., Harrisonville Tel. Co. v. Ill. Commerce Comm'n*, 472 F. Supp. 2d 1071, 1080 (S.D. Ill. 2006) (citing *Horwitz v. Alloy Auto. Co.*, 957 F.2d 1431, 1435 (7th Cir. 1992)). Consistent with that fact, such motions are rarely granted. *See, e.g., Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000); *see also* 16 Fed. Prac. & Pro., § 3929, at 134 (interlocutory appeal under Section 1292(b) is "used sparingly in exceptional" cases). These

well-established principles are consistent with the important policy of avoiding "piecemeal appellate review of trial court decisions which do not terminate the litigation." *U.S. v. Hollywood Motor Car Co.,* 458 U.S. 263, 265 (1982). This policy is especially important in the context of a receivership, given the need to preserve and conserve assets and ensure judicial efficiency. This legal framework together with the prior rulings on other efforts to appeal decisions in this case show why the motion at bar should be denied.

I.      **The Seventh Circuit's Three Prior Dismissals of Interlocutory Appeals and This Court's Prior Denial of a Section 1292(b) Certification Motion All Arising From this Receivership Support Denial of FHFA's Certification Motion.**

On three earlier occasions over the last two years, the Seventh Circuit has dismissed every appeal arising from this receivership as non-final and not falling under any jurisdictional exception, including an appeal by Fannie Mae itself regarding its asserted interest in 1131-41 E 79th Street, one of the two properties that FHFA's motion addresses, and by an entity for which FHFA acts as conservator. (*See* **Exhibits 1, 2, 3** (7th Circuit dismissal orders)).[2] It is fair to consider all of those rulings as strong precedent (or at the least significant guidance) for the motion at bar.

Indeed, each of those claimants previously seeking appeal – including Fannie Mae (as described below) – argued that the issues in many respects were highly relevant to all lien holders (and this case involves thousands of asserted secured interests) because their appeal involved a challenge to the Receiver's actions which they claimed were "materially and detrimentally impairing their secured interests." They argued that the Seventh Circuit needed to hear their appeal because the issues raised were effectively controlling issues applicable to all secured party interest

---

[2] This Court also denied a separate request for a Rule 54(b) certification by an interested litigant, filed after the Seventh Circuit dismissals, which further demonstrates the impropriety of piecemeal appeals in this action. (Dkt. 1284)

holders and "[t]hese issues raise substantive and material issues of law that will potentially apply to the entire case and help shepherd this case to conclusion." (*See, e.g.*, Appeal 20-3114, Dkt. 22 at 16) But the Seventh Circuit rejected all of those arguments and dismissed each of those prior appeals. (*See* Exs. 1-3 hereto)

Further, Fannie Mae (with respect to 1131-41 E 79th Street) filed a motion for Section 1292(b) certification in regards to the same issues that it claimed a right to appeal under Section 1292(a)(2). And, once again, that Section 1292(b) motion was denied by this Court (Dkt. 899), consistent with the well-established disfavor for such motions (*see also* discussion, *infra*, Section II and, *inter alia,* the determination that Fannie Mae was unable to establish a substantial likelihood that the District Court's application of law would be reversed on appeal. (Dkt. 899 at 13-14 (citing *Padilla v. DISH Network L.L.C.,* No. 12-CV-7350, 2014 WL 539746 at *5 (N.D. Ill. Feb. 11, 2014))) This Court reasoned that "appellate scrutiny [of a district court's supervision of a receivership] is narrow" and there was not a substantial likelihood that the Seventh Circuit would overturn those rulings. (*Id.* at 14 (citing *SEC v. Wealth Mgmt., LLC,* 628 F.3d 323, 332 (7th Cir. 2010))) All of these decisions are instructive here in disposing of FHFA's arguments.

The issues here are non-final and interlocutory. They are not appealable under the express section governing interlocutory appeals associated with receiverships. The fact they could not be appealed through Section 1292(a)(2) itself also shows the impropriety of this request for certification. Moreover, while it was argued in the prior appeals that the issues regarding the sales process and secured rights could impact the entire Receivership process, the Seventh Circuit rejected a similar argument in dismissing the prior appeals. (*See* Exs. 1-3) Here, FHFA's objection – on an issue solely devoted to one entity's interests before the issues of priority and fee allocations have been resolved – has significantly less applicability to other claimants and does nothing to

advance the interests of the Receivership Estate. Furthermore, as this Court noted in disposing of the last Section 1292(b) motion, given the narrow scrutiny to be applied in reviewing a district court's handling of receivership issues, there is simply not a substantial likelihood of having this Court's decision overturned.

## II.     FHFA's Motion Fails to Meet All Mandatory Requirements for a Section 1292(b) Motion.

It is well-settled that there are four statutory criteria for granting a Section 1292(b) motion, all of which must be satisfied. "[T]here must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation. There is also a nonstatutory requirement: the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed. … Unless *all* these criteria are satisfied, the district court may not and should not certify its order to us for an immediate appeal under section 1292(b)." *Ahrenholz,* 219 F.3d at 676 (rejecting appeal) (citing *Richardson Elecs., Ltd. v. Panache Broad. of Pa., Inc.*, 202 F.3d 957, 958 (7th Cir. 2000)).

Furthermore, when an issue involves discretion, a Section 1292(b) motion should generally not be allowed. *See* 16 Fed Prac. & Proc. Juris. § 3930 (3rd Ed.) ("Greater difficulty is presented by the question whether interlocutory review should be available for matters that lie within the discretion of the district court. Ordinarily a district court should refuse to certify such matters, not only because of the low probability of reversal, but also because the recognition of discretion results from a studied determination that appellate courts generally should not interfere. Appellate courts frequently note the inappropriateness of interlocutory review of most discretionary orders.").

Here, the issue of the award of fees and the associated allocation pursuant to the grant of a receiver's lien is a discretionary issue to be determined by the Court. (*See, e.g.,* Dkt. 1030 at 7

("In securities law receiverships . . . the awarding of fees rests in the district judge's discretion, which will not be disturbed unless he has abused it.") (citing *S.E.C. v. First Secs. Co. of Chicago*, 528 F.2d 449, 451 (7th Cir. 1976)) (granting first priority lien for certain categories of expenses)) This is grounds alone to reject the motion, but in any event, the above referenced factors are not met here.

A.  *The Request for Certification Does Not Involve Controlling Questions of Law.*

Much of FHFA's arguments are based on its argument that the three questions for which it seeks certification are "*controlling*" to the extent that their "resolution is quite likely to affect the further course of the litigation." *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.,* 86 F.3d 656, 659 (7th Cir. 1996). (FHFA Br. at 5, 7) The argument is plainly wrong. While reflecting an issue of particularized interest to FHFA, who has been free riding for years and now seeks to avoid responsibility for so doing, that does not transform the issues into those which will "quite likely affect the further course of the litigation."

Initially, while the questions identified under Section 4617(f) that are posed by FHFA are presumed to be questions of law, that is itself an overstatement. This Court's decision was based upon facts that informed the determination of waiver and of FHFA's free riding. For example, the Court relied upon a record of facts that established that FHFA took affirmative steps to demonstrate consent including, *inter alia*, "the agency agreed that the receiver should take the steps it took, and has agreed that it should be paid," and further that FHFA "acced[ed]to the receiver's work all the while knowing that the receiver would expect compensation." (FHFA Motion, Ex. A at 32-33) The questions that FHFA raises involve such factual issues which FHFA now contests by denying notice of anything. (FHFA Motion at 2; *but see* discussion, *supra*, at 3) As such, whether determinations themselves are issues of law is at best uncertain, and such muddled circumstances

do not present clear and discrete legal issues that should be subject to certification. *See, e.g., Ahrenholz,* 219 F.3d at 676-77 ("We think they used 'question of law' in much the same way a lay person might, as referring to a 'pure' question of law rather than merely to an issue that might be free from a factual contest.").

Separately, and in any event, the idea that FHFA's objections involve controlling questions of law that are determinative of all of the allocation issues and distribution issues (whether as to the two properties specifically or the other properties more generally) is a wildly unsupported and inaccurate proposition. Indeed, if anything, the objection itself can be fairly read as seeking an advisory opinion, as other critical rulings must be made before the objection even comes into play – unmistakably demonstrating that the objection is not a controlling question. *See, e.g., Paschall v. Kansas City Star Co.,* 605 F.2d 403, 406 (8th Cir. 1979) ("The purpose of section 1292(b) is not to offer advisory opinions 'rendered on hypotheses which (evaporate) in the light of full factual development.'") (citing *Minnesota v. U.S. Steel Corp.*, 438 F.2d 1380, 1384 (8th Cir. 1971)). For example, if the Court were to determine later that FHFA does not have priority in regards to these properties, then none of the issues it raises need review or consideration. Furthermore, the issue of what amounts are to be allocated remains pending and undecided. As seen within the process that has been ongoing before Magistrate Judge Kim, there also may be opportunities for settlement that would further obviate the need for determination of FHFA's proffered issues. Evidence itself of this fact is that at least twenty-eight properties have had distributions occur, following agreement upon allocations, with this Court's approval, and *without* the issues FHFA now raises having been resolved.

This is not first time that FHFA has attempted to characterize its objections as necessitating immediate appeal under Section 1292(b), and it will not be the first time that courts will have

rejected FHFA's efforts. For example, in *Banneck v. Fed. Nat'l Mortg. Assoc.,* No. 17-cv-04657-WHO, 2018 WL 5603632 (N.D. Cal. Oct. 29, 2018), FHFA was an intervenor seeking to obtain Section 1292(b) certification of questions related to Section 4617(f) (as it is here), specifically seeking to have reviewed whether that statute prohibits injunctive relief and whether Section 4617(j)(4) prohibits statutory damages. As it does here, FHFA claimed such issues were controlling questions of law that would materially advance that litigation. But the *Banneck* court rejected those arguments and found that such matters did not provide controlling questions of law because it did not involve "fundamental inquiries like 'who are necessary and proper parties, whether a court to which a case has been transferred has jurisdiction, or whether state or federal law should be applied.'" 2018 WL 5603632 at *2. Indeed, the court noted as a grounds for denial that the motion did not take into account that the entire matter could be disposed of at the liability stage and the issues raised by FHFA would not need to be addressed. *Id*.

The result is no different here. FHFA's argument ignores that there are major issues such as priority and fee allocations that are yet to be determined. As in *Banneck*, given the open issues that may be resolved later, the issues advanced by FHFA may not ever need to be addressed. Thus, the issues it raises are neither controlling nor would they materially advance the litigation.

FHFA repeatedly cites to *Sokaogon,* 86 F.3d at 659, as well as to *In re Clearview AI, Inc. Consumer Priv. Litig.*, Case No. 21-CV-0135, 2022 WL 823855, at *1 (N.D. Ill. Mar. 18, 2022) (quoting *Ahrenholz*, 219 F.3d at 676). However, those decisions are either inapposite or fully support denial of the motion. *Sokaogan* was a breach of contract dispute in which an interlocutory appeal was accepted because there was an issue of controlling law that could actually materially advance the conclusion of that litigation. In that case, if the appellate court ruled in favor of the defendant on an issue of law involving the question of a waiver of sovereign immunity, "the case

will be over without the district court's having to try the issue of the contract's validity." 86 F.3d at 659. In *Clearview*, plaintiffs brought a class action complaint and survived the defendant's Rule 12(b)(1) and 12(b)(6) motion. The defendant argued that there were various legal determinations made by the district court related to the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), that should be reviewed as part of an interlocutory appeal. The district court rejected the certification motion recognizing that such issues were not controlling, and that in essence what the defendant was arguing would make every denial of a Rule 12 motion the subject of a Section 1292 appeal, contrary to practice and intent. 2022 WL 823855, at *3. *Ahrenholz* firmly favors denial of FHFA's motion. That case involved claims of retaliation and the denial of a motion for summary judgment that the defendant hoped to have reviewed, arguing that immediate review could materially advance the conclusion of the litigation. The Seventh Circuit emphasized that all factors must be met, focusing on the lack of a controlling question of law as it denied the petition for appeal.

B. *Certification Does Not Advance the Ultimate Termination of the Litigation.*

FHFA's argument that certification here "would materially advance the ultimate termination of a substantial portion of this litigation" is not only unsupported, but defies common sense. There is nothing about FHFA's objections and the three questions it presents for certification that would materially advance the termination of litigation associated with the two properties at issue or with actual allocation issues pending before Magistrate Judge Kim.

Certification does nothing to push forward the issue regarding priority over the properties, a determination that would establish whether FHFA even has standing to have its objection adjudicated. As has been noted previously, the properties at issue are yet to be addressed within the Court's disputed claims process, which if ruled upon adverse to the interests of FHFA, would

result in both this Court and the Seventh Circuit not having to address the issues raised by the certification motion at all. That priority issue must be addressed irrespective of FHFA objection. Certification does nothing to advance that resolution, let alone "materially" advance it.

Similarly, there has not been any ruling yet by Magistrate Judge Kim in regards to the fee allocations to these two properties. Judge Kim has not determined what, if any, amounts are to be allocated to the properties, and the resolution of FHFA's objection would not obviate the need for Judge Kim to decide the pending allocation motion as to the two properties (since it remains undecided which lienholder(s) will prevail in the priority dispute). Furthermore, once determined, the Court's ruling on the allocation motion will not terminate the litigation – no distribution would occur without further Court order, as the orders approving the sales of the two properties at issue clearly state. (Dkt. 910 at 4-5; Dkt. 966 at 13-14) Once again, certification of such matters will not advance the ultimate termination of the Receivership nor the distributions from these properties. In such circumstances – where the questions raised for certification may be mooted as a result of other decisions that are yet to be made – courts recognize that the litigation will not be materially advanced by certification. *See, e.g., In re City of Memphis,* 293 F.3d 345, 351 (6th Cir. 2002) (denying application for 1292(b) certification, and noting litigation would not be advanced when questions raised may be mooted by further proceedings and decisions in the district court).

The citations advanced by FHFA do not support a different result. For example, *Ahrenholz* sets forth the general rule that any ruling to certify questions must materially advance the litigation, and emphasized that all of the other factors must be also present for certification to be granted – including without limitation that certification involves controlling questions of law. However, as discussed above, and as seen in *Ahrenholz*, the questions raised by FHFA do not involve controlling questions of law and therefore require denial of the certification request.

FHFA's citation to *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535 (7th Cir. 2012) is wholly inapposite. In that class action case, the Section 1292(b) appeal was accepted because the court was in a position to materially advance the litigation by reviewing a controlling legal question relative to the interpretation of the Video Privacy Protection Act, 18 U.S.C. § 2710, and whether there was a private right of action for violation of the provision that personal information be destroyed in a timely manner. In that circumstance, the Seventh Circuit granted the certification petition as that issue was controlling on the central issue of the primary claim brought by plaintiff and class, with the express belief that a decision on that issue could conclude the litigation: "If the appeal is not allowed, and the suit proceeds in the district court on both the disclosure and destruction claims, the completion of the litigation will take longer than if the destruction claim is out of the case, especially since that claim appears to be the plaintiffs' main one, with the disclosure claim perhaps just a life jacket." *Sterk,* 672 F.3d at 536. In the matter at bar, the objection raised is not, and never has been, the central issue in this Receivership.

In another class action case cited by FHFA, *Costello v. BeavEx, Inc.*, No. 12 c 7843, 2014 WL 12775669, at *1 (N.D. Ill. Dec. 1, 2014), the district court denied class certification, an issue that was already going to be the subject of a petition for review before the Seventh Circuit (as permitted under Fed. R. Civ. Pro. 23(f)). In that case, the district court also granted the Section 1292(b) request because of the existence of a controlling legal question – namely one of pre-emption – that dictated the viability of one of the claims raised by the plaintiffs.

None of these situations are present in the case at bar. There is no controlling question of law, and certainly nothing that would materially advance this matter. Were FHFA's standard to be adopted, that logic could easily support a Section 1292(b) petition for any ruling at any time, with an argument that litigation is advanced because an issue raised (irrespective of materiality,

hypothetical nature, or narrowness) can be resolved. But such argument in essence destroys the letter, if the not the spirit, of the standards governing Section 1292(b) certifications. FHFA's argument further destroys the standards set forth in Section 1292(a)(2) which is designed to allow appeals from receivership related issues in only limited circumstances. FHFA's arguments would open the flood gates to arguments from other claimants in receiverships looking to circumvent Section 1292(a)(2) with a new and lax standard under Section 1292(b).

## CONCLUSION

FHFA's efforts to seek to have its objection determined immediately should be juxtaposed against its years of purposeful inactivity as it now unabashedly seeks to advance its position that it is proper and appropriate for it to free-ride upon the work of the Receiver. These circumstances do not involve a "controlling question of law," are not contestable under the circumstances described herein, and will not speed the litigation towards a conclusion, but instead serve only to create additional cost and expense over issues that may not even be necessary to address, and to divert the Court's and the Receiver's attention and efforts, in their discretion, to efficiently and expeditiously manage this complex Receivership. Wherefore, the Receiver respectfully requests that FHFA's motion for certification be denied.

Dated: November 30, 2022     Kevin B. Duff, Receiver

          By:  /s/ Michael Rachlis
              Michael Rachlis
              Jodi Rosen Wine
              Rachlis Duff & Peel LLC
              542 South Dearborn Street, Suite 900
              Chicago, IL 60605
              Phone (312) 733-3950
              *mrachlis@rdaplaw.net*
              *jwine@rdaplaw.net*

## CERTIFICATE OF SERVICE

I hereby certify that I provided service of the foregoing **Receiver's Response and Opposition to FHFA's Motion for Certification**, via CM/ECF system, to all counsel of record on November 30, 2022.

I further certify that I caused true and correct copy of the foregoing **Response** to be served upon all individuals or entities that submitted a proof of claim in this action (sent to the e-mail address each claimant provided on the claim form) and their counsel.

I further certify that the **Response** will be posted to the Receivership webpage at:

http://rdaplaw.net/receivership-for-equitybuild

/s/ Michael Rachlis

Michael Rachlis
Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone (312) 733-3950
Fax (312) 733-3952
mrachlis@rdaplaw.net

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## ORDER

December 11, 2020

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

| | |
|---|---|
| No. 20-3155 | SECURITIES AND EXCHANGE COMMISSION, Plaintiff - Appellee<br><br>and<br><br>KEVIN B. DUFF, Appellee<br><br>v.<br><br>VENTUS HOLDINGS, LLC, Defendant - Appellant |
| **Originating Case Information:** | |
| District Court No: 1:18-cv-05587<br>Northern District of Illinois, Eastern Division<br>District Judge John Z. Lee | |

The following is before the court: **RECEIVER'S MOTION TO DISMISS APPEAL FILED BY VENTUS HOLDINGS, LLC**, filed on November 19, 2020, by counsel for the appellee.

Under 28 U.S.C. § 1292(a)(2) a court of appeals has jurisdiction of appeals from "Interlocutory orders appointing receivers, or refusing orders to wind up receiverships

or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property." Appellant appeals from the district court's October 26, 2020, order granting the receiver's eighth motion to confirm the sale of certain real estate. Appellant did not submit a timely response to the receiver's motion to dismiss for lack of jurisdiction. *See* Fed. R. App. P. 27(a)(3)(A). We agree with the receiver that the challenged order does not fall within the scope of § 1292(a)(2). *See United States v. Antiques Ltd. P'ship*, 760 F.3d 668, 671 (7th Cir. 2014). Therefore,

**IT IS ORDERED** that the motion to dismiss is **GRANTED** and the appeal is **DISMISSED** for lack of jurisdiction.

form name: **c7_Order_3J**(form ID: **177**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## ORDER

December 11, 2020

Before

FRANK H. EASTERBROOK, *Circuit Judge*
MICHAEL S. KANNE, *Circuit Judge*
DIANE P. WOOD, *Circuit Judge*

| | |
|---|---|
| No. 20-3114 | SECURITIES AND EXCHANGE COMMISSION, Plaintiff - Appellee<br><br>and<br><br>KEVIN B. DUFF, Appellee<br><br>v.<br><br>CITIBANK, N.A., Defendant - Appellant<br><br>and<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, Appellant |

**Originating Case Information:**

District Court No: 1:18-cv-05587
Northern District of Illinois, Eastern Division
District Judge John Z. Lee

The following are before the court:

**Exhibit 2**

1. **RECEIVER'S MOTION TO DISMISS APPEAL**, filed on November 16, 2020, by counsel for the Appellee Kevin B. Duff.

2. **SECURITIES AND EXCHANGE COMMISSION'S JOINDER OF RECEIVER'S MOTION TO DISMISS**, filed on November 27, 2020, by counsel for Appellee Securities and Exchange Commission.

3. **APPELLANTS' RESPONSE IN OPPOSITION TO APPELLEE RECEIVER'S MOTION TO DISMISS APPEAL**, filed on November 30, 2020, by counsel for the appellants.

4. **RECEIVER'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS APPEAL**, filed on December 7, 2020, by counsel for Appellee Kevin B. Duff.

Under 28 U.S.C. § 1292(a)(2) a court of appeals has jurisdiction of appeals from "Interlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property." Appellants appeal from the district court's October 26, 2020, order granting the receiver's ninth motion to confirm the sale of certain real estate and for the avoidance of certain mortgages, liens, claims and encumbrances. That order does not fall within the scope of § 1292(a)(2). *See United States v. Antiques Ltd. P'ship*, 760 F.3d 668, 671 (7th Cir. 2014). Therefore, **IT IS ORDERED** that the motion to dismiss is **GRANTED** and the appeal is **DISMISSED** for lack of jurisdiction.

form name: **c7_Order_3J**(form ID: **177**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**CERTIFIED COPY**

A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

**ORDER**

November 4, 2021

Before

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

| | |
|---|---|
| No. 21-2664 | SECURITIES AND EXCHANGE COMMISSION,<br>      Plaintiff<br><br>and<br><br>KEVIN B. DUFF,<br>        Appellee<br><br>v.<br><br>EQUITYBUILD, INC., et al.,<br>      Defendants<br><br>and<br><br>VENTUS HOLDINGS, LLC and VENTUS MERRILL, LLC,<br>      Intervenors - Appellants |

| **Originating Case Information:** |
|---|
| District Court No: 1:18-cv-05587 |
| Northern District of Illinois, Eastern Division |
| District Judge John Z. Lee |

The following are before the court:

1. **MOTION TO DISMISS APPEAL**, filed on October 13, 2021, by counsel for the appellee.

Exhibit

3

No. 21-2664                                                              Page 2

2. **RESPONSE TO MOTION TO DISMISS APPEAL**, filed on October 28, 2021, by counsel for the appellants.

Under 28 U.S.C. § 1292(a)(2) this court has jurisdiction to hear appeals from "Interlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property." Appellant appeals from the district court's order denying a motion for return of earnest money paid to the receiver under a contract to purchase property. This order was not a refusal to take steps to accomplish the purposes for winding up a receivership or either of the other types of orders listed in § 1292(a)(2). *See United States v. Antiques Ltd. P'ship*, 760 F.3d 668, 671 (7th Cir. 2014). We thus agree with the receiver that this appeal does not fall within the scope of that section, and the order is not otherwise appealable as a final decision, 28 U.S.C. § 1291. Therefore, **IT IS ORDERED** that the motion to dismiss is **GRANTED** and this appeal is **DISMISSED** for lack of jurisdiction.

form name: **c7_Order_3J**     (form ID: **177**)