UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | )<br>)<br>)<br>) |
| Plaintiff, | ) Civil Action No. 18-CV-5587<br>) |
| v. | ) Judge Manish S. Shah<br>) |
| EQUITYBUILD, INC., *et al.*, | ) Magistrate Judge Young B. Kim<br>) |
| Defendants. | )<br>) |

## SEC'S REPLY IN SUPPORT OF RECEIVER'S SEVENTEENTH FEE APPLICATION

The SEC supports the Receiver's Seventeenth Fee Application (ECF 1332). The SEC confirms it has reviewed the Receiver's invoices, they substantially comply with the SEC's billing guidelines, and the SEC approves of their payment. The SEC additionally incorporates its arguments supporting the Receiver's earlier fee petitions. (*See* ECF 526, 606, 622, 705, 797, 803, 922, 970, 1002, 1220, 1254, 1307). Granting every previous petition, Judge Lee and this Court have repeatedly approved the precise types of activities for which the Receiver now seeks payment. (*See, e.g.*, ECF 1213, 1312). Indeed, in granting the most recent fee petitions, this Court found the "Receiver's efforts have benefited and will continue to benefit the Receivership Estate." (ECF 1312, at 2)

As with the previous petitions, the *only* objecting parties are a small subset of the claimants in this matter: the well-financed and title insurance-protected institutional lenders who have objected to nearly every action the Receiver has taken. Likewise, the more than 800 investor-claimants who were victims of the Cohens' fraud continue to not object to the Receiver being paid for his work or receiving priority payments from the proceeds of his real estate sales.

1

The institutional lenders' present objections (ECF 1346, at 3) primarily repeat their objections to the earlier fee petitions, which have been consistently overruled. (*See, e.g.*, ECF 1031, 1213, 1312). Their chief objection is *not* that the Receiver's bills are unreasonable or otherwise unwarranted. Rather, the lenders renew their objections that certain of the Receiver's fees result from activities beyond those the Court determined deserve payment on a priority basis. Overruling similar objections, the Court reaffirmed Judge Lee's finding that the lenders' characterization of the Receiver's activities is "too narrow." (ECF 1213, at 7; ECF 1312, at 2-3). In doing so, the Court again rejected their contention that the Receiver's first-priority lien is only available for "activities directly involv[ing] real estate transactions concerning the subject properties or managing the claims process." (ECF 1312, at 2). That finding is again correct.

As with the previous fee petitions, the Receiver deserves to be compensated for the beneficial work he has performed on behalf of, collectively, the creditors of the Receivership Estate. The types of activities for which the Receiver seeks payment – managing the estate, administering the claims process, and working to bring additional assets into the receivership – are the same types of activities the Court has repeatedly found to be appropriate work that entitles the Receiver to reasonable compensation.

A recent example of the Receiver's beneficial work was his announcement of a $3 million proposed settlement with Equitybuild's former accountants. (*See* ECF 1343). Beyond working to bring additional moneys into the Estate, during this billing period the Receiver ably resolved the claims involving 28 properties, resulting in more than $4.7 million being distributed to certain *institutional lenders* including the present objectors. (*See* ECF Nos. 1272, 1288, 1289, 1301). Under Magistrate Judge Kim's guidance, the Receiver similarly initiated efforts to resolve, on a negotiated basis, claims on an additional 16 properties. (ECF 1332, at 10).

The institutional lenders' myopic view of the benefit of the Receiver's work is again demonstrated by their newly-raised objection to the Receiver seeking priority payment for his work distributing funds to successful claimants. (*See* ECF 1346 at 5-6). Judge Lee and this Court have repeatedly held the Receiver is entitled to priority payments for his work administering the claims process. (*E.g.*, ECF 1312, at 2). It would be an odd result for the Receiver to be denied payment for the last step in the process and the one that undoubtedly benefits creditors: the steps necessary to distribute money to prevailing claimants (including institutional lenders found to have priority).

Despite the Court's consistent confirmation that the Receiver should be compensated for his efforts on behalf of the Estate, the Receiver and his small law firm have received only a small fraction of their *Court-approved* fees since *January 2020*. (ECF 1332, p. 25). Since that time, the institutional lenders' obstructive efforts have resulted in the Receiver being deprived of more than $3.48 million in *approved* fees, covering *more than two years of work*, that were already heavily discounted from the Receiver's standard billing rates. (*Id.*, 20, 25). This Court recently held that such "delays in the Receiver's authorized compensation is a harm that ought to be avoided." (ECF 1312 at 3).

The main source of that harm is the institutional lenders who again are the lone objectors to the Receiver's fee petition. Those same lenders caused so much delay in this litigation and are responsible for the Receiver incurring many of the fees of which they complain. As recognized by Judge Lee, the lenders' litigiousness has distracted the Receiver from his core work and depleted the recovery for the victims of the Cohens' fraud and other creditors. (*See* ECF 1031, at 11-12 n.32 ("the Receiver and his legal professionals have devoted significant resources responding to various motions, objections, and inquiries made by lenders. And these efforts

substantially increased the amount of fees the Receiver incurred…The Lenders complain about the Receiver's fees, but then require the Receiver to respond to dozens of objections raising arguments that have been foreclosed by the law of the case."))

The lenders should not be rewarded for their obstructive conduct.  Similarly, the Court should not sanction an approach that could set precedent for well-qualified receiver candidates declining to serve out of fear they will not receive payment for their valuable services to courts and creditors.[1]

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  December 7, 2022 | /s/ Benjamin Hanauer<br>Benjamin J. Hanauer (hanauerb@sec.gov)<br>Timothy J. Stockwell (stockwellt@sec.gov)<br>U.S. Securities and Exchange Commission<br>175 West Jackson Blvd., Suite 1450<br>Chicago, IL 60604<br>Phone:  (312) 353-7390<br>Facsimile: (312) 353-7398 |

---

[1] The SEC takes no position on the specific objections lodged by Federal Housing Finance Agency.  (ECF 1347).

**CERTIFICATE OF SERVICE**

I hereby certify that I provided service of the foregoing Reply, via ECF filing, to all counsel of record and Defendant Shaun Cohen, on December 7, 2022.

      /s/ Benjamin Hanauer
Benjamin J. Hanauer
175 West Jackson Blvd., Suite 1450
Chicago, IL 60604
Phone: (312) 353-7390
Facsimile: (312) 353-7398

One of the Attorneys for Plaintiff