**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Case No. 1:18-cv-5587 |
| v. | |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | Hon. Manish S. Shah |
| Defendants. | |

**MIDLAND'S[1] REPLY IN SUPPORT OF ITS MOTION FOR ADJUDICATION OF SINGLE CLAIM STATUS AND DISTRIBUTION REGARDING PROPERTY NO. 47**

Pursuant to Magistrate Judge Kim's October 24, 2022 email, on November 8, 2022, Midland moved for adjudication that 5437 S Laflin Street, designated as Property No. 47, should be treated as a single claim property in which Midland makes the sole claim other than the claims for fees, costs and expenses made by the Receiver. (Dkt. 1330). Midland supported its Motion by attaching evidence that the only other potential claimant, Michael Borgia (Claim Number 231), recorded a release of any secured lien he had and did so intentionally. (*Id.* at pp. 4-7).

The Court ordered that responses, if any, must be filed by November 30, 2022, and replies by December 7, 2022. (Dkt. 1331). Neither Mr. Borgia nor any other claimant filed a response.[2] The Receiver filed a response stating that the Receiver "does not object to Midland's motion"

---

[1] "Midland" refers to Midland Loan Services, a Division of PNC Bank, N.A. as servicer for Wilmington Trust, N.A., as Trustee for the Benefit of Corevest American Finance 2017-1 Trust Mortgage Pass-Through Certificates.

[2] As stated in the Certificate of Service to Dkt. 1330, Midland's undersigned counsel caused a copy of Midland's Motion to be sent to the email address Mr. Borgia specified in Claim No. 231 and a hard copy to be sent by US Mail to the physical address also there specified. Undersigned counsel has not received any response as of this filing.

based on Mr. Borgia's release of his secured position and his failure to respond to or otherwise dispute Midland's Motion. (Dkt. 1344 at pp. 1-2).

The Receiver submitted as Exhibit C to his Response a Proposed Order under which the Court would grant Midland's Motion and order the Receiver to distribute funds associated with Property 47 to Midland after deducting and distributing to the Receiver fees and expenses. Midland agrees to the Proposed Order and the distribution amounts specified by the Receiver. (Dkt. 1344).

With no objections lodged to Midland's Motion, no response from Mr. Borgia as the only other potential claimant, and Midland and the Receiver in agreement as to the particular amounts for distribution, Midland respectfully requests that the Court grant its Motion and enter the Receiver's Proposed Order (Exhibit C to Dkt. 1344).

Dated:  December 7, 2022

Respectfully submitted,

/s/ *Brett J. Natarelli*
Edward S. Weil (eweil@dykema.com)
Michael A. Gilman (mgilman@dykema.com)
Todd Gale (tgale@dykema.com)
Brett J. Natarelli (bnatarelli@dykema.com)
Dykema Gossett PLLC
10 S. Wacker Drive
Suite 2300
Chicago, IL 60606
Phone: (312) 876-1700

*Counsel for Midland Loan Services, a Division of PNC Bank, N.A. as servicer for Wilmington Trust, N.A., as Trustee for the Benefit of Corevest American Finance 2017-1 Trust Mortgage Pass-Through Certificates*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day and was served upon all counsel of record via the Court's CM/ECF system and that I caused a copy of the foregoing to be mailed to the address below via US Mail, and emailed to the specified email address.


Michael Borgia
43 Woodland Drive
Oyster Bay, NY  11771
mtborgia@gmail.com.

s/ Brett J. Natarelli