IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>  v.<br><br>EQUITYBUILD, INC., et al.,<br><br>    Defendants. | No. 18 CV 5587<br><br>Judge Manish S. Shah |

## ORDER

The Federal Housing Finance Agency's motion to certify ruling for immediate appeal under 28 U.S.C. § 1292(b) [1334] is denied.

## STATEMENT

This receivership involves (among other things) the proceeds of the sale of over one hundred properties and an ongoing battle among stakeholders to recover some of the money. Over $65 million has been at issue. *See* [1328] at 8.[1] The Federal Housing Finance Agency has a claim to proceeds from the sale of two properties. *See* [1335] at 2. It objects to receivership fees being allocated to those two accounts because, if paid, less money will be available for the FHFA to claim on behalf of the entities under its conservatorship. It argues that even earmarking the funds to eventually pay the receiver interferes with its statutory powers as a conservator. *See generally* [1266]. The magistrate judge overruled the agency's objections to the proposed allocation, and this court affirmed in relevant part the magistrate judge's ruling. [1325]; [1327].

The agency seeks certification for interlocutory appeal under 28 U.S.C. § 1292(b). [1334]. An interlocutory appeal may be taken if the district judge states in writing that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," and the court of appeals then allows an appeal to be taken from the order. 28 U.S.C. § 1292(b); *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674 (7th Cir. 2000); *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012).

---

[1] Bracketed numbers refer to entries on the district court docket and page numbers are taken from the CM/ECF header placed at the top of filings.

The agency's objection involves a question of law: whether a statute, 12 U.S.C. § 4617, prohibits an allocation of fees against funds that the FHFA as conservator is supposed to safeguard. This question is controlling in the sense that if the agency is correct, the allocations against the two accounts should not move forward. There are grounds for differences of opinion in whether the facts here support my conclusion that the agency consented to having its property subject to payment of fees (implicitly but through affirmative acts demonstrating its consent) and whether the present allocation amounts to a restraint on the agency's powers.

But an immediate appeal would not materially advance the ultimate termination of the litigation.[2] There remains much work to be done, including disbursements for many other properties and decisions about competing priority claimants that may render the FHFA's interest in the funds moot. The agency argues that allocations are iterative, and a mistake now must be corrected to prevent compounding the errors through a series of distributions that will be difficult to unwind. I disagree. These two allocations deal with a small slice of the pie and will not affect the many millions of dollars at issue with other accounts. No money will go out the door without further court approval. There are bound to be other contestable legal issues as we move forward and having the court of appeals start looking at this complex receivership will not save anyone (including the appellate judges) from additional effort. It makes more sense to follow the ordinary process of appellate review of final judgments, especially since settlement across different claimants remains a possibility. A costly interlocutory appeal would be unnecessary if settlement and resolution of the disputes over priority moots the agency's objection. On the other hand, appellate resolution of the objection closes the loop on a relatively minor issue, one that is not contributing to the ultimate termination of the litigation.

ENTER:

_____
Manish S. Shah
United States District Judge

Date: December 21, 2022

---

[2] Whether the order is appealable without a Section 1292(b) certification is not an issue before me.