IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | No. 18 CV 5587 |
| v. | Judge Manish S. Shah |
| EQUITYBUILD, INC., et al., | |
| Defendants. | |

## ORDER

The Receiver's seventeenth application and motion for court approval of payment of fees and expenses, [1332], is granted in part as stated in more detail in this Order. The Receiver may submit a proposed order to proposed_order_shah@ilnd.uscourts.gov in Microsoft Word format if necessary to implement this ruling.

## STATEMENT

Although this receivership seems to be entering into a new phase, with the sale of the underlying properties completed and sharper focus now on pursuing third-party actions and finally distributing proceeds to claimants, it remains a complicated endeavor for the Receiver. Managing communications with claimants, resolving or settling claims over specific properties, among other tasks in the third quarter of 2022, reasonably required legal, accounting, and IT services. The Receiver's efforts have benefited and will continue to benefit the Receivership Estate.

As with earlier applications, the SEC supports the Receiver's application. It concludes that the fee applications substantially comply with the SEC's billing guidelines and are in line with the fees the court has approved thus far. This court agrees.

The court previously granted the Receiver's request for a first-priority lien on the receivership assets for fees incurred by the Receiver in connection with "(1) the preservation, management, and liquidation of certain real estate belonging to the Receivership Estate; and (2) the implementation and management of an orderly summary claim-priority adjudication process." 8/17/21 Order at 11. Some objectors oppose payment of the Receiver's fees on a first-priority basis because, in

their view, some of the Receiver's tasks described in the invoices attached to the applications fall outside the scope of these categories.

The court previously rejected as "too narrow" the objection that the requested fees do not relate to property-related activities, and continues to overrule that objection. The specific objections highlighted by the objectors, [1346] at 4–6, are overruled. Managing the claims process includes giving notice to interested parties, locating and preserving records, and handling creditor inquiries. The "Group 1" issues for which the Receiver seeks payment in this application are compensable as claims administration. The court's forthcoming ruling on the priority dispute in the Group 1 bucket is not reason to delay payment for the tasks within the Seventeenth Application. This court is now satisfied that the Receiver appropriately excluded certain categories from property-specific allocation and approves the allocations to specific properties based on the adequately detailed supporting materials filed with the Seventeenth Application.

The first-priority lien of the Receiver as applied to the Seventeenth Application and its specific-property allocations will not be referred to Magistrate Judge Kim. This court is satisfied that the present application has been appropriately allocated to first-priority tasks and specific properties. To the extent Magistrate Judge Kim determines that certain requests pending before him categorically should not be paid based on the Receiver's first-priority lien, and such a ruling affects this court's decision to approve the Seventeenth Application, the parties will have to bring that inconsistency to this court's attention. The 20% holdback, which this court continues, should cover the prospect of revisiting the Seventeenth Application without adding to delay or the items on Magistrate Judge Kim's plate. The court understands the Receiver's point about the discounted rates and unbilled time, but continues to believe a holdback is in the best interest of administration here. There remain issues that would be difficult to unwind once money goes out the door, and the holdback provides some hedge against that complexity down the road. For those reasons and the ones stated in the court's orders granting the earlier fee applications, the 20% holdback continues.

In addition, the court withholds approval for immediate payment pursuant to the Receiver's lien of any fees and expenses allocated to the properties at issue in the FHFA's objections. The FHFA's objection to the Receiver's lien is overruled (and preserved), for the reasons the court affirmed the magistrate judge's earlier ruling. *See* [1325]; [1327]. Allocating the fees to the FHFA-related properties is not an unlawful restraint on the agency's conservatorship powers. But to avoid the issues that may arise in unwinding transactions if the FHFA's objection turns out to be material, this court exercises its discretion to withhold payment to the Receiver.

In sum, the court grants the Receiver's pending fee application in its entirety, but with a holdback of 20% of the fees (but not expenses) requested in the applications and excluding payment pursuant to the Receiver's lien allocated to the FHFA properties.

ENTER:

_____
Manish S. Shah
United States District Judge

Date: December 30, 2023