UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Case No. 1:18-cv-5587 |
| v. | Hon. Manish S. Shah |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | Magistrate Judge Young B. Kim |
| Defendants. | |

**JOINT MOTION TO APPROVE DISTRIBUTIONS OF
PROCEEDS FROM THE SALES OF PROPERTIES LOCATED
AT 7933 S KINGSTON, 8405 S MARQUETTE AND 8800 S ADA**

Kevin B. Duff, as the receiver for the Estate of Defendants EquityBuild, Inc., EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen ("Receiver"), and Midland Loan Services, a Division of PNC Bank, N.A. as servicer for Colony American Finance 2015-1 ("Midland"), respectfully file this joint motion for approval of an agreed plan for the distribution of the proceeds from the sales of 7933 S Kingston Avenue (Property 22), 8405 S Marquette Avenue (Property 26) and 8800 S Ada Street (Property 28) (hereinafter the "Subject Properties"). In support of this motion, movants state as follows:

1. With the Court's approval, on May 26, 2021, the Receiver sold a portfolio of properties that included the Subject Properties free and clear of all mortgages and encumbrances. (Dkt. 979) Prior to the sale, the Court found that the Receiver gave fair, adequate, and sufficient notice to all interested parties, including all mortgagees affected by the Receiver's 13th Motion to Confirm the Sale of these and other properties. *Id*. at 2. The net proceeds of sale for each of the three Subject Properties were deposited into a separate interest-bearing account held by the

1

Receiver pursuant to court order. *See* Exhibit A. Additional deposits have been made into these property accounts, as reported in the Receiver's quarterly status reports (Dkt. 1017, 1077, 1164, 1243, 1280, 1328) and summarized in Exhibit A, along with the balance as of the date of filing in each of the accounts.

2. In 2019, the Receiver initiated a claims process whereby he (a) researched mortgagees of record and EquityBuild records to identify potential claimants; (b) served all known potential claimants by email and/or regular mail with notice of the bar date, procedures for submitting proofs of claim, and a link to a third-party portal to submit claims; (c) sent multiple follow-up emails reminding potential claimants of the bar date (and the extended bar date); and (d) established a webpage (http://rdaplaw.net/receivership-for-equitybuild) for claimants and other interested parties which prominently displayed the claims bar date and provided copies of the claims notice, instructions, proof of claim forms, a link to the claims portal, and copies of certain court filings related to the claims process. Investors were notified that the failure to submit a claim verification form by the bar date would be a basis for denial of that claim. (Dkt. 241, 302, 349, 468, 548, 638, 693, 720) The Court's orders with respect to the claims process were also served upon claimants and potential claimants and posted on the Receiver's website. (Dkt. 349, 574, 940, 941)

3. In February 2021, following briefing and hearings, the Court entered two orders establishing a process for the resolution of disputed claims. (Dkt. 940, 941)

4. In February 2021, the Receiver moved to approve the payment of certain previously approved fees and costs pursuant to the Receiver's lien on the properties of the Estate that had been granted by the Court (Dkt. 947, 981) The Court granted the Receiver's motion (Dkt. 1030), and referred subsequent proceedings on the Receiver's specific fee allocations to Magistrate Judge

Kim, which are ongoing (Dkt. 1107, 1113, 1230, 1312, 1321, 1323). Claimants and potential claimants have received notice of the motion practice relating to the receiver's lien, and the Receiver's fee applications, the foregoing motions, and orders have been posted to the Receiver's website.

5. Subsequently, settlement discussions occurred before Magistrate Judge Kim among and between the Receiver and each of the claimants asserting an interest in the Subject Properties, namely Midland, Manoj Donthineni, Celia Tong (on behalf of the Celia Tong Revocable Trust), Dennis McCoy, and the City of Chicago.

6. Claimants Tong and McCoy subsequently conceded that they had rolled their secured interests to other EquityBuild properties, and were no longer asserting a claim against any of the Subject Properties.

7. The remaining participants reached a negotiated agreement regarding the distribution of the funds in the accounts held for the Subject Properties, as set forth in Exhibit A (distribution plan). The distribution plan provides for: (i) payment to the Receiver's law firm for uncontested fees allocated to the property (constituting the allocation of fees submitted in approved fee applications through the Second Quarter of 2022, plus fee allocations for the Third Quarter of 2022, minus a credit for agency fees paid to the Receiver's counsel); (ii) reimbursement to the Receiver's account for previously incurred expenses attributable to the Subject Properties; (iii) payments to claimants Donthineni and the City of Chicago of the amounts negotiated for the settlement of their respective claims, and (iv) distribution of the remaining balance in the separate property accounts to Midland or its nominee.

8. Claimants Donthineni and the City of Chicago do not oppose this motion, have accepted the distributions proposed in this motion with respect to their claims, and agree that they will not seek appeal from any rulings associated with the Subject Properties.

9. Midland agrees that with respect to the Subject Properties, Midland will withdraw its objections to the Receiver's lien entered by the Court (Dkt. 1030) and to the Receiver's pending fee allocation motions (Dkt. 1107, 1321), subject to the agreements reached by the movants as set forth in this Motion and the Court's granting of this Motion.

10. Midland and the Receiver further agree that their agreement resolves all disputes between the Receivership Estate and the Receiver and Midland with respect to the Subject Properties, and neither party will appeal from any rulings associated with the Subject Properties.

Legal authority

11. It is well-settled that the district courts have broad powers and are afforded wide discretion in approving a distribution plan of receivership funds. *SEC v. Forex Asset Mgmt.*, 242 F.3d 325, 331 (5th Cir. 2001); *SEC v. Enterprise Trust Co.*, 559 F.3d 649, 652 (7th Cir. 2009) ("District judges possess discretion to classify claims sensibly in receivership proceedings."); *SEC v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992).

12. Because the Receiver is a fiduciary and officer of this Court, the Court may give some weight to the "…Receiver's judgment of the most fair and equitable method of distribution." *CFTC v. Eustace*, No. 05-2973, 2008 WL 471574, at *5 (E.D. Pa. Feb.19, 2008) (approving receiver's pro-rata distribution plan and recognizing that the receiver does not represent a particular group of investors or claimants but rather proposes a plan that is fair to all investors).

13. Based on the facts and circumstances, the Receiver believes that the distribution plan with respect to the Subject Properties as described in this motion is fair and equitable. The

recommended distribution amounts represent a substantial payment of the principal amount of the loans to secured lenders for the Subject Properties. The Receiver has further determined that there are no other issues that he is aware of that would necessitate any further holdback from the amounts set forth above. There are also additional savings of time and resources achieved based on the agreements reached between the Receiver, Midland, Donthineni, and the City of Chicago. As a result of the agreements set forth in this motion, there are no objections that remain associated with the Receiver's lien or fees allocated to the Subject Properties. The claimants' agreement not to seek appeal from any rulings associated with the Subject Properties will be a further saving of time and resources for many involved in the Receivership. Effectively, as a result of the agreement and distribution, the claims and issues between the Receivership, Midland, Donthineni, and the City of Chicago with respect the Subject Properties have concluded.

14. Notice of this motion is being given to each of the claimants asserting a claim against any of the Subject Properties, as well as to each of the other claimants who have submitted claims in this matter.

WHEREFORE, the movants seek the following relief:

a) a finding that adequate and fair notice has been provided to all interested and potentially interested parties of the claims process, the Receiver's proposed fee allocations, and the current Motion, and that each interested or potentially interested party has had a full and fair opportunity to assert its interests and any objections;

b) a finding that the agreement described herein is fair and reasonable;

c) approval of the payment of the attorneys' fees the Receiver has allocated to the Subject Properties in his pending fee allocation motions (Dkt. 1107, 1321), and the

Court's further approval of the payment of estimated attorneys' fee allocations to the Subject Properties for the third quarter of 2022;

d) approval of the distribution of funds as set forth in Exhibit A to this motion, with distributions to be made within ten (10) business days of the Court's approval of this motion; and

e) such other relief as the Court deems fair and equitable.

Dated: January 4, 2023  Respectfully submitted,

| | |
|---|---|
| /s/ Michael D. Napoli<br>Thomas B. Fullerton (6296539)<br>Akerman LLP<br>71 S. Wacker Drive, 47th Floor<br>Chicago, IL 60606<br>(312) 634-5700<br>thomas.fullerton@akerman.com<br><br>Michael D. Napoli (TX 14803400)<br>Akerman LLP<br>2001 Ross Avenue, Suite 3600<br>Dallas, TX 75201<br>(214) 720-4360<br>michael.napoli@akerman.com<br><br>Ronald A. Damashek<br>Dickinson Wright PLLC<br>55 W Monroe Street, Suite 1200<br>Chicago, IL 60603<br>(312) 377-7858<br>rdamashek@dickinson-wright.com<br><br>*Counsel for Midland Loan Services, a Division of PNC Bank, National Association* | /s/ Michael Rachlis<br>Michael Rachlis<br>Jodi Rosen Wine<br>Rachlis Duff & Peel, LLC<br>542 South Dearborn Street, Suite 900<br>Chicago, IL 60605<br>Phone (312) 733-3950<br>mrachlis@rdaplaw.net<br>jwine@rdaplaw.net<br><br>*Counsel for Kevin B. Duff, Receiver* |

6

| Prop # | PROPERTY ADDRESS | Net proceeds of Sale | Transfers pursuant to 9/21/20 Court Order (Dkt. 796) | Post-Sale Reconciliations | Interest Paid | Balance of Receivership Account for Property (as of 12/31/22) | Fee Allocations (thru Q2 2022) | Fee Allocations (Q3 2022) | Credit for agency fees paid to Receiver's counsel | Net Distribution to Receiver's Account for Cost Reimbursements | Potential amount available for distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 22 | 7933 S Kingston Avenue | $ 80,970.35 | | $ 14,558.24 | $ 779.34 | $ 96,307.93 | $ (13,068.69) | $ (2,397.43) | $ 2,055.00 | $ (1,401.10) | $ 81,495.71 |
| 26 | 8405 S Marquette Avenue | $ 98,362.87 | $ 1,944.48 | $ 12,738.46 | $ 927.80 | $ 113,973.61 | $ (13,357.54) | $ (3,412.60) | $ 1,487.50 | $ (1,326.61) | $ 97,364.36 |
| 28 | 8800 S Ada Street | $ 119,605.76 | | $ 7,279.12 | $ 1,042.64 | $ 127,927.52 | $ (11,789.26) | $ (2,925.62) | $ 1,487.50 | $ (1,718.98) | $ 112,981.16 |
| | TOTALS | $ 298,938.98 | $ 1,944.48 | $ 34,575.82 | $ 2,749.78 | $ 338,209.06 | $ (38,215.49) | $ (8,735.65) | $ 5,030.00 | $ (4,446.69) | $ 291,841.23 |

| Prop # | Fee Allocations (thru Q2 2022) | Fee Allocations (Q3 2022) | Credit for agency fees paid to Receiver's counsel | Net Distribution to Receiver for Fees | Net Distribution to Receiver's Account for Cost Reimbursements |
|---|---|---|---|---|---|
| 22 | $ 13,068.69 | $2,397.43 | $ (2,055.00) | $ 13,411.12 | $ 1,401.10 |
| 26 | $ 13,357.54 | $3,412.60 | $ (1,487.50) | $ 15,282.64 | $ 1,326.61 |
| 28 | $ 11,789.26 | $2,925.62 | $ (1,487.50) | $ 13,227.38 | $ 1,718.98 |
| | $ 38,215.49 | $ 8,735.65 | $ (5,030.00) | $ 41,921.14 | $ 4,446.69 |

| Prop # | Amount available for distribution* | Distribution to City of Chicago | Distribution to Manoj Donthineni | Distribution to Midland Loan Services* |
|---|---|---|---|---|
| 22 | $ 81,495.71 | | | $ 81,495.71 |
| 26 | $ 97,364.36 | 413.84 | $ 2,000.00 | $ 94,950.52 |
| 28 | $ 112,981.16 | | | $ 112,981.16 |
| | $ 291,841.23 | $ 413.84 | $ 2,000.00 | $ 289,427.39 |

*The Receiver will pay any pro rata interest earned as of the date of distribution to Midland



Exhibit A

## **CERTIFICATE OF SERVICE**

I hereby certify that I provided service of the foregoing **Joint Motion To Approve Distributions Of Proceeds From The Sales Of Properties Located At 7933 S Kingston, 8405 S Marquette And 8800 S Ada**, via CM/ECF system, to all counsel of record on January 4, 2023.

I further certify that I caused true and correct copy of the foregoing **Joint Motion** to be served upon all individuals or entities that submitted a proof of claim in this action (sent to the e-mail address each claimant provided on the claim form) and their counsel.

I further certify that the **Joint Motion** will be posted to the Receivership webpage at: http://rdaplaw.net/receivership-for-equitybuild

/s/ Michael Rachlis

Michael Rachlis
Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone (312) 733-3950
Fax (312) 733-3952
mrachlis@rdaplaw.net