UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,<br><br>    Defendants. | Case No. 1:18-cv-5587<br><br>Hon. Manish S. Shah |

**ORDER APPROVING DISTRIBUTION OF PROCEEDS
FROM THE SALES OF PROPERTIES LOCATED AT
<u>7933 S KINGSTON (#22), 8405 S MARQUETTE (#26), AND 8800 S ADA (#28)</u>**

WHEREAS, this matter came before the Court on the Joint Motion filed by the Receiver and Midland Loan Services a Division of PNC Bank, N.A. as servicer for Colony American Finance 2015-1 ("Midland") for approval of an agreed plan for distribution of the proceeds from the sales of 7933 S Kingston Avenue (Property 22), 8405 S Marquette Avenue (Property 26) and 8800 S Ada Street (Property 28) (hereinafter, the "Subject Properties") (Dkt. 1368, the "Motion");

WHEREAS, pursuant to the Court's order entered April 27, 2021 (Dkt. 979), the Receiver sold the Subject Properties free and clear of all liens, the net proceeds of sale were deposited into separate interest-bearing accounts held by the Receiver, and additional deposits have been made into these accounts corresponding to the Receiver's second restoration motion (Dkt. 796), post-sale reconciliation of the property manager's accounts, adjustments relating to insurance premiums, and monthly interest, as described in the Receiver's status reports (Dkt. 839 at Ex. 3, Dkt. 930 at Ex. 2; Dkt. 985 at Ex. 2; Dkt. 1017 at Ex. 3; Dkt. 1077 at Ex. 3; Dkt. 1164 at Ex. 2; Dkt. 1243 at Ex. 2;

1

Dkt. 1280 at Ex. 1, Dkt. 1328 at Ex. 1), leaving current balances in the separate accounts as set forth in Exhibit A to the Motion;

Property 22

WHEREAS, 7933 S Kingston Avenue (Property 22) is subject to a claim submitted by Midland, and a claim submitted by the Celia Tong Revocable Living Trust Dated December 22, 2011;

WHEREAS, Celia Tong has notified the Court and the Receiver that she rolled the secured interest of the Celia Tong Revocable Living Trust Dated December 22, 2011, to another EquityBuild investment and no longer asserts a claim against 7933 S Kingston Avenue;

WHEREAS, the Receiver and Midland have agreed to a distribution plan whereby the balance of the account holding the proceeds of the sale of 7933 S Kingston Avenue will be distributed to Midland after payment of $13,411.12 to Rachlis Duff & Peel, LLC for fees and expenses incurred, and payment of $1,401.10 to the Receiver's Account for cost reimbursements, the amount of such distribution to Midland being $81,495.71 plus any pro rata interest accrued between January 1, 2023 and the date of the distribution;

Property 26

WHEREAS, 8405 S Marquette Avenue (Property 26) is subject to a claim submitted by Midland, a claim submitted by Manoj Donthineni, and a claim submitted by the City of Chicago;

WHEREAS, the Receiver, Midland, Manoj Donthineni, and the City of Chicago have agreed to a distribution plan whereby the amount of the distribution from the proceeds of the sale of 8405 S Marquette after the payment of $15,282.64 to Rachlis Duff & Peel, LLC for fees and expenses incurred, and payment of $1,326.61 to the Receiver's Account for cost reimbursements, will be $2,000.00 to Manoj Donthineni, $413.84 to the City of Chicago, and $94,950.52 plus any pro rata interest accrued between January 1, 2023 and the date of the distribution to Midland;

Property 28

WHEREAS, 8800 S Ada Street (Property 28) is subject to a claim submitted by Midland and a claim submitted by Dennis K. McCoy;

WHEREAS, Dennis K. McCoy has notified the Court and the Receiver that he rolled his secured interest to another EquityBuild investment and no longer asserts a claim against 8800 S Ada;

WHEREAS, the Receiver and Midland have agreed to a distribution plan whereby the balance of the account holding the proceeds of the sale of 8800 S Ada Street will be distributed to Midland after payment of $13,227.38 to Rachlis Duff & Peel, LLC for fees and expenses incurred, and payment of $1,718.98 to the Receiver's Account for cost reimbursements, the amount of such distribution to Midland being $112,981.16 plus any pro rata interest accrued between January 1, 2023 and the date of the distribution;

WHEREAS, the foregoing distributions will fully distribute all funds held in the property accounts held for the sales proceeds of the Subject Properties;

WHEREAS, Midland has agreed subject to the entry of this Order, to withdraw its objections with respect to Properties 22, 26 and 28 to the Receiver's lien entered by the Court (Dkt. 1030), to the Receiver's pending fee allocation motions (Dkt. 1107, 1321), and to the Receiver's 17th Fee Application (Dkt. 1332);

WHEREAS, the Receiver, Midland, the Celia Tong Revocable Living Trust Dated December 22, 2011, Manoj Donthineni, the City of Chicago, and Dennis K. McCoy have each agreed that the distributions approved in this Order resolve all disputes between and among them with respect to Properties 22, 26, and 28; and

WHEREAS, Midland, the Celia Tong Revocable Living Trust Dated December 22, 2011, Manoj Donthineni, the City of Chicago, and Dennis K. McCoy agree that they will not seek appeal from any rulings associated with Properties 22, 26 or 28;

3

NOW, THEREFORE, the Court, having considered the Motion and the record of this receivership case and being otherwise duly advised in the premises, hereby finds and ORDERS:

1. The Motion is GRANTED.

2. The agreed distribution plans set forth above are reasonable, fair, and equitable.

3. Adequate and fair notice has been provided to all interested and potentially interested parties (including lienholders in the chain of title) of the claims process, the Receiver's proposed fee allocations, and the Motion, and that each interested or potentially interested party has had a full and fair opportunity to assert its interests and any objections.

4. No later than ten (10) business days after entry of this order, the Receiver shall disburse the following amounts:

    a) From the account held for 7933 S Kingston Avenue:

- $13,411.12 to Rachlis Duff & Peel, LLC for fees and costs set forth in the Receiver's 1st through 17th fee applications that have been allocated to this property pursuant to the receiver's lien approved by the Court;
- $1,401.10 to the Receiver's Account for reimbursement of property-related expenses paid by the Receiver; and
- $81,495.71, plus any pro rata interest earned as of the distribution date, as a distribution to Midland in satisfaction of its claim against Property 22.

    b) From the account held for 8405 S Marquette Avenue:

- $15,282.64 to Rachlis Duff & Peel, LLC for fees and costs set forth in the Receiver's 1st through 17th fee applications that have been allocated to this property pursuant to the receiver's lien approved by the Court;
- $1,326.61 to the Receiver's Account for reimbursement of property-related expenses paid by the Receiver;

- $2,000 as a distribution to Manoj Donthineni in full satisfaction of his claim against Property 26;

- $413.84 as a distribution to the City of Chicago in satisfaction of its claim against Property 26; and

- $94,950.52, plus any pro rata interest earned as of the distribution date, as a distribution to Midland in satisfaction of its claim against Property 26.

c) From the account held for 8800 S Ada Street:

- $13,227.38 to Rachlis Duff & Peel, LLC for fees and costs set forth in the Receiver's 1st through 17th fee applications that have been allocated to this property pursuant to the receiver's lien approved by the Court;

- $1,718.98 to the Receiver's Account for reimbursement of property-related expenses paid by the Receiver; and

- $112,981.16, plus any pro rata interest earned as of the distribution date, as a distribution to Midland in satisfaction of its claim against Property 22.

Entered:

_____
Manish S. Shah
United States District Court Judge

Date: January 11, 2023