# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| United States Securities and Exchange Commission, <br><br> Plaintiff, <br><br> v. <br><br> EquityBuild, Inc., EquityBuild Finance, LLC, Jerome H. Cohen, and Shaun D. Cohen, <br><br> Defendants. | No.: 18-cv-5587 <br> Honorable Manish S. Shah <br> Magistrate Judge Young B. Kim |

**FEDERAL HOUSING FINANCE AGENCY, FANNIE MAE, AND FREDDIE MAC'S JOINT OBJECTION TO MR. DUFF'S EIGHTEENTH INTERIM APPLICATION AND MOTION FOR COURT APPROVAL OF PAYMENT OF FEES AND EXPENSES OF RECEIVER AND RECEIVER'S RETAINED PROFESSIONALS AS PERTAINS TO THE ALLOCATION OF SUCH FEES AND EXPENSES TO THE FUNDS HELD <u>RELATING TO THE ENTERPRISE PROPERTIES</u>**

The Federal Housing Finance Agency ("FHFA"), as Conservator for the Federal National Mortgage Association ("Fannie Mae") and Federal Home Loan Mortgage Corporation ("Freddie Mac") (together, "the Enterprises") respectfully object to Kevin B. Duff's, in his capacity as receiver of Equitybuild Inc., et al. ("Duff"), Eighteenth Interim Application and Motion for Court Approval of Payment of Fees and Expenses of Receiver and Receiver's Retained Professionals, Dkts. 1384 ("the Motion"), to the extent they seek to allocate fees to funds controlled by this Court relating to Mr. Duff's sale of 1131-41 East 79th Place or 7024-32 South Paxton Avenue (together, the "Enterprise Properties").

On March 4, 2022, FHFA filed an objection (Dkt. 1209) to Mr. Duff's motion to allocate its fees and costs to the bank accounts associated with specific properties insofar as it would allocate any costs to the Enterprise Properties ("Initial Objection"). Dkt. 1107. FHFA objected on the grounds that the allocation of fees and costs to the Enterprise Properties violates federal law, including the mandates that: (i) "no court may take any action to restrain or affect the exercise

of powers or functions of [FHFA] as a conservator," 12 U.S.C. § 4617(f); and that (ii) conservatorship property is not "subject to levy, attachment, garnishment, foreclosure, or sale without [FHFA's] consent," 12 U.S.C. § 4617(j)(3). *See* Dkt. 1209; *see also* Dkt. 1266. The Magistrate Judge's June 22, 2022 Minute Order (Dkt. 1257) and Opinion (Dkt. 1258) overruled FHFA's objection ("MJ Decision"). On July 7, 2022, FHFA objected to the Magistrate Judge's decision under Rule 72. Dkt. 1266.

On October 17, 2022, the Court held a hearing and sustained in part and overruled in part FHFA's objections but affirmed the MJ Decision (the "Ruling"). Dkt. 1325. FHFA timely moved for the Court to certify the Ruling for immediate appeal under 28 U.S.C. § 1292(b) and filed a notice of appeal under 28 U.S.C. § 1292(a). Dkts. 1334, 1336. On December 21, 2022, the Court denied FHFA's motion to certify the Ruling for immediate appeal. Dkt. 1358. FHFA's appeal under 28 U.S.C. § 1292(a) remains pending before the Seventh Circuit.

As explained in FHFA's Initial Objection and in FHFA's subsequent briefing on its objection to the MJ Decision and its motion to certify the Ruling for immediate appeal under 28 U.S.C. § 1292(b), allocating fees and costs to the Enterprise Properties necessarily dissipates the collateral securing each Enterprise's loan, thereby depriving the Conservator of a property interest and impermissibly restraining the Conservator's federal powers to collect on obligations due the Enterprises and to preserve and conserve conservatorship property as required by Congress. Indeed, this Court recognized this issue in its December 29, 2022 Order granting in part Mr. Duff's seventeenth application and motion for court approval of payment of fees and expenses ("Order"). Dkt. 1366. In its Order, this Court withheld approval for immediate payment pursuant to Mr. Duff's lien any fees and expenses allocated to the Enterprise Properties "to avoid the issues that may arise in unwinding transactions if the FHFA's objection turns out to be material." *Id.* at 2.

2

Accordingly, and to preserve FHFA and the Enterprises' position as to any further allocations of Mr. Duff's fees and costs to Enterprise Properties, FHFA and the Enterprises object to the Motion to the extent that it seeks to allocate fees and costs to the Enterprise Properties. In that regard, FHFA and the Enterprises respectfully rely upon and incorporate herein by reference the arguments in the Initial Objection and in FHFA's subsequent briefing on its objection to the MJ Decision and its motion to certify the Ruling for immediate appeal under 28 U.S.C. § 1292(b). *See* Dkts. 1209, 1266, 1279, 1334, 1335. To be clear, FHFA and the Enterprises' position is that the fees and costs set forth in the Motion cannot be allocated to or assessed against collateral representing the Enterprise Properties. FHFA and the Enterprises may have additional objections in the future to the fees and costs for their properties not included within this objection.

Further, in the event the Court overrules this objection, FHFA and the Enterprises request the Court again exercise its discretion to withhold payment to Mr. Duff of any fees and expenses allocated to the Enterprise Properties. And if Mr. Duff subsequently moves for approval of property-by-property fee allocations against the Enterprise Properties, FHFA and the Enterprises reserve the right to assert (and intend to assert) its opposition to any future motion on the basis that doing so violates federal law.

FHFA and the Enterprises object to Mr. Duff's Motion to the extent its fees and costs are allocated to the Enterprise Properties, as such action is precluded by federal law. The Court should carve out the Enterprise Properties from the allocation request and deny Mr. Duff's Motion to the extent the fees and costs are allocated against Enterprise Properties.

Dated: March 1, 2023

Respectfully submitted,

/s/ Michael A.F. Johnson
Michael A.F. Johnson
ARNOLD & PORTER
   KAYE SCHOLER LLP
D.C. Bar No. 460879, *admitted pro hac vice*
601 Massachusetts Avenue NW
Washington, DC 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
Michael.Johnson@arnoldporter.com

Daniel E. Raymond
ARNOLD & PORTER
   KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, Illinois 60602
Telephone: (312) 583-2300
Facsimile: (312) 583-2360
Daniel.Raymond@arnoldporter.com

*Attorneys for Federal Housing Finance Agency in its capacity as Conservator for the Federal National Mortgage Association and the Federal Home Loan Mortgage Corporation*

/s/ Jill L. Nicholson
Jill L. Nicholson
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, Illinois 60654
Telephone: (312) 832-4500
Facsimile: (312) 644-7528
jnicolson@foley.com

*Attorney for Federal National Mortgage Association*

/s/ Mark Landman
Mark Landman
LANDMAN CORSI
BALLAINE & FORD P.C.
120 Broadway, 13th Floor
New York, New York 10271
Telephone: (212) 238-4800
Facsimile: (212) 238-4848
mlandman@lcbf.com

*Attorney for Federal Home Loan Mortgage Corporation*

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 1, 2023, I caused the foregoing **Federal Housing Finance Agency, Fannie Mae, and Freddie Mac's Joint Objection to Mr. Duff's Eighteenth Interim Application and Motion for Court Approval of Payment of Fees and Expenses of Receiver and Receiver's Retained Professionals As Pertains to the Allocation of Such Fees and Expenses to the Funds Held Relating to the Enterprise Properties** to be electronically filed with the Clerk of the Court through the Court's CM/ECF system, which sent electronic notification of such filing to all parties of record.

                                                      /s/ Daniel E. Raymond