

**FILED** JB
**4/14/2023**
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

(Address excluded)

13 April 2023

Honorable Manish S. Shah
U.S. North District of Illinois

Case: 1:18-cv-05587

EB/EBF Property 75    7625-33 S East End Ave, Chicago, IL

Thank you for this opportunity to send this *pro se* message via this means of dealing with the Court on these matters.

I am a Lender on Property 75 with an RE Note and mortgage signed 23 Sep 2015, but Closing on that RE Note did not occur until 29 Oct 2015.  The total value for all Lenders on that mortgage was $1,605,749 and my percentage is 13.52%.  That mortgage had the usual paragraphs, and I had consulted with a lawyer.

That property and its Real Estate Note was **transferred** to the Legacy SSDF4 Fund, along with 11 other RE Notes of mine, and (all other) similar RE Notes.  There were no Principal payments to Lenders, so the original mortgage was not paid off.  The Receiver uses the term "rolled over" but the transfer is not at all like a rollover: the Lenders had no choice but to agree to the transfer for the <u>same property</u> and value <u>before and after</u> (done in batches unknown to Lenders) and no choice on the new terms.

There was a new mortgage on 27 Oct 2017 with the new Legacy SSDF4 terms of 1% per month, payable monthly.  From that date, there were combination (In my case, interest on 12 properties.) interest payments to each Lender, which occurred about the 25th of each month.  These interest payments were done through April 2018; then all payments stopped.  Clearly, the Ponzi scheme had been identified; Lenders go the info at about 18 August.

The Receiver processed the sale of that property with Closing December 2019; then with a written promise that settlement payments would be sent in early 2020.  This Lender has not received any payment from that sale.  All this came after 4 ½ years in the Receiver's processing.

Without discussion with me and other Lenders, the Receiver reported to me and my domestic partner (directly, and not through the Group1 channel) that he recommended to the Court that Property 75 would be considered as **unsecured**.

The enclosed email exchanges are relevant information items to be considered.
In the Receiver's Distribution Plan dated 8 March 2023, there are several incorrect items:
1. I was not in the Category of Investor-Lender; from start to Legacy SSDF4, <u>I was, and am, a Lender.</u>
2. Here is my response to the Receiver (in Italic):

*Receiver:*
*FYI, below is the first and only response to my note to you and Group 1 on the Subject.*
*It is clear in my claim that this Property 75 with a Lending of $217,100 has a first mortgage*
*from when I started that Lending to EBF - my share of that mortgage was never paid back;*
*my RE Notes were not rolled over; the term used throughout the formation of SSDF4 was TRANSFERRED;*
*and there was a mortgage by Legacy SSDF4 which lists all of my (then active) RE Notes to EBF;*
*no part of my share (13.52%) of that first mortgage Principal was ever paid back.*
    *<u>Given these mortgages, what is the basis of the decision that my Lending is unsecured?</u>*
    *I repeat: PLEASE HOLD THAT RECOMMENDATION IN ABEYANCE UNTIL A REVIEW AND REPORT IS AVAILABLE.*
*This is the first time that I have heard from you about the amount of the unsecured claim;*
*where and when was the amount $109,116.21 calculated?  What is the basis?  Who decided that?*
    The Receiver's response was that all Group 1 correspondence was sent to me; **it was not.**

And "the recommendation (to the Court) stands."

3. The Distribution Plan has an amount $56,163.90 labelled as Received on Investment Source.

My 2018 Total Interest received was indeed **$56,163.90 FOR ALL 12 PROPERTIES and I reported that interest to the IRS and paid the income tax. The share of that attributed to Property 75 is $10,855,** which is the most that could be subtracted in the Receiver's process. **The Receiver has disregarded these important details.**

"Maximum Potential Distribution from Proceeds of Sale" is stated as $159,116.21; my calculation to subtract that interest from the principal on Property 75 results in $206,245.00 [$217,100 - $10,855], without regard to taxes paid.

The correct reference to SSDF4 is Legacy SSDF4 Fund, NOT SSDF4 Equity Fund.

It is the Receiver's and my position that I was never in the restructured SSDF4 Equity Fund.

The Receiver likely considers that a) all of the Legacy SSDF4 is unsecured, and b) for Property 75 he is withholding any distribution to me, both for reasons unsubstantiated.

4. Group 1 processing is intended to be a model of further processing of claims. Of my 12 properties in the EB/EBF records, all 12 are in Legacy SSDF4 with an initial mortgage and a mortgage on Legacy SSDF4; and no mortgage has been paid off; Lenders have first position in this process. Early in 2019, the Receiver had excluded 4 properties (called Former Properties). If this action on Property 75 is processed as planned, I will have remaining 7 properties which would be processed in a similar manner.

Below is the list of 12 properties transferred to Legacy SSDF4 (from EB/EBF records).

| Property | $ by EB/EBF | Legacy Fund SSDF4 | 12-Sep-2017 | Lending | |
|---|---|---|---|---|---|
| 6558 S Vernon Ave - | $100,000; | | | | $100,000 |
| 526 W 78th Street - | $50,000; | | | | $50,000 |
| 7051 S Bennett Ave - | $175,530; | | | | $175,530 |
| 7616 S Phillips Ave - | $82,650; | | | | $82,650 |
| 400 S Kilbourn Avenue - | $95,000; | | | | $95,000 |
| 701 S 5th Ave - | $100,000; | | | | $100,000 |
| 6356 S California Ave - | $149,212; | | | | $149,212 |
| 7625 S East End Ave - | $217,100; | | | | $217,100 |
| 7442 S Calumet - | $11,121; | | | | $11,121 |
| 7656 S Kingston Ave - | $27,165; | | | | $27,165 |
| 7546 S Saginaw Ave - | $85,500; | | | | $85,500 |
| 6801 S East End Ave - | $30,000; | | | | $30,000 |
| Properties: 12 | | Legacy Fund SSDF4 | 1-May-2018 | Lending | $1,123,278 |

from most recent item sent by the Receiver to the Court and Group 1

In Notes, Exhibit 2, Case: 1:18-cv-05587 Document #: 1438 Filed: 04/07/23 Page 14 of 22 Page ID #:96426

*The Court further finds that certain claimants agreed to relinquish their secured interest in the Group 1 properties by rolling their secured loan to either an equity position or an unsecured promissory note. These investor lenders will be treated as unsecured creditors and their claims against the relevant Group 1 property will be considered at a later time along with all other unsecured claims against the Receivership Estate.*

*Each of the foregoing positions were recommended and specified by the Receiver in his February 28, 2022 Submission on Group 1 Claims (Dkt. 1201), and no objections thereto were submitted by any claimants despite haven been given notice and a full and fair opportunity to file a responsive position statement (see Dkt. 941, 1006, 1091, 1211).*

Please see my comments below.

*Claimant Name Claim Number Claimant Submissions Claim Category as Identified on Claim Form Amount Claimed to be Invested in Property Secured Claim Remaining Distributions Received on Investment Source Maximum Potential Distribution from Proceeds of Sale Maximum Unsecured Claim from this Investment* **Notes** *Percentage by claimant Preliminary Amount of Final Distribution*
xxxxxxxxxxxxxxxxxxxx 75-2044 POC, DIS, POS Investor-Lender $217,100.00 $0.00 $57,983.79 LSA $0.00 $159,116.21
**Secured investment rolled to SSDF4 Equity Fund** 0.00% $ -

See above: Dec 2019 - Closing on the sale, and below: 28 Feb 2023, March 8 2023.
There are substantial errors in the above Exhibit 2.  I am a Lender, not Investor-Lender.
My percentage share of Property 75 is 13.52%, not 0.00%.  I did not relinquish my secured interest.  Several times, I objected to the recommendation about "unsecured" claim.  The (now) updated amount $57,983.79 is not explained.
There is no reason given as to why I will not get a distribution at this point, $00 -
and it's unclear of what process will result in any distribution to me for Property 75, and when is not known.

Request sent to EB/EBF Receiver            **no acknowledgement, no reply**
EquityBuild Receiver:                                              sent 28 Feb 2023
*With the recent orders by Judge Shah, and according to the requirement that you advise me of procedures being followed, kindly tell me about*
    *your recommendation about "unsecured" lending on Property 75,*
    *the impact this has on my claim, and*
    *what did Judge Shah rule on that recommendation? and when?*
*All this is an urgent matter, since by 8 March you are preparing a distribution of funds to the Group 1 claimants.*

Note from EB/EBF Receiver:
    **From:** EquityBuild Receiver <equitybuildreceiver@rdaplaw.net>
    **Sent:** Tuesday, February 28, 2023 10:27 AM
    **Subject:** SEC v. EquityBuild, Inc. – notice of entered order

Attached is a copy of the Court's order entered on February 27, 2023. The next status hearing before Judge Shah is scheduled for April 26, 2023 at 11:00 a.m. (central time) in courtroom 1919.

*The Court will allow individual claimants not represented by counsel an opportunity to be heard if they submit a request in writing by 4/19/23. The Court will accept electronic filings (PDF only)*
*from pro se litigants via the Court's website. Please follow the instructions on the Court's* [website](#).

*In its order, the Court reminded all unrepresented claimants that direct communication with the Court is not permitted. The only proper way to communicate with the Court is by filing a document on the public docket. The Court also reminded unrepresented claimants that anything filed on the docket is public, so they should use caution before filing any document containing personal identifiable information.*

FYI:    I have excluded my physical address, SSN, email address, Living Trust title.


Peter P Nuspl
Lender to EB/EBF