IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> EQUITYBUILD, INC., et al., <br><br> Defendants. | Case No. 1:18-cv-5587 <br><br><br> Hon. Manish S. Shah |

**INSTITUTIONAL LENDERS' MOTION TO RECONSIDER ORDER GRANTING RECEIVER'S FIRST ALLOCATION MOTION (DKT. 1469)**

The Institutional Lenders[1] respectfully request that the Court reconsider and amend its entry of Dkt. 1469, the Order Granting the Receiver's First Motion for Allocation of Fees (one of two alternate proposed orders the Receiver submitted for the Court's consideration) to instead require a 20% holdback on all fees (for fee petitions 9-13) and an additional 20% holdback on fees to be drawn from the segregated sales proceeds with respect to the Receiver's First Fee Allocation Motion (Dkt. 1107). The Institutional Lenders' objections amount to about 30% of the Receiver's First Fee Allocation; accordingly, 20% is too low, but 40% is sufficient, to ensure funds will be available if the Institutional Lenders' objections are sustained on appeal at the end of the Receivership. As discussed below, the Court's prior rulings and the parties' arguments are consistent with this 40% cumulative holdback, and it is unjust to take that protection away. The Institutional Lenders intended to file a short response to the Receiver's Notice of Alternative Proposed Orders (Dkt. 1465) filed on May 9, 2023, but this Court entered its order prior to being able to do so. Therefore, the Institutional Lenders file this Motion.

---

[1] "Institutional Lenders" refers to the entities listed on Exhibit A to Dkt. 1443.

1

## I. LEGAL STANDARD

A motion to reconsider regarding "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" is governed by Fed. R. Civ. P. 54(b). Motions to reconsider under Rule 54(b) are reserved for instances in which the initial decision "was clearly erroneous and would work a manifest injustice." *Bhatia v. Vaswani*, 2020 U.S. Dist. Lexis 115004, *5 (N.D. Ill. July 1, 2020) (granting in part a motion to reconsider ruling to dismiss certain claims raised by a complaint). Motions brought under Rule 54(b) are judged largely under the same standard as motions to amend or alter a judgment under Rule 59(e), which may be granted if the movant presents newly discovered evidence that was not available at the time of trial, points to evidence in the record that clearly establishes a manifest error of law or fact, or if the Court previously misunderstood a party's arguments. *Id.* at *6.

## II. ARGUMENT

The Institutional Lenders respectfully submit that the order granting the Receiver's First Motion for Approval of Allocations of Fees (Dkt. 1469) clearly manifests an error of fact and would result in manifest injustice. Specifically, reducing the holdback to 20%, from approximately 40%, contravenes both the parties' agreed positions and this Court's prior rulings, and denies the parties the right and opportunity to recover those funds in the future if the Receiver's fees are determined to be excessive because the Institutional Lenders' objections amount to about 30% of the fees the Receiver would allocate.

The Institutional Lenders were prepared to file a statement urging the Court to adopt the Receiver's proposed Exhibit C by midday on May 11, after the Receiver filed the proposed order the evening of May 9. Over the course of May 10, the Institutional Lenders coordinated to draft the bulk of the arguments contained in this brief and were in the process of securing client consent

2

and agreement among all counsel involved, but the Court acted quickly to enter its order at 9:22 AM on May 11 before the Institutional Lenders could complete such consents and file.

Judge Lee previously ordered that all fees to be paid from the sales proceeds would be subject to a 20% holdback, additional to any holdback ordered in the respective fee petitions as to all fees. Dkt. 1030 at pp. 14-16. Judge Lee further ordered that the 9th-12th fee petitions would be subject to both holdbacks, 20% as to all fees and an additional 20% holdback on fees to be drawn from segregated sales proceeds.[2] And Judge Shah continued the same ruling as to the 13th fee petition.[3] Thus, all existing orders required both holdbacks as to this particular set of fees, and no party has ever briefed an argument for unwinding them in this particular context.

Nowhere in the Receiver's filings on the First Fee Allocation (Dkts. 1107, 1230) did the Receiver even *ask* for the abolition of either the 20% holdback on all fees, *or* the additional 20% holdback on sales proceeds, and in fact the Receiver cited Judge Lee's imposition of the sales proceeds holdback. Dkt. 1230, p.6 n.5 (citing Dkt. 1030, pp. 14-16). Likewise, in the Receiver's Response to the Institutional Lenders' Rule 72 Objections to Magistrate Judge Kim's oral ruling, the Receiver did not argue for abolition of either holdback, and again cited the Order imposing the additional 20% holdback on sales proceeds. Dkt. 1416 at p.14, citing Dkt. 1030 at p.15.

---

[2] Dkt. 1031 at p.14 ("[T]he Court exercises its equitable discretion to mandate a 20% holdback on the fees (but not expenses) sought pursuant to the Receiver's Ninth, Tenth, and Eleventh Fee Applications. Furthermore, pursuant to the Court's order approving a priming lien for certain categories of expenses, if the Receiver seeks to pay fees approved by this order from the sales proceeds of encumbered real estate, then the amount the Receiver is entitled to draw is subject to an additional 20% holdback."); Dkt. 1213 at p.9 ("Here, the Mortgagees again request a 20% holdback on the Receiver's fees, and an additional 20% holdback on any fees to be paid from the sales proceeds of encumbered real estate. For the reasons stated in the Court's order granting the ninth, tenth, and eleventh fee applications, this request is granted.").

[3] Dkt. 1312 at pp. 3-4 ("The Mortgagees again request a 20% holdback on the Receiver's fees, and an additional 20% holdback on any fees to be paid from the sales proceeds of encumbered real estate. For the reasons stated in the court's order granting the earlier fee applications, this request is granted.").

In addition, the SEC, in its Response to the Institutional Lenders' Rule 72 Objections, argued that both holdbacks, *i.e.*, a cumulative 40%, should continue to apply as a sufficient basis to overrule the Institutional Lenders' objections: "[Judge Lee] ordered that any Receiver's lien payments from encumbered real estate sales, the same sales proceeds at issue in the Receiver's [first] fee allocation motion, be subject to a *40% holdback.* ECF 1031 at [p.] 14 and n.33. Because the allocations at issue in the Lenders' objections are already subject to this 40% holdback, the holdback protects against any alleged errors, even accepting the wildly inflated 30% error rate alleged in the Lenders' present objections." Dkt. 1407 at p.4 (emphasis in original).

The Institutional Lenders understood from the April 26, 2023 hearing that the Court was not going to require a second 20% holdback with respect to its granting of the Receiver's 17th and 18th Fee Applications or *future* such applications. However, the above recitation of the filings leading up to the Court's April 26 rulings demonstrates that no one asked for abolition of either holdback, the SEC relied on the 40% holdback as the basis for arguing the objections should be overruled, and all parties appeared to assume the cumulative 40% would govern based on Judge Lee's Orders (Dkts. 1030, 1031, 1213) and Judge Shah's continuation of the cumulative 40% at least through the fee petitions at issue for purposes of the First Fee Allocation Motion (Dkt. 1312).[4] Recognizing the Court no longer believes a 40% holdback is necessary since the 17th fee petition, upholding the order entered as Dkt. 1469 would still result in an error of fact because the First Fee

---

[4] The Institutional Lenders also note that Magistrate Judge Kim's oral ruling at the Feb. 8 and 10 hearings, which the Court adopted on April 26, likewise did not call for the abolition of any holdback, and the general tone of the discussion around holdbacks during that hearing implies that Magistrate Judge Kim believed he was maintaining the status quo consistent with Judge Lee's prior orders, *i.e.*, continuing the 20% plus 20% framework, albeit without an express order specifically about how the holdbacks would be applied.

4

Allocation Motion addresses earlier fee petitions orders which, as recounted above, always included a 40% holdback.

Finally, as a substantive matter, the amendment of this order is especially important because the Institutional Lenders' Objections amounted to an alleged 30% error rate (approximately) as to the fees the Receiver's proposed order would allocate. Therefore, an approximate 40% holdback will be sufficient to ensure there will be enough funds to implement any appellate order sustaining the Institutional Lenders' objections in the future, but a holdback limited to 20% would be insufficient for that purpose.[5]

WHEREFORE, the Institutional Lenders respectfully request that this Court reconsider and amend its order granting the Receiver's First Motion for Approval of Allocations of Fees (Dkt. 1469) to require a 20% holdback on all fees (for fee petitions 9-13) and an additional 20% holdback on fees to be drawn from the segregated sales proceeds with respect to the Receiver's First Fee Allocation Motion, and for such other relief as this Court deems just and appropriate.

Respectfully submitted,

| /s/ Brett J. Natarelli | /s/ Ronald A. Damashek |
|---|---|
| Edward S. Weil (eweil@dykema.com) Michael A. Gilman (mgilman@dykema.com) Todd Gale (tgale@dykema.com) Brett J. Natarelli (bnatarelli@dykema.com) Kevin Connor (kconnor@dykema.com) Dykema Gossett PLLC | Ronald Damashek (rdamashek@dickinsonwright.com) Dickinson Wright PLLC 55 West Monroe Street — Suite 1200 Chicago, Illinois 60603 Ph: (312) 377-7858 Fax: (312) 423-8160 *Counsel for Citibank N.A., as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB14; Midland Loan Services, a Division of PNC Bank,* |

---

[5] The Institutional Lenders continue to assert and preserve their objections to the Court's April 26, 2023 ruling, and all other orders on fee allocation or petitions, for purposes of appeal.

5

| | |
|---|---|
| 10 S. Wacker Drive, Suite 2300<br>Chicago, Illinois 60606<br>(312) 627-5675<br>*Counsel for Federal Home Loan Mortgage Corporation Wilmington Trust, National Association, as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Trust 2014-LC16, Commercial Mortgage Pass-Through Certificates, Series 2014-LC16; Wilmington Trust, National Association, as Trustee for the Registered Holders of UBS Commercial Mortgage Trust 2017-C1,Commercial Mortgage Pass-Through Certificates, Series 2017-C1; Citibank N.A., as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB48; Federal National Mortgage Association; U.S. Bank National Association, as Trustee for the registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2017-SB41;U.S. Bank National Association, as Trustee for the registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB50;U.S. Bank National Association, as Trustee for the registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2017-SB30 Sabal TL1 LLC; Midland Loan Services, a Division of PNC Bank, N.A. as servicer for Wilmington Trust, N.A., as Trustee for the Benefit of Corevest American Finance 2017-1 Trust Mortgage Pass-Through Certificates; Midland Loan Services, a Division of PNC Bank, N.A. as servicer for Wilmington Trust, N.A., as Trustee for the Registered Holders of Corevest American Finance 2017-2 Trust, Mortgage Pass-Through Certificates, Series 2017¬2; BC57, LLC; UBS AG; 1111 Crest Dr., LLC, Pakravan Living Trust, Hamid* | *National Association; Thorofare Asset Based Lending REIT Fund IV, LLC; and Liberty EBCP, LLC*<br><br>s/ Andrew T. McClain<br>Jill L. Nicholson (jnicholson@foley.com)<br>Andrew T. McClain (amcclain@foley.com)<br>Foley & Lardner LLP<br>321 N. Clark St., Ste. 3000<br>Chicago, IL 60654<br>Ph: (312) 832-4500<br>Fax: (312) 644-7528<br>*Counsel for Citibank N.A., as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB48; U.S. Bank National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2017-SB30; U.S. Bank National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2017-SB41; U.S. Bank National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB50; Wilmington Trust, National Association, as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Trust 2014-LC16, Commercial Mortgage Pass-Through Certificates, Series 2014-LC16; Federal National Mortgage Association; and Sabal TL1, LLC* |

6

| | |
|---|---|
| *Ismail, Farsaa, Inc.; Thorofare Asset Based Lending REIT Fund IV LLC* | |
| s/Jay L. Welford<br>Jay L. Welford<br>Counsel to Liberty EBCP, LLC<br>jwelford@jaffelaw.com<br>JAFFE RAITT, HEUER & WEISS, P.C.<br>Jay L. Welford (P34471)<br>27777 Franklin Road, Suite 2500<br>Southfield, Michigan 48034<br>(248) 351-3000<br><br><br>s/ Mark S. Landman<br>mlandman@lcbf.com<br>Landman Corsi Ballaine & Ford P.C.<br>120 Broadway, 13th Floor<br>New York, NY 10271<br>Ph: (212) 238-4800<br>Fax: (212) 238-4848<br>*Counsel for Freddie Mac*<br><br>/s/ Thomas B. Fullerton<br>Thomas B. Fullerton (6296539)<br>Akerman LLP<br>71 S. Wacker Drive, 47th Floor<br>Chicago, IL 60606<br>(312) 634-5700<br>thomas.fullerton@akerman.com<br><br>/s/ Michael D. Napoli<br>Michael D. Napoli (TX 14803400)<br>Akerman LLP<br>2001 Ross Avenue, Suite 3600<br>Dallas, TX 75201<br>(214) 720-4360<br>michael.napoli@akerman.com<br>*Counsel for Midland Loan Services, a Division of PNC Bank, National Association* | s/ William J. Serritella, Jr.<br>William J. Serritella, Jr.<br>wserritella@taftlaw.com<br>Taft Stettinius & Hollister LLP<br>111 East Wacker Drive, Suite 2800<br>Chicago, IL 60601<br>(312) 527-4000<br><br>/s/ Timothy J. Patenode<br>(timothy.patenode@katten.com)<br>Katten Muchin Rosenman LLP<br>525 W. Monroe Street<br>Chicago, IL 60661-3693<br>Ph: (312) 902-5200<br>Fax: (312) 902-1061<br>*Counsel for UBS AG*<br><br>/s/ *Bradley S. Anderson*<br>Bradley S. Anderson, MO #53569<br>bradley.anderson@stinson.com<br>Stinson LLP<br>1201 Walnut Street, Ste. 2900<br>Kansas City, MO 64106-2150<br>Phone: (816) 691-3119<br>Fax: (816) 412-1000<br>*Attorneys for BMO Harris Bank, N.A., and Midland Loan Services, a division of PNC Bank, NA, acting under authority designated* |

CORE/3505587.0060/180341936.1

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2023, I electronically filed with CM/ECF the foregoing which sent electronic notification of the filing to all attorneys of record.

*/s/ Candace Mandel*

097077.000109 4891-5129-2260.1

CORE/3505587.0060/180341936.1