UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, ) ) ) ) Plaintiff, ) ) v. ) ) EQUITYBUILD, INC., *et al.*, ) ) Defendants. ) ) | Civil Action No. 18-CV-5587<br><br>Judge Manish S. Shah<br><br>Magistrate Judge Young B. Kim |

### SEC'S REPLY SUPPORTING RECEIVER'S SECOND FEE ALLOCATION MOTION

The SEC supports the Receiver's Second Motion for Approval of Fee Allocations (ECF 1321). Both this Court and Judge Shah have consistently approved the Receiver's proposed allocations. Following a detailed review of the Receiver's allocations and two days of hearings, this Court approved the Receiver's First Fee Allocation Motion covering the first 13 fee petitions. ECF 1381. Over the Institutional Lenders' objections, Judge Shah affirmed this Court's ruling in its entirety. ECF 1450; Apr. 26, 2023 Hearing Tr. at 22:12-23:13.

Judge Shah likewise approved the Receiver's allocations when granting his 17th and 18th fee petitions. ECF 1366 at 2 ("This court is now satisfied that the Receiver appropriately excluded certain categories from property-specific allocation and approves the allocations to specific properties"); Apr. 26, 2023 Hearing Tr. at 19:2-20:15 ("I do find and conclude that the receiver has a handle on these [allocation] categories that the Court has approved and is following that methodology…I am not going to refer the allocations in the 18th application to Judge Kim. I have reviewed them. I have looked at these spreadsheets. I am satisfied that the receiver is following an approved methodology here.").

1

Overruling the Institutional Lenders' objections to this Court's approval of the First Allocation Motion, Judge Shah explained why those objections lack merit:

> Judge Kim did not misapprehend his task and did not commit clear error. There is some approximation inherent at looking at the allocations because things, that is, tasks, happen in groups, but that's not a violation of the notion that only property-specific expenditures and benefits should be allocated to specific property. And it's not cost-effective or equitable to be more precise on those issues.
>
> Judge Kim's references to benefits to the estate or references to this process were not error. Part of the objections are just a rehash of the narrow view that objectors have taken of the categories of approved lien-related work. And Judge Kim's language in the overall context of his hearing and rulings demonstrate to my satisfaction that he gets it and he understood both the lien categories and the need for property-specific benefit.
>
> I have now looked at the allocations, the methodology used, and the history of the case, the nature of the original business, and the fallout from the collapse of the fraud, and I am satisfied that the receiver is tracking things with sufficient accuracy to charge the secured creditors who benefited from the work.

Apr. 26, 2023 Hearing Tr. at 22:16-23:12.

The same rationale for approving the Receiver's allocations in his First Allocation Motion and his 17th and 18th fee petitions applies with equal force here.

Despite the above rulings, the Institutional Lenders again rehash the same arguments this Court and Judge Shah have repeatedly rejected. For instance, the Institutional Lenders primarily argue the Receiver should not receive priority payments for work related to the claims resolution process. ECF 1443 at 5-11. But these objections ignore Judge Shah's holdings that the Receiver properly allocated his claims-related expenditures. *See*, *e.g.*, ECF 1366 at 2 ("Managing the claims process includes giving notice to interested parties, locating and preserving records, and handling creditor inquiries. The 'Group 1' issues for which the Receiver seeks payment in this application are compensable as claims administration."); Apr. 26, 2023 Hearing Tr. at 20:10-11 ("I do continue to conclude that fielding claimant inquiries are part of the claims adjudication process.").

Similarly, the Institutional Lenders cite a few examples of relatively low-dollar tasks which *they* claim should be treated as "General Receivership Activities." ECF 1443 at 11-13. Yet they acknowledge this Court has already overruled similar objections "falling into this category." *Id.* at 13. Judge Shah has since affirmed that ruling. Apr. 26, 2023 Hearing Tr. at 19:22-25 ("The objections based on the categories being outside the categories previously approved for the lien are overruled for the same reasons those objections have been overruled before."). Judge Shah likewise rejected an earlier iteration of the Institutional Lenders' current "ambiguous entries" objection (ECF 1443 at 13-14). Overruling that objection, he found the "task descriptions are – when considered in the context of the history of all of these fee applications…sufficiently detailed." Apr. 26, 2023 Hearing Tr. at 20:3-6.

Finally, the Institutional Lenders complain the Receiver improperly allocated four minor activities on a *pro rata* basis. ECF 1443 at 14-15. For the First Allocation Motion, when evaluating the limited number of alleged errors against the tens of thousands of allocation entries, this Court astutely observed that the claimed errors "amount to no more than nitpicking." Feb. 10, 2023 Hearing Tr. at 136:25-137:5. That observation holds true here as well. *See also* Apr. 26, 2023 Hearing Tr. at 22:18-23 ("There is some approximation inherent at looking at the allocations because things, that is, tasks, happen in groups…it's not cost-effective or equitable to be more precise on those issues.").

In short, this Court and Judge Shah got it right when approving the Receiver's allocations for Fee Petitions 1 through 13, 17, and 18. Because the Receiver applied the same allocation methodology for the petitions at issue here (14 through 16), and because the Institutional Lenders merely parrot previously overruled objections, the Court should grant the Receiver's motion.[1]

---

[1] The SEC takes no position on the specific objections lodged by FHFA (ECF 1442).

                   Respectfully submitted,

Dated: May 19, 2023             /s/ Benjamin Hanauer

                   Benjamin J. Hanauer (hanauerb@sec.gov)
                   U.S. Securities and Exchange Commission
                   175 West Jackson Blvd., Suite 1450
                   Chicago, IL 60604
                   Phone: (312) 353-7390
                   Facsimile: (312) 353-7398

5

## CERTIFICATE OF SERVICE

I hereby certify that I provided service of the foregoing Reply, via ECF filing, to all counsel of record and Defendant Shaun Cohen, on May 19, 2023.

    /s/ Benjamin Hanauer
Benjamin J. Hanauer
175 West Jackson Blvd., Suite 1450
Chicago, IL 60604
Phone: (312) 353-7390
Facsimile: (312) 353-7398

One of the Attorneys for Plaintiff