UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 18-cv-5587 |
| v. | ) ) ) | Hon. Manish S. Shah |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | ) ) ) ) ) | Magistrate Judge Young B. Kim |
| Defendants. | ) ) | |

**RECEIVER'S PROPOSAL REGARDING REMAINING CLAIM GROUPS**

Pursuant to the Court's orders (Dkt. 1475 and 1483), the Receiver hereby submits the following proposed redefinition of claim groups and proposed approach to the scheduling of the claims process. In preparing this recommendation, the Receiver has received input and feedback from the SEC, the institutional lenders, and certain investor lenders. While there is neither unanimity nor clear consensus, the Receiver's proposal is designed to:

First, complete the claims process for all groups and claims as quickly as possible on a schedule that the Receivership team believes in good faith that it can meet.

Second, incorporates and accounts for the input and feedback received from all interested parties that have provided the same to the Receiver, and when not able to accommodate others' requests nevertheless sets forth a plan and schedule that is fair, equitable, and realistic.

Third, provides realistic timing and check-in points to ensure the process continues to move forward effectively and efficiently.

1

1. **<u>Claim Groups</u>**

Through his work evaluating the claims against the properties, the Receiver, as well as certain claimants with which the Receiver has engaged in discussions, believe that the nature of the claims against certain of the properties will not require as extensive of a claims process as the process set forth in the Court's Order Regarding Claims Resolution Process. (Dkt. 941) Accordingly, the Receiver submits the attached Exhibit A, which adjusts the property groupings previously approved in Exhibit A to that Order. The Receiver understands that the Institutional Lenders disagree with some of the assignments reflected by Exhibit A. The Receiver briefly summarizes his recommendations for each group as follows:

| Group 1 | Claims process complete<br>Distribution order entered 5/3/23 (Dkt. 1451)<br>Motion to stay distribution pending (Dkt. 1455, 1470, 1473, 1479) |
|---------|---|
| Group 2 | In process |
| Group 3 | In process |
| Group 4 | No institutional lender<br>Recommend similar process to Group 3 |
| Group 5 | Streamlined recommendation on priority issue due to only one recorded lien claim.<br>Recommend similar process to Group 3 |
| Group 6 | Needs additional work due to unique issues. Some of these properties were looked at in the context of settlement discussions with Judge Kim, which revealed individualized issues that will need to be addressed.<br>Receiver suggests setting a status date to address process recommended to address these disputed claims. |
| Group 7 | At this time, Receiver recommends process approved in Dkt. 941, however, some streamlining may be appropriate due to overlap with issues addressed by the Court in Group 1. Such overlapping issues include but are not limited to issues regarding the impacts of executing a Collateral Agency and Servicing Agreement, releases provided by EquityBuild, and authorizations included in loan documentation. |

| | |
|---|---|
| Group 8 | At this time, Receiver recommends process approved in Dkt. 941, however, some streamlining may be appropriate due to overlap with issues addressed by the Court in Group 1. Such overlapping issues include but are not limited to issues regarding the impacts of executing a Collateral Agency and Servicing Agreement, releases provided by EquityBuild, and authorizations included in loan documentation. |
| Group 9 | Receiver recommends claims process not proceed while the FHFA appeal is pending However, the Receiver has invited settlement discussions to attempt resolution of claims and appeal. |
| Group 10 | Unsecured claims and unsecured portions of secured claims<br>Receiver to propose distribution plan from unencumbered funds. |

**2. Schedule**

Based on the fact that the Receiver is still in the process of reviewing the claims in Groups 4-10 in order to ensure that all claimants have an opportunity to have their claim considered, as well as the volume of discovery submitted by the Group 2 claimants and the work required to complete the claims process for Groups 2 and 3, the Receiver does not anticipate being in a position to start additional groups this summer.

Additionally, there are several unknown factors that could impact the schedules of pending Groups 2 and 3 which makes it difficult to anticipate when these groups will be completed, namely (1) whether any Group 3 claimants request discovery, and (2) whether there are adjustments to the Group 2 schedule (*see* 5/15/23 Minute Order, Dkt. 1475). But assuming the schedules for Groups 2 and 3 are not adjusted and the process for those groups remains on track, the Receiver estimates that the receivership team will be in a position to start **Group 4** and **Group 5** on or about September 15, 2023, utilizing a more streamlined process similar to that ordered for Group 3 (Dkt. 1477), which the Receiver believes can be completed in 3 to 3 1/2 months.

The Receiver recommends that the Court set a status hearing on or around September 12, 2023, for the Receiver to report the Court whether he is on track to commence these groups on this

3

schedule, and to determine the appropriate process for resolution of the Group 6 claims. The Receiver estimates that he will be in a position to start **Group 6** in January 2024.

Depending on the process that the Court approves for Group 6, the Receiver will either recommend starting the **Group 7** process concurrently with Group 6, or immediately after Group 6 is finished, utilizing the claims process ordered for Groups 1 and 2. (Dkt. 941) The Receiver anticipates being in a position to start **Group 8** after Group 7 is finished, which would be approximately six months from the commencement of Group 7.[1] However, the Receiver believes that a more streamlined process also may be possible for Groups 7 and 8, in which already-decided issues similar to Group 1 are involved.[2] If the Court were to adopt a different procedure for handling Groups 7 and 8 because of the overlap with certain issues addressed with respect to Group 1, perhaps the timing for such groups could be further streamlined, but any such alternative must recognize that those two groups involve 23 properties, multiple lenders and nearly 700 claims filed.[3]

As the Court is aware, the FHFA has appealed this Court's decision regarding the two properties that have been placed in **Group 9**, and the Seventh Circuit currently is evaluating the

---

[1] The Receiver understands that the Institutional Lenders in Groups 7 and 8 request that the process for adjudicating those groups be determined after the Court of Appeals rules on Group 1.

[2] The Institutional Lenders disagree with the Receiver's position that the ruling on Group 1 should have influence over subsequent groups because (a) the Claims Process Order (Dkt. 941) provides: "The Court will issue a written ruling as to each Group. The ruling as to any particular Group of properties identified in any of the Receiver's Framing Reports will not have preclusive effect with respect to any property or claimant that is not the subject of the pending Framing Report"; and (b) because different facts or theories may be asserted in later groups, including based on the appellate ruling. Counsel for Certain Individual Investors support the Receiver's position generally and would suggest that there may be ways to further speed up the claims process, including by modifying the current process that calls for all claimants in a group to submit responses to standard discovery requests.

[3] The Court may wish to consider off-the-record discussions with representatives of Groups 7 and 8 (as well the SEC and Receiver) where alternative processes for such claims could be discussed.

Receiver's motion to dismiss the appeal. The Receiver has invited the FHFA to participate in efforts to resolve all issues on the properties while the appeal is pending. Such efforts can occur concurrently with the ongoing groups. Otherwise, the properties in that group can proceed in an appropriate group after the appeal is dismissed and/or otherwise resolved on appeal.

Finally, **Group 10** involves distribution to unsecured creditors and the unsecured portions of claims by secured creditors. The full panoply of unsecured claims will not be known until the disputed claims are resolved, so it is Receiver's recommendation that Group 10 will proceed at the end of the claims process.

WHEREFORE, the Receiver requests that the Court approve revisions to the claims process, claims groups, and schedule in accordance with the Receiver's recommendations and orders such other relief that is fair and equitable.

Dated: June 15, 2023                  Respectfully submitted,

                                                 KEVIN B. DUFF, RECEIVER

                                                 By: /s/ Michael Rachlis
                                                            One of his attorneys

                                                 Michael Rachlis
                                                 Jodi Rosen Wine
                                                 Rachlis Duff & Peel LLC
                                                 542 South Dearborn Street, Suite 900
                                                 Chicago, IL 60605
                                                 (312) 733-3950
                                                 mrachlis@rdaplaw.net
                                                 jwine@rdaplaw.net

                                                 *Attorneys for Kevin B. Duff, Receiver*

# CERTIFICATE OF SERVICE

I hereby certify that I provided service of the foregoing **Receiver's Proposal Regarding Remaining Claim Groups**, via ECF filing, to all counsel of record on June 15, 2023.

I further certify that I caused true and correct copy of the foregoing to be served upon all known individuals or entities that submitted a proof of claim in this action (sent to the e-mail address each claimant provided on the claim form).

/s/ Michael Rachlis

Michael Rachlis
Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone (312) 733-3950
Fax (312) 733-3952
mrachlis@rdaplaw.net

Exhibit A

| Property# | Property Address | # of claims | Claims against related fund | Total Claims | Institutional Lender |
|---|---|---|---|---|---|

**Group 1**

| | | | | | |
|---|---|---|---|---|---|
| 74 | 3074 Cheltenham Place | 49 | | | BC57, LLC |
| 75 | 7625-33 S East End Avenue | 21 | | | BC57, LLC |
| 76 | 7635-43 S East End Avenue | 31 | | | BC57, LLC |
| 77 | 7750-58 S Muskegon Avenue | 44 | | | BC57, LLC |
| 78 | 7201 S Constance Avenue | 33 | | | BC57, LLC |
| | | 178 | | 178 | |

**Group 2**

| | | | | | |
|---|---|---|---|---|---|
| 1 | 1700-08 Juneway Terrace | 76 | | | Thorofare Asset Based Lending REIT Fund IV, LLC |
| 4 | 5450-52 S Indiana Avenue | 70 | | | Shatar Capital Inc. |
| 5 | 7749-59 S Yates Boulevard | 68 | | | Shatar Capital Inc. |
| 79 | 6160-6212 S Martin Luther King Drive | 83 | | | Direct Lending Partner LLC |
| 101 | 6949-59 S Merrill Avenue | 5 | | | Thorofare Asset Based Lending REIT Fund IV, LLC |
| | | 302 | | 302 | |

**Group 3**

| | | | | | |
|---|---|---|---|---|---|
| 10 | 7301-09 S Stewart Avenue | 68 | | | n/a |
| 11 | 7500-06 S Eggleston Avenue | | | | n/a |
| 12 | 3030-32 E 79th Street | | | | n/a |
| 13 | 2909-19 E 78th Street | 96 | | | n/a |
| 14 | 7549-59 S Essex Avenue | | | | n/a |
| 15 | 8047-55 S Manistee Avenue | | | | n/a |
| 102-106 | 7927-47 S Essex Avenue | 36 | | | n/a |
| | | 200 | | 200 | |

**Group 4**

| | | | | | |
|---|---|---|---|---|---|
| 6 | 6437-31 S Kenwood Avenue | 43 | | | n/a |
| 9 | 8100 S Essex Avenue | 59 | | | n/a |
| 58 | 5955 S Sacramento Avenue | 19 | | | n/a |
| 59 | 6001-05 S Sacramento Avenue | 21 | | | n/a |
| 60 | 7026-42 S Cornell Avenue | 43 | | | n/a |
| 61 | 7237-43 S Bennett Avenue | 44 | | | n/a |
| 62 | 7834-44 S Ellis Avenue | 43 | | | n/a |
| 71 | 701-13 S 5th Avenue, Maywood | 40 | | | n/a |
| 100 | 11117-11119 S Longwood Drive | 62 | | | n/a |
| 116 | 1102 Bingham St, Houston TX 77007 | 15 | | | n/a |
| 141 | 431 E. 42nd Place | 1 | | | n/a |
| | | 390 | | 390 | |

Page 1 of 3


Exhibit A

Exhibit A

| Property# | Property Address | # of claims | Claims against related fund | Total Claims | Institutional Lender |
|---|---|---|---|---|---|

Group 5

| | | | | | |
|---|---|---|---|---|---|
| 3 | 5001 S Drexel Boulevard | 22 | 1 | 23 | Wilmington Trust |
| 49 | 7300-04 St Lawrence Avenue | 7 | | 7 | Midland - EB South Chicago 3 |
| 52 | 310 E 50th Street | 3 | | 3 | Midland - EB South Chicago 4 |
| 63 | 4520-26 S Drexel Boulevard | 23 | 27 | 50 | US Bank |
| | | 55 | | 83 | |

Group 6

| | | | | | |
|---|---|---|---|---|---|
| 8 | 1414 & 1418 East 62nd Place | 2 | | | n/a |
| 68 | 6217-27 S Dorchester Avenue | 61 | | | Citibank |
| 107 | 1422-24 East 68th Street | 4 | | | UBS blanket mortgage |
| 108 | 2800-06 E 81st Street | 3 | | | UBS blanket mortgage |
| 109 | 4750-52 S Indiana Avenue | 9 | | | UBS blanket mortgage |
| 110 | 5618-20 S Martin Luther King Drive | 6 | | | UBS blanket mortgage |
| 111 | 6558 S Vernon Avenue | 11 | | | UBS blanket mortgage |
| 112 | 7450 S Luella Avenue | 5 | | | UBS blanket mortgage |
| 113 | 7840-42 S Yates Avenue | 3 | | | UBS blanket mortgage |
| 50 | 7760 S Coles Avenue | 11 | | | Midland - EB South Chicago 3 |
| 51 | 1401 W 109th Place | 3 | | | Midland - EB South Chicago 4 |
| 53 | 6807 S Indiana Avenue | 3 | | | Midland - EB South Chicago 4 |
| 54 | 8000-02 S Justine Street | 5 | | | Midland - EB South Chicago 4 |
| 55 | 8107-09 S Ellis Avenue | 10 | | | Midland - EB South Chicago 4 |
| 56 | 8209 S Ellis Avenue | 11 | | | Midland - EB South Chicago 4 |
| 57 | 8214-16 S Ingleside Avenue | 4 | | | Midland - EB South Chicago 4 |
| | | 151 | | 151 | |

Group 7

| | | | | | |
|---|---|---|---|---|---|
| 2 | 4533-47 S Calumet Avenue | 45 | | | BMO |
| 7 | 7109-19 S Calumet Avenue | 8 | | | US Bank |
| 64 | 4611-17 S Drexel Boulevard | 50 | | | Citibank |
| 69 | 6250 S Mozart Avenue | 32 | | | Citibank |
| 70 | 638-40 N Avers Avenue | 23 | | | Freddie Mac |
| 73 | 7255-57 S Euclid Avenue | 34 | | | Citibank |
| | | 192 | | 192 | |

**Exhibit A**

| Property# | Property Address | # of claims | Claims against related fund | Total Claims | Institutional Lender |
|---|---|---|---|---|---|
| <u>Group 8</u> | | | | | |
| 80 | 2736 W 64th Street | 17 | | | Liberty EBCP, LLC |
| 81 | 4317-19 S Michigan Avenue | 19 | | | Liberty EBCP, LLC |
| 82 | 6355-59 S Talman Avenue | 24 | | | Liberty EBCP, LLC |
| 83 | 6356 S California Avenue | 19 | | | Liberty EBCP, LLC |
| 84 | 7051 S Bennett Avenue | 19 | | | Liberty EBCP, LLC |
| 85 | 7201-07 S Dorchester Avenue | 31 | | | Liberty EBCP, LLC |
| 86 | 7442-48 S Calumet Avenue | 17 | | | Liberty EBCP, LLC |
| 87 | 7508 S Essex Avenue | 35 | | | Liberty EBCP, LLC |
| 88 | 7546-48 S Saginaw Avenue | 41 | | | Liberty EBCP, LLC |
| 89 | 7600-10 S Kingston Avenue | 45 | | | Liberty EBCP, LLC |
| 90 | 7656-58 S Kingston Avenue | 15 | | | Liberty EBCP, LLC |
| 91 | 7701-03 S Essex Avenue | 10 | | | Liberty EBCP, LLC |
| 92 | 7748-52 S Essex Avenue | 46 | | | Liberty EBCP, LLC |
| 93 | 7957-59 S Marquette Road | 20 | | | Liberty EBCP, LLC |
| 94 | 816-20 E Marquette Road | 20 | | | Liberty EBCP, LLC |
| 95 | 8201 S Kingston Avenue | 15 | | | Liberty EBCP, LLC |
| 96-99 | 8326-58 S Ellis Avenue | 77 | | | Liberty EBCP, LLC |
| | | 470 | | 470 | |
| <u>Group 9</u> | | | | | |
| 67 | 1131-41 E 79th Place | 32 | 3 | 35 | Fannie Mae |
| 72 | 7024-32 S Paxton Avenue | 21 | | 21 | Freddie Mac |
| | | 53 | | 56 | |
| <u>Group 10</u> | 900 level | Equity Funds | | 120 | 120 | n/a |
| | n/a | Unsecured, former, trade creditors, "other" | | | 231 | n/a |
| **Total Claims** | | **1991** | **151** | **2373** | |