**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** ) ) ) | |
| Plaintiff, ) | Civil Action No. 18-CV-5587 |
| v. ) | |
| ) | Hon. Manish S Shah |
| **EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,** ) ) ) ) | Magistrate Judge Young B. Kim |
| Defendants. ) | |

## RECEIVER'S SUBMISSION ON GROUP 3 CLAIMS

Kevin B. Duff, as the receiver ("Receiver") for the Estate of Defendants EquityBuild, Inc., EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen (collectively, the "Receivership Defendants"), and pursuant to the powers vested in him by the Order of this Court entered on August 17, 2018, submits the following to assist the Court in regards to the resolution of Group 3 claims asserted against seven properties:

    a. 7301-09 S Stewart Avenue (Property No. 10);

    b. 7500-06 S Eggleston Avenue (Property No. 11);

    c. 3030-32 E 79th Street (Property No. 12);

    d. 2909-19 E 78th Street (Property No. 13);

    e. 7549-59 S Essex Avenue (Property No. 14);

    f. 8047-55 S Manistee Avenue (Property No. 15); and

    g. 7927-49 S Essex Avenue (Property Nos. 102-106).

There are 200 claimants in Group 3 who have submitted proof of claims forms as ordered by the Court.[1] The Receiver has reviewed each of the claims submitted, and various EquityBuild records, for purposes of providing recommendations on the issues of the validity of the claims and of the amounts being claimed. Exhibits 1-3, attached hereto, are spreadsheets for each set of properties in Group 3,[2] and contain the Receiver's recommendations in regards to the maximum amount to be distributed to such claimant if sufficient funds were available, as well as a preliminary final distribution figure based on the amounts estimated to be available at the time of distribution.

Section I of this submission sets forth the Receiver's recommendation in regards to the issue of whether the claimants in Group 3 have secured or unsecured claims. Section II addresses certain general principles that support the Receiver's recommendations that are applicable to all claimants in Group 3. Section III addresses special circumstances that are applicable to certain claims. There are no institutional lenders in Group 3, and there are no priority disputes in Group 3. As such, no recommendation on priority is being made in this submission, but rather all investor claimants are treated as on par with one another in terms of priority.

I. **The Receiver Recommends that the Investor Lenders Have Secured Interests.**

Pursuant to its February 9, 2021 Order, the Court directed the Receiver to make recommendations regarding the claims submitted to the Receiver. (Docket No. 941) With regard

---

[1] Several individuals or entities submitted claims against more than one property in Group 3. For purposes of counting claims, those individuals or entities are considered a separate claimant for each property.

[2] EquityBuild's mortgage instrument for the Chicago Capital Fund 1 ("CCF1") was secured by properties 10, 11, and 12, and its mortgage instrument for the Chicago Capital Fund 2 ("CCF2") was secured by properties 13, 14 and 15. Accordingly, the claims against these funds assert a security interest in all three properties, which are therefore grouped together on Exhibits 1 and 2. Likewise, EquityBuild's mortgage instrument for SSPH 7927-49 S Essex LLC was secured by five adjacent buildings, properties 102-106, which are grouped together on Exhibit 3.

to the issue of whether these non-institutional lenders (the "investor lenders") have secured interests, the Receiver recommends that the Court find that Group 3 claimants have established that they hold a secured interest in various properties.

Generally, these claimants provided significant documentation in regards to investments made into Chicago Capital Fund I, LLC ("CCF1"), Chicago Capital Fund II, LLC ("CCF2") or SSPH 7927-49 S Essex LLC ("7927 S Essex"). Such documentation includes, for each, a "Confidential Private Placement Memorandum," explaining that the company was purchasing the respective buildings in the fund, and the investors were purchasing promissory notes secured by a first mortgage on all of the buildings. (*See, e.g.,* Ex. 2 to Dkt. 1439 at ¶ 7 and Ex. B) The investor-lenders were provided a promissory note, which was filled in for the amount of their particular loan, and which expressly indicated that the note is secured by the collateral identified by legal descriptions and common addresses. *Id.* The investor-lenders were also provided a mortgage instrument granting a security instrument in the properties. *Id.* Although these instruments were not executed by the borrower and grantor (*i.e.*, CCF1), the complete investment packages were signed (via DocuSign) by both the investor-lender and by Jerry Cohen as President of EquityBuild and the investor-lenders wired the funds to EquityBuild (or agreed to rollover funds from other secured loans to EquityBuild).

Although EquityBuild did not record these mortgages in the chain of title for these properties, based on the agreements they entered and the documentation they were provided, certain claimants argue they hold a secured interest in such properties, whether it is within the form of a mortgage, an equitable mortgage or an equitable lien. Under the facts and circumstances presented by the claimants, the Receiver agrees with the claimants' characterization of their interest as secured, and recommends that the Court hold that the claimants have secured interests

3

in Group 3 properties as identified in Exhibits 1-3. The Receiver notes that such recommendation is based on the facts and circumstances of Group 3, and is not intended to be precedential as to any other claimant or claim.

## II. General Issues Regarding Elements of All Claims that the Receiver Recommends Be Excluded from Consideration.

Most claimants in Group 3 are seeking amounts in addition to the return of the principal amounts that they provided to EquityBuild. For example, many claimants seek unpaid interest that has accrued after the establishment of the Receivership. Other claimants seek to recover various types of expenses and attorneys' fees. The Receiver recommends that none of those categories beyond return of principal be allowed (following appropriate setoff for amounts already returned to claimants in various forms), and provides the following explanation for that position. This Court adopted such recommendations in approving the distribution plan for Group 1, and there is no reason (factual or legal) to treat the claimants in Group 3 differently.

### A. A Disallowance of Post-Receivership Interest, Penalties, and Fees Is Appropriate.

As a general rule, in equity receiverships, interest on a debtor's obligations ceases to accrue at the inception of the proceeding. *See, e.g., Vanston Bondholders Protective Committee v. Green,* 329 U.S. 156, 163 (1946); *see also Matter of Fesco Plastics Corp.,* 996 F.2d 152, 155 (7th Cir. 1993) (referring to bankruptcy cases; "The age-old rule in bankruptcy, adopted from the English system, is that interest on claims stops accruing when the bankruptcy petition is filed." ); 11 U.S.C. § 502(b)(2). One of the many purposes of the rule is that the courts are charged with preserving and protecting the estate for the benefit of all interests involved. *Vanston,* 329 U.S. at 163. To that point, the *Vanston* Court made clear that interest is not permitted in a federal equity receivership

4

– whether to a secured or unsecured creditor – when the security is not worth the sum of principal and interest due. *Vanston,* 329 U.S. at 163-64.

Here, each of the amounts in the property accounts for the properties at issue in Group 3 is less than the principal owed to the claimants on the properties (even without consideration of interest and amounts owed pursuant to the Receiver's lien). As such, the properties are considered "undersecured" as the value of the collateral does not exceed the amount of purported secured interests owed at the time of the Receivership. Under such circumstances, claimants are not able to recover post-receivership interest and costs, whether under *Vanston* or later Supreme Court cases interpreting the bankruptcy code:

> Even more important for our purposes than § 506's use of terminology is its substantive effect of denying undersecured creditors post-petition interest on their claims-just as it denies oversecured creditors post-petition interest to the extent that such interest, when added to the principal amount of the claim, will exceed the value of the collateral….

*United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.,* 484 U.S. 365, 372 (1988).[3] (*See also* Dkt. 1201 at 6 (and citations therein)) Under such authorities, the Receiver recommends that post-receivership interest be disallowed for any claim in Group 3.

And, consistent with this same authority and its logical underpinnings, the Receiver recommends that the request for late fees, penalties (pre-payment or otherwise), attorneys fees, and costs also be rejected. These amounts, like interest, are equally detrimental to the interests of all creditors who are to be protected. Such protection is consistent with and supports the primary

---

[3] While inapplicable here, even if the creditors may recover post-petition interest when the value of the collateral exceeds the sum of the principal and all interest due, that too is subject to equitable considerations that would militate against such payments. *See, e.g., SEC v. Capital Cove Bancorp LLC,* 2015 WL 9701154 (C.D. Cal., October 13, 2015) (finding that remaining assets would be insufficient to pay all other creditor investors who were victimized by Ponzi scheme and staying accrual of default rate interest sought by lenders).

5

purpose of receiverships which is "'to promote orderly and efficient administration of the estate' for the benefit of all creditors." *SEC v. Capital Cove Bancorp LLC,* 2015 WL 9701154 at *12 (C.D. Cal. Oct. 13, 2015) (citing *S.E.C. v. Hardy,* 803 F.2d 1034, 1038 (9th Cir. 1986)); *see also* 11 U.S.C. § 506(b) (noting that attorneys' fees cannot be recovered for properties that are underwater); *see also, e.g.,* Dkt. 1201 at 6 (penalty clauses unenforceable in cases of involuntary receivership).

As a matter of equity, the rejection of claims for post-receivership interest, penalties, and fees is particularly appropriate where the EquityBuild companies and portfolio operated as a Ponzi scheme. (*See, e.g.,* Dkt. 1201 at 4-8 (and citations therein))

Finally, as the Court also is aware, substantial delays in these proceedings have been caused by factors outside of the Receiver's control (*e.g.,* litigious claimants, government shutdown, the pandemic, and the like). Such delays should not serve to penalize the Estate, nor inure to the benefit of any claimants, nor come at the expense of the interest of unsecured claimants to potential recovery of any amounts that might otherwise remain available for distribution.

**B. The Receiver Recommends Accounting for Distributions Previously Received from EquityBuild.**

The Ponzi scheme implemented by the Cohens commingled funds and used new funds from investor and institutional lenders to pay principal and exorbitant profits in the form of interest to prior and existing lenders and investors which were not tied to income generated by the real estate assets associated with their loans and/or investments. Accordingly, as he did with Group 1, the Receiver recommends that the Group 3 claims be set-off by the amount of pre-receivership distributions that they received from EquityBuild in order to achieve a ratable distribution of remaining assets among all of the defrauded investors. *See Donell v. Kowell*, 533 F.3d 762, 770 (9th Cir. 2008) ("The 'winners' in the Ponzi scheme, even if innocent of any fraud themselves,

should not be permitted to 'enjoy an advantage over later investors sucked into the Ponzi scheme who were not so lucky.'") (citation omitted). Under the "netting rule," amounts transferred by the Ponzi scheme perpetrator to the investor are netted against the initial amounts invested by that individual. *Id.* at 771. And the fact that the claimants may be innocent victims does not change the analysis, as described by the Seventh Circuit in another Ponzi scheme:

> The money used for the trades came from investors gulled by fraudulent representations. Phillips was one of those investors, and it may seem "only fair" that he should be entitled to the profits on trades made with his money. That would be true as between him and [the Ponzi scheme operator]. It is not true as between him and either the creditors of or the other investors in the corporations. He should not be permitted to benefit from a fraud at their expense merely because he was not himself to blame for the fraud. All he is being asked to do is to return the net profits of his investment—the difference between what he put in at the beginning and what he had at the end.

*Scholes v. Lehmann*, 56 F.3d 750, 757-58 (7th Cir. 1995).

Consistent with the logic of these cases, and the authorities discussed above, the Receiver recommends that the distributions already received by the claimants on their loans be taken into consideration when determining the maximum amount that claimant ultimately should recover, given that there will not be a return of the full amount of the claims for the vast majority of the properties in the estate. Accordingly, Exhibits 1-3 hereto set forth the amount of distributions made to the Group 3 claimants in the form of interest, principal, or "other" distributions (*e.g.,* credits for incentive "coupons" or "bonuses" extended to investors by EquityBuild), both on their loan to the Group 3 properties and for pre-rollover distributions made on funds that were rolled into these properties.[4] The amounts reflected in Exhibits 1-3 are primarily taken from the

---

[4] As an example, for a claimant who made a $100,000 loan to a different EquityBuild property and was paid $20,000 of interest on that loan before the entire $100,000 principal was rolled to the Group 3 properties, after which an additional $5,000 of interest was paid on the Group 3 investment, the Receiver recommends deducting $25,000 from the principal to calculate the maximum distribution to the claimant from this particular $100,000 loan.

7

claimants' sworn proofs of claims and/or from EquityBuild's internal records (previously made available in the EquityBuild document library operated by CloudNine) such as Lender Statements of Accounts, bank statements, or other records (*e.g.,* emails) that confirmed amounts at issue.

This figure is then utilized in Exhibits 1-3 to reflect the net difference between "money in" and "money out" for each claimant for the claims against the properties. That net figure does not equate to the amount that will be distributed on a claim because the amounts available for distribution to secured claimants are insufficient to pay even these net amounts. Instead, the recommended amount for each claimant represents a ceiling – *i.e.,* the amount the Receiver would recommend for distribution in the event the proceeds of sale were sufficient to cover all of the first priority lenders—for Group 3, however, the proceeds of sale are not sufficient.

Exhibits 1-3 further include in the far-right columns each claimants' percentage share of the total recommended maximum distributions, and a preliminary figure for the proposed distribution on each claim based on the amount available at the time of distribution. **This distribution amount is preliminary and will need to be updated**, both because the balance in these interest-bearing accounts is not fixed, and because the allocation of Receiver's fees incurred since his 19th fee application (through 3/31/2023)—a period during which a substantial amount of work on these claims has been done (and continues to be done)—are estimated at this time to be roughly $10,000 per property. These figures will need to be updated after the Receiver files his next fee application, which is due by August 14, 2023.

**III.     Special Circumstances Involving Certain Claimants.**

In developing the recommendations regarding the claims in Group 3, the Receiver encountered certain special issues and circumstances. The following is an effort to summarize those special circumstances and the claimants involved.

8

*Withdrawal of Claim.* The Receiver conducted informal discovery due to a discrepancy between EquityBuild's records and the Proof of Claim form submitted by claimant iPlanGroup Agent for Custodian FBO Mark Young (claim no. 10-1466). Mr. Young informed the Receiver that his claim form contained an error and he had not in fact agreed to roll his loan secured by a different Estate property into the CCF1 fund. Accordingly, this Group 3 claim has been withdrawn. (*See* Ex. 1)

*Rollovers.* The claim analysis undertaken by the Receiver has identified one claimant, White Tiger Revocable Trust (claim no. 10-537), who agreed to relinquish its claim against the CCF1 properties by rolling the loan into a secured loan against a different Estate property, against which this claimant has also asserted a claim. Accordingly, the Receiver will consider this claim when the property into which the loan was rolled into is before the Court. (*See* Ex. 1)

*City of Chicago.* The City of Chicago has submitted a single proof of claim, which includes a claim against 2909-19 E 78th Street (Property No. 13) for an outstanding water bill. The Receiver has determined that this indebtedness was paid at the closing of the Receiver's sale of this property, and should therefore be disallowed because the Receiver obtained a Full Payment Certificate from said Water Department. (*See* Ex. 2)

*Promoter Claimant.* The Receiver recommends that the claim of John Allred of a secured interest in the CCF2 properties (Properties 13-15) should be disqualified because Mr. Allred was an EquityBuild employee who actively participated in the marketing of the fraudulent scheme and in recruiting, retaining, and/or for providing false information to other claimants. *See, e.g., In re Hedged-Investments Associates, Inc.,* 380 F.3d 1292, 1301 (10th Cir. 2004) ("Where the claimant is an insider …, the party seeking subordination need only show some unfair conduct, and a degree of culpability, on the part of the insider."); *SEC v. Enter. Trust Co.,* No. 08 Civ. 1260, 2008 WL

9

4534154, at *3, 2008 U.S. Dist. LEXIS 79731, at *10 (N.D. Ill. Oct. 7, 2008) ("Disqualifying those who took the business over the edge is the most common feature, and the least contested aspect, of distribution plans."). (*See* Ex. 2)

***Combination of Claims***. Claimant Vagmi LLC submitted two CCF2 claims in the amounts of $50,000 (13-1465) and $25,000 (13-1467). Although the Receiver has confirmed there were in fact two different loans made by the same lender, for convenience of all they have been combined into a single $75,000 claim. (*See* Ex. 2)

***Duplicative Claims.*** Claimants Douglas and Narine Nebel (13-1080) and claimant Narine Nebel (13-351) each submitted a proof of claim for what the Receiver has determined is the same loan, and therefore has disallowed claim 13-1080. (*See* Ex. 2) Two Proofs of Claim were submitted by claimant Ranell Durgan (102-515 and 102-762). The Receiver has determined that these claims both relate to the same $200,000 loan from Polycomp Trust Company CDN FBO Ranell Durgan as Administrator, and therefore has disallowed claim 102-515. (*See* Ex. 3)

Following the Court's rulings regarding the Receiver's recommendations on Group 3, as set forth in the attached Exhibits and the foregoing discussion, the Receiver will recommend a final distribution plan, including the amount to be distributed to each eligible claimant.

Dated: June 22, 2023                              Kevin B. Duff, Receiver

By:    /s/ Michael Rachlis
       Michael Rachlis
       Jodi Rosen Wine
       Rachlis Duff & Peel, LLC
       542 South Dearborn Street, Suite 900
       Chicago, IL 60605
       Phone (312) 733-3950
       mrachlis@rdaplaw.net
       jwine@rdaplaw.net

**CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2023, I electronically filed the foregoing **Receiver's Submission on Group 3 Claims** with the Clerk of the United States District Court for the Northern District of Illinois, using the CM/ECF system. A copy of the foregoing was served upon counsel of record via the CM/ECF system.

I further certify that I caused true and correct copy of the foregoing Submission, to be served upon all claimants included on the Email Service List for Group 3 by electronic mail.

I further certify that the Submission will be posted to the Receivership webpage at: http://rdaplaw.net/receivership-for-equitybuild

/s/ Michael Rachlis
Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone  (312) 733-3950
Fax     (312) 733-3952
mrachlis@rdaplaw.net

11

| CCF1 (7500 S. Eggleston, 3030 E. 79th & 7301 S. Stewart) | Claim No. | Amount Claimed Invested (from POC) | "Secured" Claim Remaining | Pre-Rollover Distributions | Distributions Received on Investment | Source | Total Distributions | Maximum Potential Distribution from Proceeds of Sale | Notes | Percentage of Total Claims | Preliminary Amount of Final Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Adir Hazan | 10-143 | $50,000.00 | $50,000.00 | | $4,233.35 | POC | $4,233.35 | $45,766.65 | | 0.93% | $ 14,670.50 |
| Agee Family Trust c/o Scott R. Agee | 10-2001 | $75,000.00 | $75,000.00 | | $6,336.33 | POC | $6,336.33 | $68,663.67 | | 1.40% | $ 22,010.14 |
| Alan Schankman | 10-2096 | $108,958.00 | $100,000.00 | | $8,098.89 | LSA | $8,098.89 | $91,901.11 | The Receiver recommends disallowing the $8,958 accrued interest that was rolled into this investment | 1.87% | $ 29,458.90 |
| Asians Investing In Real Estate LLC | 10-503 | $100,000.00 | $100,000.00 | | $9,569.09 | POC, LSA | $9,569.09 | $90,430.91 | | 1.84% | $ 28,987.62 |
| Baron Real Estate Holdings, LLC., Ihab Shahawi and Vivian ELShahawi, members | 10-1347 | $300,000.00 | $300,000.00 | $71,933.34 | $22,908.33 | LSA | $94,841.67 | $205,158.33 | Pre-rollover distributions on loan secured by 4533 S Calumet | 4.18% | $ 65,763.49 |
| Bernadette Chen (Eleven St Felix St. Realty) | 10-2012 | $50,000.00 | $50,000.00 | $10,770.84 | $3,780.57 | LSA | $14,551.41 | $35,448.59 | Pre-rollover distributions on loan secured by 4533 S Calumet | 0.72% | $ 11,363.04 |
| Bright Venture, LLC | 10-84 | $52,500.00 | $52,500.00 | | $3,825.33 | POC, LSA | $3,825.33 | $48,674.67 | | 0.99% | $ 15,602.66 |
| Bruce A Walter (Equity Trust Corp FBO Bruce Walter IRA) | 10-137 | $25,000.00 | $25,000.00 | | $1,837.76 | POC, LSA | $1,837.76 | $23,162.24 | | 0.47% | $ 7,424.66 |
| Captain Jack, LLC c/o John McDevitt | 10-2091 | $20,000.00 | $20,000.00 | $4,308.34 | $1,527.24 | LSA | $5,835.58 | $14,164.42 | Pre-rollover distributions on loan secured by 4533 S Calumet | 0.29% | $ 4,540.40 |
| CLOVE, LLC | 10-723 | $23,000.00 | $23,000.00 | | $1,487.34 | POC, LSA | $1,487.34 | $21,512.66 | | 0.44% | $ 6,895.88 |
| David E. Chambers | 10-553 | $50,000.00 | $50,000.00 | | $6,628.23 | POC | $6,628.23 | $43,371.77 | Lenders are David E and Cindy L Chambers | 0.88% | $ 13,902.82 |
| Dee Ann Nason | 10-453 | $50,000.00 | $50,000.00 | $11,270.84 | $4,072.57 | LSA | $15,343.41 | $34,656.59 | Pre-rollover distributions on loan secured by 4533 S Calumet | 0.71% | $ 11,109.17 |
| Degenhardt, Duane A | 10-2015 | $50,000.00 | $50,000.00 | | $4,126.57 | LSA | $4,126.57 | $45,873.43 | | 0.93% | $ 14,704.73 |
| Distributive Marketing Inc. | 10-806 | $50,000.00 | $50,000.00 | | $4,230.57 | LSA | $4,230.57 | $45,769.43 | | 0.93% | $ 14,671.39 |
| Edge Investments, LLC, Janet F. Turco, Owner/Member IRA | 10-180 | $70,175.00 | $70,000.00 | $21,583.33 | $5,938.24 | LSA | $27,521.57 | $42,478.43 | The Receiver recommends disallowing the $175 accrued interest that was rolled into this investment. Pre-rollover distributions on loan secured by 7107 S Bennett. | 0.86% | $ 13,616.46 |
| Ellen Liu | 10-1354 | $250,000.00 | $250,000.00 | | $25,569.76 | LSA | $25,569.76 | $224,430.24 | | 4.57% | $ 71,941.10 |
| FIVE STAR CAPITAL GROUP, LLC | 10-1246 | $250,000.00 | $250,000.00 | | $26,423.76 | LSA+ | $26,423.76 | $223,576.24 | | 4.55% | $ 71,667.35 |
| Francisco Fernandez | 10-1450 | $250,000.00 | $250,000.00 | | $26,590.76 | LSA | $26,590.76 | $223,409.24 | | 4.55% | $ 71,613.82 |
| Frank and Laura Sohm | 10-906 | $26,000.00 | $26,000.00 | | $1,891.91 | LSA | $1,891.91 | $24,108.09 | | 0.49% | $ 7,727.85 |
| Frank Sohm IRA | 10-558 | $10,000.00 | $10,000.00 | | $582.00 | POC | $582.00 | $9,418.00 | | 0.19% | $ 3,018.94 |
| Fredric R. Gottlieb (South Florida Realty Management & Investments) | 10-1215 | $100,000.00 | $100,000.00 | | $7,486.09 | POC, LSA | $7,486.09 | $92,513.91 | | 1.88% | $ 29,655.33 |
| GEGO NADLAN REALTY LLC | 10-104 | $50,000.00 | $50,000.00 | | $2,900.01 | LSA | $2,900.01 | $47,099.99 | | 0.96% | $ 15,097.90 |
| Grathia Corp | 10-1445 | $100,000.00 | $100,000.00 | | $9,201.09 | LSA | $9,201.09 | $90,798.91 | | 1.85% | $ 29,105.59 |
| H&W Management Company, Inc. | 10-1053 | $327,616.00 | $327,616.00 | | $25,408.13 | POC, LSA | $25,408.13 | $302,207.87 | | 6.15% | $ 96,872.72 |
| Influx Investments LLC | 10-744 | $25,000.00 | $25,000.00 | | $1,908.76 | LSA | $1,908.76 | $23,091.24 | | 0.47% | $ 7,401.90 |
| IPlanGroup Agent for Custodian FBO Mark Young | 10-1446 | $50,000.00 | $0.00 | | | | | $0.00 | Claimant confirmed by 6/6/18 email that his POC was in error and he is withdrawing this claim. | 0.00% | $ - |
| JLO Enterprises LLC | 10-726 | $250,000.00 | $250,000.00 | | $16,166.66 | LSA | $16,166.66 | $233,833.34 | | 4.76% | $ 74,955.27 |
| JML Roth LLC | 10-725 | $30,000.00 | $30,000.00 | | $1,940.00 | POC, LSA | $1,940.00 | $28,060.00 | | 0.57% | $ 8,994.63 |
| Juliette Farr-Barksdale & Thomas Farr | 10-2074 | $45,000.00 | $45,000.00 | | $3,358.00 | LSA | $3,358.00 | $41,642.00 | Claim submitted on 3/5/2020 after the 12/31/2019 claims bar date. | 0.85% | $ 13,348.34 |
| Kelvin Kon | 10-492 | $50,000.00 | $50,000.00 | | $3,988.90 | LSA | $3,988.90 | $46,011.10 | | 0.94% | $ 14,748.86 |
| Kennett, Victor S - Kennett Family Trust | 10-2033 | $200,000.00 | $200,000.00 | | $18,939.24 | POC, LSA | $18,939.24 | $181,060.76 | | 3.68% | $ 58,039.02 |
| KKW Investments, LLC | 10-336 | $2,000.00 | $2,000.00 | $305.26 | $0.00 | POC, LSA | $305.26 | $1,694.74 | Pre-rollover distributions on loan secured by 6437 S Kenwood | 0.03% | $ 543.25 |
| Knickerbocker LLC | 10-2035 | $55,387.00 | $50,000.00 | | $3,704.89 | LSA | $3,704.89 | $46,295.11 | The Receiver recommends disallowing the $5,387 accrued interest that was rolled into this investment | 0.94% | $ 14,839.90 |
| LaMore, LLC (George Elmore & Marti LaTour) | 10-765 | $250,000.00 | $250,000.00 | | $27,499.98 | POC | $27,499.98 | $223,597.24 | | 4.55% | $ 71,674.09 |
| Laura J. Sohm IRA | 10-970 | $14,000.00 | $14,000.00 | | $1,002.57 | LSA | $1,002.57 | $12,997.43 | | 0.26% | $ 4,166.33 |
| LMJ Sales, Inc. | 10-1346 | $100,000.00 | $100,000.00 | $20,583.27 | $9,461.09 | LSA | $30,044.36 | $69,955.64 | Pre-rollover distributions on loan secured by 7760 S Coles | 1.42% | $ 22,424.28 |
| Low Altitude, LLC | 10-273 | $100,000.00 | $100,000.00 | | $8,078.56 | POC, LSA | $8,078.56 | $91,921.44 | | 1.87% | $ 29,465.41 |
| Madison Trust Acc Nr M1707067 fbo Harry L Shaffer | 10-2053 | $100,000.00 | $100,000.00 | | $9,252.29 | POC | $9,252.29 | $90,747.71 | | 1.85% | $ 29,089.17 |
| Madison Trust Company Custodian FBO Cynthia B. Jennings IRA #M1710119 | 10-269 | $100,000.00 | $100,000.00 | | $9,411.09 | POC, LSA | $9,411.09 | $90,588.91 | | 1.84% | $ 29,038.27 |
| Madison Trust Company FBO. Mehernosh Pithawalla (M1704056) | 10-1087 | $25,000.00 | $25,000.00 | | $1,836.09 | LSA | $1,836.09 | $23,163.91 | | 0.47% | $ 7,425.19 |
| Mark A Miller ATF Domaskin Revocable Trust Aug. 8, 2006 | 10-2040 | $50,000.00 | $50,000.00 | | $4,205.57 | LSA | $4,205.57 | $45,794.43 | | 0.93% | $ 14,679.40 |
| Mark and Julie Akita | 10-1364 | $100,000.00 | $100,000.00 | | $9,478.09 | POC, LSA | $9,478.09 | $90,521.91 | | 1.84% | $ 29,016.79 |
| Mark P. Mouty | 10-165 | $25,000.00 | $25,000.00 | | $1,896.76 | LSA | $1,896.76 | $23,103.24 | | 0.47% | $ 7,405.74 |
| Mitchell Young Trust | 10-1456 | $30,000.00 | $30,000.00 | | $2,291.33 | LSA | $2,291.33 | $27,708.67 | | 0.56% | $ 8,882.01 |
| Nisha Gupta 401(K) Profit Sharing Plan & Trust | 10-1312 | $75,000.00 | $75,000.00 | | $7,902.33 | POC, LSA | $7,902.33 | $67,097.67 | | 1.37% | $ 21,508.16 |
| Nisha Gupta Defined Benefit Plan and Trust | 10-1311 | $175,000.00 | $175,000.00 | | $18,438.43 | POC, LSA | $18,438.43 | $156,561.57 | | 3.19% | $ 50,185.80 |
| Paul N. Wilmesmeier | 10-300 | $25,000.00 | $25,000.00 | $5,510.41 | $2,037.76 | POC, LSA | $7,548.17 | $17,451.83 | Pre-rollover distributions on loan secured by 4533 S Calumet | 0.36% | $ 5,594.18 |
| PNW Investments, LLC | 10-332 | $10,000.00 | $10,000.00 | $1,498.58 | $0.00 | POC | $1,498.58 | $8,501.42 | Pre-rollover distributions on loan secured by 6437 S Kenwood | 0.17% | $ 2,725.13 |
| PSB Investment Trust - Stephen Boynton | 10-280 | $50,000.00 | $50,000.00 | | $4,268.57 | LSA | $4,268.57 | $45,731.43 | | 0.93% | $ 14,659.21 |
| QuestIRAFBOFrancisDWebb1437711 | 10-218 | $36,222.00 | $33,818.00 | | $2,937.79 | POC, LSA | $2,937.79 | $30,880.21 | The Receiver recommends disallowing the $2,404.00 accrued interest that was rolled into this investment | 0.63% | $ 9,898.65 |
| Rajitha Dundigalla | 10-653 | $50,000.00 | $50,000.00 | | $4,318.57 | LSA | $4,318.57 | $33,474.54 | | 0.68% | $ 10,730.26 |
| Randall Sotka | 10-1207 | $100,000.00 | $100,000.00 | | $9,303.09 | POC, LSA | $9,303.09 | $90,696.91 | | 1.85% | $ 29,072.89 |
| RLD Denouement Holding Company, LLC | 10-483 | $100,000.00 | $100,000.00 | | $9,361.09 | LSA | $9,361.09 | $90,638.91 | | 1.84% | $ 29,054.30 |

| CCF1 (7500 S. Eggleston, 3030 E. 79th & 7301 S. Stewart) | Claim No. | Amount Claimed Invested (from POC) | "Secured" Claim Remaining | Pre-Rollover Distributions | Distributions Received on Investment | Source | Total Distributions | Maximum Potential Distribution from Proceeds of Sale | Notes | Percentage of Total Claims | Prelimnary Amount of Final Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Robert E. Jeter | 10-1230 | $150,000.00 | $150,000.00 | | $13,200.00 | LSA | $13,200.00 | $136,800.00 | | 2.78% | $ 43,851.23 |
| Ronald Tucker and Paula Tucker | 10-1398 | $51,583.00 | $51,583.00 | | $4,139.20 | LSA | $4,139.20 | $47,443.80 | This claim consists of five separate loans from the following lenders: (1) Ron Tucker TTEE 401K Top Mark Home Solutions; (2) CAMA SDIRA LLC FBO Paula Tucker Roth IRA; (3) CAMA SDIRA LLC FBO Ronald Tucker IRA, (4) CAMA SDIRA LLC FBO Ronald Tucker Roth IRA and (5) CAMA SDIRA LLC FBO Ronald Tucker HSA | 0.97% | $ 15,208.11 |
| Sandy Kikerpill, Fresh Advantage | 10-875 | $100,000.00 | $100,000.00 | | $9,161.09 | LSA | $9,161.09 | $90,838.91 | | 1.85% | $ 29,118.41 |
| Schankman, Michael | 10-2052 | $50,000.00 | $50,000.00 | $3,855.57 | $3,555.57 | LSA | $7,411.14 | $42,588.86 | Pre-rollover distributions on loan secured by 7024 S Paxton | 0.87% | $ 13,651.86 |
| Steve Weera Tonasut and Esther Kon Tonasut | 10-303 | $100,000.00 | $100,000.00 | | $10,204.00 | POC | $10,204.00 | $89,796.00 | | 1.83% | $ 28,784.10 |
| Steven Trzaska | 10-141 | $67,000.00 | $67,000.00 | | $3,915.77 | LSA | $3,915.77 | $63,084.23 | | 1.28% | $ 20,221.65 |
| Stilwell, Heidi | 10-2055 | $100,000.00 | $100,000.00 | | $9,478.09 | POC, LSA | $9,478.09 | $90,521.91 | | 1.84% | $ 29,016.79 |
| Sunwest Trust FBO Francis Webb 1510692 | 10-288 | $27,000.00 | $27,000.00 | $5,130.00 | $2,260.00 | POC | $7,390.00 | $19,610.00 | Pre-rollover distributions on loan secured by 7450 S Luella | 0.40% | $ 6,285.98 |
| Teresita M. Shelton | 10-330 | $50,000.00 | $50,000.00 | | $4,288.57 | LSA | $4,288.57 | $45,711.43 | | 0.93% | $ 14,652.80 |
| TFG Retirement Trust | 10-665 | $100,000.00 | $100,000.00 | | $8,486.09 | POC, LSA | $8,486.09 | $91,513.91 | | 1.86% | $ 29,334.78 |
| Vagmi, LLC | 10-1462 | $50,000.00 | $50,000.00 | | $4,151.57 | POC, LSA | $4,151.57 | $45,848.43 | | 0.93% | $ 14,696.71 |
| Wanda M. Behling | 10-1025 | $32,500.00 | $32,500.00 | | $2,195.94 | POC, LSA | $2,195.94 | $30,304.06 | | 0.62% | $ 9,713.97 |
| White Tiger Revocable Trust, Ira Lovitch, Zinaida Lovitch (aka Zina Goltsev/Goltseva), Trustees | 10-537 | $17,000.00 | $0.00 | | | | | $0.00 | Claimant agreed to rollover this loan to a secured investment in 7546 S Saginaw. | 0.00% | $ - |
| William H. Akins, Jr. | 10-2003 | $25,000.00 | $25,000.00 | | $1,823.76 | LSA | $1,823.76 | $23,176.24 | | 0.47% | $ 7,429.14 |
| Ying Xu (Brainwave Investments) | 10-134 | $75,000.00 | $75,000.00 | | $6,021.33 | LSA | $6,021.33 | $68,978.67 | | 1.40% | $ 22,111.11 |
| TOTAL | | $ 5,655,941.00 | $ 5,572,017.00 | | | | | $4,913,635.15 | | 100.00% | $ 1,575,065.55 |

**Calculation of Funds Available for Distribution**

| Property Address | Property # | Account balances as of 6/1/2023: | Fee allocations Apps 14-16 | Fee allocations App 19 | Estimated Fees after 3/31/23 | Estimated available for distribution as of 5/31/23 |
|---|---|---|---|---|---|---|
| 7301-09 S Stewart Avenue | 10 | $ 520,540.01 | $ 1,235.21 | $ 1,746.87 | $ 10,000.00 | |
| 7500-06 S Eggleston Avenue | 11 | $ 783,198.51 | $ 1,762.41 | $ 1,860.86 | $ 10,000.00 | |
| 3030-32 E 79th Street | 12 | $ 310,746.57 | $ 1,065.85 | $ 1,748.34 | $ 10,000.00 | |
| | | $ 1,614,485.09 | $ 4,063.47 | $ 5,356.07 | $ 30,000.00 | $ 1,575,065.55 |

| CCF2 (2909-19 E 78th, 7549-59 S Essex, 8047-55 S Manistee) | Claim No. | Amount Claimed Invested (from POC) | "Secured" Claim Remaining | Pre-Rollover Distributions | Distributions Received on Investment | Source | Total Distributions | Maximum Potential Distribution from Proceeds of Sale | Notes | Percentage by claimant | Preliminary Amount of Final Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Adir Hazan | 13-143 | $50,000.00 | $50,000.00 | | $3,856.93 | LSA | $3,856.93 | $46,143.07 | | 0.67% | $ 19,373.69 |
| Agee Family Trust c/o Scott R. Agee | 13-2001 | $55,000.00 | $55,000.00 | | $2,311.53 | POC, LSA | $2,311.53 | $52,688.47 | | 0.77% | $ 22,121.85 |
| Anatoly B. Naritsin | 13-2078 | $55,417.00 | $50,000.00 | | $3,727.93 | LSA | $3,727.93 | $46,272.07 | | 0.67% | $ 19,427.85 |
| Asians Investing In Real Estate LLC | 13-503 | $60,000.00 | $60,000.00 | | $2,323.33 | POC, LSA | $2,323.33 | $57,676.67 | | 0.84% | $ 24,216.21 |
| Bancroft, Ed | 13-2008 | $20,000.00 | $20,000.00 | | $1,297.21 | LSA | $1,297.21 | $18,702.79 | | 0.27% | $ 7,852.58 |
| Benjamin J Serebin | 13-1288 | $150,000.00 | $150,000.00 | | $8,501.39 | LSA | $8,501.39 | $141,498.61 | | 2.06% | $ 59,409.80 |
| Bernadette Chen (Eleven St Felix St. Realty) | 13-2012 | $50,000.00 | $50,000.00 | | $1,936.10 | LSA | $1,936.10 | $48,063.90 | | 0.70% | $ 20,180.18 |
| BLT Florida, LLC | 13-1384 | $100,000.00 | $100,000.00 | | $8,019.80 | LSA+ | $8,019.80 | $91,980.20 | | 1.34% | $ 38,618.93 |
| Bruce A Walter (Equity Trust Corp FBO Bruce Walter IRA) | 13-137 | $40,000.00 | $40,000.00 | | $2,040.01 | POC, LSA | $2,040.01 | $37,959.99 | | 0.55% | $ 15,937.93 |
| Chestnut Capital LLC | 13-1460 | $60,000.00 | $60,000.00 | | $2,500.00 | POC | $2,500.00 | $57,500.00 | | 0.84% | $ 24,142.03 |
| City of Chicago | 13-693 | $5,485.37 | $0.00 | | | | | $0.00 | This claim relates to an unpaid water bill which was paid at the closing of the Receiver's sale of the property and a full payment certificate was issued. | 0.00% | $ - |
| David Ashley Lawrence Johnson investing under Endurance Capital Management LLC | 13-170 | $100,000.00 | $100,000.00 | | $3,258.34 | LSA | $3,258.34 | $96,741.66 | | 1.41% | $ 40,618.09 |
| David M Harris | 13-267 | $150,000.00 | $150,000.00 | | $6,304.17 | LSA | $6,304.17 | $143,695.83 | | 2.09% | $ 60,332.33 |
| David Marcus | 13-801 | $250,000.00 | $250,000.00 | | $12,673.62 | LSA | $12,673.62 | $237,326.38 | | 3.45% | $ 99,644.18 |
| Dee Ann Nason | 13-453 | $50,000.00 | $50,000.00 | | $2,322.22 | LSA | $2,322.22 | $47,677.78 | | 0.69% | $ 20,018.06 |
| Degenhardt, Duane A | 13-2015 | $150,000.00 | $150,000.00 | | $8,973.61 | LSA | $8,973.61 | $141,026.39 | | 2.05% | $ 59,211.53 |
| DK Phenix Investments LLC | 13-584 | $100,000.00 | $100,000.00 | | $6,676.00 | POC | $6,676.00 | $93,324.00 | | 1.36% | $ 39,183.14 |
| Doron Reichenberg | 13-708 | $75,000.00 | $75,000.00 | | $5,006.25 | POC, LSA | $5,006.25 | $69,993.75 | | 1.02% | $ 29,387.67 |
| Douglas Nebel and Narine Nebel | 13-1080 | $15,000.00 | $0.00 | | | | | $0.00 | This is a duplicate of claim 13-351 (Narine Nebel). Narine Nebel is the lender. | 0.00% | $ - |
| Duke E. Heger and Viviana Heger | 13-1408 | $60,000.00 | $60,000.00 | | $3,608.33 | POC, LSA | $3,608.33 | $56,391.67 | | 0.82% | $ 23,676.68 |
| Edge Investments, LLC, Janet F. Turco, Owner/Member IRA | 13-180 | $104,000.00 | $104,000.00 | $34,299.14 | $4,911.10 | LSA | $39,210.24 | $64,789.76 | Pre-rollover distributions on loans secured by 109 N. Laramie and 5201 W Washington | 0.94% | $ 27,202.72 |
| Elizabeth Riley Gerber | 13-205 | $50,000.00 | $50,000.00 | | $2,652.77 | POC, LSA | $2,652.77 | $47,347.23 | | 0.69% | $ 19,879.27 |
| Ferrara, Judith (CAMAPlan f.b.o Judith D. Ferrara, Roth IRA) | 13-2021 | $25,000.00 | $25,000.00 | | $1,551.00 | POC | $1,551.00 | $23,449.00 | | 0.34% | $ 9,845.33 |
| Francisco Fernandez | 13-1450 | $50,000.00 | $50,000.00 | | $1,652.77 | LSA | $1,652.77 | $48,347.23 | | 0.70% | $ 20,299.13 |
| Fredric R. Gottlieb | 13-1177 | $100,000.00 | $100,000.00 | | $4,266.67 | POC | $4,266.67 | $95,733.33 | | 1.39% | $ 40,194.73 |
| Fredric R. Gottlieb (South Florida Realty Management & Investments) | 13-1215 | $175,000.00 | $174,250.00 | $21,558.33 | $10,276.40 | POC, LSA | $31,834.73 | $142,415.27 | Pre-rollover distributions on loan secured by 5201 Washington | 2.07% | $ 59,794.67 |
| Freyja Partners, a California Limited Partnership | 13-1141 | $50,000.00 | $50,000.00 | | $661.11 | POC, LSA | $661.11 | $49,338.89 | | 0.72% | $ 20,715.49 |
| Gary Kucera | 13-98 | $200,000.00 | $200,000.00 | | $7,731.55 | POC | $7,731.55 | $192,268.45 | | 2.79% | $ 80,726.10 |
| Gurinder Singh Dhillon | 13-66 | $50,000.00 | $50,000.00 | | $2,676.38 | LSA | $2,676.38 | $47,323.62 | | 0.69% | $ 19,869.36 |
| IP Holdings, LLC | 13-1132 | $50,000.00 | $50,000.00 | | $2,101.38 | POC, LSA | $2,101.38 | $47,898.62 | | 0.70% | $ 20,110.78 |
| iPlan Group FBO Randall Pong IRA | 13-728 | $7,000.00 | $7,000.00 | | $350.40 | LSA | $350.40 | $6,649.60 | | 0.10% | $ 2,791.91 |
| Jane Shafrin | 13-188 | $60,000.00 | $60,000.00 | | $2,663.33 | LSA | $2,663.33 | $57,336.67 | | 0.83% | $ 24,073.45 |
| Jason Ragan - TSA | 13-797 | $100,000.00 | $100,000.00 | | $5,208.50 | LSA | $5,208.50 | $94,791.50 | | 1.38% | $ 39,799.29 |
| Jeffery B McMeans | 13-279 | $50,000.00 | $50,000.00 | | $3,759.88 | LSA+ | $3,759.88 | $46,240.12 | Lender is JDM 401K Trust | 0.67% | $ 19,414.44 |
| Jerry Adamsky/Adaz LLC | 13-888 | $50,000.00 | $50,000.00 | $6,680.60 | $1,625.27 | LSA | $8,305.87 | $41,694.13 | Pre-rollover distributions on loan secured by 7051 S Bennett | 0.61% | $ 17,505.75 |
| Joseph P. McCarthy | 13-1367 | $50,000.00 | $50,000.00 | | $1,841.66 | LSA | $1,841.66 | $48,158.34 | | 0.70% | $ 20,219.83 |
| Kelvin Kon | 13-492 | $45,000.00 | $45,000.00 | | $2,408.75 | LSA | $2,408.75 | $42,591.25 | | 0.62% | $ 17,882.42 |
| Kirk Road Investments, LLC | 13-755 | $235,000.00 | $235,000.00 | | $23,611.98 | LSA | $23,611.98 | $211,388.02 | | 3.07% | $ 88,753.66 |
| Kristien Van Hecke as trustee of DK Phenix Investments LLC 401(k) FBO Kristien Van Hecke" | 13-844 | $25,000.00 | $25,000.00 | | $1,338.20 | POC, LSA | $1,338.20 | $23,661.80 | | 0.34% | $ 9,934.68 |
| Krushna M Dundigalla Revocable Living Trust | 13-657 | $100,000.00 | $100,000.00 | | $4,597.23 | LSA | $4,597.23 | $95,402.77 | | 1.39% | $ 40,055.94 |
| Lynn Kupfer | 13-1321 | $75,000.00 | $75,000.00 | | $2,704.00 | POC, LSA | $2,704.00 | $72,296.00 | | 1.05% | $ 30,354.30 |
| Mark P. Mouty | 13-165 | $25,000.00 | $25,000.00 | | $1,409.03 | LSA | $1,409.03 | $23,590.97 | | 0.34% | $ 9,904.94 |
| MarTech, Inc. | 13-1056 | $600,000.00 | $600,000.00 | | $36,366.67 | POC, LSA | $36,366.67 | $563,633.33 | | 8.19% | $ 236,647.86 |
| Meadows Enterprises Inc, Kenyon Meadows, president | 13-429 | $50,000.00 | $50,000.00 | | $3,124.99 | LSA | $3,124.99 | $46,875.01 | | 0.68% | $ 19,681.01 |
| Michael F Grant & L. Gretchen Grant | 13-393 | $50,000.00 | $50,000.00 | | $1,156.94 | LSA+ | $1,156.94 | $48,843.06 | | 0.71% | $ 20,507.31 |
| Michael Warner, Trustee of Warner Chiropractic Care Center, PC PSP | 13-78 | $35,000.00 | $35,000.00 | | $2,384.00 | POC, LSA | $2,384.00 | $32,616.00 | | 0.47% | $ 13,694.20 |
| Mike M. Cocos | 13-82 | $50,000.00 | $50,000.00 | | $2,616.14 | LSA | $2,616.14 | $47,383.86 | | 0.69% | $ 19,894.65 |
| Minchow, Donald | 13-2041 | $75,000.00 | $75,000.00 | | $4,821.00 | POC, LSA | $4,821.00 | $70,179.00 | | 1.02% | $ 29,465.45 |
| Moran Blueshtein and Upender Subramanian | 13-95 | $50,000.00 | $50,000.00 | | $3,243.05 | POC, LSA | $3,243.05 | $46,756.95 | | 0.68% | $ 19,631.44 |
| Nancy Fillmore | 13-2022 | $25,000.00 | $25,000.00 | | $684.73 | LSA | $684.73 | $24,315.27 | | 0.35% | $ 10,209.04 |
| Narine Nebel | 13-351 | $15,000.00 | $15,000.00 | | $618.75 | LSA | $618.75 | $14,381.25 | | 0.21% | $ 6,038.13 |
| Nehasri Ltd ( investment under Nehasri Ltd by Manoj Donthineni) | 13-1365 | $50,000.00 | $50,000.00 | | $3,384.71 | LSA | $3,384.71 | $46,615.29 | | 0.68% | $ 19,571.96 |
| Nisha Gupta 401(K) Profit Sharing Plan & Trust | 13-1317 | $29,500.00 | $29,500.00 | | $1,495.49 | POC, LSA | $1,495.49 | $28,004.51 | | 0.41% | $ 11,758.01 |
| Nisha Gupta Defined Benefit Plan and Trust | 13-1307 | $80,500.00 | $80,500.00 | | $3,457.57 | POC, LSA | $3,457.57 | $77,042.43 | | 1.12% | $ 32,347.14 |

EXHIBIT 2

| CCF2 (2909-19 E 78th, 7549-59 S Essex, 8047-55 S Manistee) | Claim No. | Amount Claimed Invested (from POC) | "Secured" Claim Remaining | Pre-Rollover Distributions | Distributions Received on Investment | Source | Total Distributions | Maximum Potential Distribution from Proceeds of Sale | Notes | Percentage by claimant | Preliminary Amount of Final Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Overhead Solutions Inc (Paul Collins) | 13-133 | $50,000.00 | $50,000.00 | | $2,511.18 | POC, LSA | $2,511.18 | $47,488.82 | | 0.69% | $ 19,938.72 |
| Pat DeSantis | 13-397 | $500,000.00 | $500,000.00 | | $25,819.44 | LSA | $25,819.44 | $474,180.56 | | 6.89% | $ 199,090.10 |
| Paul N. Wilmesmeier | 13-300 | $25,000.00 | $25,000.00 | | $1,788.21 | POC, LSA | $1,788.21 | $23,211.79 | | 0.34% | $ 9,745.73 |
| Petra Zoeller | 13-594 | $35,000.00 | $35,000.00 | | $1,371.80 | LSA | $1,371.80 | $33,628.20 | | 0.49% | $ 14,119.18 |
| Prakash, Sukumar Samson | 13-2047 | $150,000.00 | $100,000.00 | | $4,266.67 | LSA+ | $4,266.67 | $95,733.33 | $50,000 disallowed because records indicate initial loan package for $50,000 was voided and new loan package in amount of $100,000 reissued | 1.39% | $ 40,194.73 |
| Rajesh Gupta Roth IRA | 13-1282 | $29,000.00 | $29,000.00 | | $1,136.63 | POC, LSA | $1,136.63 | $27,863.37 | | 0.40% | $ 11,698.75 |
| Rajitha Dundigalla | 13-654 | $50,000.00 | $50,000.00 | | $3,833.32 | LSA | $3,833.32 | $46,166.68 | | 0.67% | $ 19,383.61 |
| Robert E. Jeter | 13-1230 | $150,000.00 | $150,000.00 | | $8,808.33 | LSA | $8,808.33 | $141,191.67 | | 2.05% | $ 59,280.93 |
| Roberta Doucet, Cumen LLC | 13-645 | $25,000.00 | $25,000.00 | | $1,062.51 | POC | $1,062.51 | $23,937.49 | | 0.35% | $ 10,050.43 |
| Roswitha M. and John S. Ennema | 13-564 | $50,000.00 | $50,000.00 | | $2,124.99 | POC, LSA | $2,124.99 | $47,875.01 | | 0.70% | $ 20,100.87 |
| Sandy Kikerpill, Fresh Advantage | 13-875 | $100,000.00 | $100,000.00 | | $5,730.56 | LSA | $5,730.56 | $94,269.44 | | 1.37% | $ 39,580.10 |
| Scott Eaton | 13-1470 | $20,000.00 | $20,000.00 | | $925.55 | LSA | $925.55 | $19,074.45 | | 0.28% | $ 8,008.62 |
| Sonoca Corporation | 13-422 | $50,000.00 | $50,000.00 | | $2,369.44 | POC, LSA | $2,369.44 | $47,630.56 | | 0.69% | $ 19,998.23 |
| Sri Navalpakkam (AniPri Enterprises LLC) | 13-484 | $100,000.00 | $100,000.00 | | $6,486.11 | LSA | $6,486.11 | $93,513.89 | Lender is AniPri Enterprises LLC | 1.36% | $ 39,262.87 |
| STANLEY SCOTT | 13-146 | $60,000.00 | $60,000.00 | | $3,155.00 | POC, LSA | $3,155.00 | $56,845.00 | | 0.83% | $ 23,867.02 |
| Steven K Chennappan | 13-1266 | $100,000.00 | $100,000.00 | | $5,682.00 | POC, LSA | $5,682.00 | $94,318.00 | | 1.37% | $ 39,600.49 |
| Timothy S Sharp | 13-76 | $50,000.00 | $50,000.00 | | $3,738.88 | POC, LSA | $3,738.88 | $46,261.12 | | 0.67% | $ 19,423.26 |
| Toramba Trust (ROTH) Matthew Boyd, Trustee | 13-2062 | $100,000.00 | $100,000.00 | | $4,266.67 | LSA | $4,266.67 | $95,733.33 | | 1.39% | $ 40,194.73 |
| Yaron Fisher | 13-479 | $108,617.00 | $98,000.00 | | $7,534.00 | POC, LSA | $7,534.00 | $90,466.00 | The Receiver recommends disallowing the $10,617 accrued interest that was rolled into this investment | 1.31% | $ 37,983.18 |
| Bright Venture, LLC | 13-84 | $50,000.00 | $50,000.00 | | $2,393.05 | POC, LSA | $2,393.05 | $47,606.95 | | 0.69% | $ 19,988.32 |
| Cynthia Love | 13-132 | $100,000.00 | $100,000.00 | | $5,683.34 | POC, LSA | $5,683.34 | $94,316.66 | | 1.37% | $ 39,599.92 |
| Frank and Laura Sohm | 13-906 | $10,000.00 | $10,000.00 | | $620.28 | LSA | $620.28 | $9,379.72 | | 0.14% | $ 3,938.18 |
| Frank Sohm IRA | 13-558 | $40,000.00 | $40,000.00 | $10,613.33 | $0.00 | POC | $10,613.33 | $29,386.67 | Pre-rollover distributions on loan secured by 7823 S Essex | 0.43% | $ 12,338.33 |
| James Tutsock | 13-2057 | $100,000.00 | $100,000.00 | | $4,643.95 | POC | $4,643.95 | $95,356.05 | | 1.39% | $ 40,036.32 |
| Jason Ragan - TSA | 13-796 | $54,500.00 | $54,500.00 | | $3,964.86 | LSA | $3,964.86 | $50,535.14 | | 0.73% | $ 21,217.75 |
| JLO Enterprises LLC | 13-726 | $33,000.00 | $33,000.00 | | $2,062.50 | POC | $2,062.50 | $30,937.50 | | 0.45% | $ 12,989.46 |
| John Asciutto | 13-1209 | $50,000.00 | $50,000.00 | | $3,101.38 | LSA | $3,101.38 | $46,898.62 | | 0.68% | $ 19,690.92 |
| John B. Allred & Glenda K. Allred | 13-2004 | $50,000.00 | | | | | | $0.00 | Receiver recommends that former EquityBuild employee who actively participated in marketing the fraudulent scheme be disqualified from receive a distribution | 0.00% | $ - |
| John Hutchison | 13-1376 | $50,000.00 | $50,000.00 | | $2,644.43 | POC, LSA | $2,644.43 | $47,355.57 | | 0.69% | $ 19,882.77 |
| Jossie Romero | 13-86 | $50,000.00 | $50,000.00 | | $2,278.47 | LSA+ | $2,278.47 | $47,721.53 | | 0.69% | $ 20,036.43 |
| Karl R. DeKlotz | 13-1179 | $200,000.00 | $200,000.00 | | $11,083.33 | LSA | $11,083.33 | $188,916.67 | | 2.74% | $ 79,318.81 |
| Patricia M. McCorry, Manager McCorry Real Estate LLC | 13-997 | $25,000.00 | $25,000.00 | | $1,479.87 | POC, LSA | $1,479.87 | $23,520.13 | | 0.34% | $ 9,875.19 |
| Quest IRA Inc FBO Larry J Eggenberger IRA | 13-713 | $50,000.00 | $50,000.00 | | $2,652.77 | LSA | $2,652.77 | $47,347.23 | | 0.69% | $ 19,879.27 |
| ROBERT A LAPORTE | 13-1038 | $50,000.00 | $50,000.00 | | $2,313.88 | POC, LSA | $2,313.88 | $47,686.12 | | 0.69% | $ 20,021.56 |
| Shreeja LLC | 13-1444 | $50,000.00 | $50,000.00 | | $4,397.38 | POC, LSA | $4,397.38 | $45,602.62 | | 0.66% | $ 19,146.78 |
| Steve Weera Tonasut and Esther Kon Tonasut | 13-304 | $150,000.00 | $150,000.00 | | $7,982.00 | POC, LSA | $7,982.00 | $142,018.00 | Lender is The Tonasut Family Trust dated June 14, 2004 | 2.06% | $ 59,627.87 |
| Steven G. Mouty | 13-821 | $115,000.00 | $115,000.00 | | $5,286.81 | POC, LSA | $5,286.81 | $109,713.19 | | 1.59% | $ 46,064.33 |
| US Freedom Investments, LLC | 13-1234 | $25,000.00 | $25,000.00 | | $1,050.70 | LSA | $1,050.70 | $23,949.30 | | 0.35% | $ 10,055.39 |
| Vagmi LLC | 13-1467 | $25,000.00 | $0.00 | | | | | 0 | This loan has been combined with 13-1465 | 0.00% | $ - |
| Vagmi LLC | 13-1465 | $50,000.00 | $75,000.00 | | $3,896.53 | POC, LSA | $3,896.53 | $71,103.47 | Loans 13-1465 and 13-1467 are the same lender and have been combined for simplicity | 1.03% | $ 29,853.60 |
| Thomas F. Gordon | 13-2023 | $32,000.00 | $32,000.00 | | $906.66 | LSA | $906.66 | $31,093.34 | | 0.45% | $ 13,054.89 |
| **TOTAL** | | **$7,494,019.37** | **$7,356,750.00** | | | | | **$6,883,854.95** | | **100.00%** | **$ 2,890,264.80** |

| Calculation of Funds Available for Distribution | | | | | | |
|---|---|---|---|---|---|---|
| Property Address | Property # | Account balances as of 6/1/2023: | Fee allocations Apps 14-16 | Fee allocations App 19 | Estimated Fees after 3/31/23 | Estimated available for distribution as of 5/31/23 |
| 2909-19 E 78th Street | 13 | $ 1,108,594.74 | $ 2,138.63 | $ 2,435.56 | $ 10,000.00 | |
| 7549-59 S Essex Avenue | 14 | $ 1,033,879.93 | $ 2,140.30 | $ 2,140.49 | $ 10,000.00 | |
| 8047-55 S Manistee Avenue | 15 | $ 790,634.44 | $ 1,784.66 | $ 2,204.67 | $ 10,000.00 | |
| | | **$ 2,933,109.11** | **$ 6,063.59** | **$ 6,780.72** | **$ 30,000.00** | **$ 2,890,264.80** |

| SSPH 7927-49 S Essex LLC (7927-49 S. Essex Ave) (Properties 102-106) | Claim No. | Amount Claimed Invested (from POC) | "Secured" Claim Remaining | Pre-Rollover Distributions | Distributions Received on Investment | Source | Total Distributions | Maximum Potential Distribution from Proceeds of Sale | Notes | Percentage of Total Claims | Preliminary Amount of Final Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Asians Investing In Real Estate LLC | 102-503 | 119,000.00 | 119,000.00 | 10997.5 | 11,639.42 | POC, LSA | 22,636.92 | 96,363.08 | Pre-rollover distributions on loan secured by 4533 S Calumet | 4.06% | 24,300.54 |
| Bernadette Chen (Eleven St Felix St. Realty) | 102-2012 | 50,000.00 | 50,000.00 | 10250.06 | 5,162.17 | LSA | 15,412.23 | 34,587.77 | Pre-rollover distributions on loan secured by 7304 S St. Lawrence | 1.46% | 8,722.24 |
| Bright Venture, LLC | 102-84 | 70,000.00 | 70,000.00 | | 7,279.83 | POC, LSA | 7,279.83 | 62,720.17 | | 2.65% | 15,816.58 |
| David & Florybeth Stratton | 102-588 | 150,000.00 | 150,000.00 | | 16,675.50 | LSA | 16,675.50 | 133,324.50 | | 5.62% | 33,621.35 |
| David Ashley Lawrence Johnson investing under Endurance Capital Management LLC | 102-170 | 100,000.00 | 100,000.00 | | 10,316.33 | POC, LSA | 10,316.33 | 89,683.67 | | 3.78% | 22,616.15 |
| David M Harris | 102-267 | 100,000.00 | 100,000.00 | 9,057.76 | 8,500.02 | POC, LSA | 17,557.78 | 82,442.22 | Pre-rollover distributions on loan secured by 7024 S Paxton | 3.48% | 20,790.02 |
| David M Harris | 102-267 | 51,855.00 | 51,855.00 | 5,504.20 | 6,862.42 | POC, LSA | 12,366.62 | 39,488.38 | Pro-rata portion of pre-rollover distributions on loan secured by 4611 S Drexel | 1.67% | 9,958.06 |
| Degenhardt, Duane A | 102-2015 | 100,000.00 | 100,000.00 | | 10,225.33 | LSA | 10,225.33 | 89,774.67 | | 3.79% | 22,639.09 |
| Edge Investments, LLC, Janet F. Turco, Owner/Member IRA | 102-180 | 100,400.00 | 100,400.00 | 19,855.00 | 10,651.15 | LSA | 30,506.15 | 69,893.85 | Pre-rollover distributions on loans secured by 2220 E 75th and 8809 S Wood | 2.95% | 17,625.61 |
| Francisco Fernandez | 102-1450 | 165,000.00 | 165,000.00 | 6,438.88 | 15,343.25 | LSA | 21,782.13 | 143,217.87 | Pre-rollover distributions on loans secured by 7024 S Paxton and 7616 S Phillips | 6.04% | 36,116.23 |
| Fredric R. Gottlieb (South Florida Realty Management & Investments) | 102-1215 | 100,000.00 | 100,000.00 | 20,583.27 | 8,308.33 | LSA+ | 28,891.60 | 71,108.40 | Pre-rollover distributions on loan secured by 6558 S Vernon | 3.00% | 17,931.89 |
| Grathia Corp | 102-1445 | 50,000.00 | 50,000.00 | | 5,279.17 | | 5,279.17 | 44,720.83 | | 1.89% | 11,277.56 |
| Helen Boyd | 102-2010 | 105,000.00 | 105,000.00 | 24,325.00 | 11,822.25 | LSA | 36,147.25 | 68,852.75 | Pre-rollover distributions on loans secured by 7760 S Coles and 7304 S St. Lawrence | 2.90% | 17,363.07 |
| Henry C. Scheuller | 102-868 | 120,000.00 | 120,000.00 | | 10,920.00 | LSA | 10,920.00 | 109,080.00 | | 4.60% | 27,507.45 |
| LMJ Sales, Inc. | 102-1346 | 115,937.00 | 115,937.00 | | 10,144.47 | POC | 10,144.47 | 105,792.53 | | 4.46% | 26,678.43 |
| Madison Trust Company Custodian FBO Stuart Edelman | 102-103 | 35,000.00 | 35,000.00 | | 4,010.92 | LSA | 4,010.92 | 30,989.08 | | 1.31% | 7,814.73 |
| Matthew Boyd | 102-2060 | 314,302.00 | 314,302.00 | 72,813.38 | 36,171.68 | LSA | 108,985.06 | 205,316.94 | Pre-rollover distributions on loans secured by 7760 S Coles and 7304 S St. Lawrence | 8.66% | 51,776.18 |
| Michael Prokop | 102-787 | 150,000.00 | 50,000.00 | | 5,096.17 | LSA | 5,096.17 | 44,903.83 | Loan amount is $50,000. Claim included separate $50,000 loan secured by 7748 S Essex and $50,000 loan secured by 8326 S Ellis | 1.89% | 11,323.71 |
| OE Holdings LLC | 102-852 | 30,000.00 | 30,000.00 | | 2,795.50 | POC, LSA | 2,795.50 | 27,204.50 | | 1.15% | 6,860.35 |
| Pacific Ocean Services Inc | 102-1256 | 150,000.00 | 50,000.00 | | 4,192.17 | LSA | 4,192.17 | 45,807.83 | Loan amount is $50,000. Claim included separate $100,000 loan secured by 6217 S Dorchester | 1.93% | 11,551.67 |
| Patricia Guillen | 102-463 | 50,000.00 | 50,000.00 | 9,500.00 | 5,087.17 | LSA | 14,587.17 | 35,412.83 | Pre-rollover distributions on loan secured by 7760 S Coles | 1.49% | 8,930.30 |
| Paul Harrison | 102-2026 | 63,694.00 | 35,000.00 | 7,204.23 | 6,570.42 | POC | 13,774.65 | 21,225.35 | The Receiver recommends disallowing the $28,694.19 accrued interest that was rolled into this investment. Pre-rollover distributions on loan secured by 7760 S Coles | 0.90% | 5,352.54 |
| Paul N. Wilmesmeier | 102-300 | 75,000.00 | 75,000.00 | 15,437.50 | 7,956.75 | POC, LSA | 23,394.25 | 51,605.75 | Pre-rollover distributions on loans secured by 6558 S Vernon and 7304 S St. Lawrence. | 2.18% | 13,013.78 |
| Peter Schonberger | 102-703 | 30,000.00 | 30,000.00 | | 2,750.50 | POC, LSA | 2,750.50 | 27,249.50 | | 1.15% | 6,871.69 |
| PNW Investments, LLC | 102-332 | 25,000.00 | 25,000.00 | 6,125.00 | 2,652.58 | POC, LSA | 8,777.58 | 16,222.42 | Pre-rollover distributions on loan secured by 7760 S Coles | 0.68% | 4,090.92 |
| Ranell Durgan | 102-515 | 200,000.00 | - | | | | | - | This is a duplicate of claim 102-762 | 0.00% | - |
| Ranell Durgan (Polycomp Trust Company_CFBO) | 102-762 | 200,000.00 | 200,000.00 | | 23,896.65 | POC | 23,896.65 | 176,103.35 | Lender is Polycomp Trust Co. CFBO Ranell Durgan SEP IRA (claim 102-515 is duplicative) | 7.43% | 44,409.19 |
| ROBERT A LAPORTE | 102-1038 | 50,000.00 | 50,000.00 | | 4,575.17 | POC, LSA | 4,575.17 | 45,424.83 | | 1.92% | 11,455.09 |
| Roswitha M. and John S. Ennema | 102-564 | 45,000.00 | 45,000.00 | | 4,617.25 | LSA | 4,617.25 | 40,382.75 | | 1.70% | 10,183.59 |
| Sidney Haggins | 102-1434 | 35,000.00 | 35,000.00 | 3,193.58 | 3,392.42 | LSA | 6,586.00 | 28,414.00 | Pre-rollover distributions on loan secured by 7024 S Paxton | 1.20% | 7,165.35 |
| Steven G. Mouty | 102-821 | 100,000.00 | 100,000.00 | | 10,400.33 | LSA | 10,400.33 | 89,599.67 | | 3.78% | 22,594.96 |
| Tiger Chang Investments LLC | 102-164 | 4,000.00 | 4,000.00 | | 412.33 | POC, LSA | 412.33 | 3,587.67 | | 0.15% | 904.73 |
| Timothy S Sharp | 102-76 | 50,000.00 | 50,000.00 | | 5,079.17 | LSA | 5,079.17 | 44,920.83 | | 1.89% | 11,327.99 |
| Umbrella Investment Partners | 102-1167 | 40,000.00 | 40,000.00 | | 8,500.00 | POC | 8,500.00 | 31,500.00 | | 1.33% | 7,943.57 |
| Victor Shaw | 102-1040 | 30,000.00 | 30,000.00 | 4,615.56 | 2,810.50 | LSA | 7,426.06 | 22,573.94 | Pre-rollover distributions on loan secured by 6558 S Vernon | 0.95% | 5,692.63 |
| Zouhair and Nada Stephan | 102-283 | 150,000.00 | 150,000.00 | | 8,625.04 | LSA | 8,625.04 | 141,374.96 | | 5.96% | 35,651.49 |
| TOTAL | | 3,324,188.00 | 2,895,494.00 | | | | | 2,370,870.72 | | | 597,878.72 |

| Calculation of Funds Available for Distribution | | | | | | |
|---|---|---|---|---|---|---|
| Property Address | Property # | Account balances as of 6/1/2023: | Fee allocations Apps 14-16 | Fee allocations App 19 | Estimated Fees after 3/31/23 | Estimated available for distribution as of 5/31/23 |
| 7927-49 S Essex Ave. | 102-106 | 610,542.73 | 1,460.30 | 1,203.71 | 10,000.00 | 597,878.72 |

Exhibit 3