**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** ) ) ) | |
| )  **Plaintiff,** | **Civil Action No. 18-cv-5587** |
| ) **v.** | **Hon. Manish S. Shah** |
| ) **EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,** | **Magistrate Judge Young B. Kim** |
| ) ) **Defendants.** | |

**RECEIVER'S MOTION TO APPROVE SETTLEMENT AND RELEASE**
**AGREEMENTS WITH (1) TYLER DEROO AND (2) RONALD J. BOL AND**
**TRINITY INSPECTION & RESTORATION, INC. AND TO AUTHORIZE PAYMENT**
**OF CONTINGENCY FEE AND COSTS TO RECEIVER'S COUNSEL**

Kevin B. Duff, as receiver ("Receiver") for the Estate of Defendants EquityBuild, Inc.

("EquityBuild"), EquityBuild Finance, LLC ("EquityBuild Finance"), their affiliates, and the

affiliate entities of Defendants Jerome Cohen and Shaun Cohen (collectively, the "Receivership

Defendants"), respectfully moves for approval of a $325,000 settlement reached with Tyler

DeRoo ("DeRoo") and a $110,000 settlement reached with Ronald J. Bol ("Bol") and Trinity

Inspection & Restoration, Inc. ("Trinity"), and to authorize payment of fees and costs to counsel

for the Receiver. In support of this Motion, the Receiver states as follows:

***Background and Receiver's Power to Settle Claims***

1.      On August 15, 2018, the United States Securities and Exchange Commission (the

"***SEC***") filed the lawsuit styled *United States Securities and Exchange Commission v.*

1

*EquityBuild, Inc., EquityBuild Finance, LLC, Jerome H. Cohen, and Shaun D. Cohen; Civil Action No. 18-CV-5587 in the United States District Court for the Eastern District of Illinois* (the "**SEC Action**") which, among other requests for relief, sought the appointment of a receiver to marshal and preserve all assets of the Receivership Defendants and to handle all related claims.

2.      The Court in the SEC Action entered an Order on August 17, 2018 (Docket No. 16) (the "***Order Appointing Receiver***") assuming exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of the Receivership Defendants, as defined by Paragraph 1 of the Order Appointing Receiver and by two subsequent Orders (Docket Nos. 290, 624).  The settlement agreements refer to the Receivership Defendants identified in the three Orders (Docket Nos. 16, 290, and 634), collectively, as "***EquityBuild.***"

3.      In the Order Appointing Receiver, the Court conferred upon the Receiver (1) "all powers, authorities, rights and privileges" theretofore possessed by the principals of the Receivership Defendants under applicable state and federal law, as well as by the governing operating and shareholders' agreements, and (2) all powers and authority of a receiver at equity, as well as all powers conferred upon a receiver under 28 U.S.C. §§ 754, 959, and 1692, and FRCP 66.  (*Id.* ¶ 4)

4.      The Order Appointing Receiver authorizes the Receiver to take custody, control, and possession of all assets which the Receivership Defendants own, possess, have a beneficial interest in, or control directly or indirectly ("Receivership Assets"), to issue subpoenas for documents and testimony, and to sue for, collect, recover, receive, and take into possession from third parties all Receivership Assets.  (*Id.* ¶ 8)  The Court further authorized Receiver to investigate, prosecute, and compromise claims related to Receivership Assets. (*Id.* ¶¶ 37, 42)

2

5.     On August 16, 2022, the Receiver filed a Complaint against DeRoo, Bol, and Trinity in that certain action styled *Kevin B. Duff, Receiver for the Estate of EquityBuild Inc., etc. v Tyler W. DeRoo, Ronald John Bol, and Trinity Inspection & Restoration, Inc.*, United States District Court for the Northern District of Illinois, Civil Action No. 22-cv-04336, alleging claims for unjust enrichment and aiding and abetting breach of fiduciary duty.

***Factual Background***

6.     DeRoo was an employee of EquityBuild, Inc. from on or about June 8, 2015 until on or about November 30, 2018.

7.     Trinity was an independent contractor of EquityBuild, Inc. from in or about December 2013 until August 31, 2018.

8.     Boll was the sole owner and President of Trinity and served as the chief operating officer of EquityBuild.

9.     The parties filed a Joint Motion for Referral to Magistrate Judge for Settlement Conference on October 25, 2022.  That motion was granted on October 27, 2022, and the case was referred to Magistrate Judge Sunil Harjani.

10.     The parties subsequently submitted settlement offers, and Magistrate Judge Harjani conducted settlement conferences on February 21, March 6, and April 28, 2023.

11.     The parties, each represented by counsel, negotiated in good faith to resolve the Receiver's claims and any and all other disputes by and between them.

12.     As a result of a mediator's recommendation by Magistrate Judge Harjani, the Receiver and DeRoo achieved a settlement, pursuant to which DeRoo would pay the Receivership Estate Three Hundred Twenty Five Thousand Dollars ($325,000.00) (USD) (the "DeRoo

3

Settlement Amount"), subject to the approval of this Court and as confirmed by the settlement agreement attached hereto as **Exhibit A** (the "DeRoo Settlement Agreement").

13.     As a result of a mediator's recommendation by Magistrate Judge Harjani, the Receiver, Bol, and Trinity achieved a settlement pursuant to which Bol and Trinity would pay the Receivership Estate One Hundred Ten Thousand Dollars ($110,000.00) (USD) (the "Settlement Amount"), subject to the approval of this Court (and the approval of the Will County Circuit Court in which Bol's divorce proceeding is pending) and as confirmed by the settlement agreement attached hereto as **Exhibit B** (the "Bol/Trinity Settlement Agreement"). As noted, because Bol is in the midst of a divorce proceeding in an action captioned *Amy Bol v. Ronald Bol,* 2022 D 000606 (Circuit Court, Will County), the Bol/Trinity settlement agreement will be presented for approval by the state court on July 27, 2023.

14.     Both the DeRoo Settlement Agreement and the Bol/Trinity Settlement Agreement allow for the settlement payments to be made in two installments with the Receiver entitled to the entry of judgment for any unpaid settlement sum due in the event of a default. The settlement agreements also contain mutual general releases.

15.     The Receiver respectfully submits that the settlement agreements are fair and reasonable for the Receivership Estate and respectfully requests the Court's approval of each.

***The Court Has Broad Authority to Approve the Settlements***

16.     In a federal equity receivership, the Court retains broad discretion in deciding whether to approve a settlement. *See Gordon v. Dadante*, 336 Fed. Appx. 540, 551 (6th Cir. 2009), citing *Liberte Capital Group, LLC v Capwill*, 462 F.3d 543, 551 (6th Cir. 2006). *See also Sterling*

*v. Stewart,* 158 F.3d 1199, 1202 (11th Cir. 1998) (the determination of fairness of a settlement in an equity receivership will not be overturned absent a clear showing of abuse of discretion).

17. Courts in receivership proceedings have been guided by decisions in other legal contexts, such as bankruptcy or class actions. In that vein, the bankruptcy court in *SEC v. Capital Cove Bancorp LLC* noted that, in approving a settlement, it should consider the "fairness, reasonableness and adequacy" of the agreement in light of "(a) the probability of success in the litigation, (b) the difficulties to be encountered in the matter of collection, (c) the complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it, and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." 2016 WL 6156198 *1 (C.D. Cal. April 7, 2016) (citing *U.S. v. Edwards*, 595 F.3d 1004, 1012 (9th Cir. 2010)).

***The Settlement Agreement Is in the Receivership Estate's Best Interest***

18. Over the course of more than four years, the Receiver and the law firms representing the Receiver devoted more than 300 hours investigating, researching, and evaluating the relative merits of pursuing claims against DeRoo, Bol, and Trinity.

19. Upon advice of counsel, and supplemented by the meaningful efforts from Magistrate Judge Harjani, the Receiver concluded that settling his claims upon the terms negotiated by the parties would be in the best interests of the Receivership Estate, particularly because continued litigation against DeRoo, Bol, and Trinity would be unduly time consuming and costly, given the limited assets of the defendants, concerns about the collectability of any judgment, and the complexity of preparing the case for trial.

20.     Moreover, the settlements do not preclude the Receiver from continuing to prosecute claims against third parties who are not covered by the settlements.

21.     For all the foregoing reasons, the Receiver believes that the Settlement Agreements are fair, reasonable, and in the best interests of Receivership Estate.

22.     The Receiver will provide fair, adequate, and sufficient notice of this motion to all interested parties.  In addition to service through the Court's electronic case filing system, the Receiver will serve a copy of this motion (and the accompanying notice of motion) to all claimants by electronic mail (to the extent he possesses an e-mail address) or by regular mail if he only possesses a mailing address.  A copy of this motion will also be posted on the Receiver's webpage at *http://rdaplaw.net/receivership-for-equitybuild*.

23.     The Receiver has conferred with counsel for the SEC which consents to the relief requested in this motion.

***Request to Pay Contingency Fees and Costs to Receiver's Counsel***

24.     As noted above, the Receiver and his counsel have invested considerable time investigating, analyzing, preparing, and pursuing claims against these defendants.

25.     Pursuant to the Court's September 23, 2020 Order Granting Receiver's Motion for Retention of Counsel (Docket No. 801), and with respect to the DeRoo Settlement Agreement, the Receiver requests that the Court authorize and approve payment to the Receiver's counsel in an amount up to $107,250.00 in legal fees and $478.66 in out-of-pocket expenses (as identified on Exhibit C), with the out-of-pocket expenses reimbursed first and then followed by payment of one-third of any additional amounts received from DeRoo, without further order of the Court.

26.     Similarly, the Receiver requests that the Court authorize and approve payment to the Receiver's counsel in an amount up to $36,300.00 in legal fees and $614.74 in out-of-pocket expenses (as identified on **Exhibit C**), with the out-of-pocket expenses reimbursed first and then followed by payment of one-third of any additional amounts received from Bol/Trinity, without further order of the Court.

27.     In each case, the settlement funds will be deposited into the Receiver's Account, after which the Receiver will transfer the contingency fee portion (including the reimbursement of out-of-pocket expenses) to the client fund account of the Receiver's counsel, Damian Valori Culmo.

WHEREFORE, for the foregoing reasons, the Receiver respectfully requests that the Court: (A) enter the proposed order attached hereto as **Exhibit D** approving both the DeRoo Settlement Agreement and the Bol/Trinity Settlement Agreement and authorizing the Receiver to pay counsel the corresponding contingency fees and to reimburse counsel for the out-of-pocket expenses described above and (B) grant such other and further relief as the Court deems just and proper.

Dated: June 30, 2023                               KEVIN B. DUFF, RECEIVER

                                                              /s/ Michael Rachlis

                                                              Michael Rachlis
                                                              Jodi Rosen Wine
                                                              Rachlis Duff & Peel LLC
                                                              542 South Dearborn Street, Suite 900
                                                              Chicago, IL 60605
                                                              Telephone:  (312) 733-3950


                                                              *Counsel for Plaintiff, Kevin B. Duff, as Receiver*

**EXHIBIT A**

## SETTLEMENT AND RELEASE AGREEMENT BY AND BETWEEN
## KEVIN B. DUFF, AS RECEIVER, AND TYLER DEROO

This Settlement and Release Agreement (this "*Agreement*") is entered into by and between Kevin B. Duff, Receiver for the Estate of EquityBuild, Inc., EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Jerome Cohen and Shaun Cohen (the "*Receivership Defendants*"), on the one part, and Tyler DeRoo ("*DeRoo*"), on the other part, as of the date of the Approval, as defined below, the Receiver and DeRoo are each a "Party" and are collectively the "Parties";

WHEREAS, on August 15, 2018, the United States Securities and Exchange Commission (the "*SEC*") filed the lawsuit styled *United States Securities and Exchange Commission v. EquityBuild, Inc., EquityBuild Finance, LLC, Jerome H. Cohen, and Shaun D. Cohen; Civil Action No. 18-CV-5587 in the United States District Court for the Eastern District of Illinois* (the "*SEC Action*") which, among other requests for relief, sought the appointment of a receiver to marshal and preserve all assets of the Receivership Defendants and to handle all related claims;

WHEREAS, the Court in the SEC Action entered an Order on August 17, 2018 (Docket No. 16) (the "*Order Appointing Receiver*") assuming exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of the Receivership Defendants, as defined by Paragraph 1 of the Order Appointing Receiver and by two subsequent Orders (Docket Nos. 290, 634). This Agreement refers to the Receivership Defendants identified in the three Orders (Docket Nos. 16, 290, and 634), collectively, as "*EquityBuild*";

WHEREAS, DeRoo was an employee of EquityBuild, Inc. from on or about June 8, 2015 until on or about November 30, 2018;

WHEREAS, the Receiver filed a complaint against DeRoo, and others in the United States District Court for the Northern District of Illinois, Eastern Division, Civil Action No. 22-cv-4336 ("the Lawsuit"), alleging claims for unjust enrichment and aiding and abetting breach of fiduciary duty;

WHEREAS, DeRoo denies the allegations, denies any wrongdoing and makes no admissions of fact or liability, except as specifically stated herein;

WHEREAS, contingent on entry of an Order by the Court in the SEC Action approving this Agreement, the Parties wish to resolve any and all claims that they have or may have against each other; and

WHEREAS, the Parties, with the assistance of Magistrate Judge Sunil R. Harjani, to whom the matter was referred to hold a settlement conference, negotiated in good faith a settlement of the Receiver's claims in the Lawsuit and any and all other disputes by and between them, which settlement provides for payments by DeRoo and other terms and conditions, as more fully set forth below;

NOW, THEREFORE, in consideration of the promises set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties agree as follows:

1. **Approval**. The Parties acknowledge and agree that this Agreement is subject to the approval of the court in the SEC Action (the "**Receivership Court**") and, therefore, will not be binding until such approval has been granted (the "*Approval*").

2. **Recitals**. The Parties acknowledge and agree that the Recitals set forth hereinabove are integral terms in the Agreement, are true, accurate and correct and are not mere surplusage.

3. **General Release of Claims**.

(a) In exchange for good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged by the Receiver, the Receiver on behalf of himself, the Receivership Defendants, their affiliates, assigns, and each of their shareholders, members, partners, officers, managers, directors, fiduciaries, employees, representatives, and agents, to the full extent the Receiver is authorized under the Order Appointing Receiver, as amended, hereby releases, discharges, and forever acquits DeRoo, individually, and his spouse, children, successors and assigns, agents, and attorneys (collectively, the "*DeRoo Parties*") from liability for, and the Receiver hereby waives, any and all claims, damages, demands, or causes of action of any kind that the Receiver has or could have, whether known or unknown, against the DeRoo Parties. The provisions of this release are not intended to, and do not, release, waive, or discharge Jerome Cohen, Shaun Cohen, Patricia Cohen, Eldebran Cohen, and any former attorneys, other professionals, employees, or independent contractors of the Receivership Defendants from any type of claims, liabilities, or demands accruing to the Receiver or the Receivership Defendants.

(b) In exchange for good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged by the DeRoo Parties, the DeRoo Parties hereby release, discharge and forever acquit the Receiver, the Receivership Defendants, and each of their shareholders, members, partners, officers, managers, directors, fiduciaries, employees, representatives, and agents (collectively, the "*Receiver Parties*") from liability for, and the DeRoo Parties hereby waive, any and all claims, damages, demands, or causes of action of any kind that they have or could have, whether known or unknown, against the Receiver Parties.

4. **Payment to the Receivership Estate**. DeRoo shall make payment of $325,000.00 ("*the Settlement Amount*") by wire to the Receiver's fiduciary account (according to instructions provided by the Receiver) or certified check payable to the Estate of EquityBuild, Inc. as follows:

(a) One Hundred Thousand Dollars (USD) ($100,000.00) within fourteen (14) days after the Receivership Court enters an order approving this Agreement ("*the First Payment*");

(b) One Hundred Thousand Dollars (USD) ($100,000.00) on or before ninety-one (91) days after making the First Payment ("*the Second Payment*"); and

(c) One Hundred Twenty-Five Thousand Dollars (USD) ($125,000.00) within ninety-one (91) days after making the Second Payment ("*the Third Payment*").

5. **Dismissal of the Lawsuit**. Subject to the Receiver's rights to enforce the terms of this Agreement, including without limitation to receive all payments, cooperation, and a consent judgment, as described herein, if necessary, the Receiver shall cause the Lawsuit to be dismissed with prejudice within three days after the Approval

6. **Covenants and Representations**. In order to induce the other Party to enter into this Agreement:

    (a)    The Parties each represent and warrant that he has the authority to settle this matter and to enter into this Agreement.

    (b)    DeRoo represents and warrants to the Receiver that the financial disclosures he previously submitted to the Receiver were true and accurate.

    (c)    DeRoo represents and warrants to the Receiver that payment of the Settlement Amount will not render him insolvent. and stipulates and agrees that the settlement sums described in this Agreement are related to allegations of conduct that if would proven would be non-dischargeable in bankruptcy.

    (d)    DeRoo represents and warrants to the Receiver that he will reasonably cooperate with the Receiver in connection with the SEC Action or in any related action or investigation.

7. **Mediator's Recommendation**. The Parties acknowledge and agree that the terms described in this Agreement were recommended by the Honorable Magistrate Judge Sunil Harjani, in his role as mediator for the Parties.

8. **Jurisdiction for Entry of Consent Judgment**. The Parties consent by this Agreement that the Honorable Magistrate Judge Sunil Harjani shall retain jurisdiction to enter a consent judgment in the Lawsuit, if necessary, consistent with the terms of this Agreement. Any other relief (including enforcement of the consent judgment) shall be sought from the Receivership Court, consistent with Paragraph 11, *infra.*

9. **Breach of Material Term or Failure to Timely Pay**. DeRoo agrees that if he fails to make any timely payment of the Settlement Amount as set forth above (*i.e.,* the First Payment, the Second Payment, or the Third Payment), then the Receiver shall be entitled to the immediate entry in the District Court of a consent judgment for the unpaid Settlement Amount plus pre-judgment interest at the statutory rate. The Receiver shall seek entry of such judgment upon application to Magistrate Judge Sunil R. Harjani in the form of a verified motion, with notice to DeRoo and his legal counsel of record in the Lawsuit.

10. **Construction by State Law**. This Agreement shall be governed by, construed, and enforced in accordance with the laws of the State of Illinois to the extent state law is applicable, without giving effect to principles of conflicts of law.

11. **Dispute Resolution**. Except with respect to entry of a consent judgment, as described herein, any action, controversy, or claim between the Parties arising out of or relating to

3

this Agreement, including those relating to the validity, interpretation, construction, performance and enforcement of this Agreement, shall be determined by the Receivership Court.

12.    **Headings; Interpretation**. Titles and headings to the Sections in this Agreement are for the purpose of reference only and shall in no way limit, define or otherwise affect the provisions hereof. Neither this Agreement nor any uncertainty or ambiguity herein shall be construed or resolved against any Party hereto, whether under any rule of construction or otherwise. On the contrary, this Agreement has been reviewed by each of the Parties hereto, and their counsel, and shall be construed and interpreted according to the ordinary meaning of the words used so as to fairly accomplish the purposes and intentions of the Parties.

13.    **Entire Agreement**. This Agreement constitutes the entire agreement between the Parties with respect to the matters herein provided and all prior understandings and agreements regarding the subject matter hereof have been incorporated herein. There are no other understandings or agreements, verbal or otherwise, in relation thereto between the Parties, except as herein expressly set forth. There have been no representations not set forth herein that the Parties have relied upon when entering into this Agreement. Should any provision of this Agreement require interpretation or construction, the Parties agree that all Parties have participated in the drafting of this document and that no canon of contract construction shall be invoked to construe any provision against any Party. No modifications or waiver of any provision hereof shall be effective unless in writing, signed by each Party, and approved by the Receivership Court.

14.    **Counterparts**. This Agreement may be executed in one or more counterparts (including portable document format (.pdf) and facsimile counterparts), each of which shall be deemed to be an original, but all of which together will constitute one and the same agreement.

15.    **Representation by Counsel**. The Parties acknowledge that each has had the opportunity to consult with the attorney of their choice. Furthermore, each Party to this Agreement represents and warrants that they are entering into this Agreement of their own free will, without having been subjected to any form of duress or coercion of any kind.

TYLER DEROO, INDIVIDUALLY                    KEVIN B. DUFF, AS RECEIVER FOR
AND FOR THE DEROO PARTIES                    EQUITYBUILD, INC., *et al*.

_____            _____

4

this Agreement, including those relating to the validity, interpretation, construction, performance and enforcement of this Agreement, shall be determined by the Receivership Court.

12. **Headings; Interpretation**. Titles and headings to the Sections in this Agreement are for the purpose of reference only and shall in no way limit, define or otherwise affect the provisions hereof. Neither this Agreement nor any uncertainty or ambiguity herein shall be construed or resolved against any Party hereto, whether under any rule of construction or otherwise. On the contrary, this Agreement has been reviewed by each of the Parties hereto, and their counsel, and shall be construed and interpreted according to the ordinary meaning of the words used so as to fairly accomplish the purposes and intentions of the Parties.

13. **Entire Agreement**. This Agreement constitutes the entire agreement between the Parties with respect to the matters herein provided and all prior understandings and agreements regarding the subject matter hereof have been incorporated herein. There are no other understandings or agreements, verbal or otherwise, in relation thereto between the Parties, except as herein expressly set forth. There have been no representations not set forth herein that the Parties have relied upon when entering into this Agreement. Should any provision of this Agreement require interpretation or construction, the Parties agree that all Parties have participated in the drafting of this document and that no canon of contract construction shall be invoked to construe any provision against any Party. No modifications or waiver of any provision hereof shall be effective unless in writing, signed by each Party, and approved by the Receivership Court.

14. **Counterparts**. This Agreement may be executed in one or more counterparts (including portable document format (.pdf) and facsimile counterparts), each of which shall be deemed to be an original, but all of which together will constitute one and the same agreement.

15. **Representation by Counsel**. The Parties acknowledge that each has had the opportunity to consult with the attorney of their choice. Furthermore, each Party to this Agreement represents and warrants that they are entering into this Agreement of their own free will, without having been subjected to any form of duress or coercion of any kind.


TYLER DEROO, INDIVIDUALLY
AND FOR THE DEROO PARTIES

_____

KEVIN B. DUFF, AS RECEIVER FOR
EQUITYBUILD, INC., *et al.*


4

**EXHIBIT B**

## SETTLEMENT AND RELEASE AGREEMENT
## BY AND BETWEEN KEVIN B. DUFF, AS RECEIVER,
## AND RONALD J. BOL AND TRINITY INSPECTION & RESTORATION, INC.

This Settlement and Release Agreement (this "*Agreement*") is entered into by and between Kevin B. Duff, Receiver for the Estate of EquityBuild, Inc., EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Jerome Cohen and Shaun Cohen (the "*Receivership Defendants*"), on the one part, and Ronald J. Bol ("*Bol*") and Trinity Inspection & Restoration, Inc. ("*Trinity*"), on the other part as of the date of the Approval Date, as defined below. The Receiver, Bol, and Trinity are each a "Party" and are collectively the "Parties";

WHEREAS, on August 15, 2018, the United States Securities and Exchange Commission (the "*SEC*") filed the lawsuit styled *United States Securities and Exchange Commission v. EquityBuild, Inc., EquityBuild Finance, LLC, Jerome H. Cohen, and Shaun D. Cohen,* Civil Action No. 18-CV-5587, in the United States District Court for the Eastern District of Illinois (the "*SEC Action*") which, among other requests for relief, sought the appointment of a receiver to marshal and preserve all assets of the Receivership Defendants and to handle all related claims;

WHEREAS, the Court in the SEC Action entered an Order on August 17, 2018 (Docket No. 16) (the "*Order Appointing Receiver*") assuming exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, as defined by Paragraph 1 of the Order Appointing Receiver and by two subsequent Orders (Docket No. 290, 624); Nos. 290, 624). This Agreement refers to the Receivership Defendants identified in the three Orders (Docket Nos. 16, 290, and 634), collectively, as "*EquityBuild*";

WHEREAS, Trinity was an independent contractor of EquityBuild, Inc. from in or about December 2013 until August 31, 2018;

WHEREAS, the Receiver filed a complaint against Bol, Trinity, and others in the United States District Court for the Northern District of Illinois, Eastern Division, Civil Action No. 22-cv-4336 ("*the Lawsuit*"), alleging claims for unjust enrichment and aiding and abetting breach of fiduciary duty;

WHEREAS, Bol and Trinity deny the allegations, deny any wrongdoing, and make no admissions of fact or liability, except as specifically stated herein;

WHEREAS, contingent on the entry of an Order by the Court in the SEC Action approving this Agreement, the Parties wish to resolve any and all claims that they have or may have against each other; and

WHEREAS, the Parties, with the assistance of Magistrate Judge Sunil R. Harjani, to whom the matter was referred to hold a settlement conference, negotiated in good faith a settlement of the Receiver's claims in the Lawsuit and any and all other disputes by and between them, which settlement provides for payments by Bol and/or Trinity and other terms and conditions, as more fully set forth below;

NOW, THEREFORE, in consideration of the promises set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.    **Approval**. The Parties acknowledge and agree that this Agreement is subject to the approval of the court in the SEC Action (the "***Receivership Court***") and the Illinois state court before which Bol's divorce case is pending (the "Divorce Court"), and therefore, will not be binding until such approvals have been granted (the "***Approvals***"). On or before June 23, 2023, Bol shall file a motion in the Divorce Court to seek approval of this Agreement. The Parties shall cooperate in the preparation of said motion. If such approval is obtained, the Receiver shall move for the approval of this Agreement in the Receivership Court and the parties shall cooperate in the preparation of said motion.

2.    **Recitals**. The Parties acknowledge and agree that the Recitals set forth hereinabove are integral terms in the Agreement, are true, accurate and correct, and are not mere surplusage.

3.    **General Release of Claims**.

(a)    In exchange for good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged by the Receiver, the Receiver on behalf of himself, the Recievership Defendants, their affiliates, assigns, and each of their shareholders, members, partners, officers, managers, directors, fiduciaries, employees, representatives, and agents, to the full extent the Receiver is authorized under the Order Appointing Receiver, as amended, hereby releases, discharges, and forever acquits (i) Bol, individually, and his spouse, children, successors and assigns, agents, and attorneys (collectively, the "***Bol Parties***"); and (ii) Trinity and its predecessors, successors, affiliates, assigns, and each of their shareholders, members, partners, officers, managers, directors, fiduciaries, employees, attorneys, representatives, and agents (collectively "***Trinity Parties***") from liability for, and the Receiver hereby waives, any and all claims, damages, demands, or causes of action of any kind that the Receiver has or could have, whether known or unknown, against the Bol Parties and the Trinity Parties. The provisions of this release are not intended to, and do not, release, waive, or discharge Jerome Cohen, Shaun Cohen, Patricia Cohen, Eldebran Cohen, and any former attorneys, other professionals, employees, or independent contractors of the Receivership Defendants from any type of claims, liabilities, or demands accruing to the Receiver or the Receivership Defendants.

(b)    In exchange for good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged by Trinity and Bol, Trinity and the Bol hereby release, discharge, and forever acquit the Receiver, the Receivership Defendants, and each of their shareholders, members, partners, officers, managers, directors, fiduciaries, employees, representatives, and agents (collectively, the "***Receiver Parties***") from liability for, and Bol and Trinity hereby waive, any and all claims, damages, demands, or causes of action of any kind that they have or could have, whether known or unknown, against the Receiver Parties.

4.    **Payment to the Receivership Estate**. Ronald J. Bol and Trinity shall be jointly and severally obligated to make payment of $110,000.00 ("the Settlement Amount") by wire to the Receiver's fiduciary account (according to instructions provided by the Receiver) or certified check payable to the Estate of EquityBuild, Inc. as follows:

2

(a) Fifty Thousand Dollars (USD) ($50,000.00) within fourteen (14) days after the Receivership Court enters an order approving this Agreement ("***the First Payment***"); and

(b) Sixty Thousand Dollars (USD) ($60,000.00) on or before one hundred eighty-two (182) days after making the First Payment ("***the Second Payment***").

5. **Dismissal of the Lawsuit**. Subject to the Receiver's rights to enforce the terms of this Agreement, including without limitation to receive all payments, cooperation, and a consent judgment, as described herein, if necessary, the Receiver shall cause the Lawsuit to be dismissed with prejudice within three days after the Approval.

6. **Covenants and Representations**. In order to induce the other Party to enter into this Agreement:

(a) The Parties each represents and warrants that he or it has the authority to settle this matter and to enter into this Agreement, subject to the Approvals.

(b) Bol and Trinity represent and warrant that the financial disclosures they previously submitted to the Receiver were true and accurate.

(c) Bol and Trinity represent and warrant that payment of the Settlement Amount will not render either of them insolvent and stipulate and agree that the settlement sums described in this Agreement are related to alleged conduct that is non-dischargeable in bankruptcy.

(d) Bol represents and warrants to the Receiver that he will reasonably cooperate with the Receiver in connection with the SEC Action or in any related action or investigation.

7. **Mediator's Recommendation**. The Parties acknowledge and agree that the terms described in this Agreement were recommended by the Honorable Magistrate Judge Sunil Harjani, in his role as mediator for the Parties.

8. **Jurisdiction for Entry of Consent Judgment**. The Parties consent that the Honorable Magistrate Judge Sunil Harjani shall retain jurisdiction to enter a consent judgment in the Lawsuit, if necessary, consistent with the terms of this Agreement. Any other relief (including enforcement of the consent judgment) shall be sought from the Receivership Court, consistent with Paragraph 11, *infra.*

9. **Breach of Material Term or Failure to Timely Pay**. Bol and Trinity agree that if they fail to make timely payment of the Settlement Amount as set forth above (*i.e.,* the First Payment and the Second Payment), then the Receiver shall be entitled to the immediate entry in the District Court of a consent judgment for any unpaid Settlement Amount plus pre-judgment interest at the statutory rate. The Receiver shall seek entry of such judgment upon application to Magistrate Judge Sunil R. Harjani in the form of a verified motion, with notice to Bol, Trinity, and their counsel of record in the Lawsuit.

10. **Construction by State Law**. This Agreement shall be governed by, construed, and enforced in accordance with the laws of the State of Illinois to the extent state law is applicable, without giving effect to principles of conflicts of law.

11. **Dispute Resolution**. Except with respect to entry of a consent judgment, as described herein, any action, controversy, or claim between the Parties arising out of or relating to this Agreement, including those relating to the validity, interpretation, construction, performance and enforcement of this Agreement, shall be determined by the Receivership Court.

12. **Headings; Interpretation**. Titles and headings to the Sections in this Agreement are for the purpose of reference only and shall in no way limit, define or otherwise affect the provisions hereof. Neither this Agreement nor any uncertainty or ambiguity herein shall be construed or resolved against any Party hereto, whether under any rule of construction or otherwise. On the contrary, this Agreement has been reviewed by each of the Parties hereto, and their counsel, and shall be construed and interpreted according to the ordinary meaning of the words used so as to fairly accomplish the purposes and intentions of the Parties.

13. **Entire Agreement**. This Agreement constitutes the entire agreement between the Parties with respect to the matters herein provided and all prior understandings and agreements regarding the subject matter hereof have been incorporated herein. There are no other understandings or agreements, verbal or otherwise, in relation thereto between the Parties, except as herein expressly set forth. There have been no representations not set forth herein that the Parties have relied upon when entering into this Agreement. Should any provision of this Agreement require interpretation or construction, the Parties agree that all Parties have participated in the drafting of this document and that no canon of contract construction shall be invoked to construe any provision against any Party. No modifications or waiver of any provision hereof shall be effective unless in writing, signed by each Party, and approved by the Receivership Court.

14. **Counterparts**. This Agreement may be executed in one or more counterparts (including portable document format (.pdf) and facsimile counterparts), each of which shall be deemed to be an original, but all of which together will constitute one and the same agreement.

15. **Representation by Counsel**. The Parties acknowledge that each has had the opportunity to consult with the attorney of their choice. Furthermore, each Party to this Agreement represents and warrants that they are entering into this Agreement of their own free will, without having been subjected to any form of duress or coercion of any kind.

RONALD J. BOL

KEVIN B. DUFF, AS RECEIVER
FOR EQUITYBUILD, INC., *et al.*

TRINITY INSPECTION &
RESTORATION, INC.

4

Ronald J. Bol, President

5

11. **Dispute Resolution**. Except with respect to entry of a consent judgment, as described herein, any action, controversy, or claim between the Parties arising out of or relating to this Agreement, including those relating to the validity, interpretation, construction, performance and enforcement of this Agreement, shall be determined by the Receivership Court.

12. **Headings; Interpretation**. Titles and headings to the Sections in this Agreement are for the purpose of reference only and shall in no way limit, define or otherwise affect the provisions hereof. Neither this Agreement nor any uncertainty or ambiguity herein shall be construed or resolved against any Party hereto, whether under any rule of construction or otherwise. On the contrary, this Agreement has been reviewed by each of the Parties hereto, and their counsel, and shall be construed and interpreted according to the ordinary meaning of the words used so as to fairly accomplish the purposes and intentions of the Parties.

13. **Entire Agreement**. This Agreement constitutes the entire agreement between the Parties with respect to the matters herein provided and all prior understandings and agreements regarding the subject matter hereof have been incorporated herein. There are no other understandings or agreements, verbal or otherwise, in relation thereto between the Parties, except as herein expressly set forth. There have been no representations not set forth herein that the Parties have relied upon when entering into this Agreement. Should any provision of this Agreement require interpretation or construction, the Parties agree that all Parties have participated in the drafting of this document and that no canon of contract construction shall be invoked to construe any provision against any Party. No modifications or waiver of any provision hereof shall be effective unless in writing, signed by each Party, and approved by the Receivership Court.

14. **Counterparts**. This Agreement may be executed in one or more counterparts (including portable document format (.pdf) and facsimile counterparts), each of which shall be deemed to be an original, but all of which together will constitute one and the same agreement.

15. **Representation by Counsel**. The Parties acknowledge that each has had the opportunity to consult with the attorney of their choice. Furthermore, each Party to this Agreement represents and warrants that they are entering into this Agreement of their own free will, without having been subjected to any form of duress or coercion of any kind.

RONALD J. BOL

KEVIN B. DUFF, AS RECEIVER
FOR EQUITYBUILD, INC., *et al.*

_____

_____

TRINITY INSPECTION &
RESTORATION, INC.

_____

Ronald J. Bol, President

4

**EXHIBIT C**
**Expenses for DeRoo**

| Date | Amount | Description |
|---|---|---|
| **Rachlis Duff & Peel** | | |
| July 2022 | $8.55 | Online research |
| August 2022 | $201.00 | Court fees for filing Complaint |
| April 2023 | 19.14 | Online research |
| **Total RDP** | **$228.69** | |
| | | |
| **Damian Valori Culmo** | | |
| September 2022 | $94.00 | Petition for Admission to ILND General Bar |
| | $17.35 | FedEx charges |
| | $105.00 | Process Server for service of process on DeRoo |
| | $2.65 | Pacer fees |
| October 2022 | $11.43 | Online research |
| November 2022 | $19.29 | FedEx charges |
| | $0.25 | Pacer fees |
| **Total DVC** | **$249.97** | |
| **Grand Total** | **$478.66** | |

**EXHIBIT C**
**Expenses for Bol/Trinity**

| Date | Amount | Description |
|---|---|---|
| **Rachlis Duff & Peel** | | |
| July 2022 | $8.54 | Online research |
| August 2022 | $201.00 | Court fees for filing Complaint |
| February 2023 | $231.20 | Document production fee for response to subpoena relating to Trinity |
| March 2023 | $9.89 | Postage for subpoena to non-party relating to Trinity |
| April 2023 | 19.14 | Online research |
| **Total RDP** | **$469.77** | |
| | | |
| **Damian Valori Culmo** | | |
| September 2022 | $94.00 | Petition for Admission to ILND General Bar |
| | $17.35 | FedEx charges |
| | $2.65 | Pacer fees |
| October 2022 | $11.43 | Online research |
| November 2022 | $19.29 | FedEx charges |
| | $0.25 | Pacer fees |
| **Total DVP** | **$144.97** | |
| **Grand Total** | **$614.74** | |

**EXHIBIT D**

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | No. 18-cv-5587 |
| v. | ) ) | Hon. Manish S. Shah |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | ) ) ) ) | Magistrate Judge Young B. Kim |
| Defendants. | ) ) | |

**[ PROPOSED ]**
**ORDER GRANTING RECEIVER'S MOTION TO APPROVE SETTLEMENT AND RELEASE AGREEMENT WITH (1) TYLER DEROO AND (2) RONALD J. BOL AND TRINITY INSPECTION & RESTORATION, INC. AND TO AUTHORIZE PAYMENT OF CONTINGENCY FEE AND COSTS TO RECEIVER'S COUNSEL**

This matter came before the Court upon the Receiver's Motion to Approve Settlement and Release Agreement with (1) Tyler DeRoo and (2) Ronald J. Bol and Trinity Inspection & Restoration, Inc. and to Authorize Payment of Contingency Fee and Costs to Receiver's Counsel [ECF No.____] (the "Motion"). The Court, having considered the Motion and the record of this receivership action and being otherwise duly advised in the premises, hereby finds and orders as follows:

1.      The Motion is GRANTED.

2.      The Court finds that the Settlement and Release Agreement with Tyler DeRoo, attached as Exhibit A to the Motion, is reasonable, fair, adequate, and in the best interest of the Receivership Estate.

3.      The Court finds that the Settlement and Release Agreement with Ronald J. Bol and Trinity Inspection & Restoration, Inc., attached as Exhibit B to the Motion, is reasonable, fair, adequate, and in the best interest of the Receivership Estate

4.      The Court confirms the Receiver's authority to enter into the Settlement and Release Agreement.

5.      The Court finds that the contingency fee amount for the Receiver's counsel, Damian Valori Culmo and Rachlis Duff & Peel, LLC, with respect to the DeRoo Settlement is fair and reasonable and that they are entitled to a total payment of $107,728.66, representing the total of the approved contingency fee plus expenses (comprising $107,250.00 in fees and $478.66 in costs) from the $325,000.00 settlement amount.

6.      The Court finds that the contingency fee amount for the Receiver's counsel, Damian Valori Culmo and Rachlis Duff & Peel, LLC, with respect to the Bol/Trinity Settlement is fair and reasonable and that they are entitled to a total payment of $36,914.74 representing the total of the approved contingency fee plus expenses (comprising $36,300.00 in fees and $614.74 in costs) from the $110,000.00 settlement amount.

7.      The Court approves: (i) the DeRoo settlement payment in the total amount of $325,000.00 to be made by Tyler DeRoo to the Receiver's Account; and (ii) upon receipt of each of the settlement payments by DeRoo, and without further order of the Court, the Receiver's immediate payment of expenses, as well as the corresponding pro-rata share of the approved contingency fee from the Receiver's Account to the client fund account of Damian Valori Culmo to be thereafter split between the engaged counsel.

8.      The Court approves: (i) the Bol/Trinity settlement payment in the total amount of $110,000.00 to be made by Ronald J. Bol and Trinity Inspection & Restoration, Inc. to the

Receiver's Account; and (ii) upon receipt of the settlement payment by Bol/Trinity, and without further order of the Court, the Receiver's immediate payment of expenses, as well as the corresponding pro-rata share of the approved contingency fee from the Receiver's Account to the client fund account of Damian Valori Culmo to be thereafter split between the engaged counsel.

9.      The Court finds that the Receiver has given fair, adequate, and sufficient notice of the Motion to all interested parties.

10.     The Court shall retain exclusive jurisdiction over all matters concerning the Settlement and Release Agreement, including without limitation the enforcement thereof.

ORDERED in the United States District Court

for Northern District of Illinois, Eastern Division,

on this _____ day of July, 2023.


_____

UNITED STATES DISTRICT COURT JUDGE