**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | **Civil Action No. 18-cv-5587** |
| **v.** | ) ) | **Hon. Manish S. Shah** |
| **EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,** | ) ) ) ) ) | **Magistrate Judge Young B. Kim** |
| **Defendants.** | ) ) ) | |

**RECEIVER'S TWENTIETH INTERIM APPLICATION AND MOTION**
**FOR COURT APPROVAL OF PAYMENT OF FEES AND EXPENSES**
**OF RECEIVER AND RECEIVER'S RETAINED PROFESSIONALS**

Kevin B. Duff, as the receiver ("Receiver") for the Estate of Defendants EquityBuild, Inc.,

EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Defendants Jerome Cohen

and Shaun Cohen, as defined in the Order Appointing Receiver entered August 17, 2018 (Dkt. 16),

as supplemented by Order entered March 14, 2019 (Dkt. 290) and Order entered February 21, 2020

(Dkt. 634) (collectively, the "Receivership Defendants"), and pursuant to the powers vested in him

by Order of this Court, respectfully submits this Twentieth Interim Application ("Application")

for the Second Quarter 2023, and moves this Court for an order approving payment of the fees and

expenses of the Receiver, the Receiver's counsel, Rachlis Duff & Peel, LLC ("RDP"), and the

Receiver's forensic IT consultant, Prometheum. In support of his Application and Motion, the

Receiver states as follows:

1

## I.      BACKGROUND

On August 15, 2018, the United States Securities and Exchange Commission ("SEC") filed a civil Complaint against Jerome Cohen, Shaun Cohen, EquityBuild Inc., and EquityBuild Finance LLC (collectively the "Defendants") alleging violations of federal securities laws, along with a motion for entry of an asset freeze, preliminary injunction, and other ancillary relief.  (Dkt. 1 & 3, respectively)

In their Complaint against the Defendants, the SEC alleged violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, Section 20(a) of the Exchange Act, 15 U.S.C. §78t(a), Sections 5(a) and 5(c) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §77e(a) and (c), and Section 17(a) of the Securities Act, 15 U.S.C. §§77q(a).  (Dkt. 1)

The Complaint further alleged that the Defendants operated a Ponzi-scheme that raised at least $135 million from more than 900 investors by, among other things, making untrue statements of material fact in connection with the sale of promissory notes allegedly secured by residential real estate primarily located on the south side of Chicago.  (*Id.* ¶¶ 1-7, 17, 20-51)

On August 28, 2018, the Court entered a judgment against defendants Jerome Cohen and Shaun Cohen which, among other things, enjoined future violations of federal securities laws. (Dkt. 40)

In connection with its civil action, the SEC sought and obtained Court approval for the appointment of a Receiver, and on August 17, 2018, this Court entered an Order Appointing Receiver.  (Dkt. 16)

Under the Order Appointing Receiver, the Receiver was authorized to engage and employ persons and entities in his discretion to assist him in carrying out the duties and responsibilities set forth in the Order. (*Id.*, Order Appointing Receiver, ¶ 54)

Accordingly, the Receiver retained RDP as special counsel, and, on August 20, 2018, the Court entered an Order approving RDP's rates. (Dkt. 19) On August 31, 2018, the Receiver retained Prometheum to access and preserve data within EquityBuild's cloud-based storage systems and provide related IT services, and, on September 6, 2018, the Court entered an order approving Prometheum's rates. (Dkt. 56)

Pursuant to the Order Appointing Receiver, the Receiver and his retained personnel are entitled to "reasonable compensation and expense reimbursement" from the Receivership Estate, as described in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions") agreed to by the Receiver. (Dkt. 16, ¶ 69)

## II.     TWENTIETH INTERIM APPLICATION

Pursuant to the Billing Instructions, the Receiver provides the following information regarding this Application:

a.  The Application covers the period from April 1, 2023 through June 30, 2023.

b.  The names or job titles and hourly rates of all professionals for RDP, as well as Prometheum's hourly rates, are attached as **Exhibit A**.

c.  This is the Receiver's Twentieth Interim Application. The attached **Exhibit B** summarizes (1) the fees approved with respect to the Receiver's prior interim fee applications, (2) the amounts paid pursuant to approved allocations, (3) the amounts paid from the Receiver's account, (4) the amounts paid in distributions pursuant to settlements, (5) the amounts paid

3

at property closings as Agency Fees, (6) the amounts held back pursuant to court order (broken down by property and unallocated fees) and (7) the amounts that were unpaid as of June 30, 2023.

## III.    CASE STATUS

Pursuant to the Billing Instructions, the Receiver provides the following information regarding the status of the case, and activities performed specifically for the period covered by this Application.  *See also* Receiver's Twentieth Status Report (Second Quarter 2023) for additional information.  (Dkt. 1516)

a.    Cash on Hand and Funds Received and Disbursed During the Quarter

The Receiver's Standardized Fund Accounting Report ("SFAR") for the Second Quarter 2023 is attached as **Exhibit C**.  The SFAR sets forth the funds received and disbursed from the Receivership estate during this reporting period.  As reported in the SFAR, the amount of cash on hand as of June 30, 2023 was $2,285,029.56.  The information reflected in the SFAR was based on records and information currently available to the Receiver. The Receiver and his advisors are continuing with their evaluation and analysis.

b.    Receiver's Administration of the Case

Upon his appointment, the Receiver began making efforts to determine the nature, location, and value of all property interests of the Receivership Defendants, including monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, choses in action, rights and other assets, together with all profits, interest, or other income attributable thereto, which the Receivership Defendants owned, possessed, retained a beneficial interest in, or controlled directly or indirectly, and to preserve and maintain those assets.  In furtherance of such, the Receiver took, *inter alia*, the following actions:

      i.               <u>Identification and Preservation of Assets</u>

There was no material work done in this category during the quarter.

      ii.            <u>Financial Reporting and Funds Restoration</u>

On March 27, 2023, the Court granted the Receiver's Third Restoration Motion, allowing the Receiver to transfer funds into or out of the relevant property accounts to properly account for property-related expenses and credits, and to reimburse the Receiver's Account and/or pay outstanding third party expenses. (Dkt. 1393, 1432, 1433). During the quarter, the Receiver made the approved transfers and payments, reconciling all pre-sale receipts and expenditures with respect to all properties in the estate, with the exception of two properties for which the Court stayed transfers pending the FHFA's appeal—1131 E 79th and 7024 S Paxton.

      iii.         <u>Open Litigation</u>

During the Second Quarter 2023, the Receiver and his retained counsel devoted efforts to two lawsuits prosecuting claims asserted against former EquityBuild professionals including, *inter alia*: (1) the law firm Rock Fusco & Connelly LLC ("Rock Fusco"), (2) Ioana Salajanu, a lawyer formerly at Rock Fusco, (3) the law firm Bregman, Berbert, Schwartz & Gilday, LLC and (4) lawyer Mark L. Rosenberg. During the Second Quarter 2023, the Receiver and his retained counsel also devoted efforts to two lawsuits prosecuting claims asserted against former EquityBuild insiders: (1) Chief Management LLC and Ezri Namvar, and (2) Tyler DeRoo, Ronald Bol, and Trinity Inspection and Restoration. These claims are for unjust enrichment and aiding and abetting fraud and breach of fiduciary duty. For more detail on these actions, see the Receiver's Twentieth Status Report. (Dkt. 1516 at 12-13) The Receiver does not seek compensation for fees or services relating to these four lawsuits as part of this fee application.

     iv.     <u>Control of Receivership Property and Records</u>

During the Second Quarter 2023, the Receiver continued efforts to locate and preserve all EquityBuild property and records. The Receiver continues to undertake efforts to maintain, preserve, and utilize EquityBuild's internal documents during the pendency of this matter, as well as used for document productions and investigations in the matters brought by the Receiver against the former EquityBuild professionals and insiders. As noted above, the Receiver does not seek compensation for fees or services in this regard relating to the matters brought by the Receiver against the former EquityBuild professionals and insiders as part of this fee application.

     v.     <u>Factual Investigation</u>

During the Second Quarter 2023, the Receiver and his retained professionals continued to review and analyze the following: (i) documents and correspondence sent to or received from the EquityBuild principals, to whose email accounts the Receiver has access; (ii) bank records from EquityBuild and its affiliate entities; (iii) other EquityBuild documents that were stored on various platforms; (iv) available underlying transaction documents received to date from former Chicago-based EquityBuild counsel; (v) files produced by former EquityBuild counsel, accountants, and employees, and (vi) documents obtained pursuant to various subpoenas.

     vi.     <u>Accounts Established by Receiver for the Benefit of the Receivership Estate</u>

The Receiver established custodial accounts at a federally insured financial institution to hold all cash equivalent Receivership property. The interest-bearing checking accounts are used by the Receiver to collect liquid assets of the estate and to pay the portfolio-related and administrative expenses.

For each property encumbered by secured debt that was sold, the Receiver also established a separate interest-bearing account for the purpose of depositing and holding funds until such time

as the Court orders otherwise and for ultimate distribution, following a claims process and upon Court approval, to the creditors of the Estate, including the defrauded investors. (Dkt. 230, 311, 344 & 346)  The net proceeds from the sale of five properties that lacked recorded mortgage liens initially were not placed into segregated accounts when these properties were sold, but rather were deposited into the Receiver's account, in whole or in part, as ordered by the Court. (*See* Dkt. 346, 545)  These five properties are 7301-09 S Stewart (Property 10), 7500-06 S Eggleston (Property 11), 3030-32 E 79th (Property 12), 2909-19 E 78th (Property 13), and 7549-59 S Essex (Property 14). Because claims were later submitted against these properties, which are being addressed as part of Group 3 in the claims process, during the quarter the Receiver transferred the net sales proceeds that had been previously deposited to the Receiver's account, after adjusting for certain allocations approved by the Court (*e.g.,* Dkt. 796, 1372, 1433, 1452, 1469), into separate accounts for the five properties.

      c.    <u>Creditors and Claims Against the Receivership Estate</u>

During the Second Quarter 2023, the Receiver and his retained professionals continued to improve the accuracy and completeness of the "Master Claims Exhibit," preliminarily identifying on a property-by-property basis for each of the nearly 2400 claims the following: (i) claimant name, (ii) total amount claimed, (iii) claimant category, and (iv) the amount loaned or invested in the particular property (where it could be determined from the face of the claim form).  The Receiver has encouraged claimants to review this exhibit and bring any discrepancies to the attention of the Receiver, and the Receiver and his retained professionals have updated the exhibit where appropriate.  Two versions of the Master Claims Exhibit were submitted with the Second Quarter 2023 Status Report filed on July 31, 2023—one in alphabetical order by claimant name (Dkt. 1516 at Ex. 5), and the other in property-number order (*id*. at Ex. 6).  The Receiver also

worked to update and confirm the accuracy of claimants' email, address, and counsel records, for the preparation of framing reports, for use in the creation of email distribution lists for claimants to use in discovery and the claims process, and for eventual distributions to claimants.

During the quarter, the Receiver and his counsel and staff continued to devote substantial time to the review and analysis of claimants' proof of claim forms, the supporting documents submitted with those claims, as well as EquityBuild records related to the claims against the properties. This is an ongoing process with much remaining to be completed, and the Receiver is working toward being in a position to make timely recommendations on upcoming groups of claims. *See also* note 1, *supra.* To make the Receiver's work with respect to claims analysis and reporting more effective and efficient, the Receiver and his counsel have worked with a vendor to establish and improve a claims review platform, which will be a valuable resource to the Receivership in tracking and reporting on claims recommendations and distributions in this complex matter.

During the quarter the Receiver participated in an April 26, 2023 Court hearing dedicated in part to claims issues and the process for the resolution of claims. To that end, the Receiver worked on the claims process for Groups 1, 2 and 3, as follows:

Group 1

1. 3074 Cheltenham Place (Property 74)
2. 7625-33 S East End Avenue (Property 75)
3. 7635-43 S East End Avenue (Property 76)
4. 7750 S Muskegon Avenue (Property 77)
5. 7201 S Constance Avenue (Property 78)

The Receiver prepared and submitted an amended proposed distribution schedule for the proceeds from the sale of the five Group 1 properties. (Dkt .1438), which was entered by the Court on May 3, 2023 (Dkt. 1451). The Receiver responded to the motion filed by claimant BC57, LLC

to stay the Group 1 distributions pending its appeal of that ruling in order to ensure the Court had complete information relevant to the motion, which was opposed by other claimants and the SEC. (Dkt. 1453, 1455, 1479) The Court subsequently granted BC57's motion, staying the approved distributions to Group 1 claimants.  (Dkt. 1504)

Group 2

1.  1700-08 W Juneway Terrace (Property 1)
2.  5450-52 S Indiana Avenue (Property 4)
3.  7749-59 S Yates Boulevard (Property 5)
4.  6160-6212 S Martin Luther King Drive (Property 79)
5.  6949-59 S Merrill Avenue (Property 101)

During the quarter, the Receiver submitted a framing report for the properties in Group 2 (Dkt. 1460)  After the Court entered an order commencing the summary proceedings for Group 2 (Dkt. 1476), the Receiver served standard discovery requests on all claimants in the group, and has been reviewing the 205 written responses, as well as numerous production documents.   The Receiver also prepared and served additional discovery requests on three title companies, two law firms, and the three institutional lenders in the group (including four investors involved in one of these loans).   While the responses to the discovery are not yet complete, there have been tens of thousands of pages of documents provided by various claimants.

Group 3

1.  7301-09 S Stewart Avenue (Property No. 10)
2.  7500-06 S Eggleston Avenue (Property No. 11)
3.  3030-32 E 79th Street (Property No. 12)
4.  2909-19 E 78th Street (Property No. 13)
5.  7549-59 S Essex Avenue (Property No. 14)
6.  8047-55 S Manistee Avenue (Property No. 15)
7.  7927-49 S Essex Avenue (Property Nos. 102-106)

During the quarter, the Receiver also submitted a framing report for the properties in Group 3 (Dkt. 1461). Pursuant to the expedited schedule proposed by the Receiver and adopted by the Court in its order commencing the summary proceedings for Group 3 (Dkt. 1477), the Receiver conducted some informal discovery from claimants and prepared and submitted recommendations for the distribution of funds held in the accounts for the Group 3 properties. (Dkt. 1494) On July 21, 2023, the Receiver filed a status report notifying the Court that no claimants filed position statements in response to the Receiver's recommendations by the July 13, 2023 deadline, and recommending that the Court order distribution in accordance with the schedules submitted in the Receiver's Amended Submission on Group 3 Claims. (Dkt 1509)

Groups 4-10

On June 15, 2023, the Receiver submitted a proposal for the resolution of the remaining claims. (Dkt. 1488) This proposal re-grouped the remaining properties by similarity of issues, and proposed an abbreviated process similar to Group 3 for several of the remaining property groups. The Receiver estimated that his team would be in a position to commence Groups 4 and 5 in mid-September. At a July 11, 2023 hearing, the Court indicated that it would not finalize the remaining claim groups or a schedule before the status hearing set for September 12, 2023 at 11:00 a.m. (CT).

During the Second Quarter 2023, the Receiver and his professionals drafted communications to all claimants regarding the court proceedings and responded to approximately 427 claimant emails, in addition to oral communications with claimants and certain claimants' counsel regarding the claims process and the receivership; and engaged in various other activities relating to the claims process as reflected in the submitted invoices.

The Receiver is continuously updating all claimants on the developments in this matter, and responding in a timely manner to the emails and voicemails from investors and others, many

if not most of which related to the claims submitted against the Estate and the status of the Court's process for resolving those claims and distributing the Estate's assets. To ease the burden and provide basic information, the Receiver established a web page (*http://rdaplaw.net/receivership-for-equitybuild*) for claimants and other interested parties to obtain information and certain court filings related to the Receivership estate, which remains in place today and continues to be best and most cost-effective mean of providing information regarding the status of this action.

      d.    <u>Assets in Receivership Estate</u>

All known Receivership Property is identified and described in the Master Asset List attached hereto as **<u>Exhibit D</u>**. The Master Asset List identifies 56 checking accounts in the names of the affiliates and affiliate entities included as Receivership Defendants, reflecting a combined balance in the Receiver's accounts as of June 30, 2023 of $2,285,019.56. (*See also* Dkt. 258 at 21, and Dkt. 348 at 23-24, for additional information relating to these funds.) Additionally, the separate interest-bearing accounts established by the Receiver to hold the proceeds from sold real estate that remain following the distributions described herein are identified on **<u>Exhibit E</u>**, which collectively contained $64,988,768.73 as of June 30, 2023.

The Master Asset List does not include funds received or recovered after June 30, 2023. Nor does it include potentially recoverable assets for which the Receiver is still evaluating the value, potential value, and/or ownership interests. The Receiver continues to evaluate other assets or potential assets that may be recoverable by the Receivership Estate.

## IV.    BILLING ADDRESSED IN THIS APPLICATION

Pursuant to the Billing Instructions, the Receiver provides the following information regarding current billing:

a.  <u>Total Compensation and Expenses Requested.</u>

    i.    In connection with his duties, the Receiver respectfully requests compensation for services rendered, totaling $35,217.00 for the period of this Application. Copies of the Receiver's invoices for April, May and June, 2023 are attached as **<u>Exhibit F</u>**.

    ii.    In connection with the legal services provided to the Receiver by RDP, the Receiver respectfully requests compensation for services rendered, along with reimbursement of expenses, totaling $180,594.36 for the period of this Application. Copies of RDP's invoices for April, May and June, 2023 are attached as **<u>Exhibit G</u>**.

    iii.    In connection with the IT services provided to the Receiver by Prometheum, the Receiver respectfully requests compensation for services rendered, which is an expense in the amount of $825.00 for the period of this Application. A copy of Prometheum's invoice is attached as **<u>Exhibit H</u>**.

b.  <u>Source of Funds for Requested Compensation and Expenses.</u>

The Receiver requests that the above compensation and expenses be paid pursuant to the receiver's lien that the Court established to the extent that the work performed or expenses incurred benefitted the properties or the claimants asserting an interest in those properties, as set forth in the fee allocation exhibits attached as Exhibits I-K to this Application (*see* Section V, *infra*). (*See* Court's 10/26/20 Order granting Receiver's lien (Dkt. 824), Court's Order Approving Receiver's Lien for Certain Categories of Expenses (Dkt. 1030), and Court's Order adjusting the amount of holdbacks (Dkt. 1468)) *See also discussion* in Section V, *infra.* To the extent the fees or expenses

Case: 1:18-cv-05587 Document #: 1517 Filed: 08/14/23 Page 13 of 17 PageID #:102849

are not property-specific, the Receiver requests that they be paid from the Receiver's operating account.

        c.      <u>Twentieth Application for Payment of Professional Fees and Expenses.</u>

This is the Receiver's Twentieth Interim Application.

        d.      <u>Summary of Activity.</u>

A "Summary of Activity," providing the total hours billed and the amount of billing for each person who billed time during the Application period (April 1, 2023 through June 30, 2023) can be found at the end of the Receiver's invoices (Exhibit F) and RDP's invoices (Exhibit G). The average hourly billing rate reflected by RDP's invoices for the application period was $213.14.

## V.     REQUEST FOR RECEIVER'S LIEN

The Receiver again requests that the Court authorize the interim payment of certain of the amounts set forth in this fee petition pursuant to the Receiver's first-priority lien previously ordered and affirmed by the Court. (*See* Dkt. 824, 1030)  Because the Receiver's efforts to preserve, manage, and liquidate the real estate properties within the Estate are concluded at this point, the allocations pursuant to the Receiver's lien in this fee application and moving forward are primarily in the Claims and Distribution billing categories.  The Receiver's activities in those areas will largely be dictated by the Receiver's claims analysis, the claims process, settlement efforts, and further directions provided to the Receiver by the Court.

The Receiver submits as **<u>Exhibits I - K</u>**[1] to this fee application his proposed allocations to properties in the Estate of fees incurred during the Second Quarter 2023, and requests approval of

---

[1] **Exhibit I** contains a summary by property of the specific allocations to each property during the quarter.  **Exhibits J and K** both contain the specific allocation details, grouped together in Exhibit J to show the property or properties to which each task has been allocated and a count of those properties, and individually by property in Exhibit K.

an interim payment of the approved amount from the accounts established from the sale of the property, subject to any holdback ordered by the Court. The Receiver's proposed allocations apply the methodology previously authorized by the Court. (*See, e.g.,* Dkt. 824 at 5; Dkt. 755 at 23-24; Dkt. 1188 at 2)

In further support of this fee application, the Receiver incorporates by reference the arguments and legal authority offered in support of his Motions for Approval of Allocations of Fees to Properties for Payment Pursuant to Receiver's Lien (Dkt. 1107, 1230, 1321, 1416, 1481), and the Court's orders regarding same (Dkt. 1381, 1419, 1450, 1469, 1490, 1491, 1504, 1511).

## VI.  CONCLUSION

WHEREFORE, the Receiver respectfully requests that the Court approve the Receiver's Twentieth Interim Fee Application and enter an Order as follows:

a.      finding the fees and expenses of the Receiver and Receiver's retained professionals, Rachlis Duff & Peel, LLC, and Prometheum, as described in Exhibits F-H, respectively, to be reasonable and necessary to the Receivership;

b.      granting the Receiver and his retained professional a first priority administrative lien against each of the real estate properties in the Receivership Estate and their sales proceeds for payment of fees and costs;

c.      approving the proposed allocation and payment methodology with respect to a Receiver's lien for all fees and expenses of the Receivership Estate as described and recommended in this fee application;

d.      approving the Receiver's payment of such fees and expenses to the Receiver and to Receiver's retained professionals from sales proceeds for each of the properties in the Receivership Estate as described and recommended in this fee application; and

e.     granting the Receiver all other relief which this Court deems just and proper.


Dated:  August 14, 2023                           Kevin B. Duff, Receiver

                                        By:     /s/       Michael Rachlis

                                                Michael Rachlis
                                                Jodi Rosen Wine
                                                Rachlis Duff & Peel, LLC
                                                542 South Dearborn Street, Suite 900
                                                Chicago, IL 60605
                                                Phone (312) 733-3950; Fax (312) 733-3952
                                                mrachlis@rdaplaw.net
                                                jwine@rdaplaw.net

## RECEIVER'S CERTIFICATION

1.     Pursuant to the Billing Instructions, the Receiver certifies as follows regarding the Receiver's Twentieth Interim Application and Motion for Court Approval of Payment of Fees and Expenses of Receiver and Receiver's Retained Professionals:

     a.     The Receiver has read the foregoing Application and Motion;

     b.     To the best of the Receiver's knowledge, information and belief formed after reasonable inquiry, the Application and Motion and all fees and expenses therein are true and accurate and comply with the Billing Instructions (with any exceptions specifically noted in this Certification, Application, and Motion);

     c.     All fees contained in the Application and Motion are based on the rates listed in the Fee Schedule attached hereto as Exhibit A, and such fees are reasonable, necessary, and commensurate with the skill and experience required for the activity performed;

     d.     The Application and Motion does not include in the amount for which reimbursement is sought, the amortization of the cost of any investment, equipment, or capital outlay (except to the extent any such amortization is included within the permitted allowable amounts set forth herein); and

     e.     In seeking reimbursement for a service which the Receiver or the Receiver's Retained Professionals justifiably purchased or contracted for from a third party (such as copying, imaging, bulk mail, messenger service, overnight courier, computerized research, or title and lien searches), reimbursement is requested only for the amount billed to the Receiver or Receiver's Retained Professionals by the third-party vendor and paid by the Receiver or Receiver's Retained Professionals to such vendor. If such services were performed by the Receiver or Receiver's Retained Professionals, the Receiver certifies that no profit has been made on such reimbursable service.

2.     On August 2, August 8, and August 9, 2023, the Receiver provided to Mr. Benjamin Hanauer, of the SEC, a complete draft copy of this Application and Motion, and exhibits A-J, which include the relevant billing statements in a format specified by the SEC.

Dated: August 14, 2023          /s/ Kevin B. Duff
                              Kevin B. Duff, Receiver
                              EquityBuild, Inc., et al.
                              c/o Rachlis Duff & Peel, LLC
                              542 S. Dearborn Street, Suite 900
                              Chicago, IL 60605
                              (312) 733-3390 - kduff@rdaplaw.net

## CERTIFICATE OF SERVICE

I hereby certify that I provided service of the foregoing Receiver's Twentieth Interim Application and Motion for Court Approval of Payment of Fees and Expenses of Receiver and Receiver's Retained Professionals, via the Court's CM/ECF system, to all counsel of record on August 14, 2023.

/s/ Michael Rachlis

Michael Rachlis
Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone (312) 733-3950
Fax (312) 733-3952
mrachlis@rdaplaw.net