UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States Securities and Exchange Commission,<br><br>Plaintiff,<br><br>v.<br><br>EquityBuild, Inc., EquityBuild Finance, LLC, Jerome H. Cohen, and Shaun D. Cohen,<br><br>Defendants. | No.: 18-cv-5587<br>Honorable Manish S. Shah<br>Magistrate Judge Young B. Kim |

**FEDERAL HOUSING FINANCE AGENCY, FANNIE MAE, AND FREDDIE MAC'S MEMORANDUM IN SUPPORT OF THEIR OPPOSED MOTION TO CERTIFY THE JULY 21, 2023 ORDER FOR IMMEDIATE APPEAL**

The Federal Housing Finance Agency ("FHFA"), as Conservator for the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac") (together, "Enterprises"), and the Enterprises respectfully move the Court to amend its July 21, 2023 ruling on FHFA's objection to the Magistrate Judge's order overruling FHFA and the Enterprises' Joint Objection to the Receiver's Second Motion for Approval of Fee Allocations for Interim Payment Pursuant to Receiver's Lien, Dkt. 1511 ("Second Ruling"),[1] to include the certifications necessary to permit FHFA and the Enterprises to petition for an interlocutory appeal under 28 U.S.C. § 1292(b).

An interlocutory appeal is the only way to promptly and efficiently resolve the pending dispute about the Housing and Economic Recovery Act of 2008's ("HERA") application. And certification is the only step this Court can take to facilitate an interlocutory appeal—it will confirm to the Circuit that this Court now believes an interlocutory appeal will materially advance the ultimate disposition of this action and the corresponding receivership, which is in the interests of

---

[1] The Second Ruling is attached as Exhibit A.

efficiency and substantive justice.

FHFA and the Enterprises therefore respectfully move to certify for appellate review in relation to the Second Ruling the same three issues on which FHFA sought certification of the Court's October 17, 2022 order on FHFA's objections to the Receiver's first motion for approval of fee allocations, Dkt. 1327 ("Oral Ruling"):

1. Whether, for purposes of Section 4617(f), the allocation of the Receiver's fees to Enterprise accounts restrains or affects the Conservator's powers or functions;

2. Whether, under Section 4617(j)(3), conservatorship property interests can be dissipated by payment of Receiver's fees from Enterprise accounts without FHFA's explicit consent; and

3. Whether Section 4617(j)(3) bars judicially sanctioned dissipation of conservatorship property interests by means other than levy, attachment, garnishment, foreclosure, sale.[2]

Each involves a controlling question of law as to which there are substantial grounds for difference of opinion, each would present a question of first impression for the Court of Appeals, and prompt resolution of each would simplify this case and expedite its ultimate resolution.

The Court should amend the Second Ruling to include the certifications necessary to permit FHFA and the Enterprises to petition for an interlocutory appeal under 28 U.S.C. § 1292(b).

## RELEVANT PROCEDURAL HISTORY

As the Court knows, this is an SEC receivership case relating to a Ponzi scheme. The receivership initially consisted primarily of real property, against which the receiver, Kevin B. Duff ("Mr. Duff"), was granted a lien to secure his fees and costs. In 2020, with the Court's

---

[2] It is important to note that Section 4617(j)(3) bars any dissipation of conservatorship property without FHFA's explicit consent. 12 U.S.C. § 4617(j)(3) ("No property of the Agency shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the Agency, nor shall any involuntary lien attach to the property of the Agency.").

approval, and over objection by the Enterprises and without knowledge of FHFA, Mr. Duff sold properties at 1131-41 East 79th Place in Chicago and 7024-32 South Paxton Avenue in Chicago ("Enterprise Properties"), which were encumbered by Enterprise liens for mortgage loans; the proceeds were deposited into accounts against which each Enterprise was granted a lien equivalent to its pre-sale interest in the property. Dkt. 618 at 40–43; Dkt. 681.

In due course, Mr. Duff moved to allocate certain accrued fees and costs to specific properties and to receive an interim payment from the corresponding accounts. Dkts. 1107, 1321. FHFA, citing Sections 4617(f) and 4617(j)(3), objected to those allocations because they would dissipate the Enterprises' collateral, thereby impairing the Conservator's statutory powers to collect on the obligations secured by the properties and to preserve and conserve the Enterprises' assets. Dkt. 1209. Magistrate Judge Kim overruled the objection, Dkt. 1258, and this Court did the same, albeit on different grounds, Dkt. 1327.

That ruling is the subject of FHFA's pending appeal. *See* Case No. 22-03073 (7th Cir.). FHFA moved for certification of the ruling under Section 1292(b) and also noticed an appeal of right under Section 1292(a). *See* Dkt. 1334 ("First Certification Motion"). This Court declined to certify the ruling under Section 1292(b), *see* Dkt. 1358 ("First Certification Ruling"), leaving only the appeal of right pending in the Seventh Circuit. Mr. Duff then moved to dismiss the appeal. *See* Case No. 22-03073 (7th Cir.), Dkt. 12. Substantive briefing on that appeal was stayed pending resolution of the motion to dismiss, which has been fully briefed since February 27, 2023.

Mr. Duff's recent second motion to allocate fees asks the Court to allocate $3,454.87 to the Enterprise Properties. *See* Dkt. 1321, Ex. A at Rows 67, 72. FHFA and the Enterprises again objected, on the same HERA-based grounds. Dkt. 1442. Magistrate Judge Kim overruled FHFA and the Enterprises' objections and granted the motion. Dkts. 1490, 1491. FHFA and the

3

Enterprises timely objected to this Court. Dkt. 1502. On July 21, 2023, the Court overruled the objection, explaining that it was doing so:

> [F]or the reasons stated on the record at a hearing before the Court on July 11, 2023, as well as for the reasons stated by the Magistrate Judge at the hearing held on June 15, 2023, as well as earlier rulings of this Court stated on the record on October 17, 2022 and April 26, 2023, (Dkt. 1325, 1450) and in prior memorandum opinions and minute orders (*see, e.g.*, Dkt. 1366, 1371).

Second Ruling at 1. Thus, the Court overruled FHFA and the Enterprises' objection to Mr. Duff's second motion for the same reasons it rejected the objection to Mr. Duff's first motion.

## LEGAL STANDARD

Section 1292(b) authorizes a district court to certify an order for interlocutory appeal where two factors are present: (1) the "order involves a controlling question of law as to which there is substantial ground for difference of opinion," and (2) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Seventh Circuit has further clarified those factors, explaining that "there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original). Questions of first impression are contestable. *See Boim v. Quranic Literacy Inst. & Holy Land Found. For Relief And Dev.*, 291 F.3d 1000, 1007-08 (7th Cir. 2002).

A motion for Section 1292(b) certification is considered timely if it is filed within "a *reasonable time*." *Ahrenholz*, 219 F.3d at 675 (emphasis in original).

## ARGUMENT

Section 1292(b) certification is appropriate here because the Second Ruling encompasses three issues that involve controlling, contestable questions of law, the resolution of which promises

4

to speed up the litigation, and this motion is timely. The Second Ruling was issued on the same grounds as the Oral Ruling. Second Ruling at 1.

In the Oral Ruling, the Court held that (i) Section "4617(f) doesn't prohibit a court from allocating undisputed reasonable receiver's fees to properties that are subject to the entities' mortgages that the agency has under conservatorship, Oral Ruling at 31; (ii) Section 4617(j)(3) did not prevent the fee allocation because "[w]hile the agency hasn't expressly consented to the precise allocation of fees," Section 4617(j)(3) did not apply because FHFA purportedly "consented to receive the value of the receiver's work," Oral Ruling at 33; and (iii) Section 4617(j)(3) also did not prevent the fee allocation because "the allocation of receiver fees to accounts is not a levy, attachment, garnishment, foreclosure, sale, or involuntary lien attaching to agency property." *Id.*

**I.   THE SECOND RULING, WHICH COVERS THE SAME LEGAL SUBSTANCE AS THE ORAL RULING, INVOLVES CONTROLLING QUESTIONS OF LAW AS TO WHICH THERE ARE SUBSTANTIAL GROUNDS TO DIFFER**

In its First Certification Motion, FHFA argued that each issue involved a controlling question of law as to which there were substantial grounds for difference of opinion because, in broad terms, resolution of each issue would affect future allocations and the further course of litigation, each issue involved the meaning of a statutory provision, and the Court's conclusion on each issue was in tension with holdings from other courts about the relevant HERA provisions and the Federal Deposit Insurance Corporation's substantively identical statutory provision. *See* Certification Motion at 5–10.

In its First Certification Ruling, the Court agreed, finding that:

> The agency's objection involves a question of law: whether a statute, 12 U.S.C. § 4617, prohibits an allocation of fees against funds that the FHFA as conservator is supposed to safeguard. This question is controlling in the sense that if the agency is correct, the allocations against the two accounts should not move forward.

5

> There are grounds for differences of opinion in whether the facts here support my conclusion that the agency consented to having its property subject to payment of fees (implicitly but through affirmative acts demonstrating its consent) and whether the present allocation amounts to a restraint on the agency's powers.

First Certification Ruling at 2.

Nothing has changed, and the Court should once again find that FHFA and the Enterprises' objection involves a controlling question of law as to which there are substantial grounds for differences of opinion, because this Motion involves the same questions as the First Certification Motion, albeit based on different fee allocations, which have yet to be resolved by the Seventh Circuit.

## II. AN IMMEDIATE APPEAL *WILL* MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THIS LITIGATION

In its First Certification Motion, FHFA argued that the Court's certification would materially advance the ultimate termination of a substantial portion of this litigation because "[a]bsent interlocutory appeal, more fees will be allocated and additional funds disbursed in a series of iterative steps that each depends on the correctness of all previous steps" and "any error would propagate through the entire series, making it more difficult to correct at the end of the case rather than now." Certification Motion at 10–11. FHFA also cited the significant practical problems with recalculating and clawing back millions of dollars in disbursements. *Id.* at 11.

In its First Certification Ruling, the Court disagreed, finding that:

> [A]n immediate appeal would not materially advance the ultimate termination of the litigation. [Footnote 2 omitted]. There remains much work to be done, including disbursements for many other properties and decisions about competing priority claimants that may render the FHFA's interest in the funds moot. The agency argues that allocations are iterative, and a mistake now must be corrected to prevent compounding the errors through a series of distributions that will be difficult to unwind. I disagree. These two

6

> allocations deal with a small slice of the pie and will not affect the many millions of dollars at issue with other accounts. No money will go out the door without further court approval. There are bound to be other contestable legal issues as we move forward and having the court of appeals start looking at this complex receivership will not save anyone (including the appellate judges) from additional effort. It makes more sense to follow the ordinary process of appellate review of final judgments, especially since settlement across different claimants remains a possibility. A costly interlocutory appeal would be unnecessary if settlement and resolution of the disputes over priority moots the agency's objection. On the other hand, appellate resolution of the objection closes the loop on a relatively minor issue, one that is not contributing to the ultimate termination of the litigation.

First Certification Ruling at 2.

Since it issued the First Certification Ruling, however, the Court has expressed concern that uncertainty about HERA's application could delay resolution of this action and consume resources that might otherwise go to claimants on the receivership, and suggested the parties consider whether "there might be some alternative way to handle that lingering issue." *See* Dkt. 1508, Hearing Tr. at 22:16–21 (suggesting off-the-record discussion about FHFA properties). The Court has also observed that "[t]he more everyone fights and delays distribution, the more fees the receiver earns … to the detriment of the pot of money for everyone," *id.* at 19:22–25, and has urged the parties "to think about whether there are ways to … shortcut some of the administrative wrangling to get to the end sooner rather than later," *id*. at 21:2–13.

FHFA and the Enterprises believe that gaining as much legal certainty as possible as quickly as possible as to HERA's application is the best way to shortcut the wrangling and avoid unnecessary and costly fights, and that appellate resolution is the only way to achieve that certainty. FHFA and the Enterprises therefore respectfully submit that certifying the Second Ruling for interlocutory appeal will more promptly and efficiently resolve both appeals and facilitate the ultimate termination of the receivership. Certification may move the Seventh Circuit

7

to consolidate this appeal with the first appeal, proceed promptly to substantive briefing, and to rule on the legal issues presented by the Oral Ruling and Second Ruling, thereby materially advancing the resolution of the receivership.

In addition, FHFA and the Enterprises maintain that Section 1292(b) certification will materially advance the ultimate termination of a substantial portion of this litigation for the same reasons cited in its First Certification Motion, and that subsequent developments confirm the point. *See* Certification Motion at 10–11.[3] Specifically, counsel for Mr. Duff acknowledged at a February 8, 2023 hearing before Magistrate Judge Kim that: (i) several of Mr. Duff's proposed allocations of fees and costs to specific properties included errors; (ii) Mr. Duff would correct the errors, which would require recalculating all allocations; and (iii) because "there's both time and cost expense associated with [doing so]," Mr. Duff "wanted to be sure that [they] had [identified] everything that needed to get corrected done before [they went] ahead and [reran the calculations]." *See* Dkt. 1387, Hearing Tr. at 95:25–96:20. These statements support certifying the appeal because all parties agree that disbursement errors would require significant time and resources to address. Indeed, the Court, in recognition of this same issue, has commented upon the difficulty of unwinding disbursements and has stayed disbursements of fees allocated against the Enterprise properties while FHFA's appeal is pending. *See, e.g.*, Dkt. 1508, Hearing Tr. at 19:7–17 (noting that "[o]nce money goes out the door to victims or investors or lenders, it will be effectively impossible to pull that money back," that "erroneous distributions … will be too difficult to unwind," and that "[u]ltimately, the public interest is in getting the distributions right."); Second Ruling at 2–3 (staying distributions related to the Enterprise Properties).

---

[3] FHFA and the Enterprises acknowledge, of course, that the Court previously rejected this argument.

8

## III. THIS MOTION IS TIMELY

This motion is timely because it has been filed within thirty (30) days of the Second Ruling, issued on July 21, 2023. "[T]here is no statutory deadline for the filing of [a] petition [such a this] in the district court." *Ahrenholz*, 219 F.3d at 676. Instead, courts require that certification be sought within "a reasonable time." *Id*. at 675. Courts in this circuit routinely deem comparable—and even longer—intervals reasonable. *See Feit Elec. Co., Inc. v. CFL Techs. LLC*, Case No. 13-CV-09339, 2019 WL 7020496, at *3 (N.D. Ill. Dec. 20, 2019) (finding the "reasonable time" standard met where "the Court issued its order on August 8, 2019 and [party] filed its motion on September 13, 2019").

## CONCLUSION

For these reasons, FHFA and the Enterprises respectfully ask this Court to certify three questions for immediate appeal pursuant to 28 U.S.C. § 1292(b).[4] FHFA and the Enterprises request that the order contain the required language identifying the relevant legal questions and noting they are controlling questions of law to which there are substantial grounds for differences of opinion, and that an immediate appeal of those questions may materially advance the ultimate termination of the litigation.

---

[4] As stated in FHFA and the Enterprises' Motion, FHFA and the Enterprises also respectfully notice an appeal of the Second Ruling under 28 U.S.C. § 1292(a) as a protective measure in the event the Court does not certify the Second Ruling for appeal under Section 1292(b). This notice does not undermine FHFA and the Enterprises' arguments that the Second Ruling is appealable under Section 1292(b). *See* Wright & Miller, 16 Fed. Prac. & Proc. Juris. § 3929.1 (3d ed.) (noting that appellants can properly combine a motion for Section 1292(b) certification with a notice of appeal as a matter of right).

Dated: August 21, 2023

Respectfully submitted,

/s/ Michael A.F. Johnson
Michael A.F. Johnson
ARNOLD & PORTER
   KAYE SCHOLER LLP
D.C. Bar No. 460879, *admitted pro hac vice*
601 Massachusetts Avenue NW
Washington, DC 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
Michael.Johnson@arnoldporter.com

Daniel E. Raymond
ARNOLD & PORTER
   KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, Illinois 60602
Telephone: (312) 583-2300
Facsimile: (312) 583-2360
Daniel.Raymond@arnoldporter.com

*Attorneys for Federal Housing Finance Agency in its capacity as Conservator for the Federal National Mortgage Association and the Federal Home Loan Mortgage Corporation*

/s/ Jill L. Nicholson
Jill L. Nicholson
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, Illinois 60654
Telephone: (312) 832-4500
Facsimile: (312) 644-7528
jnicolson@foley.com

*Attorney for Federal National Mortgage Association*

/s/ Mark Landman
Mark Landman
LANDMAN CORSI
BALLAINE & FORD P.C.
120 Broadway, 13th Floor
New York, New York 10271
Telephone: (212) 238-4800
Facsimile: (212) 238-4848
mlandman@lcbf.com

*Attorney for Federal Home Loan Mortgage Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2023, I caused the foregoing **Federal Housing Finance Agency, Fannie Mae, and Freddie Mac's Memorandum in Support of their Opposed Motion to Certify the July 21, 2023 Order For Immediate Appeal** to be electronically filed with the Clerk of the Court through the Court's CM/ECF system, which sent electronic notification of such filing to all parties of record.

/s/ Michael A.F. Johnson

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Case No. 1:18-cv-5587 |
| v. | Hon. Manish S. Shah |
| EQUITYBUILD, INC., et al., | |
| Defendants. | |

## ORDER GRANTING RECEIVER'S SECOND MOTION FOR APPROVAL OF ALLOCATIONS OF FEES TO PROPERTIES FOR PAYMENT PURSUANT TO RECEIVER'S LIEN

On September 29, 2022, the Receiver filed his Second Motion For Approval Of Fee Allocations For Interim Payment Pursuant To Receiver's Lien (Dkt. No. 1321) ("Receiver's Second Allocation Motion").

On June 21, 2023, Magistrate Judge Kim entered orders granting the Receiver's Second Allocation Motion and overruling objections (Dkt. 1490, 1491).

The Court received objections to the Magistrate Judge's Order (Dkt. 1501, 1502), which are overruled for the reasons stated on the record at a hearing before the Court on July 11, 2023, as well as for the reasons stated by the Magistrate Judge at the hearing held on June 15, 2023, as well earlier rulings of this Court stated on the record on October 17, 2022 and April 26, 2023, (Dkt. 1325, 1450) and in prior memorandum opinions and minute orders (*see, e.g.*, Dkt. 1366, 1371).

Previously, the Court had exercised its equitable discretion to mandate a 20% holdback

1

on the fees (but not expenses) sought pursuant to the Receiver's Ninth through Sixteenth Fee Applications. The Court also required that to the extent such approved fees were paid from the sales proceeds of encumbered real estate pursuant to the receiver's lien, such payments would be subject to an additional 20% holdback. (Dkt. 1031 at 14, Dkt. 1213 at 9-10; Dkt. 1312 at 3-4) This Court, however, has previously determined that this additional 20% holdback for fees paid pursuant to the receiver's lien from the sales proceeds of encumbered properties is no longer warranted and thus not required for any of the Receiver's fee applications or allocated fees. (Dkt. 1468)

NOW, THEREFORE, the Court hereby finds and ORDERS:

(1) the Receiver's Second Allocation Motion is granted and all objections thereto are overruled;

(2) the previously ordered additional 20% holdback for approved fees paid pursuant to the receiver's lien from the sales proceeds of encumbered properties is no longer warranted and thus not required for any of the Receiver's approved fee applications or allocated fees;

(3) the Receiver shall allocate the total amount of $366,318.56 of approved fees associated with the Fourteenth through Sixteenth Fee Applications to the accounts for the individual properties as set forth on Exhibit A to this Order;

(4) the Receiver shall hold back 20% of the total amount of approved fees allocated to each property for the Fourteenth through Sixteenth Fee Applications, pending further order;

(5) The Court stays distributions related to the Receiver's Second Allocation Motion from the accounts held for 1131 E 79th Place and 7024 S Paxton Avenue, pending

further order;

(6) after accounting for the 20% holdback, the stay order, and fees allocated to properties that were resolved pursuant to settlements, the Receiver shall transfer to the Receiver's Account without delay the amount available for interim payment from the property accounts for the Fourteenth through Sixteenth Fee Applications, as set forth on Exhibit A to this Order, which cumulatively equals $284,859.90;

(7) within 2 business days of transferring funds to the Receiver's Account, consistent with the foregoing, the Receiver shall pay $284,859.90 to Rachlis Duff & Peel, LLC from the Receiver's Account; and

(8) the Court reserves final approval of the distribution of the $74,669.79 of fees held back in accordance with this Order.

Entered:

_____
Manish S. Shah
United States District Court Judge

Date: July 21, 2023

| Prop # | Property Address | Approved Allocations Apps 14-16 | 20% Holdback Fee Apps 14-16 | Additional Holdback (FHFA) | Less Previously Resolved Properties | Amount Approved for Interim Payment Fee Apps 14-16 |
|---|---|---|---|---|---|---|
| 1 | 1700-08 W Juneway Terrace | $ 7,254.32 | $ 1,450.86 | | | $ 5,803.46 |
| 2 | 4533-47 S Calumet Avenue | $ 6,685.36 | $ 1,337.07 | | | $ 5,348.29 |
| 3 | 5001 S Drexel Boulevard | $ 2,596.32 | $ 519.26 | | | $ 2,077.06 |
| 4 | 5450-52 S Indiana Avenue | $ 4,336.83 | $ 867.37 | | | $ 3,469.46 |
| 5 | 7749-59 S Yates Boulevard | $ 1,952.61 | $ 390.52 | | | $ 1,562.09 |
| 6 | 6437-41 S Kenwood Avenue | $ 1,781.50 | $ 356.30 | | | $ 1,425.20 |
| 7 | 7109-19 S Calumet Avenue | $ 16,133.10 | $ 3,226.62 | | | $ 12,906.48 |
| 8 | 1414-18 East 62nd Place | $ 448.17 | $ 89.63 | | | $ 358.54 |
| 9 | 8100 S Essex Avenue | $ 2,379.70 | $ 475.94 | | | $ 1,903.76 |
| 10 | 7301-09 S Stewart Avenue | $ 1,235.21 | $ 247.04 | | | $ 988.17 |
| 11 | 7500-06 S Eggleston Avenue | $ 1,762.41 | $ 352.48 | | | $ 1,409.93 |
| 12 | 3030-32 E 79th Street | $ 1,065.85 | $ 213.17 | | | $ 852.68 |
| 13 | 2909-19 E 78th Street | $ 2,138.63 | $ 427.73 | | | $ 1,710.90 |
| 14 | 7549-59 S Essex Avenue | $ 2,140.30 | $ 428.06 | | | $ 1,712.24 |
| 15 | 8047-55 S Manistee Avenue | $ 1,784.66 | $ 356.93 | | | $ 1,427.73 |
| 22 | 7933 S Kingston Avenue | $ 915.63 | | | $ 915.63 | $ - |
| 26 | 8405 S Marquette Avenue | $ 919.60 | | | $ 919.60 | $ - |
| 28 | 8800 S Ada Street | $ 938.42 | | | $ 938.42 | $ - |
| 33 | 3723 W 68th Place | $ 952.34 | | | $ 952.34 | $ - |
| 35 | 61 E 92nd Street | $ 938.05 | | | $ 938.05 | $ - |
| 40 | 7953 S Woodlawn Avenue | $ 961.01 | | | $ 961.01 | $ - |
| 47 | 5437 S Laflin Street | $ 1,163.81 | | | $ 1,163.81 | $ - |
| 49 | 7300-04 S St Lawrence Avenue | $ 1,168.05 | $ 233.61 | | | $ 934.44 |
| 50 | 7760 S Coles Avenue | $ 1,167.33 | $ 233.47 | | | $ 933.86 |
| 51 | 1401 W 109th Place | $ 1,286.70 | $ 257.34 | | | $ 1,029.36 |
| 52 | 310 E 50th Street | $ 1,058.12 | $ 211.62 | | | $ 846.50 |
| 53 | 6807 S Indiana Avenue | $ 1,320.54 | $ 264.11 | | | $ 1,056.43 |
| 54 | 8000-02 S Justine Street | $ 988.72 | $ 197.74 | | | $ 790.98 |
| 55 | 8107-09 S Ellis Avenue | $ 965.37 | $ 193.07 | | | $ 772.30 |
| 56 | 8209 S Ellis Avenue | $ 1,726.38 | $ 345.28 | | | $ 1,381.10 |
| 57 | 8214-16 S Ingleside Avenue | $ 981.53 | $ 196.31 | | | $ 785.22 |
| 58 | 5955 S Sacramento Avenue | $ 734.92 | $ 146.98 | | | $ 587.94 |
| 59 | 6001-05 S Sacramento Avenue | $ 838.42 | $ 167.68 | | | $ 670.74 |
| 60 | 7026-42 S Cornell Avenue | $ 1,281.87 | $ 256.37 | | | $ 1,025.50 |

| Prop # | Property Address | Approved Allocations Apps 14-16 | 20% Holdback Fee Apps 14-16 | Additional Holdback (FHFA) | Less Previously Resolved Properties | Amount Approved for Interim Payment Fee Apps 14-16 |
|---|---|---|---|---|---|---|
| 61 | 7237-43 S Bennett Avenue | $ 1,403.19 | $ 280.64 | | | $ 1,122.55 |
| 62 | 7834-44 S Ellis Avenue | $ 1,925.32 | $ 385.06 | | | $ 1,540.26 |
| 63 | 4520-26 S Drexel Boulevard | $ 4,617.14 | $ 923.43 | | | $ 3,693.71 |
| 64 | 4611-17 S Drexel Boulevard | $ 4,783.17 | $ 956.63 | | | $ 3,826.54 |
| 67 | 1131-41 E 79th Place | $ 1,515.38 | $ 303.08 | $ 1,212.30 | | $ - |
| 68 | 6217-27 S Dorchester Avenue | $ 2,411.90 | $ 482.38 | | | $ 1,929.52 |
| 69 | 6250 S Mozart Street | $ 1,598.51 | $ 319.70 | | | $ 1,278.81 |
| 70 | 638-40 N Avers Avenue | $ 3,682.04 | $ 736.41 | | | $ 2,945.63 |
| 71 | 701-13 S 5th Avenue | $ 1,340.19 | $ 268.04 | | | $ 1,072.15 |
| 72 | 7024-32 S Paxton Avenue | $ 1,939.49 | $ 387.90 | $ 1,551.59 | | $ - |
| 73 | 7255-57 S Euclid Avenue | $ 1,538.37 | $ 307.67 | | | $ 1,230.70 |
| 74 | 3074 E Cheltenham Place | $ 42,427.65 | $ 8,485.53 | | | $ 33,942.12 |
| 75 | 7625-33 S East End Avenue | $ 41,722.60 | $ 8,344.52 | | | $ 33,378.08 |
| 76 | 7635-43 S East End Avenue | $ 42,210.47 | $ 8,442.09 | | | $ 33,768.38 |
| 77 | 7750-58 S Muskegon Avenue | $ 42,035.51 | $ 8,407.10 | | | $ 33,628.41 |
| 78 | 7201 S Constance Avenue | $ 42,001.03 | $ 8,400.21 | | | $ 33,600.82 |
| 79 | 6160-6212 S Martin Luther King Drive | $ 1,654.67 | $ 330.93 | | | $ 1,323.74 |
| 80 | 2736-44 W 64th Street | $ 1,064.76 | $ 212.95 | | | $ 851.81 |
| 81 | 4315-19 S Michigan Avenue | $ 1,284.00 | $ 256.80 | | | $ 1,027.20 |
| 82 | 6355-59 S Talman Avenue | $ 1,230.78 | $ 246.16 | | | $ 984.62 |
| 83 | 6356 S California Avenue | $ 956.26 | $ 191.25 | | | $ 765.01 |
| 84 | 7051 S Bennett Avenue | $ 1,957.70 | $ 391.54 | | | $ 1,566.16 |
| 85 | 7201-07 S Dorchester Avenue | $ 1,000.57 | $ 200.11 | | | $ 800.46 |
| 86 | 7442-54 S Calumet Avenue | $ 1,029.31 | $ 205.86 | | | $ 823.45 |
| 87 | 7508 S Essex Avenue | $ 1,475.27 | $ 295.05 | | | $ 1,180.22 |
| 88 | 7546-48 S Saginaw Avenue | $ 1,077.84 | $ 215.57 | | | $ 862.27 |
| 89 | 7600-10 S Kingston Avenue | $ 6,227.75 | $ 1,245.55 | | | $ 4,982.20 |
| 90 | 7656-58 S Kingston Avenue | $ 5,165.80 | $ 1,033.16 | | | $ 4,132.64 |
| 91 | 7701-03 S Essex Avenue | $ 899.87 | $ 179.97 | | | $ 719.90 |
| 92 | 7748-52 S Essex Avenue | $ 5,954.91 | $ 1,190.98 | | | $ 4,763.93 |
| 93 | 7957-59 S Marquette Road | $ 664.13 | $ 132.83 | | | $ 531.30 |
| 94 | 816-22 E Marquette Road | $ 1,062.01 | $ 212.40 | | | $ 849.61 |
| 95 | 8201 S Kingston Avenue | $ 771.01 | $ 154.20 | | | $ 616.81 |
| 96-99 | 8326-58 S Ellis Avenue | $ 2,731.79 | $ 546.36 | | | $ 2,185.43 |

| Prop # | Property Address | Approved Allocations Apps 14-16 | 20% Holdback Fee Apps 14-16 | Additional Holdback (FHFA) | Less Previously Resolved Properties | Amount Approved for Interim Payment Fee Apps 14-16 |
|---|---|---|---|---|---|---|
| 100 | 11117-11119 S Longwood Drive | $ 1,968.76 | $ 393.75 | | | $ 1,575.01 |
| 101 | 6949-59 S Merrill Avenue | $ 6,057.79 | $ 1,211.56 | | | $ 4,846.23 |
| 102-106 | 7927-49 S Essex Avenue | $ 1,460.30 | $ 292.06 | | | $ 1,168.24 |
| 107 | 1422-24 East 68th Street | $ 751.29 | $ 150.26 | | | $ 601.03 |
| 108 | 2800-06 E 81st Street | $ 732.55 | $ 146.51 | | | $ 586.04 |
| 109 | 4750-52 S Indiana Avenue | $ 935.63 | $ 187.13 | | | $ 748.50 |
| 110 | 5618-20 S Martin Luther King Drive | $ 1,067.90 | $ 213.58 | | | $ 854.32 |
| 111 | 6554-58 S Vernon Avenue | $ 884.60 | $ 176.92 | | | $ 707.68 |
| 112 | 7450 S Luella Avenue | $ 529.85 | $ 105.97 | | | $ 423.88 |
| 113 | 7840-42 S Yates Avenue | $ 627.31 | $ 125.46 | | | $ 501.85 |
| 115 | 431 E 42nd Place | $ 334.55 | $ 66.91 | | | $ 267.64 |
| 116 | 1102 Bingham (Houston, TX) | $ 3,605.85 | $ 721.17 | | | $ 2,884.68 |
| Total | | $ 366,318.55 | $ 71,905.90 | $ 2,763.89 | $ 6,788.86 | $ 284,859.90 |
| Total Held Back | | | | $ 74,669.79 | | |