1

```
1              UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF ILLINOIS
2                     EASTERN DIVISION

3    UNITED STATES SECURITIES AND      )
     EXCHANGE COMMISSION, et al.,      )
4                                      )
                    Plaintiffs,        )
5                                      )
          vs.                          )  No. 18 C 5587
6                                      )
     EQUITYBUILD, INC.,                )
7    EQUITYBUILD FINANCE, L.L.C.,      )
     JEROME H. COHEN, SHAUN D. COHEN,  )
8    and CITIBANK, N.A., as Trustee,   )  Chicago, Illinois
                                       )  November 16, 2023
9                   Defendants.        )  11:06 o'clock a.m.

10
                     TRANSCRIPT OF PROCEEDINGS -
11                        Status Hearing
                 BEFORE THE HONORABLE MANISH S. SHAH
12

13   APPEARANCES:

14   For Plaintiff SEC:      U.S. SECURITIES AND EXCHANGE
                             COMMISSION
15                           BY:  MR. BENJAMIN J. HANAUER
                             175 West Jackson Boulevard, Suite 1450
16                           Chicago, Illinois  60604
                             (312) 353-8642
17

18   For FHFA:               ARNOLD & PORTER KAYE SCHOLER, L.L.P.
                             BY:  MR. DANIEL E. RAYMOND
19                           70 West Madison Street, Suite 4200
                             Chicago, Illinois  60602-4231
20                           (312) 583-2379

21                           ARNOLD & PORTER KAYE SCHOLER, L.L.P.
                             BY:  MR. MICHAEL A.F. JOHNSON
22                           601 Massachusetts Avenue, N.W.
                             Washington, D.C.  20001
23                           (202) 942-5000

24

25
```

```
 1    APPEARANCES (Continued):

 2

 3    For Certain Trustees      FOLEY & LARDNER, L.L.P.
      U.S. Bank, Fannie Mae,    BY:  MR. ANDREW T. McCLAIN
 4    Citibank, Wilimington     321 North Clark Street, Suite 3000
      Trust, and Creditor       Chicago, Illinois  60654
 5    SABAL TL1:                (312) 832-5397

 6

 7    For Certain Trustees      DICKINSON WRIGHT, P.L.L.C.
      Citibank, Thorofare,      BY:  MR. RONALD A. DAMASHEK
      and Liberty Federal:      55 West Monroe Street, Suite 1200
 8                              Chicago, Illinois  60603
                                (312) 641-0060
 9

10    For Thorofare, BC57,      DYKEMA GOSSETT, P.L.L.C.
      DLP, Midland, and Other   BY:  MR. BRETT J. NATARELLI
11    Institutional Lenders:    10 South Wacker Drive, Suite 2300
                                Chicago, Illinois  60606
12                              (312) 876-1700

13

14    For Midland Loan Srvs.:   AKERMAN, L.L.P.
                                BY:  MR. THOMAS B. FULLERTON
                                71 South Wacker Drive, 46th Floor
15                              Chicago, Illinois  60606
                                (312) 634-5700
16

17    For Colony American       STINSON, L.L.P.
      Finance, Midland Loan     BY:  MR. BRADLEY S. ANDERSON
18    Services, BMO Harris      1201 Walnut Street, Suite 2900
      Bank, N.A.:               Kansas City, Missouri  64106
19                              (816) 691-3119

20

21    For Direct Lending        BRYAN CAVE LEIGHTON PAISNER, L.L.P.
      Partner, L.L.C.:          BY:  MR. WILLIAM S. HACKNEY
                                     MS. BRIGID K. NDEGE
22                              161 North Clark Street, Suite 4300
                                Chicago, Illinois  60601
23                              (312) 602-5104

24

25
```

3

```
 1    APPEARANCES (Continued):

 2

 3    For Certain Individual    TOTTIS LAW
      Investors:               BY:  MR. MAX A. STEIN
 4                             401 North Michigan Avenue, Suite 530
                               Chicago, Illinois  60611
 5                             (312) 527-1448

 6

 7    For Shatar Capital, Inc.,CHERNY LAW OFFICES, P.C.
      1111 Crest Dr., LLC,     BY:  MR. WILLIAM D. CHERNY
      Pakravan Living Trust,   111 East Jefferson Avenue
 8    Hamid Ismail and         Naperville, Illinois  60540
      Farsaa, Inc.:            (630) 219-4381

 9

10

11    For the Receiver:        RACHLIS DUFF & PEEL, L.L.C.
                               BY:  MR. MICHAEL RACHLIS
12                                  MS. JODI ROSEN WINE
                                    MR. KEVIN B. DUFF
13                             542 South Dearborn Street, Suite 900
                               Chicago, Illinois  60605
14                             (312) 733-3950

15

16    Also Present (by phone): MS. SUSAN KALISIAK,
                               an unrepresented claimant

17

18

19

20

21

22

23              COLLEEN M. CONWAY, CSR, RMR, CRR
                    Official Court Reporter
24          219 South Dearborn Street, Room 1918
                  Chicago, Illinois  60604
25                     (312) 435-5594
              colleen_conway@ilnd.uscourts.gov
```

**4**

1    (Proceedings available by phone/heard in open court:)

2    THE CLERK:  18 CR 5587, United States Securities And

3    Exchange Commission versus EquityBuild.

4    THE COURT:  Good morning, everyone.

5    We've made note of counsel's appearances, and so we

6    won't take attendance on the record this moment.  But we have a

7    record of everyone who is appearing.

8    My agenda this morning is to talk about the Group 3

9    distribution order, Group 2 issues, and wrapping up discovery

10    with respect to Group 2, if necessary.

11    Then the framing reports for Groups 4 and 5.  The

12    receiver's twenty-first fee application.  The status of any

13    appeals and any settlement efforts with FHFA.

14    Then I'll open it up for other issues that people

15    want to raise.  There are a few -- at least two unrepresented

16    claimants who wanted to be heard this morning, and we'll give

17    an opportunity for them to be heard at the end.  And then I'll

18    go around the room one final time to see if there are any other

19    issues people want to raise.

20    So let me just barrel ahead.

21    On Group 3, I have the proposed distribution order.

22    As I am reviewing it, it, in a sense, is anticipating approval

23    of the twenty-first fee application as it relates to the Group

24    3 properties because there is no history of any objections to

25    the fee allocations under Group 3.  And it also releases

1    anything that had previously been held back from earlier fee
2    applications as it relates to Group 3.
3              That is all appropriate in my view.  I think Group 3
4    is a group that has resolved all of the issues that it
5    presented, and it's now ready for distribution.  All of the
6    objections have been resolved.
7              I don't see anything that suggests to me that any
8    error or unreasonable allocation has been made by the receiver
9    with respect to the Group 3 that would justify the continued
10   20% holdback as it relates to Group 3.
11             So it's my intention to approve that order and get it
12   entered.  One question I have is, is this actually the first
13   time that money will be going out to claimants in this case?
14        (Counsel nod.)
15             MR. RACHLIS:  Well, not exactly.  There were others
16   that were resolved pursuant to, you know, settlement or other
17   resolution, so -- but in terms of, like, looking at a whole
18   group, the answer is yes.
19             THE COURT:  It is a long time coming, but I think it
20   is a sign of all of the time and effort and work in building
21   these processes, finally coming to some fruition.  So I think
22   it is a positive development in the history of the receivership
23   that we can close out a group.
24             And so I will -- the proposed order had been attached
25   to the notice, but I don't think I received it electronically

1    yet.

2           MR. RACHLIS:  Your Honor, in looking at the order,

3    there may be one issue that was spotted associated with

4    holdbacks.  And so if we could submit that to Your Honor this

5    afternoon for purposes of entry, that would be great.

6           THE COURT:  That's fine.

7           MS. WINE:  Thank you.

8           THE COURT:  Group 2.  As I have read the filings,

9    only Shatar, S-h-a-t-a-r, and Direct Lending are the only

10   claimants at issue with respect to the argument for avoiding

11   fraudulent transfers and the only claimants seeking discovery.

12   But any discovery that those claimants are seeking is related

13   to the fraudulent transfer avoidance issue.

14          Let me ask -- first, I'll start with the receiver.

15   Is that your sense of the lay of the land with Group 2?

16          MR. RACHLIS:  Yes.

17          THE COURT:  Do we have counsel for Direct Lending

18   here?

19       (Counsel approaches.)

20          MR. HACKNEY:  Good morning, Your Honor.  William

21   Hackney on behalf of Direct Lending Partner.

22          THE COURT:  Do I have the lay of the land correct

23   from your perspective?

24          MR. HACKNEY:  You do, Your Honor.

25          THE COURT:  And do we have counsel for Shatar?

1    MR. CHERNY:  Good morning, Your Honor.  Bill Cherny

2  on behalf of Shatar.

3    THE COURT:  And also, you concur with that -- that's

4  the posture with respect to your claim?

5    It's limited -- your issue for discovery is related

6  to the fraudulent transfer issues.

7    MR. CHERNY:  That's correct, Your Honor.

8    THE COURT:  And, Mr. Hackney, why don't you stay up

9  at the lectern.

10    The receiver points out that that may not be

11  necessary depending on how I resolve the priority issues.

12    And when we did Group 1, that is how it shook out.  I

13  don't know how it will shake out with respect to Group 2.  But

14  it seems to me that it's in everyone's interest to not spend

15  time and money on issues until we absolutely are certain that

16  we need to spend time and money on those issues, particularly

17  the receiver's time, because we are all paying for the

18  receiver's time.

19    And so I tend to think it's a good idea to not press

20  forward on the fraudulent transfer debates until we know for

21  sure that we need to.

22    I am not so concerned that there is some loss of

23  information or witnesses or something that means we need to do

24  this discovery now as opposed to seeing if we really need to.

25    So let me get your views on that.  Mr. Hackney?

1    MR. HACKNEY:  I think that's correct, Your Honor.
2    We're fine with that.
3         We just wanted to make sure we filed something by the
4    dates that have been established, especially with the
5    potential, I believe, position papers which are due at the end
6    of November.  Again, we just wanted to make sure we have
7    something on file.
8         So if that's what the Court prefers, Direct Lending
9    is fine with that as well.
10        THE COURT:  Mr. Cherny?
11        MR. CHERNY:  I am fine with that as well, Your Honor.
12        THE COURT:  So I am -- I'll just enter and continue
13   the motions for further discovery.  They don't need to be
14   briefed now, or we don't need to address whether there will be
15   any further discovery until I resolve the Group 2 issues, the
16   priority issues, which will be fully briefed by January 20th.
17        Do I have that schedule right?
18        MR. RACHLIS:  Actually, I think it's January 10th, I
19   thought, Your Honor.
20        Oh, we have -- my recollection is that position
21   statements from claimants and the SEC, if any are going to be
22   filed, are due November 29th.  The receiver will submit his
23   position statement on December 20th.  And then January 10th
24   would be the last -- called a reply, if you will, to that
25   before Your Honor on the current schedule.

1    THE COURT:  Okay.  That's fine.  I don't see any

2    reason to change that schedule, so we'll keep that in place.

3    And that will then fully brief the priority disputes as to

4    Group 2.  I will appreciate everyone's patience as I then take

5    those fully-briefed issues and will resolve them when I can.

6    And then if that means that we have to get to

7    fraudulent conveyances, we will reconvene and we'll talk about

8    how to most cost-effectively and efficiently get to the bottom

9    of any factual disputes.

10    The goal here has always been to be as abbreviated as

11    possible and accept the fact that information about what really

12    happened in some of these transactions is going to be bereft of

13    detail.  And we're going to have to live with that as a

14    balancing of getting to the bottom as best we can of what

15    happened, getting distributions done.

16    But perfect information is just not going to be an

17    option when I balance all of that.  But we'll talk about what

18    the claimants feel is necessary and appropriate when we get to

19    it.

20    MR. HACKNEY:  Okay, Your Honor.

21    MR. CHERNY:  Thank you.

22    THE COURT:  Thank you.

23    MR. HACKNEY:  Thank you.

24    (Counsel returns.)

25    THE COURT:  The framing report for Groups 4 and 5.

1  The proposal would be to commence the informal

2  discovery period by the end of this month.  That will take us

3  into February.  And then a round of briefing, much like we've

4  done with Groups 1 and 2.  That puts -- the proposal would be

5  to put that out, with the briefs being completed, by the end of

6  February 2024 for both of those groups.

7  Let me -- I guess I'll ask, are there represented

8  parties with claims on Groups 4 and 5 that have any issue with

9  that proposed schedule?

10  MR. NATARELLI:  Your Honor, this is Brett Natarelli

11  on behalf of the institutional lenders in Group 5.

12  We were going to request just moving the February 8th

13  proposed date, which is the deadline for requesting additional

14  discovery, to extend that to February 15.

15  That shouldn't change any of the other dates or

16  otherwise delay the schedule.  But just because there's

17  informal discovery as opposed to a full-blown time period,

18  having a little more time to take stock of any avoidance filing

19  by the receiver would be appreciated.

20  MR. STEIN:  And, Your Honor, Max Stein on behalf of

21  certain individual investors.

22  We actually independently had the same idea, so

23  support that suggestion.

24  THE COURT:  With respect to Group 5 or Group 4?

25  MR. STEIN:  I have claimants in both, but I'm

1  speaking now for Group 5 where there are institutional lenders.

2  My understanding is for Group 4, it's more like Group

3  3.

4  THE COURT:  Very good.

5  And I don't -- does the receiver have any issue with

6  giving them, those claimants, a little additional time to

7  decide whether they're going to need additional discovery or

8  not?

9  MR. RACHLIS:  No, Your Honor.

10  THE COURT:  So for Group 5, then, that deadline will

11  be moved from February 8 to February 15.

12  As you sit here today, on behalf of the receiver in

13  Groups -- let's start with Group 4, are you anticipating

14  fraudulent transfer issues?

15  MR. RACHLIS:  Without prejudicing our ability to

16  raise that issue later, I believe the answer is no.

17  THE COURT:  And is it your prediction that Group 4 is

18  more like Group 3 than the others?

19  MR. RACHLIS:  Yes.

20  THE COURT:  And then Group 5, more like Group 2?

21  MR. RACHLIS:  Group 5 may be more like Group 2.

22  THE COURT:  Okay.  Well, I will adopt, with that one

23  modification, the order regarding summary proceedings for

24  Groups 4 and 5.

25  Then let me -- let's talk about the receiver's

1    twenty-first fee application.

2              Has the SEC had an opportunity to review the

3    twenty-first fee application by the receiver?

4              MR. HANAUER:  Yes, Your Honor.

5              The SEC has reviewed the application, reviewed the

6    bills.  The SEC approves the application and the bills.  And I

7    can confirm that the application substantially comports with

8    our billing guidelines.

9              THE COURT:  Then I won't ask the SEC to file any

10   position statement or a response on the receiver's twenty-first

11   fee application.

12             We should set a deadline for objections.  Has there

13   been any conference about a schedule for that?

14             I guess I'll start with the receiver to see if

15   there's been communication about it.

16             MR. RACHLIS:  Not that I'm aware of, Your Honor.

17             THE COURT:  On behalf of the institutional lenders,

18   do you want a deadline to file something?

19             MR. NATARELLI:  Yes, Your Honor.  We were going to

20   request December 8th.

21             THE COURT:  That's fine.  December 8th for any

22   objections to the receiver's twenty-first fee application.

23             As you sit here, do you think it's going to be

24   similar to the other briefs on the issue of the receiver's

25   fees?

1       And I am asking only to decide whether I ought to set

2   a reply deadline for the receiver.  Or if it's going to be a

3   lot of similar issues, then maybe I don't need a reply.  But I

4   want to give you the opportunity to preserve your position and

5   objections.

6       I don't know if you have had enough time to look at

7   all of the line items yet.

8       MR. NATARELLI:  No, Your Honor.  I -- sitting here, I

9   don't know that there will be new categories.  But there

10  usually are one or two issues that are distinct or different in

11  some way, understanding there are often similarities as well,

12  so -- but I just don't know yet.

13      THE COURT:  I am going to hold off on a reply from

14  the receiver.  Let me take a look at the objections.  And if I

15  think I need a reply, I'll let you know.

16      MR. RACHLIS:  All right.  That's fine, Your Honor.

17      THE COURT:  Again, all in an effort to save expenses

18  here.  I am really trying to not have the receiver's fees

19  increasing because the receiver is litigating fees.

20      So I will go through the spreadsheets and I will go

21  through the objections, and I will decide if I need a reply or

22  not.

23      Okay.  So then any status on pending appeals that can

24  be reported to me?

25      MR. RACHLIS:  Yes.

1    THE COURT:  I'll turn to the receiver for that.

2    MR. RACHLIS:  Yes, Your Honor.

3    In the pending appeal associated with Group 1 --

4    23-1870 is that appeal number -- an oral argument date has been

5    set by the Seventh Circuit just a few days ago, which is

6    January 22nd at 9:30.

7    THE COURT:  And then on the other appeal?

8    MR. RACHLIS:  On the FHFA side, there has been --

9    pursuant to discussions among the parties, that Your Honor is

10   aware that those have been ongoing, those have been making some

11   significant progress.

12   There was a joint motion filed on those appeals, to

13   stay them while the parties continue to work towards a possible

14   recommendation to the Court for resolution on those

15   FHFA-related properties.

16   THE COURT:  Thank you for that update.

17   Then I am not going to ask any more about the

18   settlement front on the FHFA properties.  It sounds like that's

19   in your hands, and I don't need to get any more information

20   about that than what you've already told me.  And if you need

21   my assistance, you know how to find me, and you can --

22   MR. RACHLIS:  I think, Your Honor, that's fine.  We

23   may need -- I think it's very positive.  I think likely.

24   We are making progress, but we will definitely --

25   there's a good possibility we may need and want to be in front

1    of Your Honor to continue one of those off-the-record

2    settlement discussions.

3           So it's good that -- I appreciate the invitation,

4    because we might take you up on it, basically.

5           THE COURT:  That's fine.  That's what I am here for.

6           Let me now -- let me just ask the receiver, are there

7    any other issues or updates you want to give me this morning?

8           MR. RACHLIS:  I don't believe so, but let me check

9    with others to --

10       (Counsel conferring.)

11          MR. RACHLIS:  So there is one update in regards to

12    what is a property in Group 6, and that is property No. 107

13    where there has been an agreement reached among various parties

14    associated with -- various claimants in that regard.

15          So there will be some filing associated with that.  I

16    don't know -- I won't say imminent but soon in regards to that

17    one property.

18          THE COURT:  Thank you.

19          Mr. Marcus had asked for an opportunity to be heard,

20    and Ms. Kalisiak asked for an opportunity to be heard.  We

21    endeavored to make arrangements for them to appear by phone.

22    We've been unable to get in touch with Mr. Marcus.

23          But I understand that Ms. Kalisiak may still be on

24    the line, and so I will open up the line for Ms. Kalisiak.

25          Ms. Kalisiak, can you hear me?

1        MS. KALISIAK:  Yes, sir.  Yes, sir.  Thank you for --

2        THE COURT:  Can you --

3        MS. KALISIAK:  -- hearing us today or giving us an

4   opportunity.  I appreciate the work and efforts that you have

5   been making on this.

6        Unfortunately, I am in tranches 1 and 2 and 4 and

7   probably some others, but not one of the ones that received a

8   payout, I guess, as I understand tranche 3 with maybe finally

9   getting some -- a payout soon.

10       I think you said it best in your own words a short

11  minute ago when you said it's been a long time coming, so --

12  and I do appreciate that you're trying to conserve as much of

13  our resources and expenses and make it as cost-effective as

14  possible.

15       Unfortunately, I was also part of the STX Voyager

16  thing in a completely different case.  But we've already

17  received a payout, like a third of what we're due.  I think

18  there's like another third of what we lost in that.

19       So, you know, I guess that's all I have to say today.

20  It's continuing -- this -- you know, it's been going on for

21  five years.  It's continuing to have an -- this Ponzi scheme is

22  continuing to have an impact on our daily lives.  But we

23  appreciate the efforts that you and the receiver are making in

24  trying to bring this to justice.

25       THE COURT:  Thank you.  Could you just state your

1    name for the record, please?

2            MS. KALISIAK:  Yes, sir.  Susan Kalisiak.

3            THE COURT:  Thank you.  Thank you for calling in.

4            And I imagine your views are likely shared by others

5    that it is a long time to wait.  You have -- the payouts

6    haven't happened for many of the claimants --

7            MS. KALISIAK:  It is.

8            THE COURT:  -- yet.  And they are not going to be

9    satisfactory.  There is not enough money to go around to

10   compensate everyone for the losses here.

11           So I appreciate your sentiments on that front as

12   well.  Thank you for calling in.

13           Let me now just go around the room and find out if

14   there are any other issues that anyone wants to report to me.

15           Let me start with the SEC.  Anything on the SEC's

16   agenda?

17           MR. HANAUER:  No.  Thank you, Your Honor.

18           THE COURT:  Mr. Stein, anything on your agenda for

19   your clients?

20           MR. STEIN:  No, Your Honor.  Thank you.

21           THE COURT:  And then I'll turn to other counsel

22   present, if anyone would like to be heard.

23       (Counsel nod.)

24           THE COURT:  Everyone is shaking their heads no, so

25   that will be that.

1       We have schedules in place.  We have proposed orders

2   that need to be tweaked and finalized and then emailed to me,

3   and we'll get those entered.

4       I think we should find a date at the -- I am pausing

5   because, as I look at my 2024 calendar, it's full of trials.

6       So I am alerting everyone in this room to what looks

7   to be where I will be occupied for lots of time in 2024.  But I

8   will also say that's what the calendar always looks like at the

9   end of the year, about what the next year holds.  But things

10  often change.  I think --

11          MR. RACHLIS:  Your Honor, may I offer one suggestion?

12          THE COURT:  Yes.

13          MR. RACHLIS:  Because we have Groups 4 and 5 that

14  will be initiated shortly, and we had indicated that our

15  position statements would be out February 1st and then there

16  was going to be this -- at least for Group 5, the February 15th

17  date for identification of additional discovery, would some

18  status date perhaps after that, in the latter part of February,

19  the week of the 19th, be a good one?

20          I know I have a trial scheduled --

21          THE COURT:  Understood.  That is, in fact, what I was

22  looking for, was after -- similar to how we have staged today's

23  hearing, which is after the notice of --

24          MR. RACHLIS:  Right.

25          THE COURT:  -- discovery issues on the groups, that

1   we would reconvene.

2          I think we can do something -- let's try the last

3   week of February.  Actually, let's try Friday, March 1st.

4          Would that work for the receiver?

5          MR. RACHLIS:  One of our team will be gone that day.

6          Would the 29th be -- well, the 29th, we have items

7   that are due, but --

8          THE COURT:  So if you can manage --

9          MR. RACHLIS:  I --

10         THE COURT:  -- let's try Friday, the 1st.

11         MR. RACHLIS:  Yes, Your Honor.

12         THE COURT:  And we would do that at 11:00 a.m.

13         MR. RACHLIS:  That's fine.

14         THE COURT:  Any counsel for interested claimants have

15   any strong issue with that, that date or time?

16      (Counsel nod.)

17         THE COURT:  People are shaking their heads no, so

18   that's fine.  Thank you.  I appreciate that.

19         As that date approaches, if something happens and I

20   need to make an adjustment, I'll try to give everyone as much

21   notice as possible if I have to change that.  But I know there

22   are a lot of people's schedules that are in play whenever we

23   try to convene a hearing, and I appreciate the effort that that

24   takes.

25         So let's try Friday, March 1st at 11:00 a.m. for our

20

1    next status.

2         You can contact me if you need my help on settlement

3    efforts.  And I will encourage everyone to keep doing the work

4    that you're doing as cost-effectively as you can, please.

5         Thank you.

6         MR. RACHLIS:  Thank you, Your Honor.

7    (Proceedings concluded.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1              C E R T I F I C A T E

2

3

4

5          I, Colleen M. Conway, do hereby certify that the

6    foregoing is a complete, true, and accurate transcript of the

7    Status Hearing proceedings had in the above-entitled case

8    before the HONORABLE MANISH S. SHAH, one of the Judges of said

9    Court, at Chicago, Illinois, on November 16, 2023.

10

11

12        */s/ Colleen M. Conway, CSR, RMR, CRR*        *12/01/2023*

13              Official Court Reporter                Date
              United States District Court
14            Northern District of Illinois
                  Eastern Division
15

16

17

18

19

20

21

22

23

24

25