**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,    )<br>)<br>Plaintiff,    )<br>)<br>v.    )<br>)<br>EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, AND SHAUN D. COHEN,    )<br>)<br>Defendants.    ) | Civil Action No. 18-cv-5587<br><br>Hon. Manish S. Shah |

**OPPOSITION OF CERTAIN INDIVIDUAL INVESTORS TO**
**CLAIMANT SHATAR'S MOTION FOR STAY PENDING APPEAL**

The undersigned Group 2 Investor-Lenders (collectively, the "Certain Investor-Lenders"), by and through their undersigned counsel, oppose Claimant Shatar Capital Partners' Motion for Stay Pending Appeal [Doc. 1710 (the "Stay Motion")] filed by Claimant Shatar Capital Partners' ("Shatar").

**INTRODUCTION**

Now in its 7th calendar year, this Receivership has seen proceeds from the Receiver's significant efforts to marshal and preserve assets being distributed to the victims of the illegal scheme orchestrated by the Cohens, allowing those victims to finally recover some of their losses. Rather than allow that to continue, however, Shatar—whose own failures to take reasonable steps to protect itself [*see, e.g.*, Doc. 1679, pp. 30-37] resulted in it making a loan to the Cohens that enabled them to continue their scheme—seeks to stay the distribution of those funds. In this, Shatar continues the strategy the Institutional Lenders have employed from the start to delay this equitable receivership. Indeed, Shatar's Stay Motion is very much like a similar motion filed by the same

counsel regarding the Group 1 priority determinations.[1] Shatar does this, though, without acknowledging a key difference between the two motions: namely that the Seventh Circuit has ruled on the Group 1 priority decision and affirmed the Court's decisions. While the facts are different, those differences are unlikely to change the outcome (indeed, if anything, the facts related to Shatar make its likelihood of success on appeal even lower). This means that the Seventh Circuit's ruling on the Group 1 priority decision only further demonstrates that Shatar's appeal is not likely to succeed, and is little more than a needless delay. Because Shatar cannot satisfy the factors to obtain the stay it seeks, the Court should reject this latest instance of an Institutional Lender attempting to delay the inevitable, thereby further harming the victims of the EquityBuild scheme, and, instead, allow the investor lenders to be compensated for the harms they suffered without further delay.

## ARGUMENT

## I. SHATAR CANNOT SATISFY THE ELEMENTS FOR OBTAINING THE STAY IT SEEKS.

Shatar cannot satisfy the elements necessary to obtain the stay it seeks. As Shathar correctly notes, to obtain a stay it must show "that it has a significant probability of success on the merits; that it will face irreparable harm absent a stay; and that a stay will not injure the opposing party and will be in the public interest." [Doc. 1710, p. 3 (quoting *Hinrichs v. Bosma*, 440 F.3d 393, 396 (7th Cir. 2006)]. Importantly, parties seeking to satisfy these factors "have threshold burdens to demonstrate the first two factors" and "[i]f the movant does not make the requisite showings on either of these two factors, the court's inquiry into the balance of harms is unnecessary, and the

---

[1] While discussing the different factual bases for the Court's priority decisions, the two stay motions [Doc. 1455 and 1710] generally cite the same authorities and present the same legal arguments. Not surprisingly, then, this Opposition also tracks the Opposition presented to the prior motion [Doc. 1473].

stay should be denied without further analysis." *In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1301 (7th Cir. 1987). While Shatar cites to *In re A&F Enterprises, Inc. II* in hopes of lessening its burden, the *In re A&F Enterprises* opinion relies on *In re Forty-Eight Insulations* and does nothing to change the latter's clear holding regarding the import of showing both a significant probability of success on the merits and irreparable harm. *In re A&F Enters., Inc. II*, 742 F.3d at 766.

As shown below, Shatar cannot satisfy either of the threshold factors, nor can it satisfy the remaining elements. Accordingly, the Court should deny its request for a stay.

A.    **Shatar's Claimed "Significant Probability of Success" Fails—Again.**

Trying to show that it is likely to succeed on the merits of its appeal, Shatar rehashes the arguments it has already presented to the Court and that the Court has already rejected. [Doc. 1710, pp. 4-11]. Thus, the arguments previously presented in the claims process by the Certain Individual Investors remain valid and, rather than repeating them here, they are incorporated by reference. [*See* Docs. 1561, 1581]. By offering nothing new, Shatar's arguments once again fail for the reasons already fully considered and discussed by the Court in its Memorandum Opinion and Order. [Doc. 1679]. Thus, Shatar's new presentation of rejected arguments does nothing to change their substance or to show that it has a significant probability of success on appeal—especially in light of the fact that the Seventh Circuit will also be applying the law to a similar set of facts, and so will also likely yield a similar result. [*See, e.g.*, Doc. 1679, p. 20, n.11 (noting that "applying the law to a similar set of facts will garner a similar result"].

In its resolution of the Group 1 appeal, the Seventh Circuit has already rejected many of the arguments that Shatar will make. Accordingly, Shatar's Stay Motion should be judged with additional skepticism. Indeed, "in the context of a stay pending appeal, where the applicant's arguments have already been evaluated on the success scale, the applicant must make a stronger threshold showing of likelihood of success to meet his burden" and must show "a substantial

3

showing of likelihood of success, not merely the possibility of success." *In re Forth-Eight Insulations, Inc.*, 115 F.3d at 1301 (citations omitted). Ordinarily, this refers to the district court's original ruling that is being appealed. Here, though, this applies all the more given that the appellate court has also weighed in. So, Shatar must show that it has a "significant probability of success on the merits" of showing that the Court erred in applying its broad equitable power. Shatar simply has not and cannot make such a showing.

> **B.** **Shatar Cannot Show That It Will Suffer Irreparable Harm.**

Shatar argues that it will suffer irreparable harm if its Stay Motion is not granted, arguing that recovering the money that is going to be distributed might be difficult in the event that its appeal is somehow successful. Those difficulties should not, on their own, satisfy this factor. As has been noted in regard to prior stay requests, the Seventh Circuit has defined irreparable harm as one where money is inadequate to repair the harm. *Orr v. Schicker*, 953 F.3d 490, 502 (7th Cir. 2020) (in the context of an injunction, irreparable harm defined as "harm that 'cannot be repaired' and for which money compensation is inadequate" (citing *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997)). Yet here, Shatar is focused only on money.

While Shatar quotes the Court in support of this concern [Doc. 1710, p. 13], it fails to acknowledge other comments from the Court that ring all the more true now. As the Court noted, "[u]nfortunatley for everyone in this receivership, the litigation tactics of a few participants insert uncertainty into the distributions." [Doc. 1508, p. 19]. Further, the Court noted: "The more everyone fights and delays distributions, the more fees the receiver earns. And the receiver will get that money to the detriment of the pot of money for everyone." [Doc. 1508, p. 19]. This has been shown all the more true since the Court's comments, both in the continued issues before this Court and the events in the Seventh Circuit, including the Institutional Lenders' efforts to obtain

rehearing *en banc* and a stay pending a Hail-Mary appeal to the United States Supreme Court seeking the certification of a question to the Illinois Supreme Court.

Shatar (like BC57 before it) also argues that if the stay is not granted and it wins its appeal, then it will be denied the benefit of the priority it claims its mortgage should have. [Doc. 1710, pp. 13-14; *see also* Doc. 1455, p. 9]. This tone-deaf argument again ignores that the reverse is also true: if the Stay Motion is granted, then the investor lenders (whose mortgages the Court has already ruled actually do have priority) will continue to be denied the benefit of that priority as they continue to wait to receive the Group 2 proceeds that the Court has already ruled they should receive.

**C.     Shatar's Claim That A Stay Will Not Injure Any The Parties Ignores Reality.**

While Shatar's failures on the first two factors means the Court need not reach the remaining factors, if it does, Shatar's arguments fare no better. As the Court was reminded in assessing BC57's similar Motion for Stay, EquityBuild's fraud significantly impacted lots of people who relied on the money they invested with EquityBuild to support their life. [Doc. 1479, pp. 2-3 (messages from Group 1 investors)]. Despite this, Shatar asserts "[a] stay will not injure any of the parties or claimants in this matter, including the Individual Investors." [Doc. 1710, p. 14]. The statements shared by the Receiver—to say nothing of the Court's knowledge of the realities of this Receivership—demonstrate this to be false. Indeed, it can hardly be disputed that, if a stay is entered, individuals who invested their retirement savings will continue to be without the portion of those funds that the Receiver has recovered. Similarly, as noted above, entry of a stay would effectively deny the investor lenders of the priority of their mortgages—a harm that Shatar recognizes when it might suffer it, but ignores when it might be suffered by others. These harms show that Shatar's suggestion that there would be no injuries if a stay is granted stretches credulity and shows that Shatar cannot satisfy the third factor it must satisfy to get the stay it seeks.

**D.     A Stay Is Not In The Public Interest.**

As the Court noted in resolving the similar motion for stay filed by BC57: "Ultimately, the public interest is in getting the distributions right. It's also possible that resolution of the [Group 1] appeal will happen before we get to other groups that might benefit from a ruling, and that might speed up the end of the receivership." [Doc. 1508, p. 19.] With the Seventh Circuit having ruled and having affirmed the Court's conclusions regarding Group 1, one would have hoped that Institutional Lenders like Shatar would see the writing on the wall and end their use of the litigation tactics designed only to insert uncertainty into the distributions. Sadly, that has not occurred. And so to force that, the Court should now, in the public interest, reject Shatar's request for a stay.

**CONCLUSION**

For the reasons set forth above, the Court should now reject Shatar's latest attempt to delay justice and allow the long-sought distribution of the Group 2 proceeds to happen.

Dated:  August 1, 2024

**KIRK ROAD INVESTMENTS, LLC
AND LMJ SALES, INC.,**

By:   /s/ *Jerome F. Crotty*

Jerome F. Crotty
Rieck and Crotty, P.C.
161 North Clark Street, Suite 2500
Chicago, Illinois 60601
312-726-4646
jcrotty@rieckcrotty.com

**WILLIAM H. AKINS;
PAUL S. APPLEFIELD, DDS 401K
    PLAN, QUESTTRUST FBO ROBIN
    APPLEFIELD ROTH IRA, AND
    QUESTTRUST FBO PAUL
    APPLEFIELD ROTH IRA;
THE BE COMPANY LITD. F/K/A
    BLUEBRIDGE PARTNERS LTD.;
ARTHUR AND DINAH BERTRAND;
BRIGHT VENTURE, LLC;
KARL R. DEKLOTZ;**

**PAT DESANTIS;**
**DISTRIBUTIVE MARKETING INC.;**
**EASTWEST FUNDING TRUST,**
  **MARGARET PALMS, TRUSTEE**
**JUILETTE FARR-BARKSDALE;**
**FRANCISCO FERNANDEZ;**
**GIRL CAT CAPITAL WEST LLC;**
**AMIT HAMMER;**
**ROBERT W. JENNINGS;**
**LEVENT KESEN;**
**LYNN KUPFER;**
**TOLU MAKINDE AND TMAKINDE,**
  **LLC;**
**JOSEPH MCCARTHY;**
**JILL MEEKCOMS;**
**R. D. MEREDITH GENERAL**
  **CONTRACTORS LLC AND R. D.**
  **MEREDITH GENERAL**
  **CONTRACTORS 401K, AND**
  **RICHARD D. MEREDITH;**
**MARK A. MILLER ATF DOMANSKIN**
  **REVOCABLE TRUST;**
**MARK MOUTY;**
**HARENDRA PAL;**
**PIONER VALLEY PROPERTIES LLC;**
**STEVEN ROCHE;**
**SOURCE ONE FUNDING, LLC;**
**MADISON TRUST COMPANY FOR**
  **BENEFIT OF KATHY TALMAN**
  **IRA AND CLEARWOOD FUNDING**
  **LLC;**
**STEVE WEERA TONASUT; AND**
**VISTEX PROPERTIES, LLC**

By: ___/s/ Max A. Stein_____
      One of their attorneys

Max A. Stein
TottisLaw
401 N. Michigan Ave., Suite 530
Chicago, IL 60611
(312) 527-1400
mstein@tottislaw.com