**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** ) ) ) ) | |
| Plaintiff, ) ) | Civil Action No. 18-cv-5587 |
| v. ) ) | Honorable Manish S. Shah |
| **EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,** ) ) ) ) | Magistrate Judge Young B. Kim |
| Defendants. ) ) | |

**MOTION TO WITHDRAW AVOIDANCE CLAIM INVOLVING GROUP 1 PROPERTIES AND APPROVE DISTRIBUTION TO BC57, LLC**

Kevin B. Duff, as receiver for the Estate of Defendants EquityBuild, Inc., EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen, hereby moves for approval of a negotiated agreement with BC57, LLC ("BC57") that includes, *inter alia*, BC57 withdrawing all objections and appeals with respect to all Group 1 properties and a distribution to BC57, LLC from the property account held for 7625 S East End, one of the five properties in claims Group 1. In support of his motion, the Receiver states as follows:

**A.    Procedural Background**

1.    Pursuant to the claims process ordered by the Court, priority disputes with respect to secured claims have been addressed in groups of properties. (Dkt. 941)  Group 1 consists of the following five properties (hereinafter the "Group 1 Properties"):

    a.    3074 Cheltenham Place (Property 74)

    b.    7625-33 S East End Avenue (Property 75)

    c. 7635-43 S East End Avenue (Property 76)

    d. 7750 S Muskegon Avenue (Property 77)

    e. 7201 S Constance Avenue (Property 78)

2. On January 17, 2022, the Receiver filed a Disclosure of his position that the security interest given by EquityBuild to BC57 LLC in the Group 1 Properties constituted a voidable fraudulent transfer under the Illinois Uniform Fraudulent Transfer Act, 740 ILCS 160 (hereinafter the Receiver's "Avoidance Claim"). (Dkt. 1118)

3. On March 14, 2022, following a period of discovery the Court granted with respect to the Avoidance Claim (Dkt. 1133, 1135), BC57 filed its response to the Avoidance Claim (Dkt. 1217), and on March 28, 2022, the Receiver filed his reply to the Avoidance Claim (Dkt. 1227).

4. On March 29, 2022, the SEC, Certain Investors, BC57, and the Receiver jointly filed a status report describing the unresolved issue of whether a hearing would be held on the Group 1 lien priority dispute and the Receiver's Avoidance Claim. (Dkt. 1229 ¶¶ 7-15) With respect to the latter, the joint status report stated:

> As for the Receiver's avoidance claim, the SEC takes no position on the merits of that claim or the need for a hearing. That said, the Receiver and BC57 appear to be in agreement the Receiver's avoidance claim only becomes outcome-determinative if BC57 prevails on its priority dispute with the investors. In other words, if the investor-lenders are found to have priority, the Receiver's avoidance claim becomes moot. For this reason, the SEC, Certain Investors, and the Receiver recommended that any hearing on the Receiver's avoidance claim, if necessary, takes place after the Court has resolved the priority dispute between the investors and BC57. BC57 does not object to this proposal. (Dkt. 1229 ¶ 11)

5. On April 22, 2022, the Court held a hearing at which BC57 argued in favor of an evidentiary hearing with respect to Group 1, and the Court took the matter under advisement and entered a minute order indicating that the Court would inform the parties if it believed that there was a genuine factual dispute requiring a hearing. (Dkt. 1241)

6. On February 15, 2023, the Court issued a Memorandum Opinion and Order on the Group 1 claims. (Dkt. 1386) In its Order, the Court indicated that because other issues resolved the priority dispute, it did not need to, and did not, resolve the bona-fide purchaser or fraudulent-transfer questions. (*Id*. at 10, 12)

7. On July 23, 2024, following an appeal and issuance of the Seventh Circuit's mandate, the Court entered an Amended Order Approving Distribution of Proceeds from the Sales of Group 1 Properties. (Dkt. 1717) This Order reflected that for 7625 S East End (Property 75), the amount held in the property account exceeded the approved distributions to investor lenders by $342,341.99. (*Id*. at Ex. 2) The Order further provided that "the excess proceeds in the account for 7625 S East End, following final distributions consistent with this order, shall be held in the account for that property until further order of the Court." (*Id*. ¶ 12)

**B.    The Agreement**

8. Following entry of the Court's July 23 2024 order, counsel for the Receiver and BC57 engaged in discussions regarding the resolution of BC57's claim to these excess proceeds in the Property 75 account by virtue of its second-position lien on the property. Pursuant to these discussions, the Receiver and BC57 reached the following negotiated agreement (the "Agreement"):

  a. BC57 will receive a distribution of $125,000.00;

  b. all remaining funds in the 7625 East End account—after payment of the distributions approved in the Court's order (Dkt. 1717) and the negotiated amount of $125,000.00 to BC57—including any residual interest, will be transferred to the Receiver's account for the benefit of unsecured creditors and administration of the estate;

    c. the Receiver will release and withdraw, with prejudice, his Avoidance Claim with respect to BC57 (Dkt. 1118); and

    d. the distribution made in accordance with the Agreement will resolve all disputes of any kind or nature between the Receiver and BC57 with respect to all Group 1 Properties—including but not limited to the sales of the properties, the claims process for the properties, the Receiver's fee applications, lien, and allocation of fees to the properties, priority determinations, and all objections thereto—and neither BC57 nor the Receiver will appeal from or collaterally attack any rulings associated with the Group 1 Properties, except that BC57 would retain an unsecured claim for amounts it claims are due but not paid as part of the distribution contemplated by this motion.

9.     The Agreement would not constitute an admission of the validity of any claim, defense, argument, or position made or taken by any Party. The Agreement with respect to the Group 1 Properties would not prejudice, impair, or waive the Receiver's or BC57's positions regarding any other property, and the Agreement would not establish a precedent as to any other property. Nothing in this Agreement includes any promises by the Receiver that any amounts will be allocated to BC57 with respect to its unsecured claim, or otherwise limits the Receiver's ability to propose a fair and equitable distribution plan with respect to unsecured claims against the Receivership Estate.

    **C.    The Court has the Authority to Approve the Distributions Recommended by this Motion.**

10.    It is well-settled that the district courts have broad equitable powers and are afforded wide discretion in approving a distribution plan of receivership funds. *See, e.g., SEC v. Forex Asset Mgmt. LLC*, 242 F.3d 325, 331 (5th Cir. 2001); *SEC v. Enterprise Trust Co.*, 559 F.3d 649, 652 (7th Cir. 2009) ("District judges possess discretion to classify claims sensibly in receivership proceedings."); *SEC v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992).

11.    Because the Receiver is a fiduciary and officer of this Court, the Court may give some weight to the "…Receiver's judgment of the most fair and equitable method of distribution." *CFTC v. Eustace,* No. 05-2973, 2008 WL 471574, at *5 (E.D. Pa. Feb. 19, 2008) (approving receiver's pro-rata distribution plan and recognizing that the receiver does not represent a particular group of investors or claimants but rather proposes a plan that is fair to all investors).

12.    Based on the facts and circumstances, the Receiver believes that the distribution pursuant to the Agreement is fair and equitable. There are also additional savings of time and resources achieved based on the Agreement. Effectively, if the Court grants this Motion, then as a result of the Agreement and distribution, the claims and issues with respect to the Group 1 Properties will have concluded.

    **D.    The Receiver Has Provided Reasonable and Fair Notice of this Motion.**

13.    Notice of this motion will be given to each of the claimants who have submitted claims in this matter. In addition, this motion will be made publicly available to all interested and potentially interested parties by posting a copy of it to the Receivership web site.

## Prayer for Relief

WHEREFORE, the Receiver seeks the following relief:

a) a finding that adequate and fair notice of the current motion has been provided to all interested and potentially interested parties;

b) an order granting this motion, including finding that the Agreement and the distribution pursuant to the Agreement are fair, reasonable, and in the best interests of the Receivership Estate;

c) an order authorizing BC57 to liquidate the reserve and escrow accounts held by it for the Group 1 Properties, and to transfer any remaining balances to itself or its chosen designee;

d) approval of distribution to BC57, LLC of $125,000.00 from the property account held for 7625 S East End (Property 75), with such distribution to be made within five (5) business days of the Court's approval of this motion, or as soon as such distribution can be reasonably achieved;

e) approval to transfer to the Receiver's account the balance in the account held for the Subject Property, including any residual interest, after the distributions ordered pursuant to this motion and the Court's Amended Order Approving Distribution of Proceeds from the Sale of Group 1 Properties 74, 75, 76, 77, 78 (Dkt. 1717) have been made;

f) an order noting that the Receiver's Avoidance Claim against BC57 (Dkt. 1118) has been released and withdrawn with prejudice; and

g) such other relief as the Court deems fair and equitable.

Dated: August 27, 2024                    Respectfully submitted,

                                                    Kevin B. Duff, Receiver

                                      By:   /s/ Michael Rachlis

Case: 1:18-cv-05587 Document #: 1738 Filed: 08/27/24 Page 7 of 7 PageID #:116129

Michael Rachlis
Jodi Rosen Wine
Rachlis Duff & Peel LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone (312) 733-3950
mrachlis@rdaplaw.net
jwine@rdaplaw.net

*Counsel for Kevin B. Duff, Receiver*