UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) EQUITYBUILD, INC., EQUITYBUILD ) FINANCE, LLC, JEROME H. COHEN, ) AND SHAUN D. COHEN, ) ) Defendants. ) | Civil Action No. 18-cv-5587<br><br>Hon. Manish S. Shah |

**GROUP 6 POSITION STATEMENT OF CERTAIN INDIVIDUAL INVESTORS**

The undersigned Group 6 individual investors (collectively, the "Certain Individual Investors"), jointly submit this Position Statement in support of their claims and those of the other individual investors.[1] In making this submission, the Certain Individual Investors are relying on their existing claims and the information currently available to them and reserve the right both to modify their submission and to respond to any submissions made by any claimants, including the Institutional Lenders, seeking a different outcome.

**I.   THE COURT SHOULD ADOPT THE RECEIVER'S RECOMMENDATIONS THAT THE INDIVIDUAL INVESTOSRS' MORTGAGES HAVE PRIORITY.**

The Certain Individual Investors agree with and adopt the Receiver's recommendations that their mortgages have priority over those of Institutional Lenders UBS AG and Midland Loan

---

[1] In supporting their claims and those of the other individual investors, the Certain Individual Investors are taking the position that all of the lenders identified in the Exhibits A to the EquityBuild Mortgages should be in the same lien position and that the funds available for the properties in Group 2 should be distributed among the individual investors *pro rata* according to their interests as reflected in those Exhibits A. Throughout this Position Statement, those lenders are referred to collectively as the "Individual Investors."

Services, a division of PNC Bank, N.A. ECF No. 1740. As the Receiver's recommendation makes clear, the issues for these Group 6 properties are straightforward and easily resolved. The Individual Investors obtained valid, first-position mortgages and those mortgages were never released, nor was a purported release of those mortgages recorded. ECF No. 1740 at 4-5, 6-7. Accordingly, under countless authorities, including the opinion from the United States Court of Appeals for the Seventh Circuit affirming this Court's priority determinations for Group 1, *SEC v. EquityBuild, Inc.*, 101 F.4th 526 (7th Cir. 2024), the Individual Investors' first-in-time mortgages have priority over the Institutional Lenders' subsequently granted, later-in-time mortgages. Moreover, as *SEC v. EquityBuild, Inc.* further held, any claim that the Institutional Lenders' might make as to the intended purpose of their loans is irrelevant where, as here, it is uncontested that the first-in-time mortgages were not actually released since "payment alone does not extinguish any pre-existing interest absent a valid release." 101 F.4th at 532.

II. **ALTERNATIVELY, THE INDIVIDUAL INVESTORS ARE ENTITLED TO EQUITABLE LIENS AGAINST THE PROPERTIES SUPERIOR TO THE INSTITUTIONAL LENDER'S MORTGAGES.**

In the event that the Court finds that the circumstances surrounding any of the Institutional Lender's mortgages mean the Individual Investors no longer have enforceable mortgage interests superior to one or more of the Institutional Lenders' interests, this does not mean that those Institutional Lenders should automatically be allowed to recover the assets preserved by the Receiver. Instead, because it is uncontested that the Individual Investors were never repaid, be it with proceeds from the Institutional Lenders' loans or otherwise, the Court should hold that the Individual Investors have equitable liens on the properties and in the proceeds of sale of such properties superior to the Institutional Lenders' mortgages.

An equitable lien may be imposed on property out of considerations of fairness. *W.E. Erickson Construction, Inc. v. Congress-Kenilworth Corp.*, 132 Ill. App. 3d 260, 270-71, (1st Dist.

1985). An equitable lien is not a debt or a property right, but a remedy for a debt. *Paine/Wetzel Associates, Inc. v. Gitles*, 174 Ill. App. 3d 389, 393 (1st Dist. 1988). The elements of an equitable lien are: (1) a debt, duty, or obligation owed by one person to another; and (2) a *res* to which the obligation attaches. *Id.* Equitable liens have been imposed where a contract manifests the intent that a particular property is to act as security for the debt and there has been a promise to convey the property as security. *Uptown National Bank of Chicago v. Stramer*, 218 Ill. App. 3d 905, 907-08 (1st Dist. 1991).

Here, it is undisputed that the Individual Investors' debt was originally secured by the properties. It is also undisputed that the Individual Investors' debt was never paid in full. Due to the Ponzi scheme perpetuated by the EquityBuild Defendants and enabled by the Institutional Lenders' lax due diligence efforts, however, nothing was done to investigate whether the other loans existed or would survive even after the Institutional Lenders made their loans. Since the Individual Investors' debt was not paid in full, the Court should recognize an equitable lien against the properties in favor of the Individual Investors superior to the mortgage interests of the Institutional Investors.

Generally, the holder of an equitable lien cannot take priority over the interest of a party who acquires an interest in a property without notice of the equitable interest. *Stump v. Swanson Development Co., LLC*, 2014 IL App (3d) 110784; *Trustees of Zion Methodist Church v. Smith*, 335 Ill. App. 233 (4th Dist. 1948). A party with notice of an existing equitable interest in the same property, however, is liable in equity to the same extent as the seller. *In re Cutty's-Gurnee, Inc.*, 133 B.R. 934, 949 (7th Cir. 1991). Here, where the Institutional Lenders were making loans to a business that trumpeted its crowdsourced funding and used lenders like them to refinance that funding, the Institutional Lenders knew or, as prudent persons, should have been on inquiry to

investigate whether there were any existing loans on the properties. And that knowledge or lack of inquiry means that the Institutional Lenders can be deemed to have had knowledge of other facts that might have been discovered through diligent inquiry. *Reed v. Eastin*, 379 Ill. 586, 591-92 (1942). Because the Institutional Lenders' due diligence, with reasonable inquiry, should have uncovered facts sufficient for the Court to conclude that each had actual notice and knowledge of the Individual Investors' loans, that those loans remained outstanding, and that they therefore had equitable liens on the properties.

## CONCLUSION

For the reasons set forth above, the Court should hold that the mortgage liens granted to the Individual Investors have higher priority than those granted to the Institutional Lenders. Alternatively, the Court should rule that the Individual Investors have equitable mortgages. Under either outcome, the Court should order the distribution of the assets recovered by the Receiver to the Individual Investors *pro rata* based on their relative interests in those mortgages, as recommended by the Receiver.

Dated: September 24, 2024

ARTHUR AND DINAH BERTRAND;
LINDA AND STEVEN LIPSCHULTZ
R. D. MEREDITH GENERAL
   CONTRACTORS 401K,
JORAL SCHMALLE
BRIAN SHEA C/O ADVANTA IRA
   TRUST, LLC FBO BRIAN SHEA
   IRA #6213202

By:   /s/ *Max A. Stein*
      One of their attorneys

Max A. Stein
TottisLaw
401 N. Michigan Ave. Suite 530
Chicago, IL 60611
mstein@tottislaw.com

4