## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) | **Civil Action No. 18-cv-5587** |
| **v.** | ) ) | **Hon. Manish S. Shah** |
| **EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,** | ) ) ) ) | **Magistrate Judge Young B. Kim** |
| **Defendants.** | ) ) ) | |

**RECEIVER'S MOTION TO APPROVE SETTLEMENT AND RELEASE AGREEMENT WITH BREGMAN, BERBERT, SCHWARTZ & GILDAY, LLC AND TO AUTHORIZE PAYMENT OF CONTINGENCY FEES AND COSTS TO RECEIVER'S COUNSEL**

Kevin B. Duff, as receiver ("Receiver") for the Estate of Defendants EquityBuild, Inc. ("EquityBuild"), EquityBuild Finance, LLC ("EquityBuild Finance"), their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen (collectively, the "Receivership Defendants"), respectfully moves for approval of a $4,000,000 settlement reached with **Bregman, Berbert, Schwartz & Gilday, LLC** ("BBS&G") and to authorize payment of fees and costs to counsel for the Receiver. In support of this Motion, the Receiver states as follows:

***Background and Receiver's Power to Settle Claims***

1.     On August 15, 2018, the United States Securities and Exchange Commission (the "***SEC***") filed the lawsuit styled *United States Securities and Exchange Commission v. EquityBuild, Inc., EquityBuild Finance, LLC, Jerome H. Cohen, and Shaun D. Cohen*; Civil

1

Action No. 18-CV-5587 in the United States District Court for the Eastern District of Illinois (the "***SEC Action***") which, among other requests for relief, sought the appointment of a receiver to marshal and preserve all assets of the Receivership Defendants and to handle all related claims.

2.      The Court in the SEC Action entered an Order on August 17, 2018 (Dkt. 16) (the "***Order Appointing Receiver***") assuming exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of the Receivership Defendants, as defined by Paragraph 1 of the Order Appointing Receiver and by two subsequent Orders (Dkt. 290, 624). The settlement agreements refer to the Receivership Defendants identified in the three Orders (Dkt. 16, 290, and 634), collectively, as "***EquityBuild.***"

3.      In the Order Appointing Receiver, the Court conferred upon the Receiver (1) "all powers, authorities, rights and privileges" theretofore possessed by the principals of the Receivership Defendants under applicable state and federal law, as well as by the governing operating and shareholders' agreements, and (2) all powers and authority of a receiver at equity, as well as all powers conferred upon a receiver under 28 U.S.C. §§ 754, 959, and 1692, and FRCP 66. (Dkt. 16, ¶ 4)

4.      The Order Appointing Receiver authorizes the Receiver to take custody, control, and possession of all assets which the Receivership Defendants own, possess, have a beneficial interest in, or control directly or indirectly ("Receivership Assets"), to issue subpoenas for documents and testimony, and to sue for, collect, recover, receive, and take into possession from third parties all Receivership Assets. (*Id.* ¶ 8) The Court further authorized Receiver to investigate, prosecute, and compromise claims related to Receivership Assets. (*Id.* ¶¶ 37, 42)

2

*Factual Background*

5.      The law firm of Bregman, Berbert, Schwartz & Gilday, LLC performed legal services for EquityBuild, Inc., EquityBuild Finance, LLC and its affiliates starting in or around February 2017 lasting until some period into 2018.

6.      On August 17, 2020, the Receiver filed a Complaint against BBS&G in that certain action styled *Kevin B. Duff, Receiver for the Estate of EquityBuild Inc., etc. v. Rock Fusco & Connelly, LLC, Ioana Salajanu, and Bregman, Berbert, Schwartz & Gilday, LLC,* Cook County Illinois, Case No. 2020 L 008843, in connection with legal services provided to EquityBuild, Inc., EquityBuild Finance, LLC and their affiliated individuals and entities.

7.      The Receiver learned that BBS&G's only insurance for this matter is a Markel Lawyers Professional Liability Policy No. LA308320, which has a policy period from January 1, 2020 to January 1, 2021 and policy limits of $5,000,000 for each claim and in the aggregate.

8.      The parties began discussion of a potential resolution in February 2022. The parties engaged in several mediation efforts, which included a May 2022 mediation with Hon. Stuart A. Nudelman, (Ret.), a July 2023 conference with Judge Patrick Sherlock of the Circuit Court of Cook County, Illinois and two mediation conferences before Magistrate Judge Jeffrey Cole. Those earlier settlement efforts were unsuccessful with respect to BBS&G. Thereafter, the parties continued their discussions in parallel to the litigation. Nearly all fact discovery had been completed and a trial date was set for June 2025, when the parties agreed to participate in another mediation before Judge Sherlock on September 12, 2024. The parties, each represented by counsel, negotiated in good faith in efforts to resolve the Receiver's claims and any and all other disputes by and between them.

9.    Those efforts culminated in an agreement resolving all disputes between the Receiver and BBS&G, consistent with Judge Sherlock's recommendation. Specifically, due to the continued efforts of the parties, and the assistance and recommendations of Judge Sherlock, the Receiver and BBS&G achieved a settlement, pursuant to which BBS&G will pay four million dollars ($4,000,000.00) (USD) (the "BBS&G Settlement Amount"), subject to the approval of this Court, and as confirmed by the settlement agreement attached hereto as **Exhibit 1** (the "BBS&G Settlement Agreement").

10.    The BBS&G Settlement Agreement also contains mutual general releases, but expressly does not release any claim against other defendants, including Rock Fusco & Connelly, LLC and Ioana Salajanu, and certain others specified in the agreement.

11.    The Receiver respectfully submits that the settlement agreement is fair and reasonable for the Receivership Estate and respectfully requests the Court's approval.

### *The Court Has Broad Authority to Approve the Settlements*

12.    In a federal equity receivership, the Court has broad discretion in deciding whether to approve a settlement. *See Gordon v. Dadante*, 336 Fed. Appx. 540, 551 (6th Cir. 2009) (citing *Liberte Capital Group, LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006)); *see also Sterling v. Stewart,* 158 F.3d 1199, 1202 (11th Cir. 1998) (the determination of fairness of a settlement in an equity receivership will not be overturned absent a clear showing of abuse of discretion).

13.    Courts in receivership proceedings have been guided by decisions in other legal contexts, such as bankruptcy or class actions. In that vein, the court in *SEC v. Capital Cove Bancorp LLC* noted that, in approving a settlement, it should consider the "fairness, reasonableness and adequacy" of the agreement in light of "(a) the probability of success in the

4

litigation, (b) the difficulties to be encountered in the matter of collection, (c) the complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it, and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." 2016 WL 6156198 *1 (C.D. Cal. April 7, 2016) (citing *U.S. v. Edwards*, 595 F.3d 1004, 1012 (9th Cir. 2010)). A district court has the power to approve a settlement proposed by a receiver that is fair, adequate, and reasonable, and is the product of good faith negotiations after an adequate investigation by the receiver. *See, e.g., Sterling v. Steward*, 158 F.3d 1199 (11th Cir. 1998). "Determining the fairness of the settlement is left to the sound discretion of the trial court and we will not overturn the court's decision absent a clear showing of abuse of that discretion." *Id.* at 1202 (citation omitted).

***The Settlement Agreement Is in the Receivership Estate's Best Interest***

14.     Over the course of more than four years, the Receiver and the law firms representing the Receiver have devoted thousands of hours investigating, researching, and evaluating issues related to the various activities of the law firms working with EquityBuild, including BBS&G.

15.     Upon advice of counsel, and supplemented by the effort and recommendation by Judge Sherlock, the Receiver concluded that settling his claims against BBS&G upon the terms negotiated by the parties would be in the best interests of the Receivership Estate. Such considerations include but not are limited to the fact that continued litigation against BBS&G entails various uncertainties, would be unduly time consuming and costly including, but not limited to, substantial anticipated expert witness costs, the limited assets of BBS&G, the unavailability of any further insurance and concerns about the collectability of any judgment, as

well as the complexity of preparing the case for trial, and ultimately the efforts to reach closure with significant recoveries for claimants who have already been waiting for considerable time for some relief.

16.     Moreover, the approval of the BBS&G Settlement Agreement does not preclude the Receiver from continuing to prosecute claims against anyone else, including, but not limited to, Rock Fusco & Connelly, LLC and Ioana Salajanu, who provided legal advice and services to EquityBuild and/or its affiliates in regards to other matters.

17.     For all the foregoing reasons, the Receiver believes that the Settlement Agreement is fair, reasonable, and in the best interests of the Receivership Estate.

18.     The Receiver will provide fair, adequate, and sufficient notice of this motion to all interested parties. In addition to service through the Court's electronic case filing system, the Receiver will serve a copy of this motion (and the accompanying notice of motion) to all claimants by electronic mail (to the extent he possesses an e-mail address) or by regular mail if he only possesses a mailing address. A copy of this motion will also be posted on the Receiver's webpage at *http://rdaplaw.net/receivership-for-equitybuild.*

19.     The Receiver has conferred with counsel for the SEC which consents to the relief requested in this motion.

***Request to Pay Contingency Fees and Costs to Receiver's Counsel***

20.     As noted above, the Receiver and his counsel have invested considerable time investigating, analyzing, preparing, and pursuing claims against these defendants.

21.     Pursuant to the Court's September 23, 2020 Order Granting Receiver's Motion for Retention of Counsel (Dkt. 801), and with respect to the Settlement Agreement, the Receiver

requests that the Court authorize and approve payment to the Receiver's counsel with a total payment of $1,400,000 in fees and $74,976.11 in costs. The costs include $11,299.45 in deposition costs (court reporter fees, videographer fees, and transcript costs), $4,160.50 for undisclosed expert fees, and $59,516.16 for a prorated portion of the costs for a database of over nine million pages of digital records. (*See* Exhibit 2 attached hereto.) The latter amount accounts for an amount previously reimbursed through the Rosenberg settlement. (Dkt. 1622, 1628) The balance of such database costs related to the Receiver's state court litigation claims will be the subject of a request for approval relating to recovery against other defendants. Further database costs after September 2024 will be addressed in the Receiver's subsequent fee applications.

22.     In particular, the Receiver requests that the Court approve that: (i) the settlement payment in the amount of $4,000,000 to be made by BBS&G is to be deposited into the Receiver's account, and (ii) upon receipt of the settlement payment the Receiver will transfer $1,474,976.11, representing the total of the approved contingency fee plus costs in the amount of $74,976.11, from the Receiver's Account to the client fund account of Spellmire Bruck LLP to be thereafter split between the engaged counsel in accordance with their agreement as set forth in the engagement letter.

WHEREFORE, for the foregoing reasons, the Receiver respectfully requests that the Court: (A) enter the proposed order attached hereto as **Exhibit 3** approving both the BBS&G Settlement Agreement and authorizing the Receiver to pay counsel the corresponding contingency fees and to reimburse counsel for the out-of-pocket costs described above and (B) grant such other and further relief as the Court deems just and proper.

Dated: October 9, 2024             KEVIN B. DUFF, RECEIVER

                               /s/ Michael Rachlis

                               Michael Rachlis
                               Jodi Rosen Wine
                               Rachlis Duff & Peel LLC
                               542 South Dearborn Street, Suite 900
                               Chicago, IL 60605
                               Telephone:  (312) 733-3950

                               *Counsel for Plaintiff, Kevin B. Duff, as Receiver*

# Exhibit 1

## SETTLEMENT AGREEMENT
## AND RELEASE OF CLAIMS

This Agreement (the "***Agreement***") is entered into and effective the 30th day of September, 2024 (the "Effective Date"), by and among Kevin B. Duff, Receiver for the Estate of EquityBuild, Inc., EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Jerome Cohen and Shaun Cohen (the "***Receiver***"), on the one hand, and Bregman, Berbert, Schwartz & Gilday, LLC ("***BBS&G***"), on the other hand (the Receiver and BBS&G are hereinafter collectively referred to as the "Parties" and each of them as a "Party"), to settle any and all disputes between them related to or arising out of the acts and omissions alleged or otherwise at issue in civil action entitled, *Kevin B. Duff, Receiver for the Estate of EquityBuild, Inc., et al. v. Rock Fusco & Connelly, LLC, Ioana Salajanu, and Bregman, Berbert, Schwartz & Gilday, LLC*, pending in the Circuit Court of Cook County, Illinois, Case No. 2020 L 8843 (the "***Action***").

WHEREAS, on August 15, 2018, the United States Securities and Exchange Commission (the "***SEC***") filed the lawsuit styled *United States Securities and Exchange Commission v. EquityBuild, Inc., EquityBuild Finance, LLC, Jerome H. Cohen, and Shaun D. Cohen; Civil Action No. 18-CV-5587 in the United States District Court for the Eastern District of Illinois* (the "***SEC Action***") which, among other requests for relief, sought the appointment of a receiver to marshal and preserve all assets of the defendant businesses and their affiliates and handle all related claims.

WHEREAS, the Court in the SEC Action entered an Order on August 17, 2018 (Docket #16) (the "***Order Appointing Receiver***") taking exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of Jerome Cohen and Shaun Cohen, including EquityBuild, Inc., EquityBuild Finance, LLC, and affiliates, as defined by Paragraph 1 of the Order Appointing Receiver (the "***res of the Receivership Estate***"). The Order Appointing Receiver was supplemented by two subsequent Orders, identifying additional affiliate entities as defendants in the SEC Action, on (i) March 14, 2019 (Docket #290), and (ii) February 21, 2020 (Docket #634). This Agreement collectively refers to the Receivership Defendants identified in the three Orders as "***EquityBuild***."

WHEREAS, Kevin B. Duff was appointed by the Court, in the Order Appointing Receiver, to act as the Receiver for EquityBuild. The Receiver was directed to "assume control and operation of [EquityBuild] and preserve all of [its] claims or interests." Under the Order Appointing Receiver, the Receiver has "all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers, members, and general and limited partners of the Receivership Defendants under applicable state and federal law, by the governing charters, by-laws, articles and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959, and 1692, Fed. R. Civ. P. 66, and this Order." Among his powers, the Receiver is authorized to (i) "bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging his duties as Receiver," (ii) "pursue, resist and defend all suits, actions, claims, and demands which may now be pending or which may be brought by or asserted against the Receivership Estate," (iii) "investigate, prosecute, institute, defend . . . compromise, and/or adjust actions in any state, federal or foreign court or proceeding of any kind as may in his discretion, and in consultation with [SEC] counsel, be advisable or proper to recover and/or

1

conserve Receivership Assets," and (iv) "institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Estate, as the Receiver deems necessary."

WHEREAS, BBS&G was retained by EquityBuild in 2017 to provide professional legal services to EquityBuild.

WHEREAS, BBS&G denied and continues to deny any liability or unlawful conduct asserted or alleged by the Receiver in the Action.

WHEREAS, contingent on entry of an Order by the Court in the SEC Action approving this Agreement, the parties wish to resolve any and all claims that they have or may have against each other, including any and all claims affecting the res of the Receivership Estate and that the Receiver or EquityBuild has or may have, including any and all claims the Receiver has the authority to assert against BBS&G, arising out of BBS&G's professional services engagements by EquityBuild or such other claims within the Receivership, and any claims that BBS&G may have against the Receiver or EquityBuild.

WHEREAS, by entering into this Agreement, the Parties intend to release only each other and do not intend to and do not in any way release Rock Fusco & Connelly, LLC or Ioana Salajanu, or otherwise affect the Receiver's claims against Rock Fusco & Connelly, LLC or Ioana Salajanu or any other claims.

NOW, THEREFORE, in consideration of the promises set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the parties, the parties agree as follows:

1.      **Approval**.  The Parties acknowledge and agree that this settlement Agreement is subject to the approval of the Court in the SEC Action (the "***Receivership Court***") and, therefore, will not be binding until such approval has been granted (the "Approval"). The parties will jointly submit or otherwise approve a motion to the Receivership Court for Approval of this Agreement.

2.      **Release of Claims**.

(a)      In exchange for good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged by the Receiver, the Receivership Estate, and EquityBuild hereby release, discharge and forever acquit BBS&G and its shareholders, members, partners, officers, principals, managers, directors, fiduciaries, employees, representatives, associate attorneys, "of counsel" attorneys, and agents (collectively, the "***BBS&G parties***") from liability for, and the Receiver, the Receivership Estate, and EquityBuild hereby waive, release, discharge, and settle any and all claims, damages, demands, or causes of action of any kind whether known or unknown, against any BBS&G party, including any and all claims, damages, demands, or causes of action relating to any contract, tort, common law, statutory, or administrative claim, including without limitation; (i) claims for professional negligence, breach of fiduciary duty, aiding and abetting any act of another entity or individual, conspiracy, fraud, breach of implied or express contract, breach of implied covenant of good faith and fair dealing, promissory estoppel, or tortious interference; (ii) any allegation for costs, fees, or other expenses including attorneys' fees incurred in, or with respect to, a Released Claim; (iii) any claim for compensation, benefits, or damages of any kind not expressly set forth in this Agreement; or (iv) such other claims within the Receivership,

including but not limited to any and all claims the Receiver has the authority to assert, including such claims that affect the res of the Receivership Estate (collectively, the "***Receiver Released Claims***"). This release shall be construed as a general release to the maximum extent permitted by applicable law and Court Order that is intended to release the BBS&G parties from any claims whatsoever that the Receiver, the Receivership Estate, and EquityBuild have or might have against the BBS&G parties, now or in the future, arising out of anything at all that happened, might have happened, or failed to happen at any time before the date of this Agreement, whether or not the parties are aware of such claims at this time. The provisions of this release are not intended to, and do not in fact, release, waive, or discharge Jerome Cohen, Shaun Cohen, Patricia Cohen, Eldebran Cohen, and the former attorneys (other than the BBS&G parties), accountants, and other professionals, employees, or independent contractors of EquityBuild from any type of claims, liabilities, or demands accruing to the Receiver, the Receivership Estate, or EquityBuild.

(b)     In exchange for good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged by the BBS&G parties, the BBS&G parties hereby release, discharge and forever acquit the Receiver, the Receiver's attorneys, the Receivership Estate, and EquityBuild and each of their shareholders, members, partners, officers, principals, managers, directors, fiduciaries, employees, representatives, and agents (collectively, the "***Receiver parties***") from liability for, and the BBS&G parties hereby waive, release, discharge, and settle any and all claims, damages, demands, or causes of action of any kind that the BBS&G parties have, whether known or unknown, against the Receiver, EquityBuild, Inc., EquityBuild Finance LLC, and affiliate corporate entities, including any and all claims, damages, demands, or causes of action relating to any contract, tort, common law, statutory, or administrative claim, including without limitation: (i) for recovery pursuant to any claim submitted to the Receiver in the SEC action; (ii) any fees, costs, or other expenses including attorneys' fees incurred in, or with respect to, a BBS&G Released Claim (collectively, the "***BBS&G Released Claims***"). This release shall be construed as a general release to the maximum extent permitted by applicable law and Court Order that is intended to release the Receiver parties from any claims whatsoever that the BBS&G parties have or might have against the Receiver parties, now or in the future, arising out of anything at all that happened, might have happened, or failed to happen at any time before the date of this Agreement, whether or not the parties are aware of such claims at this time.

(c)     The Receiver, the Receivership Estate, and EquityBuild on the one hand, and BBS&G on the other hand, hereby represent and warrant to the other that, neither of them has brought or joined any lawsuit or filed any charge or claim against the other parties in any court or before any government agency or arbitrator for or with respect to a matter, claim or incident that occurred or arose out of one or more occurrences that took place on or prior to execution of this Agreement. The Parties hereby further represent and warrant that neither has assigned, sold, delivered, transferred or conveyed any rights the Receiver, the Receivership Estate, or EquityBuild has asserted or may have against any of the BBS&G parties or that BBS&G has asserted or may have against any of the Receiver parties to any person or entity, in each case, with respect to any Receiver Released Claims or BBS&G Released Claims. The Parties affirm that they are the holders of the claims referenced herein and represent that they have the authority to enter into this Agreement. The Receiver further represents and warrants that he has authority to release any claims on behalf of himself, as Receiver, and all EquityBuild entities or such other claims within the Receivership in accordance with the Order Appointing Receiver or as otherwise authorized by the Court.

**3.** **Payment to the Receivership Estate.** Within fourteen (14) days following the Court's Approval of the settlement, BBS&G, through its insurer, agrees to pay to the Receivership Estate the total amount of Four Million Dollars (USD) ($4,000,000.00) (the "*Settlement Amount*") in a single lump-sum payment in the form of wire transfer to the Receiver's fiduciary account for the Receivership Estate or by check made payable to "Estate of EquityBuild, Inc." Payment in accordance with the provisions of this section shall satisfy the obligation of the BBS&G parties to make payment under this Agreement.

**4.** **No Admission**. The payments, covenants, promises, conditions, conveyances, and agreements contained in this Agreement are made pursuant to a settlement between and amongst the Parties and shall not be admissible in evidence in any suit or proceeding before any tribunal or agency as evidence or admission of wrongdoing by any Party. The Parties agree that this Agreement is entered into solely to compromise disputed claims, as set forth herein, and to avoid the expense of further litigation.

**5.** **Good Faith Finding**. The Parties will jointly submit or otherwise approve a motion the Cook County Court that the settlement was entered into in good faith under the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/0.01, *et seq*.

**6.** **Dismissal of Litigation**. Based on the agreement memorialized herein, and subject to the contingencies described herein, the Parties agree to cause the Action as respects BBS&G only to be dismissed in its entirety with prejudice, consistent with the terms recited herein.

**7.** **Attorneys' Fees and Costs**. Each Party to the matters now being resolved through this Agreement shall bear their own costs and fees

**8.** **No Duress**. Each Party agrees to sign this Agreement as its own voluntary act and deed and represents that such execution was not the result of any duress, coercion, or undue influence.

**9.** **Binding Effect**. This Agreement shall be binding upon the Parties hereto and their respective past, present and future partners, officers, directors, stockholders, attorneys, insurers, agents, servants, representatives, employees, subsidiaries, affiliates, predecessors and successors in interest, and assigns.

**10.** **Governing Law**. This Agreement and any other documents referred to herein shall in all respects be interpreted, enforced, and governed by and under the laws of the State of Illinois and applicable federal law.

**11.** **Dispute Resolution**. Any action, controversy, or claim between the parties arising out of or relating to this Agreement, including those relating to the validity, interpretation, construction, performance and enforcement of this Agreement, shall be determined by the Receivership Court that granted Approval to this Agreement.

**12.** **No Third-Party Beneficiaries**. Except as expressly provided in this Agreement, no rights, privileges, or immunities, legal or equitable, of any Party shall inure to the benefit of any third party; nor shall any third party be deemed to be a third-party beneficiary of any of the provisions contained herein.

13.    **No Waiver**.  No failure by any Party at any time to give notice of any breach by the other Party of, or to require compliance with, any condition or provision of this Agreement shall be deemed a waiver of similar or dissimilar provisions or conditions at the same or at any prior or subsequent time.

14.    **Recitals**. The recitals above are incorporated into this Agreement.

15.    **Headings; Interpretation**.  Titles and headings to Sections hereof are for the purpose of reference only and shall in no way limit, define or otherwise affect the provisions hereof. The word "or" as used herein is not exclusive and is deemed to have the meaning "and/or." The words "herein," "hereof," "hereunder" and other compounds of the word "here" shall refer to the entire Agreement, including all exhibits, and not to any particular provision hereof. The use herein of the word "including" following any general statement, term or matter shall not be construed to limit such statement, term or matter to the specific items or matters set forth immediately following such word or to similar items or matters, whether or not non-limiting language (such as "without limitation," "but not limited to," or words of similar import) is used with reference thereto, but rather shall be deemed to refer to all other items or matters that could reasonably fall within the broadest possible scope of such general statement, term or matter.

16.    **Severability and Modification**.  To the extent permitted by applicable law, the Parties agree that any term or provision of this Agreement (or part thereof) that renders such term or provision (or part thereof) or any other term or provision (or part thereof) of this Agreement invalid or unenforceable in any respect shall be severable and shall be modified or severed to the extent necessary to avoid rendering such term or provision (or part thereof) invalid or unenforceable, and such severance or modification shall be accomplished in the manner that most nearly preserves the benefit of the parties' bargain hereunder.

17.    **Preparation of Agreement and Construction**. In connection with the negotiation and execution of this Agreement, each Party has had the benefit of representation by independent legal counsel and other professionals of their own choosing. Each Party further acknowledges that they and their counsel have had adequate opportunity to make whatever investigation or inquiry they may deem necessary or desirable in connection with the subject matter of this Agreement prior to the execution hereof and the delivery and acceptance of the consideration specified herein. This Agreement has been prepared jointly by respective counsel for each of the Parties, with a full opportunity for the Parties to negotiate its terms. Accordingly, any rule of law or legal decision that would require interpretation of any ambiguities in this Agreement against the Party that drafted it is not applicable and is hereby waived. On the contrary, this Agreement has been reviewed by each of the Parties hereto and shall be construed and interpreted according to the ordinary meaning of the words used so as to fairly accomplish the purposes and intentions of the parties.

18.    **Counterparts**.  This Agreement may be executed in one or more counterparts (including portable document format (.pdf) and facsimile counterparts), each of which shall be deemed to be an original, but all of which together will constitute one and the same agreement.

19.    **Entire Agreement**. This Agreement constitutes the entire agreement between the Parties with respect to the matters herein provided and all prior understandings and agreements

regarding the subject matter hereof have been incorporated herein. No modifications or waiver of any provision hereof shall be effective unless in writing and signed by each Party.

[*Signatures begin on the following page*]

IN WITNESS WHEREOF, the Parties have executed this Agreement with the intent to be legally bound.

**AGREED AND ACCEPTED:**

**KEVIN B. DUFF, as Receiver for the Estate of EquityBuild, Inc., EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Jerome Cohen and Shaun Cohen**

By: _____

Printed Name:  Kevin B. Duff

Title:  Receiver

Dated:  September 30, 2024.

**BREGMAN, BERBERT, SCHWARTZ & GILDAY, LLC**

By: _____

Printed Name:  _____

Title:  _____

Dated:  September ___, 2024.

7

IN WITNESS WHEREOF, the Parties have executed this Agreement with the intent to be legally bound.

**AGREED AND ACCEPTED:**

**KEVIN B. DUFF, as Receiver for the Estate of EquityBuild, Inc., EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Jerome Cohen and Shaun Cohen**

By: _____
Printed Name:  Kevin B. Duff
Title:  Receiver

Dated:  September ___, 2024.

**BREGMAN, BERBERT, SCHWARTZ & GILDAY, LLC**

By: *Mark Gilday* _____
Printed Name: ___Mark Gilday_____
Title: _____Member_____

Dated:  September 30 , 2024.

# Exhibit 2

| EXHIBIT 2 (BBS&G Settlement) | |
|---|---|
| **Description** | **Reimbursement Amount** |
| Depositions | $ 11,299.45 |
| Expert fees | $ 4,160.50 |
| Database fees | $ 59,516.16 |
| TOTALS | $ 74,976.11 |

# Exhibit 3

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES SECURITIES | ) | |
| AND EXCHANGE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18-cv-5587 |
| | ) | |
| v. | ) | Hon. Manish S. Shah |
| | ) | |
| EQUITYBUILD, INC., EQUITYBUILD | ) | Magistrate Judge Young B. Kim |
| FINANCE, LLC, JEROME H. COHEN, | ) | |
| and SHAUN D. COHEN, | ) | |
| | ) | |
| Defendants. | ) | |

**[ PROPOSED ]**
**ORDER GRANTING RECEIVER'S MOTION TO**
**APPROVE SETTLEMENT AND RELEASE AGREEMENT**
**WITH BREGMAN, BERBERT, SCHWARTZ & GILDAY, LLC**
**AND TO AUTHORIZE PAYMENT OF CONTINGENCY FEE AND COSTS**
**TO RECEIVER'S COUNSEL**

This matter came before the Court upon the Receiver's Motion to Approve Settlement and Release Agreement with Bregman, Berbert, Schwartz & Gilday, LLC ("BBSG") and to Authorize Payment of Contingency Fee and Costs to Receiver's Counsel [ECF No. _____] (the "Motion"). The Court, having considered the Motion and the record of this receivership action and being otherwise duly advised in the premises, hereby finds and orders as follows:

1.      The Motion [ECF No. _____] is GRANTED.

2.      The Court finds that the Settlement and Release Agreement, attached as Exhibit 1 to the Motion, is reasonable, fair, adequate, and in the best interest of the Receivership Estate.

3.      The Court confirms the Receiver's authority to enter into the Settlement and Release Agreement.

4.      The Court finds that the Receiver and BBSG have agreed to the settlement in good faith and that BBSG is paying, through its insurer, a fair share of the potential damages for which the BBSG parties are alleged to be liable, though they deny any wrongdoing or liability, and no court has determined there to be any wrongdoing or liability.

5.      The Court finds that the contingency fee amount for the Receiver's counsel is fair and reasonable and that they are entitled to a total payment of $1,474,976.11, representing the total of the approved contingency fee plus expenses (comprising $1,400,000.00 in fees and $74,976.11 in costs) from the $4,000,000.00 settlement amount.

6.      The Court approves: (i) the settlement payment in the amount of $4,000,000.00 to be made by BBSG, through its insurer, to the Receiver's Account; and (ii) upon receipt of the settlement payment by BBSG, and without further order of the Court, the Receiver's immediate payment of $1,474,976.11, representing the total of the approved contingency fee plus expenses, from the Receiver's Account to the client fund account of Spellmire Bruck LLP to be thereafter split between the engaged counsel in accordance with their agreement as set forth in the engagement letter.

7.      The Court finds that the Receiver has given fair, adequate, and sufficient notice of the Motion to all interested parties.

8.      The Court shall retain exclusive jurisdiction over all matters concerning the Settlement and Release Agreement, including without limitation the enforcement thereof.

ORDERED in the United States District Court
for Northern District of Illinois, Eastern Division,
on this _____ day of _____, 2024.

_____
UNITED STATES DISTRICT COURT JUDGE

2