**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br><br>          v.<br><br>EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,<br><br>          Defendants. | Case No. 1:18-cv-5587<br><br>Hon. Manish S. Shah<br><br>Magistrate Judge Young B. Kim |

**MOTION TO APPROVE DISTRIBUTION OF PROCEEDS**
**FROM THE SALE OF GROUP 6 PROPERTIES 108-113**

    Kevin B. Duff, as receiver ("Receiver") for the Estate of Defendants EquityBuild, Inc. ("EquityBuild"), EquityBuild Finance, LLC ("EquityBuild Finance"), their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen (collectively, the "Receivership Defendants"), hereby moves for approval of a plan for the distribution of proceeds from the sale of certain Group 6 properties, which are the following six properties (the "Subject Properties"):

    1. 2800-06 E 81st Street (Property 108)

    2. 4570-52 S Indiana Avenue (Property 109)

    3. 5618-20 S Martin Luther King Drive (Property 110)

    4. 6558 S Vernon Avenue (Property 111)

    5. 7450 S Luella Avenue a/k/a 2220 E 75th (Property 112)

    6. 7840-42 S Yates Avenue (Property 113)

    In support of his motion, the Receiver states as follows:

1

## I. Procedural Background

1. In 2019, the Receiver initiated a claims process whereby, *inter alia*, he: (a) researched mortgagees of record and EquityBuild records to identify potential claimants; (b) served all known potential claimants by email and/or regular mail with notice of the bar date, procedures for submitting proofs of claim, and a link to a third-party portal to submit claims; (c) sent multiple follow-up emails reminding potential claimants of the bar date (and the extended bar date); and (d) established a webpage (http://rdaplaw.net/receivership-for-equitybuild) for claimants and other interested parties which prominently displayed the claims bar date and provided copies of the claims notice, instructions, proof of claim forms, a link to the claims portal, and copies of certain court filings related to the claims process. All claimants were notified that the failure to submit a claim verification form by the bar date would be a basis for denial of that claim. (*See, e.g.,* Dkt. 241, 302, 349, 468, 548, 638, 693, 720) The Court's orders with respect to the claims process were also served upon claimants and potential claimants and posted on the Receiver's website. (*See, e.g.,* Dkt. 349, 574, 940, 941)

2. In February 2021, following briefing and hearings, the Court entered two orders establishing a process for the resolution of disputed claims. (Dkt. 940, 941)

3. Over the objection of claimant UBS AG ("UBS"), the Receiver sold the Subject Properties on the following dates with the Court's approval:

   a. 7450 S Luella (Property 112) was sold on May 7, 2020 (Dkt. 680 at 3-4)

   b. 5618 S MLK (Property 110) was sold on September 29, 2020 (Dkt. 802 at 19-20)

   c. 6558 S Vernon (Property 111) was sold on October 15, 2020 (Dkt. 802 at 20-21)

   d. 4570-52 S Indiana (Property 109) was sold on April 21, 2021 (Dkt. 966 at 13)

   e. 7840 S Yates (Property 113) was sold on April 23, 2021 (Dkt. 966 at 13)

   f. 2800 E 81st (Property 108) was sold on April 30, 2021 (Dkt. 966 at 12)

Prior to these sales, the Court found that the Receiver gave fair, adequate, and sufficient notice to all interested parties, including all mortgagees affected by the Receiver's 1st Motion to Confirm the Sale of these and other properties. (Dkt. 680 at 3; Dkt. 802 at 3; Dkt 966 at 3) The sales were free and clear of all mortgages and encumbrances, and the net proceeds of sale for the Subject Properties were deposited into separate interest-bearing accounts held by the Receiver pursuant to court order. (Dkt. 680 at 18; Dkt. 802 at 21; Dkt 966 at 13-14) Consistent with the Court's rulings in this case, all mortgages, liens, claims, and encumbrances attached to the sales proceeds with the same force, validity, status, and effect, if any, as they had against the property being sold. Additional deposits and withdrawals have been made to and from these property accounts, as reported in the Receiver's quarterly status reports. (Dkt. 757, 839, 930, 985, 1017, 1077, 1164, 1243, 1280, 1328, 1379, 1448, 1516, 1535, 1589, 1652, 1722, 1771)

4. Beginning in February 2021, the Receiver filed a series of motions to approve the payment of certain previously approved fees and costs pursuant to the Receiver's lien on the properties of the Receivership Estate that had been granted by the Court. (Dkt. 947, 981, 1107, 1321) Following proceedings on the Receiver's specific fee allocations before Magistrate Judge Kim, the Court granted the Receiver's fee allocation motions over the objections of UBS and other Institutional Lenders,[1] except that the Court ordered a 20% holdback in the payment of allocated fees. (Dkt. 1469, 1511)

5. Subsequent orders approving the Receiver's quarterly fee applications also approved payment pursuant to the Receiver's lien of fees (subject to a 20% holdback) and costs over the objections of UBS and other Institutional Lenders. (Dkt. 1372, 1452, 1510, 1539, 1573, 1618, 1675, 1758, 1831) Claimants and potential claimants have received notice of these motions

---

[1] "Institutional Lenders" refers to the entities listed on Exhibit 1 to Dkt. 1501.

relating to the Receiver's lien and the Receiver's fee applications, and the foregoing motions, fee applications, and the Court's orders have been posted to the Receiver's website.

6. As of January 27, 2024, the property accounts established for the Subject Properties collectively held $2,947,390.33. An additional $11,777.52 in fees were allocated to the Subject Properties in the fourth quarter of 2024, which will be included in the Receiver's 26th Fee Application to be filed on or before February 14, 2025. The total amount of fees allocated to the Subject Properties that were held back pursuant to orders granting the Receiver's Fee Applications 1-25 is $45,839.16. Further information about these aggregate amounts and their breakdown among the Subject Properties may be found in Exhibit A hereto.

**II. The Court Has Found that the Investor Lenders Have First Priority Liens on the Subject Properties Except for Property 109, in which UBS Holds the Only Remaining Claim to the Proceeds from the Sale.**

7. On August 27, 2024, the Receiver filed his Initial Submission on Group 6 Claims, which included recommendations as to the claims asserting an interest in the Subject Properties and the Receiver's disclosure of his position that the security interest given by EquityBuild to UBS in the Group Subject Properties constituted a voidable fraudulent transfer under the Illinois Uniform Fraudulent Transfer Act, 740 ILCS 160 (hereinafter the Receiver's "Avoidance Claim"). (Dkt. 1740)

8. On September 10, 2024, UBS filed a Motion for Leave to Take Further Discovery on the Receiver's Avoidance Claim. (Dkt. 1746)

9. On September 11, 2024, the Court entered and continued UBS's motion and deferred briefing on the Receiver's Avoidance Claim pending resolution of the priority disputes. (Dkt. 1750)

10. On December 23, 2024, the Court entered its Memorandum Opinion and Order regarding the Group 6 priority disputes. As to the Subject Properties, the Court found that the

4

Individual Investors have priority to the proceeds from the sale of the Subject Properties with one exception, and that UBS has a first position lien on the proceeds of 4750 S Indiana Avenue (Property 109), but stayed ruling upon the Receiver's avoidance claim relative to the UBS claim.

### III. The Receiver and UBS Have Reached an Agreement as to Distributions from the Property Accounts.

11. Settlement discussions between the Receiver and counsel for UBS have taken place. Pursuant to these discussions, the parties reached a negotiated agreement as to the amount of the distribution to be made to UBS from the funds held in the property accounts for the Subject Properties. This agreement is contingent on the Court granting the instant motion, and approving the proposed distribution plan set forth herein. The proposed distribution plan is attached as Exhibit A, and provides for:

(a) payment of 100% of the approved maximum recommended distributions to the Individual Investor Lenders asserting an interest in Properties 108-113, as set forth in Exhibit B;

(b) a total recovery for the settlement of UBS's claim and the Receiver's avoidance claim with respect to Subject Properties in the amount of $1,600,000.00, which is comprised of (i) UBS liquidating and transferring the $417,974.96 balance in the reserve and escrow accounts it currently holds to itself or its chosen designee and (ii) a distribution from the property accounts for the Subject Properties to UBS in the aggregate amount of $1,182,025.04;

(c) payment to the Receiver's law firm for contested and uncontested fees allocated to the Subject Properties in the fourth quarter of 2024 in the amount of $11,777.52;

5

  (d) payment to the Receiver's law firm for contested and uncontested fees in the amount of $45,839.16 that were allocated to the Subject Properties in the Receiver's Fee Applications 1-25 but heretofore held back from payment pursuant to the Court's orders; and

  (e) transfer of the balance of all remaining funds from each separate account for the Subject Properties, including but not limited to any and all residual interest earned, to the Receiver's account for use in the administration of the Receivership Estate and/or as otherwise ordered by the Court.

  12. Contingent on the Court granting this Motion, UBS and the Receiver further agree as follows:

  (a) the Receiver will release and withdraw, with prejudice, his Avoidance Claim with respect to UBS (Dkt. 1740);

  (b) this agreement resolves all disputes of any kind or nature between and among the Receiver and UBS with respect to the Subject Properties—including but not limited to the sales of the properties, the claims process for the properties, the Receiver's fee applications, lien, and allocation of fees to the properties, priority determinations, and all objections thereto;

  (c) neither UBS nor the Receiver will appeal from or collaterally attack any rulings associated with the Subject Properties; and

  (d) any and all other claims, objections, or rights that might exist between or among the Receiver and UBS regarding the Subject Properties are hereby compromised and waived.

6

13. The foregoing agreement is a compromise of disputes and disagreements among or between the Receiver and UBS. The agreement does not constitute an admission of the validity of any claim, defense, argument, or position made or taken by the Receiver or UBS, and this agreement with respect to the Subject Properties does not establish a precedent as to any other property, in this litigation or any other litigation or dispute. Upon entry of an order granting this Motion and distributions consistent with such an order, all objections as to the Receiver's lien on or fees allocated to the Subject Properties will be compromised and waived. The agreement to not seek appeal from any rulings associated with the Subject Properties will be a further saving of time and resources for many involved in the Receivership. Effectively, as a result of the agreement and distribution, the claims and issues between UBS and the Receivership with respect to the Subject Properties have concluded

### IV. The Court Has the Authority to Make the Distributions Recommended by this Motion.

14. It is well-settled that the district courts have broad equitable powers and are afforded wide discretion in approving a distribution plan of receivership funds. *See, e.g., SEC v. Forex Asset Mgmt. LLC*, 242 F.3d 325, 331 (5th Cir. 2001); *SEC v. Enterprise Trust Co.*, 559 F.3d 649, 652 (7th Cir. 2009) ("District judges possess discretion to classify claims sensibly in receivership proceedings."); *SEC v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992).

15. Because the Receiver is a fiduciary and officer of this Court, the Court may give some weight to the "…Receiver's judgment of the most fair and equitable method of distribution." *CFTC v. Eustace*, No. 05-2973, 2008 WL 471574, at *5 (E.D. Pa. Feb. 19, 2008) (approving receiver's pro-rata distribution plan and recognizing that the receiver does not represent a particular group of investors or claimants but rather proposes a plan that is fair to all investors).

16. Based on the facts and circumstances, the Receiver believes that the distribution plan with respect to the Subject Properties as described in this motion is fair and equitable. The recommended distribution amounts represent complete payment of the recommended distribution amounts to the claimants found to be first-priority secured lenders for the Subject Properties, and a significant amount of the principal balance of UBS's second position liens. The Receiver has further determined that there are no other issues that he is aware of that would necessitate any further holdback from the amounts set forth above.

17. There are also additional savings of time and resources achieved based on the agreements reached between and among the Receiver and UBS. As a result of the agreements set forth in this motion, there are no objections that remain associated with the Receiver's lien or fees allocated to the Subject Properties, and the Receiver's withdrawal of his Avoidance Claim and UBS's agreement to not seek appeal from any rulings associated with the Subject Properties will further save time and resources for many involved in the Receivership. Effectively, if the Court grants this Motion, then as a result of the agreement and distribution, the claims and issues with respect the Subject Properties will have concluded.

**V.** **The Receiver Requests Authorization to Pay Fees Incurred in the Fourth Quarter 2024 and Fees Previously Held Back from the Property Accounts for the Subject Properties, and Authorization to Pay Fees Incurred During the Current Quarter or Thereafter from the Receiver's Account.**

18. The Receiver requests that the Court authorize the payment of fees allocated to the Subject Properties during the Fourth Quarter of 2024, which will be included in the Receiver's 26th Fee Application to be filed on or before February 14, 2025, from the respective property accounts without holdback of fees for allocated to the Subject Properties, which will be resolved if the instant motion is granted.

8

19. The Receiver further requests that the Court authorize the payment of fees allocated to the Subject Properties that have heretofore been held back from payment pursuant to the Court's orders. (Dkt. 1372, 1452, 1469, 1510, 1511, 1539, 1573, 1618, 1675, 1758, 1831)

20. The Receiver requests that the Court authorize the payment of fees allocated to the Subject Properties during the current quarter and any subsequent quarters from the Receiver's account. Throughout the negotiations with UBS, the Receiver endeavored to secure the largest amount of funds possible to be transferred to the Receiver's account for unsecured claims and administration of the Estate. If the Court grants this Motion and the property accounts are distributed in accordance with the distribution schedules described herein, then approximately $1.1 million will be transferred to the Receiver's account for the benefit of the unsecured creditors of the Estate. Accordingly, the Receiver requests authorization to pay the fees allocated to the Subject Properties during this period from the Receiver's account.

**VI.    The Receiver Has Provided Reasonable and Fair Notice of this Motion.**

21. Notice of this motion is being given to each of the claimants asserting a claim against the Subject Properties, as well as to each of the other claimants who have submitted claims in this matter. In addition, this motion will be made publicly available to all interested and potentially interested parties by posting a copy of it to the Receivership web site.

## Prayer for Relief

WHEREFORE, the Receiver seeks the following relief:

    a) a finding that adequate and fair notice has been provided to all interested and potentially interested parties of the claims process, the Receiver's

9

      recommendations with respect to the Subject Properties, the Receiver's and attorneys' fees and proposed fee allocations, and the current Motion;

b)    an order finding that the agreement between the Parties is fair, reasonable, and in the best interests of the Receivership Estate;

c)    a finding that the distribution schedule described herein and submitted herewith is fair and reasonable;

d)    approval of the payment from the accounts held for the Subject Properties of the Receiver's and attorneys' fees the Receiver allocated to the Subject Properties in the Fourth Quarter of 2024;

e)    approval of payment from the accounts held for the Subject Properties of the Receiver's and attorneys' fees the Receiver allocated to the Subject Properties that have been heretofore held back from payment pursuant to the Court's Orders;

f)    approval of payment from the Receiver's account of the Receiver's and attorneys' fees allocated to the Subject Properties in the current quarter and any subsequent quarters;

g)    an order authorizing UBS to liquidate the reserve and escrow accounts held for the Subject Properties and to transfer any remaining balances to itself or its chosen designee;

h)    approval of the distribution of funds as set forth in Exhibits A and B to this motion, with distributions to be made within as soon as such distributions can be reasonably achieved;

i) approval to transfer to the Receiver's account the net of the remaining balances in the accounts held for the Subject Properties after the distributions that the Court orders pursuant to this motion have been made, including any interest hereafter accruing, for use in the administration of the Receivership Estate and/or as otherwise ordered by the Court; and

j) such other relief as the Court deems fair and equitable.

Dated: February 11, 2025

Respectfully submitted,

/s/ Michael Rachlis

Michael Rachlis
Jodi Rosen Wine
Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone (312) 733-3950
mrachlis@rdaplaw.net
jwine@rdaplaw.net

# Exhibit A

**Exhibit A**
**Final Distribution Plan - Properties 108-113**

UBS AG (Claim number 2086)

| | | |
|---|---:|---|
| $ | 1,600,000.00 | Settlement Amount |
| $ | (417,974.96) | Reserve balances |
| $ | 1,182,025.04 | Cash from account |

| Property No. | Property | Account Balance as of 1/27/2025 | Holdbacks Fee Apps 1-25 | 26th Fee Application (Pending) | Net Available Current Balance | Distributions to Investors | Remaining Balance | Pro-Rata share | Distributions to UBS |
|---|---|---|---|---|---|---|---|---|---|
| 108 | 2800-06 E. 81st | $453,182.80 | $7,116.71 | $1,881.41 | $444,184.68 | $140,066.00 | $304,118.68 | 13.23% | $156,359.85 |
| 109 | 4750-52 S. Indiana | $774,678.52 | $8,085.48 | $2,219.65 | $764,373.39 | $0.00 | $764,373.39 | 33.25% | $392,995.61 |
| 110 | 5618 S. MLK | $633,295.23 | $8,150.11 | $1,858.16 | $623,286.96 | $282,417.54 | $340,869.42 | 14.83% | $175,254.90 |
| 111 | 6558 S. Vernon | $527,122.35 | $8,097.65 | $1,858.16 | $517,166.54 | $53,846.00 | $463,320.54 | 20.15% | $238,212.03 |
| 112 | 7450 S. Luella/2220 E 75th | $193,395.14 | $7,471.22 | $2,078.73 | $183,845.19 | $8,547.63 | $175,297.56 | 7.62% | $90,127.64 |
| 113 | 7840-42 S. Yates | $365,716.29 | $6,917.99 | $1,881.41 | $356,916.89 | $105,867.00 | $251,049.89 | 10.92% | $129,075.01 |
| | | $2,947,390.33 | $45,839.16 | $11,777.52 | $2,889,773.65 | $590,744.17 | $2,299,029.48 | 100.00% | $1,182,025.04 |
| | | | | | | | Reserve/escrow balance | | $417,974.96 |
| | | | | | | | Distribution to UBS | | $1,600,000.00 |

# Exhibit B

Exhibit B
Investor-Lender Distributions
Properties 108-113

| Property Address | Claimant Name | Lender Name | Claim Number | Amount Claimed (Invested in Property) | Secured Claim Remaining | Unsecured Claim (This Investment) | Pre-Rollover Distributions | Distributions Received on Property | Source of Distribution | Total Distributions Recvd on Investment | Max Potential Dist (Proceeds of Sales) | Distributions Recvd on Unsecured Claim | Max Potential Dist. (Unencumbered) | Receiver's Recommendation Notes | Final Proposed Distribution From Sales Proceeds |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2800 E 81st Street | Kendall Chenier | Kendall Chenier | 108-1144 | $ 340,395.00 | $ - | $ 182,837.11 | | $ - | | $ - | $ - | | $ 182,837.11 | Claimant had equity interest in property which he rolled to SSPH1 Portfolio 1 LLC at the time property was refinanced property | $ - |
| 2800 E 81st Street | Nicholas D. Rende and Pamela M. Rende | Nicholas D Rende or Pamela M Rende | 108-2048 | $ 430,000.00 | $ 430,000.00 | | | $ 289,934.00 | POC; DIS | $ 289,934.00 | $ 140,066.00 | | $ - | | $ 140,066.00 |
| 4750 S Indiana Avenue | Virginia Lieblein | Virginia Lieblein | 109-110 | $ 2,852.83 | $ - | $ 16,666.67 | | $ 1,827.61 | LSA | $ 1,827.61 | $ - | | $ 14,839.06 | Equity interest in property was partially rolled to unsecured promissory note before asset was split between original investor's heirs. Unsecured balance divided equally among the three heirs, including this claimant. | $ - |
| 4750 S Indiana Avenue | Jason Ragan - TSA | Vanguard, FBO Jason Ragan ? Roth IRA | 109-1133 | $ 80,000.00 | $ - | $ 80,000.00 | | $ 10,621.55 | POC | $ 10,621.55 | $ - | | $ 69,378.45 | Claimant agreed to rollover this loan to SSDF4 in November 2017 | $ - |
| 4750 S Indiana Avenue | Sarah Qiuhong Yang | Horizon Family Investments, LLC | 109-1272 | $ 100,000.00 | $ - | $ 100,000.00 | $ 4,066.67 | $ 5,001.34 | LSA | $ 9,068.01 | $ - | | $ 90,931.99 | Claimant agreed to rollover this loan to SSDF4 in December 2017. Amount in pre-rollover distributions field is return on SSDF4. | $ - |
| 4750 S Indiana Avenue | Kathleen Martin | Kathleen Martin | 109-246 | $ 50,000.00 | $ - | $ 16,666.67 | | $ 1,827.61 | LSA | $ 1,827.61 | $ - | | $ 14,839.06 | Equity interest in property was partially rolled to unsecured promissory note before asset was split between original investor's heirs. Unsecured balance divided equally among the three heirs, including this claimant. | $ - |
| 4750 S Indiana Avenue | Professional Real Estate Solutions, LLC / Edward J. | Professional Real Estate Solutions, LLC | 109-489 | $ 50,000.00 | | $ 50,000.00 | $ 3,656.04 | $ 36,795.09 | POC; LSA | $ 40,451.13 | $ - | | $ 9,548.87 | Claimant agreed to rollover this loan to unsecured promissory note in October 2017 | $ - |
| 4750 S Indiana Avenue | James Eng (JLE Investments LLC) | JLE Investments LLC | 109-501 | $ 13,204.91 | $ - | $ 13,204.91 | | $ 5,484.06 | LSA | $ 5,484.06 | $ - | | $ 7,720.85 | Claimant agreed to rollover this loan to unsecured promissory note in August 2017 | $ - |
| 4750 S Indiana Avenue | MID LLC by Carolyn Mize | MID LLC | 109-524 | | $ - | | | $ - | | $ - | $ - | | $ - | Duplicate of Claim No. 4-524 | $ - |
| 4750 S Indiana Avenue | SLB Ventures, LLC | SLB Ventures, LLC | 109-565 | $ 80,040.00 | $ - | $ 27,641.24 | | $ 84,309.48 | POC | $ 84,309.48 | $ - | | $ - | Claimant agreed to rollover this loan to unsecured promissory note. Principal and interest payments on loan and unsecured note exceed the amount of claimant's original loan. | $ - |
| 5618 S Martin Luther King Drive | Brian Shea | Advanta IRA Trust, LLC FBO Brian Shea IRA #6213202 | 110-1264 | $ 26,500.00 | $ 26,500.00 | | | $ 7,104.24 | LSA; Other | $ 7,104.24 | $ 19,395.76 | | $ - | | $ 19,395.76 |
| 5618 S Martin Luther King Drive | THE INCOME FUND, LLC Thomas Garlock, Managing Member | The Income Fund, LLC | 110-1421 | $ 429,650.00 | $ 429,650.00 | | | $ 166,628.22 | POC | $ 166,628.22 | $ 263,021.78 | | $ - | | $ 263,021.78 |
| 5618 S Martin Luther King Drive | Kevin Bybee, iPlanGroup Agent for Custodian FBO Kevin Bybee | Equity Trust Company Custodian FBO Kevin Bybee IRA | 110-497 | $ 200,000.00 | $ 200,000.00 | | | $ 208,069.12 | POC | $ 208,069.12 | $ - | | $ - | Principal and interest payments received by claimant exceed the amount of claimant's original loan | $ - |
| 5618 S Martin Luther King Drive | City of Chicago | City of Chicago | 110-693 | $ 4,527.80 | $ - | | | $ - | | $ - | $ - | | $ - | | $ - |
| 5618 S Martin Luther King Drive | Arthur Bertrand | Arthur L and Dinah F Bertrand | 110-892 | $ 50,000.00 | $ - | $ 50,000.00 | | $ 64,466.18 | POC | $ 64,466.18 | $ - | | $ - | Claimant agreed to rollover a part of this loan to unsecured promissory note. Principal and interest payments on loan and unsecured note exceed the amount of claimant's original loan. | $ - |
| 6558 S Vernon Avenue | Russell Waite | Russell Waite | 111-1120 | $ 220,119.00 | $ - | | | $ 226,683.20 | POC | $ 226,683.20 | $ - | | $ - | Claimant agreed to rollover this loan to unsecured promissory note in October 2017. Principal and interest payments on loan and unsecured note exceed the amount of claimant's original loan. | $ - |
| 6558 S Vernon Avenue | The Jacqueline C Rowe Living Trust | The Jacqueline C Rowe Living Trust | 111-139 | $ 50,000.00 | $ - | | | $ 20,458.33 | POC; LSA | $ 20,458.33 | $ - | | $ - | Claimant agreed to rollover this loan to SSDF4 in September 2017 | $ - |
| 6558 S Vernon Avenue | William and Janice J. Halbur | William and Janice J. Halbur | 111-2025 | $ 20,000.00 | $ - | | | $ 8,564.74 | POC | $ 8,564.74 | $ - | | $ - | Claimant agreed to rollover this loan to 7600 S Kingston and 7957 S Marquette in November 2017 | $ - |
| 6558 S Vernon Avenue | Verdell Michaux | iPlanGroup Agent for Custodian FBO Verdell Michaux IRA 3300474 | 111-2039 | $ 25,000.00 | $ 25,000.00 | | | $ 4,750.00 | LSA | $ 4,750.00 | $ 20,250.00 | | $ - | | $ 20,250.00 |
| 6558 S Vernon Avenue | The Peter Paul Nuspl Living Trust | The Peter Paul Nuspl Living Trust | 111-2044 | $ 100,000.00 | $ - | $ 100,000.00 | | $ 41,708.34 | LSA; Other | $ 41,708.34 | $ - | | $ 58,291.66 | Claimant agreed to rollover this loan to SSDF4 in August 2017 | $ - |
| 6558 S Vernon Avenue | Chad R Brown | iPlan Group Custodian FBO Chad Brown IRA # 3300471 | 111-294 | $ 170,000.00 | $ - | $ 30,979.28 | | $ 205,122.74 | POC; DIS | $ 205,122.74 | $ - | | $ - | Claimant agreed to rollover a part of this loan to unsecured promissory note in February 2018. Principal and interest payments on loan and unsecured note exceed the amount of claimant's original loan. | $ - |
| 6558 S Vernon Avenue | Paul N. Wilmesmeier | Paul N. Wilmesmeier | 111-300 | $ 50,000.00 | $ - | | | $ 23,341.74 | POC | $ 23,341.74 | $ - | | $ - | Claimant agreed to rollover this loan to 7927-29 S Essex in August 2017 | $ - |
| 6558 S Vernon Avenue | Kevin Lyons | American IRA, LLC FBO Kevin Lyons IRA #02799-14 | 111-610 | $ 25,000.00 | $ 15,654.22 | $ 9,345.78 | | | LSA | $ - | $ 15,654.22 | $ 7,762.58 | $ 1,583.20 | Claimant agreed to roll $9,345.78 of this loan to unsecured promissory note in July 2017 | $ 15,654.22 |
| 6558 S Vernon Avenue | Robert Guiney | Robert Guiney | 111-798 | $ 14,058.22 | $ - | $ 14,058.22 | | $ 53,905.60 | POC | $ 53,905.60 | $ - | | $ - | Principal and interest payments received by claimant exceed the amount of claimant's original loan | $ - |
| 6558 S Vernon Avenue | Pankaj Patel BDA EZ NJ VENTURES, LLC. | EZ NJ VENTURES, LLC | 111-920 | $ 50,000.00 | $ 35,941.78 | $ 14,058.22 | | $ 18,000.00 | POC | $ 18,000.00 | $ 17,941.78 | $ 2,594.88 | $ 11,463.34 | | $ 17,941.78 |

Exhibit B
Investor-Lender Distributions
Properties 108-113

| Property Address | Claimant Name | Lender Name | Claim Number | Amount Claimed (Invested in Property) | Secured Claim Remaining | Unsecured Claim (This Investment) | Pre-Rollover Distributions | Distributions Received on Property | Source of Distribution | Total Distributions Recvd on Investment | Max Potential Dist (Proceeds of Sales) | Distributions Recvd on Unsecured Claim | Max Potential Dist. (Unencumbered) | Receiver's Recommendation Notes | Final Proposed Distribution From Sales Proceeds |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7450 S Luella Avenue | James Tutsock | James A. Tutsock | 112-2057 | $ 180,517.00 | $ - | | | $ 42,872.74 | POC | $ 42,872.74 | $ - | | $ - | Claimant agreed to rollover this loan to 11117 S Longwood in July 2017 | $ - |
| 7450 S Luella Avenue | Brett Burnham | Burnham 401K Trust | 112-314 | $ 5,000.00 | $ 4,483.00 | | | $ 1,210.41 | LSA | $ 1,210.41 | $ 3,272.59 | | $ - | The Receiver recommends disallowing $517 because loan amount was $4,483 | $ 3,272.59 |
| 7450 S Luella Avenue | Kevin Bybee, iPlanGroup Agent for Custodian FBO Kevin Bybee | Equity Trust Company Custodian FBO Kevin Bybee IRA | 112-497 | $ 50,000.00 | $ - | $ 50,000.00 | | $ 38,709.89 | LSA | $ 38,709.89 | $ - | | $ 11,290.11 | Claimant agreed to rollover a part of this loan to unsecured promissory note in August 2017. Balance of principal was repaid. | $ - |
| 7450 S Luella Avenue | Gerry / Clarice Recamara | Gerry and Clarice Recamara | 112-618 | $ 30,000.00 | $ 8,743.09 | | | $ 3,468.05 | LSA | $ 3,468.05 | $ 5,275.04 | | $ - | Claimant agreed to roll loan to multiple properties. Transaction to roll loan to 6160 MLK equity fund was subsequently voided. | $ 5,275.04 |
| 7840 S Yates Avenue | Kendall Chenier | Kendall Chenier | 113-1144 | $ 326,589.00 | $ - | $ 212,850.92 | | $ - | | $ - | $ - | | $ 212,850.92 | Claimant had equity interest in property which he rolled to SSPH1 Portfolio 1 LLC at the time property was refinanced property | $ - |
| 7840 S Yates Avenue | Nicholas D. Rende and Pamela M. Rende | Nicholas D Rende or Pamela M Rende | 113-2048 | $ 400,000.00 | $ 400,000.00 | | | $ 294,133.00 | POC; DIS | $ 294,133.00 | $ 105,867.00 | | $ - | | $ 105,867.00 |
| | | | | $ 2,507,001.02 | $ 1,575,972.09 | | | | | $ 590,744.17 | $ 685,574.62 | | | | $ 590,744.17 |