**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** ) ) ) ) | |
| Plaintiff, ) | Civil Action No. 18-cv-5587 |
| ) | |
| v. ) | Hon. Manish S. Shah |
| ) | |
| **EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,** ) ) ) ) | Magistrate Judge Young B. Kim |
| Defendants. ) ) | |

**MOTION TO AMEND ORDER APPROVING DISTRIBUTION
OF PROCEEDS FROM THE SALE OF GROUP 6 PROPERTIES 108-113**

Kevin B. Duff, as receiver ("Receiver") for the Estate of Defendants EquityBuild, Inc. ("EquityBuild"), EquityBuild Finance, LLC ("EquityBuild Finance"), their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen (collectively, the "Receivership Defendants"), hereby moves for entry of an Amended Order Approving Distribution of Proceeds from the Sale of Group 6 Properties 108-113, because the Receiver amends his recommendation with respect to Claim No. 112-314 asserting an interest in the property located at 7450 S Luella Avenue, a/k/a 2220 E 75th Street (Property 112). In support of his Motion, the Receiver states as follows:

1. On March 5, 2025 this Court entered an Order Approving Distribution of Proceeds from the Sales of Group 6 Properties 108-113 ("Distribution Order"). (Dkt. 1854)

2. On March 6, 2025, in anticipation of making the distributions pursuant to the Distribution Order, the Receiver discovered an error with respect to Claim No. 112-314 submitted

1

by Brett Burnham on behalf of the Burnham 401K Trust. Upon further review, the Receiver established that claimant released his secured interest in the property, and was repaid $1,415.62 in principal and an additional $1,273.86 on an unsecured promissory note, and these $2,689.48 additional payments were not reflected on Exhibit 2 to the Distribution Order. Accordingly, the Receiver attaches as Exhibit A to this motion an Amended Distribution Order reflecting on Amended Exhibit 2 thereto that claim 112-314 is an unsecured claim against unencumbered assets of the Estate with a maximum recommended distribution from unencumbered assets of the estate in the amount of $583.11, and changing the total amount of distributions to investor lenders from Property 112 on Amended Exhibit 1 thereto.

3. On March 7, 2025, the Receiver informed the claimant of the error and the Receiver's amended recommendation, and requested that claimant provide any basis he had to disagree with the Receiver's analysis by Wednesday, March 12, 2025. Claimant responded to the Receiver's email, and while claimant's response to the Receiver's email confirms that claimant received the amended analysis of the claim, it provided no basis to disagree with the amended recommendation. (Exhibit B)

4. The requested amendment will not delay or affect the remaining distributions pursuant to the Distribution Order.

WHEREFORE, the Receiver respectfully requests this Court to grant his Motion to enter the Amended Order Approving Distribution of Proceeds from the Sales of Group 6 Properties 108-113 that is attached as Exhibit A hereto.

Dated: March 14, 2025                               Kevin B. Duff, Receiver

                                          By:    /s/ Michael Rachlis

                                                 Michael Rachlis
                                                 Jodi Rosen Wine

Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone (312) 733-3950
mrachlis@rdaplaw.net
jwine@rdaplaw.net

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,<br><br>Defendants. | Case No. 1:18-cv-5587<br><br>Hon. Manish S. Shah |

**AMENDED ORDER APPROVING DISTRIBUTION OF PROCEEDS
FROM THE SALES OF GROUP 6 PROPERTIES 108-113**

WHEREAS, this matter came before the Court in the Group 6 Claims Resolution Process (Dkt. 941, 1637) and on the motion (Dkt. 1839, the "Motion") filed by Kevin B. Duff, as receiver for the Estate of Defendants EquityBuild, Inc., EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen ("Receiver"), for approval of an agreed plan and order for the distribution of the proceeds from the sales of the following six properties (the "Subject Properties"):

 1. 2800-06 E 81st Street (Property 108)

 2. 4570-52 S Indiana Avenue (Property 109)

 3. 5618-20 S Martin Luther King Drive (Property 110)

 4. 6558 S Vernon Avenue (Property 111)

 5. 7450 S Luella Avenue a/k/a 2220 E 75th (Property 112)

 6. 7840-42 S Yates Avenue (Property 113)

WHEREAS, over the objection of claimant UBS AG ("UBS"), the Receiver sold the Subject Properties on the following dates with the Court's approval:

Exhibit A

      a.   7450 S Luella (Property 112) was sold on May 7, 2020 (Dkt. 680 at 3-4)

      b.   5618 S MLK (Property 110) was sold on September 29, 2020 (Dkt. 802 at 19-20)

      c.   6558 S Vernon (Property 111) was sold on October 15, 2020 (Dkt. 802 at 20-21)

      d.   4570-52 S Indiana (Property 109) was sold on April 21, 2021 (Dkt. 966 at 13)

      e.   7840 S Yates (Property 113) was sold on April 23, 2021 (Dkt. 966 at 13)

      f.   2800 E 81st (Property 108) was sold on April 30, 2021 (Dkt. 966 at 12)

The foregoing sales were free and clear of all mortgages and encumbrances, and the net proceeds of sale for each of the Subject Properties was deposited into a separate interest-bearing account held by the Receiver pursuant to court order. (Dkt. 680 at 18; Dkt. 802 at 21; Dkt 966 at 13-14) Consistent with the Court's rulings in this case, all mortgages, liens, claims, and encumbrances attached to the sales proceeds with the same force, validity, status, and effect, if any, as they had against the property being sold. Additional deposits and withdrawals have been made to and from these property accounts, as reported in the Receiver's quarterly status reports. (Dkt. 757, 839, 930, 985, 1017, 1077, 1164, 1243, 1280, 1328, 1379, 1448, 1516, 1535, 1589, 1652, 1722, 1771)

      WHEREAS, the Court approved a claims process as to which fair and adequate notice was provided to all potentially interested persons and all were provided a full and fair opportunity to submit claims and supporting information. (*E.g.*, Dkt. 941) The Court also determined that a summary process for adjudication of allegedly competing secured claims as to those properties, addressing claims against groups of properties on a seriatim basis, was necessary, appropriate, and afforded due process to all claimants and interested persons. (*Id.*)

      WHEREAS, the Court initiated the summary process for the resolution of Group 6 claims on April 1, 2024. (Dkt. 1637) Pursuant to that process, the Receiver submitted his

recommendations with respect to the claims asserting an interest in the Subject Properties, and further disclosed his position that the security interest given by EquityBuild to UBS in the Group Subject Properties constituted a voidable fraudulent transfer under the Illinois Uniform Fraudulent Transfer Act, 740 ILCS 160 (hereinafter the Receiver's "Avoidance Claim"). (Dkt. 1740)  The Court subsequently deferred briefing on the Receiver's Avoidance Claim and UBS's Motion for Leave to Take Further Discovery on the Avoidance Claim (Dkt. 1746), pending resolution of the priority disputes (Dkt. 1750).  Following the submission of Position Statements by the SEC, UBS, and certain of the investor lender claimants, as well as these parties' and the Receiver's responsive statements (Dkt. 1740, 1755, 1756, 1765, 1766, 1767, 1769), the Court entered a December 23, 2024 Memorandum Opinion and Order on the priority dispute regarding the Subject Properties, finding that the Individual Investors have priority to the proceeds from the sale of each of the Subject Properties except for the proceeds from the sale of 4750 S Indiana Avenue (Property 109), to which UBS has a first position lien. (Dkt. 1818)

  WHEREAS, subsequently, the Receiver engaged in settlement discussions with UBS, pursuant to which the Receiver and UBS reached a negotiated agreement as to the amount of the distribution to be made to the Individual Investor Lenders and UBS from the funds held in the property accounts for the Subject Properties, as well as other distributions and transfers, consistent with the following:

  (a) payment of 100% of the approved maximum recommended distributions to the Individual Investor Lenders asserting an interest in Properties 108-113, as set forth in Exhibit B to the Motion;

  (b) a total recovery for the settlement of UBS's claim and the Receiver's Avoidance Claim with respect to the Subject Properties in the amount of $1,600,000.00,

which is comprised of (i) UBS liquidating and transferring the $417,974.96 balance in the reserve and escrow accounts it currently holds to itself or its chosen designee, and (ii) a distribution from the property accounts for the Subject Properties to UBS in the aggregate amount of $1,182,025.04;

(c) payment to the Receiver's law firm for contested and uncontested fees allocated to the Subject Properties in the fourth quarter of 2024 in the amount of $11,777.52;

(d) payment to the Receiver's law firm for contested and uncontested fees in the amount of $45,839.16 that were allocated to the Subject Properties in the Receiver's Fee Applications 1-25 but heretofore held back from payment pursuant to the Court's orders; and

(e) transfer of the balance of all remaining funds from each separate account for the Subject Properties, including but not limited to any and all residual interest earned, to the Receiver's account for use in the administration of the Receivership Estate and/or as otherwise ordered by the Court.

WHEREAS, on February 11, 2025, the Receiver submitted the Motion with the agreed distributions set forth in Exhibits A and B to the Motion, and setting forth additional terms agreed upon by UBS and the Receiver, contingent on the Court granting the Motion and recommended distributions (Dkt. 1839), namely:

(a) the Receiver will release and withdraw, with prejudice, his Avoidance Claim with respect to UBS (Dkt. 1740);

(b) this agreement resolves all disputes of any kind or nature between and among the Receiver and UBS with respect to the Subject Properties—including but not

4

limited to the sales of the properties, the claims process for the properties, the Receiver's fee applications, lien, and allocation of fees to the properties, priority determinations, and all objections thereto;

(c) neither UBS nor the Receiver will appeal from or collaterally attack any rulings associated with the Subject Properties; and

(d) any and all other claims, objections, or rights that might exist between or among the Receiver and UBS regarding the Subject Properties are hereby compromised and waived such that UBS will receive nothing further from the Receivership Estate;

WHEREAS, the Motion and agreed distribution plans set forth in Exhibits A and B to the Motion were served by electronic mail upon all claimants who have asserted claims against the Subject Properties, as well as upon all individuals or entities that submitted a proof of claim in this action (sent to the e-mail address each claimant provided on the claim form or subsequently updated).

WHEREAS, on February 12, 2025, UBS filed its Motion to Withdraw its Motion for Leave to Take Further Discovery on the Receiver's Avoidance Claim, requesting the Court grant UBS's request to withdraw its Motion for Leave to Take Further Discovery on the Receiver's avoidance claim (Dkt. 1746) effective upon entry of an order by the Court granting the Motion (the "Motion to Withdraw," Dkt. 1842).

WHEREAS, on February 12, 2025, the Court ordered that any objections to the proposed Group 6 settlement and distributions must be filed by February 18, 2025, and, if no objections were filed, the motion would be considered unopposed. (Dkt. 1841) No objections were filed and the Receiver did not receive any objections directly from claimants.

NOW, THEREFORE, the Court hereby finds and ORDERS:

1. The Motion is GRANTED.

2. The Motion to Withdraw is GRANTED.

3. The distribution plan submitted by the Receiver and agreed to by UBS is fair, reasonable, and in the best interests of the Receivership Estate and is hereby approved.

4. Adequate and fair notice has been provided to all interested and potentially interested parties (including but not limited to all lienholders in the chain of title) of the claims process for the resolution of disputed claims and determination of secured interests, the Receiver's fees and proposed fee allocations, the Motion and agreed distributions, and all interested or potentially interested parties have had a full and fair opportunity to participate in the claims process and to assert their interests and any objections to the Motion or the agreed distribution plans.

5. As soon as such distributions can be reasonably achieved, the Receiver shall disburse to UBS a total of $1,182,025.04 from the accounts held for the Subject Properties, in the amounts set forth on Amended Exhibit 1, and the Receiver shall disburse a total of $587,471.58 to the investor lender claimants, in the respective amounts identified on Amended Exhibit 2, in resolution of the claims against the Subject Properties.

6. UBS is further granted relief from the stay imposed in the Order Appointing Receiver (Dkt. 16) to the extent that it may liquidate the reserve or escrow accounts held with respect to the Subject Properties and transfer any remaining balances to itself or its designee(s).

7. The Court approves the allocation of fees to the Subject Properties set forth in the Receiver's pending 26th Fee Application. (Dkt. 1846) Because the Court intends that this be a final distribution, there will not be any holdbacks of professional fees or expenses associated with the Receiver's fee applications or fee allocation motions upon the distribution of proceeds to claimants. Accordingly, as soon as such distributions can be reasonably achieved, the Receiver shall disburse from the respective accounts held for the Subject Properties, as set forth on Exhibit 1, a total of $11,777.52 in payment of the fees allocated to the Subject Properties in the Receiver's 26th Fee Application, and a total of $45,839.16 in payment of the fees previously held back pursuant to the Court's orders. (Dkt. 1372, 1452, 1469, 1510, 1511, 1539, 1573, 1675, 1758, 1831)

8. Following the distributions ordered herein, the net of the remaining balance of the property accounts for the Subject Properties, including any interest hereafter accruing, shall be transferred to the Receiver's account for use in the administration of the Receivership Estate and/or as otherwise ordered by the Court, and any approved fees that are allocated to the Subject Properties in fee applications for the current quarter and any subsequent quarters may be paid from the Receiver's account.

Entered:

_____
Manish S. Shah
United States District Court Judge

Date:_____

**Amended Exhibit 1**
**Final Distribution Plan - Properties 108-113**

UBS AG (Claim number 2086)

| | | |
|---|---:|---|
| $ | 1,600,000.00 | Settlement Amount |
| $ | (417,974.96) | Reserve balances |
| $ | 1,182,025.04 | Cash from account |

| Property No. | Property | Account Balance as of 1/27/2025 | Holdbacks Fee Apps 1-25 | 26th Fee Application (Pending) | Net Available Current Balance | Distributions to Investors | Remaining Balance | Distributions to UBS |
|---|---|---|---|---|---|---|---|---|
| 108 | 2800-06 E. 81st | $453,182.80 | $7,116.71 | $1,881.41 | $444,184.68 | $140,066.00 | $304,118.68 | $156,359.85 |
| 109 | 4750-52 S. Indiana | $774,678.52 | $8,085.48 | $2,219.65 | $764,373.39 | $0.00 | $764,373.39 | $392,995.61 |
| 110 | 5618 S. MLK | $633,295.23 | $8,150.11 | $1,858.16 | $623,286.96 | $282,417.54 | $340,869.42 | $175,254.90 |
| 111 | 6558 S. Vernon | $527,122.35 | $8,097.65 | $1,858.16 | $517,166.54 | $53,846.00 | $463,320.54 | $238,212.03 |
| 112 | 7450 S. Luella/2220 E 75th | $193,395.14 | $7,471.22 | $2,078.73 | $183,845.19 | $5,275.04 | $178,570.15 | $90,127.64 |
| 113 | 7840-42 S. Yates | $365,716.29 | $6,917.99 | $1,881.41 | $356,916.89 | $105,867.00 | $251,049.89 | $129,075.01 |
| | | $2,947,390.33 | $45,839.16 | $11,777.52 | $2,889,773.65 | $587,471.58 | $2,302,302.07 | $1,182,025.04 |
| | | | | | | | Reserve/escrow balance | $417,974.96 |
| | | | | | | | Distribution to UBS | $1,600,000.00 |

Amended Exhibit 2
Investor-Lender Distributions
Properties 108-113

| Property Address | Claimant Name | Lender Name | Claim Number | Amount Claimed (Invested in Property) | Secured Claim Remaining | Unsecured Claim (This Investment) | UPN and Pre-Rollover Distributions | Distributions Received on Property | Source of Distribution | Total Distributions Received on Investment | Max Potential Distribution (Proceeds of Sales) | Distributions Received on Unsecured Claim | Max Potential Distribution (Unencumbered) | Receiver's Recommendation Notes | Final Proposed Distribution From Sales Proceeds |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2800 E 81st Street | Kendall Chenier | Kendall Chenier | 108-1144 | $ 340,395.00 | $ - | $ 182,837.11 | | $ - | | $ - | $ - | | $ 182,837.11 | Claimant had equity interest in property which he rolled to SSPH1 Portfolio 1 LLC at the time property was refinanced property | $ - |
| 2800 E 81st Street | Nicholas D. Rende and Pamela M. Rende | Nicholas D Rende or Pamela M Rende | 108-2048 | $ 430,000.00 | $ 430,000.00 | | | $ 289,934.00 | POC; DIS | $ 289,934.00 | $ 140,066.00 | | $ - | | $ 140,066.00 |
| 4750 S Indiana Avenue | Virginia Lieblein | Virginia Lieblein | 109-110 | $ 2,852.83 | $ - | $ 16,666.67 | | $ 1,827.61 | LSA | $ 1,827.61 | $ - | | $ 14,839.06 | Equity interest in property was partially rolled to unsecured promissory note before asset was split between original investor's heirs. Unsecured balance divided equally among the three heirs, including this claimant. | $ - |
| 4750 S Indiana Avenue | Jason Ragan - TSA | Vanguard, FBO Jason Ragan - Roth IRA 85346124 | 109-1133 | $ 80,000.00 | $ - | $ 80,000.00 | | $ 10,621.55 | POC | $ 10,621.55 | $ - | | $ 69,378.45 | Claimant agreed to rollover this loan to SSDF4 in November 2017 | $ - |
| 4750 S Indiana Avenue | Sarah Qiuhong Yang | Horizon Family Investments, LLC | 109-1272 | $ 100,000.00 | $ - | $ 100,000.00 | $ 4,066.67 | $ 5,001.34 | LSA | $ 9,068.01 | $ - | | $ 90,931.99 | Claimant agreed to rollover this loan to SSDF4 in December 2017. Amount in pre-rollover distributions field is return on SSDF4. | $ - |
| 4750 S Indiana Avenue | Kathleen Martin | Kathleen Martin | 109-246 | $ 50,000.00 | $ - | $ 16,666.67 | | $ 1,827.61 | LSA | $ 1,827.61 | $ - | | $ 14,839.06 | Equity interest in property was partially rolled to unsecured promissory note before asset was split between original investor's heirs. Unsecured balance divided equally among the three heirs, including this claimant. | $ - |
| 4750 S Indiana Avenue | Professional Real Estate Solutions, LLC / Edward J. Netzel | Professional Real Estate Solutions, LLC | 109-489 | $ 50,000.00 | $ - | $ 50,000.00 | $ 3,656.04 | $ 36,795.09 | POC; LSA | $ 40,451.13 | $ - | | $ 9,548.87 | Claimant agreed to rollover this loan to unsecured promissory note in October 2017 | $ - |
| 4750 S Indiana Avenue | James Eng (JLE Investments LLC) | JLE Investments LLC | 109-501 | $ 13,204.91 | $ - | $ 13,204.91 | | $ 5,484.06 | LSA | $ 5,484.06 | $ - | | $ 7,720.85 | Claimant agreed to rollover this loan to unsecured promissory note in August 2017 | $ - |
| 4750 S Indiana Avenue | MID LLC by Carolyn Mize | MID LLC | 109-524 | | $ - | | | $ - | | $ - | $ - | | $ - | Duplicate of Claim No. 4-524 | $ - |
| 4750 S Indiana Avenue | SLB Ventures, LLC | SLB Ventures, LLC | 109-565 | $ 80,040.00 | $ - | $ 27,641.24 | | $ 84,309.48 | POC | $ 84,309.48 | $ - | | $ - | Claimant agreed to rollover this loan to unsecured promissory note. Principal and interest payments on loan and unsecured note exceed the amount of claimant's original loan. | $ - |
| 5618 S Martin Luther King Drive | Brian Shea | Advanta IRA Trust, LLC FBO Brian Shea IRA #6213202 | 110-1264 | $ 26,500.00 | $ 26,500.00 | | | $ 7,104.24 | LSA; Other | $ 7,104.24 | $ 19,395.76 | | $ - | | $ 19,395.76 |
| 5618 S Martin Luther King Drive | THE INCOME FUND, LLC Thomas Garlock, Managing Member | The Income Fund, LLC | 110-1421 | $ 429,650.00 | $ 429,650.00 | | | $ 166,628.22 | POC | $ 166,628.22 | $ 263,021.78 | | $ - | | $ 263,021.78 |
| 5618 S Martin Luther King Drive | Kevin Bybee, iPlanGroup Agent for Custodian FBO Kevin Bybee | Equity Trust Company Custodian FBO Kevin Bybee IRA | 110-497 | $ 200,000.00 | $ 200,000.00 | | | $ 208,069.12 | POC | $ 208,069.12 | $ - | | $ - | Principal and interest payments received by claimant exceed the amount of claimant's original loan | $ - |
| 5618 S Martin Luther King Drive | City of Chicago | City of Chicago | 110-693 | $ 4,527.80 | $ - | | | $ - | | $ - | $ - | | $ - | | $ - |
| 5618 S Martin Luther King Drive | Arthur Bertrand | Arthur L and Dinah F Bertrand | 110-892 | $ 50,000.00 | $ - | $ 50,000.00 | | $ 64,466.18 | POC | $ 64,466.18 | $ - | | $ - | Claimant agreed to rollover a part of this loan to unsecured promissory note. Principal and interest payments on loan and unsecured note exceed the amount of claimant's original loan. | $ - |
| 6558 S Vernon Avenue | Russell Waite | Russell Waite | 111-1120 | $ 220,119.00 | $ - | | | $ 226,683.20 | POC | $ 226,683.20 | $ - | | $ - | Claimant agreed to rollover this loan to unsecured promissory note in October 2017. Principal and interest payments on loan and unsecured note exceed the amount of claimant's original loan. | $ - |
| 6558 S Vernon Avenue | The Jacqueline C Rowe Living Trust | The Jacqueline C Rowe Living Trust | 111-139 | $ 50,000.00 | $ - | | | $ 20,458.33 | POC; LSA | $ 20,458.33 | $ - | | $ - | Claimant agreed to rollover this loan to SSDF4 in September 2017 | $ - |
| 6558 S Vernon Avenue | William and Janice J. Halbur | William and Janice J. Halbur | 111-2025 | $ 20,000.00 | $ - | | | $ 8,564.74 | POC | $ 8,564.74 | $ - | | $ - | Claimant agreed to rollover this loan to 7600 S Kingston and 7957 S Marquette in November 2017 | $ - |
| 6558 S Vernon Avenue | Verdell Michaux | iPlanGroup Agent for Custodian FBO Verdell Michaux IRA 3300474 | 111-2039 | $ 25,000.00 | $ 25,000.00 | | | $ 4,750.00 | LSA | $ 4,750.00 | $ 20,250.00 | | $ - | | $ 20,250.00 |
| 6558 S Vernon Avenue | The Peter Paul Nuspl Living Trust | The Peter Paul Nuspl Living Trust | 111-2044 | $ 100,000.00 | $ - | $ 100,000.00 | | $ 41,708.34 | LSA; Other | $ 41,708.34 | $ - | | $ 58,291.66 | Claimant agreed to rollover this loan to SSDF4 in August 2017 | $ - |
| 6558 S Vernon Avenue | Chad R Brown | iPlan Group Custodian FBO Chad Brown IRA # 3300471 | 111-294 | $ 170,000.00 | $ - | $ 30,979.28 | | $ 205,122.74 | POC; DIS | $ 205,122.74 | $ - | | $ - | Claimant agreed to rollover a part of this loan to unsecured promissory note in February 2018. Principal and interest payments on loan and unsecured note exceed the amount of claimant's original loan. | $ - |
| 6558 S Vernon Avenue | Paul N. Wilmesmeier | Paul N. Wilmesmeier | 111-300 | $ 50,000.00 | $ - | | | $ 23,341.74 | POC | $ 23,341.74 | $ - | | $ - | Claimant agreed to rollover this loan to 7927-29 S Essex in August 2017 | $ - |
| 6558 S Vernon Avenue | Kevin Lyons | American IRA, LLC FBO Kevin Lyons IRA #02799-14 | 111-610 | $ 25,000.00 | $ 15,654.22 | $ 9,345.78 | | | LSA | $ - | $ 15,654.22 | $ 7,762.58 | $ 1,583.20 | Claimant agreed to roll $9,345.78 of this loan to unsecured promissory note in July 2017 | $ 15,654.22 |
| 6558 S Vernon Avenue | Robert Guiney | Robert Guiney | 111-798 | $ 14,058.22 | $ - | $ 14,058.22 | | $ 53,905.60 | POC | $ 53,905.60 | $ - | | $ - | Principal and interest payments received by claimant exceed the amount of claimant's original loan | $ - |

Amended Exhibit 2
Investor-Lender Distributions
Properties 108-113

| Property Address | Claimant Name | Lender Name | Claim Number | Amount Claimed (Invested in Property) | Secured Claim Remaining | Unsecured Claim (This Investment) | UPN and Pre-Rollover Distributions | Distributions Received on Property | Source of Distribution | Total Distributions Received on Investment | Max Potential Distribution (Proceeds of Sales) | Distributions Received on Unsecured Claim | Max Potential Distribution (Unencumbered) | Receiver's Recommendation Notes | Final Proposed Distribution From Sales Proceeds |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6558 S Vernon Avenue | Pankaj Patel BDA EZ NJ VENTURES, LLC. | EZ NJ VENTURES, LLC | 111-920 | $ 50,000.00 | $ 35,941.78 | $ 14,058.22 | | $ 18,000.00 | POC | $ 18,000.00 | $ 17,941.78 | $ 2,594.88 | $ 11,463.34 | Claimant agreed to rollover a part of this loan to unsecured promissory note in January 2018 | $ 17,941.78 |
| 7450 S Luella Avenue | James Tutsock | James A. Tutsock | 112-2057 | $ 180,517.00 | $ - | | | $ 42,872.74 | POC | $ 42,872.74 | $ - | | $ - | Claimant agreed to rollover this loan to 11117 S Longwood in July 2017 | $ - |
| 7450 S Luella Avenue | Brett Burnham | Burnham 401K Trust | 112-314 | $ 5,000.00 | $ - | $ 4,483.00 | $ 2,689.48 | $ 1,210.41 | LSA; Other | $ 3,899.89 | $ - | | $ 583.11 | The Receiver recommends disallowing $517 because loan amount was $4,483. Claimant agreed to rollover this loan to unsecured promissory note in September 2017. | - |
| 7450 S Luella Avenue | Kevin Bybee, iPlanGroup Agent for Custodian FBO Kevin Bybee | Equity Trust Company Custodian FBO Kevin Bybee IRA | 112-497 | $ 50,000.00 | $ - | $ 50,000.00 | | $ 38,709.89 | LSA | $ 38,709.89 | $ - | | $ 11,290.11 | Claimant agreed to rollover a part of this loan to unsecured promissory note in August 2017. Balance of principal was repaid. | $ - |
| 7450 S Luella Avenue | Gerry / Clarice Recamara | Gerry and Clarice Recamara | 112-618 | $ 30,000.00 | $ 8,743.09 | | | $ 3,468.05 | LSA | $ 3,468.05 | $ 5,275.04 | $ - | | Claimant agreed to rollover this loan to multiple properties. Transaction to roll loan to 6160 MLK equity fund was subsequently voided. | $ 5,275.04 |
| 7840 S Yates Avenue | Kendall Chenier | Kendall Chenier | 113-1144 | $ 326,589.00 | $ - | $ 212,850.92 | | $ - | | $ - | $ - | | $ 212,850.92 | Claimant had equity interest in property which he rolled to SSPH1 Portfolio 1 LLC at the time property was refinanced property | $ - |
| 7840 S Yates Avenue | Nicholas D. Rende and Pamela M. Rende | Nicholas D Rende or Pamela M Rende | 113-2048 | $ 400,000.00 | $ 400,000.00 | | | $ 294,133.00 | POC; DIS | $ 294,133.00 | $ 105,867.00 | $ - | | | $ 105,867.00 |
| | | | | $ 2,507,001.02 | $ 1,571,489.09 | | | | | $ 587,471.58 | | $ 686,157.73 | | | $ 587,471.58 |

**From:** Burnham Fam
**To:** equitybuildclaims@rdaplaw.net
**Subject:** Re: SEC v. EquityBuild, Inc. - Burnham 401K Trust, Claim 112-314
**Date:** Friday, March 7, 2025 3:11:16 PM

Can't wait for this nightmare to be over

On Fri, Mar 7, 2025 at 4:08 PM <equitybuildclaims@rdaplaw.net> wrote:

> Mr. Burnham:
>
> On March 5, 2025 the Court entered an order approving distributions consistent with the Receiver's recommendations with respect to certain Group 6 properties, including 7450 Luella/ 2220 E 75th (Property 112).
>
> We subsequently found an error with respect to your claim 112-314. Because you were repaid $1,415.62 of the principal amount of your loan secured by this property on or about October 19, 2017, and the balance of the loan was rolled to an unsecured promissory note on which you received an additional $1,273.86 principal and interest payments, we will be asking the Court to amend its order.
>
> Instead of a secured claim entitled to a distribution from the proceeds of sale of Property 112, we will ask the Court to treat your claim as unsecured, with a maximum distribution from unencumbered funds of the estate (for this particular loan) in the amount of $583.11, as follows:
>
>   $4,483.00     amount of loan
>
> -$1,210.41     interest paid prior to rollover
>
> -$1,415.62     principal repayment
>
> <u>-$1,273.86</u>     paid on UPN
>
>    $583.11     Max distribution unencumbered estate funds
>
> Please let us know if you have any basis to disagree with the foregoing analysis by next Wednesday, March 12, 2025.
>
> Sincerely,



Exhibit B

Receivership Estate of EquityBuild, Inc., et al.
c/o Rachlis Duff & Peel, LLC
542 S. Dearborn St., Suite 900
Chicago, IL 60605
312-733-3950  main
312-733-3952  fax
equitybuildclaims@rdaplaw.net

RACHLIS DUFF & PEEL, LLC E-MAIL CONFIDENTIAL NOTICE
This transmission may be: (1) subject to the Attorney-Client Privilege, (2) an attorney work product, or (3) strictly confidential.  If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this information.  If you have received this in error, please reply and notify the sender (only) and delete the message. Unauthorized interception of this e-mail is a violation of federal criminal law.