UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Case No. 1:18-cv-5587 |
| v. | Hon. Manish S. Shah |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | |
| Defendants. | |

**AMENDED ORDER APPROVING DISTRIBUTION OF PROCEEDS
FROM THE SALES OF GROUP 6 PROPERTIES 108-113**

WHEREAS, this matter came before the Court in the Group 6 Claims Resolution Process (Dkt. 941, 1637) and on the motion (Dkt. 1839, the "Motion") filed by Kevin B. Duff, as receiver for the Estate of Defendants EquityBuild, Inc., EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen ("Receiver"), for approval of an agreed plan and order for the distribution of the proceeds from the sales of the following six properties (the "Subject Properties"):

1. 2800-06 E 81st Street (Property 108)

2. 4570-52 S Indiana Avenue (Property 109)

3. 5618-20 S Martin Luther King Drive (Property 110)

4. 6558 S Vernon Avenue (Property 111)

5. 7450 S Luella Avenue a/k/a 2220 E 75th (Property 112)

6. 7840-42 S Yates Avenue (Property 113)

WHEREAS, over the objection of claimant UBS AG ("UBS"), the Receiver sold the Subject Properties on the following dates with the Court's approval:

    a. 7450 S Luella (Property 112) was sold on May 7, 2020 (Dkt. 680 at 3-4)

    b. 5618 S MLK (Property 110) was sold on September 29, 2020 (Dkt. 802 at 19-20)

    c. 6558 S Vernon (Property 111) was sold on October 15, 2020 (Dkt. 802 at 20-21)

    d. 4570-52 S Indiana (Property 109) was sold on April 21, 2021 (Dkt. 966 at 13)

    e. 7840 S Yates (Property 113) was sold on April 23, 2021 (Dkt. 966 at 13)

    f. 2800 E 81st (Property 108) was sold on April 30, 2021 (Dkt. 966 at 12)

The foregoing sales were free and clear of all mortgages and encumbrances, and the net proceeds of sale for each of the Subject Properties was deposited into a separate interest-bearing account held by the Receiver pursuant to court order. (Dkt. 680 at 18; Dkt. 802 at 21; Dkt 966 at 13-14) Consistent with the Court's rulings in this case, all mortgages, liens, claims, and encumbrances attached to the sales proceeds with the same force, validity, status, and effect, if any, as they had against the property being sold. Additional deposits and withdrawals have been made to and from these property accounts, as reported in the Receiver's quarterly status reports. (Dkt. 757, 839, 930, 985, 1017, 1077, 1164, 1243, 1280, 1328, 1379, 1448, 1516, 1535, 1589, 1652, 1722, 1771)

    WHEREAS, the Court approved a claims process as to which fair and adequate notice was provided to all potentially interested persons and all were provided a full and fair opportunity to submit claims and supporting information. (*E.g.,* Dkt. 941) The Court also determined that a summary process for adjudication of allegedly competing secured claims as to those properties, addressing claims against groups of properties on a seriatim basis, was necessary, appropriate, and afforded due process to all claimants and interested persons. (*Id.*)

    WHEREAS, the Court initiated the summary process for the resolution of Group 6 claims on April 1, 2024. (Dkt. 1637) Pursuant to that process, the Receiver submitted his

recommendations with respect to the claims asserting an interest in the Subject Properties, and further disclosed his position that the security interest given by EquityBuild to UBS in the Group Subject Properties constituted a voidable fraudulent transfer under the Illinois Uniform Fraudulent Transfer Act, 740 ILCS 160 (hereinafter the Receiver's "Avoidance Claim"). (Dkt. 1740) The Court subsequently deferred briefing on the Receiver's Avoidance Claim and UBS's Motion for Leave to Take Further Discovery on the Avoidance Claim (Dkt. 1746), pending resolution of the priority disputes (Dkt. 1750). Following the submission of Position Statements by the SEC, UBS, and certain of the investor lender claimants, as well as these parties' and the Receiver's responsive statements (Dkt. 1740, 1755, 1756, 1765, 1766, 1767, 1769), the Court entered a December 23, 2024 Memorandum Opinion and Order on the priority dispute regarding the Subject Properties, finding that the Individual Investors have priority to the proceeds from the sale of each of the Subject Properties except for the proceeds from the sale of 4750 S Indiana Avenue (Property 109), to which UBS has a first position lien. (Dkt. 1818)

WHEREAS, subsequently, the Receiver engaged in settlement discussions with UBS, pursuant to which the Receiver and UBS reached a negotiated agreement as to the amount of the distribution to be made to the Individual Investor Lenders and UBS from the funds held in the property accounts for the Subject Properties, as well as other distributions and transfers, consistent with the following:

  (a) payment of 100% of the approved maximum recommended distributions to the Individual Investor Lenders asserting an interest in Properties 108-113, as set forth in Exhibit B to the Motion;

  (b) a total recovery for the settlement of UBS's claim and the Receiver's Avoidance Claim with respect to the Subject Properties in the amount of $1,600,000.00,

which is comprised of (i) UBS liquidating and transferring the $417,974.96 balance in the reserve and escrow accounts it currently holds to itself or its chosen designee, and (ii) a distribution from the property accounts for the Subject Properties to UBS in the aggregate amount of $1,182,025.04;

(c) payment to the Receiver's law firm for contested and uncontested fees allocated to the Subject Properties in the fourth quarter of 2024 in the amount of $11,777.52;

(d) payment to the Receiver's law firm for contested and uncontested fees in the amount of $45,839.16 that were allocated to the Subject Properties in the Receiver's Fee Applications 1-25 but heretofore held back from payment pursuant to the Court's orders; and

(e) transfer of the balance of all remaining funds from each separate account for the Subject Properties, including but not limited to any and all residual interest earned, to the Receiver's account for use in the administration of the Receivership Estate and/or as otherwise ordered by the Court.

WHEREAS, on February 11, 2025, the Receiver submitted the Motion with the agreed distributions set forth in Exhibits A and B to the Motion, and setting forth additional terms agreed upon by UBS and the Receiver, contingent on the Court granting the Motion and recommended distributions (Dkt. 1839), namely:

(a) the Receiver will release and withdraw, with prejudice, his Avoidance Claim with respect to UBS (Dkt. 1740);

(b) this agreement resolves all disputes of any kind or nature between and among the Receiver and UBS with respect to the Subject Properties—including but not

4

limited to the sales of the properties, the claims process for the properties, the Receiver's fee applications, lien, and allocation of fees to the properties, priority determinations, and all objections thereto;

    (c)    neither UBS nor the Receiver will appeal from or collaterally attack any rulings associated with the Subject Properties; and

    (d)    any and all other claims, objections, or rights that might exist between or among the Receiver and UBS regarding the Subject Properties are hereby compromised and waived such that UBS will receive nothing further from the Receivership Estate;

WHEREAS, the Motion and agreed distribution plans set forth in Exhibits A and B to the Motion were served by electronic mail upon all claimants who have asserted claims against the Subject Properties, as well as upon all individuals or entities that submitted a proof of claim in this action (sent to the e-mail address each claimant provided on the claim form or subsequently updated).

WHEREAS, on February 12, 2025, UBS filed its Motion to Withdraw its Motion for Leave to Take Further Discovery on the Receiver's Avoidance Claim, requesting the Court grant UBS's request to withdraw its Motion for Leave to Take Further Discovery on the Receiver's avoidance claim (Dkt. 1746) effective upon entry of an order by the Court granting the Motion (the "Motion to Withdraw," Dkt. 1842).

WHEREAS, on February 12, 2025, the Court ordered that any objections to the proposed Group 6 settlement and distributions must be filed by February 18, 2025, and, if no objections were filed, the motion would be considered unopposed. (Dkt. 1841) No objections were filed and the Receiver did not receive any objections directly from claimants.

NOW, THEREFORE, the Court hereby finds and ORDERS:

1. The Motion is GRANTED.

2. The Motion to Withdraw is GRANTED.

3. The distribution plan submitted by the Receiver and agreed to by UBS is fair, reasonable, and in the best interests of the Receivership Estate and is hereby approved.

4. Adequate and fair notice has been provided to all interested and potentially interested parties (including but not limited to all lienholders in the chain of title) of the claims process for the resolution of disputed claims and determination of secured interests, the Receiver's fees and proposed fee allocations, the Motion and agreed distributions, and all interested or potentially interested parties have had a full and fair opportunity to participate in the claims process and to assert their interests and any objections to the Motion or the agreed distribution plans.

5. As soon as such distributions can be reasonably achieved, the Receiver shall disburse to UBS a total of $1,182,025.04 from the accounts held for the Subject Properties, in the amounts set forth on Amended Exhibit 1, and the Receiver shall disburse a total of $587,471.58 to the investor lender claimants, in the respective amounts identified on Amended Exhibit 2, in resolution of the claims against the Subject Properties.

6. UBS is further granted relief from the stay imposed in the Order Appointing Receiver (Dkt. 16) to the extent that it may liquidate the reserve or escrow accounts held with respect to the Subject Properties and transfer any remaining balances to itself or its designee(s).

7. The Court approves the allocation of fees to the Subject Properties set forth in the Receiver's pending 26th Fee Application. (Dkt. 1846) Because the Court intends that this be a final distribution, there will not be any holdbacks of professional fees or expenses associated with the Receiver's fee applications or fee allocation motions upon the distribution of proceeds to claimants. Accordingly, as soon as such distributions can be reasonably achieved, the Receiver shall disburse from the respective accounts held for the Subject Properties, as set forth on Exhibit 1, a total of $11,777.52 in payment of the fees allocated to the Subject Properties in the Receiver's 26th Fee Application, and a total of $45,839.16 in payment of the fees previously held back pursuant to the Court's orders. (Dkt. 1372, 1452, 1469, 1510, 1511, 1539, 1573, 1675, 1758, 1831)

8. Following the distributions ordered herein, the net of the remaining balance of the property accounts for the Subject Properties, including any interest hereafter accruing, shall be transferred to the Receiver's account for use in the administration of the Receivership Estate and/or as otherwise ordered by the Court, and any approved fees that are allocated to the Subject Properties in fee applications for the current quarter and any subsequent quarters may be paid from the Receiver's account.

Entered:

Manish S. Shah
United States District Court Judge

Date: March 19, 2025