UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Case No. 1:18-cv-5587 |
| v. | Hon. Manish S. Shah |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | Magistrate Judge Young B. Kim |
| Defendants. | |

**MOTION TO APPROVE DISTRIBUTION OF PROCEEDS FROM
THE SALE OF PROPERTY 64 (4611-17 S DREXEL BOULEVARD)**

Kevin B. Duff, as receiver ("Receiver") for the Estate of Defendants EquityBuild, Inc. ("EquityBuild"), EquityBuild Finance, LLC ("EquityBuild Finance"), their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen (collectively, the "Receivership Defendants"), hereby moves for approval of a plan for the distribution of proceeds from the sale of 4611-17 S Drexel Boulevard ("4611 Drexel," "Property 64," or the "Subject Property"). In support of his motion, the Receiver states as follows:

**A. Procedural Background**

1. In 2019, the Receiver initiated a claims process whereby, *inter alia*, he: (a) researched mortgagees of record and EquityBuild records to identify potential claimants; (b) served all known potential claimants by email and/or regular mail with notice of the bar date, procedures for submitting proofs of claim, and a link to a third-party portal to submit claims; (c) sent multiple follow-up emails reminding potential claimants of the bar date (and the extended bar date); and (d) established a webpage (http://rdaplaw.net/receivership-for-equitybuild) for

1

claimants and other interested parties which prominently displayed the claims bar date and provided copies of the claims notice, instructions, proof of claim forms, a link to the claims portal, and copies of certain court filings related to the claims process. All claimants were notified that the failure to submit a claim verification form by the bar date would be a basis for denial of that claim. (*See, e.g.,* Dkt. 241, 302, 349, 468, 548, 638, 693, 720) The Court's orders with respect to the claims process were also served upon claimants and potential claimants and posted on the Receiver's website. (*See, e.g.,* Dkt. 349, 574, 940, 941)

2. In February 2021, following briefing and hearings, the Court entered two orders establishing a process for the resolution of disputed claims. (Dkt. 940, 941)

3. With the Court's approval and over the objection of claimant Citibank N.A., as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB48 ("Citibank as Trustee"), on May 14, 2021, the Receiver sold the property located at 4611-17 S Drexel Boulevard. (Dkt. 966 at 3-7) Prior to the sale, the Court found that the Receiver gave fair, adequate, and sufficient notice to all interested parties, including all mortgagees affected by the Receiver's 1st Motion to Confirm the Sale of this and other properties. (*Id.* at 3) The sale was free and clear of all mortgages and encumbrances, and the net proceeds of sale for the Subject Property were deposited into a separate interest-bearing account held by the Receiver pursuant to court order, with all mortgages, liens, claims, and encumbrances attached to the sales proceeds with the same force, validity, status, and effect, if any, as they had against the property being sold. (*Id.* at 13-14) Additional deposits and withdrawals have been made to and from this property account, as reported in the Receiver's quarterly status reports. (Dkt. 757, 839, 930, 985, 1017, 1077, 1164, 1243, 1280, 1328, 1379, 1448, 1516, 1535, 1589, 1652, 1722, 1771, 1837)

4. Beginning in February 2021, the Receiver filed a series of motions to approve the payment of certain previously approved fees and costs pursuant to the Receiver's lien on the properties of the Receivership Estate that had been granted by the Court. (Dkt. 947, 981, 1107, 1321) Following proceedings on the Receiver's specific fee allocations before Magistrate Judge Kim, the Court granted the Receiver's fee allocation motions over the objections of the Citibank as Trustee, and other Institutional Lenders,[1] except that the Court ordered a 20% holdback in the payment of allocated fees. (Dkt. 1469, 1511)

5. Subsequent orders approving the Receiver's quarterly fee applications also approved payment pursuant to the Receiver's lien of fees (subject to a 20% holdback) and costs over the objections of Citibank as Trustee and other Institutional Lenders. (Dkt. 1372, 1452, 1510, 1539, 1573, 1618, 1675, 1758, 1831, 1856) Claimants and potential claimants have received notice of these motions relating to the Receiver's lien and the Receiver's fee applications, and the foregoing motions, fee applications, and the Court's orders have been posted to the Receiver's website.

6. As of March 10, 2025, the property account established for the Subject Property held $5,334,274.86. The total amount of fees allocated to Property 64 that were held back pursuant to orders granting the Receiver's Fee Applications 1-26 is $ 27,428.37.

**B. The Receiver Has Recommended that Both Citibank as Trustee and Some Investor Lender Claimants Asserting an Interest in 4611-17 S Drexel Boulevard Be Treated as Secured Lenders.**

7. On October 28, 2024, the Receiver filed his Submission on Group 7 Claims, which included recommendations as to the claims asserting an interest in the Subject Property. (Dkt. 1772) As explained in that submission, with regard to the priority dispute with respect to the

---

[1] "Institutional Lenders" refers to the entities listed on Exhibit 1 to Dkt. 1501.

Subject Property, the Receiver recommended, *inter alia*, that the Court find that Citibank as Trustee and the investor lenders who are secured all receive the maximum recommended distributions from the proceeds of the sale the sale of 4611 Drexel set forth in Exhibits 3 and 9. (*Id.* at 5-6 and Exs. 3, 9)

8. By orders entered November 25, 2024, December 10, 2024, and January 13, 2025, the Court extended the deadline for Group 7 claimant statements on the Subject Property to January 24, 2025. (Dkt. 1793, 1801, 1827) On January 24, 2025, Citibank as Trustee filed a position statement asserting that it holds a first position security interest in the property, that it is entitled to priority over other claimants, that no payments received should be "netted" against Citibank as Trustee's claim, and that it should be paid both contract and default interest. (Dkt. 1832) None of the investor lenders who asserted an interest in the Subject Property have filed a position statement or otherwise submitted an objection to the Receiver's recommendations.

### C. The Receiver and Citibank as Trustee Have Reached an Agreement as to Distributions from the Property Account.

9. Settlement discussions between the Receiver and Citibank as Trustee have taken place. Pursuant to these discussions, they reached a negotiated agreement as to the amount of the distribution to be made to Citibank as Trustee from the funds held in the property account for the Subject Property. This agreement is contingent on the Court (i) adopting the Receiver's recommendations regarding the investor lender claims with respect to the Subject Property made in his Submission on Group 7 Claims (Dkt. 1772), (ii) granting the instant motion, and (iii) approving the proposed distribution plan set forth herein. The proposed distribution plan is attached as Exhibit A, and provides for:

(a) payment of 100% of the maximum recommended distributions to the Individual Investor Lenders asserting an interest in the Subject Property, as set forth in Exhibit B;

(b) Citibank as Trustee liquidating and transferring the $1,782.23 balance in the escrow account it currently holds for the Subject Property to itself or its chosen designee;

(c) a distribution from the property account to Citibank as Trustee of $3,550,000 for the settlement of its claim with respect to the Subject Property;

(d) payment to the Receiver's law firm for contested and uncontested fees allocated to the Subject Property in Fee Applications 1-26 but heretofore held back from payment pursuant to the Court's orders; and

(e) transfer of the balance of all remaining funds, including but not limited to any and all residual interest earned, to the Receiver's account for use in the administration of the Receivership Estate and/or as otherwise ordered by the Court.

10. Contingent on the Court granting this Motion, Citibank as Trustee and the Receiver (each a "Party" and collectively the "Parties") further agree as follows:

(a) this agreement resolves all disputes of any kind or nature between and among them with respect to the Subject Property only;

(b) no Party will appeal from or collaterally attack any rulings associated with the Subject Property; and

(c) any and all other claims, objections, or rights that might exist between or among the Parties regarding the Subject Property are hereby compromised and waived, provided however that Citibank as Trustee will retain an unsecured claim for amounts it claims are due but not paid as part of the distributions contemplated by this Motion.

11. The foregoing agreement is a compromise of disputes and disagreements among or between the Parties. The agreement does not constitute an admission of the validity of any claim, defense, argument, or position made or taken by any Party. The Parties' agreement with respect to the Subject Property does not establish a precedent as to any other property. Upon entry of an order granting this Motion and distributions consistent with such an order, all objections as to the Receiver's lien on or fees allocated to the Subject Property will be compromised and waived. The Parties' agreement to not seek appeal from any rulings associated with the Subject Property will be a further saving of time and resources for many involved in the Receivership. Effectively, as a result of the agreement and distribution, the claims and issues between Citibank as Trustee and the Receivership with respect to the Subject Property have concluded, provided however that Citibank as Trustee will retain an unsecured claim for amounts it claims are due but not paid as part of the distributions approved by this Court in granting this Motion. In that regard, it is further understood that nothing herein shall be construed to be a recommendation or concession from the Receiver with respect to whether or not Citibank as Trustee will receive any amount, or how much, in any subsequently proposed distribution plan for unsecured funds.

### D. The Court Has the Authority to Make the Distributions Recommended by this Motion.

12. It is well-settled that the district courts have broad equitable powers and are afforded wide discretion in approving a distribution plan of receivership funds. *See, e.g., SEC v. Forex Asset Mgmt. LLC*, 242 F.3d 325, 331 (5th Cir. 2001); *SEC v. Enterprise Trust Co.*, 559 F.3d 649, 652 (7th Cir. 2009) ("District judges possess discretion to classify claims sensibly in receivership proceedings."); *SEC v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992).

13. Because the Receiver is a fiduciary and officer of this Court, the Court may give some weight to the "…Receiver's judgment of the most fair and equitable method of distribution."

CFTC v. Eustace, No. 05-2973, 2008 WL 471574, at *5 (E.D. Pa. Feb. 19, 2008) (approving receiver's pro-rata distribution plan and recognizing that the receiver does not represent a particular group of investors or claimants but rather proposes a plan that is fair to all investors).

14. Based on the facts and circumstances, the Receiver believes that the distribution plan with respect to the Subject Property as described in this motion is fair and equitable. The recommended distribution amounts represent a substantial payment of the principal amount of the loans to those claimants found to be first-priority secured lenders for the Subject Property. The Receiver has further determined that there are no other issues that he is aware of that would necessitate any further holdback from the amounts set forth above.

15. There are also additional savings of time and resources achieved based on the agreements reached between and among the Receiver and Citibank as Trustee. As a result of the agreements set forth in this motion, there are no objections that remain associated with the Receiver's lien or fees allocated to the Subject Property, and Citibank as Trustee's agreement to not seek appeal from any rulings associated with the Subject Property will further save time and resources for many involved in the Receivership. Effectively, if the Court grants this Motion, then as a result of the agreement and distribution, the claims and issues with respect the Subject Property will have concluded.

### E. The Receiver Requests Authorization to Pay Fees Incurred in and after the First Quarter of 2025 from the Receiver's Account.

16. The Receiver requests that the Court authorize the payment of fees allocated to the Subject Property during and after the current quarter from the Receiver's account. Throughout the negotiations with Citibank as Trustee, the Receiver endeavored to secure the largest amount of funds possible to be transferred to the Receiver's account for unsecured claims and administration of the Estate.

17. If the Court grants this Motion and the property accounts are distributed in accordance with the distribution schedules described herein, then approximately $1,500,000 will be transferred to the Receiver's account for the benefit of the unsecured creditors of the Estate. Accordingly, the Receiver requests authorization to pay the fees allocated to the Subject Property during this period from the Receiver's account.

### F. The Receiver Has Provided Reasonable and Fair Notice of this Motion.

18. Notice of this motion is being given to each of the claimants asserting a claim against the Subject Property, as well as to each of the other claimants who have submitted claims in this matter. In addition, this motion will be made publicly available to all interested and potentially interested parties by posting a copy of it to the Receivership web site.

### Prayer for Relief

WHEREFORE, the Receiver seeks the following relief:

a) a finding that adequate and fair notice has been provided to all interested and potentially interested parties of the claims process, the Receiver's recommendations with respect to the Subject Property, the Receiver's and attorneys' fees and proposed fee allocations, and the current Motion;

b) an order finding that the agreement between the Parties is fair, reasonable, and in the best interests of the Receivership Estate;

c) a finding that the distribution schedule described herein and submitted herewith is fair and reasonable;

d) approval of payment from the account held for the Subject Property of the Receiver's and attorneys' fees the Receiver allocated to the Subject Property that have been heretofore held back from payment pursuant to the Court's Orders;

e) approval of payment from the Receiver's account of the Receiver's and attorneys' fees allocated to the Subject Property in the current quarter and any subsequent quarters;

f) an order authorizing Citibank as Trustee to liquidate the reserve and escrow accounts held for the Subject Property and transfer any remaining balances to itself or its chosen designee;

g) approval of the distribution of funds as set forth in Exhibit A to this motion, with distributions to be made as soon as such distributions can be reasonably achieved;

h) approval to transfer to the Receiver's account the net of the remaining balances in the accounts held for the Subject Properties after the distributions that the Court orders pursuant to this motion have been made, including any interest hereafter accruing, for use in the administration of the Receivership Estate and/or as otherwise ordered by the Court; and

i) such other relief as the Court deems fair and equitable.

Dated: March 25, 2025

Respectfully submitted,

/s/ Michael Rachlis

Michael Rachlis
Jodi Rosen Wine
Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone (312) 733-3950
mrachlis@rdaplaw.net
jwine@rdaplaw.net

| | |
|---|---|
| **Property #** | **64** |
| Account # | 0868 |
| **PROPERTY ADDRESS** | **4611-17 S Drexel Boulevard** |
| Balance of Receivership Account for Property (as of 3/10/2025) | $ 5,334,274.86 |
| Payment of Fees Held Back pursuant to Court Orders Fee applications 1-26 | $ 27,428.37 |
| Distributions to Investor Lenders | $ 222,021.92 |
| Distribution to Citibank as Trustee | $ 3,550,000.00 |
| **Transfer to Receiver's Account** | **$ 1,534,824.57** |

Exhibit A

Ex. B - 4611-17 S Drexel Boulevard (Property 64)
Receiver's Recommendations - Individual Investors

| Lender Name | Claim Number | Claimant Submissions | Amount Claimed (Invested in Property) | Secured Claim Remaining | Unsecured Claim (This Investment) | Pre-Rollover or UPN Distributions | Distributions Received on Property | Source of Distribution | Distributions Received on Property | Max Potential Dist. (Proceeds of Sales) | Distributions Received on Unsecured Claim | Max Potential Dist. (Unencumbered) | Receiver's Recommendation Notes | Final Proposed Distribution From Sales Proceeds |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Alton P. Motes and Zeda L. Motes Trust | 64-2042 | POC | $ 15,417.00 | $ 15,417.00 | | | $ 1,440.23 | LSA; Other | $ 1,440.23 | $ 13,976.77 | | $ - | | $ 13,976.77 |
| Annie Chang | 64-475 | POC; DIS | $ 35,459.00 | $ - | | | $ 10,872.84 | POC | $ 10,872.84 | $ - | | $ - | Claimant agreed to partial rollover of this loan to 7748 S Essex in July 2017 (Claim 92-475). The remainder of this loan principal was returned to claimant. | $ - |
| Eleven St. Felix Street Realty Corp | 64-2012 | POC | $ 50,000.00 | $ 50,000.00 | | | $ 55,897.20 | POC; LSA | $ 55,897.20 | $ - | | $ - | Principal and interest payments received by claimant exceed the amount of claimant's original loan | $ - |
| The BE Company Ltd. f/k/a Bluebridge Partners Ltd | 64-727 | POC | $ 150,000.00 | $ - | | | $ 19,558.42 | LSA | $ 19,558.42 | $ - | | $ - | Claimant agreed to rollover this loan to 701 S 5th (Claim 71-727) and 8326 S Ellis (Claim 96-727) in July 2017 | $ - |
| Braden Galloway | 64-1463 | POC | $ 50,000.00 | $ - | | | $ 6,127.75 | LSA | $ 6,127.75 | $ - | | $ - | Claimant agreed to rollover this loan to 11117 S Longwood in June 2017 (Claim 100-1463) | $ - |
| Clarice Recamara | 64-643 | POC | $ 20,000.00 | $ - | | | $ 1,869.02 | LSA; Other | $ 1,869.02 | $ - | | $ - | Claimant agreed to rollover this loan to 7749 S Yates in June 2017 (Claim 5-640-2) | $ - |
| Endurance Capital Management, LLC | 64-170 | POC | $ 50,000.00 | $ - | | | $ 12,583.27 | POC | $ 12,583.27 | $ - | | $ - | Claimant agreed to rollover this loan to 7026 S Cornell in June 2017 (Claim 60-170) | $ - |
| David M. Harris | 64-267 | POC; DIS | $ 100,000.00 | $ - | | | $ 10,066.76 | POC; DIS | $ 10,066.76 | $ - | | $ - | Claimant agreed to rollover this loan to 6217 S Dorchester in February 2017 (Claim 68-267) and 7927 E Essex in June 2017 (Claim 13-267) | $ - |
| iPlanGroup Agent for Custodian FBO David Trengove IRA Account#3300951 | 64-481 | POC; DIS | $ 150,000.00 | $ - | | | $ 17,908.73 | POC; DIS | $ 17,908.73 | $ - | | $ - | Claimant agreed to rollover this loan to 5450 S Indiana (Claim 4-481), 7237 S Bennet (Claim 61-481), and 638 Avers (Claim 70-481) in August 2017 | $ - |
| Dee Ann Nason | 64-453 | POC | $ 3,965.00 | $ 3,965.00 | | | $ 396.30 | LSA | $ 396.30 | $ 3,568.70 | | $ - | | $ 3,568.70 |
| Donald Minchow | 64-2041 | POC | $ 40,000.00 | $ - | $ 30,000.00 | | $ 3,165.00 | LSA; Other | $ 3,165.00 | $ - | | $ 26,835.00 | Loan documents confirmed $30,000 loan in 4611 S Drexel. Claimant agreed to rollover this loan to SSDF1/4520 S Drexel in June 2017. No separate claim against SSDF1. | $ - |
| Eco2Capital Inc. 401k, John Braden TTE | 64-1048 | POC | $ 50,000.00 | $ - | | | $ 6,066.19 | POC; Other | $ 6,066.19 | $ - | | $ - | Principal repaid on June 9, 2017. Principal and interest payments received by claimant exceed the amount of claimant's original loan. | $ - |
| Ed Bancroft | 64-2008 | POC | $ 10,000.00 | $ - | | | $ 1,081.80 | LSA | $ 1,081.80 | $ - | | $ - | Claimant agreed to rollover this loan $2,276.26 to 8100 Essex (8-2008); $3,171.00 to 5450 Indiana (4-2008) and $4,626.63 to 7749 Yates (5-2008) in June 2017 | $ - |
| Genevieve Giuliana Heger | 64-1403 | POC; DIS | $ 10,000.00 | $ - | | | $ 764.41 | LSA | $ 764.41 | $ - | | $ - | Claimant agreed to roll this investment to 7600 Kingston in July 2017 (Claim 89-1403) | $ - |
| Grathia Corporation | 64-1445 | POC | $ 150,000.00 | $ 150,000.00 | | | $ 19,875.70 | LSA | $ 19,875.70 | $ 130,124.30 | | $ - | | $ 130,124.30 |
| Madison Trust Company Custodian FBO Greg Wirth M1608104 | 64-563 | POC; DIS | $ 12,600.00 | $ - | $ 12,600.00 | | $ 1,095.15 | POC; LSA | $ 1,095.15 | $ - | | $ 11,504.85 | Claimant agreed to rollover this loan to SSDF1/4520 S Drexel in May 2017 (Claim 63-563) | $ - |
| Madison Trust Company Custodian FBO Greg Wirth M1608103 | 64-593 | POC; DIS | $ 7,300.00 | $ - | $ 7,300.00 | | $ 634.47 | POC; LSA | $ 634.47 | $ - | | $ 6,665.53 | Claimant agreed to rollover this loan to SSDF1/4520 S Drexel in May 2017 (Claim 63-593) | $ - |
| iPlanGroup Agent for Custodian FBO Jyotsna Sharma IRA | 64-341 | POC | $ 25,000.00 | $ 25,000.00 | | | $ 3,065.57 | LSA | $ 3,065.57 | $ 21,934.43 | | $ - | Transaction to roll loan to SSDF6 equity fund was subsequently voided | $ 21,934.43 |
| New Direction IRA, Inc. FBO James Anthony Ande IRA | 64-591 | POC; DIS | $ 50,000.00 | $ - | | | $ 4,972.24 | POC; LSA | $ 4,972.24 | $ - | | $ 45,027.76 | Claimant agreed to rollover this loan to SSDF1/4520 S Drexel in July 2017 (Claim 63-591) | $ - |


Exhibit B

Ex. B - 4611-17 S Drexel Boulevard (Property 64)
Receiver's Recommendations - Individual Investors

| Lender Name | Claim Number | Claimant Submissions | Amount Claimed (Invested in Property) | Secured Claim Remaining | Unsecured Claim (This Investment) | Pre-Rollover or UPN Distributions | Distributions Received on Property | Source of Distribution | Distributions Received on Property | Max Potential Dist. (Proceeds of Sales) | Distributions Received on Unsecured Claim | Max Potential Dist. (Unencumbered) | Receiver's Recommendation Notes | Final Proposed Distribution From Sales Proceeds |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| James Walsh | 64-2058 | POC | $ 50,000.00 | $ - | $ 11,624.00 | $ 1,195.97 | $ 1,455.27 | POC | $ 2,651.24 | $ - | | $ 8,972.76 | Claimant agreed to rollover this loan: $11,994 to 7026 S Cornell and $38,376 to 7201 Dorchester (85-2058) in July 2017. Because no claim was submitted against 7026 S Cornell (Group 4 Property 60), a $11,994 unsecured claim remains, $370 accrued interest disallowed. Pro-rata share of pre-rollover distributions from loan secured by 4611 Drexel. | $ - |
| Jeffrey Lee Blankenship | 64-1241 | POC | $ | | | | $ | | $ - | $ - | | $ - | Duplicate of Claim No. 63-1241 | $ - |
| John Bloxham | 64-1016 | POC | $ 50,000.00 | $ - | | | $ 7,226.81 | LSA | $ 7,226.81 | $ - | | $ - | Claimant agreed to rollover this loan to 7834 S Ellis in June 2017 (Claim 62-1016) | $ - |
| John Witzigreuter | 64-729 | POC | $ 50,000.00 | $ - | | | $ 6,152.75 | LSA | $ 6,152.75 | $ - | | $ 43,847.25 | Claimant agreed to rollover this loan to SSDF1 in March 2018 (Claim 901-729) | $ - |
| Karl R. DeKlotz | 64-1179 | POC | $ 300,000.00 | $ - | $ 150,000.00 | | $ 21,395.84 | LSA | $ 21,395.84 | $ - | | $ 128,604.16 | Claimant agreed to rollover this loan: $150,000 to 6160 MLK (Claim 79-1179) and $150,000 to 7625 East End. Because no claim was submitted against 7625 East End (Group 1 Property 75), a $150,000 unsecured claim remains. Pre-rollover distributions divided. | $ - |
| iPlanGroup Agent For Custodian FBO Ken Jorgensen IRA #3300832 | 64-194 | POC | $ 150,000.00 | $ - | | | $ 18,177.00 | DIS | $ 18,177.00 | $ - | | $ - | Claimant agreed to rollover this loan to 7834 S Ellis (Claim 62-194) and 638 N Avers (Claim 70-194) in June 2017 | $ - |
| Kirk Road Investments, LLC | 64-755 | POC; DIS | $ 121,855.00 | $ - | | $ 43,250.00 | | LSA | $ 43,250.00 | $ - | | $ - | Claimant agreed to rollover this loan to 5450 S Indiana in April 2017 (Claim 4-755) | $ - |
| Law Office of V.L. Heger, A Professional Corporation | 64-1409 | POC; DIS | $ 50,000.00 | $ - | | | $ 5,254.14 | POC; DIS | $ 5,254.14 | $ - | | $ - | Claimant agreed to rollover this loan to 7600 S Kingston in July 2017 (Claim 89-1409) | $ - |
| iPlanGroup Agent for Custodian FBO Lorenzo Jaquias IRA | 64-184 | POC | $ 21,635.00 | $ 21,635.00 | | | $ 2,489.23 | LSA | $ 2,489.23 | $ 19,145.77 | | $ - | | $ 19,145.77 |
| Madison Trust Company Custodian FBO Lori Moreland #M1606124 Roth IRA | 64-805 | POC | $ 10,000.00 | $ - | | | $ 1,313.35 | POC | $ 1,313.35 | $ - | | $ - | Claimant agreed to rollover this loan to 7201 S Constance in July 2017 (Claim 78-805) | $ - |
| Madison Trust Company Custodian FBO Lori Moreland Acct#M1606115 | 64-822 | POC | $ 47,000.00 | $ - | | | $ 6,172.65 | POC | $ 6,172.65 | $ - | | $ - | Claimant agreed to rollover this loan to 7201 S Constance in July 2017 (Claim 78-822) | $ - |
| Madison Trust Company Custodian FBO Lori Moreland#M1606123 | 64-823 | POC | $ 45,000.00 | $ - | | | $ 5,910.00 | POC | $ 5,910.00 | $ - | | $ - | Claimant agreed to rollover this loan to 7201 S Constance in July 2017 (Claim 78-823) | $ - |
| Madison Trust Company Custodian FBO Janet Eileen Taylor M1608009 | 64-2056 | POC | $ 30,225.00 | $ - | $ 30,225.00 | | $ 4,683.23 | POC | $ 4,683.23 | $ - | | $ 25,541.77 | Claimant agreed to rollover this loan to SSDF1 in June 2017 (no separate claim against SSDF1) | $ - |
| Mike Goldman | 64-775 | POC; DIS | $ 7,728.00 | $ 7,728.00 | | $ 1,387.54 | $ 7,785.10 | POC; LSA; DIS | $ 9,172.64 | $ - | | $ - | Principal and interest payments received by claimant exceed the amount of claimant's original loan | $ - |
| Michael Kessock | 64-977 | POC | $ 100,000.00 | $ - | | | $ 9,861.09 | POC; LSA | $ 9,861.09 | $ - | | $ 90,138.91 | Claimant agreed to rollover this loan to SSDF4 in September 2017 (Claim 904-977) | $ - |
| Optima Property Solutions, LLC | 64-1023 | POC | $ 105,831.00 | $ - | | | $ - | POC; LSA | $ - | $ - | | $ - | Claimant agreed to rollover this loan to several properties in January 2018 | $ - |
| Pat Desantis | 64-397 | POC | $ 250,000.00 | $ - | | | $ 30,881.95 | LSA | $ 30,881.95 | $ - | | $ 219,118.05 | Claimant agreed to rollover this loan to 6801 S East End in June 2017 (Claim 124-397) | $ - |
| iPlanGroup Agent for Custodian FBO Patrick Connely Roth IRA | 64-577 | POC | $ 30,000.00 | $ 30,000.00 | | | $ 3,291.39 | POC | $ 3,291.39 | $ 26,708.61 | | $ - | | $ 26,708.61 |
| Paul N. Wilmesmeier | 64-300 | POC; DIS | $ 25,000.00 | $ - | | | $ 3,300.30 | POC; LSA | $ 3,300.30 | $ - | | $ - | Claimant agreed to rollover this loan to 816 E Marquette in July 2017 (Claim 94-300) | $ - |

Ex. B - 4611-17 S Drexel Boulevard (Property 64)
Receiver's Recommendations - Individual Investors

| Lender Name | Claim Number | Claimant Submissions | Amount Claimed (Invested in Property) | Secured Claim Remaining | Unsecured Claim (This Investment) | Pre-Rollover or UPN Distributions | Distributions Received on Property | Source of Distribution | Distributions Received on Property | Max Potential Dist. (Proceeds of Sales) | Distributions Received on Unsecured Claim | Max Potential Dist. (Unencumbered) | Receiver's Recommendation Notes | Final Proposed Distribution From Sales Proceeds |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Paula Tucker | 64-1427 | POC; DIS | $ 40,000.00 | $ - | | | $ 3,458.00 | POC | $ 3,458.00 | $ - | | $ - | Claimant agreed to rollover this loan to 1700 Juneway (Claim 1-1427) and 816 E Marquette (Claim 94-1427) in July 2017 | $ - |
| Stephen Tang | 64-172 | POC; DIS | $ 72,000.00 | $ - | | | $ 7,708.00 | LSA | $ 7,708.00 | $ - | | $ - | Claimant agreed to rollover this loan to 4533 S Calumet (Claim 2-172) and 7201 S Constance (Claim 78-172) in August 2017 | $ - |
| Quest IRA Inc. FBO Rebeca E. Savory-Romero IRA account #15528-11 | 64-804 | POC | $ 50,000.00 | $ - | | | $ 10,832.38 | POC | $ 10,832.38 | $ - | | $ - | Claimant agreed to rollover this loan to 7749 Yates (Claim 5-804) in July 2017 and 7959 Marquette (Claim 93-804) in February 2018 | $ - |
| Rene Hribal | 64-768 | POC | $ 300,000.00 | $ - | | | $ 62,704.89 | POC | $ 62,704.89 | $ - | | $ - | Principal and interest payments received by claimant exceed the amount of claimant's original loan | $ - |
| Steve Bald | 64-399 | POC | $ 180,000.00 | $ - | | | $ 21,692.50 | POC | $ 21,692.50 | $ - | | $ - | Claimant agreed to rollover this loan to 7834 S Ellis in June 2017 (Claim 62-399) | $ - |
| iPlanGroup Agent for Custodian FBO Terri Shelton IRA #3301003 | 64-330 | POC | $ 48,000.00 | $ - | | | $ 6,610.67 | LSA | $ 6,610.67 | $ - | | $ - | Claimant agreed to rollover this loan to 1700 Juneway (Claim 1-330) and 7255 S Euclid (73-330) in August 2017 | $ - |
| Horizon Trust Custodian FBO Terry M McDonald | 64-571 | POC; DIS | $ 50,000.00 | $ - | $ 50,000.00 | | $ 5,897.20 | POC; LSA | $ 5,897.20 | $ - | | $ 44,102.80 | Claimant agreed to rollover this loan to SSDF1 in June 2017 (Claim 901-571) | $ - |
| Timothy S Sharp | 64-76 | POC; DIS | $ 50,000.00 | $ - | | | $ 3,869.43 | POC; LSA | $ 3,869.43 | $ - | | $ - | Claimant agreed to rollover this loan to 5450 S Indiana in April 2017 (Claim 4-76) | $ - |
| Vartan Tarakchyan, Trustee for defined Benefits Pension Plan and 401K Plan | 64-1118 | POC | $ 50,000.00 | $ - | $ 50,000.00 | | $ 7,369.41 | LSA | $ 7,369.41 | $ - | | $ 42,630.59 | Claimant agreed to rollover this loan to SSDF4 in March 2017 (Claim 904-1118) | $ - |
| iPlan Group Agent for Custodian FBO Vladimir Matviishin IRA | 64-1294 | POC | $ 8,000.00 | $ 8,000.00 | | | $ 1,436.66 | LSA | $ 1,436.66 | $ 6,563.34 | | $ - | | $ 6,563.34 |
| Vladimir Matviishin (AKA dba Network Expert) | 64-1382 | POC | $ 50,000.00 | $ - | $ 50,000.00 | $ 8,538.85 | $ 2,816.67 | LSA; Other | $ 11,355.52 | $ - | | $ 38,644.48 | Claimant agreed to rollover this loan to SSDF4 in November 2017. No separate claim against SSDF4. Pre-rollover distributions on loan secured by 4611 S Drexel. | $ - |
| Wisemove Properties, LLC | 64-168 | POC | $ 50,000.00 | $ - | $ 50,000.00 | | $ 6,036.09 | LSA; Other | $ 6,036.09 | $ - | | $ 43,963.91 | Claimant agreed to rollover this loan to SSDF4 in May 2017 (Claim 904-168) | $ - |
| | | | $ 3,372,015.00 | $ 311,745.00 | $ 441,749.00 | | | | | $ 222,021.92 | | $ 775,597.82 | | $ 222,021.92 |