### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF
### ILLINOIS, EASTERN DIVISION

|  |  |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,<br><br>Defendants. | Case No. 1:18-cv-5587<br><br>Hon. Manish S. Shah |

### ORDER APPROVING DISTRIBUTION OF PROCEEDS
### FROM THE SALES OF GROUP 8 PROPERTIES 80-96

WHEREAS, this matter came before the Court in the Group 8 Claims Resolution Process (Dkt. 941, 1780) and on the motion (Dkt. 1857, the "Motion") filed by Kevin B. Duff, as receiver for the Estate of Defendants EquityBuild, Inc., EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen ("Receiver"), for approval of an agreed plan and order for the distribution of the proceeds from the sales for the following seventeen Group 8 properties (hereinafter, the "Subject Properties"):

|  | Address | Property No. |
|---|---|---|
| 1. | 2736-44 W 64th Street | 80 |
| 2. | 4317-19 S Michigan Avenue | 81 |
| 3. | 6355-59 S Talman Avenue | 82 |
| 4. | 6356 S California Avenue | 83 |
| 5. | 7051 S Bennett Avenue | 84 |
| 6. | 7201-07 S Dorchester Avenue | 85 |
| 7. | 7442-48 S Calumet Avenue | 86 |
| 8. | 7508 S Essex Avenue | 87 |
| 9. | 7546-48 S Saginaw Avenue | 88 |
| 10. | 7600-10 S Kingston Avenue | 89 |
| 11. | 7656-58 S Kingston Avenue | 90 |

| 12. | 7701-03 S Essex Avenue | 91 |
| 13. | 7748-52 S Essex Avenue | 92 |
| 14. | 7957-59 S Marquette Road | 93 |
| 15. | 816-20 E Marquette Road | 94 |
| 16. | 8201 S Kingston Avenue | 95 |
| 17. | 8326-58 S Ellis Avenue | 96 |

WHEREAS, pursuant to the Court's April 1, 2020 order (Dkt. 680), and following due notice to all potentially interested claimants, the Receiver sold the following Subject Properties on the date indicated:

1. 7546-48 S Saginaw Avenue (Property 88) on 5/13/2020

2. 8201 S Kingston Avenue (Property 95) on 5/21/2020

3. 8326-58 S Ellis Avenue (Properties 96) on 6/11/2020;

WHEREAS, pursuant to the Court's September 25, 2020 order (Dkt. 802), and following due notice to all potentially interested claimants, the Receiver sold the following Subject Properties on the date indicated:

1. 2736-44 W 64th Street (Property 80) on 9/29/2020

2. 6355-59 S Talman Avenue (Property 82) on 9/29/2020

3. 6356 S California Avenue (Property 83) on 9/29/2020

4. 7051 S Bennett Avenue (Property 84) on 9/23/2020

5. 7201-07 S Dorchester Avenue (Property 85) on 10/20/2020

6. 7508 S Essex Avenue (Property 87) on 10/28/2020

7. 7957-59 S Marquette Road (Property 93) on 9/21/2020;

WHEREAS, pursuant to the Court's October 30, 2020 order (Dkt. 841), and following due notice to all potentially interested claimants, the Receiver sold the following Subject Properties on the date indicated:

2

1. 7600-10 S Kingston Avenue (Property 89) on 12/2/2020

2. 7656-58 S Kingston Avenue (Property 90) on 12/2/2020;

WHEREAS, pursuant to the Court's October 30, 2020 order (Dkt. 842), and following due notice to all potentially interested claimants, the Receiver sold the following Subject Properties on the date indicated:

1. 4317-19 S Michigan Avenue (Property 81) on 12/2/2020

2. 7442-54 S Calumet Avenue (Property 86) on 11/16/2020

3. 7701-03 S Essex Avenue (Property 91) on 11/16/2020

4. 816-20 E Marquette Road (Property 94) on 11/18/2020;

WHEREAS, pursuant to the foregoing Orders, the net proceeds of sale for the Subject Properties were deposited into separate interest-bearing accounts held by the Receiver. (Dkt. 602 at 10; Dkt. 680 at 18; Dkt. 802 at 21; Dkt. 841 at 5; Dkt. 842 at 10) Subsequently, additional deposits and withdrawals have been made into and out of these property accounts, and all such additions and subtractions have been reported in the Receiver's quarterly status reports. (Dkt. 624, 698, 757, 839, 930, 985, 1017, 1077, 1164, 1243, 1280, 1328, 1379, 1448, 1516, 1535, 1589, 1652, 1722, 1771, 1837) The balances in the accounts held by the Receiver for each of the Subject Properties as of March 10, 2025 are set forth in Exhibit A to this Order;

WHEREAS, on November 4, 2024, the Court initiated a settlement process for the resolution of Group 8 claims to be held before the formal claims process ordered by the Court (Dkt. 941) was initiated. (Dkt. 1780) Pursuant to that order, the Receiver filed schedules setting forth his recommended distributions for the claims asserting an interest in the Subject Properties (Dkt. 1836), the Receiver and any other interested parties submitted confidential settlement statements to the Court, and an off-the-record settlement conference with the Court was held on

3

February 13, 2025. The Receiver, institutional lender Northeast Bank, successor to Liberty EBCP, LLC (the "Bank"), and a number of the individual investor lenders participated in the settlement conference directly and/or through counsel;

WHEREAS, following the settlement conference, the Receiver and the Bank reached a negotiated agreement as to the amount of the distribution to be made to the Bank from the funds held for the Subject Properties;

WHEREAS, on March 11 2025, the Receiver filed his Motion to Approve Distribution of Proceeds from the Sale of Group 8 Properties 80-96 pursuant to the Agreement (the "Motion"), with the agreed distributions set forth in Exhibits A and B to the Motion, and setting forth additional terms agreed upon by the Bank and the Receiver contingent on the Court granting the Motion and recommended distributions, namely:

(a) this agreement resolves all disputes of any kind or nature between and among the Bank and the Receiver with respect to the Subject Properties—including but not limited to the sales of the properties, the claims process for the properties, the Receiver's fee applications, lien, and allocation of fees to the properties, priority determinations, and all objections thereto;

(b) neither the Bank nor the Receiver will appeal from or collaterally attack any rulings associated with the Subject Properties; and

(c) any and all other claims, objections, or rights that might exist between or among the Bank and the Receiver regarding the Subject Properties are hereby compromised and waived such that the Bank will receive nothing further from the Receivership Estate;

WHEREAS, the Motion and agreed distribution plans set forth in Exhibits A and B to the Motion were served by electronic mail upon all claimants who have asserted claims against the Subject Properties, as well as posted to the Receivership website;

WHEREAS, the Court set a March 24, 2025 deadline for any interested party to object to the Motion and the proposed distribution plan pursuant thereto;

WHEREAS, a single objection to the Motion and proposed distribution plan was filed (Dkt. 1868), which objection was overruled by the Court (Dkt. 1869);

WHEREAS, on March 26, 2025, the Court entered a minute order granting the Motion and finding that "[t]he settlement of the institutional lender's claim is a reasonable one, and ultimately will conserve receivership assets for distribution for both secured and unsecured claimants" (Dkt. 1869);

NOW, THEREFORE, the Court hereby finds and ORDERS:

1.  The Motion is GRANTED.

2.  The distribution plans submitted by the Receiver and agreed to by the Bank are fair, reasonable, and in the best interests of the Receivership Estate and are hereby approved.

3.  Adequate and fair notice has been provided to all interested and potentially interested parties (including but not limited to all lienholders in the chain of title) of the claims process for the resolution of disputed claims and determination of secured interests, the Receiver's fees and proposed fee allocations, the Motion and agreed distributions, and all interested or potentially interested parties have had a full and fair opportunity to participate in the claims process and to assert their interests and any objections to the Motion or the agreed distribution plans.

4.     As soon as such distributions can reasonably be achieved, the Receiver shall make distributions to the investor lenders in the aggregate amount of $7,391,286.03, in the individual distribution amounts set forth on Exhibits B.1 to B.17 hereto.

5.     As soon as such distributions can be reasonably achieved, the Receiver shall disburse to the Bank a total of $3,155,243.00 from the accounts held for the Subject Properties, in the amounts from each individual account set forth in Exhibit A hereto, in resolution of the claims against the Subject Properties.   Once such distributions to the Bank are completed, there will be no additional amounts that the Bank can recover from the Receivership estate and that the Receiver will take no further action against the Bank.

6.     The Bank is further granted relief from the stay imposed in the Order Appointing Receiver (Dkt. 16) to the extent that it may liquidate any reserve or escrow accounts held with respect to the Subject Property and transfer any remaining balances to itself or its designee(s).

7.     Because the Court intends that this be a final distribution, there will not be any holdbacks of professional fees or expenses associated with the Receiver's fee applications or fee allocation motions upon the distribution of proceeds to claimants.  Accordingly, as soon as such distributions can be reasonably achieved, the Receiver shall disburse a total of $157,648.34, in the amounts from each individual account set forth in Exhibit A hereto, in payment of the fees previously held back pursuant to the Court's orders.  (Dkt. 1372, 1452, 1469, 1510, 1511, 1539, 1573, 1675, 1758, 1831, 1856)

8.   The Court further authorizes the payment of estimated fees allocated to the Subject Properties during and after the current quarter from the accounts held for the Subject Properties.  The Receiver shall disburse a total of $122,000, in the amounts from each individual account set forth in Exhibit A hereto, to cover reasonably estimated fees incurred after December 31, 2024 through the final distributions on the Subject Properties.

9.   Following the distributions ordered herein, the net of the remaining balance of the property account for the Subject Properties, including any interest hereafter accruing, shall be transferred to the Receiver's account for use in the administration of the Receivership Estate and/or as otherwise ordered by the Court.

Entered:

Manish S. Shah
United States District Court Judge

Date: March 31, 2025