**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| **UNITED STATES SECURITIES** | ) | |
| **AND EXCHANGE COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 18-cv-5587** |
| | ) | |
| **v.** | ) | **Hon. Manish S. Shah** |
| | ) | |
| **EQUITYBUILD, INC., EQUITYBUILD** | ) | **Magistrate Judge Young B. Kim** |
| **FINANCE, LLC, JEROME H. COHEN,** | ) | |
| **and SHAUN D. COHEN,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**RECEIVER'S TWENTY-SEVENTH STATUS REPORT**
**(First Quarter 2025)**

Kevin B. Duff, as receiver ("Receiver") for the Estate of Defendants EquityBuild, Inc.,

EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Defendants Jerome Cohen

and Shaun Cohen (collectively, the "Receivership Defendants"), and pursuant to the powers vested

in him by Order of this Court, respectfully submits this Twenty-Seventh Status Report for the

quarter ending March 31, 2025.

## I.     CREDITORS AND CLAIMS AGAINST THE RECEIVERSHIP ESTATE

During the First Quarter 2025, claims were resolved for the following seven properties,

resulting in an additional $2,944,496.62 distributed to claimants during the quarter, bringing the

aggregate total of distributions to claimants as a result of resolved claims to $42,479,016.49 as of

March 31, 2025:

1. 7109-19 S Calumet Avenue (Property 7)
2. 2800-06 E 81st Street (Property 108)
3. 4570-52 S Indiana Avenue (Property 109)
4. 5618-20 S Martin Luther King Drive (Property 110)
5. 6558 S Vernon Avenue (Property 111)

6. 7450 S Luella Avenue (Property 112)
7. 7840-42 S Yates Avenue (Property 113)

The current status of the process to resolve the claims by groups of properties and the activities that transpired during the quarter are described in additional detail below:

**Group 1**

There are 179 claims asserting an interest in the five properties in Group 1:

1. 3074 Cheltenham Place (Property 74)
2. 7625-33 S East End Avenue (Property 75)
3. 7635-43 S East End Avenue (Property 76)
4. 7750-58 S Muskegon Avenue (Property 77)
5. 7201 S Constance Avenue (Property 78)

The Group 1 proceedings have concluded and all Group 1 distributions have been made.

**Group 2**

There are 309 claims asserting an interest in the five properties in Group 2:

1. 1700-08 W Juneway Terrace (Property 1)
2. 5450-52 S Indiana Avenue (Property 4)
3. 7749-59 S Yates Boulevard (Property 5)
4. 6160-6212 S Martin Luther King Drive (Property 79)
5. 6949-59 S Merrill Avenue (Property 101)

The Group 2 proceedings have concluded with respect to the properties located at 1700 W Juneway (Property 1), 6160 S MLK (Property 79), and 6949 S Merrill (Property 101). All distributions for these three properties have been made. Despite our efforts we have been unable to locate or distribute funds from Property 79 to one Group 2 claimant, and two other distribution checks for Property 79 remain uncashed, but efforts to finalize these distributions continue.

The properties located at 5450 S Indiana (Property 4) and 7749 S Yates (Property 5) are the subject of an appeal filed by institutional lender claimant Shatar Capital, and distributions on claims relating to these two properties have been stayed by the Court's order (Dkt. 1750) pending resolution of the appeal. Accordingly, no distributions will be made on 5450 S Indiana (Property

4) or 7749 S Yates (Property 5) until after the appeal is resolved. During the quarter, the mandatory mediation pursuant to Circuit Rule 33 concluded unsuccessfully, and Shatar Capital filed its appellant brief. The current deadline to file the Appellee's brief is May 2, 2025. Shatar's reply brief is due by May 23, 2025, after which the Seventh Circuit Court of Appeals will determine whether an oral argument will be scheduled.

**Group 3**

There are 204 claims asserting an interest in the Group 3 properties, which include:

1. 7301-09 S Stewart Avenue (Property 10)
2. 7500-06 S Eggleston Avenue (Property 11)
3. 3030-32 E 79th Street (Property 12)
4. 2909-19 E 78th Street (Property 13)
5. 7549-59 S Essex Avenue (Property 14)
6. 8047-55 S Manistee Avenue (Property 15)
7. 7927-49 S Essex Avenue (Properties 102-106)

The three properties in Chicago Capital Fund I ("CCF1") are Properties 10, 11, and 12.

The three properties in Chicago Capital Fund II ("CCF2") are Properties 13, 14, and 15.

The Group 3 proceedings have concluded and all Group 3 distributions have been made.

**Group 4**

There are 402 claims asserting an interest in the eleven properties in Group 4:

1. 6437-41 S Kenwood Avenue (Property 6)
2. 8100 S Essex Avenue (Property 9)
3. 5955 S Sacramento Avenue (Property 58)
4. 6001-05 S Sacramento Avenue (Property 59)
5. 7026-42 S Cornell Avenue (Property 60)
6. 7237-43 S Bennett Avenue (Property 61)
7. 7834-44 S Ellis Avenue (Property 62)
8. 701-13 S 5th Avenue, Maywood, Illinois (Property 71)
9. 11117-19 S Longwood Drive (Property 100)
10. 1102 Bingham Street, Houston, Texas (Property 116)
11. 431 E 42nd Place (Property 141)

The Group 4 proceedings have concluded and all but two Group 4 distributions have been made. With respect to the remaining distributions to the two claimants, whose claims were against Property 9 and Property 61, respectively, efforts to complete those distributions are ongoing.

**<u>Group 5</u>**

There are 83 claims asserting an interest in the four properties in Group 5:

1. <u>5001 S Drexel Boulevard</u> (Property 3)
2. <u>7300-04 St Lawrence Avenue</u> (Property 49)
3. <u>310 E 50th Street</u> (Property 52)
4. <u>4520-26 S Drexel Boulevard</u> (Property 63)

The Group 5 proceedings have concluded and all Group 5 distributions have been made. As to the individual investor lender claimants with respect to Properties 3 and 63, the Court found that these claims were not secured by the properties (Dkt. 1677 and 1752), and therefore will be considered in either Group 10 or one of the other groups, as indicated in Exhibits 3 and 4 to the Receiver's Group 5 submission (Dkt. 1626).

**<u>Group 6</u>**

There are 151 claims asserting an interest in the fifteen properties in Group 6:

1. <u>1414 &1418 East 62nd Place</u> (Property 8)
2. <u>6217-27 S Dorchester Avenue</u> (Property 68)
3. <u>2800-06 E 81st Street</u> (Property 108)
4. <u>4570-52 S Indiana Avenue</u> (Property 109)
5. <u>5618-20 S Martin Luther King Drive</u> (Property 110)
6. <u>6558 S Vernon Avenue</u> (Property 111)
7. <u>7450 S Luella Avenue</u> (Property 112)
8. <u>7840-42 S Yates Avenue</u> (Property 113)
9. <u>7760 S Coles Avenue</u> (Property 50)
10. <u>1401 W 109th Place</u> (Property 51)
11. <u>6807 S Indiana Avenue</u> (Property 53)
12. <u>8000-02 S Justine Street</u> (Property 54)
13. <u>8107-09 S Ellis Avenue</u> (Property 55)
14. <u>8209 S Ellis Avenue</u> (Property 56)
15. <u>8214-16 S Ingleside Avenue</u> (Property 57)

The claims process for Group 6 is proceeding. During the quarter, the Receiver participated in settlement discussions with institutional lender UBS AG regarding the properties located at 2800 E 81st (Property 108), 4750 S Indiana (Property 109), 5618 S Martin Luther King (Property 110), 6558 S Vernon (Property 111), 7450 S Luella a/k/a 2220 E 75th (Property 112), and 7840 S Yates (Property 113). The parties reached an agreement regarding these distributions, and on February 11, 2025, the Receiver filed a motion to approve distribution of proceeds from the sale of these properties. (Dkt.1839) The Court set a February 18, 2025 deadline for objections to the motion, and, there having been no objection, granted the unopposed motion and entered an amended distribution order on March 19, 2025. (Dkt. 1865)[1] This Order resulted in the investor lender claimants receiving 100% of their maximum recommended distributions, institutional lender UBS receiving approximately 43% of its maximum recommended distribution, and approximately $1.1 million will be transferred from the accounts for properties 108-113 to the Receiver's account for Estate administration and distributions on unsecured claims. Distribution of the proceeds from the sale of properties 108-113 pursuant to the Court's order were made during the quarter, and all of the checks have been cashed.

Distributions were also made in the previous quarter on the properties located at 6217 S Dorchester (Property 68) and 1414-1418 E 62nd (Property 8) pursuant to the Court's order. (Dkt. 1788)

As to the remaining Group 6 properties 7760 S Coles (Property 50), 1401 W 109th (Property 51), 6807 S Indiana (Property 53), 8000 S Justine (Property 54), 8107 S Ellis (Property

---

[1] The Court initially entered a Distribution Order on Group 6 properties 108-113 on March 5, 2025. (Dkt. 1853) On March 14, 2025, the Receiver moved to amend this order to correct his recommendation regarding one of the claims (Dkt. 1862), which was granted by the Court on March 18, 2025 (Dkt. 1864).

55), 8209 S Ellis (Property 56) and 8214 S Ingleside (Property 57), distributions pursuant to the Court's Group 6 Memorandum Opinion and Order finding that the individual investor's liens have priority (Dkt. 1818) have been administratively stayed (Dkt. 1825). Briefing and resolution of the Receiver's avoidance claims on these remaining Group 6 properties has also been stayed. (Dkt. 1750) A settlement conference with the Receiver, Midland Loan Services, and the title company insuring Midland's loan on these properties has been scheduled with Magistrate Judge Kim on May 21, 2025 at 10:00 AM by videoconference.

**Group 7**

There are 192 claims asserting an interest in the six properties in Group 7:

1. 4533-47 S Calumet Avenue (Property 2)
2. 7109-19 S Calumet Avenue (Property 7)
3. 4611-17 S Drexel Boulevard (Property 64)
4. 6250 S Mozart Avenue (Property 69)
5. 638-40 N Avers Avenue (Property 70)
6. 7255-57 S Euclid Avenue (Property 73)

The claims process for Group 7 is proceeding.

During the Quarter, the Receiver participated in a motions hearing at which the Court granted the Receiver's Motion to Approve Distribution of Proceeds from the Sale of Property 7. (Dkt. 1819) A final distribution order was entered on January 24, 2025, and distribution of the proceeds from the sale 7109 S Calumet was made during the quarter to institutional lender claimant U.S. Bank in an amount that was roughly 85% of the maximum distribution recommended for its claim, which will result in approximately $360,000.00 being transferred from the account held for 7109 S Calumet to the Receiver's account for Estate administration and potential distributions to

eligible claimants pursuant to an equitable distribution plan that the Receiver will propose to the Court for its approval.[2]

During the quarter, the Receiver also engaged in discussions with claimant Citibank as Trustee regarding the resolution of claims with respect to the properties located at 4611 S Drexel, 6250 S Mozart, and 7255 S Euclid, and an agreement was reached with respect to 4611 S Drexel (Property 64).  On March 25, 2025, the Receiver filed a Motion to Approve Distribution of Proceeds from the Sale of Property 64 which set forth the agreed upon resolution. (Dkt. 1866)  On April 10, 2025, the Court granted the motion, noting that no objections to the proposed distributions had been filed, and finding the proposed distribution plan "to be a reasonable compromise of competing claims against the funds [which] advances the goals of the receivership by eliminating further litigation risk." (Dkt. 1873)  Accordingly, claimants asserting an interest in Property 64 who were not repaid and did not roll their secured loan to other investments will be receiving at least 100% of their maximum recommended distributions, and approximately $1.5 million will be transferred from the account held for 4611 S Drexel to the Receiver's account for Estate administration and distributions on unsecured claims.

The disputes regarding the remaining four Group 7 properties were referred to Magistrate Judge Kim, who has scheduled: (a) a May 20, 2025 settlement conference with Citibank and its title insurer with respect to 6250 Mozart (Property 69) and 7255 Euclid (Property 73), and Sabal Capital and its title insurer with respect to 638 Avers (Property 70): and (b) a May 22, 2025 settlement conference with BMO and its title insurer with respect to the property located at 4533

---

[2] The Court found that none of the investor-lender claimants asserting an interest in 7109 S Calumet (Property 7) retained a secured interest or a lien on the proceeds from the sale of that property. (Dkt. 1830)  These claims will therefore be considered in either Group 10 or one of the other groups, as indicated in Exhibit 2 to the Receiver's submission on Group 7 claims. (Dkt. 1772)

S Calumet (Property 2).  The Receiver is hopeful that the claims against these four remaining Group 7 properties can be resolved without further cost and delay.

### Group 8

There are 470 claims asserting an interest in the 17 properties in Group 8:

1. 2736 W 64th Street (Property 80)
2. 4317-19 S Michigan Avenue (Property 81)
3. 6355-59 S Talman Avenue (Property 82)
4. 6356 S California Avenue (Property 83)
5. 7051 S Bennett Avenue (Property 84)
6. 7201-07 S Dorchester Avenue (Property 85)
7. 7442-48 S Calumet Avenue (Property 86)
8. 7508 S Essex Avenue (Property 87)
9. 7546-48 S Saginaw Avenue (Property 88)
10. 7600-10 S Kingston Avenue (Property 89)
11. 7656-58 S Kingston Avenue (Property 90)
12. 7701-03 S Essex Avenue (Property 91)
13. 7748-52 S Essex Avenue (Property 92)
14. 7957-59 S Marquette Road (Property 93)
15. 816-20 E Marquette Road (Property 94)
16. 8201 S Kingston Avenue (Property 95)
17. 8326-58 S Ellis Avenue (Property 96-99)

During the quarter, the Receiver reviewed discovery materials and EquityBuild records and on January 30, 2025 submitted schedules calculating his recommendations with respect to the individual claims asserting an interest in the Group 8 properties. (Dkt. 1836)  The Receiver also participated in settlement proceedings in front of Judge Shah, submitting a confidential settlement statement to the Court on February 10, 2025, and attending an off-the-record settlement conference on February 13, 2025.  Following the conference, the Receiver engaged in continued discussions with institutional lender Northeast Bank (as successor-in-interest to Liberty), as well as counsel for certain of the investor lenders, and reached a negotiated agreement as to the amount of the distribution to be made to Northeast Bank from the proceeds from the sale of Properties 80-96.

On March 11, 2025, the Receiver filed a Motion to Approve Distribution of Proceeds pursuant to this Agreement (Dkt. 1857), and the Court set a March 24, 2025 deadline for any

objections to the motion (Dkt. 1859).  Only one objection to the Motion was submitted (Dkt. 1868), which was overruled by the Court and the Motion granted (Dkt. 1869).  A Final Distribution Order for Properties 80-96 was entered on March 31, 2025 (Dkt. 1871), pursuant to which the investor-lender claimants will recover between approximately 17% and 74% of their maximum recommended distribution, depending on which of the seventeen Group 8 properties secured their loan, and Northeast Bank will recover approximately 36% of its maximum recommended distribution. The Receiver is working to mail distribution checks on more than 400 claims, which he anticipates will be concluded in the current quarter.

### Group 9

Group 9 consists of two properties located at:

1. <u>1131-41 E 79th Place</u> (Property 67)
2. <u>7024-32 S Paxton Avenue</u> (Property 72)

The claims process for the Group 9 properties has concluded and distribution of the proceeds from the sale of these two properties have been made.  As to the individual investor lender claimants with respect to these Group 9 properties, the Court found that these claims were not secured by the properties (Dkt. 1666), and therefore will be considered in either Group 10 or one of the other groups, as indicated in Exhibits 2 and 3 to the Receiver's Motion to Approve Distributions for Properties 67 and 72 (Dkt. 1653).

### Group 10

The final claims group, Group 10, will address how the unencumbered funds in the Receiver's account will be distributed to claimants.  Throughout this receivership, the Receiver has endeavored to bring funds into the Estate from various sources such as the sale of the personal residence of Jerome Cohen, a portion of the life insurance benefit for Jerome Cohen, lawsuits filed against EquityBuild's retained professionals and insiders, and the settlement of claims secured by

properties with sufficient funds in amounts that have allowed for funds to be transferred to the Receiver's account. As reported herein, at the end of the quarter there was in excess of $14 million in that account that the Receiver expects will be used for administrative expenses and Group 10 distributions.

In addition to unsecured claimants asserting an interest in equity funds or unsecured promissory notes, as well as trade creditors and other types of non-lender creditors, claimants whose loans were determined to be unsecured in claim Groups 1-9, as well as eligible claimants who have not recovered the maximum approved distributions from the proceeds from the sale of the property securing their claims will be considered for a Group 10 distribution, pursuant to an equitable distribution plan that the Receiver will propose to the Court for its approval.

The Receiver's team is working with the accounting firm KMA to create a distribution plan and will propose a methodology to the Court, for its approval, for the distribution of these unsecured funds. This proposed distribution plan will be addressed after the priority disputes and claims secured by the liquidated properties of the Estate have been resolved.

* * *

Finally, the Receiver repeats the following reminders regarding claims and the claims process. Claimants may want to consider whether to hire counsel to assist them with the claims process. Claimants do not have an obligation to retain counsel in order to participate in the claims process, but the Receiver and his counsel cannot provide legal advice to any claimant, nor can the Receiver advise claimants regarding whether or not they should retain counsel. Any claimant that chooses to proceed without counsel should visit the section of the Court's website (www.ilnd.uscourts.gov) named "Information for People Without Lawyers (Pro Se)" which provides useful information and also states the following: "The rules, procedures and law that

affect your case are very often hard to understand. With that in mind, you should seriously consider trying to obtain professional legal assistance from an attorney instead of representing yourself as a pro se party." Claimants may also want to speak with a lawyer to assist them in determining for themselves whether or not to retain counsel.

All claimants have a continuing responsibility to ensure that the Receiver at all times has current and up-to-date contact information so that the Receiver may provide important information relating to the claims process, the claimant's claim, or the Receivership Estate, as well as mail distribution checks for approved claims. Additionally, any claimants who have closed their retirement accounts and transferred their interests to a different IRA or 401k custodian, or to themselves individually, should notify the Receiver and provide documentation of the transfer or distribution from their former custodian. Claimants may provide updated information and documentation to the Receiver at equitybuildclaims@rdaplaw.net.

## II.      ADDITIONAL OPERATIONS OF THE RECEIVER

### a.   Identification and Preservation of Assets

During the First Quarter 2025, the Receiver continued efforts to identify, preserve, and recover assets, including, *inter alia,* through claims asserted against former EquityBuild professionals and insiders.

### b.   Financial Reporting of Receipts and Expenditures

The Receiver only needed to devote a minimal amount of work during the quarter to financial reporting.

### c.   Open Litigation

The Receiver is aware of four actions currently pending in the Circuit Court of Cook County in which an EquityBuild entity is a named defendant, including:

- *Equity Trust Co. Custodian FBO Joseph Kennedy IRA v. EquityBuild Inc., et al.*, Case No. 2022 CH 02709. This foreclosure action on 107-11 N. Laramie was filed March 25, 2022 pursuant to this Court's Order partially lifting the stay of litigation. (Dkt. 1176) On November 6, 2024, an alias summons and complaint was served upon Defendant PP P24 1, LLC, which the complaint alleges is the legal title holder of the property, and on March 12, 2025 an Affidavit of Compliance for service on nonparty EE26 Southside 65 LLC via the Secretary of State was filed. To date, no answer has been filed.

- *Jerrine Pennington for Valerie Pennington, Deceased v. 4533 Calumet, LLC*, Case No. 2021 L 10115. An order indefinitely transferring this matter to the circuit court's special stay calendar pursuant to this Court's Order Appointing Receiver (Dkt. 16) was entered on January 27, 2022. At a Trial Setting Call on February 15, 2024, the case was placed on the Law Division's insurance stay calendar.

- *Bauer Latoza Studio Ltd. v. EquityBuild Inc.*, Case No. 2019 L 000787. An order indefinitely transferring this matter brought by a trade-creditor claimant to the circuit court's special stay calendar pursuant to this Court's Order Appointing Receiver (Dkt. 16) was entered on March 21, 2019.

- *Michigan Shore Apartments, LLC v. EquityBuild, Inc., et al*., Case No. 2018 CH 09098. The stay of this matter pursuant to this Court's Order Appointing Receiver (Dkt. 16), was continued to December 2, 2025, by court order entered December 3, 2024.

d. Claimant Communications

The Receiver has provided and continues to maintain numerous resources to keep claimants informed about proceedings in this action. To provide basic information, the Receiver

12

established and regularly updates a webpage (http://rdaplaw.net/receivership-for-equitybuild) for claimants and other interested parties to obtain information and certain court filings related to the Receivership Estate. A copy of this Status Report will be posted on the Receivership web site.

Court filings and orders are also available through PACER, which is an electronic filing system used for submissions to the Court. Investor claimants and others seeking court filings and orders can visit www.ilnd.uscourts.gov for information about accessing filings through PACER.

Beyond those avenues, the Receiver keeps claimants informed regarding major occurrences in the Receivership and in the claims process for specific Groups through regular email communications. Additionally, the Receiver continues to receive and respond to numerous emails and voicemails from claimants and their representatives. The Receiver and his staff responded in writing to approximately 137 such inquiries during the First Quarter 2025, and sent an additional 627 emails confirming distribution payee and address information, in addition to conducting a number of oral communications. The Receiver will continue to work to ensure that information is available and/or otherwise provided as quickly and completely as practicable, asks all stakeholders and interested parties for patience during this lengthy process, and reiterates that responding to individual inquiries depletes Receivership assets. These quarterly status reports and the Receiver's other court filings remain the most efficient means of communicating information regarding the activities of the Receivership Estate.

e. Control of Receivership Property and Records

The Receiver has continued efforts to preserve all EquityBuild property and records. The Receiver continues to undertake efforts to maintain, preserve, and utilize EquityBuild's internal documents during the pendency of this matter, as well as for use in document productions and investigations in the matters brought by the Receiver against the former EquityBuild professionals.

 f. <u>Factual Investigation</u>

 The Receiver and his retained professionals have continued to review and analyze the following: (i) documents and correspondence sent to or received from the EquityBuild principals, to whose email accounts the Receiver has access; (ii) bank records from EquityBuild and its affiliate entities; (iii) EquityBuild documents; (iv) available underlying transaction documents received to-date from former Chicago-based EquityBuild counsel; (v) files produced by former EquityBuild counsel, accountants, and employees; and (vi) files produced pursuant to subpoenas issued by the Receiver.

 g. <u>Tax Issues</u>

 During the First Quarter of 2025, the Receiver's tax administrator, Miller Kaplan, assisted with certain tax issues relating to property distributions, and worked on preparation of the Receiver's 2024 and 2025 estimated tax filings and withholdings.

 The Receiver has informed investors that he cannot provide advice on tax matters. Moreover, the Receiver and his retained professionals do not plan to issue Forms 1099-INT or other tax forms to investors. However, Forms 1099-R may or have been issued to investors who previously held investments through closed retirement accounts and as a result received distributions directly. With respect to valuation, loss, or other tax issues, investors and their tax advisors may wish to seek independent tax advice and to consider IRS Rev. Proc. 2009-20 and IRS Rev. Rul. 2009-9.

 h. <u>Accounts Established by the Receiver for the Benefit of the Receivership Estate</u>

 The Receiver established custodial accounts at a federally insured financial institution to hold all cash proceeds from the sale of the Receivership properties. These interest-bearing checking accounts are used by the Receiver to collect liquid assets of the Estate and to pay

portfolio-related and administrative expenses.  The Receiver also established separate interest-bearing accounts to hold funds from the sale of real estate, as directed by Court order, until such time as it becomes appropriate to distribute such funds, upon Court approval, to the various creditors of the Estate, including but not limited to the defrauded investors or lenders.

Attached as **Exhibit 1** is a schedule reflecting the balance of funds in all of the property specific accounts as of March 31, 2025, with a description of any changes to the account balance during the quarter.

### III.     RECEIVER'S FUND ACCOUNTING

The Receiver's Standardized Fund Accounting Report ("SFAR") for the First Quarter 2025 is attached hereto as **Exhibit 2**.  The SFAR discloses the funds received and disbursed from the Receivership Estate during this reporting period.  As reported in the SFAR, cash on hand as of March 31, 2025 equaled $14,332,286.67.  The information reflected in the SFAR is based on records and information currently available to the Receiver.  The Receiver and his advisors are continuing with their evaluation and analysis.

### IV.     RECEIVER'S SCHEDULE OF RECEIPTS AND DISBURSEMENTS

The Receiver's Schedule of Receipts and Disbursements ("Schedule") for the First Quarter 2025 is attached hereto as **Exhibit 3**.  This Schedule reflects $5,399,808.10 in total receipts and $450,140.84 in total disbursements to and from the Receiver's (non-property) accounts during the quarter.

### V.     RECEIVERSHIP PROPERTY

All known Receivership Property is identified and described in the Master Asset List attached hereto as **Exhibit 4**.  The Master Asset List identifies 56 checking accounts in the names of the affiliate entities identified as Receivership Defendants, reflecting transfers of $213,249.56 to the Receiver's account.  (*See also* Dkt. 348 at 23-24 for additional information relating to these

funds)  The Master Asset List also identifies funds in the Receiver's account in the amount of $14,332,286.67. The Master Asset List does not include funds received or recovered after March 31, 2025.  Nor does it include potentially recoverable assets for which the Receiver is still evaluating the value, potential value, and/or ownership interests.  The Receiver is in the process of evaluating certain other types of assets that may be recoverable by the Receivership Estate.

Additionally, the balances of the 48-remaining property-specific interest-bearing accounts established to hold the proceeds from sold real estate are reflected in Exhibit 1.[3]  These accounts cumulatively contained $22,572,037.86 as of March 31, 2025.

## VI.    LIQUIDATED AND UNLIQUIDATED CLAIMS HELD BY THE RECEIVERSHIP ESTATE

During the quarter, orders were entered terminating the lawsuit brought by the Receiver against EquityBuild's lawyers, *Duff v. Rock Fusco & Connelly, LLC, Ioana Salajanu, and Bregman Berbert Schwartz & Gilday, LLC ("BBS&G")*, Case No. 20-L-8843 (Cir. Ct. Cook Cty.). The state court granted the BBS&G Defendants' motion for a good faith finding and dismissed these defendants from the case on January 21, 2025. On January 24, 2025, this Court granted the Receiver's motion to approve a settlement with the Rock Fusco Defendants for the $9,733,000.00 remaining on the firm's insurance policy. (Dkt. 1828, 1829)  The final settlement payment has been received.  As a result, on April 22, 2025, the state court granted the Rock Fusco Defendants' motion for a good faith finding and dismissed the case against them.

---

[3] Several of these 48 accounts have balances remaining because of uncashed distribution checks (see Section I above).  Accounts with less than $10 residual interest are not included in this count, as these small balances will be transferred to the Receiver's account pursuant to the Court's orders.

## VII.    PROFESSIONAL FEES AND EXPENSES

During the quarter, the Receiver prepared and submitted his 26th Fee Application (Dkt. 1846), to which objections were filed by the institutional lenders (Dkt. 1852).  On March 5, 2025, the Court granted the Receiver's 26th Fee Application, approving the allocations to properties, and imposing a 20% holdback on all fees (Dkt. 1853, 1856), and the net amounts were transferred from the individual property accounts (*See* Exhibit 1).

## VIII.   CONCLUSION

At this time, the Receiver recommends the continuation of the Receivership for at least the following reasons:

1.      The continued investigation, analysis, and recommendations regarding the claims against the Receivership Estate, including, but not limited to, the claims and records of investors;

2.      The continued investigation, analysis, and recovery of potential fraudulent transfer claims and claims against third parties;

3.      The continued analysis and formulation, in consultation with the SEC and the Court, of a just and fair distribution plan for the creditors of the Receivership Estate; and

4.      The discharge of any other legal and/or appointed duties of the Receiver as identified in the August 17, 2018 Order Appointing Receiver, or as the Court deems necessary.

Dated:  April 24, 2025

Respectfully submitted,

Kevin B. Duff, Receiver

By:     /s/ Michael Rachlis
Michael Rachlis (mrachlis@rdaplaw.net)
Jodi Rosen Wine (jwine@rdaplaw.net)
Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone (312) 733-3950

*Attorneys for Kevin B. Duff, Receiver*

## CERTIFICATE OF SERVICE

I hereby certify that I provided service of the foregoing Receiver's Twenty-Seventh Status Report, via ECF filing, to all counsel of record on April 24, 2025.

I further certify that I caused true and correct copies of the foregoing to be served by electronic mail to all known individuals or entities that submitted a proof of claim in this action (sent to the e-mail address each claimant provided on the claim form or subsequently updated).

I further certify that the Receiver's Twenty-Seventh Status Report will be posted to the Receivership webpage at: http://rdaplaw.net/receivership-for-equitybuild

/s/ Michael Rachlis

Michael Rachlis
Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone (312) 733-3950
Fax (312) 733-3952
mrachlis@rdaplaw.net

# Exhibit 1

*SEC v. EquityBuild, Inc., et al.*
No. 18-cv-5587
**Balances of Funds in Property Specific Accounts as of March 31, 2025**

| Account Number | Account Name | Property Number | Account Balance as of 3/31/25 (including March 2025 interest posted April 1, 2025) | Date of Settlement | Date of Distribution | Reason for Change (if any) 1/1/25 - 3/31/25 |
|---|---|---|---|---|---|---|
| 0462 | 1700 Juneway | 1 | $28,028.36 | 10/20/2020 | 8/22/2024 | Interest earned, $795.72 |
| 0603 | 4533 S. Calumet | 2 | $2,357,982.48 | 12/1/2020 | | Interest earned, $24,636.74; transfer allocated fees for 25th fee app per 1/24/25 Order (Dkt 1831), ($7,847.54); transfer allocated fees for 26th fee app per 3/10/25 Order (Dkt 1856), ($15,343.70) |
| 0371 | 5450 S. Indiana | 4 | $1,870,055.08 | 6/25/2020 | | Interest earned, $19,462.12; transfer allocated fees for 25th fee app per 1/24/25 Order (Dkt 1831), ($3,787.55); transfer allocated fees for 26th fee app per 3/10/25 Order (Dkt 1856), ($3,399.54) |
| 0231 | 7749-59 S. Yates | 5 | $602,230.04 | 4/22/2020 | | Interest earned, $6,294.41; transfer allocated fees for 25th fee app per 1/24/25 Order (Dkt 1831), ($3,960.38); transfer allocated fees for 26th fee app per 3/10/25 Order (Dkt 1856), ($3,466.05) |
| 0389 | 6437 S. Kenwood | 6 | $1.84 | 6/25/2020 | 7/25/2024 | |
| 0280 | 7109 S. Calumet | 7 | $360,497.83 | 2/28/2022 | 2/4/2025 | Interest earned, $8,443.62; distribution to claimant per 1/24/25 Order (Dkt 1830), ($1,175,000.00); transfer allocated fees per 1/24/25 Order (Dkt 1830), ($27,128.71) |

*SEC v. EquityBuild, Inc., et al.*
No. 18-cv-5587
**Balances of Funds in Property Specific Accounts as of March 31, 2025**

| Account Number | Account Name | Property Number | Account Balance as of 3/31/25 (including March 2025 interest posted April 1, 2025) | Date of Settlement | Date of Distribution | Reason for Change (if any) 1/1/25 - 3/31/25 |
|---|---|---|---|---|---|---|
| 0991 | 1414 E. 62nd Place | 8 | $6,114.59 | 5/26/2021 | N/A | Interest earned, $63.49 |
| 0058 | 8100-14 S Essex | 9 | $9,152.30 | 4/30/2019 | 7/25/2024 | Interest earned, $94.81 |
| 0405 | 7760 S. Coles | 50 | $80,428.52 | 6/26/2020 | | Interest earned, $865.75; transfer allocated fees for 25th fee app per 1/24/25 Order (Dkt 1831), ($3,134.61); transfer allocated fees for 26th fee app per 3/10/25 Order (Dkt 1856), ($2,647.90) |
| 0843 | 1401 W. 109th | 51 | $11,321.13 | 5/26/2021 | | Interest earned, $146.97; transfer allocated fees for 25th fee app per 1/24/25 Order (Dkt 1831), ($3,094.74); transfer allocated fees for 26th fee app per 3/10/25 Order (Dkt 1856), ($2,559.30) |
| 1114 | 6807 S. Indiana | 53 | $102,110.58 | 5/26/2021 | | Interest earned, $1,089.13; transfer allocated fees for 25th fee app per 1/24/25 Order (Dkt 1831), ($3,108.61); transfer allocated fees for 26th fee app per 3/10/25 Order (Dkt 1856), ($2,428.64) |
| 0413 | 8000 S. Justine | 54 | $160,375.17 | 6/26/2020 | | Interest earned, $1,690.55; transfer allocated fees for 25th fee app per 1/24/25 Order (Dkt 1831), ($3,356.19); transfer allocated fees for 26th fee app per 3/10/25 Order (Dkt 1856), ($1,852.53) |

*SEC v. EquityBuild, Inc., et al.*
No. 18-cv-5587
**Balances of Funds in Property Specific Accounts as of March 31, 2025**

| Account Number | Account Name | Property Number | Account Balance as of 3/31/25 (including March 2025 interest posted April 1, 2025) | Date of Settlement | Date of Distribution | Reason for Change (if any) 1/1/25 - 3/31/25 |
|---|---|---|---|---|---|---|
| 0421 | 8107-09 S. Ellis | 55 | $74,922.18 | 6/30/2020 | | Interest earned, $803.48; transfer allocated fees for 25th fee app per 1/24/25 Order (Dkt 1831), ($3,717.35); transfer allocated fees for 26th fee app per 3/10/25 Order (Dkt 1856), ($1,790.13) |
| 0439 | 8209 S. Ellis | 56 | $229,683.38 | 7/1/2020 | | Interest earned, $2,426.89; transfer allocated fees for 25th fee app per 1/24/25 Order (Dkt 1831), ($3,698.81); transfer allocated fees for 26th fee app per 3/10/25 Order (Dkt 1856), ($3,800.62) |
| 0447 | 8214-16 S. Ingleside | 57 | $191,356.88 | 6/30/2020 | | Interest earned, $2,011.69; transfer allocated fees for 25th fee app per 1/24/25 Order (Dkt 1831), ($3,177.94); transfer allocated fees for 26th fee app per 3/10/25 Order (Dkt 1856), ($1,848.58) |
| 0124 | 6001-05 S. Sacramento | 59 | $0.37 | 11/5/2019 | 7/26/2024 | |
| 0132 | 7026-42 S. Cornell | 60 | $1.26 | 11/6/2019 | 7/26/2024 | |
| 0140 | 7237-43 S. Bennett | 61 | $5,781.40 | 6/30/2021 | 7/26/2024 | Interest earned, $60.00 |
| 0868 | 4611 S. Drexel | 64 | $5,353,944.44 | 5/14/2021 | | Interest earned, $55,738.13; transfer allocated fees for 25th fee app per 1/24/25 Order (Dkt 1831), ($3,000.94); transfer allocated fees for 26th fee app per 3/10/25 Order (Dkt 1856), ($15,075.66) |

**SEC v. EquityBuild, Inc., et al.**
No. 18-cv-5587
**Balances of Funds in Property Specific Accounts as of March 31, 2025**

| Account Number | Account Name | Property Number | Account Balance as of 3/31/25 (including March 2025 interest posted April 1, 2025) | Date of Settlement | Date of Distribution | Reason for Change (if any) 1/1/25 - 3/31/25 |
|---|---|---|---|---|---|---|
| 0876 | 6217 S. Dorchester | 68 | $50.62 | 7/6/2021 | 12/3/2024 | Interest earned, $598.65; transfer balance of account to Receiver's account per 11/13/24 Order (Dkt 1788), ($47,282.86) |
| 0512 | 6250 S. Mozart | 69 | $874,746.47 | 12/22/2020 | | Interest earned, $9,168.32; transfer allocated fees for 25th fee app per 1/24/25 Order (Dkt 1831), ($3,520.38); transfer allocated fees for 26th fee app per 3/10/25 Order (Dkt 1856), ($9,088.94) |
| 0363 | 638 N. Avers | 70 | $520,800.62 | 10/15/2021 | | Interest earned, $5,491.45; transfer allocated fees for 25th fee app per 1/24/25 Order (Dkt 1831), ($1,432.69); transfer allocated fees for 26th fee app per 3/10/25 Order (Dkt 1856), ($9,820.78) |
| 0165 | 701-13 S. 5th Avenue | 71 | $0.69 | 3/31/2020 | 7/26/2024 | |
| 0884 | 7255 S. Euclid | 73 | $1,116,244.83 | 6/29/2021 | | Interest earned, $11,684.45; transfer allocated fees for 25th fee app per 1/24/25 Order (Dkt 1831), ($3,626.54); transfer allocated fees for 26th fee app per 3/10/25 Order (Dkt 1856), ($10,025.02) |
| 0496 | 3074 Cheltenham | 74 | $10,151.58 | 9/24/2020 | 8/23/2024 | Interest earned, $105.43 |
| 0199 | 7625 S. East End | 75 | $138.56 | 12/20/2019 | 8/23/2024; 10/8/24 | Interest earned, $1.34 |

*SEC v. EquityBuild, Inc., et al.*
No. 18-cv-5587
**Balances of Funds in Property Specific Accounts as of March 31, 2025**

| Account Number | Account Name | Property Number | Account Balance as of 3/31/25 (including March 2025 interest posted April 1, 2025) | Date of Settlement | Date of Distribution | Reason for Change (if any) 1/1/25 - 3/31/25 |
|---|---|---|---|---|---|---|
| 0207 | 7635 S. East End | 76 | $12,653.61 | 12/20/2019 | 8/23/2024 | Interest earned, $834.34 |
| 0223 | 7750 S. Muskegon | 77 | $2.09 | 12/18/2019 | 8/23/2024 | |
| 0561 | 7201 S. Constance | 78 | $4.57 | 9/30/2020 | 8/23/2024 | Interest earned, $0.03 |
| 0066 | 6160-6212 S King | 79 | $13,448.71 | 4/30/2019 | 8/23/2024 | Interest earned, $147.30; claimant checks reversed (uncashed, stale-dated), $9,618.77 |
| 0488 | 2736 W. 64th | 80 | $245,658.36 | 9/29/2020 | 4/1/2025 | Interest earned, $3,581.51; transfer allocated fees for 25th fee app per 1/24/25 Order (Dkt 1831), ($374.36); transfer allocated fees for 26th fee app per 3/10/25 Order (Dkt 1856), ($2,123.02); distribution to claimant per 3/31/25 Order (Dkt 1871), ($86,466.69); transfer allocated fees per 3/31/25 Order (Dkt 1871), ($10,972.88) |
| 0900 | 4317 S. Michigan | 81 | $537,230.38 | 12/2/2020 | 4/1/2025 | Interest earned, $9,038.19; transfer allocated fees for 25th fee app per 1/24/25 Order (Dkt 1831), ($296.60); transfer allocated fees for 26th fee app per 3/10/25 Order (Dkt 1856), ($1,999.40); distribution to claimant per 3/31/25 Order (Dkt 1871), ($319,348.46); transfer allocated fees per 3/31/25 Order (Dkt 1871), ($11,974.19) |

**SEC v. EquityBuild, Inc., et al.**
**No. 18-cv-5587**
**Balances of Funds in Property Specific Accounts as of March 31, 2025**

| Account Number | Account Name | Property Number | Account Balance as of 3/31/25 (including March 2025 interest posted April 1, 2025) | Date of Settlement | Date of Distribution | Reason for Change (if any) 1/1/25 - 3/31/25 |
|---|---|---|---|---|---|---|
| 0520 | 6355 S. Talman | 82 | $338,264.69 | 9/29/2020 | 4/1/2025 | Interest earned, $4,908.72; transfer allocated fees for 25th fee app per 1/24/25 Order (Dkt 1831), ($476.39); transfer allocated fees for 26th fee app per 3/10/25 Order (Dkt 1856), ($1,868.70); distribution to claimant per 3/31/25 Order (Dkt 1871), ($119,064.48); transfer allocated fees per 3/31/25 Order (Dkt 1871), ($13,716.57) |
| 0538 | 6356 S. California | 83 | $194,586.14 | 9/29/2020 | 4/1/2025 | Interest earned, $2,872.52; transfer allocated fees for 25th fee app per 1/24/25 Order (Dkt 1831), ($415.06); transfer allocated fees for 26th fee app per 3/10/25 Order (Dkt 1856), ($1,819.14); distribution to claimant per 3/31/25 Order (Dkt 1871), ($68,485.99); transfer allocated fees per 3/31/25 Order (Dkt 1871), ($11,980.23) |
| 0553 | 7051 S. Bennett | 84 | $307,494.22 | 9/23/2020 | 4/1/2025 | Interest earned, $4,472.32; transfer allocated fees for 25th fee app per 1/24/25 Order (Dkt 1831), ($349.06); transfer allocated fees for 26th fee app per 3/10/25 Order (Dkt 1856), ($2,110.27); distribution to claimant per 3/31/25 Order (Dkt 1871), ($108,232.61); transfer allocated fees per 3/31/25 Order (Dkt 1871), ($13,159.64) |

*SEC v. EquityBuild, Inc., et al.*
No. 18-cv-5587
**Balances of Funds in Property Specific Accounts as of March 31, 2025**

| Account Number | Account Name | Property Number | Account Balance as of 3/31/25 (including March 2025 interest posted April 1, 2025) | Date of Settlement | Date of Distribution | Reason for Change (if any) 1/1/25 - 3/31/25 |
|---|---|---|---|---|---|---|
| 0579 | 7201-07 S. Dorchester | 85 | $253,425.47 | 10/20/2020 | 4/1/2025 | Interest earned, $3,730.56; transfer allocated fees for 25th fee app per 1/24/25 Order (Dkt 1831), ($344.46); transfer allocated fees for 26th fee app per 3/10/25 Order (Dkt 1856), ($1,714.85); distribution to claimant per 3/31/25 Order (Dkt 1871), ($89,195.79); transfer allocated fees per 3/31/25 Order (Dkt 1871), ($15,154.52) |
| 0975 | 7442-48 S. Calumet | 86 | $407,190.59 | 11/16/2020 | 4/1/2025 | Interest earned, $5,834.59; transfer allocated fees for 25th fee app per 1/24/25 Order (Dkt 1831), ($333.06); transfer allocated fees for 26th fee app per 3/10/25 Order (Dkt 1856), ($1,538.93); distribution to claimant per 3/31/25 Order (Dkt 1871), ($143,334.21); transfer allocated fees per 3/31/25 Order (Dkt 1871), ($9,953.29) |
| 0587 | 7508 S. Essex | 87 | $530,137.77 | 10/28/2020 | 4/1/2025 | Interest earned, $7,641.76; transfer allocated fees for 25th fee app per 1/24/25 Order (Dkt 1831), ($833.87); transfer allocated fees for 26th fee app per 3/10/25 Order (Dkt 1856), ($1,214.10); distribution to claimant per 3/31/25 Order (Dkt 1871), ($186,606.60); transfer allocated fees per 3/31/25 Order (Dkt 1871), ($17,826.75) |

**SEC v. EquityBuild, Inc., et al.**
**No. 18-cv-5587**
**Balances of Funds in Property Specific Accounts as of March 31, 2025**

| Account Number | Account Name | Property Number | Account Balance as of 3/31/25 (including March 2025 interest posted April 1, 2025) | Date of Settlement | Date of Distribution | Reason for Change (if any) 1/1/25 - 3/31/25 |
|---|---|---|---|---|---|---|
| 0355 | 7546 S. Saginaw | 88 | $397,562.92 | 5/13/2020 | 4/1/2025 | Interest earned, $5,803.88; transfer allocated fees for 25th fee app per 1/24/25 Order (Dkt 1831), ($306.26); transfer allocated fees for 26th fee app per 3/10/25 Order (Dkt 1856), ($1,218.31); distribution to claimant per 3/31/25 Order (Dkt 1871), ($139,931.63); transfer allocated fees per 3/31/25 Order (Dkt 1871), ($20,265.52) |
| 0298 | 7600 S. Kingston | 89 | $1,030,236.63 | 12/3/2020 | 4/1/2025 | Interest earned, $14,789.22; transfer allocated fees for 25th fee app per 1/24/25 Order (Dkt 1831), ($453.41); transfer allocated fees for 26th fee app per 3/10/25 Order (Dkt 1856), ($1,704.78); distribution to claimant per 3/31/25 Order (Dkt 1871), ($362,646.46); transfer allocated fees per 3/31/25 Order (Dkt 1871), ($29,552.54) |
| 0306 | 7656 S. Kingston | 90 | $53,738.40 | 12/2/2020 | 4/1/2025 | Interest earned, $934.84; transfer allocated fees for 25th fee app per 1/24/25 Order (Dkt 1831), ($324.74); transfer allocated fees for 26th fee app per 3/10/25 Order (Dkt 1856), ($995.14); distribution to claimant per 3/31/25 Order (Dkt 1871), ($18,896.29); transfer allocated fees per 3/31/25 Order (Dkt 1871), ($16,517.30) |

*SEC v. EquityBuild, Inc., et al.*
No. 18-cv-5587
**Balances of Funds in Property Specific Accounts as of March 31, 2025**

| Account Number | Account Name | Property Number | Account Balance as of 3/31/25 (including March 2025 interest posted April 1, 2025) | Date of Settlement | Date of Distribution | Reason for Change (if any) 1/1/25 - 3/31/25 |
|---|---|---|---|---|---|---|
| 0918 | 7701 S. Essex | 91 | $320,281.48 | 11/16/2020 | 4/1/2025 | Interest earned, $8,045.14; transfer allocated fees for 25th fee app per 1/24/25 Order (Dkt 1831), ($283.54); transfer allocated fees for 26th fee app per 3/10/25 Order (Dkt 1856), ($850.88); distribution to claimant per 3/31/25 Order (Dkt 1871), ($445,233.65); transfer allocated fees per 3/31/25 Order (Dkt 1871), ($8,314.80) |
| 0215 | 7748 S. Essex | 92 | $905,613.54 | 12/18/2019 | 4/1/2025 | Interest earned, $13,012.80; transfer allocated fees for 25th fee app per 1/24/25 Order (Dkt 1831), ($478.73); transfer allocated fees for 26th fee app per 3/10/25 Order (Dkt 1856), ($2,227.16); distribution to claimant per 3/31/25 Order (Dkt 1871), ($318,777.63); transfer allocated fees per 3/31/25 Order (Dkt 1871), ($26,602.85) |
| 0595 | 7957 S. Marquette | 93 | $146,722.64 | 9/21/2020 | 4/1/2025 | Interest earned, $2,229.32; transfer allocated fees for 25th fee app per 1/24/25 Order (Dkt 1831), ($350.54); transfer allocated fees for 26th fee app per 3/10/25 Order (Dkt 1856), ($3,846.98); distribution to claimant per 3/31/25 Order (Dkt 1871), ($51,633.60); transfer allocated fees per 3/31/25 Order (Dkt 1871), ($13,249.68) |

*SEC v. EquityBuild, Inc., et al.*
No. 18-cv-5587
**Balances of Funds in Property Specific Accounts as of March 31, 2025**

| Account Number | Account Name | Property Number | Account Balance as of 3/31/25 (including March 2025 interest posted April 1, 2025) | Date of Settlement | Date of Distribution | Reason for Change (if any) 1/1/25 - 3/31/25 |
|---|---|---|---|---|---|---|
| 0926 | 816 E. Marquette | 94 | $583,946.77 | 11/18/2020 | 4/1/2025 | Interest earned, $9,145.42; transfer allocated fees for 25th fee app per 1/24/25 Order (Dkt 1831), ($325.14); transfer allocated fees for 26th fee app per 3/10/25 Order (Dkt 1856), ($2,487.75); distribution to claimant per 3/31/25 Order (Dkt 1871), ($282,355.50); transfer allocated fees per 3/31/25 Order (Dkt 1871), ($12,200.10) |
| 0314 | 8201 S. Kingston | 95 | $192,766.34 | 5/21/2020 | 4/1/2025 | Interest earned, $2,847.42; transfer allocated fees for 25th fee app per 1/24/25 Order (Dkt 1831), ($294.74); transfer allocated fees for 26th fee app per 3/10/25 Order (Dkt 1856), ($2,505.42); distribution to claimant per 3/31/25 Order (Dkt 1871), ($67,845.65); transfer allocated fees per 3/31/25 Order (Dkt 1871), ($11,552.99) |
| 0322 | 8326-58 S. Ellis | 96-99 | $986,357.80 | 6/11/2020 | 4/1/2025 | Interest earned, $14,290.52; transfer allocated fees for 25th fee app per 1/24/25 Order (Dkt 1831), ($398.99); transfer allocated fees for 26th fee app per 3/10/25 Order (Dkt 1856), ($7,268.16); distribution to claimant per 3/31/25 Order (Dkt 1871), ($347,187.78); transfer allocated fees per 3/31/25 Order (Dkt 1871), ($36,654.49) |
| 0454 | 11117 S. Longwood | 100 | $2.67 | 7/8/2020 | 7/26/2024 | Interest earned, $0.36 |

*SEC v. EquityBuild, Inc., et al.*
No. 18-cv-5587
**Balances of Funds in Property Specific Accounts as of March 31, 2025**

| Account Number | Account Name | Property Number | Account Balance as of 3/31/25 (including March 2025 interest posted April 1, 2025) | Date of Settlement | Date of Distribution | Reason for Change (if any) 1/1/25 - 3/31/25 |
|---|---|---|---|---|---|---|
| 0942 | 2800 E. 81st | 108 | $152,152.99 | 4/30/2021 | 3/25/2025 | Interest earned, $4,394.16; transfer allocated fees for 25th fee app per 1/24/25 Order (Dkt 1831), ($3,245.29); distribution to claimants per 3/19/25 Order (Dkt 1865), ($296,425.85); transfer allocated fees per 3/19/25 Order (Dkt 1865), ($8,998.12) |
| 0959 | 4750 S. Indiana | 109 | $378,610.21 | 4/21/2021 | 3/12/2025 | Interest earned, $7,232.43; transfer allocated fees for 25th fee app per 1/24/25 Order (Dkt 1831), ($3,438.37); distribution to claimant per 3/19/25 Order (Dkt 1865), ($392,995.61); transfer allocated fees per 3/19/25 Order (Dkt 1865), ($10,305.13) |
| 0504 | 5618 S. Martin Luther King | 110 | $171,854.62 | 9/29/2020 | 3/25/2025 | Interest earned, $6,240.10; transfer allocated fees for 25th fee app per 1/24/25 Order (Dkt 1831), ($3,302.00); distribution to claimants per 3/19/25 Order (Dkt 1865), ($457,672.44); transfer allocated fees per 3/19/25 Order (Dkt 1865), ($10,008.27) |
| 0546 | 6554-58 S. Vernon | 111 | $230,079.48 | 10/15/2020 | 3/25/2025 | Interest earned, $4,970.97; transfer allocated fees for 25th fee app per 1/24/25 Order (Dkt 1831), ($3,409.12); distribution to claimants per 3/19/25 Order (Dkt 1865), ($292,058.03); transfer allocated fees per 3/19/25 Order (Dkt 1865), ($9,955.81) |

*SEC v. EquityBuild, Inc., et al.*
**No. 18-cv-5587**
**Balances of Funds in Property Specific Accounts as of March 31, 2025**

| Account Number | Account Name | Property Number | Account Balance as of 3/31/25 (including March 2025 interest posted April 1, 2025) | Date of Settlement | Date of Distribution | Reason for Change (if any) 1/1/25 - 3/31/25 |
|---|---|---|---|---|---|---|
| 0249 | 7450 S. Luella | 112 | $90,258.67 | 5/7/2020 | 3/25/2025 | Interest earned, $1,816.16; transfer allocated fees for 25th fee app per 1/24/25 Order (Dkt 1831), ($3,338.40); distribution to claimants per 3/19/25 Order (Dkt 1865), ($95,402.68); transfer allocated fees per 3/19/25 Order (Dkt 1865), ($9,549.95) |
| 0967 | 7840 S. Yates | 113 | $125,513.32 | 4/23/2021 | 3/25/2025 | Interest earned, $3,538.44; transfer allocated fees for 25th fee app per 1/24/25 Order (Dkt 1831), ($3,328.00); distribution to claimants per 3/19/25 Order (Dkt 1865), ($234,942.01); transfer allocated fees per 3/19/25 Order (Dkt 1865), ($8,799.40) |
| 0983 | 431 E. 42nd Place | 115 | $0.01 | 11/5/2020 | 8/9/2024 | |
| 0074 | 1102 Bingham | 116 | $121.57 | 10/6/2021 | 7/26/2024; 11/14/24 | Interest earned, $1.23 |
| | | | | | | |
| | **TOTAL FUNDS HELD:** | | **$22,572,037.86** | | | |

# Exhibit 2

STANDARDIZED FUND ACCOUNTING REPORT for EQUITYBUILD, INC., et al. - Cash Basis
Receivership; Civil Court Docket No. 18-cv-05587
Reporting Period 1/1/2025 to 3/31/2025

| | | Detail | Subtotal | Grand Total |
|---|---|---|---|---|
| **Fund Accounting (See Instructions):** | | | | |
| **Line 1** | **Beginning Balance (As of 1/1/2025):** | $9,382,619.41 | | $9,382,619.41 |
| | ***Increases in Fund Balance:*** | | | |
| **Line 2** | **Business Income** | | | |
| **Line 3** | **Cash and unliquidated assets** | | | |
| **Line 4** | **Interest/Dividend Income** | $97,103.78 | | |
| **Line 5** | **Business Asset Liquidation** | | | |
| **Line 6** | **Personal Asset Liquidation** | | | |
| **Line 7** | **Net Income from Properties** | | | |
| **Line 8** | **Miscellaneous - Other[1]** | $5,302,704.32 | | |
| | **Total Funds Available (Line 1-8):** | | | $14,782,427.51 |
| | ***Decrease in Fund Balance:*** | | | |
| **Line 9** | **Disbursements to Investors** | | | |
| **Line 10** | **Disbursements for receivership operations** | | | |
| *Line 10a* | Disbursements to receiver or Other Professionals[2] | ($450,140.84) | | |
| *Line 10b* | Business Asset Expenses | | | |
| *Line 10c* | Personal Asset Expenses | | | |
| *Line 10d* | Investment Expenses | | | |
| *Line 10e* | Third-Party Litigation Expenses | | | |
| | 1. Attorney Fees | | | |
| | 2. Litigation Expenses | | | |
| | **Total Third-Party Litigation Expenses** | | $0.00 | |
| *Line 10f* | Tax Administrator Fees and Bonds | | | |
| *Line 10g* | Federal and State Tax Payments | | | |
| | **Total Disbursements for Receivership Operations** | | ($450,140.84) | |
| **Line 11** | **Disbursements for Distribution Expenses Paid by the Fund:** | | | |
| *Line 11a* | Distribution Plan Development Expenses: | | | |
| | 1. Fees: | | | |
| | Fund Administrator…………………………………………… | | | |
| | Independent Distribution Consultant (IDC)………………… | | | |
| | Distribution Agent…………………………………………… | | | |
| | Consultants…………………………………………………… | | | |
| | Legal Advisers………………………………………………… | | | |
| | Tax Advisers…………………………………………………… | | | |
| | 2. Administrative Expenses | | | |
| | 3. Miscellaneous | | | |
| | Total Plan Development Expenses | | $0.00 | |
| *Line 11b* | Distribution Plan Implementation Expenses: | | | |
| | 1. Fees: | | | |
| | Fund Administrator…………………………………………… | | | |
| | IDC…………………………………………………………… | | | |

STANDARDIZED FUND ACCOUNTING REPORT for EQUITYBUILD, INC., et al. - Cash Basis
Receivership; Civil Court Docket No. 18-cv-05587
Reporting Period 1/1/2025 to 3/31/2025

|  |  |  |  |  |
|---|---|---|---|---|
|  | Distribution Agent……………………………………………… |  |  |  |
|  | Consultants………………………………………………………… |  |  |  |
|  | Legal Advisers………………………………………………………… |  |  |  |
|  | Tax Advisers……………………………………………………. |  |  |  |
|  | 2. Administrative Expenses |  |  |  |
|  | 3. Investor identification |  |  |  |
|  | Notice/Publishing Approved Plan…………………………… |  |  |  |
|  | Claimant Identification…………………………………………… |  |  |  |
|  | Claims Processing………………………………………………. |  |  |  |
|  | Web Site Maintenance/Call Center……………………………… |  |  |  |
|  | 4. Fund Adminstrator Bond |  |  |  |
|  | 5. Miscellaneous |  |  |  |
|  | 6. Federal Account for Investor Restitution |  |  |  |
|  | (FAIR) reporting Expenses |  |  |  |
|  | Total Plan Implementation Expenses |  |  |  |
|  | Total Disbursement for Distribution Expenses Paid by the Fund | $0.00 |  |  |
| Line 12 | **Disbursement to Court/Other:** |  |  |  |
| Line 12a | *Investment Expenses/Court Registry Investment System (CRIS) Fees* |  |  |  |
| Line 12b | *Federal Tax Payments* |  |  |  |
|  | Total Disbursement to Court/Others: |  |  |  |
|  | Total Funds Disbursed (Lines 1-12): |  |  | ($450,140.84) |
| Line 13 | **Ending Balance (As of 3/31/2025):** |  |  | $14,332,286.67 |
| Line 14 | **Ending Balance of Fund - Net Assets:** |  |  |  |
| Line 14a | *Cash & Cash Equivalents* | $14,332,286.67 |  |  |
| Line 14b | *Investments (unliquidated EquityBuild investments)* |  |  |  |
| Line 14c | *Other Assets or uncleared Funds* |  |  |  |
|  | **Total Ending Balance of Fund - Net Assets** |  |  | $14,332,286.67 |

[1] Transfers from property accounts for allocated fees for 25th fee app per 1/24/25 Order, Dkt. 1831, $77,164.40; transfer balance of 6217 Dorchester accountper 11/3/24 Order, Dkt. 1788, $47,282.86; transfers from property accounts for allocated fees for 26th fee app per 3/10/25 order, Dkt. 1856, $120,640.38; transfers from property accounts 108-113 for holdbacks from fee apps 1-25 and allocated fees for fee app 26 per 3/5/25 Order, Dkt. 1854, $57,616.68; partial proceeds from RFC settlement, $5,000,000.00 = Total: $5,302,704.32

STANDARDIZED FUND ACCOUNTING REPORT for EQUITYBUILD, INC., et al. - Cash Basis
Receivership; Civil Court Docket No. 18-cv-05587
Reporting Period 1/1/2025 to 3/31/2025

[2] Payments to RDP, Miller Kaplan, KMA, and Prometheum
relating to 25th fee app per 1/24/25 Order, Dkt. 1831,
($182,261.19); payments to RDP, Miller Kaplan, KMA, and
Prometheum relating to 26th fee app per 3/10/25 Order,
Dkt. 1856, ($209,992.97); payment to RDP for fees and
holdbacks for properties 108-113 distributions per 3/5/25
Order, Dkt. 1854 ($57,616.68); transfer to account 0454 to
correct bank's transposition error in distribution ($270.00) =
Total: ($450,140.84)

Receiver:

/s/ Kevin B. Duff
_____
(Signature)


Kevin B. Duff, Receiver EquityBuild, Inc., et al.
_____
(Printed Name)

Date: _____        04/15/25

# Exhibit 3

EQUITYBUILD RECEIVERSHIP ESTATE ACCOUNT #0181
January-March 2025
Schedule of Receipts and Disbursements

| | | | | |
|---|---|---|---|---|
| **Beginning Balance 1/1/25** | | | | **$9,382,619.41** |
| | | | | |
| **RECEIPTS** | | | | |
| | | **Received From** | **Amount** | |
| Interest | 1/2/2025 | Interest | $33,566.09 | |
| Transfers In | 1/27/2025 | Transfers from property accounts for allocated fees for the 25th fee | $77,164.40 | |
| Interest | 2/3/2025 | Interest | $32,580.19 | |
| Interest | 3/3/2025 | Interest | $30,957.50 | |
| Transfer In | 3/7/2025 | Transfer balance of 6217 Dorchester account per 11/3/24 Order (Dkt 1788) | $47,282.86 | |
| Transfers In | 3/10/2025 | Transfers from property accounts for allocated fees for the 26th fee app per 3/10/25 Order (Dkt 1856) | $120,640.38 | |
| Transfers In | 3/13/2025 | Transfers from property accounts 108-113 for fees for 26th fee app ($11,777.52) and holdbacks for fee apps 1-25 ($45,839.16) per 3/5/25 Order (Dkt 1854) | $57,616.68 | |
| Deposit | 3/25/2025 | Partial settlement proceeds from RFC settlement (Crum & Forster) | $5,000,000.00 | |
| | | TOTAL RECEIPTS | | $5,399,808.10 |
| | | | | |
| | | **Paid To** | **Amount** | |
| Transfer Out | 1/20/2025 | Transfer to acct 0454 to correct transposition error in claimant check 2000060, E. Liu | ($270.00) | |
| Transfer Out | 1/28/2025 | Transfer allocated & unallocated fees to RDP for 25th fee app (1/24/25 Order, Dkt 1831) | ($174,133.05) | |
| 20052 | 1/29/2025 | RDP for expense reimbursement for 25th fee app (1/24/25 Order, Dkt 1831) | ($3,359.02) | |
| 20053 | 1/29/2025 | Prometheum (25th fee app, Inv 18857) (1/24/25 Order, Dkt 1831) | ($770.00) | |
| 20054 | 1/29/2025 | KMA (25th fee app, Inv CH607956 minus 20% of fees) (1/24/25 Order, Dkt 1831) | ($492.80) | |

EQUITYBUILD RECEIVERSHIP ESTATE ACCOUNT #0181
January-March 2025
Schedule of Receipts and Disbursements

| | | | | |
|---|---|---|---|---|
| 20055 | 1/29/2025 | Miller Kaplan (25th fee app, Inv 709388 minus 20% of fees) (1/24/25 Order, Dkt 1831) | ($3,506.32) | |
| Wire Out | 3/12/2025 | Transfer allocated & unallocated fees and expenses to RDP for 26th fee app per 3/10/25 Order (Dkt 1856) | ($204,920.03) | |
| Wire Out | 3/13/2025 | Transfer to RDP for fees and holdbacks associated with property 108-113 distributions per 3/5/25 Order (Dkt 1854) | ($57,616.68) | |
| 20056 | 3/17/2025 | KMA (26th fee app, Inv CHI100215 minus 20% of fees) (3/5/25 Order, Dkt 1854) | ($994.40) | |
| 20057 | 3/17/2025 | Miller Kaplan (26th fee app, Inv 713219) (3/5/25 Order, Dkt 1854) | ($3,391.04) | |
| 20058 | 3/17/2025 | Prometheum (26th fee app, Inv 19353) (3/5/25 Order, Dkt 1854) | ($687.50) | |
| | | | | |
| | | TOTAL DISBURSEMENTS: | | ($450,140.84) |
| | | **Grand Total Cash on Hand at 3/31/2025:** | | **$14,332,286.67** |
| | | | | |

# Exhibit 4

**Master Asset List**

| Receiver's Account (as of 3/31/2025) | | |
|---|---|---|
| **Institution** | **Account Information** | **Amount** |
| AXOS Fiduciary Services | Checking #0181 | $14,332,286.67 |

| Receivership Defendants' Accounts | | | |
|---|---|---|---|
| **Institution** | **Account Information** | **Current Value** | **Amount Transferred to Receiver's Account** |
| Wells Fargo | Checking (53 accounts in the names of the affiliates and affiliate entities included as Receivership Defendants) | | $190,184.13[1] |
| Wells Fargo | Checking (account in the names of Shaun Cohen and spouse) | | $23,065.43[2] |
| Byline Bank | Checking (2 accounts in names of Receivership Defendants) | $21,923.43[3] | |
| | | | Total: $213,249.56 |

| EquityBuild Real Estate Portfolio |
|---|
| For a list of the properties within the EquityBuild portfolio identified by property address, alternative address (where appropriate), number of units, and owner, *see* Exhibit 1 to the Receiver's First Status Report, Docket No. 107. |

| Other, Non-Illinois Real Estate | |
|---|---|
| **Description** | **Appraised Market Value** |
| Single family home in Plano, Texas | ±$450,000.00 |
| | Approximate mortgage amount: $400,000.00 Approximate value less mortgage: $50,000.00 |

[1] This amount reflects the total value of all of the frozen bank accounts held by Wells Fargo that were transferred to the Receiver's account; the final transfer was made on 1/22/20, and included as part of the Receiver's Account as of 3/31/20.

[2] This amount was transferred to the Receiver's Account as of 8/27/18, and is included as part of the total balance of the Receiver's Account as of 3/31/19.

[3] The Receiver is investigating whether these accounts are properly included within the Receivership Estate.