## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF
## ILLINOIS, EASTERN DIVISION

|  |  |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,<br><br>Defendants. | Case No. 1:18-cv-5587<br><br>Hon. Manish S. Shah |

## ORDER APPROVING DISTRIBUTION OF PROCEEDS FROM
## THE SALE OF PROPERTY 64 (4611-17 S DREXEL BOULEVARD)

WHEREAS, this matter came before the Court in the Group 7 Claims Resolution Process (Dkt. 941, 1638) and on the Motion filed by Kevin B. Duff, as receiver for the Estate of Defendants EquityBuild, Inc., EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen ("Receiver"), for approval of an agreed plan and order for the distribution of the proceeds from the sale of 4611-17 S Drexel Boulevard ("4611 Drexel," "Property 64," or the "Subject Property") (Dkt. 1866, the "Motion");

WHEREAS, with the Court's approval and over the objection of claimant Citibank N.A., as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB48 ("Citibank as Trustee"), on May 14, 2021, the Receiver sold the property located at 4611-17 S Drexel Boulevard. (Dkt. 966 at 3-7)  The net proceeds of sale in the amount of $4,665,443.83 were deposited into an interest bearing account held by the Receiver, and additional deposits and withdrawals have been made to and from this property account pursuant to court orders, as reported in the Receiver's quarterly

status reports, with the most recent balance of the account being $5,353,944.44. (Dkt. 757, 839, 930, 985, 1017, 1077, 1164, 1243, 1280, 1328, 1379, 1448, 1516, 1535, 1589, 1652, 1722, 1771, 1837);

WHEREAS, the Court approved a claims process as to which fair and adequate notice was provided to all potentially interested persons and all were provided a full and fair opportunity to submit claims and supporting information. (*E.g.,* Dkt. 941) The Court also determined that a summary process for adjudication of allegedly competing secured claims as to those Property, addressing claims against groups of Property on a seriatim basis, was necessary, appropriate, and afforded due process to all claimants and interested persons. (*Id.*);

WHEREAS, the Court initiated the summary process for the resolution of Group 7 claims in April 2024. (Dkt. 1638, 1707) Pursuant to that process, on October 28, 2024, the Receiver filed his Submission on Group 7 Claims, which included recommendations as to the claims asserting an interest in the Subject Property. (Dkt. 1772) As further explained in that submission, the Receiver recommended that with respect to the Subject Property, the Court find that Citibank as Trustee and the individual investor lenders who are secured each receive the maximum distribution amount recommended by the Receiver, with any remaining balance in the account held for the Subject Property be transferred to the Receiver's account. (*Id.* at 5-7 and Exs. 3, 9);

WHEREAS, on January 24, 2025, Citibank as Trustee filed a position statement asserting that it holds a first position security interest in the Subject Property, that it is entitled to priority over other claimants, that no payments received should be "netted" against Citibank as Trustee's claim, and that it should be paid both contract and default interest. (Dkt. 1832);

WHEREAS, none of the investor lenders who asserted an interest in the Subject Property filed a position statement or otherwise submitted an objection to the Receiver's recommendations;

WHEREAS, settlement discussions occurred between the Receiver and Citibank as Trustee, which resulted in a negotiated agreement as to the amount of the distribution to be made to Citibank as Trustee from the funds held in the property account for 4611 Drexel, in the event a motion to approve the agreed distribution was granted consistent with the relief requested;

WHEREAS on March 25, 2025, the Receiver submitted the Motion with recommendations for distributions with regards to the Subject Property as set forth in Exhibits A and B to the Motion (Dkt. 1866);

WHEREAS, the Motion and the agreed distribution plan set forth in Exhibits A and B to the Motion were served by electronic mail upon all claimants who have asserted claims against the Subject Property and to all known individuals or entities that submitted a proof of claim in this action;

WHEREAS, on March 26, 2025, the Court entered an order setting an April 3, 2025 deadline for objections to the Property 64 proposed settlement with Citibank as Trustee (Dkt. 1869);

WHEREAS, no objections to the Motion were filed with the Court or submitted to the Receiver; and

WHEREAS, Citibank as Trustee and the Receiver have agreed that the distributions and other relief approved in this Order resolve all disputes of any kind or nature between the Receiver, on the one hand, and Citibank as Trustee, on the other hand, with respect to the Subject Property only, that they will not appeal from or collaterally attack any rulings associated with the Subject

Property, and that any and all other claims that might exist between or among them regarding the Subject Property are compromised and waived, provided however that Citibank as Trustee will retain unsecured claims for amounts it claims are due but not paid as part of the distributions granted by this Order. These agreements are a compromise of disputes and disagreements between and among Citibank as Trustee and the Receiver, and do not constitute an admission of the validity of any claim, defense, argument, or position made or taken by any party. The agreements over the Subject Property will not prejudice, impair, or waive either party's position regarding any other property, and the agreement does not establish a precedent as to any other property;

NOW, THEREFORE, the Court, having considered the Motion and the record of this receivership case and being otherwise duly advised in the premises, hereby finds and ORDERS:

1. The Motion is GRANTED.

2. The distribution plan submitted by the Receiver, including as to the amounts set forth in Exhibit 1 to this Order as to the investor lender claimants, the amounts agreed to by Citibank as Trustee as set forth in the Motion, and the other terms of the settlement set forth in the motion are fair, reasonable, and in the best interests of the Receivership Estate and are hereby approved.

3. Adequate and fair notice has been provided to all interested and potentially interested parties (including but not limited to all lienholders in the chain of title) of the claims process for the resolution of disputed claims and determination of secured interests, the Receiver's fees and proposed fee allocations, the Receiver's Group 7 submission and recommendations, and the Motion and agreed distributions, and each interested or potentially interested party has had a full and

fair opportunity to participate in the claims process and to assert its interests and any objections to the Motion and agreed distribution plan.

4.    The Court accepts the Receiver's recommendations and finds that the secured interest in the Subject Property that was held by each of the following claimants was repaid to the claimant and has been satisfied in full:

      • Eleven St. Felix Street Realty Corp (64-2012)
      • Eco2Capital Inc. 401k (64-1048)
      • Michael Arthur Goldman (64-775)
      • Rene Hribal (64-768)

5.    The Court accepts the Receiver's recommendations and finds that the following claimants agreed to relinquish their secured interest in the Subject Property by rolling their loan to a secured loan against a different Estate property, and has been considered with respect to that property:

      • Annie Chang (64-475)
      • Bluebridge Partners Ltd (64-727)
      • Braden Galloway (64-1463)
      • Clarice Recamara (64-643)
      • Endurance Capital Management, LLC (64-170)
      • David M. Harris (64-267)
      • David Trengove (64-481)
      • Ed Bancroft (64-2008)
      • Genevieve Giuliana Heger (64-1403)
      • James Walsh (64-2058) – *in part*
      • John Bloxham (64-1016)
      • Karl R. DeKlotz (64-1179) – *in part*
      • Kenneth (Ken) and Maria (Tina) Jorgensen (64-194)
      • Kirk Road Investments, LLC (64-755)
      • Law Office of V.L. Heger, A Professional Corporation (64-1409)
      • Lori Moreland (64-805; 64-822; and 64-823)
      • Optima Property Solutions, LLC (64-1023)
      • Paul N. Wilmesmeier (64-300)
      • Paula Tucker (64-1427)
      • Provident Trust Group, LLC FBO Stephan Tang IRA (64-172)
      • Quest IRA Inc. FBO Rebeca E. Savory-Romero IRA (64-804)
      • Steven Bald (64-399)

- Teresita M. Shelton (64-330)
- Timothy S Sharp (64-76)

6.    The Court accepts the Receiver's recommendations and finds that the following claimants agreed to relinquish their secured interest in the Subject Property by rolling their loan in full or in part to an equity position, an unsecured promissory note, or a property that is not a part of the Receivership Estate, and will therefore be treated as unsecured creditors and their claims against the relevant Group 7 property be considered along with all other unsecured claims in Group 10:

- Donald Minchow (64-2041)
- Greg Wirth (64-563 and 64-593)
- James Anthony Ande (64-591)
- John Witzigreuter (64-729)
- Madison Trust Company Custodian FBO Janet Eileen Taylor (64-2056)
- Michael Kessock (64-977)
- Pat Desantis (64-397)
- Horizon Trust Custodian FBO Terry M McDonald (64-571)
- Vartan Tarakchyan (64-1118)
- Vladimir Matviishin dba Network Expert (64-1382)
- Wisemove Properties, LLC (64-168)

7.    The Court accepts the Receiver's recommendations and finds that the following claimants agreed to relinquish their secured interest in the Subject Property by rolling their secured loan in part to an Estate property for which distributions have already been made pursuant to the Court's prior orders. Because these claimants did not submit a claim against such properties, this portion of their claims will be treated as unsecured and considered along with all other unsecured claims in Group 10:

- James Walsh (64-2058) – no claim against 7026 Cornell
- Karl R. DeKlotz (64-1179) – no claim against 7625 East End

8.      As soon as such distributions can be reasonably achieved, the Receiver shall disburse to Citibank as Trustee $3,550,000.00 from the account held for Property 64, and the Receiver shall disburse a total of $222,021.92 to the investor lender claimants identified on Exhibit 1 in the respective amounts set forth therein, in resolution of the claims against the Subject Property.

9.      Citibank as Trustee is further granted relief from the stay imposed in the Order Appointing Receiver (Dkt. 16) to the extent that it may liquidate any reserve or escrow accounts held with respect to the Subject Property and transfer any remaining balances to itself or its designee(s).

10.     Because the Court intends that this be a final distribution, there will not be any holdbacks of professional fees or expenses associated with the Receiver's fee applications or fee allocation motions upon the distribution of proceeds to claimants.  Accordingly, as soon as such distributions can be reasonably achieved, the Receiver shall disburse $27,428.37 from the account held for Property 64, in payment of the fees previously held back pursuant to the Court's orders.  (Dkt. 1372, 1452, 1469, 1510, 1511, 1539, 1573, 1675, 1758, 1831, 1856)

11.     Following the distributions ordered herein, the net of the remaining balance of the property account for the Subject Property, including any interest hereafter accruing, shall be transferred to the Receiver's account for use in the administration of the Receivership Estate and/or as otherwise ordered by the Court, and any approved fees that are allocated to the Subject Property in fee applications for the first quarter of 2025 and any subsequent quarters may be paid from the Receiver's account.

Entered:

Manish S. Shah
United States District Court Judge

Date: April 25, 2025