UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, <br><br> Defendants. | Case No. 1:18-cv-5587 <br><br> Hon. Manish S. Shah |

**OBJECTING INSTITUTIONAL LENDERS' OBJECTIONS TO RECEIVER'S 27TH INTERIM APPLICATION AND MOTION FOR COURT APPROVAL OF PAYMENT OF FEES AND EXPENSES OF RECEIVER AND RECEIVER'S RETAINED PROFESSIONALS**

The Mortgagees identified on Exhibit 1 (the "Objecting Institutional Lenders")[1] object to the Receiver's 27th Interim Fee Application and Motion for Court Approval of Payment of Fees and Expenses of Receiver and Receiver's Retained Professionals (Dkt. 1878, the "27th Fee Petition" regarding the "Fees") on the same or similar bases contained in their prior objections, which objections this Court has denied.

The Objecting Institutional Lenders also object generally to the Receiver's request in his 27th Fee Petition for a super-priority lien for the same reasons contained in their Response to Motion for Approval to Pay Certain Previously Approved Fees and Costs (Dkt. 961), their Objections to Magistrate Judge Kim's Oral Ruling and Minute Order on Receiver's First Fee

---

[1] The institutional lenders' for Group A (properties 50, 51, 53-57) and Group C (properties 69, 70, and 73) request that their objections to the Receiver's 27th fee petition be deemed as automatically withdrawn if the Court approves the tentative settlement agreements reached regarding those properties. As referenced in Dkt. 1881, an agreement was reached regarding those properties, subject to court approval.

1

Allocation Motion (Dkt. 1389, objecting to Dkt. 1107, *see also* line-level objections at Dkt. 1210), and their Objections to Magistrate Judge Kim's Recommendation on Receiver's Second Motion for Approval of Fee Allocations for Interim Payment Pursuant to Receiver's Lien ("Objections to RF2A") (Dkt. 1501, objecting to Dkt. 1491 Recommendation and Dkt. 1321 Motion), all such objections the Court has overruled except where the Receiver has agreed an error was made (*see, e.g.*, Dkt. 1450).

## BACKGROUND

The Objecting Institutional Lenders generally refer the Court to the Background section of their Response to Receiver's Fourteenth Interim Application and Motion for Court Approval of Payment of Fees and Expenses of Receiver and Receiver's Retained Professionals (Dkt. 1250, pp. 2-6).

As additional background here, on May 15, 2025, the Receiver filed his 27th Fee Petition. Dkt. 1878.

Pursuant to the Court's Order, Dkt. 1031 at p.12, n.32, because the Objecting Institutional Lenders are reasserting prior allocation objections of the same category as they previously did, they do so below in "summary fashion that incorporates citations (with pinpoint cites) to previous filings that have laid out the objection."

**I.     The Objecting Institutional Lenders Assert The Same Objections To The Receiver's 27th Fee Petition As They Asserted To The Receiver's Prior Fee Applications.**

The Objecting Institutional Lenders adopt and assert their objections to the Receiver's prior fee petitions (Dkts. 1852, 1799, 1732, 1667, 1610, 1568, 1530, 1486, 1394, 1346, 1305, 1210, 1188, 1181, 1039, 1000, 960, 792, 777, 648, 617, 595, 581, 509, 438) as to the Receiver's 27th Fee Petition, to preserve those objections by incorporating them by reference into this response. The Objecting Institutional Lenders also adopt their objections stated in the January 4, 2023

submission on their behalf (email by Brett Natarelli to chambers, copying Receiver) noting the new availability of Estate funds in the operating account in sufficient amount to support most if not all of the Receiver's Fee requests and the legal bases for why that would be more appropriate than a property surcharge against the segregated sales proceeds (which objections the Court rejected, but characterized as "narrow and understandable," Dkt. 1371). The Objecting Institutional Lenders also adopt the arguments presented in their Objections to Magistrate Judge Kim's Oral Ruling and Minute Order on Receiver's First Fee Allocation Motion, see Dkt. 1389, and their Objections to the RF2A (Dkt. 1501) and Objections to RF2A (Dkt. 1501, objecting to Dkt. 1491 Recommendation and Dkt. 1321 Motion), which objections were overruled.

The Estate's general operating account has $14,332,286.67 in available funds as of March 31, 2025 (Dkt. 1878 at p. 28 of 1027, PageID 125633), a substantial increase over the $9,382,619.41 in available funds as of December 31, 2024 (Dkt. 1846 at p. 30 of 976, PageID 124286). The Estate's general operating account therefore has more than sufficient funding to bear the 27th Fee Petition amounts the Receiver seeks to allocate as a priming lien surcharge on the property sales proceeds totaling $182,619.89, an increase from the $174,456.15, allocated as to the last fee petition. Dkt. Exh. J at page 5 of 5, PageID 125778, Dkt. 1846, Exh. K at page 5 of 5, Page ID 124427. The District Court has repeatedly overruled objections arguing that the source of funds to pay the Receiver should, in substantial part, come from the operating account estate funds rather than the segregated property accounts. Dkts. 1371, 1366, 1452, Dkt. 1481 at 9 ("[T]hey argue that the allocated fees should be paid from the Receiver's account and not from the property accounts. But this argument also simply retreads old ground. As the Objectors concede, this is a previously overruled objection.")

## II. Color-Coded Categorical Objections.

The Receiver requests that $182,619.89 of the Fees reflected on, among other exhibits, Exhibits F, G, and J to Dkt. 1846, be paid as a first lien from the proceeds of the sales of the properties. The Receiver also attaches summaries and compilations of the same information provided with more detail in Exhibits F and G, and an allocation summary at Exhibit J, with more detail on the general and property-specific allocations at Exhibits K and L. Therefore, the line-item specific objections presented only as to Exhibits F and G also apply to the proposed allocations. As before, the Objecting Institutional Lenders are not challenging the reasonableness of any time spent, nor that the Receiver should be compensated; rather, they argue and preserve for appeal their argument that the source of funds should be the estate's general operating account as to the subjects of the objections.

The Objecting Institutional Lenders have color highlighted sample entries on the Receiver and his attorneys' monthly invoices (Exhibits F and G to the 27th Fee Petition) to illustrate Fees that should not prime the victorious secured creditors' liens, a copy of which is attached as Exhibit 2. The bases of these specific objections are as follows:

*First,* Fees that the Objecting Institutional Lenders contend should be paid from estate operating funds rather than segregated property sale proceeds, but which objections the Court has previously overruled and where the issues are substantially the same as previously overruled objections, are highlighted in **<u>RED</u>**. These include:

- o Entries which are unreasonably vague, such as "[r]eview account statements and complete spreadsheet and related communications with K. Duff" (Dkt. 1878, PageID 125682), "[a]ttention to email from claimant and update contact information" (Dkt. 1878, PageID 125740), and "[a]ttention to communications regarding database reduction project" (Dkt.1878, PageID125684).

4

- o The Court has overruled objections similar to those above in all prior fee petitions and associated objections. *See, e.g.*, Dkt. 1353 at pp.8-9 (and citations therein); Dkt. 1181 at pp. 9-14; Dkts. 1504, 1536, 1572, 1618, 1675, 1758, 1831, 1856.

*Second,* the Objecting Institutional Lenders object to Fees associated with tasks the Receiver would have needed to undertake even in the absence of issues of secured priority such as preparing status reports, effectuating service, or performing accounting functions. While the Objecting Institutional Lenders do not dispute that the Receiver should be paid for this work unless otherwise objected to on another ground (such as the FHFA issues), paying fees for such tasks out of segregated sales proceeds to the detriment of the victorious secured creditor violates the general rule that the estate's operating account should bear the expense absent special benefit to the victorious secured creditor. *See* Dkt. 1389, pp. 3-8, and cases cited therein. These entries are highlighted in **BLUE**. As examples, see Dkt. 1878, PageID 1878 ("update global resolution spreadsheet with new account balance information (set38)") and Dkt.1878, PageID 125663 ("confer with A. Watychowica regarding website and database issues"); the Receiver would have needed to engage in such general tasks even in the absence of adjudication of disputes between secured creditors. The Court has previously overruled all such "general receivership" objections. *See* Dkt. 1481, Exh. A (Transcript of 4/26/2023 hearing at pp. 22-23); Dkt. 1481 at pp. 12-13 (Receiver summary of Court's prior ruling on similar issues but involving different fee entries). The Court also overruled similar objections made in the 17th – 25th Fee Petitions (Dkts. 1366, 1452, 1504, 1536, 1572, 1618, 1675, 1758, 1831, 1856).

*Third,* the Objecting Institutional Lenders object to Fees incurred to litigate Group 2 properties located at 5450 Indiana (Property 4) and 7749 Yates (Property 5) being deemed payable at this time through a priming lien. Claimant Shatar Capital Partners has appealed this Court's June

20, 2024 Memorandum Opinion and Order regarding lien priority related to these two properties, as well as this Court's related Order approving distribution of proceeds as it relates to Properties 4 and 5 (*see* Dkts. 1679, 1699, 1708); this Court granted Shatar Capital Partners' Motion to stay Pending Appeal in part and ruled that the Group 2 distribution is stayed only as to the claims Shatar has pending on appeal. (Dkt. 1750.) These entries are highlighted in **GREEN**. The Court has repeatedly overruled objections about Group 1 Fees on this basis. *See, e.g.,* Dkts. 1504, 1536, 1572. The Objecting Institutional Lenders also argued for deferring allocation of Group 2 fees until after the completion of Group 2 adjudication in their objections to the 19th Fee Petition (Dkt. 1486 at p.7), 20th Fee Petition (Dkt. 1530 at p.9), 21st Fee Petition (Dkt. 1568 at pp. 6-7), 22nd Fee Petition (Dkt. 1610 at pp.6-7), 23rd Fee Petition (Dkt. 1667 at pp. 6-7); 24th Fee Petition (Dkt. 1736 at pp. 7-8); 25th Fee Petition (Dkt. 1799, p. 6); 26th Fee Petition (Dkt 1852 at pp.7-8); the Court declined to defer such fees until after adjudication, awarded them to the Receiver and overruled the Objecting Institutional Lender's Group 2 deferment objections in this regard (Dkts. 1504, 1536, 1572, 1618, 1675, 1758, 1831, 1856).

### III. The 27th Fee Application Should Be Subject To A 20% Holdback on all Fees and an Additional 20% Holdback on All Fees to be Surcharged to the Secured Properties.

Consistent with the Court's order approving the Receiver's ninth, tenth, and eleventh fee petitions (Dkt. 1031, pp. 13-14), twelfth fee petition, (Dkt. 1213, p. 9), and fee petitions thirteen through sixteen (Dkt. 1312, pp. 3-4), and the reasons advanced in the Motion for Reconsideration, Dkt. 1471, which the Court denied, the Objecting Institutional Lenders respectfully request that the Court require any approved fees be subject to "a holdback of 20% of the fees (but not expenses) requested in the applications, and an additional 20% holdback on any fees to be paid from the sales proceeds of encumbered real estate" as the Court previously held prior to the 17th Fee Petition. Dkt. 1312, p.4 (Order on Petitions 13-16). The Court has since then rejected any additional

holdback on property-specific accounts in favor of a 20% holdback on all fees only. Dkts. 1483, 1504, 1510, 1511, 1536, 1572, 1618, 1675, 1758, 1831, 1856. While the Court has required only a 20% holdback since the 17th Petition, see Dkt. 1468, the Objecting Institutional Lenders continue to assert that an additional holdback of 20% of Fees to be allocated against the properties' segregated sales proceeds will ensure there are sufficient untapped funds to unwind any errors. Such errors might include Objecting Institutional Lenders objections to fee petitions being sustained on final appeal at the conclusion of the Receivership. The Objecting Institutional Lenders also made this argument in objections to the 19th Fee Petition (Dkt. 1486 at p.8), 20th Fee Petition (Dkt. 1530 at p.10), 21st Fee Petition (Dkt. 1568 at pp. 7-8), 22nd Fee Petition (Dkt. 1610 at pp.7-8), 23rd Fee Petition (Dkt. 1667 at pp. 7-8), 24th Fee Petition (Dkt. 1736 at pp. 7-8), 25th Fee Petition (Dkt. 1799 at p. 6), 26th Fee Petition (Dkt 1852 at pp.7-8); and the Court rejected the argument in favor of a sole 20% holdback on all Fees (Dkts. 1504, 1536, 1572, 1618, 1675, 1758, 1831, 1856).

## CONCLUSION

Consequently, the Objecting Institutional Lenders request that the Court deny the Receiver's 27th Fee Application on the grounds raised herein and in their objections to the Receiver's prior fee applications. If the Fees are approved, the Objecting Institutional Lenders argue that the objected-to Fees should be paid from the estate's operating funds rather than the segregated property sales proceeds. The Objecting Institutional Lenders reiterate their previously rejected request that any payment of approved fees from property-specific accounts be subject to an additional 20% holdback, in addition to the 20% holdback on all fees the Court has recently imposed.

Dated: June 3, 2025                              Respectfully submitted,

| | |
|---|---|
| /s/ Todd Gale<br><br>Edward S. Weil<br>(eweil@dykema.com)<br>Todd Gale<br>(tgale@dykema.com)<br>Lu Harmening<br>(lharmening@dykema.com)<br>Dykema Gossett PLLC<br>10 S. Wacker Drive, Suite 2300<br>Chicago, Illinois 60606<br>(312) 627-2173<br>*Counsel for Citibank N.A., as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB48; Sabal Capital Operations, LLC; Midland Loan Services, a Division of PNC Bank, N.A. as servicer for Wilmington Trust, N.A.; Midland Loan Services, a Division of PNC Bank, N.A. as servicer for Wilmington Trust, N.A., as Trustee for the Benefit of Corevest American Finance 2017-1 Trust Mortgage Pass-Through Certificates; Midland Loan Services, a Division of PNC Bank, N.A. as servicer for Wilmington Trust, N.A., as Trustee for the Registered Holders of Corevest American Finance 2017-2 Trust, Mortgage Pass-Through Certificates, Series 2017-2; 1111 Crest Dr., LLC, Pakravan Living Trust, Hamid Ismail, and Farsaa, Inc* | /s/ Andrew T. McClain<br>Jill L. Nicholson<br>(jill.nicholson@dentons.com)<br>Andrew T. McClain<br>(andrew.mcclain@dentons.com)<br>Dentons US LLP<br>233 South Wacker Drive, Ste. 5900<br>Chicago, IL 60606<br>Ph: (312) 876-8000<br>Fax: (312) 876-7934<br>*Counsel for Citibank N.A., as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB48 and Sabal Capital Operations, LLC* |
| /s/ Thomas B. Fullerton<br>Thomas B. Fullerton (6296539)<br>Akerman LLP<br>71 S. Wacker Drive, 47th Floor<br>Chicago, IL 60606<br>(312) 634-5700<br>thomas.fullerton@akerman.com<br><br>/s/ Michael D. Napoli<br>Michael D. Napoli (TX 14803400)<br>Akerman LLP | */s/ Bradley S. Anderson*<br>Bradley S. Anderson, MO #53569<br>1201 Walnut Street, Ste. 2900<br>Kansas City, MO 64106-2150<br>Telephone: (816) 691-3119<br>Facsimile: (816) 412-1000<br>bradley.anderson@stinson.com<br>*Attorneys for BMO Harris Bank, N.A.* |

8

| | |
|---|---|
| 2001 Ross Avenue, Suite 3600<br>Dallas, TX 75201<br>(214) 720-4360<br>michael.napoli@akerman.com<br>*Counsel for Midland Loan Services, a Division of PNC Bank, National Association* | |

9

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2025, I electronically filed with CM/ECF the foregoing **OBJECTING INSTITUTIONAL LENDERS RESPONSE TO RECEIVER'S 27TH INTERIM APPLICATION AND MOTION FOR COURT APPROVAL OF PAYMENT OF FEES AND EXPENSES OF RECEIVER AND RECEIVER'S RETAINED PROFESSIONALS** which sent electronic notification of the filing to all attorneys of record.

                                                      */s/*      Candyce Britter