**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Case No. 1:18-cv-5587 |
| v. | Hon. Manish S. Shah |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | Magistrate Judge Young B. Kim |
| Defendants. | |

**MOTION TO APPROVE DISTRIBUTION OF PROCEEDS**
**FROM THE SALE OF GROUP 6 PROPERTIES 50, 51, 53-57**

Kevin B. Duff, as receiver ("Receiver") for the Estate of Defendants EquityBuild, Inc. ("EquityBuild"), EquityBuild Finance, LLC ("EquityBuild Finance"), their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen (collectively, the "Receivership Defendants"), hereby moves for approval of a plan for the distribution of proceeds from the sales of the following properties:

>7760 S Coles Avenue ("Property 50")
>
>1401 W 109th Place ("Property 51")
>
>6807 S Indiana Avenue ("Property 53")
>
>8000-02 S Justine Street ("Property 54")
>
>8107-09 S Ellis Avenue ("Property 55")
>
>8209 S Ellis Avenue ("Property 56")
>
>8214-16 S Ingleside Avenue ("Property 57")

(collectively, the "Subject Properties"). In support of his motion, the Receiver states as follows:

1

### A. Procedural Background

1.      Midland Loan Services ("Midland") submitted claims for each of the Subject Properties.[1]  Midland no longer services the 2017-1 Trust with respect to claim 50-1464 asserting an interest in 7760 Coles, and instead Corevest Purchaser 2, LLC, an affiliate of CoreVest American Finance Lender LLC ("CoreVest") is the owner of the 2017-1 Trust and Claim 50-1464.

2.      In 2019, the Receiver initiated a claims process whereby, *inter alia*, he: (a) researched mortgagees of record and EquityBuild records to identify potential claimants; (b) served all known potential claimants by email and/or regular mail with notice of the bar date, procedures for submitting proofs of claim, and a link to a third-party portal to submit claims; (c) sent multiple follow-up emails reminding potential claimants of the bar date (and the extended bar date); and (d) established a webpage (http://rdaplaw.net/receivership-for-equitybuild) for claimants and other interested parties which prominently displayed the claims bar date and provided copies of the claims notice, instructions, proof of claim forms, a link to the claims portal, and copies of certain court filings related to the claims process.  All claimants were notified that the failure to submit a claim verification form by the bar date would be a basis for denial of that claim.  (*See, e.g.,* Dkt. 241, 302, 349, 468, 548, 638, 693, 720)  The Court's orders with respect to the claims process were also served upon claimants and potential claimants and posted on the Receiver's website.  (*See, e.g.,* Dkt. 349, 574, 940, 941)

---

[1] The claim asserting an interest in 7760 Coles (Property 50) was submitted by "Midland Loan Services, a Division of PNC Bank, N.A. as servicer for Wilmington Trust, N.A., as Trustee for the Benefit of CoreVest American Finance 2017-1 Trust Mortgage Pass-Through Certificates." (Claim 1464)  The claim asserting an interest in the other six properties that are the subject of this Motion was submitted by "Midland Loan Services, a Division of PNC Bank, N.A. as servicer for Wilmington Trust, N.A., as Trustee for the Registered Holders of CoreVest American Finance 2017-2 Trust, Mortgage Pass-Through Certificates, Series 2017-2."  (Claim 1466)

3.      In February 2021, following briefing and hearings, the Court entered two orders establishing a process for the resolution of disputed claims.  (Dkt. 940, 941)

4.      With the Court's approval and over the objection of claimant Midland Loan Services ("Midland"), between June 26, 2020 and July 1, 2020 the Receiver sold Properties 50 and 54-57 (Dkt. 715 at 4-8), and on May 26, 2021 the Receiver sold Properties 51 and 53 (Dkt. 979 at Tab E). Prior to these sales, the Court found that the Receiver gave fair, adequate, and sufficient notice to all interested parties, including all mortgagees affected by the Receiver's Seventh and Thirteenth Motions to Confirm the Sale of these and other properties.  (Dkt. 715 at 3; Dkt. 979 at 2)  The sales were free and clear of all mortgages and encumbrances, and the net sale proceeds for the Subject Properties were deposited into separate interest-bearing accounts held by the Receiver pursuant to court order, with all mortgages, liens, claims, and encumbrances attached to the sales proceeds with the same force, validity, status, and effect, if any, as they had against the property being sold. (Dkt. 715 at 14; Dkt. 979 at 3)  Additional deposits and withdrawals have been made to and from these property accounts, as reported in the Receiver's quarterly status reports.  (Dkt. 839, 930, 985, 1017, 1077, 1164, 1243, 1280, 1328, 1379, 1448, 1516, 1535, 1589, 1652, 1722, 1771, 1837, 1876)

5.      Beginning in February 2021, the Receiver filed a series of motions to approve the payment of certain previously approved fees and costs pursuant to the Receiver's lien on the properties of the Receivership Estate that had been granted by the Court. (Dkt. 947, 981, 1107, 1321)  Following proceedings on the Receiver's specific fee allocations before Magistrate Judge Kim, the Court granted the Receiver's fee allocation motions over the objections of Midland and other Institutional Lenders, except that the Court ordered a 20% holdback in the payment of allocated fees.  (Dkt. 1469, 1511)

3

6.      Subsequent orders approving the Receiver's quarterly fee applications also approved payment pursuant to the Receiver's lien of fees (subject to a 20% holdback) and costs over the objections of Midland and other Institutional Lenders.  (Dkt. 1372, 1452, 1510, 1539, 1573, 1618, 1675, 1758, 1831, 1856)  Claimants and potential claimants have received notice of these motions relating to the Receiver's lien and the Receiver's fee applications, and the foregoing motions, fee applications, and the Court's orders have been posted to the Receiver's website.

7.      As of May 9, 2025, the property account established for Property 50 held $80,715.21.  Additionally, $1,237.63 in fees were allocated to Property 50 in the Receiver's pending 27th Fee Application for the First Quarter of 2025 (Dkt. 1878), and a total of $9,312.64 fees allocated to Property 50 were held back pursuant to orders granting the Receiver's Fee Applications 1-26, leaving a net balance available for distribution of $70,164.94.

8.      As of May 9, 2025, the property accounts established for Properties 51, 53-57 collectively held $772,513.44.  Additionally, $6,630.73 in fees were collectively allocated to these six properties in the Receiver's pending 27th Fee Application for the First Quarter of 2025 (Dkt. 1878), and a total of $44,364.88 in fees allocated to these properties were held back pursuant to orders granting the Receiver's Fee Applications 1-26, leaving a net balance available for distribution of $721,517.59.

**B. The Receiver Has Recommended that the Investor Lender Claimants Asserting an Interest in the Subject Properties Be Found to Hold First Position Lien on the Subject Properties.**

9.      On August 27, 2024, the Receiver filed his Initial Submission on Group 6 Claims, which included recommendations as to the claims asserting an interest in the Subject Properties and the Receiver's disclosure of his position that the security interest given by EquityBuild to Midland in the Subject Properties constituted a voidable fraudulent transfer under the Illinois

Uniform Fraudulent Transfer Act, 740 ILCS 160 (hereinafter the Receiver's "Avoidance Claim").
(Dkt. 1740)

10.     On September 10, 2024, Midland filed a Motion for Leave to Take Further
Discovery on the Receiver's Avoidance Claim. (Dkt. 1748)

11.     On September 11, 2024, the Court entered and continued Midland's motion and
deferred briefing on the Receiver's Avoidance Claim pending resolution of the priority disputes.
(Dkt. 1750)

12.     On September 24 and October 15, 2024, Midland filed position statements asserting
that it holds first position security interests in the Subject Properties, that it is entitled to priority
over other claimants, and that it should be paid the entirety of its claimed amount, including
outstanding principal, both contract and default interest, and other amounts detailed in its proof of
claim, such as a prepayment premium, late charges, and legal fees.  (Dkt. 1757 and 1768)

13.     Also on September 24 and October 15, 2024, the SEC and certain of the investor
lenders filed position statements requesting that the Court find that the investor lenders' liens have
priority and are entitled to a distribution of the proceeds of the sale of the Subject Properties.  (Dkt.
1754, 1755, 1765, 1766) None of the investor lenders who asserted an interest in the Subject
Properties asserted an objection to the Receiver's recommendations as to the proposed distribution
methodology or the amount of the maximum recommended distributions.

14.     On December 23, 2024, the Court entered its Memorandum Opinion and Order
regarding the Group 6 priority disputes. As to the Subject Properties, the Court found that the
investor lenders have priority to the proceeds from the sale of the Subject Properties, and that all
recoveries should be limited to the recovery of principal (offset by any pre-receivership
distributions) and denied all claims for interest, penalties, or attorneys' fees.  (Dkt. 1818)

**C. The Receiver, Midland, and CoreVest Have Reached Agreements as to Distributions from the Property Accounts, Subject to Court Approval.**

15.    Settlement discussions between the Receiver, Midland, and CoreVest (each a "Party" and collectively the "Parties") have taken place, and these parties participated in settlement conferences with Magistrate Judge Kim on May 21, 2025.  Pursuant to these discussions, and with the guidance of the Magistrate Judge, the Parties reached negotiated agreements to recommend to this Court as to the amount of the distribution to be made to CoreVest from the funds held in the property account for Property 50, and to Midland from the funds held in the property accounts for Properties 51, 53-57.  These agreements are contingent on the Court (i) granting the instant motion, and (ii) approving the proposed distribution plans set forth herein.

16.    For 7760 Coles (Property 50), the proposed distribution plan is attached as Exhibit A, and provides for:

(a)    payment of $50,000.00 of the sales proceeds to CoreVest, and an order permitting CoreVest to liquidate and transfer the $43,215.00 balance in the escrow account it currently holds for 7760 Coles to itself or its chosen designee, for a total recovery of $93,215.00 for the settlement of its claim with respect to 7760 Coles.  Because the Court has found that each of the investor lenders asserting an interest in 7760 Coles either rolled their loans to other investments or otherwise do not have secured claims (Dkt. 1818 at 16-18) (*see* Exhibit B), CoreVest would be entitled to the full $70,164.94 net property account balance if it were to prevail on the Receiver's avoidance action.  The proposed settlement for $50,000 of that amount will enable to Receiver to transfer approximately $20,164.94 plus any accrued interest to the Receiver's account for administration of the Estate and distributions to unsecured claimants;

6

(b)     payment to the Receiver's law firm of $4,562.52 in fees allocated to Property 50 in the Receiver's pending 27th Fee Application for the First Quarter of 2025 (Dkt. 1878);

(c)     payment to the Receiver's law firm of $14,051.57 for contested and uncontested fees allocated to Property 50 in Fee Applications 1-26 but heretofore held back from payment pursuant to the Court's orders; and

(d)     transfer of the balance of the account, including any and all residual interest earned, to the Receiver's account for use in the administration of the Receivership Estate and/or as otherwise ordered by the Court.

17.     For Properties 51, 53-57, the proposed distribution plan is attached as Exhibit C, and provides for:

(a)     payment of $501,518.00 of the sales proceeds on a pro-rata basis to the Individual Investor Lenders asserting an interest in Properties 51, 53-57 for the settlement of their claims, in the amounts set forth in group Exhibit D hereto. As reflected in Exhibit C, the percentage of the maximum recommended distributions that will be recovered by the individual investor lenders if the proposed plan is approved varies based on the amount held in the property account securing the loan.[2] This proposed settlement provides the investor lenders with 77.1% of the available funds from the property accounts, and 22.9% to Midland;

---

[2] Because the investor lender claimants will not receive the full amount of their maximum distribution recommended for their claims under the proposed distribution plan, these claimants may be eligible for an additional distribution from unencumbered funds of the Estate. The amount of such additional distributions, if any, will be recommended as part of the final distribution plan submitted by the Receiver in Group 10 proceedings, and subject to Court approval.

(b)     payment of $220,000.00 of the sales proceeds to Midland, and an order permitting Midland to liquidate and transfer to itself or its chosen designee the $55,759.00 balance in the reserve accounts it currently holds for its loan secured by these properties, for a total recovery of $275,579.00 for the settlement of its claim with respect to Properties 51, 53-57.  Because Midland would recover $71,316.20 as second position secured lender if the Receiver's avoidance action is unsuccessful, the proposed settlement represents approximately a 20.2% increase over the amount Midland might otherwise recover if the District Court's ruling that the investor lenders are in first position is affirmed on appeal;

(c)     payment to the Receiver's law firm a total of $7,868.36 in cumulative fees allocated to Properties 51, 53-57 in the Receiver's pending 27th Fee Application for the First Quarter of 2025 (Dkt. 1878), in the amounts per property that are set forth on Exhibit C;

(d)     payment to the Receiver's law firm a total of $53,677.52 for contested and uncontested fees allocated to Properties 51, 53-57 in Fee Applications 1-26 but heretofore held back from payment pursuant to the Court's orders, in the amounts per property that are set forth on Exhibit C; and

(e)     transfer of the balance of the property accounts, including any and all residual interest earned, to the Receiver's account for use in the administration of the Receivership Estate and/or as otherwise ordered by the Court.

18.     Contingent on the Court granting this Motion, Midland, CoreVest, and the Receiver further agree as follows:

(a)     this agreement resolves all disputes of any kind or nature between and among them with respect to the Subject Properties only;

8

(b)     no Party will appeal from or collaterally attack any rulings associated with the Subject Properties; and

(c)     any and all other claims, objections, or rights that might exist between or among the Parties regarding the Subject Properties are hereby compromised and waived.

19.     The foregoing agreements are a compromise of disputes and disagreements among or between the Parties.  The agreements do not constitute an admission of the validity of any claim, defense, argument, or position made or taken by any Party.  The Parties' agreement with respect to the Subject Properties does not establish a precedent as to any other property.  Upon entry of an order granting this Motion and distributions consistent with such an order, all objections as to the Receiver's lien on or fees allocated to the Subject Properties will be compromised and waived. The Parties' agreement to not seek appeal from any rulings associated with the Subject Properties will be a further saving of time and resources for many involved in the Receivership.  If this agreement and distribution is approved by the Court, the claims and issues between Midland, CoreVest, and the Receivership with respect to the Subject Properties will have concluded.

### D.  The Court Has the Authority to Make the Distributions Recommended by this Motion.

20.     It is well-settled that the district courts have broad equitable powers and are afforded wide discretion in approving a distribution plan of receivership funds. *See, e.g., SEC v. Forex Asset Mgmt. LLC*, 242 F.3d 325, 331 (5th Cir. 2001); *SEC v. Enterprise Trust Co*., 559 F.3d 649, 652 (7th Cir. 2009) ("District judges possess discretion to classify claims sensibly in receivership proceedings."); *SEC v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992).

21.     Because the Receiver is a fiduciary and officer of this Court, the Court may give some weight to the "… Receiver's judgment of the most fair and equitable method of distribution." *CFTC v. Eustace*, No. 05-2973, 2008 WL 471574, at *5 (E.D. Pa. Feb. 19, 2008) (approving

receiver's pro-rata distribution plan and recognizing that the receiver does not represent a particular group of investors or claimants but rather proposes a plan that is fair to all investors).

22.     Based on the facts and circumstances presented with respect to the Subject Properties and the agreements described herein, the Receiver believes that the distribution plan with respect to the Subject Properties as described in this motion is fair and equitable.  The recommended distribution amounts represent a substantial payment of the principal amount of the loans to the investor lender claimants for the Subject Properties. The Receiver has further determined that there are no other issues that he is aware of that would necessitate any further holdback from the amounts set forth above.

23.     There are also additional savings of time and resources achieved based on the agreements reached between and among the Receiver, Midland, and CoreVest.  As a result of the agreements set forth in this motion, there will be no objections that remain associated with the sales of the Subject Properties or the Receiver's lien or fees allocated to the Subject Properties, and Midland's and CoreVest's agreements to not seek appeal from any rulings associated with the Subject Properties will further save time and resources for many involved in the Receivership.

**E.  The Receiver Requests Authorization to Pay Fees Incurred in and after the First Quarter of 2025 from the Receiver's Account.**

24.     The Receiver requests that the Court authorize the payment from the Receiver's account of fees allocated to the Subject Properties during and after the current quarter.  Throughout the negotiations with CoreVest, the Receiver endeavored to secure the largest amount of funds possible to be transferred to the Receiver's account for unsecured claims and administration of the Estate.  And throughout the negotiations with both Midland and CoreVest, the Receiver balanced the interests of bringing finality to the priority dispute in order to avoid the delay and expense of continued litigation and likely appeals (which could easily delay any distributions for eighteen

months or longer) and allowing a final distribution of the unencumbered assets of the Receivership Estate to proceed as expeditiously as possible, and the costs and benefits associated with litigation over amounts that potentially could be overwhelmed by the additional expense of litigating avoidance claims before the District Court and on appeal.

**F. The Receiver Has Provided Reasonable and Fair Notice of this Motion.**

25. Notice of this motion is being given to each of the claimants asserting a claim against the Subject Properties, as well as to each of the other claimants who have submitted claims in this matter. In addition, this motion will be made publicly available to all interested and potentially interested parties by posting a copy of it to the Receivership website.

## Prayer for Relief

WHEREFORE, the Receiver seeks the following relief:

a) a finding that adequate and fair notice has been provided to all interested and potentially interested parties of the claims process, the Receiver's recommendations with respect to the Subject Properties, the Receiver's attorneys' fees and proposed fee allocations, and the current Motion;

b) an order finding that the agreement between the Parties is fair, reasonable, and in the best interests of the Receivership Estate;

c) an order providing a full and fair opportunity for each interested party to assert its interests and any objections to the relief requested or the distribution plans attached as Exhibits A-D to this motion;

d) an order finding either that no objections were filed or a finding that the foregoing agreements are approved over any such objections;

e) a finding that the distribution schedules described herein and submitted herewith are fair and reasonable;

f)    approval of the payment from the accounts held for the Subject Properties of the Receiver's and attorneys' fees the Receiver has allocated to the Subject Properties in the First Quarter of 2025 (Dkt. 1878), without holdback;

g)    approval of payment from the accounts held for the Subject Properties of the Receiver's and attorneys' fees the Receiver allocated to the Subject Properties that have been heretofore held back from payment pursuant to the Court's Orders;

h)    approval of payment from the Receiver's account of the Receiver's and attorneys' fees allocated to the Subject Properties in the current quarter and any subsequent quarters;

i)    an order authorizing Midland and CoreVest to liquidate the reserve and escrow accounts held for the Subject Properties and transfer any remaining balances to themselves or their chosen designee;

j)    approval of the distribution of funds as set forth in Exhibits A-D to this motion, with distributions to be made as soon as such distributions can be reasonably achieved;

k)    approval to transfer to the Receiver's account the net of the remaining balances in the accounts held for the Subject Properties after the distributions that the Court orders pursuant to this motion have been made, including any interest hereafter accruing, for use in the administration of the Receivership Estate and/or as otherwise ordered by the Court; and

l)    such other relief as the Court deems fair and equitable.

Dated:  June 11, 2025     Respectfully submitted,

/s/ Michael Rachlis

Michael Rachlis
Jodi Rosen Wine
Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone (312) 733-3950
mrachlis@rdaplaw.net
jwine@rdaplaw.net

# Exhibit A

| Property # | 50 |
|---|---|
| Account # | 0405 |
| PROPERTY ADDRESS | 7760 S Coles Avenue |
| Balance of Receivership Account for Property 50 (as of 5/9/2025) | $ 80,715.21 |
| Distribution to CoreVest (Claim 50-1464) | $ (50,000.00) |
| Distribution to Investor Lenders | $ - |
| Fees Allocated to Property in 27th Fee Application for First Quarter 2025 (Dkt. 1878) | $ (1,237.63) |
| Payment of Fees Held Back pursuant to Court Orders Fee applications 1-26 (Dkt. 1372, 1452, 1469, 1510, 1511, 1539, 1573, 1675, 1758, 1831, 1856) | $ (9,312.64) |
| Total remaining in account | $ 20,164.94 |

Exhibit B

Ex. B - Proposed Investor Lender Distributions
7760 S Coles (Property 50)

| Property Address | Claimant Name | Lender Name | Claim Number | Amount Claimed (Invested in Property) | Secured Claim Remaining | Unsecured Claim (This Investment) | Pre-Rollover or UPN Distributions | Distributions Received on Property | Total Distributions Received | Max Potential Dist. (Proceeds of Sales) | Distributions Received on Unsecured Claim | Max Potential Dist. (Unencumbered) | Receiver's Recommendation Notes | Percentage of Total Investor-Lender Max Distributions | Proposed Distribution from Sales Proceeds |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7760 S Coles Avenue | City of Chicago | City of Chicago | 50-693 | $ 1,079.85 | $ - | | | $ - | $ - | $ - | | $ - | Claim for water debt was paid when the Receiver sold this property | 0% | $ - |
| 7760 S Coles Avenue | Helen Boyd | Helen Boyd | 50-2010 | $ 55,000.00 | $ - | | | $ 12,741.73 | $ 12,741.73 | $ - | | $ - | Claimant agreed to rollover this loan to 7927 Essex in July 2017 | 0% | $ - |
| 7760 S Coles Avenue | Huiyi Yang and Hui Wang | Huiyi Yang and Hui Wang | 50-122 | $ 20,166.67 | $ - | $ 20,166.67 | | $ 7,078.45 | $ 7,078.45 | $ - | | $ 13,088.22 | Claimant agreed to rollover this loan to unsecured promissory note in July 2017 | 0% | $ - |
| 7760 S Coles Avenue | iPlanGroup Agent for Custodian FBO Kevin Bybee | Equity Trust Company Custodian FBO Kevin Bybee IRA Account Number Z128131 | 50-497 | $ 76,000.00 | $ - | | $ 11,287.92 | $ 68,833.71 | $ 80,121.63 | $ - | | $ - | Claimant agreed to rollover this loan to unsecured promissory note in March 2018. Principal and interest payments on loan and unsecured note exceed the amount of claimant's original loan. | 0% | $ - |
| 7760 S Coles Avenue | LMJ Sales, Inc. | LMJ Sales, Inc. | 50-1346 | $ 100,000.00 | $ - | | | $ 40,333.22 | $ 40,333.22 | $ - | | $ - | Claimant agreed to rollover this loan to CCF1 in October 2017 | 0% | $ - |
| 7760 S Coles Avenue | Marjorie J. Sexton | The Entrust Group Inc. FBO Marjorie Jean Sexton IRA # 7230013060 | 50-2065 | $ 50,000.00 | $ - | $ 50,000.00 | $ 11,250.00 | $ 37,309.57 | $ 48,559.57 | $ - | | $ 1,440.43 | Claimant agreed to rollover this loan to unsecured promissory note in September 2017. Pre-rollover distributions on loan secured by 7760 S Coles. | 0% | $ - |
| 7760 S Coles Avenue | Matthew Boyd | Matthew Boyd | 50-2060 | $ 55,000.00 | $ - | | | $ 12,741.73 | $ 12,741.73 | $ - | | $ - | Claimant agreed to rollover this loan to 7927 Essex in July 2017 | 0% | $ - |
| 7760 S Coles Avenue | Metro Rural Real Estate Solutions (Tamara Molenaar-Angelier) | Metro Rural Real Estate Solutions | 50-743 | $ 70,000.00 | $ - | $ 70,000.00 | $ 11,696.31 | $ 58,636.67 | $ 70,332.98 | $ - | | $ - | Claimant agreed to rollover this loan to unsecured promissory note in August 2017. Principal and interest payments on loan and unsecured note exceed the amount of claimant's original loan. | 0% | $ - |
| 7760 S Coles Avenue | PNW Investments, LLC | PNW Investments, LLC | 50-332 | $ 25,000.00 | $ - | | | $ 6,125.00 | $ 6,125.00 | $ - | | $ - | Claimant agreed to rollover this loan to 7927 Essex in August 2017 | 0% | $ - |
| 7760 S Coles Avenue | Scott E Pammer | Scott E Pammer | 50-827 | $ 12,070.00 | $ - | $ 12,070.00 | | $ 11,187.73 | $ 11,187.73 | $ - | | $ 882.27 | Claimant agreed to rollover this loan to unsecured promissory note in July 2017 | 0% | $ - |
| | | | | | $ - | $ 152,236.67 | | | $ - | | | $ 15,410.92 | | | |

Exhibit C

**Exhibit C**
**Proposed Distribution Plan for Group 6 Properties 51, 53-57**
Midland Loan Services, a Division of PNC Bank, N.A. as servicer for Wilmington Trust, N.A., as Trustee for the Registered Holders of Corevest American Finance 2017-2 Trust, Mortgage Pass-Through Certificates, Series 2017-2 (Claim 1466)

| Property | Prop # | Account # | Account balance 5/9/2025 | Holdbacks Apps 1-26 | Fee App 27 (Q1 2025) | Net Account Balance | Max Distributions Investor Claims | Current Excess | Net Available for Investor Lender Claims | Max Percentage Recovery Investor Lenders | Pro Rata Share Available Funds | Proposed Distribution from Sales Proceeds (Share of $501,518.00) | Proposed Percentage Recovery Investor Lenders |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1401 W 109th | 51 | 0843 | $11,361.46 | $5,821.29 | $1,090.13 | $4,450.04 | $22,780.97 | | $4,450.04 | 19.53% | 0.7% | $ 3,432.44 | 15.1% |
| 6807 Indiana | 53 | 1114 | $102,474.58 | $5,638.92 | $1,103.13 | $95,732.53 | $32,954.81 | $62,777.72 | $32,954.81 | 100.00% | 5.1% | $ 25,418.93 | 77.1% |
| 8000 Justine | 54 | 0413 | $160,946.91 | $7,738.68 | $1,103.13 | $152,105.10 | $470,599.99 | | $152,105.10 | 32.32% | 23.4% | $ 117,322.75 | 24.9% |
| 8107 Ellis | 55 | 0421 | $75,189.27 | $8,926.01 | $1,255.63 | $65,007.63 | $283,059.49 | | $65,007.63 | 22.97% | 10.0% | $ 50,142.13 | 17.7% |
| 8209 Ellis | 56 | 0439 | $230,502.20 | $8,599.40 | $1,091.99 | $220,810.81 | $212,272.33 | $8,538.48 | $212,272.33 | 100.00% | 32.6% | $ 163,731.36 | 77.1% |
| 8214 Ingleside | 57 | 0447 | $192,039.02 | $7,640.58 | $986.72 | $183,411.72 | $445,912.00 | | $183,411.72 | 41.13% | 28.2% | $ 141,470.39 | 31.7% |
| | | | $772,513.44 | $44,364.88 | $6,630.73 | $721,517.83 | $1,467,579.59 | $71,316.20 | $650,201.63 | 44.30% | 100.0% | 501,518.00 | 34.2% |

| | | | |
|---|---|---|---|
| Proposed Distributions to Investor Lenders | | $ 501,518.00 | 77.1% |
| Proposed $220,000 Distribution to Midland | $71,316.20 | $ 148,683.80 | 22.9% |
| | | $ 650,201.80 | 100.0% |

# Exhibit D

Ex. D - Proposed Investor Lender Distributions

1401 W 109th Place (Property 51)

| Claimant Name | Lender Name | Claim Number | Claimant Submissions | Amount Claimed (Invested in Property) | Secured Claim Remaining | Unsecured Claim (This Investment) | Pre-Rollover or UPN Distributions | Distributions Received on Property | Total Distributions Received | Max Potential Dist. (Proceeds of Sales) | Distributions Received on Unsecured Claim | Max Potential Dist. (Unencumbered) | Receiver's Recommendation Notes | Percentage of Total Investor-Lender Max Distributions | Proposed Distribution from Sales Proceeds (Share of $3,432.44) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Hiu Tung Carol | Hiu Tung Carol Lam | 51-1101 | POC; DIS | $ 115,487.00 | $ 62,000.00 | | | $ 49,600.00 | $ 49,600.00 | $ 12,400.00 | | $ - | | 54.4% | $ 1,868.33 |
| Michael and Lyanne Terada | Michael Terada | 51-551 | POC; DIS | $ 33,487.00 | $ 33,487.00 | | | $ 23,106.03 | $ 23,106.03 | $ 10,380.97 | | $ - | | 45.6% | $ 1,564.11 |
| | | | | $ 95,487.00 | | | | | $ 22,780.97 | | | $ - | | 100.0% | $ 3,432.44 |

Ex. D - Proposed Investor Lender Distributions

6807 Indiana Avenue (Property 53)

| Claimant Name | Lender Name | Claim Number | Amount Claimed (Invested in Property) | Secured Claim Remaining | Unsecured Claim (This Investment) | Pre-Rollover or UPN Distributions | Distributions Received on Property | Total Distributions Received | Max Potential Dist. (Proceeds of Sales) | Distributions Received on Unsecured Claim | Max Potential Dist. (Unencumbered) | Receiver's Recommendation Notes | Percentage of Total Investor-Lender Max Distributions | Proposed Distribution from Sales Proceeds (Share of $25,418.93) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Edge Investments, LLC, Janet F. Turco, Owner/Member IRA | Edge Investments, LLC, Janet F. Turco, Owner/Member IRA | 53-180 | $ 45,000.00 | $ 45,000.00 | | | $ 23,062.00 | $ 23,062.00 | $ 21,938.00 | | $ - | | 66.6% | $ 16,921.37 |
| Leroy & Martha Johnson | Leroy & Martha Johnson | 53-1350 | $ 100,000.00 | $ 100,000.00 | | | $ 88,983.19 | $ 88,983.19 | $ 11,016.81 | | $ - | | 33.4% | $ 8,497.56 |
| | | | $ 145,000.00 | | | | | $ 32,954.81 | | | $ - | | 100.0% | $ 25,418.93 |

Ex. D - Proposed Investor Lender Distributions

8000 S Justine Street (Property 54)

| Claimant Name | Lender Name | Claim Number | Amount Claimed (Invested in Property) | Secured Claim Remaining | Unsecured Claim (This Investment) | Pre-Rollover or UPN Distributions | Distributions Received on Property | Total Distributions Received | Max Potential Dist. (Proceeds of Sales) | Distributions Received on Unsecured Claim | Max Potential Dist. (Unencumbered) | Receiver's Recommendation Notes | Percentage of Total Investor-Lender Max Distributions | Proposed Distribution from Sales Proceeds (Share of $117,322.75) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| City of Chicago | City of Chicago | 54-693 | $ 974.71 | $ - | | | $ - | $ - | $ - | | $ - | Claim for water debt was paid when the Receiver sold this property | 0.0% | $ - |
| John B. Allred & Glenda K. Allred | Allred Living Trust | 54-2004 | | $ - | | | $ - | $ - | $ - | | $ - | Receiver recommends that former EquityBuild employee who actively participated in marketing the fraudulent scheme be disqualified from receiving a distribution | 0.0% | $ - |
| Michael James Guilford and Nancy Richard-Guilford, JWROS | Michael James Guilford and Nancy Richard-Guilford | 54-516 | $ 110,000.00 | $ 110,000.00 | | | $ 43,995.01 | $ 43,995.01 | $ 66,004.99 | | $ - | | 14.0% | $ 16,455.35 |
| Rene Hribal | Rene Hribal | 54-768 | $ 729,000.00 | $ 729,000.00 | | | $ 324,405.00 | $ 324,405.00 | $ 404,595.00 | | $ - | | 86.0% | $ 100,867.40 |
| | | | $ 839,000.00 | | | | | $ 470,599.99 | | | $ - | | 100.0% | $ 117,322.75 |

Ex. D - Proposed Investor Lender Distributions

8107 S Ellis Avenue (Property 55)

| Claimant Name | Lender Name | Claim Number | Amount Claimed (Invested in Property) | Secured Claim Remaining | Unsecured Claim (This Investment) | Pre-Rollover or UPN Distributions | Distributions Received on Property | Total Distributions Received | Max Potential Dist. (Proceeds of Sales) | Distributions Received on Unsecured Claim | Max Potential Dist. (Unencumbered) | Receiver's Recommendation Notes | Percentage of Total Investor-Lender Max Distributions | Proposed Distribution from Sales Proceeds (Share of $50,142.13) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CLD Construction, Inc. (Doru Unchias) | CLD Construction (Doru Unchias) | 55-1454 | $ 3,800.00 | $ - | $ 3,800.00 | | $ - | $ - | $ - | | $ 3,800.00 | Unsecured trade creditor | 0.0% | $ - |
| Hillside Fund, LLC - Janet F. Turco, Owner/ Managing Member | Hillside Fund, LLC | 55-101 | $ 50,000.00 | $ 50,000.00 | | | $ 22,902.77 | $ 22,902.77 | $ 27,097.23 | | $ - | | 9.6% | $ 4,800.10 |
| HYMAN J SMALL | American IRA, LLC FBO Hyman J. Small IRA | 55-573 | $ 50,000.00 | $ 50,000.00 | | | $ 17,000.00 | $ 17,000.00 | $ 33,000.00 | | $ - | | 11.7% | $ 5,845.73 |
| John B. Allred & Glenda K. Allred | John B. & Glenda A. Allred JRWROS | 55-2004 | $ 52,701.00 | $ - | | | $ - | $ - | $ - | | $ - | Receiver recommends that former EquityBuild employee who actively participated in marketing the | 0.0% | $ - |
| Kelly E. Welton (iPlanGroup Agent for Custodian FBO Kelly Welton Roth) | iPlanGroup Agent for Custodian FBO Kelly Lewis IRA 3300326 | 55-310 | $ 26,200.00 | $ 25,000.00 | | | $ 8,908.00 | $ 8,908.00 | $ 16,092.00 | | $ - | The Receiver recommends disallowing $1,200 accrued interest added to principal amount of loan | 5.7% | $ 2,850.59 |
| Kenneth (Ken) and Maria (Tina) Jorgensen | iPlanGroup Agent for Custodian FBO Ken Jorgensen | 55-194 | $ 31,000.00 | $ 31,000.00 | | | $ 10,168.00 | $ 10,168.00 | $ 20,832.00 | | $ - | | 7.4% | $ 3,690.25 |
| R.D.Meredith General Contractors llc 401K | R.D. Meredith General contractor LLC 401K Plan | 55-528 | $ 91,672.00 | $ 91,672.00 | | | $ 39,511.96 | $ 39,511.96 | $ 52,160.04 | | $ - | Distributions include interest paid on loan plus a $2,880 bonus that EquityBuild paid to claimant | 18.4% | $ 9,239.81 |
| SLB Ventures, LLC | SLB Ventures, LLC | 55-565 | $ 95,000.00 | $ 95,000.00 | | | $ 1,044.30 | $ 1,044.30 | $ 93,955.70 | | $ - | | 33.2% | $ 16,643.64 |
| Steven and Linda Lipschultz | Steven Lipschultz | 55-1442 | $ 73,360.00 | $ 70,000.00 | | | $ 30,077.48 | $ 30,077.48 | $ 39,922.52 | | $ - | The Receiver recommends disallowing $3,360 accrued interest | 14.1% | $ 7,072.01 |
| | | | $ 412,672.00 | | | | $ 283,059.49 | | | $ 3,800.00 | | | 100.0% | $ 50,142.13 |

Ex. D - Proposed Investor Lender Distributions

8209 S Ellis Avenue (Property 56)

| Claimant Name | Lender Name | Claim Number | Amount Claimed (Invested in Property) | Secured Claim Remaining | Unsecured Claim (This Investment) | Pre-Rollover or UPN Distributions | Distributions Received on Property | Total Distributions Received | Max Potential Dist. (Proceeds of Sales) | Distributions Received on Unsecured Claim | Max Potential Dist. (Unencumbered) | Receiver's Recommendation Notes | Percentage of Total Investor-Lender Max Distributions | Proposed Distribution from Sales Proceeds (Share of $163,731.36) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ARBOR VENTURES OVERSEAS LIMITED, LLC | Arbor Ventures Overseas Limited LLC | 56-446 | $ 115,000.00 | $ - | $ 115,000.00 | $ 32,008.77 | $ 26,450.00 | $ 58,458.77 | $ - | | $ 56,541.23 | Claimant agreed to rollover this loan to unsecured promissory note in November 2017 | 0.0% | $ - |
| Ashwin D Patel | Ashwin D. Patel | 56-1170 | $ 100,000.00 | $ 100,000.00 | | | $ 46,583.00 | $ 46,583.00 | $ 53,417.00 | | $ - | | 25.2% | $ 41,201.97 |
| Claude M West , Linda S Gray, Desert Storm Properties Group, LLC | Desert Storm Properties Group, LLC | 56-1281 | $ 100,000.00 | $ - | $ 100,000.00 | | $ 35,366.67 | $ 35,366.67 | $ - | | $ 64,633.33 | Claimant agreed to rollover this loan to SSDF4 in February 2018 | 0.0% | $ - |
| Edge Investments, LLC, Janet F. Turco, Owner/Member IRA | Edge Investments, LLC | 56-180 | $ 100,000.00 | $ 100,000.00 | | | $ 55,500.00 | $ 55,500.00 | $ 44,500.00 | | $ - | | 21.0% | $ 34,324.05 |
| Edwin Barker | Edwin Barker | 56-1498 | $ 25,000.00 | $ 25,000.00 | | | $ 14,833.00 | $ 14,833.00 | $ 10,167.00 | | $ - | Claim added after Receiver's Initial Submission on Group 6 Claims filed | 4.8% | $ 7,842.08 |
| HYMAN J SMALL | American IRA, LLC FBO, Hyman Small, IRA | 56-573 | $ 25,000.00 | $ 25,000.00 | | | $ - | $ - | $ 25,000.00 | | $ - | | 11.8% | $ 19,283.17 |
| JKG Investments, LLC | JKG Investments LLC | 56-1181 | $ 25,000.00 | $ 25,000.00 | | | $ 10,625.00 | $ 10,625.00 | $ 14,375.00 | | $ - | | 6.8% | $ 11,087.82 |
| Marilyn B. Ackerman | Marilyn Ackerman | 56-395 | $ 200,000.00 | $ - | $ 200,000.00 | | $ 141,015.00 | $ 141,015.00 | $ - | | $ 58,985.00 | Claimant agreed to rollover this loan to unsecured promissory note in | 0.0% | $ - |
| Paper Street Realty LLC DBA Rent Ready Apartments | Paper Street Realty LLC DBA Rent Ready Apartments | 56-1206 | $ 2,740.00 | $ - | $ - | | $ - | $ - | $ - | | $ - | Claimant executed waiver of lien on 6/25/2020 and has withdrawn this claim | 0.0% | $ - |
| SLB Ventures, LLC | SLB Ventures LLC | 56-565 | $ 24,960.00 | $ 24,960.00 | | | $ - | $ - | $ 24,960.00 | | $ - | | 11.8% | $ 19,252.32 |
| Wesley Pittman | Wesley Pittman | 56-469 | $ 70,000.00 | $ 70,000.00 | | | $ 30,146.67 | $ 30,146.67 | $ 39,853.33 | | $ - | | 18.8% | $ 30,739.95 |
| | | | $ 369,960.00 | | | | | $ 212,272.33 | | $ 58,985.00 | | | 100.0% | $ 163,731.36 |

Ex. D - Proposed Investor Lender Distributions

8214 S Ingleside Avenue (Property 57)

| Claimant Name | Lender Name | Claim Number | Amount Claimed (Invested in Property) | Secured Claim Remaining | Unsecured Claim (This Investment) | Pre-Rollover or UPN Distributions | Distributions Received on Property | Total Distributions Received | Max Potential Dist. (Proceeds of Sales) | Distributions Received on Unsecured Claim | Max Potential Dist. (Unencumbered) | Receiver's Recommendation Notes | Percentage of Total Investor-Lender Max Distributions | Proposed Distribution from Sales Proceeds (Share of $141,470.39) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| James Tutsock | James A. Tutsock | 57-2057 | $ 319,483.00 | $ - | | | $ - | $ - | $ - | | $ - | Claimant agreed to rollover this loan to 7201 S Constance (Claim 78-2057) | 0.0% | $ - |
| Joral Schmalle | Joral Schmalle | 57-730 | $ 759,000.00 | $ 759,000.00 | | | $ 313,088.00 | $ 313,088.00 | $ 445,912.00 | | $ - | | 100.0% | $ 141,470.39 |
| Paper Street Realty LLC DBA Rent Ready Apartments | Paper Street Realty LLC DBA Rent Ready Apartments | 57-1206 | $ 18,986.00 | $ - | | | $ - | $ - | $ - | | $ - | Claimant executed waiver of lien on 6/25/2020 and has withdrawn this claim | 0.0% | $ - |
| | | | $ 759,000.00 | | | | | $ 445,912.00 | | $ - | | 100.0% | $ 141,470.39 |