UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Case No. 1:18-cv-5587 |
| v. | Hon. Manish S. Shah |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | Magistrate Judge Young B. Kim |
| Defendants. | |

## MOTION TO APPROVE DISTRIBUTION OF PROCEEDS FROM THE SALES OF PROPERTIES 69 (6250 S MOZART STREET) AND 73 (7255-57 S EUCLID AVENUE)

Kevin B. Duff, as receiver ("Receiver") for the Estate of Defendants EquityBuild, Inc. ("EquityBuild"), EquityBuild Finance, LLC ("EquityBuild Finance"), their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen (collectively, the "Receivership Defendants"), hereby moves for approval of a plan for the distribution of proceeds from the sale of 6250 S Mozart Street ("6250 Mozart" or "Property 69") and 7255-57 S Euclid Avenue ("7255 Euclid" or "Property 73") (collectively, the "Subject Properties"). In support of his motion, the Receiver states as follows:

### A. Procedural Background

1.      In 2019, the Receiver initiated a claims process whereby, *inter alia*, he: (a) researched mortgagees of record and EquityBuild records to identify potential claimants; (b) served all known potential claimants by email and/or regular mail with notice of the bar date, procedures for submitting proofs of claim, and a link to a third-party portal to submit claims; (c) sent multiple follow-up emails reminding potential claimants of the bar date (and the extended

bar date); and (d) established a webpage (http://rdaplaw.net/receivership-for-equitybuild) for claimants and other interested parties which prominently displayed the claims bar date and provided copies of the claims notice, instructions, proof of claim forms, a link to the claims portal, and copies of certain court filings related to the claims process. All claimants were notified that the failure to submit a claim verification form by the bar date would be a basis for denial of that claim. (*See, e.g.,* Dkt. 241, 302, 349, 468, 548, 638, 693, 720) The Court's orders with respect to the claims process were also served upon claimants and potential claimants and posted on the Receiver's website. (*See, e.g.,* Dkt. 349, 574, 940, 941)

2. In February 2021, following briefing and hearings, the Court entered two orders establishing a process for the resolution of disputed claims. (Dkt. 940, 941)

3. With the Court's approval and over the objection of claimant Citibank N.A., as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB48 ("Citibank as Trustee"), on December 22, 2023, the Receiver sold the property located at 6250 S Mozart Street (Dkt. 910 at 3-4), and on June 29, 2021, the Receiver sold the property located at 7255-57 S Euclid Avenue (Dkt. 966 at 9-11). Prior to these sales, the Court found that the Receiver gave fair, adequate, and sufficient notice to all interested parties, including all mortgagees affected by the Receiver's Ninth and Tenth Motions to Confirm the Sale of these and other properties. (Dkt. 910 at 2; Dkt. 966 at 3) The sales were free and clear of all mortgages and encumbrances, and the net proceeds of sale for the Subject Properties were deposited into separate interest-bearing accounts held by the Receiver pursuant to court order, with all mortgages, liens, claims, and encumbrances attached to the sales proceeds with the same force, validity, status, and effect, if any, as they had against the property being sold. (Dkt. 910 at 4-5; Dkt. 966 at 13-14) Additional deposits and withdrawals

have been made to and from these property accounts, as reported in the Receiver's quarterly status reports. (Dkt. 930, 985, 1017, 1077, 1164, 1243, 1280, 1328, 1379, 1448, 1516, 1535, 1589, 1652, 1722, 1771, 1837, 1876)

4.      Beginning in February 2021, the Receiver filed a series of motions to approve the payment of certain previously approved fees and costs pursuant to the Receiver's lien on the properties of the Receivership Estate that had been granted by the Court. (Dkt. 947, 981, 1107, 1321)  Following proceedings on the Receiver's specific fee allocations before Magistrate Judge Kim, the Court granted the Receiver's fee allocation motions over the objections of Citibank as Trustee, except that the Court ordered a 20% holdback in the payment of allocated fees.  (Dkt. 1469, 1511)

5.      Subsequent orders approving the Receiver's quarterly fee applications also approved payment pursuant to the Receiver's lien of fees (subject to a 20% holdback) and costs over the objections of Citibank as Trustee and other Institutional Lenders.  (Dkt. 1372, 1452, 1510, 1539, 1573, 1618, 1675, 1758, 1831, 1856)  Claimants and potential claimants have received notice of these motions relating to the Receiver's lien and the Receiver's fee applications, and the foregoing motions, fee applications, and the Court's orders have been posted to the Receiver's website.

6.      As of May 9, 2025, the property account established for 6250 Mozart held $877,864.91.  Additionally, $4,735.45 in fees were allocated to Property 69 in the Receiver's pending 27th Fee Application for the First Quarter of 2025 (Dkt. 1878), and a total of $24,597.16 fees allocated to Property 69 were held back pursuant to orders granting the Receiver's Fee Applications 1-26, leaving a net balance available for distribution of $848,532.30.

7.     As of May 9, 2025, the property account established for 7255 Euclid held $1,120,224.20.  Additionally, $4,562.52 in fees were allocated to Property 73 in the Receiver's pending 27th Fee Application for the First Quarter of 2025 (Dkt. 1878), and a total of $14,051.57 fees allocated to Property 73 were held back pursuant to orders granting the Receiver's Fee Applications 1-26, leaving a net balance available for distribution of $1,101,610.11.

**B. The Receiver Has Recommended that the Investor Lender Claimants Asserting an Interest in the Subject Properties Be Found to Hold First Position Lien on the Subject Properties.**

8.     On October 28, 2024, the Receiver filed his Submission on Group 7 Claims, which included recommendations as to the claims asserting an interest in the Subject Properties.  (Dkt. 1772)  As explained in that submission, with regard to the priority disputes with respect to the Subject Properties, the Receiver recommended, *inter alia*, that the Court find that the investor lenders be found to have priority over the institutional lenders, and that Citibank as Trustee be found to be in a second secured position for those properties. (*Id.* at 7-8 and Exs. 4, 6, 10, and 12)

9.     On November 25 and December 16, 2024, Citibank as Trustee filed position statements asserting that it holds first position security interests in the Subject Properties, that it is entitled to priority over other claimants, that no payments received should be "netted" against Citibank as Trustee's claims, and that it should be paid both contract and default interest.  (Dkt. 1797 and 1807)

10.     Also on November 25 and December 16, 2024, the SEC and certain of the investor lenders filed position statements requesting that the Court find that the investor lenders' liens have priority and are entitled to a distribution of the proceeds of the sale of the Subject Properties.  (Dkt. 1795, 1796, 1806, 1810) None of the investor lenders who asserted an interest in the Subject Properties asserted an objection to the Receiver's recommendations as to the proposed distribution methodology or the amount of the recommended distributions.

4

11.     The Court has not yet ruled on the Group 7 priority dispute.

**C.  The Receiver and Citibank as Trustee Have Reached an Agreement as to Distributions from the Property Accounts, Subject to Court Approval.**

12.     Settlement discussions between the Receiver and Citibank as Trustee have taken place, and these parties participated in settlement conferences with Magistrate Judge Kim on May 20 and 21, 2025.  Pursuant to these discussions, and with the guidance of the Magistrate Judge, they reached a negotiated agreement as to the amount of the distribution to be made to Citibank as Trustee from the funds held in the property accounts for the Subject Properties to recommend to this Court.  This agreement is contingent on the Court (i) granting the instant motion, and (ii) approving the proposed distribution plans set forth herein.

13.     For 6250 Mozart, the proposed distribution plan is attached as Exhibit A, and provides for:

(a)     payment of $546,032.95 of the sales proceeds on a pro-rata basis to the Individual Investor Lenders asserting an interest in 6250 Mozart for the settlement of their claims, as set forth in Exhibit B.  This represents a recovery of approximately 47.4% of the Receiver's maximum recommended distributions to these claimants if sufficient funds were available to pay all claims in full, which is about a 36% reduction of the 73.7% recovery that the investors would receive if 100% of the available proceeds were distributed to the investor lenders[1];

---

[1] Because the investor lender claimants will not receive the full amount of their maximum distribution recommended for their claims under the proposed plan for the distribution of the 6250 Mozart sales proceeds, these claimants may be eligible for an additional distribution from unencumbered funds of the Estate.  The amount of such additional distributions, if any, will be recommended as part of the final distribution plan submitted by the Receiver in Group 10 proceedings, and subject to Court approval.

(b)     payment of $302,499.35 of the sales proceeds to Citibank as Trustee, and an order permitting Citibank as Trustee to liquidate and transfer the $12,515.65 balance in the escrow account it currently holds for 6250 Mozart to itself or its chosen designee, for a total recovery of $315,015.00 for the settlement of its claim with respect to 6250 Mozart. The distribution from the sales proceeds to Citibank as Trustee is approximately 25% of the Receiver's maximum recommended distribution if sufficient funds were available to pay Citibank as Trustee's claim in full;

(c)     payment to the Receiver's law firm of $4,735.45 in fees allocated to Property 69 in the Receiver's pending 27th Fee Application for the First Quarter of 2025 (Dkt. 1878);

(d)     payment to the Receiver's law firm of $24,597.16 for contested and uncontested fees allocated to Property 69 in Fee Applications 1-26 but heretofore held back from payment pursuant to the Court's orders; and

(e)     transfer of the balance of any and all residual interest earned, to the Receiver's account for use in the administration of the Receivership Estate and/or as otherwise ordered by the Court.

14.     For 7255 Euclid, the proposed distribution plan is attached as Exhibit C, and provides for:

(a)     payment of $606,610.11 of the sales proceeds on a pro-rata basis to the Individual Investor Lenders asserting an interest in 7255 Euclid for the settlement of their claims, as set forth in Exhibit D.  This represents a recovery of approximately 68% of the Receiver's maximum recommended distribution to these claimants if sufficient funds were available to pay all claims in full, which is about a 32% reduction of the recovery that the

6

investors would receive if 100% of the available proceeds were distributed to the investor lenders[2];

(b)      payment of $495,000.00 of the sales proceeds to Citibank as Trustee, and an order permitting Citibank as Trustee to liquidate and transfer the $1,001.70 balance in the escrow account it currently holds for 7255 Euclid to itself or its chosen designee, for a total recovery of $496,001.70 for the settlement of its claim with respect to 7255 Euclid. Because Citibank as Trustee would recover $211,713.39 as second position secured lender in any event, the proposed settlement represents approximately a 30% increase over the amount Citibank as Trustee would otherwise recover if the investor lenders were found to be in first position;

(c)      payment to the Receiver's law firm of $4,562.52 in fees allocated to Property 73 in the Receiver's pending 27th Fee Application for the First Quarter of 2025 (Dkt. 1878);

(d)      payment to the Receiver's law firm of $14,051.57 for contested and uncontested fees allocated to Property 73 in Fee Applications 1-26 but heretofore held back from payment pursuant to the Court's orders; and

(e)      transfer of the balance of any and all residual interest earned, to the Receiver's account for use in the administration of the Receivership Estate and/or as otherwise ordered by the Court.

---

[2] Under the proposed distribution plan, the investor lender claimants asserting an interest in 7255 Euclid will also be eligible for an additional distribution from unencumbered funds of the Estate, because they will not receive the full amount of their maximum distribution recommended for their claims from the sales proceeds. The amount of such additional distributions, if any, will be recommended as part of the final distribution plan submitted by the Receiver in Group 10 proceedings, and subject to Court approval.

15.     Contingent on the Court granting this Motion, Citibank as Trustee and the Receiver (each a "Party" and collectively the "Parties") further agree as follows:

(a)     this agreement resolves all disputes of any kind or nature between and among them with respect to the Subject Properties only;

(b)     no Party will appeal from or collaterally attack any rulings associated with the Subject Properties; and

(c)     any and all other claims, objections, or rights that might exist between or among the Parties regarding the Subject Properties are hereby compromised and waived, provided however that Citibank as Trustee will retain an unsecured claim for amounts it claims are due but not paid as part of the distributions contemplated by this Motion.

16.     The foregoing agreement is a compromise of disputes and disagreements among or between the Parties.  The agreement does not constitute an admission of the validity of any claim, defense, argument, or position made or taken by any Party.  The Parties' agreement with respect to the Subject Properties does not establish a precedent as to any other property.  Upon entry of an order granting this Motion and distributions consistent with such an order, all objections as to the Receiver's lien on or fees allocated to the Subject Properties will be compromised and waived. The Parties' agreement to not seek appeal from any rulings associated with the Subject Properties will be a further saving of time and resources for many involved in the Receivership.  Effectively, as a result of the agreement and distribution, the claims and issues between Citibank as Trustee and the Receivership with respect to the Subject Properties have concluded, provided however that Citibank as Trustee will retain an unsecured claim for amounts it claims are due but not paid as part of the distributions approved by this Court in granting this Motion.  In that regard, it is further understood that nothing herein shall be construed to be a recommendation or concession from the

Receiver with respect to whether or not Citibank as Trustee will receive any amount, or how much, in any subsequently proposed distribution plan for unsecured funds.

### D. The Court Has the Authority to Make the Distributions Recommended by this Motion.

17.     It is well-settled that the district courts have broad equitable powers and are afforded wide discretion in approving a distribution plan of receivership funds. *See, e.g., SEC v. Forex Asset Mgmt. LLC*, 242 F.3d 325, 331 (5th Cir. 2001); *SEC v. Enterprise Trust Co*., 559 F.3d 649, 652 (7th Cir. 2009) ("District judges possess discretion to classify claims sensibly in receivership proceedings."); *SEC v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992).

18.     Because the Receiver is a fiduciary and officer of this Court, the Court may give some weight to the "… Receiver's judgment of the most fair and equitable method of distribution." *CFTC v. Eustace*, No. 05-2973, 2008 WL 471574, at *5 (E.D. Pa. Feb. 19, 2008) (approving receiver's pro-rata distribution plan and recognizing that the receiver does not represent a particular group of investors or claimants but rather proposes a plan that is fair to all investors).

19.     Based on the facts and circumstances presented with respect to the Subject Properties and the agreements described herein, the Receiver believes that the distribution plan with respect to the Subject Properties as described in this motion is fair and equitable.  The recommended distribution amounts represent a substantial payment of the principal amount of the loans to the investor lender claimants for the Subject Properties. The Receiver has further determined that there are no other issues that he is aware of that would necessitate any further holdback from the amounts set forth above.

20.     There are also additional savings of time and resources achieved based on the agreements reached between and among the Receiver and Citibank as Trustee.  As a result of the agreements set forth in this motion, there will be no objections that remain associated with the

sales of the Subject Properties or the Receiver's lien or fees allocated to the Subject Properties, and Citibank as Trustee's agreement to not seek appeal from any rulings associated with the Subject Properties will further save time and resources for many involved in the Receivership.

### E. The Receiver Requests Authorization to Pay Fees Incurred in and after the First Quarter of 2025 from the Receiver's Account.

21.    The Receiver requests that the Court authorize the payment of fees allocated to the Subject Properties during and after the current quarter from the Receiver's account. Throughout the negotiations with Citibank as Trustee, the Receiver endeavored to bring finality to the priority dispute in order to avoid the delay and expense of continued litigation and likely appeals (which could easily delay any distributions for eighteen months or longer) and allow a final distribution of the unencumbered assets of the Receivership Estate to proceed as expeditiously as possible.

### F. The Receiver Has Provided Reasonable and Fair Notice of this Motion.

22.    Notice of this motion is being given to each of the claimants asserting a claim against the Subject Properties, as well as to each of the other claimants who have submitted claims in this matter. In addition, this motion will be made publicly available to all interested and potentially interested parties by posting a copy of it to the Receivership web site.

### **Prayer for Relief**

WHEREFORE, the Receiver seeks the following relief:

a)    a finding that adequate and fair notice has been provided to all interested and potentially interested parties of the claims process, the Receiver's recommendations with respect to the Subject Properties, the Receiver's and attorneys' fees and proposed fee allocations, and the current Motion;

b)    an order finding that the agreement between the Parties is fair, reasonable, and in the best interests of the Receivership Estate;

c)      an order providing a full and fair opportunity for each interested party to assert its interests and any objections to the relief requested or the distribution plans attached as Exhibits A, B, C, and D to this motion;

d)      an order finding either that no objections were filed or a finding that the foregoing agreement is approved over any such objections;

e)      a finding that the distribution schedules described herein and submitted herewith are fair and reasonable;

f)      approval of the payment from the accounts held for the Subject Properties of the Receiver's and attorneys' fees the Receiver has allocated to the Subject Properties in the First Quarter of 2025 (Dkt. 1878), without holdback;

g)      approval of payment from the accounts held for the Subject Properties of the Receiver's and attorneys' fees the Receiver allocated to the Subject Properties that have been heretofore held back from payment pursuant to the Court's Orders;

h)      approval of payment from the Receiver's account of the Receiver's and attorneys' fees allocated to the Subject Properties in the current quarter and any subsequent quarters;

i)      an order authorizing Citibank as Trustee to liquidate the reserve and escrow accounts held for the Subject Properties and transfer any remaining balances to itself or its chosen designee;

j)      approval of the distribution of funds as set forth in Exhibits A, B, C and D to this motion, with distributions to be made as soon as such distributions can be reasonably achieved;

k)      approval to transfer to the Receiver's account the net of the remaining balances in the accounts held for the Subject Properties after the distributions that the Court orders pursuant to this motion have been made, including any interest hereafter accruing, for use in the administration of the Receivership Estate and/or as otherwise ordered by the Court; and

l)      such other relief as the Court deems fair and equitable.


Dated:  June 25, 2025        Respectfully submitted,

        /s/ Michael Rachlis

        Michael Rachlis
        Jodi Rosen Wine
        Rachlis Duff & Peel, LLC
        542 South Dearborn Street, Suite 900
        Chicago, IL 60605
        Phone (312) 733-3950
        mrachlis@rdaplaw.net
        jwine@rdaplaw.net

Exhibit A

| Property # | 69 |
|---|---|
| Account # | 0512 |
| **PROPERTY ADDRESS** | **6250 S Mozart Avenue** |
| Balance of Receivership Account for Property 69 (as of 5/9/2025) | $ 877,864.91 |
| Distribution to Citibank as Trustee | $ (302,499.35) |
| Distribution to Investor Lenders | $ (546,032.95) |
| Fees Allocated to Property in 27th Fee Application for First Quarter 2025 (Dkt. 1878) | $ (4,735.45) |
| Payment of Fees Held Back pursuant to Court Orders Fee applications 1-26 (Dkt. 1372, 1452, 1469, 1510, 1511, 1539, 1573, 1675, 1758, 1831, 1856) | $ (24,597.16) |
| **Total remaining in account** | **$ 0.00** |

# Exhibit B

Ex. B - Investor Lender Distributions
6250 S Mozart Avenue (Property 69)

| Claimant Name | Lender Name | Claim Number | Amount Claimed (Invested in Property) | Secured Claim Remaining | Unsecured Claim (This Investment) | Pre-Rollover or UPN Distributions | Distributions Received on Property | Source of Distribution | Distributions Received on Property | Max Potential Dist (Proceeds of Sales) | Distributions Received on Unsecured Claim | Max Potential Dist. (Unencumbered) | Receiver's Recommendation Notes | Percentage of Total Investor-Lender Max Distributions | Proposed Distribution from Sales Proceeds (Share of $546,032.95) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Amit Hammer | Amit Hammer | 69-225 | $ 10,000.00 | $ 10,000.00 | | | $ 1,937.55 | LSA | $ 1,937.55 | $ 8,062.45 | | $ | | 0.70% | $ 3,821.22 |
| Annie Chang | Annie Chang | 69-475 | $ 50,000.00 | $ 50,000.00 | | | $ 14,016.05 | POC | $ 14,016.05 | $ 35,983.95 | | $ | | 3.12% | $ 17,054.68 |
| Asians Investing In Real Estate LLC | Asians Investing In Real Estate LLC | 69-503 | $ 50,000.00 | $ 50,000.00 | | | $ 14,898.56 | POC; LSA; DIS | $ 14,898.56 | $ 35,101.44 | | $ | | 3.05% | $ 16,636.42 |
| Baron Real Estate Holdings, LLC., Ihab | Baron Real Estate Holdings, LLC | 69-1347 | $ 106,000.00 | $ 106,000.00 | | | $ 33,762.83 | LSA | $ 33,762.83 | $ 72,237.17 | | $ | | 6.27% | $ 34,236.99 |
| Bernadette Chen Eleven St. Felix Street Realty | Eleven St. Felix Street Realty Corp. | 69-2012 | $ 50,000.00 | $ | | $ | | | $ | | $ | | $ | This is a duplicate of Claim 88-2012 | 0.00% | $ - |
| Chetram Jodha | Chetram Jodha | 69-2094 | $ 20,000.00 | $ 20,000.00 | | | $ 5,784.71 | LSA | $ 5,784.71 | $ 14,215.29 | | $ | | 1.23% | $ 6,737.37 |
| DK Phenix Investments | DK Phenix Investments | 69-584 | $ 100,000.00 | $ 100,000.00 | | | $ 29,923.56 | POC | $ 29,923.56 | $ 70,076.44 | | $ | | 6.08% | $ 33,212.91 |
| Edward J. Netzel | Edward J. Netzel | 69-1059 | $ 20,000.00 | $ 20,000.00 | | | $ 4,062.63 | POC; LSA | $ 4,062.63 | $ 15,937.37 | | $ | | 1.38% | $ 7,553.56 |
| Eric Schwartz | iPlanGroup Agent for Custodian FBO Eric Schwartz | 69-157 | $ 60,082.00 | $ 60,000.00 | $ 10,000.00 | $ 12,370.60 | $ 16,159.32 | | $ 28,529.92 | $ 31,470.08 | | $ 10,000.00 | The Receiver recommends disallowing $82 accrued interest added to principal amount of loan. Pre-rollover distributions is return on unsecured promissory note. | 2.73% | $ 14,915.32 |
| Evelyn Stratton | iPlanGroup Agent for Custodian FBO Evelyn | 69-1028 | $ 100,000.00 | $ 100,000.00 | | | $ 16,968.71 | POC; LSA | $ 16,968.71 | $ 83,031.29 | | $ | | 7.21% | $ 39,352.89 |
| iPlanGroup Agent for Custodian FBO Mark | iPlanGroup Agent for Custodian FBO Mark | 69-1446 | $ 55,000.00 | $ 55,000.00 | | | $ 10,994.83 | LSA; DIS | $ 10,994.83 | $ 44,005.17 | | $ | | 3.82% | $ 20,856.36 |
| Jason Park | Jason Park | 69-814 | $ 10,000.00 | $ 10,000.00 | | | $ 3,829.86 | LSA | $ 3,829.86 | $ 6,170.14 | | $ | | 0.54% | $ 2,924.35 |
| Jason Ragan - TSA | Jason Ragan - TSA | 69-796 | $ 14,150.74 | $ 14,150.74 | | | $ 3,805.84 | LSA; Other | $ 3,805.84 | $ 10,344.90 | | $ | | 0.90% | $ 4,902.99 |
| John Bloxham | John E. Bloxham | 69-1196 | $ 7,009.00 | $ 7,009.00 | | $ 2,329.61 | $ 292.81 | POC; LSA | $ 2,622.42 | $ 4,386.58 | | $ | Pre-rollover distributions on loan secured by 7957 S Marquette | 0.38% | $ 2,079.03 |
| John Braden and Cynthia | Eco2 Capital Inc 401k | 69-1050 | $ 10,000.00 | $ 10,000.00 | | | $ 3,283.33 | POC | $ 3,283.33 | $ 6,716.67 | | $ | | 0.58% | $ 3,183.38 |
| Kevin Lyons | American IRA, LLC FBO Kevin Lyons IRA #02799- | 69-610 | $ 25,000.00 | $ 25,000.00 | | | $ 6,814.22 | LSA | $ 6,814.22 | $ 18,185.78 | | $ | | 1.58% | $ 8,619.20 |
| KKW Investments, LLC | KKW Investments, LLC | 69-336 | $ 3,500.00 | $ 3,500.00 | | | $ 1,029.82 | POC; LSA | $ 1,029.82 | $ 2,470.18 | | $ | | 0.21% | $ 1,170.75 |
| Kuldeep Jain | Kuldeep Jain | 69-652 | $ 50,000.00 | $ 50,000.00 | | | $ 10,791.72 | POC; DIS | $ 10,791.72 | $ 39,208.28 | | $ | | 3.40% | $ 18,582.86 |
| Laura J. Sohm IRA | iPlan Custodian FBO Laura Sohm IRA | 69-970 | $ 63,315.00 | $ 63,000.00 | | $ 21,924.00 | $ 10,979.25 | POC; LSA | $ 32,903.25 | $ 30,096.75 | | $ | The Receiver recommends disallowing $315 accrued interest added to principal balance of loan. Pre-rollover distributions on loan secured by 6142 MLK. | 2.61% | $ 14,264.43 |
| Madison Trust Company | Madison Trust Company Custodian FBO Robert | 69-241 | $ 225,461.00 | $ 225,461.00 | | | $ 67,406.87 | POC | $ 67,406.87 | $ 158,054.13 | | $ | | 13.72% | $ 74,910.15 |
| Mahesh Koli | Mahesh C. Koli | 69-68 | $ 25,125.00 | $ 25,000.00 | | $ 3,375.00 | $ 5,613.10 | LSA | $ 8,988.10 | $ 16,011.90 | | $ | The Receiver recommends disallowing $125 accrued interest added to principal balance of loan. Pre-rollover distributions on loan secured by 7109 S Calumet. | 1.39% | $ 7,588.88 |
| Manuel Camacho | Manuel Camacho | 69-748 | $ 33,250.00 | $ 30,000.00 | | | $ 1,547.05 | POC; LSA; DIS | $ 1,547.05 | $ 28,452.95 | | $ | The Receiver recommends disallowing $3,250 accrued interest added to principal balance of loan. | 2.47% | $ 13,485.35 |
| Michael James Guilford and Nancy Richard- | Michael James Guilford and Nancy Richard- | 69-516 | $ 50,000.00 | $ 50,000.00 | | | $ 14,458.33 | POC | $ 14,458.33 | $ 35,541.67 | | $ | | 3.08% | $ 16,845.06 |
| Pat DeSantis | Pat Desantis | 69-397 | $ 110,000.00 | $ 110,000.00 | | | $ 31,892.11 | LSA | $ 31,892.11 | $ 78,107.89 | | $ | | 6.78% | $ 37,019.43 |
| Phyllis Harte | Phyllis Harte c/o Leah | 69-2028 | $ 7,330.00 | $ 7,330.00 | | | $ 2,057.01 | LSA | $ 2,057.01 | $ 5,272.99 | | $ | | 0.46% | $ 2,499.15 |
| Robert Mennella (Madison Trust Company | Madison Trust Company Custodian FBO Robert | 69-1302 | $ 18,150.00 | $ 18,150.00 | | | $ 5,249.54 | POC; LSA | $ 5,249.54 | $ 12,900.46 | | $ | | 1.12% | $ 6,114.21 |
| Samir Totah | Samir Totah | 69-862 | $ 150,000.00 | $ 150,000.00 | | | $ 43,489.16 | POC; LSA | $ 43,489.16 | $ 106,510.84 | | $ | | 9.25% | $ 50,481.08 |
| SHANKAR THIRUPPATHI | Shankar Thiruppathi | 69-718 | $ 16,310.00 | $ 16,228.86 | | $ 4,552.85 | $ 3,521.49 | POC | $ 8,074.34 | $ 8,154.52 | | $ | The Receiver recommends disallowing $81.14 accrued interest added to principal balance of loan. Pre-rollover distributions on loan secured by 7109 S Calumet. | 0.71% | $ 3,864.86 |
| Sheryl F. Mennella (Madison Trust Company | Madison Trust Company Custodian FBO Sheryl | 69-731 | $ 18,150.00 | $ 18,150.00 | | | $ 5,249.54 | POC; LSA | $ 5,249.54 | $ 12,900.46 | | $ | | 1.12% | $ 6,114.21 |
| STEVEN R. BALD | Steve Bald | 69-399 | $ 40,000.00 | $ 40,000.00 | | | $ 11,691.46 | POC | $ 11,691.46 | $ 28,308.54 | | $ | | 2.46% | $ 13,416.90 |
| The Mennco Properties, Llc. Solo 401k Plan | Mennco Properties LLC Solo 401k | 69-905 | $ 14,200.00 | $ 14,200.00 | | | $ 4,106.17 | POC | $ 4,106.17 | $ 10,093.83 | | $ | | 0.88% | $ 4,784.00 |
| Valery Lipenko | Valmar, PLC | 69-517 | $ 25,000.00 | $ 25,000.00 | | | $ 8,801.79 | LSA | $ 8,801.79 | $ 16,198.21 | | $ | | 1.41% | $ 7,677.18 |
| Vladimir Matviishin - iPlanGroup Agent for | iPlan Group Agent for Custodian FBO Vladimir | 69-1294 | $ 150,000.00 | $ 150,000.00 | | | $ 42,124.67 | POC | $ 42,124.67 | $ 107,875.33 | | $ | | 9.36% | $ 51,127.78 |
| | | | $ 1,687,032.74 | $ 1,633,179.60 | $ 10,000.00 | | | | $ 1,152,083.65 | | $ 10,000.00 | | 100% | $ 546,032.95 |

Exhibit C

| Property # | 73 |
|---|---|
| Account # | 0884 |
| PROPERTY ADDRESS | 7255-57 S Euclid Avenue |
| Balance of Receivership Account for Property 73 (as of 5/9/2025) | $ 1,120,224.20 |
| Distribution to Citibank as Trustee | $ (495,000.00) |
| Distribution to Investor Lenders | $ (606,610.11) |
| Fees Allocated to Property in 27th Fee Application for First Quarter 2025 (Dkt. 1878) | $ (4,562.52) |
| Payment of Fees Held Back pursuant to Court Orders Fee applications 1-26 (Dkt. 1372, 1452, 1469, 1510, 1511, 1539, 1573, 1675, 1758, 1831, 1856) | $ (14,051.57) |
| Total remaining in account | $ (0.00) |

Exhibit D

Ex. D –Proposed Investor Lender Distributions
7255-57 S Euclid Avenue (Property 73)

| Claimant Name | Lender Name | Claim Number | Amount Claimed (Invested in Property) | Secured Claim Remaining | Unsecured Claim (This Investment) | Pre-Rollover or UPN Distributions | Distributions Received on Property | Source of Distribution | Distributions Received on Property | Max Potential Dist (Proceeds of Sales) | Distributions Received on Unsecured Claim | Max Potential Dist. (Unencumbered) | Receiver's Recommendation Notes | Percentage of Total Investor-Lender Max Distributions | Proposed Distribution from Sales Proceeds (Share of $606,610.11) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Alton Motes and Vicki Elaine Washburn | Alton P. Motes and Zeda L. Motes Trust | 73-2042 | $ 60,000.00 | $ 47,500.00 | | | $ 17,156.67 | LSA | $ 17,156.67 | $ 30,343.33 | $ | | The Receiver recommends disallowing $12,500 partial return of principal | 3.41% | $ 20,683.94 |
| Asians Investing in Real Estate LLC | Asians Investing in Real Estate LLC | 73-503 | $ 60,000.00 | $ 60,000.00 | | | $ 18,756.07 | POC; LSA; DIS | $ 18,756.07 | $ 41,243.93 | $ | | | 4.63% | $ 28,114.48 |
| Bolanle Addo | Madison Trust Company Custodian FBO Bolanle | 73-181 | $ 50,000.00 | $ 50,000.00 | | | $ 14,047.15 | LSA; DIS | $ 14,047.15 | $ 35,952.85 | $ | | | 4.04% | $ 24,507.75 |
| City of Chicago | City of Chicago | 73-693 | $ 1,647.65 | $ | $ 1,647.65 | | $ | | $ | $ | $ | 1,647.65 | | 0.00% | $ - |
| Conrad Hanns | Conrad Hanns | 73-504 | $ 50,000.00 | $ 50,000.00 | | | $ 13,047.15 | LSA | $ 13,047.15 | $ 36,952.85 | $ | | | 4.15% | $ 25,189.41 |
| Eco2 Capital Inc. | Eco2 Capital Inc. | 73-1332 | $ 50,000.00 | $ 50,000.00 | | | $ 14,630.46 | LSA | $ 14,630.46 | $ 35,369.54 | $ | | | 3.97% | $ 24,110.12 |
| Frances D Cook Millennium Trust | Inspira Financial Custodian FBO Frances | 73-539 | $ 6,000.00 | $ 6,000.00 | | | $ 1,685.67 | POC; LSA | $ 1,685.67 | $ 4,314.33 | $ | | | 0.48% | $ 2,940.92 |
| Frank and Laura Sohm | Frank and Laura Sohm | 73-906 | $ 35,300.00 | $ 35,300.00 | | | $ 10,328.26 | POC; LSA | $ 10,328.26 | $ 24,971.74 | $ | | | 2.81% | $ 17,022.32 |
| Fredric R. Gottlieb | Fredric R. Gottlieb, Revocable Trust, DTD | 73-1212 | $ 60,000.00 | $ 60,000.00 | | | $ 17,569.17 | POC; DIS | $ 17,569.17 | $ 42,430.83 | $ | | | 4.77% | $ 28,923.55 |
| John Witzigreuter | John Witzigreuter | 73-729 | $ 50,000.00 | $ | $ 50,000.00 | | $ 8,213.85 | LSA | $ 8,213.85 | $ | $ | 41,786.15 | Claimant agreed to rollover this loan to SSDF1 in June 2017 (Claim 901-729) | 0.00% | $ - |
| Johnny Colson | Johnny Colson | 73-108 | $ 50,000.00 | $ 50,000.00 | | | $ 14,047.15 | POC; DIS | $ 14,047.15 | $ 35,952.85 | $ | | | 4.04% | $ 24,507.75 |
| Joseph P. McCarthy | Joseph P. McCarthy | 73-1367 | $ 40,000.00 | $ | $ 40,000.00 | | $ 8,428.95 | LSA | $ 8,428.95 | $ | $ | 31,571.05 | Claimant agreed to rollover this loan to SSDF4 in November 2017 (Claim 904-1367) | 0.00% | $ - |
| Katie Whitlock | Katie Whitlock | 73-942 | $ 50,000.00 | $ 50,000.00 | | | $ 14,630.48 | LSA | $ 14,630.48 | $ 35,369.52 | $ | | | 3.97% | $ 24,110.11 |
| Kelly E. Welton | iPlanGroup Agent for Custodian FBO Kelly | 73-310-1 | $ 1,400.00 | $ 1,400.00 | | | $ 306.85 | LSA | $ 306.85 | $ 1,093.15 | $ | | | 0.12% | $ 745.16 |
| Kelly E. Welton | iPlanGroup Agent for Custodian FBO Kelly | 73-310-2 | $ 5,000.00 | $ 5,000.00 | | | $ 1,098.47 | LSA | $ 1,098.47 | $ 3,901.53 | $ | | | 0.44% | $ 2,659.53 |
| Kelly E. Welton | Equity Trust Company Custodian FBO Kelly Lewis IRA #200271700 | 73-310-3 | $ 2,000.00 | $ 2,000.00 | | | $ 493.45 | LSA | $ 493.45 | $ 1,506.55 | $ | | | 0.17% | $ 1,026.96 |
| Kenneth L. Jorgensen | iPlan Group Agent for Custodian FBO Ken Jorgenson IRA | 73-194 | $ 51,544.00 | $ 51,544.00 | $ 8,456.00 | $ 10,185.09 | $ 14,421.06 | POC; DIS | $ 24,606.15 | $ 26,937.85 | $ | 8,456.00 | Amount in pre-rollover distributions field is return on unsecured promissory note | 3.03% | $ 18,362.55 |
| Kevin Scheel as Agent/Owner of US Freedom Investments, LLC | US Freedom Investments, LLC | 73-1234 | $ 25,000.00 | $ | $ 25,000.00 | | $ 4,106.99 | DIS | $ 4,106.99 | $ | $ | 20,893.01 | Claimant agreed to rollover this loan to SSDF1 in August 2017 (Claim 901-1234) | 0.00% | $ - |
| Madison Trust Company Custodian FBO James R Robinson Traditional IRA Acct# 1705044 | Madison Trust Company Custodian FBO James R Robinson Traditional IRA Acct# 1705044 | 73-1406 | $ 60,000.00 | $ 60,000.00 | | | $ 18,700.00 | POC | $ 18,700.00 | $ 41,300.00 | $ | | | 4.64% | $ 28,152.70 |
| Mark Young | Mark Young | 73-1154 | $ 40,000.00 | $ 40,000.00 | | | $ 11,500.00 | DIS | $ 11,500.00 | $ 28,500.00 | $ | | | 3.20% | $ 19,427.41 |
| Michael Borgia IRA | iPlanGroup Agent for Custodian FBO Michael Borgia IRA | 73-705 | $ 125,000.00 | $ 125,000.00 | | | $ 36,283.00 | POC; LSA | $ 36,283.00 | $ 88,717.00 | $ | | | 9.97% | $ 60,475.14 |
| Michael C. Jacobs | Michael C. Jacobs | 73-2031 | $ 25,000.00 | $ 25,000.00 | | | $ 2,666.64 | POC; LSA | $ 2,666.64 | $ 22,333.36 | $ | | | 2.51% | $ 15,223.84 |
| Paul N. Wilmesmeier | Paul N. Wilmesmeier | 73-300 | $ 25,000.00 | $ 25,000.00 | | | $ 7,315.36 | POC; LSA | $ 7,315.36 | $ 17,684.64 | $ | | | 1.99% | $ 12,054.97 |
| Rita Deierlein | The Entrust Group, Inc. FBO Rita Deierlein Roth IRA 01-38102 | 73-260 | $ 32,000.00 | $ 32,000.00 | | | $ 8,990.15 | LSA | $ 8,990.15 | $ 23,009.85 | $ | | | 2.59% | $ 15,684.97 |
| Robert Houston | iPlanGroup Agent for Custodian FBO Robert Houston IRA | 73-213 | $ 50,000.00 | $ 50,000.00 | | | $ 13,297.15 | POC; LSA | $ 13,297.15 | $ 36,702.85 | $ | | | 4.12% | $ 25,018.99 |
| Robert R. Cook Principle Assets LLC | Principle Assets LLC | 73-659 | $ 7,056.00 | $ 7,056.00 | | | $ 2,064.54 | LSA | $ 2,064.54 | $ 4,991.46 | $ | | | 0.56% | $ 3,402.50 |
| Sidney Glenn Willeford II | Sidney Glenn Willeford II | 73-1083 | $ 75,000.00 | $ 75,000.00 | | | $ 21,445.83 | LSA | $ 21,445.83 | $ 53,554.17 | $ | | | 6.02% | $ 36,505.92 |
| Sounjay K. Gairola Revocable Trust (Sounjay K. Gairola Trustee) | Sounjay K. Gairola Revocable Trust (Sounjay K. Gairola Trustee) | 73-1439 | $ 60,000.00 | $ 60,000.00 | | | $ 1,669.79 | POC | $ 1,669.79 | $ 58,330.21 | $ | | | 6.55% | $ 39,761.57 |
| Teresita M. Shelton | iPlanGroup Agent for Custodian FBO Terri Shelton IRA #3301003 | 73-330 | $ 27,724.00 | $ 27,724.00 | | $ 3,672.15 | $ 3,040.43 | LSA | $ 6,712.58 | $ 21,011.42 | $ | | Pro-rata share of pre-rollover distributions on loan secured by 4611 S Drexel | 2.36% | $ 14,322.72 |
| Terry M McDonald and Rhonda R McDonald | Terry M McDonald and Rhonda R McDonald | 73-124 | $ 50,000.00 | $ 50,000.00 | | | $ 14,297.15 | LSA | $ 14,297.15 | $ 35,702.85 | $ | | Transaction to roll loan to SSDF6 equity fund was subsequently voided | 4.01% | $ 24,337.33 |
| Tolu Makinde | Tolu Makinde | 73-370 | $ 25,000.00 | $ 25,000.00 | | | $ 6,732.00 | POC | $ 6,732.00 | $ 18,268.00 | $ | | | 2.05% | $ 12,452.63 |
| Vladimir Matviishin | Vladimir Matviishin | 73-233 | $ 50,000.00 | $ 50,000.00 | | | $ 11,344.39 | LSA | $ 11,344.39 | $ 38,655.61 | $ | | | 4.34% | $ 26,350.12 |

Ex. D –Proposed Investor Lender Distributions
7255-57 S Euclid Avenue (Property 73)

| Claimant Name | Lender Name | Claim Number | Amount Claimed (Invested in Property) | Secured Claim Remaining | Unsecured Claim (This Investment) | Pre-Rollover or UPN Distributions | Distributions Received on Property | Source of Distribution | Distributions Received on Property | Max Potential Dist (Proceeds of Sales) | Distributions Received on Unsecured Claim | Max Potential Dist. (Unencumbered) | Receiver's Recommendation Notes | Percentage of Total Investor-Lender Max Distributions | Proposed Distribution from Sales Proceeds (Share of $606,610.11 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Vladimir Matviishin, dba Network Expert | Vladimir Matviishin | 73-1387 | $ 50,000.00 | $ - | | | | LSA | $ - | $ - | | $ - | This is a duplicate of Claim No. 73-233 | 0.00% | $ - |
| Wesley Pittman | Pittman Gold, LLC | 73-469 | $ 14,700.00 | $ 14,700.00 | | | $ 4,301.38 | LSA | $ 4,301.38 | $ 10,398.62 | | $ - | | 1.17% | $ 7,088.36 |
| William H. Akins, Jr. | Bill Akins | 73-2003 | $ 50,000.00 | $ 50,000.00 | | | $ 15,604.17 | LSA | $ 15,604.17 | $ 34,395.83 | | $ - | | 3.87% | $ 23,446.38 |
| | | | $ 1,414,371.65 | $ 1,235,224.00 | $ 125,103.65 | | | | | $ 889,896.72 | | $ 104,353.86 | | 100.00% | $ 606,610.11 |