UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Case No. 1:18-cv-5587 |
| v. | Hon. Manish S. Shah |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | Magistrate Judge Young B. Kim |
| Defendants. | |

**MOTION TO APPROVE DISTRIBUTION OF PROCEEDS FROM THE SALE OF 4533-47 S CALUMET AVENUE (PROPERTY 2)**

Kevin B. Duff, as receiver ("Receiver") for the Estate of Defendants EquityBuild, Inc. ("EquityBuild"), EquityBuild Finance, LLC ("EquityBuild Finance"), their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen (collectively, the "Receivership Defendants"), hereby moves for approval of a plan for the distribution of proceeds from the sale of 4533-47 S Calumet Avenue (the "Subject Property" or "4533 Calumet" or "Property 2").

In support of his motion, the Receiver states as follows:

**A.   Procedural Background**

1. In 2019, the Receiver initiated a claims process whereby, *inter alia*, he: (a) researched mortgagees of record and EquityBuild records to identify potential claimants; (b) served all known potential claimants by email and/or regular mail with notice of the bar date, procedures for submitting proofs of claim, and a link to a third-party portal to submit claims; (c) sent multiple follow-up emails reminding potential claimants of the bar date (and the extended bar date); and (d) established a webpage (http://rdaplaw.net/receivership-for-equitybuild) for claimants and other interested parties which prominently displayed the claims bar date and

provided copies of the claims notice, instructions, proof of claim forms, a link to the claims portal, and copies of certain court filings related to the claims process. All claimants were notified that the failure to submit a claim verification form by the bar date would be a basis for denial of that claim. (*See, e.g.,* Dkt. 241, 302, 349, 468, 548, 638, 693, 720) The Court's orders with respect to the claims process were also served upon claimants and potential claimants and posted on the Receiver's website. (*See, e.g.,* Dkt. 349, 574, 940, 941)

2. In February 2021, following briefing and hearings, the Court entered two orders establishing a process for the resolution of disputed claims. (Dkt. 940, 941)

3. With the Court's approval, on December 1, 2020, the Receiver sold the property located at 4533 Calumet (Dkt. 842). Prior to the sale, the Court found that the Receiver gave fair, adequate, and sufficient notice to all interested parties, including all mortgagees affected by the Receiver's Tenth Motion to Confirm the Sale of this property. (*Id.* at 2) The sale was free and clear of all mortgages and encumbrances, and the net proceeds of sale for the Subject Property were deposited into separate interest-bearing accounts held by the Receiver pursuant to court order. (*Id.* at 3-5) All mortgages, liens, claims, and encumbrances attached to the sale proceeds with the same force, validity, status, and effect, if any, as they had against the property being sold. (*Id.* at 10) Additional deposits and withdrawals have been made to and from this property account, as reported in the Receiver's quarterly status reports. (Dkt. 930, 985, 1017, 1077, 1164, 1243, 1280, 1328, 1379, 1448, 1516, 1535, 1589, 1652, 1722, 1771, 1837, 1876)

4. Beginning in February 2021, the Receiver filed a series of motions to approve the payment of certain previously approved fees and costs pursuant to the Receiver's lien on the properties of the Receivership Estate that had been granted by the Court. (Dkt. 947, 981, 1107, 1321) Following proceedings on the Receiver's specific fee allocations before Magistrate Judge

Kim, the Court granted the Receiver's fee allocation motions over the objections of the Bank, except that the Court ordered a 20% holdback in the payment of allocated fees. (Dkt. 1469, 1511)

5. Subsequent orders approving the Receiver's quarterly fee applications also approved payment pursuant to the Receiver's lien of fees (subject to a 20% holdback) and costs over the objections of BMO and other Institutional Lenders. (Dkt. 1372, 1452, 1510, 1539, 1573, 1618, 1675, 1758, 1831, 1856) Claimants and potential claimants have received notice of these motions relating to the Receiver's lien and the Receiver's fee applications, and the foregoing motions, fee applications, and the Court's orders have been posted to the Receiver's website.

6. As of May 9, 2025, the property account established for 4533 Calumet held $2,366,388.64. Additionally, $8,193.74 in fees were allocated to the Subject Property in the Receiver's pending 27th Fee Application for the First Quarter of 2025 (Dkt. 1878), and a total $18,761.56 fees allocated to the Subject Property were held back pursuant to orders granting the Receiver's Fee Applications 1-26, leaving a net balance available for distribution of $2,339,433.34.

**B.  The Receiver Recommended that the Investor Lender Claimants Asserting an Interest in the Subject Property Be Found to Hold a First Position Lien on the Subject Property.**

7. On October 28, 2024, the Receiver filed his Submission on Group 7 Claims, which included recommendations as to the claims asserting an interest in the Subject Property. (Dkt. 1772) As explained in that submission, with regard to the priority dispute with respect to the Subject Property, the Receiver recommended, *inter alia*, that the Court find that the investor lenders be found to have priority over BMO. (*Id.* at 3-4 and Exs. 1, 7)

8. The Receiver's submission also disclosed his position that the security interest given by EquityBuild to BMO Bank NA ("BMO") in the Subject Property constituted a voidable fraudulent transfer under the Illinois Uniform Fraudulent Transfer Act, 740 ILCS 160 (hereinafter the Receiver's "Avoidance Claim"). On November 12, 2024, BMO filed a Motion for Leave to

3

Take Discovery on the Receiver's Avoidance Claim. (Dkt. 1785) The Court took BMO's motion under advisement until after resolution of the priority dispute. (Dkt. 1787)

9. On November 25 and December 16, 2024, BMO filed position statements asserting that it holds first position security interests in the Subject Property, that it is entitled to priority over other claimants, that no payments received should be "netted" against BMO's claims, and that it should be paid both contract and default interest and other amounts specified in its mortgage, including penalties and fees. (Dkt. 1794, 1809)

10. Also, on November 25 and December 16, 2024, the SEC and certain of the investor lenders filed position statements requesting that the Court find that the investor lenders' liens have priority and are entitled to a distribution of the proceeds of the sale of the Subject Property. (Dkt. 1795, 1796, 1806, 1810) None of the investor lenders who asserted an interest in the Subject Property submitted an objection to the Receiver's recommendations as to the proposed distribution methodology or the amount of the recommended distributions.

11. The Court has not yet ruled on the Group 7 priority dispute.

**C. The Receiver and BMO Have Reached an Agreement as to Distributions from the Property Account, Subject to Court Approval.**

12. Settlement discussions between the Receiver and BMO have taken place, and these parties participated in a settlement conference with Magistrate Judge Kim on May 22, 2025. Following the settlement conference on that date, the parties continued discussions both with the assistance of Judge Kim and directly between themselves. Pursuant to these discussions, and with the guidance of the Magistrate Judge, the Receiver and BMO reached a negotiated agreement as to the amount of the distribution to be made to BMO from the funds held in the account for the Subject Property to recommend to this Court. This agreement is contingent on the Court (i)

granting the instant motion, and (ii) approving the proposed distribution plans attached as Exhibits A and B.

13. The proposed distribution plan provides for:

(a) payment of $1,114,513.41 from the net sales proceeds of 4533 Calumet to the investor lenders in the aggregate, which is 100% of the maximum recommended distributions to those investor lenders with a remaining secured interest in the Subject Property, as set forth in Exhibit B;

(b) payment of $651,112.19 to BMO from the sale proceeds for the Subject Property in full settlement of its claim with respect to 4533 Calumet;

(c) payment to the Receiver's law firm of $8,193.74 in fees allocated to 4533 Calumet in the Receiver's pending 27th Fee Application for the First Quarter of 2025 (Dkt. 1878);

(d) payment to the Receiver's law firm of $18,761.56 for contested and uncontested fees allocated to 4533 Calumet in Fee Applications 1-26 but heretofore held back from payment pursuant to the Court's orders; and

(e) transfer of the balance of all remaining funds from the account for the Subject Property, including any and all residual interest earned, to the Receiver's account for use in the administration of the Receivership Estate and/or as otherwise ordered by the Court.

14. Contingent on the Court granting this Motion, BMO and the Receiver further agree as follows:

(a) Without either party admitting liability, this agreement resolves all disputes of any kind or nature between and among the Receiver and BMO with respect to the Subject

Property—including but not limited to: the sale of the property; the claims process for the properties; the Receiver's fee applications, lien, and allocation of fees to the property; priority determinations; any other claims or causes of action of any nature that were disclosed or could have been disclosed by the Receiver or BMO; and all objections thereto or of any other kind or nature;

(b) Neither BMO nor the Receiver will appeal from or collaterally attack any rulings associated with the Subject Property; and

(c) Any and all other claims, objections, or rights that might exist between or among the Receiver and BMO regarding the Subject Property are hereby released, compromised, and waived such that BMO will receive nothing further from the Receivership Estate.

15. The foregoing agreement is a compromise of disputes and disagreements. The agreement does not constitute an admission of the validity of any claim, defense, argument, or position made or taken by any party. BMO and the Receiver's agreement with respect to the Subject Property does not establish a precedent as to any other property. Upon entry of an order granting this Motion and distributions consistent with such an order, all objections as to the Receiver's lien on or fees allocated to the Subject Property will be compromised and waived. The Receiver's and BMO's agreement to not seek appeal from any rulings associated with the Subject Property will be a further saving of time and resources for many involved in the Receivership. Effectively, as a result of the agreement and distribution, the claims and issues between BMO and the Receivership Estate with respect to the Subject Property and all other matters will have concluded.

### D. The Court Has the Authority to Make the Distributions Recommended by this Motion.

16. It is well-settled that the district courts have broad equitable powers and are afforded wide discretion in approving a distribution plan of receivership funds. *See, e.g., SEC v. Forex Asset Mgmt. LLC*, 242 F.3d 325, 331 (5th Cir. 2001); *SEC v. Enterprise Trust Co.*, 559 F.3d 649, 652 (7th Cir. 2009) ("District judges possess discretion to classify claims sensibly in receivership proceedings."); *SEC v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992).

17. Because the Receiver is a fiduciary and officer of this Court, the Court may give some weight to the "… Receiver's judgment of the most fair and equitable method of distribution." *CFTC v. Eustace*, No. 05-2973, 2008 WL 471574, at *5 (E.D. Pa. Feb. 19, 2008) (approving receiver's pro-rata distribution plan and recognizing that the receiver does not represent a particular group of investors or claimants but rather proposes a plan that is fair to all investors).

18. Based on the facts and circumstances presented with respect to the Subject Property and the agreements described herein, the Receiver believes that the distribution plan with respect to the Subject Property as described in this motion is fair and equitable. The recommended distribution amounts represent a substantial payment of the principal amount of the loans to the investor lender claimants for the Subject Property. The Receiver has further determined that there are no other issues that he is aware of that would necessitate any further holdback from the amounts set forth above.

19. There are also additional savings of time and resources achieved based on the agreements reached between and among the Receiver and BMO. As a result of the agreements set forth in this motion, there will be no objections that remain associated with the sale of the Subject Property or the Receiver's lien or fees allocated to the Subject Property, and BMO's agreement to

not seek appeal from any such rulings will further save time and resources for many involved in the Receivership.

E. **The Receiver Requests: (1) Authorization to Pay Fees Incurred in the First Quarter 2025 and Fees Previously Held Back from the Property Account for the Subject Property, and (2) Authorization to Pay Fees Incurred During the Current Quarter or Thereafter from the Receiver's Account.**

20. The Receiver requests that the Court authorize the payment from the account held for the Subject Property fees allocated to the Subject Property in the Receiver's 27th Fee Application for the First Quarter of 2025 (Dkt. 1878) without any holdback of fees.

21. The Receiver further requests that the Court authorize the payment from the property account of fees allocated to the Subject Property that have heretofore been held back from payment pursuant to the Court's orders with respect to the Receiver's fee application 1-26. (Dkt. 1372, 1452, 1469, 1510, 1511, 1539, 1573, 1618, 1675, 1758, 1831, 1856)

22. The Receiver requests that the Court authorize the payment of fees allocated to the Subject Property during the current quarter and any subsequent quarters from the Receiver's account. Throughout the negotiations with BMO, the Receiver endeavored to secure the largest amount of funds possible to be transferred to the Receiver's account for unsecured claims and administration of the Estate. If the Court grants this Motion and the property account is distributed in accordance with the distribution schedules described herein, then approximately $573,800 will be transferred to the Receiver's account for the benefit of the unsecured creditors of the Estate. Accordingly, the Receiver requests authorization to pay the fees allocated to the Subject Property during this period from the Receiver's account.

F. **The Receiver Has Provided Reasonable and Fair Notice of this Motion.**

23. Notice of this motion is being given to each of the claimants asserting a claim against the Subject Property, as well as to each of the other claimants who have submitted claims

in this matter. In addition, this motion will be made publicly available to all interested and potentially interested parties by posting a copy of it to the Receivership web site.

## **Prayer for Relief**

WHEREFORE, the Receiver seeks the following relief:

a) a finding that adequate and fair notice has been provided to all interested and potentially interested parties of the claims process, the Receiver's recommendations with respect to the Subject Property, the Receiver's attorneys' fees and proposed fee allocations, and the current Motion;

b) an order finding that the agreement between the Receiver and BMO is fair, reasonable, and in the best interests of the Receivership Estate;

c) an order providing a full and fair opportunity for each interested party to assert its interests and any objections to the relief requested or the distribution plans attached as Exhibits A and B to this motion;

d) an order finding either that no objections were filed or a finding that the foregoing agreement is approved over any such objections;

e) a finding that the distribution schedules described herein and submitted herewith are fair and reasonable;

f) approval of the payment from the account held for the Subject Property of the Receiver's and attorneys' fees the Receiver has allocated to the Subject Property in the First Quarter of 2025 (Dkt. 1878), without holdback;

g) approval of payment from the account held for the Subject Property of the Receiver's and attorneys' fees the Receiver allocated to the Subject Property

                in the Receiver's Fee Applications 1-26 that have been heretofore held back from payment pursuant to the Court's Orders;

h)    approval of payment from the Receiver's account of the Receiver's and attorneys' fees allocated to the Subject Property in the current quarter and any subsequent quarters;

i)    approval of the distribution of funds as set forth in Exhibits A and B to this motion, with distributions to be made as soon as such distributions can be reasonably achieved;

j)    approval to transfer to the Receiver's account the net of the remaining balances in the account held for the Subject Property after the distributions that the Court orders pursuant to this motion have been made, including any interest hereafter accruing, for use in the administration of the Receivership Estate and/or as otherwise ordered by the Court;

k)    entry of an order denying as moot BMO's pending Motion for Leave to Take Discovery (Dkt. 1785); and

l)    such other relief as the Court deems fair and equitable.

Dated:  June 26, 2025                            Respectfully submitted,

                                                          /s/ Michael Rachlis

                                                          Michael Rachlis
                                                          Jodi Rosen Wine
                                                          Rachlis Duff & Peel, LLC
                                                          542 South Dearborn Street, Suite 900
                                                          Chicago, IL 60605
                                                          Phone (312) 733-3950
                                                          mrachlis@rdaplaw.net
                                                          jwine@rdaplaw.net

# Exhibit A

| Property # | 2 |
|---|---|
| Account # | 0603 |
| **PROPERTY ADDRESS** | **4533-47 S Calumet Avenue** |
| Balance of Receivership Account for Property 2 (as of 5/9/2025) | $ 2,366,388.64 |
| Distribution to BMO Bank NA | $ (651,112.19) |
| Distribution to Investor Lenders | $ (1,114,513.41) |
| Fees Allocated to Property in 27th Fee Application for First Quarter 2025 (Dkt. 1878) | $ (8,193.74) |
| Payment of Fees Held Back pursuant to Court Orders Fee applications 1-26 (Dkt. 1372, 1452, 1469, 1510, 1511, 1539, 1573, 1675, 1758, 1831, 1856) | $ (18,761.56) |
| **Total remaining in account** | **$ 573,807.74** |

# Exhibit B

Ex. B - Proposed Investor Lender Distributions
4533-47 S Calumet Avenue (Property 2)

| Claimant Name | Lender Name | Claim Number | Claimant Submissions | Amount Claimed (Invested in Property) | Secured Claim Remaining | Unsecured Claim (This Investment) | Pre-Rollover or UPN Distributions | Distributions Received on Property | Source of Distribution | Distributions Received on Property | Max Potential Dist (Proceeds of Sales) | Distributions Received on Unsecured Claim | Max Potential Dist. (Unencumbered) | Receiver's Recommendation Notes | Proposed Distribution from Sales Proceeds |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Amit Hammer | Amit Hammer | 2-225 | POC | $ 100,000.00 | $ 100,000.00 | | | $ 10,500.00 | LSA | $ 10,500.00 | $ 89,500.00 | $ - | | | $ 89,500.00 |
| Annie Chang | Annie Chang | 2-475 | POC; DIS | $ 50,000.00 | $ - | | | $ 9,853.17 | POC; LSA | $ 9,853.17 | $ - | $ - | | Claimant agreed to rollover this loan to 6437 S Kenwood, 5450 S Indiana, 7051 S Bennett, and 6355 S Talman in October 2017 | $ - |
| Baron Real Estate Holdings, LLC., Ihab Shahawi and Vivian El Shahawi | Baron Real Estate Holdings, LLC | 2-1347 | POC | $ 300,000.00 | $ - | | | $ 71,933.34 | | $ 71,933.34 | $ - | $ - | | Claimant agreed to rollover to CCF1 in October 2017 (Claim 10-1347) | $ - |
| Bauer Latoza Studio, Ltd. | Bauer Latoza Studio, Ltd. | 2-885 | POC | $ 3,075.00 | $ - | $ 3,075.00 | | $ - | | $ - | $ - | $ 3,075.00 | | Unsecured trade creditor | $ - |
| Bernadette Chen Eleven St. Felix Street Realty Corp. | Eleven St. Felix Street Realty Corp | 2-2012 | POC | $ 50,000.00 | $ - | | | $ 10,770.84 | LSA | $ 10,770.84 | $ - | $ - | | Claimant agreed to rollover this loan to CCF1 in June 2016 (Claim 10-2012) | $ - |
| Bluebridge Partners Limited | The BE Company Ltd. f/k/a Bluebridge Partners Ltd | 2-727 | POC | $ 100,000.00 | $ 100,000.00 | | | $ 30,552.85 | LSA | $ 30,552.85 | $ 69,447.15 | $ - | | | $ 69,447.15 |
| Brett Burnham | iPlan Group Agent for Custodian FBO Brett Burnham Acct No. 3300503 | 2-314 | POC | $ 80,000.00 | $ - | $ 80,000.00 | | $ 16,395.50 | LSA | $ 16,395.50 | $ - | | 63,604.50 | Claimant agreed to rollover this loan to SSDF4 in June 2018 (Claim 904-314) | $ - |
| Cecilia Wolff | Cecilia Wolff | 2-1204 | POC | $ 20,000.00 | $ - | | | $ 3,329.97 | LSA | $ 3,329.97 | $ - | $ - | | Claimant agreed to rollover this loan to 7546 S Saginaw in September 2017 (Claim 88-1204) | $ - |
| Charles Savona | Charles Savona | 2-2050 | POC | $ 50,000.00 | $ 50,000.00 | | | $ 12,854.17 | POC | $ 12,854.17 | $ 37,145.83 | $ - | | | $ 37,145.83 |
| Chuck Denton | Denton Real Estate Company Inc. 401k | Denton Real Estate Company Inc. 401k | 2-379 | POC | $ 100,000.00 | $ 100,000.00 | | | $ 29,136.18 | POC; LSA | $ 29,136.18 | $ 70,863.82 | $ - | | | $ 70,863.82 |
| CLD Construction, Inc. (Doru Unchias) | CLD Construction, Inc. (Doru Unchias) | 2-1454 | POC | $ 26,335.00 | $ - | $ 26,335.00 | | | | $ - | $ - | | 26,335.00 | Unsecured trade creditor | $ - |
| David R Trengove | iPlanGroup Agent for Custodial FBO David Trengove IRA Account #3300951 | 2-481 | POC; DIS | $ 200,000.00 | $ 200,000.00 | | | $ 58,272.16 | POC; LSA; DIS | $ 58,272.16 | $ 141,727.84 | $ - | | | $ 141,727.84 |
| Dee Ann Nason | Dee Ann Nason | 2-453 | POC; DIS | $ 50,000.00 | $ - | | | $ 10,770.84 | LSA | $ 10,770.84 | $ - | $ - | | Claimant agreed to rollover this loan to CCF1 in April 2018 (Claim 10-453) | $ - |
| Dennis & Mary Ann Hennefer | Dennis & Mary Ann Hennefer | 2-355 | POC | $ 52,956.00 | $ - | | $ 4,946.39 | $ 5,356.67 | POC; LSA | $ 10,303.06 | $ - | $ - | | Claimant agreed to rollover this loan to 7026 Cornell in August 2017 (Claim 60-355). Pre-rollover distributions on loan secured by 7024 S Paxton. | $ - |
| Double Portion Foundation | Double Portion Foundation | 2-433 | POC; DIS | $ 40,000.00 | $ - | | | $ 9,765.61 | | $ 9,765.61 | $ - | $ - | | Claimant agreed to rollover this loan to CCF1 in October 2017 (Claim 10-433) | $ - |
| Douglas Nebel and Narine Nebel | Douglas & Narine Nebel | 2-1080 | POC; DIS | $ 50,000.00 | $ - | $ 50,000.00 | | $ 7,854.00 | POC | $ 7,854.00 | $ - | | 42,146.00 | Claimant agreed to rollover this loan to SSDF4 in September 2017 (Claim 904-1080) | $ - |
| Duty, Darrell and Frances | iPlanGroup Agent for Custodian FBO Darrell Duty IRA | 2-2018 | POC | $ 6,500.00 | $ 6,500.00 | | | $ 1,671.04 | LSA | $ 1,671.04 | $ 4,828.96 | $ - | | | $ 4,828.96 |
| Gallowglass LLC c/o Patrick Bournes | Gallowglass, LLC | 2-316 | POC | $ 29,627.00 | $ - | $ 29,627.00 | $ 2,648.99 | $ 4,891.36 | LSA | $ 7,540.35 | $ - | | 22,086.65 | Loan rolled to CCF1 but no claim submitted against those properties. Distributions on property include distributions on CCF1 loan. Pro-rata share of pre-rollover distributions on loan secured by 7024 S Paxton. | $ - |
| Harvey Singer | Harvey Singer | 2-2054 | POC | $ 100,000.00 | $ 100,000.00 | | | $ 30,552.85 | LSA | $ 30,552.85 | $ 69,447.15 | $ - | | | $ 69,447.15 |
| iPlanGroup Agency for Custodian FBO Charles Powell IRA | iPlanGroup Agent for Custodian FBO Charles Powell IRA | 2-413 | POC | $ 12,440.00 | $ 12,440.00 | | | $ 1,042.22 | LSA | $ 1,042.22 | $ 11,397.78 | $ - | | | $ 11,397.78 |
| iPlanGroup Agent for Custodian FBO Christopher Mora IRA Account 3320826 | iPlanGroup Agent for Custodian FBO Christopher Mora IRA | 2-1137 | POC; DIS | $ 67,000.00 | $ - | | | $ 20,695.85 | POC; LSA | $ 20,695.85 | $ - | $ - | | Receiver recommends that former EquityBuild Employee who actively participated in marketing the fraudulent scheme be disqualified from receiving a distribution. | $ - |
| iPlanGroup Agent for Custodian FBO Joshua Mora IRA Account #3300975 | iPlanGroup Agent for Custodian FBO Joshua Mora IRA Account #3300975 | 2-1176 | POC; DIS | $ 57,000.00 | $ 57,000.00 | | | $ 15,366.25 | POC; LSA | $ 15,366.25 | $ 41,633.75 | $ - | | | $ 41,633.75 |
| iPlanGroup Agent for Custodian FBO Laura Dirnberger Roth IRA | iPlanGroup Agent for Custodian FBO Laura Dirnberger Roth IRA | 2-448 | POC | $ 971.00 | $ 971.00 | | | $ 106.50 | LSA | $ 106.50 | $ 864.50 | $ - | | | $ 864.50 |

Ex. B - Proposed Investor Lender Distributions
4533-47 S Calumet Avenue (Property 2)

| Claimant Name | Lender Name | Claim Number | Claimant Submissions | Amount Claimed (Invested in Property) | Secured Claim Remaining | Unsecured Claim (This Investment) | Pre-Rollover or UPN Distributions | Distributions Received on Property | Source of Distribution | Distributions Received on Property | Max Potential Dist (Proceeds of Sales) | Distributions Received on Unsecured Claim | Max Potential Dist. (Unencumbered) | Receiver's Recommendation Notes | Proposed Distribution from Sales Proceeds |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| IPlanGroup Agent for Custodian FBO Mark Young | iPlan Group Agent for Custodian FBO Mark Young IRA | 2-1446 | POC; DIS | $ 50,000.00 | $ 50,000.00 | | | $ 13,750.00 | DIS | $ 13,750.00 | $ 36,250.00 | | $ - | | $ 36,250.00 |
| Joshua Paul Mora | iPlan Group Agent for Custodian FBO Joshua Mora IRA | 2-1113 | POC | | $ - | | | $ - | | $ - | $ - | | $ - | This is a duplicate of Claim No. 2-1176 | $ - |
| Koates LLC | Koates LLC | 2-228 | POC | $ 12,000.00 | $ 12,000.00 | | | | | $ - | $ 12,000.00 | | $ - | | $ 12,000.00 |
| Layne A. Hermansen | Layne A. Hermansen | 2-1072 | POC; DIS | $ 51,000.00 | $ 51,000.00 | | | $ 13,748.75 | POC; LSA | $ 13,748.75 | $ 37,251.25 | | $ - | | $ 37,251.25 |
| lorraine k mcclane | Lorraine K. McClane | 2-1190 | POC | $ 50,000.00 | $ 50,000.00 | | | $ 13,604.00 | LSA | $ 13,604.00 | $ 36,396.00 | | $ - | | $ 36,396.00 |
| Louis Liu | Louis Liu | 2-929 | POC | $ 50,000.00 | $ 50,000.00 | | | $ 14,558.99 | POC | $ 14,558.99 | $ 35,441.01 | | $ - | | $ 35,441.01 |
| Michael C. Jacobs | Michael C. Jacobs | 2-2031 | POC | $ 50,000.00 | $ 50,000.00 | | | $ 5,333.36 | POC; LSA | $ 5,333.36 | $ 44,666.64 | | $ - | | $ 44,666.64 |
| Neil R Martin | Neil R Martin | 2-1253 | POC | $ 20,000.00 | $ 20,000.00 | | | $ 137.00 | POC | $ 137.00 | $ 19,863.00 | | $ - | | $ 19,863.00 |
| New Move Ventures Inc. (Steven Fecko) | New Move Ventures Inc. | 2-115 | POC | $ 70,000.00 | $ - | $ 70,000.00 | $ 4,495.54 | $ 18,695.89 | | $ 23,191.43 | $ - | | $ 46,808.57 | Loan rolled to CCF1 but no claim submitted against those properties. Distributions on property include distributions on 4533 S Calumet. Pre-rollover distributions are post-rollover on loan secured by CCF1. | $ - |
| Optima Property Solutions, LLC | Optima Property Solutions LLC | 2-1023 | POC | $ 70,000.00 | $ - | $ 70,000.00 | | $ 11,139.00 | LSA | $ 11,139.00 | $ - | | $ 58,861.00 | Claimant agreed to rollover this loan to SSDF1 in June 2017 (Claim 901-1023) | $ - |
| Paul N. Wilmesmeier | Paul N. Wilmesmeier | 2-300 | POC; DIS | $ 25,000.00 | $ - | | | $ 5,510.41 | POC | $ 5,510.41 | $ - | | $ - | Claimant agreed to rollover this loan to CCF1 in June 2016 (Claim 10-300) | $ - |
| Provident Trust Group, LLC FBO Stephan Tang IRA | Stephan Tang | 2-172 | POC; DIS | $ 36,470.00 | $ - | | $ 3,914.37 | $ 2,950.04 | LSA | $ 6,864.41 | $ - | | $ - | Claimant agreed to rollover this loan to 6160 MLK in February 2018 (Claim 79-172) | $ - |
| Rajitha Dundigalla | Rajitha Dundigalla | 2-651 | POC | $ 50,000.00 | $ - | | | $ 12,206.89 | LSA | $ 12,206.89 | $ - | | $ - | Claimant agreed to rollover this loan to CCF1 in October 2017 (Claim 10-653) | $ - |
| Randall Sotka | Big Bean LLC c/o Randall Sotka | 2-1207 | POC | $ 100,000.00 | $ 100,000.00 | | | $ 32,918.67 | LSA | $ 32,918.67 | $ 67,081.33 | | $ - | | $ 67,081.33 |
| Robert Conley III | Robert Conley III | 2-789 | POC; DIS | $ 75,000.00 | $ 75,000.00 | | | $ 22,311.50 | POC | $ 22,311.50 | $ 52,688.50 | | $ - | | $ 52,688.50 |
| Robert Potter | Robert Potter | 2-1389 | POC | $ 6,634.00 | $ 6,634.00 | | $ 1,361.80 | $ 414.60 | LSA | $ 1,776.40 | $ 4,857.60 | | $ - | Claimant partially rolled this loan to other properties. Pre-rollover distributions divided pro-rata. | $ 4,857.60 |
| Russ Moreland | Russ Moreland | 2-286 | POC | $ 50,000.00 | $ - | | | $ 65,984.65 | POC | $ 65,984.65 | $ - | | $ - | Principal and interest payments received by claimant exceed the amount of claimant's original loan | $ - |
| Shengjie Li and Yuye Xu | Shengjie Li and Yuye Xu | 2-1340 | POC | $ 50,000.00 | $ - | | | $ 9,958.34 | POC | $ 9,958.34 | $ - | | $ - | Claimant agreed to rollover this loan to 8100 Essex in October 2017 (Claim 9-1340) | $ - |
| Stephen V Mancuso, Laura L Mancuso, SLM Property Investments | IRA Trust Services Co. FBO SLM Property Investments IRA Account #: 5877315203 | 2-769 | POC | $ 50,000.00 | $ 50,000.00 | | | $ 13,729.17 | LSA | $ 13,729.17 | $ 36,270.83 | | $ - | | $ 36,270.83 |
| Steven C Noss | Quest IRA, Inc. FBO Steven C. Noss IRA#12201-11 | 2-361 | POC | $ 50,000.00 | $ - | | | $ 12,550.24 | | $ 12,550.24 | $ - | | $ - | Claimant agreed to rollover this loan to 6437 Kenwood (Claim 6-361) and 6801 East End (Claim 124-361) in January 2018 | $ - |
| Vantage Appraisals 401k Profit Sharing Plan Benef Patricia M | Vantage Appraisals, Inc. 401k | 2-1191 | POC | $ 55,000.00 | $ 55,000.00 | | | $ 14,414.58 | LSA | $ 14,414.58 | $ 40,585.42 | | $ - | | $ 40,585.42 |

Ex. B - Proposed Investor Lender Distributions
4533-47 S Calumet Avenue (Property 2)

| Claimant Name | Lender Name | Claim Number | Claimant Submissions | Amount Claimed (Invested in Property) | Secured Claim Remaining | Unsecured Claim (This Investment) | Pre-Rollover or UPN Distributions | Distributions Received on Property | Source of Distribution | Distributions Received on Property | Max Potential Dist (Proceeds of Sales) | Distributions Received on Unsecured Claim | Max Potential Dist. (Unencumbered) | Receiver's Recommendation Notes | Proposed Distribution from Sales Proceeds |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Vladimir Matviishin - iPlanGroup Agent for Custodian FBO Vladimir Matviishin IRA | iPlan Group Agent for Custodian FBO Vladimir Matviishin IRA | 2-1294 | POC | $ 51,000.00 | $ 51,000.00 | | | $ 14,685.03 | LSA | $ 14,685.03 | $ 36,314.97 | $ - | | | $ 36,314.97 |
| William Needham | iPlanGroup Agent for Custodian FBO William Jack Needham IRA Account#3300944 | 2-80 | POC; DIS | $ 169,500.00 | $ 169,500.00 | | | $ 51,509.92 | LSA | $ 51,509.92 | $ 117,990.08 | $ - | | | $ 117,990.08 |
| | | | | $ 2,737,508.00 | $ 1,517,045.00 | $ 329,037.00 | | | | | $ 1,114,513.41 | | $ 262,916.72 | | $ 1,114,513.41 |