UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF
ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>      v.<br><br>EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,<br><br>            Defendants. | Case No. 1:18-cv-5587<br><br>Hon. Manish S. Shah |

**ORDER APPROVING DISTRIBUTION OF PROCEEDS FROM
THE SALE OF GROUP 6 PROPERTIES 50, 51, 53-57**

WHEREAS, this matter came before the Court in the Group 6 Claims Resolution Process (Dkt. 941, 1638) and on the Motion (Dkt. 1891) filed by Kevin B. Duff, as receiver for the Estate of Defendants EquityBuild, Inc., EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen ("Receiver"), for approval of an agreed plan and order for the distribution of the proceeds from the sales of the following properties:

      7760 S Coles Avenue ("Property 50")

      1401 W 109th Place ("Property 51")

      6807 S Indiana Avenue ("Property 53")

      8000-02 S Justine Street ("Property 54")

      8107-09 S Ellis Avenue ("Property 55")

      8209 S Ellis Avenue ("Property 56")

      8214-16 S Ingleside Avenue ("Property 57")

(collectively, the "Subject Properties")

WHEREAS, with the Court's approval and over the objection of claimant Midland Loan Services ("Midland"), between June 26, 2020 and July 1, 2020 the Receiver sold Properties 50 and 54-57 (Dkt. 715 at 4-8), and on May 26, 2021 the Receiver sold Properties 51 and 53 (Dkt. 979 at Tab E). The foregoing sales were free and clear of all mortgages and encumbrances, and the net proceeds of sale for each of the Subject Properties was deposited into a separate interest-bearing account held by the Receiver pursuant to court order, with all mortgages, liens, claims, and encumbrances attached to the sales proceeds with the same force, validity, status, and effect, if any, as they had against the property being sold. (Dkt. 715 at 14; Dkt. 979 at 3) Additional deposits and withdrawals have been made to and from these property accounts pursuant to court orders, as reported in the Receiver's quarterly status reports, with the most recent balances of the accounts being $81,012.53 for Property 50 and the amounts set forth in the attached Exhibit 2 for Properties 51, 53-57.. (Dkt. 839, 930, 985, 1017, 1077, 1164, 1243, 1280, 1328, 1379, 1448, 1516, 1535, 1589, 1652, 1722, 1771, 1837, 1876);

WHEREAS, the Court approved a claims process as to which fair and adequate notice was provided to all potentially interested persons and all were provided a full and fair opportunity to submit claims and supporting information. (*E.g.,* Dkt. 941) The Court also determined that a summary process for adjudication of allegedly competing secured claims as to those properties, addressing claims against groups of properties on a seriatim basis, was necessary, appropriate, and afforded due process to all claimants and interested persons. (*Id.*);

WHEREAS, the Court initiated the summary process for the resolution of Group 6 claims on April 1, 2024. (Dkt. 1637) Pursuant to that process, the Receiver submitted his recommendations with respect to the claims asserting an interest in the Subject Properties, and further disclosed his position that the security interest given by EquityBuild to the originator of

2

Midland's loan in the Subject Properties constituted a voidable fraudulent transfer under the Illinois Uniform Fraudulent Transfer Act, 740 ILCS 160 (hereinafter the Receiver's "Avoidance Claim"). (Dkt. 1740) The Court subsequently deferred briefing on the Receiver's Avoidance Claim and Midland's Motion for Leave to Take Further Discovery on the Avoidance Claim (Dkt. 1748), pending resolution of the priority disputes (Dkt. 1750). Following the submission of Position Statements by the SEC, Midland, and certain of the investor lender claimants, as well as these parties' and the Receiver's responsive statements (Dkt. 1740, 1755, 1757, 1765, 1766, 1768, 1769), the Court entered a December 23, 2024 Memorandum Opinion and Order on the priority dispute regarding the Subject Properties, finding that the Individual Investors have priority to the proceeds from the sale of each of the Subject Properties. (Dkt. 1818)

WHEREAS, subsequently, the Receiver, Midland and CoreVest engaged in settlement discussions and participated a settlement conference with Magistrate Judge Kim on May 21, 2025, which resulted in negotiated agreements subject to Court approval as to the amount of the distribution to be made to Midland and CoreVest from the funds held in the property accounts for the Subject Properties, as well as other distributions and transfers, consistent with the following:

    (a)    A total recovery for the settlement of CoreVest's claim with respect to 7760 Coles (Property 50), in the amount of $93,215.00 which is comprised of (i) CoreVest liquidating and transferring the $43,215.00 balance in the reserve and escrow accounts it currently holds to itself or its chosen designee, and (ii) a distribution to CoreVest of $50,000 from the property account for Property 50;

(b) Distributions to the Individual Investor Lenders asserting an interest in Properties 51, 53-57 in the aggregate amount of $501,518.00, as set forth in Exhibit 3 hereto;

(c) A total recovery for the settlement of Midland's claim with respect to Properties 51, 53-57 in the amount of $275,579.00, which is comprised of (i) liquidating and transferring the $55,759.00 balance in the reserve and escrow accounts it currently holds to itself or its chosen designee, and (ii) distributions from the accounts for Properties 51, 53-57 to Midland in the aggregate amount of $220,000, as set forth on Exhibit 2 hereto;

(d) payment to the Receiver's law firm of approved fees allocated in the Receiver's 27th Fee Application for the First Quarter of 2025 in the amount of $7,868.36, comprising $1,237.63 from the account for Property 50 and $6,630.73 from the accounts for Properties 51, 53-57, in the respective amounts set forth in Exhibit 2;

(e) payment to the Receiver's law firm for contested and uncontested fees allocated in Fee Applications 1-26 but heretofore held back from payment pursuant to the Court's orders in the amount of $53,677.52, comprising $9,312.64 from the account for Property 50 and $44,364.88 from the accounts for Properties 51, 53-57, in the respective amounts set forth in Exhibit 2; and

(f) transfer of the balance of the accounts, including any and all residual interest earned, to the Receiver's account for use in the administration of the Receivership Estate and/or as otherwise ordered by the Court.

4

WHEREAS on June 11, 2025, the Receiver submitted the Motion with recommendations for distributions with regards to the 7760 Coles (Property 50) as set forth in Exhibits A and B to the Motion, and with regards to Properties 51, 53-57, as set forth in Exhibits C and D to the Motion (Dkt. 1888);

WHEREAS, on June 12, 2025, the Court entered an order setting a June 24, 2025 deadline for objections to the proposed settlement with respect to the Subject Properties (Dkt. 1893);

WHEREAS, the Motion, the agreed distribution plans set forth in Exhibits A, B, C and D to the Motion, and the Court's June 12, 2025 Order, were served by electronic mail upon all claimants who have asserted claims against the Subject Properties and to all known individuals or entities that submitted a proof of claim in this action;

WHEREAS, no objections to the Motion were filed with the Court or submitted to the Receiver; and

WHEREAS, on June 26, 2025, the Court entered a minute order granting the Motion, finding that the compromise is a reasonable effort that substantially reduces litigation expenses, which ultimately conserves receivership assets for all claimants (Dkt. 1897);

NOW, THEREFORE, the Court, having considered the Motion and the record of this receivership case and being otherwise duly advised in the premises, hereby finds and ORDERS:

1. The Motion is GRANTED.

2. Midland's pending Motion for Leave to Take Further Discovery on the Avoidance Claim (Dkt. 1748) is withdrawn by agreement.

3. The distribution plan submitted by the Receiver for Property 50, including as to the amounts set forth in Exhibit 1 to this Order as to the investor lender claimants, the amounts agreed to by CoreVest as set forth in the Motion, and the other terms of

5

the settlement set forth in the motion are fair, reasonable, and in the best interests of the Receivership Estate and are hereby approved.

4. The distribution plans submitted by the Receiver for Properties 51 and 53 through 57, including as to the amounts agreed to by Midland set forth in the Exhibit 2 to this Order, the amounts as to the investor lender claimants set forth in Exhibit 3, and the other terms of the settlement set forth in the motion are fair, reasonable, and in the best interests of the Receivership Estate and are hereby approved.

5. Adequate and fair notice has been provided to all interested and potentially interested parties (including but not limited to all lienholders in the chain of title) of the claims process for the resolution of disputed claims and determination of secured interests, the Receiver's fees and proposed fee allocations, the Receiver's Group 6 submission and recommendations, the Court's December 23, 2024 Memorandum Opinion and Order on Group 6 claims (Dkt. 1818), and the Motion and agreed distributions (Dkt. 1891), and each interested or potentially interested party has had a full and fair opportunity to participate in the claims process and to assert its interests and any objections to the Motion and agreed distribution plan.

6. As soon as such distributions can be reasonably achieved, the Receiver shall disburse the following in resolution of the claims against the Subject Properties:

   (a) $50,000.00 to CoreVest from the account held for Property 50;

   (b) a total of $220,000 to Midland from the accounts held for Properties 51, 53-57 in the amounts per property set forth on Exhibit 2; and

    (c)    a total of $501,518.00 to the investor lender claimants identified on Exhibit 3, in the respective amounts set forth therein, from the accounts held for Properties 51, 53-57.

7.    Because the Court intends that this be a final distribution, there will not be any holdbacks of professional fees or expenses associated with the Receiver's fee applications or fee allocation motions upon the distribution of proceeds to claimants. Accordingly, as soon as such distributions can be reasonably achieved, the Receiver shall disburse from the respective accounts held for the Subject Properties:

    (a)    $1,237.63 from the Property 50 account in payment of fees allocated in the Receiver's 27th Fee Application that have been approved by the Court (Dkt. 1897);

    (b)    a total of $6,630.73 from the accounts for Properties 51, 53-57 in payment of fees allocated in the Receiver's 27th Fee Application that have been approved by the Court (Dkt. 1897), as set forth on Exhibit 2 hereto;

    (c)    $9,312.64 from the Property 50 account in payment of fees previously held back pursuant to the Court's orders with respect to the Receiver's Fee Applications 1-26 (Dkt. 1372, 1452, 1469, 1510, 1511, 1539, 1573, 1675, 1758, 1831, 1856); and

    (d)    a total of $44,364.88 from the accounts for Properties 51, 53-57, as set forth on Exhibit 2 hereto, in payment of fees previously held back pursuant to the Court's orders with respect to the Receiver's Fee Applications 1-26 (Dkt. 1372, 1452, 1469, 1510, 1511, 1539, 1573, 1675, 1758, 1831, 1856).

8. Following the distributions ordered herein, the net of the remaining balance of the property accounts for the Subject Properties, including any interest hereafter accruing, shall be transferred to the Receiver's account for use in the administration of the Receivership Estate and/or as otherwise ordered by the Court, and any approved fees that are allocated to the Subject Properties in fee applications for the second quarter of 2025 and any subsequent quarters may be paid from the Receiver's account.

Entered:

Manish S. Shah
United States District Court Judge

Date: July 9, 2025