UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF
ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>      Plaintiff,<br><br>      v.<br><br>EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,<br><br>      Defendants. | Case No. 1:18-cv-5587<br><br>Hon. Manish S. Shah |

**ORDER APPROVING DISTRIBUTION OF PROCEEDS FROM
THE SALE OF PROPERTY 2 (4533-47 S CALUMET AVENUE)**

WHEREAS, this matter came before the Court in the Group 7 Claims Resolution Process (Dkt. 941, 1638) and on the Motion filed by Kevin B. Duff, as receiver for the Estate of Defendants EquityBuild, Inc., EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen ("Receiver"), for approval of an agreed plan and order for the distribution of the proceeds from the sale of 4533-47 S Calumet Avenue ("4533 Calumet," "Property 2," or the "Subject Property") (Dkt. 1888, the "Motion");

WHEREAS, with the Court's approval and over the objection of claimant BMO Bank N.A. ("BMO"), on December 1, 2020, the Receiver sold the Subject Property (Dkt. 842). The net proceeds of sale in the amount of $1,969,074.99 were deposited into the segregated interest-bearing account held by the Receiver for the Subject Property. Additional deposits and withdrawals have been made to and from this property account pursuant to court orders, as reported in the Receiver's quarterly status reports, with the most recent balance of the account being

$2,377,018.67. (Dkt. 839, 930, 985, 1017, 1077, 1164, 1243, 1280, 1328, 1379, 1448, 1516, 1535, 1589, 1652, 1722, 1771, 1837, 1876);

WHEREAS, the Court approved a claims process as to which fair and adequate notice was provided to all potentially interested persons and all were provided a full and fair opportunity to submit claims and supporting information. (*E.g.,* Dkt. 941) The Court also determined that a summary process for adjudication of allegedly competing secured claims as to those properties, addressing claims against groups of properties on a seriatim basis, was necessary, appropriate, and afforded due process to all claimants and interested persons. (*Id.*);

WHEREAS, the Court initiated the summary process for the resolution of Group 7 claims in April 2024. (Dkt. 1638, 1707) Pursuant to that process, on October 28, 2024, the Receiver filed his Submission on Group 7 Claims, which included a recommendation that, with respect to the Subject Property, the Court find that the investor lenders be found to have priority over BMO (Dkt. 1772 at 3-4), and the disclosure of the Receiver's position that the security interest in the Subject Property that was given by EquityBuild to BMO constituted a voidable fraudulent transfer under the Illinois Uniform Fraudulent Transfer Act, 740 ILCS 160 (hereinafter the Receiver's "Avoidance Disclosure"). (*Id.* at 9-18) The Court subsequently deferred briefing on the Receiver's Avoidance Disclosure and BMO's Motion for Leave to Take Discovery Related to the Avoidance Disclosure (Dkt. 1785), pending resolution of the priority disputes (Dkt. 1787);

WHEREAS, on November 25 and December 16, 2024, BMO filed position statements asserting that it holds first position security interests in the Subject Property, that it is entitled to priority over other claimants, that no payments received should be "netted" against BMO's claims, and that it should be paid both contract and default interest. (Dkt. 1794 and 1809);

2

WHEREAS, also on November 25 and December 16, 2024, the SEC and certain of the investor lenders filed position statements requesting that the Court find that the investor lenders' liens have priority and are entitled to a distribution of the proceeds of the sale of the Subject Property. (Dkt. 1795, 1796, 1806, 1810) None of the investor lenders who asserted an interest in the Subject Property asserted an objection to the Receiver's recommendations as to the proposed distribution methodology or the amount of the recommended distributions;

WHEREAS, subsequently, the Receiver and BMO engaged in settlement discussions and participated in a settlement conference with Magistrate Judge Kim on May 22, 2025, which resulted in a negotiated agreement subject to Court approval as to the amount of the distribution to be made to BMO from the funds held in the property account for 4533 Calumet, as well as other distributions and transfers, in the event a motion to approve the agreed distributions was granted consistent with the relief requested;

WHEREAS on June 26, 2025, the Receiver submitted the Motion with the agreed distributions with regards to the Subject Property set forth in Exhibits A and B to the Motion, and setting forth additional terms agreed upon by BMO and the Receiver, contingent on the Court granting the Motion and recommended distributions (Dkt. 1898), namely:

(a) this agreement resolves all disputes of any kind or nature between and among the Receiver and BMO with respect to the Subject Property—including but not limited to the sale of the property, the claims process for the properties, the Receiver's fee applications, lien, and allocation of fees to the property, priority determinations, any other claims or causes of action of any nature that were disclosed or could have been disclosed by the Receiver or BMO, and all objections thereto;

    (b)    neither BMO nor the Receiver will appeal from or collaterally attack any Court rulings or orders associated with the Subject Property; and

    (c)    any and all other claims, objections, or rights that might exist between or among the Receiver and BMO regarding the Subject Property are hereby released, compromised, and waived with prejudice and BMO will receive nothing further from the Receivership Estate;

WHEREAS, on June 30, 2025, the Court entered an order setting a July 8, 2025 deadline for objections to the Property 2 proposed settlement with BMO (Dkt. 1900);

WHEREAS, the Motion, the agreed distribution plan set forth in Exhibits A and B to the Motion, and the Court's June 30, 2025 Order, were served by electronic mail upon all claimants who have asserted claims against the Subject Property and to all known individuals or entities that submitted a proof of claim in this action;

WHEREAS, no objections to the Motion were filed with the Court; and

WHEREAS, on July 14, 2025, the Court entered a minute order granting the Motion, finding that proposed resolution was arrived at arm's length and involves reasonable concessions that conserve litigation expenses (which in turn benefits the receivership estate). (Dkt. 1904).

NOW, THEREFORE, the Court, having considered the Motion and the record of this receivership case and being otherwise duly advised in the premises, hereby finds and ORDERS:

1.    The Motion is GRANTED.

2.    The Receiver's Avoidance Disclosure relating to BMO (Dkt. 1772) is withdrawn.

3.    BMO's Motion for Leave to Take Discovery on the Receiver's Avoidance Disclosure (Dkt. 1785) is withdrawn.

4. Any and all claims, objections, or rights that might exist between or among the Receiver and BMO regarding the Subject Property are hereby released, compromised, and waived with prejudice.

5. The distribution plan submitted by the Receiver, including as to the amounts set forth in Exhibit 1 to this Order as to the investor lender claimants, the amounts agreed to by BMO as set forth in the Motion, and the other terms of the settlement set forth in the motion are fair, reasonable, and in the best interests of the Receivership Estate and are hereby approved.

6. Adequate and fair notice has been provided to all interested and potentially interested parties (including but not limited to all lienholders in the chain of title) of the claims process for the resolution of disputed claims and determination of secured interests, the Receiver's fees and proposed fee allocations, the Receiver's Group 7 submission and recommendations, and the Motion and agreed distributions, and each interested or potentially interested party has had a full and fair opportunity to participate in the claims process and to assert its interests and any objections to the Motion and agreed distribution plan.

7. The Court accepts the Receiver's recommendations on the attached Exhibit 1, and for each of the claims set forth thereon limits claimants to recovery of principal (offset by any pre-receivership distributions) and denies any claims for interest, penalties, attorneys' fees, or other costs.

8. The Court accepts the Receiver's recommendations and finds that the secured interest in the Subject Property that was held by the following claimant was repaid to the claimant and has been satisfied in full:

- Russ Moreland (2-286)

9. The Court accepts the Receiver's recommendations and finds that the following claimants agreed to relinquish their secured interest in the Subject Property by rolling their loan to a secured loan against a different Estate property, and the claim has been considered with respect to that property:

- Annie Chang (2-475)
- Baron Real Estate Holdings, LLC (2-1347)
- Eleven St. Felix Street Realty Corp (2-2012)
- Cecilia Wolff (2-1204)
- Dee Ann Nason (2-453)
- Dennis & Mary Ann Hennefer (2-355)
- Double Portion Foundation (2-433)
- Paul N. Wilmesmeier (2-300)
- Stephan Tang (2-172)
- Rajitha Dundigalla (2-651)
- Shengjie Li and Yuye Xu (2-1340)
- Quest IRA, Inc. FBO Steven C. Noss IRA#12201-11 (2-361)

10. The Court accepts the Receiver's recommendations and finds that the following claimants agreed to relinquish their secured interest in the Subject Property by rolling their loan in full or in part to an equity position, an unsecured promissory note, or a property that is not a part of the Receivership Estate, and will therefore be treated as unsecured creditors and their claims against the Subject Property be considered along with all other unsecured claims in Group 10:

- iPlan Group Agent for Custodian FBO Brett Burnham Acct No. 3300503 (2-314)
- Douglas & Narine Nebel (2-1080)
- Optima Property Solutions LLC (2-1023)

11. The Court accepts the Receiver's recommendations and finds that the following claimants agreed to relinquish their secured interest in the Subject Property by rolling their secured loan in part to an Estate property for which distributions have already been made pursuant to the Court's prior orders. Because these claimants did not submit a claim against such properties, this portion of their claims will be treated as unsecured and considered along with all other unsecured claims in Group 10:

    - Gallowglass, LLC (2-316) – no claim against CCF1
    - New Move Ventures Inc. (2-115) – no claim against CCF1

12. The Court accepts the Receiver's recommendations and finds that two independent contractors each asserting an interest in 4533 Calumet—CLD Construction, Inc. (2-1454) and Bauer Latoza Studio, Ltd. (2-885)—did not perfect their claims and therefore should be considered to have an unsecured claim against the estate and considered along with all other unsecured claims in Group 10.

13. The Court accepts the Receiver's recommendation and finds that the claim of. Christopher Mora (2-1137) is disqualified because Mr. Mora was an EquityBuild employee who actively participated in the marketing of the fraudulent scheme and in recruiting, retaining, and/or for providing false information to other claimants.

14. As soon as such distributions can be reasonably achieved, the Receiver shall disburse from the account held for Property 2: $651,112.19 to BMO via wire transfer (and BMO will receive nothing further from the Receivership Estate), and a total of $1,114,513.41 to the investor lender claimants identified on Exhibit 1 in the respective amounts set forth therein, in resolution of the claims against the Subject Property.

15. Because the Court intends that this be a final distribution, there will not be any holdbacks of professional fees or expenses associated with the Receiver's fee applications or fee allocation motions upon the distribution of proceeds to claimants. Accordingly, as soon as such distributions can reasonably be achieved, the Receiver shall disburse $20,400.31 from the account held for the Subject Property in payment of fees allocated to the Subject Property that were previously held back pursuant to the Court's orders with respect to the Receiver's Fee Applications 1-27. (Dkt. 1372, 1452, 1469, 1510, 1511, 1539, 1573, 1675, 1758, 1831, 1856, 1901)

16. Following the distributions ordered herein, the net of the remaining balance of the property account for the Subject Property, including any interest hereafter accruing, shall be transferred to the Receiver's account for use in the administration of the Receivership Estate and/or as otherwise ordered by the Court, and any approved fees that are allocated to the Subject Property in fee applications for the second quarter of 2025 and any subsequent quarters may be paid from the Receiver's account.

Entered:

_____
Manish S. Shah
United States District Court Judge

Date: July 21, 2025