## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** | ) ) ) |  |
| Plaintiff, | ) ) | Civil Action No. 18-cv-5587 |
| v. | ) ) | Hon. Manish S. Shah |
| **EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,** | ) ) ) ) | Magistrate Judge Young B. Kim |
| Defendants. | ) ) |  |

### RECEIVER'S TWENTY-EIGHTH STATUS REPORT
### (Second Quarter 2025)

Kevin B. Duff, as receiver ("Receiver") for the Estate of Defendants EquityBuild, Inc.,

EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Defendants Jerome Cohen

and Shaun Cohen (collectively, the "Receivership Defendants"), and pursuant to the powers vested

in him by Order of this Court, respectfully submits this Twenty-Eighth Status Report for the

quarter ending June 30, 2025.

### I. CREDITORS AND CLAIMS AGAINST THE RECEIVERSHIP ESTATE

During the Second Quarter 2025, claims were resolved for the seventeen Group 8

properties and Group 7 Property 64 (4611 S Drexel), resulting in an additional $14,318,550.93

distributed to claimants during the quarter, bringing the aggregate total of distributions to claimants

as a result of resolved claims to $56,797,567.42 as of June 30, 2025.

The current status of the process to resolve the claims by groups of properties and the

activities that transpired during the quarter are described in additional detail below:

**Group 1**

There are 179 claims asserting an interest in the five properties in Group 1:

1. 3074 Cheltenham Place (Property 74)
2. 7625-33 S East End Avenue (Property 75)
3. 7635-43 S East End Avenue (Property 76)
4. 7750-58 S Muskegon Avenue (Property 77)
5. 7201 S Constance Avenue (Property 78)

The Group 1 proceedings have concluded and all Group 1 distributions have been made.

**Group 2**

There are 309 claims asserting an interest in the five properties in Group 2:

1. 1700-08 W Juneway Terrace (Property 1)
2. 5450-52 S Indiana Avenue (Property 4)
3. 7749-59 S Yates Boulevard (Property 5)
4. 6160-6212 S Martin Luther King Drive (Property 79)
5. 6949-59 S Merrill Avenue (Property 101)

The Group 2 proceedings have concluded with respect to the properties located at 1700 W Juneway (Property 1), 6160 S MLK (Property 79), and 6949 S Merrill (Property 101). All distributions for these three properties have been made. Two distribution checks for Property 79 remain uncashed, but efforts to finalize these distributions continue.

The properties located at 5450 S Indiana (Property 4) and 7749 S Yates (Property 5) are the subject of an appeal filed by institutional lender claimant Shatar Capital, and distributions on claims relating to these two properties have been stayed by the Court's order (Dkt. 1750) pending resolution of the appeal. Accordingly, no distributions will be made on 5450 S Indiana (Property 4) or 7749 S Yates (Property 5) until after the appeal is resolved. During the quarter, the Receiver and Certain investor lenders filed appellee briefs on May 2, 2025, and Shatar filed its reply brief on May 23, 2025. The Seventh Circuit Court of Appeals has scheduled oral argument for Thursday, September 4, 2025 at 9:30 a.m..

## Group 3

There are 204 claims asserting an interest in the Group 3 properties, which include:

1. 7301-09 S Stewart Avenue (Property 10)
2. 7500-06 S Eggleston Avenue (Property 11)
3. 3030-32 E 79th Street (Property 12)
4. 2909-19 E 78th Street (Property 13)
5. 7549-59 S Essex Avenue (Property 14)
6. 8047-55 S Manistee Avenue (Property 15)
7. 7927-49 S Essex Avenue (Properties 102-106)

The three properties in Chicago Capital Fund I ("CCF1") are Properties 10, 11, and 12.

The three properties in Chicago Capital Fund II ("CCF2") are Properties 13, 14, and 15.

The Group 3 proceedings have concluded and all Group 3 distributions have been made.

## Group 4

There are 402 claims asserting an interest in the eleven properties in Group 4:

1. 6437-41 S Kenwood Avenue (Property 6)
2. 8100 S Essex Avenue (Property 9)
3. 5955 S Sacramento Avenue (Property 58)
4. 6001-05 S Sacramento Avenue (Property 59)
5. 7026-42 S Cornell Avenue (Property 60)
6. 7237-43 S Bennett Avenue (Property 61)
7. 7834-44 S Ellis Avenue (Property 62)
8. 701-13 S 5th Avenue, Maywood, Illinois (Property 71)
9. 11117-19 S Longwood Drive (Property 100)
10. 1102 Bingham Street, Houston, Texas (Property 116)
11. 431 E 42nd Place (Property 141)

The Group 4 proceedings have concluded and all but one of the Group 4 distributions have been made. Despite efforts, the Receivership team has been unable to locate or distribute funds from Property 61 to one claimant, but efforts to complete the distribution are ongoing.

## Group 5

There are 83 claims asserting an interest in the four properties in Group 5:

1. 5001 S Drexel Boulevard (Property 3)
2. 7300-04 St Lawrence Avenue (Property 49)
3. 310 E 50th Street (Property 52)

4. <u>4520-26 S Drexel Boulevard</u> (Property 63)

The Group 5 proceedings have concluded and all Group 5 distributions have been made. As to the individual investor lender claimants with respect to Properties 3 and 63, the Court found that these claims were not secured by the properties (Dkt. 1677, 1752), and therefore will be considered in Group 10 (or were already considered in one of the other groups), as indicated in Exhibits 3 and 4 to the Receiver's Group 5 submission (Dkt. 1626).

**<u>Group 6</u>**

There are 151 claims asserting an interest in the fifteen properties in Group 6:

1. <u>1414 &1418 East 62nd Place</u> (Property 8)
2. <u>6217-27 S Dorchester Avenue</u> (Property 68)
3. <u>2800-06 E 81st Street</u> (Property 108)
4. <u>4570-52 S Indiana Avenue</u> (Property 109)
5. <u>5618-20 S Martin Luther King Drive</u> (Property 110)
6. <u>6558 S Vernon Avenue</u> (Property 111)
7. <u>7450 S Luella Avenue</u> (Property 112)
8. <u>7840-42 S Yates Avenue</u> (Property 113)
9. <u>7760 S Coles Avenue</u> (Property 50)
10. <u>1401 W 109th Place</u> (Property 51)
11. <u>6807 S Indiana Avenue</u> (Property 53)
12. <u>8000-02 S Justine Street</u> (Property 54)
13. <u>8107-09 S Ellis Avenue</u> (Property 55)
14. <u>8209 S Ellis Avenue</u> (Property 56)
15. <u>8214-16 S Ingleside Avenue</u> (Property 57)

During the quarter, distributions pursuant to the Court's amended distribution order (Dkt. 1865) for the properties located at 2800 E 81st (Property 108), 4750 S Indiana (Property 109), 5618 S MLK (Property 110), 6558 S Vernon (Property 111), 7450 S Luella a/k/a 2220 E 75th (Property 112), and 7840 S Yates (Property 113) were made, and all of the checks have been cashed.

Distributions have also been completed for the properties located at 6217 S Dorchester (Property 68) and 1414-1418 E 62nd (Property 8) pursuant to the Court's order. (Dkt. 1788)

As to the remaining Group 6 properties—*i.e.,* 7760 S Coles (Property 50), 1401 W 109th (Property 51), 6807 S Indiana (Property 53), 8000 S Justine (Property 54), 8107 S Ellis (Property 55), 8209 S Ellis (Property 56) and 8214 S Ingleside (Property 57)—during the quarter, the Receiver participated in discussions and a May 21, 2025 settlement conference with Judge Kim, Midland Loan Services ("Midland"), CoreVest Purchaser 2, LLC ("CoreVest"), and the title company insuring Midland's and CoreVest's loans on these properties. A settlement was reached, and on June 11, 2025, the Receiver filed a motion to approve distributions on Properties 50, 51, and 53-57. (Dkt. 1891) The Court set a June 24, 2025 deadline for objections to the motion (Dkt. 1893), and, there having been no objection, granted the unopposed motion and entered a distribution order on July 9, 2025 (Dkt. 1902).

The Court's Order resulted in the investor lender claimants asserting interests in properties 51, 53-57 receiving 77.1% of the available funds in the property accounts, and institutional lender Midland receiving approximately 22.9% of those funds. For property 50, the Court found that none of the investor-lender claimants asserting an interest in 7760 S Coles retained a secured interest or a lien on the proceeds from the sale of that property. (*Id.*) These claims will therefore be considered in Group 10 (or were already considered in one of the other groups), as indicated in Exhibit 1 to the Order. (*Id.*) The Order approved a $50,000 distribution to CoreVest and approximately $20,500 will be transferred from the Property 50 account to the Receiver's account for Estate administration and distributions on unsecured claims. Distribution of the proceeds from the sale of properties 50, 51, 53-57 pursuant to the Court's order will be made during the current quarter.

### **Group 7**

There are 192 claims asserting an interest in the six properties in Group 7:

1. <u>4533-47 S Calumet Avenue</u> (Property 2)
2. <u>7109-19 S Calumet Avenue</u> (Property 7)

3. 4611-17 S Drexel Boulevard (Property 64)
4. 6250 S Mozart Avenue (Property 69)
5. 638-40 N Avers Avenue (Property 70)
6. 7255-57 S Euclid Avenue (Property 73)

Distributions of the proceeds from the sale of 7109 S Calumet (Property 7) were made in the previous quarter pursuant to the Court's order. (Dkt. 1830) The Court found that none of the investor-lender claimants asserting an interest in Property 7 retained a secured interest or a lien on the proceeds from the sale of that property, and therefore those claims will be considered in Group 10 (or were already considered in one of the other groups), as indicated in Exhibit 2 to the Receiver's submission on Group 7 claims. (Dkt. 1772)

During the quarter, the Receiver reached an agreement with institutional lender Citibank as Trustee with respect to 4611 S Drexel (Property 64). On March 25, 2025, the Receiver filed a Motion to Approve Distribution of Proceeds from the Sale of Property 64 which set forth the agreed upon resolution. (Dkt. 1866) On April 10, 2025, the Court granted the motion, noting that no objections to the proposed distributions had been filed, and finding the proposed distribution plan "to be a reasonable compromise of competing claims against the funds [which] advances the goals of the receivership by eliminating further litigation risk." (Dkt. 1873) Distributions pursuant to the Court's order were made during the quarter, and investor-lender claimants asserting an interest in Property 64 who were not repaid and did not roll their secured loan to other investments received 100% of their maximum recommended distributions, and approximately $1.5 million was transferred from the account held for 4611 S Drexel to the Receiver's account for Estate administration and distributions on unsecured claims.

With respect to the four remaining Group 7 properties, during the quarter the Receiver engaged in settlement efforts, which ultimately resulted in resolutions of the claims, as follows:

6

- With respect to 638 Avers (Property 70), the Receiver participated in a May 20, 2025 settlement conference with Magistrate Judge Kim, Sabal Capital, and Sabal's title insurer, which resulted in an agreement with respect to a distribution to Sabal from the proceeds from the sale of Property 70. This agreement proposed distribution of the available proceeds of approximately $335,500 to the investor-lenders and $160,000 to Sabal. The Receiver filed a June 4, 2025 Motion to Approve Distribution of Proceeds from the Sale of Property 70 (Dkt. 1888), the Court set a June 17, 2025 deadline for any objections to the proposed settlement (Dkt. 1890), and the Court granted the motion and entered an Order approving the proposed distributions on July 9, 2025 (Dkt. 1894, 1903).

- With respect to 6250 Mozart (Property 69) and 7255 Euclid (Property 73), the Receiver participated in a May 20-21, 2025 settlement conference with Magistrate Judge Kim, Citibank as Trustee, and Citibank's title insurer, which resulted in an agreement with respect to a distribution to Citibank from the proceeds from the sale of Properties 69 and 73. This agreement proposed distribution of the available proceeds for 6250 Mozart of approximately $546,000 to the investor-lenders and approximately $302,500 to Citibank as Trustee, and distribution of the available proceeds for 7255 Euclid of approximately $606,600 to the investor-lenders and $495,000 to Citibank as Trustee. The Receiver filed a June 25, 2025 Motion to Approve Distribution of Proceeds from the Sale of Properties 69 and 73 (Dkt. 1895), the Court set a July 8, 2025 deadline for any objections to the proposed settlement (Dkt. 1897), and the Court granted the motion on July 14, 2025. (Dkt. 1904) The Receiver provided a draft proposed order approving the distributions to Citibank on July 16, 2025.

- With respect to 4533 Calumet (Property 2), the Receiver participated in a May 22, 2025 settlement conference with Magistrate Judge Kim, BMO Bank NA ("BMO"), and BMO's title insurer, and an agreement was reached pursuant to subsequent discussions between the Receiver and BMO. This agreement proposed distributions of $1,114,513.41 to the investor-lenders (100% of the maximum recommended amount), $651,112.19 to BMO, and approximately $573,800 to the Receiver's account for the benefit of unsecured creditors and administration of the Estate. The Receiver filed a June 26, 2025 Motion to Approve Distribution of Proceeds from the Sale of Property 2 (Dkt. 1898), the Court set a July 8, 2025 deadline for any objections to the proposed settlement (Dkt. 1900), and the Court granted the motion on July 14, 2025 (Dkt. 1904) and entered an Order approving the proposed distributions on July 21, 2025 (Dkt. 1905).

The Receiver anticipates that distributions pursuant to the Court's orders for Properties 2, 69, 70, and 73 will be made during the current quarter.

**Group 8**

There are 470 claims asserting an interest in the 17 properties in Group 8:

1. 2736 W 64th Street (Property 80)
2. 4317-19 S Michigan Avenue (Property 81)
3. 6355-59 S Talman Avenue (Property 82)
4. 6356 S California Avenue (Property 83)
5. 7051 S Bennett Avenue (Property 84)
6. 7201-07 S Dorchester Avenue (Property 85)
7. 7442-48 S Calumet Avenue (Property 86)
8. 7508 S Essex Avenue (Property 87)
9. 7546-48 S Saginaw Avenue (Property 88)
10. 7600-10 S Kingston Avenue (Property 89)
11. 7656-58 S Kingston Avenue (Property 90)
12. 7701-03 S Essex Avenue (Property 91)
13. 7748-52 S Essex Avenue (Property 92)
14. 7957-59 S Marquette Road (Property 93)
15. 816-20 E Marquette Road (Property 94)
16. 8201 S Kingston Avenue (Property 95)

17. <u>8326-58 S Ellis Avenue</u> (Property 96-99)

During the quarter, the Receiver worked on completing the distribution of proceeds from the sales of the seventeen Group 8 properties pursuant to the Court's March 31, 2025 Order. (Dkt. 1871) All distribution checks were mailed during the quarter. Only 15 of the more than 400 distribution checks remain outstanding. The Receiver is following up with these claimants to encourage them to cash the checks before they expire.

### **<u>Group 9</u>**

Group 9 consists of two properties located at:

1. <u>1131-41 E 79th Place</u> (Property 67)
2. <u>7024-32 S Paxton Avenue</u> (Property 72)

The claims process for the Group 9 properties has concluded and distribution of the proceeds from the sale of these two properties have been made. As to the individual investor lender claimants with respect to these Group 9 properties, the Court found that these claims were not secured by the properties (Dkt. 1666), and therefore will be considered in Group 10 (or have been considered in one of the other groups), as indicated in Exhibits 2 and 3 to the Receiver's Motion to Approve Distributions for Properties 67 and 72 (Dkt. 1653).

### **<u>Group 10</u>**

The final claims group, Group 10, will address how the unencumbered funds in the Receiver's account will be distributed to claimants. Throughout this receivership, the Receiver has endeavored to bring funds into the Estate from various sources such as the sale of the personal residence of Jerome Cohen, a portion of the life insurance benefit for Jerome Cohen, lawsuits filed against EquityBuild's retained professionals and insiders, and the settlement of claims secured by properties with sufficient funds in amounts that have allowed for funds to be transferred to the Receiver's account. As reported herein, at the end of the quarter there was $17,309,702.64 in that

account that the Receiver expects will be used for administrative expenses and Group 10 distributions.

Group 10 will address all remaining unsecured claims. These include claims asserting an interest in equity funds or unsecured promissory notes, previously secured claims that were rolled to unsecured investments, trade creditors and other non-lender creditors, as well as secured claims that were not completely satisfied in claim Groups 1-9 (and whose claims have not waived and/or compromised). The Receiver plans to submit an equitable distribution plan to the Court for its approval; however, there is no guarantee that all claimants who have a claim that will be considered in Group 10 will receive a Group 10 distribution.

The Receiver and the Receivership team are working with the accounting firm Sorren (f/k/a KMA) to create a distribution plan and will propose a methodology for the Court's approval, for the distribution of these unencumbered funds. This proposed distribution plan will be addressed after the priority disputes and claims secured by the liquidated properties of the Estate have been resolved.

\* \* \*

Finally, the Receiver repeats the following reminders regarding claims and the claims process. Claimants may want to consider whether to hire counsel to assist them with the claims process. Claimants do not have an obligation to retain counsel in order to participate in the claims process, but the Receiver and his counsel cannot provide legal advice to any claimant, nor can the Receiver advise claimants regarding whether or not they should retain counsel. Any claimant that chooses to proceed without counsel should visit the section of the Court's website (www.ilnd.uscourts.gov) named "Information for People Without Lawyers (Pro Se)" which provides useful information and also states the following: "The rules, procedures and law that

affect your case are very often hard to understand. With that in mind, you should seriously consider trying to obtain professional legal assistance from an attorney instead of representing yourself as a pro se party." Claimants may also want to speak with a lawyer to assist them in determining for themselves whether or not to retain counsel.

All claimants have a continuing responsibility to ensure that the Receiver at all times has current and up-to-date contact information so that the Receiver may provide important information relating to the claims process, the claimant's claim, or the Receivership Estate, as well as mail distribution checks for approved claims. Additionally, any claimants who have closed their retirement accounts and transferred their interests to a different IRA or 401k custodian, or to themselves individually, should notify the Receiver and provide documentation of the transfer or distribution from their former custodian. Claimants may provide updated information and documentation to the Receiver at equitybuildclaims@rdaplaw.net.

## II. ADDITIONAL OPERATIONS OF THE RECEIVER

### a. Identification and Preservation of Assets

During the Second Quarter 2025, the Receiver continued efforts to identify, preserve, and recover assets, although such efforts are expected to be limited going forward.

### b. Financial Reporting of Receipts and Expenditures

The Receiver only needed to devote a minimal amount of work during the quarter to financial reporting.

### c. Open Litigation

The Receiver is aware of four actions currently pending in the Circuit Court of Cook County in which an EquityBuild entity is a named defendant, including:

- *Equity Trust Co. Custodian FBO Joseph Kennedy IRA v. EquityBuild Inc., et al.*, Case No. 2022 CH 02709. This foreclosure action on 107-11 N. Laramie was filed March

25, 2022 pursuant to this Court's Order partially lifting the stay of litigation. (Dkt. 1176) On March 12, 2025 an Affidavit of Compliance for service on nonparty EE26 Southside 65 LLC via the Secretary of State was filed, and on May 5, 2025, plaintiffs filed a motion for leave to file an amended complaint alleging that EE26 Southside 65 LLC is the legal titleholder to the property pursuant to a special warranty deed recorded on January 5, 2023, which was re-noticed for July 18, 2025. No further order has been entered and to date, no answer has been filed.

- *Jerrine Pennington for Valerie Pennington, Deceased v. 4533 Calumet, LLC*, Case No. 2021 L 10115. An order indefinitely transferring this matter to the circuit court's special stay calendar pursuant to this Court's Order Appointing Receiver (Dkt. 16) was entered on January 27, 2022. At a Trial Setting Call on February 15, 2024, the case was placed on the Law Division's insurance stay calendar.

- *Bauer Latoza Studio Ltd. v. EquityBuild Inc.*, Case No. 2019 L 000787. An order indefinitely transferring this matter brought by a trade-creditor claimant to the circuit court's special stay calendar pursuant to this Court's Order Appointing Receiver (Dkt. 16) was entered on March 21, 2019.

- *Michigan Shore Apartments, LLC v. EquityBuild, Inc., et al*., Case No. 2018 CH 09098. The stay of this matter pursuant to this Court's Order Appointing Receiver (Dkt. 16), was continued to December 2, 2025, by court order entered December 3, 2024.

d. <u>Claimant Communications</u>

The Receiver has provided and continues to maintain numerous resources to keep claimants informed about proceedings in this action. To provide basic information, the Receiver established and regularly updates a webpage (http://rdaplaw.net/receivership-for-equitybuild) for

claimants and other interested parties to obtain information and certain court filings related to the Receivership Estate. A copy of this Status Report will be posted on the Receivership web site.

Court filings and orders are also available through PACER, which is an electronic filing system used for submissions to the Court. Investor claimants and others seeking court filings and orders can visit www.ilnd.uscourts.gov for information about accessing filings through PACER.

Beyond those avenues, the Receiver keeps claimants informed regarding major occurrences in the Receivership and in the claims process for specific Groups through regular email communications. Additionally, the Receiver continues to receive and respond to numerous emails and voicemails from claimants and their representatives. The Receiver and his staff responded in writing to approximately 218 such inquiries during the Second Quarter 2025, and sent an additional 166 emails confirming distribution payee and address information, in addition to conducting a number of oral communications. The Receiver will continue to work to ensure that information is available and/or otherwise provided as quickly and completely as practicable, asks all stakeholders and interested parties for patience during this lengthy process, and reiterates that responding to individual inquiries depletes Receivership assets. These quarterly status reports and the Receiver's other court filings remain the most efficient means of communicating information regarding the activities of the Receivership Estate.

e. <u>Control of Receivership Property and Records</u>

The Receiver has continued efforts to preserve all EquityBuild property and records. The Receiver continues to undertake efforts to maintain, preserve, and utilize EquityBuild's internal documents during the pendency of this matter, as well as for use in document productions and investigations in the matters brought by the Receiver against the former EquityBuild professionals.

f.   Factual Investigation

The Receiver and his retained professionals have continued to review and analyze the following: (i) documents and correspondence sent to or received from the EquityBuild principals, to whose email accounts the Receiver has access; (ii) bank records from EquityBuild and its affiliate entities; (iii) EquityBuild documents; (iv) available underlying transaction documents received to-date from former Chicago-based EquityBuild counsel; (v) files produced by former EquityBuild counsel, accountants, and employees; and (vi) files produced pursuant to subpoenas issued by the Receiver.

g.   Tax Issues

During the Second Quarter of 2025, the Receiver's tax administrator, Miller Kaplan, assisted with certain tax issues relating to property distributions, and worked on preparation of the Receiver's 2024 tax return and 2025 estimated tax filings and withholdings.

The Receiver has informed investors that he cannot provide advice on tax matters. Moreover, the Receiver and his retained professionals do not plan to issue Forms 1099-INT or other tax forms to investors. However, Forms 1099-R may or have been issued to investors who previously held investments through closed retirement accounts and as a result received distributions directly. With respect to valuation, loss, or other tax issues, investors and their tax advisors may wish to seek independent tax advice and to consider IRS Rev. Proc. 2009-20 and IRS Rev. Rul. 2009-9.

h.   Accounts Established by the Receiver for the Benefit of the Receivership Estate

The Receiver established custodial accounts at a federally insured financial institution to hold all cash proceeds from the sale of the Receivership properties.  These interest-bearing checking accounts are used by the Receiver to collect liquid assets of the Estate and to pay

portfolio-related and administrative expenses. The Receiver also established separate interest-bearing accounts to hold funds from the sale of real estate, as directed by Court order, until such time as it becomes appropriate to distribute such funds, upon Court approval, to the various creditors of the Estate, including but not limited to the defrauded investors or lenders.

Attached as **Exhibit 1** is a schedule reflecting the balance of funds in all of the property specific accounts as of June 30, 2025, with a description of any changes to the account balance during the quarter.

### III.    RECEIVER'S FUND ACCOUNTING

The Receiver's Standardized Fund Accounting Report ("SFAR") for the Second Quarter 2025 is attached hereto as **Exhibit 2**. The SFAR discloses the funds received and disbursed from the Receivership Estate during this reporting period. As reported in the SFAR, cash on hand as of June 30, 2025 equaled $17,309,702.64. The information reflected in the SFAR is based on records and information currently available to the Receiver. The Receiver and his advisors are continuing with their evaluation and analysis.

### IV.    RECEIVER'S SCHEDULE OF RECEIPTS AND DISBURSEMENTS

The Receiver's Schedule of Receipts and Disbursements ("Schedule") for the Second Quarter 2025 is attached hereto as **Exhibit 3**. This Schedule reflects $6,750,406.85 in total receipts and $3,772,990.88 in total disbursements to and from the Receiver's (non-property) accounts during the quarter.

### V.    RECEIVERSHIP PROPERTY

All known Receivership Property is identified and described in the Master Asset List attached hereto as **Exhibit 4**. The Master Asset List identifies 56 checking accounts in the names of the affiliate entities identified as Receivership Defendants, reflecting transfers of $213,249.56 to the Receiver's account. (*See also* Dkt. 348 at 23-24 for additional information relating to these

funds) The Master Asset List also identifies funds in the Receiver's account in the amount of $17,309,702.64. The Master Asset List does not include funds received or recovered after June 30, 2025. Nor does it include potentially recoverable assets for which the Receiver is still evaluating the value, potential value, and/or ownership interests. The Receiver is in the process of evaluating certain other types of assets that may be recoverable by the Receivership Estate.

Additionally, the balances of the 33 remaining property-specific interest-bearing accounts established to hold the proceeds from sold real estate are reflected in Exhibit 1.[1] These accounts cumulatively contained $9,976,953.97 as of June 30, 2025.

## VI.    LIQUIDATED AND UNLIQUIDATED CLAIMS HELD BY THE RECEIVERSHIP ESTATE

At this time, the Receiver is not aware of significant further liquidated and/or unliquidated claims. As such, during the quarter, the Receiver only spent a minimal amount of time on such claims. As the Receiver approaches the presentation of a final distribution associated with Group 10, any remaining liquidated and/or unliquidated claims will be addressed.

## VII.    PROFESSIONAL FEES AND EXPENSES

During the quarter, the Receiver prepared and submitted his 27th Fee Application (Dkt. 1878), to which objections were filed by the institutional lenders (Dkt. 1886). On June 26, 2025, the Court granted the Receiver's 27th Fee Application, approving the allocations to properties, and imposing a 20% holdback on all fees not subject to other distribution orders. (Dkt. 1897, 1901) The net amounts will be transferred from the individual property accounts in the current quarter.

---

[1] A number of these 33 accounts have balances remaining because of uncashed distribution checks (*see* Section I above).

## VIII.   CONCLUSION

At this time, the Receiver recommends the continuation of the Receivership for at least the following reasons:

1.      The continued investigation, analysis, and recommendations regarding the claims against the Receivership Estate, including, but not limited to, the claims and records of investors;

2.      The continued investigation, analysis, and recovery of potential fraudulent transfer claims and claims against third parties;

3.      The continued analysis and formulation, in consultation with the SEC and the Court, of a just and fair distribution plan for the creditors of the Receivership Estate; and

4.      The discharge of any other legal and/or appointed duties of the Receiver as identified in the August 17, 2018 Order Appointing Receiver, or as the Court deems necessary.

Dated:  July 29, 2025                              Respectfully submitted,

                                                   Kevin B. Duff, Receiver

                                        By:      /s/ Michael Rachlis
                                                 Michael Rachlis (mrachlis@rdaplaw.net)
                                                 Jodi Rosen Wine (jwine@rdaplaw.net)
                                                 Rachlis Duff & Peel, LLC
                                                 542 South Dearborn Street, Suite 900
                                                 Chicago, IL 60605
                                                 Phone (312) 733-3950

                                                 *Attorneys for Kevin B. Duff, Receiver*

## CERTIFICATE OF SERVICE

I hereby certify that I provided service of the foregoing Receiver's Twenty-Eighth Status Report, via ECF filing, to all counsel of record on July 29, 2025.

I further certify that I caused true and correct copies of the foregoing to be served by electronic mail to all known individuals or entities that submitted a proof of claim in this action (sent to the e-mail address each claimant provided on the claim form or subsequently updated).

I further certify that the Receiver's Twenty-Eighth Status Report will be posted to the Receivership webpage at: http://rdaplaw.net/receivership-for-equitybuild

/s/ Michael Rachlis

Michael Rachlis
Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone (312) 733-3950
Fax (312) 733-3952
mrachlis@rdaplaw.net

# Exhibit 1

*SEC v. EquityBuild, Inc., et al.*
**No. 18-cv-5587**
**Balances of Funds in Property Specific Accounts as of June 30, 2025**

| Account Number | Account Name | Property Number | Account Balance as of 6/30/25 (including June 2025 interest and closing transfers posted July 1-2, 2025) | Date of Settlement | Date of Distribution | Reason for Change (if any) 4/1/25 - 6/30/25 |
|---|---|---|---|---|---|---|
| 0462 | 1700 Juneway | 1 | $0.00 | 10/20/2020 | 8/22/2024 | Interest earned, $67.00; transfer residual balance and interest to Receiver's account per 7/15/24 Order (Dkt 1699), ($28,095.36); account closed |
| 0603 | 4533 S. Calumet | 2 | $2,383,573.66 | 12/1/2020 | | Interest earned, $25,591.18 |
| 0371 | 5450 S. Indiana | 4 | $1,890,350.87 | 6/25/2020 | | Interest earned, $20,295.79 |
| 0231 | 7749-59 S. Yates | 5 | $608,765.82 | 4/22/2020 | | Interest earned, $6,535.78 |
| 0389 | 6437 S. Kenwood | 6 | $0.00 | 6/25/2020 | 7/25/2024 | Transfer residual interest to Receiver's account per 7/10/24 Order (Dkt 1695), ($1.84); account closed |
| 0280 | 7109 S. Calumet | 7 | $0.00 | 2/28/2022 | 2/4/2025 | Interest earned, $862.32; transfer residual balance and interest to Receiver's account per 1/24/25 Order (Dkt 1830), ($361,360.15); account closed |
| 0991 | 1414 E. 62nd Place | 8 | $0.00 | 5/26/2021 | N/A | Interest earned, $58.26; transfer residual balance and interest to Receiver's account, ($6,172.85); account closed |

*SEC v. EquityBuild, Inc., et al.*
No. 18-cv-5587
Balances of Funds in Property Specific Accounts as of June 30, 2025

| Account Number | Account Name | Property Number | Account Balance as of 6/30/25 (including June 2025 interest and closing transfers posted July 1-2, 2025) | Date of Settlement | Date of Distribution | Reason for Change (if any) 4/1/25 - 6/30/25 |
|---|---|---|---|---|---|---|
| 0058 | 8100-14 S Essex | 9 | $0.00 | 4/30/2019 | 7/25/2024 | Interest earned, $54.29; reissue distribution to claimant (distribution per 7/10/24 Order (Dkt 1695)), ($7,279.84); transfer residual interest to Receiver's account per 7/10/24 Order (Dkt 1695), ($1,926.75); account closed |
| 0405 | 7760 S. Coles | 50 | $81,301.31 | 6/26/2020 | | Interest earned, $872.79 |
| 0843 | 1401 W. 109th | 51 | $11,443.92 | 5/26/2021 | | Interest earned, $122.79 |
| 1114 | 6807 S. Indiana | 53 | $103,218.73 | 5/26/2021 | | Interest earned, $1,108.15 |
| 0413 | 8000 S. Justine | 54 | $162,115.74 | 6/26/2020 | | Interest earned, $1,740.57 |
| 0421 | 8107-09 S. Ellis | 55 | $75,735.30 | 6/30/2020 | | Interest earned, $813.12 |
| 0439 | 8209 S. Ellis | 56 | $232,176.15 | 7/1/2020 | | Interest earned, $2,492.77 |
| 0447 | 8214-16 S. Ingleside | 57 | $193,433.46 | 6/30/2020 | | Interest earned, $2,076.58 |
| 0124 | 6001-05 S. Sacramento | 59 | $0.00 | 11/5/2019 | 7/26/2024 | Transfer residual interest to Receiver's account per 7/10/24 Order (Dkt 1695), ($0.37); account closed |
| 0132 | 7026-42 S. Cornell | 60 | $0.00 | 11/6/2019 | 7/26/2024 | Transfer residual interest to Receiver's account per 7/10/24 Order (Dkt 1695), ($1.26); account closed |
| 0140 | 7237-43 S. Bennett | 61 | $5,844.11 | 6/30/2021 | 7/26/2024 | Interest earned, $62.71 |

*SEC v. EquityBuild, Inc., et al.*
No. 18-cv-5587
Balances of Funds in Property Specific Accounts as of June 30, 2025

| Account Number | Account Name | Property Number | Account Balance as of 6/30/25 (including June 2025 interest and closing transfers posted July 1-2, 2025) | Date of Settlement | Date of Distribution | Reason for Change (if any) 4/1/25 - 6/30/25 |
|---|---|---|---|---|---|---|
| 0868 | 4611 S. Drexel | 64 | $1,588,602.32 | 5/14/2021 | | Interest earned, $34,108.17; distribution to claimants per 4/25/25 Order (Dkt 1877), ($3,772,021.92); transfer allocated fees per 4/25/25 Order (Dkt 1877), ($27,428.37) |
| 0876 | 6217 S. Dorchester | 68 | $0.00 | 7/6/2021 | 12/3/2024 | Interest earned, $0.12; transfer residual interest to Receiver's account per 11/13/24 Order (Dkt 1788), ($50.74); account closed |
| 0512 | 6250 S. Mozart | 69 | $884,240.25 | 12/22/2020 | | Interest earned, $9,493.58 |
| 0363 | 638 N. Avers | 70 | $526,452.81 | 10/15/2021 | | Interest earned, $5,652.19 |
| 0165 | 701-13 S. 5th Avenue | 71 | $0.00 | 3/31/2020 | 7/26/2024 | Transfer residual interest to Receiver's account per 7/10/24 Order (Dkt 1695), ($0.69); account closed |
| 0884 | 7255 S. Euclid | 73 | $1,128,359.43 | 6/29/2021 | | Interest earned, $12,114.60 |
| 0496 | 3074 Cheltenham | 74 | $0.00 | 9/24/2020 | 8/23/2024 | Interest earned, $24.25; transfer residual balance and interest to Receiver's account per 7/23/24 Order (Dkt 1717), ($10,175.83); account closed |
| 0199 | 7625 S. East End | 75 | $0.00 | 12/20/2019 | 8/23/2024; 10/8/24 | Interest earned, $0.32; transfer residual interest to Receiver's account per 7/23/24 Order (Dkt 1717), ($138.88); account closed |

*SEC v. EquityBuild, Inc., et al.*
No. 18-cv-5587
Balances of Funds in Property Specific Accounts as of June 30, 2025

| Account Number | Account Name | Property Number | Account Balance as of 6/30/25 (including June 2025 interest and closing transfers posted July 1-2, 2025) | Date of Settlement | Date of Distribution | Reason for Change (if any) 4/1/25 - 6/30/25 |
|---|---|---|---|---|---|---|
| 0207 | 7635 S. East End | 76 | $0.00 | 12/20/2019 | 8/23/2024 | Interest earned, $30.24; transfer residual balance and interest to Receiver's account per 7/23/24 Order (Dkt 1717), ($12,683.85); account closed |
| 0223 | 7750 S. Muskegon | 77 | $0.00 | 12/18/2019 | 8/23/2024 | Transfer residual interest to Receiver's account per 7/23/24 Order (Dkt 1717), ($2.09); account closed |
| 0561 | 7201 S. Constance | 78 | $0.00 | 9/30/2020 | 8/23/2024 | Interest earned, $0.01; transfer residual interest to Receiver's account per 7/23/24 Order (Dkt 1717), ($4.58); account closed |
| 0066 | 6160-6212 S King | 79 | $11,407.96 | 4/30/2019 | 8/23/2024 | Interest earned, $152.07; distributions to claimants per 7/15/24 Order (Dkt 1699), ($2,192.82) |
| 0488 | 2736 W. 64th | 80 | $3,001.82 | 9/29/2020 | 4/1/2025 | Interest earned, $1,739.97; distributions to claimants per 3/31/25 Order (Dkt 1871), ($244,396.51) |
| 0900 | 4317 S. Michigan | 81 | $6,645.35 | 12/2/2020 | 4/1/2025 | Interest earned, $3,454.94; distributions to claimants per 3/31/25 Order (Dkt 1871), ($534,039.97) |

*SEC v. EquityBuild, Inc., et al.*
No. 18-cv-5587
Balances of Funds in Property Specific Accounts as of June 30, 2025

| Account Number | Account Name | Property Number | Account Balance as of 6/30/25 (including June 2025 interest and closing transfers posted July 1-2, 2025) | Date of Settlement | Date of Distribution | Reason for Change (if any) 4/1/25 - 6/30/25 |
|---|---|---|---|---|---|---|
| 0520 | 6355 S. Talman | 82 | $4,083.49 | 9/29/2020 | 4/1/2025 | Interest earned, $2,352.36; distributions to claimants per 3/31/25 Order (Dkt 1871), ($336,533.56) |
| 0538 | 6356 S. California | 83 | $2,302.42 | 9/29/2020 | 4/1/2025 | Interest earned, $1,290.68; distributions to claimants per 3/31/25 Order (Dkt 1871), ($193,574.40) |
| 0553 | 7051 S. Bennett | 84 | $3,595.78 | 9/23/2020 | 4/1/2025 | Interest earned, $2,019.05; distributions to claimants per 3/31/25 Order (Dkt 1871), ($305,917.49) |
| 0579 | 7201-07 S. Dorchester | 85 | $3,130.42 | 10/20/2020 | 4/1/2025 | Interest earned, $1,815.19; distributions to claimants per 3/31/25 Order (Dkt 1871), ($252,110.24) |
| 0975 | 7442-48 S. Calumet | 86 | $4,718.44 | 11/16/2020 | 4/1/2025 | Interest earned, $2,691.60; distributions to claimants per 3/31/25 Order (Dkt 1871), ($405,131.54); wire transfer fee from claimant's bank, ($32.21) |
| 0587 | 7508 S. Essex | 87 | $6,129.00 | 10/28/2020 | 4/1/2025 | Interest earned, $3,431.39; distributions to claimants per 3/31/25 Order (Dkt 1871), ($527,440.16) |

*SEC v. EquityBuild, Inc., et al.*
**No. 18-cv-5587**
**Balances of Funds in Property Specific Accounts as of June 30, 2025**

| Account Number | Account Name | Property Number | Account Balance as of 6/30/25 (including June 2025 interest and closing transfers posted July 1-2, 2025) | Date of Settlement | Date of Distribution | Reason for Change (if any) 4/1/25 - 6/30/25 |
|---|---|---|---|---|---|---|
| 0355 | 7546 S. Saginaw | 88 | $4,620.59 | 5/13/2020 | 4/1/2025 | Interest earned, $2,571.89; distributions to claimants per 3/31/25 Order (Dkt 1871), ($395,514.22) |
| 0298 | 7600 S. Kingston | 89 | $12,164.67 | 12/3/2020 | 4/1/2025 | Interest earned, $6,941.62; distributions to claimants per 3/31/25 Order (Dkt 1871), ($1,025,013.58) |
| 0306 | 7656 S. Kingston | 90 | $0.00 | 12/2/2020 | 4/1/2025 | Interest earned, $367.56; distributions to claimants per 3/31/25 Order (Dkt 1871), ($53,409.99); transfer residual interest to Receiver's account per 3/31/25 Order (Dkt 1871), ($695.97); account closed |
| 0918 | 7701 S. Essex | 91 | $5,129.16 | 11/16/2020 | 4/1/2025 | Interest earned, $2,287.82; distributions to claimants per 3/31/25 Order (Dkt 1871), ($317,440.14) |
| 0215 | 7748 S. Essex | 92 | $11,324.06 | 12/18/2019 | 4/1/2025 | Interest earned, $6,729.66; distributions to claimants per 3/31/25 Order (Dkt 1871), ($901,019.14) |
| 0595 | 7957 S. Marquette | 93 | $1,781.44 | 9/21/2020 | 4/1/2025 | Interest earned, $1,000.21; distributions to claimants per 3/31/25 Order (Dkt 1871), ($145,941.43) |

*SEC v. EquityBuild, Inc., et al.*
No. 18-cv-5587
Balances of Funds in Property Specific Accounts as of June 30, 2025

| Account Number | Account Name | Property Number | Account Balance as of 6/30/25 (including June 2025 interest and closing transfers posted July 1-2, 2025) | Date of Settlement | Date of Distribution | Reason for Change (if any) 4/1/25 - 6/30/25 |
|---|---|---|---|---|---|---|
| 0926 | 816 E. Marquette | 94 | $7,420.98 | 11/18/2020 | 4/1/2025 | Interest earned, $4,193.50; distributions to claimanst per 3/31/25 Order (Dkt 1871), ($580,719.29) |
| 0314 | 8201 S. Kingston | 95 | $2,301.84 | 5/21/2020 | 4/1/2025 | Interest earned, $1,299.96; distributions to claimanst per 3/31/25 Order (Dkt 1871), ($191,764.46) |
| 0322 | 8326-58 S. Ellis | 96-99 | $11,582.67 | 6/11/2020 | 4/1/2025 | Interest earned, $6,544.76; distributions to claimanst per 3/31/25 Order (Dkt 1871), ($981,319.89) |
| 0454 | 11117 S. Longwood | 100 | $0.00 | 7/8/2020 | 7/26/2024 | Transfer residual interest to Receiver's account per 7/10/24 Order (Dkt 1695), ($2.67); account closed |
| 0942 | 2800 E. 81st | 108 | $0.00 | 4/30/2021 | 3/25/2025 | Interest earned, $397.50; transfer residual balance and interest to Receiver's account per 3/19/25 Order (Dkt 1865), ($152,550.49); account closed |
| 0959 | 4750 S. Indiana | 109 | $0.00 | 4/21/2021 | 3/12/2025 | Interest earned, $905.67; transfer residual balance and interest to Receiver's account per 3/19/25 Order (Dkt 1865), ($379,515.88); account closed |

*SEC v. EquityBuild, Inc., et al.*
No. 18-cv-5587
Balances of Funds in Property Specific Accounts as of June 30, 2025

| Account Number | Account Name | Property Number | Account Balance as of 6/30/25 (including June 2025 interest and closing transfers posted July 1-2, 2025) | Date of Settlement | Date of Distribution | Reason for Change (if any) 4/1/25 - 6/30/25 |
|---|---|---|---|---|---|---|
| 0504 | 5618 S. Martin Luther King | 110 | $0.00 | 9/29/2020 | 3/25/2025 | Interest earned, $456.51; transfer residual balance and interest to Receiver's account per 3/19/25 Order (Dkt 1865), ($172,311.13); account closed |
| 0546 | 6554-58 S. Vernon | 111 | $0.00 | 10/15/2020 | 3/25/2025 | Interest earned, $561.65; transfer residual balance and interest to Receiver's account per 3/19/25 Order (Dkt 1865), ($230,641.13); account closed |
| 0249 | 7450 S. Luella | 112 | $0.00 | 5/7/2020 | 3/25/2025 | Interest earned, $870.34; transfer residual balance and interest to Receiver's account per 3/19/25 Order (Dkt 1865), ($91,129.01); account closed |
| 0967 | 7840 S. Yates | 113 | $0.00 | 4/23/2021 | 3/25/2025 | Interest earned, $338.21; transfer residual balance and interest to Receiver's account per 3/19/25 Order (Dkt 1865), ($125,851.53); account closed |
| 0983 | 431 E. 42nd Place | 115 | $0.00 | 11/5/2020 | 8/9/2024 | Transfer residual interest to Receiver's account per 7/10/24 Order (Dkt 1695), ($0.01); account closed |
| 0074 | 1102 Bingham | 116 | $0.00 | 10/6/2021 | 7/26/2024; 11/14/24 | Interest earned, $0.27; transfer residual interest to Receiver's account per 7/10/24 Order (Dkt 1695), ($121.84); account closed |
|  | TOTAL FUNDS HELD: |  | $9,976,953.97 |  |  |  |

# Exhibit 2

STANDARDIZED FUND ACCOUNTING REPORT for EQUITYBUILD, INC., et al. - Cash Basis
Receivership; Civil Court Docket No. 18-cv-05587
Reporting Period 4/1/2025 to 6/30/2025

| Fund Accounting (See Instructions): | | Detail | Subtotal | Grand Total |
|---|---|---|---|---|
| Line 1 | Beginning Balance (As of 4/1/2025): | $14,332,286.67 | | $14,332,286.67 |
| | *Increases in Fund Balance:* | | | |
| Line 2 | Business Income | | | |
| Line 3 | Cash and unliquidated assets | | | |
| Line 4 | Interest/Dividend Income | $158,830.00 | | |
| Line 5 | Business Asset Liquidation | | | |
| Line 6 | Personal Asset Liquidation | | | |
| Line 7 | Net Income from Properties | | | |
| Line 8 | Miscellaneous - Other¹ | $6,591,576.85 | | |
| | Total Funds Available (Line 1-8): | | | $21,082,693.52 |
| | *Decrease in Fund Balance:* | | | |
| Line 9 | Disbursements to Investors | | | |
| Line 10 | Disbursements for receivership operations | | | |
| *Line 10a* | Disbursements to receiver or Other Professionals² | ($3,772,990.88) | | |
| *Line 10b* | Business Asset Expenses | | | |
| *Line 10c* | Personal Asset Expenses | | | |
| *Line 10d* | Investment Expenses | | | |
| *Line 10e* | Third-Party Litigation Expenses | | | |
| | 1. Attorney Fees | | | |
| | 2. Litigation Expenses | | | |
| | Total Third-Party Litigation Expenses | | $0.00 | |
| *Line 10f* | Tax Administrator Fees and Bonds | | | |
| *Line 10g* | Federal and State Tax Payments | | | |
| | Total Disbursements for Receivership Operations | | ($3,772,990.88) | |
| Line 11 | Disbursements for Distribution Expenses Paid by the Fund: | | | |
| *Line 11a* | Distribution Plan Development Expenses: | | | |
| | 1. Fees: | | | |
| | Fund Administrator............................................ | | | |
| | Independent Distribution Consultant (IDC)..................... | | | |
| | Distribution Agent............................................ | | | |
| | Consultants.................................................. | | | |
| | Legal Advisers............................................... | | | |
| | Tax Advisers................................................. | | | |
| | 2. Administrative Expenses | | | |
| | 3. Miscellaneous | | | |
| | Total Plan Development Expenses | | $0.00 | |
| *Line 11b* | Distribution Plan Implementation Expenses: | | | |
| | 1. Fees: | | | |
| | Fund Administrator.............................................. | | | |
| | IDC............................................................. | | | |

STANDARDIZED FUND ACCOUNTING REPORT for EQUITYBUILD, INC., et al. - Cash Basis
Receivership; Civil Court Docket No. 18-cv-05587
Reporting Period 4/1/2025 to 6/30/2025

| | | | | |
|---|---|---|---|---|
| | | Distribution Agent…………………………………………… | | |
| | | Consultants………………………………………………….. | | |
| | | Legal Advisers………………………………………………….. | | |
| | | Tax Advisers…………………………………………………..... | | |
| | | 2. Administrative Expenses | | |
| | | 3. Investor identification | | |
| | | Notice/Publishing Approved Plan…………………………………… | | |
| | | Claimant Identification……………………………………………… | | |
| | | Claims Processing………………………………………………….. | | |
| | | Web Site Maintenance/Call Center………………………………… | | |
| | | 4. Fund Adminstrator Bond | | |
| | | 5. Miscellaneous | | |
| | | 6. Federal Account for Investor Restitution | | |
| | | (FAIR) reporting Expenses | | |
| | | Total Plan Implementation Expenses | | |
| | | Total Disbursement for Distribution Expenses Paid by the Fund | $0.00 | |
| Line 12 | **Disbursement to Court/Other:** | | | |
| Line 12a | *Investment Expenses/Court Registry Investment System (CRIS) Fees* | | | |
| Line 12b | *Federal Tax Payments* | | | |
| | Total Disbursement to Court/Others: | | | |
| | Total Funds Disbursed (Lines 1-12): | | | ($3,772,990.88) |
| Line 13 | **Ending Balance (As of 6/30/2025):** | | | $17,309,702.64 |
| Line 14 | **Ending Balance of Fund - Net Assets:** | | | |
| Line 14a | *Cash & Cash Equivalents* | $17,309,702.64 | | |
| Line 14b | *Investments (unliquidated EquityBuild investments)* | | | |
| Line 14c | *Other Assets or uncleared Funds* | | | |
| | **Total Ending Balance of Fund - Net Assets** | | | $17,309,702.64 |

STANDARDIZED FUND ACCOUNTING REPORT for EQUITYBUILD, INC., et al. - Cash Basis
Receivership; Civil Court Docket No. 18-cv-05587
Reporting Period 4/1/2025 to 6/30/2025

[1] Transfers from property accounts 80-96 for allocated fees heldback for fee apps 1-26 & estimated 2025 allocated fees per 3/31/25 Order, Dkt. 1871, $279,648.34; partial settlement proceeds from RFC settlement, $4,733,000.00; transfer remaining funds and residual interest on resolved properties (1700 Juneway; 6437 Kenwood; 7109 Calumet; 6001 Sacramento; 7026 Cornell; 6217 Dorchester; 701 S 5th; 3074 Cheltenham; 7625 East End; 7635 East End; 7750 Muskegon; 7201 Constance; 11117 Longwood; 2800 E 81st; 4750 Indiana; 5618 MLK; 6554 Vernon; 7840 Yates; 431 E 42nd; 1102 Bingham), $1,469,866.25; People's Gas utility refunds, $5,727.99; transfer remaining funds & residual interest on resolved properties (1102 Bingham; 1414 E 62nd; 1700 Juneway; 2800 E 81st; 3074 Cheltenham; 4750 Indiana; 5618 MLK; 6558 Vernon; 6217 Dorchester; 7109 Calumet; 7201 Constance; 7450 Luella; 7625 East End; 7635 East End; 7656 Kingston; 7840 Yates; 8100 Essex), $103,334.27 = Total: $6,591,576.85

[2] Transfer heldback fees apps 1-26 and estimated 2025 allocated fees for Properties 80-96 to RDP (3/31/25 Order, Dkt 1871), ($279,648.34); transfer to Spellmire Bruck IOLTA for contingent fees and expenses from RFC settlement per 2/6/25 Order (Dkt 1838), ($3,493,342.54)  = Total: ($3,772,990.88)

Receiver:

_____
/s/ Kevin B. Duff
(Signature)

_____
Kevin B. Duff, Receiver EquityBuild, Inc., et al.
(Printed Name)

Date: _____
07/15/25

# Exhibit 3

EQUITYBUILD RECEIVERSHIP ESTATE ACCOUNT #0181
April - June 2025
Schedule of Receipts and Disbursements

| | | | | |
|---|---|---|---|---|
| **Beginning Balance 4/1/25** | | | | **$14,332,286.67** |
| | | | | |
| **RECEIPTS** | | | | |
| | | **Received From** | **Amount** | |
| Interest | 4/1/2025 | Interest | $38,056.91 | |
| Transfer In | 4/1/2025 | Transfers for Property Accounts 80-96 distributions - holdbacks fee apps 1-26 and estimated 2025 allocated fees (3/31/25 Order, Dkt 1871) | $279,648.34 | |
| Deposit | 4/16/2025 | Partial settlement proceeds from RFC settlement (Gallagher Bassett Serv Inc) | $4,733,000.00 | |
| Transfers In | 4/18/2025 | Transfer remaining funds & residual interest on resolved properties (1700 Juneway; 6437 Kenwood; 7109 Calumet; 6001 Sacramento; 7026 Cornell; 6217 Dorchester; 701 S 5th; 3074 Cheltenham; 7625 East End; 7635 East End; 7750 Muskegon; 7201 Constance; 11117 Longwood; 2800 E 81st; 4750 Indiana; 5618 MLK; 6554 Vernon; 7840 Yates; 431 E 42nd; 1102 Bingham) | $1,469,866.25 | |
| Deposits | 4/28/2025 | People's Gas utility refunds | $5,727.99 | |
| Interest | 5/1/2025 | Interest | $57,604.39 | |
| Interest | 5/29/2025 | Interest | $528.51 | |
| Interest | 6/2/2025 | Interest | $62,640.19 | |
| Transfers In | 6/18/2025 | Transfer remaining funds & residual interest on resolved properties (1102 Bingham; 1414 E 62nd; 1700 Juneway; 2800 E 81st; 3074 Cheltenham; 4750 Indiana; 5618 MLK; 6558 Vernon; 6217 Dorchester; 7109 Calumet; 7201 Constance; 7450 Luella; 7625 East End; 7635 East End; 7656 Kingston; 7840 Yates; 8100 Essex) | $103,334.27 | |
| | | **TOTAL RECEIPTS** | | $6,750,406.85 |
| | | | | |
| | | | | |

EQUITYBUILD RECEIVERSHIP ESTATE ACCOUNT #0181
April - June 2025
Schedule of Receipts and Disbursements

| | | **Paid To** | **Amount** | |
|---|---|---|---|---|
| Wire Out | 4/3/2025 | Transfer heldback fees apps 1-26 and estimated 2025 allocated fees for Properties 80-96 distributions to RDP (3/31/25 Order, Dkt 1871) | ($279,648.34) | |
| Wire Out | 4/22/2025 | Transfer to Spellmire Bruck IOLTA  for contingent fees and expenses from RFC settlement per 2/6/25 Order (Dkt 1838) | ($3,493,342.54) | |
| | | TOTAL DISBURSEMENTS: | | ($3,772,990.88) |
| | | **Grand Total Cash on Hand at 6/30/2025:** | | **$17,309,702.64** |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

# Exhibit 4

**Master Asset List**

| Receiver's Account (as of 6/30/2025) | | |
|---|---|---|
| **Institution** | **Account Information** | **Amount** |
| AXOS Fiduciary Services | Checking #0181 | $17,309,702.64 |

| Receivership Defendants' Accounts | | | |
|---|---|---|---|
| **Institution** | **Account Information** | **Current Value** | **Amount Transferred to Receiver's Account** |
| Wells Fargo | Checking (53 accounts in the names of the affiliates and affiliate entities included as Receivership Defendants) | | $190,184.13[1] |
| Wells Fargo | Checking (account in the names of Shaun Cohen and spouse) | | $23,065.43[2] |
| Byline Bank | Checking (2 accounts in names of Receivership Defendants) | $21,926.54[3] | |
| | | | Total: $213,249.56 |

| EquityBuild Real Estate Portfolio |
|---|
| For a list of the properties within the EquityBuild portfolio identified by property address, alternative address (where appropriate), number of units, and owner, *see* Exhibit 1 to the Receiver's First Status Report, Docket No. 107. |

| Other, Non-Illinois Real Estate | |
|---|---|
| **Description** | **Appraised Market Value** |
| Single family home in Plano, Texas | ±$450,000.00 |
| | Approximate mortgage amount: $400,000.00 Approximate value less mortgage: $50,000.00 |

[1] This amount reflects the total value of all of the frozen bank accounts held by Wells Fargo that were transferred to the Receiver's account; the final transfer was made on 1/22/20, and included as part of the Receiver's Account as of 3/31/20.

[2] This amount was transferred to the Receiver's Account as of 8/27/18, and is included as part of the total balance of the Receiver's Account as of 3/31/19.

[3] The Receiver is investigating whether these accounts are properly included within the Receivership Estate.