**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF
ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Case No. 1:18-cv-5587 |
| v. | Hon. Manish S. Shah |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | |
| Defendants. | |

**ORDER APPROVING DISTRIBUTION OF PROCEEDS FROM
THE SALE OF PROPERTIES 69 (6250 S MOZART STREET)
AND 73 (7255-57 S EUCLID AVENUE)**

WHEREAS, this matter came before the Court in the Group 7 Claims Resolution Process (Dkt. 941, 1638) and on the Motion filed by Kevin B. Duff, as receiver for the Estate of Defendants EquityBuild, Inc., EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen ("Receiver"), for approval of an agreed plan and order for the distribution of the net sales proceeds in the property accounts for 6250 S Mozart Street ("6250 Mozart" or "Property 69") and 7255-57 S Euclid Avenue ("7255 Euclid" or "Property 73") (collectively, the "Subject Properties") (Dkt. 1888, the "Motion");

WHEREAS, with the Court's approval and over the objection of claimant Citibank N.A., as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB48 ("Citibank as Trustee"), on December 22, 2023, the Receiver sold the property located at 6250 Mozart (Dkt. 910 at 3-4), and on June 29, 2021, the Receiver sold the property located at 7255-57 S Euclid Avenue (Dkt. 966 at 9-11). The net proceeds of sale in the amount of $843,372.55 were deposited into a segregated,

interest-bearing account held by the Receiver for 6250 Mozart, and the net proceeds of sale in the amount of $887,498.04 were deposited into a segregated, interest-bearing account held by the Receiver for 7255 Euclid. Additional deposits and withdrawals have been made to and from these property accounts pursuant to court orders, as reported in the Receiver's quarterly status reports, with the most recent balance of the accounts being $880,451.69 for 6250 Mozart and $1,124,709.41 for 7255 Euclid. (Dkt. 839, 930, 985, 1017, 1077, 1164, 1243, 1280, 1328, 1379, 1448, 1516, 1535, 1589, 1652, 1722, 1771, 1837, 1876);

WHEREAS, the Court approved a claims process as to which fair and adequate notice was provided to all potentially interested persons and all were provided a full and fair opportunity to submit claims and supporting information. (*E.g.,* Dkt. 941) The Court also determined that a summary process for adjudication of allegedly competing secured claims as to those properties, addressing claims against groups of properties on a seriatim basis, was necessary, appropriate, and afforded due process to all claimants and interested persons. (*Id.*);

WHEREAS, the Court initiated the summary process for the resolution of Group 7 claims in April 2024. (Dkt. 1638, 1707) Pursuant to that process, on October 28, 2024, the Receiver filed his Submission on Group 7 Claims, which included recommendations as to the claims asserting an interest in the Subject Properties. (Dkt. 1772) As further explained in that submission, the Receiver recommended that with respect to the Subject Properties, the Court find that the investor lenders be found to have priority over Citibank as Trustee. (*Id.* at 7-8, 30-34 and Exs. 4, 6, 10, 12);

WHEREAS, on November 25 and December 16, 2024, Citibank as Trustee filed position statements asserting that it holds first position security interests in the Subject Properties, that it is entitled to priority over other claimants, that no payments received should be "netted" against

Citibank as Trustee's claims, and that it should be paid both contract and default interest. (Dkt. 1797, 1807);

WHEREAS, also on November 25 and December 16, 2024, the SEC and certain of the investor lenders filed position statements requesting that the Court find that the investor lenders' liens have priority and are entitled to a distribution of the proceeds of the sale of the Subject Properties. (Dkt. 1795, 1796, 1806, 1810) None of the investor lenders who asserted an interest in the Subject Properties asserted an objection to the Receiver's recommendations as to the proposed distribution methodology or the amount of the recommended distributions;

WHEREAS, settlement discussions occurred between the Receiver and Citibank as Trustee, which resulted in a negotiated agreement as to the amount of the distribution to be made to Citibank as Trustee from the funds held in the Subject Property accounts, in the event a motion to approve the agreed distributions was granted consistent with the relief requested;

WHEREAS, Citibank as Trustee and the Receiver have agreed that the distributions and other relief approved in this Order resolve all disputes of any kind or nature between the Receiver, on the one hand, and Citibank as Trustee, on the other hand, with respect to the Subject Properties only, that they will not appeal from or collaterally attack any rulings associated with the Subject Properties, and that any and all other claims that might exist between or among them regarding the Subject Properties are compromised and waived, provided however that Citibank as Trustee will retain unsecured claims for amounts it claims are due but not paid as part of the distributions granted by this Order. These agreements are a compromise of disputes and disagreements between and among Citibank as Trustee and the Receiver, and do not constitute an admission of the validity of any claim, defense, argument, or position made or taken by any party. The agreements over the Subject Properties will not prejudice, impair, or waive either party's position

regarding any other property, and the agreement does not establish a precedent as to any other property;

WHEREAS on June 25, 2025, the Receiver submitted the Motion with recommendations for distributions with regards to the Subject Properties as set forth in Exhibits A-D to the Motion (Dkt. 1895);

WHEREAS, on June 26, 2025, the Court entered an order setting a July 8, 2025 deadline for objections to the proposed settlements with Citibank as Trustee (Dkt. 1897);

WHEREAS, the Motion, the agreed distribution plan set forth in Exhibits A-D to the Motion, and the Court's June 26, 2025 Order, were served by electronic mail upon all claimants who have asserted claims against the Subject Properties and to all known individuals or entities that submitted a proof of claim in this action;

WHEREAS, no objections to the Motion were filed with the Court; and

WHEREAS, on July 14, 2025, the Court entered a minute order granting the Motion, finding that the proposed resolutions were arrived at arm's length and involve reasonable concessions that conserve litigation expenses (which in turn benefits the receivership estate) (Dkt. 1904);

NOW, THEREFORE, the Court, having considered the Motion and the record of this receivership case and being otherwise duly advised in the premises, hereby finds and ORDERS:

1. The Motion is GRANTED.
2. The distribution plan submitted by the Receiver, including as to the amounts set forth in Exhibits 1 and 2 to this Order as to the investor lender claimants, the amounts agreed to by Citibank as Trustee as set forth in the Motion, and the other

terms of the settlement set forth in the motion are fair, reasonable, and in the best interests of the Receivership Estate and are hereby approved.

3. Adequate and fair notice has been provided to all interested and potentially interested parties (including but not limited to all lienholders in the chain of title) of the claims process for the resolution of disputed claims and determination of secured interests, the Receiver's fees and proposed fee allocations, the Receiver's Group 7 submission and recommendations, and the Motion and agreed distributions, and each interested or potentially interested party has had a full and fair opportunity to participate in the claims process and to assert its interests and any objections to the Motion and agreed distribution plan.

4. The Court accepts the Receiver's recommendations on the attached Exhibits 1 and 2, and for each of the claims set forth thereon limits claimants to recovery of principal (offset by any pre-receivership distributions) and denies any claims for interest, penalties, attorneys' fees, or other costs,

5. The Court accepts the Receiver's recommendations and finds that the following claimants agreed to relinquish their secured interest in a Subject Property by rolling their loan in full or in part to an equity position, an unsecured promissory note, or a property that is not a part of the Receivership Estate, and will therefore be treated as unsecured creditors and their claims against the relevant Group 7 property be considered along with all other unsecured claims in Group 10:

   a) iPlanGroup Agent for Custodian FBO Eric Schwartz (69-157)
   
   b) Optima Property Solutions, LLC (70-1023)
   
   c) John Witzigreuter (73-729)

        d)        Joseph P. McCarthy (73-1367)

        e)        iPlan Group Agent for Custodian FBO Ken Jorgenson IRA (73-194)

        f)        US Freedom Investments, LLC (73-1234)

6. As soon as such distributions can be reasonably achieved, the Receiver shall disburse in resolution of the claims against the Subject Properties:

        a)        a total of $546,032.95 to the investor lender claimants identified on Exhibit 1 in the respective amounts set forth therein;

        b)        a total of $606,610.11 to the investor lender claimants identified on Exhibit 2 in the respective amounts set forth therein;

        c)        $302,499.35 to Citibank as Trustee from the account held for Property 69, and

        d)        $495,000.00 to Citibank as Trustee from the account held for Property 73.

7. Citibank as Trustee is further granted relief from the stay imposed in the Order Appointing Receiver (Dkt. 16) to the extent that it may liquidate any reserve or escrow accounts held with respect to the Subject Properties and transfer any remaining balances to itself or its designee(s).

8. Because the Court intends that this be a final distribution, there will not be any holdbacks of professional fees or expenses associated with the Receiver's fee applications or fee allocation motions upon the distribution of proceeds to claimants. Accordingly, as soon as such distributions can reasonably be achieved, the Receiver shall disburse $25,544.25 from the accounts held for 6250 Mozart and $14,964.07 from the account held for 7255 Euclid, in payment of fees previously

       held back pursuant to the Court's orders with respect to the Receiver's Fee Applications 1-27. (Dkt. 1372, 1452, 1469, 1510, 1511, 1539, 1573, 1675, 1758, 1831, 1856, 1901)

9. Following the distributions ordered herein, the net of the remaining balances of the property accounts for the Subject Properties, including any interest hereafter accruing shall be transferred to the Receiver's account for use in the administration of the Receivership Estate and/or as otherwise ordered by the Court, and any approved fees that are allocated to the Subject Properties in fee applications for the second quarter of 2025 and any subsequent quarters may be paid from the Receiver's account.

Entered:

Manish S. Shah
United States District Court Judge

Date: August 13, 2025