## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** ) | |
| ) | |
| **Plaintiff,** ) | Civil Action No. 18-cv-5587 |
| ) | |
| **v.** ) | Honorable Manish S. Shah |
| ) | |
| **EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,** ) | Magistrate Judge Young B. Kim |
| ) | |
| **Defendants.** ) | |
| ) | |

### MOTION TO APPROVE ADDITIONAL GROUP 7 DISTRIBUTION AND TRANSFER OF FUNDS FROM RECEIVER'S ACCOUNT

Kevin B. Duff, as receiver for the Estate of Defendants EquityBuild, Inc., EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen ("Receiver"), hereby moves for approval of a distribution on claim 69-244 submitted by claimant La Donna Wright Acklen ("Acklen"), and the related transfer of funds from the Receiver's account to the account held for 6250 S Mozart Street ("Property 69"). In support of his motion, the Receiver states as follows:

1. On June 25, 2025, the Receiver filed a Motion to Approve Distributions of Proceeds from the Sale of Property 69. (Dkt. 1895) In support of his motion, the Receiver submitted a Proposed Distribution Plan for investor lenders with claims secured by Property 69. (*Id.* at Ex. B)

2. On August 13, 2025, the Court entered a final distribution order for Property 69. (Dkt. 1907)

3. Claim 69-244 was missing from both the Proposed Distribution Plan and the Final Distribution Order. The Proof of Claim ("POC") submitted by Acklen included a $120,000 claim

1

related to a loan secured by former property 4511 N Merrimac (claim 130-244). The POC further indicated a rollover of $102,976 of claimant's 4511 N Merrimac loan to the loan secured by 6250 Mozart, but this was identified on the POC only by the loan number and not the property address.

4.     As a result, claim 69-244 in the amount of $102,976.00 was inadvertently not included in the Receiver's distribution plan for Property 69. Had the claim been included, the Receiver would have recommended disallowing $33,812.99 accrued interest added to the principal amount of the loan, and setting-off $29,855.52 post-rollover interest paid on the 6250 Mozart loan, for a maximum potential distribution on claim 69-244 of $39,307.49.

5.     The investor lenders asserting claims against Property 69 recovered 0.473952521 of their maximum recommended distributions, and the distributions pursuant to the Court's Order (Dkt. 1907) have been made.[1] Accordingly, the Receiver recommends that Acklen recover at the same rate for her claim 69-244, resulting in a distribution in the amount of $18,629.88.

6.     Although the proposed distribution plan for Property 69 was intended to distribute 100% of the funds in the property account (*see* Dkt. 1895, Ex. A), interest has accrued on the balance in that account in the months since the May 20-21, 2025 settlement conference with Judge Kim at which the proposed plan was agreed upon. As a result, there is currently $12,212.05 available in the Property 69 account which, pursuant to the Court's order will be transferred to the Receiver's account for use in the administration of the Receivership Estate and/or as otherwise ordered. (Dkt. 1907)

---

[1] This was reported as "approximately 47.4% in the Receiver's proposed distribution plan. (Dkt. 1895 at p. 5, ¶ 13(a)) Had claim 69-244 been included, the recovery for all investor lenders would have been approximately 45.8%.

7.      The $12,212.05 balance in the Property 69 account is $6,417.83 short of the amount needed for the recommended $18,629.88 distribution on claim 69-244, and therefore the Receiver requests approval to transfer this amount to the Property 69 account in order to effectuate the recommended distribution.

8.      The SEC has informed the Receiver that it does not object to this motion or the relief requested.

### **Prayer for Relief**

WHEREFORE, the Receiver seeks the following relief:

a)      approval to transfer $6,417.83 from the Receiver's account to the account held for Property 69;

b)      approval to, then, distribute $18,629.88 from the account held for Property 69 to claimant La Donna Wright Acklen for claim 69-244; and

c)      such other relief as the Court deems fair and equitable.

Dated:  September 5, 2025                          Respectfully submitted,

                                                                    Kevin B. Duff, Receiver

                                            By:      /s/ Michael Rachlis
                                                        Michael Rachlis
                                                        Jodi Rosen Wine
                                                        Rachlis Duff & Peel LLC
                                                        542 South Dearborn Street, Suite 900
                                                        Chicago, IL 60605
                                                        Phone (312) 733-3950
                                                        mrachlis@rdaplaw.net
                                                        jwine@rdaplaw.net

                                                        *Counsel for Kevin B. Duff, Receiver*