UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 18-cv-5587 |
| v. | ) ) | Judge Manish S. Shah |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | ) ) ) ) ) | Magistrate Judge Young B. Kim |
| Defendants. | ) ) | |

**RECEIVER'S MOTION TO APPROVE
SETTLEMENT WITH BAUER LATOZA STUDIO LTD.**

Kevin B. Duff, as receiver ("Receiver") for the Estate of Defendants EquityBuild, Inc. ("EquityBuild"), EquityBuild Finance, LLC ("EquityBuild Finance"), their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen (collectively, the "Receivership Defendants"), respectfully moves for an order approving a settlement reached with claimant Bauer Latoza Studio Ltd. ("Bauer Latoza"). In support of his motion, the Receiver states as follows:

1. On or about January 23, 2019, Bauer Latoza filed a Verified Complaint in the Circuit Court of Cook County captioned *Bauer Latoza Studio Ltd. v. EquityBuild, Inc.*, Case No. 2019-L-000787 (the "Circuit Court Action"). The Complaint asserted two breach of contract claims related to architectural services that Bauer Latoza allegedly provided to EquityBuild with respect to the properties located at 4533 S Calumet Avenue and 6160 S Martin Luther King Drive, respectively.

1

2. Pursuant to the August 17, 2018 Order Appointing Receiver (Dkt. 16), which authorizes the Receiver to defend all suits, actions, claims, and demands asserted against the Receivership Estate (Dkt. 16, ¶ 8(N)), the Receiver appeared in the Circuit Court Action.

3. On March 21, 2019, the Circuit Court Action was stayed pursuant to the Order Appointing Receiver in the instant case, and has remained on the Circuit Court's special stay calendar since that time.

4. On or about June 12, 2019, Bauer Latoza submitted a proof of claim in these proceedings asserting a $27,450 interest in 6160 MLK (claim 79-885), and a $3,075 interest in 4533 Calumet (claim 2-885). In the claims processes for Group 2 and Group 7, both of these claims were deemed to be unsecured claims of a trade creditor, to be considered as part of Group 10. (Dkt. 1699, 1905)

5. Settlement discussions between the Receiver and Bauer Latoza have taken place and these parties reached a negotiated agreement to recommend to this Court as to the resolution of both the Circuit Court Action and Bauer Latoza's claim numbers 79-885 and 2-885 in these proceedings (the "Settlement"). This Settlement is contingent on the Court granting the instant motion.

6. Pursuant to the proposed Settlement:

    a. within 7 days of the entry of an order approving the Settlement, Bauer Latoza will file a motion to dismiss the Circuit Court Action with prejudice, in a format that has been approved by the Receiver;

    b. within 7 days of entry of an order dismissing the Circuit Court Action with prejudice, the Receiver will pay, by wire transfer from the Receiver's account, $2,500.00

to Bauer Latoza in full settlement of its claims (presuming appropriate wire transfer instructions are received in a timely manner);

  c. without either party admitting liability or the validity of any claim, this Settlement resolves all disputes of any kind or nature between the Receiver, the Receivership Estate, and Bauer Latoza;

  d. neither Bauer Latoza nor the Receiver will appeal from or collaterally attack any rulings associated with Bauer Latoza's claims in this matter; and

  e. all other claims, objections, or rights that might exist between the Receiver, the Receivership Estate, and Bauer Latoza are hereby released, compromised, and waived such that Bauer Latoza will receive nothing further from the Receivership Estate.

7. A settlement by a federal equity receiver is within the receiver's broad discretion and should be approved if it is fair. *Gordon v. Dadante*, 336 Fed. Appx. 540 (6th Cir. 2009). A district court's determination of the fairness of a settlement by a receiver is subject to the sound discretion of the court. *Id.* at 545; *see also Sterling v. Stewart*, 158 F.3d 1199, 1202 (11th Cir. 1998) (the determination of fairness of a settlement in an equity receivership will not be overturned absent a clear showing of abuse of discretion).

8. The Receiver believes that the Settlement described in this motion is a fair and reasonable settlement for the Receivership Estate and is in the Receivership Estate's best interest, and that there will be savings of time and resources achieved based on the agreements reached between the Receiver and Bauer Latoza.

9. Notice of this motion is being given to each of the claimants who have submitted claims in this matter. In addition, this motion will be made publicly available to all interested and

3

potentially interested parties by posting a copy of it to the Receivership website at https://rdaplaw.net/equitybuild-receivership/.

10. The Receiver has conferred with counsel for the SEC which consents to the relief requested in this motion.

WHEREFORE, the Receiver seeks the following relief:

a) a finding that adequate and fair notice has been provided to all interested and potentially interested parties of the claims process, the Receiver's recommendations with respect to Bauer Latoza's claims, and the current motion;

b) an order finding that the Settlement between the Receiver and Bauer Latoza is fair, reasonable, and in the best interests of the Receivership Estate;

c) an order providing a full and fair opportunity for each interested party to assert its interests and any objections to the relief requested in this motion;

d) an order finding either that no objections were filed or a finding that the Settlement is approved over any such objections; and

e) such other relief as the Court deems fair and equitable

Dated: September 26, 2025　　　　　Respectfully submitted,

/s/ Michael Rachlis

Michael Rachlis
Jodi Rosen Wine
Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone (312) 733-3950
Fax (312) 733-3952
mrachlis@rdaplaw.net
jwine@rdaplaw.net

4