# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action No. 18-cv-5587** |
| ) | |
| **v.** ) | **Hon. Manish S. Shah** |
| ) | |
| **EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,** ) ) ) | **Magistrate Judge Young B. Kim** |
| ) | |
| **Defendants.** ) | |
| ) | |

## RECEIVER'S (CORRECTED) TWENTY-NINTH STATUS REPORT
### (Third Quarter 2025)

Kevin B. Duff, as receiver ("Receiver") for the Estate of Defendants EquityBuild, Inc., EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen (collectively, the "Receivership Defendants"), and pursuant to the powers vested in him by Order of this Court, respectfully submits this Twenty-Ninth Status Report for the quarter ending September 30, 2025.

## I.    CREDITORS AND CLAIMS AGAINST THE RECEIVERSHIP ESTATE

During the Third Quarter 2025, claims were resolved for Group 6 properties 50, 51, 53-57 and Group 7 properties 2, 69, 70 and 73, resulting in an additional $5,001,444.16 distributed to claimants during the quarter, bringing the aggregate total of distributions to claimants as a result of resolved claims to $61,799,011.58 as of September 30, 2025.

A.  Claims Process with Respect to Claims Secured by Properties

The process to resolve the purportedly secured claims by groups of properties was completed during the quarter.  All proceeds from the sale of these properties have been distributed or are in the process of being distributed, except for the two properties that are the subject of an appeal pending in the U.S. Court of Appeals for the Seventh Circuit—5450-52 S Indiana Avenue (Property 4) and 7749-59 S Yates Boulevard (Property 5).  These distributions have been stayed pending the outcome of that appeal.  The activities that transpired during the quarter with respect to the property groups are described in additional detail below:

**Group 1**

There are 179 claims asserting an interest in the five properties in Group 1:

1. 3074 Cheltenham Place (Property 74)
2. 7625-33 S East End Avenue (Property 75)
3. 7635-43 S East End Avenue (Property 76)
4. 7750-58 S Muskegon Avenue (Property 77)
5. 7201 S Constance Avenue (Property 78)

The Group 1 proceedings have concluded and all Group 1 distributions have been made.

**Group 2**

There are 309 claims asserting an interest in the five properties in Group 2:

1. 1700-08 W Juneway Terrace (Property 1)
2. 5450-52 S Indiana Avenue (Property 4)
3. 7749-59 S Yates Boulevard (Property 5)
4. 6160-6212 S Martin Luther King Drive (Property 79)
5. 6949-59 S Merrill Avenue (Property 101)

The Group 2 proceedings have concluded with respect to the properties located at 1700 W Juneway (Property 1), 6160 S MLK (Property 79), and 6949 S Merrill (Property 101).  All distributions for these three properties have been made. One distribution check for Property 79

remains uncashed. The Receiver's team has been in touch with this claimant, who is refusing to cash the check because the claimant is displeased with the amount of the distribution.

The properties located at 5450 S Indiana (Property 4) and 7749 S Yates (Property 5) are the subject of an appeal filed by institutional lender claimant Shatar Capital, and distributions on claims relating to these two properties have been stayed by the Court's order (Dkt. 1750) pending resolution of the appeal. Accordingly, no distributions will be made on 5450 S Indiana (Property 4) or 7749 S Yates (Property 5) until after the appeal is resolved. The Seventh Circuit Court of Appeals held oral argument on September 4, 2025, and the parties are awaiting a decision.

### Group 3

There are 204 claims asserting an interest in the Group 3 properties, which include:

1. 7301-09 S Stewart Avenue (Property 10)
2. 7500-06 S Eggleston Avenue (Property 11)
3. 3030-32 E 79th Street (Property 12)
4. 2909-19 E 78th Street (Property 13)
5. 7549-59 S Essex Avenue (Property 14)
6. 8047-55 S Manistee Avenue (Property 15)
7. 7927-49 S Essex Avenue (Properties 102-106)

The three properties in Chicago Capital Fund I ("CCF1") are Properties 10, 11, and 12. The three properties in Chicago Capital Fund II ("CCF2") are Properties 13, 14, and 15.

The Group 3 proceedings have concluded and all Group 3 distributions have been made.

### Group 4

There are 402 claims asserting an interest in the eleven properties in Group 4:

1. 6437-41 S Kenwood Avenue (Property 6)
2. 8100 S Essex Avenue (Property 9)
3. 5955 S Sacramento Avenue (Property 58)
4. 6001-05 S Sacramento Avenue (Property 59)
5. 7026-42 S Cornell Avenue (Property 60)
6. 7237-43 S Bennett Avenue (Property 61)
7. 7834-44 S Ellis Avenue (Property 62)
8. 701-13 S 5th Avenue, Maywood, Illinois (Property 71)

9. <u>11117-19 S Longwood Drive</u> (Property 100)
10. <u>1102 Bingham Street, Houston, Texas</u> (Property 116)
11. <u>431 E 42nd Place</u> (Property 141)

The Group 4 proceedings have concluded and all Group 4 distributions have been made.

## **Group 5**

There are 83 claims asserting an interest in the four properties in Group 5:

1. <u>5001 S Drexel Boulevard</u> (Property 3)
2. <u>7300-04 St Lawrence Avenue</u> (Property 49)
3. <u>310 E 50th Street</u> (Property 52)
4. <u>4520-26 S Drexel Boulevard</u> (Property 63)

The Group 5 proceedings have concluded and all Group 5 distributions have been made.

As to the individual investor lender claimants with respect to Properties 3 and 63, the Court found that these claims were not secured by the properties (Dkt. 1677, 1752), and therefore will be considered in Group 10 (or were already considered in one of the other groups), as indicated in Exhibits 3 and 4 to the Receiver's Group 5 submission (Dkt. 1626).

## **Group 6**

There are 151 claims asserting an interest in the fifteen properties in Group 6:

1. <u>1414 &1418 East 62nd Place</u> (Property 8)
2. <u>6217-27 S Dorchester Avenue</u> (Property 68)
3. <u>2800-06 E 81st Street</u> (Property 108)
4. <u>4570-52 S Indiana Avenue</u> (Property 109)
5. <u>5618-20 S Martin Luther King Drive</u> (Property 110)
6. <u>6558 S Vernon Avenue</u> (Property 111)
7. <u>7450 S Luella Avenue</u> (Property 112)
8. <u>7840-42 S Yates Avenue</u> (Property 113)
9. <u>7760 S Coles Avenue</u> (Property 50)
10. <u>1401 W 109th Place</u> (Property 51)
11. <u>6807 S Indiana Avenue</u> (Property 53)
12. <u>8000-02 S Justine Street</u> (Property 54)
13. <u>8107-09 S Ellis Avenue</u> (Property 55)
14. <u>8209 S Ellis Avenue</u> (Property 56)
15. <u>8214-16 S Ingleside Avenue</u> (Property 57)

The Group 6 proceedings have concluded and all Group 6 distributions have been made. During the quarter, the Court granted the Receiver's motion to approve distributions on Properties 50, 51, and 53-57 (Dkt. 1891, 1897), and entered a distribution order on July 9, 2025 (Dkt. 1902). Distribution of the proceeds from the sale of properties 50, 51, 53-57 were mailed on or around July 28, 2025, and have all been cashed.

**<u>Group 7</u>**

There are 192 claims asserting an interest in the six properties in Group 7:

1. <u>4533-47 S Calumet Avenue</u> (Property 2)
2. <u>7109-19 S Calumet Avenue</u> (Property 7)
3. <u>4611-17 S Drexel Boulevard</u> (Property 64)
4. <u>6250 S Mozart Avenue</u> (Property 69)
5. <u>638-40 N Avers Avenue</u> (Property 70)
6. <u>7255-57 S Euclid Avenue</u> (Property 73)

The Group 7 proceedings have concluded and all Group 7 distributions have been made. The Court found that none of the investor-lender claimants asserting an interest in Property 7 retained a secured interest or a lien on the proceeds from the sale of that property, and therefore those claims will be considered in Group 10 (or were already considered in one of the other groups), as indicated in Exhibit 2 to the Receiver's submission on Group 7 claims. (Dkt. 1772)

During the quarter, the Court granted the Receiver's Motion to Approve Distribution of Proceeds from the Sale of Property 70 (Dkt. 1888, 1894), and entered an Order approving the proposed distributions on July 9, 2025 (Dkt. 1903). The Court also granted the Receiver's Motion to Approve Distribution of Proceeds from the Sale of Property 2 (Dkt. 1898, 1904), and entered an Order approving the proposed distributions on July 21, 2025 (Dkt. 1905). And finally, the Court granted the Receiver's Motion to Approve Distribution of Proceeds from the Sale of Properties 69 and 73 (Dkt. 1895, 1904), and entered an Order approving the proposed distributions on August 13, 2025 (Dkt. 1907)

Distributions pursuant to the Court's orders for Properties 2, 69, 70, and 73 were mailed in August. Only three checks from the 7255 Euclid (Property 73) account remain uncashed.

**<u>Group 8</u>**

There are 470 claims asserting an interest in the 17 properties in Group 8:

1. <u>2736 W 64th Street</u> (Property 80)
2. <u>4317-19 S Michigan Avenue</u> (Property 81)
3. <u>6355-59 S Talman Avenue</u> (Property 82)
4. <u>6356 S California Avenue</u> (Property 83)
5. <u>7051 S Bennett Avenue</u> (Property 84)
6. <u>7201-07 S Dorchester Avenue</u> (Property 85)
7. <u>7442-48 S Calumet Avenue</u> (Property 86)
8. <u>7508 S Essex Avenue</u> (Property 87)
9. <u>7546-48 S Saginaw Avenue</u> (Property 88)
10. <u>7600-10 S Kingston Avenue</u> (Property 89)
11. <u>7656-58 S Kingston Avenue</u> (Property 90)
12. <u>7701-03 S Essex Avenue</u> (Property 91)
13. <u>7748-52 S Essex Avenue</u> (Property 92)
14. <u>7957-59 S Marquette Road</u> (Property 93)
15. <u>816-20 E Marquette Road</u> (Property 94)
16. <u>8201 S Kingston Avenue</u> (Property 95)
17. <u>8326-58 S Ellis Avenue</u> (Property 96-99)

The Group 8 proceedings have concluded and all distributions for the seventeen Group 8 properties have been made. Only one of the 383 distribution checks remains outstanding.

**<u>Group 9</u>**

Group 9 consists of two properties located at:

1. <u>1131-41 E 79th Place</u> (Property 67)
2. <u>7024-32 S Paxton Avenue</u> (Property 72)

The claims process for the Group 9 properties has concluded and distribution of the proceeds from the sale of these two properties have been made. As to the individual investor lender claimants with respect to these Group 9 properties, the Court found that these claims were not secured by the properties (Dkt. 1666), and therefore will be considered in Group 10 (or have

been considered in one of the other groups), as indicated in Exhibits 2 and 3 to the Receiver's Motion to Approve Distributions for Properties 67 and 72 (Dkt. 1653).

B.  Claims Process for Unsecured Claims (Group 10)

The final claims group, Group 10, will address how the unencumbered funds in the Receiver's account will be distributed to claimants.  Throughout this receivership, the Receiver has endeavored to bring funds into the Estate from various sources such as the sale of the personal residence of Jerome Cohen, a portion of the life insurance benefit for Jerome Cohen, lawsuits filed against EquityBuild's retained professionals and insiders, and the settlement of claims secured by properties with sufficient funds in amounts that have allowed for funds to be transferred to the Receiver's account.  As reported herein, at the end of the quarter there was $19,382,596.72 in that account that the Receiver expects will be used for administrative expenses and Group 10 distributions.

Group 10 will address all remaining unsecured claims.  These include claims asserting an interest in equity funds or unsecured promissory notes, previously secured claims that were rolled to unsecured investments, trade creditors and other non-lender creditors, as well as secured claims that were not completely satisfied in claim Groups 1-9 (and have not been waived and/or compromised).  There is no guarantee, however, that all claimants who have a claim that will be considered in Group 10 will receive a Group 10 distribution.

During the quarter, the Receiver and the Receivership team worked with the accounting firm Sorren (f/k/a KMA) to create a distribution plan and to analyze the results of applying various distribution methodologies.  These efforts are ongoing.  The Receiver plans to propose a methodology for the Court's approval, and to submit an equitable distribution plan for the distribution of the Estate's unencumbered funds.  The Receiver's efforts in this regard are

constrained by the pending appeal, which could potentially impact the recoveries of 140 claimants and thus the Receiver's Group 10 recommendations to the Court.

* * *

Finally, the Receiver repeats the following reminders regarding claims and the claims process. Claimants may want to consider whether to hire counsel to assist them with the claims process. Claimants do not have an obligation to retain counsel in order to participate in the claims process, but the Receiver and his counsel cannot provide legal advice to any claimant, nor can the Receiver advise claimants regarding whether or not they should retain counsel. Any claimant that chooses to proceed without counsel should visit the section of the Court's website (www.ilnd.uscourts.gov) named "Information for People Without Lawyers (Pro Se)" which provides useful information and also states the following: "The rules, procedures and law that affect your case are very often hard to understand. With that in mind, you should seriously consider trying to obtain professional legal assistance from an attorney instead of representing yourself as a pro se party." Claimants may also want to speak with a lawyer to assist them in determining for themselves whether or not to retain counsel.

All claimants have a continuing responsibility to ensure that the Receiver at all times has current and up-to-date contact information so that the Receiver may provide important information relating to the claims process, the claimant's claim, or the Receivership Estate, as well as mail distribution checks for approved claims. Additionally, any claimants who have closed their retirement accounts and transferred their interests to a different IRA or 401k custodian, or to themselves individually, should notify the Receiver and provide documentation of the transfer or distribution from their former custodian. Claimants may provide updated information and documentation to the Receiver at equitybuildclaims@rdaplaw.net.

## II.     ADDITIONAL OPERATIONS OF THE RECEIVER

### A.  Identification, Preservation, and Recovery of Assets

During the Third Quarter 2025, the Receiver continued efforts to identify, preserve, and recover assets.  To this end, on September 2, 2025, the Receiver recovered $21,929.66 from a Byline Bank account held by EquityBuild.  Also, on September 9, 2025, the Receiver filed a Motion for Entry of Judicial Order Directing Disbursement of Earnest Money Held in Escrow (Dkt. 1916), to recover $431,520.00 in earnest money deposits held by First American Title relating to unperformed contracts for receivership's sale of three estate properties. The Court granted the Receiver's motion following a period for objections, and entered an order directing release and delivery of these earnest money deposits to the Receiver's account.  (Dkt. 1921)  These funds were delivered to the Receiver on September 26, 2025.

### B.  Financial Reporting of Receipts and Expenditures

The Receiver only needed to devote a minimal amount of work during the quarter to financial reporting.

### C.  Open Litigation

The Receiver is aware of four actions currently pending in the Circuit Court of Cook County in which an EquityBuild entity is a named defendant, including:

- *Equity Trust Co. Custodian FBO Joseph Kennedy IRA v. EquityBuild Inc., et al.*, Case No. 2022 CH 02709. This foreclosure action on 107-11 N. Laramie was filed March 25, 2022 pursuant to this Court's Order partially lifting the stay of litigation. (Dkt. 1176)  On July 21, 2025, plaintiff filed an amended complaint naming the current owner of the property, and on August 29, 2025 an alias summons issued for this owner, EE26 Southside 65 LLC. There has been no return of service nor answer filed.

- *Jerrine Pennington for Valerie Pennington, Deceased v. 4533 Calumet, LLC*, Case No. 2021 L 10115.  An order indefinitely transferring this matter to the circuit court's special stay calendar pursuant to this Court's Order Appointing Receiver (Dkt. 16) was entered on January 27, 2022, and on February 15, 2024, the case was placed on the Law Division's insurance stay calendar.  During the quarter, the Receiver initiated discussions with plaintiff's counsel regarding a potential resolution of the claim and these discussions remain ongoing.

- *Bauer Latoza Studio Ltd. v. EquityBuild Inc.*, Case No. 2019 L 000787.  The Receiver reached a negotiated resolution of both this state court action against EquityBuild and the plaintiff's claims against the estate, the state court matter has been dismissed, and a distribution has been made pursuant to this Court's Order approving the settlement. (Dkt. 1928)

- *Michigan Shore Apartments, LLC v. EquityBuild, Inc., et al.*, Case No. 2018 CH 09098.  The stay of this matter pursuant to this Court's Order Appointing Receiver (Dkt. 16), was continued to December 2, 2025, by court order entered December 3, 2024.  During the quarter, the Receiver initiated discussions with plaintiff's counsel regarding a potential resolution of the claim and these discussions remain ongoing.

D.  Claimant Communications

The Receiver has provided and continues to maintain numerous resources to keep claimants informed about proceedings in this action.  To provide basic information, the Receiver established and regularly updates a webpage (https://rdaplaw.net/equitybuild-receivership/) for claimants and other interested parties to obtain information and certain court filings related to the Receivership Estate.  A copy of this Status Report will be posted on the Receivership web site.

Court filings and orders are also available through PACER, which is an electronic filing system used for submissions to the Court. Investor claimants and others seeking court filings and orders can visit www.ilnd.uscourts.gov for information about accessing filings through PACER.

Beyond those avenues, the Receiver keeps claimants informed regarding major occurrences in the Receivership and in the claims process for specific Groups through regular email communications. Additionally, the Receiver continues to receive and respond to numerous emails and voicemails from claimants and their representatives. The Receiver and his staff responded in writing to approximately 131 such inquiries during the Third Quarter 2025, and sent an additional 35 emails confirming distribution payee and address information, in addition to conducting a number of oral communications. The Receiver will continue to work to ensure that information is available and/or otherwise provided as quickly and completely as practicable, asks all stakeholders and interested parties for patience during this lengthy process, and reiterates that responding to individual inquiries depletes Receivership assets. These quarterly status reports and the Receiver's other court filings remain the most efficient means of communicating information regarding the activities of the Receivership Estate.

E.  Control of Receivership Property and Records

The Receiver has continued efforts to preserve all EquityBuild property and records. The Receiver continues to undertake efforts to maintain, preserve, and utilize EquityBuild's internal documents during the pendency of this matter, as well as for use in document productions and investigations in the matters brought by the Receiver against the former EquityBuild professionals.

F.  Factual Investigation

The Receiver and his retained professionals have continued to review and analyze the following: (i) documents and correspondence sent to or received from the EquityBuild principals,

to whose email accounts the Receiver has access; (ii) bank records from EquityBuild and its affiliate entities; (iii) EquityBuild documents; (iv) available underlying transaction documents received to-date from former Chicago-based EquityBuild counsel; (v) files produced by former EquityBuild counsel, accountants, and employees; and (vi) files produced pursuant to subpoenas issued by the Receiver.

G. Tax Issues

During the Third Quarter of 2025, the Receiver's tax administrator, Miller Kaplan, assisted with certain additional tax and compliance issues relating to property distributions, related follow-up with claimants, tax reporting, and preparation of the Receivership Estate's 2024 tax returns and 2025 estimated tax filings and withholdings.

The Receiver has informed investors that he cannot provide advice on tax matters. Moreover, the Receiver and his retained professionals do not plan to issue Forms 1099-INT or other tax forms to investors. However, Forms 1099-R may or have been issued to investors who previously held investments through closed retirement accounts and as a result received distributions directly. With respect to valuation, loss, or other tax issues, investors and their tax advisors may wish to seek independent tax advice and to consider IRS Rev. Proc. 2009-20 and IRS Rev. Rul. 2009-9.

H. Accounts Established by the Receiver for the Benefit of the Receivership Estate

The Receiver established custodial accounts at a federally insured financial institution to hold all cash proceeds from the sale of the Receivership properties. These interest-bearing checking accounts are used by the Receiver to collect liquid assets of the Estate and to pay portfolio-related and administrative expenses. The Receiver also established separate interest-bearing accounts to hold funds from the sale of real estate, as directed by Court order, until such

time as it becomes appropriate to distribute such funds, upon Court approval, to the various creditors of the Estate, including but not limited to the defrauded investors or lenders.

Attached as **Exhibit 1** is a schedule reflecting the balance of funds in all of the property specific accounts as of September 30, 2025, with a description of any changes to the account balance during the quarter.

### III.     RECEIVER'S FUND ACCOUNTING

The Receiver's Standardized Fund Accounting Report ("SFAR") for the Third Quarter 2025 is attached hereto as **Exhibit 2**. The SFAR discloses the funds received and disbursed from the Receivership Estate during this reporting period. As reported in the SFAR, cash on hand as of September 30, 2025 equaled $19,382,596.72. The information reflected in the SFAR is based on records and information currently available to the Receiver. The Receiver and his advisors are continuing with their evaluation and analysis.

### IV.     RECEIVER'S SCHEDULE OF RECEIPTS AND DISBURSEMENTS

The Receiver's Schedule of Receipts and Disbursements ("Schedule") for the Third Quarter 2025 is attached hereto as **Exhibit 3**. This Schedule reflects $2,468,840.26 in total receipts and $395,946.18 in total disbursements to and from the Receiver's (non-property) accounts during the quarter.

### V.     RECEIVERSHIP PROPERTY

All known Receivership Property is identified and described in the Master Asset List attached hereto as **Exhibit 4**. The Master Asset List identifies 56 checking accounts in the names of the affiliate entities identified as Receivership Defendants, reflecting transfers of $235,179.22 to the Receiver's account. (*See also* Dkt. 348 at 23-24 for additional information relating to these funds) The Master Asset List also identifies funds in the Receiver's account in the amount of $19,382,596.72. The Master Asset List does not include funds received or recovered after

September 30, 2025. Nor does it include potentially recoverable assets for which the Receiver is still evaluating the value, potential value, and/or ownership interests. The Receiver is in the process of evaluating certain other types of assets that may be recoverable by the Receivership Estate.

Additionally, the balances of the 16 remaining property-specific interest-bearing accounts established to hold the proceeds from sold real estate are reflected in Exhibit 1.[1] These accounts cumulatively contained $3,159,634.16 as of September 30, 2025.

## VI. LIQUIDATED AND UNLIQUIDATED CLAIMS HELD BY THE RECEIVERSHIP ESTATE

At this time, the Receiver is not aware of significant further liquidated and/or unliquidated claims. As such, during the quarter, the Receiver only spent a minimal amount of time on such claims. As the Receiver approaches the presentation of a final distribution associated with Group 10, any remaining liquidated and/or unliquidated claims will be addressed.

---

[1] The Receiver is not counting the accounts containing small amounts of residual interest (less than $100), which will be transferred to the Receiver's account. A number of these 16 accounts have balances remaining because of uncashed distribution checks as of September 30, 2025, and as reported above in Section I, many of those checks have been negotiated as of the filing of this report. Once the distribution checks have been cashed, the residual interest will be transferred to the Receiver's account and the accounts closed. At that time, there will be only two property accounts remaining, for 5450 S Indiana and 7749 S Yates, which are the subject of the pending Seventh Circuit appeal.

## VII.    PROFESSIONAL FEES AND EXPENSES

During the quarter, the Receiver prepared and submitted his 28th Fee Application (Dkt. 1909), to which objections were filed by the institutional lenders (Dkt. 1913). On September 12, 2025, the Court granted the Receiver's 28th Fee Application, approving the allocations to properties, and imposing a 20% holdback on all fees not subject to other distribution orders. (Dkt. 1918, 1919) The net amounts were transferred from the individual property accounts during the quarter.

## VIII.   CONCLUSION

At this time, the Receiver recommends the continuation of the Receivership for at least the following reasons:

1.    The continued investigation, analysis, and recommendations regarding the claims against the Receivership Estate, including, but not limited to, the claims and records of investors;

2.    The continued investigation, analysis, and recovery of potential fraudulent transfer claims and claims against third parties;

3.    The continued analysis and formulation, in consultation with the SEC and the Court, of a just and fair distribution plan for the creditors of the Receivership Estate; and

4.    The discharge of any other legal and/or appointed duties of the Receiver as identified in the August 17, 2018 Order Appointing Receiver, or as the Court deems necessary.

Dated:  November 3, 2025            Respectfully submitted,

Kevin B. Duff, Receiver

By:    /s/ Michael Rachlis
            Michael Rachlis (mrachlis@rdaplaw.net)
            Jodi Rosen Wine (jwine@rdaplaw.net)
            Rachlis Duff & Peel, LLC
            542 South Dearborn Street, Suite 900
            Chicago, IL 60605
            Phone (312) 733-3950

*Attorneys for Kevin B. Duff, Receiver*

## CERTIFICATE OF SERVICE

I hereby certify that I provided service of the foregoing Receiver's (Corrected) Twenty-Ninth Status Report, via ECF filing, to all counsel of record on November 3, 2025.

I further certify that I caused true and correct copies of the foregoing to be served by electronic mail to all known individuals or entities that submitted a proof of claim in this action (sent to the e-mail address each claimant provided on the claim form or subsequently updated).

I further certify that the Receiver's (Corrected) Twenty-Ninth Status Report will be posted to the Receivership webpage at: https://rdaplaw.net/equitybuild-receivership/

/s/ Michael Rachlis

Michael Rachlis
Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone (312) 733-3950
Fax (312) 733-3952
mrachlis@rdaplaw.net

Exhibit 1

*SEC v. EquityBuild, Inc., et al.*
No. 18-cv-5587
**Balances of Funds in Property Specific Accounts as of September 30, 2025**

| Account Number | Account Name | Property Number | Account Balance as of 9/30/25 (including September 2025 interest posted October 1, 2025) | Date of Settlement | Date of Distribution | Reason for Change (if any) 7/1/25 - 9/30/25 |
|---|---|---|---|---|---|---|
| 0603 | 4533 S. Calumet | 2 | $606,306.75 | 12/1/2020 | 7/28/2025 | Interest earned, $15,313.99; transfer allocated fees per 7/9/25 Order (Dkt 1901), ($6,554.99); transfer previously heldback fees per 7/21/25 Order (Dkt 1905), ($20,400.31); distributions to claimants per 7/21/25 Order (Dkt 1905), ($1,765,625.60) |
| 0371 | 5450 S. Indiana | 4 | $1,888,112.51 | 6/25/2020 | | Interest earned, $20,526.00; transfer allocated fees per 7/9/25 Order (Dkt 1901), ($7,810.56); transfer allocated fees per 9//15/25 Order (Dkt 1919), ($14,953.80) |
| 0231 | 7749-59 S. Yates | 5 | $592,799.27 | 4/22/2020 | | Interest earned, $6,540.63; transfer allocated fees per 7/9/25 Order (Dkt 1901), ($7,849.62); transfer allocated fees per 9//15/25 Order (Dkt 1919), ($14,657.56) |
| 0405 | 7760 S. Coles | 50 | $21,156.38 | 6/26/2020 | 7/28/2025 | Interest earned, $405.34; transfer allocated fees per 7/9/25 Order (Dkt 1901), ($10,550.27); distributions to claimants per 7/9/25 Order (Dkt 1902), ($50,000.00) |

*SEC v. EquityBuild, Inc., et al.*
No. 18-cv-5587
**Balances of Funds in Property Specific Accounts as of September 30, 2025**

| Account Number | Account Name | Property Number | Account Balance as of 9/30/25 (including September 2025 interest posted October 1, 2025) | Date of Settlement | Date of Distribution | Reason for Change (if any) 7/1/25 - 9/30/25 |
|---|---|---|---|---|---|---|
| 0843 | 1401 W. 109th | 51 | $118.30 | 5/26/2021 | 7/28/2025 | Interest earned, $35.87; transfer allocated fees per 7/9/25 Order (Dkt 1901), ($6,911.42); distributions to claimants per 7/9/25 Order (Dkt 1901), ($4,450.07) |
| 1114 | 6807 S. Indiana | 53 | $0.25 | 5/26/2021 | 7/28/2025 | Interest earned, $351.91; transfer allocated fees per 7/9/25 Order (Dkt 1901), ($6,742.05); distributions to claimants per 7/21/25 Order (Dkt 1905), ($95,732.56); transfer residual balance and interest to Receiver's account per 7/21/25 Order (Dkt 1905), ($1,095.78) |
| 0413 | 8000 S. Justine | 54 | $2,522.35 | 6/26/2020 | 7/28/2025 | Interest earned, $1,353.55; transfer allocated fees per 7/9/25 Order (Dkt 1901), ($8,841.81); distributions to claimants per 7/9/25 Order (Dkt 1903), ($152,105.13) |
| 0421 | 8107-09 S. Ellis | 55 | $0.18 | 6/30/2020 | 7/28/2025 | Interest earned, $289.01; transfer allocated fees per 7/9/25 Order (Dkt 1901), ($10,181.64); distributions to claimants per 7/21/25 Order (Dkt 1905), ($65,007.66); transfer residual balance and interest to Receiver's account per 7/21/25 Order (Dkt 1905), ($834.83) |

*SEC v. EquityBuild, Inc., et al.*
No. 18-cv-5587
**Balances of Funds in Property Specific Accounts as of September 30, 2025**

| Account Number | Account Name | Property Number | Account Balance as of 9/30/25 (including September 2025 interest posted October 1, 2025) | Date of Settlement | Date of Distribution | Reason for Change (if any) 7/1/25 - 9/30/25 |
|---|---|---|---|---|---|---|
| 0439 | 8209 S. Ellis | 56 | $2,673.51 | 7/1/2020 | 7/28/2025 | Interest earned, $999.59; transfer allocated fees per 7/9/25 Order (Dkt 1901), ($9,691.39); distributions to claimants per 7/9/25 Order (Dkt 1903), ($220,810.84) |
| 0447 | 8214-16 S. Ingleside | 57 | $0.51 | 6/30/2020 | 7/28/2025 | Interest earned, $750.54; transfer allocated fees per 7/9/25 Order (Dkt 1901), ($8,627.30); distributions to claimants per 7/21/25 Order (Dkt 1905), ($183,411.74); transfer residual balance and interest to Receiver's account per 7/21/25 Order (Dkt 1905), ($2,144.45) |
| 0140 | 7237-43 S. Bennett | 61 | $1,234.98 | 6/30/2021 | 7/26/2024 | Interest earned, $63.76; distribution to claimant per 240710 Order (Dkt 1695), ($4,672.89) |
| 0868 | 4611 S. Drexel | 64 | $381.56 | 5/14/2021 | 4/25/2025 | Interest earned, $12,109.71; transfer residual balance and interest to Receiver's account per 4/25/25 Order (Dkt 1877), ($1,600,330.47) |

*SEC v. EquityBuild, Inc., et al.*
No. 18-cv-5587
**Balances of Funds in Property Specific Accounts as of September 30, 2025**

| Account Number | Account Name | Property Number | Account Balance as of 9/30/25 (including September 2025 interest posted October 1, 2025) | Date of Settlement | Date of Distribution | Reason for Change (if any) 7/1/25 - 9/30/25 |
|---|---|---|---|---|---|---|
| 0512 | 6250 S. Mozart | 69 | $485.62 | 12/22/2020 | 8/14/2025 | Interest earned, $6,322.53; transfer funds from Receiver's account per 9/10/25 Order (Dkt 1920), $6,417.83; transfer allocated fees per 7/9/25 Order (Dkt 1901), ($3,788.36); transfer previously heldback fees per 8/13/25 Order (Dkt 1907), ($25,544.25); distributions to claimants per 8/13/25 Order (Dkt 1907), ($867,162.18) |
| 0363 | 638 N. Avers | 70 | $5,904.79 | 10/15/2021 | 7/21/2025 | Interest earned, $2,109.26; transfer allocated fees per 7/9/25 Order (Dkt 1901), ($27,128.97); distributions to claimants per 7/9/25 Order (Dkt 1903), ($495,528.31) |
| 0884 | 7255 S. Euclid | 73 | $16,040.42 | 6/29/2021 | 8/14/2025 | Interest earned, $7,905.18; transfer allocated fees per 7/9/25 Order (Dkt 1901), ($3,650.02); transfer previously heldback fees per 8/13/25 Order (Dkt 1907), ($14,964.07); distributions to claimants per 8/13/25 Order (Dkt 1907), ($1,101,610.10) |
| 0066 | 6160-6212 S King | 79 | $4,114.42 | 4/30/2019 | 8/23/2024 | Interest earned, $132.41; distributions to claimants per 7/15/24 Order (Dkt 1699), ($7,425.95) |

*SEC v. EquityBuild, Inc., et al.*
No. 18-cv-5587
**Balances of Funds in Property Specific Accounts as of September 30, 2025**

| Account Number | Account Name | Property Number | Account Balance as of 9/30/25 (including September 2025 interest posted October 1, 2025) | Date of Settlement | Date of Distribution | Reason for Change (if any) 7/1/25 - 9/30/25 |
|---|---|---|---|---|---|---|
| 0488 | 2736 W. 64th | 80 | $0.72 | 9/29/2020 | 4/1/2025 | Interest earned, $35.36; transfer residual balance and interest to Receiver's account per 3/31/25 Order (Dkt 1871), ($3,036.46) |
| 0900 | 4317 S. Michigan | 81 | $1.59 | 12/2/2020 | 4/1/2025 | Interest earned, $50.64; transfer residual balance and interest to Receiver's account per 3/31/25 Order (Dkt 1871), ($6,694.40) |
| 0520 | 6355 S. Talman | 82 | $0.97 | 9/29/2020 | 4/1/2025 | Interest earned, $31.10; transfer residual balance and interest to Receiver's account per 3/31/25 Order (Dkt 1871), ($4,113.62) |
| 0538 | 6356 S. California | 83 | $2,384.47 | 9/29/2020 | 4/1/2025 | Interest earned, $82.05 |
| 0553 | 7051 S. Bennett | 84 | $0.86 | 9/23/2020 | 4/1/2025 | Interest earned, $67.36; transfer residual balance and interest to Receiver's account per 3/31/25 Order (Dkt 1871), ($3,662.28) |
| 0579 | 7201-07 S. Dorchester | 85 | $3,276.45 | 10/20/2020 | 4/1/2025 | Interest earned, $146.03 |

*SEC v. EquityBuild, Inc., et al.*
No. 18-cv-5587
**Balances of Funds in Property Specific Accounts as of September 30, 2025**

| Account Number | Account Name | Property Number | Account Balance as of 9/30/25 (including September 2025 interest posted October 1, 2025) | Date of Settlement | Date of Distribution | Reason for Change (if any) 7/1/25 - 9/30/25 |
|---|---|---|---|---|---|---|
| 0975 | 7442-48 S. Calumet | 86 | $1.13 | 11/16/2020 | 4/1/2025 | Interest earned, $35.92; transfer residual balance and interest to Receiver's account per 3/31/25 Order (Dkt 1871), ($4,753.23) |
| 0587 | 7508 S. Essex | 87 | $1.48 | 10/28/2020 | 4/1/2025 | Interest earned, $101.53; transfer residual balance and interest to Receiver's account per 3/31/25 Order (Dkt 1871), ($6,229.05) |
| 0355 | 7546 S. Saginaw | 88 | $1.10 | 5/13/2020 | 4/1/2025 | Interest earned, $35.20; transfer residual balance and interest to Receiver's account per 3/31/25 Order (Dkt 1871), ($4,654.69) |
| 0298 | 7600 S. Kingston | 89 | $2.93 | 12/3/2020 | 4/1/2025 | Interest earned, $134.89; transfer residual balance and interest to Receiver's account per 3/31/25 Order (Dkt 1871), ($12,296.63) |
| 0918 | 7701 S. Essex | 91 | $1.25 | 11/16/2020 | 4/1/2025 | Interest earned, $158.82; transfer residual balance and interest to Receiver's account per 3/31/25 Order (Dkt 1871), ($5,286.73) |
| 0215 | 7748 S. Essex | 92 | $2.73 | 12/18/2019 | 4/1/2025 | Interest earned, $143.60; transfer residual balance and interest to Receiver's account per 3/31/25 Order (Dkt 1871), ($11,464.93) |

*SEC v. EquityBuild, Inc., et al.*
No. 18-cv-5587
**Balances of Funds in Property Specific Accounts as of September 30, 2025**

| Account Number | Account Name | Property Number | Account Balance as of 9/30/25 (including September 2025 interest posted October 1, 2025) | Date of Settlement | Date of Distribution | Reason for Change (if any) 7/1/25 - 9/30/25 |
|---|---|---|---|---|---|---|
| 0595 | 7957 S. Marquette | 93 | $0.42 | 9/21/2020 | 4/1/2025 | Interest earned, $13.52; transfer residual balance and interest to Receiver's account per 3/31/25 Order (Dkt 1871), ($1,794.54) |
| 0926 | 816 E. Marquette | 94 | $1.77 | 11/18/2020 | 4/1/2025 | Interest earned, $56.51; transfer residual balance and interest to Receiver's account per 3/31/25 Order (Dkt 1871), ($7,475.72) |
| 0314 | 8201 S. Kingston | 95 | $0.55 | 5/21/2020 | 4/1/2025 | Interest earned, $20.29; transfer residual balance and interest to Receiver's account per 3/31/25 Order (Dkt 1871), ($2,321.58) |
| 0322 | 8326-58 S. Ellis | 96-99 | $12,103.94 | 6/11/2020 | 4/1/2025 | Interest earned, $521.27 |
| | **TOTAL FUNDS HELD:** | | **$3,159,634.16** | | | |

# Exhibit 2

STANDARDIZED FUND ACCOUNTING REPORT for EQUITYBUILD, INC., et al. - Cash Basis
Receivership; Civil Court Docket No. 18-cv-05587
Reporting Period 7/1/2025 to 9/30/2025

**Fund Accounting (See Instructions):**

| | | Detail | Subtotal | Grand Total |
|---|---|---|---|---|
| Line 1 | **Beginning Balance (As of 7/1/2025):** | $17,309,702.64 | | $17,309,702.64 |
| | ***Increases in Fund Balance:*** | | | |
| Line 2 | **Business Income** | | | |
| Line 3 | **Cash and unliquidated assets** | | | |
| Line 4 | **Interest/Dividend Income** | $189,027.07 | | |
| Line 5 | **Business Asset Liquidation** | | | |
| Line 6 | **Personal Asset Liquidation** | | | |
| Line 7 | **Net Income from Properties** | | | |
| Line 8 | **Miscellaneous - Other[1]** | $2,279,813.19 | | |
| | **Total Funds Available (Line 1-8):** | | | $19,778,542.90 |
| | ***Decrease in Fund Balance:*** | | | |
| Line 9 | **Disbursements to Investors** | | | |
| Line 10 | **Disbursements for receivership operations** | | | |
| Line 10a | Disbursements to receiver or Other Professionals[2] | ($395,946.18) | | |
| Line 10b | Business Asset Expenses | | | |
| Line 10c | Personal Asset Expenses | | | |
| Line 10d | Investment Expenses | | | |
| Line 10e | Third-Party Litigation Expenses | | | |
| | 1. Attorney Fees | | | |
| | 2. Litigation Expenses | | | |
| | **Total Third-Party Litigation Expenses** | | $0.00 | |
| Line 10f | Tax Administrator Fees and Bonds | | | |
| Line 10g | Federal and State Tax Payments | | | |
| | **Total Disbursements for Receivership Operations** | | ($395,946.18) | |
| Line 11 | **Disbursements for Distribution Expenses Paid by the Fund:** | | | |
| Line 11a | Distribution Plan Development Expenses: | | | |
| | 1. Fees: | | | |
| | Fund Administrator................................................................. | | | |
| | Independent Distribution Consultant (IDC)..................... | | | |
| | Distribution Agent................................................................. | | | |
| | Consultants............................................................................. | | | |
| | Legal Advisers........................................................................ | | | |
| | Tax Advisers............................................................................ | | | |
| | 2. Administrative Expenses | | | |
| | 3. Miscellaneous | | | |
| | Total Plan Development Expenses | | $0.00 | |
| Line 11b | Distribution Plan Implementation Expenses: | | | |
| | 1. Fees: | | | |
| | Fund Administrator................................................................. | | | |
| | IDC............................................................................................ | | | |

STANDARDIZED FUND ACCOUNTING REPORT for EQUITYBUILD, INC., et al. - Cash Basis
Receivership; Civil Court Docket No. 18-cv-05587
Reporting Period 7/1/2025 to 9/30/2025

| | | | | |
|---|---|---|---|---|
| | Distribution Agent............................................................ | | | |
| | Consultants..................................................................... | | | |
| | Legal Advisers................................................................ | | | |
| | Tax Advisers................................................................... | | | |
| | 2. Administrative Expenses | | | |
| | 3. Investor identification | | | |
| | Notice/Publishing Approved Plan............................... | | | |
| | Claimant Identification................................................ | | | |
| | Claims Processing........................................................ | | | |
| | Web Site Maintenance/Call Center.............................. | | | |
| | 4. Fund Adminstrator Bond | | | |
| | 5. Miscellaneous | | | |
| | 6. Federal Account for Investor Restitution | | | |
| | (FAIR) reporting Expenses | | | |
| | Total Plan Implementation Expenses | | | |
| | Total Disbursement for Distribution Expenses Paid by the Fund | $0.00 | | |
| **Line 12** | **Disbursement to Court/Other:** | | | |
| Line 12a | *Investment Expenses/Court Registry Investment System (CRIS) Fees* | | | |
| Line 12b | *Federal Tax Payments* | | | |
| | Total Disbursement to Court/Others: | | | |
| | Total Funds Disbursed (Lines 1-12): | | | ($395,946.18) |
| **Line 13** | **Ending Balance (As of 9/30/2025):** | | | $19,382,596.72 |
| **Line 14** | **Ending Balance of Fund - Net Assets:** | | | |
| *Line 14a* | *Cash & Cash Equivalents* | $19,382,596.72 | | |
| *Line 14b* | *Investments (unliquidated EquityBuild investments)* | | | |
| *Line 14c* | *Other Assets or uncleared Funds* | | | |
| | **Total Ending Balance of Fund - Net Assets** | | | $19,382,596.72 |

STANDARDIZED FUND ACCOUNTING REPORT for EQUITYBUILD, INC., et al. - Cash Basis
Receivership; Civil Court Docket No. 18-cv-05587
Reporting Period 7/1/2025 to 9/30/2025

[1] Transfer remaining funds & residual interest on resolved properties (1414 E 62nd; 1700 Juneway; 2800 E 81st; 3074 Cheltenham; 4750 Indiana; 5618 MLK; 6558 Vernon; 7109 Calumet; 7450 Luella; 7635 East End; 7656 Kingston; 7840 Yates; 8100 Essex), $234.38; transfers from property accounts for allocated fees for fee app 27 per 7/9/25 Order, Dkt. 1901, $118,328.40; funds disbursed by Byline Bank for EB accounts, $21,929.66; transfer remaining funds and residual interest on resolved properties (6807 Indiana; 8107 Ellis; 8214 Ingleside; 4611 Drexel; 2736 W 64th; 4317 Michigan; 6355 Talman; 7051 Bennett; 7442 Calumet; 7508 Essex; 7546 Saginaw; 7600 Kingston; 7701 Essex; 7748 Essex; 7953 Marquette; 816 Marquette; 8201 Kingston), $1,678,189.39; transfers from property accounts (5450 Indiana; 7749 Yates) for allocated fees for the 28th fee app per 9/15/25 Order, Dkt 1919, $29,611.36;  First American Title disbursement of escrow funds per 9/24/25 Order, Dkt 1921, $431,520.00 = Total: $2,279,813.19

[2] Transfer allocated & unallocated fees and expenses to RDP for 27th fee app per 7/9/25 Order (Dkt 1901) ($139,263.86); transfer to RDP for fees and holdbacks associated with properties 50, 51, 53-57 distribution per 7/9/25 Order (Dkt 1902), ($61,545.88); transfer to RDP for fees and holdbacks associated with property 638 Avers distribution per 7/9/25 Order (Dkt 1903), ($27,128.97); payment of 1Q2025 fees to Miller Kaplan (less 20% holdback) per 7/9/25 Order (Dkt 1901), ($1,246.16); payment of 1Q2025 fees to KMA (less 20% holdback) per 7/9/25 Order (Dkt 1901), ($1,249.60); transfer allocated & unallocated fees and expenses to RDP for 28th fee app per 9/10/25 Order (Dkt 1919), ($155,009.54); payment of 2Q2025 fees to Miller Kaplan (less 20% holdback) per 9/10/25 Order (Dkt 1919), ($1,884.74); payment of 2Q2025 fees to Sorren (less 20% holdback) per 9/10/25 Order (Dkt 1919), ($2,199.60); Transfer funds to Acct 0512 to pay Acklen claim per 9/15/25 Order (Dkt 1920), ($6,417.83) = Total: ($395,946.18)

Receiver:

/s/ Kevin B. Duff

(Signature)

Kevin B. Duff, Receiver EquityBuild, Inc., et al.

(Printed Name)

Date: 10/16/25

# Exhibit 3

EQUITYBUILD RECEIVERSHIP ESTATE ACCOUNT #0181
July 1 - September 30, 2025
Schedule of Receipts and Disbursements

| | | | | |
|---|---|---|---|---|
| **Beginning Balance 7/1/25** | | | | **$17,309,702.64** |
| | | | | |
| **RECEIPTS** | | | | |
| | | **Received From** | **Amount** | |
| Interest | 7/1/2025 | Interest | $61,487.83 | |
| Transfers In | 7/2/2025 | Transfer remaining funds & residual interest on resolved properties (1414 E 62nd; 1700 Juneway; 2800 E 81st; 3074 Cheltenham; 4750 Indiana; 5618 MLK; 6558 Vernon; 7109 Calumet; 7450 Luella; 7635 East End; 7656 Kingston; 7840 Yates; 8100 Essex) | $234.38 | |
| Transfers In | 7/9/2025 | Transfers from property accounts for allocated fees for the 27th fee app per 7/9/25 Order (Dkt 1901) | $118,328.40 | |
| Interest | 8/1/2025 | Interest | $63,718.69 | |
| Interest | 9/1/2025 | Interest | $63,820.55 | |
| Deposit | 9/2/2025 | Funds disbursed from Byline Bank accounts | $21,929.66 | |
| Transfers In | 9/3/2025 | Transfer remaining funds & residual interest on resolved properties (6807 Indiana; 8107 Ellis; 8214 Ingleside; 4611 Drexel; 2736 W 64th; 4317 Michigan; 6355 Talman; 7051 Bennett; 7442 Calumet; 7508 Essex; 7546 Saginaw; 7600 Kingston; 7701 Essex; 7748 Essex; 7953 Marquette; 816 Marquette; 8201 Kingston) | $1,678,189.39 | |
| Transfers In | 9/15/2025 | Transfers from property accounts (5450 Indiana; 7749 Yates) for allocated fees for the 28th fee app per 9/15/25 Order (Dkt 1919) | $29,611.36 | |
| Wire In | 9/26/2025 | First American Title disbursement of escrow funds per 9/24/25 Order (Dkt 1921) | $431,520.00 | |
| | | TOTAL RECEIPTS | | $2,468,840.26 |

EQUITYBUILD RECEIVERSHIP ESTATE ACCOUNT #0181
July 1 - September 30, 2025
Schedule of Receipts and Disbursements

| | | Paid To | Amount | |
|---|---|---|---|---|
| Wire Out | 7/9/2025 | Transfer allocated & unallocated fees and expenses to RDP for 27th fee app per 7/9/25 Order (Dkt 1901) | ($139,263.86) | |
| Wire Out | | Transfer to RDP for fees and holdbacks associated with properties 50, 51, 53-57 distribution per 7/9/25 Order (Dkt 1902) | ($61,545.88) | |
| Wire Out | 7/9/2025 | Transfer to RDP for fees and holdbacks associated with property 638 Avers distribution per 7/9/25 Order (Dkt 1903) | ($27,128.97) | |
| Check 20059 | 7/17/2025 | Payment of 1Q2025 fees to Miller Kaplan (less 20% holdback) | ($1,246.16) | |
| Check 20060 | 7/17/2025 | Payment of 1Q2025 fees to KMA (less 20% holdback) | ($1,249.60) | |
| Wire out | 9/15/2025 | Transfer allocated & unallocated fees and expenses to RDP for 28th fee app per 9/10/25 Order (Dkt 1919) | ($155,009.54) | |
| 20061 | 9/15/2025 | Payment of 2Q2025 fees to Miller Kaplan (less 20% holdback) per 9/10/25 Order (Dkt 1919) | ($1,884.74) | |
| 20062 | 9/15/2025 | Payment of 2Q2025 fees to Sorren (less 20% holdback) per 9/10/25 Order (Dkt 1919) | ($2,199.60) | |
| Transfer Out | 9/15/2025 | Transfer funds to Acct 0512 to pay Acklen claim per 9/15/25 Order (Dkt 1920) | ($6,417.83) | |
| | | | | |
| | | TOTAL DISBURSEMENTS: | | ($395,946.18) |
| | | | | |
| | | **Grand Total Cash on Hand at 9/30/2025:** | | **$19,382,596.72** |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

# Exhibit 4

**Master Asset List**

| Receiver's Account (as of 9/30/2025) | | |
|---|---|---|
| **Institution** | **Account Information** | **Amount** |
| AXOS Fiduciary Services | Checking #0181 | $19,382,596.72 |

| Receivership Defendants' Accounts | | | |
|---|---|---|---|
| **Institution** | **Account Information** | **Current Value** | **Amount Transferred to Receiver's Account** |
| Wells Fargo | Checking (53 accounts in the names of the affiliates and affiliate entities included as Receivership Defendants) | | $190,184.13[1] |
| Wells Fargo | Checking (account in the names of Shaun Cohen and spouse) | | $23,065.43[2] |
| Byline Bank | Checking (2 accounts in names of Receivership Defendants) | | $21,929.66[3] |
| | | | Total: $235,179.22 |

| EquityBuild Real Estate Portfolio |
|---|
| For a list of the properties within the EquityBuild portfolio identified by property address, alternative address (where appropriate), number of units, and owner, *see* Exhibit 1 to the Receiver's First Status Report, Docket No. 107. |

| Other, Non-Illinois Real Estate | |
|---|---|
| **Description** | **Appraised Market Value** |
| Single family home in Plano, Texas | ±$450,000.00 |
| | Approximate mortgage amount: $400,000.00 Approximate value less mortgage: $50,000.00 |

[1] This amount reflects the total value of all of the frozen bank accounts held by Wells Fargo that were transferred to the Receiver's account; the final transfer was made on 1/22/20, and included as part of the Receiver's Account as of 3/31/20.

[2] This amount was transferred to the Receiver's Account as of 8/27/18, and is included as part of the total balance of the Receiver's Account as of 3/31/19.

[3] This amount was transferred to the Receiver's Account as of 9/2/25, and is included as part of the total balance of the Receiver's Account as of 9/30/25.