**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Case No. 1:18-cv-5587 |
| v. | |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | Hon. Manish S. Shah |
| Defendants. | |

**OBJECTING INSTITUTIONAL LENDER'S OBJECTIONS TO RECEIVER'S 29TH INTERIM APPLICATION AND MOTION FOR COURT APPROVAL OF PAYMENT OF FEES AND EXPENSES OF RECEIVER AND RECEIVER'S RETAINED PROFESSIONALS**

Shatar Capital Partners (the "Shatar") objects to the Receiver's 29th Interim Fee Application and Motion for Court Approval of Payment of Fees and Expenses of Receiver and Receiver's Retained Professionals (Dkt. 1932, the "29th Fee Petition" regarding the "Fees") on the same or similar bases contained in its prior objections, which objections this Court has denied.

Shatar also objects generally to the Receiver's request in his 29th Fee Petition for a super-priority lien for the same reasons contained in its Response to Motion for Approval to Pay Certain Previously Approved Fees and Costs (Dkt. 961), its Objections to Magistrate Judge Kim's Oral Ruling and Minute Order on Receiver's First Fee Allocation Motion (Dkt. 1389, objecting to Dkt. 1107, *see also* line-level objections at Dkt. 1210), and its Objections to Magistrate Judge Kim's Recommendation on Receiver's Second Motion for Approval of Fee Allocations for Interim Payment Pursuant to Receiver's Lien ("Objections to RF2A") (Dkt. 1501, objecting to Dkt. 1491 Recommendation and Dkt. 1321 Motion), all such objections the Court has overruled except where the Receiver has agreed an error was made (*see, e.g.*, Dkt. 1450).

1

**BACKGROUND**

Shatar generally refers the Court to the Background section of its Response to Receiver's Fourteenth Interim Application and Motion for Court Approval of Payment of Fees and Expenses of Receiver and Receiver's Retained Professionals (Dkt. 1250, pp. 2-6).

As additional background here, on November 14, 2025, the Receiver filed his 29th Fee Petition. Dkt. 1932.

Pursuant to the Court's Order, Dkt. 1031 at p.12, n.32, because Shatar is reasserting prior allocation objections of the same category as they previously did, it does so below in "summary fashion that incorporates citations (with pinpoint cites) to previous filings that have laid out the objection."

**I.      Shatar Asserts The Same Objections To The Receiver's 29th Fee Petition As They Asserted To The Receiver's Prior Fee Applications.**

Shatar adopts and asserts its objections to the Receiver's prior fee petitions (Dkts. 1913, 1886, 1852, 1799, 1732, 1667, 1610, 1568, 1530, 1486, 1394, 1346, 1305, 1210, 1188, 1181, 1039, 1000, 960, 792, 777, 648, 617, 595, 581, 509, 438) as to the Receiver's 29th Fee Petition, to preserve those objections by incorporating them by reference into this response. Shatar also adopts its objections stated in the January 4, 2023 submission on its behalf (email by Brett Natarelli to chambers, copying Receiver) noting the new availability of Estate funds in the operating account in sufficient amount to support most if not all of the Receiver's Fee requests and the legal bases for why that would be more appropriate than a property surcharge against the segregated sales proceeds (which objections the Court rejected, but characterized as "narrow and understandable," Dkt. 1371). Shatar also adopts the arguments presented in its Objections to Magistrate Judge Kim's Oral Ruling and Minute Order on Receiver's First Fee Allocation Motion, see Dkt. 1389, and its

Objections to the RF2A (Dkt. 1501) and Objections to RF2A (Dkt. 1501, objecting to Dkt. 1491 Recommendation and Dkt. 1321 Motion), which objections were overruled.

The Estate's general operating account has $19,382,596.72 in available funds as of September 30, 2025 (Dkt. 1932 at p. 25 of 159, PageID 127709), a substantial increase over the $ $17,309,702.64 in available funds as of June 30, 2025 (Dkt. 1909 at p. 28 of 449, PageID 126976). The Estate's general operating account therefore has more than sufficient funding to bear the 29th Fee Petition amounts the Receiver seeks to allocate as a priming lien surcharge on the property sales proceeds totaling $28,031 (properties 4 and 5, each of $14,015.50), a decrease from the $129,037.48 (properties 4 and 5 totaling $37,014.2, property 4 of $18,692.25 and property 5 of $18,321.95), allocated as to the last fee petition. Dkt. 1932. Exh. K at pages 1 and 15 of 28), PageID 127816, PageID127830; Dkt. 1909 Exh. J at page 4 of 5, PageID 127098. The District Court has repeatedly overruled objections arguing that the source of funds to pay the Receiver should, in substantial part, come from the operating account estate funds rather than the segregated property accounts. Dkts. 1371, 1366, 1452, Dkt. 1481 at 9 ("[T]hey argue that the allocated fees should be paid from the Receiver's account and not from the property accounts. But this argument also simply retreads old ground. As the Objectors concede, this is a previously overruled objection.")

## II. Color-Coded Categorical Objections.

The Receiver requests that $28,031 of the Fees reflected on, among other exhibits, Exhibit K to Dkt. 1932, be paid as a first lien from the proceeds of the sales of the properties. The Receiver also attaches summaries and compilations of the same information provided with more detail in Exhibits F and G, and properties 4 and 5 allocations at Exhibit K. Therefore, the line-item specific objections presented only as to Exhibits F and G also apply to the proposed allocations. As before, Shatar is not challenging the reasonableness of any time spent, nor that the Receiver should be

3

compensated; rather, they argue and preserve for appeal its argument that the source of funds should be the estate's general operating account as to the subjects of the objections.

Shatar has color highlighted sample entries on the Receiver and his attorneys' monthly invoices (Exhibits F and G to the 29th Fee Petition) to illustrate Fees that should not prime the victorious secured creditors' liens, a copy of which is attached as Exhibit 1. The bases of these specific objections are as follows:

*First,* Fees that Shatar contends should be paid from estate operating funds rather than segregated property sale proceeds, but which objections the Court has previously overruled and where the issues are substantially the same as previously overruled objections, are highlighted in **RED**. These include:

- o Entries which are unreasonably vague, such as "[a]ttenion to issue relating to document and database and study various related correspondence" (Dkt. 1932, PageID 127730, "research database and email J. Wine regarding details of claim" (Dkt. 1932, PageID 127792), and "[e]xchange correspondence with claims vendor regarding portal updates" (Dkt. 1932, PageID 127768).
- o The Court has overruled objections similar to those above in all prior fee petitions and associated objections. *See, e.g.*, Dkt. 1353 at pp. 8-9 (and citations therein); Dkt. 1181 at pp. 9-14; Dkts. 1504, 1536, 1572, 1618, 1675, 1758, 1831, 1856, 1901. 1928.

*Second,* Shatar objects to Fees associated with tasks the Receiver would have needed to undertake even in the absence of issues of secured priority such as preparing status reports, effectuating service, or performing accounting functions. While Shatar does not dispute that the Receiver should be paid for this work unless otherwise objected to on another ground (such as the

4

FHFA issues), paying fees for such tasks out of segregated sales proceeds to the detriment of the victorious secured creditor violates the general rule that the estate's operating account should bear the expense absent special benefit to the victorious secured creditor. *See* Dkt. 1389, pp. 3-8, and cases cited therein. These entries are highlighted in **BLUE**. As examples, see Dkt. 1932, PageID127746 ("review pleadings, orders and email communications and prepare spreadsheets tracking distributions, and related exchange with K. Duff and J. Wine") and Dkt. 1932, PageID 127763 ("[p]repare account balance report and related exchanges with J. Wine"); the Receiver would have needed to engage in such general tasks even in the absence of adjudication of disputes between secured creditors. The Court has previously overruled all such "general receivership" objections. *See* Dkt. 1481, Exh. A (Transcript of 4/26/2023 hearing at pp. 22-23); Dkt. 1481 at pp. 12-13 (Receiver summary of Court's prior ruling on similar issues but involving different fee entries). The Court also overruled similar objections made in the 17th – 28th Fee Petitions (Dkts. 1366, 1452, 1504, 1536, 1572, 1618, 1675, 1758, 1831, 1856, 1901, 1928).

*Third,* Shatar objects to Fees incurred to litigate Group 2 properties located at 5450 Indiana (Property 4) and 7749 Yates (Property 5) being deemed payable at this time through a priming lien. Claimant Shatar has appealed this Court's June 20, 2024 Memorandum Opinion and Order regarding lien priority related to these two properties, as well as this Court's related Order approving distribution of proceeds as it relates to Properties 4 and 5 (*see* Dkts. 1679, 1699, 1708); this Court granted Shatar' Motion to stay Pending Appeal in part and ruled that the Group 2 distribution is stayed only as to the claims Shatar has pending on appeal. (Dkt. 1750.) These entries are highlighted in **GREEN**. The Court has repeatedly overruled objections about Group 1 Fees on this basis. *See, e.g.,* Dkts. 1504, 1536, 1572. Shatar also argued for deferring allocation of Group 2 fees until after the completion of Group 2 adjudication in its objections to the 19th Fee Petition

(Dkt. 1486 at p. 7), 20th Fee Petition (Dkt. 1530 at p. 9), 21st Fee Petition (Dkt. 1568 at pp. 6-7), 22nd Fee Petition (Dkt. 1610 at pp. 6-7), 23rd Fee Petition (Dkt. 1667 at pp. 6-7); 24th Fee Petition (Dkt. 1736 at pp. 7-8); 25th Fee Petition (Dkt. 1799, p. 6); 26th Fee Petition (Dkt. 1852 at pp.7-8); 27th Fee Petition (Dkt. 1886 at pp.5-6); 28th Fee Petition (Dkt. 1913 at pp5-6); the Court declined to defer such fees until after adjudication, awarded them to the Receiver and overruled Shatar's Group 2 deferment objections in this regard (Dkts. 1504, 1536, 1572, 1618, 1675, 1758, 1831, 1856, 1901, 1928).

### III. The 29th Fee Application Should Be Subject To A 20% Holdback on All Fees and an Additional 20% Holdback on All Fees to be Surcharged to the Secured Properties.

Consistent with the Court's order approving the Receiver's ninth, tenth, and eleventh fee petitions (Dkt. 1031, pp. 13-14), twelfth fee petition, (Dkt. 1213, p. 9), and fee petitions thirteen through sixteen (Dkt. 1312, pp. 3-4), and the reasons advanced in the Motion for Reconsideration, Dkt. 1471, which the Court denied, Shatar respectfully requests that the Court require any approved fees be subject to "a holdback of 20% of the fees (but not expenses) requested in the applications, and an additional 20% holdback on any fees to be paid from the sales proceeds of encumbered real estate" as the Court previously held prior to the 17th Fee Petition. Dkt. 1312, p. 4 (Order on Petitions 13-16). The Court has since then rejected any additional holdback on property-specific accounts in favor of a 20% holdback on all fees only. Dkts. 1483, 1504, 1510, 1511, 1536, 1572, 1618, 1675, 1758, 1831, 1856, 1901, 1928. While the Court has required only a 20% holdback since the 17th Petition, see Dkt. 1468, Shatar continues to assert that an additional holdback of 20% of Fees to be allocated against the properties' segregated sales proceeds will ensure there are sufficient untapped funds to unwind any errors. Such errors might include Shatar's objections to fee petitions being sustained on final appeal at the conclusion of the Receivership. Shatar also made this argument in objections to the 19th Fee Petition (Dkt. 1486 at p. 8), 20th Fee

Petition (Dkt. 1530 at p. 10), 21st Fee Petition (Dkt. 1568 at pp. 7-8), 22nd Fee Petition (Dkt. 1610 at pp. 7-8), 23rd Fee Petition (Dkt. 1667 at pp. 7-8), 24th Fee Petition (Dkt. 1736 at pp. 7-8), 25th Fee Petition (Dkt. 1799 at p. 6), 26th Fee Petition (Dkt. 1852 at pp. 7-8); 27th Fee Petition (Dkt. 1886 at pp.5-6); 28th Fee Petition (Dkt. 1913 at pp.6-7) and the Court rejected the argument in favor of a sole 20% holdback on all Fees (Dkts. 1504, 1536, 1572, 1618, 1675, 1758, 1831, 1856, 1901, 1928).

## CONCLUSION

Consequently, Shatar requests that the Court deny the Receiver's 29th Fee Application on the grounds raised herein and in its objections to the Receiver's prior fee applications. If the Fees are approved, Shatar argues that the objected-to Fees should be paid from the estate's operating funds rather than the segregated property sales proceeds. Shatar reiterates its previously rejected request that any payment of approved fees from property-specific accounts be subject to an additional 20% holdback, in addition to the 20% holdback on all fees the Court has recently imposed.

Dated: December 4, 2025                                     Respectfully submitted,

/s/ Todd Gale

Edward S. Weil
(eweil@dykema.com)
Todd Gale
(tgale@dykema.com)
Lu Harmening
(lharmening@dykema.com)
Dykema Gossett PLLC
10 S. Wacker Drive, Suite 2300
Chicago, Illinois 60606
(312) 627-2173

Andrew R. DeVooght
adevooght@loeb.com
Alexandra J. Schaller

7

                                                      LOEB & LOEB LLP
                                                      aschaller@loeb.com
                                                      321 N. Clark St., Ste. 2300
                                                      Chicago, IL 60654
                                                      (312) 464-3100

                                                      Attorneys for Shatar Capital Partners

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2025, I electronically filed with CM/ECF the foregoing **OBJECTING INSTITUTIONAL LENDER'S RESPONSE TO RECEIVER'S 29TH INTERIM APPLICATION AND MOTION FOR COURT APPROVAL OF PAYMENT OF FEES AND EXPENSES OF RECEIVER AND RECEIVER'S RETAINED PROFESSIONALS** which sent electronic notification of the filing to all attorneys of record.

                                            */s/ Aenea Luss*

097077.000109 4897-9518-2434.2