UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 18-cv-5587 |
| v. | ) ) | Judge Manish Shah |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | ) ) ) ) | Magistrate Judge Young B. Kim |
| Defendants. | ) ) ) | |

RECEIVER'S MOTION TO APPROVE
SETTLEMENT OF STATE COURT ACTION

Kevin B. Duff, as receiver ("Receiver") for the Estate of Defendants EquityBuild, Inc.

("EquityBuild"), EquityBuild Finance, LLC ("EquityBuild Finance"), their affiliates, and the

affiliate entities of Defendants Jerome Cohen and Shaun Cohen (collectively, the "Receivership

Defendants"), respectfully moves for an order approving a settlement reached with Jerrine

Pennington, as Special Administrator for the Estate of Valerie Pennington, Deceased

("Pennington").  In support of his motion, the Receiver states as follows:

1.      On or about October 14, 2021, Pennington filed a Complaint in the Law Division

of the Circuit Court of Cook County captioned *Jerrine Pennington as Special Administrator of the*

*Estate of Valerie Pennington, Deceased v. 4533-47 Calumet LLC, 4533-37 S Calumet LLC, and*

*WPD Management, LLC*, Case No. 2021 L 010115 (the "Circuit Court Action").  The Complaint

asserted that the decedent was a tenant in the apartment building located at 4533-47 S Calumet

Avenue (Property No. 2), that was owned by EquityBuild special purpose entity defendant 4533-

37 S Calumet LLC and managed by defendant WPD Property Management LLC ("WPD"), and

1

that tenant suffered personal injuries causing her death as a result of one or more of these defendants' alleged negligent acts or omissions.

2.     Pursuant to the August 17, 2018 Order Appointing Receiver (Dkt. 16), which authorizes the Receiver to defend all suits, actions, claims, and demands asserted against the Receivership Estate (Dkt. 16, ¶ 8(N)), the Receiver appeared in the Circuit Court Action.

3.     On January 27, 2022, the Circuit Court Action was stayed pursuant to the Order Appointing Receiver in the instant case, and on February 15, 2024, the case was placed on the Law Division's special stay calendar.

4.     Settlement discussions between the Receiver and Pennington have taken place—with both parties having been represented by counsel—and these parties entered into the settlement agreement attached hereto as Exhibit A (the "Settlement Agreement"), subject to Court approval, to resolve their claims and defenses without the expense, delay, and risks of protracted litigation.

5.     Pursuant to the proposed Settlement Agreement, and with the Court's approval:

a.     within seven (7) days of the entry of an order approving the Settlement, Pennington will file a motion to dismiss the Circuit Court Action with prejudice, in a format that has been approved by the Receiver;

b.     within seven (7) days of entry of an order dismissing the Circuit Court Action with prejudice, the Receiver will pay thirty thousand dollars ($30,000) from the Receiver's account, by check payable to Jerrine Pennington on behalf of the Estate of Valerie Pennington, Deceased, and Keating Law Offices, P.C., in full settlement of their claims;

2

c.       without any party admitting liability or the validity of any claim, this Settlement resolves all disputes of any kind or nature between the Receiver, the Receivership Estate, WPD, and Pennington;

d.       all claims, objections, or rights that might exist between the Receiver, the Receivership Estate, WPD, and Pennington are hereby released, compromised, and waived—including as set forth in, but not limiting in any respect, the Settlement Agreement—such that Pennington will receive nothing further from the Receiver, the Receivership Estate, or WPD.

6.       A settlement by a federal equity receiver is within the receiver's broad discretion and should be approved if it is fair. *Gordon v. Dadante*, 336 Fed. Appx. 540 (6th Cir. 2009). A district court's determination of the fairness of a settlement by a receiver is subject to the sound discretion of the court. *Id.* at 545; *see also Sterling v. Stewart*, 158 F.3d 1199, 1202 (11th Cir. 1998) (the determination of fairness of a settlement in an equity receivership will not be overturned absent a clear showing of abuse of discretion).

7.       The Receiver respectfully submits that the Settlement described in this motion is a fair and reasonable settlement for the Receivership Estate and is in the best interests of the Receivership Estate, and that there will be savings of time and resources achieved based on the agreements reached between the Receiver and Pennington, and should be approved.

8.       The Receiver will provide fair, adequate, and sufficient notice of this motion to all interested parties. In addition to service through the Court's electronic case filing system, the Receiver will serve a copy of this motion to each of the claimants who have submitted claims in this matter by electronic mail. In addition, this motion will be made publicly available to all

interested and potentially interested parties by posting a copy of it to the Receivership website at *https://rdaplaw.net/equitybuild-receivership/*.

9.     The Receiver has conferred with counsel for the SEC which consents to the relief requested in this motion.

WHEREFORE, the Receiver seeks the following relief:

a)     a finding that adequate and fair notice has been provided to all interested and potentially interested parties of the current motion;

b)     an order finding that the Settlement between the Receiver and Pennington is fair, reasonable, and in the best interests of the Receivership Estate;

c)     an order providing a full and fair opportunity for each interested party to assert its interests and any objections to the relief requested in this motion;

d)     an order finding either that no objections were filed or a finding that the Settlement is approved over any such objections; and

e)     such other relief as the Court deems fair and equitable

Dated:  January 5, 2026                    Respectfully submitted,

                                           /s/ Michael Rachlis

                                           Michael Rachlis
                                           Jodi Rosen Wine
                                           Rachlis Duff & Peel, LLC
                                           542 South Dearborn Street, Suite 900
                                           Chicago, IL 60605
                                           Phone (312) 733-3950
                                           mrachlis@rdaplaw.net
                                           jwine@rdaplaw.net

Docusign Envelope ID: F14F07B1-44F1-4D42-B435-780D036481E6

## MUTUAL RELEASE AND SETTLEMENT AGREEMENT

This Release and Settlement Agreement ("Agreement") is made and entered into as of December 26, 2025 (the "Effective Date"), by and between Jerrine Pennington, as Special Administrator for the Estate of Valerie Pennington, Deceased, individually and in her representative capacity ("Pennington") and Kevin B. Duff in his capacity as Receiver and on behalf of the Receivership Defendants, as defined below (the "Receiver") (each of which shall be referred to individually as a "Party" and collectively as the "Parties").

**WHEREAS**, on or about October 14, 2021, Pennington filed a wrongful death complaint in the Law Division of the Circuit Court of Cook County captioned *Jerrine Pennington as Special Administrator of the Estate of Valerie Pennington, Deceased v. 4533-47 Calumet LLC, 4533-37 S Calumet LLC, and WPD Management, LLC*, Case No. 2021 L 010115 (the "Circuit Court Action"), arising out of injuries Valerie Pennington allegedly sustained while a resident of the apartment building located at 4533-47 S Calumet Avenue.

**WHEREAS**, Kevin B. Duff is the Court-appointed Receiver for the assets of EquityBuild, Inc., EquityBuild Finance, LLC, and all of their affiliates and the affiliate entities of defendants Jerome Cohen and Shaun Cohen in connection with the lawsuit brought by the United States Securities and Exchange Commission (the "SEC") against EquityBuild, Inc., EquityBuild Finance, LLC, Jerome H. Cohen, and Shaun D. Cohen (collectively, the "Receivership Defendants"), captioned *SEC v. EquityBuild, Inc., et al.*, No. 18-cv-5587, pending in the United States District Court for the Northern District of Illinois, Eastern Division (the "SEC Action").

**WHEREAS**, the Order Appointing Receiver in the SEC Action dated August 17, 2018 (Docket No. 16), as amended on March 14, 2019 (Docket No. 290) and December 13, 2019 (Docket No. 603) ("the Order"), authorizes the Receiver to defend all suits, actions, claims, and demands asserted against the Receivership Estate (Dkt. 16, ¶ 8(N)).

**WHEREAS**, an order staying the action pursuant to the Order was entered on January 27, 2022, and the Circuit Court Action was subsequently placed on the Law Division's special stay calendar, where it remains pending.

**NOW THEREFORE**, in consideration of the mutual promises, exchanges and forbearances set forth below, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, agree as follows:

1. **Approval**. The Parties acknowledge and agree that this Settlement is subject to the approval of the Court in the SEC Action and, therefore, will not be binding until such approval has been granted pursuant to an order entered by the Court (the "Approval"). No later than seven (7) days following the Effective Date, the Receiver will file a motion requesting the Court's approval of this Settlement and asserting that the Receiver has determined that Approval would be in the best interests of the Receivership estate and would serve the interests of justice.

Exhibit

A

Docusign Envelope ID: F14F07B1-44F1-4D42-B435-780D036481E6

2. **Recitals**. The Parties acknowledge and agree that the foregoing Recitals are incorporated into this Settlement Agreement and made a part thereof.

3. **Settlement Payment**. In order to avoid the time, expense, and uncertainties of litigation, and without admitting liability, the Receiver agrees to pay Pennington the amount of $30,000.00 by check payable to "Jerrine Pennington on behalf of the Estate of Valerie Pennington, Deceased, and Keating Law Offices, P.C." in full settlement of all claims that were asserted or could have been asserted in the Circuit Court Action against all Released Parties (as defined below);

4. **Releases**:

   a. Jennine Pennington, on behalf of herself, the Estate of Valerie Pennington, and all heirs, beneficiaries, dependents, survivors, executors, trustees, representatives, successors, attorneys, insurers, and assigns (collectively, "Releasors"), hereby fully and forever releases, acquits, and discharges 4533-47 Calumet LLC, 4533-37 S Calumet LLC, WPD Management, LLC, Kevin B. Duff, Receiver, the Receivership Defendants, and their respective past and present officers, directors, employees, agents, attorneys, insurers, successors, and assigns, along with any party that was named or could have been named in the Action (collectively, "Released Parties") from any and all claims, demands, damages, actions, causes of action, suits, debts, obligations, liabilities, and expenses of any nature whatsoever, whether known or unknown, suspected or unsuspected, fixed or contingent, that Releasor has or may have against the Released Parties arising out of or related to the Circuit Court Action and all claims, defenses, or counterclaims that were or could have been asserted therein, any matters related to the death of Valerie Pennington, and all claims, known or unknown, of any nature whatsoever, that arose from the beginning of time through the Effective Date.

   b. The Receiver, in his capacity as Receiver and on behalf of the Receivership Defendants, knowingly and voluntarily releases and forever discharges Jerrine Pennington, the Estate of Valerie Pennington, and their respective heirs, beneficiaries, representatives, successors, assigns, and attorneys from any and all claims, demands, damages, actions, causes of action, suits, debts, obligations, liabilities, and expenses of any nature whatsoever, whether known or unknown, suspected or unsuspected, that the Released Parties have or may have against the Releasors arising out of or related to the Circuit Court Action and all claims, defenses, or counterclaims that were or could have been asserted therein, any matters related to the death of Valerie Pennington, and all claims, known or unknown, of any nature whatsoever, that arose from the beginning of time through the Effective Date.

Docusign Envelope ID: F14F07B1-44F1-4D42-B435-780D036481E6

5. **Entire Agreement**: This Agreement constitutes the entire agreement between the Parties as to the subject matter hereof and no covenants, promises, representations, or warranties have been made or are being relied upon by the Parties, except as expressly set forth in this Agreement. Any prior negotiations, discussions or agreements are merged into this Agreement and shall not operate to alter, modify, impair or affect this Agreement or the interpretation of this Agreement, and are inadmissible as evidence in any legal proceeding. No provision of this Agreement may be waived, altered or modified except in writing executed by all the Parties to this Agreement.

6. **No Assignment:** Each of the Parties represents that he/it is the sole and current owner of the Claims released in this Agreement and that he/it has not liened, encumbered, sold, assigned, transferred, conveyed, or otherwise agreed to do such to such claims and has full authority to release the claims.

7. **Authority to Enter into Agreement:** The person executing this Agreement on behalf of each Party represents that he or she has been authorized and is authorized by the party or parties on whose behalf he or she is acting, to execute this Agreement.

8. **Jurisdiction and Venue**, The United States District Court for the Northern District of Illinois, the court that appointed the Receiver and has jurisdiction over the SEC Action (the "Receivership Court"), shall have exclusive jurisdiction over any dispute, controversy, or claim arising out of or relating to this Agreement, including but not limited to disputes concerning the interpretation, enforcement, breach, or validity of this Agreement. The parties hereby irrevocably submit to the exclusive jurisdiction of the Receivership Court for the resolution of any such disputes and waive any objection to venue in such court. The parties acknowledge that the Receivership Court's retention of jurisdiction over this matter is appropriate given the Receiver's involvement as a party to this Agreement and the Court's continuing oversight of the Receivership Estate.

9. **Choice of Law:** This Agreement shall be interpreted and governed in accordance with the laws of the State of Illinois.

10. **Binding on Successors and Assigns**: All of the terms and conditions of this Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, legatees, successors, and assigns.

11. **Execution in Counterpart**: This Agreement may be executed in one or more counterparts, each of which shall constitute an original, but all of which shall constitute one and the same instrument. Facsimile or .pdf signatures of this Agreement shall be binding.

3

IN WITNESS WHEREOF, the parties have caused this Release and Settlement Agreement to be signed on the dates noted below.

Kevin B. Duff, as Receiver
Estate of EquityBuild, Inc

Dated: 1/5/2026

Jerrine Pennington, as Special Administrator
for the Estate of Valerie Pennington,
Deceased

Dated: 01/05/2026

4