## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |  |
| Plaintiff, | ) ) | Civil Action No. 18-cv-5587 |
| v. | ) ) | Hon. Manish S. Shah |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, | ) ) ) ) | Magistrate Judge Young B. Kim |
| Defendants. | ) ) |  |

## RECEIVER'S THIRTIETH STATUS REPORT
### (Fourth Quarter 2025)

Kevin B. Duff, as receiver ("Receiver") for the Estate of Defendants EquityBuild, Inc., EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen (collectively, the "Receivership Defendants"), and pursuant to the powers vested in him by Order of this Court, respectfully submits this Thirtieth Status Report for the quarter ending December 31, 2025.

## I.    CREDITORS AND CLAIMS AGAINST THE RECEIVERSHIP ESTATE

A.   Claims Process with Respect to Claims Secured by Properties

The process to resolve the purportedly secured claims by groups of properties was completed in the prior quarter, and all proceeds from the sale of these properties have been distributed, except for 5450-52 S Indiana Avenue (Property 4) and 7749-59 S Yates Boulevard (Property 5) for which distributions were stayed pending the appeal to the U.S. Court of Appeals for the Seventh Circuit of the Court's distribution order on Group 2 claims (Dkt. 1699).  On December 4, 2025, the Seventh Circuit *affirmed* the Court's ruling with respect to these two Group

2 properties (Dkt. 1942); on January 8, 2026 the appellate court **denied** Shatar's petition for rehearing and for rehearing *en banc* (Dkt. 1941); and on January 16, 2026, the appellate court issued its mandate (Dkt. 1940). The Receiver will submit an updated and corrected proposed distribution order, reflecting current account balances and anticipated fees to distribute the funds, and expects that distributions pursuant to an amended order will be completed in the first quarter of 2026.

During the quarter, distributions in the amount of $2,500.00 were made pursuant to an approved settlement with claimant Bauer Latoza (claims 2-885 and 79-885) (Dkt. 1928), bringing the Receiver's total distributions to claimants as a result of resolved claims as of December 31, 2025 to $61,801,511.58. The Receiver has made substantial progress on locating claimants, resolving issues relating to deceased claimants, closed custodial accounts, and dissolved entities, and reissuing distribution checks as necessary, and is pleased to report that as of the filing of this report all previously-issued distribution checks have now been cashed.

B.  Claims Process for Unsecured Claims (Group 10)

The bulk of the Receiver's activities during the quarter related to the review and analysis of unsecured claims, working on a distribution plan to address how the unencumbered funds in the Receiver's account will be distributed to claimants, and negotiating the settlement of various state court proceedings brought against EquityBuild that were stayed pursuant to the Order Appointing Receiver.

Throughout this receivership, the Receiver has endeavored to bring funds into the Estate from various sources such as the sale of the personal residence of Jerome Cohen, a portion of the life insurance benefit for Jerome Cohen, lawsuits filed against EquityBuild's retained professionals and insiders, enforcement of contract rights relating to a terminated real estate transaction, and the

settlement of claims secured by properties with sufficient funds in amounts that have allowed for funds to be transferred to the Receiver's account. As reported herein, at the end of the quarter there was $20,227,690.99 in that account, which the Receiver expects to be used for administrative expenses and Group 10 distributions.

Group 10 will address all remaining unsecured claims. These include claims asserting an interest in equity funds or unsecured promissory notes, previously secured claims that were rolled to unsecured investments, trade creditors and other non-lender creditors, as well as secured claims that were not completely satisfied in claim Groups 1-9 (and have not been waived and/or compromised). There is no guarantee, however, that all claimants who have a claim that will be considered in Group 10 will receive a Group 10 distribution.

During the quarter, the Receiver and the Receivership team worked with the accounting firm Sorren (f/k/a KMA) to create a distribution plan and to analyze the results of applying various distribution methodologies. These efforts are ongoing. The Receiver will in the coming months submit for the Court's approval an equitable distribution plan that includes his proposed methodology for distribution of the Estate's unencumbered funds.

* * *

Finally, the Receiver repeats the following reminders regarding claims and the claims process. Claimants may want to consider whether to hire counsel to assist them with the claims process. Claimants do not have an obligation to retain counsel in order to participate in the claims process, but the Receiver and his counsel cannot provide legal advice to any claimant, nor can the Receiver advise claimants regarding whether or not they should retain counsel. Any claimant that chooses to proceed without counsel should visit the section of the Court's website (www.ilnd.uscourts.gov) named "Information for People Without Lawyers (Pro Se)" which

provides useful information and also states the following: "The rules, procedures and law that affect your case are very often hard to understand. With that in mind, you should seriously consider trying to obtain professional legal assistance from an attorney instead of representing yourself as a pro se party." Claimants may also want to speak with a lawyer to assist them in determining for themselves whether or not to retain counsel.

All claimants have a continuing responsibility to ensure that the Receiver at all times has current and up-to-date contact information so that the Receiver may provide important information relating to the claims process, the claimant's claims, or the Receivership Estate, as well as mail distribution checks for approved claims. Additionally, any claimants who have closed their retirement accounts and transferred their interests to a different IRA or 401k custodian, or to themselves individually, should notify the Receiver and provide documentation of the transfer or distribution from their former custodian. Claimants may provide updated information and documentation to the Receiver at equitybuildclaims@rdaplaw.net.

## II.     ADDITIONAL OPERATIONS OF THE RECEIVER

### A.  Identification, Preservation, and Recovery of Assets

During the Fourth Quarter 2025, the Receiver continued efforts to identify, preserve, and recover assets. To this end, the Receiver engaged in discovery with respect to the last remaining asset that could potentially be brought into the estate for the benefit of claimants.

### B.  Financial Reporting of Receipts and Expenditures

The Receiver only needed to devote a minimal amount of work during the quarter to financial reporting.

### C.  Open Litigation

The Receiver resolved the following state court cases against an EquityBuild entity during the quarter:

- *Jerrine Pennington for Valerie Pennington, Deceased v. 4533 Calumet, LLC*, Case No. 2021 L 10115. On January 5, 2026. the Receiver moved for the Court's approval of the settlement agreement entered with plaintiff in this wrongful death action (Dkt. 1938), which was granted in open court on January 15, 2026. (*See also* Dkt. 1944, 1946) Pursuant to the terms of the agreement, the state court action will be dismissed with prejudice, and the plaintiff's estate will receive $30,000.00 from the Receivership Estate.

- *Bauer Latoza Studio Ltd. v. EquityBuild Inc.*, Case No. 2019 L 000787. The Receiver reached a negotiated resolution of both this state court action against EquityBuild and the plaintiff's claims against the Estate, the state court matter has been dismissed, and a distribution has been made pursuant to this Court's Order approving the settlement. (Dkt. 1928)

- *Michigan Shore Apartments, LLC v. EquityBuild, Inc., et al.*, Case No. 2018 CH 09098. This matter was voluntarily dismissed by plaintiff on grounds that it had been mooted by the Court's orders with respect to the Group 8 claims and properties. Plaintiff remains a receivership claimant whose claims will be considered in Group 10.

With the resolution of these actions, the Receiver is currently aware of only one remaining action in which an EquityBuild entity is a named defendant, *Equity Trust Co. Custodian FBO Joseph Kennedy IRA v. EquityBuild Inc., et al.*, Case No. 2022 CH 02709. This foreclosure action on 107-11 N. Laramie was filed March 25, 2022 pursuant to this Court's Order partially lifting the stay of litigation. (Dkt. 1176) On January 12, 2026, plaintiffs moved for leave to file a Second Amended Complaint which removes any claim for a deficiency judgment against EquityBuild, leaving it a nominal defendant in the foreclosure action, which has been noticed for February 20,

2026. As of this report, there has been no return of service nor answer filed by the current owner of the property, EE26 Southside 65 LLC, for which an alias summons was issued on August 29, 2025.

D. Claimant Communications

The Receiver has provided and continues to maintain numerous resources to keep claimants informed about proceedings in this action. To provide basic information, the Receiver established and regularly updates a webpage (https://rdaplaw.net/equitybuild-receivership/) for claimants and other interested parties to obtain information and certain court filings related to the Receivership Estate. A copy of this Status Report will be posted on the Receivership web site.

Court filings and orders are also available through PACER, which is an electronic filing system used for submissions to the Court. Investor claimants and others seeking court filings and orders can visit www.ilnd.uscourts.gov for information about accessing filings through PACER.

Beyond those avenues, the Receiver keeps claimants informed regarding major occurrences in the Receivership and in the claims process for specific Groups through regular email communications. Additionally, the Receiver continues to receive and respond to numerous emails and voicemails from claimants and their representatives. The Receiver and his staff responded in writing to approximately 66 such inquiries during the Fourth Quarter 2025, in addition to conducting a number of oral communications. The Receiver will continue to work to ensure that information is available and/or otherwise provided as quickly and completely as practicable, asks all stakeholders and interested parties for patience during this lengthy process, and reiterates that responding to individual inquiries depletes Receivership assets. These quarterly status reports and the Receiver's other court filings remain the most efficient means of communicating information regarding the activities of the Receivership Estate.

E.  Control of Receivership Property and Records

The Receiver has continued efforts to preserve all EquityBuild property and records. The Receiver continues to undertake efforts to maintain, preserve, and utilize EquityBuild's internal documents during the pendency of this matter, as well as for use in document productions and investigations in the matters brought by the Receiver against the former EquityBuild professionals. The Receiver plans to terminate services relating to EquityBuild's records in the coming months.

F.  Factual Investigation

The Receiver and his retained professionals have continued to review and analyze the following: (i) documents and correspondence sent to or received from the EquityBuild principals, to whose email accounts the Receiver has access; (ii) bank records from EquityBuild and its affiliate entities; (iii) EquityBuild documents; (iv) available underlying transaction documents received to-date from former Chicago-based EquityBuild counsel; (v) files produced by former EquityBuild counsel, accountants, and employees; (vi) files produced pursuant to subpoenas issued by the Receiver, and (vii) claimants' proof of claim submissions and other supporting materials obtained from claimants pursuant to informal discovery conducted by the Receiver.

G.  Tax Issues

During the Fourth Quarter of 2025, the Receiver's tax administrator, Miller Kaplan, assisted with certain additional tax and compliance issues relating to property distributions, related follow-up with claimants, tax reporting, and 2025 estimated tax filings and withholdings.

The Receiver has informed investors that he cannot provide advice on tax matters. Moreover, the Receiver and his retained professionals do not plan to issue Forms 1099-INT or other tax forms to investors. However, Forms 1099-R may or have been issued to investors who previously held investments through closed retirement accounts and as a result received

distributions directly. With respect to valuation, loss, or other tax issues, investors and their tax advisors may wish to seek independent tax advice and to consider IRS Rev. Proc. 2009-20 and IRS Rev. Rul. 2009-9.

H.  Accounts Established by the Receiver for the Benefit of the Receivership Estate

The Receiver established custodial accounts at a federally insured financial institution to hold all cash proceeds from the sale of the Receivership properties. These interest-bearing checking accounts are used by the Receiver to collect liquid assets of the Estate and to pay portfolio-related and administrative expenses. The Receiver also established separate interest-bearing accounts to hold funds from the sale of real estate, as directed by Court order, until such time as such funds have been distributed, upon Court approval, to the various creditors of the Estate, including but not limited to the defrauded investors or lenders.

Attached as **Exhibit 1** is a schedule reflecting the balance of funds in the remaining property-specific accounts as of December 31, 2025, with a description of any changes to the account balance during the quarter.

## III.  RECEIVER'S FUND ACCOUNTING

The Receiver's Standardized Fund Accounting Report ("SFAR") for the Fourth Quarter 2025 is attached hereto as **Exhibit 2**. The SFAR discloses the funds received and disbursed from the Receivership Estate during this reporting period. As reported in the SFAR, cash on hand as of December 31, 2025 equaled $20,227,690.99. The information reflected in the SFAR is based on records and information currently available to the Receiver. The Receiver and his advisors are continuing with their evaluation and analysis.

## IV.  RECEIVER'S SCHEDULE OF RECEIPTS AND DISBURSEMENTS

The Receiver's Schedule of Receipts and Disbursements ("Schedule") for the Fourth Quarter 2025 is attached hereto as **Exhibit 3**. This Schedule reflects $847,594.27 in total receipts

and $2,500.00 in total disbursements to and from the Receiver's (non-property) account during the quarter.

## V. RECEIVERSHIP PROPERTY

All known Receivership Property is identified and described in the Master Asset List attached hereto as **Exhibit 4**. The Master Asset List identifies funds in the Receiver's account in the amount of $20,227,690.99, and an additional real estate asset that may potentially be recovered for the receivership estate. The Master Asset List does not include funds received or recovered after December 31, 2025.

Additionally, the balances of the remaining property-specific interest-bearing accounts established to hold the proceeds from sold real estate are reflected in Exhibit 1. These accounts, which cumulatively contained $2,551,526.48 as of December 31, 2025, will be fully distributed and closed in the coming months. Three of the remaining accounts had uncashed distribution checks as of December 31, 2025 (or checks that were negotiated late in the fourth quarter), and now that those distribution checks have been cashed, the residual interest will be transferred to the Receiver's account and the accounts closed. The two remaining property accounts, for 5450 S Indiana and 7749 S Yates, were the subject of the recently concluded Seventh Circuit appeal and those funds will be distributed to claimants after entry of an updated distribution order.

## VI. LIQUIDATED AND UNLIQUIDATED CLAIMS HELD BY THE RECEIVERSHIP ESTATE

At this time, the Receiver is not aware of significant further liquidated and/or unliquidated claims. As such, during the quarter, the Receiver only spent a minimal amount of time on such claims. As the Receiver approaches the presentation of a final distribution associated with Group 10, any remaining liquidated and/or unliquidated claims will be addressed.

## VII.  PROFESSIONAL FEES AND EXPENSES

During the quarter, the Receiver prepared and submitted his 29th Fee Application (Dkt. 1932), to which objections were filed by institutional lender Shatar Capital Partners (Dkt. 1935). On January 15, 2026, the Court granted the Receiver's 29th Fee Application, approving the allocations to properties, and imposing a 20% holdback on all fees not subject to other distribution orders. (Dkt. 1944, 1945)

## VIII.  CONCLUSION

At this time, the Receiver recommends the continuation of the Receivership for at least the following reasons:

1.  The continued investigation, analysis, and recommendations regarding the claims against the Receivership Estate, including, but not limited to, the claims and records of investors;

2.  The continued investigation, analysis, and potential recovery of assets for the Estate;

3.  The continued analysis and formulation, in consultation with the SEC and the Court, of a just and fair distribution plan for the creditors of the Receivership Estate; and

4.  The discharge of any other legal and/or appointed duties of the Receiver as identified in the August 17, 2018 Order Appointing Receiver, or as the Court deems necessary.

Dated:  January 26, 2026

Respectfully submitted,

Kevin B. Duff, Receiver

By:    /s/ Michael Rachlis
    Michael Rachlis (mrachlis@rdaplaw.net)
    Jodi Rosen Wine (jwine@rdaplaw.net)
    Rachlis Duff & Peel, LLC
    542 South Dearborn Street, Suite 900
    Chicago, IL 60605
    Phone (312) 733-3950

*Attorneys for Kevin B. Duff, Receiver*

## CERTIFICATE OF SERVICE

I hereby certify that I provided service of the foregoing Receiver's Thirtieth Status Report, via ECF filing, to all counsel of record on January 26, 2026.

I further certify that I caused true and correct copies of the foregoing to be served by electronic mail to all known individuals or entities that submitted a proof of claim in this action (sent to the e-mail address each claimant provided on the claim form or subsequently updated).

I further certify that the Receiver's Thirtieth Status Report will be posted to the Receivership webpage at: https://rdaplaw.net/equitybuild-receivership/

/s/ Michael Rachlis

Michael Rachlis
Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone (312) 733-3950
Fax (312) 733-3952
mrachlis@rdaplaw.net

Exhibit 1

*SEC v. EquityBuild, Inc., et al.*

No. 18-cv-5587

**Balances of Funds in Property Specific Accounts as of December 31, 2025**

| Account Number | Account Name | Property Number | Account Balance as of 12/31/25 (including December 2025 interest posted January 2, 2026) | Date of Settlement | Date of Distribution | Reason for Change (if any) 10/1/25 - 12/31/25 |
|---|---|---|---|---|---|---|
| 0603 | 4533 S. Calumet | 2 | $0.00 | 12/1/2020 | 7/28/2025 | Interest earned, $2,115.80; transfer residual balance and interest to Receiver's account per 7/21/25 Order (Dkt 1905), ($608,422.55); account closed |
| 0371 | 5450 S. Indiana | 4 | $1,906,837.41 | 6/25/2020 | | Interest earned, $18,724.90 |
| 0231 | 7749-59 S. Yates | 5 | $598,678.23 | 4/22/2020 | | Interest earned, $5,878.96 |
| 0405 | 7760 S. Coles | 50 | $0.00 | 6/26/2020 | 7/28/2025 | Interest earned, $73.80; transfer residual balance and interest to Receiver's account per 7/9/25 Order (Dkt 1902), ($21,230.18); account closed |
| 0843 | 1401 W. 109th | 51 | $0.00 | 5/26/2021 | 7/28/2025 | Interest earned, $0.41; transfer residual balance and interest to Receiver's account per 7/21/25 Order (Dkt 1905), ($118.71); account closed |
| 1114 | 6807 S. Indiana | 53 | $0.00 | 5/26/2021 | 7/28/2025 | Transfer residual balance and interest to Receiver's account per 7/21/25 Order (Dkt 1905), ($0.25); account closed |
| 0413 | 8000 S. Justine | 54 | $0.00 | 6/26/2020 | 7/28/2025 | Interest earned, $20.13; transfer residual balance and interest to Receiver's account per 7/21/25 Order (Dkt 1905), ($2,542.48); account closed |
| 0421 | 8107-09 S. Ellis | 55 | $0.00 | 6/30/2020 | 7/28/2025 | Transfer residual balance and interest to Receiver's account per 7/21/25 Order (Dkt 1905), ($0.18); acccount closed |

*SEC v. EquityBuild, Inc., et al.*
No. 18-cv-5587
Balances of Funds in Property Specific Accounts as of December 31, 2025

| Account Number | Account Name | Property Number | Account Balance as of 12/31/25 (including December 2025 interest posted January 2, 2026) | Date of Settlement | Date of Distribution | Reason for Change (if any) 10/1/25 - 12/31/25 |
|---|---|---|---|---|---|---|
| 0439 | 8209 S. Ellis | 56 | $0.00 | 7/1/2020 | 7/28/2025 | Interest earned, $9.31; transfer residual balance and interest to Receiver's account per 7/21/25 Order (Dkt 1905), ($2,682.82); account closed |
| 0447 | 8214-16 S. Ingleside | 57 | $0.00 | 6/30/2020 | 7/28/2025 | Transfer residual balance and interest to Receiver's account per 7/21/25 Order (Dkt 1905), ($0.51); account closed |
| 0140 | 7237-43 S. Bennett | 61 | $0.00 | 6/30/2021 | 7/26/2024 | Interest earned, $4.30; transfer residual balance and interest to Receiver's account per 7/10/24 Order (Dkt 1695), ($1,239.28); account closed |
| 0868 | 4611 S. Drexel | 64 | $0.00 | 5/14/2021 | 4/25/2025 | Interest earned, $2.24; transfer residual balance and interest to Receiver's account per 4/25/25 Order (Dkt 1877), ($383.80); account closed |
| 0512 | 6250 S. Mozart | 69 | $0.00 | 12/22/2020 | 8/14/2025 | Interest earned, $37.68; transfer residual balance and interest to Receiver's account per 8/13/25 Order (Dkt 1907), ($523.30); account closed |
| 0363 | 638 N. Avers | 70 | $0.00 | 10/15/2021 | 7/21/2025 | Interest earned, $20.58; transfer residual balance and interest to Receiver's account per 7/9/25 Order (Dkt 1903), ($5,925.37); account closed |
| 0884 | 7255 S. Euclid | 73 | $16,464.99 | 6/29/2021 | 8/14/2025 | Interest earned, $424.57 |
| 0066 | 6160-6212 S King | 79 | $4,175.36 | 4/30/2019 | 8/23/2024 | Interest earned, $60.94 |

**SEC v. EquityBuild, Inc., et al.**
No. 18-cv-5587
Balances of Funds in Property Specific Accounts as of December 31, 2025

| Account Number | Account Name | Property Number | Account Balance as of 12/31/25 (including December 2025 interest posted January 2, 2026) | Date of Settlement | Date of Distribution | Reason for Change (if any) 10/1/25 - 12/31/25 |
|---|---|---|---|---|---|---|
| 0488 | 2736 W. 64th | 80 | $0.00 | 9/29/2020 | 4/1/2025 | Transfer residual balance and interest to Receiver's account per 3/31/25 Order (Dkt 1871), ($0.72); account closed |
| 0900 | 4317 S. Michigan | 81 | $0.00 | 12/2/2020 | 4/1/2025 | Transfer residual balance and interest to Receiver's account per 3/31/25 Order (Dkt 1871), ($1.59); account closed |
| 0520 | 6355 S. Talman | 82 | $0.00 | 9/29/2020 | 4/1/2025 | Transfer residual balance and interest to Receiver's account per 3/31/25 Order (Dkt 1871), ($0.97); account closed |
| 0538 | 6356 S. California | 83 | $0.00 | 9/29/2020 | 4/1/2025 | Interest earned, $8.31; transfer residual balance and interest to Receiver's account per 3/31/25 Order (Dkt 1871), ($2,392.78); account closed |
| 0553 | 7051 S. Bennett | 84 | $0.00 | 9/23/2020 | 4/1/2025 | Transfer residual balance and interest to Receiver's account per 3/31/25 Order (Dkt 1871), ($0.86); account closed |
| 0579 | 7201-07 S. Dorchester | 85 | $0.00 | 10/20/2020 | 4/1/2025 | Interest earned, $11.42; transfer residual balance and interest to Receiver's account per 3/31/25 Order (Dkt 1871), ($3,287.87); account closed |
| 0975 | 7442-48 S. Calumet | 86 | $0.00 | 11/16/2020 | 4/1/2025 | Transfer residual balance and interest to Receiver's account per 3/31/25 Order (Dkt 1871), ($1.13); account closed |
| 0587 | 7508 S. Essex | 87 | $0.00 | 10/28/2020 | 4/1/2025 | Transfer residual balance and interest to Receiver's account per 3/31/25 Order (Dkt 1871), ($1.48); account closed |

*SEC v. EquityBuild, Inc., et al.*
No. 18-cv-5587
Balances of Funds in Property Specific Accounts as of December 31, 2025

| Account Number | Account Name | Property Number | Account Balance as of 12/31/25 (including December 2025 interest posted January 2, 2026) | Date of Settlement | Date of Distribution | Reason for Change (if any) 10/1/25 - 12/31/25 |
|---|---|---|---|---|---|---|
| 0355 | 7546 S. Saginaw | 88 | $0.00 | 5/13/2020 | 4/1/2025 | Transfer residual balance and interest to Receiver's account per 3/31/25 Order (Dkt 1871), ($1.10); account closed |
| 0298 | 7600 S. Kingston | 89 | $0.00 | 12/3/2020 | 4/1/2025 | Interest earned, $0.01; transfer residual balance and interest to Receiver's account per 3/31/25 Order (Dkt 1871), ($2.94); account closed |
| 0918 | 7701 S. Essex | 91 | $0.00 | 11/16/2020 | 4/1/2025 | Transfer residual balance and interest to Receiver's account per 3/31/25 Order (Dkt 1871), ($1.25); account closed |
| 0215 | 7748 S. Essex | 92 | $0.00 | 12/18/2019 | 4/1/2025 | Transfer residual balance and interest to Receiver's account per 3/31/25 Order (Dkt 1871), ($2.73); account closed |
| 0595 | 7957 S. Marquette | 93 | $0.00 | 9/21/2020 | 4/1/2025 | Transfer residual balance and interest to Receiver's account per 3/31/25 Order (Dkt 1871), ($0.42); account closed |
| 0926 | 816 E. Marquette | 94 | $0.00 | 11/18/2020 | 4/1/2025 | Transfer residual balance and interest to Receiver's account per 3/31/25 Order (Dkt 1871), ($1.77); account closed |
| 0314 | 8201 S. Kingston | 95 | | 5/21/2020 | 4/1/2025 | Transfer residual balance and interest to Receiver's account per 3/31/25 Order (Dkt 1871), ($0.55); account closed |

*SEC v. EquityBuild, Inc., et al.*
No. 18-cv-5587
Balances of Funds in Property Specific Accounts as of December 31, 2025

| Account Number | Account Name | Property Number | Account Balance as of 12/31/25 (including December 2025 interest posted January 2, 2026) | Date of Settlement | Date of Distribution | Reason for Change (if any) 10/1/25 - 12/31/25 |
|---|---|---|---|---|---|---|
| 0322 | 8326-58 S. Ellis | 96-99 | $25,370.49 | 6/11/2020 | 4/1/2025 | Interest earned, $249.15; stale dated distribution check reversed, $13,017.40 |
| | TOTAL FUNDS HELD: | | $2,551,526.48 | | | |

Exhibit 2

STANDARDIZED FUND ACCOUNTING REPORT for EQUITYBUILD, INC., et al. - Cash Basis
Receivership; Civil Court Docket No. 18-cv-05587
Reporting Period 10/1/2025 to 12/31/2025

**Fund Accounting (See Instructions):**

| | | Detail | Subtotal | Grand Total |
|---|---|---|---|---|
| Line 1 | **Beginning Balance (As of 10/1/2025):** | $19,382,596.72 | | $19,382,596.72 |
| | *Increases in Fund Balance:* | | | |
| Line 2 | **Business Income** | | | |
| Line 3 | **Cash and unliquidated assets** | | | |
| Line 4 | **Interest/Dividend Income** | $198,402.40 | | |
| Line 5 | **Business Asset Liquidation** | | | |
| Line 6 | **Personal Asset Liquidation** | | | |
| Line 7 | **Net Income from Properties** | | | |
| Line 8 | **Miscellaneous - Other[1]** | $649,191.87 | | |
| | **Total Funds Available (Line 1-8):** | | | **$20,230,190.99** |
| | *Decrease in Fund Balance:* | | | |
| Line 9 | **Disbursements to Investors** | | | |
| Line 10 | **Disbursements for receivership operations** | | | |
| *Line 10a* | Disbursements to receiver or Other Professionals | | | |
| *Line 10b* | Business Asset Expenses | | | |
| *Line 10c* | Personal Asset Expenses | | | |
| *Line 10d* | Investment Expenses | | | |
| *Line 10e* | Third-Party Litigation Expenses[2] | ($2,500.00) | | |
| | 1. Attorney Fees | | | |
| | 2. Litigation Expenses | | | |
| | **Total Third-Party Litigation Expenses** | | $0.00 | |
| *Line 10f* | Tax Administrator Fees and Bonds | | | |
| *Line 10g* | Federal and State Tax Payments | | | |
| | **Total Disbursements for Receivership Operations** | | ($2,500.00) | |
| Line 11 | **Disbursements for Distribution Expenses Paid by the Fund:** | | | |
| *Line 11a* | Distribution Plan Development Expenses: | | | |
| | 1. Fees: | | | |
| | Fund Administrator………………………………………………… | | | |
| | Independent Distribution Consultant (IDC)………………… | | | |
| | Distribution Agent………………………………………………… | | | |
| | Consultants………………………………………………………. | | | |
| | Legal Advisers…………………………………………………… | | | |
| | Tax Advisers……………………………………………………… | | | |
| | 2. Administrative Expenses | | | |
| | 3. Miscellaneous | | | |
| | Total Plan Development Expenses | | $0.00 | |
| *Line 11b* | Distribution Plan Implementation Expenses: | | | |
| | 1. Fees: | | | |
| | Fund Administrator………………………………………………. | | | |
| | IDC……………………………………………………………………. | | | |

STANDARDIZED FUND ACCOUNTING REPORT for EQUITYBUILD, INC., et al. - Cash Basis
Receivership; Civil Court Docket No. 18-cv-05587
Reporting Period 10/1/2025 to 12/31/2025

| | | | | |
|---|---|---|---|---|
| | | Distribution Agent…………………………………………...……… | | |
| | | Consultants………………………………………………..……… | | |
| | | Legal Advisers…………………………………………………. | | |
| | | Tax Advisers…………………………………………………. | | |
| | | 2. Administrative Expenses | | |
| | | 3. Investor identification | | |
| | | Notice/Publishing Approved Plan………………………… | | |
| | | Claimant Identification……………………………………… | | |
| | | Claims Processing………………………………………… | | |
| | | Web Site Maintenance/Call Center……………………… | | |
| | | 4. Fund Adminstrator Bond | | |
| | | 5. Miscellaneous | | |
| | | 6. Federal Account for Investor Restitution | | |
| | | (FAIR) reporting Expenses | | |
| | | Total Plan Implementation Expenses | | |
| | | Total Disbursement for Distribution Expenses Paid by the Fund | $0.00 | |
| Line 12 | **Disbursement to Court/Other:** | | | |
| Line 12a | *Investment Expenses/Court Registry Investment System (CRIS) Fees* | | | |
| Line 12b | *Federal Tax Payments* | | | |
| | Total Disbursement to Court/Others: | | | |
| | Total Funds Disbursed (Lines 1-12): | | | ($2,500.00) |
| Line 13 | Ending Balance (As of 12/31/2025): | | | $20,227,690.99 |
| Line 14 | **Ending Balance of Fund - Net Assets:** | | | |
| Line 14a | *Cash & Cash Equivalents* | $20,227,690.99 | | |
| Line 14b | *Investments (unliquidated EquityBuild investments)* | | | |
| Line 14c | *Other Assets or uncleared Funds* | | | |
| | **Total Ending Balance of Fund - Net Assets** | | | $20,227,690.99 |

¹ Transfer remaining funds & residual interest on resolved properties (1401 W 109th; 4533 Calumet; 6250 Mozart; 6356 California; 638 Avers; 7201 Dorchester; 7237 Bennett; 7760 Coles; 8000 Justine; 8209 Ellis), $648,365.34; adjustment credits to close accounts (1401 W 109th; 4533 Calumet; 6250 Mozart; 6356 California; 638 Avers; 7201 Dorchester; 7237 Bennett; 7760 Coles; 8000 Justine; 8209 Ellis), $424.24; transfer residual interest to close accounts (2736 W 64th; 4317 Michigan; 4611 Drexel; 6355 Talman; 6807 Indiana; 7051 Bennett; 7442 Calumet; 7450 Luella; 7508 Essex; 7546 Saginaw; 7600 Kingston; 7701 Essex; 7748 Essex; 7953 Marquette; 8107 Ellis; 816 Marquette; 8201 Kingston; 8214 Ingleside), $402.29 = Total: $649,191.87

² Bauer Latoza - settlement payment per 10/8/25 Order (Dkt 1928), ($2,500)

STANDARDIZED FUND ACCOUNTING REPORT for EQUITYBUILD, INC., et al. - Cash Basis
Receivership; Civil Court Docket No. 18-cv-05587
Reporting Period 10/1/2025 to 12/31/2025

Receiver:

_____/s/ Kevin B. Duff_____
(Signature)

_____Kevin B. Duff, Receiver EquityBuild, Inc., et al._____
(Printed Name)

Date: _____1/15/26_____

# Exhibit 3

EQUITYBUILD RECEIVERSHIP ESTATE ACCOUNT #0181
October - December 2025
Schedule of Receipts and Disbursements

| | | | | |
|---|---|---|---|---|
| **Beginning Balance 10/1/25** | | | | **$19,382,596.72** |
| | | | | |
| **RECEIPTS** | | | | |
| | | **Received From** | **Amount** | |
| Interest | 10/1/2025 | Interest | $66,361.00 | |
| Interest | 10/6/2025 | Interest | $360.36 | |
| Interest | 11/3/2025 | Interest | $67,516.16 | |
| Transfers In | 11/5/2025 | Transfer remaining funds & residual interest on resolved properties (1401 W 109th; 4533 Calumet; 6250 Mozart; 6356 California; 638 Avers; 7201 Dorchester; 7237 Bennett; 7760 Coles; 8000 Justine; 8209 Ellis) | $648,365.34 | |
| Interest | 11/20/2025 | Interest | $475.47 | |
| Adjustment Credit | 11/24/2025 | Adjustment credit (7237 Bennett) | $1.20 | |
| Transfers In | 11/25/2025 | Transfer residual interest to close accounts (2736 W 64th; 4317 Michigan; 6355 Talman; 6807 Indiana; 7051 Bennett; 7442 Calumet; 7508 Essex; 7546 Saginaw; 7600 Kingston; 7701 Essex; 7748 Essex; 7953 Marquette; 8107 Ellis; 816 Marquette; 8201 Kingston; 8214 Ingleside) | $18.45 | |
| Interest | 12/1/2025 | Interest | $63,689.41 | |
| Transfers In | 12/1/2025 | Transfer residual interest to close accounts (7450 Luella; 4611 Drexel) | $383.84 | |
| Adjustment Credit | 12/1/2025 | Adjustment credits to close accounts (1401 W 109th; 4533 Calumet; 6250 Mozart; 6356 California; 638 Avers; 7201 Dorchester; 7760 Coles; 8000 Justine; 8209 Ellis) | $423.04 | |
| | | TOTAL RECEIPTS | | $847,594.27 |
| | | | | |
| DISBURSEMENTS | | **Paid To** | **Amount** | |
| 20063 | 10/15/2025 | Bauer Latoza - settlement payment per 10/8/25 Order (Dkt 1928) | ($2,500.00) | |
| | | TOTAL DISBURSEMENTS: | | ($2,500.00) |
| | | **Grand Total Cash on Hand at 12/31/2025:** | | **$20,227,690.99** |

Exhibit 4

**Master Asset List**

| Receiver's Account (as of 12/31/2025) | | |
|---|---|---|
| **Institution** | **Account Information** | **Amount** |
| AXOS Fiduciary Services | Checking #0181 | $20,227,690.99 |

| Other, Non-Illinois Real Estate | |
|---|---|
| **Description** | **Estimated Current Market Value** |
| Single family home in Plano, Texas | ±$700,000.00[1] |
| | Estimated mortgage amount: $500,000.00<br>Estimated value less mortgage: $200,000.00 |

[1] Source: www.zillow.com