**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Case No. 1:18-cv-5587 |
| v. | Hon. Manish S. Shah |
| EQUITYBUILD, INC., et al., | |
| Defendants. | |

**ORDER APPROVING DISTRIBUTION OF PROCEEDS**
**FROM THE SALES OF GROUP 2 PROPERTIES 4 AND 5**

Pursuant to this Court's Memorandum Opinion and Order (Dkt. 1679) determining the priority of claimants to liquidated funds from the 5450-52 S Indiana Avenue ("5450 Indiana" or "Property 4"), and 7749-59 S Yates Boulevard ("7749 Yates" or "Property 5"), (collectively, the "Subject Properties"), the Court hereby amends its July 15, 2024 order (Dkt. 1699) in part and ORDERS:

1.  Following due notice to all potentially interested claimants:

    a)  7749 Yates was sold by the Receiver free and clear of all liens pursuant to the Court's Order entered February 21, 2020 (Dkt. 633); and

    b)  5450 Indiana was sold by the Receiver free and clear of all liens pursuant to the Court's Order entered June 16, 2020 (Dkt. 715).

2.  Pursuant to the foregoing Orders, the net proceeds from the sale of these Group 2 Properties were deposited into a separate interest-bearing account for each property. Additionally, pursuant to the Court's Orders (Dkt. 796, 1372, 1433, 1452, 1504), additional funds

were transferred into or out of these accounts, and all such additions and subtractions have been detailed in the Receiver's quarterly status reports. (Dkt. 624, 698, 757, 839, 930, 985, 1017, 1077, 1164, 1243, 1280, 1328, 1379, 1448, 1516, 1535, 1589, 1652, 1722, 1771, 1837, 1876, 1906, 1930, 1947) The balances in the accounts held by the Receiver for each property as of February 2, 2026 are set forth in Exhibits 1 and 2 to this Order.

3.     The Court approved a claims process as to which fair and adequate notice was provided to all potentially interested persons and all were provided a full and fair opportunity to submit claims and supporting information. (*E.g.,* Dkt. 941) The Court also determined that a summary process for adjudication of allegedly competing secured claims as to those properties, addressing claims against groups of properties on a seriatim basis, was necessary, appropriate, and afforded due process to all claimants and interested persons. (*Id.*)

4.     The Court initiated the summary process for the resolution of Group 2 claims in May, 2023, setting a claims process schedule that was later extended by Court order (Dkt. 1476, 1532), and pursuant to that process:

a)     on November 8, 2023, the Receiver filed his Group 2 Disclosure of his position that the security interest given by EquityBuild, Inc. ("EquityBuild") to (i) Shatar Capital Inc. a/k/a Shatar Capital Partners, 1111 Crest Dr. LLC, Abraham Aaron Ebriani1, Hamid Esmail, and Farsaa Inc. (collectively "Shatar") with respect to 5450 Indiana and 7749 Yates constituted a voidable fraudulent transfer under the Illinois Uniform Fraudulent Transfer Act, 740 ILCS 160 or is otherwise voidable under applicable law (Dkt. 1537);

b)     on November 29, 2023, Shatar filed a position statement asserting first lien positions on 5450 Indiana and 7749 Yates (Dkt. 1562). Additionally, on the

same date, investor lender claimants LMJ Sales (Dkt. 1553), Kirk Road Investments LLC (Dkt. 1558), and Certain Individual Investors (Dkt. 1564), filed position statements with respect to Group 2 properties 4 and/or 5, in which they asserted an interest, and on December 4, 2023, the Receiver filed additional position statements that had been submitted directly to the Receiver by other investor-lender claimants (Dkt. 1566);

c) on December 20, 2023, the Receiver filed his Submission on Group 2 Claims, which included recommendations as to each of the claims asserting an interest in the Subject Properties (Dkt. 1571);

d) on January 10, 2024, Reply Statements were filed by Shatar (Dkt. 1587), Certain Individual Investors (Dkt. 1582), and LMJ Sales & Kirk Road Investments (Dkt. 1584); and

e) on February 22, 2024, the Receiver moved for leave to file a Sur-Response (Dkt. 1602), which motion was granted by the Court on March 1, 2024 (Dkt. 1614).

5. On June 20, 2024, the Court issued a Memorandum Opinion and Order regarding the Group 2 claims relating to the Subject Properties. (Dkt. 1679)

6. On July 15, 2024, the Court entered an Order Approving Distribution of Proceeds from the Sale of Group 2 Properties, including the Subject Properties. (Dkt. 1699)

7. On July 17, 2024, Shatar Capital Partners filed a Notice of Appeal regarding the Court's July 15, 2024 Order (Dkt. 1708) and a Motion to Stay Pending Appeal (Dkt. 1710).

8. On September 11, 2024, the Court entered an Order staying the distributions with respect to the Subject Properties pending the appeal. (Dkt. 1750)

3

9.     On December 4, 2025, the Seventh Circuit affirmed the Court's ruling with respect to these two Group 2 properties (Dkt. 1942); on January 8, 2026, the appellate court denied Shatar's petition for rehearing and for rehearing *en banc* (Dkt. 1941); and, on January 16, 2026, the appellate court issued its mandate (Dkt. 1940).

10.     Adequate and fair notice has been provided to all interested and potentially interested parties (including lienholders in the chain of title), and these potentially interested parties, including all claimants asserting an interest in the Subject Properties, have had a full and fair opportunity to participate in the claims process established by the Court for the resolution of disputed claims and determination of secured interests.

11.     Adequate and fair notice of the Receiver's motions to approve the allocation of legal fees to estate properties, including the Subject Properties, for the period from August 2018 through June 2022 has been provided to all claimants. (Dkt. 1107, 1321)  All claimants have had a full and fair opportunity to assert their interests and any objections to the allocations in the Receiver's fee allocation motions and to Magistrate Judge Kim's orders granting the Receiver's fee allocation motions and overruling objections thereto (Dkt. 1381, 1419, 1490, 1491).

12.     Adequate and fair notice of the Receiver's fee applications and proposed  fee allocations for the period from July 2022 – September 2025 also has been provided to all claimants.  (Dkt. 1332, 1384, 1478, 1517, 1538, 1594, 1660, 1732, 1789, 1846, 1878, 1909, 1932)  All claimants have had a full and fair opportunity to assert their interests and any objections to the allocations in the Receiver's fee applications for this period.

13.     The findings set forth in the Court's Memorandum Opinion and Order (Dkt. 1679) (which has been affirmed by the Court of Appeals for the Seventh Circuit (161 F.4th 1020

(7th Cir. 2025))) are expressly incorporated herein and the Court finds that they have been correctly set forth in the Distribution Plans attached hereto as Exhibits 1-2. Additionally, the Court approves the distributions recommended for Madison Trust Company custodian FBO Anjanette Comer IRA M1609089 (Claim 4-612); First Western Properties (Claim 4-891); JS Investment Trust (Claim 5-2074); and Inspira Financial Trust FBO Rebeca E. Savory-Romero IRA Acct. 15528-11 (Claim 5-804), which were not previously addressed in the Receiver's Submission on Group 2 Claims (Dkt. 1571) or the Court's prior order (Dkt. 1679, 1699). The Court also approves the Receiver's revised recommendation for Paul Harrison (Claim 4-2026).

14.     The Court approves the Receiver's recommendation of final distributions as set forth in Exhibits 1 to 2 to this Order. Because the Court intends that this be a final distribution, there will not be any holdbacks of professional fees or expenses associated with the Receiver's fee applications or fee allocation motions upon the distribution of proceeds to claimants. The amounts for professional fees previously ordered to be held back with respect to the Subject Properties, which are set forth in Exhibits 1and 2, are no longer held back and shall be distributed to Rachlis Duff & Peel, LLC as reflected in the Receiver's first through twenty-ninth fee applications. Additionally, the Court approves the payment of fees allocated to the Subject Properties in the Receiver's Thirtieth Fee Application (Dkt. 1948), without holdback, as well as additional fees of $5,000.00 per property to cover reasonably estimated fees incurred after December 31, 2025 through the final distributions on the Subject Properties.

15.     Following the distributions ordered herein, any residual interest hereafter accruing shall be transferred to the Receiver's account for use in the administration of the Receivership Estate and/or as otherwise ordered by the Court.

Entered:

Manish S. Shah
United States District Court Judge

Date:   February 19, 2026