**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** | ) ) ) ) | |
| Plaintiff, | ) ) | **Civil Action No. 18-cv-5587** |
| v. | ) ) | **Hon. Manish S. Shah** |
| **EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,** | ) ) ) ) | **Magistrate Judge Young B. Kim** |
| Defendants. | ) ) | |

**RECEIVER'S THIRTY-FIRST STATUS REPORT**
**(First Quarter 2026)**

Kevin B. Duff, as receiver ("Receiver") for the Estate of Defendants EquityBuild, Inc., EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen (collectively, the "Receivership Defendants"), and pursuant to the powers vested in him by Order of this Court, respectfully submits this Thirty-First Status Report for the quarter ending March 31, 2026.

**I.     CREDITORS AND CLAIMS AGAINST THE RECEIVERSHIP ESTATE**

A. Claims Process with Respect to Claims Secured by Properties

The claims process relating to secured interests in the liquidated real estate (Groups 1-9) was largely completed during the quarter. On February 6, 2026, the Receiver filed a motion (Dkt. 1950) to lift the stay of distributions from the sale proceeds for the two remaining Group 2 properties 5450-52 S Indiana Avenue (Property 4) and 7749-59 S Yates Boulevard (Property 5), following the U.S. Court of Appeals for the Seventh Circuit's (1) December 4, 2025 order affirming the Court's ruling with respect to these properties (Dkt. 1942); (2) January 8, 2026 denial

of Shatar's petition for rehearing and for rehearing *en banc* (Dkt. 1941); and (3) January 16, 2026, issuance of its mandate (Dkt. 1940). The Court entered the Receiver's proposed order on February 19, 2026. (Dkt. 1954)

Distributions pursuant to the Court's order (*id.*) were sent out during the quarter. Subsequently, the Receiver's team has been addressing returned checks, locating claimants, responding to inquiries from claimants related to the distributions, and resolving issues relating to deceased claimants, closed custodial accounts, and dissolved entities. Although some work remains on these issues (as of the filing of this status report 118 of the 128 distributions have been deposited), the claims process for the distribution of sales proceeds from the real estate liquidated by the Receiver to secured claimants has largely been completed, subject to the referenced loose ends.

B. Claims Process for Unsecured Claims (Group 10)

Group 10 will address all remaining unsecured claims. These include claims asserting an interest in equity funds or unsecured promissory notes, previously secured claims that were rolled to unsecured investments, trade creditors and other non-lender creditors, as well as secured claims that were not completely satisfied in claim Groups 1-9 (and have not been waived and/or compromised). Through the Receiver's efforts to bring funds into the Estate from various sources, the Receiver estimates that there will be approximately $19.75 million of unencumbered funds to distribute to eligible claimants in Group 10 of the claims process. There is no guarantee, however, that all claimants who have a claim that will be considered in Group 10 will receive a Group 10 distribution.

During the quarter, the Receiver was and remains actively engaged in preparing a thorough narrative and detailed distribution spreadsheet showing each claimant whether the Receiver

recommends to the Court that they receive a distribution in Group 10, and in what amount, if any. The Receiver and his team also continued to review and analyze the thorniest unsecured claims, and in certain situations worked with claimants to obtain additional information needed to make a determination and recommendation. There remain a number of complex issues to consider, address, and resolve, however, substantial progress has been made to bring this process to a conclusion.

The Receiver expects to complete his draft plan and the accompanying proposed distribution spreadsheet by mid-May 2026. The Receiver plans to confer with the SEC thereafter in regard to his proposed methodology and final distribution plan. The Receiver expects that the SEC's process of providing feedback to the Receiver could take several weeks. Accordingly, the Receiver presently expects to be in a position to file the proposed distribution plan with the Court by the end of June 2026.

* * *

The Receiver repeats the following reminders regarding claims and the claims process. Claimants may want to consider whether to hire counsel to assist them with the claims process. Claimants do not have an obligation to retain counsel in order to participate in the claims process, but the Receiver and his counsel cannot provide legal advice to any claimant, nor can the Receiver advise claimants regarding whether or not they should retain counsel. Any claimant that chooses to proceed without counsel should visit the section of the Court's website (www.ilnd.uscourts.gov) named "Information for People Without Lawyers (Pro Se)" which provides useful information and also states the following: "The rules, procedures and law that affect your case are very often hard to understand. With that in mind, you should seriously consider trying to obtain professional legal assistance from an attorney instead of representing yourself as a pro se party." Claimants may also

3

want to speak with a lawyer to assist them in determining for themselves whether or not to retain counsel.

**All claimants have a continuing responsibility to ensure that the Receiver at all times has current and up-to-date contact information** so that the Receiver may provide important information relating to the claims process, the claimant's claims, or the Receivership Estate, as well as mail distribution checks for approved claims. **Claimants who fail to provide up to date contact information to the Receiver risk not receiving distributions that may be sent to them.** Additionally, any claimants who have closed their retirement accounts and transferred their interests to a different IRA or 401k custodian, or to themselves individually, should notify the Receiver and provide documentation of the transfer or distribution from their former custodian. Communications to the Receiver with respect to claims and distribution issued should be sent to equitybuildclaims@rdaplaw.net.

## II.     ADDITIONAL OPERATIONS OF THE RECEIVER

### A.   Identification, Preservation, and Recovery of Assets

During the First Quarter 2026, the Receiver continued efforts to identify, preserve, and recover assets. To this end, the Receiver consulted with the SEC with respect to the last remaining asset that could potentially be brought into the estate for the benefit of claimants.

### B.   Financial Reporting of Receipts and Expenditures

The Receiver only needed to devote a minimal amount of work during the quarter to financial reporting.

### C.   Open Litigation

During the quarter, the Receiver filed a motion to approve the $30,000 settlement of a state court wrongful death action in the matter of *Jerrine Pennington for Valerie Pennington, Deceased v.* 4533 *Calumet, LLC*, Case No. 2021 L 10115. (Dkt. 1938) This Court granted the motion on

4

January 15, 2026 (Dkt. 1944, 1946), and the state court matter was dismissed with prejudice on February 3, 2026.

With the resolution of that matter, the Receiver is currently aware of only one remaining action in which an EquityBuild entity is a named defendant, *Equity Trust Co. Custodian FBO Joseph Kennedy IRA v. EquityBuild Inc., et al.*, Case No. 2022 CH 02709. This foreclosure action on 107-11 N. Laramie was filed March 25, 2022 pursuant to this Court's Order partially lifting the stay of litigation. (Dkt. 1176)  On January 12, 2026, plaintiffs moved for leave to file a Second Amended Complaint which removes any claim for a deficiency judgment against EquityBuild, leaving it a nominal defendant in the foreclosure action.  On January 21, 2026, however, the circuit court entered an order dismissing the action for want of prosecution.  Although a motion to vacate that DWP order was filed on January 26, 2026, it does not appear that motion has been noticed for presentment.  Nor has there been a return of service on the current owner of the property, EE26 Southside 65 LLC, for which a second alias summons was issued on January 22, 2026.

During the quarter, the Receiver also engaged in discussions with the City of Chicago to resolve all outstanding claims and disputes relating to EquityBuild properties, liens, and other matters asserted by the City with respect to the Receivership Estate.

D. <u>Claimant Communications</u>

The Receiver has provided and continues to maintain numerous resources to keep claimants informed about proceedings in this action.  To provide basic information, the Receiver established and regularly updates a webpage (https://rdaplaw.net/equitybuild-receivership/) for claimants and other interested parties to obtain information and certain court filings related to the Receivership Estate.  A copy of this Status Report will be posted on the Receivership web site.

Court filings and orders are also available through PACER, which is an electronic filing system used for submissions to the Court. Investor claimants and others seeking court filings and orders can visit www.ilnd.uscourts.gov for information about accessing filings through PACER.

Beyond those avenues, the Receiver keeps claimants informed regarding major occurrences in the Receivership through regular email communications. Additionally, the Receiver continues to receive and respond to numerous emails and voicemails from claimants and their representatives. The Receiver and his staff responded in writing to approximately 126 such inquiries during the First Quarter 2026 and sent an additional 194 emails confirming distribution payee and address information, in addition to conducting a number of oral communications. The Receiver will continue to work to ensure that information is available and/or otherwise provided as quickly and completely as practicable, asks all stakeholders and interested parties for patience during this lengthy process, and reiterates that responding to individual inquiries depletes Receivership assets. These quarterly status reports and the Receiver's other court filings remain the most efficient means of communicating information regarding the activities of the Receivership Estate.

E.  Control of Receivership Property and Records

The Receiver has continued efforts to preserve all EquityBuild property and records. The Receiver continues to undertake efforts to maintain, preserve, and utilize EquityBuild's internal documents during the pendency of this matter. The Receiver plans to terminate services relating to EquityBuild's records in the coming months.

F.  Factual Investigation

The Receiver and his retained professionals have continued to review and analyze claimants' proof of claim submissions and other supporting materials obtained from claimants

pursuant to informal discovery conducted by the Receiver, as well as other EquityBuild documents and information relating to Group 10 claims and preparation of a distribution plan.

G. Tax Issues

During the First Quarter 2026, the Receiver's tax administrator, Miller Kaplan, assisted with certain additional tax and compliance issues relating to property distributions, related follow-up with claimants, tax reporting, and estimated tax filings and withholdings.

The Receiver has informed investors that he cannot provide advice on tax matters. Moreover, the Receiver and his retained professionals do not plan to issue Forms 1099-INT or other tax forms to investors. However, Forms 1099-R may or have been issued to investors who previously held investments through closed retirement accounts and as a result received distributions directly. With respect to valuation, loss, or other tax issues, investors and their tax advisors may wish to seek independent tax advice and to consider IRS Rev. Proc. 2009-20 and IRS Rev. Rul. 2009-9.

H. Accounts Established by the Receiver for the Benefit of the Receivership Estate

The Receiver established custodial accounts at a federally insured financial institution to hold all cash proceeds from the sale of the Receivership properties. These interest-bearing checking accounts are used by the Receiver to collect liquid assets of the Estate and to pay portfolio-related and administrative expenses. The Receiver also established separate interest-bearing accounts to hold funds from the sale of real estate, as directed by Court order, until such time as such funds were distributed, upon Court approval, to the various creditors of the Estate, including but not limited to the defrauded investors or lenders.

Attached as **Exhibit 1** is a schedule reflecting the balance of funds in the remaining property-specific accounts as of March 31, 2026, with a description of any changes to the account balance during the quarter.

### III.     RECEIVER'S FUND ACCOUNTING

The Receiver's Standardized Fund Accounting Report ("SFAR") for the First Quarter 2026 is attached hereto as **Exhibit 2**. The SFAR discloses the funds received and disbursed from the Receivership Estate during this reporting period. As reported in the SFAR, cash on hand as of March 31, 2026 equaled $20,230,150.03. The information reflected in the SFAR is based on records and information currently available to the Receiver. The Receiver and his advisors are continuing with their evaluation and analysis.

### IV.     RECEIVER'S SCHEDULE OF RECEIPTS AND DISBURSEMENTS

The Receiver's Schedule of Receipts and Disbursements ("Schedule") for the First Quarter 2026 is attached hereto as **Exhibit 3**. This Schedule reflects $320,001.43 in total receipts and $317,542.35 in total disbursements to and from the Receiver's (non-property) account during the quarter.

### V.     RECEIVERSHIP PROPERTY

All known Receivership Property is identified and described in the Master Asset List attached hereto as **Exhibit 4**. The Master Asset List identifies funds in the Receiver's account in the amount of $20,230,150.03, and an additional real estate asset that may potentially be recovered for the receivership estate. The Master Asset List does not include funds received or recovered after March 31, 2026.

Additionally, the balances of the remaining property-specific interest-bearing accounts established to hold the proceeds from sold real estate are reflected in Exhibit 1. The two remaining accounts with balances—for Property 4 (5450 Indiana) and Property 5 (7749 Yates)—collectively

contained $12,569.42 as of March 31, 2026, with the remaining balances corresponding to checks that had not been negotiated and residual interest.

## VI. LIQUIDATED AND UNLIQUIDATED CLAIMS HELD BY THE RECEIVERSHIP ESTATE

At this time, the Receiver is not aware of significant further liquidated and/or unliquidated claims. As such, during the quarter, the Receiver only spent a minimal amount of time on such claims. As the Receiver approaches the presentation of a final distribution associated with Group 10, any remaining liquidated and/or unliquidated claims will be addressed.

## VII. PROFESSIONAL FEES AND EXPENSES

During the quarter, the Receiver prepared and submitted his 30th Fee Application (Dkt. 1948), to which no objections were filed. On January 15, 2026, the Court granted the Receiver's 29th Fee Application, approving the allocations to properties, and imposing a 20% holdback on all fees not subject to other distribution orders. (Dkt. 1944, 1945) On February 27, 2026, the Court granted the Receiver's 30th Fee Application, approving the allocations to Properties 4 and 5, and imposing a 20% holdback on all fees not subject to other distribution orders. (Dkt. 1955)

## VIII. CONCLUSION

At this time, the Receiver recommends the continuation of the Receivership for at least the following reasons:

1. The continued investigation, analysis, and recommendations regarding the claims against the Receivership Estate, including, but not limited to, the claims and records of investors;

2. The continued investigation, analysis, and potential recovery of assets for the Estate;

3. The continued analysis and formulation, in consultation with the SEC and the Court, of a just and fair distribution plan for the creditors of the Receivership Estate; and

9

4. The discharge of any other legal and/or appointed duties of the Receiver as identified in the August 17, 2018 Order Appointing Receiver, or as the Court deems necessary.

Dated: April 28, 2026

Respectfully submitted,

Kevin B. Duff, Receiver

By:   /s/ Michael Rachlis
Michael Rachlis (mrachlis@rdaplaw.net)
Jodi Rosen Wine (jwine@rdaplaw.net)
Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone (312) 733-3950

*Attorneys for Kevin B. Duff, Receiver*

10

**CERTIFICATE OF SERVICE**

I hereby certify that I provided service of the foregoing Receiver's Thirty-First Status Report, via ECF filing, to all counsel of record on April 28, 2026.

I further certify that I caused true and correct copies of the foregoing to be served by electronic mail to all known individuals or entities that submitted a proof of claim in this action (sent to the e-mail address each claimant provided on the claim form or subsequently updated).

I further certify that the Receiver's Thirty-First Status Report will be posted to the Receivership webpage at: https://rdaplaw.net/equitybuild-receivership/

/s/ Michael Rachlis

Michael Rachlis
Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone (312) 733-3950
Fax (312) 733-3952
mrachlis@rdaplaw.net

11

# Exhibit 1

*SEC v. EquityBuild, Inc., et al.*
No. 18-cv-5587
Balances of Funds in Property Specific Accounts as of March 31, 2026

| Account Number | Account Name | Property Number | Account Balance as of 3/31/26 (including March 2026 interest posted April 1, 2026) | Date of Settlement | Date of Distribution | Reason for Change (if any) 1/1/26 - 3/31/26 |
|---|---|---|---|---|---|---|
| 0371 | 5450 S. Indiana | 4 | $9,574.28 | 6/25/2020 | 3/6/2026 | Interest earned, $15,466.89; transfer allocated fees for 29th fee app per 1/21/26 Order (Dkt 1945), ($11,212.40); transfer previously heldback fees, allocated fees for 30th fee app, and estimated 1Q2026 fees per 2/19/26 Order (Dkt 1954), ($39,966.15); distributions to claimants per 2/19/26 Order (Dkt 1954), ($1,861,551.47) |
| 0231 | 7749-59 S. Yates | 5 | $2,995.14 | 4/22/2020 | 3/6/2026 | Interest earned, $4,837.56; transfer allocated fees for 29th fee app per 1/21/26 Order (Dkt 1945), ($11,212.40); transfer previously heldback fees, allocated fees for 30th fee app, and estimated 1Q2026 fees per 2/19/26 Order (Dkt 1954), ($40,555.58); distributions to claimants per 2/19/26 Order (Dkt 1954), ($548,752.67) |
| 0884 | 7255 S. Euclid | 73 | $0.00 | 6/29/2021 | 8/14/2025 | Interest earned, $55.89; transfer residual balance and interest to Receiver's account per 8/13/25 Order (Dkt 1907), ($16,520.88); account closed |
| 0066 | 6160-6212 S King | 79 | $0.00 | 4/30/2019 | 8/23/2024 | Interest earned, $14.14; transfer residual balance and interest to Receiver's account per 7/15/24 Order (Dkt 1699), ($4,189.50); account closed |
| 0322 | 8326-58 S. Ellis | 96-99 | $0.00 | 6/11/2020 | 4/1/2025 | Interest earned, $70.53; distribution to claimant per 3/31/25 Order (Dkt 1871), ($13,017.40); transfer residual balance and interest to Receiver's account per 3/31/25 Order (Dkt 1871), ($12,423.62); account closed |
| | TOTAL FUNDS HELD: | | $12,569.42 | | | |

1

# Exhibit 2

STANDARDIZED FUND ACCOUNTING REPORT for EQUITYBUILD, INC., et al. - Cash Basis
Receivership; Civil Court Docket No. 18-cv-05587
Reporting Period 1/1/2026 to 3/31/2026

**Fund Accounting (See Instructions):**

| | | Detail | Subtotal | Grand Total |
|---|---|---|---|---|
| Line 1 | Beginning Balance (As of 1/1/2026): | $20,227,690.99 | | $20,227,690.99 |
| | *Increases in Fund Balance:* | | | |
| Line 2 | Business Income | | | |
| Line 3 | Cash and unliquidated assets | | | |
| Line 4 | Interest/Dividend Income | $183,920.90 | | |
| Line 5 | Business Asset Liquidation | | | |
| Line 6 | Personal Asset Liquidation | | | |
| Line 7 | Net Income from Properties | | | |
| Line 8 | Miscellaneous - Other[1] | $136,080.53 | | |
| | Total Funds Available (Line 1-8): | | | $20,547,692.42 |
| | *Decrease in Fund Balance:* | | | |
| Line 9 | Disbursements to Investors | | | |
| Line 10 | Disbursements for receivership operations | | | |
| Line 10a | Disbursements to receiver or Other Professionals[2] | ($287,542.39) | | |
| Line 10b | Business Asset Expenses | | | |
| Line 10c | Personal Asset Expenses | | | |
| Line 10d | Investment Expenses | | | |
| Line 10e | Third-Party Litigation Expenses[3] | ($30,000.00) | | |
| | 1. Attorney Fees | | | |
| | 2. Litigation Expenses | | | |
| | Total Third-Party Litigation Expenses | | $0.00 | |
| Line 10f | Tax Administrator Fees and Bonds | | | |
| Line 10g | Federal and State Tax Payments | | | |
| | Total Disbursements for Receivership Operations | | ($317,542.39) | |
| Line 11 | Disbursements for Distribution Expenses Paid by the Fund: | | | |
| Line 11a | Distribution Plan Development Expenses: | | | |
| | 1. Fees: | | | |
| | Fund Administrator……………………………………………………. | | | |
| | Independent Distribution Consultant (IDC)………………… | | | |
| | Distribution Agent…………………………………………………… | | | |
| | Consultants…………………………………………………………………. | | | |
| | Legal Advisers……………………………………………………………. | | | |
| | Tax Advisers……………………………………………………………. | | | |
| | 2. Administrative Expenses | | | |
| | 3. Miscellaneous | | | |
| | Total Plan Development Expenses | | $0.00 | |
| Line 11b | Distribution Plan Implementation Expenses: | | | |
| | 1. Fees: | | | |
| | Fund Administrator………………………………………………… | | | |
| | IDC…………………………………………………………………………… | | | |

STANDARDIZED FUND ACCOUNTING REPORT for EQUITYBUILD, INC., et al. - Cash Basis
Receivership; Civil Court Docket No. 18-cv-05587
Reporting Period 1/1/2026 to 3/31/2026

| | | | | |
|---|---|---|---|---|
| | Distribution Agent…………………………………….…………… | | | |
| | Consultants…………………………………………………………. | | | |
| | Legal Advisers…………………………………………………………. | | | |
| | Tax Advisers…………………………………………………………….. | | | |
| | 2. Administrative Expenses | | | |
| | 3. Investor identification | | | |
| | Notice/Publishing Approved Plan…………………………….. | | | |
| | Claimant Identification………………………………………………… | | | |
| | Claims Processing…………………………………………………….. | | | |
| | Web Site Maintenance/Call Center………………………….. | | | |
| | 4. Fund Adminstrator Bond | | | |
| | 5. Miscellaneous | | | |
| | 6. Federal Account for Investor Restitution (FAIR) reporting Expenses | | | |
| | Total Plan Implementation Expenses | | | |
| | Total Disbursement for Distribution Expenses Paid by the Fund | $0.00 | | |
| Line 12 | **Disbursement to Court/Other:** | | | |
| Line 12a | *Investment Expenses/Court Registry Investment System (CRIS) Fees* | | | |
| Line 12b | *Federal Tax Payments* | | | |
| | Total Disbursement to Court/Others: | | | |
| | Total Funds Disbursed (Lines 1-12): | | | ($317,542.39) |
| Line 13 | **Ending Balance (As of 3/31/2026):** | | | $20,230,150.03 |
| Line 14 | **Ending Balance of Fund - Net Assets:** | | | |
| Line 14a | *Cash & Cash Equivalents* | $20,230,150.03 | | |
| Line 14b | *Investments (unliquidated EquityBuild investments)* | | | |
| Line 14c | *Other Assets or uncleared Funds* | | | |
| | **Total Ending Balance of Fund - Net Assets** | | | $20,230,150.03 |

[1]Transfer allocated fees for 29th fee app from 5450 Indiana and 7749 Yates accounts (#1945), $22,424.80; transfer residual fees and interest to close accounts (6160 MLK; 7255 Euclid; 8326 Ellis) (#s 1699, 1871,1907), $33,134.00; transfer allocated fees and holdbacks from 5450 Indiana account per distribution order (# 1954), $39,966.15; transfer allocated fees and holdbacks from 7749 Yates account per distribution order (# 1954), $40,555.58. Total = $136,080.53

[2]Fees disbursed to Receiver and other professionals for 29th fee application (#1945), ($139,600.90); fees disbursed to Receiver and other professionals for 30th fee application (#1955), ($67,419.76); disbursement of allocated fees and holdbacks to Receiver and other professionals per distribution order for Properties 4 and 5 (#1954), ($80,521.73). Total = ($287,542.39)

STANDARDIZED FUND ACCOUNTING REPORT for EQUITYBUILD, INC., et al. - Cash Basis
Receivership; Civil Court Docket No. 18-cv-05587
Reporting Period 1/1/2026 to 3/31/2026

[3]Payment to Estate of Valerie Pennington to settle state
court case per 1/21/26 Order (Dkt 1946), ($30,000.00)

Receiver:

| | |
|---|---|
| | /s/ Kevin B. Duff |
| (Signature) | |

| | |
|---|---|
| | Kevin B. Duff, Receiver EquityBuild, Inc., et al. |
| (Printed Name) | |

| | |
|---|---|
| Date: | 4/15/26 |

# Exhibit 3

EQUITYBUILD RECEIVERSHIP ESTATE ACCOUNT #0181
January 1 - March 31, 2026
Schedule of Receipts and Disbursements

| | | | | |
|---|---|---|---|---|
| **Beginning Balance 1/1/26** | | | | **$20,227,690.99** |
| | | | | |
| **RECEIPTS** | | | | |
| | | **Received From** | **Amount** | |
| Interest | 1/2/2026 | Interest | $64,573.03 | |
| Transfers In | 1/21/2026 | Transfer allocated fees for 29th fee app from 5450 Indiana and 7749 Yates accounts (#1945) | $22,424.80 | |
| Interest | 2/2/2026 | Interest | $62,735.34 | |
| Transfers In | 2/6/2026 | Transfer residual fees and interest to close accounts (6160 MLK; 7255 Euclid; 8326 Ellis) | $33,134.00 | |
| Interest | 2/11/2026 | Interest | $197.22 | |
| Transfer In | 2/20/2026 | Transfer allocated fees and holdbacks from 5452 Indiana account per distribution order for Properties 4 & 5 (2/19/26, Dkt 1954) | $39,966.15 | |
| Transfer In | 2/20/2026 | Transfer allocated fees and holdbacks from 7749 Yates account per distribution order for Properties 4 & 5 (2/19/26, Dkt 1954) | $40,555.58 | |
| Interest | 3/2/2026 | Interest | $56,415.31 | |
| | | | | |
| | | TOTAL RECEIPTS | | $320,001.43 |
| | | | | |
| | | | | |
| | | **Paid To** | **Amount** | |
| Wire Out | 1/22/2026 | Transfer allocated & unallocated fees and expenses to RDP for 29th fee app per 1/21/26 Order (Dkt 1945) | ($133,444.10) | |
| 20064 | 1/28/2026 | Payment of 3Q2025 fees to Miller Kaplan (less 20% holdback) per 1/21/26 Order (Dkt 1945) | ($3,803.20) | |
| 20065 | 1/28/2026 | Payment of 3Q2025 fees to Sorren (less 20% holdback) per 1/21/26 Order (Dkt 1945) | ($2,023.60) | |
| 20066 | 1/28/2026 | Payment of 3Q2025 fees to Prometheum per 1/21/26 Order (Dkt 1945) | ($330.00) | |
| 20067 | 2/4/2026 | VOID | $0.00 | |
| 20068 | 2/5/2026 | Payment to Estate of Valerie Pennington to settle state court case per 1/21/26 Order (Dkt 1946) | ($30,000.00) | |

EQUITYBUILD RECEIVERSHIP ESTATE ACCOUNT #0181
January 1 - March 31, 2026
Schedule of Receipts and Disbursements

| | | | | |
|---|---|---|---|---|
| Wire Out | 2/20/2026 | Payment of allocated fees and holdbacks to RDP per distribution order for Properties 4 & 5 (2/19/26, Dkt 1954) | ($80,521.73) | |
| Wire Out | 2/27/2026 | Transfer unallocated fees & expenses to RDP for 30th fee application (2/27/26, Dkt 1955) | ($65,429.68) | |
| 20069 | 3/2/2026 | Payment of 4Q2025 fees to Miller Kaplan (less 20% holdback) per 2/27/26 Order (Dkt 1955) | ($796.08) | |
| 20070 | 3/2/2026 | Payment of 4Q2025 fees to Sorren Inc (less 20% holdback) per 2/27/26 Order (Dkt 1955) | ($1,194.00) | |
| | | | | |
| | | TOTAL DISBURSEMENTS: | | ($317,542.39) |
| | | | | |
| | | **Grand Total Cash on Hand at 3/31/2026:** | | **$20,230,150.03** |
| | | | | |
| | | | | |

# Exhibit 4

**Master Asset List**

| Receiver's Account (as of 3/31/2026) | | |
|---|---|---|
| **Institution** | **Account Information** | **Amount** |
| AXOS Fiduciary Services | Checking #0181 | $20,230,150.03 |

| Other, Non-Illinois Real Estate | |
|---|---|
| **Description** | **Estimated Current Market Value** |
| Single family home in Plano, Texas | ±$700,000.00[1] |
| | Estimated mortgage amount: $500,000.00<br>Estimated value less mortgage: $200,000.00 |

[1] Source: www.zillow.com