**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** | ) ) ) ) | |
| Plaintiff, | ) ) | **Civil Action No. 18-cv-5587** |
| v. | ) ) | **Judge Manish S. Shah** |
| **EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,** | ) ) ) ) | **Magistrate Judge Young B. Kim** |
| Defendants. | ) ) ) | |

**RECEIVER'S MOTION TO APPROVE
SETTLEMENT WITH THE CITY OF CHICAGO**

Kevin B. Duff, as receiver ("Receiver") for the Estate of Defendants EquityBuild, Inc. ("EquityBuild"), EquityBuild Finance, LLC ("EquityBuild Finance"), their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen (collectively, the "Receivership Defendants"), respectfully moves for an order approving a settlement reached with claimant the City of Chicago. In support of his motion, the Receiver states as follows:

1.      In numerous instances throughout the pendency of this matter, the City of Chicago has served the Receiver with notices of municipal code violations relating to properties that were owned by the Receivership Defendants.

2.      On August 27, 2020, the City of Chicago recorded a lien with respect to matter 19BT00089A against each of the three properties located at 7201 S Constance Ave, 7625 S East Ave and 7836 S South Shore Dr (aka 3074 Cheltenham).

3.      On or about June 28, 2019, the City of Chicago submitted a proof of claim (#693) in these proceedings asserting:

1

a.    $30,754.98 in outstanding debts allegedly owed to the City of Chicago from one or more building violations involving the properties located at:

- 7109-19 S Calumet Avenue (7-693)
- 6437-41 S Kenwood Avenue (6-693)
- 7300-04 St Lawrence Avenue (49-693)
- 8000-02 S Justine Street (54-693)
- 9610 S Woodlawn Avenue (46-693)
- 8326-58 S Ellis Avenue (96-693)
- 8517 S Vernon Avenue (44-693)
- 8405 S Marquette Avenue (26-693)
- 5618-20 S Martin Luther King Drive (110-693)
- 7625-33 S East End Avenue (75-693)
- 7635-43 S East End Avenue (76-693)
- 7255-57 S Euclid Avenue (73-693)
- 7748-52 S Essex Avenue (92-693)
- 7600-10 S Kingston Avenue (89-693)
- 7024-32 S Paxton Avenue (72-693)
- 107-13 N Laramie Avenue (115-693)

b.    $47,724.22 in past-due water debts involving the properties located at:

- 7656-58 S Kingston Avenue (90-693)
- 3074 Cheltenham Place (74-693)
- 2909-19 E 78th Street (13-693)
- 7760 S Coles Avenue (50-693)
- 7201 S Constance Avenue (78-693)
- 7237-43 S Bennett Avenue (61-693)

The total amount of the City of Chicago's claim was $78,479.20.

4.    In the claims process proceeding for Groups 1-9 in this receivership, the Court made determinations on each of the above claims except claim 115-693, which involves a former EquityBuild property that was not part of the Receivership Estate.[1]  (Dkt. 1303, 1373, 1451, 1552, 1666, 1676, 1695, 1717, 1830, 1865, 1871, 1902, 1907). The Court further disallowed the City of Chicago's claims for interest, penalties and fees.  *Id.*

---

[1] The City's claim against 107-13 N Laramie (Property 115) relates to administrative Case No. 17BT03356A, which the Receiver has determined was paid in full.

2

5. The Court's orders approved certain of the claims for distributions (Properties 26, 44, 46), disallowed certain of the claims because the debt had been paid (Properties 7, 13, 49, 50, 54, 61, 74, 90, 110), and found that other claims were unsecured claims (Properties 6, 72, 73, 75, 76, 78, 89, 92, 96) to be addressed in Group 10.

6. Settlement discussions between the Receiver and the City of Chicago have taken place and these parties reached a negotiated agreement to recommend to this Court as to the resolution of the City of Chicago's claims in these proceedings (the "Settlement"). This Settlement is contingent on the Court granting the instant motion.

7. Contingent on the Court granting this Motion, the Receiver and the City of Chicago agree as follows:

a. Within 7 days of entry of an order approving the Settlement, the Receiver will pay, by certified check from the Receiver's account, $4,000.00 payable to the City of Chicago in full settlement of its claims;

b. Without any party admitting liability or the validity of any claim, violation, penalty, or other liability of any kind or nature, this Settlement resolves all disputes of any kind or nature, known or unknown, asserted or unasserted, between the Receiver, the Receivership Defendants, and the Receivership Estate, on the one hand, and the City of Chicago, on the other hand, which relate to or arise out of the Receivership Estate or this Action;

c. All claims, liens, objections, rights, violations, penalties, or other liabilities of any kind or nature, that exist, might exist, or at any time existed, which relate to or arise out of the Receivership Estate or this Action, and were asserted, or could have been asserted, between the Receiver, the Receivership Defendants, and/or the Receivership

3

Estate, on the one hand, and the City of Chicago, on the other hand, are hereby released, compromised, and waived such that, without limitation, other than the Settlement Payment described herein, the City of Chicago will receive nothing further from the Receiver, the Receivership Defendants, or the Receivership Estate;

       d.     The City of Chicago will cause a satisfaction and release of lien to be recorded in the chains of title for 7201 S Constance, 7625 S East Ave, and 7836 S South Shore Dr (aka 3074 Cheltenham) with respect to matter 19BT00089A recorded on August 27, 2020;

       e.     The City of Chicago hereby releases the Receivership Defendants and the Receivership Estate, from any actions, violations, penalties, judgments or liens involving any of the properties at any time owned by any of the Receivership Defendants or within the Receivership Estate; provided, however, that nothing in this release shall limit, impair, or otherwise affect the City of Chicago's rights, claims, or enforcement authority against any non-receivership successor-in-interest or current owner of any such property for any claims related to circumstances arising after the disposition by the Receiver of any such property;

       f.     The City of Chicago hereby irrevocably and unconditionally releases and forever discharges the Receiver, in his official and individual capacities, and the Receiver's professionals, agents, employees, attorneys, and representatives, from any and all claims, demands, actions, causes of action, liabilities, damages, violations, losses, liens, losses, costs, and expenses of every kind or nature—whether known or unknown, accrued or unaccrued, direct or indirect, in law or in equity—arising out of, based upon, relating to, or in any way connected with:

      i.      the SEC Action;

      ii.      the Receivership Estate;

      iii.      any properties owned, managed, or operated at any time by any of the Receivership Defendants; or

      iv.      any act, omission, or duty of the Receiver in connection with the SEC Action.

This release includes, without limitation and to the fullest extent permitted by law, any and all claims under any theory of liability, arising before, during or after the Receiver's appointment, so long as such claims fall within clauses (i)–(iv), above. This release is intended to be as broad as permitted by law, but shall not extend beyond clauses (i)–(iv), above;

      g.      the City of Chicago will not appeal from or collaterally attack any rulings associated with its claims or this matter; and

      h.      any and all other claims, objections, or rights which relate to or arise out of the Receivership Estate or this Action, and that might exist between or among the Receiver, the Receivership Defendants, and the Receivership Estate, on the one hand, and the City of Chicago, on the other hand, are hereby compromised and waived.

8.      A settlement by a federal equity receiver is within the receiver's broad discretion and should be approved if it is fair. *Gordon v. Dadante*, 336 Fed. Appx. 540 (6th Cir. 2009). A district court's determination of the fairness of a settlement by a receiver is subject to the sound discretion of the court. *Id.* at 545; *see also Sterling v. Stewart*, 158 F.3d 1199, 1202 (11th Cir. 1998) (the determination of fairness of a settlement in an equity receivership will not be overturned absent a clear showing of abuse of discretion).

9. The Receiver believes that the Settlement described in this motion is a fair and reasonable settlement for the Receivership Estate and is in the Receivership Estate's best interest, and that there will be savings of time and resources achieved based on the agreements reached between the Receiver and City of Chicago.

10. Notice of this motion is being given to each of the claimants who have submitted claims in this matter. In addition, this motion will be made publicly available to all interested and potentially interested parties by posting a copy of it to the Receivership website at *https://rdaplaw.net/equitybuild-receivership/*.

11. The Receiver has conferred with counsel for the SEC which consents to the relief requested in this motion.

WHEREFORE, the Receiver seeks the following relief:

a) a finding that adequate and fair notice has been provided to all interested and potentially interested parties of the claims process, the Receiver's recommendations with respect to the City of Chicago's claims, and the current motion;

b) an order finding that the Settlement between the Receiver and the City of Chicago is fair, reasonable, and in the best interests of the Receivership Estate;

c) an order providing a full and fair opportunity for each interested party to assert its interests and any objections to the relief requested in this motion;

d) an order finding either that no objections were filed or a finding that the Settlement is approved over any such objections; and

e) such other relief as the Court deems fair and equitable.

Dated:  June 10, 2026

Respectfully submitted,

/s/ Michael Rachlis

Michael Rachlis
Jodi Rosen Wine
Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
Phone (312) 733-3950
Fax (312) 733-3952
mrachlis@rdaplaw.net
jwine@rdaplaw.net