# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Case No. 1:18-cv-5587 |
| v. | Hon. Manish S. Shah |
| EQUITYBUILD, INC., *et al.*, | Magistrate Judge Young B. Kim |
| Defendants. | |

## RECEIVER'S MOTION TO APPROVE GROUP 10 DISTRIBUTION PLAN

Michael Rachlis
Jodi Rosen Wine
Rachlis Duff & Peel, LLC
216 W. Jackson Blvd., Suite 975
Chicago, IL 60606
Phone (312) 733-3950
mrachlis@rdaplaw.net
jwine@rdaplaw.net

*Attorneys for Kevin B. Duff, Receiver*

**TABLE OF CONTENTS**

Table of Authorities ........................................................................................................ iii

I.      INTRODUCTION ................................................................................................ 1

II.     BACKGROUND ................................................................................................. 4

        A.    The SEC Action ................................................................................... 4
        B.    The Ponzi Scheme ............................................................................... 5
        C.    Appointment of the Receiver ............................................................... 6
        D.    The Claims Process, Notice, Proof of Claim Form, and Bar Date ........ 8

              1.  Notice of the Claims Process and Bar Date ................................ 8
              2.  Proofs of Claim ......................................................................... 9
              3.  The Claims Bar Date ................................................................. 10
              4.  The Receiver's Reports on Received Claims ............................... 10

        E.    The Claims Review Process & Claims Groups .................................... 11
        F.    Summary of Groups 1-9 and Single Lien Properties ........................... 12
        G.    Group 10 Claims ................................................................................ 13
        H.    Funds Available for Distribution ........................................................ 14

III.    THE COURT HAS BROAD DISCRETION TO FASHION AN EQUITABLE
        DISTRIBUTION PLAN ...................................................................................... 15

        A.    The Standard of Review Is Abuse of Discretion .................................. 17
        B.    Combining Claims with a Common Economic Interest Is Fair and
              Reasonable. ........................................................................................ 17
        C.    The Receiver Has Determined Each Eligible Claimant's Loss Based on All
              Known Funds Received. ...................................................................... 19

              1.  Principal and Interest Are Properly Accounted for in Determining the
                  Amount of Each Claimant's Remaining Loss. ............................ 22

              2.  Commissions and Referral Fees Are Properly Accounted for in
                  Determining the Amount of Each Claimant's Remaining Loss. ..... 22

              3.  Bonuses, Profits, or Similar Incentive Payments Are Properly
                  Accounted for in Determining the Amount of Each Claimant's
                  Remaining Loss. ....................................................................... 23

        D.    Interest, Penalties, Fees, and Other Such Claimed Amounts Are
              Appropriately Excluded in Determining the Amount of Each Claim. ..... 23

i

IV.    THE RECEIVER HAS IDENTIFIED CLAIMANTS WHO ARE ELIGIBLE FOR A DISTRIBUTION AND DETERMINED HOW TO CLASSIFY CLAIMS.......................24

    A.    Exclusion of Claims from Insiders and Promoters Is Appropriate. .......................25

        1.  Allred's Unsecured Claim Should Be Excluded..............................................26

        2.  Mora's Unsecured Claim Should Be Excluded. ..............................................27

    B.    Capital Investors, LLC's Unsecured Claim Related to 6949-59 S. Merrill and 5001 S. Drexel Should Be Excluded and the Unsecured Claims of 6951 South Merrill Fund I LLC and 5001 South Drexel Blvd Fund II LLC Should Be Allowed..................................................................................................................27

    C.    Michael and Lyanne Terada's Unsecured Claim 940-551 Should Be Excluded Due To a Failure of Documentation Supporting the Claim. ...................29

    D.    Subordination of Shatar's Unsecured Claims Is Appropriate. ...............................30

    E.    Subordination of Non-Contributing Claims Is Appropriate..................................35

    F.    The Remaining Investors and Institutional Lenders Should Be Treated Equitably Based on Their Actual Losses and Relative Equities, Not Categorical Labels. ...............................................................................................38

V.    THE RECEIVER'S RECOMMENDED DISTRIBUTION METHODOLOGY...............41

    A.    The Receiver Considered Rising Tide and Net Loss Methodologies. ...................41

    B.    The Court Has the Discretion to Determine an Equitable Distribution Methodology. .........................................................................................................42

    C.    The Percentage of Claimants Receiving Funds from the Receivership Is a Key Factor...............................................................................................................43

    D.    In this Case, the Receiver's Relative Percentage Analysis Supports Using a Rising Tide Methodology over a Net Loss Distribution. ...................................44

VI.    THE RECEIVER'S PROPOSED DISTRIBUTION PLAN.............................................47

VII.    THE COURT SHOULD APPROVE PRIORITY PAYMENT OF ADMINISTRATIVE EXPENSES NECESSARY TO PRESERVE AND ADMINISTER THE RECEIVERSHIP ESTATE. ..........................................................50

VIII.    THE RECEIVER RECOMMENDS THE FOLLOWING PROCEDURE FOR OBJECTIONS TO THE PROPOSED DISTRIBUTION PLAN.....................................52

Certificate of Service ...................................................................................................................58

**TABLE OF AUTHORITIES**

*CFTC v. Barki, LLC*,
   No. 3:09 CV 106-MU, 2009 WL 3839389 (W.D.N.C. Nov. 12, 2009) ..............................42, 43

*CFTC v. Equity Fin. Grp., LLC*,
   No. Civ. 04-1512 RBK AMD, 2005 WL 2143975 (D.N.J. Sept. 2, 2005) ........................ 22-23

*CFTC v. Equity Fin. Grp., LLC*,
   No. Civ. 04-1512-RBK-AMD, 2005 WL 2864781 (D.N.J. Sept. 26, 2005) ...................... 17-18

*CFTC v. Eustace*, No. 05-2973, 2008 WL 471574 (E.D. Pa. Feb. 19, 2008) ................................16

*CFTC v. Lake Shore Asset Mgmt. Ltd.*,
   No. 07 C 3598, 2010 WL 960362 (N.D. Ill. Mar. 15, 2010)
   *aff'd* 646 F.3d 401 (7th Cir. 2011) ....................................................................................41, 43

*CFTC v. Lake Shore Asset Mgmt. Ltd.,* 646 F.3d 401 (7th Cir. 2011)..............................36, 36 n.17

*CFTC v. PrivateFX Global One*, 778 F. Supp. 2d 775 (S.D. Tex. 2011)...............................36 n.17

*CFTC v. TMTE, Inc.*, No. 23-10420, 2024 WL 983553 (5th Cir. Mar. 7, 2024) ..................36 n.17

*CFTC v. Topworth Int'l., Ltd.*, 205 F.3d 1107 (9th Cir. 1999) ......................................................22

*Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985) .........................................................55

*Cunningham v. Brown*, 265 U.S. 1 (1924) ....................................................................................16

*Donell v. Kowell*, 533 F.3d 762 (9th Cir. 2008) ...........................................................................20

*FDIC. v. Bernstein*, 786 F. Supp. 170 (E.D.N.Y. 1992) ................................................................55

*FTC v. Ameridebt, Inc.*, 373 F. Supp. 2d 558 (D. Md. 2005).........................................................37

*FTC v. Crittenden*, 823 F. Supp. 699 (C.D. Cal. 1993)..................................................................37

*Matter of Fesco Plastics Corp.*, 996 F.2d 152 (7th Cir. 1993)......................................................23

*Quilling v. Trade Partners, Inc.*,
   No. 1:03-CV-236, 2007 WL 107669 (W.D. Mich. Jan. 9, 2007)........................................48, 49

*Scholes v. Lehmann*, 56 F.3d 750 (7th Cir. 1995) ...........................................................................20

*SEC v. Basic Energy & Affiliated Resources, Inc.*, 273 F.3d 657 (6th Cir. 2001)..............48, 49, 55

*SEC v. Byers*, 637 F. Supp. 2d 166 (S.D.N.Y. 2009)............................................................26, 42, 43

*SEC v. Complete Business Solutions Group, Inc.*,
   No. 20-CV-81205-RAR, 2024 WL 5348580 (S.D. Fla. Dec. 16, 2024).............................. 25-26

*SEC v. Credit Bancorp, Ltd.*,
   No. 99 CIV. 11395 RWS, 2000 WL 1752979 (S.D.N.Y. Nov. 29, 2000)
   *aff'd* 290 F.3d 80 (2d Cir. 2002) .......................................................................................16, 22

*SEC v. Credit Bancorp, Ltd.*, 290 F.3d 80 (2d Cir. 2002) ...........................................23, 36 n.17, 49

*SEC v. Elliott*, 953 F.2d 1560 (11th Cir. 1992)............................................................16, 36 n.17, 55

*SEC v. Enterprise Trust Co.*,
   No. 08 C 1260, 2008 WL 4534154 (N.D. Ill. Oct. 7, 2008)
   a*ff'd* 559 F.3d 649 (7th Cir. 2009) .................................................................. 15 n.10, 25, 26-27

*SEC v. Enterprise Trust Co.*, 559 F.3d 649 (7th Cir. 2009)....................................16, 17, 25, 31, 38

*SEC v. EquityBuild, Inc.*, 101 F.4th 526 (7th Cir. 2024) (*EquityBuild I*)....................................6, 40

*SEC v. EquityBuild, Inc.*,
   No. 18 CV 5587, 2024 WL 3069682 (N.D. Ill. June 20, 2024)
   *aff'd* 161 F.4th 1020 (7th Cir. 2025).....................................................6, 22, 24, 26, 39, 39 n.19

*SEC v. EquityBuild, Inc.*,
   161 F.4th 1020 (7th Cir. 2025) (*EquityBuild II*) ..................... 30, 31, 31 n.15, 32, 33, 38-39, 40

*SEC v. First Choice Mgmt. Servs., Inc.*, 743 Fed. Appx. 33 (7th Cir. 2018) ..................................17

*SEC v. Forex Asset Mgmt. LLC*, 242 F.3d 325 (5th Cir. 2001) .......................................................48

*SEC v. Forte*, Nos. 09-63, 09-64, 2012 WL 1719145 (E. D. Pa. May 16, 2012)....................26, 31

*SEC v. HKW Trading LLC*,
   No. 8:05-CV-1076-T-24-TB, 2009 WL 2499146 (M.D. Fla. Aug. 14, 2009)............................51

*SEC v. Huber*, 702 F.3d 903 (7th Cir. 2012) ................ 15-16, 18, 19, 20, 22, 23, 31, 40, 41, 42, 43

*SEC v. Infinity Grp. Co.*, 226 Fed. App'x 217 (3d Cir. 2007)..........................................................49

*SEC v. Merrill Scott & Assocs.*, No. 02CV39, 2006 WL 3813320 (D. Utah Dec. 21, 2006) ........26

*SEC v. Parish*, No. 2:07-cv-00919-DCN, 2010 WL 5394736 (D.S.C. Feb. 10, 2010)..................43

*SEC v. TLC Invs. & Trade Co.*, 147 F. Supp. 2d 1031 (C.D. Cal. 2001) ........................................16

*SEC v. Wang*, 944 F.2d 80 (2d Cir. 1991) ................................................................................48, 49

*SEC v. Wealth Mgmt., LLC*,
   628 F.3d 323 (7th Cir. 2010)........................................16, 17, 19, 25, 31, 36, 36 n.17, 38, 42, 51

*U.S. v. Mikaitis,* 33 F.4th 393 (7th Cir. 2022) ................................................................................32

*Vanston Bondholders Protective Committee v. Green*, 329 U.S. 156 (1946)................................23

**Other Authorities**

15 USC § 77(b) ..................................................................................................................................4

15 USC § 78u(d) ................................................................................................................................4

15 USC § 78u(e) ................................................................................................................................4

Kevin B. Duff, in his capacity as Court-appointed Receiver ("Receiver") for the estate of Defendants EquityBuild, Inc., EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen (collectively "Receivership Defendants"), and pursuant to the powers vested in him by this Court's August 17, 2018 Order (Dkt. 16), as amended, moves this Court for approval of his plan for distribution of collected assets of the Receivership Estate, as further described herein. In support of his Motion, the Receiver states as follows:

## I.      INTRODUCTION

In this complex federal equity receivership, at the Receiver's recommendation, the Court divided the claims process into ten claims groups. (Dkt. 1488) Groups 1 through 9 involved claims alleged to be secured by one or more of 108 real estate properties[1] within the Receivership Estate. Over the course of the Receivership, those groups were addressed and resolved substantially seriatim through a combination of property sales, claims reconciliation efforts, settlements, and Court rulings, including proceedings arising from appeals and other disputes. At this stage of the Receivership, all secured claims have been resolved; all proceeds attributable to real estate assets subject to secured claims have either been distributed or determined to be unencumbered and transferred to the Receiver's account; and only unsecured claims remain for determination and distribution of the Receivership Estate's remaining funds.

More particularly, the claims and distribution process has proceeded in two phases in order to administer the Receivership Estate in a fair, orderly, and equitable manner consistent with federal receivership law. The first phase addressed claims tied to identifiable collateral and property-specific proceeds. Because those claims asserted interests in particular assets, they

---

[1] When certain adjacent properties are counted separately, the number of properties in the Receivership Estate was 116.

necessarily had to be resolved before any remaining assets could be distributed. The second phase, which this plan addresses, concerns the remaining funds in the Receivership Estate that are not subject to any secured claim. Accordingly, the distribution of all remaining funds, after accounting for receivership fees and expenses, is intended to be the final step in the Court-supervised administration of claims against the Estate as a whole.

As of June 29, 2026, the unencumbered funds in the Receiver's account totaled $20,345,002.25. The unpaid administrative holdbacks of professional fees incurred for the period August 17, 2018 through March 31, 2026 for the Receiver and the Receiver's retained law firm, accounting firm, and tax administrator totaled $451,580.74. The Receiver believes $19,750,000 is a reasonable conservative estimate of the final distribution amount, after accounting for the current balance in the Receiver's account, bank interest projected to be earned before the balance in the account is distributed, the payment of the holdback amounts, and the fees and expenses needed to accomplish the final distribution.[2]

The Receiver seeks approval of a plan to make a *pro-rata* distribution of all remaining amounts in the Receivership Estate (after payment of administrative fees and expenses) using a "rising tide" methodology. A rising tide methodology allows the Court to look at (i) money each claimant provided to EquityBuild, and (ii) how much, if anything, each claimant already recovered. Recognizing most eligible claimants already received distributions during the claims process, the goal for this final distribution is to bring all eligible claimants closer to the same overall minimum

---

[2] This is the Receiver's best estimate of what will be available for distribution after covering fees and expenses to conclude the Receivership. Before a final distribution order, after resolving objections and approving the distribution plan, the Receiver will adjust the amount to reflect actual available funds, minus estimated professional fees and expenses for distribution and closure. This estimate excludes costs for potential prolonged litigation or appeals.

recovery percentage, so that those who have received little or nothing to date are prioritized over those who have already recovered a larger portion of the funds they provided to EquityBuild.

In this case, at the currently estimated $19,750,000 distribution amount, the rising tide methodology will ensure that, following final distribution, all eligible claimants[3] will have recovered at least 66.1 % (the rising tide line) of the funds they contributed into the EquityBuild Ponzi scheme, whether through payments from EquityBuild, distributions in this Receivership, or another source. While the rising tide line may change slightly based on the actual funds available for distribution, should the Court approve the Receiver's proposed distribution plan, every eligible claimant will have received back a minimum of about 66.1 % of the total amount of money they contributed to EquityBuild. Many eligible claimants will have received more than that percentage of recovery; under the Receiver's plan, the average percentage recovery (after distribution) for all claimants would be about 71 percent.

In practical terms, this means claimants who have not recovered any funds (for example, those whose investments were deemed entirely unsecured in Groups 1-9), may receive a larger proportionate share of the current distribution, while claimants who previously received some of their money back may receive less, or in some cases nothing further, until others catch up. This approach is intended to avoid unfair results where some claimants recover significantly more than others simply because they happened to receive more funds from EquityBuild, from other sources, or have already received substantial distributions in Groups 1-9, and instead seeks to equalize minimum recovery outcomes across all victims to the extent possible.[4]

---

[3] *See* discussion of eligible claimants at Section IV, *infra*.
[4] *See also* Section V, *infra* (discussing the Receiver's consideration of distribution methodologies and recommendation to use a rising tide distribution methodology).

Should a subsequent distribution be necessary, the Receiver also proposes any such remaining funds, net of approved professional fees and expenses relating to the distribution efforts and administration of the Receivership Estate, be distributed pursuant to the same methodology for which the Receiver seeks approval through this motion. The following is the background and history to aid the Court in reviewing the Receiver's proposed distribution plan.

## II.     BACKGROUND

Jerome Cohen and Shaun Cohen owned and controlled EquityBuild, Inc., EquityBuild Finance, LLC, and numerous affiliated entities which owned and operated various real estate holdings, principally on the southside of Chicago. (Dkt. 1 at 1) The Cohens claimed that they had a method to locate undervalued property and solicited loans and investments with promises of large returns. (*Id.* at 1-2) But the business was a massive fraud. (*Id.*) Among other transgressions, the Cohens over-inflated property values to make them attractive to lenders and investors, created multiple secured interests in the same properties, and took various other actions to lure fresh monies to pay obligations to various lenders and investors needed to keep the scheme alive. (*Id.*)

### A.  The SEC Action

On August 15, 2018, the U.S. Securities and Exchange Commission ("SEC") filed an action against the Receivership Defendants pursuant to Sections 20 of the Securities Act, 15 USC § 77(b) and 21 of the Exchange Act, 15 USC §§ 78u(d) and 78u(e). (Dkt. 1) Jerry Cohen and Shaun Cohen subsequently consented to the entry of judgment against them. (Dkt. 40) The Court granted the SEC's financial remedies motion, ordering: As to Jerome Cohen, disgorgement in the amount of $1,428,010; prejudgment interest in the amount of $185,450; and a civil penalty in the amount of $1,428,010. As to Shaun Cohen, disgorgement in the amount of $1,692,487; prejudgment interest in the amount of $148,564; and a civil penalty in the amount of $1,692,487. (Dkt. 533)

## B. The Ponzi Scheme

The Cohens' scheme and their violation of federal securities laws was described by the SEC in its Complaint; the Cohens did not deny the Ponzi scheme in the consent judgment, and expressly admitted it in other ways.[5] (Dkt. 40) Testimony provided to the District Court in support of the motion for the establishment of the Receivership provided evidence of the Ponzi scheme, as did later testimony and the District Court's ruling in regards to the turnover of Jerry Cohen's Naples home to the Receivership Estate. (*See, e.g.,* Dkt. 492 at 3-7 (magistrate judge ruling discussing Tushaus testimony); Dkt. 603 at 5-6 (affirming magistrate judge ruling; "the [District] Court agrees with the magistrate judge's assessment of the hearing evidence, which 'show[s] that the funds used [to purchase the Naples Property] came from [i]nvestor [m]onies tied to the Cohen's Ponzi scheme" (citing Dkt. 492 at 3-7, 10-14))) The District Court's later entry of a monetary judgment found that the Cohens had been operating a Ponzi scheme. (*See* Dkt. 533 at 2 ("Accordingly, the Cohens began running a Ponzi scheme, using new investors' funds to pay earlier investors' interest payments." (citing Dkt. 1, ¶ 45)))[6]

EquityBuild's records, debts, and the assertions of its lienholders confirmed that EquityBuild was a Ponzi scheme. Central to the Cohens' fraud was purposeful confusion and obfuscation of secured interests and the use of inflated property values. (*See, e.g.,* Dkt. 348 at 19; Dkt. 720 at 1; Dkt. 749 at 3) The Cohens would, for example, offer the same lending opportunity twice, telling each lender they were in first position. (*E.g.,* Dkt. 638 at 4) The Cohens' scheme

---

[5] Shaun Cohen admitted to the Ponzi scheme in a video sent to investors shortly before the SEC Complaint was filed. The video was evidence in the hearing for the temporary restraining order, resulting in the Order Appointing Receiver. He stated, in part, that EquityBuild subsidized interest payments from new investments (the definition of a Ponzi scheme). (Dkt. 1, ¶ 63)

[6] Because at times there is a conflict between ECF document page numbers and the numbers appearing on the bottom of submitted pages, pinpoint page citations herein that follow a Docket Number are to the ECF pages (*i.e.,* appearing at the top of the docketed item).

resulted in mortgages on properties that in the aggregate were sometimes multiples of the actual value of the properties. (*Id.*) The Cohens created a labyrinthian network of over 158 separate corporate entities as cover for their activities. (*See* Dkt. 241 at 3) And at the heart of this complexity—and particularly during the claims process for Groups 1-9—were competing, purportedly secured, claims asserted by both institutional lender claimants and investor lender claimants against properties in the estate. (*See* Dkt. 1589, Ex. 6; *see also* Dkt. 693, Ex. 1 (claims organized by property))

The Seventh Circuit recognized, as this Court held, that the Cohens "ran a Ponzi scheme through their real estate companies EquityBuild, Inc. and EquityBuild Finance, LLC ('EBF') from at least 2010 to 2018." *SEC v. EquityBuild, Inc.*, 101 F.4th 526, 528 (7th Cir. 2024) ("*EquityBuild I*"). "In this litigation, liability for this Ponzi scheme was established years ago…." *Id.* at 534 (Easterbrook, J., conc.); *see also, e.g., SEC v. EquityBuild, Inc.*, No. 18 CV 5587, 2024 WL 3069682, at *1 (N.D. Ill. June 20, 2024) (Dkt. 1679), *aff'd sub nom. SEC v. EquityBuild, Inc.*, 161 F.4th 1020, 1025-26 (7th Cir. 2025) ("*EquityBuild II*").

### C. Appointment of the Receiver

On August 17, 2018, this Court appointed a receiver for the assets of the Receivership Defendants. (Dkt. 16) Primary among his duties, the Receiver was charged with discovering, retrieving, and preserving monies and other assets of the Receivership Defendants, identifying the investor victims and creditors of the Ponzi scheme, and eventually proposing and administering a plan of distribution of the collected assets. (*Id.*)

The Receivership has been complex and substantial, involving at least 108 real estate properties, more than 1,600 residential units, and 2,442 claims submitted by 914 claimants

6

reflecting a total claim amount of approximately $197 million.[7] (*See, e.g.,* Dkt. 638 at 8, 18-20; Dkt. 720 at 1; Dkt. 107 at 10) Maintenance, preservation, and orderly disposition of the properties and the proceeds from their sales was a primary and substantial focus of the Receiver during the first few years of the Receivership. (*See, e.g.,* Dkt. 107, 258, 348, 467, 567, 624, 698, 757, 839) Most of the properties were multi-family residential buildings in various states of repair and disrepair. (*See, e.g.,* Dkt. 107 at 21-22; Dkt. 348 at 9-12; Dkt. 638 at 3) The COVID-19 pandemic, and its impact on the economy in general and rental income and risk to the real estate market in particular, heightened the challenges of maintaining, preserving, and selling these properties. (*See, e.g.,* Dkt. 699 at 4)

Eventually, the Receiver sold all of the real estate properties and deposited the funds from each sale into a separate account so that, after all allegedly secured claims against each such property were determined and/or resolved, net funds from the sale of each such property could be distributed to claimants (following payment of approved administrative fees and costs). In most instances: there was a dispute between claimants about who had priority to receive the property sale proceeds; the dispute was primarily between investor lender claimants on the one hand and an institutional lender claimant on the other hand, both of whom held notes purporting to give them a first position secured interest in the property at issue; the property was underwater, meaning the collective amount of debt secured by the property exceeded its value—and accordingly the claims against the sale proceeds exceeded the amount of available proceeds; and the distribution of the

---

[7] This total claim amount is claimants' actual contributions to EquityBuild, as determined by the Receiver. This is not in all cases the claim amounts indicated by claimants on their proof of claim forms, which frequently included unpaid interest and costs incurred. Moreover, due to the many "rollovers" of funds from one investment to another, the same money was often counted more than once in the claim forms. And because EquityBuild frequently added accrued interest to principal during these rollovers, that interest has been deducted from principal consistent with the Court's ruling that such interest be offset against claimants' principal investments.

sale proceeds returned only a portion of the amount claimed by the claimants, including for those who had priority.

### D. The Claims Process, Notice, Proof of Claim Form, and Bar Date

In order to implement an orderly claims process and provide all potential claimants an opportunity to submit a claim together with supporting documentation, the Receiver prepared and submitted a proposed notice (including instructions) and proof of claim form, which was approved by the Court without objection. (Receiver's Motion for approval of proposed claim form, claims process, and bar date, Dkt. 241; Receiver's Reply Brief in support of proposed claim form, claims process, and bar date, Dkt. 302 at 1, Court Order of approval, Dkt. 349) The Receiver also sought and received Court approval to retain a third-party vendor to setup and host a claims portal for the Receiver. (Dkt. 241 at 6; Dkt. 349)

### 1. Notice of the Claims Process and Bar Date

On May 22, 2019, the Receiver and the third-party vendor sent notices of the claims bar date and claims submission link by U.S. Mail to the last known address of all known investors and creditors. (Dkt. 349) Additionally, on May 23, 2019, the Receiver posted a copy of the notice of bar date and link to the claims portal on the Receivership website and sent email correspondence to the last known email address for all known investors and creditors containing a link to the claims portal. (Dkt. 385, Certification of Sending of Claims Bar Date Notice) The Receiver also sent follow-up emails (or mail, where needed) on June 13, 2019 and June 24, 2019 to remind potential claimants of the Bar Date, and again included the Bar Date Notice and link to the claims portal. (Dkt. 241-1, ¶ 5) Notice of the claims process and a link to the Proof of Claim ("POC") form, including instructions for submitting a claim, were posted on the Receivership web site from May 2019 until July 2025.

## 2. Proofs of Claim

The Court-approved proof of claim process required that "[a]ny persons or entities seeking a distribution from the Receivership Estate … must complete and submit a proof of claim on or before July 1, 2019 [later extended to December 31, 2019]," covering claims arising between January 1, 2010 and August 17, 2018, and provide the requested information for that period. (POC Claims Process Notice, Dkt. 241-1, at 13) Claimants were further advised that the Receiver's distribution plan "will likely observe distinctions between competing claimant classes," and that recovery "may be affected by your ability to produce documentation supporting your claim," making accuracy and completeness essential. (*Id.* at 12) The submission of a proof of claim "does not guarantee receipt of a distribution[,]" underscoring that eligibility and recovery depend on proper compliance and evaluation of the claim. (*Id.*)

To be eligible for any distribution, each claimant was required to complete and submit the proof of claim form by the bar date, provide documentation substantiating all amounts claimed, and "attest under oath to verify the authenticity and accuracy" of the information submitted. (*Id.* at 12, 16) The process required submission through the designated claims portal of both the completed form and legible copies of all documents supporting the claim, or a detailed explanation if such documents were unavailable, along with a sworn attestation. (*Id.*) Each claimant was required to submit his, her, or its own proof of claim form, and was notified that prior submissions to the Receiver or others were insufficient. (*Id.* at 16)

The form repeatedly emphasized that supporting documentation is critical and "[f]ailure to submit supporting documentation may result in your claim being rejected or reduced[,]" with claims lacking sufficient support subject to disallowance. (POC Form, Sections 3, 4, 6, 7, 8 & 9, Dkt. 241-1, at 24, 26, 31, 33, 34 & 35) Claimants were warned that those who failed to timely

9

submit a completed, supported, signed, and sworn proof of claim "may be forever barred from asserting a claim against the Receivership Estate." (POC Claims Process Notice, Dkt. 241-1, at 17) Additional instructions required claimants to retain copies of submissions and confirmation materials, update contact information, and, for certain investor claims, provide corroborating records beyond account statements, such as bank documentation showing transfers and deposits. (POC Claims Process Notice, Dkt. 241-1, at 17; POC Form, Section 9, Dkt. 241-1, at 35)

### 3. The Claims Bar Date

The Bar Date for submitting claims was originally set by the Court as July 1, 2019 (Dkt. 349), for which the Receiver provided notice to potential claimants on May 22, 2019 (Dkt. 385). It was subsequently extended for newly discovered potential claimants to November 20, 2019, for which the Receiver provided notice to potential claimants on October 11, 2019. (Dkt. 548) The Bar Date was subsequently extended by the Court to December 31, 2019 (Dkt. 574), for which the Receiver provided a further notice to potential claimants on November 12, 2019 (Dkt. 624).

### 4. The Receiver's Reports on Received Claims

On numerous occasions, beginning in 2019, the Receiver submitted reports setting forth a master list of received claims. (*E.g.,* Dkt. 468, 477, 548, 624, 698, 757, 839, 911, 985, 1017, 1077, 1164, 1243, 1280, 1328, 1379, 1448, 1516, 1535, 1589) Such reports comprehensively identified all claimants, the nature and amount of their claims, the estate properties as to which a secured interest was asserted, and various additional information relating to the claims. Those reports were posted on the Receivership website and served on claimants.[8]

---

[8] *See, e.g.,* Dkt. 468, 477, 548, 624, 911 (served by ECF); Dkt. 698, 757, 839 (served by ECF, and by email on all known investors and all claimants who submitted a POC); Dkt. 985, 1017, 1077, 1164, 1243, 1280, 1328, 1379, 1448 (same); Dkt. 1516, 1535, 1589 (served by ECF, and by email on all claimants).

### E. The Claims Review Process & Claims Groups

Given the number of claimants, properties, and disputes among those who claimed to have first priority interests in real estate assets of the Estate, the Court implemented a summary process allowing for the review, limited discovery, and resolution of disputes as to purportedly secured claims, dividing such claims into nine claims groups (largely based upon a common institutional lender). (Dkt. 638, 863, 938, 940, 941 (orders establishing components of claim process))

Each group involved claims asserted against a certain number of properties—which varied between 2 and 17 properties (not including the group of "single claim" properties). (*See, e.g.,* Dkt. 938, 1488; *see also* Dkt. 1244, 1289) The number of claimants in each group who submitted POC forms also varied significantly—from 55 to 484 claimants. (*E.g.*, Dkt. 1004 [176], 1460 [301], 1461 [200], 1543 [395], 1544 [55], 1632 [148], 1633 [198], 1786 [484] (group framing reports)) All proof of claim forms and supporting documents of each claimant in the group were produced to every other claimant in their group and all EquityBuild records (in excess of 1.3 terabytes in volume) were produced and made available to all claimants. (Dkt. 941 at 4; Dkt. 1004 at 3)

Additionally, as part of the approved claims process for certain groups, written and oral discovery was exchanged between the group participants. Depositions were taken of personnel, agents, and some investor lenders, and expert testimony was also advanced in one group. Documents and deposition testimony from the discovery process were submitted to the Court by the SEC, as well as various claimants including institutional lenders and certain investor lenders. (*See, e.g.,* Dkt. 1140, 1144, 1146, 1149, 1151, 1152-1159, 1168, 1195)

For each claims group, the Receiver and his team reviewed each claim and its supporting materials, the discovery identified above (where applicable), EquityBuild records, and the position statements submitted by claimants, in order to make his recommendations on the validity, amount,

11

and priority of the claims in a distribution plan pursuant to which the Court could order the distribution of monies to claimants. (*See, e.g.,* Dkt. 1201, 1227, 1324, 1345, 1493, 1494, 1571, 1577, 1626, 1627, 1672, 1740, 1769, 1772, 1792, 1800, 1811, 1815) For each of the properties, the Receiver made a recommendation as to whether each claim was secured or unsecured and the maximum amount to be distributed to such claimant if funds were available. (*Id.*)

### F. Summary of Groups 1-9 and Single Lien Properties

In the claims process for Groups 1-9 and the separate so-called "sole lien" claims process (Dkt. 1288, 1303), the Court considered and made determinations on 2,132 claims.[9] Pursuant to the Court's rulings in the claims process for Groups 1-9, the Receiver has made 1,670 separate distributions (*i.e.,* by checks, wires, etc.) totaling $64,211,815.99. Thus, in Groups 1-9, the Receiver made distributions on 78.3% (1,670 out of 2,132) claims, whereas 462 of the 2132 claims (21.7%) did not receive a distribution. Many of the claims not receiving a Group 1-9 distribution were deemed by the Court to be unsecured, and a small number of claims were either found to have received distributions from EquityBuild totaling 100% of the amount contributed, found to be duplicative, were ruled in second position in the priority dispute, or were disallowed for another reason (such as the claimant being an insider or promoter).

---

[9] For convenience, the Receiver will include the relatively small number of claims involved in the separate "sole lien" claims process (Dkt. 1288, 1303) in this discussion of Groups 1-9 even though they were technically handled outside of that process.



**Groups 1–9 Claims: Share Receiving Distributions**

No distribution
462 claims (21.7%)

2,132 claims

Received distribution
1,670 claims (78.3%)

Total distributed: $64,211,815.99 across 1,670 separate distributions (checks, wires, etc.)

### G. Group 10 Claims

Group 10 includes all claims that are unsecured or not resolved in an earlier claim group. This includes claims by claimants with no secured property interest, secured claims not fully paid, trade creditors, municipal claims, and other general creditors. In evaluating each claimant's net loss, the Receiver grouped related claims to identify the total amounts invested and the total amounts previously recovered by claimants sharing a common beneficial interest. Claims grouped this way are referred to as "Claim Sets." (See further discussion at Section III.B, below.)

Submitted with this motion is a comprehensive spreadsheet (**Exhibit A**) which identifies the following information for each of the 605 eligible Claim Sets in Group 10:

1. Claim Set number
2. Claimant name
3. Claim number
4. Property address / Fund name
5. Total funds contributed to EquityBuild for the claim
6. Funds received by claimant outside of the Receivership
7. Receiver's recommendation notes (for certain claims)
8. Receivership distributions in Groups 1-9
9. Class action distributions
10. Total Received To Date (sum of items 6, 8 and 9 above)
11. Percent recovered to date (item 10 divided by item 5)
12. Recommended Group 10 distribution
13. Percent recovered following Group 10 distribution

13

For each Claim Set, there is a calculation of the percent of the funds contributed to EquityBuild (*i.e.,* the claimant's "money in") that has been returned to date through (i) interest, principal, and other payments from EquityBuild, (ii) recoveries from sources outside the Receivership, and (iii) prior distributions from this Receivership in Groups 1-9 (*i.e.,* together, the claimant's "money out"). As explained above, and with certain exceptions explained below, the recommended distribution for any Claim Set that to date has recovered less than the rising tide line of 66.1% is the amount which brings that Claim Set up to the rising tide line. For Claim Sets that have already recovered more than 66.1% (*i.e.*, in excess of the rising tide line), no further distribution in Group 10 is recommended. The spreadsheet (Exhibit A) is sorted by the percentage recovered by each Claim Set to date.

Also submitted with this motion are two separate spreadsheets (**Exhibits B and C**) which respectively list (i) the 21 Claim Sets that the Receiver recommends be excluded from a Group 10 distribution, and (ii) the 14 Claim Sets that the Receiver recommends be subordinated. (See further discussions at Section IV, *infra*.)

### H.  Funds Available for Distribution

The Receiver's goal is to distribute all funds held in the Receiver's account, net of fees and expenses associated with the administration of the Receivership Estate. For present purposes, the Receiver estimates that the amount that will be available for distribution will be $19,750,000.00; however, this figure will require refinement to reflect the precise amount that is available for distributions after the distribution methodology is approved, any objections are resolved, and the Court orders the Receiver to proceed with the final distribution.

The Receiver therefore seeks approval of the methodology and authority to make final administrative and ministerial adjustments to the distribution amounts to reflect the Estate's actual

14

net distributable cash at the time of distribution. Those adjustments will account for items such as final bank interest, professional fees, administrative expenses, and other wind-down expenses, but will not change the Court-approved methodology or the substantive treatment of claims. The Receiver believes that his estimate is reasonable, and that the adjustments to each distribution amount will therefore be relatively minimal.

## III. THE COURT HAS BROAD DISCRETION TO FASHION AN EQUITABLE DISTRIBUTION PLAN.

It is well-settled that a district court overseeing an equity receivership has broad discretion to determine the appropriate distribution method. This principle reflects the fundamental nature of equity: where fraud and commingling make precise tracing impossible or impractical, the court's role is to adopt a plan that achieves the fairest result for the greatest number of victims.[10] The Seventh Circuit has repeatedly made clear that the manner in which the receivership distributes assets is a highly equitable determination, and the district court has wide latitude to make that call. There is no single mandated formula for distribution. Regardless of the distribution methodology selected, this Court has the authority to approve a plan that, in its judgment, is fair and equitable under the circumstances.

In *SEC v. Huber*, the Seventh Circuit noted, "the cases treat the receiver's choice among allocation schemes as one within the discretion of the district court to approve or disapprove, like

---

[10] "[A] key reason why tracing is often disapproved [in receiverships resulting from Ponzi schemes] is that the difference between those who get more and those who get less is a 'fortuity.'" *SEC v. Enterprise Trust Co.*, No. 08 C 1260, 2008 WL 4534154, at *4 (N.D. Ill. Oct. 7, 2008), *aff'd*, 559 F.3d 649 (7th Cir. 2009). Here, like in *Enterprise Trust*, when EquityBuild paid out principal, interest, fees for services, or other forms of remuneration, "it simply handed over something that was in one of its pockets; it could just have easily reached into another pocket." *Id.* "The disarray of business records found by the Receiver supports [the view that the fraudulent enterprise] … was acting in desperation and the selection of collateral was random. If tracing is used, the [claimant] who gets his asset back is like the Ponzi victim who gets out early with an absurd profit. Under the law, he might get to keep it, but no one would call that equitable." *Id.*

15

other aspects of the administration of a receivership." 702 F.3d 903, 908 (7th Cir. 2012) (citations omitted). Similarly, in *SEC v. Wealth Mgmt., LLC*, the Court explained: "In supervising an equitable receivership, the primary job of the district court is to ensure that the proposed plan of distribution is fair and reasonable." 628 F.3d 323, 332 (7th Cir. 2010) (citation omitted). "District judges possess discretion to classify claims sensibly in receivership proceedings." *SEC v. Enterprise Trust Co.*, 559 F.3d 649, 652 (7th Cir. 2009). In determining what is "fair and reasonable," the starting "principle" when "investors' assets are commingled and the recoverable assets in a receivership are insufficient to fully repay the investors" is that "equality is equity." *Wealth Mgmt.*, 628 F.3d at 333 (quoting *Cunningham v. Brown*, 265 U.S. 1, 13 (1924) (addressing the eponymous Ponzi scheme)).

Courts have also recognized that "where the assets of the receivership estate are insufficient to afford full recovery to all victims, any given plan is likely [to] be viewed more favorably by certain victims than others depending on how they fare under that plan. … An equitable plan is not necessarily a plan that everyone will like." *SEC v. Credit Bancorp, Ltd.*, No. 99 CIV. 11395 RWS, 2000 WL 1752979, at *29 (S.D.N.Y. November 29, 2000) (citing *SEC v. Elliott*, 953 F.2d 1560, 1569 (11th Cir. 1992)), *aff'd* 290 F.3d 80 (2d Cir. 2002); *see also SEC v. TLC Invs. & Trade Co.*, 147 F. Supp. 2d 1031, 1042 (C.D. Cal. 2001) ("In any situation in which the pie is limited, each individual desiring a slice of that pie is, in a sense, adverse to others also wanting a slice of the pie."). "Because the Receiver is a fiduciary and officer of this Court, this Court may … give some weight to the Receiver's judgment of the most fair and equitable method of distribution." *CFTC v. Eustace*, No. 05-2973, 2008 WL 471574, at *5 (E.D. Pa. Feb. 19, 2008) (approving receiver's *pro rata* distribution plan).

16

### A. The Standard of Review Is Abuse of Discretion.

The Seventh Circuit consistently defers to the district court's determination of what is "fair and reasonable" absent a clear abuse of discretion. *See, e.g., Wealth Mgmt.*, 628 F.3d at 332-33 (citing *Enterprise Trust,* 559 F.3d at 652); *see also, e.g., SEC v. First Choice Mgmt. Services, Inc.*, 743 Fed. Appx. 33, 35 (7th Cir. 2018) ("The district court has broad equitable power to supervise a receivership …, so 'appellate scrutiny is narrow'; we review the decision below for abuse of discretion.") (citing *Wealth Mgmt.*).

### B. Combining Claims with a Common Economic Interest Is Fair and Reasonable.

The Receiver's distribution plan focuses on the claimant's net loss. When multiple accounts, entities, or investment vehicles share the same beneficial or economic interest (*e.g.*, a claimant who contributed funds through an individual account, an IRA, and an LLC, or with a spouse), the funds invested through those accounts and the funds returned through any of them should be combined for purposes of determining a claimant's net loss.[11] The economic reality is that such claims ultimately benefit the same person. This approach reflects the equitable principle, well-established in federal receivership law, that distributions should be based on a claimant's true economic position and overall recovery, rather than on formal account structure or the number of claim forms submitted. *See, e.g., CFTC v. Equity Fin. Grp., LLC*, No. Civ. 04-1512-RBK-AMD, 2005 WL 2864781, at *1-2 (D.N.J. Sept. 26, 2005) (overruling investor's objection and holding

---

[11] This does not mean that distributions will be paid to the wrong legal recipient. The Receiver's plan combines accounts sharing the same beneficial or economic interest only for purposes of calculating overall net loss. Once that loss is calculated, any distribution will still be paid to the person or entity in which the legal interest is held. For example, if an investor contributed funds partly through an individual account and partly through an IRA, the combined investment will be used to determine the investor's net loss, while any resulting distribution will be allocated pro-rata based on the percentage of the loss sustained by the individual and IRA accounts.

17

that "[m]ultiple accounts in which an investor has a beneficial interest shall be consolidated to the extent of such beneficial interest for purposes of distribution"). Particularly under a rising tide methodology, evaluating related claims together prevents duplicative or disproportionate recoveries that would otherwise arise if the same ultimate beneficiaries could increase their recovery merely by investing through multiple accounts, entities, or ownership forms. *See Huber*, 702 F.3d at 904-05, 907. Combining related claims, therefore, ensures that distributions are determined based on total net recovery and consistent equitable treatment across the Receivership Estate.

This is consistent with the basic purpose of net-loss analysis. As the Seventh Circuit has explained, claimants who received money from a Ponzi scheme before its collapse are better off than those who received nothing because they have lost less. *Huber*, 702 F.3d at 907. The same principle applies where a claimant invested through more than one account or financial vehicle or from more than one source. If the claimant's economic interest is the same, the relevant question is not which "pocket" the money came from or which account received a return, but how much the claimant ultimately put into the scheme and how much the claimant ultimately got back.

That reasoning applies here. EquityBuild commingled funds it received and did not preserve meaningful distinctions among the various accounts, entities, or vehicles through which investors and others contributed money. Those formal distinctions were part of the appearance of legitimacy created by the scheme. For evaluation purposes, the Receiver therefore reasonably looked to the substance of the loss: who bore the economic loss, and how much of that loss remains after accounting for funds already returned.

The Receiver was not required to conduct a more costly, account-by-account inquiry into every source and path of investor funds, where doing so would elevate form over substance and

18

risk unequal treatment. *See Wealth Mgmt.*, 628 F.3d at 336 (citation omitted). The question is not whether some other method could be imagined, but whether the Receiver's approach is fair and reasonable. Combining claims that share the same beneficial or economic interest for net-loss purposes satisfies that standard.

### C. The Receiver Has Determined Each Eligible Claimant's Loss Based on All Known Funds Received.

Federal receivership courts recognize that equitable distribution in the context of a Ponzi scheme requires consideration of a claimant's overall recovery position in order to avoid duplicative or disproportionate recoveries and to ensure fair treatment among similarly situated claimants. *See, e.g., Huber*, 702 F.3d at 905-07 (approving a methodology that considered prior recoveries in order to promote equitable treatment among claimants and avoid disproportionate distributions). In circumstances, as here, where the funds currently held by the receiver do not belong to any one claimant nor any group of claimants, the funds claimants have received to date should be accounted for in evaluating how to distribute these remaining Estate funds. The court in *Huber* explained funds received by claimants during the course of the Ponzi scheme this way: "it was not their money; they withdrew portions of the commingled assets in the Ponzi schemer's funds. Those were stolen moneys, albeit stolen in part from the [claimants who contributed funds to the fraudulent scheme]. [A claimant] has no entitlement to money stolen from other people. When [claimants'] funds are commingled, none being traceable to a particular [claimant], no part of whatever funds are recovered is property of any [claimant]. Instead, each [claimant] is a creditor, and has merely a claim to a share of the funds that is appropriate in light of the relative size of his [contribution of funds to the scheme] and other relevant circumstances." *Id.* at 906-07.

*Huber's* core holding—that a claimant's total recovery position must be considered in determining further distributions—applies where a secured claimant has already received value

through the liquidation or distribution of pledged assets that were purchased, managed, improved, or otherwise received the benefit of commingled funds. This is particularly true in this case where EquityBuild regularly "rolled" claimants' investments from property to property or from secured to unsecured status. This approach ensures that distributions from the unencumbered funds of the estate are made in accordance with equitable principles, reflect each claimant's true net loss, and maintain parity among similarly situated creditors.

The Cohens' Ponzi scheme commingled funds and used new funds from investor and institutional lenders to pay principal and purported "profits" in the form of interest or bonuses to prior and existing lenders and investors which were not tied directly and exclusively to income generated by the real estate assets associated with their loans and/or investments. For this reason, the Receiver recommended in Groups 1-9—and continues to recommend for Group 10—that claimants' claims be set-off by the amount of all pre-receivership distributions that they received from EquityBuild in order to achieve a ratable distribution of remaining assets among all of the defrauded investors. *See Scholes v. Lehmann*, 56 F.3d 750, 757-58 (7th Cir. 1995) (under the "netting rule," amounts transferred by the Ponzi scheme perpetrator to the claimant are netted against the amounts they advanced); *Donell v. Kowell*, 533 F.3d 762, 770 (9th Cir. 2008) ("The 'winners' in the Ponzi scheme, even if innocent of any fraud themselves, should not be permitted to 'enjoy an advantage over later investors sucked into the Ponzi scheme who were not so lucky.'") (citation omitted).

Accordingly, in determining whether a claimant is entitled to participate in distributions from the remaining unencumbered funds, and if so in what amount, the Receiver has considered amounts previously distributed to that claimant through the secured claims process, together with

20

other amounts previously recovered from the Receivership Defendants or other sources.[12] The methodology proposed here is intended to ensure that the remaining unencumbered funds are distributed as equitably as possible based on each claimant's true net loss and total recovery.

In addition, the Receiver has sought to avoid a circumstance where any claimant would receive a windfall or a double-recovery from a distribution made here. Thus, where the Receiver has obtained information that a claimant received a particular amount of money that has offset some of the claimant's loss, he has accounted for such funds in determining the claimant's net loss.

As further discussed below, this approach reflects the settled equitable principle that claims in a federal equity receivership arising from a fraudulent scheme should be calculated based upon each claimant's actual net loss after accounting for all amounts previously received in connection with the scheme, regardless of how those payments were labeled. By accounting for all amounts previously returned to a claimant—whether such payments are characterized as principal, interest, commissions, fees, profits, or other returns associated with a claim—the Receiver ensures that distributions more accurately reflect each claimant's true economic loss and avoids inequitable disparities among similarly situated claimants. As the foregoing authorities recognize, such net-loss methodologies are well within the Court's equitable discretion and further the fundamental purpose of the Receivership: achieving a fair and equitable allocation of limited assets among victims and creditors.

---

[12] Amounts claimants received from distributions in connection with the *Chang v. Wells Fargo Bank, N.A.,* 19-cv-01973-HSG (N.D. Cal.) and *City of Chicago v. Michigan Shore Apts*., 2014 M1 403019 (Cir. Ct. Cook Cty.) lawsuits, as well as insurance payouts received by certain institutional lenders, have been included in the total recovered amounts for those claimants who received such distributions.

1. **Principal and Interest Are Properly Accounted for in Determining the Amount of Each Claimant's Remaining Loss.**

This Court has held that "no investors, individual or institutional, should be allowed to retain the so-called 'interest payments' or any form of return on their investment" and approved the Receiver's proposed net-loss distribution plan as "well within [the Court's] discretion." *EquityBuild*, 2024 WL 3069682, at \*9 (Dkt. 1679 at 20) (citing *Huber*, 702 F.3d at 908), *aff'd* 161 F.4th 1020.

In reaching this result, the Court rejected arguments that certain lenders should avoid setoff because their funds allegedly were not part of the Ponzi scheme or because netting principles supposedly apply only in clawback litigation. The Court explained that "money is fungible," that all loans benefitted and furthered the EquityBuild scheme, and that "[d]istribution plans in the aftermath of a securities fraud enforcement action regularly deduct amounts previously received by the particular claimant from their recovery." *Id.* at \*8 (citing *Huber*, 702 F.3d at 904-07 (discussing two ways of calculating an investors' recovery in securities fraud enforcement receivership, both of which account for money previously received)); *CFTC v. Topworth Intern., Ltd.*, 205 F.3d 1107, 1115-16 (9th Cir. 1999) (approving distribution plan that returned claimants' investment less amounts returned to claimant as false profit); *Credit Bancorp*, 2000 WL 1752979, at \*40-41, *aff'd*, 290 F.3d 80).

2. **Commissions and Referral Fees Are Properly Accounted for in Determining the Amount of Each Claimant's Remaining Loss.**

Payments styled as "commissions" or "referral bonuses" are likewise properly deducted from claimants' net loss, since they represent funds received in connection with the scheme. *See, e.g., CFTC v. Equity Fin. Grp., LLC*, No. Civ. 04-1512 RBK AMD, 2005 WL 2143975, at \*24

(D.N.J. Sept. 2, 2005) (finding commissions received by participants reduced their claims against the estate).

### 3. Bonuses, Profits, or Similar Incentive Payments Are Properly Accounted for in Determining the Amount of Each Claimant's Remaining Loss.

Receivership courts also deduct from net loss any "bonus" or "profit" payments investors may have received as an incentive to keep funds in the scheme or make additional or larger contributions. In *Huber*, 702 F.3d at 907-08, the Seventh Circuit approved a plan that measured recovery based on actual net out-of-pocket loss, explicitly rejecting claims inflated by false profits or fictitious gains. Likewise, in *Credit Bancorp*, 290 F.3d at 88, the Second Circuit approved a plan based on net investment, excluding fictitious profits or bonus payments.

### D. Interest, Penalties, Fees, and Other Such Claimed Amounts Are Appropriately Excluded in Determining the Amount of Each Claim.

As a general rule in federal equity receiverships, interest on obligations ceases accruing upon the commencement of the proceeding because the Court must preserve and protect limited estate assets for the collective benefit of all claimants. *See Vanston Bondholders Protective Committee v. Green*, 329 U.S. 156, 163-64 (1946); *Matter of Fesco Plastics Corp.*, 996 F.2d 152, 155 (7th Cir. 1993). In *Vanston*, the Supreme Court explained that post-receivership interest is generally disallowed because delays in payment result from the legal process necessary to administer the estate fairly and because "[c]ourts have felt that it would be inequitable for anyone to gain an advantage or suffer a loss because of such delay." 329 U.S. at 164. The Court further recognized that allowing additional interest or similar charges where assets are insufficient to satisfy all claims would be inequitable to other creditors. *Id.*

Consistent with those principles, throughout Groups 1-9, the Receiver recommended that claims be limited to outstanding principal balances, net of amounts previously returned, and that

23

claims for post-Receivership interest, default interest, penalties, attorneys' fees, and similar charges not be allowed. (Dkt. 1201 at 4; Dkt. 1493 at 4; Dkt. 1571 at 11; Dkt. 1626 at 10; Dkt. 1627 at 4; Dkt. 1740 at 20-21; Dkt. 1772 at 22-23) Those recommendations reflected both the equitable principles governing federal receiverships and the reality that EquityBuild operated as a Ponzi scheme in which investor funds were commingled and used to perpetuate the fraudulent enterprise. Allowing certain claimants to recover interest, penalties, fees, or other contractual enhancements beyond their remaining principal losses would diminish recoveries available to other victims and improperly elevate some claimants over others based upon contractual provisions that the Receivership Estate lacks sufficient assets to satisfy equitably.

This Court has previously accepted the Receiver's recommendations on these matters, ruling that "it is equitable to prohibit … claimants … from recovering any interest, fees, or penalties from the estate[,]" and it should do the same here. *See, e.g., EquityBuild*, 2024 WL 3069682, at *7-8 (Dkt. 1679 at 17); *see also* (Dkt. 1201 at 4; Dkt. 1493 at 4; Dkt. 1571 at 11; Dkt. 1626 at 10; Dkt. 1627 at 4; Dkt. 1740 at 20-21; Dkt. 1772 at 22-23).

## IV.  THE RECEIVER HAS IDENTIFIED CLAIMANTS WHO ARE ELIGIBLE FOR A DISTRIBUTION AND DETERMINED HOW TO CLASSIFY CLAIMS.

The Receiver has reviewed the POC forms and supporting records, prior rulings of the Court, EquityBuild's records, and the nature of each claimant's relationship to EquityBuild in order to determine which claims should participate in the proposed Group 10 distribution and how those claims should be classified for purposes of equitable treatment. In doing so, the Receiver has not relied solely on formal labels—such as "investor," "lender," "vendor," or "taxing authority"— but instead has considered the underlying equities associated with each category of claim, including whether the claimant contributed funds that became commingled within and helped

24

sustain the fraudulent scheme, whether the claimant already received money back, and whether the claimant's conduct, notice, or relationship to the scheme warrants different treatment.

As discussed above, federal receivership courts possess broad equitable discretion to classify claims and approve distribution methodologies that are fair and reasonable under the circumstances presented. *See Wealth Mgmt.*, 628 F.3d at 332-33; *Enterprise Trust*, 559 F.3d at 652. Applying those principles here, the Receiver recommends: (i) exclusion of claims asserted by insiders, promoters, and other participants whose conduct materially contributed to perpetuating the scheme; (ii) exclusion of claims without sufficient support; (iii) subordination of claims asserted by parties whose claims relate to matters external to the commingled funds of the fraudulent scheme, such as ordinary trade creditors and taxing authorities; (iv) separate treatment of institutional lenders who proceeded despite inquiry notice or other substantial irregularities; and (v) equitable treatment of the remaining investor-lenders, equity investors, and institutional lenders based upon their actual net losses and relative equities rather than categorical labels alone.

### A. Exclusion of Claims from Insiders and Promoters Is Appropriate.

Claimants who materially participated in, facilitated, or benefited from the fraudulent conduct giving rise to the Receivership are not similarly situated to the innocent victims of that fraud and may properly be treated differently in an equitable distribution plan. *See, e.g., SEC v. Enterprise Trust Co.*, No. 08 C 1260, 2008 WL 4534154, at *3 (N.D. Ill. Oct. 7, 2008) ("Disqualifying those who took the business over the edge is the most common feature, and the least contested aspect, of distribution plans."), *aff'd*, 559 F.3d 649 (7th Cir. 2009). Accordingly, courts routinely approve plans that either disqualify or subordinate insiders and promoters of the and other participants in a fraudulent enterprise. *See SEC v. Complete Business Solutions Group, Inc.,* No. 20-CV-81205-RAR, 2024 WL 5348580, *17-21 (S.D. Fla. Dec. 16, 2024) (subordinating

claims of insiders due to their involvement in underlying fraud scheme and access to information unavailable to defrauded investors, even where insider investor claimed to have no knowledge of the underlying fraud); *SEC v. Forte*, Nos. 09-63, 09-64, 2012 WL 1719145 (E. D. Pa. May 16, 2012) (approving plan that recommended no distributions to investors who were a culpable participants in furthering the Ponzi scheme); *SEC v. Byers*, 637 F. Supp. 2d 166, 184 (S.D.N.Y 2009) ("The Receiver's proposal to treat differently those involved in the fraudulent scheme when distributions are being made is eminently reasonable and is supported by caselaw"); *SEC v. Merrill Scott & Assocs.*, No. 02 CV 39, 2006 WL 3813320, at *11 (D. Utah Dec. 21, 2006) (finding it was equitable to exclude from distributions investor who was involved in soliciting new business for defendant).

Consistent with that principle, claimants who solicited investors, received commissions or other compensation from the scheme, or otherwise helped perpetuate the fraud occupy a different equitable position than innocent victims and may properly be excluded from, or subordinated within, a distribution plan. In the claims process for Groups 1-9, the Receiver recommended that insider claimants who participated in the scheme be disqualified from receiving distributions, and these claimants asserted no objection to the Receiver's recommendation in this regard.

### 1. Allred's Unsecured Claim Should Be Excluded.

The Court previously ruled that the claims of John Allred–an EquityBuild employee who actively participated in the marketing of the fraudulent scheme—are "disallowed, based on his role in perpetuating the scheme." *See, e.g.,* Dkt. 1528; Dkt. 1552, at 4; Dkt. 1695 at 5, ¶ 8(i); Dkt. 1818 at 18; *see also* Dkt. 1836 at Ex. 10; Dkt. 1627 at 14; *EquityBuild*, 2024 WL 3069682 at *17 (Dkt. 1679 at 41) (*citing Enterprise Trust*, 2008 WL 4534154, at *6 ("Participants in the fraudulent

scheme should not receive any money from the receivership")) For the same reason, it is appropriate to exclude Allred's claims from Group 10 distributions.

### 2. Mora's Unsecured Claim Should Be Excluded.

The Court previously found "that the claim of Christopher Mora (2-1137) is disqualified because Mr. Mora was an EquityBuild employee who actively participated in the marketing of the fraudulent scheme and in recruiting, retaining, and/or for providing false information to other claimants." (Dkt. 1905 at 7, ¶ 13) For the same reason, and based on the authorities cited above, it is appropriate to exclude Mora's claims from Group 10 distributions.

### B. Capital Investors, LLC's Unsecured Claim Related to 6949-59 S. Merrill and 5001 S. Drexel Should Be Excluded and the Unsecured Claims of 6951 South Merrill Fund I LLC and 5001 South Drexel Blvd Fund II LLC Should Be Allowed.

The claim submitted by Capital Investors, LLC is complicated, with many layers, twists, and turns. Capital Investors and its principals, Virju Patel and Shuvam Bhaumik, submitted a single POC #1490, asserting an interest in nine properties.

The Receiver paid distributions on secured claims asserted in the Capital Investors' POC against seven Receivership properties. (Dkt. 1695, 1699, 1717, 1871) The claims against those seven properties corresponded to two loans in the name of "Capital Investors, LLC" (*i.e.,* Properties 1, 81) and five loans in the name of "Capital Investors, as represented by Virju Patel" (*i.e.,* Properties 58, 60, 75, 81, 93). But even for those five loans, EquityBuild's documentation listed the loans and registrations in the name of Capital Investors, LLC.

Capital Investors asserted two additional claims in its POC #1490, relating to its purported equity investments into the properties located at 6949 S Merrill (Property 101) and 5001 S Drexel (Property 3). The Court previously determined that these claims are unsecured. (Dkt. 1700, 1752) The support Capital Investors provided for these two claims are two LLC Operating Agreements

27

Case: 1:18-cv-05587 Document #: 1967 Filed: 06/30/26 Page 34 of 273 PageID #:128364

showing that entities named 6951 South Merrill Fund I LLC and 5001 South Drexel Blvd Fund II, LLC, respectively, were given an ownership interest in the EquityBuild entities that owned the properties at those addresses (or more precisely in EquityBuild entities with an ownership interest in other EquityBuild entities that owned the properties). These two Pennsylvania LLCs were also created by Patel and Bhaumik, but were separate and distinct from the claimant, Capital Investors, LLC. In fact, separate POC forms for 6951 South Merrill Fund I LLC (claim 101-1489) and 5001 South Drexel Blvd Fund II LLC (claim 3-1487) were submitted with respect to the same investments.

Evidence obtained by the Receiver shows that as to these investments, Capital Investors, LLC and its principals, Bhaumik and Patel, served as promoters, bringing investors into the EquityBuild scheme by granting them membership interests in 6951 South Merrill Fund I LLC and 5001 South Drexel Blvd Fund II LLC.[13] In its POC, Capital Investors disclosed that it had received $24,000 from EquityBuild "for marketing." Bhaumik also was an insider, who was employed by EquityBuild, had email accounts with both EquityBuild and EquityBuild Finance internet domains, and—together with Patel—worked directly with Shaun Cohen to promote investment in these EquityBuild properties. (*See, e.g.,* **Exhibit D** (group exhibit)) As a result, the Receiver recommends that the claim submitted by Capital Investors, LLC as to 6949 Merrill and 5001 Drexel be denied, and that Capital Investors be deemed ineligible for any further distributions in Group 10.

---

[13] In fact, one of the investors solicited by Bhaumik and Patel brought an action in the United States District Court for New Jersey against Patel, Bhaumik, and Capital Investors Management, LLC (an affiliated entity) regarding their promotional activities and the loss of money the investor paid to invest in 6949 Merrill and 5001 Drexel. *Dwyer v. Capital Investors Management LLC,* Case No. 3:23-cv-000003 (D.N.J). The New Jersey District Court has stayed the litigation before it, over the investor plaintiff's objection, on the basis that the court needs to await the resolution of the claims process in this action. (*Id.,* ECF 31)

As to the 6949 Merrill claim, the Receiver recommends that the claim of 6951 South Merrill Fund I LLC be deemed eligible for a distribution. A list of the LLC's members is attached hereto as **Exhibit E**.

With respect to the 5001 Drexel claim, however, the evidence further shows that on or about July 24, 2018, the members of 6951 South Merrill Fund I LLC paid $200,000 for shares of 5001 South Drexel Blvd Fund II LLC, and those funds were transferred to EquityBuild on July 30, 2018 for a portion of the $275,000 investment in that property. **Exhibit F**. Accordingly, as to claim 3-1487, the Receiver recommends that 6951 South Merrill Fund I LLC be deemed the real party with an unsecured equity interest of $200,000 in the property located at 5001 Drexel and eligible for distribution. The Receiver further recommends, that the $75,000 balance of the claim against 5001 Drexel be disallowed on the basis that Capital Investors, Bhaumik, and Patel are promoters who participated in the scheme by soliciting new investors.

### C. Michael and Lyanne Terada's Unsecured Claim 940-551 Should Be Excluded Due To a Failure of Documentation Supporting the Claim.

As discussed above in Section II (D), all claimants were notified that their recovery may be affected by their ability to produce documentation supporting their claims, and that claims lacking sufficient support may be disallowed. (POC Form, Sections 3, 4, 6, 7, 8 & 9, Dkt. 241-1, at 12, 24, 26, 31, 33, 34 & 35)

Claim 940-551 submitted by Michael and Lyanne Terada, for $60,194.00, relates to a purported membership interest in the South Side Development Fund 3 LLC. The Receiver recommends that claim 940-551 be disallowed due to a failure of documentation supporting the claim, either submitted by the claimants or located in EquityBuild records. The available evidence shows that Teradas were involved with EquityBuild from at least 2010, and received significant distributions on their investments over the years. Because the only evidence of the alleged

29

membership interest submitted by the claimants was an unsigned and undated action of the members of that LLC (**Exhibit G**), the Receiver reached out to claimants for more information about the source of their purported interest, and for evidence that claimants actually contributed funds to EquityBuild in excess of funds they received. Claimant was unable to provide any evidence that the equity interest was not given to them in exchange for their unrealized profit expectations, as was often EquityBuild's practice to perpetuate its fraudulent scheme.[14] As a result of the Receiver's evaluation of all available evidence on this claim, the Receiver recommends claim 940-551 be disallowed in its entirety.

### D. Subordination of Shatar's Unsecured Claims Is Appropriate.

Courts have long recognized that equitable considerations justify subordinating or excluding claimants who were on notice of red flags and yet failed to act. The prior rulings in this case also support subordinating a claim on equitable grounds—previously, in the context of competing secured claims and now in the context of competing unsecured claims. *See EquityBuild II,* 161 F.4th at 1029-31 (affirming receivership distribution priority where the claimant "was on inquiry notice"—*i.e.,* "knew facts that would make a prudent person conduct further investigation before investing"—and "ignored" red flags suggesting its asserted priority interest could be impaired). The Seventh Circuit previously found that it was proper for the District Court to subordinate the claims of Shatar in regard to its secured claims against properties in Group 2 on

---

[14] Specifically, Mr. Terada responded as follows: "Unfortunately, our records were impacted by the Marshall Fire, and the events in question occurred well before the Receivership commenced. As a result, we have been unable to locate documentation or other evidence to substantiate our claim. To the best of my knowledge, the most recent executed document pertains to a partial ownership interest in a basket of properties, in which Lyanne held a percentage ownership proportional to her investment and that amount was documented in it. This document should have been recorded. If you have access to that record, it represents the entirety of the supporting documentation currently available to us. I do not know the approximate date or the type of document." (**Exhibit H**)

30

the basis that it was on inquiry notice of irregularities in respect to its refinancing transaction with EquityBuild. *Id.* A compelling case can be made for equitably subordinating Shatar's claims on that basis alone in the Receiver's distribution plan. But as discussed below, and elsewhere in the record, there are ample additional grounds for subordinating Shatar's unsecured claim.

In exercising its broad equitable discretion to approve a fair and reasonable receivership distribution plan, the Court may classify claims sensibly and consider claimant-specific equities, including whether a claimant proceeded despite facts that would have placed a prudent person on inquiry notice of substantial irregularities. *See, e.g., Forte*, 2012 WL 1719145 at *1-7 (approving distribution process accounting for claimant culpability and inquiry notice of fraud); *Enterprise Trust*, 559 F.3d at 652 (district courts may "classify claims sensibly" and may consider what claimants knew or could have learned); *Wealth Mgmt.*, 628 F.3d at 332-33 (distribution plan must be fair and reasonable, and courts may classify and subordinate claims); *Huber*, 702 F.3d at 907-08 (claimants to commingled receivership assets have claims measured by relative investment and other relevant circumstances).

Although Shatar is not alleged to have knowingly participated in EquityBuild's Ponzi scheme, nor is it faulted here with failing to uncover EquityBuild's fraudulent scheme[15]—equitable considerations nevertheless support treating its claims differently because the record demonstrates that it proceeded to advance money to EquityBuild despite notice of substantial irregularities and other red flags surrounding its transactions with EquityBuild. Its claims are not equivalent to those of innocent investors or even of other institutional lenders who were themselves duped in good faith and without red flags connected with their transactions. Allowing recovery for such claimants

---

[15] *EquityBuild II*, 161 F.4th at 1034 ("We do not fault (nor did the district court) Shatar for failing to uncover EquityBuild's fraud or the broader Ponzi scheme."). Here, the question is one of equity.

31

would dilute the restitution owed to genuine victims who had no reason to "think twice about completing the transaction." *EquityBuild II,* 161 F.4th at 1031.

In determining an equitable distribution methodology, the Court may consider the relative equities among claimants, including whether particular creditors proceeded despite circumstances placing them on inquiry notice of substantial irregularities and/or red flags. As the Seventh Circuit noted recognized and applied to Shatar's conduct, "'deliberate avoidance of knowledge is a form of knowledge at least functionally equivalent to actual knowledge.'" *Id.* at 1033 (quoting *U.S. v. Mikaitis*, 33 F.4th 393, 398 (7th Cir. 2022)).

Shatar representative (and underwriter) Ezri Namvar testified that he understood Shatar's transactions with EquityBuild in regards to the properties at 7749 Yates and 5450 Indiana were purchase money mortgages. (Dkt. 1537, Ex. 2, 11/1/23 Tr. at 41:13-14) However, shortly before closing, Shatar learned that 7749 Yates had already been purchased by EquityBuild—and so it would *not* be a purchase money mortgage. (*Id.,* Ex. 2, 11/1/23 Tr. at 41:15-42:9; 59:16-60:24; 61:18-62:5; *see also id.*, Ex. 9, Shatar DX-9; Ex. 13, Shatar DX-10)  As a result, not only had Shatar learned by that point in its dealings with EquityBuild of a significant and material misrepresentation—a purchase money mortgage versus a refinancing—but Namvar, the self-described "number one, the best hard money lender, knowledgeable hard money lender the in the nation" (*id.*, Ex. 2, 11/1/23 Tr. at 99:13-15) was also well aware of the crowdfunding business model EquityBuild employed which Namvar's own underwriting experience revealed was a red flag. (*Id.*, Ex. 2, 11/1/23 Tr. at 38:6-39:20)

Here, and as the Seventh Circuit recognized, the record—including the items discussed above—demonstrates that Shatar encountered repeated warning signs going both to EquityBuild's business model and to the "alarming" fact that the while the transaction in which Shatar was to

32

provide monies was negotiated and represented to be a purchase money mortgage, that turned out to be flatly false: shortly before the transaction closed, Shatar was informed that EquityBuild had already purchased and closed on the Yates property, consistent with its business model, and that the transaction with Shatar would be a refinancing. *See EquityBuild II,* 161 F.4th at 1032 (stating, "most alarming, Shatar knew that EquityBuild had already purchased the Yates property *before* Shatar loaned the funds for Yates. Before it issued its loan, Shatar received an e-mail reporting that the Yates purchase had been funded by other means. That EquityBuild had purchased the Yates property suggests that another lender (or as Shatar had reason to know, many lenders pooling capital) may have already loaned funds secured by the property."). This was a drastic development in its dealings with EquityBuild, which Shatar's own representative and lead underwriter (Ezri Namvar) testified to in his deposition. (Dkt. 1537, Ex. 2, 11/1/23 Tr. at 99:13-15)

Tellingly, Shatar admitted that, had it undertaken diligent inquiry into EquityBuild's fundraising on 7749 Yates, after being informed that EquityBuild had in fact purchased the property, it would not have made the loan. (*Id.* at 113:8-114:22) This concession alone—that it proceeded to give EquityBuild money despite the red flags of which it was aware—distinguishes Shatar from other claimants and supports subordinating its claim. Additional facts and circumstances identified in the Receiver's earlier submission on Group 2 demonstrate how Shatar was and is in a different position than other investors, and lend further support to subordinating its claim. (*See* Dkt. 1537 at 5-12 and exhibits cited therein)

Significantly, both this Court and the Seventh Circuit have already recognized the extraordinary irregularities surrounding Shatar's transactions with EquityBuild. Although those decisions arose in the context of competing secured claims, the equitable considerations underlying them remain highly relevant here. In particular, the decisions underscore that Shatar was not

33

similarly situated to ordinary investors or creditors who lacked comparable access to suspicious information concerning the underlying transaction.

The distinction here is not merely that Shatar participated in higher-risk lending activity. Many investor-lenders likewise participated in real-estate-backed lending transactions promising elevated returns. Rather, Shatar occupied a materially different position because it had its experienced underwriter (Namvar) leading the review of Shatar's investment, and who expressly understood that a crowdfunding business model was suspicious and indicative itself of problems (Dkt. 1537, Ex. 2, 11/1/23 Tr. at 38:6-39:20) and, despite representations from EquityBuild to Shatar that it would be making a purchase money mortgage for the acquisition, that was false. Put differently, Shatar had a unique understanding of, and access to, information concerning EquityBuild's business model generally and the particular properties Shatar was examining—information that ordinary investors neither saw, understood, nor had any realistic ability to investigate.

Furthermore, it is reasonable, appropriate, and equitable for the Receiver and the Court to account for facts that lend further taint to Namvar and Shatar's claims. Including among these matters is the fact that Namvar negotiated a $3.5 million *overnight* loan (*i.e.,* funded in order for EquityBuild to close a loan from a different lender and paid back from that closing *the next day*) in 2018 through an entity he controlled (Chief Management LLC) that kept EquityBuild's Ponzi scheme afloat by enabling it to obtain a loan from Liberty EBCP. Chief Management LLC was paid $200,000 for that one-day loan. It is, thus, reasonable to take into account, from an equitable standpoint, that the self-described best hard money lender in the nation, who was a seasoned Ponzi-

34

schemer,[16] and was also well aware of EquityBuild's crowdfunding business model as well as the red flags that had previously come to Namvar's awareness in regard to 7749 Yates, knew or should have known when he facilitated the overnight $3.5 million loan for EquityBuild that he was contributing to and extending EquityBuild's illicit activities. While Chief Management LLC did not submit a claim here, Namvar is the common factor whose activities lend further taint to the inequities surrounding Shatar's claim.

Under these circumstances, and consistent with the Court's broad equitable authority in administering this Receivership Estate, subordinating Shatar's unsecured claims to those of other eligible investors and creditors appropriately allocates losses in accordance with the materially different equities reflected in the record distinguishing Shatar from other eligible claimants.

### E. Subordination of Non-Contributing Claims Is Appropriate.

Federal equity receiverships exist primarily to marshal and distribute assets for the benefit of those whose unrecovered funds were contributed to, commingled within, and used to sustain the fraudulent enterprise. Accordingly, courts routinely distinguish between claimants whose funds became part of the scheme itself—such as defrauded investors and similarly situated institutional lenders—and ordinary trade creditors, vendors, and other parties whose claims arose external to the pooled fraudulent enterprise. The latter category generally occupies a weaker equitable position because the Receivership Estate is composed primarily of funds contributed by victims of the scheme, rather than proceeds generated through ordinary commercial operations.

---

[16] As noted, Namvar is no stranger to Ponzi schemes, having run one himself, for which he was convicted and sentenced to seven years in prison. (*See* Dkt. 1537 at 5-6 at n.4; https://www.laweekly.com/ezri-namvar-is-the-new-bernie-madoff-and-the-most-reviled-man-in-town/; *see also* Receiver's Complaint against Chief Management LLC and Ezri Namvar, No. 22-cv-4335, Dkt. 1 at ¶¶ 23-26, Dkt. 41, Answer to ¶ 26)

The Seventh Circuit has expressly recognized that receivership courts possess broad equitable authority to classify and treat claims differently where fairness so requires. In *Wealth Mgmt.*, 628 F.3d at 332-33, the court approved a distribution plan that treated claims differently based upon the equitable circumstances presented and emphasized that "equality is equity" where funds were pooled and commingled. Similarly, in *CFTC v. Lake Shore Asset Mgmt. Ltd.,* 646 F.3d 401, 404-05 (7th Cir. 2011), the Seventh Circuit affirmed a distribution plan that favored defrauded participants in the scheme over general creditor claims.[17]

Here, claims totaling $1,771,318 were submitted by twelve trade creditors, for which the Receiver determined the maximum potential distributions would be approximately $716,000.[18]  In contrast to investors and institutional lenders who contributed funds that became commingled within the EquityBuild enterprise and were used to acquire properties, maintain operations, and perpetuate the scheme, these trade creditors did not contribute capital that became part of the pooled funds sustaining the fraudulent enterprise, but instead provided goods or services external to the investment structure itself. Under these circumstances, the Receiver respectfully submits that subordinating trade creditor claims to those of investors and similarly situated institutional lenders most faithfully reflects the equitable principles governing federal receiverships and preserves limited Receivership assets for those whose unrecovered funds became part of the fraudulent enterprise itself.

---

[17] Federal courts overseeing SEC and CFTC receiverships frequently prioritize defrauded investors over general unsecured creditors because the receivership assets are often substantially derived from misappropriated investor funds and the receivership exists principally to maximize restitution to fraud victims. *See, e.g., Wealth Mgmt.*, 628 F.3d at 332-33; *Lake Shore Asset Mgmt. Ltd.*, 646 F.3d at 404-05; *Credit Bancorp, Ltd.*, 290 F.3d at 88; *Elliott*, 953 F.2d at 1569-70; *CFTC v. TMTE, Inc.*, No. 23-10420, 2024 WL 983553, at *4-5 (5th Cir. Mar. 7, 2024); *CFTC v. PrivateFX Global One, Ltd.*, 778 F. Supp. 2d 775, 786-87 (S.D. Tex. 2011).

[18] The percentage recoveries of five of the twelve trade creditors are above the rising tideline and thus they would not receive a distribution even if not subordinated.

36

Similarly, the Texas Comptroller of Public Accounts submitted a claim in the amount of $42,261.72—for which the Receiver determined the maximum potential distribution would be approximately $37,000—relating to allegedly unpaid franchise taxes of EquityBuild. The Receiver has not received claims from any other taxing authorities. The Receiver respectfully recommends that such claims, to the extent allowed, be subordinated to the claims of investors and similarly situated claimants whose unrecovered funds were contributed to, commingled within, and used to sustain the EquityBuild fraudulent enterprise.

Although the Receiver does not necessarily dispute that taxing authorities may assert claims arising from the operations of the EquityBuild entities, the equitable question in this Receivership is whether limited assets recovered from a commingled Ponzi scheme should first be distributed to those whose funds became part of the enterprise itself before payment of claims arising external to that commingled investment structure. Moreover, the Texas Comptroller's claim is essentially for the right to operate a business in Texas—but, here, there was no such legitimate business, as EquityBuild was instead a fraudulent enterprise.

Federal courts have recognized that equitable considerations may justify prioritizing the claims of fraud victims over competing claims asserted by taxing authorities and other non-contributor claimants. In *FTC v. Crittenden*, 823 F. Supp. 699, 703-04 (C.D. Cal. 1993), the court exercised its equitable authority to direct that receivership assets be distributed to defrauded consumers notwithstanding competing IRS claims. Similarly, in *FTC v. Ameridebt, Inc.*, 373 F. Supp. 2d 558, 565 (D. Md. 2005), the court recognized that, under constructive trust principles, even tax liens would not attach to property wrongfully obtained from consumers and held for the benefit of those victims. These authorities reflect a common equitable principle: where limited receivership assets are derived from funds contributed by victims of the underlying fraud, a court

37

may subordinate claims asserted by taxing authorities and other claimants who did not contribute funds to the enterprise in order to preserve recoveries for those whose money funded the fraudulent enterprise.

Here, both investor funds and institutional lending proceeds were used to acquire properties, maintain operations, and perpetuate the scheme, whereas these non-contributor claimants did not provide funds that became part of the pooled capital sustaining the enterprise. Under these circumstances, the Receiver respectfully submits that the equities favor prioritizing distributions to those claimants whose unrecovered funds were part of the fraudulent enterprise before distributions are made on claims arising external to that commingled structure. Again, however, the Receiver is not recommending that such claims be disallowed, but only that they be subordinated until the allowed claims of those who contributed funds to the EquityBuild scheme have been satisfied.

### F. The Remaining Investors and Institutional Lenders Should Be Treated Equitably Based on Their Actual Losses and Relative Equities, Not Categorical Labels.

In a federal equity receivership, the Court's task is not to focus upon or prefer one label over another—"investor" over "bank," or "individual" over "institution." The Court's duty is to approve a distribution plan that is fair and reasonable in light of the Receivership Estate's limited assets, the commingling of funds, the state and reliability of the records, the source and use of contributed funds, amounts already recovered, and the relative equities of all eligible claimants. *See Wealth Mgmt.,* 628 F.3d at 332-33; *Enterprise Trust*, 559 F.3d at 652. The Seventh Circuit has repeatedly emphasized that district courts possess broad equitable discretion in receivership proceedings and may "classify claims sensibly" so long as the distribution plan is fair and reasonable. *EquityBuild II*, 161 F.4th at 1029-30.

38

That principle is of particular relevance here because EquityBuild's records and transactions do not support a simple investor-versus-bank allocation. Here, EquityBuild's records show that investor monies were not kept separate from other monies that EquityBuild received. Further, even where institutional loan proceeds did not flow directly into EquityBuild's accounts, those loans still benefitted EquityBuild because they enabled EquityBuild to acquire properties in furtherance of its scheme. This Court has noted that "money is fungible," and "[a]ll of the institutional lenders' loans were made to benefit EquityBuild and allowed it to further its fraudulent scheme." *EquityBuild*, 2024 WL 3069682, at *8 (Dkt. 1679 at 18). Fundamentally, the critical equitable inquiry is often whether the claimant contributed funds that became commingled within, and helped sustain, the fraudulent enterprise itself.

Moreover, under the unique circumstances of this case, many of the investors were also secured lenders, more on par with the institutional lenders than in other receiverships. Here, both investor funds (whether they were nominally "loans" or "equity investments") and institutional lending proceeds were used to acquire properties, maintain operations, satisfy obligations to other claimants, and perpetuate the EquityBuild scheme.[19] *Id*.

For these reasons, the equitable question should not be framed as whether investors always outrank banks. Institutional status alone is not a principled basis to deny recovery to a claimant that contributed funds, suffered a real loss, and helped create or preserve assets now available for

---

[19] Nor should the possibility that a bank may be better able to sustain a loss, or may have insurance, control the distribution unless the record shows that the institution actually recovered from insurance or another source. The proper focus is actual net loss. That approach is consistent with this Court's net-loss reasoning: "Distribution plans in the aftermath of a securities fraud enforcement action regularly deduct amounts previously received by the particular claimant from their recovery." *EquityBuild*, 2024 WL 3069682, at *8 (Dkt. 1679 at 19). Notably, all claimants were required to disclose to the Receiver amounts recovered that offset their loss.

distribution. A plan based only on who is more sympathetic would risk replacing equity with preference.

At the same time, equal treatment is not required where claimants are not similarly situated; in fact, equity may require differentiation, depending on the circumstances. The Seventh Circuit's *EquityBuild I* and *EquityBuild II* decisions confirm that investor priority may be appropriate where the specific facts and applicable law support it. Put differently, investors and institutional lenders both contributed funds that were commingled, used to acquire or maintain Receivership assets, or otherwise helped sustain the same fraudulent enterprise. Under such circumstances, the fairer approach is to address investor and institutional lender claims together on a net-loss basis; and, in this instance, subject to a rising tide distribution methodology. This approach also accords with the Seventh Circuit's approval of distribution methods that seek parity among victims. The point is not to reward legal labels, but to allocate limited assets in a way that best approximates fairness among claimants harmed by the same scheme. *See, e.g., Huber*, 702 F.3d at 904-08.

Consistent with applicable authority and principles discussed above, the Receiver's distribution approach recognizes that investor protection remains central to the Receivership, but investor protection does not require categorical exclusion of a claimant labeled as an "institutional lender" who also contributed funds and incurred unrecovered losses, especially where many of the investors were also secured lenders. This approach is most faithful to the governing standard: a distribution plan that is fair, reasonable, and grounded in the actual equities of the claimants before the Court. That said, the Receiver notes that here, while treating investors and institutional lenders the same under a rising tide methodology, under the proposed distribution plan, approximately 99% of the estimated $19,750,000 distribution will be paid to investors.

40

## V.     THE RECEIVER'S RECOMMENDED DISTRIBUTION METHODOLOGY.

In the context of a complex Ponzi scheme receivership, courts have repeatedly emphasized that the two most equitable distribution methodologies are the rising tide and net loss approaches. Both methods are widely accepted in federal receivership jurisprudence, and both serve the fundamental equitable principle of ensuring fairness among victims whose funds were commingled and dissipated in fraud. The Receiver considered both here, in determining how to distribute funds in relation to Group 10 claims.

### A.  The Receiver Considered Rising Tide and Net Loss Methodologies.

The rising tide method treats each claimant's prior withdrawals as part of their overall recovery, such that only those who have received less than other victims share in new distributions until equity among investors is achieved. This approach is particularly effective in Ponzi schemes where some investors withdrew substantial sums before collapse while others withdrew little or nothing. Courts have approved rising tide because it prevents investors who have already recovered disproportionately from receiving still more at the expense of those who have recovered nothing. *See, e.g., Huber*, 702 F.3d at 907; *CFTC v. Lake Shore Asset Mgmt. Ltd.*, No. 07 C 3598, 2010 WL 960362, at *3 (N.D. Ill. Mar. 15, 2010), *aff'd* 646 F.3d 401 (7th Cir. 2011). The same reasoning applies in circumstances, as here, where the claims process is elongated, makes substantial distributions during the process, and leaves distribution of remaining unencumbered funds till the end.

The net loss (or net investment) methodology calculates each claimant's entitlement by deducting all amounts previously received—whether styled as principal, interest, or profits—from their total cash-in. The remaining "net loss" defines their claim against the estate. Under the net loss methodology, all eligible claimants with a net loss receive a distribution. Net loss has the

41

virtue of administrative simplicity and broad participation, ensuring that virtually all claimants receive some distribution. Courts frequently choose net loss where rising tide would leave too many claimants without any recovery. *See, e.g., Huber*, 702 F.3d at 907 (citing *Byers*, 637 F. Supp. 2d at 182; *CFTC v. Barki, LLC*, No. 3:09 CV 106-MU, 2009 WL 3839389, at *2 (W.D.N.C. Nov. 12, 2009)).

## B. The Court Has the Discretion to Determine an Equitable Distribution Methodology.

Federal courts have repeatedly emphasized that the choice between the rising tide and net loss methodologies for receivership distributions lies within the court's broad equitable discretion. No single method is mandated. Instead, courts weigh whether a proposed plan fairly balances the interests of all claimants, considering both prior recovered funds and overall net losses.

Both methods address the two central equity concerns that arise in complex Ponzi scheme distributions: (1) disproportionate prior withdrawals, distributions, or other recoveries (where rising tide provides a corrective measure), and (2) ensuring broad participation (where net loss maximizes inclusion). Appellate courts have consistently upheld plans employing either approach, recognizing that district courts have wide discretion to determine which is fairer under the circumstances. S*ee Wealth Mgmt.*, 628 F.3d at 332 (district courts have broad discretion in fashioning equitable distribution plans). "The cases treat the receiver's choice among allocation schemes as one within the discretion of the district court to approve or disapprove, like other aspects of the administration of a receivership." *Huber*, 702 F.3d at 908.

For these reasons, rising tide and net loss remain the two most appropriate methodologies in Ponzi-scheme receiverships and are the approaches most consistently endorsed by courts applying equitable distribution principles. Both methodologies permit the receivership court to

tailor distributions to the unique facts of a particular fraud while preserving fairness among victims through objective and consistently applied standards.

### C. The Percentage of Claimants Receiving Funds from the Receivership Is a Key Factor.

In evaluating the balance of interests, courts often look closely at the percentage of claimants who would receive some distribution under each approach. Where the rising tide method would leave a substantial minority of claimants uncompensated—such as nearly half of investors in *Byers* and *Barki*—courts have rejected rising tide and approved net loss instead. Conversely, where rising tide permitted the vast majority to recover—for example, in *Huber* (over 80%), *SEC v. Parish,* No. 2:07-cv-00919-DCN, 2010 WL 5394736 (D.S.C. 2010) (79%), and *Lake Shore Asset Mgmt.* (more than 85%)—courts endorsed rising tide as more equitable, even if some claimants received nothing. *See, e.g., Huber*, 702 F.3d 903; *Lake Shore Asset Mgmt.*, 2010 WL 960362, *7-9 (rising tide adopted to prevent disproportionate recovery by claimants who had already withdrawn substantial funds); *Parish*, 2010 WL 5394736, at *3-4 (rising tide approved, with court noting broad recovery was preferable to rewarding those who had already recouped funds).

In short, courts approve rising tide where it spreads recovery across most claimants without rewarding those who withdrew early at the expense of later victims, but have defaulted to net loss where rising tide would shut out too many claimants entirely. *See, e.g., Byers,* 637 F. Supp. 2d at 182 (followed net loss because under rising tide too many claimants, 45%, would be excluded entirely; fairness required broader participation); *Barki,* 2009 WL 3839389, * 2 (chose net loss to maximize participation; rising tide would unfairly bar 55% of victims from any distribution).

In sum, where rising tide ensures recovery for the overwhelming majority of claimants, courts have approved it as the fairer method. Conversely, where rising tide would exclude a

43

substantial minority from any distribution, courts have rejected it in favor of net loss. This jurisprudence underscores that the touchstone of receivership distributions is not rigid adherence to a formula but the equitable maximization of fairness and participation across the claimant pool.

### D. In this Case, the Receiver's Relative Percentage Analysis Supports Using a Rising Tide Methodology over a Net Loss Distribution.

The rising tide approach is particularly effective at this stage of this particular case, where the Court has already evaluated many claims in the prior claim groups, and distributions have already been made pursuant to the Court's decisions regarding priority disputes. By virtue of the claims process employed by the Court in this case, some claimants have already received substantial distributions from the Receivership Estate, while others have received little or nothing. Accordingly, in addition to variances in the recoveries of interest, principal, and other payments to the claimants by EquityBuild before the collapse of the Ponzi scheme, there are large variances in the recoveries of receivership assets in these proceedings to date. An equitable distribution plan for this final Group 10 phase of the distribution process must take both into account.[20]

A key inequity of the net loss methodology is it would allow 152 claim sets that *already recovered more than* 66.1% of the money they gave EquityBuild (*i.e.,* more than the Receiver's proposed rising tide line) to receive even more money on a *pro rata* basis along with those claimants who have had a lower percentage recovery thus far (including claimants who have not yet recovered anything).[21] For example, under the net loss methodology, a claimant who may have

---

[20] The Receiver employed a net loss approach to claims and distribution in Groups 1-9. Using a rising tide approach in Group 10 takes into account all of the Receiver's previous distributions, as well as the fact that some claimants have not yet received anything.

[21] Setting aside the 21 Claim Sets that have been excluded (*see* Section IV (A-C) and Ex B), the 14 claim sets that the Receiver recommends be subordinated (*see* Section IV (D, E) and Ex. C), and 24 Claim Sets that have obtained recovery of 100% of the funds they gave EquityBuild (Ex. A), the net loss methodology would result in 581 Claim Sets receiving a Group 10 distribution. In

44

already received back 80% of the money they invested would share equally on a percentage basis with an investor who has received nothing. For example—in a scenario where Investor X gave EquityBuild $100,000 and has gotten back $80,000 (an 80% recovery) and Investor Y gave EquityBuild $20,000 and received nothing back (a 0% recovery), under the net loss methodology each would have a $20,000 net loss and receive an equal share of the total Group 10 distributions.

As a further example, take two claimants, both of whom put $100,000 into EquityBuild: Claimant A, who received nothing back, and Claimant B, who received $25,000 back. Claimant A would have a $100,000 net loss and Claimant B would have a $75,000 net loss. If there is $63,000 to distribute, then under the net-loss methodology, Claimant A would receive 100/175 of the $63,000, or $36,000, while Claimant B would receive the other 75/175, or $27,000, for a total recovery for Claimant B of $52,000, including the $25,000 previously received. Given the fraudulent nature of the EquityBuild scheme, the Receiver does not believe it is equitable to favor Claimant B in total recovery simply due to the timing of when Claimant B received money back. Under the rising tide methodology, these claimants would instead be brought to the same total recovery percentage. Because the total available recovery is $88,000 against $200,000 invested, each claimant would receive a 44% total recovery, or $44,000. Claimant A would therefore receive $44,000 from the current distribution, and Claimant B would receive $19,000, bringing both to the same $44,000 total recovery. This example is summarized below:

---

comparison, under the proposed rising tide methodology, 429 claim sets will receive Group 10 distributions.

45

## Net Loss vs. Rising Tide

### Example Facts

**Claimant A:**
Invested $100,000
Already received $0
Net loss $100,000

**Claimant B:**
Invested $100,000
Already received $25,000
Net loss $75,000

### Under the Net Loss Method

- Total Group 10 distribution available: $63,000
- A receives 100/175 of $63,000 = $36,000
- B receives 75/175 of $63,000 = $27,000

- A total recovery = $36,000
- B total recovery = $52,000
  ($25,000 earlier + $27,000 now)

### Under the Rising Tide Method

- Total recovery available overall: $88,000
- Total invested: $200,000
- Equal recovery percentage: 44%
- Target total recovery for each claimant: $44,000
- A receives $44,000 now
- B receives $19,000 now
- Both end at the same total recovery: $44,000

**Takeaway: When viewed in the context of the claimants' overall recoveries, Rising Tide does not favor either claimant because it brings them to the same total recovery percentage.**

In this case, application of the rising tide methodology in the context of the entire claims process (*i.e.,* Groups 1 through 10), ensures that 98% of all non-excluded and unsubordinated Claim Sets (*i.e.,* 594 of 605) would receive some distribution from the Receivership Estate. These 594 Claim Sets comprise 95% of the claimants (*i.e.,* 866 of 913) submitting POC forms in this case. Under the plan, a total of 429 of the eligible Claim Sets will receive a distribution in Group 10 (71%). And while 176 Claim Sets (29%) are above the rising tideline and therefore would not receive a Group 10 distribution under the proposed plan, ***only 11 of these 176 Claim Sets not receiving a Group 10 distribution did not already receive a distribution in Groups 1-9***, and this is because those 11 had already recovered in excess of the rising tide percentage recovery line.

## How the Group 10 Rising Tide Plan Works

**1. Overall result across the Receivership Estate: 605 total eligible Claim Sets**

| **594 of 605 Claim Sets** | **11 of 605 Claim Sets** |
|---|---|
| **98%** | **2%** |
| receive some distribution from the Receivership Estate | receive no distribution from the Receivership Estate |

These 594 Claim Sets include 866 of 913 claimants (95%).

**2. What happens in Group 10?**

The rising tide line is a target recovery percentage. Claim Sets below the line receive Group 10 money until they reach that line.

| **429 Claim Sets / 640 claimants** | **176 Claim Sets / 235 claimants** |
|---|---|
| Below the rising tide line | At or above the rising tide line |
| Will receive a Group 10 distribution | Will not receive a Group 10 distribution |

**3. Why do 176 Claim Sets get no Group 10 distribution?**

176 Claim Sets / 235 claimants will not receive a Group 10 payment.

| **165** | already received a distribution in Groups 1–9 | **11** | did not receive a distribution in Groups 1–9, but had already recovered more than the rising tide percentage line |
|---|---|---|---|

**Bottom line:** Almost everyone receives some distribution overall. 94% of the claim sets without a Group 10 payment already received money earlier.

Even including those claims that the Receiver recommends be excluded or subordinated, because 14 of those 35 Claim Sets already received distributions in Groups 1-9, a full 95% of all Claim Sets (*i.e.,* 608 of 640) would receive a distribution in this Receivership under the proposed plan. In sum, because application of the rising tide methodology for the Group 10 distribution of the claims process ensures recovery for the overwhelming majority of claimants, while also endeavoring to equalize the recoveries of claimants on a percentage basis, the Receiver strongly recommends following a rising tide distribution methodology here.

## VI.    THE RECEIVER'S PROPOSED DISTRIBUTION PLAN

As of June 29, 2026, total funds in the Receiver's Account were $20,345,002.25. By this motion, the Receiver seeks the Court's approval of a distribution along with the close of the

47

Receivership.[22] To streamline this process, the Receiver has set forth a proposed plan of distribution below.

The Receiver's proposed plan of distribution is in the best interest of the Receivership and the claimants as a whole; is fair, reasonable, and equitable; and satisfies due process. The Court has wide latitude when it exercises its inherent equitable power in approving a plan of distribution of Receivership funds. *SEC v. Forex Asset Mgmt.*, 242 F.3d 325, 331 (5th Cir. 2001) (affirming district court's approval of plan of distribution because court used its discretion in "a logical way to divide the money"); *Quilling v. Trade Partners, Inc.*, No. 1:03-CV-236, 2007 WL 107669, at *1 (W.D. Mich. Jan. 9, 2007) ("In ruling on a plan of distribution, the standard is simply that the district court must use its discretion in a logical way to divide the money.") (internal quotations omitted). In approving a plan of distribution in a receivership, "the district court, acting as a court of equity, was afforded the discretion to determine the most equitable remedy." *Forex Asset Mgmt.*, 242 F.3d at 332. The Court may adopt any plan of distribution that is fair and reasonable. *SEC v. Wang*, 944 F.2d 80, 83-84 (2d Cir. 1991); *SEC v. Basic Energy & Affiliated Resources, Inc.*, 273 F.3d 657, 670-71 (6th Cir. 2001).

The Receiver proposes that the distribution be made on a pro rata basis subject to applicable exceptions, priorities, and other parameters discussed herein. The Receiver will pay outstanding Receivership fees and expenses and, in connection with the final fee application, will seek a reserve for anticipated expenses to complete the distribution and the close of the Receivership. The

---

[22] Once the Court approves a final distribution plan and before the entry of a final distribution order, the Receiver will submit an updated spreadsheet in the form of Exhibit A reflecting the actual funds available for distribution less estimated amounts needed to cover professional fees and expenses to complete the distribution and the close of the Receivership. The Receiver also intends to submit a final fee application with that submission. (*See infra* at 52-55 (Proposed Objection Procedure, Section (i)))

Receiver will distribute the remaining funds—currently estimated to be $19,750,000—to each class by priority. Such a plan is fair and reasonable: "[c]ourts have favored pro rata distribution of assets where, as here, the funds of the defrauded victims were commingled and where victims were similarly situated with respect to their relationship to the defrauders." *Credit Bancorp*, 290 F.3d at 88-89; *see Trade Partners*, 2007 WL 107669 at *2 ("The use of a pro rata distribution plan is especially appropriate for fraud victims of a Ponzi scheme, in which earlier investors' returns are generated by the influx of fresh capital from unwitting newcomers rather than through legitimate investment activity.") (citations omitted); *SEC v. Infinity Grp. Co.*, 226 Fed. App'x 217, 218 (3d Cir. 2007) ("the Courts of Appeals repeatedly have recognized that *pro rata* distribution of a defrauder's assets to multiple victims of the fraud is appropriate and that District Courts act within their discretion in approving such distributions.") (citations omitted). A fair and reasonable distribution plan may provide for reimbursement to certain claimants, while excluding or limiting others. *See Wang*, 944 F.2d at 84 (citations omitted); *Basic Energy*, 273 F.3d at 660-61, 667-68.

Class 1 claims shall be paid first. Such claims include all investor and institutional lender claims that have not been compromised, waived, or withdrawn, and have not been recommended for exclusion or subordination. If any funds remain, which is not anticipated, Class 2 claims shall be paid next. Class 2 claims include all other claims that have subordinated to Class 1 claims (*See* Section IV, above).

Should the Receiver not have sufficient funds to pay Class 1 claims in full, which is anticipated, he will distribute the funds on a pro rata basis consistent with a rising tide methodology and the distribution spreadsheet submitted herewith as Exhibit A. If there are sufficient funds to pay all Class 1 claims—which is not anticipated—the Receiver will then distribute funds to Class

49

2 claims on a *pro rata* basis consistent with a rising tide methodology and the distribution spreadsheet submitted herewith as Exhibit C.

The Receiver has proposed a procedure in Section VIII below for claimants to object to the Receiver's determination of a claim, claim priority, or plan of distribution. The procedure provides, in relevant part, that each claimant will have twenty-one (21) days from the date the Receiver mails each claimant notice of the Court's order approving the Proposed Objection Procedure to serve the Receiver with an objection. Under the Proposed Objection Procedure objections are to be served on the Receiver and not filed by the person or entity making the objection. (*See* Section VIII, below.)

After the distribution plan is approved, the Receiver will submit updated figures for distribution and a final fee application (*see* note 22). Upon entry of a distribution order, the Receiver will mail distribution checks by regular U.S. Mail, and he requests that the claimants be allowed 120 days to negotiate the distribution checks. If a check is not negotiated within 120 days, despite the Receiver's efforts to contact the claimant to confirm the check was in fact received and reissue it, if necessary, the money will be deposited into the unclaimed funds division for the state of the pertinent claimant's last known address. A deadline for negotiating distribution checks is necessary for the orderly administration of the Receivership.

Any wire transfer or processing fees required for international distributions will be deducted from the amount to be distributed to any claimant requiring an international distribution.

### VII. THE COURT SHOULD APPROVE PRIORITY PAYMENT OF ADMINISTRATIVE EXPENSES NECESSARY TO PRESERVE AND ADMINISTER THE RECEIVERSHIP ESTATE.

Before distributions may be made to claimants, the Receivership Estate should first pay the reasonable and necessary expenses incurred to preserve, administer, and maximize the value of

Estate assets. That principle is well-established in federal receiverships because the Receiver and retained professionals perform the work necessary to identify, secure, manage, recover, and liquidate assets for the collective benefit of all claimants—and then implement and administer a claims process that leads to the distribution of receivership funds to eligible claimants. Without those efforts, there would be no centralized recovery process and, in many cases, substantially fewer assets available for distribution.

Courts therefore routinely approve payment of Court-authorized receivership administrative expenses—including the fees and costs of the Receiver and retained professionals— before distributions are made to claimants because those services preserve and maximize the assets available for all stakeholders. *See, e.g., Wealth Mgmt.*, 628 F.3d at 332-33 (recognizing broad equitable authority of district courts in administering federal receiverships and approving distribution methodologies designed to achieve fairness among claimants); *SEC v. HKW Trading LLC*, No. 8:05-CV-1076-T-24-TBM, 2009 WL 2499146, at *3 (M.D. Fla. Aug. 14, 2009) ("Payment of court costs, receiver's fees, and receiver's counsel's fees are the highest priority for payment."). Prioritizing those administrative expenses does not diminish the importance of investor recoveries; rather, it reflects the practical and equitable reality that the Receivership cannot preserve or distribute assets without incurring the necessary costs of administering the Estate for the benefit of all stakeholders.

Before any final distributions are made, the Receiver will submit a final fee application setting forth the fees and expenses for which Court approval is sought on behalf of the Receiver and retained professionals. That application will include any amounts previously held back during the course of the Receivership pursuant to prior interim compensation procedures. All requested

51

fees and expenses will remain subject to SEC review and Court review and approval for reasonableness and necessity before payment is authorized from the Receivership Estate.

## VIII. THE RECEIVER RECOMMENDS THE FOLLOWING PROCEDURE FOR OBJECTIONS TO THE PROPOSED DISTRIBUTION PLAN.

For efficiency, the Court should adopt a formal procedure to address instances where a claimant does not agree with the Receiver's recommended determination of the claimant's Group 10 claim or objects to claim priority or the distribution methodology. The procedure recommended below allows the Receiver to (1) correct errors that do not require the Court's resources, (2) address any disputed matters in a fair and efficient manner, and (3) present any unresolved objections to the Court in an organized and, if appropriate, consolidated manner, which will be efficient and, to the extent possible, avoid the Court's receipt of objections on a piecemeal basis. The procedure also provides each claimant with notice and an opportunity to be heard in accordance with applicable due process concerns.

The Receiver respectfully requests the Court adopt and enter an order prescribing the following objection procedure (the "Proposed Objection Procedure"):

(a) Within two (2) business days after the date of an order approving the Proposed Objection Procedure, the Receiver will: (i) post the order on the Receivership website, https://rdaplaw.net/equitybuild-receivership/; and (ii) send each claimant at the email address provided on the Proof of Claim Form (or as updated in accordance with express written instructions by claimants) an email setting forth the procedure for objecting to the Receiver's plan of distribution.

(b) Any claimant with an objection to the Receiver's plan of distribution must serve **the Receiver** with a written objection no later than twenty-one (21) days after the date of the Receiver's email advising the claimant of the order approving the Proposed

52

Objection Procedure. All objections must be served on the Receiver at equitybuildclaims@rdaplaw.net or by overnight mail or courier to Kevin B. Duff, Receiver, c/o Rachlis Duff & Peel, LLC, **216 W. Jackson Blvd., Suite 975, Chicago, IL 60606**, and should **not** be filed with the Court. Such objections shall clearly state the nature and basis of the objection, and provide all supporting statements and documentation the claimant wishes the Receiver and the Court to consider. **While claimants are encouraged to send any objections by email, all claimants should note that the Receiver has a new mailing address, which is identified above.**

(c) Failure to properly and timely serve an objection to the plan of distribution shall permanently waive the claimant's right to object to or contest the Receiver's claim determination, claim priority, and plan of distribution and the final claim amount shall be set as the amount approved by the Court.

(d) Within three (3) business days of the date by which objections must be served on the Receiver, the Receiver will file a short status report with the Court setting forth the number and nature of the objections that have been received.

(e) The Receiver requests that the Court set a status hearing date regarding the Receiver's status report on objections to the Receiver's plan of distribution—a status hearing date is currently set for July 29, 2026, which depending on timing may coincide with completion of the preceding steps (but the Court may want to reschedule that status hearing depending on the timing of the completion of these tasks).

(f) If a claimant timely serves an objection, the Receiver will notify the objecting claimant of his determination regarding the pertinent objection, and the bases therefore, no later than twenty-eight (28) days after the end of the objection period (the "Notification").

The claimant will then have seven (7) days from the date of the Notification to serve the Receiver with a written response to the Notification which must clearly state whether the claimant maintains the objection or accepts the Receiver's further determination of the claim as set forth in the Notification. Failure to properly and timely serve this written response will be deemed as an acceptance of the Receiver's determination as set forth in the Notification.

(g) Although each objecting claimant previously submitted to this Court's jurisdiction by filing a claim with the Receiver, by serving an objection the objecting claimant shall be deemed to have confirmed submission to the exclusive jurisdiction of this Court. A person serving an objection to the Receiver's claim determination, claim priority, or plan of distribution, shall be entitled to notice, but only as it relates to adjudication of the particular objection and the claim to which the objection is directed.

(h) The Receiver may attempt to settle and compromise any claim or objection subject to the Court's final approval, and at such times as the Receiver deems appropriate, he will file with the Court any settlements or compromises that the Receiver wishes the Court to rule upon.

(i) If the Receiver and an objecting claimant are unable to resolve an objection, then no later than twenty-eight (28) days from the date of the claimant's written response to the Receiver's Notification, the Receiver will file with the Court: (1) the Receiver's further determination of the claim with any supporting documents or statements he considers are appropriate, if any; and (2) the unresolved objection, with supporting statements and documentation, as served on the Receiver by the claimant.

54

(j) The Court may make a final determination based on the submissions identified in the previous paragraph or may set the matter for hearing and, following the hearing, make a final determination. The claimant shall have the burden of proof. The Receiver will provide notice of such hearing as provided in paragraph (a) above.

The Proposed Objection Procedure satisfies due process. Due process essentially requires that the proceeding be fair and that affected parties be given notice and an opportunity to be heard. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985); *Elliott*, 953 F.2d at 1566. The use of summary proceedings to implement claims procedures is customary in receiverships and satisfies due process requirements when claimants receive an opportunity to be heard, to object to their claim determination, and to have their claims considered by a court. *See id.; Basic Energy*, 273 F.3d at 668-71. The Proposed Objection Procedure achieves each of these requirements. *See also F.D.I.C. v. Bernstein*, 786 F. Supp. 170, 177-78 (E.D.N.Y. 1992) (citations omitted). This Court should approve the Proposed Objection Procedure because it satisfies due process and is logical, fair, and reasonable. *See Elliott*, 953 F.2d at 1567 (summary proceedings are appropriate where party has full and fair opportunity to present claims and defenses). Specifically, the Proposed Objection Procedure provides for: (1) notice to claimants of the Receiver's determination of their claims, claim priority, and plan of distribution; (2) the opportunity for claimants to object to these matters; and (3) the review of unresolved objections by the Court.

Importantly, the Proposed Objection Procedure eliminates the need for any objections to be filed with the Court in direct response to this motion. In turn, that will avoid inefficient piecemeal presentation and adjudication of objections by the Court. Such a piecemeal process would result in an inefficient claims process for both the Court and the Receivership. As such, the Proposed Objection Procedure promotes judicial efficiency and reduces litigation costs.

The Receiver has conferred with counsel for the SEC which consents to the relief requested in this motion other than the proposed subordination of the claims submitted by trade creditors, taxing authorities, and Shatar. The SEC advises that it takes no position on the proposed subordination of those claims.

WHEREFORE, Receiver Kevin B. Duff respectfully requests that the Court:

(1)     enter an order approving the Receiver's Proposed Objection Procedure;

(2)     set a status hearing date regarding the Receiver's status report on objections to the Receiver's plan of distribution as soon thereafter as the Court is available, consistent with the schedule described above with respect to the Proposed Objection Procedure.

(3)     enter a further order:

    a.     granting the Receiver's Motion to Approve Distribution Plan;

    b.     approving the Receiver's treatment and determination of claims as set forth in this motion and in attached Exhibits A through C;

    c.     approving the rising tide distribution methodology as set forth above and in the attached Exhibits as the proper method for calculating the approved distribution amounts for claimants who will receive a distribution under the Receiver's proposed distribution plan;

    d.     precluding and forever barring and enjoining further claims against the Receivership entities, Receivership property, the Receivership estate, or the Receiver by any claimant, taxing authority, or any other public or private person or entity and precluding and forever barring and enjoining any other efforts to enforce or otherwise collect on any lien, debt, or other asserted interest in or against the Receivership Entity, Receivership property, or the Receivership estate; and

(4)     such other relief as the Court deems just and equitable.

Dated: June 30, 2026                                    Kevin B. Duff, Receiver

                                        By:     /s/      Michael Rachlis

                                                Michael Rachlis
                                                Jodi Rosen Wine
                                                Rachlis Duff & Peel, LLC
                                                216 W. Jackson Blvd., Suite 975
                                                Chicago, IL 60606
                                                Phone (312) 733-3950
                                                mrachlis@rdaplaw.net
                                                jwine@rdaplaw.net

57

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2026, I electronically filed the foregoing **Receiver's Motion to Approve Group 10 Distribution Plan** with the Clerk of the United States District Court for the Northern District of Illinois, using the CM/ECF system. A copy of the foregoing was served upon counsel of record via the CM/ECF system.

I further certify that I caused a true and correct copy of the foregoing to be served upon all claimants who have submitted claims in this matter by electronic mail.

I further certify that the **Motion** will be posted to the Receivership webpage at: https://rdaplaw.net/equitybuild-receivership/

/s/ Michael Rachlis

Michael Rachlis
Rachlis Duff & Peel, LLC
216 W. Jackson Blvd., Suite 975
Chicago, IL 60606
Phone (312) 733-3950
mrachlis@rdaplaw.net

# Exhibit A

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4468 | Mudlic Properties LLC | 124-2076 | 6801 S East End, Chicago, IL 60649 | $ 207,194.24 | | Disallow $450,000 claim for water damage to property and $11,763.33 other post-receivership expenses | | | | | | | |
| 4468 Total | | | | $ 207,194.24 | $ - | | $ - | $ - | $ - | $ - | 0.00% | $ 136,953.31 | 66.10% |
| 3113 | Henry S. Scheuller | 63-357 | 4520-26 S Drexel Boulevard | $ 85,000.00 | | LLC membership interest | | | $ 1,996.64 | | | | |
| 3113 | Natalie T. Scheuller | 63-358 | 4520-26 S Drexel Boulevard | $ 85,000.00 | | LLC membership interest | | | | | | | |
| 3113 Total | | | | $ 170,000.00 | $ - | | $ - | $ - | $ 1,996.64 | $ 1,996.64 | 1.17% | $ 110,371.65 | 66.10% |
| 4240 | Shane E Veltri | 91-733 | 7701 S Essex Avenue | $ 465,000.00 | | Claimant had an ownership interest in 7701 S Essex, which he | | | $ 10,871.63 | | | | |
| 4240 Total | | | | $ 465,000.00 | $ - | | $ - | $ - | $ 10,871.63 | $ 10,871.63 | 2.34% | $ 296,488.70 | 66.10% |
| 4465 | Chad Johnstun | 903-2071 | SSDF3 | $ 190,729.17 | | Unsecured claim amount is net out-of-pocket loss from investments in 6759 Indiana, 6807 Indiana and 5437 Laflin. | | | $ 4,459.22 | | | | |
| 4465 Total | | | | $ 190,729.17 | $ - | | $ - | $ - | $ 4,459.22 | $ 4,459.22 | 2.34% | $ 121,610.85 | 66.10% |
| 4350 | Raghu Pulluru, FBO 1634276 Midland IRA #1634276 | 157-1214 | 1655 N Humboldt Blvd | $ 152,000.00 | | | | | $ 5,751.44 | | | | |
| 4350 Total | | | | $ 152,000.00 | $ - | | $ - | $ - | $ 5,751.44 | $ 5,751.44 | 3.78% | $ 94,719.03 | 66.10% |
| 3159 | 6951 South Merrill Fund I LLC | 3-1487 | 5001 S Drexel Boulevard | $ 200,000.00 | | Disallow $20,000 interest reserve; disallow $75,000 claim of promoter who actively participated in marketing the fraudulent scheme | | | | | | | |
| 3159 | 6951 South Merrill Fund I LLC | 101-1489 | 6949-59 S Merrill Avenue | $ 1,550,000.00 | $ 71,419.79 | Pre-rollover interest from 7026 Cornell. Interest is membership in LLC entitled to share in the profits and losses of the Company. The claim is therefore an unsecured ownership interest. | | | | | | | |
| 3159 Total | | | | $ 1,750,000.00 | $ 71,419.79 | | $ - | $ - | $ - | $ 71,419.79 | 4.08% | $ 1,085,312.65 | 66.10% |
| 4075 | Justin Tubbs | 67-242 | 1131-41 E 79th Place | $ 15,000.00 | $ 631.25 | LLC membership interest | | | | | | | |
| 4075 Total | | | | $ 15,000.00 | $ 631.25 | | $ - | $ - | $ - | $ 631.25 | 4.21% | $ 9,283.60 | 66.10% |
| 3085 | Manuel Cadaval | 901-1084 | SSDF 1 | $ 25,000.00 | $ 1,068.41 | LLC membership interest; prerollover distributions from loan secured by 7749 S Yates | | | $ 584.50 | | | | |
| 3085 | Cadaval Investment Trust FBO Manuel Cadaval Solo 401k | 901-1236 | SSDF 1 | $ 100,000.00 | $ 846.19 | LLC membership interest; prerollover distributions from loan secured by 7749 S Yates | | | $ 2,337.98 | | | | |
| 3085 | Cadaval Investment Trust FBO Dana Cadaval Solo 401k | 901-1242 | SSDF 1 | $ 50,000.00 | $ 1,816.66 | LLC membership interest; prerollover distributions from loan secured by 1700 Juneway | | | $ 1,168.99 | | | | |
| 3085 | Joshua Lapin | 63-1243 | 4520-26 S Drexel Boulevard | $ 25,000.00 | $ 1,068.41 | LLC membership interest; prerollover distributions from loan secured by 7749 S Yates | | | | | | | |
| 3085 | Manuel Cadaval custodian for Jacob Cadaval | 901-1244 | SSDF 1 | $ 25,000.00 | $ 1,068.41 | LLC membership interest; prerollover distributions from loan secured by 7749 S Yates | | | $ 584.50 | | | | |
| 3085 Total | | | | $ 225,000.00 | $ 5,868.08 | | $ - | $ - | $ 4,675.97 | $ 10,544.05 | 4.69% | $ 138,178.69 | 66.10% |
| 4106 | Lewis Thomas | 67-321 | 1131-41 E 79th Place | $ 25,000.00 | $ 1,406.25 | LLC membership interest | | | | | | | |
| 4106 Total | | | | $ 25,000.00 | $ 1,406.25 | | $ - | $ - | $ - | $ 1,406.25 | 5.63% | $ 15,118.50 | 66.10% |
| 3139 | Brian and Kim Mouty | 904-299 | Legacy Fund SSDF 4 | $ 50,000.00 | $ 1,766.67 | | | | $ 1,168.99 | | | | |
| 3139 | Race Mouty | 904-326 | Legacy Fund SSDF 4 | $ 20,000.00 | $ 680.00 | | | | $ 467.60 | | | | |
| 3139 Total | | | | $ 70,000.00 | $ 2,446.67 | | $ - | $ - | $ 1,636.59 | $ 4,083.26 | 5.83% | $ 42,186.04 | 66.10% |
| 4335 | Kendall Chenier | 108-1144 | 2800 E 81st Street | $ 145,495.00 | | Claimant had equity interest in property which he rolled to SSPH1 Portfolio 1 LLC at the time property was refinanced. Disallow "capital contribution" as profits; unsecured claim is net out of pocket loss. | $ - | | | | | | |
| 4335 | Kendall Chenier | 113-1144 | 7840 S Yates Avenue | $ 101,589.00 | | Claimant had equity interest in property which he rolled to SSPH1 Portfolio 1 LLC at the time property was refinanced. Disallow "capital contribution" as profits; unsecured claim is net out of pocket loss. | $ - | | | | | | |
| 4335 | Kendall Chenier | 145-1144 | 4755 S St Lawrence Avenue | $ 30,000.00 | $ 20,141.88 | | | | | | | | |
| 4335 Total | | | | $ 277,084.00 | $ 20,141.88 | | $ - | $ - | $ - | $ 20,141.88 | 7.27% | $ 163,007.86 | 66.10% |
| 4312 | NEXT GENERATION TS FBO ELAINE SISON ERNST IRA 2410 | 901-1030 | SSDF 1 | $ 100,000.00 | $ 1,324.70 | LLC membership interest | | | | | | | |
| 4312 | NEXT GENERATION TS FBO ELAINE SISON ERNST IRA 2410 | 904-1030 | Legacy Fund SSDF 4 | $ 235,000.00 | $ 23,756.09 | | | | | | | | |
| 4312 Total | | | | $ 335,000.00 | $ 25,080.79 | | $ - | $ - | $ - | $ 25,080.79 | 7.49% | $ 196,350.85 | 66.10% |
| 4313 | Priscilla Wallace | 67-1036 | 1131-41 E 79th Place | $ 25,000.00 | $ 1,343.75 | LLC membership interest | | | $ 584.50 | | | | |
| 4313 Total | | | | $ 25,000.00 | $ 1,343.75 | | $ - | $ - | $ 584.50 | $ 1,928.25 | 7.71% | $ 14,596.50 | 66.10% |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4096 | S and P Investment Properties EPSP 401K | 67-293 | 1131-41 E 79th Place | $ 22,000.00 | $ 1,219.17 | LLC membership interest | | | $ 514.36 | | | | |
| 4096 Total | | | | $ 22,000.00 | $ 1,219.17 | | $ - | $ - | $ 514.36 | $ 1,733.53 | 7.88% | $ 12,808.25 | 66.10% |
| 4179 | Medical Dictation Services, Inc. | 3-541 | 5001 S Drexel Boulevard | $ 50,000.00 | $ 3,025.00 | LLC membership interest | | | $ 1,168.99 | | | | |
| 4179 Total | | | | $ 50,000.00 | $ 3,025.00 | | $ - | $ - | $ 1,168.99 | $ 4,193.99 | 8.39% | $ 28,855.51 | 66.10% |
| 4450 | The Dominquez-Peters Living Trust | 901-2045 | SSDF 1 | $ 50,000.00 | $ 4,453.90 | LLC membership interest; prerollover distributions from loan secured by 7024 S Paxton | | | | | | | |
| 4450 Total | | | | $ 50,000.00 | $ 4,453.90 | | $ - | $ - | $ - | $ 4,453.90 | 8.91% | $ 28,595.60 | 66.10% |
| 4065 | Asbury R. Lockett | 63-210 | 4520-26 S Drexel Boulevard | $ 100,000.00 | $ 7,044.43 | LLC membership interest; prerollover distributions from loan secured by 8326 S Ellis | | | $ 2,337.98 | | | | |
| 4065 Total | | | | $ 100,000.00 | $ 7,044.43 | | $ - | $ - | $ 2,337.98 | $ 9,382.41 | 9.38% | $ 56,716.59 | 66.10% |
| 4199 | James Anthony Ande | 63-591 | 4520-26 S Drexel Boulevard | $ 75,000.00 | $ 6,245.84 | LLC membership interest; prerollover distributions from loan secured by 4611 S Drexel and 5450 S Indiana | | | $ 1,753.49 | | | | |
| 4199 Total | | | | $ 75,000.00 | $ 6,245.84 | | $ - | $ - | $ 1,753.49 | $ 7,999.33 | 10.67% | $ 41,574.92 | 66.10% |
| 4321 | Horst S. Filtzer Jr. | 3-1085 | 5001 S Drexel Boulevard | $ 100,000.00 | $ 9,016.67 | LLC membership interest | | | $ 2,127.18 | | | | |
| 4321 Total | | | | $ 100,000.00 | $ 9,016.67 | | $ - | $ - | $ 2,127.18 | $ 11,143.85 | 11.14% | $ 54,955.15 | 66.10% |
| 4398 | Vivant Ventures Trust | 3-1413 | 5001 S Drexel Boulevard | $ 150,000.00 | $ 13,500.00 | LLC membership interest | | | $ 4,190.84 | | | | |
| 4398 Total | | | | $ 150,000.00 | $ 13,500.00 | | $ - | $ - | $ 4,190.84 | $ 17,690.84 | 11.79% | $ 81,457.66 | 66.10% |
| 4414 | IRA Resources, Inc., FBO Edward Joseph Day, Account # 35-36374 | 904-1486 | Legacy Fund SSDF 4 | $ 48,553.00 | $ 5,885.84 | | | | | | | | |
| 4414 Total | | | | $ 48,553.00 | $ 5,885.84 | | $ - | $ - | $ - | $ 5,885.84 | 12.12% | $ 26,207.21 | 66.10% |
| 4163 | Louis Barrows | 79-494 | 6160-6212 S Martin Luther King Driv | $ 25,000.00 | $ 45.14 | | | $ 2,412.59 | $ 584.50 | | | | |
| 4163 Total | | | | $ 25,000.00 | $ 45.14 | | $ - | $ 2,412.59 | $ 584.50 | $ 3,042.23 | 12.17% | $ 13,482.52 | 66.10% |
| 4463 | Provident Trust Group LLC FBO Barbara E. Burton IRA | 84-2069 | 7051 S Bennett Avenue | $ 99,000.00 | $ 12,691.25 | Release of Mortgage executed by claimant on 4/27/2018 and recorded 5/7/2018. | | | | | | | |
| 4463 Total | | | | $ 99,000.00 | $ 12,691.25 | | $ - | $ - | $ - | $ 12,691.25 | 12.82% | $ 52,746.76 | 66.10% |
| 4322 | Keith Randall | 63-1086 | 4520-26 S Drexel Boulevard | | | Duplicative of claim 901-1086 | | | | | | | |
| 4322 | Keith Randall | 901-1086 | SSDF 1 | $ 170,000.00 | $ 9,952.35 | LLC membership interest; prerollover distributions from loan secured by 7749 S Yates and 7748 S Essex | | | | | | | |
| 4322 | Quest IRA FBO Keith Randall Account #14087-11 | 904-1086-1 | Legacy Fund SSDF 4 | $ 120,700.00 | $ 33,792.42 | Pre-rollover distributions from 6801 East End. $8,042.87 from 6801 East End settlement included in distributions received on investment | | | | | | | |
| 4322 | Keith Randall | 904-1086-2 | Legacy Fund SSDF 4 | $ 80,000.00 | $ 4,440.00 | | | | | | | | |
| 4322 Total | | | | $ 370,700.00 | $ 48,184.77 | | $ - | $ - | $ - | $ 48,184.77 | 13.00% | $ 196,844.21 | 66.10% |
| 4091 | William Hooper | 904-278 | Legacy Fund SSDF 4 | $ 93,000.00 | $ 10,015.89 | Pre-rollover distributions on loan secured by 1700 Juneway (1-278) | | | $ 2,174.33 | | | | |
| 4091 Total | | | | $ 93,000.00 | $ 10,015.89 | | $ - | $ - | $ 2,174.33 | $ 12,190.22 | 13.11% | $ 49,281.85 | 66.10% |
| 4334 | Nancy A. Markwalter | 904-1143 | Legacy Fund SSDF 4 | $ 25,000.00 | $ 3,318.16 | | | | | | | | |
| 4334 Total | | | | $ 25,000.00 | $ 3,318.16 | | $ - | $ - | $ - | $ 3,318.16 | 13.27% | $ 13,206.59 | 66.10% |
| 4368 | Horizon Family Investments, LLC | 109-1272 | 4750 S Indiana Avenue | $ 100,000.00 | $ 9,068.01 | Claimant agreed to rollover this loan to SSDF4 in December 2017. Amount in pre-rollover distributions field is return on SSDF4. | | $ - | | | | | |
| 4368 | Horizon Family Investments LLC | 119-1272 | 4019 S Indiana | | $ 4,439.20 | | | | | | | | |
| 4368 Total | | | | $ 100,000.00 | $ 13,507.21 | | $ - | $ - | $ - | $ 13,507.21 | 13.51% | $ 52,591.79 | 66.10% |
| 3147 | Narine Nebel | 13-351 | 2909 E 78th Street | $ 15,000.00 | $ 618.75 | | | $ 6,080.87 | | | | | |
| 3147 | Narine R. Nebel | 67-351 | 1131-41 E 79th Place | | | Duplicate of claim 67-1080 | | | | | | | |
| 3147 | Douglas Nebel and Narine Nebel | 13-1080 | 2909 E 78th Street | | | This is a duplicate of claim 13-351 (Narine Nebel). Narine Nebel is the lender. | | $ - | | | | | |
| 3147 | Narine R. Nebel | 67-1080 | 1131-41 E 79th Place | $ 50,000.00 | $ 2,125.00 | LLC membership interest | | | | | | | |
| 3147 | Douglas H. Nebel | 904-1080 | Legacy Fund SSDF 4 | $ 115,000.00 | $ 17,754.00 | Pre-rollover distribution on loans secured by 4533 Calumet (2-1080) and 5450 Indiana (4-1080) | | | | | | | |
| 3147 Total | | | | $ 180,000.00 | $ 20,497.75 | | $ - | $ 6,080.87 | $ - | $ 26,578.62 | 14.77% | $ 92,399.57 | 66.10% |
| 3140 | Jeremy Hemphill | 901-290 | SSDF 1 | $ 50,000.00 | $ 14,000.00 | LLC membership interest; prerollover distributions from loan secured by 7750 S Muskegon | | | $ 2,431.50 | | | | |
| 3140 | REAP, LLC | 63-1371 | 4520-26 S Drexel Boulevard | $ 100,000.00 | $ 5,365.37 | LLC membership interest; prerollover distributions from loan secured by 6217 S Dorchester | | | $ 2,525.02 | | | | |
| 3140 Total | | | | $ 150,000.00 | $ 19,365.37 | | $ - | $ - | $ 4,956.52 | $ 24,321.89 | 16.21% | $ 74,826.61 | 66.10% |
| 3046 | Capital Liability Investments, LLC | 901-186 | SSDF 1 | $ 55,000.00 | $ 9,206.43 | LLC membership interest; prerollover distributions from loan secured by 7508 S Essex | | | $ 1,285.89 | | | | |
| 3046 | Greg Wirth | 63-563 | 4520-26 S Drexel Boulevard | $ 12,600.00 | $ 1,019.15 | LLC membership interest; prerollover distributions from loan secured by 4611 S Drexel | | | $ 465.26 | | | | |
| 3046 | Greg Wirth | 63-593 | 4520-26 S Drexel Boulevard | $ 7,300.00 | $ 634.47 | LLC membership interest; prerollover distributions from loan secured by 4611 S Drexel | | | | | | | |
| 3046 Total | | | | $ 74,900.00 | $ 10,860.05 | | $ - | $ - | $ 1,751.15 | $ 12,611.20 | 16.84% | $ 36,896.95 | 66.10% |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4327 | Vartan Tarakchyan, Trustee for defined Benefits Pension Plan and | 904-1118 | Legacy Fund SSDF 4 | $ 415,000.00 | $ 63,605.58 | | | | $ 10,170.23 | | | | |
| 4327 Total | | | | $ 415,000.00 | $ 63,605.58 | | $ - | $ - | $ 10,170.23 | $ 73,775.81 | 17.78% | $ 200,535.03 | 66.10% |
| 4256 | The Entrust Group, Inc. FBO Patrick Sheehan IRA #11011 | 904-783 | Legacy Fund SSDF 4 | $ 50,000.00 | $ 13,441.67 | | | | $ 3,045.22 | | | | |
| 4256 | The Entrust Group, Inc. FBO Patrick Sheehan IRA #11011 | 911-783 | Hybrid Capital Fund | $ 40,000.00 | | Disallow $125 incentive; $40,000 wired 7/23/2018 | | | | | | | |
| 4256 Total | | | | $ 90,000.00 | $ 13,441.67 | | $ - | $ - | $ 3,045.22 | $ 16,486.89 | 18.32% | $ 43,002.21 | 66.10% |
| 3044 | Gary R Burnham FBO Raegan D Burnham Roth IRA (custodian IPLA | 129-1065 | 4944 W Roscoe Chicago Illinois | | $ 2,495.00 | | | | $ 167.42 | | | | |
| 3044 | Gary R Burnham FBO Raegan D Burnham Roth IRA (custodian IPLA | 901-1065 | SSDF 1 | $ 7,161.00 | $ 1,960.00 | LLC membership interest; prerollover distributions from loan secured by 5201 Washington and 8100 Essex | | | | | | | |
| 3044 | iPlan Group FBO Gary R. Burnham Jr. Family HSA | 901-1066 | SSDF 1 | $ 30,718.00 | $ 6,204.00 | LLC membership interest; prerollover distributions from loan secured by 5201 Washington, 1700 Juneway, and 8100 Essex | | | $ 718.18 | | | | |
| 3044 | Gary R Burnham Jr Solo 401K Trust | 904-1067 | Legacy Fund SSDF 4 | $ 60,000.00 | $ 13,560.00 | | | | | | | | |
| 3044 | Gary R. Burnham Jr. Solo 401K Trust | 129-1174 | 4944 W Roscoe Chicago Illinois | $ 5,637.00 | $ 1,707.00 | | | | | | | | |
| 3044 | Gary R. Burnham Jr. Solo 401K Trust | 901-1174 | SSDF 1 | $ 204,026.00 | $ 30,441.00 | LLC membership interest; prerollover distributions from loan secured by 5201 Washington, 8100 Essex, 6160 MLK, 6001 Sacramento, 7546 Saginaw and 7024 Paxton | | | | | | | |
| 3044 Total | | | | $ 307,542.00 | $ 56,367.00 | | $ - | $ - | $ 885.60 | $ 57,252.60 | 18.62% | $ 146,029.58 | 66.10% |
| 4277 | Madison Trust Co. Custodian FBO Stanley J. Kessock IRA #M160901 | 904-866 | Legacy Fund SSDF 4 | $ 80,000.00 | $ 13,136.62 | | | | $ 1,926.50 | | | | |
| 4277 Total | | | | $ 80,000.00 | $ 13,136.62 | | $ - | $ - | $ 1,926.50 | $ 15,063.12 | 18.83% | $ 37,816.08 | 66.10% |
| 4223 | Michael More | 901-682 | SSDF 1 | $ 100,000.00 | $ 18,000.00 | LLC membership interest; prerollover distributions from loan secured by 7656 S Kingston | | | $ 1,893.77 | | | | |
| 4223 Total | | | | $ 100,000.00 | $ 18,000.00 | | $ - | $ - | $ 1,893.77 | $ 19,893.77 | 19.89% | $ 46,205.23 | 66.10% |
| 4301 | Michael Kessock | 904-977 | Legacy Fund SSDF 4 | $ 100,000.00 | $ 17,427.76 | | | | $ 2,486.06 | | | | |
| 4301 Total | | | | $ 100,000.00 | $ 17,427.76 | | $ - | $ - | $ 2,486.06 | $ 19,913.82 | 19.91% | $ 46,185.18 | 66.10% |
| 4330 | Fireshark Enterprises LLC | 116-1130 | 1102 Bingham St, Houston TX 77007 | $ 282,784.00 | $ 56,700.36 | Claimant agreed to rollover this loan to unsecured promissory note | | $ - | | | | | |
| 4330 Total | | | | $ 282,784.00 | $ 56,700.36 | | $ - | $ - | $ - | $ 56,700.36 | 20.05% | $ 130,217.03 | 66.10% |
| 4158 | Sri Navalpakkam (AniPri Enterprises LLC) | 13-484 | 2909 E 78th Street | $ 100,000.00 | $ 6,486.11 | Lender is AniPri Enterprises LLC | | $ 39,540.80 | | | | | |
| 4158 | AniPri Enterprises LLC | 67-484 | 1131-41 E 79th Place | $ 159,775.00 | $ 6,723.87 | LLC membership interest | | | | | | | |
| 4158 Total | | | | $ 259,775.00 | $ 13,209.98 | | $ - | $ 39,540.80 | $ - | $ 52,750.78 | 20.31% | $ 118,957.89 | 66.10% |
| 4027 | Nerses Abramyan | 904-114 | Legacy Fund SSDF 4 | $ 25,000.00 | $ 4,637.46 | | | | $ 584.50 | | | | |
| 4027 Total | | | | $ 25,000.00 | $ 4,637.46 | | $ - | $ - | $ 584.50 | $ 5,221.96 | 20.89% | $ 11,302.79 | 66.10% |
| 3029 | David & Florybeth Stratton | 102-588 | 7927-29 S Essex Avenue | $ 150,000.00 | $ 16,675.50 | | | $ 34,307.38 | $ 8,182.94 | | | | |
| 3029 | Florybeth & David Stratton | 901-604 | SSDF 1 | $ 200,000.00 | $ 8,310.07 | LLC membership interest; prerollover distributions from loans secured by 6160 S MLK and 7024 S Paxton | | | | | | | |
| 3029 | IPlan Group Agent for Custodian FBO David Stratton IRA 301180 | 902-607 | SSDF 2 Holdco 3, LLC - 6951 S Merrill | $ 44,000.00 | $ 3,413.78 | | | | $ 1,302.26 | | | | |
| 3029 | iPlanGroup Agent for Custodian FBO David Stratton IRA 3320778 | 904-607 | Legacy Fund SSDF 4 | $ 11,700.00 | $ 1,653.11 | Pre-rollover distributions on loan secured by 8100 S Essex | | | | | | | |
| 3029 | FDD Properties LLC | 904-608 | Legacy Fund SSDF 4 | $ 225,000.00 | $ 38,978.89 | | | | $ 6,429.46 | | | | |
| 3029 | FDD Properties LLC | 115-611 | 109 N. Laramie (Property number 00 | $ 50,000.00 | $ 24,316.67 | | | | | | | | |
| 3029 Total | | | | $ 680,700.00 | $ 93,348.02 | | $ - | $ 34,307.38 | $ 15,914.66 | $ 143,570.06 | 21.09% | $ 306,365.81 | 66.10% |
| 4304 | Patricia M. McCorry, Manager McCorry Real Estate LLC | 13-997 | 2909 E 78th Street | $ 25,000.00 | $ 1,479.87 | | | $ 9,945.10 | $ 1,799.27 | | | | |
| 4304 | McCorry Real Estate LLC | 67-997 | 1131-41 E 79th Place | $ 50,000.00 | $ 2,895.83 | LLC membership interest | | | | | | | |
| 4304 Total | | | | $ 75,000.00 | $ 4,375.70 | | $ - | $ 9,945.10 | $ 1,799.27 | $ 16,120.07 | 21.49% | $ 33,454.18 | 66.10% |
| 3106 | Madison Trust Company Custodian FBO Rick Newton SEP IRA M16 | 67-532 | 1131-41 E 79th Place | $ 50,000.00 | $ 1,708.33 | LLC membership interest | | | $ 1,168.99 | | | | |
| 3106 | Madison Trust Company FBO Judy Newton IRA #M1612068 | 3-533 | 5001 S Drexel Boulevard | $ 50,000.00 | $ 3,600.00 | LLC membership interest | | | $ 2,390.25 | | | | |
| 3106 | Madison Trust Company FBO Judy Newton IRA M1612068 | 96-533 | 8326-32 S Ellis Avenue | $ 50,000.00 | $ 10,613.94 | | | $ 13,006.39 | | | | | |
| 3106 Total | | | | $ 150,000.00 | $ 15,922.27 | | $ - | $ 13,006.39 | $ 3,559.24 | $ 32,487.90 | 21.66% | $ 66,660.60 | 66.10% |
| 4355 | US Freedom Investments, LLC | 3-1234 | 5001 S Drexel Boulevard | $ 17,000.00 | $ 1,181.50 | LLC membership interest | | | $ 4,079.78 | | | | |
| 4355 | US Freedom Investments, LLC | 13-1234 | 2909 E 78th Street | $ 25,000.00 | $ 1,050.70 | | | $ 10,126.56 | | | | | |
| 4355 | Kevin Scheel | 901-1234 | SSDF 1 | $ 100,000.00 | $ 14,180.61 | LLC membership interest; prerollover distributions from loan secured by 7024 S Paxton; 7255 S Euclid and 7201 S Constance | | | | | | | |
| 4355 | US Freedom Investments, LLC (Kevin Scheel) | 904-1234 | Legacy Fund SSDF 4 | $ 32,500.00 | $ 7,756.62 | | | | | | | | |
| 4355 Total | | | | $ 174,500.00 | $ 24,169.43 | | $ - | $ 10,126.56 | $ 4,079.78 | $ 38,375.77 | 21.99% | $ 76,966.98 | 66.10% |
| 3024 | Madison Trust Co FBO Cindy Chambers IRA M1703140 | 63-85 | 4520-26 S Drexel Boulevard | $ 33,337.00 | | LLC membership interest | | | $ 779.41 | | | | |
| 3024 | David E. Chambers | 10-553 | 7301-09 S Stewart Avenue | $ 50,000.00 | $ 6,628.23 | Lenders are David E and Cindy L Chambers | | $ 14,085.82 | $ 1,870.39 | | | | |
| 3024 | Provident Trust Group LLC FBO David E Chambers Roth IRA | 902-555 | 1131 E 79th (SSDF2 Holdco 3 LLC) | $ 30,000.00 | $ 1,649.97 | LLC membership interest | | | | | | | |
| 3024 Total | | | | $ 113,337.00 | $ 8,278.20 | | $ - | $ 14,085.82 | $ 2,649.80 | $ 25,013.82 | 22.07% | $ 49,900.80 | 66.10% |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4133 | Aaron Beauclair | 9-408 | 8100 S Essex Avenue | $ 1,237.00 | $ 289.56 | Pro-rata share of pre-rollover distributions on loan secured by 7024 Paxton | | $ 347.24 | | | | | |
| 4133 | Aaron Beauclair | 62-408 | 7834-44 S Ellis Avenue | $ 160.00 | $ 37.41 | Pro-rata share of pre-rollover distributions on loan secured by 7024 S Paxton | | $ 107.55 | | | | | |
| 4133 | Aaron Beauclair | 78-408 | 7201 S Constance Avenue | $ 8,426.00 | $ 1,972.64 | Pro-rata share of pre-rollover distributions on loan secured by 7024 S Paxton | | $ 3,077.94 | | | | | |
| 4133 | Aaron Beauclair | 79-408 | 6160-6212 S Martin Luther King Driv | $ 30,000.00 | $ 226.67 | | | $ 2,878.43 | | | | | |
| 4133 | Aaron Beauclair | 124-408 | 6801 S East End, Chicago, IL 60649 | $ 177.00 | $ 25.96 | | | | | | | | |
| 4133 Total | | | | $ 40,000.00 | $ 2,552.24 | | $ - | $ 6,411.16 | $ - | $ 8,963.40 | 22.41% | $ 17,476.20 | 66.10% |
| 3115 | Red Cedar Irrevocable Trust FBO James & Silma McKnight | 67-582 | 1131-41 E 79th Place | $ 11,000.00 | $ 472.08 | LLC membership interest | | | $ 3,280.78 | | | | |
| 3115 | James M. McKnight | 904-582-1 | Legacy Fund SSDF 4 | $ 25,100.00 | $ 7,246.02 | | | | | | | | |
| 3115 | Silma McKnight | 904-582-2 | Legacy Fund SSDF 4 | $ 118,900.00 | $ 23,897.02 | | | | | | | | |
| 3115 | James M McKnight and Silma L McKnight | 904-779 | Legacy Fund SSDF 4 | $ 6,000.00 | $ 1,644.65 | | | | | | | | |
| 3115 Total | | | | $ 161,000.00 | $ 33,259.77 | | $ - | $ - | $ 3,280.78 | $ 36,540.55 | 22.70% | $ 69,878.83 | 66.10% |
| 4264 | Kevin Randall | 904-811 | Legacy Fund SSDF 4 | $ 200,000.00 | $ 40,755.08 | | | | $ 4,675.97 | | | | |
| 4264 Total | | | | $ 200,000.00 | $ 40,755.08 | | $ - | $ - | $ 4,675.97 | $ 45,431.05 | 22.72% | $ 86,766.94 | 66.10% |
| 3008 | Rachael B Curcio | 3-292 | 5001 S Drexel Boulevard | $ 50,000.00 | $ 3,675.00 | LLC membership interest | | | | | | | |
| 3008 | Rachael B Curcio | 67-292 | 1131-41 E 79th Place | $ 71,092.00 | $ 2,902.92 | LLC membership interest | | | | | | | |
| 3008 | Mountain West LLC IRA FBO Rachael B. Curcio Acct# 50679-01 | 4-315 | 5450-52 S Indiana Avenue | $ 10,000.00 | $ 364.71 | | | $ 8,170.53 | | | | | |
| 3008 | Mountain West LLC IRA FBO Rachael B. Curcio Acct# 50679-02 | 79-315 | 6160-6212 S Martin Luther King Driv | $ 7,000.00 | $ 199.69 | | | $ 657.44 | | | | | |
| 3008 | Mountain West LLC IRA FBO Rachael B. Curcio Acct# 50679-01 | 82-315 | 6355-59 S Talman Avenue | $ 50,000.00 | $ 1,245.84 | | | $ 21,108.28 | | | | | |
| 3008 | Mountain West LLC IRA FBO Rachael B. Curcio Acct# 50679-01 | 100-315 | 11117-11119 S Longwood Drive | $ 92,000.00 | | | | $ 37,428.45 | | | | | |
| 3008 | Mountain West LLC IRA FBO Rachael B. Curcio Acct 50281-02 | 69-315 | 6250 S Mozart Avenue | $ 57,000.00 | $ 2,078.92 | Claim added after entry of Order #1907 and distributions pursuant thereto, | | | | | | | |
| 3008 Total | | | | $ 337,092.00 | $ 10,467.08 | | $ - | $ 67,364.70 | $ - | $ 77,831.78 | 23.09% | $ 144,982.65 | 66.10% |
| 4360 | Jeffrey Blankenship | 68-1241-2 | 6217-27 S Dorchester Avenue | $ 67,455.00 | $ 629.58 | | | $ 30,917.75 | | | | | |
| 4360 | iPlanGroup Agent for Custodian FBO Jeffrey L Blankenship IRA 330 | 63-1241 | 4520-26 S Drexel Boulevard | $ 103,698.00 | $ 6,314.63 | LLC membership interest; prerollover distributions from loan secured by 701 S 5th and unsecured promissory note | | | | | | | |
| 4360 | Jeffrey Lee Blankenship | 64-1241 | 4611 S Drexel Boulevard | | | Duplicate of Claim No. 63-1241 | | | | | | | |
| 4360 | iPlan Group Jeffrey Blankenship IRA #3301015 | 68-1241-1 | 6217-27 S Dorchester Avenue | $ 8,400.00 | | | | $ 3,886.38 | | | | | |
| 4360 Total | | | | $ 179,553.00 | $ 6,944.21 | | $ - | $ 34,804.13 | $ - | $ 41,748.34 | 23.25% | $ 76,934.39 | 66.10% |
| 4292 | Madison Trust Company FBO James Henderson IRA M1606056 | 904-931 | Legacy Fund SSDF 4 | $ 49,200.00 | $ 11,591.34 | | | | | | | | |
| 4292 Total | | | | $ 49,200.00 | $ 11,591.34 | | $ - | $ - | $ - | $ 11,591.34 | 23.56% | $ 20,929.37 | 66.10% |
| 3065 | John Witzigreuter | 5-729 | 7749 S Yates Boulevard | $ 50,000.00 | $ 9,577.82 | | | $ 9,751.38 | $ 5,844.96 | | | | |
| 3065 | John Witzigreuter | 901-729 | SSDF 1 | $ 200,000.00 | $ 22,077.66 | LLC membership interest; prerollover distributions from loans secured by 7748 Essex, 7255 Euclid and 4611 Drexel. | | | | | | | |
| 3065 | IP Holdings, LLC | 13-1132 | 2909 E 78th Street | $ 50,000.00 | $ 2,101.38 | | | $ 20,253.14 | $ 1,168.99 | | | | |
| 3065 Total | | | | $ 300,000.00 | $ 33,756.86 | | $ - | $ 30,004.52 | $ 7,013.95 | $ 70,775.33 | 23.59% | $ 127,521.66 | 66.10% |
| 4121 | Michael R Grow Jr | 5-375 | 7749 S Yates Boulevard | $ 100,000.00 | $ 18,065.32 | | | $ 19,765.78 | $ 5,236.99 | | | | |
| 4121 | Michael R Grow Jr | 67-375 | 1131-41 E 79th Place | $ 100,000.00 | $ 4,583.33 | LLC membership interest | | | | | | | |
| 4121 Total | | | | $ 200,000.00 | $ 22,648.65 | | $ - | $ 19,765.78 | $ 5,236.99 | $ 47,651.42 | 23.83% | $ 84,546.57 | 66.10% |
| 4404 | Green Light Investments, LLC | 79-1440 | 6160-6212 S Martin Luther King Driv | $ 50,000.00 | $ 12,277.49 | | | $ 3,646.94 | | | | | |
| 4404 | Green Light Investments, LLC | 84-1440 | 7051 S Bennett Avenue | $ 40,000.00 | $ 5,691.07 | Release of Mortgage executed by claimant on 4/25/2018 and recorded 5/7/2018 | | | | | | | |
| 4404 Total | | | | $ 90,000.00 | $ 17,968.56 | | $ - | $ 3,646.94 | $ - | $ 21,615.50 | 24.02% | $ 37,873.60 | 66.10% |
| 4231 | Doron Reichenberg | 904-708 | Legacy Fund SSDF 4 | $ 54,000.00 | $ 5,053.50 | | | | $ 4,184.99 | | | | |
| 4231 | Doron Reichenberg | 3-708 | 5001 S Drexel Boulevard | $ 50,000.00 | | LLC membership interest | | | | | | | |
| 4231 | Doron Reichenberg | 13-708 | 2909 E 78th Street | $ 75,000.00 | $ 5,006.25 | | | $ 29,595.70 | | | | | |
| 4231 Total | | | | $ 179,000.00 | $ 10,059.75 | | $ - | $ 29,595.70 | $ 4,184.99 | $ 43,840.44 | 24.49% | $ 74,476.76 | 66.10% |
| 3120 | Todd and Cindy Colucy | 79-70 | 6160-6212 S Martin Luther King Driv | $ 50,000.00 | $ 12,213.95 | | | $ 3,653.08 | $ 2,431.50 | | | | |
| 3120 | iPlanGroup Agent for Cust. FBO Todd Colucy IRA | 901-322 | SSDF 1 | $ 50,000.00 | $ 6,794.21 | LLC membership interest; prerollover distributions from loan secured by 400 S Kilbourn and 7749 S Yates | | | | | | | |
| 3120 Total | | | | $ 100,000.00 | $ 19,008.16 | | $ - | $ 3,653.08 | $ 2,431.50 | $ 25,092.74 | 25.09% | $ 41,006.26 | 66.10% |
| 4212 | Madison Trust Company Custodian FBO Phillip Vander Kraats M16 | 5-628 | 7749 S Yates Boulevard | $ 1,374.00 | $ 145.35 | | | $ 296.40 | $ 1,874.76 | | | | |
| 4212 | Madison Trust Company Custodian FBO Phillip Vander Kraats M16 | 59-628 | 6001 S Sacramento Avenue | $ 312.00 | $ 33.01 | | | $ 172.18 | | | | | |
| 4212 | Madison Trust Company Custodian FBO Phillip Vander Kraats M16 | 70-628 | 638 N Avers Avenue | $ 2,000.00 | $ 211.64 | | | $ 616.20 | | | | | |
| 4212 | Madison Trust Company Custodian FBO Phillip Vander Kraats M16 | 72-628 | 7024-32 S Paxton Avenue | $ 50,000.00 | $ 4,403.90 | Claimant agreed to rollover this loan to SSDF4 on 12/12/17 | | | | | | | |
| 4212 | Madison Trust Company Custodian FBO Phillip Vander Kraats M16 | 88-628 | 7546 S Saginaw Avenue | $ 28,314.00 | $ 2,689.00 | | | $ 10,482.49 | | | | | |
| 4212 Total | | | | $ 82,000.00 | $ 7,482.90 | | $ - | $ 11,567.27 | $ 1,874.76 | $ 20,924.93 | 25.52% | $ 33,276.25 | 66.10% |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4101 | 2E, LLC | 3-308 | 5001 S Drexel Boulevard | $ 49,925.00 | $ 13,120.00 | LLC membership interest; prerollover distributions from loan secured by 7107 S Bennett | | | | | | | |
| 4101 | 2E, LLC | 902-308 | SSDF 2 Holdco 3, LLC - 5001 Drexel | | | Duplicate of claim 3-308 | | | | | | | |
| **4101 Total** | | | | **$ 49,925.00** | **$ 13,120.00** | | **$ -** | **$ -** | **$ -** | **$ 13,120.00** | **26.28%** | **$ 19,879.92** | **66.10%** |
| 3087 | Wisconsin Real Estate Investment Solutions LLC | 130-1473 | 4511 N. Merimac Ave. Chicago, IL 60 | $ 25,000.00 | | | | | $ 2,365.26 | | | | |
| 3087 | Wisconsin Real Estate Investment Solutions LLC | 132-1473 | 9531 S. Fairfield Ave. Evergreen Park | $ 50,000.00 | $ 84,583.49 | | | | | | | | |
| 3087 | Private Finance Solutions, LLC | 89-1478 | 7600 S Kingston Avenue | $ 17,946.61 | $ 6,739.34 | The Receiver recommends disallowing $5,381.39 accrued interest added to principal amount of loan. | | $ 6,546.92 | $ 3,002.12 | | | | |
| 3087 | Private Finance Solutions, LLC | 115-1478 | 109 N. Laramie (Property number 00 | $ 69,689.00 | $ 28,944.91 | | | | | | | | |
| 3087 | Private Finance Solutions, LLC, Marlen Junck | 117-1478 | 3915 N. Kimball Chicago IL 60618 | $ 12,483.90 | $ 4,660.97 | | | | | | | | |
| 3087 | Michigan Shore Apartments, LLC | 122-1485 | 7616-7624 S Phillips Avenue, Chicago | $ 454,085.59 | $ 20,979.45 | Equity investor - see Complaint case 2018-CH-03665 and related | | | $ 10,178.41 | | | | |
| **3087 Total** | | | | **$ 629,205.10** | **$ 145,908.16** | | **$ -** | **$ 6,546.92** | **$ 15,545.79** | **168,000.87** | **26.70%** | **$ 247,897.39** | **66.10%** |
| 3074 | Concorde Management LLC | 904-1183 | Legacy Fund SSDF 4 | $ 335,000.00 | $ 73,809.85 | | | | $ 7,832.25 | | | | |
| 3074 | CM Group, LLC | 904-1184 | Legacy Fund SSDF 4 | $ 75,000.00 | $ 35,678.95 | | | | $ 1,753.49 | | | | |
| 3074 | Lola S. Cooper | 904-1185 | Legacy Fund SSDF 4 | $ 210,000.00 | $ 42,195.33 | | | | $ 4,909.77 | | | | |
| **3074 Total** | | | | **$ 620,000.00** | **$ 151,684.13** | | **$ -** | **$ -** | **$ 14,495.51** | **166,179.64** | **26.80%** | **$ 243,634.14** | **66.10%** |
| 3048 | Guenter Scheel and Karen Scheel JTWROS | 79-2072 | 6160-6212 S Martin Luther King Driv | $ 25,000.00 | $ 6,111.05 | | | $ 1,826.15 | $ 584.50 | | | | |
| 3048 | Guenter Scheel | 904-2073 | Legacy Fund SSDF 4 | $ 25,000.00 | $ 3,715.99 | | | | $ 1,168.99 | | | | |
| **3048 Total** | | | | **$ 50,000.00** | **$ 9,827.04** | | **$ -** | **$ 1,826.15** | **$ 1,753.49** | **13,406.68** | **26.81%** | **$ 19,642.82** | **66.10%** |
| 4006 | Equity Trust Company FBO Ramanan Ramadoss CESA | 116-71 | 1102 Bingham St, Houston TX 77007 | $ 15,000.00 | $ 3,755.00 | Claimant agreed to rollover this loan to unsecured promissory note | | $ - | $ 300.43 | | | | |
| **4006 Total** | | | | **$ 15,000.00** | **$ 3,755.00** | | **$ -** | **$ -** | **$ 300.43** | **4,055.43** | **27.04%** | **$ 5,859.42** | **66.10%** |
| 4192 | Brook Swientisky | 100-568 | 11117-11119 S Longwood Drive | $ 50,000.00 | $ 6,024.09 | | | $ 17,890.76 | $ 6,593.12 | | | | |
| 4192 | J&S Investment, LLC | 904-568 | Legacy Fund SSDF 4 | $ 80,000.00 | $ 4,640.00 | | | | | | | | |
| **4192 Total** | | | | **$ 130,000.00** | **$ 10,664.09** | | **$ -** | **$ 17,890.76** | **$ 6,593.12** | **35,147.97** | **27.04%** | **$ 50,780.73** | **66.10%** |
| 3108 | CamaPlan FBO Ronald Tucker Roth IRA | 10-1398-2 | 7301-09 S Stewart Avenue | $ 51,583.00 | $ 4,139.20 | | | $ 2,110.94 | $ 1,206.00 | | | | |
| 3108 | CamaPlan FBO Ronald Tucker HSA | 10-1398-3 | 7301-09 S Stewart Avenue | $ 51,583.00 | $ 4,139.20 | | | $ 493.07 | | | | | |
| 3108 | Top Mark Home Solutions (c/o Ronald and Paula Tucker) | 10-1398-4 | 7301-09 S Stewart Avenue | $ 51,583.00 | $ 4,139.20 | | | $ 3,050.84 | | | | | |
| 3108 | CamaPlan FBO Ronald Tucker IRA | 10-1398-1 | 7301-09 S Stewart Avenue | $ 51,583.00 | $ 4,139.20 | This claim consists of five separate loans from the following lenders: (1) Ron Tucker TTEE 401K Top Mark Home Solutions; (2) CAMA SDIRA LLC FBO Paula Tucker Roth IRA; (3) CAMA SDIRA LLC FBO Ronald Tucker IRA, (4) CAMA SDIRA LLC FBO Ronald Tucker Roth IRA | | $ 9,753.45 | | | | | |
| 3108 | Top Mark Home Solutions Inc. | 68-1416 | 6217-27 S Dorchester Avenue | $ 30,000.00 | $ 5,769.61 | | | $ 11,210.54 | | | | | |
| 3108 | Paula Tucker | 1-1427 | 1700 Juneway Terrace | $ 29,123.90 | $ 7,224.57 | The Receiver recommends disallowing the pro-rata share of accrued interest rolled from 4611 S. Drexel, and deducting the pro-rata share of pre-rollover distributions from the loan secured by 4611 S Drexel | | $ 8,494.77 | $ 935.19 | | | | |
| 3108 | Paula Tucker | 94-1427 | 816-20 E Marquette Road | $ 10,876.10 | $ 2,461.14 | The Receiver recommends disallowing $91.90 accrued interest added to principal amount of loan. Pro-rata share of pre-rollover distributions on loan secured by 4611 S Drexel. | | $ 6,215.82 | | | | | |
| **3108 Total** | | | | **$ 276,332.00** | **$ 32,012.12** | | **$ -** | **$ 41,329.43** | **$ 2,141.19** | **75,482.74** | **27.32%** | **$ 107,169.94** | **66.10%** |
| 4035 | Ying Xu (Brainwave Investments) | 10-134 | 7301-09 S Stewart Avenue | $ 75,000.00 | $ 6,021.33 | | | $ 22,402.15 | $ 2,960.47 | | | | |
| 4035 | Brainwave Investments LLC | 67-134 | 1131-41 E 79th Place | $ 50,000.00 | $ 2,791.67 | LLC membership interest | | | | | | | |
| **4035 Total** | | | | **$ 125,000.00** | **$ 8,813.00** | | **$ -** | **$ 22,402.15** | **$ 2,960.47** | **34,175.62** | **27.34%** | **$ 48,448.13** | **66.10%** |
| 3017 | IRA Services Trust Company CFBO Jean-Marc Cabrol IRA 220656 | 901-120 | SSDF 1 | $ 381,650.00 | $ 58,571.04 | LLC membership interest; prerollover distributions from loans secured by 8326 S Ellis, 5450 Indiana and 1700 Juneway | | | $ 8,922.92 | | | | |
| 3017 | Optima Property Solutions, LLC | 6-1023 | 6437 S Kenwood Avenue | $ 30,000.00 | $ 4,498.33 | | | $ 17,915.55 | $ 31,410.67 | | | | |
| 3017 | Optima Property Solutions, LLC | 61-1023 | 7237 S Bennett Avenue | $ 21,216.00 | $ 2,712.52 | Claimant agreed to partial rollover to SSDF1. Distributions allocated pro-rata between this property and SSDF1. | | $ 5,666.52 | | | | | |
| 3017 | Optima Property Solutions, LLC | 62-1023 | 7834-44 S Ellis Avenue | $ 15,223.00 | | Claimant agreed to roll $250,000 loan to SSDF1 on 6/1/2017; a different $15,223 loan was part of a bulk transfer from other properties on 1/15/2018. | | $ 13,355.38 | | | | | |
| 3017 | Optima Property Solutions, LLC | 901-1023 | SSDF 1 | $ 856,284.00 | $ 174,492.05 | LLC membership interest; ; prerollover distributions from loans secured by 4533 S Calumet, 7026 Cornell, 7237 Bennett, 7844 S Ellis, 638 Avers, and 7201 S Dorchester | | | | | | | |
| 3017 | Optima Property Solutions, LLC | 96-1023 | 8326-32 S Ellis Avenue | $ 50,000.00 | $ 10,102.82 | | | $ 13,175.18 | | | | | |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3017 | Optima Property Solutions, LLC | 71-1023 | 701 S 5th Avenue | $ 50,000.00 | $ 1,043.91 | | | $ 18,013.13 | | | | | |
| 3017 | Optima Property Solutions, LLC | 79-1023 | 6160-6212 S Martin Luther King Driv | $ 200,000.00 | $ 59,944.51 | Pre-rollover distributions on loan secured by 4533 S Calumet | | $ 13,540.30 | | | | | |
| 3017 | Optima Property Solutions, LLC | 93-1023 | 7957-59 S Marquette Road | $ 28,393.00 | $ 10,432.41 | Pro-rata share of pre-rollover distributions from loans transferred in January 2018 | | $ 5,588.23 | | | | | |
| **3017 Total** | | | | **$ 1,632,766.00** | **$ 321,797.59** | | **$ -** | **$ 87,254.29** | **$ 40,333.59** | **$ 449,385.47** | **27.52%** | **$ 629,856.47** | **66.10%** |
| 3098 | iPlanGroup Agent for Custodian FBO Patrick Connely Roth IRA | 64-577 | 4611 S Drexel Boulevard | $ 30,000.00 | $ 3,291.39 | | | $ 26,708.61 | $ 2,337.98 | | | | |
| 3098 | Thomas A Connely and Laurie A Connely | 67-899 | 1131-41 E 79th Place | $ 55,000.00 | $ 2,337.50 | LLC membership interest | | | $ 1,285.89 | | | | |
| 3098 | Madison Trust Co. for Custodian FBO Laurie A Connely IRA | 6-900 | 6437 S Kenwood Avenue | $ 20,000.00 | $ 1,333.35 | | | $ 13,113.78 | $ 3,287.02 | | | | |
| 3098 | Madison Trust Co. For Custodian FBO Laurie A Connely IRA | 901-900 | SSDF 1 | $ 20,000.00 | $ 1,935.58 | LLC membership interest; prerollover distributions from loan secured by 6160 S MLK | | | | | | | |
| 3098 | Madison Trust Co. for Custodian FBO Laurie A Connely IRA | 904-900 | Legacy Fund SSDF 4 | $ 100,000.00 | $ 20,628.38 | Disallow $592 accrued interest from 4611 Drexel. Pre-rollover returns from 4611 Drexel, 7255 Euclid, 6355 Talman and 3074 Cheltenham | | | | | | | |
| 3098 | Patrick Connely | 901-939 | SSDF 1 | $ 50,000.00 | $ 2,352.77 | LLC membership interest; prerollover distributions from loan secured by 1700 Juneway | | | | | | | |
| 3098 | Patrick Connely | 904-964 | Legacy Fund SSDF 4 | $ 20,000.00 | $ 2,774.72 | | | | | | | | |
| **3098 Total** | | | | **$ 295,000.00** | **$ 34,653.69** | | **$ -** | **$ 39,822.39** | **$ 6,910.89** | **$ 81,386.97** | **27.59%** | **$ 113,605.07** | **66.10%** |
| 3154 | Ran Barth | 912-65 | South Shore Property Holdings | $ 48,854.85 | | Unsecured claim is net out-of-pocket loss from investment in 2220 75th/7450 S Luella | | | $ 7,630.21 | | | | |
| 3154 | B & H Creative Investments LLC | 904-416 | Legacy Fund SSDF 4 | $ 163,200.00 | $ 47,523.31 | Claim split between LLC mbrs. (49% of claim/distributions alloc. to this claim and 51% to 904-414). Disallow alloc. share of $128,533 accrued int. added to principal and deduct alloc. share of $52,186.64 pre-rollover int. on loans secured by #7 and #122. | | | $ 5,109.71 | | | | |
| **3154 Total** | | | | **$ 212,054.85** | **$ 47,523.31** | | **$ -** | **$ -** | **$ 12,739.92** | **$ 60,263.23** | **28.42%** | **$ 79,902.90** | **66.10%** |
| 4373 | Benjamin J Serebin | 3-1288 | 5001 S Drexel Boulevard | $ 150,000.00 | $ 10,263.89 | LLC membership interest | | | $ 6,773.98 | | | | |
| 4373 | Benjamin J Serebin | 13-1288 | 2909 E 78th Street | $ 150,000.00 | $ 8,501.39 | | | $ 59,830.34 | | | | | |
| **4373 Total** | | | | **$ 300,000.00** | **$ 18,765.28** | | **$ -** | **$ 59,830.34** | **$ 6,773.98** | **$ 85,369.60** | **28.46%** | **$ 112,927.39** | **66.10%** |
| 4120 | iPlanGroup Agent Custodian FBO Christine A. Styczynski | 123-373 | 7107-29 S Bennett Ave Chicago IL 60 | $ 50,000.00 | $ 13,298.05 | | | | $ 982.72 | | | | |
| **4120 Total** | | | | **$ 50,000.00** | **$ 13,298.05** | | **$ -** | **$ -** | **$ 982.72** | **$ 14,280.77** | **28.56%** | **$ 18,768.73** | **66.10%** |
| 4019 | Moran Blueshtein and Upender Subramanian | 4-95 | 5450-52 S Indiana Avenue | $ 20,000.00 | | | | $ 16,959.59 | $ 5,771.48 | | | | |
| 4019 | Moran Blueshtein and Upender Subramanian | 8-95 | 1414 East 62nd Place | | | Duplicate of Claim No. 68-95 | | | | | | | |
| 4019 | Moran Blueshtein and Upender Subramanian | 13-95 | 2909 E 78th Street | $ 50,000.00 | $ 3,243.05 | | | $ 19,770.40 | | | | | |
| 4019 | Moran Blueshtein and Upender Subramanian | 68-95 | 6217-27 S Dorchester Avenue | $ 30,188.00 | | | | $ 13,966.92 | | | | | |
| 4019 | Moran Blueshtein and Upender Subramanian | 79-95 | 6160-6212 S Martin Luther King Driv | $ 46,000.00 | $ 1,369.77 | | | $ 4,314.77 | | | | | |
| 4019 | Moran Blueshtein and Upender Subramanian | 904-95 | Legacy Fund SSDF 4 | $ 100,000.00 | $ 6,100.00 | | | | | | | | |
| **4019 Total** | | | | **$ 246,188.00** | **$ 10,712.82** | | **$ -** | **$ 55,011.68** | **$ 5,771.48** | **$ 71,495.98** | **29.04%** | **$ 91,231.82** | **66.10%** |
| 4045 | Millcreek Holdings LLC | 116-166 | 1102 Bingham St, Houston TX 77007 | $ 200,000.00 | $ 59,157.30 | Claimant agreed to rollover this loan to unsecured promissory note | | $ - | | | | | |
| **4045 Total** | | | | **$ 200,000.00** | **$ 59,157.30** | | **$ -** | **$ -** | **$ -** | **$ 59,157.30** | **29.58%** | **$ 73,040.69** | **66.10%** |
| 4060 | American Estate & Trust FBO, Bruce Klingman's, IRA #T100242956 | 116-199 | 1102 Bingham St, Houston TX 77007 | $ 63,033.00 | $ 17,334.22 | Claimant agreed to rollover this loan to unsecured promissory note | | $ - | $ 1,691.14 | | | | |
| **4060 Total** | | | | **$ 63,033.00** | **$ 17,334.22** | | **$ -** | **$ -** | **$ 1,691.14** | **$ 19,025.36** | **30.18%** | **$ 22,638.82** | **66.10%** |
| 4203 | Randeep S. Kapoor | 904-597 | Legacy Fund SSDF 4 | $ 50,000.00 | $ 14,016.67 | | | | $ 1,168.99 | | | | |
| **4203 Total** | | | | **$ 50,000.00** | **$ 14,016.67** | | **$ -** | **$ -** | **$ 1,168.99** | **$ 15,185.66** | **30.37%** | **$ 17,863.84** | **66.10%** |
| 4011 | Michael R. Warner, TTEE Warner Chiropractic Care Ctr. PC PSP Poo | 5-78 | 7749 S Yates Boulevard | $ 24,000.00 | $ 4,250.67 | | | $ 4,764.30 | $ 4,640.90 | | | | |
| 4011 | Michael Warner, Trustee of Warner Chiropractic Care Center, PC P | 13-78 | 2909 E 78th Street | $ 35,000.00 | $ 2,384.00 | | | $ 13,791.13 | | | | | |
| 4011 | Michael R. Warner, TTEE Warner Chiropractic Care Ctr, PC PSP Poo | 79-78 | 6160-6212 S Martin Luther King Driv | $ 90,000.00 | $ 21,760.00 | | | $ 6,597.32 | | | | | |
| 4011 | Michael R. Warner, TTEE Warner Chiropractic Care Ctr, PC PSP Poo | 904-78 | Legacy Fund SSDF 4 | $ 49,500.00 | $ 2,260.58 | | | | | | | | |
| **4011 Total** | | | | **$ 198,500.00** | **$ 30,655.25** | | **$ -** | **$ 25,152.75** | **$ 4,640.90** | **$ 60,448.90** | **30.45%** | **$ 70,757.61** | **66.10%** |
| 4002 | Vistex Properties, LLC | 79-1318 | 6160-6212 S Martin Luther King Driv | $ 100,000.00 | $ 23,188.95 | | | $ 7,425.95 | | | | | |
| **4002 Total** | | | | **$ 100,000.00** | **$ 23,188.95** | | **$ -** | **$ 7,425.95** | **$ -** | **$ 30,614.90** | **30.61%** | **$ 35,484.10** | **66.10%** |
| 4077 | RE Solutions MD, LLC Employee Profit Sharing/401k by Mary E. Do | 118-245 | 400 S Kilbourn Ave, Chicago, IL 6062 | $ 50,000.00 | $ 15,500.00 | | | | | | | | |
| **4077 Total** | | | | **$ 50,000.00** | **$ 15,500.00** | | **$ -** | **$ -** | **$ -** | **$ 15,500.00** | **31.00%** | **$ 17,549.50** | **66.10%** |
| 4105 | Maricris M. Lee | 79-320 | 6160-6212 S Martin Luther King Driv | $ 8,000.00 | $ 1,682.28 | Pre-rollover distributions on loan secured by 7024 S Paxton | | $ 610.79 | $ 197.01 | | | | |
| **4105 Total** | | | | **$ 8,000.00** | **$ 1,682.28** | | **$ -** | **$ 610.79** | **$ 197.01** | **$ 2,490.08** | **31.13%** | **$ 2,797.84** | **66.10%** |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3082 | Cynthia Love | 13-132 | 2909 E 78th Street | $ 100,000.00 | $ 5,683.34 | | | $ 39,880.24 | $ 2,437.35 | | | | |
| 3082 | Cynthia L. Love | 67-698 | 1131-41 E 79th Place | $ 200,000.00 | $ 10,083.33 | LLC membership interest | | | $ 6,666.18 | | | | |
| 3082 | Cynthia L. Love | 904-699 | Legacy Fund SSDF 4 | $ 75,000.00 | $ 7,313.04 | | | | $ 1,937.75 | | | | |
| 3082 | Cynthia L. Love | 71-719 | 701 S 5th Avenue | $ 30,000.00 | $ 9,406.67 | | | $ 7,577.21 | | | | | |
| 3082 | Cynthia L. Love | 904-719 | Legacy Fund SSDF 4 | $ 45,000.00 | $ 4,500.00 | | | | | | | | |
| 3082 | CLOVE, LLC | 1-723 | 1700 Juneway Terrace | $ 5,000.00 | $ 940.23 | | | $ 1,574.79 | $ 1,067.77 | | | | |
| 3082 | CLOVE, LLC | 10-723 | 7301-09 S Stewart Avenue | $ 23,000.00 | $ 1,487.34 | | | $ 6,986.65 | | | | | |
| 3082 | CLOVE, LLC | 71-723 | 701 S 5th Avenue | $ 15,900.00 | $ 4,985.53 | | | $ 4,015.92 | | | | | |
| 3082 | JML Roth, LLC | 1-725 | 1700 Juneway Terrace | $ 4,000.00 | $ 740.25 | | | $ 1,264.46 | $ 826.24 | | | | |
| 3082 | JML Roth LLC | 10-725 | 7301-09 S Stewart Avenue | $ 30,000.00 | $ 1,940.00 | | | $ 9,113.03 | | | | | |
| 3082 | JLo Enterprises, LLC | 1-726 | 1700 Juneway Terrace | $ 37,000.00 | $ 5,870.05 | | | $ 12,075.33 | $ 8,643.92 | | | | |
| 3082 | JLO Enterprises LLC | 10-726 | 7301-09 S Stewart Avenue | $ 250,000.00 | $ 16,166.66 | | | $ 75,941.88 | | | | | |
| 3082 | JLO Enterprises LLC | 13-726 | 2909 E 78th Street | $ 33,000.00 | $ 2,062.50 | | | $ 13,081.41 | | | | | |
| 3082 | JLO Enterprises, LLC | 71-726 | 701 S 5th Avenue | $ 15,750.00 | $ 4,938.42 | | | $ 3,978.06 | | | | | |
| 3082 | JLo Enterprises, LLC | 904-726 | Legacy Fund SSDF 4 | $ 20,000.00 | $ 2,050.00 | | | | | | | | |
| **3082 Total** | | | | **$ 883,650.00** | **$ 78,167.36** | | **$ -** | **$ 175,488.98** | **$ 21,579.21** | **$ 275,235.55** | **31.15%** | **$ 308,848.23** | **66.10%** |
| 4098 | Alan Gravely | 67-298 | 1131-41 E 79th Place | $ 75,000.00 | $ 4,406.25 | LLC membership interest | | | $ 5,844.96 | | | | |
| 4098 | Alan Gravely | 902-298 | SSDF 2 Holdco 3, LLC - 1131 E 79th | | | Duplicate of claim 67-298 | | | | | | | |
| 4098 | Alan & Sheree Gravely | 13-298 | 2909 E 78th Street | $ 100,000.00 | $ 3,463.93 | Lender is Alan Gravely | | $ 40,818.68 | | | | | |
| **4098 Total** | | | | **$ 175,000.00** | **$ 7,870.18** | | **$ -** | **$ 40,818.68** | **$ 5,844.96** | **$ 54,533.82** | **31.16%** | **$ 61,139.42** | **66.10%** |
| 4267 | Gowrisankar Challagundla | 79-815 | 6160-6212 S Martin Luther King Driv | $ 50,000.00 | $ 11,913.95 | | | $ 3,682.09 | | | | | |
| **4267 Total** | | | | **$ 50,000.00** | **$ 11,913.95** | | **$ -** | **$ 3,682.09** | **$ -** | **$ 15,596.04** | **31.19%** | **$ 17,453.46** | **66.10%** |
| 4157 | RLD Denouement Holding Company, LLC | 1-483 | 1700 Juneway Terrace | $ 20,000.00 | | | | $ 7,758.02 | $ 3,974.57 | | | | |
| 4157 | RLD Denouement Holding Company, LLC | 10-483 | 7301-09 S Stewart Avenue | $ 100,000.00 | $ 9,361.09 | | | $ 29,436.73 | | | | | |
| 4157 | RLD Denouement Holding Company, LLC | 904-483 | Legacy Fund SSDF 4 | $ 50,000.00 | $ 2,666.67 | | | | | | | | |
| **4157 Total** | | | | **$ 170,000.00** | **$ 12,027.76** | | **$ -** | **$ 37,194.75** | **$ 3,974.57** | **$ 53,197.08** | **31.29%** | **$ 59,171.21** | **66.10%** |
| 3005 | Evan Kameda | 1-121 | 1700 Juneway Terrace | $ 100,000.00 | $ 17,222.26 | | | $ 32,109.55 | | | | | |
| 3005 | Evan Kameda | 60-121 | 7026 S Cornell Avenue | $ 40,000.00 | $ 433.33 | | | $ 35,501.44 | | | | | |
| 3005 | Evan Kameda | 63-121 | 4520-26 S Drexel Boulevard | $ 125,000.00 | | LLC membership interest | | | | | | | |
| 3005 | Evan Kameda | 89-121 | 7600 S Kingston Avenue | $ 80,000.00 | $ 9,013.37 | | | $ 41,468.08 | | | | | |
| 3005 | Evan Kameda | 904-121 | Legacy Fund SSDF 4 | $ 60,000.00 | $ 3,983.33 | | | | | | | | |
| 3005 | iPlanGroup Agent for Custodian FBO Arnold K. Kameda IRA 33211 | 904-793 | Legacy Fund SSDF 4 | $ 50,000.00 | $ 3,466.67 | | | | | | | | |
| **3005 Total** | | | | **$ 455,000.00** | **$ 34,118.96** | | **$ -** | **$ 109,079.07** | **$ -** | **$ 143,198.03** | **31.47%** | **$ 157,552.40** | **66.10%** |
| 4188 | Philip J Lombardo and Dianne E. Lombardo JTWROS | 79-561 | 6160-6212 S Martin Luther King Driv | $ 50,000.00 | $ 12,205.61 | | | $ 3,653.89 | | | | | |
| **4188 Total** | | | | **$ 50,000.00** | **$ 12,205.61** | | **$ -** | **$ 3,653.89** | **$ -** | **$ 15,859.50** | **31.72%** | **$ 17,190.00** | **66.10%** |
| 4431 | William Dreischmeier and Marjorie Sexton | 79-2017 | 6160-6212 S Martin Luther King Driv | $ 60,000.00 | $ 14,656.67 | | | $ 4,383.71 | | | | | |
| **4431 Total** | | | | **$ 60,000.00** | **$ 14,656.67** | | **$ -** | **$ 4,383.71** | **$ -** | **$ 19,040.38** | **31.73%** | **$ 20,619.02** | **66.10%** |
| 4218 | Forge Trust Co CFBO Melbourne Kimsey II IRA113530 | 1-661 | 1700 Juneway Terrace | $ 50,000.00 | $ 8,561.07 | | | $ 16,074.19 | | | | | |
| 4218 | The Melbourne Kimsey II Revocable Trust | 100-661 | 11117-11119 S Longwood Drive | $ 50,000.00 | $ 5,114.35 | | | $ 18,260.87 | | | | | |
| 4218 | Forge Trust Co CFBO Melbourne Kimsey II IRA113530 | 901-661 | SSDF 1 | $ 50,000.00 | | LLC membership interest | | | | | | | |
| **4218 Total** | | | | **$ 150,000.00** | **$ 13,675.42** | | **$ -** | **$ 34,335.06** | **$ -** | **$ 48,010.48** | **32.01%** | **$ 51,138.02** | **66.10%** |
| 4354 | Robert Thaete | 125-1232 | 6548 N. Campbell Avenue, Chicago I | $ 74,067.00 | $ 7,460.45 | | | | $ 3,982.95 | | | | |
| 4354 | Robert Thaete | 155-1232 | Campo-Mar, Puerto Rico | $ 26,000.00 | $ 21,003.21 | | | | | | | | |
| **4354 Total** | | | | **$ 100,067.00** | **$ 28,463.66** | | **$ -** | **$ -** | **$ 3,982.95** | **$ 32,446.61** | **32.42%** | **$ 33,696.67** | **66.10%** |
| 4411 | Scott H. Eaton c/o Chris Eaton | 1-1470 | 1700 Juneway Terrace | $ 25,000.00 | $ 4,272.27 | | | $ 8,040.30 | | | | | |
| 4411 | Scott H. Eaton c/o Chris Eaton | 3-1470 | 5001 S Drexel Boulevard | $ 100,000.00 | $ 7,508.33 | LLC membership interest | | | | | | | |
| 4411 | Scott Eaton | 13-1470 | 2909 E 78th Street | $ 20,000.00 | $ 925.55 | | | $ 8,065.31 | | | | | |
| 4411 | Scott H. Eaton | 61-1470 | 7237 S Bennett Avenue | $ 50,000.00 | $ 11,944.50 | | | $ 11,654.15 | | | | | |
| 4411 | Scott H. Eaton | 68-1470 | 6217-27 S Dorchester Avenue | $ 25,000.00 | $ 5,070.47 | | | $ 9,220.69 | | | | | |
| 4411 | Scott Eaton | 96-1470 | 8326-32 S Ellis Avenue | $ 60,000.00 | $ 12,898.67 | | | $ 15,554.19 | | | | | |
| 4411 | Scott H. Eaton | 100-1470 | 11117-11119 S Longwood Drive | $ 50,000.00 | $ 6,340.75 | | | $ 17,761.94 | | | | | |
| 4411 | Scott Eaton | 904-1470 | Legacy Fund SSDF 4 | $ 50,000.00 | $ 4,116.77 | | | | | | | | |
| **4411 Total** | | | | **$ 380,000.00** | **$ 53,077.31** | | **$ -** | **$ 70,296.58** | **$ -** | **$ 123,373.89** | **32.47%** | **$ 127,802.30** | **66.10%** |
| 4427 | Wilma Clark | 61-2013 | 7237 S Bennett Avenue | $ 20,000.00 | | | | $ 6,124.82 | $ 473.83 | | | | |
| **4427 Total** | | | | **$ 20,000.00** | **$ -** | | **$ -** | **$ 6,124.82** | **$ 473.83** | **$ 6,598.65** | **32.99%** | **$ 6,621.15** | **66.10%** |
| 4001 | Adam Epstein | 123-64 | 7107-29 S Bennett Ave Chicago IL 60 | $ 50,000.00 | $ 16,518.22 | Distributions from both 7107 Bennett and CCF2 (no separate claim) | | | | | | | |
| **4001 Total** | | | | **$ 50,000.00** | **$ 16,518.22** | | **$ -** | **$ -** | **$ -** | **$ 16,518.22** | **33.04%** | **$ 16,531.28** | **66.10%** |
| 4013 | Mike M. Cocos | 13-82 | 2909 E 78th Street | $ 50,000.00 | $ 2,616.14 | | | $ 20,035.48 | $ 3,506.98 | | | | |
| 4013 | Mike M. Cocos & Loryn T. Cocos | 100-82 | 11117-11119 S Longwood Drive | $ 50,000.00 | $ 6,025.47 | | | $ 17,890.20 | | | | | |
| 4013 | Mike M. Cocos | 911-82 | Hybrid Capital Fund | $ 50,000.00 | | Funds wired 5/30/2018 | | | | | | | |
| **4013 Total** | | | | **$ 150,000.00** | **$ 8,641.61** | | **$ -** | **$ 37,925.68** | **$ 3,506.98** | **$ 50,074.27** | **33.38%** | **$ 49,074.23** | **66.10%** |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4290 | Horizon Trust Company, Custodian FBO Russell Shurtz IRA Account | 904-924 | Legacy Fund SSDF 4 | $ 25,000.00 | $ 8,375.00 | | | $ - | $ - | $ 8,375.00 | 33.50% | $ 8,149.75 | 66.10% |
| **4290 Total** | | | | **$ 25,000.00** | **$ 8,375.00** | | **$ -** | **$ -** | **$ -** | **$ 8,375.00** | **33.50%** | **$ 8,149.75** | **66.10%** |
| 4372 | Madison Trust Company Custodian FBO Sarah Geldart IRA #M1609 | 5-1285 | 7749 S Yates Boulevard | $ 37,500.00 | $ 3,600.13 | | | $ 8,177.95 | $ 1,337.33 | | | | |
| 4372 | Madison Trust Company Custodian FBO Sarah Geldart IRA #M1609 | 79-1285 | 6160-6212 S Martin Luther King Driv | $ 20,000.00 | $ 4,732.28 | | | $ 1,476.05 | | | | | |
| **4372 Total** | | | | **$ 57,500.00** | **$ 8,332.41** | | **$ -** | **$ 9,654.00** | **$ 1,337.33** | **19,323.74** | **33.61%** | **$ 18,683.18** | **66.10%** |
| 4083 | EastWest Funding Trust | 79-258 | 6160-6212 S Martin Luther King Driv | $ 50,000.00 | $ 11,972.28 | | | $ 3,676.45 | $ 1,215.75 | | | | |
| **4083 Total** | | | | **$ 50,000.00** | **$ 11,972.28** | | **$ -** | **$ 3,676.45** | **$ 1,215.75** | **16,864.48** | **33.73%** | **$ 16,185.02** | **66.10%** |
| 4227 | William Cook III | 79-700 | 6160-6212 S Martin Luther King Driv | $ 100,000.00 | $ 24,102.73 | | | $ 7,337.61 | $ 2,337.98 | | | | |
| **4227 Total** | | | | **$ 100,000.00** | **$ 24,102.73** | | **$ -** | **$ 7,337.61** | **$ 2,337.98** | **$ 33,778.32** | **33.78%** | **$ 32,320.68** | **66.10%** |
| 4302 | Ingrid and Joel Beyer | 79-985 | 6160-6212 S Martin Luther King Driv | $ 10,000.00 | $ 2,421.06 | | | $ 732.72 | $ 241.89 | | | | |
| **4302 Total** | | | | **$ 10,000.00** | **$ 2,421.06** | | **$ -** | **$ 732.72** | **$ 241.89** | **$ 3,395.67** | **33.96%** | **$ 3,214.23** | **66.10%** |
| 4149 | Kevin D. & Laura H. Allred JTWROS | 5-452 | 7749 S Yates Boulevard | $ 50,000.00 | $ 9,032.60 | | | $ 9,882.91 | $ 1,426.17 | | | | |
| 4149 | Kevin D & Laura H Allred JTWROS | 67-452 | 1131-41 E 79th Place | $ 11,000.00 | $ 412.50 | LLC membership interest | | | | | | | |
| **4149 Total** | | | | **$ 61,000.00** | **$ 9,445.10** | | **$ -** | **$ 9,882.91** | **$ 1,426.17** | **$ 20,754.18** | **34.02%** | **$ 19,566.21** | **66.10%** |
| 4319 | Levent Kesen | 3-1078 | 5001 S Drexel Boulevard | $ 50,000.00 | $ 3,754.17 | LLC membership interest | | | $ 3,506.98 | | | | |
| 4319 | Levent Kesen | 71-1078 | 701 S 5th Avenue | $ 50,000.00 | $ 15,276.32 | | | $ 12,776.39 | | | | | |
| 4319 | Levent Kesen | 79-1078 | 6160-6212 S Martin Luther King Driv | $ 50,000.00 | $ 12,230.60 | | | $ 3,651.48 | | | | | |
| **4319 Total** | | | | **$ 150,000.00** | **$ 31,261.09** | | **$ -** | **$ 16,427.87** | **$ 3,506.98** | **$ 51,195.94** | **34.13%** | **$ 47,952.56** | **66.10%** |
| 4026 | Virginia Lieblein | 83-110 | 6356 S California Avenue | $ 16,666.66 | $ 4,925.92 | Original loan divided equally among the three heirs. The Receiver recommends disallowing $31.67 accrued interest added to principal amount of loan. A third of pre-rollover distributions on loan secured by 7200 Stoney Island. | | $ 4,170.63 | $ 457.10 | | | | |
| 4026 | Virginia Lieblein | 109-110 | 4750 S Indiana Avenue | $ 16,666.67 | $ 1,827.61 | Equity interest in property was partially rolled to unsecured promissory note before asset was split between original investor's heirs.  Unsecured balance divided equally among the three heirs, including this claimant. | | $ - | | | | | |
| **4026 Total** | | | | **$ 33,333.33** | **$ 6,753.53** | | **$ -** | **$ 4,170.63** | **$ 457.10** | **$ 11,381.26** | **34.14%** | **$ 10,651.74** | **66.10%** |
| 4461 | TSC Trust, Trish Scully (trustee) | 79-2063 | 6160-6212 S Martin Luther King Driv | $ 50,000.00 | $ 12,261.06 | | | $ 3,648.53 | $ 1,168.99 | | | | |
| **4461 Total** | | | | **$ 50,000.00** | **$ 12,261.06** | | **$ -** | **$ 3,648.53** | **$ 1,168.99** | **$ 17,078.58** | **34.16%** | **$ 15,970.92** | **66.10%** |
| 4457 | Stilwell, Heidi | 10-2055 | 7301-09 S Stewart Avenue | $ 100,000.00 | $ 9,478.09 | | | $ 29,398.73 | $ 2,922.48 | | | | |
| 4457 | Heidi Stilwell | 67-2055 | 1131-41 E 79th Place | $ 25,000.00 | $ 1,343.75 | LLC membership interest | | | | | | | |
| **4457 Total** | | | | **$ 125,000.00** | **$ 10,821.84** | | **$ -** | **$ 29,398.73** | **$ 2,922.48** | **$ 43,143.05** | **34.51%** | **$ 39,480.70** | **66.10%** |
| 3121 | Terry M McDonald and Rhonda R McDonald | 73-124 | 7255-57 S Euclid Avenue | $ 50,000.00 | $ 14,297.15 | Transaction to roll loan to SSDF6 equity fund was subsequently voided | | $ 24,337.33 | $ 1,168.99 | | | | |
| 3121 | Horizon Trust Custodian FBO Terry M McDonald IRA | 901-571 | SSDF 1 | $ 137,333.33 | $ 21,747.48 | LLC membership interest; prerollover distributions from loan secured by 7546 S Saginaw and 4611 S Drexel | | | $ 3,210.83 | | | | |
| **3121 Total** | | | | **$ 187,333.33** | **$ 36,044.63** | | **$ -** | **$ 24,337.33** | **$ 4,379.82** | **$ 64,761.78** | **34.57%** | **$ 59,063.67** | **66.10%** |
| 3032 | Rajitha Dundigalla | 10-653 | 7301-09 S Stewart Avenue | $ 50,000.00 | $ 4,318.57 | | | $ 10,871.50 | | | | | |
| 3032 | Rajitha Dundigalla | 13-654 | 2909 E 78th Street | $ 50,000.00 | $ 3,833.32 | | | $ 19,520.82 | | | | | |
| 3032 | Rajitha Dundigalla | 100-655 | 11117-11119 S Longwood Drive | $ 50,000.00 | $ 6,694.92 | | | $ 17,617.85 | | | | | |
| 3032 | Krushna M Dundigalla | 88-656 | 7546 S Saginaw Avenue | $ 60,000.00 | $ 10,803.33 | | | $ 20,125.01 | $ 1,402.79 | | | | |
| 3032 | Krushna M Dundigalla Revocable Living Trust | 13-657 | 2909 E 78th Street | $ 100,000.00 | $ 4,597.23 | | | $ 40,339.48 | $ 2,337.98 | | | | |
| 3032 | Advanta IRA Services  FBO Krushna Dundigalla Acct#8004195 | 911-658 | Hybrid Capital Fund | $ 100,000.00 | | Funds wired 6/22/18 | | | | | | | |
| **3032 Total** | | | | **$ 410,000.00** | **$ 30,247.37** | | **$ -** | **$ 108,474.66** | **$ 3,740.77** | **$ 142,462.80** | **34.75%** | **$ 128,543.09** | **66.10%** |
| 4103 | Burnham 401k Trust | 82-314 | 6355-59 S Talman Avenue | $ 25,000.00 | $ 7,081.99 | | | $ 7,757.66 | $ 5,034.51 | | | | |
| 4103 | Burnham 401 K Trust | 93-314 | 7957-59 S Marquette Road | $ 25,000.00 | $ 8,136.23 | | | $ 5,246.97 | | | | | |
| 4103 | Burnham 401K Trust | 112-314 | 7450 S Luella Avenue | $ 4,483.00 | $ 3,899.89 | The Receiver recommends disallowing $517 because loan amount was $4,483. Claimant agreed to rollover this loan to unsecured promissory note in September 2017. | | $ - | | | | | |
| 4103 | iPlanGroup Agent for Custodian FBO Brett Burnham IRA acct no 33 | 904-314 | Legacy Fund SSDF 4 | $ 177,822.00 | $ 43,854.76 | | | | | | | | |
| 4103 | iPlanGroup Agent for Custodian FBO Brett Burnham IRA 401 Trust | 79-314-2 | 6160-6212 S Martin Luther King Driv | $ 5,000.00 | $ 1,119.16 | | | $ 375.19 | | | | | |
| **4103 Total** | | | | **$ 237,305.00** | **$ 64,092.03** | | **$ -** | **$ 13,379.82** | **$ 5,034.51** | **$ 82,506.36** | **34.77%** | **$ 74,349.86** | **66.10%** |
| 4229 | Peter Schonberger | 102-703 | 7927-29 S Essex Avenue | $ 30,000.00 | $ 2,750.50 | | | $ 7,011.91 | $ 701.40 | | | | |
| **4229 Total** | | | | **$ 30,000.00** | **$ 2,750.50** | | **$ -** | **$ 7,011.91** | **$ 701.40** | **$ 10,463.81** | **34.88%** | **$ 9,365.89** | **66.10%** |
| 4286 | Jerry Adamsky/Adaz LLC | 13-888 | 2909 E 78th Street | $ 50,000.00 | $ 8,305.87 | Pre-rollover distributions on loan secured by 7051 S Bennett | | $ 17,629.67 | $ 1,963.91 | | | | |
| 4286 | ADAZ LLC | 84-888 | 7051 S Bennett Avenue | $ 34,000.00 | $ 1,625.27 | Release of Mortgage executed by claimant on 4/25/2018 and recorded 5/7/2018 | | | | | | | |
| **4286 Total** | | | | **$ 84,000.00** | **$ 9,931.14** | | **$ -** | **$ 17,629.67** | **$ 1,963.91** | **$ 29,524.72** | **35.15%** | **$ 25,998.44** | **66.10%** |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4249 | Soujanya Simhadri | 126-766 | 5201-5207 W Washington Blvd, Chic | $ 25,000.00 | $ 8,891.66 | | | | | | | | |
| 4249 Total | | | | $ 25,000.00 | $ 8,891.66 | | $ - | $ - | $ - | $ 8,891.66 | 35.57% | $ 7,633.09 | 66.10% |
| 4117 | Horizon Trust Company, Custodian FBO Mel Shurtz IRA Account #5 | 904-362 | Legacy Fund SSDF 4 | $ 25,000.00 | $ 8,375.00 | | | | $ 584.50 | | | | |
| 4117 Total | | | | $ 25,000.00 | $ 8,375.00 | | $ - | $ - | $ 584.50 | $ 8,959.50 | 35.84% | $ 7,565.25 | 66.10% |
| 4016 | Keith P. Rowland and Jane E. Rowland | 5-89 | 7749 S Yates Boulevard | $ 50,000.00 | $ 8,386.77 | | | $ 10,038.71 | | | | | |
| 4016 Total | | | | $ 50,000.00 | $ 8,386.77 | | $ - | $ 10,038.71 | $ - | $ 18,425.48 | 36.85% | $ 14,624.02 | 66.10% |
| 4391 | Peter Gelinas | 96-1385 | 8326-32 S Ellis Avenue | $ 12,847.86 | $ 2,532.24 | | | $ 3,406.51 | | | | | |
| 4391 | Peter Gelinas | 140-1385 | 4528 S Michigan | $ 12,152.54 | $ 3,402.63 | | | | | | | | |
| 4391 Total | | | | $ 25,000.40 | $ 5,934.87 | | $ - | $ 3,406.51 | $ - | $ 9,341.38 | 37.36% | $ 7,183.63 | 66.10% |
| 4323 | Madison Trust Company FBO. Mehernosh Pithawalla (M1704056) | 10-1087 | 7301-09 S Stewart Avenue | $ 25,000.00 | $ 1,836.09 | | | $ 7,522.93 | | | | | |
| 4323 Total | | | | $ 25,000.00 | $ 1,836.09 | | $ - | $ 7,522.93 | $ - | $ 9,359.02 | 37.44% | $ 7,165.73 | 66.10% |
| 3146 | Quest IRA Inc. FBO Charles E. Smith IRA #2684811 | 79-1186 | 6160-6212 S Martin Luther King Driv | $ 350,000.00 | $ 79,955.61 | | | $ 26,107.39 | | | | | |
| 3146 | Charles Smith | 4-1198 | 5450-52 S Indiana Avenue | $ 50,000.00 | $ 9,563.93 | | | $ 34,288.95 | | | | | |
| 3146 Total | | | | $ 400,000.00 | $ 89,519.54 | | $ - | $ 60,396.34 | $ - | $ 149,915.88 | 37.48% | $ 114,480.11 | 66.10% |
| 4407 | Smart Technologies PSP | 5-1458 | 7749 S Yates Boulevard | $ 100,000.00 | $ 17,722.27 | | | $ 19,848.54 | | | | | |
| 4407 Total | | | | $ 100,000.00 | $ 17,722.27 | | $ - | $ 19,848.54 | $ - | $ 37,570.81 | 37.57% | $ 28,528.19 | 66.10% |
| 4066 | Chukwuemeka Ezeume | 118-211 | 400 S Kilbourn Ave, Chicago, IL 6062 | $ 150,000.00 | $ 56,684.75 | | | | | | | | |
| 4066 Total | | | | $ 150,000.00 | $ 56,684.75 | | $ - | $ - | $ - | $ 56,684.75 | 37.79% | $ 42,463.75 | 66.10% |
| 4090 | Low Altitude, LLC | 10-273 | 7301-09 S Stewart Avenue | $ 100,000.00 | $ 8,078.56 | | | $ 29,853.26 | | | | | |
| 4090 Total | | | | $ 100,000.00 | $ 8,078.56 | | $ - | $ 29,853.26 | $ - | $ 37,931.82 | 37.93% | $ 28,167.18 | 66.10% |
| 4088 | LaDawn Westbrook | 123-271 | 7107-29 S Bennett Ave Chicago IL 60 | $ 50,000.00 | $ 12,079.45 | | | | $ 1,540.24 | | | | |
| 4088 | SD ROTH IRA Miss Property LLC | 130-271 | 4511 N. Merimac Ave. Chicago, IL 60 | $ 15,261.00 | $ 9,817.03 | | | | | | | | |
| 4088 | SD ROTH IRA MissProperty, LLC | 49-271 | 7300-04 St Lawrence Avenue | $ 5,569.64 | $ 1,448.63 | Partial rollover to unsecured promissory note | | $ 2,022.07 | | | | | |
| 4088 Total | | | | $ 70,830.64 | $ 23,345.11 | | $ - | $ 2,022.07 | $ 1,540.24 | $ 26,907.42 | 37.99% | $ 19,910.92 | 66.10% |
| 4446 | Camano Equities, LLC | 5-2038 | 7749 S Yates Boulevard | $ 50,000.00 | $ 7,766.63 | | | $ 10,188.31 | $ 1,081.42 | | | | |
| 4446 Total | | | | $ 50,000.00 | $ 7,766.63 | | $ - | $ 10,188.31 | $ 1,081.42 | $ 19,036.36 | 38.07% | $ 14,013.14 | 66.10% |
| 4308 | IRA Services Trust Company, CFBO Peter Flanagan IRA | 906-1020 | 7616 Phillips | $ 50,000.00 | $ 18,000.00 | Rollover to SSDF6 voided; unsecured claim against former property 7616 Phillips | | | $ 1,168.99 | | | | |
| 4308 Total | | | | $ 50,000.00 | $ 18,000.00 | | $ - | $ - | $ 1,168.99 | $ 19,168.99 | 38.34% | $ 13,880.51 | 66.10% |
| 4397 | Aurora Investments LLC | 1-1412 | 1700 Juneway Terrace | $ 110,000.00 | $ 18,494.00 | | | $ 35,495.25 | | | | | |
| 4397 | Aurora Investments LLC | 67-1412 | 1131-41 E 79th Place | $ 50,000.00 | $ 1,729.17 | LLC membership interest | | | | | | | |
| 4397 | Aurora Investments LLC | 74-1412 | 3074 Cheltenham Place | $ 86,515.00 | $ 22,200.00 | | | $ 40,017.97 | | | | | |
| 4397 | Aurora Investments, LLC | 77-1412-1 | 7750-58 S Muskegon Avenue | $ 25,000.00 | $ 3,800.00 | | | $ 5,666.75 | | | | | |
| 4397 | Aurora Investments LLC | 79-1412 | 6160-6212 S Martin Luther King Driv | $ 60,000.00 | $ 14,446.67 | | | $ 4,404.01 | | | | | |
| 4397 | Aurora Investments LLC | 95-1412 | 8201 S Kingston Avenue | $ 25,000.00 | $ 7,907.33 | | | $ 5,874.59 | | | | | |
| 4397 | Aurora Investments, LLC | 96-1412 | 8326-32 S Ellis Avenue | $ 50,000.00 | $ 10,980.65 | | | $ 12,885.29 | | | | | |
| 4397 | Aurora Investments LLC | 124-1412 | 6801 S East End, Chicago, IL 60649 | $ 84,500.00 | $ 35,134.39 | | | | | | | | |
| 4397 | Aurora Investments LLC | 126-1412 | 5201-5207 W Washington Blvd, Chic | $ 25,000.00 | $ 5,868.36 | | | | | | | | |
| 4397 | Aurora Investments LLC | 145-1412 | 4755 S St Lawrence Avenue | $ 68,360.31 | | | | | | | | | |
| 4397 | Aurora Investments, LLC | 77-1412-2 | 7750-58 S Muskegon Avenue | $ 2,005.00 | $ 267.30 | | | $ 464.49 | | | | | |
| 4397 Total | | | | $ 586,380.31 | $ 120,827.87 | | $ - | $ 104,808.35 | $ - | $ 225,636.22 | 38.48% | $ 161,955.28 | 66.10% |
| 3152 | Clifton Armoogam | 79-2006 | 6160-6212 S Martin Luther King Driv | $ 9,900.00 | $ 2,258.85 | | | $ 738.73 | | | | | |
| 3152 | iPlanGroup agent for Clifton Armoogam Acct No. 3300594 | 126-2006 | 5201-5207 W Washington Blvd, Chic | $ 21,500.00 | $ 8,361.84 | | | | | | | | |
| 3152 | iPlan Group Yvette Sahai ROTH IRA Account No. 3320834 | 61-2049-2 | 7237 S Bennett Avenue | $ 10,651.00 | $ 2,338.44 | | | $ 2,545.65 | | | | | |
| 3152 | iPlan Group Yvette Sahai IRA Account No. 3300593 | 61-2049-1 | 7237 S Bennett Avenue | $ 863.00 | $ 343.05 | | | $ 159.23 | | | | | |
| 3152 | iPlanGroup Agent for Custodian Yvette Sahai Acct. No. 3300593 | 126-2049 | 5201-5207 W Washington Blvd, Chic | $ 28,780.00 | $ 11,023.88 | | | | | | | | |
| 3152 Total | | | | $ 71,694.00 | $ 24,326.06 | | $ - | $ 3,443.61 | $ - | $ 27,769.67 | 38.73% | $ 19,619.34 | 66.10% |
| 4061 | iPlanGroup Agent for Custodian FBO Andrew Brooks IRA | 1-203 | 1700 Juneway Terrace | $ 20,000.00 | $ 4,474.42 | | | $ 6,022.39 | | | | | |
| 4061 | iPlanGroup Agent for Custodian FBO Andrew Brooks IRA Account 3 | 5-203 | 7749 S Yates Boulevard | $ 6,000.00 | | | | $ 1,447.43 | | | | | |
| 4061 | iPlanGroup Agent for Custodian FBO Andrew Brooks IRA | 79-203 | 6160-6212 S Martin Luther King Driv | $ 20,000.00 | $ 4,430.00 | | | $ 1,505.28 | | | | | |
| 4061 Total | | | | $ 46,000.00 | $ 8,904.42 | | $ - | $ 8,975.10 | $ - | $ 17,879.52 | 38.87% | $ 12,526.02 | 66.10% |
| 4444 | Kennett, Victor S - Kennett Family Trust | 10-2033 | 7301-09 S Stewart Avenue | $ 200,000.00 | $ 18,939.24 | | | $ 58,802.97 | | | | | |
| 4444 Total | | | | $ 200,000.00 | $ 18,939.24 | | $ - | $ 58,802.97 | $ - | $ 77,742.21 | 38.87% | $ 54,455.78 | 66.10% |
| 4434 | Nancy Fillmore | 13-2022 | 2909 E 78th Street | $ 25,000.00 | $ 684.73 | | | $ 10,281.31 | $ 2,126.96 | | | | |
| 4434 | Nancy Fillmore | 67-2022 | 1131-41 E 79th Place | $ 25,000.00 | $ 1,489.58 | LLC membership interest | | | | | | | |
| 4434 | Nancy Fillmore | 100-2022 | 11117-11119 S Longwood Drive | $ 50,000.00 | $ 6,782.42 | | | $ 17,582.25 | | | | | |
| 4434 Total | | | | $ 100,000.00 | $ 8,956.73 | | $ - | $ 27,863.56 | $ 2,126.96 | $ 38,947.25 | 38.95% | $ 27,151.75 | 66.10% |
| 4173 | iPlan Group Agent for Custodian FBO Teena Ploeger IRA | 5-521 | 7749 S Yates Boulevard | $ 18,500.00 | $ 3,056.89 | | | $ 3,725.47 | $ 432.53 | | | | |
| 4173 Total | | | | $ 18,500.00 | $ 3,056.89 | | $ - | $ 3,725.47 | $ 432.53 | $ 7,214.89 | 39.00% | $ 5,013.42 | 66.10% |
| 4162 | Chittima Cook and Pinsurang Tinakorn | 9-493 | 8100 S Essex Avenue | $ 50,000.00 | | | | $ 18,325.13 | $ 1,212.82 | | | | |
| 4162 Total | | | | $ 50,000.00 | $ - | | $ - | $ 18,325.13 | $ 1,212.82 | $ 19,537.95 | 39.08% | $ 13,511.55 | 66.10% |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3076 | DK Phenix Investments LLC | 13-584 | 2909 E 78th Street | $ 100,000.00 | $ 6,676.00 | | | $ 39,460.51 | $ 13,460.94 | | | | |
| 3076 | DK Phenix Investments LLC | 69-584 | 6250 S Mozart Avenue | $ 100,000.00 | $ 29,923.56 | | | $ 33,212.91 | | | | | |
| 3076 | DK Phenix Investments LLC | 100-584 | 11117-11119 S Longwood Drive | $ 75,000.00 | $ 9,251.83 | | | $ 26,748.39 | | | | | |
| 3076 | DK Phenix investments LLC | 904-584 | Legacy Fund SSDF 4 | $ 300,750.00 | $ 73,537.64 | | | | | | | | |
| 3076 | Kristien Van Hecke as trustee of DK Phenix Investments LLC 401 (k) | 100-840 | 11117-11119 S Longwood Drive | $ 25,000.00 | $ 2,565.72 | Claimant agreed to rollover this loan to SSDF4 on 11/14/17, but no claim against SSDF4 | | $ - | $ 524.51 | | | | |
| 3076 | Kristien Van Hecke as trustee of DK Phenix Investments LLC 401(k) | 13-844 | 2909 E 78th Street | $ 25,000.00 | $ 1,338.20 | | | $ 10,005.00 | $ 553.21 | | | | |
| 3076 | Advanta Trust Company, Inc. FBO Kristien Van Hecke IRA #8005699 | 5-847 | 7749 S Yates Boulevard | $ 97,000.00 | $ 16,173.44 | | | $ 19,498.46 | $ 1,889.71 | | | | |
| **3076 Total** | | | | **$ 722,750.00** | **$ 139,466.39** | | **$ -** | **$ 128,925.27** | **$ 16,428.37** | **$ 284,820.03** | **39.41%** | **$ 192,910.47** | **66.10%** |
| 4168 | Legacy Trading LLC | 5-508 | 7749 S Yates Boulevard | $ 237,000.00 | $ 42,660.00 | | | $ 46,882.26 | $ 6,008.62 | | | | |
| 4168 | Legacy Trading LLC | 90-508 | 7656 S Kingston Avenue | $ 20,000.00 | $ 3,208.92 | | | $ 2,901.91 | | | | | |
| **4168 Total** | | | | **$ 257,000.00** | **$ 45,868.92** | | **$ -** | **$ 49,784.17** | **$ 6,008.62** | **$ 101,661.71** | **39.56%** | **$ 68,212.71** | **66.10%** |
| 3036 | Genevieve Giuliana Heger | 89-1403 | 7600 S Kingston Avenue | $ 20,000.00 | $ 2,699.11 | The Receiver recommends disallowing $58.00 accrued interest from 4611 Drexel that was added to principal balance of loan. Pre-rollover distributions on loan secured by 4611 S Drexel. | | $ 10,106.62 | $ 468.95 | | | | |
| 3036 | Duke E. Heger and Viviana Heger | 5-1408 | 7749 S Yates Boulevard | $ 35,000.00 | $ 6,117.18 | | | $ 6,967.64 | $ 4,138.23 | | | | |
| 3036 | Duke E. Heger and Viviana Heger | 13-1408 | 2909 E 78th Street | $ 60,000.00 | $ 3,608.33 | | | $ 23,844.28 | | | | | |
| 3036 | Duke E Heger and Viviana Heger | 59-1408 | 6001 S Sacramento Avenue | $ 12,000.00 | $ 4,656.52 | | | $ 4,531.93 | | | | | |
| 3036 | Duke E. Heger and Viviana Heger | 68-1408 | 6217-27 S Dorchester Avenue | $ 50,000.00 | $ 9,482.73 | | | $ 18,745.90 | | | | | |
| 3036 | Duke E. Heger and Viviana Heger | 89-1408 | 7600 S Kingston Avenue | $ 20,000.00 | $ 6,399.94 | | | $ 7,944.71 | | | | | |
| 3036 | V. L. Heger | 89-1409 | 7600 S Kingston Avenue | $ 49,631.00 | $ 11,365.60 | The Receiver recommends disallowing $369.00 accrued interest from 4611 Drexel that was added to principal balance of loan. Pre-rollover distributions on loan secured by 4611 S Drexel. | | $ 22,353.40 | $ 1,177.62 | | | | |
| 3036 | TRI-CORD, LLC | 60-1410 | 7026 S Cornell Avenue | $ 20,000.00 | $ 5,913.92 | Claimant agreed to partial rollover to SSDF1. Pre-rollover distributions are pro-rata share of distributions received prior to the partial rollover. | | $ 12,638.82 | $ 7,832.25 | | | | |
| 3036 | TRI-CORD, LLC | 901-1410 | SSDF 1 | $ 315,000.00 | $ 62,820.33 | LLC membership interest; prerollover distributions from loan secured by 7026 S Cornell | | | | | | | |
| 3036 | Genevieve Heger and Duke Heger, JTWROS | 908-1414 | SSDF 8 | $ 10,000.00 | | Funds wired on 6/19/2018. SSDF8 voided but funds were not returned. | | | $ 233.80 | | | | |
| **3036 Total** | | | | **$ 591,631.00** | **$ 113,063.66** | | **$ -** | **$ 107,133.30** | **$ 13,850.85** | **$ 234,047.81** | **39.56%** | **$ 157,014.35** | **66.10%** |
| 4362 | FIVE STAR CAPITAL GROUP, LLC | 10-1246 | 7301-09 S Stewart Avenue | $ 250,000.00 | $ 26,423.76 | | | $ 72,610.69 | | | | | |
| **4362 Total** | | | | **$ 250,000.00** | **$ 26,423.76** | | **$ -** | **$ 72,610.69** | **$ -** | **$ 99,034.45** | **39.61%** | **$ 66,213.04** | **66.10%** |
| 3145 | American Estate & Trust FBO Donald R Hendrickson IRA | 5-945 | 7749 S Yates Boulevard | $ 10,000.00 | $ 1,729.07 | | | $ 1,995.27 | $ 247.73 | | | | |
| 3145 | American Estate & Trust FBO Karen L Henrickson IRA | 5-948 | 7749 S Yates Boulevard | $ 10,000.00 | $ 1,727.40 | | | $ 1,995.67 | $ 247.77 | | | | |
| **3145 Total** | | | | **$ 20,000.00** | **$ 3,456.47** | | **$ -** | **$ 3,990.94** | **$ 495.50** | **$ 7,942.91** | **39.71%** | **$ 5,276.89** | **66.10%** |
| 4202 | Easley Family Trust | 5-596 | 7749 S Yates Boulevard | $ 25,000.00 | $ 4,369.49 | | | $ 4,976.87 | $ 584.50 | | | | |
| **4202 Total** | | | | **$ 25,000.00** | **$ 4,369.49** | | **$ -** | **$ 4,976.87** | **$ 584.50** | **$ 9,930.86** | **39.72%** | **$ 6,593.89** | **66.10%** |
| 4190 | Roswitha M. and John S. Ennema | 13-564 | 2909 E 78th Street | $ 50,000.00 | $ 2,124.99 | | | $ 20,243.15 | | | | | |
| 4190 | John S Ennema & Roswitha M Ennema | 100-564 | 11117-11119 S Longwood Drive | $ 5,000.00 | $ 625.03 | | | $ 1,779.87 | | | | | |
| 4190 | Roswitha M. and John S. Ennema | 102-564 | 7927-29 S Essex Avenue | $ 45,000.00 | $ 4,617.25 | | | $ 10,391.39 | | | | | |
| **4190 Total** | | | | **$ 100,000.00** | **$ 7,367.27** | | **$ -** | **$ 32,414.41** | **$ -** | **$ 39,781.68** | **39.78%** | **$ 26,317.32** | **66.10%** |
| 4239 | Joral Schmalle | 57-730 | 8214 S Ingleside Avenue | $ 759,000.00 | $ 313,088.00 | | | $ 141,470.39 | $ 40,582.31 | | | | |
| 4239 | Joral Schmalle | 123-730 | 7107-29 S Bennett Ave Chicago IL 60 | $ 597,000.00 | $ 45,095.00 | | | | | | | | |
| **4239 Total** | | | | **$ 1,356,000.00** | **$ 358,183.00** | | **$ -** | **$ 141,470.39** | **$ 40,582.31** | **$ 540,235.70** | **39.84%** | **$ 356,066.69** | **66.10%** |
| 4371 | Claude M. West and Linda S. Gray | 904-1281 | Legacy Fund SSDF 4 | $ 100,000.00 | $ 38,000.00 | | | | $ 2,337.98 | | | | |
| **4371 Total** | | | | **$ 100,000.00** | **$ 38,000.00** | | **$ -** | **$ -** | **$ 2,337.98** | **$ 40,337.98** | **40.34%** | **$ 25,761.02** | **66.10%** |
| 4093 | PSB Investment Trust - Stephen Boynton | 10-280 | 7301-09 S Stewart Avenue | $ 50,000.00 | $ 4,268.57 | | | $ 14,852.16 | $ 1,084.78 | | | | |
| **4093 Total** | | | | **$ 50,000.00** | **$ 4,268.57** | | **$ -** | **$ 14,852.16** | **$ 1,084.78** | **$ 20,205.51** | **40.41%** | **$ 12,843.99** | **66.10%** |
| 4058 | Margaret M Morgan | 126-197 | 5201-5207 W Washington Blvd, Chic | $ 50,000.00 | $ 19,123.67 | | | | $ 1,168.99 | | | | |
| **4058 Total** | | | | **$ 50,000.00** | **$ 19,123.67** | | **$ -** | **$ -** | **$ 1,168.99** | **$ 20,292.66** | **40.59%** | **$ 12,756.84** | **66.10%** |
| 4196 | Shlomo Zussman | 5-579 | 7749 S Yates Boulevard | $ 25,000.00 | $ 4,697.18 | | | $ 4,897.82 | $ 584.50 | | | | |
| **4196 Total** | | | | **$ 25,000.00** | **$ 4,697.18** | | **$ -** | **$ 4,897.82** | **$ 584.50** | **$ 10,179.50** | **40.72%** | **$ 6,345.25** | **66.10%** |
| 4356 | Louise Brown, Trustee, Estate of Patricia Brown | 123-1237 | 7107-29 S Bennett Ave Chicago IL 60 | $ 100,000.00 | $ 38,858.30 | | | | $ 1,978.68 | | | | |
| **4356 Total** | | | | **$ 100,000.00** | **$ 38,858.30** | | **$ -** | **$ -** | **$ 1,978.68** | **$ 40,836.98** | **40.84%** | **$ 25,262.02** | **66.10%** |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4459 | James Tutsock | 9-2057 | 8100 S Essex Avenue | $ 47,286.00 | $ 15,742.47 | | | $ 11,560.78 | $ 25,004.34 | | | | |
| 4459 | James Tutsock | 13-2057 | 2909 E 78th Street | $ 100,000.00 | $ 4,643.95 | | | $ 40,319.72 | | | | | |
| 4459 | James Tutsock | 63-2057 | 4520-26 S Drexel Boulevard | $ 650,000.00 | $ 172,567.53 | LLC membership interest; prerollover distributions from loans secured by 7201 S Constance and 6801 S East End. Pro-rata share of proceeds from foreclosure action involving 6801 S East End due to rollover of this investment.. | | | | | | | |
| 4459 | James Tutsock | 100-2057 | 11117-11119 S Longwood Drive | $ 250,000.00 | $ 98,292.52 | Pre-rollover distributions on loan secured by 7450 S Luella | | $ 61,719.31 | | | | | |
| 4459 | James Tutsock | 124-2057 | 6801 S East End, Chicago, IL 60649 | $ 22,197.00 | $ 7,297.76 | Partial rollover to SSDF1 ($330,517, claim 63-2057). Mudlic settlement payment divided pro-rata between this claim and 63-2057) | | | | | | | |
| 4459 Total | | | | $ 1,069,483.00 | $ 298,544.23 | | $ - | $ 113,599.81 | $ 25,004.34 | $ 437,148.38 | 40.87% | $ 269,769.15 | 66.10% |
| 4387 | Joseph P. McCarthy | 5-1367 | 7749 S Yates Boulevard | $ 10,000.00 | $ 1,775.04 | | | $ 1,984.18 | | | | | |
| 4387 | Joseph P. McCarthy | 13-1367 | 2909 E 78th Street | $ 50,000.00 | $ 1,841.66 | | | $ 20,362.96 | | | | | |
| 4387 | Joseph McCarthy | 62-1367 | 7834-44 S Ellis Avenue | $ 30,999.81 | $ 8,518.48 | Pre-rollover distributions are distributions received on unsecured promissory note (UPN) after rollover from initial investment in 4108 Monticello. Unsecured claim for balance on UPN. | | $ 16,989.68 | | | | | |
| 4387 | Joseph P. McCarthy | 63-1367 | 4520-26 S Drexel Boulevard | | | Duplicative of claim 901-1367 | | | | | | | |
| 4387 | Joseph P. McCarthy | 96-1367 | 8326-32 S Ellis Avenue | $ 15,000.00 | $ 3,171.67 | | | $ 3,906.05 | | | | | |
| 4387 | Joseph P. McCarthy | 124-1367 | 6801 S East End, Chicago, IL 60649 | $ 25,000.00 | $ 10,694.90 | | | | | | | | |
| 4387 | Joseph McCarthy | 901-1367 | SSDF 1 | $ 45,000.00 | $ 8,792.09 | LLC membership interest; prerollover distributions from loan secured by 6001 S Sacramento and 7546 S Saginaw | | | | | | | |
| 4387 | Joseph P. McCarthy | 904-1367 | Legacy Fund SSDF 4 | $ 90,000.00 | $ 31,088.95 | | | | | | | | |
| 4387 Total | | | | $ 265,999.81 | $ 65,882.79 | | $ - | $ 43,242.87 | $ - | $ 109,125.66 | 41.02% | $ 66,697.55 | 66.10% |
| 4022 | GEGO NADLAN REALTY LLC | 10-104 | 7301-09 S Stewart Avenue | $ 50,000.00 | $ 2,900.01 | | | $ 15,296.63 | $ 2,337.98 | | | | |
| 4022 Total | | | | $ 50,000.00 | $ 2,900.01 | | $ - | $ 15,296.63 | $ 2,337.98 | $ 20,534.62 | 41.07% | $ 12,514.88 | 66.10% |
| 4314 | ROBERT A LAPORTE | 13-1038 | 2909 E 78th Street | $ 50,000.00 | $ 2,313.88 | | | $ 20,163.29 | $ 2,337.98 | | | | |
| 4314 | ROBERT A LAPORTE | 102-1038 | 7927-29 S Essex Avenue | $ 50,000.00 | $ 4,575.17 | | | $ 11,688.83 | | | | | |
| 4314 Total | | | | $ 100,000.00 | $ 6,889.05 | | $ - | $ 31,852.12 | $ 2,337.98 | $ 41,079.15 | 41.08% | $ 25,019.85 | 66.10% |
| 3130 | Mark Mouty | 4-165 | 5450-52 S Indiana Avenue | $ 20,000.00 | $ 4,078.94 | Transaction to roll loan to SSDF6 equity fund was subsequently voided | | $ 13,500.73 | $ 7,147.28 | | | | |
| 3130 | Mark Mouty | 9-165 | 8100 S Essex Avenue | $ 25,000.00 | $ 6,779.77 | Transaction to roll loan to SSDF6 equity fund was subsequently voided | | $ 6,677.76 | | | | | |
| 3130 | Mark P. Mouty | 10-165 | 7301-09 S Stewart Avenue | $ 25,000.00 | $ 1,896.76 | | | $ 7,503.22 | | | | | |
| 3130 | Mark P. Mouty | 13-165 | 2909 E 78th Street | $ 25,000.00 | $ 1,409.03 | | | $ 9,975.05 | | | | | |
| 3130 | Mark Mouty | 63-165 | 4520-26 S Drexel Boulevard | $ 10,000.00 | | LLC membership interest | | | | | | | |
| 3130 | Mark P. Mouty | 70-165 | 638 N Avers Avenue | $ 25,000.00 | $ 6,222.00 | Transaction to roll loan to SSDF6 equity fund was subsequently voided | | $ 6,470.15 | | | | | |
| 3130 | Mark P. Mouty | 77-165 | 7750-58 S Muskegon Avenue | $ 50,000.00 | $ 20,500.00 | Transaction to roll loan to SSDF6 equity fund was subsequently voided | | $ 7,885.34 | | | | | |
| 3130 | Mark Mouty. | 119-165 | 4019 S Indiana | $ 702.77 | $ 273.51 | | | | | | | | |
| 3130 | Mark P. Mouty | 906-165 | SSDF6 | | | Rollover to SSDF6 was voided. Duplicative of claims 4-165, 9-165, 70-165, 77-165, and 119-165 | | | | | | | |
| 3130 | Inspira Financial Custodian FBO Mark P. Mouty | 63-334 | 4520-26 S Drexel Boulevard | $ 100,000.00 | $ 15,200.00 | LLC membership interest; prerollover distributions from loan secured by 7051 S Bennett | | | | | | | |
| 3130 Total | | | | $ 280,702.77 | $ 56,360.01 | | $ - | $ 52,012.25 | $ 7,147.28 | $ 115,519.54 | 41.15% | $ 70,022.17 | 66.10% |
| 4142 | Meadows Enterprises Inc, Kenyon Meadows, president | 13-429 | 2909 E 78th Street | $ 50,000.00 | $ 3,124.99 | | | $ 19,820.32 | | | | | |
| 4142 | Meadows Enterprises Inc. | 79-429 | 6160-6212 S Martin Luther King Driv | $ 25,000.00 | $ 6,136.05 | | | $ 1,823.73 | | | | | |
| 4142 Total | | | | $ 75,000.00 | $ 9,261.04 | | $ - | $ 21,644.05 | $ - | $ 30,905.09 | 41.21% | $ 18,669.16 | 66.10% |
| 4386 | Mark and Julie Akita | 10-1364 | 7301-09 S Stewart Avenue | $ 100,000.00 | $ 9,478.09 | | | $ 29,398.73 | $ 2,337.98 | | | | |
| 4386 Total | | | | $ 100,000.00 | $ 9,478.09 | | $ - | $ 29,398.73 | $ 2,337.98 | $ 41,214.80 | 41.21% | $ 24,884.20 | 66.10% |
| 3083 | American Estate & Trust LC, FBO Lynn Kupfer's IRA | 5-1319 | 7749 S Yates Boulevard | $ 100,000.00 | $ 16,783.00 | | | $ 20,075.13 | $ 2,361.36 | | | | |
| 3083 | Lynn Kupfer | 13-1321 | 2909 E 78th Street | $ 75,000.00 | $ 2,704.00 | | | $ 30,569.16 | | | | | |
| 3083 Total | | | | $ 175,000.00 | $ 19,487.00 | | $ - | $ 50,644.29 | $ 2,361.36 | $ 72,492.65 | 41.42% | $ 43,180.59 | 66.10% |
| 4092 | Jeffery B McMeans | 13-279 | 2909 E 78th Street | $ 50,000.00 | $ 3,759.88 | Lender is JDM 401K Trust | | $ 19,551.87 | $ 2,490.81 | | | | |
| 4092 | JDM Trust | 79-279 | 6160-6212 S Martin Luther King Driv | $ 50,000.00 | $ 12,205.61 | | | $ 3,653.89 | | | | | |
| 4092 Total | | | | $ 100,000.00 | $ 15,965.49 | | $ - | $ 23,205.76 | $ 2,490.81 | $ 41,662.06 | 41.66% | $ 24,436.94 | 66.10% |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4432 | iPlanGroup Agent for Custodian FBO Darrell Duty IRA | 2-2018 | 4533-47 S Calumet Avenue | $ 6,500.00 | $ 1,671.04 | | | $ 4,828.96 | | | | | |
| 4432 | Darrell W and Frances C Duty | 1-2018 | 1700 Juneway Terrace | $ 10,000.00 | $ 1,625.59 | | | $ 3,248.44 | | | | | |
| 4432 | Darrell W. Duty | 5-2018 | 7749-59 S Yates Boulevard | $ 4,000.00 | $ 23.11 | | | $ 959.38 | | | | | |
| 4432 | Darrell W. Duty | 902-2018 | 1131 E 79th | $ 10,000.00 | $ 429.17 | LLC membership interest | | | | | | | |
| **4432 Total** | | | | **$ 30,500.00** | **$ 3,748.91** | | **$ -** | **$ 9,036.78** | **$ -** | **$ 12,785.69** | **41.92%** | **$ 7,374.50** | **66.10%** |
| 3057 | Jason Ragan | 1-796 | 1700 Juneway Terrace | $ 20,000.00 | $ 3,194.40 | Transaction to roll loan to SSDF6 equity fund was subsequently voided. | | $ 6,518.91 | $ 21,707.11 | | | | |
| 3057 | Jason Ragan - TSA | 13-796 | 2909 E 78th Street | $ 54,500.00 | $ 3,964.86 | | | $ 21,367.95 | | | | | |
| 3057 | Jason Ragan | 61-796 | 7237 S Bennett Avenue | $ 25,500.00 | $ 5,989.67 | | | $ 5,974.86 | | | | | |
| 3057 | Jason Ragan | 87-796 | 7508 S Essex Avenue | $ 16,100.00 | $ 4,573.22 | | | $ 6,890.38 | | | | | |
| 3057 | Jason Ragan | 89-796 | 7600 S Kingston Avenue | $ 29,562.00 | $ 8,405.47 | | | $ 12,358.96 | | | | | |
| 3057 | Jason Ragan | 96-796 | 8326-32 S Ellis Avenue | $ 276,490.00 | $ 45,467.20 | | | $ 76,290.27 | | | | | |
| 3057 | Jason Ragan | 130-796 | 4511 N. Merimac Ave. Chicago, IL 60 | $ 4,935.26 | $ 2,123.28 | | | | | | | | |
| 3057 | Jason Ragan | 911-796 | Hybrid Capital Fund | $ 24,300.00 | | Funds wired 5/23/2018 | | | | | | | |
| 3057 | Jason Ragan | 135-796 | 4930 W. Cornelia, Chicago, IL 60641 | $ 5,525.25 | $ 2,072.46 | | | | | | | | |
| 3057 | Jason Ragan | 69-796 | 6250 S Mozart Avenue | $ 14,150.74 | $ 3,805.84 | | | $ 4,902.99 | | | | | |
| 3057 | NBFAR Investment, LLC | 5-797 | 7749 S Yates Boulevard | $ 3,451.00 | $ 805.65 | Pro-rata share of pre-rollover distributions from the loans secured by 4611 S Drexel and 7024 S Paxton | | $ 638.16 | | | | | |
| 3057 | NBFAR Investment, LLC - Jason Ragan - TSA | 9-797 | 8100 S Essex Avenue | $ 1,574.00 | $ 369.84 | Pre-rollover distributions on loan secured by 4611 S Drexel | | $ 441.33 | | | | | |
| 3057 | Jason Ragan - TSA | 13-797 | 2909 E 78th Street | $ 100,000.00 | $ 5,208.50 | Pre-rollover distributions on loan secured by 4611 S Drexel | | $ 40,081.01 | | | | | |
| 3057 | NBFAR Investment LLC | 60-797 | 7026 S Cornell Avenue | $ 1,241.00 | $ 283.91 | Pro-rata share of pre-rollover distributions on loan secured by 7024 S Paxton | | $ 858.75 | | | | | |
| 3057 | NBFAR Investment LLC | 77-797 | 7750-58 S Muskegon Avenue | $ 2,022.00 | $ 474.46 | Pro-rata share of pre-rollover distributions on loan secured by 4611 S Drexel | | $ 413.66 | | | | | |
| 3057 | NBFAR Investment LLC | 78-797 | 7201 S Constance Avenue | $ 4,747.00 | $ 1,058.29 | Pro-rata share of pre-rollover distributions on loan secured by 4611 S Drexel | | $ 1,759.34 | | | | | |
| 3057 | Jason Ragan - TSA | 79-797 | 6160-6212 S Martin Luther King Driv | $ 110,000.00 | $ 23,379.55 | Transaction to roll loan to SSDF6 equity fund was subsequently voided | | $ 8,374.30 | | | | | |
| 3057 | Jason Ragan - TSA | 904-797 | Legacy Fund SSDF 4 | $ 50,000.00 | $ 3,783.33 | | | | | | | | |
| 3057 | NBFAR Investment LLC | 84-797 | 7051 S Bennett Avenue | $ 21,523.00 | $ 5,047.86 | Transaction to roll loan to SSDF8 and Mezzanine equity funds was subsequently voided. Pro-rata share of pre-rollover distributions on loan secured by 7026 Paxton. | | $ 12,073.55 | | | | | |
| 3057 | NBFAR Investment LLC | 91-797 | 7701 S Essex Avenue | $ 6,665.00 | $ 1,616.53 | Transaction to roll loan to SSDF8 and Mezzanine equity funds was subsequently voided. Pro-rata share of pre-rollover distributions on loan secured by 7026 Paxton. | | $ 3,729.12 | | | | | |
| 3057 | NBFAR Investment LLC | 96-797 | 8326-32 S Ellis Avenue | $ 26,029.00 | $ 7,219.86 | Transaction to roll loan to SSDF8 and Mezzanine equity funds was subsequently voided. Pre-rollover distributions on loan secured by 4611 Drexel. | | $ 6,211.31 | | | | | |
| 3057 | Vanguard, FBO Jason Ragan Roth IRA 85346124 | 1-1133 | 1700 Juneway Terrace | $ 10,000.00 | $ 1,593.92 | Transaction to roll loan to SSDF6 equity fund was subsequently voided. | | $ 3,260.73 | | | | | |
| 3057 | Vanguard, FBO Jason Ragan Roth IRA 85346124 | 87-1133 | 7508 S Essex Avenue | $ 20,600.00 | $ 5,851.47 | | | $ 8,816.26 | | | | | |
| 3057 | Vanguard, FBO Jason Ragan Roth IRA 85346124 | 109-1133 | 4750 S Indiana Avenue | $ 80,000.00 | $ 10,621.55 | Claimant agreed to rollover this loan to SSDF4 in November 2017 | | $ - | | | | | |
| 3057 | Vanguard, FBO Jason Ragan Roth IRA 85346124 | 908-1133 | SSDF 8 | $ 17,450.00 | | Funds wired 5/23/2018 | | | | | | | |
| **3057 Total** | | | | **$ 926,365.25** | **$ 146,911.12** | | **$ -** | **$ 220,961.84** | **$ 21,707.11** | **$ 389,580.07** | **42.05%** | **$ 222,738.07** | **66.10%** |
| 3002 | Grathia Corp | 5-1445 | 7749 S Yates Boulevard | $ 149,081.00 | $ 26,891.79 | | | $ 29,476.72 | | | | | |
| 3002 | Grathia Corp | 6-1445 | 6437 S Kenwood Avenue | $ 57,000.00 | $ 8,513.58 | | | $ 34,062.90 | | | | | |
| 3002 | Grathia Corp | 10-1445 | 7301-09 S Stewart Avenue | $ 100,000.00 | $ 9,201.09 | | | $ 29,488.70 | | | | | |
| 3002 | Grathia Corp | 63-1445 | 4520-26 S Drexel Boulevard | $ 100,000.00 | | LLC membership interest | | | | | | | |
| 3002 | Grathia Corporation | 64-1445 | 4611 S Drexel Boulevard | $ 150,000.00 | $ 19,875.70 | | | $ 130,124.30 | | | | | |
| 3002 | Grathia Corp | 74-1445 | 3074 Cheltenham Place | $ 100,000.00 | $ 32,600.07 | | | $ 41,937.47 | | | | | |
| 3002 | Grathia Corporation | 79-1445 | 6160-6212 S Martin Luther King Driv | $ 50,000.00 | $ 12,205.61 | | | $ 3,653.89 | | | | | |
| 3002 | Grathia Corporation | 94-1445 | 816-20 E Marquette Road | $ 35,000.00 | $ 7,907.08 | | | $ 20,012.55 | | | | | |
| 3002 | Grathia Corporation | 100-1445 | 11117-11119 S Longwood Drive | $ 53,000.00 | $ 3,607.97 | | | $ 20,094.21 | | | | | |
| 3002 | Grathia Corp | 102-1445 | 7927-29 S Essex Avenue | $ 50,000.00 | $ 5,279.17 | | | $ 11,507.67 | | | | | |
| 3002 | Grathia Corp | 904-1445 | Legacy Fund SSDF 4 | $ 150,000.00 | $ 500.00 | | | | | | | | |
| 3002 | Grathia Corp | 908-1445 | SSDF 8 | $ 50,000.00 | | Funds wired on 6/4/2018. SSDF8 voided but funds were not returned. | | | | | | | |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3002 | United Capital Properties, LLC | 5-1480 | 7749 S Yates Boulevard | $ 979.00 | $ 249.42 | Pro-rata share of pre-rollover distributions from the loan secured by 4611 S Drexel | | $ 176.00 | | | | | |
| 3002 | United Capital Properties, LLC | 75-1480 | 7625-33 S East End Avenue | $ 2,303.00 | $ 306.13 | | | $ 1,996.87 | | | | | |
| 3002 | United Capital Properties, LLC | 79-1480 | 6160-6212 S Martin Luther King Driv | $ 30,000.00 | $ 7,253.33 | | | $ 2,199.11 | | | | | |
| 3002 | United Capital Properties, LLC | 84-1480 | 7051 S Bennett Avenue | $ 26,492.53 | $ 9,357.47 | Pro-rata share of pre-rollover distributions on loan secured by 4611 S Drexel. Transaction to roll part of loan (26,492.53) to Mezzanine equity fund was subsequently voided. Claimant agreed to rollover part of this loan ($10,237.47) to SSDF4 in June 2018. | | $ 12,557.16 | | | | | |
| 3002 | United Capital Properties, LLC | 89-1480 | 7600 S Kingston Avenue | $ 8,119.42 | $ 2,867.86 | Pro-rata share of pre-rollover distributions on loan secured by 4611 S Drexel. Claimant agreed to rollover portion of this loan ($3,137.58) to SSDF4 in June 2018. Transaction to roll balance of loan ($8,119.42) to Mezzanine fund was subsequently voided. | | $ 3,067.79 | | | | | |
| 3002 | United Capital Properties, LLC | 92-1480 | 7748-50 S Essex Avenue | $ 6,296.75 | $ 2,224.12 | Pro-rata share of pre-rollover distributions on loan secured by 4611 S Drexel. Claimant agreed to rollover portion of this loan ($2,433.25) to SSDF4 in June 2018 (904-1480).. Transaction to roll balance of loan to Mezzanine Fund subsequently voided. | | $ 2,263.92 | | | | | |
| 3002 | United Capital Properties, LLC | 904-1480 | Legacy Fund SSDF 4 | $ 70,808.00 | $ 9,317.59 | Pre-rollover distributions on loan secured by 7024 Paxton | | | | | | | |
| **3002 Total** | | | | **$ 1,189,079.70** | **$ 158,157.98** | | **$ -** | **$ 342,619.26** | **$ -** | **$ 500,777.24** | **42.11%** | **$ 285,192.51** | **66.10%** |
| 4095 | Zouhair and Nada Stephan | 100-283 | 11117-11119 S Longwood Drive | $ 150,000.00 | $ 22,660.17 | | | $ 51,805.79 | $ 7,013.95 | | | | |
| 4095 | Zouhair and Nada Stephan | 102-283 | 7927-29 S Essex Avenue | $ 150,000.00 | $ 8,625.04 | | | $ 36,378.94 | | | | | |
| **4095 Total** | | | | **$ 300,000.00** | **$ 31,285.21** | | **$ -** | **$ 88,184.73** | **$ 7,013.95** | **$ 126,483.89** | **42.16%** | **$ 71,813.10** | **66.10%** |
| 4406 | Francisco Fernandez | 10-1450 | 7301-09 S Stewart Avenue | $ 250,000.00 | $ 26,590.76 | | | $ 72,556.45 | $ 20,956.81 | | | | |
| 4406 | Francisco Fernandez | 13-1450 | 2909 E 78th Street | $ 50,000.00 | $ 1,652.77 | | | $ 20,442.82 | | | | | |
| 4406 | Francisco Fernandez | 79-1450 | 6160-6212 S Martin Luther King Driv | $ 65,000.00 | $ 15,953.95 | | | $ 4,741.68 | | | | | |
| 4406 | Francisco Fernandez | 83-1450 | 6356 S California Avenue | $ 41,604.00 | $ 10,056.60 | Pro-rata share of pre-rollover distributions on loan secured by 4611 S Drexel | | $ 11,206.50 | | | | | |
| 4406 | Francisco Fernandez | 85-1450 | 7201-07 S Dorchester Avenue | $ 23,396.00 | $ 5,382.34 | Pro-rata share of pre-rollover distributions on loan secured by 4611 S Drexel | | $ 5,802.78 | | | | | |
| 4406 | Francisco Fernandez | 92-1450 | 7748-50 S Essex Avenue | $ 50,000.00 | $ 14,116.67 | | | $ 19,947.08 | | | | | |
| 4406 | Francisco Fernandez | 96-1450 | 8326-32 S Ellis Avenue | $ 45,000.00 | $ 5,680.00 | | | $ 12,984.58 | | | | | |
| 4406 | Francisco Fernandez | 102-1450 | 7927-29 S Essex Avenue | $ 165,000.00 | $ 21,782.13 | Pre-rollover distributions on loans secured by 7024 S Paxton and 7616 S Phillips | | $ 36,853.16 | | | | | |
| 4406 | Francisco Fernandez | 122-1450 | 7616-7624 S Phillips Avenue, Chicago | $ 175,000.00 | $ 61,577.86 | | | | | | | | |
| **4406 Total** | | | | **$ 865,000.00** | **$ 162,793.08** | | **$ -** | **$ 184,535.05** | **$ 20,956.81** | **$ 368,284.94** | **42.58%** | **$ 203,471.38** | **66.10%** |
| 4079 | Raymond Thompson Investment Trust | 5-251 | 7749 S Yates Boulevard | $ 30,000.00 | $ 1,937.50 | | | $ 6,769.75 | $ 1,870.39 | | | | |
| 4079 | Raymond Thompson Investment Trust LLC | 96-251 | 8326-32 S Ellis Avenue | $ 50,000.00 | $ 10,688.94 | | | $ 12,981.63 | | | | | |
| **4079 Total** | | | | **$ 80,000.00** | **$ 12,626.44** | | **$ -** | **$ 19,751.38** | **$ 1,870.39** | **$ 34,248.21** | **42.81%** | **$ 18,630.99** | **66.10%** |
| 4316 | Victor M. Shaw and Jane R. Shaw, Trustees, or their Successor(s) in | 3-1040 | 5001 S Drexel Boulevard | $ 50,000.00 | $ 3,750.00 | LLC membership interest | | | $ 6,921.02 | | | | |
| 4316 | Shaw Family Trust | 78-1040 | 7201 S Constance Avenue | $ 55,000.00 | $ 15,950.00 | | | $ 18,624.96 | | | | | |
| 4316 | Shaw Family Trust, Victor M. Shaw and Jane R. Shaw, Trustees, or | 79-1040 | 6160-6212 S Martin Luther King Driv | $ 50,000.00 | $ 12,272.28 | | | $ 3,647.45 | | | | | |
| 4316 | Shaw Family Trust, a revocable trust | 96-1040 | 8326-32 S Ellis Avenue | $ 50,000.00 | $ 10,905.60 | | | $ 12,910.08 | | | | | |
| 4316 | The Shaw Family Trust | 100-1040 | 11117-11119 S Longwood Drive | $ 50,000.00 | $ 6,094.92 | | | $ 17,861.95 | | | | | |
| 4316 | Victor Shaw | 102-1040 | 7927-29 S Essex Avenue | $ 30,000.00 | $ 7,426.06 | Pre-rollover distributions on loan secured by 6558 S Vernon | | $ 5,808.78 | | | | | |
| **4316 Total** | | | | **$ 285,000.00** | **$ 56,398.86** | | **$ -** | **$ 58,853.22** | **$ 6,921.02** | **$ 122,173.10** | **42.87%** | **$ 66,209.04** | **66.10%** |
| 4248 | LaMore, LLC  (George Elmore & Marti LaTour) | 10-765 | 7301-09 S Stewart Avenue | $ 250,000.00 | $ 27,499.98 | | | $ 72,617.51 | $ 7,247.75 | | | | |
| **4248 Total** | | | | **$ 250,000.00** | **$ 27,499.98** | | **$ -** | **$ 72,617.51** | **$ 7,247.75** | **$ 107,365.24** | **42.95%** | **$ 57,882.25** | **66.10%** |
| 3033 | Dee Ann Nason | 1-453 | 1700 Juneway Terrace | $ 50,000.00 | $ 8,811.07 | | | $ 15,977.22 | $ 7,106.65 | | | | |
| 3033 | Dee Ann Nason | 10-453 | 7301-09 S Stewart Avenue | $ 50,000.00 | $ 15,343.41 | Pre-rollover distributions on loan secured by 4533 S Calumet | | $ 11,255.40 | | | | | |
| 3033 | Dee Ann Nason | 13-453 | 2909 E 78th Street | $ 50,000.00 | $ 2,322.22 | | | $ 20,159.76 | | | | | |
| 3033 | Dee Ann Nason | 64-453 | 4611 S Drexel Boulevard | $ 3,965.00 | $ 396.30 | | | $ 3,568.70 | | | | | |
| 3033 | Dee Ann Nason | 96-453 | 8326-32 S Ellis Avenue | $ 50,000.00 | $ 10,572.27 | | | $ 13,020.15 | | | | | |
| 3033 | Dee Ann Nason | 100-453 | 11117-11119 S Longwood Drive | $ 50,000.00 | $ 6,086.59 | | | $ 17,865.34 | | | | | |
| 3033 | The Entrust Group Inc., FBO DeeAnn Nason, 7230011277 | 63-790 | 4520-26 S Drexel Boulevard | $ 50,000.00 | | LLC membership interest | | | | | | | |
| 3033 | The Entrust Group Inc, FBO Dee Ann Nason, 7230011277 | 71-790 | 701 S 5th Avenue | $ 50,000.00 | $ 11,194.51 | | | $ 14,278.27 | | | | | |
| 3033 | The Entrust Group Inc., FBO DeeAnn Nason, 7230011277 | 79-790 | 6160-6212 S Martin Luther King Driv | $ 50,000.00 | $ 11,855.61 | | | $ 3,687.73 | | | | | |
| **3033 Total** | | | | **$ 403,965.00** | **$ 66,581.98** | | **$ -** | **$ 99,812.57** | **$ 7,106.65** | **$ 173,501.20** | **42.95%** | **$ 93,515.61** | **66.10%** |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4165 | JLE Investments LLC | 109-501 | 4750 S Indiana Avenue | $ 13,204.91 | $ 5,484.06 | Claimant agreed to rollover this loan to unsecured promissory note in August 2017 | | $ - | $ 194.76 | | | | |
| 4165 Total | | | | $ 13,204.91 | $ 5,484.06 | | $ - | $ - | $ 194.76 | $ 5,678.82 | 43.01% | $ 3,049.49 | 66.10% |
| 4449 | The Peter Paul Nuspl Living Trust | 904-2044 | Legacy Fund SSDF 4 | $ 1,123,278.00 | $ 484,912.16 | $5000 added to "proceeds related case" for $5,000 referral fee received for referring Jackie Rowe | | | | | | | |
| 4449 Total | | | | $ 1,123,278.00 | $ 484,912.16 | | $ - | $ - | $ - | $ 484,912.16 | 43.17% | $ 257,563.33 | 66.10% |
| 4311 | Elaine Sison Ernst | 1-1029 | 1700 Juneway Terrace | $ 30,000.00 | $ 5,066.67 | | | $ 9,671.66 | | | | | |
| 4311 | Elaine Sison Ernst | 6-1029 | 6437 S Kenwood Avenue | $ 15,000.00 | $ 822.50 | | | $ 9,960.04 | | | | | |
| 4311 | Elaine Sison Ernst | 79-1029 | 6160-6212 S Martin Luther King Driv | $ 50,000.00 | $ 11,805.61 | | | $ 3,692.56 | | | | | |
| 4311 Total | | | | $ 95,000.00 | $ 17,694.78 | | $ - | $ 23,324.26 | $ - | $ 41,019.04 | 43.18% | $ 21,775.01 | 66.10% |
| 3016 | Madison Trust Company Custodian FBO Indranie Jodha M1708122 | 904-116 | Legacy Fund SSDF 4 | $ 32,000.00 | $ 5,686.87 | | | | | | | | |
| 3016 | Chetram Jodha | 69-2094 | 6250 S Mozart Avenue | $ 20,000.00 | $ 5,784.71 | | | $ 6,737.37 | | | | | |
| 3016 | Chetram Jodha | 83-2094 | 6356 S California Avenue | $ 20,000.00 | $ 8,977.84 | Pre-rollover distributions on loan secured by 7200 Stoney Island | | $ 3,915.37 | | | | | |
| 3016 Total | | | | $ 72,000.00 | $ 20,449.42 | | $ - | $ 10,652.74 | $ - | $ 31,102.16 | 43.20% | $ 16,489.12 | 66.10% |
| 3018 | Celia Tong Revocable Living Trust Dated December 22, 2011 | 115-287 | 109 N. Laramie (Property number 00 | $ 2,065.00 | $ 3,285.61 | | | | $ 644.47 | | | | |
| 3018 | Celia Tong Revocable Living Trust Dated December 22, 2011 | 904-287 | Legacy Fund SSDF 4 | $ 26,147.52 | $ 8,910.56 | | | | | | | | |
| 3018 | Blessing Strategies, LLC | 904-353 | Legacy Fund SSDF 4 | $ 29,784.00 | $ 13,548.97 | | | | $ 696.35 | | | | |
| 3018 | Quantum Growth Holdings LLC | 904-354 | Legacy Fund SSDF 4 | $ 12,133.00 | $ 2,921.15 | | | | $ 358.20 | | | | |
| 3018 Total | | | | $ 70,129.52 | $ 28,666.29 | | $ - | $ - | $ 1,699.02 | $ 30,365.31 | 43.30% | $ 15,989.60 | 66.10% |
| 3114 | Steven G. Mouty | 4-566 | 5450-52 S Indiana Avenue | $ 50,000.00 | $ 10,372.27 | | | $ 33,603.50 | | | | | |
| 3114 | Steven G. Mouty | 5-821 | 7749 S Yates Boulevard | $ 50,000.00 | $ 9,265.93 | | | $ 9,826.62 | $ 13,209.61 | | | | |
| 3114 | Steven G. Mouty | 13-821 | 2909 E 78th Street | $ 115,000.00 | $ 5,286.81 | | | $ 46,390.40 | | | | | |
| 3114 | The Steven G. Mouty Trust | 100-821 | 11117-11119 S Longwood Drive | $ 150,000.00 | $ 20,372.67 | | | $ 52,736.42 | | | | | |
| 3114 | Steven G. Mouty | 102-821 | 7927-29 S Essex Avenue | $ 100,000.00 | $ 10,400.33 | | | $ 23,056.00 | | | | | |
| 3114 | The Steven G. Mouty Trust | 904-821 | Legacy Fund SSDF 4 | $ 100,000.00 | $ 6,700.00 | | | | | | | | |
| 3114 | The Wanda M. Behling Trust | 4-1025 | 5450-52 S Indiana Avenue | $ 11,219.00 | $ 1,793.19 | Transaction to roll loan to SSDF6 equity fund was subsequently voided | | $ 7,992.89 | $ 1,010.45 | | | | |
| 3114 | The Wanda M. Behling Trust | 906-1025 | SSDF6 | | | Duplicative of claim 4-1025 | | | | | | | |
| 3114 | Wanda M. Behling | 10-1025 | 7301-09 S Stewart Avenue | $ 32,500.00 | $ 2,195.94 | | | $ 9,841.83 | | | | | |
| 3114 Total | | | | $ 608,719.00 | $ 66,387.14 | | $ - | $ 183,447.66 | $ 14,220.06 | $ 264,054.86 | 43.38% | $ 138,302.29 | 66.10% |
| 3001 | John A. Martino & Carole J. Wysocki JTWROS | 79-1493 | 6160-6212 S Martin Luther King Driv | $ 50,000.00 | $ 12,171.78 | | | $ 3,657.16 | | | | | |
| 3001 | John A. Martino | 1-1494 | 1700 Juneway Terrace | $ 100,000.00 | $ 17,205.59 | | | $ 32,116.02 | | | | | |
| 3001 Total | | | | $ 150,000.00 | $ 29,377.37 | | $ - | $ 35,773.18 | $ - | $ 65,150.55 | 43.43% | $ 33,997.95 | 66.10% |
| 3022 | Danyel Tiefenbacher and Jamie Lai | 74-510 | 3074 Cheltenham Place | $ 50,000.00 | $ 13,599.93 | | | $ 22,648.79 | $ 3,638.51 | | | | |
| 3022 | Danyel Tiefenbacher and Jamie Lai | 67-646 | 1131-41 E 79th Place | $ 50,000.00 | $ 1,875.00 | LLC membership interest | | | | | | | |
| 3022 | Danyel Tiefenbacher and Jamie Lai | 100-646 | 11117-11119 S Longwood Drive | $ 50,000.00 | $ 5,203.25 | | | $ 18,224.71 | | | | | |
| 3022 Total | | | | $ 150,000.00 | $ 20,678.18 | | $ - | $ 40,873.50 | $ 3,638.51 | $ 65,190.19 | 43.46% | $ 33,958.31 | 66.10% |
| 4161 | Kelvin Kon | 10-492 | 7301-09 S Stewart Avenue | $ 50,000.00 | $ 3,988.90 | | | $ 14,942.99 | $ 2,221.08 | | | | |
| 4161 | Kelvin Kon | 13-492 | 2909 E 78th Street | $ 45,000.00 | $ 2,408.75 | | | $ 18,009.00 | | | | | |
| 4161 Total | | | | $ 95,000.00 | $ 6,397.65 | | $ - | $ 32,951.99 | $ 2,221.08 | $ 41,570.72 | 43.76% | $ 21,223.33 | 66.10% |
| 4455 | Madison Trust Acc Nr M1707067 fbo Harry L Shaffer | 10-2053 | 7301-09 S Stewart Avenue | $ 100,000.00 | $ 9,252.29 | | | $ 29,472.07 | | | | | |
| 4455 | Madison Trust Company Custodian FBO Harry Shaffer #M1707067 | 100-2053 | 11117-11119 S Longwood Drive | $ 100,000.00 | $ 13,733.75 | | | $ 35,095.78 | | | | | |
| 4455 Total | | | | $ 200,000.00 | $ 22,986.04 | | $ - | $ 64,567.85 | $ - | $ 87,553.89 | 43.78% | $ 44,644.10 | 66.10% |
| 3101 | Ranell Durgan | 92-454 | 7748-50 S Essex Avenue | $ 50,000.00 | $ 15,977.69 | | | $ 18,912.56 | | | | | |
| 3101 | Ranell Durgan | 92-514 | 7748-50 S Essex Avenue | | | This is a duplicate of Claim 92-454 | | | $ 1,168.99 | | | | |
| 3101 | Ranell Durgan | 102-515 | 7927-29 S Essex Avenue | | | This is a duplicate of claim 102-762 | | $ - | | | | | |
| 3101 | Ranell Durgan (Polycomp Trust Company_CFBO) | 102-762 | 7927-29 S Essex Avenue | $ 200,000.00 | $ 23,896.65 | Lender is Polycomp Trust Co. CFBO Ranell Durgan SEP IRA (claim 102-515 is duplicative) | | $ 45,315.33 | $ 4,675.97 | | | | |
| 3101 Total | | | | $ 250,000.00 | $ 39,874.34 | | $ - | $ 64,227.89 | $ 5,844.96 | $ 109,947.19 | 43.98% | $ 55,300.30 | 66.10% |
| 4124 | Seadog Properties, LLC | 4-381 | 5450-52 S Indiana Avenue | $ 24,000.00 | $ 4,398.67 | | | $ 16,621.52 | $ 3,132.90 | | | | |
| 4124 | Seadog Properties, LLC | 67-381 | 1131-41 E 79th Place | $ 50,000.00 | $ 2,000.00 | LLC membership interest | | | | | | | |
| 4124 | Seadog Properties, LLC | 95-381 | 8201 S Kingston Avenue | $ 60,000.00 | $ 18,677.60 | | | $ 14,202.13 | | | | | |
| 4124 Total | | | | $ 134,000.00 | $ 25,076.27 | | $ - | $ 30,823.65 | $ 3,132.90 | $ 59,032.82 | 44.05% | $ 29,539.84 | 66.10% |
| 4171 | Greg Oja | 904-518 | Legacy Fund SSDF 4 | $ 15,000.00 | $ 6,300.00 | | | | $ 350.70 | | | | |
| 4171 Total | | | | $ 15,000.00 | $ 6,300.00 | | $ - | $ - | $ 350.70 | $ 6,650.70 | 44.34% | $ 3,264.15 | 66.10% |
| 4352 | Robert E. Jeter | 10-1230 | 7301-09 S Stewart Avenue | $ 150,000.00 | $ 13,200.00 | | | $ 44,428.44 | $ 7,013.95 | | | | |
| 4352 | Robert E. Jeter | 13-1230 | 2909 E 78th Street | $ 150,000.00 | $ 8,808.33 | | | $ 59,700.56 | | | | | |
| 4352 Total | | | | $ 300,000.00 | $ 22,008.33 | | $ - | $ 104,129.00 | $ 7,013.95 | $ 133,151.28 | 44.38% | $ 65,145.71 | 66.10% |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3118 | FMTC FBO Stuart Edelman #168890553 | 9-103 | 8100 S Essex Avenue | $ 106,000.00 | $ 32,062.42 | | | $ 27,098.31 | | | | | |
| 3118 | FMTC FBO Stuart Edelman #168890553 | 87-103 | 7508 S Essex Avenue | $ 50,000.00 | $ 15,036.03 | | | $ 20,900.48 | | | | | |
| 3118 | FMTC FBO Stuart Edelman #168890553 | 95-103 | 8201 S Kingston Avenue | $ 50,000.00 | $ 16,064.67 | | | $ 11,663.26 | | | | | |
| 3118 | FMTC FBO Stuart Edelman #168890553 | 102-103 | 7927-29 S Essex Avenue | $ 35,000.00 | $ 4,010.92 | | | $ 7,974.18 | | | | | |
| 3118 | Stuart Edelman | 67-1201 | 1131-41 E 79th Place | $ 90,000.00 | $ 3,937.50 | LLC membership interest | | | | | | | |
| 3118 | Stuart Edelman | 95-1201 | 8201 S Kingston Avenue | $ 75,000.00 | $ 24,097.00 | | | $ 17,494.89 | | | | | |
| **3118 Total** | | | | **$ 406,000.00** | **$ 95,208.54** | | **$ -** | **$ 85,131.12** | **$ -** | **$ 180,339.66** | **44.42%** | **$ 88,022.27** | **66.10%** |
| 4147 | Arbor Ventures Overseas Limited LLC | 56-446 | 8209 S Ellis Avenue | $ 115,000.00 | $ 58,458.77 | Claimant agreed to rollover this loan to unsecured promissory note in November 2017. | | | | | | | |
| 4147 | Arbor Ventures Overseas Limited LLC | 80-446 | 2736 W 64th Street | $ 10,000.00 | $ 5,983.37 | Claimant agreed to rollover this loan to unsecured promissory note in November 2017.  Pro-rata share of post-rollover distributions on unsecured promissory note. | | | | | | | |
| 4147 | Arbor Ventures Overseas Limited, LLC | 116-446 | 1102 Bingham St, Houston TX 77007 | $ 50,000.00 | $ 13,916.86 | Claimant agreed to rollover this loan to unsecured promissory note | | $ - | | | | | |
| **4147 Total** | | | | **$ 175,000.00** | **$ 78,359.00** | | **$ -** | **$ -** | **$ -** | **$ 78,359.00** | **44.78%** | **$ 37,314.24** | **66.10%** |
| 3049 | Madison Trust Company Custodian FBO Rajesh Gupta #M1707030 | 100-1280 | 11117-11119 S Longwood Drive | $ 265,562.00 | $ 40,702.17 | | | $ 91,479.95 | | | | | |
| 3049 | Rajesh Gupta Roth IRA | 13-1282 | 2909 E 78th Street | $ 29,000.00 | $ 1,136.63 | | | $ 11,781.56 | | | | | |
| 3049 | Nisha Gupta Defined Benefit Plan and Trust | 13-1307 | 2909 E 78th Street | $ 80,500.00 | $ 3,457.57 | | | $ 32,576.11 | | | | | |
| 3049 | Nisha Gupta Defined Benefit Plan and Trust | 10-1311 | 7301-09 S Stewart Avenue | $ 175,000.00 | $ 18,438.43 | | | $ 50,846.39 | | | | | |
| 3049 | Nisha Gupta 401(K) Profit Sharing Plan & Trust | 10-1312 | 7301-09 S Stewart Avenue | $ 75,000.00 | $ 7,902.33 | | | $ 21,791.26 | | | | | |
| 3049 | Nisha Gupta 401(K) Profit Sharing Plan & Trust | 13-1317 | 2909 E 78th Street | $ 29,500.00 | $ 1,495.49 | | | $ 11,841.24 | | | | | |
| **3049 Total** | | | | **$ 654,562.00** | **$ 73,132.62** | | **$ -** | **$ 220,316.51** | **$ -** | **$ 293,449.13** | **44.83%** | **$ 139,209.78** | **66.10%** |
| 4280 | Sandy Kikerpill, Fresh Advantage | 10-875 | 7301-09 S Stewart Avenue | $ 100,000.00 | $ 9,161.09 | | | $ 29,501.69 | $ 5,447.50 | | | | |
| 4280 | Sandy Kikerpill, Fresh Advantage | 13-875 | 2909 E 78th Street | $ 100,000.00 | $ 5,730.56 | | | $ 39,860.27 | | | | | |
| **4280 Total** | | | | **$ 200,000.00** | **$ 14,891.65** | | **$ -** | **$ 69,361.96** | **$ 5,447.50** | **$ 89,701.11** | **44.85%** | **$ 42,496.88** | **66.10%** |
| 3054 | John McDevitt | 58-2090 | 5955 S Sacramento Avenue | $ 20,000.00 | $ 6,033.33 | | | $ 7,804.25 | $ 5,143.57 | | | | |
| 3054 | John McDevitt | 67-2090 | 1131-41 E 79th Place | $ 50,000.00 | $ 2,125.00 | LLC membership interest | | | | | | | |
| 3054 | John McDevitt | 100-2090 | 11117-11119 S Longwood Drive | $ 100,000.00 | $ 12,625.42 | | | $ 35,546.69 | | | | | |
| 3054 | John McDevitt | 904-2090 | Legacy Fund SSDF 4 | $ 50,000.00 | $ 3,466.67 | | | | | | | | |
| 3054 | Captain Jack, LLC | 6-2091 | 6437 S Kenwood Avenue | $ 75,000.00 | $ 11,220.83 | | | $ 44,806.43 | $ 2,221.08 | | | | |
| 3054 | Captain Jack, LLC c/o John McDevitt | 10-2091 | 7301-09 S Stewart Avenue | $ 20,000.00 | $ 5,835.58 | Pre-rollover distributions on loan secured by 4533 S Calumet | | $ 4,600.17 | | | | | |
| **3054 Total** | | | | **$ 315,000.00** | **$ 41,306.83** | | **$ -** | **$ 92,757.54** | **$ 7,364.65** | **$ 141,429.02** | **44.90%** | **$ 66,782.82** | **66.10%** |
| 4388 | Anant Topiwala | 124-1369 | 6801 S East End, Chicago, IL 60649 | $ 50,000.00 | $ 21,242.30 | | | | $ 1,227.85 | | | | |
| **4388 Total** | | | | **$ 50,000.00** | **$ 21,242.30** | | **$ -** | **$ -** | **$ 1,227.85** | **$ 22,470.15** | **44.94%** | **$ 10,579.35** | **66.10%** |
| 4315 | Estate of Howard Bybee | 4-1039-1 | 5450-52 S Indiana Avenue | $ 15,000.00 | $ 937.08 | | | $ 3,975.03 | | | | | |
| 4315 | Estate of Howard Bybee | 93-1039 | 7957-59 S Marquette Road | $ 50,000.00 | $ 18,016.67 | | | $ 9,951.25 | | | | | |
| 4315 | Kevin Bybee | 4-1039-2 | 5450-52 S Indiana Avenue | $ 15,000.00 | $ 937.08 | | | $ 3,975.02 | | | | | |
| 4315 | Kyle Bybee | 4-1039-3 | 5450-52 S Indiana Avenue | $ 15,000.00 | $ 937.08 | | | $ 3,975.02 | | | | | |
| **4315 Total** | | | | **$ 95,000.00** | **$ 20,827.91** | | **$ -** | **$ 21,876.32** | **$ -** | **$ 42,704.23** | **44.95%** | **$ 20,089.82** | **66.10%** |
| 4458 | Madison Trust Company Custodian FBO Janet Eileen Taylor M1608 | 64-2056 | 4611 S Drexel Boulevard | $ 30,225.00 | $ 4,683.23 | Claimant agreed to rollover this loan to SSDF1 in June 2017 (no separate claim against SSDF1) | | | | | | | |
| 4458 | Madison Trust Company Custodian FBO Janet Eileen Taylor M1608 | 70-2056 | 638 N Avers Avenue | $ 30,775.00 | $ 5,248.83 | Claimant agreed to rollover this loan to SSDF1 in June 2017 (no separate claim against SSDF1) | | | | | | | |
| 4458 | Madison Trust Company Custodian FBO Janet Eileen Taylor M1608 | 904-2056-1 | Legacy Fund SSDF 4 | $ 130,000.00 | $ 12,250.67 | | | | | | | | |
| 4458 | NUVIEW IRA Inc. FBO Janet Eileen Taylor #1512648 | 92-2056 | 7748-50 S Essex Avenue | $ 100,000.00 | $ 113,353.86 | Principal loan of $100,000 repaid to claimant in 2017. Principal and interest payments received by claimant exceed the amount of claimant's original loan | | | | | | | |
| 4458 | Janet Eileen Taylor | | 904-2056-2 Legacy Fund SSDF 4 | $ 50,000.00 | $ 14,193.75 | | | | | | | | |
| 4458 | NUVIEW IRA Inc FBO Janet Eileen Taylor Acct # 1512648 | | 904-2056-3 Legacy Fund SSDF 4 | $ 360,000.00 | $ 165,654.43 | | | | | | | | |
| **4458 Total** | | | | **$ 701,000.00** | **$ 315,384.77** | | **$ -** | **$ -** | **$ -** | **$ 315,384.77** | **44.99%** | **$ 147,969.20** | **66.10%** |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4104 | Gallowglass, LLC | 2-316 | 4533-37 S Calumet Avenue | $ 29,627.00 | $ 7,540.35 | Loan rolled to CCF1 but no claim submitted against those properties. Distributions on property include distributions on CCF1 loan. Pro-rata share of pre-rollover distributions on loan secured by 7024 S Paxton. | | | $ 2,104.19 | | | | |
| 4104 | Gallowglass, LLC | 60-316 | 7026 S Cornell Avenue | $ 3,547.00 | $ 837.33 | Pro-rata share of pre-rollover distributions on loan secured by 7024 S Paxton | | $ 2,431.27 | | | | | |
| 4104 | Gallowglass LLC | 83-316 | 6356 S California Avenue | $ 8,522.00 | $ 2,011.89 | Pro-rata share of pre-rollover distributions on loan secured by 7024 S Paxton | | $ 2,312.57 | | | | | |
| 4104 | Gallowglass LLC | 85-316 | 7201-07 S Dorchester Avenue | $ 8,304.00 | $ 1,849.67 | Pro-rata share of pre-rollover distributions on loan secured by 7024 S Paxton | | $ 2,079.15 | | | | | |
| 4104 | Gallowglass LLC | 100-316 | 11117-11119 S Longwood Drive | $ 50,000.00 | $ 5,982.42 | | | $ 17,907.72 | | | | | |
| 4104 Total | | | | $ 100,000.00 | $ 18,221.66 | | $ - | $ 24,730.71 | $ 2,104.19 | $ 45,056.56 | 45.06% | $ 21,042.44 | 66.10% |
| 3134 | Margaret M. Akita | 63-950 | 4520-26 S Drexel Boulevard | $ 50,000.00 | | LLC membership interest | | | | | | | |
| 3134 | The Akita Family Trust | 74-950 | 3074 Cheltenham Place | $ 50,000.00 | $ 13,099.93 | | | $ 22,959.90 | | | | | |
| 3134 | The Akita Family Trust | 88-950 | 7546 S Saginaw Avenue | $ 50,000.00 | $ 562.50 | | | $ 20,223.53 | | | | | |
| 3134 | The Akita Family Trust | 77-1361 | 7750-58 S Muskegon Avenue | $ 50,000.00 | $ 21,016.67 | | | $ 7,747.24 | $ 4,675.97 | | | | |
| 3134 Total | | | | $ 200,000.00 | $ 34,679.10 | | $ - | $ 50,930.67 | $ 4,675.97 | $ 90,285.74 | 45.14% | $ 41,912.25 | 66.10% |
| 4034 | Overhead Solutions Inc (Paul Collins) | 13-133 | 2909 E 78th Street | $ 50,000.00 | $ 2,511.18 | | | $ 20,079.86 | | | | | |
| 4034 Total | | | | $ 50,000.00 | $ 2,511.18 | | $ - | $ 20,079.86 | $ - | $ 22,591.04 | 45.18% | $ 10,458.46 | 66.10% |
| 4063 | Elizabeth Riley Gerber | 13-205 | 2909 E 78th Street | $ 50,000.00 | $ 2,652.77 | | | $ 20,019.99 | | | | | |
| 4063 Total | | | | $ 50,000.00 | $ 2,652.77 | | $ - | $ 20,019.99 | $ - | $ 22,672.76 | 45.35% | $ 10,376.74 | 66.10% |
| 4233 | Estate of Larry James Eggenberger | 13-713 | 2909 E 78th Street | $ 50,000.00 | $ 2,652.77 | | | $ 20,019.99 | | | | | |
| 4233 Total | | | | $ 50,000.00 | $ 2,652.77 | | $ - | $ 20,019.99 | | $ 22,672.76 | 45.35% | $ 10,376.74 | 66.10% |
| 3030 | Minchow, Donald | 13-2041 | 2909 E 78th Street | $ 75,000.00 | $ 4,821.00 | | | $ 29,674.03 | $ 5,260.46 | | | | |
| 3030 | Donald Minchow | 64-2041 | 4611 S Drexel Boulevard | $ 30,000.00 | $ 4,065.00 | Loan documents confirmed $30,000 loan in 4611 S Drexel. Claimant agreed to rollover this loan to SSDF1/4520 S Drexel in June 2017. No separate claim against SSDF1. | | | | | | | |
| 3030 | Donald Minchow | 89-2041 | 7600 S Kingston Avenue | $ 110,000.00 | $ 23,020.61 | Claimant agreed to rollover this loan to SSDF1 equity fund in June 2017 | | | | | | | |
| 3030 | Madison Trust Company Custodian FBO Donald Minchow M19030 | 70-2061 | 638 N Avers Avenue | $ 30,000.00 | $ 8,016.67 | | | $ 7,574.58 | $ 4,442.17 | | | | |
| 3030 | Madison Trust Company Custodian FBO Donald Minchow M19030 | 83-2061 | 6356 S California Avenue | $ 110,000.00 | $ 33,996.20 | | | $ 26,998.62 | | | | | |
| 3030 | Madison Trust Company Custodian FBO Don Minchow IRA Acct. # | 87-2061 | 7508 S Essex Avenue | $ 50,000.00 | $ 14,786.03 | | | $ 21,049.92 | | | | | |
| 3030 Total | | | | $ 405,000.00 | $ 88,705.51 | | $ - | $ 85,297.15 | $ 9,702.63 | $ 183,705.29 | 45.36% | $ 83,995.65 | 66.10% |
| 4003 | Gurinder Singh Dhillon | 13-66 | 2909 E 78th Street | $ 50,000.00 | $ 2,676.38 | | | $ 20,010.01 | | | | | |
| 4003 Total | | | | $ 50,000.00 | $ 2,676.38 | | $ - | $ 20,010.01 | $ - | $ 22,686.39 | 45.37% | $ 10,363.11 | 66.10% |
| 3100 | Phillip Silver Trust Dated 12/11/2008 | 96-94 | 8326-32 S Ellis Avenue | $ 50,000.00 | $ 11,038.94 | | | $ 12,866.05 | $ 1,168.99 | | | | |
| 3100 | OE Holdings LLC | 102-852 | 7927-29 S Essex Avenue | $ 30,000.00 | $ 2,795.50 | | | $ 7,000.33 | $ 701.40 | | | | |
| 3100 | Madison Trust Company Custodian FBO Sonia M Silver IRA M1612 | 96-963 | 8326-32 S Ellis Avenue | $ 50,000.00 | $ 10,647.27 | | | $ 12,995.39 | | | | | |
| 3100 Total | | | | $ 130,000.00 | $ 24,481.71 | | $ - | $ 32,861.77 | $ 1,870.39 | $ 59,213.87 | 45.55% | $ 26,714.83 | 66.10% |
| 4042 | Ellen Liu | 10-1354 | 7301-09 S Stewart Avenue | $ 250,000.00 | $ 25,569.76 | | | $ 72,888.04 | $ 9,351.94 | | | | |
| 4042 | Ellen Liu | 100-1354 | 11117-11119 S Longwood Drive | $ 150,000.00 | $ 22,547.63 | Pre-rollover distributions are distributions received prior to change of registration from Yin Liu to Ellen Liu | | $ 51,851.57 | | | | | |
| 4042 Total | | | | $ 400,000.00 | $ 48,117.39 | | $ - | $ 124,739.61 | $ 9,351.94 | $ 182,208.94 | 45.55% | $ 82,187.05 | 66.10% |
| 4272 | Focus4 Investments, LLC | 124-830 | 6801 S East End, Chicago, IL 60649 | $ 100,000.00 | $ 43,192.69 | | | | $ 2,439.69 | | | | |
| 4272 Total | | | | $ 100,000.00 | $ 43,192.69 | | $ - | $ - | $ 2,439.69 | $ 45,632.38 | 45.63% | $ 20,466.62 | 66.10% |
| 3079 | Wayne K. Larsen | 124-490 | 6801 S East End, Chicago, IL 60649 | | | Duplicate of claim 124-853 | | | | | | | |
| 3079 | Wayne K Larsen Diane Larsen | 124-853 | 6801 S East End, Chicago, IL 60649 | $ 110,000.00 | $ 50,327.19 | | | | | | | | |
| 3079 Total | | | | $ 110,000.00 | $ 50,327.19 | | $ - | $ - | $ - | $ 50,327.19 | 45.75% | $ 22,381.71 | 66.10% |
| 3129 | Pacific Ocean Services, Inc. | 68-1256 | 6217-27 S Dorchester Avenue | $ 100,000.00 | $ 18,765.34 | | | $ 37,584.39 | $ 4,091.47 | | | | |
| 3129 | Pacific Ocean Services Inc | 102-1256 | 7927-29 S Essex Avenue | $ 50,000.00 | $ 4,192.17 | Loan amount is $50,000. Claim included separate $100,000 loan secured by 6217 S Dorchester (68-1256) | | $ 11,787.38 | | | | | |
| 3129 | Best Capital Funding, Inc. | 84-1257 | 7051 S Bennett Avenue | $ 25,000.00 | $ 3,430.52 | Release of Mortgage executed by claimant on 4/26/2018 and recorded 5/7/2018 | | | $ 654.64 | | | | |
| 3129 Total | | | | $ 175,000.00 | $ 26,388.03 | | $ - | $ 49,371.77 | $ 4,746.11 | $ 80,505.91 | 46.00% | $ 35,167.33 | 66.10% |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3117 | Linda Lipschultz | 904-1374 | Legacy Fund SSDF 4 | $ 45,500.00 | $ 15,041.09 | | | | $ 1,333.35 | | | | |
| 3117 | IRA Services Trust Company CFBO Steven Charles Lipschultz Acct N | 904-1391 | Legacy Fund SSDF 4 | $ 60,000.00 | $ 17,673.55 | Pre-rollover distributions on loans secured by 7026 Cornell, 6217 Dorchester and unsecured promissory note. Disallow $11,126 accrued interest from 6548 Campbell | | | $ 1,123.92 | | | | |
| 3117 | LINDA MARIE LIPSCHULTZ & STEVEN CHARLES LIPSCHULTZ TRS FBO | 904-1399 | Legacy Fund SSDF 4 | $ 85,000.00 | $ 15,251.65 | | | | | | | | |
| 3117 | Steven Lipschultz | 126-1407 | 5201-5207 W Washington Blvd, Chic | $ 50,000.00 | $ 9,727.99 | | | | | | | | |
| 3117 | Steven Lipschultz | 55-1442 | 8107 S Ellis Avenue | $ 70,000.00 | $ 30,077.48 | The Receiver recommends disallowing $3,360 accrued interest claimant added to principal amount of loan | | $ 7,072.01 | $ 8,191.36 | | | | |
| 3117 | Steven Lipschultz | 77-1442 | 7750-58 S Muskegon Avenue | $ 100,000.00 | $ 47,451.50 | | | $ 14,046.20 | | | | | |
| 3117 | Steven Lipschultz | 93-1442 | 7957-59 S Marquette Road | $ 177,000.00 | $ 70,096.92 | | | $ 33,261.66 | | | | | |
| **3117 Total** | | | | **$ 587,500.00** | **$ 205,320.18** | | **$ -** | **$ 54,379.87** | **$ 10,648.63** | **$ 270,348.68** | **46.02%** | **$ 117,982.93** | **66.10%** |
| 4442 | Michael C. Jacobs | 2-2031 | 4533-37 S Calumet Avenue | $ 50,000.00 | $ 5,333.36 | | | $ 44,666.64 | $ 6,312.56 | | | | |
| 4442 | Michael C. Jacobs | 67-2031 | 1131-41 E 79th Place | $ 70,000.00 | $ 2,304.17 | LLC membership interest | | | | | | | |
| 4442 | Michael C. Jacobs | 73-2031 | 7255-57 S Euclid Avenue | $ 25,000.00 | $ 2,666.64 | | | $ 15,223.84 | | | | | |
| 4442 | Michael C. Jacobs | 78-2031 | 7201 S Constance Avenue | $ 25,000.00 | $ 2,666.64 | | | $ 10,651.93 | | | | | |
| 4442 | Michael C. Jacobs | 124-2031 | 6801 S East End, Chicago, IL 60649 | $ 100,000.00 | $ 34,500.89 | | | | | | | | |
| **4442 Total** | | | | **$ 270,000.00** | **$ 47,471.70** | | **$ -** | **$ 70,542.41** | **$ 6,312.56** | **$ 124,326.67** | **46.05%** | **$ 54,140.62** | **66.10%** |
| 4419 | Agee Family Trust c/o Scott R. Agee | 1-2001 | 1700 Juneway Terrace | $ 40,000.00 | $ 6,592.05 | | | $ 12,958.97 | | | | | |
| 4419 | Agee Family Trust c/o Scott R. Agee | 6-2001 | 6437 S Kenwood Avenue | $ 15,000.00 | $ 2,375.01 | | | $ 8,869.37 | | | | | |
| 4419 | Agee Family Trust c/o Scott R. Agee | 10-2001 | 7301-09 S Stewart Avenue | $ 75,000.00 | $ 6,336.33 | | | $ 22,299.85 | | | | | |
| 4419 | Agee Family Trust c/o Scott R. Agee | 13-2001 | 2909 E 78th Street | $ 55,000.00 | $ 2,311.53 | | | $ 22,278.45 | | | | | |
| 4419 | Agee Family Trust c/o Scott R. Agee | 96-2001 | 8326-32 S Ellis Avenue | $ 50,000.00 | $ 10,847.27 | | | $ 12,929.34 | | | | | |
| 4419 | Agee Family Trust c/o Scott R. Agee | 100-2001 | 11117-11119 S Longwood Drive | $ 25,000.00 | $ 2,977.50 | | | $ 8,959.44 | | | | | |
| **4419 Total** | | | | **$ 260,000.00** | **$ 31,439.69** | | **$ -** | **$ 88,295.42** | **$ -** | **$ 119,735.11** | **46.05%** | **$ 52,122.28** | **66.10%** |
| 4439 | Sam Harrison | 4-2027 | 5450-52 S Indiana Avenue | $ 25,000.00 | $ 4,331.90 | | | $ 17,526.12 | $ 1,168.99 | | | | |
| 4439 | Sam Harrison | 908-2027 | SSDF 8 | $ 25,000.00 | | Funds wired 5/30/18. No distributions received | | | | | | | |
| **4439 Total** | | | | **$ 50,000.00** | **$ 4,331.90** | | **$ -** | **$ 17,526.12** | **$ 1,168.99** | **$ 23,027.01** | **46.05%** | **$ 10,022.49** | **66.10%** |
| 4037 | Steven Trzaska | 10-141 | 7301-09 S Stewart Avenue | $ 67,000.00 | $ 3,915.77 | | | $ 20,487.82 | $ 3,904.43 | | | | |
| 4037 | Steven & Annamarie Trzaska | 100-141 | 11117-11119 S Longwood Drive | $ 100,000.00 | $ 13,914.75 | | | $ 35,022.15 | | | | | |
| **4037 Total** | | | | **$ 167,000.00** | **$ 17,830.52** | | **$ -** | **$ 55,509.97** | **$ 3,904.43** | **$ 77,244.92** | **46.25%** | **$ 33,140.40** | **66.10%** |
| 4007 | Meadows Advisors LLC | 4-72 | 5450-52 S Indiana Avenue | $ 50,000.00 | $ 4,838.92 | | | $ 38,295.66 | $ 4,629.21 | | | | |
| 4007 | Donald Freers aka Meadows Advisors LLC | 9-72 | 8100 S Essex Avenue | $ 95,000.00 | $ 6,175.02 | Pre-rollover distributions on loan secured by 7600 Kingston | | $ 32,554.58 | | | | | |
| 4007 | Meadow Advisors LLC | 67-72 | 1131-41 E 79th Place | $ 48,000.00 | $ 1,480.00 | LLC membership interest | | | | | | | |
| 4007 | Meadow Advisors LLC | 84-72 | 7051 S Bennett Avenue | $ 5,000.00 | $ 355.71 | | | $ 3,403.49 | | | | | |
| **4007 Total** | | | | **$ 198,000.00** | **$ 12,849.65** | | **$ -** | **$ 74,253.73** | **$ 4,629.21** | **$ 91,732.59** | **46.33%** | **$ 39,143.42** | **66.10%** |
| 4384 | Inspira Financial FBO, Freda Smith, IRA #16816-11 | 85-1356 | 7201-07 S Dorchester Avenue | $ 20,000.00 | $ 4,216.59 | | | $ 5,084.35 | | | | | |
| **4384 Total** | | | | **$ 20,000.00** | **$ 4,216.59** | | **$ -** | **$ 5,084.35** | **$ -** | **$ 9,300.94** | **46.50%** | **$ 3,918.86** | **66.10%** |
| 3003 | Anatoly B. Naritsin | 13-2078 | 2909 E 78th Street | $ 50,000.00 | $ 3,727.93 | | | $ 19,565.38 | | | | | |
| **3003 Total** | | | | **$ 50,000.00** | **$ 3,727.93** | | **$ -** | **$ 19,565.38** | **$ -** | **$ 23,293.31** | **46.59%** | **$ 9,756.19** | **66.10%** |
| 3080 | Entrust FBO Daniel Matthews IRA 51-01005 | 60-117 | 7026 S Cornell Avenue | $ 22,812.00 | $ 9,318.52 | Pre-rollover distributions on loan secured by 5104 W Dakin | | $ 12,107.11 | | | | | |
| 3080 | Daniel Matthews, Leah Matthews | 74-117 | 3074 Cheltenham Place | $ 20,000.00 | $ 3,606.62 | | | $ 10,200.26 | | | | | |
| 3080 | Leah Matthews | 76-117 | 7635-43 S East End Avenue | $ 72,029.00 | $ 30,544.07 | Secured investment rolled to unsecured promissory note | | $ - | | | | | |
| 3080 | The Entrust Group FBO Daniel Matthews IRA Acct #51-01005 | 79-117 | 6160-6212 S Martin Luther King Driv | $ 40,000.00 | $ 6,051.08 | Entrust Group (claimants' custodian) signed a release of this lien, which was recorded. Claimant has an unsecured claim if they did not receive a payoff from EquityBuild. | | $ - | | | | | |
| 3080 | Entrust Group FBO Daniel Matthews IRA acct no 51-01005 | 88-117 | 7546 S Saginaw Avenue | $ 29,000.00 | $ 2,864.83 | Release of Mortgage executed by claimant on 4/16/2018 and recorded 5/7/2018 | | | | | | | |
| 3080 | Entrust Group FBO Daniel Matthews IRA Acct #51-01005 | 92-117 | 7748-50 S Essex Avenue | $ 20,000.00 | $ 4,792.88 | Release of Mortgage executed by claimant on 4/19/2018 and recorded 5/7/2018 | | | | | | | |
| 3080 | The Entrust Group FBO Daniel Matthews IRA #51-01005 | 93-117 | 7957-59 S Marquette Road | $ 100,000.00 | $ 41,061.13 | Release of Mortgage executed by claimant's representative on 4/19/2018 and recorded 5/7/2018 | | | | | | | |
| 3080 | Daniel Matthews, Leah Matthews | 158-117 | 5104 W Dakin Street | $ 2,188.00 | | | | | | | | | |
| 3080 | Daniel Matthews, Leah Matthews | 117-117 | 3915 N. Kimball Chicago IL 60618 | $ 15,155.52 | $ 21,625.00 | | | | | | | | |
| 3080 | Estate of Phyllis Harte and Leah Matthews | 69-2028 | 6250 S Mozart Avenue | $ 7,330.00 | $ 2,057.01 | | | $ 2,499.15 | | | | | |
| 3080 | Estate of Phyllis Harte and Leah Matthews | 87-2028 | 7508 S Essex Avenue | $ 9,270.00 | $ 2,740.95 | | | $ 3,902.88 | | | | | |
| 3080 | Estate of Phyllis Harte and Debra Brooks | 92-2028 | 7748-50 S Essex Avenue | $ 20,000.00 | $ 5,346.67 | | | $ 8,145.60 | | | | | |
| **3080 Total** | | | | **$ 357,784.52** | **$ 130,008.76** | | **$ -** | **$ 36,855.00** | **$ -** | **$ 166,863.76** | **46.64%** | **$ 69,628.22** | **66.10%** |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4205 | Charlotte A. Hofer | 6-603 | 6437 S Kenwood Avenue | $ 35,000.00 | $ 5,230.59 | | | $ 20,913.74 | $ 8,650.54 | | | | |
| 4205 | Charlotte A. Hofer | 9-603 | 8100 S Essex Avenue | $ 110,000.00 | $ 17,966.62 | | | $ 33,730.47 | | | | | |
| 4205 | Charlotte A Hofer | 71-603 | 701 S 5th Avenue | $ 110,000.00 | $ 15,021.38 | | | $ 34,946.87 | | | | | |
| 4205 | Charlotte A Hofer | 87-603 | 7508 S Essex Avenue | $ 50,000.00 | $ 8,166.62 | | | $ 25,006.82 | | | | | |
| 4205 | Charlotte A. Hofer | 904-603-1 | Legacy Fund SSDF 4 | $ 15,000.00 | $ 355.00 | | | | | | | | |
| 4205 | Charlotte A Hofer Living Trust dated 11/10/2017 | 904-603-2 | Legacy Fund SSDF 4 | $ 50,000.00 | $ 2,750.00 | | | | | | | | |
| **4205 Total** | | | | **$ 370,000.00** | **$ 49,490.21** | | **$ -** | **$ 114,597.90** | **$ 8,650.54** | **$ 172,738.65** | **46.69%** | **$ 71,827.64** | **66.10%** |
| 4291 | William S. Burk | 126-925 | 5201-5207 W Washington Blvd, Chic | $ 50,000.00 | $ 22,306.07 | | | | $ 1,078.54 | | | | |
| **4291 Total** | | | | **$ 50,000.00** | **$ 22,306.07** | | **$ -** | **$ -** | **$ 1,078.54** | **$ 23,384.61** | **46.77%** | **$ 9,664.89** | **66.10%** |
| 4020 | Gary Kucera | 13-98 | 2909 E 78th Street | $ 200,000.00 | $ 7,731.55 | | | $ 81,297.53 | $ 4,777.84 | | | | |
| **4020 Total** | | | | **$ 200,000.00** | **$ 7,731.55** | | **$ -** | **$ 81,297.53** | **$ 4,777.84** | **$ 93,806.92** | **46.90%** | **$ 38,391.07** | **66.10%** |
| 4150 | Debbie Lasley | 80-456 | 2736 W 64th Street | $ 50,000.00 | $ 16,633.43 | | | $ 18,832.56 | $ 2,444.36 | | | | |
| 4150 | Debbie Lasley | 116-456 | 1102 Bingham St, Houston TX 77007 | $ 54,450.00 | $ 11,093.44 | Claimant agreed to rollover this loan to unsecured promissory note | | $ - | | | | | |
| **4150 Total** | | | | **$ 104,450.00** | **$ 27,726.87** | | **$ -** | **$ 18,832.56** | **$ 2,444.36** | **$ 49,003.79** | **46.92%** | **$ 20,036.61** | **66.10%** |
| 3153 | Adir Hazan (NO CLAIM) | 3-143 | 5001 S Drexel Boulevard | | $ 56,258.33 | LLC membership interest | | | $ 7,045.12 | | | | |
| 3153 | Adir Hazan | 6-143 | 6437 S Kenwood Avenue | $ 50,000.00 | $ 8,768.10 | | | $ 28,966.42 | | | | | |
| 3153 | Adir Hazan | 10-143 | 7301-09 S Stewart Avenue | $ 50,000.00 | $ 4,233.35 | | | $ 14,863.60 | | | | | |
| 3153 | Adir Hazan | 13-143 | 2909 E 78th Street | $ 50,000.00 | $ 3,856.93 | | | $ 19,510.83 | | | | | |
| 3153 | Adir Hazan | 63-143 | 4520-26 S Drexel Boulevard | $ 100,000.00 | $ 16,330.49 | LLC membership interest; prerollover distributions from loans secured by 6355 S Talman and 3074 S Cheltenham | | | | | | | |
| 3153 | Adir Hazan | 901-143 | SSDF 1 | | | Duplicative of claim 63-143 | | | | | | | |
| 3153 | Adir Hazan | 904-143 | Legacy Fund SSDF 4 | $ 50,000.00 | $ 4,380.39 | The Receiver recommends disallowing $1,333 accrued interest added to principal amount of loan. | | | | | | | |
| 3153 | B & H Creative Investments LLC | 904-414 | Legacy Fund SSDF 4 | $ 156,800.00 | $ 45,659.65 | Claim split between LLC mbrs. (49% of claim/distributions alloc. to this claim and 51% to 904-416). Disallow alloc. share of $128,533 accrued int. added to principal and deduct alloc. share of $52,186.64 pre-rollover int. on loans secured by #7 and #126. | | | $ 4,909.32 | | | | |
| **3153 Total** | | | | **$ 456,800.00** | **$ 139,487.24** | | **$ -** | **$ 63,340.85** | **$ 11,954.44** | **$ 214,782.53** | **47.02%** | **$ 87,157.69** | **66.10%** |
| 4410 | Scott Tyler Williams as Custodian of New Idea Properties, Inc. Prof | 61-1468 | 7237 S Bennett Avenue | $ 20,000.00 | $ 4,741.13 | | | $ 4,672.89 | | | | | |
| **4410 Total** | | | | **$ 20,000.00** | **$ 4,741.13** | | **$ -** | **$ 4,672.89** | **$ -** | **$ 9,414.02** | **47.07%** | **$ 3,805.78** | **66.10%** |
| 4215 | Roberta Doucet, Cumen LLC | 13-645 | 2909 E 78th Street | $ 25,000.00 | $ 1,062.51 | | | $ 10,121.57 | $ 584.50 | | | | |
| **4215 Total** | | | | **$ 25,000.00** | **$ 1,062.51** | | **$ -** | **$ 10,121.57** | **$ 584.50** | **$ 11,768.58** | **47.07%** | **$ 4,756.17** | **66.10%** |
| 4094 | Peter Jordan | 5-282 | 7749 S Yates Boulevard | $ 100,000.00 | $ 45,858.52 | Claimant agreed to rollover this loan to UPN | | $ - | $ 3,587.79 | | | | |
| 4094 | Peter Jordan | 68-282 | 6217-27 S Dorchester Avenue | $ 100,000.00 | $ 44,730.74 | Claimant agreed to rollover this loan to unsecured promissory note in January 2018 | | $ - | | | | | |
| **4094 Total** | | | | **$ 200,000.00** | **$ 90,589.26** | | **$ -** | **$ -** | **$ 3,587.79** | **$ 94,177.05** | **47.09%** | **$ 38,020.94** | **66.10%** |
| 4197 | The Lisa Marie Kennedy Living Trust (dtd 4/9/2022), Richard Josep | 96-586 | 8326-32 S Ellis Avenue | $ 50,000.00 | $ 10,580.60 | | | $ 13,017.40 | | | | | |
| **4197 Total** | | | | **$ 50,000.00** | **$ 10,580.60** | | **$ -** | **$ 13,017.40** | **$ -** | **$ 23,598.00** | **47.20%** | **$ 9,451.50** | **66.10%** |
| 4023 | Fidelity Investments Custodian FBO Virginia S. Oton Y98284572 | 96-105 | 8326-32 S Ellis Avenue | $ 9,710.00 | $ 1,721.12 | | | $ 2,638.15 | $ 227.02 | | | | |
| **4023 Total** | | | | **$ 9,710.00** | **$ 1,721.12** | | **$ -** | **$ 2,638.15** | **$ 227.02** | **$ 4,586.29** | **47.23%** | **$ 1,831.92** | **66.10%** |
| 4139 | Sonoca Corporation | 13-422 | 2909 E 78th Street | $ 50,000.00 | $ 2,369.44 | | | $ 20,139.79 | $ 1,113.59 | | | | |
| **4139 Total** | | | | **$ 50,000.00** | **$ 2,369.44** | | **$ -** | **$ 20,139.79** | **$ 1,113.59** | **$ 23,622.82** | **47.25%** | **$ 9,426.68** | **66.10%** |
| 4015 | Jossie Romero | 13-86 | 2909 E 78th Street | $ 50,000.00 | $ 2,278.47 | | | $ 20,178.26 | $ 1,168.99 | | | | |
| **4015 Total** | | | | **$ 50,000.00** | **$ 2,278.47** | | **$ -** | **$ 20,178.26** | **$ 1,168.99** | **$ 23,625.72** | **47.25%** | **$ 9,423.78** | **66.10%** |
| 4172 | iPlanGroup Agent for Custodian FBO James B. Ploeger IRA | 96-520 | 8326-32 S Ellis Avenue | $ 17,000.00 | $ 3,557.77 | | | $ 4,439.01 | $ 1,683.35 | | | | |
| 4172 | iPlan Group Agent for Custodian FBO James B Ploeger IRA | 906-520 | 7616 Phillips | $ 55,000.00 | $ 24,346.67 | Rollover from former property 7616 Phillips to SSDF6 was voided, but unsecure claim either way | | | | | | | |
| **4172 Total** | | | | **$ 72,000.00** | **$ 27,904.44** | | **$ -** | **$ 4,439.01** | **$ 1,683.35** | **$ 34,026.80** | **47.26%** | **$ 13,564.48** | **66.10%** |
| 4036 | Equity Trust Co Custodian FBO Bruce Walter IRA 200270294, Asset | 10-137 | 7301-09 S Stewart Avenue | $ 25,000.00 | $ 1,837.76 | | | $ 7,522.38 | $ 2,688.68 | | | | |
| 4036 | Equity Trust Co Custodian FBO Bruce Walter IRA 200270294, Asset | 13-137 | 2909 E 78th Street | $ 40,000.00 | $ 2,040.01 | | | $ 16,050.75 | | | | | |
| 4036 | Equity Trust Co Custodian FBO Bruce Walter IRA 200270294, Asset | 100-137 | 11117-11119 S Longwood Drive | $ 50,000.00 | $ 6,678.26 | | | $ 17,624.63 | | | | | |
| **4036 Total** | | | | **$ 115,000.00** | **$ 10,556.03** | | **$ -** | **$ 41,197.76** | **$ 2,688.68** | **$ 54,442.47** | **47.34%** | **$ 21,571.38** | **66.10%** |
| 4225 | iPlanGroup Agent for Custodian FBO Janice G. Burrell IRA | 1-689 | 1700 Juneway Terrace | $ 87,000.00 | $ 14,084.33 | | | $ 28,284.05 | $ 3,753.48 | | | | |
| 4225 | iPlanGroup Agent for Custodian FBO Janice G. Burrell IRA | 5-689 | 7749 S Yates Boulevard | $ 50,000.00 | $ 8,844.48 | | | $ 9,928.29 | | | | | |
| **4225 Total** | | | | **$ 137,000.00** | **$ 22,928.81** | | **$ -** | **$ 38,212.34** | **$ 3,753.48** | **$ 64,894.63** | **47.37%** | **$ 25,661.00** | **66.10%** |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4428 | Cree Capital Ventures, LLC | 3-2014 | 5001 S Drexel Boulevard | $ 300,000.00 | $ 22,525.00 | LLC membership interest | | | $ 23,964.34 | | | | |
| 4428 | Cree Capital Ventures, LLC | 6-2014 | 6437 S Kenwood Avenue | $ 250,000.00 | $ 42,194.41 | | | $ 145,988.53 | | | | | |
| 4428 | Cree Capital Ventures, LLC | 68-2014 | 6217-27 S Dorchester Avenue | $ 225,000.00 | $ 45,559.60 | | | $ 83,020.70 | | | | | |
| 4428 | Cree Capital Ventures, LLC | 100-2014 | 11117-11119 S Longwood Drive | $ 250,000.00 | $ 34,848.09 | | | $ 87,530.47 | | | | | |
| 4428 Total | | | | $ 1,025,000.00 | $ 145,127.10 | | $ - | $ 316,539.70 | $ 23,964.34 | $ 485,631.14 | 47.38% | $ 191,883.58 | 66.10% |
| 4307 | iPlanGroup Agent for Custodian FBO Swetha Voddi IRA | 96-1013 | 8326-32 S Ellis Avenue | $ 14,000.00 | $ 2,525.83 | | | $ 3,789.10 | $ 327.32 | | | | |
| 4307 Total | | | | $ 14,000.00 | $ 2,525.83 | | $ - | $ 3,789.10 | $ 327.32 | $ 6,642.25 | 47.44% | $ 2,611.61 | 66.10% |
| 4194 | Madison Trust Company Custodian FBO George Black M1612041 | 85-572 | 7201-07 S Dorchester Avenue | $ 27,000.00 | $ 2,781.00 | | | $ 7,801.72 | $ 2,221.08 | | | | |
| 4194 | Madison Trust Company Custodian FBO George Black M1612041 | 96-572 | 8326-32 S Ellis Avenue | $ 68,000.00 | $ 14,683.27 | | | $ 17,606.69 | | | | | |
| 4194 Total | | | | $ 95,000.00 | $ 17,464.27 | | $ - | $ 25,408.41 | $ 2,221.08 | $ 45,093.76 | 47.47% | $ 17,700.29 | 66.10% |
| 3112 | Inspira Financial Trust LLC Custodian FBO Steven Chennappan SEP- | 78-206 | 7201 S Constance Avenue | $ 10,000.00 | $ 2,800.00 | | | $ 3,434.05 | | | | | |
| 3112 | Inspira Financial Trust LLC Custodian FBO Steven Chennappan SEP- | 92-206 | 7748-50 S Essex Avenue | $ 18,000.00 | $ 4,812.00 | | | $ 7,331.04 | | | | | |
| 3112 | Inspira Financial Trust LLC Custodian FBO Steven Chennappan SEP- | 904-206 | Legacy Fund SSDF 4 | $ 100,000.00 | $ 41,999.67 | | | | | | | | |
| 3112 | Steven K Chennappan | 13-1266 | 2909 E 78th Street | $ 100,000.00 | $ 5,682.00 | | | $ 39,880.80 | $ 2,337.98 | | | | |
| 3112 Total | | | | $ 228,000.00 | $ 55,293.67 | | $ - | $ 50,645.89 | $ 2,337.98 | $ 108,277.54 | 47.49% | $ 42,428.17 | 66.10% |
| 3103 | R.D. Meredith General Contractors, LLC 401K Plan | 1-528 | 1700 Juneway Terrace | $ 40,000.00 | $ 5,933.37 | | | $ 13,214.47 | $ 8,735.11 | | | | |
| 3103 | R.D. Meredith General contractor LLC 401K Plan | 55-528 | 8107 S Ellis Avenue | $ 91,672.00 | $ 39,511.96 | Distributions include interest paid on loan plus a $2,880 bonus that EquityBuild paid to claimant | | $ 9,239.81 | | | | | |
| 3103 | R.D. Meredith General Contractors, LLC 401K Plan | 68-528 | 6217-27 S Dorchester Avenue | $ 150,750.00 | $ 26,513.31 | | | $ 57,479.90 | | | | | |
| 3103 | R.D.Meredith General Contractors LLC 401K | 118-528 | 400 S Kilbourn Ave, Chicago, IL 6062 | $ 5,875.00 | $ 2,238.86 | | | | | | | | |
| 3103 | R.D.Meredith General Contractors LLC 401K | 123-528 | 7107-29 S Bennett Ave Chicago IL 60 | $ 103,000.00 | $ 20,256.14 | | | | | | | | |
| 3103 | R.D. Meredith General Contractors, LLC | 1-1138 | 1700 Juneway Terrace | $ 100,000.00 | $ 14,833.73 | | | $ 33,036.07 | $ 2,337.98 | | | | |
| 3103 Total | | | | $ 491,297.00 | $ 109,287.31 | | $ - | $ 112,970.25 | $ 11,073.09 | $ 233,330.71 | 47.49% | $ 91,411.68 | 66.10% |
| 4039 | STANLEY SCOTT | 13-146 | 2909 E 78th Street | $ 60,000.00 | $ 3,155.00 | | | $ 24,035.97 | $ 1,329.03 | | | | |
| 4039 Total | | | | $ 60,000.00 | $ 3,155.00 | | $ - | $ 24,035.97 | $ 1,329.03 | $ 28,520.00 | 47.53% | $ 11,139.40 | 66.10% |
| 4460 | James Walsh | 64-2058 | 4611 S Drexel Boulevard | $ 11,624.00 | $ 2,651.24 | Claimant agreed to rollover this loan to 7026 S Cornell (n/a) and 7201 Dorchester (85-2058) in July 2017. $11,994 unsecured claim remains, $370 accrued interest disallowed. Pro-rata share of pre-rollover distributions from 4611 Drexel. | | | | | | | |
| 4460 | James Walsh | 79-2058 | 6160-6212 S Martin Luther King Driv | $ 50,000.00 | $ 11,350.00 | | | $ 3,736.61 | | | | | |
| 4460 | James Walsh | 92-2058 | 7748-50 S Essex Avenue | $ 100,000.00 | $ 8,233.31 | | | $ 51,011.92 | | | | | |
| 4460 | James Walsh | 85-2058 | 7201-07 S Dorchester Avenue | $ 38,376.00 | $ 8,604.74 | Pro-rata share of pre-rollover distributions on loan secured by 4611 S Drexel | | $ 9,590.28 | | | | | |
| 4460 Total | | | | $ 200,000.00 | $ 30,839.29 | | $ - | $ 64,338.81 | $ - | $ 95,178.10 | 47.59% | $ 37,019.89 | 66.10% |
| 4390 | John Hutchison | 13-1376 | 2909 E 78th Street | $ 50,000.00 | $ 2,644.43 | | | $ 20,023.52 | $ 1,168.99 | | | | |
| 4390 Total | | | | $ 50,000.00 | $ 2,644.43 | | $ - | $ 20,023.52 | $ 1,168.99 | $ 23,836.94 | 47.67% | $ 9,212.56 | 66.10% |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4426 | Bernadette Chen (Eleven St Felix St. Realty) | 102-2012 | 7927-29 S Essex Avenue | $ 50,000.00 | $ 15,412.23 | Pre-rollover distributions on loan secured by 7304 S St. Lawrence | | $ 8,900.21 | $ 23,379.84 | | | | |
| 4426 | Bernadette Chen (Eleven St Felix St. Realty) | 3-2012 | 5001 S Drexel Boulevard | $ 200,000.00 | $ 15,016.67 | LLC membership interest | | | | | | | |
| 4426 | Bernadette Chen (Eleven St Felix St. Realty) | 4-2012 | 5450-52 S Indiana Avenue | | | The funds claimant wired for this investment were applied to a loan secured by 8326 S Ellis, as acknowledged by claimant in contemporaneous correspondence. | | $ - | | | | | |
| 4426 | Eleven St. Felix Street Realty Corp | 9-2012 | 8100 S Essex Avenue | $ 31,619.00 | $ 9,234.55 | | | $ 8,203.96 | | | | | |
| 4426 | Bernadette Chen (Eleven St Felix St. Realty) | 10-2012 | 7301-09 S Stewart Avenue | $ 50,000.00 | $ 14,551.41 | Pre-rollover distributions on loan secured by 4533 S Calumet | | $ 11,512.61 | | | | | |
| 4426 | Bernadette Chen (Eleven St Felix St. Realty) | 13-2012 | 2909 E 78th Street | $ 50,000.00 | $ 1,936.10 | | | $ 20,323.02 | | | | | |
| 4426 | Eleven St. Felix Street Realty Corp | 64-2012 | 4611 S Drexel Boulevard | $ 50,000.00 | $ 55,897.20 | Principal and interest payments received by claimant exceed the amount of claimant's original loan | | | | | | | |
| 4426 | Eleven St. Felix Street Realty Corp. | 69-2012 | 6250 S Mozart Avenue | | | This is a duplicate of Claim 88-2012 | | $ - | | | | | |
| 4426 | Eleven St. Felix Street Realty Corp | 70-2012 | 638 N Avers Avenue | $ 100,000.00 | $ 24,055.62 | | | $ 26,167.39 | | | | | |
| 4426 | Eleven St. Felix Street Realty Corp | 79-2012 | 6160-6212 S Martin Luther King Drive | $ 100,000.00 | $ 24,461.06 | | | $ 7,302.96 | | | | | |
| 4426 | Eleven St. Felix Street Realty Corp | 87-2012 | 7508 S Essex Avenue | $ 50,000.00 | $ 14,786.03 | | | $ 21,049.92 | | | | | |
| 4426 | Eleven St. Felix Street Realty Corp. | 88-2012 | 7546 S Saginaw Avenue | $ 50,000.00 | $ 16,476.48 | | | $ 13,713.55 | | | | | |
| 4426 | Bernadette Chen (Eleven St Felix St. Realty) | 89-2012 | 7600 S Kingston Avenue | $ 68,381.00 | $ 43,133.39 | $25,000 of principal balance was repaid in October 2017. | | $ 14,748.83 | | | | | |
| 4426 | Eleven St. Felix Street Realty Corp | 96-2012 | 8326-32 S Ellis Avenue | $ 100,000.00 | $ 21,477.73 | $50,000 loan that was initially to be secured by 5450 S Indiana was combined with separate $50,000 loan to be secured by 8326 S Ellis for total loan amount secured by 8326 S Ellis of $100,000. | | $ 25,930.28 | | | | | |
| 4426 | Bernadette Chen (Eleven St Felix St. Realty) | 122-2012 | 7616-7624 S Phillips Avenue, Chicago | $ 50,000.00 | $ 36,414.44 | | | | | | | | |
| 4426 | Bernadette Chen (Eleven St Felix St. Realty) | 904-2012 | Legacy Fund SSDF 4 | $ 50,000.00 | $ 3,783.33 | | | | | | | | |
| **4426 Total** | | | | **$ 1,000,000.00** | **$ 296,636.24** | | **$ -** | **$ 157,852.73** | **$ 23,379.84** | **$ 477,868.81** | **47.79%** | **$ 183,121.16** | **66.10%** |
| 4447 | Mark A Miller ATF Domaskin Revocable Trust Aug. 8, 2006 | 1-2040 | 1700 Juneway Terrace | $ 100,000.00 | $ 17,088.93 | | | $ 32,161.27 | $ 3,506.98 | | | | |
| 4447 | Mark A Miller ATF Domaskin Revocable Trust Aug. 8, 2006 | 10-2040 | 7301-09 S Stewart Avenue | $ 50,000.00 | $ 4,205.57 | | | $ 14,872.62 | | | | | |
| **4447 Total** | | | | **$ 150,000.00** | **$ 21,294.50** | | **$ -** | **$ 47,033.89** | **$ 3,506.98** | **$ 71,835.37** | **47.89%** | **$ 27,313.13** | **66.10%** |
| 4246 | Manuel Camacho | 5-748 | 7749 S Yates Boulevard | $ 25,000.00 | $ 1,542.34 | | | $ 5,658.89 | $ 2,441.66 | | | | |
| 4246 | Manuel Camacho | 9-748 | 8100 S Essex Avenue | $ 25,000.00 | $ 7,134.81 | | | $ 6,547.64 | | | | | |
| 4246 | Manuel Camacho | 69-748 | 6250 S Mozart Avenue | $ 30,000.00 | $ 1,547.05 | The Receiver recommends disallowing $3,250 accrued interest added to principal balance of loan. | | $ 13,485.35 | | | | | |
| **4246 Total** | | | | **$ 80,000.00** | **$ 10,224.20** | | **$ -** | **$ 25,691.88** | **$ 2,441.66** | **$ 38,357.74** | **47.95%** | **$ 14,521.46** | **66.10%** |
| 4014 | Bright Venture, LLC | 3-84 | 5001 S Drexel Boulevard | $ 50,000.00 | $ 3,754.17 | LLC membership interest | | | $ 6,384.37 | | | | |
| 4014 | Bright Venture, LLC | 4-84 | 5450-52 S Indiana Avenue | $ 40,000.00 | $ 8,204.40 | | | $ 26,962.01 | | | | | |
| 4014 | Bright Venture, LLC | 13-84 | 2909 E 78th Street | $ 50,000.00 | $ 2,393.05 | | | $ 20,129.81 | | | | | |
| 4014 | Bright Venture, LLC | 72-84 | 7024-32 S Paxton Avenue | $ 25,000.00 | $ 27,177.76 | Principal returned in full | | | | | | | |
| 4014 | Bright Venture, LLC | 102-84 | 7927-29 S Essex Avenue | $ 70,000.00 | $ 7,729.83 | | | $ 16,139.30 | | | | | |
| 4014 | Bright Venture, LLC | 10-84 | 7301-09 S Stewart Avenue | $ 52,500.00 | $ 3,825.33 | | | $ 15,808.04 | | | | | |
| **4014 Total** | | | | **$ 287,500.00** | **$ 53,084.54** | | **$ -** | **$ 79,039.16** | **$ 6,384.37** | **$ 138,508.07** | **48.18%** | **$ 51,526.55** | **66.10%** |
| 4349 | John Asciutto | 13-1209 | 2909 E 78th Street | $ 50,000.00 | $ 3,101.38 | | | $ 19,830.30 | $ 1,168.99 | | | | |
| **4349 Total** | | | | **$ 50,000.00** | **$ 3,101.38** | | **$ -** | **$ 19,830.30** | **$ 1,168.99** | **$ 24,100.67** | **48.20%** | **$ 8,948.83** | **66.10%** |
| 4278 | Henry Coleman Scheuller Estate | 9-868 | 8100 S Essex Avenue | $ 30,000.00 | $ 8,761.66 | | | $ 7,783.91 | $ 5,761.73 | | | | |
| 4278 | Henry Coleman Scheuller Estate | 61-868 | 7237 S Bennett Avenue | $ 40,000.00 | $ 9,928.84 | | | $ 9,209.02 | | | | | |
| 4278 | Henry Coleman Scheuller Estate | 87-868 | 7508 S Essex Avenue | $ 50,000.00 | $ 14,786.03 | | | $ 21,049.92 | | | | | |
| 4278 | Henry Coleman Scheuller Estate | 96-868 | 8326-32 S Ellis Avenue | $ 40,000.00 | $ 8,677.73 | | | $ 10,343.50 | | | | | |
| 4278 | Henry C. Scheuller | 102-868 | 7927-29 S Essex Avenue | $ 120,000.00 | $ 10,920.00 | | | $ 28,068.73 | | | | | |
| **4278 Total** | | | | **$ 280,000.00** | **$ 53,074.26** | | **$ -** | **$ 76,455.08** | **$ 5,761.73** | **$ 135,291.07** | **48.32%** | **$ 49,786.12** | **66.10%** |
| 3031 | H&W Management Company, Inc. | 82-946 | 6355-59 S Talman Avenue | $ 200,000.00 | $ 60,416.67 | | | $ 60,433.08 | $ 12,335.58 | | | | |
| 3031 | H&W Management Company, Inc. | 10-1053 | 7301-09 S Stewart Avenue | $ 327,616.00 | $ 25,408.13 | | | $ 98,147.83 | | | | | |
| 3031 | MarTech, Inc. | 13-1056 | 2909 E 78th Street | $ 600,000.00 | $ 36,366.67 | | | $ 238,323.01 | $ 14,027.90 | | | | |
| **3031 Total** | | | | **$ 1,127,616.00** | **$ 122,191.47** | | **$ -** | **$ 396,903.92** | **$ 26,363.48** | **$ 545,458.87** | **48.37%** | **$ 199,883.99** | **66.10%** |
| 4050 | Michael Hill | 85-179 | 7201-07 S Dorchester Avenue | $ 35,000.00 | $ 10,459.09 | | | $ 7,905.42 | $ 1,987.29 | | | | |
| 4050 | Michael Hill | 124-179 | 6801 S East End, Chicago, IL 60649 | $ 50,000.00 | $ 20,789.54 | | | | | | | | |
| **4050 Total** | | | | **$ 85,000.00** | **$ 31,248.63** | | **$ -** | **$ 7,905.42** | **$ 1,987.29** | **$ 41,141.34** | **48.40%** | **$ 15,042.81** | **66.10%** |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4423 | Ed Bancroft | 124-2008 | 6801 S East End, Chicago, IL 60649 | $ 20,800.00 | $ 983.94 | | | | $ 6,033.40 | | | | |
| 4423 | Ed A. Bancroft | 4-2008-2 | 5450-52 S Indiana Avenue | $ 3,171.00 | $ 384.79 | | | $ 2,362.65 | | | | | |
| 4423 | iPlanGroup FBO Ed Bancroft IRA | 6-2008-2 | 6437 S Kenwood Avenue | $ 200.00 | $ 23.67 | | | $ 123.88 | | | | | |
| 4423 | iPlanGroup FBO Ed Bancroft IRA | 9-2008-2 | 8100 S Essex Avenue | $ 5,093.00 | $ 426.65 | | | $ 1,710.23 | | | | | |
| 4423 | Ed Bancroft | 4-2008-1 | 5450-52 S Indiana Avenue | $ 5,800.00 | $ 1,062.00 | | | $ 4,017.73 | | | | | |
| 4423 | Ed A. Bancroft | 5-2008 | 7749 S Yates Boulevard | $ 14,627.00 | $ 1,997.99 | | | $ 3,046.60 | | | | | |
| 4423 | Ed Bancroft | 6-2008-1 | 6437 S Kenwood Avenue | $ 20,500.00 | $ 2,960.04 | | | $ 12,322.25 | | | | | |
| 4423 | Bancroft, Ed | 9-2008-1 | 8100 S Essex Avenue | $ 2,276.00 | $ 276.12 | | | $ 732.96 | | | | | |
| 4423 | Bancroft, Ed | 13-2008 | 2909 E 78th Street | $ 20,000.00 | $ 1,297.21 | | | $ 7,908.16 | | | | | |
| 4423 | Ed Bancroft | 60-2008-1 | 7026 S Cornell Avenue | $ 4,800.00 | $ 462.80 | | | $ 3,891.58 | | | | | |
| 4423 | iPlanGroup Agent for Custodian FBO Ed Bancroft IRA acct. no. 3320 | 61-2008 | 7237 S Bennett Avenue | $ 13,000.00 | $ 3,105.51 | | | $ 3,030.10 | | | | | |
| 4423 | Ed Bancroft | 68-2008 | 6217-27 S Dorchester Avenue | $ 10,000.00 | $ 1,716.71 | | | $ 3,832.38 | | | | | |
| 4423 | iPlanGroup Agent for Custodian FBO Ed Bancroft IRA | 71-2008 | 701 S 5th Avenue | $ 12,000.00 | $ 2,556.67 | | | $ 3,474.62 | | | | | |
| 4423 | iPlanGroup Agent for Custodian FBO Ed Bancroft Roth | 77-2008 | 7750-58 S Muskegon Avenue | | | Claimed interest in this property not supported by Proof of Claim or EquityBuild Records | | $ - | | | | | |
| 4423 | Ed Bancroft | 78-2008 | 7201 S Constance Avenue | $ 10,000.00 | $ 2,800.00 | | | $ 3,434.05 | | | | | |
| 4423 | Ed Bancroft | 83-2008 | 6356 S California Avenue | $ 15,029.00 | $ 4,208.12 | | | $ 3,843.87 | | | | | |
| 4423 | Ed Bancroft | 86-2008 | 7442-48 S Calumet Avenue | $ 8,000.00 | $ 2,242.67 | | | $ 3,089.98 | | | | | |
| 4423 | Ed Bancroft | 94-2008 | 816-20 E Marquette Road | $ 6,000.00 | $ 1,241.17 | | | $ 3,515.17 | | | | | |
| 4423 | Ed Bancroft | 123-2008 | 7107-29 S Bennett Ave Chicago IL 60 | $ 10,000.00 | | | | | | | | | |
| 4423 | Ed Bancroft | 904-2008 | Legacy Fund SSDF 4 | $ 75,000.00 | $ 29,525.00 | | | | | | | | |
| 4423 | Bancroft, Ed | 60-2008-2 | 7026 S Cornell Avenue | $ 1,407.00 | $ 114.81 | | | $ 1,159.43 | | | | | |
| **4423 Total** | | | | **$ 257,703.00** | **$ 57,385.87** | | **$ -** | **$ 61,495.64** | **$ 6,033.40** | **$ 124,914.91** | **48.47%** | **$ 45,424.19** | **66.10%** |
| 4005 | C Michael E Fowler | 96-69 | 8326-32 S Ellis Avenue | $ 63,007.00 | $ 12,366.82 | | | $ 16,722.82 | $ 1,473.09 | | | | |
| **4005 Total** | | | | **$ 63,007.00** | **$ 12,366.82** | | **$ -** | **$ 16,722.82** | **$ 1,473.09** | **$ 30,562.73** | **48.51%** | **$ 11,084.26** | **66.10%** |
| 3096 | Coppy Properties, LLC | 1-1381 | 1700 Juneway Terrace | $ 50,000.00 | $ 8,627.74 | | | $ 16,048.33 | | | | | |
| 3096 | Madison Trust Company Custodian FBO Patrick Coppinger M17081 | 100-1430 | 11117-11119 S Longwood Drive | $ 60,000.00 | $ 7,297.67 | | | $ 21,440.94 | | | | | |
| **3096 Total** | | | | **$ 110,000.00** | **$ 15,925.41** | | **$ -** | **$ 37,489.27** | **$ -** | **$ 53,414.68** | **48.56%** | **$ 19,294.22** | **66.10%** |
| 4331 | Paul S. Scribner Revocable Trust dated, May 15, 2003 | 5-1135 | 7749 S Yates Boulevard | $ 5,500.00 | $ 534.24 | | | $ 1,197.93 | $ 4,675.97 | | | | |
| 4331 | Paul S. Scribner Revocable Trust dated, May 15, 2003 | 6-1135 | 6437 S Kenwood Avenue | $ 50,000.00 | $ 7,493.09 | | | $ 29,862.15 | | | | | |
| 4331 | Paul S. Scribner Revocable Trust dated, May 15, 2003 | 61-1135 | 7237 S Bennett Avenue | $ 50,000.00 | $ 12,477.83 | | | $ 11,490.82 | | | | | |
| 4331 | Paul S. Scribner Revocable Trust dated, May 15, 2003 | 70-1135 | 638 N Avers Avenue | $ 16,826.00 | $ 2,198.63 | | | $ 5,040.01 | | | | | |
| 4331 | Paul Scribner | 77-1135 | 7750-58 S Muskegon Avenue | $ 6,708.00 | $ 651.61 | | | $ 1,618.87 | | | | | |
| 4331 | Paul S. Scribner Revocable Trust dated, May 15, 2003 | 83-1135 | 6356 S California Avenue | $ 7,910.00 | $ 751.22 | | | $ 2,542.99 | | | | | |
| 4331 | Paul S. Scribner Revocable Trust dated, May 15, 2003 | 84-1135 | 7051 S Bennett Avenue | $ 50,000.00 | $ 7,095.87 | Release of Mortgage executed by claimant on 4/13/2018 and recorded 5/7/2018 | | | | | | | |
| 4331 | The Paul S. Scribner Revocable Trust Dated 05-15-2003 | 92-1135 | 7748-50 S Essex Avenue | $ 7,000.00 | $ 679.95 | | | $ 3,513.23 | | | | | |
| 4331 | Paul S. Scribner Revocable Trust dated May 15, 2003 | 62-1135 | 7834-44 S Ellis Avenue | $ 6,056.00 | $ 588.30 | | | $ 4,796.90 | | | | | |
| **4331 Total** | | | | **$ 200,000.00** | **$ 32,470.74** | | **$ -** | **$ 60,062.90** | **$ 4,675.97** | **$ 97,209.61** | **48.60%** | **$ 34,988.38** | **66.10%** |
| 4230 | American Estate and Trust FBO Layne Jones IRA # T1004050288 | 1-707 | 1700 Juneway Terrace | $ 20,000.00 | $ 3,227.74 | | | $ 6,505.97 | | | | | |
| **4230 Total** | | | | **$ 20,000.00** | **$ 3,227.74** | | **$ -** | **$ 6,505.97** | **$ -** | **$ 9,733.71** | **48.67%** | **$ 3,486.09** | **66.10%** |
| 4018 | Gilbert D. Sherman Declaration of Trust Dated 7/30/2013 | 1-92 | 1700 Juneway Terrace | $ 50,000.00 | $ 8,077.74 | | | $ 16,261.68 | | | | | |
| **4018 Total** | | | | **$ 50,000.00** | **$ 8,077.74** | | **$ -** | **$ 16,261.68** | **$ -** | **$ 24,339.42** | **48.68%** | **$ 8,710.08** | **66.10%** |
| 4135 | Evans & Associates LLC | 1-410 | 1700 Juneway Terrace | $ 50,000.00 | $ 8,077.74 | | | $ 16,261.68 | | | | | |
| **4135 Total** | | | | **$ 50,000.00** | **$ 8,077.74** | | **$ -** | **$ 16,261.68** | **$ -** | **$ 24,339.42** | **48.68%** | **$ 8,710.08** | **66.10%** |
| 3015 | Madison Trust Company Custodian FBO Brent Jacobs M1609105 | 62-431 | 7834-44 S Ellis Avenue | $ 12,119.00 | $ 3,407.84 | | | $ 7,642.44 | | | | | |
| 3015 | Madison Trust Company Custodian FBO Brent Jacobs M1609105 | 79-854 | 6160-6212 S Martin Luther King Driv | $ 37,881.00 | $ 9,942.02 | | | $ 2,701.09 | $ 652.81 | | | | |
| **3015 Total** | | | | **$ 50,000.00** | **$ 13,349.86** | | **$ -** | **$ 10,343.53** | **$ 652.81** | **$ 24,346.20** | **48.69%** | **$ 8,703.30** | **66.10%** |
| 4008 | Vladimir Garcia Melijov | 1-75 | 1700 Juneway Terrace | $ 100,000.00 | $ 16,255.59 | | | $ 32,484.52 | | | | | |
| **4008 Total** | | | | **$ 100,000.00** | **$ 16,255.59** | | **$ -** | **$ 32,484.52** | **$ -** | **$ 48,740.11** | **48.74%** | **$ 17,358.89** | **66.10%** |
| 3138 | Serva Fidem, LLC | 1-1425 | 1700 Juneway Terrace | $ 34,930.00 | $ 5,738.26 | | | $ 11,323.50 | | | | | |
| 3138 | Serva Fidem, LLC | 100-1425 | 11117-11119 S Longwood Drive | $ 25,000.00 | $ 3,381.90 | | | $ 8,794.91 | | | | | |
| 3138 | Rise Up Real Estate Group, LLC | 1-1484 | 1700 Juneway Terrace | $ 144,046.00 | $ 23,663.60 | | | $ 46,696.43 | | | | | |
| 3138 | Rise Up Real Estate Group, LLC | 100-1484 | 11117-11119 S Longwood Drive | $ 125,000.00 | $ 16,771.82 | | | $ 44,030.58 | | | | | |
| **3138 Total** | | | | **$ 328,976.00** | **$ 49,555.58** | | **$ -** | **$ 110,845.42** | **$ -** | **$ 160,401.00** | **48.76%** | **$ 57,048.84** | **66.10%** |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3037 | Francis D Webb Jr | 10-218 | 7301-09 S Stewart Avenue | $ 33,818.00 | $ 2,937.79 | The Receiver recommends disallowing the $2,404.00 accrued interest that was rolled into this investment | | $ 10,028.94 | $ 4,344.42 | | | | |
| 3037 | Quest Trust Company FBO Francis D Webb 1437711 | 61-218 | 7237 S Bennett Avenue | $ 12,064.00 | $ 2,855.09 | Transaction to roll loan to SSDF6 equity fund was subsequently voided | | $ 2,820.15 | | | | | |
| 3037 | Quest Trust Company FBO Francis D Webb 1437711 | 74-218 | 3074 Cheltenham Place | $ 22,035.00 | $ 5,993.56 | Transaction to roll loan to SSDF6 equity fund was subsequently voided | | $ 9,981.28 | | | | | |
| 3037 | Quest Trust Company FBO Francis D Webb 1437711 | 77-218 | 7750-58 S Muskegon Avenue | $ 50,000.00 | $ 14,500.00 | | | $ 9,489.14 | | | | | |
| 3037 | Quest Trust Company FBO Francis D Webb 1437711 | 126-218 | 5201-5207 W Washington Blvd, Chic | $ 50,000.00 | $ 16,500.00 | | | | | | | | |
| 3037 | Quest Trust Company FBO Francis D Webb 1437711 | 119-218 | 4019 S Indiana | $ 3,689.00 | $ 3,506.39 | | | | | | | | |
| 3037 | Quest Trust Company FBO Francis D Webb 1437711 | 130-218 | 4511 N. Merimac Ave. Chicago, IL 60 | $ 7,685.00 | $ 3,306.48 | | | | | | | | |
| 3037 | Francis D Webb Jr. | 10-288 | 7301-09 S Stewart Avenue | $ 27,000.00 | $ 7,390.00 | Pre-rollover distributions on loan secured by 7450 S Luella | | $ 6,368.73 | $ 631.26 | | | | |
| **3037 Total** | | | | **$ 206,291.00** | **$ 56,989.31** | | **$ -** | **$ 38,688.24** | **$ 4,975.68** | **$ 100,653.23** | **48.79%** | **$ 35,703.05** | **66.10%** |
| 4207 | GNN Investment Trust | 1-609 | 1700 Juneway Terrace | $ 50,000.00 | $ 8,330.52 | | | 16,163.63 | | | | | |
| **4207 Total** | | | | **$ 50,000.00** | **$ 8,330.52** | | **$ -** | **$ 16,163.63** | **$ -** | **$ 24,494.15** | **48.99%** | **$ 8,555.35** | **66.10%** |
| 4364 | NuView IRA fbo Elizabeth Monnot-Chase IRA Traditional IRA | 1-1252 | 1700 Juneway Terrace | $ 105,000.00 | $ 17,511.11 | | | $ 33,937.01 | | | | | |
| **4364 Total** | | | | **$ 105,000.00** | **$ 17,511.11** | | **$ -** | **$ 33,937.01** | **$ -** | **$ 51,448.12** | **49.00%** | **$ 17,955.83** | **66.10%** |
| 4031 | Weeks Property Solutions 401(k) Plan | 61-127 | 7237 S Bennett Avenue | $ 50,000.00 | $ 11,436.16 | | | $ 11,809.83 | $ 1,256.67 | | | | |
| **4031 Total** | | | | **$ 50,000.00** | **$ 11,436.16** | | **$ -** | **$ 11,809.83** | **$ 1,256.67** | **$ 24,502.66** | **49.01%** | **$ 8,546.84** | **66.10%** |
| 3027 | Kon Family Trust dated April 26, 2002; Denny Kon | 96-112 | 8326-32 S Ellis Avenue | $ 50,000.00 | $ 11,131.00 | | | $ 12,835.64 | $ 1,215.75 | | | | |
| 3027 | 88 Legacy LLC | 100-126 | 11117-11119 S Longwood Drive | $ 50,000.00 | $ 6,061.59 | | | $ 17,875.51 | | | | | |
| **3027 Total** | | | | **$ 100,000.00** | **$ 17,192.59** | | **$ -** | **$ 30,711.15** | **$ 1,215.75** | **$ 49,119.49** | **49.12%** | **$ 16,979.51** | **66.10%** |
| 4167 | Viren R Patel | 96-507 | 8326-32 S Ellis Avenue | $ 50,000.00 | $ 12,197.28 | | | $ 12,483.53 | | | | | |
| **4167 Total** | | | | **$ 50,000.00** | **$ 12,197.28** | | **$ -** | **$ 12,483.53** | **$ -** | **$ 24,680.81** | **49.36%** | **$ 8,368.69** | **66.10%** |
| 4383 | Alice Han | 82-1353 | 6355-59 S Talman Avenue | $ 50,000.00 | $ 3,268.08 | | | $ 20,232.74 | $ 1,204.03 | | | | |
| **4383 Total** | | | | **$ 50,000.00** | **$ 3,268.08** | | **$ -** | **$ 20,232.74** | **$ 1,204.03** | **$ 24,704.85** | **49.41%** | **$ 8,344.65** | **66.10%** |
| 3143 | iPlanGroup Agent for Custodian FBO Christopher Pong | 67-760 | 1131-41 E 79th Place | $ 17,251.00 | $ 388.15 | LLC membership interest | | | $ 1,108.86 | | | | |
| 3143 | iPlanGroup Agent for Custodian FBO Christopher Pong IRA | 74-760 | 3074 Cheltenham Place | $ 29,280.00 | $ 7,622.57 | | | $ 13,475.65 | | | | | |
| 3143 | iPlanGroup Agent for Custodian FBO Julia Pong 3320807 | 67-1022 | 1131-41 E 79th Place | $ 18,382.00 | $ 413.60 | LLC membership interest | | | $ 1,247.67 | | | | |
| 3143 | iPlanGroup Agent for Custodian FBO Julia Pong IRA | 74-1022 | 3074 Cheltenham Place | $ 34,572.00 | $ 9,000.24 | | | $ 15,911.22 | | | | | |
| **3143 Total** | | | | **$ 99,485.00** | **$ 17,424.56** | | **$ -** | **$ 29,386.87** | **$ 2,356.53** | **$ 49,167.96** | **49.42%** | **$ 16,590.63** | **66.10%** |
| 4466 | Juliette S. Barksdale, as Trustee of the Juliette S. Barksdale 2011 Re | 1-2074 | 1700 Juneway Terrace | $ 300,000.00 | $ 52,916.57 | | | $ 95,843.86 | $ 7,572.73 | | | | |
| 4466 | Thomas W Farr | 10-2074 | 7301-09 S Stewart Avenue | $ 45,000.00 | $ 3,358.00 | Claim submitted on 3/5/2020 after the 12/31/2019 claims bar date. | | $ 13,524.04 | | | | | |
| 4466 | JS Investment Trust c/o Juliette Barksdale | 5-2074 | 7749 S Yates Boulevard | $ 25,723.00 | $ 5,169.40 | This claim was inadvertently omitted from original Group 2 recommendations. Pre-rollover distributions on loan secured by 7024 S Paxton. | | $ 4,958.32 | | | | | |
| **4466 Total** | | | | **$ 370,723.00** | **$ 61,443.97** | | **$ -** | **$ 114,326.22** | **$ 7,572.73** | **$ 183,342.92** | **49.46%** | **$ 61,701.26** | **66.10%** |
| 4030 | Quest Trust Company FBO Mona M Leonard  SDRIRA 2692021 | 1-123 | 1700 Juneway Terrace | $ 50,000.00 | $ 8,736.07 | Transaction to roll loan to SSDF6 equity fund was subsequently voided. | | $ 16,006.31 | $ 4,456.41 | | | | |
| 4030 | Quest Trust Company FBO Mona M Leonard  SDRIRA 2692021 | 61-123 | 7237 S Bennett Avenue | $ 200,000.00 | $ 48,339.00 | Transaction to roll loan to SSDF6 equity fund was subsequently voided | | $ 46,444.81 | | | | | |
| **4030 Total** | | | | **$ 250,000.00** | **$ 57,075.07** | | **$ -** | **$ 62,451.12** | **$ 4,456.41** | **$ 123,982.60** | **49.59%** | **$ 41,264.89** | **66.10%** |
| 4238 | iPlan Group FBO Randall Pong IRA | 13-728 | 2909 E 78th Street | $ 7,000.00 | $ 350.40 | | | $ 2,811.67 | | | | | |
| 4238 | iPlan Group FBO Randall Pong IRA | 77-728 | 7750-58 S Muskegon Avenue | $ 8,605.83 | $ 1,747.70 | | | $ 1,833.18 | | | | | |
| 4238 | iPlan Group FBO Randall Pong IRA 3321043 | 85-728 | 7201-07 S Dorchester Avenue | $ 30,164.26 | $ 6,287.31 | The Receiver recommends disallowing $91.74 pro-rata share of accrued interest added to principal amount of loan. Pro-rata share of pre-rollover distributions on loan secured by 7024 S Paxton | | $ 7,691.54 | | | | | |
| 4238 | iPlanGroup Agent for Custodian FBO Randall Pong IRA | 87-728 | 7508 S Essex Avenue | $ 11,209.91 | $ 2,336.56 | The Receiver recommends disallowing $34.09 accrued interest added to principal amount of loan.  Pro-rata share of pre-rollover distributions on loan secured by 7024 S Paxton. | | $ 5,304.24 | | | | | |
| **4238 Total** | | | | **$ 56,980.00** | **$ 10,721.97** | | **$ -** | **$ 17,640.63** | **$ -** | **$ 28,362.60** | **49.78%** | **$ 9,300.61** | **66.10%** |
| 4451 | Prakash, Sukumar Samson | 13-2047 | 2909 E 78th Street | $ 100,000.00 | $ 4,266.67 | $50,000 disallowed because records indicate initial loan package for $50,000 was voided and new loan package in amount of $100,000  reissued | | $ 40,479.25 | $ 5,047.36 | | | | |
| **4451 Total** | | | | **$ 100,000.00** | **$ 4,266.67** | | **$ -** | **$ 40,479.25** | **$ 5,047.36** | **$ 49,793.28** | **49.79%** | **$ 16,305.72** | **66.10%** |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4028 | New Move Ventures Inc. | 2-115 | 4533-37 S Calumet Avenue | $ 70,000.00 | $ 23,191.43 | Loan rolled to CCF1 but no claim submitted against those properties. Distributions on property include distributions on 4533 S Calumet. Pre-rollover distributions are post-rollover on loan secured by CCF1. | | | | | | | |
| 4028 | New Move Ventures Inc. | 74-115 | 3074 Cheltenham Place | $ 50,000.00 | $ 14,500.00 | | | $ 22,088.75 | | | | | |
| **4028 Total** | | | | **$ 120,000.00** | **$ 37,691.43** | | **$ -** | **$ 22,088.75** | **$ -** | **$ 59,780.18** | **49.82%** | **$ 19,538.62** | **66.10%** |
| 3007 | NDTCO FBO Ingrid Beyer Roth IRA | 79-437 | 6160-6212 S Martin Luther King Driv | $ 25,000.00 | $ 5,623.55 | | | $ 1,873.28 | | | | | |
| 3007 | New Direction IRA, Inc. FBO Joel Beyer, Roth IRA | 59-969 | 6001 S Sacramento Avenue | $ 16,000.00 | $ 4,624.00 | | | $ 7,020.55 | $ 2,431.29 | | | | |
| 3007 | New Direction IRA, Inc. FBO Joel Beyer, IRA | 70-969 | 638 N Avers Avenue | $ 85,000.00 | $ 18,180.61 | | | $ 23,023.29 | | | | | |
| **3007 Total** | | | | **$ 126,000.00** | **$ 28,428.16** | | **$ -** | **$ 31,917.12** | **$ 2,431.29** | **$ 62,776.57** | **49.82%** | **$ 20,508.17** | **66.10%** |
| 4125 | David and Leanne Ruesch | 96-384 | 8326-32 S Ellis Avenue | $ 50,000.00 | $ 10,797.27 | | | $ 12,945.85 | $ 1,231.34 | | | | |
| **4125 Total** | | | | **$ 50,000.00** | **$ 10,797.27** | | **$ -** | **$ 12,945.85** | **$ 1,231.34** | **$ 24,974.46** | **49.95%** | **$ 8,075.04** | **66.10%** |
| 4475 | Michael Burns | 96-1219 | 8326-32 S Ellis Avenue | $ 50,000.00 | $ 10,897.27 | | | $ 12,912.83 | $ 1,168.99 | | | | |
| **4475 Total** | | | | **$ 50,000.00** | **$ 10,897.27** | | **$ -** | **$ 12,912.83** | **$ 1,168.99** | **$ 24,979.09** | **49.96%** | **$ 8,070.41** | **66.10%** |
| 4224 | iPlan Group Agent for Custodian FBO Dana Speed IRA | 1-684 | 1700 Juneway Terrace | $ 40,000.00 | $ 6,306.70 | Transaction to roll loan to SSDF6 equity fund was subsequently voided | | $ 13,069.66 | $ 11,449.34 | | | | |
| 4224 | iPlan Group Agent for Custodian FBO Dana Speed IRA | 5-684 | 7749 S Yates Boulevard | $ 169,000.00 | $ 27,115.07 | Transaction to roll loan to SSDF6 equity fund was subsequently voided | | $ 34,228.08 | | | | | |
| 4224 | Dana Speed | 60-684 | 7026 S Cornell Avenue | $ 31,000.00 | | Transaction to roll loan to SSDF6 equity fund was subsequently voided | | $ 27,814.94 | | | | | |
| 4224 | Dana Speed | 906-684 | SSDF6 | | | Rollover to SSDF6 voided. Duplicate of claims 1-684, 5-684 and 60-684 | | | | | | | |
| **4224 Total** | | | | **$ 240,000.00** | **$ 33,421.77** | | **$ -** | **$ 75,112.68** | **$ 11,449.34** | **$ 119,983.79** | **49.99%** | **$ 38,653.80** | **66.10%** |
| 4132 | Estate of Larry J. Eggenberger | 61-402 | 7237 S Bennett Avenue | $ 50,000.00 | $ 12,411.16 | | | $ 11,511.24 | $ 1,168.99 | | | | |
| **4132 Total** | | | | **$ 50,000.00** | **$ 12,411.16** | | **$ -** | **$ 11,511.24** | **$ 1,168.99** | **$ 25,091.39** | **50.18%** | **$ 7,958.11** | **66.10%** |
| 5007 | Sabal Capital Operations LLC | 70-2084 | 638 N Avers Avenue | $ 1,018,803.28 | $ 351,437.93 | | | $ 160,000.00 | | | | | |
| **5007 Total** | | | | **$ 1,018,803.28** | **$ 351,437.93** | | **$ -** | **$ 160,000.00** | **$ -** | **$ 511,437.93** | **50.20%** | **$ 161,980.82** | **66.10%** |
| 4115 | Naveen Kwatra | 5-356 | 7749 S Yates Boulevard | $ 25,000.00 | $ 4,772.18 | | | $ 4,879.73 | | | | | |
| 4115 | Naveen Kwatra | 71-356 | 701 S 5th Avenue | $ 50,000.00 | $ 15,293.33 | | | $ 12,770.13 | | | | | |
| **4115 Total** | | | | **$ 75,000.00** | **$ 20,065.51** | | **$ -** | **$ 17,649.86** | **$ -** | **$ 37,715.37** | **50.29%** | **$ 11,858.88** | **66.10%** |
| 4341 | Karl R. DeKlotz | 4-1179 | 5450-52 S Indiana Avenue | $ 150,000.00 | $ 32,066.66 | | | $ 100,005.04 | $ 31,562.79 | | | | |
| 4341 | Karl R. DeKlotz | 13-1179 | 2909 E 78th Street | $ 200,000.00 | $ 11,083.33 | | | $ 79,880.28 | | | | | |
| 4341 | Karl R. DeKlotz | 64-1179 | 4611 S Drexel Boulevard | $ 150,000.00 | $ 21,395.84 | Claimant agreed to rollover this loan $150,000 to 6160 MLK (Claim 79-1179) and $150,000 to 7625 East End. Because no claim was submitted against 7625 East End (Group 1 Property 75), a $150,000 unsecured claim remains. Pre-rollover distributions divided. | | | | | | | |
| 4341 | Karl R. DeKlotz | 68-1179 | 6217-27 S Dorchester Avenue | $ 150,000.00 | $ 30,448.07 | | | $ 55,312.43 | | | | | |
| 4341 | Karl R. DeKlotz | 71-1179 | 701 S 5th Avenue | $ 400,000.00 | $ 111,557.84 | Claimant has two loans secured by this property. A $300,000 loan extended in August 2016, and a rollover of $100,000 from 7024 Paxton. Pro-rata share of pre-rollover distributions on loan secured by 7024 S Paxton. | | $ 106,130.75 | | | | | |
| 4341 | Karl R. DeKlotz | 79-1179 | 6160-6212 S Martin Luther King Driv | $ 300,000.00 | $ 78,177.26 | Principal balance increased due to rollovers of loans secured by 4611 S Drexel and 7024 S Paxton to this property in June, 2017. Pro rata share of pre-rollover distributions from those two loans applied. | | $ 21,445.41 | | | | | |
| **4341 Total** | | | | **$ 1,350,000.00** | **$ 284,729.00** | | **$ -** | **$ 362,773.91** | **$ 31,562.79** | **$ 679,065.70** | **50.30%** | **$ 213,270.76** | **66.10%** |
| 3073 | Madison Trust Company Custodian FBO James R. Talman IRA Acct. | 89-702 | 7600 S Kingston Avenue | $ 20,000.00 | $ 2,408.33 | | | $ 10,276.48 | $ 467.60 | | | | |
| 3073 | Madison Trust Company Custodian FBO Kathy Talman IRA | 71-1109 | 701 S 5th Avenue | $ 50,000.00 | $ 13,458.27 | | | $ 13,445.33 | $ 1,753.49 | | | | |
| 3073 | Madison Trust Company Custodian FBO Kathy B. Talman IRA | 79-1109 | 6160-6212 S Martin Luther King Driv | $ 25,000.00 | $ 6,073.55 | | | $ 1,829.77 | | | | | |
| 3073 | Clearwood Funding, LLC | 61-1275 | 7237 S Bennett Avenue | $ 20,000.00 | $ 5,007.89 | Wealth Builders 1 LLC loan was assigned to three claimants, Clearwood Funding LLC (this claim for $20,000), BCL Associates LLC (claim 61-477 for $10,000) and New Idea Properties (claim 61-1468 for $20,000). Distributions divided between the three claims. | | $ 4,591.20 | $ 1,168.99 | | | | |
| 3073 | Clearwood Funding, LLC | 1-1276 | 1700 Juneway Terrace | $ 50,000.00 | $ 8,346.83 | | | $ 16,157.30 | $ 3,506.98 | | | | |
| 3073 | Clearwood Funding, LLC | 5-1276 | 7749 S Yates Boulevard | $ 50,000.00 | $ 9,569.49 | | | $ 9,753.39 | | | | | |
| 3073 | Clearwood Funding LLC | 85-1276 | 7201-07 S Dorchester Avenue | $ 50,000.00 | $ 15,019.36 | | | $ 11,268.39 | | | | | |
| **3073 Total** | | | | **$ 265,000.00** | **$ 59,883.72** | | **$ -** | **$ 67,321.86** | **$ 6,897.06** | **$ 134,102.64** | **50.60%** | **$ 41,059.70** | **66.10%** |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3041 | Frank Sohm IRA | 13-558 | 2909 E 78th Street | $ 40,000.00 | $ 10,613.33 | Pre-rollover distributions on loan secured by 7823 S Essex | | $ 12,425.67 | $ 6,950.12 | | | | |
| 3041 | iPlanGroup Agent for Custodian FBO Frank Sohm IRA | 71-558 | 701 S 5th Avenue | $ 40,000.00 | $ 11,642.67 | | | 10,433.93 | | | | | |
| 3041 | iPlanGroup Agent for Custodian FBO Frank Sohm IRA | 89-558 | 7600 S Kingston Avenue | $ 14,780.41 | $ 4,070.10 | The Receiver recommends disallowing $1,016.15 pro-rata share of accrued interest from 4930 Cornelia added to principal amount of loan | | $ 6,256.62 | | | | | |
| 3041 | iPlanGroup Agent for Custodian FBO Frank Sohm IRA | 135-558 | 4930 W. Cornelia, Chicago, IL 60641 | $ 10,219.59 | $ 4,460.94 | Claimant agreed to rollover portion of this loan to 7600 Kingston (89-553) and portion to unsecured promissory note.. Disallow pro-rata share of accrued interest. Distributions on UPN. | | | | | | | |
| 3041 | Frank Sohm IRA | 10-558 | 7301-09 S Stewart Avenue | $ 10,000.00 | $ 582.00 | | | $ 3,058.68 | | | | | |
| 3041 | Sohm Strategic Investments, LLC | 904-865 | Legacy Fund SSDF 4 | $ 75,000.00 | $ 20,475.20 | | | | $ 1,806.09 | | | | |
| 3041 | Frank and Laura Sohm | 13-906 | 2909 E 78th Street | $ 10,000.00 | $ 620.28 | | | $ 3,966.06 | $ 3,925.33 | | | | |
| 3041 | Frank and Laura Sohm | 63-906 | 4520-26 S Drexel Boulevard | $ 65,000.00 | $ 4,377.80 | LLC membership interest; prerollover distributions from loan secured by 816 E Marquette | | | | | | | |
| 3041 | Frank and Laura Sohm | 73-906 | 7255-57 S Euclid Avenue | $ 35,300.00 | $ 10,328.26 | | | $ 17,022.32 | | | | | |
| 3041 | Frank & Laura Sohm | 85-906 | 7201-07 S Dorchester Avenue | $ 14,700.00 | $ 4,669.72 | | | $ 3,231.08 | | | | | |
| 3041 | Frank and Laura Sohm | 120-906 | 7823-27 S. Essex Ave., Chicago, IL 60 | | | Duplicative of claim 120-558 | | | | | | | |
| 3041 | iPlanGroup Agent for Custodian FBO Frank Sohm IRA | 135-906 | 4930 W. Cornelia, Chicago, IL 60641 | | | Duplicative of claim 135-558 | | | | | | | |
| 3041 | Frank and Laura Sohm | 10-906 | 7301-09 S Stewart Avenue | $ 26,000.00 | $ 1,891.91 | | | $ 7,829.57 | | | | | |
| 3041 | iPlan Custodian FBO Laura Sohm IRA | 62-970 | 7834-44 S Ellis Avenue | $ 15,000.00 | $ 4,210.60 | | | $ 9,465.71 | $ 2,445.37 | | | | |
| 3041 | iPlan Custodian FBO Laura Sohm IRA | 69-970 | 6250 S Mozart Avenue | $ 63,000.00 | $ 32,903.25 | The Receiver recommends disallowing $315 accrued interest added to principal balance of loan. Pre-rollover distributions on loan secured by 6142 MLK. | | $ 14,264.43 | | | | | |
| 3041 | Laura J. Sohm IRA | 10-970 | 7301-09 S Stewart Avenue | $ 14,000.00 | $ 1,002.57 | | | $ 4,221.17 | | | | | |
| **3041 Total** | | | | **$ 433,000.00** | **$ 111,848.63** | | **$ -** | **$ 92,175.24** | **$ 15,126.91** | **$ 219,150.78** | **50.61%** | **$ 67,057.88** | **66.10%** |
| 4222 | Simon Usuga | 1-681 | 1700 Juneway Terrace | $ 45,000.00 | $ 7,350.00 | | | $ 14,604.47 | $ 2,221.08 | | | | |
| 4222 | Simon Usuga | 96-681 | 8326-32 S Ellis Avenue | $ 50,000.00 | $ 11,097.27 | | | 12,846.78 | | | | | |
| **4222 Total** | | | | **$ 95,000.00** | **$ 18,447.27** | | **$ -** | **$ 27,451.25** | **$ 2,221.08** | **$ 48,119.60** | **50.65%** | **$ 14,674.45** | **66.10%** |
| 4099 | Receivables to Cash, LLC d/b/a Berenger Capital | 79-302 | 6160-6212 S Martin Luther King Driv | $ 50,000.00 | $ 12,272.28 | | | $ 3,647.45 | $ 3,506.98 | | | | |
| 4099 | Receivables to Cash, LLC d/b/a Berenger Capital | 87-302 | 7508 S Essex Avenue | $ 50,000.00 | $ 14,786.03 | | | $ 21,049.92 | | | | | |
| 4099 | Receivables to Cash, LLC d/b/a Berenger Capital | 124-302 | 6801 S East End, Chicago, IL 60649 | $ 50,000.00 | $ 20,789.54 | | | | | | | | |
| **4099 Total** | | | | **$ 150,000.00** | **$ 47,847.85** | | **$ -** | **$ 24,697.37** | **$ 3,506.98** | **$ 76,052.20** | **50.70%** | **$ 23,096.30** | **66.10%** |
| 4185 | JN Investment Trust | 68-556 | 6217-27 S Dorchester Avenue | $ 50,000.00 | $ 10,149.40 | | | $ 18,437.46 | | | | | |
| 4185 | JN Investment Trust, Janice Nelson Trustee | 85-556 | 7201-07 S Dorchester Avenue | $ 60,000.00 | $ 18,373.33 | | | $ 13,409.29 | | | | | |
| 4185 | JN Investment Trust, Trustee Janice Nelson | 124-556 | 6801 S East End, Chicago, IL 60649 | $ 50,000.00 | $ 21,089.54 | | | | | | | | |
| **4185 Total** | | | | **$ 160,000.00** | **$ 49,612.27** | | **$ -** | **$ 31,846.75** | **$ -** | **$ 81,459.02** | **50.91%** | **$ 24,299.37** | **66.10%** |
| 4276 | Cross 5774 Holdings LLC - Cross Global Funding Group | 1-860 | 1700 Juneway Terrace | $ 50,000.00 | $ 8,544.40 | | | $ 16,080.66 | | | | | |
| 4276 | Cross 5774 Holdings LLC - Cross Global Funding Group | 83-860 | 6356 S California Avenue | $ 25,000.00 | $ 7,375.00 | | | $ 6,260.88 | | | | | |
| **4276 Total** | | | | **$ 75,000.00** | **$ 15,919.40** | | **$ -** | **$ 22,341.54** | **$ -** | **$ 38,260.94** | **51.01%** | **$ 11,313.31** | **66.10%** |
| 4154 | BCL Associates, LLC | 61-477 | 7237 S Bennett Avenue | $ 10,000.00 | $ 2,603.81 | | | $ 2,265.02 | $ 240.03 | | | | |
| **4154 Total** | | | | **$ 10,000.00** | **$ 2,603.81** | | **$ -** | **$ 2,265.02** | **$ 240.03** | **$ 5,108.86** | **51.09%** | **$ 1,501.04** | **66.10%** |
| 4300 | Initium LLC/Harry Saint-Preux | 78-968 | 7201 S Constance Avenue | $ 50,000.00 | $ 15,716.67 | Secured investment rolled to unsecured promissory note | | $ - | $ 3,506.98 | | | | |
| 4300 | Initium LLC/Harry Saint-Preux | 126-968 | 5201-5207 W Washington Blvd, Chic | $ 100,000.00 | $ 57,421.07 | | | | | | | | |
| **4300 Total** | | | | **$ 150,000.00** | **$ 73,137.74** | | **$ -** | **$ -** | **$ 3,506.98** | **$ 76,644.72** | **51.10%** | **$ 22,503.78** | **66.10%** |
| 4046 | Wisemove Properties LLC, (Anthony and Linda Reid, members) | 100-168 | 11117-11119 S Longwood Drive | $ 50,000.00 | $ 7,127.37 | Pre-rollover distributions on loan secured by 7051 S Bennett | | $ 17,441.91 | | | | | |
| 4046 | Wisemove Properties, LLC (Anthony and Linda Reid, members) | 904-168 | Legacy Fund SSDF 4 | $ 50,000.00 | $ 10,036.09 | | | | | | | | |
| 4046 | Wisemove Properties, LLC (Anthony and Linda Reid, members) | 58-168 | 5955 S Sacramento Avenue | $ 29,000.00 | $ 5,232.84 | | | $ 13,280.54 | | | | | |
| 4046 | Wisemove Properties, LLC | 61-168 | 7237 S Bennett Avenue | $ 200,000.00 | $ 49,404.50 | | | $ 46,118.51 | | | | | |
| 4046 | Wisemove Properties, LLC | 68-168 | 6217-27 S Dorchester Avenue | $ 100,000.00 | $ 20,348.67 | | | $ 36,851.84 | | | | | |
| 4046 | Wisemove Properties, LLC | 79-168 | 6160-6212 S Martin Luther King Driv | $ 100,000.00 | $ 24,727.72 | | | $ 7,277.18 | | | | | |
| 4046 | Wisemove Properties, LLC | 88-168 | 7546 S Saginaw Avenue | $ 11,979.00 | $ 2,161.60 | | | $ 4,016.03 | | | | | |
| 4046 | Wisemove Properties, LLC (Anthony and Linda Reid, members) | 92-168 | 7748-50 S Essex Avenue | $ 28,000.00 | $ 5,052.49 | | | $ 12,756.22 | | | | | |
| 4046 | Wisemove Properties, LLC | 94-168 | 816-20 E Marquette Road | $ 100,000.00 | $ 24,227.72 | | | $ 55,970.20 | | | | | |
| **4046 Total** | | | | **$ 668,979.00** | **$ 148,319.00** | | **$ -** | **$ 193,712.43** | **$ -** | **$ 342,031.43** | **51.13%** | **$ 100,156.98** | **66.10%** |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3128 | Equity Trust Company Custodian FBO Theodore J. Guillen ROTH IRA | 124-423 | 6801 S East End, Chicago, IL 60649 | $ 14,775.00 | $ 6,143.39 | | | | $ 345.44 | | | | |
| 3128 | EQUITY TRUST COMPANY CUSTODIAN FBO PATRICIA F GUILLEN IRA | 124-424 | 6801 S East End, Chicago, IL 60649 | $ 14,775.00 | $ 6,182.99 | | | | | | | | |
| 3128 | EQUITY TRUST COMPANY CUSTODIAN FBO THEODORE P GUILLEN | 124-457 | 6801 S East End, Chicago, IL 60649 | $ 2,391.00 | $ 994.23 | | | | $ 55.90 | | | | |
| 3128 | EQUITY TRUST COMPANY CUSTODIAN FBO CHRISTOPHER M GUILL | 124-460 | 6801 S East End, Chicago, IL 60649 | $ 2,951.00 | $ 1,227.04 | | | | $ 68.99 | | | | |
| 3128 | EQUITY TRUST COMPANY CUSTODIAN FBO JETT C GUILLEN CESA A | 124-461 | 6801 S East End, Chicago, IL 60649 | $ 2,608.00 | $ 1,084.47 | | | | $ 60.97 | | | | |
| 3128 | Patricia Guillen | 102-463 | 7927-29 S Essex Avenue | $ 50,000.00 | $ 14,587.17 | Pre-rollover distributions on loan secured by 7760 S Coles | | $ 9,112.51 | $ 1,168.99 | | | | |
| 3128 | Oak Barrel One, LLC | 83-488 | 6356 S California Avenue | $ 20,000.00 | $ 9,953.84 | The Receiver recommends disallowing $38 accrued interest added to principal amount of loan. Pre-rollover distributions on loan secured by 7200 Stoney Island. | | $ 3,568.67 | $ 468.49 | | | | |
| **3128 Total** | | | | **$ 107,500.00** | **$ 40,173.13** | | **$ -** | **$ 12,681.18** | **$ 2,168.78** | **$ 55,023.09** | **51.18%** | **$ 16,033.33** | **66.10%** |
| 4170 | Valmar PLC | 79-517 | 6160-6212 S Martin Luther King Driv | $ 25,000.00 | $ 6,144.38 | | | $ 1,822.93 | $ 1,168.99 | | | | |
| 4170 | Valmar, PLC | 69-517 | 6250 S Mozart Avenue | $ 25,000.00 | $ 8,801.79 | | | $ 7,677.18 | | | | | |
| **4170 Total** | | | | **$ 50,000.00** | **$ 14,946.17** | | **$ -** | **$ 9,500.11** | **$ 1,168.99** | **$ 25,615.27** | **51.23%** | **$ 7,434.23** | **66.10%** |
| 3010 | Nathan and Brandi Hennefer | 68-742 | 6217-27 S Dorchester Avenue | $ 25,000.00 | $ 5,045.47 | | | $ 9,232.25 | $ 584.50 | | | | |
| 3010 | Voya Institutional Trust Co. FBO Nathan Hennefer V1000011552ZS | 96-754 | 8326-32 S Ellis Avenue | $ 44,000.00 | $ 7,605.94 | | | $ 12,018.35 | $ 1,028.71 | | | | |
| **3010 Total** | | | | **$ 69,000.00** | **$ 12,651.41** | | **$ -** | **$ 21,250.60** | **$ 1,613.21** | **$ 35,515.22** | **51.47%** | **$ 10,093.09** | **66.10%** |
| 4281 | Pioneer Valley Properties, LLC | 1-878 | 1700 Juneway Terrace | $ 50,000.00 | $ 8,466.63 | | | $ 16,110.83 | $ 1,168.99 | | | | |
| **4281 Total** | | | | **$ 50,000.00** | **$ 8,466.63** | | **$ -** | **$ 16,110.83** | **$ 1,168.99** | **$ 25,746.45** | **51.49%** | **$ 7,303.05** | **66.10%** |
| 4337 | Madison Trust Company Custodian FBO Arvind Kinjarapu Roth IRA | 79-1161 | 6160-6212 S Martin Luther King Driv | $ 35,000.00 | $ 8,468.11 | | | $ 2,565.05 | $ 3,401.77 | | | | |
| 4337 | Madison Trust Company Custodian FBO Arvind Kinjarapu IRA #M1 | 95-1161 | 8201 S Kingston Avenue | $ 100,000.00 | $ 32,434.29 | | | $ 23,221.71 | | | | | |
| 4337 | Madison Trust Company Custodian FBO Arvind Kinjarapu IRA #M1 | 96-1161 | 8326-32 S Ellis Avenue | $ 10,500.00 | $ 2,100.00 | | | $ 2,773.92 | | | | | |
| **4337 Total** | | | | **$ 145,500.00** | **$ 43,002.40** | | **$ -** | **$ 28,560.68** | **$ 3,401.77** | **$ 74,964.85** | **51.52%** | **$ 21,209.19** | **66.10%** |
| 4336 | Helene D. Kapsky | 1-1149 | 1700 Juneway Terrace | $ 100,000.00 | $ 17,122.26 | | | $ 32,148.34 | $ 2,337.98 | | | | |
| **4336 Total** | | | | **$ 100,000.00** | **$ 17,122.26** | | **$ -** | **$ 32,148.34** | **$ 2,337.98** | **$ 51,608.58** | **51.61%** | **$ 14,490.42** | **66.10%** |
| 3144 | Koates LLC | 2-228 | 4533-37 S Calumet Avenue | $ 12,000.00 | | | | $ 12,000.00 | | | | | |
| 3144 | Koates LLC | 5-228 | 7749 S Yates Boulevard | $ 3,200.00 | $ 11.05 | | | $ 769.30 | | | | | |
| 3144 | Koates LLC | 7-228 | 7109-19 S Calumet Avenue | | | Duplicate of Claim No. 2-228 | | | | | | | |
| 3144 | Koates, LLC | 61-228 | 7237 S Bennett Avenue | $ 19,800.00 | | | | $ 6,063.57 | | | | | |
| 3144 | Koates LLC | 100-228 | 11117-11119 S Longwood Drive | $ 50,000.00 | $ 6,009.41 | | | $ 17,896.74 | | | | | |
| 3144 | BTRUE LLC c/o Barry Oates | 61-669 | 7237 S Bennett Avenue | $ 5,200.00 | | | | $ 1,592.45 | | | | | |
| 3144 | BTRUE LLC c/o Barry Oates | 74-669 | 3074 Cheltenham Place | $ 38,400.00 | | | | $ 23,893.18 | | | | | |
| 3144 | BTRUE LLC c/o Barry Oates | 100-669 | 11117-11119 S Longwood Drive | $ 50,000.00 | $ 6,258.63 | | | $ 17,795.35 | | | | | |
| **3144 Total** | | | | **$ 178,600.00** | **$ 12,279.09** | | **$ -** | **$ 80,010.59** | **$ -** | **$ 92,289.68** | **51.67%** | **$ 25,763.13** | **66.10%** |
| 3125 | Steve Weera Tonasut Family Trust dated June 14, 2004 | 5-154 | 7749 S Yates Boulevard | $ 50,000.00 | $ 8,979.67 | Transaction to roll loan to SSDF6 equity fund was subsequently voided | | $ 9,895.68 | $ 8,182.94 | | | | |
| 3125 | Steve Weera Tonasut Family Trust dated June 14, 2004 | 10-303 | 7301-09 S Stewart Avenue | $ 100,000.00 | $ 10,204.00 | | | $ 29,162.98 | | | | | |
| 3125 | Steve Weera Tonasut Family Trust dated June 14, 2004 | 13-304 | 2909 E 78th Street | $ 150,000.00 | $ 7,982.00 | Lender is The Tonasut Family Trust dated June 14, 2004 | | $ 60,049.96 | | | | | |
| 3125 | Steve Weera Tonasut Family Trust dated June 14, 2004 | 84-312 | 7051 S Bennett Avenue | $ 50,000.00 | $ 37,314.00 | | | $ 9,296.73 | | | | | |
| 3125 | Steve Weera Tonasut Family Trust dated June 14, 2004 | 937-390 | Mezzazine Fund | | | Duplicative of claim 84-312 | | | | | | | |
| 3125 | Steve Weera Tonasut Family Trust dated June 14, 2004 | 908-975 | SSDF 8 | | | Duplicate of claim 84-312 | | | | | | | |
| **3125 Total** | | | | **$ 350,000.00** | **$ 64,479.67** | | **$ -** | **$ 108,405.35** | **$ 8,182.94** | **$ 181,067.96** | **51.73%** | **$ 50,278.53** | **66.10%** |
| 4403 | Sounjay K. Gairola Revocable Trust (Sounjay K. Gairola Trustee) | 9-1439 | 8100 S Essex Avenue | $ 50,000.00 | $ 1,042.17 | | | $ 17,943.17 | $ 3,466.74 | | | | |
| 4403 | Sounjay K. Gairola Revocable Trust (Sounjay K. Gairola Trustee) | 61-1439 | 7237 S Bennett Avenue | $ 35,000.00 | $ 916.51 | | | $ 10,437.76 | | | | | |
| 4403 | Sounjay K. Gairola Revocable Trust (Sounjay K. Gairola Trustee) | 73-1439 | 7255-57 S Euclid Avenue | $ 60,000.00 | $ 1,669.79 | | | $ 39,761.57 | | | | | |
| **4403 Total** | | | | **$ 145,000.00** | **$ 3,628.47** | | **$ -** | **$ 68,142.50** | **$ 3,466.74** | **$ 75,237.71** | **51.89%** | **$ 20,605.84** | **66.10%** |
| 3072 | JDSKPS LLC | 61-826 | 7237 S Bennett Avenue | $ 150,000.00 | $ 35,733.33 | | | $ 34,993.13 | $ 3,647.26 | | | | |
| 3072 | Erwin J Page Trust | 68-1162 | 6217-27 S Dorchester Avenue | $ 50,000.00 | $ 9,482.73 | | | $ 18,745.90 | $ 1,231.34 | | | | |
| **3072 Total** | | | | **$ 200,000.00** | **$ 45,216.06** | | **$ -** | **$ 53,739.03** | **$ 4,878.60** | **$ 103,833.69** | **51.92%** | **$ 28,364.30** | **66.10%** |
| 4389 | Rinku Uberoi | 100-1373 | 11117-11119 S Longwood Drive | $ 250,000.00 | $ 38,604.58 | | | $ 86,002.21 | $ 5,844.96 | | | | |
| **4389 Total** | | | | **$ 250,000.00** | **$ 38,604.58** | | **$ -** | **$ 86,002.21** | **$ 5,844.96** | **$ 130,451.75** | **52.18%** | **$ 34,795.74** | **66.10%** |
| 4047 | David Ashley Lawrence Johnson investing under Endurance Capita | 13-170 | 2909 E 78th Street | $ 100,000.00 | $ 3,258.34 | | | $ 40,905.61 | $ 6,770.41 | | | | |
| 4047 | Endurance Capital Management, LLC | 60-170 | 7026 S Cornell Avenue | $ 50,000.00 | $ 12,583.27 | Pre-rollover distributions on loan secured by 4611 S Drexel | | $ 33,572.39 | | | | | |
| 4047 | David Ashley Lawrence Johnson investing under Endurance Capita | 102-170 | 7927-29 S Essex Avenue | $ 100,000.00 | $ 10,316.33 | | | $ 23,077.62 | | | | | |
| **4047 Total** | | | | **$ 250,000.00** | **$ 26,157.94** | | **$ -** | **$ 97,555.62** | **$ 6,770.41** | **$ 130,483.97** | **52.19%** | **$ 34,763.52** | **66.10%** |
| 4395 | Longwood11117, LLC | 100-1400 | 11117-11119 S Longwood Drive | $ 400,000.00 | $ 61,706.42 | | | $ 137,628.31 | $ 9,601.32 | | | | |
| **4395 Total** | | | | **$ 400,000.00** | **$ 61,706.42** | | **$ -** | **$ 137,628.31** | **$ 9,601.32** | **$ 208,936.05** | **52.23%** | **$ 55,459.94** | **66.10%** |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4221 | Danielle DeVarne | 1-679 | 1700 Juneway Terrace | $ 50,000.00 | $ 8,619.40 | | | $ 16,051.57 | $ 3,506.98 | | | | |
| 4221 | Danielle DeVarne | 77-679 | 7750-58 S Muskegon Avenue | $ 50,000.00 | $ 18,667.00 | | | $ 8,375.30 | | | | | |
| 4221 | Danielle DeVarne | 96-679 | 8326-32 S Ellis Avenue | $ 50,000.00 | $ 10,897.27 | | | $ 12,912.83 | | | | | |
| **4221 Total** | | | | **$ 150,000.00** | **$ 38,183.67** | | **$ -** | **$ 37,339.70** | **$ 3,506.98** | **$ 79,030.35** | **52.69%** | **$ 20,118.15** | **66.10%** |
| 4136 | Madison Trust Company Custodian FBO Brian Shaffer IRA Account | 1-411 | 1700 Juneway Terrace | $ 100,000.00 | $ 15,922.26 | | | $ 32,613.82 | $ 3,638.49 | | | | |
| 4136 | Madison Trust Company Custodian FBO Brian Shaffer Account #M | 71-411 | 701 S 5th Avenue | $ 50,000.00 | $ 13,458.27 | | | $ 13,445.33 | | | | | |
| **4136 Total** | | | | **$ 150,000.00** | **$ 29,380.53** | | **$ -** | **$ 46,059.15** | **$ 3,638.49** | **$ 79,078.17** | **52.72%** | **$ 20,070.33** | **66.10%** |
| 3055 | The Jacqueline C Rowe Living Trust | 904-139 | Legacy Fund SSDF 4 | $ 365,000.00 | $ 151,902.44 | | | | $ 8,533.64 | | | | |
| 3055 | Madison Trust Company Agent for Custodian FBO The Jacqueline C | 904-163 | Legacy Fund SSDF 4 | $ 610,998.00 | $ 354,225.57 | | | | | | | | |
| **3055 Total** | | | | **$ 975,998.00** | **$ 506,128.01** | | **$ -** | **$ -** | **$ 8,533.64** | **$ 514,661.65** | **52.73%** | **$ 130,463.24** | **66.10%** |
| 3116 | Stephan Tang | 78-172 | 7201 S Constance Avenue | $ 35,345.00 | $ 8,223.57 | Transaction to roll loan to SSDF6 equity fund was subsequently voided | | $ 12,935.61 | | | | | |
| 3116 | Stephan Tang | 79-172 | 6160-6212 S Martin Luther King Driv | $ 36,470.00 | $ 4,408.85 | Pre-rollover distributions on loan secured by 4533 S Calumet | | $ 3,099.61 | | | | | |
| 3116 | Stephan Tang | 906-172 | SSDF6 | | | Duplicative of claims 78-172 and 79-172 | | | | | | | |
| 3116 | Stephan Tang | 75-1111 | 7625-33 S East End Avenue | $ 25,185.00 | $ 7,106.50 | Pre-rollover distributions from 4611 Drexel | | $ 18,078.50 | $ 4,050.72 | | | | |
| 3116 | Stephan Tang | 88-1111 | 7546 S Saginaw Avenue | $ 50,000.00 | $ 6,288.89 | | | $ 17,881.02 | | | | | |
| 3116 | Stephan Tang | 115-1111 | 109 N. Laramie (Property number 00 | $ 50,000.00 | $ 22,022.72 | | | | | | | | |
| **3116 Total** | | | | **$ 197,000.00** | **$ 48,050.53** | | **$ -** | **$ 51,994.74** | **$ 4,050.72** | **$ 104,095.99** | **52.84%** | **$ 26,119.03** | **66.10%** |
| 3102 | Robert Conley III | 9-277 | 8100 S Essex Avenue | $ 119,305.00 | $ 36,249.10 | Claimant agreed to rollover to SSDF4, and then partial rollover back to this property. Distributions allocated pro-rata between this property and SSDF4. Transaction to roll loan to SSDF6 equity fund was subsequently voided. | | $ 30,440.20 | $ 9,351.94 | | | | |
| 3102 | Robert Conley III | 904-277 | Legacy Fund SSDF 4 | $ 205,695.00 | $ 61,118.21 | | | | | | | | |
| 3102 | Robert Conley III | 2-789 | 4533-37 S Calumet Avenue | $ 75,000.00 | $ 22,311.50 | | | $ 52,688.50 | | | | | |
| **3102 Total** | | | | **$ 400,000.00** | **$ 119,678.81** | | **$ -** | **$ 83,128.70** | **$ 9,351.94** | **$ 212,159.45** | **53.04%** | **$ 52,236.54** | **66.10%** |
| 3071 | Schwab Agent for Custodian FBO James Sullivan IRA Account #493 | 61-125 | 7237 S Bennett Avenue | $ 30,000.00 | $ 6,833.33 | | | $ 7,094.58 | $ 2,355.52 | | | | |
| 3071 | Schwab Agent for Custodian FBO James Sullivan IRA Account #493 | 71-125 | 701 S 5th Avenue | $ 50,000.00 | $ 13,930.49 | | | $ 13,271.58 | | | | | |
| 3071 | James Sullivan | 61-627 | 7237 S Bennett Avenue | $ 20,000.00 | $ 4,944.50 | | | $ 4,610.61 | | | | | |
| **3071 Total** | | | | **$ 100,000.00** | **$ 25,708.32** | | **$ -** | **$ 24,976.77** | **$ 2,355.52** | **$ 53,040.61** | **53.04%** | **$ 13,058.39** | **66.10%** |
| 3081 | Larry White | 79-794 | 6160-6212 S Martin Luther King Driv | $ 52,500.00 | $ 12,754.58 | | | $ 3,842.51 | $ 2,447.87 | | | | |
| 3081 | Larry W. White | 92-983 | 7748-50 S Essex Avenue | $ 50,000.00 | $ 17,252.69 | | | $ 18,203.81 | | | | | |
| **3081 Total** | | | | **$ 102,500.00** | **$ 30,007.27** | | **$ -** | **$ 22,046.32** | **$ 2,447.87** | **$ 54,501.46** | **53.17%** | **$ 13,250.01** | **66.10%** |
| 4392 | Robert Potter | 1-1389 | 1700 Juneway Terrace | $ 79,274.00 | $ 13,441.38 | | | $ 25,536.53 | $ 6,967.17 | | | | |
| 4392 | Robert Potter | 2-1389 | 4533-37 S Calumet Avenue | $ 6,634.00 | $ 1,776.40 | Claimant partially rolled this loan to other properties. Pre-rollover distributions divided pro-rata. | | $ 4,857.60 | | | | | |
| 4392 | Robert Potter | 5-1389 | 7749 S Yates Boulevard | $ 15,000.00 | $ 2,639.17 | | | $ 2,981.91 | | | | | |
| 4392 | Robert A. Potter | 6-1389 | 6437 S Kenwood Avenue | $ 47,786.00 | $ 5,624.21 | | | $ 29,619.69 | | | | | |
| 4392 | Robert Potter | 9-1389 | 8100 S Essex Avenue | $ 11,412.00 | $ 3,079.63 | Pre-rollover distributions on loan secured by 4533 S Calumet | | $ 3,053.83 | | | | | |
| 4392 | Robert Potter | 60-1389 | 7026 S Cornell Avenue | $ 12,549.00 | $ 1,600.69 | | | $ 9,823.44 | | | | | |
| 4392 | Robert Potter | 75-1389 | 7625-33 S East End Avenue | $ 786.00 | $ 100.26 | | | $ 685.74 | | | | | |
| 4392 | Robert Potter | 78-1389 | 7201 S Constance Avenue | $ 2,796.00 | $ 342.98 | | | $ 1,169.97 | | | | | |
| 4392 | Robert Potter | 79-1389 | 6160-6212 S Martin Luther King Driv | $ 23,000.00 | $ 5,645.28 | | | $ 1,677.82 | | | | | |
| 4392 | Robert Potter | 82-1389 | 6355-59 S Talman Avenue | $ 4,858.00 | $ 285.29 | | | $ 1,979.77 | | | | | |
| 4392 | Robert Potter | 85-1389 | 7201-07 S Dorchester Avenue | $ 11,868.00 | $ 1,940.74 | Pro-rata share of pre-rollover distributions on loan secured by 4533 S Calumet | | $ 3,197.89 | | | | | |
| 4392 | Robert Potter | 88-1389 | 7546 S Saginaw Avenue | $ 15,500.00 | $ 4,182.82 | Pro-rata share of pre-rollover distributions on loan secured by 4533 S Calumet | | $ 4,629.55 | | | | | |
| 4392 | Robert Potter | 93-1389 | 7957-59 S Marquette Road | $ 34,716.00 | $ 2,038.60 | | | $ 10,167.20 | | | | | |
| 4392 | Robert Potter | 124-1389 | 6801 S East End, Chicago, IL 60649 | $ 13,454.00 | $ 3,630.67 | | | | | | | | |
| 4392 | Robert Potter | 904-1389 | Legacy Fund SSDF 4 | $ 15,000.00 | $ 4,083.63 | Pre-rollover distributions on loan secured by 4611 Drexel (no separate claim). | | | | | | | |
| **4392 Total** | | | | **$ 294,633.00** | **$ 50,411.75** | | **$ -** | **$ 99,380.94** | **$ 6,967.17** | **$ 156,759.86** | **53.21%** | **$ 37,989.60** | **66.10%** |
| 4189 | Gerber and Associates, REI, LLC | 5-562 | 7749 S Yates Boulevard | $ 12,000.00 | | | | $ 2,894.86 | $ 3,272.85 | | | | |
| 4189 | Gerber and Associates, REI, LLC | 9-562 | 8100 S Essex Avenue | $ 42,000.00 | | Transaction to roll loan to SSDF6 equity fund was subsequently voided | | $ 15,393.11 | | | | | |
| 4189 | Gerber and Associates, REI, LLC | 74-562 | 3074 Cheltenham Place | $ 80,000.00 | | Transaction to roll loan to SSDF6 equity fund was subsequently voided | | $ 49,777.46 | | | | | |
| **4189 Total** | | | | **$ 134,000.00** | **$ -** | | **$ -** | **$ 68,065.43** | **$ 3,272.85** | **$ 71,338.28** | **53.24%** | **$ 17,234.38** | **66.10%** |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4429 | Duane A Degenhardt and Linda S Degnhardt | 5-2015 | 7749 S Yates Boulevard | $ 13,385.00 | $ 1,963.17 | | | $ 2,755.38 | | | | | |
| 4429 | Duane A. Degenhardt and Linda S. Degenhardt | 6-2015 | 6437 S Kenwood Avenue | $ 150,000.00 | $ 25,000.00 | | | $ 87,815.57 | | | | | |
| 4429 | Degenhardt, Duane A | 10-2015 | 7301-09 S Stewart Avenue | $ 50,000.00 | $ 4,126.57 | | | $ 14,898.28 | | | | | |
| 4429 | Degenhardt, Duane A | 13-2015 | 2909 E 78th Street | $ 150,000.00 | $ 8,973.61 | | | $ 59,630.67 | | | | | |
| 4429 | Duane A. Degenhardt and Linda S. Degenhardt | 61-2015 | 7237 S Bennett Avenue | $ 9,139.00 | $ 1,340.35 | | | $ 2,388.27 | | | | | |
| 4429 | Duane A. Degenhardt and Linda S. Degnhardt | 68-2015 | 6217-27 S Dorchester Avenue | $ 20,792.29 | $ 3,049.53 | | | $ 8,208.94 | | | | | |
| 4429 | Degenhardt, Duane A | 74-2015 | 3074 Cheltenham Place | $ 66,684.00 | $ 9,780.32 | | | $ 35,406.51 | | | | | |
| 4429 | Degenhardt, Duane A | 102-2015 | 7927-29 S Essex Avenue | $ 100,000.00 | $ 10,225.33 | | | $ 23,101.03 | | | | | |
| **4429 Total** | | | | **$ 560,000.29** | **$ 64,458.88** | | **$ -** | **$ 234,204.65** | **$ -** | **$ 298,663.53** | **53.33%** | **$ 71,491.04** | **66.10%** |
| 4326 | CZE Holdings LLC | 59-1117 | 6001 S Sacramento Avenue | $ 50,000.00 | $ 30,291.58 | Pre-rollover distributions on loan secured by 7200 S Stoney Island | | $ 12,162.80 | | | | | |
| 4326 | CZE Holdings LLC | 60-1117 | 7026 S Cornell Avenue | $ 55,000.00 | $ 14,850.00 | | | $ 36,024.84 | | | | | |
| 4326 | CZE Holdings LLC  (Carl Johnson IRA) | 904-1117 | Legacy Fund SSDF 4 | $ 194,700.00 | $ 66,986.77 | | | | | | | | |
| **4326 Total** | | | | **$ 299,700.00** | **$ 112,128.35** | | **$ -** | **$ 48,187.64** | **$ -** | **$ 160,315.99** | **53.49%** | **$ 37,782.70** | **66.10%** |
| 4242 | iPlanGroup Agent for Custodian FBO Thomas M. Walsh IRA 33004 | 70-738 | 638 N Avers Avenue | $ 50,000.00 | $ 12,763.83 | | | $ 12,830.09 | $ 1,209.91 | | | | |
| **4242 Total** | | | | **$ 50,000.00** | **$ 12,763.83** | | **$ -** | **$ 12,830.09** | **$ 1,209.91** | **$ 26,803.83** | **53.61%** | **$ 6,245.67** | **66.10%** |
| 4130 | Pat Desantis | 5-397 | 7749 S Yates Boulevard | $ 250,000.00 | $ 46,666.63 | | | $ 49,051.80 | $ 62,764.10 | | | | |
| 4130 | Pat DeSantis | 13-397 | 2909 E 78th Street | $ 500,000.00 | $ 25,819.44 | | | $ 200,499.39 | | | | | |
| 4130 | Pat Desantis | 61-397 | 7237 S Bennett Avenue | $ 100,000.00 | $ 23,888.83 | | | $ 23,308.36 | | | | | |
| 4130 | Pat Desantis | 62-397 | 7834-44 S Ellis Avenue | $ 250,000.00 | $ 72,048.61 | | | $ 156,119.58 | | | | | |
| 4130 | Pat Desantis | 68-397 | 6217-27 S Dorchester Avenue | $ 250,000.00 | $ 50,080.07 | | | $ 92,495.85 | | | | | |
| 4130 | Pat Desantis | 69-397 | 6250 S Mozart Avenue | $ 110,000.00 | $ 31,892.11 | | | $ 37,019.43 | | | | | |
| 4130 | Pat Desantis | 70-397 | 638 N Avers Avenue | $ 250,000.00 | $ 71,388.89 | | | $ 61,542.24 | | | | | |
| 4130 | Pat DeSantis | 74-397 | 3074 Cheltenham Place | $ 110,000.00 | $ 30,910.07 | | | $ 49,211.20 | | | | | |
| 4130 | Pat Desantis | 79-397 | 6160-6212 S Martin Luther King Driv | $ 250,000.00 | $ 65,527.72 | | | $ 17,834.44 | | | | | |
| 4130 | Pat Desantis | 82-397 | 6355-59 S Talman Avenue | $ 110,000.00 | $ 33,229.17 | | | $ 33,238.19 | | | | | |
| 4130 | Pat Desantis | 85-397 | 7201-07 S Dorchester Avenue | $ 110,000.00 | $ 32,173.68 | | | $ 25,070.37 | | | | | |
| 4130 | Pat Desantis | 94-397 | 816-20 E Marquette Road | $ 100,000.00 | $ 25,144.39 | | | $ 55,293.09 | | | | | |
| 4130 | Pat Desantis | 96-397 | 8326-32 S Ellis Avenue | $ 250,000.00 | $ 56,819.39 | | | $ 63,793.71 | | | | | |
| 4130 | Pat Desantis | 124-397 | 6801 S East End, Chicago, IL 60649 | $ 328,561.00 | $ 86,972.35 | | | | | | | | |
| 4130 | Pat DeSantis | 78-397 | 7201 S Constance Avenue | $ 171,439.00 | $ 42,387.29 | Pro-rata share of pre-rollover distributions on loan secured by 7024 S Paxton | | $ 61,551.41 | | | | | |
| **4130 Total** | | | | **$ 3,140,000.00** | **$ 694,948.64** | | **$ -** | **$ 926,029.06** | **$ 62,764.10** | **$ 1,683,741.80** | **53.62%** | **$ 391,766.70** | **66.10%** |
| 4425 | Helen Boyd | 102-2010 | 7927-29 S Essex Avenue | $ 105,000.00 | $ 36,147.25 | Pre-rollover distributions on loans secured by 7760 S Coles and 7304 S St. Lawrence | | $ 17,717.35 | $ 2,454.88 | | | | |
| **4425 Total** | | | | **$ 105,000.00** | **$ 36,147.25** | | **$ -** | **$ 17,717.35** | **$ 2,454.88** | **$ 56,319.48** | **53.64%** | **$ 13,084.47** | **66.10%** |
| 4467 | Uyen Dinh | 135-2075 | 4930 W. Cornelia, Chicago, IL 60641 | $ 7,673.47 | $ 2,580.00 | | | | $ 369.24 | | | | |
| 4467 | Uyen Dinh | 89-2075 | 7600 S Kingston Avenue | $ 6,417.53 | $ 2,069.19 | The Receiver recommends disallowing $775.28 accrued interest added to principal amount of loan | | $ 2,540.16 | | | | | |
| **4467 Total** | | | | **$ 14,091.00** | **$ 4,649.19** | | **$ -** | **$ 2,540.16** | **$ 369.24** | **$ 7,558.59** | **53.64%** | **$ 1,755.42** | **66.10%** |
| 4055 | Jane Shafrin | 13-188 | 2909 E 78th Street | $ 60,000.00 | $ 2,663.33 | | | $ 24,243.86 | $ 2,571.78 | | | | |
| 4055 | JSMS Trust | 82-188 | 6355-59 S Talman Avenue | $ 50,000.00 | $ 13,999.92 | | | $ 15,586.36 | | | | | |
| **4055 Total** | | | | **$ 110,000.00** | **$ 16,663.25** | | **$ -** | **$ 39,830.22** | **$ 2,571.78** | **$ 59,065.25** | **53.70%** | **$ 13,643.65** | **66.10%** |
| 4214 | iPlanGroup Agent for Custodian FBO Shelton Gandy IRA | 95-630 | 8201 S Kingston Avenue | $ 50,000.00 | $ 14,824.67 | | | $ 12,089.44 | | | | | |
| **4214 Total** | | | | **$ 50,000.00** | **$ 14,824.67** | | **$ -** | **$ 12,089.44** | **$ -** | **$ 26,914.11** | **53.83%** | **$ 6,135.39** | **66.10%** |
| 4472 | The Bonita R. Skurski & Steven E Skurski Trust | 93-2093 | 7957-59 S Marquette Road | $ 80,000.00 | $ 26,400.00 | | | $ 16,677.02 | $ 2,301.80 | | | | |
| 4472 | The Bonita R. Skurski & Steven E. Skurski Trust | 115-2093 | 109 N. Laramie (Property number 00 | $ 20,000.00 | $ 8,509.08 | | | | | | | | |
| **4472 Total** | | | | **$ 100,000.00** | **$ 34,909.08** | | **$ -** | **$ 16,677.02** | **$ 2,301.80** | **$ 53,887.90** | **53.89%** | **$ 12,211.10** | **66.10%** |
| 4259 | Michael Prokop | 96-787 | 8326-32 S Ellis Avenue | $ 50,000.00 | $ 20,050.02 | Pre-rollover distributions on loan secured by 6554 S Vernon. | | $ 9,890.33 | | | | | |
| 4259 | Michael Prokop | 102-787 | 7927-29 S Essex Avenue | $ 50,000.00 | $ 5,096.17 | Loan amount is $50,000.  Claim included separate $50,000 loan secured by 7748 S Essex (92-787) and $50,000 loan secured by 8326 S Ellis (96-787) | | $ 11,554.76 | | | | | |
| 4259 | Michael Prokop | 92-787 | 7748-50 S Essex Avenue | $ 50,000.00 | $ 14,616.67 | | | $ 19,669.14 | | | | | |
| **4259 Total** | | | | **$ 150,000.00** | **$ 39,762.86** | | **$ -** | **$ 41,114.23** | **$ -** | **$ 80,877.09** | **53.92%** | **$ 18,271.41** | **66.10%** |
| 3137 | The Kingdom Trust Company, Custodian FBO Girish Juneja IRA | 71-1341 | 701 S 5th Avenue | $ 50,000.00 | $ 13,458.27 | | | $ 13,445.33 | | | | | |
| 3137 | The Kingdom Trust Company, Custodian FBO Rashmi Juneja IRA | 71-1342 | 701 S 5th Avenue | $ 50,000.00 | $ 14,166.60 | | | $ 13,184.71 | | | | | |
| **3137 Total** | | | | **$ 100,000.00** | **$ 27,624.87** | | **$ -** | **$ 26,630.04** | **$ -** | **$ 54,254.91** | **54.25%** | **$ 11,844.09** | **66.10%** |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4155 | Yaron Fisher | 13-479 | 2909 E 78th Street | $ 98,000.00 | $ 7,534.00 | The Receiver recommends disallowing the $10,617 accrued interest that was rolled into this investment | | $ 38,252.05 | $ 3,043.89 | | | | |
| 4155 | Yaron Fisher | 60-479 | 7026 S Cornell Avenue | $ 11,263.00 | $ 5,116.81 | Pre-rollover distributions are distributions received on unsecured promissory note (UPN) after rollover from initial investment in 4109 Kimball. Unsecured claim for balance on UPN. | | $ 5,514.71 | | | | | |
| 4155 | Yaron Fisher | 133-479 | 4109 N. Kimball Ave, Chicago,IL | $ 5,203.00 | $ 2,661.00 | | | | | | | | |
| 4155 Total | | | | $ 114,466.00 | $ 15,311.81 | | $ - | $ 43,766.76 | $ 3,043.89 | $ 62,122.46 | 54.27% | $ 13,538.42 | 66.10% |
| 3047 | Scott/Erquiaga Trust dated June 20, 2001 | 1-697 | 1700 Juneway Terrace | $ 50,000.00 | $ 8,627.74 | | | $ 16,048.33 | $ 1,223.54 | | | | |
| 3047 | Equity Trust Company Custodian FBO Gene X. Erquiaga IRA | 9-721 | 8100 S Essex Avenue | $ 50,000.00 | $ 14,019.37 | | | $ 13,186.99 | $ 1,209.91 | | | | |
| 3047 Total | | | | $ 100,000.00 | $ 22,647.11 | | $ - | $ 29,235.32 | $ 2,433.45 | $ 54,315.88 | 54.32% | $ 11,783.12 | 66.10% |
| 4443 | Nicholas C Jenks and Joyce R Jenks JTWROS | 70-2032 | 638 N Avers Avenue | $ 50,000.00 | $ 13,486.05 | | | $ 12,581.25 | $ 3,629.71 | | | | |
| 4443 | Nicholas C Jenks and Joyce R Jenks JTWROS | 83-2032 | 6356 S California Avenue | $ 25,000.00 | $ 7,325.00 | | | $ 6,278.64 | | | | | |
| 4443 | Nicholas C Jenks and Joyce R Jenks JTWROS | 85-2032 | 7201-07 S Dorchester Avenue | $ 50,000.00 | $ 15,019.36 | | | $ 11,268.39 | | | | | |
| 4443 | Nicholas C Jenks and Joyce R Jenks JTWROS | 96-2032 | 8326-32 S Ellis Avenue | $ 25,000.00 | $ 5,444.39 | | | $ 6,457.82 | | | | | |
| 4443 Total | | | | $ 150,000.00 | $ 41,274.80 | | $ - | $ 36,586.10 | $ 3,629.71 | $ 81,490.61 | 54.33% | $ 17,657.89 | 66.10% |
| 3123 | Timmy Rink | 9-217 | 8100 S Essex Avenue | $ 24,305.00 | $ 6,788.32 | Pre-rollover distributions on loan secured by 7107 S Bennett | | $ 6,419.91 | | | | | |
| 3123 Total | | | | $ 24,305.00 | $ 6,788.32 | | $ - | $ 6,419.91 | $ - | $ 13,208.23 | 54.34% | $ 2,857.13 | 66.10% |
| 4346 | Teton Equity Group, LLC | 61-1205 | 7237 S Bennett Avenue | $ 100,000.00 | $ 24,712.17 | | | $ 23,056.22 | $ 4,873.29 | | | | |
| 4346 | Teton Equity Group, LLC | 71-1205 | 701 S 5th Avenue | $ 100,000.00 | $ 30,586.67 | | | $ 25,540.26 | | | | | |
| 4346 Total | | | | $ 200,000.00 | $ 55,298.84 | | $ - | $ 48,596.48 | $ 4,873.29 | $ 108,768.61 | 54.38% | $ 23,429.38 | 66.10% |
| 4081 | Brian Whalley | 9-256 | 8100 S Essex Avenue | $ 25,000.00 | $ 7,009.81 | | | $ 6,593.45 | | | | | |
| 4081 Total | | | | $ 25,000.00 | $ 7,009.81 | | $ - | $ 6,593.45 | $ - | $ 13,603.26 | 54.41% | $ 2,921.49 | 66.10% |
| 4128 | Dean & Mare Atanasoski | 70-394 | 638 N Avers Avenue | $ 100,000.00 | $ 26,888.95 | | | $ 25,191.14 | $ 2,337.98 | | | | |
| 4128 Total | | | | $ 100,000.00 | $ 26,888.95 | | $ - | $ 25,191.14 | $ 2,337.98 | $ 54,418.07 | 54.42% | $ 11,680.93 | 66.10% |
| 4208 | Kevin Lyons | 69-610 | 6250 S Mozart Avenue | $ 25,000.00 | $ 6,814.22 | | | $ 8,619.20 | $ 2,312.26 | | | | |
| 4208 | Kevin Lyons | 111-610 | 6558 S Vernon Avenue | $ 25,000.00 | $ 7,762.58 | Claimant agreed to roll $9,345.78 of this loan to unsecured promissory note in July 2017 | | $ 15,654.22 | | | | | |
| 4208 | Kevin Lyons | 126-610 | 5201-5207 W Washington Blvd, Chic | $ 50,000.00 | $ 13,266.67 | | | | | | | | |
| 4208 Total | | | | $ 100,000.00 | $ 27,843.47 | | $ - | $ 24,273.42 | $ 2,312.26 | $ 54,429.15 | 54.43% | $ 11,669.85 | 66.10% |
| 3078 | Kuldeep Jain | 68-652 | 6217-27 S Dorchester Avenue | $ 100,000.00 | $ 22,666.61 | Pre-rollover distributions from loan secured by 7024 S Paxton | | $ 36,231.79 | $ 3,647.26 | | | | |
| 3078 | Kuldeep Jain | 69-652 | 6250 S Mozart Avenue | $ 50,000.00 | $ 10,791.72 | | | $ 18,582.86 | | | | | |
| 3078 | Real Envisions, LLC | 79-1021 | 6160-6212 S Martin Luther King Driv | $ 50,000.00 | $ 12,113.95 | | | $ 3,662.75 | $ 1,239.13 | | | | |
| 3078 Total | | | | $ 200,000.00 | $ 45,572.28 | | $ - | $ 58,477.40 | $ 4,886.39 | $ 108,936.07 | 54.47% | $ 23,261.92 | 66.10% |
| 3058 | iPlanGroup Agent for Custodian FBO Betty Beal Mize IRA Acct. | 94-615 | 816-20 E Marquette Road | $ 38,000.00 | $ 7,493.44 | | | $ 22,534.08 | $ 888.43 | | | | |
| 3058 | John E. Mize | 79-649 | 6160-6212 S Martin Luther King Driv | $ 50,000.00 | $ 12,230.61 | | | $ 3,651.47 | $ 1,168.99 | | | | |
| 3058 Total | | | | $ 88,000.00 | $ 19,724.05 | | $ - | $ 26,185.55 | $ 2,057.42 | $ 47,967.02 | 54.51% | $ 10,200.10 | 66.10% |
| 3012 | Strategic Wealth Ventures, LLC | 4-595 | 5450-52 S Indiana Avenue | $ 35,655.00 | $ 7,010.18 | | | $ 24,290.22 | | | | | |
| 3012 | Strategic Wealth Ventures, LLC | 5-595 | 7749 S Yates Boulevard | $ 23,626.00 | $ 5,557.20 | Pre-rollover distributions from the loan secured by 7024 S Paxton | | $ 4,358.89 | | | | | |
| 3012 | Strategic Wealth Ventures, LLC | 96-595 | 8326-32 S Ellis Avenue | $ 11,585.00 | $ 2,415.81 | | | $ 3,027.93 | | | | | |
| 3012 | BLT Florida, LLC | 13-1384 | 2909 E 78th Street | $ 100,000.00 | $ 8,019.80 | | | $ 38,892.30 | | | | | |
| 3012 Total | | | | $ 170,866.00 | $ 23,002.99 | | $ - | $ 70,569.34 | $ - | $ 93,572.33 | 54.76% | $ 19,368.38 | 66.10% |
| 4174 | Vivek Pingili | 4-522 | 5450-52 S Indiana Avenue | $ 30,000.00 | $ 6,328.33 | Transaction to roll loan to SSDF6 equity fund was subsequently voided | | $ 20,073.09 | $ 3,511.96 | | | | |
| 4174 | Vivek Pingili | 126-522 | 5201-5207 W Washington Blvd, Chic | $ 130,213.00 | $ 57,909.38 | | | | | | | | |
| 4174 Total | | | | $ 160,213.00 | $ 64,237.71 | | $ - | $ 20,073.09 | $ 3,511.96 | $ 87,822.76 | 54.82% | $ 18,076.43 | 66.10% |
| 3127 | Matthew T. Boyd | 58-2060 | 5955 S Sacramento Avenue | $ 40,698.00 | $ 14,289.52 | | | $ 14,756.45 | $ 9,468.84 | | | | |
| 3127 | Matthew Boyd | 77-2060 | 7750-58 S Muskegon Avenue | $ 50,000.00 | $ 16,916.57 | | | $ 8,843.19 | | | | | |
| 3127 | Matthew Boyd | 102-2060 | 7927-29 S Essex Avenue | $ 314,302.00 | $ 108,985.06 | Pre-rollover distributions on loans secured by 7760 S Coles and 7304 S St. Lawrence | | $ 52,832.64 | | | | | |
| 3127 | Toramba Trust (ROTH) Matthew Boyd, Trustee | 13-2062 | 2909 E 78th Street | $ 100,000.00 | $ 4,266.67 | | | $ 40,479.25 | $ 6,032.00 | | | | |
| 3127 | Matthew Boyd, Trustee of Toramba Trust (ROTH) | 71-2062 | 701 S 5th Avenue | $ 58,000.00 | $ 16,981.18 | | | $ 15,092.65 | | | | | |
| 3127 Total | | | | $ 563,000.00 | $ 161,439.00 | | $ - | $ 132,004.18 | $ 15,500.84 | $ 308,944.02 | 54.87% | $ 63,193.33 | 66.10% |
| 4357 | Xiaoqing Chen | 68-1238 | 6217-27 S Dorchester Avenue | $ 10,000.00 | $ 1,607.25 | | | $ 3,883.03 | | | | | |
| 4357 Total | | | | $ 10,000.00 | $ 1,607.25 | | $ - | $ 3,883.03 | $ - | $ 5,490.28 | 54.90% | $ 1,119.62 | 66.10% |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4148 | iPlanGroup Agent for Custodian FBO Laura Dirnberger Roth IRA | 2-448 | 4533-37 S Calumet Avenue | $ 971.00 | $ 106.50 | | | $ 864.50 | $ 1,667.47 | | | | |
| 4148 | iPlanGroup Agent for Custodian FBO Laura Dirnberger Roth IRA | 9-448 | 8100 S Essex Avenue | $ 714.00 | $ 78.30 | | | $ 232.99 | | | | | |
| 4148 | iPlanGroup Agent for Custodian FBO Laura Dirnberger Roth IRA | 68-448 | 6217-27 S Dorchester Avenue | $ 7,800.00 | $ 1,483.20 | | | $ 2,922.56 | | | | | |
| 4148 | iPlanGroup Agent for Custodian FBO Laura Dirnberger Roth IRA | 76-448 | 7635-43 S East End Avenue | $ 10,000.00 | $ 2,800.00 | | | $ 6,872.32 | | | | | |
| 4148 | iPlanGroup Agent for Custodian FBO Laura Dirnberger Roth IRA | 83-448 | 6356 S California Avenue | $ 9,321.00 | $ 908.82 | | | $ 2,988.24 | | | | | |
| 4148 | iPlanGroup Agent for Custodian FBO Laura Dirnberger Roth IRA | 85-448 | 7201-07 S Dorchester Avenue | $ 7,800.00 | $ 2,236.87 | | | $ 1,792.06 | | | | | |
| 4148 | iPlanGroup Agent for Custodian FBO Laura Dirnberger Roth IRA 33 | 89-448 | 7600 S Kingston Avenue | $ 3,715.00 | $ 286.14 | | | $ 2,003.03 | | | | | |
| 4148 | iPlanGroup Agent for Custodian FBO Laura Dirnberger Roth IRA | 120-448 | 7823-27 S. Essex Ave., Chicago, IL 60 | $ 31,000.00 | $ 11,975.33 | | | | | | | | |
| **4148 Total** | | | | **$ 71,321.00** | **$ 19,875.16** | | **$ -** | **$ 17,675.70** | **$ 1,667.47** | **$ 39,218.33** | **54.99%** | **$ 7,924.14** | **66.10%** |
| 4329 | Christopher Bridges | 9-1129 | 8100 S Essex Avenue | $ 25,000.00 | $ 5,736.89 | | | $ 7,059.98 | $ 991.38 | | | | |
| **4329 Total** | | | | **$ 25,000.00** | **$ 5,736.89** | | **$ -** | **$ 7,059.98** | **$ 991.38** | **$ 13,788.25** | **55.15%** | **$ 2,736.50** | **66.10%** |
| 4402 | Susan Kalisiak-Tingle | 4-1438 | 5450-52 S Indiana Avenue | $ 9,274.00 | $ 602.82 | | | $ 7,352.98 | $ 13,464.94 | | | | |
| 4402 | Susan Kalisiak-Tingle | 5-1438 | 7749 S Yates Boulevard | $ 48,226.00 | $ 8,386.09 | | | $ 9,610.91 | | | | | |
| 4402 | Susan Kalisiak | 6-1438 | 6437 S Kenwood Avenue | $ 50,000.00 | $ 7,388.92 | | | $ 29,935.33 | | | | | |
| 4402 | Susan Kalisiak-Tingle | 74-1438 | 3074 Cheltenham Place | $ 50,000.00 | $ 16,299.93 | | | $ 20,968.80 | | | | | |
| 4402 | Susan Kalisiak | 96-1438 | 8326-32 S Ellis Avenue | $ 40,000.00 | $ 8,437.73 | | | $ 10,422.76 | | | | | |
| 4402 | Susan Kalisiak-Tingle | 904-1438 | Legacy Fund SSDF 4 | $ 50,000.00 | $ 3,900.00 | | | | | | | | |
| **4402 Total** | | | | **$ 247,500.00** | **$ 45,015.49** | | **$ -** | **$ 78,290.78** | **$ 13,464.94** | **$ 136,771.21** | **55.26%** | **$ 26,823.81** | **66.10%** |
| 4070 | Madison Trust Company custodian FBO Mary Alexander Brum #M1 | 71-227 | 701 S 5th Avenue | $ 50,000.00 | $ 12,749.94 | | | $ 13,705.96 | $ 1,218.67 | | | | |
| **4070 Total** | | | | **$ 50,000.00** | **$ 12,749.94** | | **$ -** | **$ 13,705.96** | **$ 1,218.67** | **$ 27,674.57** | **55.35%** | **$ 5,374.93** | **66.10%** |
| 3064 | Charles Schwab & Co FBO Irina Kennedy IRA 4003-1211 | 60-106 | 7026 S Cornell Avenue | $ 50,000.00 | $ 17,632.08 | Pre-rollover distributions are distributions received on unsecured promissory note (UPN) after rollover from initial investment in 5104 Dakin. Unsecured claim for balance on UPN. | | $ 20,948.17 | $ 8,382.86 | | | | |
| 3064 | Charles Schwab & Co FBO Irina Kennedy IRA 4003-1211 | 100-106 | 11117-11119 S Longwood Drive | $ 50,000.00 | $ 5,424.08 | | | $ 18,134.87 | | | | | |
| 3064 | Charles Schwab & Co FBO Irina Kennedy IRA 4003-1211 | 115-106 | 109 N. Laramie (Property number 00 | $ 181,311.00 | $ 70,711.56 | | | | | | | | |
| 3064 | Estate of Joseph Edward Kennedy, Irina Kennedy, Executor | 60-435 | 7026 S Cornell Avenue | $ 50,000.00 | $ 17,743.52 | Pre-rollover distributions are distributions received on unsecured promissory note (UPN) after rollover from initial investment in 5104 Dakin. Unsecured claim for balance on UPN. | | $ 24,582.56 | | | | | |
| **3064 Total** | | | | **$ 331,311.00** | **$ 111,511.24** | | **$ -** | **$ 63,665.60** | **$ 8,382.86** | **$ 183,559.70** | **55.40%** | **$ 35,433.55** | **66.10%** |
| 4220 | Lori Waring | 85-675 | 7201-07 S Dorchester Avenue | $ 50,000.00 | $ 14,902.70 | | | $ 11,305.97 | $ 1,521.19 | | | | |
| **4220 Total** | | | | **$ 50,000.00** | **$ 14,902.70** | | **$ -** | **$ 11,305.97** | **$ 1,521.19** | **$ 27,729.86** | **55.46%** | **$ 5,319.64** | **66.10%** |
| 4265 | Rachel Beck | 85-813 | 7201-07 S Dorchester Avenue | $ 50,000.00 | $ 14,999.92 | | | $ 11,274.65 | $ 1,507.55 | | | | |
| **4265 Total** | | | | **$ 50,000.00** | **$ 14,999.92** | | **$ -** | **$ 11,274.65** | **$ 1,507.55** | **$ 27,782.12** | **55.56%** | **$ 5,267.38** | **66.10%** |
| 4424 | Bert Bedford | 120-2009 | 7823-27 S. Essex Ave., Chicago, IL 60 | $ 46,131.00 | $ 24,587.15 | | | | $ 1,063.25 | | | | |
| **4424 Total** | | | | **$ 46,131.00** | **$ 24,587.15** | | **$ -** | **$ -** | **$ 1,063.25** | **$ 25,650.40** | **55.60%** | **$ 4,841.73** | **66.10%** |
| 4087 | David M. Harris | 5-267 | 7749 S Yates Boulevard | $ 100,000.00 | $ 17,815.32 | | | $ 19,826.09 | $ 31,942.83 | | | | |
| 4087 | David M. Harris | 6-267 | 6437 S Kenwood Avenue | $ 200,000.00 | $ 33,788.93 | | | $ 116,767.36 | | | | | |
| 4087 | David M Harris | 13-267 | 2909 E 78th Street | $ 150,000.00 | $ 6,304.17 | | | $ 60,759.40 | | | | | |
| 4087 | David M. Harris | 68-267 | 6217-27 S Dorchester Avenue | $ 48,145.00 | $ 15,177.16 | Pro-rata share of pre-rollover distributions on loan secured by 4611 Drexel | | $ 15,253.05 | | | | | |
| 4087 | David M. Harris | 79-267 | 6160-6212 S Martin Luther King Driv | $ 96,000.00 | $ 23,578.67 | | | $ 7,001.56 | | | | | |
| 4087 | David Harris | 87-267 | 7508 S Essex Avenue | $ 53,000.00 | $ 15,487.59 | | | $ 22,423.86 | | | | | |
| 4087 | David M. Harris | 100-267 | 11117-11119 S Longwood Drive | $ 32,700.00 | $ 3,171.93 | | | $ 12,012.93 | | | | | |
| 4087 | David M Harris | 102-267-1 | 7927-29 S Essex Avenue | $ 100,000.00 | $ 17,557.78 | Pre-rollover distributions on loan secured by 7024 S Paxton | | $ 21,214.23 | | | | | |
| 4087 | David M Harris | 102-267-2 | 7927-29 S Essex Avenue | $ 51,855.00 | $ 12,366.62 | Pro-rata portion of pre-rollover distributions on loan secured by 4611 S Drexel | | $ 10,161.24 | | | | | |
| **4087 Total** | | | | **$ 831,700.00** | **$ 145,248.17** | | **$ -** | **$ 285,419.72** | **$ 31,942.83** | **$ 462,610.72** | **55.62%** | **$ 87,134.64** | **66.10%** |
| 4454 | Alison Schankman | 115-2051 | 109 N. Laramie (Property number 00 | $ 74,000.00 | $ 38,055.61 | Disallow accrued interest added to principal. | | | $ 2,323.15 | | | | |
| 4454 | Alison Schankman | 117-2051 | 3915 N. Kimball Chicago IL 60618 | $ 25,000.00 | $ 14,732.08 | Distributions from Kimball and UPN | | | | | | | |
| **4454 Total** | | | | **$ 99,000.00** | **$ 52,787.69** | | **$ -** | **$ -** | **$ 2,323.15** | **$ 55,110.84** | **55.67%** | **$ 10,327.17** | **66.10%** |
| 4123 | Doron and Nahid Kermanian | 5-380 | 7749 S Yates Boulevard | $ 25,000.00 | $ 9,511.16 | Distributions include interest paid on loan plus a $4500 referral fee that EquityBuild paid to claimant | | $ 3,736.50 | $ 701.40 | | | | |
| **4123 Total** | | | | **$ 25,000.00** | **$ 9,511.16** | | **$ -** | **$ 3,736.50** | **$ 701.40** | **$ 13,949.06** | **55.80%** | **$ 2,575.69** | **66.10%** |
| 4243 | John E. Wysocki | 77-740 | 7750-58 S Muskegon Avenue | $ 17,745.00 | $ 7,418.36 | | | $ 2,760.31 | | | | | |
| 4243 | John E. Wysocki | 83-740 | 6356 S California Avenue | $ 65,000.00 | $ 22,641.70 | Pre-rollover distributions on loan secured by 7760 S Coles | | $ 15,046.82 | | | | | |
| 4243 | John E. Wysocki | 88-740 | 7546 S Saginaw Avenue | $ 12,000.00 | $ 3,664.00 | | | $ 3,410.03 | | | | | |
| 4243 | John E. Wysocki | 90-740 | 7656 S Kingston Avenue | $ 12,255.00 | $ 4,869.32 | | | $ 1,276.42 | | | | | |
| 4243 | John E. Wysocki | 96-740 | 8326-32 S Ellis Avenue | $ 10,000.00 | $ 1,930.84 | | | $ 2,664.67 | | | | | |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **4243 Total** | | | | $ 117,000.00 | $ 40,524.22 | | $ - | $ 25,158.25 | $ - | $ 65,682.47 | 56.14% | $ 11,653.36 | 66.10% |
| 3061 | Equity Trust Company Custodian FBO Marvette Cofield Roth IRA #2 | 88-1091-2 | 7546 S Saginaw Avenue | $ 15,000.00 | $ 4,297.35 | | | $ 4,378.16 | $ 584.50 | | | | |
| 3061 | Equity Trust Company Custodian FBO Marvette Cofield SEP IRA Ro | 88-1091-1 | 7546 S Saginaw Avenue | $ 10,000.00 | $ 2,864.92 | | | $ 2,918.77 | | | | | |
| 3061 | iPlanGroup Agent for Custodian FBO Marvette Cofield IRA 332105 | 96-1441 | 8326-32 S Ellis Avenue | $ 10,000.00 | $ 2,012.73 | | | $ 2,637.62 | | | | | |
| **3061 Total** | | | | $ 35,000.00 | $ 9,175.00 | | $ - | $ 9,934.55 | $ 584.50 | $ 19,694.05 | 56.27% | $ 3,440.60 | 66.10% |
| 4473 | Joseph M. Martinez & Linda M. Martinez | 9-2095 | 8100 S Essex Avenue | $ 260,000.00 | $ 82,441.67 | | | $ 65,075.58 | | | | | |
| 4473 | Joseph and Linda Martinez | 74-2095 | 3074 Cheltenham Place | $ 50,000.00 | $ 13,016.60 | | | $ 23,011.75 | | | | | |
| 4473 | Joseph and Linda Martinez | 77-2095 | 7750-58 S Muskegon Avenue | $ 50,000.00 | $ 8,536.06 | | | $ 11,083.30 | | | | | |
| **4473 Total** | | | | $ 360,000.00 | $ 103,994.33 | | $ - | $ 99,170.63 | $ - | $ 203,164.96 | 56.43% | $ 34,791.43 | 66.10% |
| 4119 | iPlanGroup Agent for Custodian FBO Lyle J Swiney IRA | 68-366 | 6217-27 S Dorchester Avenue | $ 100,000.00 | $ 18,965.34 | | | $ 37,491.86 | | | | | |
| **4119 Total** | | | | $ 100,000.00 | $ 18,965.34 | | $ - | $ 37,491.86 | $ - | $ 56,457.20 | 56.46% | $ 9,641.80 | 66.10% |
| 4338 | Arman Kale Heaton and Natoshia Lamborn Heaton | 68-1171 | 6217-27 S Dorchester Avenue | $ 50,000.00 | $ 9,577.17 | | | $ 18,702.21 | | | | | |
| **4338 Total** | | | | $ 50,000.00 | $ 9,577.17 | | $ - | $ 18,702.21 | $ - | $ 28,279.38 | 56.56% | $ 4,770.12 | 66.10% |
| 4381 | Kyle Jacobs | 79-1345 | 6160-6212 S Martin Luther King Driv | $ 30,000.00 | $ 7,318.33 | Transaction to roll loan to SSDF6 equity fund was subsequently voided | | $ 2,192.82 | | | | | |
| 4381 | Kyle Jacobs | 92-1345 | 7748-50 S Essex Avenue | $ 65,000.00 | $ 18,351.67 | | | $ 25,931.20 | | | | | |
| **4381 Total** | | | | $ 95,000.00 | $ 25,670.00 | | $ - | $ 28,124.02 | $ - | $ 53,794.02 | 56.63% | $ 9,000.03 | 66.10% |
| 4108 | Steven Roche | 6-329-2 | 6437 S Kenwood Avenue | $ 16,000.00 | $ 2,104.86 | | | $ 9,761.68 | $ 2,988.44 | | | | |
| 4108 | Steven Roche | 4-329 | 5450-52 S Indiana Avenue | $ 5,000.00 | $ 1,189.95 | Pre-rollover distributions on loan secured by 7024 S Paxton | | $ 3,230.84 | | | | | |
| 4108 | Steven Roche | 6-329-1 | 6437 S Kenwood Avenue | $ 42,319.00 | $ 6,299.62 | | | $ 25,304.50 | | | | | |
| 4108 | Steven Roche | 68-329 | 6217-27 S Dorchester Avenue | $ 10,000.00 | $ 1,333.73 | | | $ 4,009.58 | | | | | |
| 4108 | Steven Roche | 79-329 | 6160-6212 S Martin Luther King Driv | $ 50,000.00 | $ 12,005.61 | | | $ 3,673.23 | | | | | |
| 4108 | Steven Roche | 85-329 | 7201-07 S Dorchester Avenue | $ 20,000.00 | $ 4,381.59 | | | $ 5,031.19 | | | | | |
| **4108 Total** | | | | $ 143,319.00 | $ 27,315.36 | | $ - | $ 51,011.02 | $ 2,988.44 | $ 81,314.82 | 56.74% | $ 13,417.60 | 66.10% |
| 4289 | EZ NJ Ventures, LLC | 7-920 | 7109-19 S Calumet Avenue | | | No evidence that claimant transmitted payment to EquityBuild for its $50,000 mortgage interest in 7109 S Calumet | | | | | | | |
| 4289 | EZ NJ VENTURES, LLC | 79-920 | 6160-6212 S Martin Luther King Driv | $ 50,000.00 | $ 11,630.61 | | | $ 3,709.48 | | | | | |
| 4289 | EZ NJ VENTURES, LLC | 111-920 | 6558 S Vernon Avenue | $ 50,000.00 | $ 20,594.88 | Claimant agreed to rollover a part of this loan to unsecured promissory note in January 2018 | | $ 17,941.78 | | | | | |
| 4289 | EZ NJ VENTURES, LLC | 123-920 | 7107-29 S Bennett Ave Chicago IL 60 | $ 50,000.00 | $ 9,838.44 | | | | | | | | |
| 4289 | EZ NJ VENTURES, LLC | 155-920 | Campo-Mar, Puerto Rico | $ 50,000.00 | $ 50,000.00 | Principal amount of loan repaid in full. | | | | | | | |
| **4289 Total** | | | | $ 200,000.00 | $ 92,063.93 | | $ - | $ 21,651.26 | $ - | $ 113,715.19 | 56.86% | $ 18,482.80 | 66.10% |
| 4062 | Hopson Family Investments LLC | 82-204 | 6355-59 S Talman Avenue | $ 75,000.00 | $ 14,887.50 | | | $ 26,025.91 | $ 1,753.49 | | | | |
| 4062 | Hopson Family Investments LLC | 937-204 | Mezzazine Fund | | | Duplicative of claim 82-204 | | | | | | | |
| **4062 Total** | | | | $ 75,000.00 | $ 14,887.50 | | $ - | $ 26,025.91 | $ 1,753.49 | $ 42,666.90 | 56.89% | $ 6,907.35 | 66.10% |
| 3019 | Gerry / Clarice Recamara | 81-618 | 4317 S Michigan Avenue | $ 10,000.00 | $ 2,883.33 | | | $ 5,256.82 | $ 52.09 | | | | |
| 3019 | Gerry and Clarice Recamara | 112-618 | 7450 S Luella Avenue | $ 8,743.09 | $ 3,468.05 | Claimant agreed to rollover this loan to multiple properties. Transaction to roll loan to 6160 MLK equity fund was subsequently voided. | | $ 5,275.04 | | | | | |
| 3019 | Gerry & Clarice Recamara | 118-618 | 400 S Kilbourn Ave, Chicago, IL 6062 | $ 28,792.00 | $ 12,259.83 | | | | | | | | |
| 3019 | Gerry and Clarice Recamara | 90-618 | 7656 S Kingston Avenue | $ 7,165.00 | $ 2,842.08 | Pro-rata share of pre-rollover distributions on loan secured by 7450 S Luella | | $ 747.11 | | | | | |
| 3019 | Gerry / Clarice Recamara | 83-618 | 6356 S California Avenue | $ 9,703.00 | $ 3,848.82 | Pro-rata share of pre-rollover distributions on loan secured by 7450 S Luella | | $ 2,079.56 | | | | | |
| 3019 | Gerry & Clarice Recamara | 84-618 | 7051 S Bennett Avenue | $ 4,388.91 | $ 1,740.95 | Pro-rata share of pre-rollover distributions on loan secured by 7450 S Luella | | $ 1,940.52 | | | | | |
| 3019 | iPlanGroup Agent for Custodian FBO Gerry Recamara IRA 3300831 | 92-624 | 7748-50 S Essex Avenue | $ 55,000.00 | $ 14,153.33 | | | $ 22,706.14 | | | | | |
| 3019 | Clarice Recamara | 5-640-2 | 7749 S Yates Boulevard | $ 20,000.00 | $ 4,665.79 | Pre-rollover distributions from the loan secured by 4611 S Drexel | | $ 3,699.20 | $ 1,052.09 | | | | |
| 3019 | iPlanGroup Traditional IRA Clarice Recamara IRA #3301154 | 5-640-1 | 7749 S Yates Boulevard | $ 25,000.00 | $ 2,094.42 | | | $ 5,525.70 | | | | | |
| **3019 Total** | | | | $ 168,792.00 | $ 47,956.60 | | $ - | $ 47,230.09 | $ 1,104.18 | $ 96,290.87 | 57.05% | $ 15,278.95 | 66.10% |
| 4041 | Chronicles Point, LLC c/o Gustavo J. Garcia | 9-159 | 8100 S Essex Avenue | $ 50,000.00 | $ 14,269.37 | | | $ 13,095.37 | $ 1,168.99 | | | | |
| **4041 Total** | | | | $ 50,000.00 | $ 14,269.37 | | $ - | $ 13,095.37 | $ 1,168.99 | $ 28,533.73 | 57.07% | $ 4,515.77 | 66.10% |
| 4178 | White Tiger Revocable Trust | 60-537 | 7026 S Cornell Avenue | $ 83,000.00 | $ 19,677.51 | Pre-rollover distributions on loan secured by 7024 S Paxton | | $ 56,816.50 | | | | | |
| 4178 | White Tiger Revocable Trust | 88-537 | 7546 S Saginaw Avenue | $ 17,000.00 | $ 453.34 | | | $ 6,768.79 | | | | | |
| 4178 | White Tiger Revocable Trust | 63-537 | 4520-26 S Drexel Boulevard | $ 50,000.00 | $ 1,911.80 | LLC membership interest; prerollover distributions from loan secured by 7749 S Yates | | | | | | | |
| **4178 Total** | | | | $ 150,000.00 | $ 22,042.65 | | $ - | $ 63,585.29 | $ - | $ 85,627.94 | 57.09% | $ 13,520.56 | 66.10% |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4445 | Ernest Marcus | 68-2037 | 6217-27 S Dorchester Avenue | $ 50,000.00 | $ 10,116.07 | | | $ 18,452.88 | | | | | |
| 4445 Total | | | | $ 50,000.00 | $ 10,116.07 | | $ - | $ 18,452.88 | $ - | $ 28,568.95 | 57.14% | $ 4,480.55 | 66.10% |
| 3135 | Inspira Financial Trust FBO Rebeca E. Savory-Romero IRA #15528-2 | 1-804 | 1700 Juneway Terrace | $ 10,500.00 | $ 1,718.50 | | | $ 3,406.35 | $ 4,320.25 | | | | |
| 3135 | Inspira Financial Trust FBO Rebeca E. Savory-Romero ROTH IRA #15 | 68-804 | 6217-27 S Dorchester Avenue | $ 19,500.00 | $ 3,883.26 | | | $ 7,225.31 | | | | | |
| 3135 | Inspira Financial Trust FBO Rebeca E. Savory-Romero IRA #15528-1 | 82-804-1 | 6355-59 S Talman Avenue | $ 23,000.00 | $ 323.92 | | | $ 9,817.69 | | | | | |
| 3135 | Inspira Financial Trust FBO Rebeca E. Savory-Romero IRA #15528-2 | 88-804-2 | 7546 S Saginaw Avenue | $ 9,000.00 | $ 49.00 | | | $ 3,661.61 | | | | | |
| 3135 | Inspira Financial Trust FBO Rebeca R. Savory-Romero IRA account | 89-804 | 7600 S Kingston Avenue | $ 39,953.00 | $ 10,893.86 | | | $ 16,975.41 | | | | | |
| 3135 | Inspira Financial Trust FBO Rebeca E. Savory-Romero IRA #15528-2 | 135-804 | 4930 W. Cornelia, Chicago, IL 60641 | $ 35,256.92 | $ 17,170.55 | | | | | | | | |
| 3135 | Inspira Financial Trust FBO Rebeca E. Savory-Romero IRA Acct. 155 | 5-804 | 7749 S Yates Boulevard | $ 33,600.36 | $ 7,624.16 | Claim was inadvertently omitted from original Group 2 recommendations. The Receiver recommends disallowing $248.64 pro-rata accrued interest added to principal balance of loan. Pro-rata share of pre-rollover distributions on loan secured by 4611 Drexel. | | $ 6,266.45 | | | | | |
| 3135 | Inspira Financial Trust FBO Rebeca E. Savory-Romero IRA Acct. 155 | 93-804 | 7957-59 S Marquette Road | $ 16,399.64 | $ 2,320.59 | The Receiver recommends disallowing $121.36 pro-rata accrued interest added to principal balance of loan. Pro-rata share of pre-rollover distributions on loan secured by 4611 S Drexel. | | $ 4,380.53 | | | | | |
| 3135 | Inspira Financial Trust FBO Rebeca E. Savory-Romero Roth IRA #15 | 82-804-2 | 6355-59 S Talman Avenue | $ 22,000.00 | $ 333.67 | | | $ 9,380.51 | | | | | |
| 3135 | RSS Triad Investments, LLC | 6-1344 | 6437 S Kenwood Avenue | $ 30,000.00 | $ 4,460.83 | | | $ 17,941.89 | $ 734.13 | | | | |
| 3135 | Quest IRA, Inc. FBO Francisco A. Romero Sr.Acct# 25282-21 | 5-1352 | 7749 S Yates Boulevard | $ 12,000.00 | $ 1,179.00 | | | $ 2,634.54 | | | | | |
| 3135 | QUEST IRA Inc. FBO Francisco A. Romero Sr. Acct# 25282-11 | 74-1352 | 3074 Cheltenham Place | $ 56,000.00 | $ 13,553.59 | | | $ 26,410.93 | | | | | |
| 3135 | Quest Trust Company Francisco Antonio Romero Sr. Roth IRA Acct. | 88-1352 | 7546 S Saginaw Avenue | $ 5,000.00 | $ 27.22 | | | $ 2,034.23 | | | | | |
| 3135 | QUEST IRA Inc. FBO Francisco A. Romero Sr. Acct# 25282-21 | 92-1352 | 7748-50 S Essex Avenue | $ 10,000.00 | $ 140.83 | | | $ 5,480.59 | | | | | |
| 3135 Total | | | | $ 322,309.92 | $ 63,679.07 | | $ - | $ 115,616.04 | $ 5,054.38 | $ 184,349.49 | 57.20% | $ 28,694.13 | 66.10% |
| 4245 | Influx Investments, LLC | 4-744 | 5450-52 S Indiana Avenue | $ 25,000.00 | $ 5,156.90 | | | $ 16,826.54 | $ 2,337.98 | | | | |
| 4245 | Influx Investments LLC | 10-744 | 7301-09 S Stewart Avenue | $ 25,000.00 | $ 1,908.76 | | | $ 7,499.33 | | | | | |
| 4245 | Influx Investments, LLC | 61-744 | 7237 S Bennett Avenue | $ 50,000.00 | $ 11,911.16 | | | $ 11,664.36 | | | | | |
| 4245 Total | | | | $ 100,000.00 | $ 18,976.82 | | $ - | $ 35,990.23 | $ 2,337.98 | $ 57,305.03 | 57.31% | $ 8,793.97 | 66.10% |
| 3035 | Robert A Demick DDS PA 401K | 6-680 | 6437 S Kenwood Avenue | $ 50,000.00 | $ 7,493.09 | | | $ 29,862.15 | $ 5,332.96 | | | | |
| 3035 | Robert A Demick DDS PA 401K | 58-680 | 5955 S Sacramento Avenue | $ 29,000.00 | $ 33,398.33 | Principal returned in full. Distribution Received on Property updated after recommendation submitted. | | $ - | | | | | |
| 3035 | Robert A. Demick DDS PA 401k | 71-680 | 701 S 5th Avenue | $ 50,000.00 | $ 14,638.82 | | | $ 13,010.96 | | | | | |
| 3035 | Robert A Demick | 115-680 | 109 N. Laramie (Property number 00 | $ 30,000.00 | $ 10,673.66 | | | | | | | | |
| 3035 | Robert A Demick DDS PA 401K | 904-680 | Legacy Fund SSDF 4 | $ 50,000.00 | $ 10,329.87 | | | | | | | | |
| 3035 | Robert Demick | 126-782 | 5201-5207 W Washington Blvd, Chic | $ 49,000.00 | $ 22,306.07 | | | | $ 1,078.56 | | | | |
| 3035 Total | | | | $ 258,000.00 | $ 98,839.84 | | $ - | $ 42,873.11 | $ 6,411.52 | $ 148,124.47 | 57.41% | $ 22,410.94 | 66.10% |
| 4064 | Therese Tibbits | 9-208 | 8100 S Essex Avenue | $ 60,000.00 | $ 16,823.34 | | | $ 15,824.35 | $ 1,819.57 | | | | |
| 4064 Total | | | | $ 60,000.00 | $ 16,823.34 | | $ - | $ 15,824.35 | $ 1,819.57 | $ 34,467.26 | 57.45% | $ 5,192.14 | 66.10% |
| 3119 | Sidney Haggins | 78-1431 | 7201 S Constance Avenue | $ 50,000.00 | $ 16,650.00 | | | $ 15,906.33 | | | | | |
| 3119 | Equity Trust Company Custodian FBO Sidney Haggins IRA Acct. #20 | 88-1431 | 7546 S Saginaw Avenue | $ 20,000.00 | $ 5,753.09 | | | $ 5,828.02 | | | | | |
| 3119 | Vantage FBO Sidney Haggins IRA | 74-1434 | 3074 Cheltenham Place | $ 30,000.00 | $ 8,700.00 | | | $ 13,253.25 | | | | | |
| 3119 | Vantage FBO Sidney W Haggins IRA Acct. 0030510 | 96-1434 | 8326-32 S Ellis Avenue | $ 20,000.00 | $ 4,315.61 | | | $ 5,179.43 | | | | | |
| 3119 | Sidney Haggins | 102-1434 | 7927-29 S Essex Avenue | $ 35,000.00 | $ 6,586.00 | Pre-rollover distributions on loan secured by 7024 S Paxton | | $ 7,311.56 | | | | | |
| 3119 Total | | | | $ 155,000.00 | $ 42,004.70 | | $ - | $ 47,478.59 | $ - | $ 89,483.29 | 57.73% | $ 12,970.15 | 66.10% |
| 4024 | The Moore/Ferrer Family 2004 Trust | 58-107 | 5955 S Sacramento Avenue | $ 50,000.00 | $ 15,083.33 | | | $ 19,510.62 | $ 4,871.00 | | | | |
| 4024 | The Moore/Ferrer Family 2004 Trust | 82-107 | 6355-59 S Talman Avenue | $ 50,000.00 | $ 14,163.82 | | | $ 15,515.40 | | | | | |
| 4024 | The Moore/Ferrer Family 2004 Trust | 96-107 | 8326-32 S Ellis Avenue | $ 100,000.00 | $ 20,161.06 | | | $ 26,365.08 | | | | | |
| 4024 Total | | | | $ 200,000.00 | $ 49,408.21 | | $ - | $ 61,391.10 | $ 4,871.00 | $ 115,670.31 | 57.84% | $ 16,527.68 | 66.10% |
| 4333 | Freyja Partners, a CA limited Partnership | 6-1141 | 6437 S Kenwood Avenue | $ 50,000.00 | $ 7,443.09 | | | $ 29,897.27 | $ 4,199.60 | | | | |
| 4333 | Freyja Partners, a California Limited Partnership | 13-1141 | 2909 E 78th Street | $ 50,000.00 | $ 661.11 | | | $ 20,862.13 | | | | | |
| 4333 | Freyja Partners, a California Limited Partnership | 96-1141 | 8326-32 S Ellis Avenue | $ 50,000.00 | $ 10,830.60 | | | $ 12,934.85 | | | | | |
| 4333 Total | | | | $ 150,000.00 | $ 18,934.80 | | $ - | $ 63,694.25 | $ 4,199.60 | $ 86,828.65 | 57.89% | $ 12,319.85 | 66.10% |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3110 | iPlan Group Agent for Custodian FBO Rama Voddi IRA | 5-799 | 7749 S Yates Boulevard | $ 33,000.00 | $ 4,972.92 | Transaction to roll loan to SSDF6 equity fund was subsequently voided | | $ 6,761.21 | $ 771.53 | | | | |
| 3110 | R2V2 Investments, LLC. | 4-842 | 5450-52 S Indiana Avenue | $ 20,000.00 | $ 4,102.27 | Transaction to roll loan to SSDF6 equity fund was subsequently voided | | $ 13,480.95 | $ 2,071.23 | | | | |
| 3110 | R2V2 Investments, LLC | 68-842 | 6217-27 S Dorchester Avenue | $ 29,281.05 | $ 16,172.31 | Pre-rollover distributions on loan secured by 7109 S Calumet | | $ 6,064.95 | | | | | |
| 3110 | R2V2 Investments, LLC | 123-842 | 7107-29 S Bennett Ave Chicago IL 60 | $ 47,004.00 | $ 8,601.53 | | | | | | | | |
| 3110 | Aluvelu Homes, LLC | 1-879 | 1700 Juneway Terrace | $ 20,000.00 | $ 3,507.73 | | | $ 6,397.36 | $ 3,957.53 | | | | |
| 3110 | Aluvelu Homes, LLC | 4-879 | 5450-52 S Indiana Avenue | $ 20,000.00 | $ 4,102.27 | Transaction to roll loan to SSDF6 equity fund was subsequently voided. | | $ 13,480.95 | | | | | |
| 3110 | Aluvelu Homes, LLC | 9-879 | 8100 S Essex Avenue | $ 50,000.00 | $ 15,602.70 | | | $ 12,606.70 | | | | | |
| 3110 | Aluvelu Homes, LLC | 59-879 | 6001 S Sacramento Avenue | $ 50,000.00 | $ 16,299.40 | The Receiver recommends disallowing $4,271 accrued interest added to principal balance of loan. Pre-rollover distributions on loan secured by 4930 Cornelia. Transaction to roll loan to SSDF6 equity fund was subsequently voided. | | $ 20,797.89 | | | | | |
| 3110 | Aluvelu Homes, LLC | 71-879 | 701 S 5th Avenue | $ 20,000.00 | $ 5,855.49 | Transaction to roll loan to SSDF6 equity fund was subsequently voided | | $ 5,204.40 | | | | | |
| 3110 | Aluvelu Homes, LLC | 85-879 | 7201-07 S Dorchester Avenue | $ 5,000.00 | $ 1,501.86 | | | $ 1,126.86 | | | | | |
| 3110 | Equity TrustCompany Custodian FBO Karuna Voddi IRA Z130704 | 118-990 | 400 S Kilbourn Ave, Chicago, IL 6062 | $ 12,777.00 | $ 4,156.78 | | | | $ 298.72 | | | | |
| **3110 Total** | | | | **$ 307,062.05** | **$ 84,875.26** | | **$ -** | **$ 85,921.27** | **$ 7,099.01** | **$ 177,895.54** | **57.93%** | **$ 25,069.39** | **66.10%** |
| 4262 | Salvatore Guerrieri | 4-806 | 5450-52 S Indiana Avenue | $ 50,000.00 | $ 10,205.60 | | | $ 33,744.83 | $ 5,961.86 | | | | |
| 4262 | Salvatore Guerrieri | 6-806 | 6437 S Kenwood Avenue | $ 50,000.00 | $ 7,443.09 | | | $ 29,897.27 | | | | | |
| 4262 | Salvatore Guerrieri | 10-806 | 7301-09 S Stewart Avenue | $ 50,000.00 | $ 4,230.57 | | | $ 14,864.50 | | | | | |
| 4262 | Salvatore Guerrieri | 79-806 | 6160-6212 S Martin Luther King Driv | $ 50,000.00 | $ 11,700.05 | | | $ 3,702.77 | | | | | |
| 4262 | Salvatore Guerrieri | 100-806 | 11117-11119 S Longwood Drive | $ 55,000.00 | $ 6,188.75 | | | $ 19,857.93 | | | | | |
| **4262 Total** | | | | **$ 255,000.00** | **$ 39,768.06** | | **$ -** | **$ 102,067.30** | **$ 5,961.86** | **$ 147,797.22** | **57.96%** | **$ 20,755.22** | **66.10%** |
| 4056 | Gary Wayne Williams | 68-193 | 6217-27 S Dorchester Avenue | $ 50,000.00 | $ 9,104.95 | | | $ 18,920.69 | $ 956.12 | | | | |
| **4056 Total** | | | | **$ 50,000.00** | **$ 9,104.95** | | **$ -** | **$ 18,920.69** | **$ 956.12** | **$ 28,981.76** | **57.96%** | **$ 4,067.74** | **66.10%** |
| 4126 | Annmarie Shuster | 68-387 | 6217-27 S Dorchester Avenue | $ 47,000.00 | $ 8,266.21 | | | $ 17,920.75 | $ 1,098.85 | | | | |
| **4126 Total** | | | | **$ 47,000.00** | **$ 8,266.21** | | **$ -** | **$ 17,920.75** | **$ 1,098.85** | **$ 27,285.81** | **58.05%** | **$ 3,780.72** | **66.10%** |
| 4257 | James A. Mandeville & Suzanne L. Mandeville JTWROS | 9-785 | 8100 S Essex Avenue | $ 110,000.00 | $ 33,249.79 | | | $ 28,129.15 | $ 2,571.78 | | | | |
| **4257 Total** | | | | **$ 110,000.00** | **$ 33,249.79** | | **$ -** | **$ 28,129.15** | **$ 2,571.78** | **$ 63,950.72** | **58.14%** | **$ 8,758.18** | **66.10%** |
| 3099 | Paul S. Applefield - Applefield Family Trust | 80-2005 | 2736 W 64th Street | $ 20,000.00 | $ 7,600.00 | | | $ 6,998.74 | $ 3,623.88 | | | | |
| 3099 | Paul S. Applefield - Applefield Family Trust Acct 17182 | 92-2005 | 7748-50 S Essex Avenue | $ 30,000.00 | $ 8,470.00 | | | $ 11,968.25 | | | | | |
| 3099 | Applefield Family Trust July 25,1997 Paul & Robin Applefield | 96-2005 | 8326-32 S Ellis Avenue | $ 105,000.00 | $ 22,866.67 | | | $ 27,122.75 | | | | | |
| 3099 | Paul S. Applefield, DDS, 401k Plan | 1-2087 | 1700 Juneway Terrace | $ 45,000.00 | $ 7,725.00 | | | $ 14,459.00 | $ 2,478.26 | | | | |
| 3099 | Paul S. Applefield Retirement Trust | 80-2087 | 2736 W 64th Street | $ 29,400.00 | $ 11,400.00 | The Receiver recommends disallowing $600 credit added to the principal amount of the loan. | | $ 10,159.45 | | | | | |
| 3099 | Paul S. Applefield Retirement Trust | 92-2087 | 7748-50 S Essex Avenue | $ 20,000.00 | $ 5,646.67 | | | $ 7,978.83 | | | | | |
| 3099 | Paul S. Applefield, DDS, 401K Plan | 100-2087 | 11117-11119 S Longwood Drive | $ 11,000.00 | $ 1,277.91 | | | $ 3,955.25 | | | | | |
| 3099 | Quest Trust Company FBO Paul S. Applefield Roth IRA# 16413-21 | 1-2088 | 1700 Juneway Terrace | $ 6,500.00 | $ 1,128.07 | | | $ 2,083.78 | $ 315.63 | | | | |
| 3099 | Quest Trust Company FBO Paul S. Applefield Roth IRA# 16413-21 | 100-2088 | 11117-11119 S Longwood Drive | $ 7,000.00 | $ 788.09 | | | $ 2,527.20 | | | | | |
| 3099 | Quest Trust Company FBO Robin Applefield Roth IRA #25164-21 | 1-2089 | 1700 Juneway Terrace | $ 6,500.00 | $ 1,128.07 | | | $ 2,083.78 | | | | | |
| 3099 | Quest Trust Company FBO Robin Applefield Roth IRA #25164-21 | 100-2089 | 11117-11119 S Longwood Drive | $ 7,000.00 | $ 788.09 | | | $ 2,527.20 | | | | | |
| **3099 Total** | | | | **$ 287,400.00** | **$ 68,818.57** | | **$ -** | **$ 91,864.23** | **$ 6,417.77** | **$ 167,100.57** | **58.14%** | **$ 22,867.95** | **66.10%** |
| 4216 | Madison Trust Company Custodian FBO Xuwen Lin IRA Account #M | 1-648 | 1700 Juneway Terrace | $ 8,700.00 | $ 1,504.48 | | | $ 2,791.15 | $ 1,372.40 | | | | |
| 4216 | Madison Trust Company Custodian FBO Xuwen Lin IRA Account #M | 71-648 | 701 S 5th Avenue | $ 16,521.00 | $ 1,121.61 | | | $ 5,666.12 | | | | | |
| 4216 | Madison Trust Company Custodian FBO Xuwen Lin IRA Account #M | 84-648 | 7051 S Bennett Avenue | $ 8,523.00 | $ 578.60 | | | $ 5,821.93 | | | | | |
| 4216 | Madison Trust Company Custodian FBO Xuwen Lin IRA Account #M | 89-648 | 7600 S Kingston Avenue | $ 24,956.00 | $ 1,694.26 | | | $ 13,588.75 | | | | | |
| **4216 Total** | | | | **$ 58,700.00** | **$ 4,898.95** | | **$ -** | **$ 27,867.95** | **$ 1,372.40** | **$ 34,139.30** | **58.16%** | **$ 4,660.81** | **66.10%** |
| 4273 | iPlanGroup Agent for Custodian FBO Dan O'Hare IRA | 93-838 | 7957-59 S Marquette Road | $ 50,000.00 | $ 18,067.00 | | | $ 9,935.59 | $ 1,168.99 | | | | |
| **4273 Total** | | | | **$ 50,000.00** | **$ 18,067.00** | | **$ -** | **$ 9,935.59** | **$ 1,168.99** | **$ 29,171.58** | **58.34%** | **$ 3,877.92** | **66.10%** |
| 4269 | Gregory M. Wetz | 88-818 | 7546 S Saginaw Avenue | $ 50,000.00 | $ 14,766.67 | | | $ 14,412.99 | | | | | |
| **4269 Total** | | | | **$ 50,000.00** | **$ 14,766.67** | | **$ -** | **$ 14,412.99** | **$ -** | **$ 29,179.66** | **58.36%** | **$ 3,869.84** | **66.10%** |
| 4430 | H Derrick, LLC | 77-2016 | 7750-58 S Muskegon Avenue | $ 100,000.00 | $ 40,000.00 | | | $ 16,037.98 | $ 2,337.98 | | | | |
| **4430 Total** | | | | **$ 100,000.00** | **$ 40,000.00** | | **$ -** | **$ 16,037.98** | **$ 2,337.98** | **$ 58,375.96** | **58.38%** | **$ 7,723.04** | **66.10%** |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4153 | Annie Chang | 4-475 | 5450-52 S Indiana Avenue | $ 15,000.00 | $ 4,028.75 | Pre-rollover distributions on loan secured by 4533 S Calumet | | $ 9,303.39 | $ 6,173.24 | | | | |
| 4153 | Annie Chang | 6-475 | 6437 S Kenwood Avenue | $ 15,500.00 | $ 4,163.06 | Pro-rata share of pre-rollover distributions on loan secured by 4533 S Calumet | | $ 7,964.48 | | | | | |
| 4153 | Annie Chang | 60-475 | 7026 S Cornell Avenue | $ 3,500.00 | $ 504.03 | | | $ 2,688.15 | | | | | |
| 4153 | Annie Chang | 61-475 | 7237 S Bennett Avenue | $ 7,921.00 | $ 1,881.62 | | | $ 1,849.51 | | | | | |
| 4153 | Annie Chang | 64-475 | 4611 S Drexel Boulevard | $ 7,459.00 | $ 18,331.84 | Claimant agreed to partial rollover of this loan to 7748 S Essex in July 2017 (Claim 92-475). The remainder of this loan principal was returned to claimant. | | | | | | | |
| 4153 | Annie Chang | 69-475 | 6250 S Mozart Avenue | $ 50,000.00 | $ 14,016.05 | | | $ 17,054.68 | | | | | |
| 4153 | Annie Chang | 71-475 | 701 S 5th Avenue | $ 50,000.00 | $ 15,293.33 | | | $ 12,770.13 | | | | | |
| 4153 | Annie Chang | 82-475 | 6355-59 S Talman Avenue | $ 16,882.00 | $ 4,534.23 | Pro-rata share of pre-rollover distributions on loan secured by 4533 S Calumet. | | $ 5,346.01 | | | | | |
| 4153 | Annie Chang | 84-475 | 7051 S Bennett Avenue | $ 2,618.00 | $ 703.14 | Pro-rata share of pre-rollover distributions on loan secured by 4533 S Calumet | | $ 1,403.27 | | | | | |
| 4153 | Annie Chang | 88-475 | 7546 S Saginaw Avenue | $ 63,000.00 | $ 8,876.00 | | | $ 22,140.65 | | | | | |
| 4153 | Annie Chang | 89-475 | 7600 S Kingston Avenue | $ 5,000.00 | $ 722.26 | | | $ 2,498.92 | | | | | |
| 4153 | Annie Chang | 92-475 | 7748-50 S Essex Avenue | $ 28,000.00 | $ 7,360.13 | Pre-rollover distributions on loan secured by 4611 S Drexel | | $ 11,473.44 | | | | | |
| 4153 | Annie Chang | 96-475 | 8326-32 S Ellis Avenue | $ 6,620.00 | $ 1,474.84 | | | $ 1,699.08 | | | | | |
| 4153 | Annie Chang | 904-475 | Legacy Fund SSDF 4 | $ 50,000.00 | $ 3,533.33 | | | | | | | | |
| **4153 Total** | | | | **$ 321,500.00** | **$ 85,422.61** | | **$ -** | **$ 96,191.71** | **$ 6,173.24** | **$ 187,787.56** | **58.41%** | **$ 24,720.71** | **66.10%** |
| 3126 | Maher, Christopher | 77-2036 | 7750-58 S Muskegon Avenue | $ 14,000.00 | $ 5,600.00 | | | $ 2,245.32 | $ 713.09 | | | | |
| 3126 | Christopher Maher | 93-2036 | 7957-59 S Marquette Road | $ 16,500.00 | $ 6,044.19 | | | $ 3,253.20 | | | | | |
| 3126 | Equity Trust Company Custodian FBO Henry D. Gallucci beneficiary | 77-2059 | 7750-58 S Muskegon Avenue | $ 60,000.00 | $ 24,000.00 | | | $ 9,622.79 | $ 1,800.25 | | | | |
| 3126 | Equity Trust Company Custodian FBO Henry Gallucci Traditional IRA | 93-2059 | 7957-59 S Marquette Road | $ 17,000.00 | $ 6,227.67 | | | $ 3,351.69 | | | | | |
| 3126 | Christopher Maher Beneficiary Inherited IRA 200314811 | 93-2079 | 7957-59 S Marquette Road | $ 16,500.00 | $ 6,105.00 | | | $ 3,234.28 | $ 385.77 | | | | |
| 3126 | Maher, Avery (Christopher Maher CESA) | 77-2080 | 7750-58 S Muskegon Avenue | $ 11,000.00 | $ 4,400.00 | | | $ 1,764.18 | $ 257.18 | | | | |
| 3126 | Maher, Gavin (Christopher Maher, CESA) | 77-2081 | 7750-58 S Muskegon Avenue | $ 15,000.00 | $ 6,000.00 | | | $ 2,405.70 | $ 350.70 | | | | |
| 3126 | Maher, Travis (Christopher Maher, CESA) | 77-2082 | 7750-58 S Muskegon Avenue | $ 10,000.00 | $ 4,000.00 | | | $ 1,603.80 | $ 233.80 | | | | |
| **3126 Total** | | | | **$ 160,000.00** | **$ 62,376.86** | | **$ -** | **$ 27,480.96** | **$ 3,740.79** | **$ 93,598.61** | **58.50%** | **$ 12,159.78** | **66.10%** |
| 4195 | American IRA, LLC FBO Hyman J. Small IRA | 55-573 | 8107 S Ellis Avenue | $ 50,000.00 | $ 17,000.00 | | | $ 5,845.73 | $ 1,753.49 | | | | |
| 4195 | American IRA, LLC FBO, Hyman Small, IRA | 56-573 | 8209 S Ellis Avenue | $ 25,000.00 | | | | $ 19,283.17 | | | | | |
| **4195 Total** | | | | **$ 75,000.00** | **$ 17,000.00** | | **$ -** | **$ 25,128.90** | **$ 1,753.49** | **$ 43,882.39** | **58.51%** | **$ 5,691.86** | **66.10%** |
| 4351 | Spectra Investments, LLC | 1-1220 | 1700 Juneway Terrace | $ 110,000.00 | $ 17,551.15 | | | $ 35,860.98 | | | | | |
| 4351 | Spectra Investments LLC | 77-1220 | 7750-58 S Muskegon Avenue | $ 82,255.00 | $ 34,917.37 | | | $ 12,653.33 | | | | | |
| 4351 | Spectra Investments, LLC | 89-1220 | 7600 S Kingston Avenue | $ 126,000.00 | $ 48,224.96 | The Receiver recommends disallowing $126 accrued interest added to principal amount of loan; pre-rollover interest on loan secured by 7200 S Stony Island. | | $ 45,433.65 | | | | | |
| 4351 | Spectra Investments LLC/ Deborah L. Mullica | 904-1220 | Legacy Fund SSDF 4 | $ 279,294.00 | $ 155,774.98 | | | | | | | | |
| 4351 | Spectra Investments LLC/ Deborah L. Mullica | 912-1220 | South Shore Property Holdings | | | Duplicative of claim 1-1220 | | | | | | | |
| **4351 Total** | | | | **$ 597,549.00** | **$ 256,468.46** | | **$ -** | **$ 93,947.96** | **$ -** | **$ 350,416.42** | **58.64%** | **$ 44,557.47** | **66.10%** |
| 4310 | iPlanGroup Agent for Custodial FBO Evelyn Stratton IRA | 69-1028 | 6250 S Mozart Avenue | $ 100,000.00 | $ 16,968.71 | | | $ 39,352.89 | $ 2,337.98 | | | | |
| **4310 Total** | | | | **$ 100,000.00** | **$ 16,968.71** | | **$ -** | **$ 39,352.89** | **$ 2,337.98** | **$ 58,659.58** | **58.66%** | **$ 7,439.42** | **66.10%** |
| 4271 | iPlanGroup Agent for Custodian FBO Rajanikanth Tanikella IRA | 4-829 | 5450-52 S Indiana Avenue | $ 10,000.00 | $ 1,914.40 | Transaction to roll loan to SSDF6 equity fund was subsequently voided | | $ 6,856.42 | $ 2,571.78 | | | | |
| 4271 | iPlanGroup Agent for Custodian FBO Rajanikanth Tanikella, IRA. Ac | 9-829 | 8100 S Essex Avenue | $ 50,000.00 | $ 14,630.48 | Transaction to roll loan to SSDF6 equity fund was subsequently voided | | $ 12,963.02 | | | | | |
| 4271 | iPlanGroup Agent for Custodian FBO Rajanikanth Tanikella IRA | 85-829 | 7201-07 S Dorchester Avenue | $ 50,000.00 | $ 14,027.70 | | | $ 11,587.84 | | | | | |
| **4271 Total** | | | | **$ 110,000.00** | **$ 30,572.58** | | **$ -** | **$ 31,407.28** | **$ 2,571.78** | **$ 64,551.64** | **58.68%** | **$ 8,157.26** | **66.10%** |
| 4366 | Reymone Randall | 68-1258 | 6217-27 S Dorchester Avenue | $ 50,000.00 | $ 8,800.00 | The Receiver recommends disallowing $500 as wire amount was $50,000 | | $ 19,061.78 | $ 1,498.09 | | | | |
| **4366 Total** | | | | **$ 50,000.00** | **$ 8,800.00** | | **$ -** | **$ 19,061.78** | **$ 1,498.09** | **$ 29,359.87** | **58.72%** | **$ 3,689.63** | **66.10%** |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3141 | Lams Investment | 143-832 | 5434 S Wood Street | $ 65,000.00 | $ 60,666.76 | $65,000 Settlement Agreement with EquityBuild included release of claim. $60,666.76 paid before Receivership ended monthly payments. Claim limited to $4333.24 balance. | | | | | | | |
| 3141 | Lams Investment | 144-832 | 6525 S Evans Avenue | $ 166,000.00 | $ 60,000.00 | Disallow $45,000 alleged rehab payments as unsupported. Claimant repaid $60,000 in foreclosure sale of property | | | | | | | |
| 3141 | Hiu Tung Carol Lam | 51-1101 | 1401 W 109th Place | $ 62,000.00 | $ 49,600.00 | | | $ 1,868.33 | | | | | |
| **3141 Total** | | | | **$ 293,000.00** | **$ 170,266.76** | | **$ -** | **$ 1,868.33** | **$ -** | **$ 172,135.09** | **58.75%** | **$ 21,534.97** | **66.10%** |
| 3042 | Fredric R. Gottlieb | 13-1177 | 2909 E 78th Street | $ 100,000.00 | $ 4,266.67 | | | $ 40,479.25 | $ 14,127.44 | | | | |
| 3042 | Fredric R. Gottlieb | 58-1177 | 5955 S Sacramento Avenue | $ 29,436.00 | $ 11,150.49 | The Receiver recommends disallowing $8,045 accrued interest added to principal balance of loan when rolled over from 4109 Kimball | | $ 10,217.52 | | | | | |
| 3042 | Fredric R. Gottlieb, MD, PA Money Purchase Pension Plan | 96-1177 | 8326-32 S Ellis Avenue | $ 75,000.00 | $ 16,195.83 | | | $ 19,418.80 | | | | | |
| 3042 | Fredric R. Gottlieb, Revocable Trust, DTD 7/31/08 | 96-1212 | 8326-32 S Ellis Avenue | $ 184,259.00 | $ 31,177.78 | | | $ 50,551.76 | $ 14,127.44 | | | | |
| 3042 | Fredric R. Gottlieb, Revocable Trust, DTD 7/31/08 | 62-1212 | 7834-44 S Ellis Avenue | $ 60,000.00 | $ 20,913.06 | Pre-rollover distributions are distributions received on unsecured promissory note (UPN) after rollover from initial investment in 4108 Monticello. Unsecured claim for balance on UPN. | | $ 33,078.27 | | | | | |
| 3042 | Fredric R. Gottlieb, Revocable Trust, DTD 7/31/08 | 68-1212 | 6217-27 S Dorchester Avenue | $ 15,740.00 | $ 3,314.15 | | | $ 5,749.00 | | | | | |
| 3042 | Fredric R. Gottlieb, Revocable Trust, DTD 7/31/08 | 73-1212 | 7255-57 S Euclid Avenue | $ 60,000.00 | $ 17,569.17 | | | $ 28,923.55 | | | | | |
| 3042 | Fredric R. Gottlieb (South Florida Realty Management & Investmen | 10-1215 | 7301-09 S Stewart Avenue | $ 100,000.00 | $ 7,486.09 | | | $ 30,045.67 | $ 10,130.63 | | | | |
| 3042 | Fredric R. Gottlieb (South Florida Realty Management & Investmen | 13-1215 | 2909 E 78th Street | $ 174,250.00 | $ 31,834.73 | Pre-rollover distributions on loan secured by 5201 Washington | | $ 60,217.94 | | | | | |
| 3042 | South Florida Realty Management & Investments | 60-1215 | 7026 S Cornell Avenue | $ 58,306.00 | $ 17,686.20 | | | $ 36,446.37 | | | | | |
| 3042 | Fredric R. Gottlieb (South Florida Realty Management & Investmen | 102-1215 | 7927-29 S Essex Avenue | $ 100,000.00 | $ 28,891.60 | Pre-rollover distributions on loan secured by 6558 S Vernon | | $ 18,297.78 | | | | | |
| **3042 Total** | | | | **$ 956,991.00** | **$ 190,485.77** | | **$ -** | **$ 333,425.91** | **$ 38,385.51** | **$ 562,297.19** | **58.76%** | **$ 70,264.26** | **66.10%** |
| 4382 | Baron Real Estate Holdings, LLC., Ihab Shahawi and Vivian ELShaha | 10-1347 | 7301-09 S Stewart Avenue | $ 300,000.00 | $ 94,841.67 | Pre-rollover distributions on loan secured by 4533 S Calumet | | $ 66,629.12 | $ 9,492.22 | | | | |
| 4382 | Baron Real Estate Holdings, LLC | 69-1347 | 6250 S Mozart Avenue | $ 106,000.00 | $ 33,762.83 | | | $ 34,236.99 | | | | | |
| **4382 Total** | | | | **$ 406,000.00** | **$ 128,604.50** | | **$ -** | **$ 100,866.11** | **$ 9,492.22** | **$ 238,962.83** | **58.86%** | **$ 29,399.10** | **66.10%** |
| 4010 | Fereeda Seunath | 59-77-2 | 6001 S Sacramento Avenue | $ 91,844.00 | $ 26,665.37 | | | $ 40,224.15 | $ 9,789.36 | | | | |
| 4010 | Ganpat Seunath | 9-77 | 8100 S Essex Avenue | $ 2,372.00 | $ 241.58 | | | $ 780.80 | | | | | |
| 4010 | Fereeda Seunath | 59-77-1 | 6001 S Sacramento Avenue | $ 15,172.00 | $ 4,404.94 | | | $ 6,644.75 | | | | | |
| 4010 | Fereeda Seunath | 67-77 | 1131-41 E 79th Place | $ 22,542.00 | $ 516.59 | LLC membership interest | | | | | | | |
| 4010 | Ganpat Seunath | 96-77 | 8326-32 S Ellis Avenue | $ 30,000.00 | $ 5,719.60 | The records indicate that the amount of loan was $30,000. | | $ 8,018.08 | | | | | |
| 4010 | Ganpat Seunath | 124-77 | 6801 S East End, Chicago, IL 60649 | $ 4,823.00 | $ 491.15 | | | | | | | | |
| 4010 | Ganpat Seunath | 67-77-2 | 1131-41 E 79th Place | $ 9,416.00 | $ 201.20 | LLC Membership Interest | | | | | | | |
| **4010 Total** | | | | **$ 176,169.00** | **$ 38,240.43** | | **$ -** | **$ 55,667.78** | **$ 9,789.36** | **$ 103,697.57** | **58.86%** | **$ 12,748.37** | **66.10%** |
| 4071 | MidAtlantic IRA, LLC FBO Charles McEvoy IRA | 5-232 | 7749 S Yates Boulevard | $ 100,000.00 | $ 15,338.93 | | | $ 20,423.49 | $ 10,257.52 | | | | |
| 4071 | Midatlantic IRA, LLC, FBO Charles McEvoy IRA [Acct 6992] | 6-232 | 6437 S Kenwood Avenue | $ 112,000.00 | $ 15,179.08 | | | $ 68,019.07 | | | | | |
| 4071 | MidAtlantic IRA, LLC FBO Charles McEvoy IRA | 68-232 | 6217-27 S Dorchester Avenue | $ 150,000.00 | $ 28,048.07 | | | $ 56,422.83 | | | | | |
| 4071 | MidAtlantic IRA, LLC FBO Charles McEvoy IRA | 71-232 | 701 S 5th Avenue | $ 20,000.00 | $ 5,572.16 | | | $ 5,308.65 | | | | | |
| 4071 | MidAtlantic IRA, LLC, FBO Charles McEvoy IRA [Acct 6992] | 82-232 | 6355-59 S Talman Avenue | $ 30,000.00 | $ 8,925.00 | | | $ 9,124.49 | | | | | |
| **4071 Total** | | | | **$ 412,000.00** | **$ 73,063.24** | | **$ -** | **$ 159,298.53** | **$ 10,257.52** | **$ 242,619.29** | **58.89%** | **$ 29,708.58** | **66.10%** |
| 4367 | Equity Trust Company FBO Brian Shea IRA #6213202 | 110-1264 | 5618 S Martin Luther King Drive | $ 26,500.00 | $ 7,104.24 | | | $ 19,395.76 | $ 2,858.33 | | | | |
| 4367 | Brian Shea | 118-1264 | 400 S Kilbourn Ave, Chicago, IL 6062 | $ 132,125.00 | $ 64,159.33 | | | | | | | | |
| **4367 Total** | | | | **$ 158,625.00** | **$ 71,263.57** | | **$ -** | **$ 19,395.76** | **$ 2,858.33** | **$ 93,517.66** | **58.96%** | **$ 11,331.87** | **66.10%** |
| 4283 | iPlanGroup Agent for Custodian FBO Michelle Grimes IRA #3301 | 68-884 | 6217-27 S Dorchester Avenue | $ 50,000.00 | $ 9,377.17 | | | $ 18,794.74 | $ 1,324.14 | | | | |
| **4283 Total** | | | | **$ 50,000.00** | **$ 9,377.17** | | **$ -** | **$ 18,794.74** | **$ 1,324.14** | **$ 29,496.05** | **58.99%** | **$ 3,553.45** | **66.10%** |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3067 | Eco2 Capital Inc 401k | 100-1047 | 11117-11119 S Longwood Drive | $ 50,000.00 | $ 6,111.59 | | | $ 17,855.17 | | | | | |
| 3067 | Eco2Capital Inc. 401k, John Braden TTE | 64-1048 | 4611 S Drexel Boulevard | $ 50,000.00 | $ 56,066.19 | Principal repaid on June 9, 2017. Principal and interest payments received by claimant exceed the amount of claimant's original loan. | | | | | | | |
| 3067 | John Braden and Cynthia Braden | 82-1049 | 6355-59 S Talman Avenue | $ 50,000.00 | $ 13,933.34 | | | $ 15,615.19 | | | | | |
| 3067 | Eco2 Capital Inc 401k | 69-1050 | 6250 S Mozart Avenue | $ 10,000.00 | $ 3,283.33 | | | $ 3,183.38 | | | | | |
| 3067 | Eco2 Capital Inc 401k | 61-1051 | 7237 S Bennett Avenue | $ 50,000.00 | $ 12,294.32 | | | $ 11,547.02 | | | | | |
| 3067 | Eco2 Capital Inc 401k | 902-1054 | SSDF 2 Holdco 3, LLC - 6951 Merrill | | | Duplicate of Claim 904-1055 | | | | | | | |
| 3067 | John Braden and Cynthia Braden | 904-1055 | Legacy Fund SSDF 4 | $ 50,000.00 | $ 4,804.33 | | | | | | | | |
| 3067 | Eco2 Capital Inc. | 73-1332 | 7255-57 S Euclid Avenue | $ 50,000.00 | $ 14,630.46 | | | $ 24,110.12 | | | | | |
| 3067 Total | | | | $ 310,000.00 | $ 111,123.55 | | $ - | $ 72,310.88 | $ - | $ 183,434.43 | 59.17% | $ 21,472.46 | 66.10% |
| 4378 | iPlan Group FBO Paula Levand Roth #3320860 | 89-1334 | 7600 S Kingston Avenue | $ 13,280.69 | $ 5,282.73 | The Receiver recommends disallowing $5,216.31 pro-rata share of accrued interest from loan on 4930 S Cornelia that was added to principal amount of loan upon rollover from that property. | | $ 4,672.15 | | | | | |
| 4378 | iPlan Group Agent for Custodian FBO Paula Levand Roth | 135-1334 | 4930 W. Cornelia, Chicago, IL 60641 | $ 11,719.52 | $ 4,896.90 | | | | | | | | |
| 4378 Total | | | | $ 25,000.21 | $ 10,179.63 | | $ - | $ 4,672.15 | $ - | $ 14,851.78 | 59.41% | $ 1,673.11 | 66.10% |
| 3004 | Tiger Chang Investments LLC | 1-164 | 1700 Juneway Terrace | $ 10,000.00 | $ 1,743.93 | | | $ 3,202.54 | $ 1,262.51 | | | | |
| 3004 | Tiger Chang Investments LLC | 3-164 | 5001 S Drexel Boulevard | $ 5,000.00 | $ 375.42 | LLC membership interest | | | | | | | |
| 3004 | Tiger Chang Investments LLC | 9-164 | 8100 S Essex Avenue | $ 10,000.00 | $ 3,120.56 | | | $ 2,521.33 | | | | | |
| 3004 | Tiger Chang Investments LLC | 76-164 | 7635-43 S East End Avenue | $ 25,000.00 | $ 8,975.00 | | | $ 15,295.69 | | | | | |
| 3004 | Tiger Chang Investments LLC | 102-164 | 7927-29 S Essex Avenue | $ 4,000.00 | $ 412.33 | | | $ 923.19 | | | | | |
| 3004 | Asians Investing In Real Estate LLC | 69-503 | 6250 S Mozart Avenue | $ 50,000.00 | $ 14,898.56 | | | $ 16,636.42 | $ 39,591.47 | | | | |
| 3004 | Asians Investing In Real Estate LLC | 73-503 | 7255-57 S Euclid Avenue | $ 60,000.00 | $ 18,756.07 | | | $ 28,114.48 | | | | | |
| 3004 | Asians Investing In Real Estate LLC | 75-503 | 7625-33 S East End Avenue | $ 50,000.00 | $ 18,466.65 | | | $ 31,533.35 | | | | | |
| 3004 | Asians Investing In Real Estate LLC | 79-503 | 6160-6212 S Martin Luther King Driv | $ 25,000.00 | $ 8,690.97 | Pre-rollover distributions on loan secured by 7600 S Kingston | | $ 1,576.73 | | | | | |
| 3004 | Asians Investing In Real Estate LLC | 85-503 | 7201-07 S Dorchester Avenue | $ 60,000.00 | $ 19,223.33 | | | $ 13,135.48 | | | | | |
| 3004 | Asians Investing In Real Estate LLC | 87-503 | 7508 S Essex Avenue | $ 55,000.00 | $ 17,363.72 | | | $ 22,497.91 | | | | | |
| 3004 | Asians Investing In Real Estate LLC | 88-503 | 7546 S Saginaw Avenue | $ 115,000.00 | $ 41,441.53 | $85,000 of initial $200,000 loan was rolled to SSDF1 Equity Fund in June 2017. Pre-rollover distributions divided pro-rata between this property and SSDF1 (claim 63-503) | | $ 30,090.76 | | | | | |
| 3004 | Asians Investing In Real Estate LLC | 89-503 | 7600 S Kingston Avenue | $ 50,000.00 | $ 16,204.17 | | | $ 19,742.43 | | | | | |
| 3004 | Asians Investing In Real Estate LLC | 92-503 | 7748-50 S Essex Avenue | $ 130,000.00 | $ 46,612.43 | | | $ 46,354.07 | | | | | |
| 3004 | Asians Investing In Real Estate LLC | 100-503 | 11117-11119 S Longwood Drive | $ 150,000.00 | $ 20,759.67 | | | $ 52,578.97 | | | | | |
| 3004 | Asians Investing In Real Estate LLC | 102-503 | 7927-29 S Essex Avenue | $ 119,000.00 | $ 22,636.92 | Pre-rollover distributions on loan secured by 4533 S Calumet | | $ 24,796.38 | | | | | |
| 3004 | Asians Investing In Real Estate LLC | 122-503 | 7616-7624 S Phillips Avenue, Chicago | $ 50,000.00 | $ 43,005.99 | | | | | | | | |
| 3004 | Asians Investing In Real Estate LLC | 124-503 | 6801 S East End, Chicago, IL 60649 | $ 25,000.00 | $ 8,690.97 | | | | | | | | |
| 3004 | Asians Investing In Real Estate LLC | 1-503 | 1700 Juneway Terrace | $ 15,000.00 | $ 2,605.83 | | | $ 4,807.71 | | | | | |
| 3004 | Asians Investing In Real Estate LLC | 3-503 | 5001 S Drexel Boulevard | $ 95,000.00 | $ 7,125.00 | LLC membership interest | | | | | | | |
| 3004 | Asians Investing In Real Estate LLC | 6-503 | 6437 S Kenwood Avenue | $ 70,000.00 | $ 10,466.91 | | | $ 41,823.46 | | | | | |
| 3004 | Asians Investing In Real Estate LLC | 9-503 | 8100 S Essex Avenue | $ 60,000.00 | $ 18,723.34 | | | $ 15,128.00 | | | | | |
| 3004 | Asians Investing In Real Estate LLC | 10-503 | 7301-09 S Stewart Avenue | $ 100,000.00 | $ 9,569.09 | | | $ 29,369.18 | | | | | |
| 3004 | Asians Investing In Real Estate LLC | 13-503 | 2909 E 78th Street | $ 60,000.00 | $ 2,323.33 | | | $ 24,387.62 | | | | | |
| 3004 | Asians Investing In Real Estate LLC | 59-503 | 6001 S Sacramento Avenue | $ 60,000.00 | $ 22,440.00 | | | $ 23,179.67 | | | | | |
| 3004 | Asians Investing In Real Estate LLC | 60-503 | 7026 S Cornell Avenue | $ 68,076.43 | $ 36,044.16 | The Receiver recommends disallowing $1,325.57 pro-rata share of accrued interest added to principal balance of loan upon rollover from 4109 N Kimball. Pre-rollover distributions are distributions received on unsecured promissory note (UPN) after rollover. | | $ 28,741.15 | | | | | |
| 3004 | Asians Investing In Real Estate LLC | 62-503 | 7834-44 S Ellis Avenue | $ 65,000.00 | $ 19,207.93 | | | $ 40,174.11 | | | | | |
| 3004 | Asians Investing In Real Estate LLC | 63-503 | 4520-26 S Drexel Boulevard | $ 160,000.00 | $ 40,668.21 | LLC membership interest; prerollover distributions from loan secured by 7546 S Saginaw, 7600 S Kingston and 7635 S East End | | | | | | | |
| 3004 Total | | | | $ 1,746,076.43 | $ 480,552.02 | | $ - | $ 516,610.63 | $ 40,853.98 | $ 1,038,016.63 | 59.45% | $ 116,122.37 | 66.10% |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3091 | Michael Borgia | 47-231 | 5437 S Laflin Street | $ 140,000.00 | $ 73,500.00 | Lien released - see Dkt. 1330 (Midland motion ) and 1344 (Receiver's response) | | $ - | $ 29,313.27 | | | | |
| 3091 | Michael Borgia | 78-231 | 7201 S Constance Avenue | $ 669,327.00 | $ 234,264.00 | | | $ 207,503.97 | | | | | |
| 3091 | Michael Borgia | 115-231 | 109 N. Laramie (Property number 00 | $ 455,673.00 | $ 224,624.00 | | | | | | | | |
| 3091 | MTASS Realty LLC | 904-363 | Legacy Fund SSDF 4 | $ 349,521.00 | $ 117,427.34 | | | | $ 8,171.75 | | | | |
| 3091 | iPlanGroup Agent for Custodian FBO Michael Borgia IRA | 1-705 | 1700 Juneway Terrace | $ 125,000.00 | $ 20,215.00 | | | $ 40,646.19 | $ 22,805.07 | | | | |
| 3091 | iPlanGroup Agent for Custodian FBO Michael Borgia IRA | 73-705 | 7255-57 S Euclid Avenue | $ 125,000.00 | $ 36,283.00 | | | $ 60,475.14 | | | | | |
| 3091 | iPlanGroup Agent for Custodian FBO Michael Borgia IRA | 122-705 | 7616-7624 S Phillips Avenue, Chicago | $ 325,000.00 | $ 272,100.09 | | | | | | | | |
| 3091 | iPlanGroup Agent for Custodian FBO Michael Borgia IRA Acct. No. | 126-705 | 5201-5207 W Washington Blvd, Chic | $ 400,416.00 | $ 196,037.00 | | | | | | | | |
| **3091 Total** | | | | **$ 2,589,937.00** | **$ 1,174,450.43** | | **$ -** | **$ 308,625.30** | **$ 60,290.09** | **$ 1,543,365.82** | **59.59%** | **$ 168,556.55** | **66.10%** |
| 4109 | Equity Trust Company Custodian FBO Terri Shelton Account #2003 | 1-330 | 1700 Juneway Terrace | $ 20,630.00 | $ 5,139.32 | Pre-rollover distributions on loan secured by 4611 S Drexel | | $ 6,008.85 | $ 9,971.81 | | | | |
| 4109 | Equity Trust Company Custodian FBO Terri Shelton Account #2003 | 9-330 | 8100 S Essex Avenue | $ 26,513.00 | $ 6,186.40 | | | $ 7,449.75 | | | | | |
| 4109 | Teresita M. Shelton | 10-330 | 7301-09 S Stewart Avenue | $ 50,000.00 | $ 4,288.57 | | | $ 14,845.67 | | | | | |
| 4109 | Shelton Family Trust | 58-330 | 5955 S Sacramento Avenue | $ 25,000.00 | $ 7,541.67 | | | $ 9,755.31 | | | | | |
| 4109 | Shelton Family Trust | 60-330 | 7026 S Cornell Avenue | $ 50,000.00 | $ 14,500.00 | | | $ 31,852.60 | | | | | |
| 4109 | Shelton Family Trust | 61-330 | 7237 S Bennett Avenue | $ 15,000.00 | $ 2,725.83 | | | $ 3,758.85 | | | | | |
| 4109 | iPlanGroup Agent for Custodian FBO Terri Shelton IRA #3301003 | 70-330 | 638 N Avers Avenue | $ 2,000.00 | $ 493.28 | Transaction to roll loan to SSDF6 equity fund was subsequently voided | | $ 519.16 | | | | | |
| 4109 | iPlanGroup Agent for Custodian FBO Terri Shelton IRA #3301003 | 71-330 | 701 S 5th Avenue | $ 50,000.00 | $ 12,749.94 | | | $ 13,705.96 | | | | | |
| 4109 | iPlanGroup Agent for Custodian FBO Terri Shelton IRA #3301003 | 73-330 | 7255-57 S Euclid Avenue | $ 27,724.00 | $ 6,712.58 | Pro-rata share of pre-rollover distributions on loan secured by 4611 S Drexel | | $ 14,322.72 | | | | | |
| 4109 | Equity Trust Company Custodian FBO Terri Shelton Account #2003 | 85-330 | 7201-07 S Dorchester Avenue | $ 50,000.00 | $ 11,666.60 | | | $ 12,348.42 | | | | | |
| 4109 | Shelton Family Trust | 86-330 | 7442-48 S Calumet Avenue | $ 30,000.00 | $ 8,710.00 | | | $ 11,426.41 | | | | | |
| 4109 | Shelton Family Trust | 92-330 | 7748-50 S Essex Avenue | $ 30,000.00 | $ 9,236.67 | | | $ 11,542.07 | | | | | |
| 4109 | Shelton Family Trust | 118-330 | 400 S Kilbourn Ave, Chicago, IL 6062 | $ 50,000.00 | $ 17,183.34 | Claimant agreed to rollover this loan to SSDF4, but no separate claim for SSDF4 | | | | | | | |
| **4109 Total** | | | | **$ 426,867.00** | **$ 107,134.20** | | **$ -** | **$ 137,535.77** | **$ 9,971.81** | **$ 254,641.78** | **59.65%** | **$ 27,513.02** | **66.10%** |
| 4279 | iPlanGroup Agent for Custodian FBO Elizabeth Zeng Roth IRA 3321 | 60-872-2 | 7026 S Cornell Avenue | $ 5,000.00 | $ 529.06 | | | $ 4,011.58 | $ 3,678.53 | | | | |
| 4279 | iPlanGroup Agent for Custodian FBO Elizabeth Zeng ROTH 3321085 | 6-872 | 6437 S Kenwood Avenue | $ 25,000.00 | $ 3,356.91 | | | $ 15,204.80 | | | | | |
| 4279 | iPlanGroup Agent for Custodian FBO Elizabeth Zeng IRA 3301111 | 60-872-1 | 7026 S Cornell Avenue | $ 4,000.00 | | | | $ 3,589.02 | | | | | |
| 4279 | iPlanGroup Agent for Custodian FBO Elizabeth Zeng ROTH 3321085 | 67-872 | 1131-41 E 79th Place | $ 8,450.00 | $ 169.00 | LLC membership interest | | | | | | | |
| 4279 | iPlanGroup Agent for Custodian FBO Elizabeth Zeng IRA | 68-872 | 6217-27 S Dorchester Avenue | $ 94,000.00 | $ 19,493.30 | | | $ 34,471.60 | | | | | |
| 4279 | iPlanGroup Agent for Custodian FBO Elizabeth Zeng IRA | 88-872 | 7546 S Saginaw Avenue | $ 12,000.00 | | | | $ 4,908.87 | | | | | |
| **4279 Total** | | | | **$ 148,450.00** | **$ 23,548.27** | | **$ -** | **$ 62,185.87** | **$ 3,678.53** | **$ 89,412.67** | **60.23%** | **$ 8,711.29** | **66.10%** |
| 4420 | Bill Akins | 1-2003-1 | 1700 Juneway Terrace | $ 20,000.00 | $ 3,259.71 | | | $ 6,493.57 | | | | | |
| 4420 | Bill Akins Jr. | 4-2003-1 | 5450-52 S Indiana Avenue | $ 10,000.00 | $ 1,861.14 | | | $ 6,901.59 | | | | | |
| 4420 | Bill Akins | 9-2003-1 | 8100 S Essex Avenue | $ 150,000.00 | $ 49,122.91 | | | $ 36,971.71 | | | | | |
| 4420 | William H. Akins, Jr. | 10-2003 | 7301-09 S Stewart Avenue | $ 25,000.00 | $ 1,823.76 | | | $ 7,526.93 | | | | | |
| 4420 | Bill Akins | 61-2003-1 | 7237 S Bennett Avenue | $ 35,000.00 | $ 8,378.67 | | | $ 8,152.54 | | | | | |
| 4420 | Bill Akins | 73-2003 | 7255-57 S Euclid Avenue | $ 50,000.00 | $ 15,604.17 | | | $ 23,446.38 | | | | | |
| 4420 | CAMA SDIRA, LLC FBO Bill Akins IRA | 79-2003 | 6160-6212 S Martin Luther King Driv | $ 35,000.00 | $ 8,392.28 | | | $ 2,572.38 | | | | | |
| 4420 | Bill Akins | 85-2003 | 7201-07 S Dorchester Avenue | $ 50,000.00 | $ 14,269.36 | | | $ 11,509.99 | | | | | |
| 4420 | William H. Akins, Jr. | 87-2003-1 | 7508 S Essex Avenue | $ 110,000.00 | $ 35,154.00 | | | $ 44,740.83 | | | | | |
| 4420 | CAMA SDIRA, LLC FBO Bill Akins IRA T151110-01 | 94-2003 | 816-20 E Marquette Road | $ 250,000.00 | $ 59,666.61 | | | $ 140,592.29 | | | | | |
| 4420 | William H. Akins, Jr., LLC | 100-2003 | 11117-11119 S Longwood Drive | $ 250,000.00 | $ 34,973.09 | | | $ 87,479.61 | | | | | |
| 4420 | Cama Plan FBO Bill Akins IRA | 9-2003-2 | 8100 S Essex Avenue | $ 60,000.00 | $ 17,523.34 | | | $ 15,567.80 | | | | | |
| 4420 | CAMA SDIRA, LLC FBO Bill Akins IRA | 61-2003-2 | 7237 S Bennett Avenue | $ 100,000.00 | $ 24,822.17 | | | $ 23,022.53 | | | | | |
| 4420 | CAMA SDIRA LLC FBO Bill Akins IRA #000107 | 1-2003-2 | 1700 Juneway Terrace | $ 25,000.00 | $ 3,878.63 | | | $ 8,193.00 | | | | | |
| 4420 | CAMA SDIRA, LLC FBO Bill Akins IRA | 4-2003-2 | 5450-52 S Indiana Avenue | $ 20,000.00 | $ 3,851.05 | | | $ 13,693.98 | | | | | |
| 4420 | CAMA SDIRA LLC FMO Bill Akins IRA Account # T151110-01 | 87-2003-2 | 7508 S Essex Avenue | $ 10,000.00 | $ 2,912.50 | | | $ 4,236.71 | | | | | |
| **4420 Total** | | | | **$ 1,200,000.00** | **$ 285,493.39** | | **$ -** | **$ 441,101.84** | **$ -** | **$ 726,595.23** | **60.55%** | **$ 66,592.73** | **66.10%** |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4102 | iPlanGroup Agent for Custodian FBO Kelly Lewis IRA #3300326 | 73-310-2 | 7255-57 S Euclid Avenue | $ 5,000.00 | $ 1,098.47 | | | $ 2,659.53 | | | | | |
| 4102 | Equity Trust Company Custodian FBO Kelly Lewis IRA #200271700 | 73-310-3 | 7255-57 S Euclid Avenue | $ 2,000.00 | $ 493.45 | | | $ 1,026.96 | | | | | |
| 4102 | iPlanGroup Agent for Custodian FBO Kelly Lewis IRA 3300326 | 55-310 | 8107 S Ellis Avenue | $ 25,000.00 | $ 8,908.00 | The Receiver recommends disallowing $1,200 accrued interest added to principal amount of loan | | $ 2,850.59 | | | | | |
| 4102 | Kelly Welton-Lewis, TTEE for the Robert N Andrews Separate Prop | 62-310 | 7834-44 S Ellis Avenue | $ 7,000.00 | $ 1,386.20 | | | $ 4,925.08 | | | | | |
| 4102 | iPlanGroup Agent for Custodian FBO Kelly Lewis Roth 3320302 | 73-310-1 | 7255-57 S Euclid Avenue | $ 1,400.00 | $ 306.85 | | | $ 745.16 | | | | | |
| 4102 | iPlanGroup Agent for Custodian FBO Kelly Lewis, IRA 3320302 | 78-310 | 7201 S Constance Avenue | $ 31,213.00 | $ 8,281.85 | Pre-rollover distributions on loan secured by 109 N Laramie | | $ 10,937.05 | | | | | |
| 4102 | iPlan Group for Custodian FBO Kelly Lewis, IRA 3300326 | 82-310 | 6355-59 S Talman Avenue | $ 3,000.00 | $ 737.00 | | | $ 979.77 | | | | | |
| 4102 | iPlanGroup Agent for Custodian FBO Kelly Lewis IRA #3300326 | 89-310 | 7600 S Kingston Avenue | $ 8,000.00 | $ 480.90 | | | $ 4,392.41 | | | | | |
| 4102 Total | | | | $ 82,613.00 | $ 21,692.72 | | $ - | $ 28,516.55 | $ - | $ 50,209.27 | 60.78% | $ 4,397.09 | 66.10% |
| 3124 | Tolu Makinde | 5-370 | 7749 S Yates Boulevard | $ 30,000.00 | $ 5,424.00 | | | $ 5,928.67 | $ 2,104.19 | | | | |
| 3124 | Tolu Makinde | 70-370 | 638 N Avers Avenue | $ 15,000.00 | $ 3,583.00 | | | $ 3,933.84 | | | | | |
| 3124 | Tolu Makinde | 73-370 | 7255-57 S Euclid Avenue | $ 25,000.00 | $ 6,732.00 | | | $ 12,452.63 | | | | | |
| 3124 | Tolu Makinde | 908-370 | SSDF 8 | $ 20,000.00 | | Funds wired 5/25/18. No distributions received. | | | | | | | |
| 3124 | TMAKINDE, LLC | 4-372 | 5450-52 S Indiana Avenue | $ 25,000.00 | $ 1,129.00 | | | $ 20,242.12 | $ 5,774.82 | | | | |
| 3124 | TMAKINDE, LLC | 59-372 | 6001 S Sacramento Avenue | $ 108,000.00 | $ 36,576.00 | | | $ 44,078.40 | | | | | |
| 3124 | TMAKINDE, LLC | 70-372 | 638 N Avers Avenue | $ 114,000.00 | $ 27,265.00 | | | $ 29,885.41 | | | | | |
| 3124 Total | | | | $ 337,000.00 | $ 80,709.00 | | $ - | $ 116,521.07 | $ 7,879.01 | $ 205,109.08 | 60.86% | $ 17,644.54 | 66.10% |
| 4201 | Petra Zoeller | 4-594 | 5450-52 S Indiana Avenue | $ 50,000.00 | $ 10,072.27 | | | $ 33,857.89 | $ 12,779.87 | | | | |
| 4201 | Petra Zoeller | 13-594 | 2909 E 78th Street | $ 35,000.00 | $ 1,371.80 | | | $ 14,219.13 | | | | | |
| 4201 | Petra Zoeller | 68-594 | 6217-27 S Dorchester Avenue | $ 100,000.00 | $ 18,224.94 | | | $ 37,834.42 | | | | | |
| 4201 | Petra Zoeller | 88-594 | 7546 S Saginaw Avenue | $ 50,000.00 | $ 15,266.67 | | | $ 14,208.45 | | | | | |
| 4201 | Petra Zoeller | 92-594 | 7748-50 S Essex Avenue | $ 70,000.00 | $ 18,573.33 | | | $ 28,587.42 | | | | | |
| 4201 | Petra Zoeller | 94-594 | 816-20 E Marquette Road | $ 30,000.00 | $ 6,822.50 | | | $ 17,120.37 | | | | | |
| 4201 | Petra Zoeller | 100-594 | 11117-11119 S Longwood Drive | $ 199,000.00 | $ 26,109.67 | | | $ 70,337.15 | | | | | |
| 4201 Total | | | | $ 534,000.00 | $ 96,441.18 | | $ - | $ 216,164.83 | $ 12,779.87 | $ 325,385.88 | 60.93% | $ 27,582.76 | 66.10% |
| 4379 | Hang Zhou & Lu Dong | 61-1335 | 7237 S Bennett Avenue | $ 50,000.00 | $ 12,402.83 | Transaction to roll loan to SSDF6 equity fund was subsequently voided | | $ 11,513.79 | $ 3,689.84 | | | | |
| 4379 | Hang Zhou & Lu Dong | 81-1335 | 4317 S Michigan Avenue | $ 50,000.00 | $ 14,416.67 | | | $ 26,284.10 | | | | | |
| 4379 | Hang Zhou & Lu Dong | 126-1335 | 5201-5207 W Washington Blvd, Chic | $ 50,000.00 | $ 23,306.07 | | | | | | | | |
| 4379 | Hang Zhou and Lu Dong | 906-1335 | SSDF6 | | | Rollover to SSDF6 voided. Duplicative of claims 61-1335 and 81-1335 | | | | | | | |
| 4379 Total | | | | $ 150,000.00 | $ 50,125.57 | | $ - | $ 37,797.89 | $ 3,689.84 | $ 91,613.30 | 61.08% | $ 7,535.20 | 66.10% |
| 4204 | Brion Conklin | 123-601 | 7107-29 S Bennett Ave Chicago IL 60 | $ 116,531.00 | $ 71,181.47 | $57,974,51 return on UPN and $13,206.96 interest on Bennett | | | | | | | |
| 4204 Total | | | | $ 116,531.00 | $ 71,181.47 | | $ - | $ - | $ - | $ 71,181.47 | 61.08% | $ 5,844.35 | 66.10% |
| 4181 | Self Directed IRA Services, Inc., Custodian FBO Ping Liu IRA | 77-544 | 7750-58 S Muskegon Avenue | $ 50,000.00 | $ 21,641.67 | | | $ 7,580.17 | $ 1,339.44 | | | | |
| 4181 Total | | | | $ 50,000.00 | $ 21,641.67 | | $ - | $ 7,580.17 | $ 1,339.44 | $ 30,561.28 | 61.12% | $ 2,488.22 | 66.10% |
| 3063 | Umbrella Investment Partners | 76-1167 | 7635-43 S East End Avenue | $ 12,833.00 | $ 3,864.90 | | | $ 8,559.96 | $ 2,674.51 | | | | |
| 3063 | Umbrella Investments Partners, LLC | 87-1167 | 7508 S Essex Avenue | $ 40,000.00 | $ 11,533.41 | | | $ 17,016.53 | | | | | |
| 3063 | Umbrella Investment Partners | 95-1167 | 8201 S Kingston Avenue | $ 4,214.94 | $ 1,675.00 | The Receiver recommends disallowing $785.06 pro rata share of accrued interest added to principal balance of loan when rolled over from 4019 S Indiana. | | $ 872.95 | | | | | |
| 3063 | Umbrella Investment Partners | 96-1167 | 8326-32 S Ellis Avenue | $ 12,500.00 | $ 2,791.72 | | | $ 3,205.95 | | | | | |
| 3063 | Umbrella Investment Partners | 102-1167 | 7927-29 S Essex Avenue | $ 40,000.00 | $ 8,500.00 | | | $ 8,105.65 | | | | | |
| 3063 | Madison Trust Company Custodian FBO James R Robinson Traditio | 6-1406 | 6437 S Kenwood Avenue | $ 25,000.00 | $ 3,999.96 | | | $ 14,753.04 | $ 2,059.74 | | | | |
| 3063 | Madison Trust Company Custodian FBO James R Robinson Traditio | 73-1406 | 7255-57 S Euclid Avenue | $ 60,000.00 | $ 18,700.00 | | | $ 28,152.70 | | | | | |
| 3063 | MADISON TRUST COMPANY CUSTODIAN FBO JAMES R ROBINSON | 67-1417 | 1131-41 E 79th Place | $ 21,092.00 | $ 719.76 | LLC membership interest | | | $ 1,720.34 | | | | |
| 3063 | Madison Trust Company, Custodian FBO James Robinson - M1704 | 85-1417 | 7201-07 S Dorchester Avenue | $ 50,000.00 | $ 14,333.00 | | | $ 11,489.49 | | | | | |
| 3063 | Pacific Premier Trust FBO Kathleen A Robinson ROTH IRA acct no. 0 | 96-1435 | 8326-32 S Ellis Avenue | $ 12,500.00 | $ 2,530.38 | | | $ 3,292.25 | | | | | |
| 3063 Total | | | | $ 278,139.94 | $ 68,648.13 | | $ - | $ 95,448.52 | $ 6,454.59 | $ 170,551.24 | 61.32% | $ 13,296.47 | 66.10% |
| 4380 | Shengjie Li and Yuye Xu | 9-1340 | 8100 S Essex Avenue | $ 100,000.00 | $ 27,944.41 | Pre-rollover distributions on loan secured by 4533 S Calumet | | $ 26,408.56 | $ 3,867.99 | | | | |
| 4380 | Shengjie Li and Yuye Xu | 68-1340 | 6217-27 S Dorchester Avenue | $ 35,000.00 | $ 7,157.09 | | | $ 12,881.93 | | | | | |
| 4380 | Shengjie Li and Yuye Xu | 94-1340 | 816-20 E Marquette Road | $ 25,000.00 | $ 6,090.22 | | | $ 13,967.96 | | | | | |
| 4380 Total | | | | $ 160,000.00 | $ 41,191.72 | | $ - | $ 53,258.45 | $ 3,867.99 | $ 98,318.16 | 61.45% | $ 7,440.23 | 66.10% |
| 4298 | The Anchor Group LLC | 77-949 | 7750-58 S Muskegon Avenue | $ 25,000.00 | $ 7,250.00 | | | $ 4,744.57 | | | | | |
| 4298 | The Anchor Group LLC | 80-949 | 2736 W 64th Street | $ 30,000.00 | $ 11,400.00 | | | $ 10,498.10 | | | | | |
| 4298 Total | | | | $ 55,000.00 | $ 18,650.00 | | $ - | $ 15,242.67 | $ - | $ 33,892.67 | 61.62% | $ 2,461.78 | 66.10% |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3107 | Madison Trust Company Custodian FBO Sheryl Mennella Roth IRA | 69-731 | 6250 S Mozart Avenue | $ 18,150.00 | $ 5,249.54 | | | $ 6,114.21 | $ 424.34 | | | | |
| 3107 | Mennco Properties LLC Solo 401k | 69-905 | 6250 S Mozart Avenue | $ 14,200.00 | $ 4,106.17 | | | $ 4,784.00 | $ 1,500.99 | | | | |
| 3107 | The Mennco Properties, LLC. Solo 401K Plan (by Robert Mennella N | 77-1032 | 7750-58 S Muskegon Avenue | $ 50,000.00 | $ 20,000.00 | | | $ 8,018.99 | | | | | |
| 3107 | Madison Trust Company Custodian FBO Robert Mennella Roth IRA | 69-1302 | 6250 S Mozart Avenue | $ 18,150.00 | $ 5,249.54 | | | $ 6,114.21 | $ 424.34 | | | | |
| **3107 Total** | | | | **$ 100,500.00** | **$ 34,605.25** | | **$ -** | **$ 25,031.41** | **$ 2,349.67** | **$ 61,986.33** | **61.68%** | **$ 4,443.16** | **66.10%** |
| 4255 | James G. Taber | 87-780 | 7508 S Essex Avenue | $ 50,000.00 | $ 14,202.70 | | | $ 21,398.62 | $ 2,922.48 | | | | |
| 4255 | James Taber | 115-780 | 109 N. Laramie (Property number 00 | $ 25,000.00 | $ 7,764.01 | | | | | | | | |
| **4255 Total** | | | | **$ 75,000.00** | **$ 21,966.71** | | **$ -** | **$ 21,398.62** | **$ 2,922.48** | **$ 46,287.81** | **61.72%** | **$ 3,286.44** | **66.10%** |
| 4211 | Sutherland Family Trust DTD 5-8-97 | 82-619 | 6355-59 S Talman Avenue | $ 50,000.00 | $ 14,163.82 | | | $ 15,515.40 | $ 1,209.91 | | | | |
| **4211 Total** | | | | **$ 50,000.00** | **$ 14,163.82** | | **$ -** | **$ 15,515.40** | **$ 1,209.91** | **$ 30,889.13** | **61.78%** | **$ 2,160.37** | **66.10%** |
| 3052 | Huiyi Yang and Hui Wang | 50-122 | 7760 S Coles Avenue | $ 20,166.67 | $ 7,078.45 | Claimant agreed to rollover this loan to unsecured promissory note in July 2017 | | | $ 1,008.85 | | | | |
| 3052 | Huiyi Yang and Hui Wang | 88-122 | 7546 S Saginaw Avenue | $ 16,254.26 | $ 4,326.97 | The Receiver recommends disallowing $119.74 accrued interest added to principal amount of loan.  Pro-rata share of pre-rollover distributions on loan secured by 4611 S Drexel. | | $ 4,879.13 | | | | | |
| 3052 | Huiyi Yang and Hui Wang | 94-122 | 816-20 E Marquette Road | $ 13,745.74 | $ 3,659.20 | Pro-rata share of pre-rollover distributions on loan secured by 4611 S Drexel | | $ 7,450.56 | | | | | |
| 3052 | Huiyi Yang | 82-253 | 6355-59 S Talman Avenue | $ 37,000.00 | $ 10,477.18 | | | $ 11,483.15 | $ 1,377.89 | | | | |
| 3052 | Huiyi Yang | 87-255 | 7508 S Essex Avenue | $ 21,935.00 | $ 6,487.00 | | | $ 9,234.38 | | | | | |
| **3052 Total** | | | | **$ 109,101.67** | **$ 32,028.80** | | **$ -** | **$ 33,047.22** | **$ 2,386.74** | **$ 67,462.76** | **61.83%** | **$ 4,652.35** | **66.10%** |
| 4193 | iPlanGroup Agent for Custodian FBO Dennis McCoy 3300311 | 91-569 | 7701 S Essex Avenue | $ 100,000.00 | $ 53,033.33 | | | $ 34,692.56 | | | | | |
| 4193 | iPlan Group Dennis K. McCoy IRA acct. no 3300311 | 115-569 | 109 N. Laramie (Property number 00 | $ 40,000.00 | $ 35,336.62 | | | | | | | | |
| 4193 | iPlan Group Agent for Custodian FBO Dennis McCoy IRA 3300311 | 116-569 | 1102 Bingham St, Houston TX 77007 | $ 50,000.00 | $ 3,685.41 | Claimant agreed to rollover this loan to unsecured promissory note | | $ - | | | | | |
| 4193 | Dennis McCoy | 126-569 | 5201-5207 W Washington Blvd, Chic | $ 60,000.00 | $ 28,366.79 | The Receiver recommends disallowing $16,667 accrued interest added to principal | | | | | | | |
| **4193 Total** | | | | **$ 250,000.00** | **$ 120,422.15** | | **$ -** | **$ 34,692.56** | **$ -** | **$ 155,114.71** | **62.05%** | **$ 10,132.78** | **66.10%** |
| 3053 | Irene Gacad | 79-647 | 6160-6212 S Martin Luther King Driv | $ 25,000.00 | $ 5,990.22 | | | $ 1,837.83 | $ 610.30 | | | | |
| 3053 | IG Investment Trust | 4-1061 | 5450-52 S Indiana Avenue | $ 25,000.00 | $ 4,969.40 | | | $ 16,985.54 | $ 636.25 | | | | |
| **3053 Total** | | | | **$ 50,000.00** | **$ 10,959.62** | | **$ -** | **$ 18,823.37** | **$ 1,246.55** | **$ 31,029.54** | **62.06%** | **$ 2,019.96** | **66.10%** |
| 4236 | Sidney L. Cohn & Sheila L. Cohn JTWROS | 82-720 | 6355-59 S Talman Avenue | $ 60,000.00 | $ 16,296.67 | | | $ 18,921.51 | $ 2,035.20 | | | | |
| **4236 Total** | | | | **$ 60,000.00** | **$ 16,296.67** | | **$ -** | **$ 18,921.51** | **$ 2,035.20** | **$ 37,253.38** | **62.09%** | **$ 2,406.02** | **66.10%** |
| 3092 | Mark Young | 73-1154 | 7255-57 S Euclid Avenue | $ 40,000.00 | $ 11,500.00 | | | $ 19,427.41 | | | | | |
| 3092 | Mark Young | 77-1154 | 7750-58 S Muskegon Avenue | $ 100,000.00 | $ 33,833.43 | | | $ 17,686.30 | | | | | |
| 3092 | Mark Young | 80-1154 | 2736 W 64th Street | $ 49,000.00 | $ 22,166.54 | The Receiver recommends disallowing $1000 credit added to the principal amount of the loan. | | $ 15,145.18 | | | | | |
| 3092 | Mark Young | 90-1154 | 7656 S Kingston Avenue | $ 50,000.00 | $ 23,291.54 | | | $ 4,615.87 | | | | | |
| 3092 | Mark Young | 92-1154 | 7748-50 S Essex Avenue | $ 30,000.00 | $ 9,356.67 | | | $ 11,475.36 | | | | | |
| 3092 | Mark Young | 95-1154 | 8201 S Kingston Avenue | $ 50,000.00 | $ 15,564.67 | | | $ 11,835.11 | | | | | |
| 3092 | Mark Young | 126-1154 | 5201-5207 W Washington Blvd, Chic | $ 49,500.00 | $ 25,268.45 | | | | | | | | |
| 3092 | iPlan Group Agent for Custodian FBO Mark Young IRA | 2-1446 | 4533-37 S Calumet Avenue | $ 50,000.00 | $ 13,750.00 | | | $ 36,250.00 | | | | | |
| 3092 | IPlanGroup Agent for Custodian FBO Mark Young | 10-1446 | 7301-09 S Stewart Avenue | | | Claimant confirmed by 6/6/18 email that his POC was in error and he is withdrawing this claim. | | $ - | | | | | |
| 3092 | IPlanGroup Agent for Custodian FBO Mark Young | 69-1446 | 6250 S Mozart Avenue | $ 55,000.00 | $ 10,994.83 | | | $ 20,856.36 | | | | | |
| 3092 | IPlanGroup Agent for Custodian FBO Mark Young | 74-1446 | 3074 Cheltenham Place | $ 100,000.00 | $ 25,033.40 | | | $ 46,645.59 | | | | | |
| 3092 | iPlanGroup Agent for Custodian FBO Mark Young Acct No. 334022 | 85-1446 | 7201-07 S Dorchester Avenue | $ 20,000.00 | $ 5,727.70 | | | $ 4,597.57 | | | | | |
| 3092 | iPlanGroup Agent for Custodian FBO Mark Young 3340224 | 94-1446 | 816-20 E Marquette Road | $ 50,000.00 | $ 10,977.83 | | | $ 28,824.25 | | | | | |
| 3092 | iPlanGroup Agent for Custodian FBO Mark Young 3340224 | 95-1446 | 8201 S Kingston Avenue | $ 60,000.00 | $ 17,789.60 | | | $ 14,507.33 | | | | | |
| 3092 | iPlanGroup Agent for Custodian FBO Mark Young Acct No. 334022 | 96-1446 | 8326-32 S Ellis Avenue | $ 45,000.00 | $ 9,215.00 | | | $ 11,817.22 | | | | | |
| 3092 | Young Family Trust | 61-1452 | 7237 S Bennett Avenue | $ 30,000.00 | $ 7,386.67 | | | $ 6,925.13 | | | | | |
| 3092 | Young Family Trust | 68-1452 | 6217-27 S Dorchester Avenue | $ 40,000.00 | $ 8,119.44 | | | $ 14,750.00 | | | | | |
| 3092 | Young Family Trust | 74-1452 | 3074 Cheltenham Place | $ 45,000.00 | $ 1,800.00 | | | $ 26,879.83 | | | | | |
| 3092 | Mitchell Young Trust | 10-1456 | 7301-09 S Stewart Avenue | $ 30,000.00 | $ 2,291.33 | | | $ 8,998.92 | | | | | |
| **3092 Total** | | | | **$ 893,500.00** | **$ 254,067.10** | | **$ -** | **$ 301,237.43** | **$ -** | **$ 555,304.53** | **62.15%** | **$ 35,290.01** | **66.10%** |
| 3043 | Fraser Realty Investments, LLC | 77-1079 | 7750-58 S Muskegon Avenue | $ 100,000.00 | $ 42,033.00 | | | $ 15,494.56 | $ 2,805.58 | | | | |
| 3043 | Fraser Realty Investments, LLC | 95-1079 | 8201 S Kingston Avenue | $ 20,000.00 | $ 6,225.87 | | | $ 4,734.04 | | | | | |
| 3043 | Fraser Realty Capital, LLC | 89-1313 | 7600 S Kingston Avenue | $ 20,000.00 | $ 8,576.46 | The Receiver recommends disallowing $38.06 credit added to the principal amount of the loan. Pre-rollover distributions on loan secured by 7200 Stoney Island. | | $ 6,673.26 | $ 468.49 | | | | |
| **3043 Total** | | | | **$ 140,000.00** | **$ 56,835.33** | | **$ -** | **$ 26,901.86** | **$ 3,274.07** | **$ 87,011.26** | **62.15%** | **$ 5,527.34** | **66.10%** |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4009 | Timothy Sharp | 4-76 | 5450-52 S Indiana Avenue | $ 50,000.00 | $ 12,036.05 | Pre-rollover distributions on loan secured by 4611 S Drexel | | $ 32,192.65 | $ 15,196.90 | | | | |
| 4009 | Tim Sharp | 9-76 | 8100 S Essex Avenue | $ 50,000.00 | $ 14,602.70 | | | $ 12,973.20 | | | | | |
| 4009 | Timothy S Sharp | 13-76 | 2909 E 78th Street | $ 50,000.00 | $ 3,738.88 | | | $ 19,560.75 | | | | | |
| 4009 | Timothy Sharp | 58-76 | 5955 S Sacramento Avenue | $ 50,000.00 | $ 15,416.76 | | | $ 19,324.31 | | | | | |
| 4009 | Timothy Sharp | 68-76 | 6217-27 S Dorchester Avenue | $ 100,000.00 | $ 21,748.66 | | | $ 36,204.12 | | | | | |
| 4009 | Timothy Sharp | 85-76 | 7201-07 S Dorchester Avenue | $ 50,000.00 | $ 15,019.36 | | | $ 11,268.39 | | | | | |
| 4009 | Timothy Sharp | 86-76 | 7442-48 S Calumet Avenue | $ 50,000.00 | $ 15,600.09 | | | $ 18,462.54 | | | | | |
| 4009 | Timothy Sharp | 89-76 | 7600 S Kingston Avenue | $ 50,000.00 | $ 15,408.52 | | | $ 20,207.22 | | | | | |
| 4009 | Timothy S. Sharp | 92-76 | 7748-50 S Essex Avenue | $ 100,000.00 | $ 30,461.02 | | | $ 38,655.82 | | | | | |
| 4009 | Timothy Sharp | 100-76 | 11117-11119 S Longwood Drive | $ 50,000.00 | $ 5,247.69 | | | $ 18,206.63 | | | | | |
| 4009 | Timothy S Sharp | 102-76 | 7927-29 S Essex Avenue | $ 50,000.00 | $ 5,079.17 | | | $ 11,559.13 | | | | | |
| **4009 Total** | | | | **$ 650,000.00** | **$ 154,358.90** | | **$ -** | **$ 238,614.76** | **$ 15,196.90** | **$ 408,170.56** | **62.80%** | **$ 21,472.92** | **66.10%** |
| 4206 | iPlanGroup Agent for Custodian FBO Karen Ferry IRA 3301259 | 89-605 | 7600 S Kingston Avenue | $ 74,000.00 | $ 3,660.96 | | | $ 41,089.78 | $ 1,730.11 | | | | |
| **4206 Total** | | | | **$ 74,000.00** | **$ 3,660.96** | | **$ -** | **$ 41,089.78** | **$ 1,730.11** | **$ 46,480.85** | **62.81%** | **$ 2,432.41** | **66.10%** |
| 4134 | Julie Patel | 4-409 | 5450-52 S Indiana Avenue | $ 10,000.00 | $ 2,354.06 | Pro-rata share of pre-rollover distributions on loan secured by 7024 S Paxton | | $ 6,483.60 | $ 2,268.73 | | | | |
| 4134 | Julie Patel | 5-409 | 7749 S Yates Boulevard | $ 35,291.00 | $ 4,550.46 | Pro-rata share of pre-rollover distributions from the loan secured by 7024 S Paxton | | $ 7,415.80 | | | | | |
| 4134 | Julie Patel | 6-409 | 6437 S Kenwood Avenue | $ 40,000.00 | $ 5,934.41 | | | $ 23,931.91 | | | | | |
| 4134 | Julie Patel | 84-409 | 7051 S Bennett Avenue | $ 1,409.00 | $ 331.72 | Pro-rata share of pre-rollover distributions on loan secured by 7024 S Paxton | | $ 789.47 | | | | | |
| 4134 | Julie Patel | 89-409 | 7600 S Kingston Avenue | $ 10,338.00 | $ 2,433.67 | Pro-rata share of pre-rollover distributions on loan secured by 7024 S Paxton | | $ 4,617.45 | | | | | |
| **4134 Total** | | | | **$ 97,038.00** | **$ 15,604.32** | | **$ -** | **$ 43,238.23** | **$ 2,268.73** | **$ 61,111.28** | **62.98%** | **$ 3,029.86** | **66.10%** |
| 3038 | The Edward Falkowitz Living Trust | 77-575 | 7750-58 S Muskegon Avenue | $ 157,000.00 | $ 120,210.71 | Secured investment rolled to unsecured promissory note | | $ - | | | | | |
| 3038 | The Edward Falkowitz Living Trust | 120-575 | 7823-27 S. Essex Ave., Chicago, IL 60 | $ 226,760.00 | $ 197,821.21 | | | | | | | | |
| 3038 | TFG Retirement Trust | 10-665 | 7301-09 S Stewart Avenue | $ 100,000.00 | $ 8,486.09 | | | $ 29,720.91 | | | | | |
| 3038 | The Falkowitz Group Retirement Trust | 68-665 | 6217-27 S Dorchester Avenue | $ 50,000.00 | $ 10,016.07 | | | $ 18,499.14 | | | | | |
| 3038 | tFG Retirement Trust | 145-665 | 4755 S St Lawrence Avenue | $ 261,376.12 | $ 116,378.64 | | | | | | | | |
| **3038 Total** | | | | **$ 795,136.12** | **$ 452,912.72** | | **$ -** | **$ 48,220.05** | **$ -** | **$ 501,132.77** | **63.02%** | **$ 24,444.23** | **66.10%** |
| 4263 | Christopher Wilson and Brittny Wilson (Niosi) | 77-807 | 7750-58 S Muskegon Avenue | $ 50,000.00 | $ 25,000.00 | | | $ 6,682.49 | | | | | |
| **4263 Total** | | | | **$ 50,000.00** | **$ 25,000.00** | | **$ -** | **$ 6,682.49** | **$ -** | **$ 31,682.49** | **63.36%** | **$ 1,367.01** | **66.10%** |
| 4253 | Mike Goldman | 64-775 | 4611 S Drexel Boulevard | $ 7,728.00 | $ 9,172.64 | Principal and interest payments received by claimant exceed the amount of claimant's original loan | | | $ 1,879.22 | | | | |
| 4253 | Mike Goldman | 79-775 | 6160-6212 S Martin Luther King Driv | $ 60,000.00 | $ 36,386.40 | The Receiver recommends disallowing $1860.75 accrued interest claimant added to principal amount of loan, and deducting pre-rollover distributions from the loan secured by 4351 S Calumet | | $ 2,282.92 | | | | | |
| 4253 | Mike Goldman | 132-775 | 9531 S. Fairfield Ave. Evergreen Park | $ 8,622.00 | $ 9,115.54 | Principal and interest payments received by claimant exceed the amount of claimant's original loan | | | | | | | |
| 4253 | Mike Goldman | 156-775 | 4351 S Calumet Avenue | $ 16,432.94 | | | | | | | | | |
| **4253 Total** | | | | **$ 92,782.94** | **$ 54,674.58** | | **$ -** | **$ 2,282.92** | **$ 1,879.22** | **$ 58,836.72** | **63.41%** | **$ 2,491.87** | **66.10%** |
| 4182 | The Entrust Group Inc., FBO Jill Meekcoms IRA #33-21296 | 1-548 | 1700 Juneway Terrace | $ 50,000.00 | $ 8,010.60 | | | $ 16,287.72 | $ 2,665.30 | | | | |
| 4182 | The Entrust Group Inc. FBO Jill (Halverson) Meekcoms IRA #33-212 | 74-548 | 3074 Cheltenham Place | $ 50,000.00 | $ 14,183.26 | | | $ 22,285.83 | | | | | |
| **4182 Total** | | | | **$ 100,000.00** | **$ 22,193.86** | | **$ -** | **$ 38,573.55** | **$ 2,665.30** | **$ 63,432.71** | **63.43%** | **$ 2,666.29** | **66.10%** |
| 3062 | Sunwest Trust Custodian FBO Jose G. Galarza IRA 9001844 | 123-1394 | 7107-29 S Bennett Ave Chicago IL 60 | $ 50,000.00 | $ 22,289.00 | | | | $ 1,047.16 | | | | |
| 3062 | Jose Galarza | 90-1405 | 7656 S Kingston Avenue | $ 33,437.43 | $ 28,291.54 | The Receiver recommends disallowing $1,669.57 accrued interest from 8104 Kingston rollover that was added to principal balance of loan and the $15,000 principal payment received in January 2018. | | $ 889.33 | $ 470.10 | | | | |
| **3062 Total** | | | | **$ 83,437.43** | **$ 50,580.54** | | **$ -** | **$ 889.33** | **$ 1,517.26** | **$ 52,987.13** | **63.51%** | **$ 2,164.17** | **66.10%** |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3023 | JBMacy Solo 401K Trust | 92-1011 | 7748-50 S Essex Avenue | $ 60,000.00 | $ 7,041.67 | | | $ 29,438.85 | $ 1,448.38 | | | | |
| 3023 | John Bloxham | 904-1012 | Legacy Fund SSDF 4 | $ 50,000.00 | $ 17,783.33 | | | | $ 15,068.22 | | | | |
| 3023 | John E. Bloxham | 61-1014 | 7237 S Bennett Avenue | $ 100,000.00 | $ 12,369.49 | | | $ 26,836.05 | | | | | |
| 3023 | John E. Bloxham | 5-1015 | 7749 S Yates Boulevard | $ 35,000.00 | $ 5,886.17 | | | $ 7,023.37 | | | | | |
| 3023 | John E. Bloxham | 62-1016 | 7834-44 S Ellis Avenue | $ 50,000.00 | $ 13,338.27 | The Receiver recommends disallowing $396 accrued interest added to principal amount of loan. Pre-rollover distributions from loan secured by 4611 S Drexel | | $ 32,163.92 | | | | | |
| 3023 | John E. Bloxham | 70-1017 | 638 N Avers Avenue | $ 50,000.00 | | | | $ 17,228.00 | | | | | |
| 3023 | John E. Bloxham | 6-1018 | 6437 S Kenwood Avenue | $ 50,000.00 | $ 7,476.42 | | | $ 29,873.86 | | | | | |
| 3023 | John E. Bloxham | 88-1019 | 7546 S Saginaw Avenue | $ 24,333.00 | $ 2,776.69 | | | $ 8,818.10 | | | | | |
| 3023 | John E. Bloxham | 908-1019 | SSDF 8 | | | Duplicative of claim 908-1196 | | | | | | | |
| 3023 | JBMacy Solo 401K Trust | 92-1193 | 7748-50 S Essex Avenue | | | Duplicate of claim 92-1011 | | | $ 1,448.38 | | | | |
| 3023 | John E. Bloxham | 69-1196 | 6250 S Mozart Avenue | $ 7,009.00 | $ 2,622.42 | Pre-rollover distributions on loan secured by 7957 S Marquette | | $ 2,079.03 | | | | | |
| 3023 | John E. Bloxham | 88-1196 | 7546 S Saginaw Avenue | $ 52,991.00 | $ 19,826.72 | Pro-rata share of pre-rollover distributions on loan secured by 7957 Marquette | | $ 13,566.60 | | | | | |
| 3023 | John E. Bloxham | 908-1196 | SSDF 8 | | | Rollover to SSDF8 voided. Duplicative of claims 88-1196, 88-1109, and 89-1211 | | | | | | | |
| 3023 | John Bloxham | 89-1211 | 7600 S Kingston Avenue | $ 85,667.00 | $ 24,655.41 | Principal balance increased due to rollover of $50,000 loan secured by 7957 S Marquette to this property in December, 2017, added to claimant's original $35,6667 loan. Pro-rata share of pre-rollover distributions on loan secured by 7957 Marquette. | | $ 35,640.99 | | | | | |
| 3023 | John E. Bloxham | 908-1211 | SSDF 8 | | $ 24,655.41 | Duplicative of claim 908-1196 | | | | | | | |
| **3023 Total** | | | | **$ 565,000.00** | **$ 138,432.00** | | **$ -** | **$ 202,668.77** | **$ 17,964.98** | **$ 359,065.75** | **63.55%** | **$ 14,393.58** | **66.10%** |
| 4057 | Ken Jorgensen | 55-194 | 8107 S Ellis Avenue | $ 31,000.00 | $ 10,168.00 | | | $ 3,690.25 | $ 10,596.52 | | | | |
| 4057 | Ken Jorgensen | 62-194 | 7834-44 S Ellis Avenue | $ 4,213.75 | $ 1,004.66 | The Receiver recommends disallowing $32.25 accrued interest added to principal balance of loan. Pre-rollover distributions from loan secured by 4611 S Drexel | | $ 2,815.39 | | | | | |
| 4057 | Ken Jorgensen | 70-194 | 638 N Avers Avenue | $ 145,786.25 | $ 34,862.66 | Pro-rata share of pre-rollover distributions on loan secured by 4611 S Drexel | | $ 38,219.83 | | | | | |
| 4057 | Ken Jorgenson | 73-194 | 7255-57 S Euclid Avenue | $ 60,000.00 | $ 24,606.15 | Amount in pre-rollover distributions field is return on unsecured promissory note | | $ 18,362.55 | | | | | |
| 4057 | Maria Christina Jorgensen | 74-194 | 3074 Cheltenham Place | $ 42,000.00 | $ 10,820.00 | | | $ 19,400.76 | | | | | |
| 4057 | Ken Jorgensen | 92-194 | 7748-50 S Essex Avenue | $ 121,506.00 | $ 35,088.33 | | | $ 48,038.47 | | | | | |
| **4057 Total** | | | | **$ 404,506.00** | **$ 116,549.80** | | **$ -** | **$ 130,527.25** | **$ 10,596.52** | **$ 257,673.57** | **63.70%** | **$ 9,700.84** | **66.10%** |
| 4127 | Michael F. Grant & L. Gretchen Grant Revocable Trust Dates March | 5-393 | 7749 S Yates Boulevard | $ 50,000.00 | $ 9,165.93 | | | $ 9,850.74 | | | | | |
| 4127 | Michael F Grant & L. Gretchen Grant | 13-393 | 2909 E 78th Street | $ 50,000.00 | $ 1,156.94 | | | $ 20,652.48 | | | | | |
| 4127 | Michael F. Grant & L. Gretchen Grant Revocable Trust | 62-393 | 7834-44 S Ellis Avenue | $ 50,000.00 | $ 11,647.16 | | | $ 33,647.56 | | | | | |
| 4127 | Michael F. Grant & L. Gretchen Grant Revocable Trust dated March | 74-393 | 3074 Cheltenham Place | $ 50,000.00 | $ 4,712.53 | | | $ 28,178.69 | | | | | |
| 4127 | Michael F. Grant & L. Gretchen Grant Revocable Trust dated March | 81-393 | 4317 S Michigan Avenue | $ 50,000.00 | $ 7,333.37 | | | $ 31,516.28 | | | | | |
| 4127 | Michael and Gretchen Grant JTWROS | 88-393 | 7546 S Saginaw Avenue | $ 110,000.00 | $ 35,275.41 | | | $ 30,567.78 | | | | | |
| 4127 | Michael F. Grant & L. Gretchen Grant Revocable Trust dated March | 89-393 | 7600 S Kingston Avenue | $ 50,000.00 | $ 3,394.46 | | | $ 27,225.44 | | | | | |
| 4127 | Michael F Grant & Gretchen Grant JTWROS | 92-393 | 7748-50 S Essex Avenue | $ 210,000.00 | $ 67,940.83 | Loan amount claimed is overstated. Two loans funded in amounts of $150,000 and $60,000 for total secured interest of $210,000. | | $ 78,968.86 | | | | | |
| 4127 | Michael F. Grant & L. Gretchen Grant Revocable Trust dated March | 96-393 | 8326-32 S Ellis Avenue | $ 35,000.00 | $ 7,645.61 | | | $ 9,033.19 | | | | | |
| **4127 Total** | | | | **$ 655,000.00** | **$ 148,272.24** | | **$ -** | **$ 269,641.02** | **$ -** | **$ 417,913.26** | **63.80%** | **$ 15,035.17** | **66.10%** |
| 4033 | Steven J. Talyai | 78-131 | 7201 S Constance Avenue | $ 150,000.00 | $ 48,750.00 | | | $ 48,291.35 | $ 4,091.47 | | | | |
| 4033 | Steven J. Talyai | 124-131 | 6801 S East End, Chicago, IL 60649 | $ 25,000.00 | $ 10,528.23 | | | | | | | | |
| **4033 Total** | | | | **$ 175,000.00** | **$ 59,278.23** | | **$ -** | **$ 48,291.35** | **$ 4,091.47** | **$ 111,661.05** | **63.81%** | **$ 4,012.19** | **66.10%** |
| 3158 | iPlanGroup Agent for Custodian FBO Yanicque Michaux IRA 330075 | 904-1052 | Legacy Fund SSDF 4 | $ 20,000.00 | $ 566.67 | | | | $ 467.60 | | | | |
| 3158 | Verdell Michaux | 4-2039 | 5450-52 S Indiana Avenue | $ 5,000.00 | $ 962.26 | | | $ 3,423.92 | $ 794.91 | | | | |
| 3158 | iPlanGroup Agent for Custodian FBO Verdell Michaux Acct. 330047 | 81-2039 | 4317 S Michigan Avenue | $ 4,000.00 | $ 1,113.33 | | | $ 2,132.28 | | | | | |
| 3158 | iPlanGroup Agent for Custodian FBO Verdell Michaux IRA 3300474 | 111-2039 | 6558 S Vernon Avenue | $ 25,000.00 | $ 4,750.00 | | | $ 20,250.00 | | | | | |
| **3158 Total** | | | | **$ 54,000.00** | **$ 7,392.26** | | **$ -** | **$ 25,806.20** | **$ 1,262.51** | **$ 34,460.97** | **63.82%** | **$ 1,232.49** | **66.10%** |
| 4369 | Hiroyuki Roy Chin & Lillian S. Chin JTWROS | 1-1274 | 1700 Juneway Terrace | $ 24,000.00 | $ 4,621.33 | | | $ 7,517.00 | | | | | |
| 4369 | Hiroyuki Roy Chin & Lillian S. Chin JTWROS | 4-1274 | 5450-52 S Indiana Avenue | $ 26,000.00 | $ 4,084.21 | | | $ 18,584.14 | | | | | |
| 4369 | Hiroyuki Roy Chin & Lillian S. Chin JRWROS | 88-1274 | 7546 S Saginaw Avenue | $ 50,000.00 | $ 14,516.67 | | | $ 14,515.26 | | | | | |
| **4369 Total** | | | | **$ 100,000.00** | **$ 23,222.21** | | **$ -** | **$ 40,616.40** | **$ -** | **$ 63,838.61** | **63.84%** | **$ 2,260.39** | **66.10%** |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3088 | Melanie T. or Gary M. Gonzales | 1-207 | 1700 Juneway Terrace | $ 250,000.00 | $ 41,562.54 | | | $ 80,853.06 | $ 12,286.69 | | | | |
| 3088 | Melanie T. or Gary M. Gonzales | 84-207 | 7051 S Bennett Avenue | $ 155,000.00 | $ 59,873.09 | Pre-rollover distributions on loan secured by 7304 S St Lawrence | | $ 69,712.25 | | | | | |
| 3088 | Melanie T. or Gary M. Gonzales | 96-207 | 8326-32 S Ellis Avenue | $ 100,000.00 | $ 28,141.71 | Pre-rollover distributions on loan secured by 4611 S Drexel | | $ 23,729.64 | | | | | |
| 3088 | G&M You-Nique Properties, LLC | 74-722 | 3074 Cheltenham Place | $ 60,000.00 | $ 16,695.00 | | | $ 26,945.16 | $ 1,457.15 | | | | |
| **3088 Total** | | | | **$ 565,000.00** | **$ 146,272.34** | | **$ -** | **$ 201,240.11** | **$ 13,743.84** | **$ 361,256.29** | **63.94%** | **$ 12,203.04** | **66.10%** |
| 3111 | Samir Totah | 69-862 | 6250 S Mozart Avenue | $ 150,000.00 | $ 43,489.16 | | | $ 50,481.08 | $ 4,171.84 | | | | |
| 3111 | Samir S. Totah and Norma S. Totah Declaration Trust 03/08/2000 | 88-915 | 7546 S Saginaw Avenue | $ 50,000.00 | $ 15,266.67 | | | $ 14,208.45 | $ 572.81 | | | | |
| **3111 Total** | | | | **$ 200,000.00** | **$ 58,755.83** | | **$ -** | **$ 64,689.53** | **$ 4,744.65** | **$ 128,190.01** | **64.10%** | **$ 4,007.98** | **66.10%** |
| 4114 | Ping Liu | 85-349 | 7201-07 S Dorchester Avenue | $ 50,000.00 | $ 21,602.69 | Pre-rollover distributions on loan secured by 7420 Colfax | | $ 9,147.69 | $ 1,367.85 | | | | |
| **4114 Total** | | | | **$ 50,000.00** | **$ 21,602.69** | | **$ -** | **$ 9,147.69** | **$ 1,367.85** | **$ 32,118.23** | **64.24%** | **$ 931.27** | **66.10%** |
| 4068 | N North End, LLC | 122-216 | 7616-7624 S Phillips Avenue, Chicago | $ 50,000.00 | $ 39,206.01 | Claimant received $18,500 in interest and $20,706 from state court action 2014-M1-403019 | | | $ 1,682.09 | | | | |
| 4068 | N North End, LLC | 123-216 | 7107-29 S Bennett Ave Chicago IL 60 | $ 25,000.00 | $ 7,291.08 | Principal and interest distributions on UPN ($6,168) plus $1,123.08 pre-rollover distributions on loan secured by 6548 N. Campbell (125-216) | | | | | | | |
| **4068 Total** | | | | **$ 75,000.00** | **$ 46,497.09** | | **$ -** | **$ -** | **$ 1,682.09** | **$ 48,179.18** | **64.24%** | **$ 1,395.07** | **66.10%** |
| 4040 | Morgan Stanley, FBO Eric Schwartz, Account 459-571166-202 | 6-157 | 6437 S Kenwood Avenue | $ 12,000.00 | $ 1,627.33 | | | $ 7,287.06 | | | | | |
| 4040 | Morgan Stanley, FBO Eric Schwartz, Account 459-571166-202 | 69-157 | 6250 S Mozart Avenue | $ 70,000.00 | $ 28,529.92 | The Receiver recommends disallowing $82 accrued interest added to principal amount of loan. Pre-rollover distributions is return on unsecured promissory note. | | $ 14,915.32 | | | | | |
| 4040 | Morgan Stanley, FBO Eric Schwartz, Account 459-571166-202 | 87-157 | 7508 S Essex Avenue | $ 10,000.00 | $ 2,008.33 | Transactions to roll $2,787 to SSDF8 and $7,213 to Mezzanine equity funds were subsequently voided | | $ 4,777.20 | | | | | |
| **4040 Total** | | | | **$ 92,000.00** | **$ 32,165.58** | | **$ -** | **$ 26,979.58** | **$ -** | **$ 59,145.16** | **64.29%** | **$ 1,665.92** | **66.10%** |
| 4111 | Towpath Investments, LLC | 59-338 | 6001 S Sacramento Avenue | $ 30,000.00 | $ 8,860.00 | | | $ 13,046.28 | | | | | |
| 4111 | Towpath Investments LLC - Robert Kessing (manager) | 78-338 | 7201 S Constance Avenue | $ 50,000.00 | $ 14,500.00 | | | $ 16,931.78 | | | | | |
| 4111 | Towpath Investments LLC | 85-338 | 7201-07 S Dorchester Avenue | $ 30,000.00 | $ 9,361.67 | | | $ 6,648.27 | | | | | |
| 4111 | Towpath Investments, LLC | 89-338 | 7600 S Kingston Avenue | $ 25,000.00 | $ 7,316.67 | | | $ 10,330.03 | | | | | |
| **4111 Total** | | | | **$ 135,000.00** | **$ 40,038.34** | | **$ -** | **$ 46,956.36** | **$ -** | **$ 86,994.70** | **64.44%** | **$ 2,238.95** | **66.10%** |
| 4297 | Kester Brothers Farm LLC | 71-944 | 701 S 5th Avenue | $ 68,000.00 | $ 20,791.93 | | | $ 17,369.96 | $ 3,575.05 | | | | |
| 4297 | Kester Brothers Farm, LLC, C/O James R. Kester | 74-944 | 3074 Cheltenham Place | $ 50,000.00 | $ 13,099.93 | | | $ 22,959.90 | | | | | |
| 4297 | Kester Brothers Farm, LLC | 82-944 | 6355-59 S Talman Avenue | $ 30,000.00 | $ 8,462.50 | | | $ 9,324.73 | | | | | |
| **4297 Total** | | | | **$ 148,000.00** | **$ 42,354.36** | | **$ -** | **$ 49,654.59** | **$ 3,575.05** | **$ 95,584.00** | **64.58%** | **$ 2,242.52** | **66.10%** |
| 4340 | Austin Capital Trust FBO Patricia Theil IRA 90-0503-01-2 | 5-1178 | 7749 S Yates Boulevard | $ 25,000.00 | $ 5,009.68 | | | $ 4,822.43 | $ 1,812.41 | | | | |
| 4340 | Austin Capital Trust FBO Patricia Theil IRA 90-0503-01-2 | 81-1178 | 4317 S Michigan Avenue | $ 19,000.00 | $ 5,630.33 | | | $ 9,875.69 | | | | | |
| 4340 | Austin Capital Trust FBO Patricia Theil IRA 90-0503-01-2 | 92-1178 | 7748-50 S Essex Avenue | $ 31,000.00 | $ 9,372.33 | | | $ 12,022.54 | | | | | |
| **4340 Total** | | | | **$ 75,000.00** | **$ 20,012.34** | | **$ -** | **$ 26,720.66** | **$ 1,812.41** | **$ 48,545.41** | **64.73%** | **$ 1,028.84** | **66.10%** |
| 3086 | Shreeja LLC | 13-1444 | 2909 E 78th Street | $ 50,000.00 | $ 4,397.38 | | | $ 19,282.31 | $ 1,304.92 | | | | |
| 3086 | Vagmi, LLC | 10-1462 | 7301-09 S Stewart Avenue | $ 50,000.00 | $ 4,151.57 | | | $ 14,890.16 | $ 3,195.01 | | | | |
| 3086 | Vagmi LLC | 13-1465 | 2909 E 78th Street | $ 25,000.00 | $ 3,896.53 | Loans 13-1465 and 13-1467 are the same lender and have been combined for simplicity | | $ 30,064.92 | | | | | |
| 3086 | Vagmi LLC | 13-1467 | 2909 E 78th Street | | | This loan has been combined with 13-1465 | | $ - | | | | | |
| **3086 Total** | | | | **$ 125,000.00** | **$ 12,445.48** | | **$ -** | **$ 64,237.39** | **$ 4,499.93** | **$ 81,182.80** | **64.95%** | **$ 1,440.95** | **66.10%** |
| 4110 | iPlanGroup Agent for Custodian FBO Charles Michael Anglin | 4-331 | 5450-52 S Indiana Avenue | $ 15,000.00 | $ 1,880.00 | | | $ 11,125.49 | $ 5,390.98 | | | | |
| 4110 | iPlanGroup Agent for Custodian FBO Charles Michael Anglin | 5-331 | 7749 S Yates Boulevard | $ 50,000.00 | $ 6,266.70 | | | $ 10,550.15 | | | | | |
| 4110 | iPlanGroup Agent for Custodian FBO Charles Michael Anglin | 77-331 | 7750-58 S Muskegon Avenue | $ 10,000.00 | $ 2,332.44 | The Receiver recommends disallowing $633 accrued interest added to principal balance of loan. Pro-rata share of pre-rollover distributions from loan secured by 4611 S Drexel. | | $ 2,049.54 | | | | | |
| 4110 | iPlanGroup Agent for Custodian FBO Charles Michael Anglin IRA 33 | 90-331 | 7656 S Kingston Avenue | $ 50,000.00 | $ 19,000.00 | | | $ 5,357.55 | | | | | |
| 4110 | iPlanGroup Agent for Custodian FBO Charles Michael Anglin | 116-331 | 1102 Bingham St, Houston TX 77007 | $ 50,000.00 | | The Receiver recommends disallowing $2,475.56 accrued interest added to principal balance of loan. Transaction to roll loan to SSDF6 equity fund was subsequently voided. | | $ 50,000.00 | | | | | |
| **4110 Total** | | | | **$ 175,000.00** | **$ 29,479.14** | | **$ -** | **$ 79,082.73** | **$ 5,390.98** | **$ 113,952.85** | **65.12%** | **$ 1,720.39** | **66.10%** |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3094 | Vladimir Matviishin (AKA dba Network Expert) | 62-233 | 7834-44 S Ellis Avenue | $ 50,000.00 | $ 14,775.33 | | | $ 30,903.16 | $ 5,823.33 | | | | |
| 3094 | Vladimir Matviishin | 71-233 | 701 S 5th Avenue | $ 55,000.00 | $ 16,283.67 | | | $ 14,245.47 | | | | | |
| 3094 | Vladimir Matviishin | 73-233 | 7255-57 S Euclid Avenue | $ 50,000.00 | $ 11,344.39 | | | $ 26,350.12 | | | | | |
| 3094 | Vladimir Matviishin | 74-233 | 3074 Cheltenham Place | | | This is a duplicate claim | | $ - | | | | | |
| 3094 | Andrew Matviishin | 71-1261 | 701 S 5th Avenue | $ 55,000.00 | $ 17,097.67 | | | $ 13,945.96 | $ 1,510.34 | | | | |
| 3094 | iPlanGroup Agent for Custodian FBO Vladimir Matviishin IRA | 1-1294 | 1700 Juneway Terrace | $ 7,500.00 | $ 1,195.42 | | | $ 2,445.55 | $ 6,784.83 | | | | |
| 3094 | iPlan Group Agent for Custodian FBO Vladimir Matviishin IRA | 2-1294 | 4533-37 S Calumet Avenue | $ 51,000.00 | $ 14,685.03 | | | $ 36,314.97 | | | | | |
| 3094 | iPlan Group Agent for Custodian FBO Vladimir Matviishin IRA | 4-1294 | 5450-52 S Indiana Avenue | $ 14,000.00 | $ 2,607.93 | | | $ 9,660.24 | | | | | |
| 3094 | iPlan Group Agent for Custodian FBO Vladimir Matviishin IRA | 64-1294 | 4611 S Drexel Boulevard | $ 8,000.00 | $ 1,436.66 | | | $ 6,563.34 | | | | | |
| 3094 | iPlan Group Agent for Custodian FBO Vladimir Matviishin IRA | 69-1294 | 6250 S Mozart Avenue | $ 150,000.00 | $ 42,124.67 | | | $ 51,127.78 | | | | | |
| 3094 | iPlanGroup Agent for Custodian FBO Vladimir Matviishin IRA 3300 | 95-1294 | 8201 S Kingston Avenue | $ 20,000.00 | $ 5,629.87 | | | $ 4,938.88 | | | | | |
| 3094 | Vladimir Matviishin (AKA dba Network Expert) | 61-1382 | 7237 S Bennett Avenue | $ 50,000.00 | $ 12,536.16 | | | $ 11,472.96 | $ 7,085.85 | | | | |
| 3094 | Vladimir Matviishin (AKA dba Network Expert) | 62-1382 | 7834-44 S Ellis Avenue | $ 50,000.00 | $ 14,775.33 | | | $ 30,903.16 | | | | | |
| 3094 | Vladimir Matviishin (AKA dba Network Expert) | 64-1382 | 4611 S Drexel Boulevard | $ 50,000.00 | $ 11,355.52 | Claimant agreed to rollover this loan to SSDF4 in November 2017. No separate claim against SSDF4. Pre-rollover distributions on loan secured by 4611 S Drexel. | | | | | | | |
| 3094 | Vladmir Matviishin | 73-1387 | 7255-57 S Euclid Avenue | | | This is a duplicate of Claim No. 73-233 | | $ - | | | | | |
| 3094 | Vladimir Matviishin, dba Network Expert | 74-1387 | 3074 Cheltenham Place | $ 28,075.00 | $ 7,861.05 | | | $ 12,577.49 | | | | | |
| 3094 | Vladimir Matviishin, dba Network Expert | 96-1387 | 8326-32 S Ellis Avenue | $ 50,000.00 | $ 10,980.60 | | | $ 12,885.31 | | | | | |
| 3094 | Vladimir Matviishin | 904-1395 | Legacy Fund SSDF 4 | $ 50,000.00 | $ 11,355.52 | | | | | | | | |
| **3094 Total** | | | | **$ 738,575.00** | **$ 196,044.82** | | **$ -** | **$ 264,334.39** | **$ 21,204.35** | **$ 481,583.56** | **65.20%** | **$ 6,607.10** | **66.10%** |
| 4448 | The Alton Motes Revocable Living Trust, c/o Vicki Washburn, Trus | 116-2042 | 1102 Bingham St, Houston TX 77007 | $ 16,546.61 | $ 4,010.16 | Claimant agreed to rollover this loan to unsecured promissory note. Updated "Distribution Received" after recommendation submitted. | | $ - | | | | | |
| 4448 | The Alton Motes Revocable Living Trust, c/o Vicki Washburn, Trus | 140-2042 | 4528 S Michigan | $ 14,583.00 | $ 3,572.75 | | | | | | | | |
| 4448 | The Alton Motes Revocable Living Trust | 77-2042 | 7750-58 S Muskegon Avenue | $ 43,000.00 | $ 12,255.00 | | | $ 8,218.13 | | | | | |
| 4448 | Vicki Elaine Washburn | 73-2042 | 7255-57 S Euclid Avenue | $ 60,000.00 | $ 29,656.67 | The Receiver recommends disallowing $12,500 partial return of principal | | $ 20,683.94 | | | | | |
| 4448 | The Alton Motes Revocable Living Trust, c/o Vicki Washburn, Trust | 64-2042 | 4611 S Drexel Boulevard | $ 15,417.00 | $ 1,440.23 | | | $ 13,976.77 | | | | | |
| 4448 | Vicki Elaine Washburn | 61-2042 | 7237 S Bennett Avenue | $ 35,000.00 | $ 8,302.83 | | | $ 8,175.77 | | | | | |
| 4448 | Vicki Elaine Washburn | 74-2042 | 3074 Cheltenham Place | $ 80,000.00 | $ 33,726.60 | Further research revealed that only a portion of claimant's principal was returned. Secured claim of $67,500 remains. | | $ 28,792.15 | | | | | |
| **4448 Total** | | | | **$ 264,546.61** | **$ 92,964.24** | | **$ -** | **$ 79,846.76** | **$ -** | **$ 172,811.00** | **65.32%** | **$ 2,051.65** | **66.10%** |
| 3059 | Madison Trust Company Custodian FBO Robert W. Jennings Accou | 69-241 | 6250 S Mozart Avenue | $ 225,461.00 | $ 67,406.87 | | | $ 74,910.15 | $ 7,231.82 | | | | |
| 3059 | Madison Trust Company Custodian FBO Robert W. Jennings Accou | 74-241 | 3074 Cheltenham Place | $ 74,539.00 | $ 20,266.69 | | | $ 33,769.22 | | | | | |
| 3059 | Madison Trust Company Custodian FBO Cynthia B. Jennings IRA #N | 10-269 | 7301-09 S Stewart Avenue | $ 100,000.00 | $ 9,411.09 | | | $ 29,420.49 | $ 2,370.72 | | | | |
| 3059 | Robert Jennings | 4-447 | 5450-52 S Indiana Avenue | $ 150,000.00 | $ 40,102.40 | | | $ 93,190.90 | $ 7,215.78 | | | | |
| 3059 | Robert Jennings | 100-447 | 11117-11119 S Longwood Drive | $ 150,000.00 | $ 20,735.17 | | | $ 52,588.94 | | | | | |
| **3059 Total** | | | | **$ 700,000.00** | **$ 157,922.22** | | **$ -** | **$ 283,879.70** | **$ 16,818.32** | **$ 458,620.24** | **65.52%** | **$ 4,072.74** | **66.10%** |
| 3014 | Equity Trust Company, Custodian FBO Richard L Braddock IRA accd | 9-396 | 8100 S Essex Avenue | $ 40,000.00 | $ 11,237.85 | | | $ 10,541.40 | | | | | |
| 3014 | Equity Trust Company, Custodian FBO Richard L Braddock IRA accd | 92-396 | 7748-50 S Essex Avenue | $ 50,000.00 | $ 14,144.36 | | | $ 19,931.69 | | | | | |
| 3014 | iPlanGroup Agent for Custodian FBO Richard L. Braddock IRA Acco | 62-509 | 7834-44 S Ellis Avenue | $ 50,000.00 | $ 11,063.82 | | | $ 34,159.32 | | | | | |
| 3014 | iPlanGroup Agent for Custodian FBO Richard L. Braddock IRA 3301 | 70-509 | 638 N Avers Avenue | $ 50,000.00 | $ 10,999.95 | | | $ 13,437.86 | | | | | |
| 3014 | Equity Trust Company, Custodian FBO Richard L Braddock IRA accd | 9-512 | 8100 S Essex Avenue | $ 9,250.00 | $ 2,649.17 | | | $ 2,419.22 | | | | | |
| **3014 Total** | | | | **$ 199,250.00** | **$ 50,095.16** | | **$ -** | **$ 80,489.49** | **$ -** | **$ 130,584.65** | **65.54%** | **$ 1,117.60** | **66.10%** |
| 3034 | Samuel Home Solutions, LLC | 62-347 | 7834-44 S Ellis Avenue | $ 50,000.00 | $ 14,035.33 | | | $ 31,552.38 | $ 5,506.40 | | | | |
| 3034 | Samuel Home Solutions, LLC | 71-347 | 701 S 5th Avenue | $ 107,869.00 | $ 31,397.05 | | | $ 28,137.44 | | | | | |
| 3034 | Samuel Home Solutions LLC | 74-347 | 3074 Cheltenham Place | $ 42,131.00 | $ 13,468.46 | | | $ 17,834.36 | | | | | |
| 3034 | Professional Rental LP | 79-482 | 6160-6212 S Martin Luther King Driv | $ 50,000.00 | $ 11,563.94 | | | $ 3,715.93 | $ 1,356.03 | | | | |
| 3034 | Blue Mountain Ventures (S/D IRA) | 4-491 | 5450-52 S Indiana Avenue | $ 150,000.00 | $ 27,541.06 | | | $ 103,842.15 | $ 10,848.25 | | | | |
| 3034 | Blue Mountain Ventures (S/D IRA) | 68-491 | 6217-27 S Dorchester Avenue | $ 84,255.00 | $ 16,948.22 | | | $ 31,140.46 | | | | | |
| 3034 | Blue Mountain Ventures (S/D IRA) | 96-491 | 8326-32 S Ellis Avenue | $ 65,745.00 | $ 12,436.76 | | | $ 17,603.89 | | | | | |
| 3034 | Blue Mountain Ventures PSP 401K | 100-491 | 11117-11119 S Longwood Drive | $ 100,000.00 | $ 11,233.75 | | | $ 36,112.86 | | | | | |
| **3034 Total** | | | | **$ 650,000.00** | **$ 138,625.17** | | **$ -** | **$ 269,939.47** | **$ 17,710.68** | **$ 426,275.32** | **65.58%** | **$ 3,368.16** | **66.10%** |
| 4361 | Kimberly Robinson | 84-1245-2 | 7051 S Bennett Avenue | $ 17,000.00 | $ 4,948.00 | | | $ 8,832.12 | $ 2,291.22 | | | | |
| 4361 | IRA Innovations FBO Kimberly Robinson #1202379 | 84-1245-1 | 7051 S Bennett Avenue | $ 33,000.00 | $ 13,378.67 | | | $ 14,379.18 | | | | | |
| 4361 | Kimberly Robinson | 123-1245 | 7107-29 S Bennett Ave Chicago IL 60 | $ 30,000.00 | $ 8,659.73 | | | | | | | | |
| **4361 Total** | | | | **$ 80,000.00** | **$ 26,986.40** | | **$ -** | **$ 23,211.30** | **$ 2,291.22** | **$ 52,488.92** | **65.61%** | **$ 390.28** | **66.10%** |
| 4107 | Reynald Lalonde & Chantal Lemaire | 78-327 | 7201 S Constance Avenue | $ 50,000.00 | $ 17,233.33 | | | $ 15,628.11 | | | | | |
| **4107 Total** | | | | **$ 50,000.00** | **$ 17,233.33** | | **$ -** | **$ 15,628.11** | **$ -** | **$ 32,861.44** | **65.72%** | **$ 188.06** | **66.10%** |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4043 | Dalano Hoang | 6-161-1 | 6437 S Kenwood Avenue | $ 75,000.00 | $ 12,702.07 | Claim split in half due to divorce | | $ 43,765.82 | $ 7,013.95 | | | | |
| 4043 | Dalano Hoang | 9-161-1 | 8100 S Essex Avenue | $ 25,000.00 | $ 7,301.35 | Claim split in half due to divorce | | $ 6,486.60 | | | | | |
| 4043 | Dalano Hoang | 93-161-1 | 7957-59 S Marquette Road | $ 25,000.00 | $ 7,499.98 | Pre-rollover distributions on loan secured by 4533 Calumet. Loan split in half due to divorce. | | $ 5,444.93 | | | | | |
| 4043 | Dalano Hoang | 96-161-1 | 8326-32 S Ellis Avenue | $ 25,000.00 | $ 5,448.73 | Split claim in half due to divorce | | $ 6,456.38 | | | | | |
| 4043 | Rebecca Small | 93-161-2 | 7957-59 S Marquette Road | $ 25,000.00 | $ 7,499.98 | Claim split in half due to divorce | | $ 5,444.93 | | | | | |
| 4043 | Rebecca Small | 96-161-2 | 8326-32 S Ellis Avenue | $ 25,000.00 | $ 5,448.73 | | | $ 6,456.38 | | | | | |
| 4043 | Rebecca Small | 6-161-2 | 6437 S Kenwood Avenue | $ 75,000.00 | $ 12,702.07 | Claim split in half due to divorce | | $ 43,765.82 | | | | | |
| 4043 | Rebecca Small | 9-161-2 | 8100 S Essex Avenue | $ 25,000.00 | $ 7,301.35 | Claim split in half due to divorce | | $ 6,486.60 | | | | | |
| **4043 Total** | | | | **$ 300,000.00** | **$ 65,904.26** | | **$ -** | **$ 124,307.46** | **$ 7,013.95** | **$ 197,225.67** | **65.74%** | **$ 1,071.32** | **66.10%** |
| 4435 | Thomas F. Gordon | 4-2023 | 5450-52 S Indiana Avenue | $ 100,000.00 | $ 20,161.06 | | | $ 67,701.78 | $ 6,663.25 | | | | |
| 4435 | iPlanGroup Agent for Custodian FBO Thomas F Gordon SEP IRA | 6-2023 | 6437 S Kenwood Avenue | $ 53,000.00 | $ 7,143.25 | $85,000 claim amount included $32,000 investment in Chicago Capital Fund II (claim 13-2023) | | $ 32,215.49 | | | | | |
| 4435 | Thomas F. Gordon | 77-2023 | 7750-58 S Muskegon Avenue | $ 100,000.00 | $ 17,811.16 | | | $ 21,969.05 | | | | | |
| 4435 | Thomas F. Gordon | 13-2023 | 2909 E 78th Street | $ 32,000.00 | $ 906.66 | | | $ 13,147.30 | | | | | |
| **4435 Total** | | | | **$ 285,000.00** | **$ 46,022.13** | | **$ -** | **$ 135,033.62** | **$ 6,663.25** | **$ 187,719.00** | **65.87%** | **$ 663.14** | **66.10%** |
| 3148 | Equity Capital Resources, LLC | 6-671 | 6437 S Kenwood Avenue | $ 25,000.00 | $ 3,731.91 | | | $ 14,941.36 | $ 1,804.14 | | | | |
| 3148 | Equity Capital Resources, LLC | 59-671 | 6001 S Sacramento Avenue | $ 50,000.00 | $ 15,016.67 | | | $ 21,589.51 | | | | | |
| 3148 | Source One Funding, LLC | 1-691 | 1700 Juneway Terrace | $ 50,000.00 | $ 8,411.07 | | | $ 16,132.38 | $ 1,204.88 | | | | |
| **3148 Total** | | | | **$ 125,000.00** | **$ 27,159.65** | | **$ -** | **$ 52,663.25** | **$ 3,009.02** | **$ 82,831.92** | **66.27%** | **$ -** | **66.27%** |
| 4089 | Inspira Financial Trust FBO Terri S. Tracy, IRA#24921-31 | 79-272 | 6160-6212 S Martin Luther King Drive | $ 25,000.00 | $ 6,111.00 | | | $ 1,826.15 | | | | | |
| 4089 | Tracy-Meek Trust dtd 03-12-2001 | 82-272 | 6355-59 S Talman Avenue | $ 70,000.00 | $ 19,829.52 | | | $ 21,721.48 | | | | | |
| 4089 | Inspira Financial Trust, LLC FBO Terri S. Tracy IRA #24921-31 | 87-272 | 7508 S Essex Avenue | $ 120,000.00 | $ 36,668.33 | | | $ 49,813.33 | | | | | |
| 4089 | Inspira Financial Trust, LLC FBO Terri S. Tracy IRA 24921-11 | 94-272 | 816-20 E Marquette Road | $ 50,000.00 | $ 10,737.00 | | | $ 29,002.14 | | | | | |
| **4089 Total** | | | | **$ 265,000.00** | **$ 73,345.85** | | **$ -** | **$ 102,363.10** | **$ -** | **$ 175,708.95** | **66.31%** | **$ -** | **66.31%** |
| 4143 | Judah Smith | 89-430 | 7600 S Kingston Avenue | $ 50,000.00 | $ 6,825.04 | | | $ 25,221.41 | $ 1,168.99 | | | | |
| **4143 Total** | | | | **$ 50,000.00** | **$ 6,825.04** | | **$ -** | **$ 25,221.41** | **$ 1,168.99** | **$ 33,215.44** | **66.43%** | **$ -** | **66.43%** |
| 3084 | Manoj Donthineni | 26-1357 | 8405 S Marquette Avenue | $ 18,338.40 | $ 18,125.31 | | | $ 2,000.00 | $ 1,255.64 | | | | |
| 3084 | Manoj Donthineni | 76-1357 | 7635-43 S East End Avenue | $ 41,007.00 | $ 12,068.03 | | | $ 27,621.94 | | | | | |
| 3084 | Manoj Donthineni | 129-1357 | 4944 W Roscoe Chicago Illinois | $ 11,254.00 | $ 5,477.76 | | | | | | | | |
| 3084 | NEHASRI LTD | 4-1365 | 5450-52 S Indiana Avenue | $ 25,000.00 | $ 5,127.73 | | | $ 16,851.28 | $ 7,081.92 | | | | |
| 3084 | Nehasri Ltd ( investment under Nehasri Ltd by Manoj Donthineni) | 13-1365 | 2909 E 78th Street | $ 50,000.00 | $ 3,384.71 | | | $ 19,710.50 | | | | | |
| 3084 | NEHASRI LTD | 71-1365 | 701 S 5th Avenue | $ 50,000.00 | $ 15,040.21 | | | $ 12,863.27 | | | | | |
| 3084 | NEHASRI LTD | 79-1365 | 6160-6212 S Martin Luther King Drive | $ 50,000.00 | $ 12,677.72 | | | $ 3,608.25 | | | | | |
| 3084 | Nehasri ltd. | 89-1365 | 7600 S Kingston Avenue | $ 50,000.00 | $ 16,335.06 | The Receiver recommends disallowing $2907 accrued interest added to principal balance of loan. | | $ 19,665.96 | | | | | |
| 3084 | NEHASRI LTD | 92-1365 | 7748-50 S Essex Avenue | $ 25,000.00 | $ 7,240.19 | | | $ 9,872.45 | | | | | |
| **3084 Total** | | | | **$ 320,599.40** | **$ 95,476.72** | | **$ -** | **$ 112,193.65** | **$ 8,337.56** | **$ 216,007.93** | **67.38%** | **$ -** | **67.38%** |
| 4137 | iPlanGroup Agent for Custodian FBO Charles Powell IRA | 1-413 | 1700 Juneway Terrace | $ 15,250.00 | $ 1,277.62 | | | $ 5,419.90 | $ 6,078.76 | | | | |
| 4137 | iPlanGroup Agent for Custodian FBO Charles Powell IRA | 2-413 | 4533-37 S Calumet Avenue | $ 12,440.00 | $ 1,042.22 | | | $ 11,397.78 | | | | | |
| 4137 | iPlanGroup Agent for Custodian FBO Charles Powell IRA | 4-413 | 5450-52 S Indiana Avenue | $ 2,310.00 | $ 193.56 | | | $ 1,794.70 | | | | | |
| 4137 | iPlanGroup Agent for Custodian FBO Charles Powell IRA 3300691 | 9-413 | 8100 S Essex Avenue | $ 71,000.00 | $ 10,726.62 | | | $ 22,090.35 | | | | | |
| 4137 | iPlanGroup Agent for Custodian FBO Charles Powell IRA | 59-413 | 6001 S Sacramento Avenue | $ 7,971.00 | $ 667.78 | | | $ 4,507.09 | | | | | |
| 4137 | iPlanGroup Agent for Custodian FBO Charles Powell IRA | 62-413 | 7834-44 S Ellis Avenue | $ 106,000.00 | $ 8,880.42 | | | $ 85,204.55 | | | | | |
| 4137 | iPlanGroup Agent for Custodian FBO Charles Powell IRA | 79-413 | 6160-6212 S Martin Luther King Drive | $ 10,000.00 | $ 837.75 | | | $ 885.79 | | | | | |
| 4137 | iPlanGroup Agent for Custodian FBO Charles Powell IRA | 88-413 | 7546 S Saginaw Avenue | $ 10,000.00 | $ 837.75 | | | $ 3,748.03 | | | | | |
| 4137 | iPlanGroup Agent for Custodian FBO Charles Powell IRA | 96-413 | 8326-32 S Ellis Avenue | $ 25,029.00 | $ 2,096.89 | | | $ 7,572.83 | | | | | |
| **4137 Total** | | | | **$ 260,000.00** | **$ 26,560.61** | | **$ -** | **$ 142,621.02** | **$ 6,078.76** | **$ 175,260.39** | **67.41%** | **$ -** | **67.41%** |
| 4409 | Omega Property Investments, Inc | 62-1463 | 7834-44 S Ellis Avenue | $ 50,000.00 | $ 16,567.52 | Pre-rollover distributions are distributions received on unsecured promissory note (UPN) after rollover from initial investment in 4108 Monticello. Unsecured claim for balance on UPN. | | $ 28,246.36 | $ 5,325.93 | | | | |
| 4409 | Braden Galloway | 100-1463 | 11117-11119 S Longwood Drive | $ 102,238.00 | $ 18,517.56 | | | $ 34,060.07 | | | | | |
| **4409 Total** | | | | **$ 152,238.00** | **$ 35,085.08** | | **$ -** | **$ 62,306.43** | **$ 5,325.93** | **$ 102,717.44** | **67.47%** | **$ -** | **67.47%** |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3131 | Girl Cat Capital West LLC | 4-350 | 5450-52 S Indiana Avenue | $ 50,000.00 | $ 8,761.76 | | | $ 34,969.18 | $ 4,959.92 | | | | |
| 3131 | Girl Cat Capital West LLC8426 | 9-350 | 8100 S Essex Avenue | $ 8,426.00 | $ 1,979.68 | Pro-rata share of pre-rollover distributions on loan secured by 7024 S Paxton | | $ 2,362.59 | | | | | |
| 3131 | Girl Cat Capital West LLC | 68-350 | 6217-27 S Dorchester Avenue | $ 12,145.00 | $ 2,128.20 | | | $ 4,634.42 | | | | | |
| 3131 | Girl Cat Capital West LLC, Valentina Salge, President | 77-350 | 7750-58 S Muskegon Avenue | $ 25,000.00 | $ 5,873.58 | Pro-rata share of pre-rollover distributions on loan secured by 7024 S Paxton | | $ 5,112.49 | | | | | |
| 3131 | Girl Cat Capital West LLC, Valentina Salge, President | 78-350 | 7201 S Constance Avenue | $ 16,574.00 | $ 3,894.01 | Pro-rata share of pre-rollover distributions on loan secured by 7024 S Paxton | | $ 6,047.74 | | | | | |
| 3131 | Girl Cat Capital West LLC | 96-350 | 8326-32 S Ellis Avenue | $ 100,000.00 | $ 21,544.39 | | | $ 25,908.26 | | | | | |
| 3131 | Cosmopolitan Properties LLC | 6-940 | 6437 S Kenwood Avenue | $ 150,000.00 | $ 22,866.67 | | | $ 89,314.29 | $ 4,145.25 | | | | |
| **3131 Total** | | | | **$ 362,145.00** | **$ 67,048.29** | | **$ -** | **$ 168,348.97** | **$ 9,105.17** | **$ 244,502.43** | **67.52%** | **$ -** | **67.52%** |
| 4270 | Scott E Pammer | 50-827 | 7760 S Coles Avenue | $ 12,070.00 | $ 11,187.73 | Claimant agreed to rollover this loan to unsecured promissory note in July 2017 | | | $ 5,703.61 | | | | |
| 4270 | Scott E Pammer | 74-827 | 3074 Cheltenham Place | $ 70,000.00 | $ 24,818.44 | Pre-rollover distributions on loan secured by 7109 S. Calumet | | $ 28,112.79 | | | | | |
| 4270 | Scott E Pammer | 77-827 | 7750-58 S Muskegon Avenue | $ 63,056.53 | $ 31,464.52 | Disallow $6243.47 of profits rolled from 2136 W 83rd and $700 coupon. | | $ 8,444.53 | | | | | |
| 4270 | Scott E. Pammer | 83-827 | 6356 S California Avenue | $ 50,000.00 | $ 22,237.56 | Pre-rollover distributions on loan secured by 7200 Stoney Island | | $ 9,861.97 | | | | | |
| 4270 | Scott E Pammer | 126-827 | 5201-5207 W Washington Blvd, Chic | $ 49,500.00 | $ 23,453.38 | | | | | | | | |
| **4270 Total** | | | | **$ 244,626.53** | **$ 113,161.63** | | **$ -** | **$ 46,419.29** | **$ 5,703.61** | **$ 165,284.53** | **67.57%** | **$ -** | **67.57%** |
| 4086 | iPlanGroup Agent for Custodian Leah Kalish IRA | 80-265 | 2736 W 64th Street | $ 70,000.00 | $ 28,260.43 | | | $ 23,558.40 | $ 2,782.20 | | | | |
| 4086 | iPlanGroup Agent for Custodian Leah Kalish IRA no. 3300301 | 90-265 | 7656 S Kingston Avenue | $ 49,000.00 | $ 21,159.70 | | | $ 4,811.48 | | | | | |
| **4086 Total** | | | | **$ 119,000.00** | **$ 49,420.13** | | **$ -** | **$ 28,369.88** | **$ 2,782.20** | **$ 80,572.21** | **67.71%** | **$ -** | **67.71%** |
| 3021 | Louis Duane Velez, LLC | 88-901 | 7546 S Saginaw Avenue | $ 50,000.00 | $ 15,992.61 | | | $ 13,911.49 | $ 8,002.04 | | | | |
| 3021 | Louis Duane Velez, LLC (Louis Duane Velez as manager) | 126-902 | 5201-5207 W Washington Blvd, Chic | $ 50,000.00 | $ 23,786.74 | | | | | | | | |
| 3021 | Kingdom Trust Company, Custodian, FBO Louis Duane Velez SEP 74 | 123-1221 | 7107-29 S Bennett Ave Chicago IL 60 | $ 50,000.00 | $ 26,013.66 | | | | $ 5,682.39 | | | | |
| 3021 | Louis Duane Velez, LLC | 91-1228 | 7701 S Essex Avenue | $ 150,000.00 | $ 84,700.00 | | | $ 48,234.72 | | | | | |
| 3021 | Kingdom Trust Company, Custodian, FBO Louis Duane Velez SEP IR | 77-1475 | 7750-58 S Muskegon Avenue | $ 100,000.00 | $ 43,283.24 | | | $ 15,160.37 | | | | | |
| 3021 | Digital Trust FBO Louis Duane Velez SEP IRA 7422686172 | 90-1476 | 7656 S Kingston Avenue | $ 100,000.00 | $ 44,183.24 | | | $ 9,646.49 | | | | | |
| **3021 Total** | | | | **$ 500,000.00** | **$ 237,959.49** | | **$ -** | **$ 86,953.07** | **$ 13,684.43** | **$ 338,596.99** | **67.72%** | **$ -** | **67.72%** |
| 3132 | 1839 Fund I LLC | 58-367 | 5955 S Sacramento Avenue | $ 55,000.19 | $ 27,214.18 | The Receiver recommends disallowing $9,893.17 accrued interest added to principal balance of loan. Pro-rata share of pre-rollover distributions from loan secured by 3915 N Kimball. Partial rollover to unsecured promissory note. | | $ 9,234.71 | | | | | |
| 3132 | 1839 Fund I LLC | 74-367 | 3074 Cheltenham Place | $ 50,000.00 | $ 26,038.00 | Pre-rollover distributions on loan secured by 7109 S Calumet | | $ 14,909.59 | | | | | |
| 3132 | 1839 Fund I LLC | 80-367 | 2736 W 64th Street | $ 24,500.00 | $ 10,962.04 | | | $ 7,641.02 | | | | | |
| 3132 | 1839 Fund I LLC | 84-367 | 7051 S Bennett Avenue | $ 70,470.00 | $ 31,017.55 | | | $ 28,912.10 | | | | | |
| 3132 | 1839 Fund I LLC | 91-367 | 7701 S Essex Avenue | $ 90,000.00 | $ 50,271.01 | Principal balance of $90,000 reported on proof of claim. | | $ 29,346.35 | | | | | |
| 3132 | 1839 Fund I LLC | 93-367 | 7957-59 S Marquette Road | $ 31,653.73 | $ 17,354.82 | The Receiver recommends disallowing $7,829.27 pro-rata share of accrued interest from loan on 5029 Addison that was added to principal amount of loan. | | $ 4,448.94 | | | | | |
| 3132 | 1839 Fund I LLC | 906-367 | 400 S Killbourn | $ 83,255.00 | $ 19,956.00 | The Receiver recommends disallowing $9,624 accrued interest from 1102 Bingham added to principal amount of loan. Pre-rollover distributions on loan secured by 400 S Kilbourn. | | | | | | | |
| 3132 | Strata Trust Company FBO Vincent Michael Spreuwenberg IRA 201 | 83-1160 | 6356 S California Avenue | $ 35,000.00 | $ 14,094.93 | The Receiver recommends disallowing $67 accrued interest added to principal amount of loan. Pre-rollover distributions on loan secured by 7200 Stoney Island. | | $ 7,426.05 | | | | | |
| **3132 Total** | | | | **$ 439,878.92** | **$ 196,908.53** | | **$ -** | **$ 101,918.76** | **$ -** | **$ 298,827.29** | **67.93%** | **$ -** | **67.93%** |
| 3090 | Madison Trust Company Custodian FBO Michael McClane IRA M16 | 1-941 | 1700 Juneway Terrace | $ 100,000.00 | $ 16,888.92 | | | $ 32,238.86 | $ 1,923.64 | | | | |
| 3090 | Lorraine K. McClane | 2-1190 | 4533-37 S Calumet Avenue | $ 50,000.00 | $ 13,604.00 | | | $ 36,396.00 | $ 862.62 | | | | |
| **3090 Total** | | | | **$ 150,000.00** | **$ 30,492.92** | | **$ -** | **$ 68,634.86** | **$ 2,786.26** | **$ 101,914.04** | **67.94%** | **$ -** | **67.94%** |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3060 | Jerome B. Shaffer Trust | 68-538 | 6217-27 S Dorchester Avenue | $ 100,000.00 | $ 78,866.21 | The Receiver recommends disallowing $500 accrued interest added to principal balance of loan. Pre-rollover distributions from loan secured by 7109 S Calumet. | | $ 9,777.85 | | | | | |
| 3060 | Sharon Shaffer | 62-992 | 7834-44 S Ellis Avenue | $ 14,736.00 | $ 3,997.55 | | | $ 9,421.01 | $ 5,844.96 | | | | |
| 3060 | Sharon Shaffer | 71-992 | 701 S 5th Avenue | $ 85,264.00 | $ 23,305.56 | | | $ 22,797.28 | | | | | |
| 3060 | Sharon Shaffer | 86-992 | 7442-48 S Calumet Avenue | $ 150,000.00 | $ 49,116.67 | | | $ 54,144.41 | | | | | |
| 3060 | Sharon Shaffer | 9-993 | 8100 S Essex Avenue | $ 150,000.00 | $ 44,125.00 | | | $ 38,803.45 | | | | | |
| **3060 Total** | | | | **$ 500,000.00** | **$ 199,410.99** | | **$ -** | **$ 134,944.00** | **$ 5,844.96** | **$ 340,199.95** | **68.04%** | **$ -** | **68.04%** |
| 4438 | Paul Harrison | 4-2026 | 5450-52 S Indiana Avenue | | $ 8,832.70 | Claim disallowed because entire principal of loan was accrued interest rolled from other loans. | | $ - | $ 7,486.18 | | | | |
| 4438 | Paul Harrison | 81-2026 | 4317 S Michigan Avenue | $ 152,771.00 | $ 14,895.18 | | | $ 101,843.81 | | | | | |
| 4438 | Paul Harrison | 86-2026 | 7442-48 S Calumet Avenue | $ 124,329.00 | $ 12,122.10 | | | $ 60,221.80 | | | | | |
| 4438 | Paul Harrison | 96-2026 | 8326-32 S Ellis Avenue | $ 25,000.00 | $ 2,999.97 | | | $ 7,265.03 | | | | | |
| 4438 | Paul Harrison | 102-2026 | 7927-29 S Essex Avenue | $ 35,000.00 | $ 13,774.65 | The Receiver recommends disallowing the $28,694.19 accrued interest that was rolled into this investment. Pre-rollover distributions on loan secured by 7760 S Coles | | $ - | | | | | |
| **4438 Total** | | | | **$ 337,100.00** | **$ 52,624.60** | | **$ -** | **$ 169,330.64** | **$ 7,486.18** | **$ 229,441.42** | **68.06%** | **$ -** | **68.06%** |
| 4116 | Quest IRA, Inc. FBO Steven C. Noss IRA#12201-11 | 6-361 | 6437 S Kenwood Avenue | $ 57,440.00 | $ 13,193.79 | Claimant has two loans secured by this property. A $25,000 loan extended in May 2017, and a rollover of $32,440 from 4533 S Calumet. Pro-rata share of pre-rollover distributions on loan secured by 4533 S Calumet concluded in January 2018. | | $ 31,084.05 | $ 1,622.28 | | | | |
| 4116 | Quest IRA, Inc. FBO Steven C. Noss IRA#12201-11 | 124-361 | 6801 S East End, Chicago, IL 60649 | $ 17,560.00 | $ 5,168.56 | Pro-rata share of pre-rollover distributions on loan secured by 4533 S Calumet | | | | | | | |
| **4116 Total** | | | | **$ 75,000.00** | **$ 18,362.35** | | **$ -** | **$ 31,084.05** | **$ 1,622.28** | **$ 51,068.68** | **68.09%** | **$ -** | **68.09%** |
| 4151 | Campbell Investment Trust | 60-466 | 7026 S Cornell Avenue | $ 20,148.00 | $ 2,766.99 | | | $ 15,595.22 | $ 1,215.75 | | | | |
| 4151 | Campbell Investment Trust | 88-466 | 7546 S Saginaw Avenue | $ 29,852.00 | $ 4,099.70 | | | $ 10,534.56 | | | | | |
| **4151 Total** | | | | **$ 50,000.00** | **$ 6,866.69** | | **$ -** | **$ 26,129.78** | **$ 1,215.75** | **$ 34,212.22** | **68.42%** | **$ -** | **68.42%** |
| 4258 | Navy Federal Credit Union FBO Alcalli Sabat #92000242907303 | 4-786-2 | 5450-52 S Indiana Avenue | $ 10,000.00 | $ 1,839.40 | | | $ 6,920.02 | $ 2,337.98 | | | | |
| 4258 | Navy Federal Credit Union FBO Alcalli Sabat #92000242907303 | 1-786 | 1700 Juneway Terrace | $ 10,000.00 | $ 1,128.86 | | | $ 3,441.12 | | | | | |
| 4258 | Navy Federal Credit Union FBO Alcalli Sabat #92000242907303 | 4-786-1 | 5450-52 S Indiana Avenue | $ 20,000.00 | $ 3,718.93 | | | $ 13,806.01 | | | | | |
| 4258 | Navy Federal Credit Union FBO Alcalli Sabat #92000242907303 | 5-786 | 7749 S Yates Boulevard | $ 4,301.00 | $ 777.04 | Pre-rollover distributions from the loan secured by 4611 S Drexel | | $ 850.11 | | | | | |
| 4258 | Navy Federal Credit Union FBO Alcalli Sabat #92000242907303 | 58-786 | 5955 S Sacramento Avenue | $ 5,000.00 | $ 1,458.33 | | | $ 1,979.00 | | | | | |
| 4258 | Navy Federal Credit Union FBO Alcalli Sabat #92000242907303 | 59-786 | 6001 S Sacramento Avenue | $ 23,139.00 | $ 8,331.05 | Pro-rata share of pre-rollover distributions on loan secured by 4944 W Roscoe | | $ 9,138.54 | | | | | |
| 4258 | Alcalli Sabat | 75-786 | 7625-33 S East End Avenue | | | Failure of documentation supporting claim either submitted by Claimant or located in EquityBuild records | | $ - | | | | | |
| 4258 | Navy Federal Credit Union FBO Alcalli Sabat #92000242907303 | 79-786 | 6160-6212 S Martin Luther King Driv | $ 11,000.00 | $ 2,332.00 | | | $ 838.01 | | | | | |
| 4258 | Navy Federal Credit Union FBO Alcalli Sabat #92000242907303 | 90-786 | 7656 S Kingston Avenue | $ 3,876.58 | $ 271.39 | | | $ 623.06 | | | | | |
| **4258 Total** | | | | **$ 87,316.58** | **$ 19,857.00** | | **$ -** | **$ 37,595.87** | **$ 2,337.98** | **$ 59,790.85** | **68.48%** | **$ -** | **68.48%** |
| 4260 | David Marcus | 13-801 | 2909 E 78th Street | $ 250,000.00 | $ 12,673.62 | | | $ 100,349.52 | $ 32,030.38 | | | | |
| 4260 | David Marcus | 86-801 | 7442-48 S Calumet Avenue | $ 105,000.00 | $ 37,712.00 | | | $ 36,113.68 | | | | | |
| 4260 | David Marcus | 89-801 | 7600 S Kingston Avenue | $ 895,484.00 | $ 337,298.97 | | | $ 326,073.57 | | | | | |
| 4260 | David Marcus | 96-801 | 8326-32 S Ellis Avenue | $ 120,000.00 | $ 26,053.33 | | | $ 31,023.85 | | | | | |
| **4260 Total** | | | | **$ 1,370,484.00** | **$ 413,737.92** | | **$ -** | **$ 493,560.62** | **$ 32,030.38** | **$ 939,328.92** | **68.54%** | **$ -** | **68.54%** |
| 4365 | Neil R Martin | 2-1253 | 4533-37 S Calumet Avenue | $ 20,000.00 | $ 137.00 | | | $ 19,863.00 | | | | | |
| 4365 | Neil R Martin | 9-1253 | 8100 S Essex Avenue | $ 20,000.00 | $ 137.00 | | | $ 7,279.84 | | | | | |
| **4365 Total** | | | | **$ 40,000.00** | **$ 274.00** | | **$ -** | **$ 27,142.84** | **$ -** | **$ 27,416.84** | **68.54%** | **$ -** | **68.54%** |
| 4004 | Mahesh C. Koli | 69-68 | 6250 S Mozart Avenue | $ 25,000.00 | $ 8,988.10 | The Receiver recommends disallowing $125 accrued interest added to principal balance of loan. Pre-rollover distributions on loan secured by 7109 S Calumet. | | $ 7,588.88 | $ 587.42 | | | | |
| **4004 Total** | | | | **$ 25,000.00** | **$ 8,988.10** | | **$ -** | **$ 7,588.88** | **$ 587.42** | **$ 17,164.40** | **68.66%** | **$ -** | **68.66%** |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4076 | La Donna Acklen | 69-244 | 6250 S Mozart Avenue | $ 69,163.01 | $ 29,855.52 | The Receiver recommends disallowing $33,812.99 accrued interest added to principal amount of loan | | $ 18,629.88 | $ 6,281.39 | | | | |
| 4076 | La Donna W. Acklen | 87-244 | 7508 S Essex Avenue | $ 50,000.00 | $ 14,786.03 | | | $ 21,049.92 | | | | | |
| 4076 | LaDonna Acklen | 94-244 | 816-20 E Marquette Road | $ 40,000.00 | $ 8,341.06 | | | $ 23,385.30 | | | | | |
| 4076 | La Donna Acklen | 130-244 | 4511 N. Merimac Ave. Chicago, IL 60 | $ 50,837.06 | $ 21,950.40 | | | | | | | | |
| **4076 Total** | | | | **$ 210,000.07** | **$ 74,933.01** | | **$ -** | **$ 63,065.10** | **$ 6,281.39** | **$ 144,279.50** | **68.70%** | **$ -** | **68.70%** |
| 4345 | Cecilia Wolff | 76-1204 | 7635-43 S East End Avenue | $ 25,000.00 | $ 7,250.00 | | | $ 16,942.19 | $ 1,727.48 | | | | |
| 4345 | Cecilia Wolff | 78-1204 | 7201 S Constance Avenue | $ 6,299.00 | $ 1,763.72 | | | $ 2,163.11 | | | | | |
| 4345 | Cecilia Wolff | 88-1204 | 7546 S Saginaw Avenue | $ 20,000.00 | $ 5,063.33 | Pre-rollover distributions on loan secured by 4533 S Calumet | | $ 6,110.18 | | | | | |
| 4345 | Cecilia Wolff | 92-1204 | 7748-50 S Essex Avenue | $ 15,000.00 | $ 4,260.00 | | | $ 5,970.23 | | | | | |
| 4345 | Cecilia Wolff | 118-1204 | 400 S Kilbourn Ave, Chicago, IL 6062 | $ 73,256.00 | $ 44,638.16 | | | | | | | | |
| **4345 Total** | | | | **$ 139,555.00** | **$ 62,975.21** | | **$ -** | **$ 31,185.71** | **$ 1,727.48** | **$ 95,888.40** | **68.71%** | **$ -** | **68.71%** |
| 3077 | TruStar Real Estate Solutions, LLC | 71-337 | 701 S 5th Avenue | $ 75,000.00 | $ 22,940.00 | | | $ 19,155.20 | $ 9,001.24 | | | | |
| 3077 | TruStar Real Estate Solutions, LLC | 74-337 | 3074 Cheltenham Place | $ 75,000.00 | $ 20,125.00 | | | $ 34,144.23 | | | | | |
| 3077 | TruStar Real Estate, LLC | 89-337 | 7600 S Kingston Avenue | $ 210,000.00 | $ 71,528.33 | | | $ 80,890.65 | | | | | |
| 3077 | TruStar Real Estate Solutions, LLC | 96-337 | 8326-32 S Ellis Avenue | $ 25,000.00 | $ 5,415.23 | | | $ 6,467.45 | | | | | |
| 3077 | Ferrara, Judith (CAMAPlan f.b.o Judith D. Ferrara, Roth IRA) | 13-2021 | 2909 E 78th Street | $ 25,000.00 | $ 1,551.00 | | | $ 9,915.02 | $ 7,013.95 | | | | |
| 3077 | CAMA SDIRA LLC FBO Judith D. Ferrara Roth IRA R-100330-01 | 92-2021 | 7748-50 S Essex Avenue | $ 250,000.00 | $ 72,561.02 | | | $ 98,636.03 | | | | | |
| 3077 | CAMA SDIRA LLC FBO Judith D. Ferrara Roth IRA | 96-2021 | 8326-32 S Ellis Avenue | $ 25,000.00 | $ 5,461.00 | | | $ 6,452.33 | | | | | |
| **3077 Total** | | | | **$ 685,000.00** | **$ 199,581.58** | | **$ -** | **$ 255,660.91** | **$ 16,015.19** | **$ 471,257.68** | **68.80%** | **$ -** | **68.80%** |
| 3142 | Paul N. Wilmesmeier | 1-300 | 1700 Juneway Terrace | $ 25,000.00 | $ 4,326.43 | | | $ 8,019.29 | $ 18,474.40 | | | | |
| 3142 | Paul N. Wilmesmeier | 4-300 | 5450-52 S Indiana Avenue | $ 25,000.00 | $ 5,144.40 | | | $ 16,837.14 | | | | | |
| 3142 | Paul N. Wilmesmeier | 10-300 | 7301-09 S Stewart Avenue | $ 25,000.00 | $ 7,548.17 | Pre-rollover distributions on loan secured by 4533 S Calumet | | $ 5,667.82 | | | | | |
| 3142 | Paul N. Wilmesmeier | 13-300 | 2909 E 78th Street | $ 25,000.00 | $ 1,788.21 | | | $ 9,814.72 | | | | | |
| 3142 | Paul N. Wilmesmeier | 60-300 | 7026 S Cornell Avenue | $ 25,000.00 | $ 8,764.85 | | | $ 14,567.09 | | | | | |
| 3142 | Paul N. Wilmesmeier | 68-300 | 6217-27 S Dorchester Avenue | $ 50,000.00 | $ 10,099.40 | | | $ 18,460.59 | | | | | |
| 3142 | Paul N. Wilmesmeier | 70-300 | 638 N Avers Avenue | $ 50,000.00 | $ 13,486.05 | | | $ 12,581.25 | | | | | |
| 3142 | Paul N. Wilmesmeier | 73-300 | 7255-57 S Euclid Avenue | $ 25,000.00 | $ 7,315.36 | | | $ 12,054.97 | | | | | |
| 3142 | Paul N. Wilmesmeier | 74-300 | 3074 Cheltenham Place | $ 25,000.00 | $ 6,161.07 | | | $ 11,721.93 | | | | | |
| 3142 | Paul N. Wilmesmeier | 76-300 | 7635-43 S East End Avenue | $ 50,000.00 | $ 16,786.21 | | | $ 31,702.21 | | | | | |
| 3142 | Paul N. Wilmesmeier | 77-300 | 7750-58 S Muskegon Avenue | $ 50,000.00 | $ 21,808.44 | | | $ 7,535.60 | | | | | |
| 3142 | Paul N. Wilmesmeier | 79-300 | 6160-6212 S Martin Luther King Driv | $ 25,000.00 | $ 6,202.72 | | | $ 1,817.29 | | | | | |
| 3142 | Paul N. Wilmesmeier | 81-300 | 4317 S Michigan Avenue | $ 25,000.00 | $ 7,777.69 | | | $ 12,721.49 | | | | | |
| 3142 | Paul N. Wimesmeier | 85-300 | 7201-07 S Dorchester Avenue | $ 25,000.00 | $ 7,926.47 | | | $ 5,499.93 | | | | | |
| 3142 | Paul N. Wilmesmeier | 88-300 | 7546 S Saginaw Avenue | $ 75,000.00 | $ 23,988.85 | | | $ 20,867.26 | | | | | |
| 3142 | Paul N. Wilmesmeier | 89-300 | 7600 S Kingston Avenue | $ 25,000.00 | $ 8,040.88 | | | $ 9,906.97 | | | | | |
| 3142 | Paul N. Wilmesmeier | 92-300 | 7748-50 S Essex Avenue | $ 75,000.00 | $ 24,158.33 | | | $ 28,262.23 | | | | | |
| 3142 | Paul N. Wilmesmeier. | 94-300 | 816-20 E Marquette Road | $ 25,000.00 | $ 6,792.62 | The Receiver recommends disallowing $185 accrued interest added to principal amount of loan. Pre-rollover distributions on loan secured by 4611 S Drexel. | | $ 13,449.12 | | | | | |
| 3142 | Paul N. Wilmesmeier | 96-300 | 8326-32 S Ellis Avenue | $ 50,000.00 | $ 11,088.94 | | | $ 12,849.53 | | | | | |
| 3142 | Paul N. Wilmesmeier | 100-300 | 11117-11119 S Longwood Drive | $ 15,000.00 | $ 1,780.17 | | | $ 5,378.24 | | | | | |
| 3142 | Paul N. Wilmesmeier | 102-300 | 7927-29 S Essex Avenue | $ 75,000.00 | $ 23,394.25 | Pre-rollover distributions on loans secured by 6558 S Vernon and 7304 S St. Lawrence. | | $ 13,279.31 | | | | | |
| 3142 | PNW Investments, LLC | 10-332 | 7301-09 S Stewart Avenue | $ 10,000.00 | $ 1,498.58 | Pre-rollover distributions on loan secured by 6437 S Kenwood | | $ 2,761.00 | $ 8,182.94 | | | | |
| 3142 | PNW Investments, LLC | 62-332 | 7834-44 S Ellis Avenue | $ 125,000.00 | $ 37,563.33 | | | $ 76,709.58 | | | | | |
| 3142 | PNW Investments, LLC | 68-332 | 6217-27 S Dorchester Avenue | $ 5,000.00 | $ 984.70 | | | $ 1,857.74 | | | | | |
| 3142 | PNW Investments, LLC | 71-332 | 701 S 5th Avenue | $ 75,000.00 | $ 23,315.00 | | | $ 19,017.22 | | | | | |
| 3142 | PNW Investments, LLC | 74-332 | 3074 Cheltenham Place | $ 10,000.00 | $ 2,850.00 | | | $ 4,448.86 | | | | | |
| 3142 | PNW Investments, LLC | 78-332 | 7201 S Constance Avenue | $ 50,000.00 | $ 17,433.33 | | | $ 15,532.72 | | | | | |
| 3142 | PNW Investments, LLC | 100-332 | 11117-11119 S Longwood Drive | $ 18,000.00 | $ 2,151.50 | | | $ 6,447.66 | | | | | |
| 3142 | PNW Investments, LLC | 102-332 | 7927-29 S Essex Avenue | $ 25,000.00 | $ 8,777.58 | Pre-rollover distributions on loan secured by 7760 S Coles | | $ 4,174.39 | | | | | |
| 3142 | PNW Investments, LLC | 5-332 | 7749 S Yates Boulevard | $ 12,000.00 | $ 2,223.83 | | | $ 2,358.39 | | | | | |
| 3142 | PNW Investments, LLC | 9-332 | 8100 S Essex Avenue | $ 20,000.00 | $ 5,841.02 | | | $ 5,189.30 | | | | | |
| 3142 | KKW Investments, LLC | 5-336 | 7749 S Yates Boulevard | $ 3,000.00 | $ 555.96 | | | $ 589.60 | $ 2,338.77 | | | | |
| 3142 | KKW Investments, LLC | 9-336 | 8100 S Essex Avenue | $ 5,000.00 | $ 1,460.20 | | | $ 1,297.35 | | | | | |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3142 | KKW Investments, LLC | 10-336 | 7301-09 S Stewart Avenue | $ 2,000.00 | $ 305.26 | Pre-rollover distributions on loan secured by 6437 S Kenwood | | $ 550.40 | | | | | |
| 3142 | KKW Investments, LLC | 68-336 | 6217-27 S Dorchester Avenue | $ 2,594.00 | $ 740.06 | The Receiver recommends disallowing $33.40 accrued interest added to principal balance of loan. Pre-rollover distributions from loan secured by 7024 S Paxton. | | $ 857.75 | | | | | |
| 3142 | KKW Investments, LLC | 69-336 | 6250 S Mozart Avenue | $ 3,500.00 | $ 1,029.82 | | | $ 1,170.75 | | | | | |
| 3142 | KKW Investments, LLC | 74-336 | 3074 Cheltenham Place | $ 1,600.00 | $ 456.00 | | | $ 711.82 | | | | | |
| 3142 | KKW Investments, LLC | 75-336 | 7625-33 S East End Avenue | $ 75,000.00 | $ 22,925.00 | | | $ 52,075.00 | | | | | |
| 3142 | KKW Investments, LLC | 96-336 | 8326-32 S Ellis Avenue | $ 7,306.00 | $ 1,390.74 | | | $ 1,953.39 | | | | | |
| **3142 Total** | | | | **$ 1,240,000.00** | **$ 355,881.42** | | **$ -** | **$ 470,696.90** | **$ 28,996.11** | **$ 855,574.43** | **69.00%** | **$ -** | **69.00%** |
| 4294 | iPlanGroup Agent for Custodian FBO Mary Lohrman IRA | 86-935 | 7442-48 S Calumet Avenue | $ 50,000.00 | $ 14,016.67 | | | $ 19,312.37 | $ 1,210.69 | | | | |
| **4294 Total** | | | | **$ 50,000.00** | **$ 14,016.67** | | **$ -** | **$ 19,312.37** | **$ 1,210.69** | **$ 34,539.73** | **69.08%** | **$ -** | **69.08%** |
| 3056 | Hillside Fund, LLC | 55-101 | 8107 S Ellis Avenue | $ 50,000.00 | $ 22,902.77 | | | $ 4,800.10 | $ 11,806.82 | | | | |
| 3056 | Hillside Fund, LLC | 68-101 | 6217-27 S Dorchester Avenue | $ 65,000.00 | $ 12,136.15 | | | $ 24,458.23 | | | | | |
| 3056 | Hillside Fund, LLC - Janet F. Turco, Owner/ Managing Member | 77-101 | 7750-58 S Muskegon Avenue | $ 125,000.00 | $ 45,312.50 | | | $ 21,300.44 | | | | | |
| 3056 | Hillside Fund, LLC | 81-101 | 4317 S Michigan Avenue | $ 75,000.00 | $ 26,750.00 | | | $ 35,640.51 | | | | | |
| 3056 | Hillside Fund, LLC | 85-101 | 7201-07 S Dorchester Avenue | $ 50,000.00 | $ 16,020.83 | | | $ 10,945.79 | | | | | |
| 3056 | Hillside Fund, LLC - Janet F. Turco, Owner/ Managing Member | 94-101 | 816-20 E Marquette Road | $ 65,000.00 | $ 16,778.97 | | | $ 35,619.11 | | | | | |
| 3056 | Hillside Fund, LLC | 100-101 | 11117-11119 S Longwood Drive | $ 75,000.00 | $ 10,208.08 | | | $ 26,359.36 | | | | | |
| 3056 | Edge Investments LLC | 9-180 | 8100 S Essex Avenue | $ 100,000.00 | $ 33,359.59 | The Receiver recommends disallowing $1,000 accrued interest added to principal balance of loan. Pro-rata share of pre-rollover distributions from loan secured by 7420 S Colfax. | | $ 24,423.88 | $ 24,173.45 | | | | |
| 3056 | Edge Investments, LLC, Janet F. Turco, Owner/Member IRA | 10-180 | 7301-09 S Stewart Avenue | $ 70,000.00 | $ 27,521.57 | The Receiver recommends disallowing the $175 accrued interest that was rolled into this investment. Pre-rollover distributions on loan secured by 7107 S Bennett. | | $ 13,795.69 | | | | | |
| 3056 | Edge Investments, LLC, Janet F. Turco, Owner/Member IRA | 13-180 | 2909 E 78th Street | $ 104,000.00 | $ 39,210.24 | Pre-rollover distributions on loans secured by 109 N. Laramie and 5201 W Washington | | $ 27,395.28 | | | | | |
| 3056 | Edge Investments, LLC, Janet F. Turco, Owner/Member IRA | 53-180 | 6807 S Indiana Avenue | $ 45,000.00 | $ 23,062.00 | | | $ 16,921.37 | | | | | |
| 3056 | Edge Investments, LLC | 56-180 | 8209 S Ellis Avenue | $ 100,000.00 | $ 55,500.00 | | | $ 34,324.05 | | | | | |
| 3056 | Edge Investments, LLC, Janet F. Turco, Owner/Member IRA | 75-180 | 7625-33 S East End Avenue | $ 176,226.00 | $ 63,906.94 | | | $ 112,319.06 | | | | | |
| 3056 | Edge Investments, LLC, Janet F. Turco, Owner/Member IRA | 78-180 | 7201 S Constance Avenue | $ 17,374.00 | $ 6,298.24 | | | $ 5,282.60 | | | | | |
| 3056 | Edge Investments, LLC, Janet F. Turco, Owner/Member IRA | 80-180 | 2736 W 64th Street | $ 30,000.00 | $ 14,250.00 | | | $ 8,889.52 | | | | | |
| 3056 | Edge Investments, LLC, Janet F. Turco, Owner/Member IRA | 90-180 | 7656 S Kingston Avenue | $ 102,149.00 | $ 49,459.24 | | | $ 9,106.07 | | | | | |
| 3056 | Edge Investments, LLC, Janet F. Turco, Owner/Member IRA | 93-180 | 7957-59 S Marquette Road | $ 58,000.00 | $ 26,335.23 | | | $ 9,852.13 | | | | | |
| 3056 | Edge Investments, LLC | 100-180 | 11117-11119 S Longwood Drive | $ 100,000.00 | $ 13,633.75 | | | $ 35,136.47 | | | | | |
| 3056 | Edge Investments, LLC, Janet F. Turco, Owner/Member IRA | 102-180 | 7927-29 S Essex Avenue | $ 100,400.00 | $ 30,506.15 | Pre-rollover distributions on loans secured by 2220 E 75th and 8809 S Wood | | $ 17,985.25 | | | | | |
| 3056 | Edge Investments, LLC, Janet F. Turco, Owner/Member IRA | 122-180 | 7616-7624 S Phillips Avenue, Chicago | $ 27,000.00 | $ 20,968.75 | | | | | | | | |
| 3056 | Edge Investments, LLC, Janet F. Turco, Owner/Member IRA | 145-180 | 4755 S St Lawrence Avenue | $ 2,620.00 | | | | | | | | | |
| **3056 Total** | | | | **$ 1,537,769.00** | **$ 554,121.00** | | **$ -** | **$ 474,554.91** | **$ 35,980.27** | **$ 1,064,656.18** | **69.23%** | **$ -** | **69.23%** |
| 4131 | Steven Bald | 1-399 | 1700 Juneway Terrace | $ 60,000.00 | $ 10,393.33 | | | $ 19,242.47 | $ 13,709.42 | | | | |
| 4131 | Steven Bald | 58-399 | 5955 S Sacramento Avenue | $ 60,000.00 | $ 12,066.67 | | | $ 15,608.50 | | | | | |
| 4131 | Steven Bald | 61-399 | 7237 S Bennett Avenue | $ 60,000.00 | $ 14,883.33 | | | $ 13,816.57 | | | | | |
| 4131 | Steve Bald | 62-399 | 7834-44 S Ellis Avenue | $ 180,000.00 | $ 43,885.66 | The Receiver recommends disallowing $1,378 accrued interest added to principal amount of loan. Pre-rollover distributions from the loan secured by 4611 S Drexel. | | $ 119,415.27 | | | | | |
| 4131 | Steve Bald | 69-399 | 6250 S Mozart Avenue | $ 40,000.00 | $ 11,691.46 | | | $ 13,416.90 | | | | | |
| 4131 | Steven R. Bald | 75-399 | 7625-33 S East End Avenue | $ 50,000.00 | $ 15,000.00 | | | $ 35,000.00 | | | | | |
| 4131 | Steven R. Bald | 76-399 | 7635-43 S East End Avenue | | | Claimant's loan is secured by 7625-33 S East End (property 75) only. | | $ - | | | | | |
| 4131 | Steven R. Bald | 79-399 | 6160-6212 S Martin Luther King Drive | $ 30,000.00 | $ 7,338.33 | | | $ 2,190.89 | | | | | |
| 4131 | Steven Bald | 100-399 | 11117-11119 S Longwood Drive | $ 45,000.00 | $ 5,345.00 | | | $ 16,132.88 | | | | | |
| 4131 | Steven R. Bald | 124-399 | 6801 S East End, Chicago, IL 60649 | $ 20,000.00 | $ 7,517.39 | | | | | | | | |
| 4131 | Steven Bald | 96-399 | 8326-32 S Ellis Avenue | $ 60,000.00 | $ 13,036.67 | | | $ 15,508.62 | | | | | |
| **4131 Total** | | | | **$ 585,000.00** | **$ 141,157.84** | | **$ -** | **$ 250,332.10** | **$ 13,709.42** | **$ 405,199.36** | **69.26%** | **$ -** | **69.26%** |
| 4254 | Demetres Velendzas | 86-776 | 7442-48 S Calumet Avenue | $ 50,000.00 | $ 14,516.67 | | | $ 19,044.02 | $ 1,204.06 | | | | |
| **4254 Total** | | | | **$ 50,000.00** | **$ 14,516.67** | | **$ -** | **$ 19,044.02** | **$ 1,204.06** | **$ 34,764.75** | **69.53%** | **$ -** | **69.53%** |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4252 | Rita Aken | 60-770 | 7026 S Cornell Avenue | $ 25,000.00 | $ 7,250.00 | | | $ 15,926.30 | $ 1,753.49 | | | | |
| 4252 | Rita Aken | 61-770 | 7237 S Bennett Avenue | $ 25,000.00 | $ 6,268.00 | | | $ 5,736.51 | | | | | |
| 4252 | Rita Aken | 89-770 | 7600 S Kingston Avenue | $ 25,000.00 | $ 2,103.45 | | | $ 13,375.42 | | | | | |
| **4252 Total** | | | | **$ 75,000.00** | **$ 15,621.45** | | **$ -** | **$ 35,038.23** | **$ 1,753.49** | **$ 52,413.17** | **69.88%** | **$ -** | **69.88%** |
| 3039 | Wiegert Tierie | 96-74 | 8326-32 S Ellis Avenue | $ 100,000.00 | $ 21,844.39 | | | $ 25,809.20 | | | | | |
| 3039 | Erika Dietz | 74-1283 | 3074 Cheltenham Place | $ 50,000.00 | $ 42,756.68 | $30,000 principal returned and $20,000 of investment rolled to unsecured promissory note | | $ - | $ 467.60 | | | | |
| 3039 | Erika Dietz | 4-1301 | 5450-52 S Indiana Avenue | $ 100,000.00 | $ 20,511.06 | The Receiver recommends disallowing $2,666.66 accrued interest claimant added to principal amount of loan | | $ 67,404.98 | | | | | |
| 3039 | WT Investment Trust | 100-1310 | 11117-11119 S Longwood Drive | $ 17,350.00 | $ 1,843.25 | | | $ 6,308.63 | | | | | |
| **3039 Total** | | | | **$ 267,350.00** | **$ 86,955.38** | | **$ -** | **$ 99,522.81** | **$ 467.60** | **$ 186,945.79** | **69.93%** | **$ -** | **69.93%** |
| 4217 | John P. Sullivan | 78-660 | 7201 S Constance Avenue | $ 50,000.00 | $ 13,500.00 | | | $ 17,408.73 | $ 2,501.64 | | | | |
| 4217 | John P. Sullivan | 80-660 | 2736 W 64th Street | $ 57,000.00 | $ 21,660.00 | | | $ 19,946.40 | | | | | |
| **4217 Total** | | | | **$ 107,000.00** | **$ 35,160.00** | | **$ -** | **$ 37,355.13** | **$ 2,501.64** | **$ 75,016.77** | **70.11%** | **$ -** | **70.11%** |
| 4078 | Kathleen Martin | 33-246 | 3723 W 68th Place | $ 35,423.00 | | Principal amount of this loan was $35,472. Claimant received distribution pursuant to settlement with Midland | | $ 19,000.00 | $ 7,121.62 | | | | |
| 4078 | Kathleen Martin | 83-246 | 6356 S California Avenue | $ 16,666.67 | $ 4,925.90 | Original loan divided equally among the three heirs. A third of pre-rollover distributions on loan secured by 7200 Stoney Island. | | $ 4,170.64 | | | | | |
| 4078 | Kathleen Martin | 109-246 | 4750 S Indiana Avenue | $ 16,666.67 | $ 1,827.61 | Equity interest in property was partially rolled to unsecured promissory note before asset was split between original investor's heirs. Unsecured balance divided equally among the three heirs, including this claimant. | | $ - | | | | | |
| 4078 | The Estate of John Martin | 129-246 | 4944 W Roscoe Chicago Illinois | $ 35,367.00 | $ 36,129.51 | Principal and interest payments received by claimant exceed the amount of claimant's original loan | | | | | | | |
| **4078 Total** | | | | **$ 104,123.34** | **$ 42,883.02** | | **$ -** | **$ 23,170.64** | **$ 7,121.62** | **$ 73,175.28** | **70.28%** | **$ -** | **70.28%** |
| 3157 | Terry L. Merrill & Sheryl R. Merrill | 6-602 | 6437 S Kenwood Avenue | $ 50,000.00 | $ 7,463.92 | | | $ 29,882.64 | $ 7,002.26 | | | | |
| 3157 | Terry L. Merrill & Sheryl R. Merrill | 60-602 | 7026 S Cornell Avenue | $ 50,000.00 | $ 14,500.00 | | | $ 31,852.60 | | | | | |
| 3157 | Terry L. Merrill, Sheryl R. Merrill | 74-602 | 3074 Cheltenham Place | $ 50,000.00 | $ 13,599.93 | | | $ 22,648.79 | | | | | |
| 3157 | Terry L. Merrill, Sheryl R. Merrill | 77-602 | 7750-58 S Muskegon Avenue | $ 49,500.00 | $ 14,500.00 | | | $ 9,355.49 | | | | | |
| 3157 | Terry L. Merrill & Sheryl R. Merrill | 79-602 | 6160-6212 S Martin Luther King Driv | $ 50,000.00 | $ 11,997.28 | | | $ 3,674.03 | | | | | |
| 3157 | Terry L. and Sheryl R. Merrill | 91-602 | 7701 S Essex Avenue | $ 50,000.00 | $ 27,026.67 | | | $ 16,969.56 | | | | | |
| 3157 | Midland IRA, Inc. LLC Custodian FBO, Terry Merrill, IRA | 89-1134 | 7600 S Kingston Avenue | $ 60,000.00 | $ 17,674.17 | Pre-rollover distributions on loan secured by 7200 Stony Island | | $ 24,725.38 | | | | | |
| **3157 Total** | | | | **$ 359,500.00** | **$ 106,761.97** | | **$ -** | **$ 139,108.49** | **$ 7,002.26** | **$ 252,872.72** | **70.34%** | **$ -** | **70.34%** |
| 3105 | Ricardo Acevedo Lopez | 1-746 | 1700 Juneway Terrace | $ 15,000.00 | $ 2,618.33 | | | $ 4,802.86 | | | | | |
| 3105 | Madison Trust Company FBO Ricardo Acevedo Lopez M1610079 | 94-1267 | 816-20 E Marquette Road | $ 35,000.00 | $ 7,466.67 | | | $ 20,337.86 | | | | | |
| **3105 Total** | | | | **$ 50,000.00** | **$ 10,085.00** | | **$ -** | **$ 25,140.72** | **$ -** | **$ 35,225.72** | **70.45%** | **$ -** | **70.45%** |
| 4072 | Equity Trust Company Custodian FBO Julie Elaine Fogle IRA 20020 | 92-235 | 7748-50 S Essex Avenue | $ 50,000.00 | $ 14,116.67 | | | $ 19,947.08 | $ 1,168.99 | | | | |
| **4072 Total** | | | | **$ 50,000.00** | **$ 14,116.67** | | **$ -** | **$ 19,947.08** | **$ 1,168.99** | **$ 35,232.74** | **70.47%** | **$ -** | **70.47%** |
| 4295 | Hidden Diamonds LLC | 60-937 | 7026 S Cornell Avenue | $ 18,104.00 | $ 4,464.09 | Pre-rollover distributions on loan secured by 7024 S Paxton | | $ 12,238.49 | $ 1,168.99 | | | | |
| 4295 | Hidden Diamonds LLC | 88-937 | 7546 S Saginaw Avenue | $ 31,716.00 | $ 7,488.15 | Pro-rata share of pre-rollover distributions on loan secured by 7024 S Paxton | | $ 9,910.95 | | | | | |
| **4295 Total** | | | | **$ 49,820.00** | **$ 11,952.24** | | **$ -** | **$ 22,149.44** | **$ 1,168.99** | **$ 35,270.67** | **70.80%** | **$ -** | **70.80%** |
| 3013 | Robert Guiney | 76-798 | 7635-43 S East End Avenue | $ 18,097.00 | $ 5,442.15 | | | $ 12,078.92 | $ 2,624.62 | | | | |
| 3013 | Robert Guiney | 80-798 | 2736 W 64th Street | $ 50,000.00 | $ 18,633.00 | | | $ 17,703.98 | | | | | |
| 3013 | Robert C. Guiney | 86-798 | 7442-48 S Calumet Avenue | $ 25,000.00 | $ 7,508.00 | | | $ 9,388.01 | | | | | |
| 3013 | Robert Guiney | 111-798 | 6558 S Vernon Avenue | $ 50,000.00 | $ 53,905.60 | Principal and interest payments received by claimant exceed the amount of claimant's original loan | | $ - | | | | | |
| 3013 | Robert Guiney | 117-798 | 3915 N. Kimball Chicago IL 60618 | $ 11,097.00 | $ 9,266.00 | | | | | | | | |
| 3013 | CAMA SDIRA LLC FBO Robert Guiney IRA | 70-1116 | 638 N Avers Avenue | $ 40,000.00 | $ 15,719.00 | The Receiver recommends disallowing $579 accrued interest added to principal amount of loan. Pre-rollover distributions is return on unsecured promissory note. | | $ 8,366.26 | $ 2,438.86 | | | | |
| 3013 | CAMA SDIRA LLC FBO Robert Guiney IRA acct no T110406-01 | 123-1116 | 7107-29 S Bennett Ave Chicago IL 60 | $ 48,630.00 | $ 9,391.44 | The Receiver recommends disallowing $3,282.53 accrued interest added to principal balance of loan. | | | | | | | |
| 3013 | Bonaparte Properties, LLC | 86-1148 | 7442-48 S Calumet Avenue | $ 25,000.00 | $ 7,508.00 | | | $ 9,388.01 | $ 584.50 | | | | |
| **3013 Total** | | | | **$ 267,824.00** | **$ 127,373.19** | | **$ -** | **$ 56,925.18** | **$ 5,647.98** | **$ 189,946.35** | **70.92%** | **$ -** | **70.92%** |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3045 | Carolyn B Ucker | 76-1099 | 7635-43 S East End Avenue | $ 25,000.00 | $ 7,250.00 | | | $ 16,942.19 | $ 1,168.99 | | | | |
| 3045 | Carolyn Ucker | 118-1099 | 400 S Kilbourn Ave, Chicago, IL 6062 | $ 25,000.00 | $ 8,633.33 | | | | | | | | |
| 3045 | PFFR Trust | 59-1284 | 6001 S Sacramento Avenue | $ 5,299.00 | $ 1,436.26 | | | $ 2,383.84 | $ 247.78 | | | | |
| 3045 | Pinellas Florida Freedom Realty, LLC | 81-1308 | 4317 S Michigan Avenue | $ 10,000.00 | $ 2,452.99 | | | $ 5,574.70 | $ 233.80 | | | | |
| 3045 Total | | | | $ 65,299.00 | $ 19,772.58 | | $ - | $ 24,900.73 | $ 1,650.57 | $ 46,323.88 | 70.94% | $ - | 70.94% |
| 4250 | Rene Hribal | 54-768 | 8000 S Justine Street | $ 729,000.00 | $ 324,405.00 | | | $ 100,867.40 | $ 35,665.32 | | | | |
| 4250 | Rene Hribal | 64-768 | 4611 S Drexel Boulevard | $ 300,000.00 | $ 362,704.89 | Principal and interest payments received by claimant exceed the amount of claimant's original loan | | | | | | | |
| 4250 | Rene Hribal | 78-768 | 7201 S Constance Avenue | $ 439,517.00 | $ 153,830.04 | | | $ 136,258.44 | | | | | |
| 4250 | Rene Hribal | 79-768 | 6160-6212 S Martin Luther King Driv | $ 100,000.00 | $ 22,288.84 | | | $ 7,512.97 | | | | | |
| 4250 | Rene Hribal | 92-768 | 7748-50 S Essex Avenue | $ 180,000.00 | $ 59,700.00 | | | $ 66,873.21 | | | | | |
| 4250 | Rene Hribal | 126-768 | 5201-5207 W Washington Blvd, Chic | $ 95,000.00 | $ 40,295.83 | | | | | | | | |
| 4250 Total | | | | $ 1,843,517.00 | $ 963,225.44 | | $ - | $ 311,512.02 | $ 35,665.32 | $ 1,310,402.78 | 71.08% | $ - | 71.08% |
| 3040 | Professional Real Estate Solutions, LLC | 109-489 | 4750 S Indiana Avenue | $ 50,000.00 | $ 40,451.13 | Claimant agreed to rollover this loan to unsecured promissory note in October 2017 | | $ - | $ 308.73 | | | | |
| 3040 | American Estate and Trust, LC FBO Edward J, Netzel IRA | 5-1057 | 7749 S Yates Boulevard | $ 10,000.00 | $ 1,827.18 | | | $ 1,971.60 | $ 233.80 | | | | |
| 3040 | Edward J. Netzel | 69-1059 | 6250 S Mozart Avenue | $ 20,000.00 | $ 4,062.63 | | | $ 7,553.56 | $ 467.60 | | | | |
| 3040 Total | | | | $ 80,000.00 | $ 46,340.94 | | $ - | $ 9,525.16 | $ 1,010.13 | $ 56,876.23 | 71.10% | $ - | 71.10% |
| 4069 | Amit Hammer | 2-225 | 4533-37 S Calumet Avenue | $ 100,000.00 | $ 10,500.00 | | | $ 89,500.00 | $ 6,919.97 | | | | |
| 4069 | Amit Hammer | 5-225 | 7749 S Yates Boulevard | $ 30,000.00 | $ 5,762.08 | | | $ 5,847.12 | | | | | |
| 4069 | Amit Hammer | 69-225 | 6250 S Mozart Avenue | $ 10,000.00 | $ 1,937.55 | | | $ 3,821.22 | | | | | |
| 4069 | Amit Hammer | 79-225 | 6160-6212 S Martin Luther King Driv | $ 50,000.00 | $ 14,934.72 | | | $ 3,390.05 | | | | | |
| 4069 | Amit Hammer | 95-225 | 8201 S Kingston Avenue | $ 50,000.00 | $ 17,044.67 | | | $ 11,326.44 | | | | | |
| 4069 Total | | | | $ 240,000.00 | $ 50,179.02 | | $ - | $ 113,884.83 | $ 6,919.97 | $ 170,983.82 | 71.24% | $ - | 71.24% |
| 4164 | Diana Johan | 58-499 | 5955 S Sacramento Avenue | $ 25,000.00 | $ 7,416.67 | | | $ 9,825.16 | $ 584.50 | | | | |
| 4164 Total | | | | $ 25,000.00 | $ 7,416.67 | | $ - | $ 9,825.16 | $ 584.50 | $ 17,826.33 | 71.31% | $ - | 71.31% |
| 4247 | Paulen M Nagy | 122-757 | 7616-7624 S Phillips Avenue, Chicago | $ 50,000.00 | $ 35,706.01 | Claimant received $15,000 in interest and $20,706 from state court action 2014-M1-403019 | | | | | | | |
| 4247 Total | | | | $ 50,000.00 | $ 35,706.01 | | $ - | $ - | $ - | $ 35,706.01 | 71.41% | $ - | 71.41% |
| 4213 | Lake Erie LLC | 123-629 | 7107-29 S Bennett Ave Chicago IL 60 | $ 18,900.00 | $ 13,498.86 | Distributions from Bennett and UPN; disallow accrued interest rolled to Bennett and to UPN. | | | | | | | |
| 4213 Total | | | | $ 18,900.00 | $ 13,498.86 | | $ - | $ - | $ - | $ 13,498.86 | 71.42% | $ - | 71.42% |
| 4339 | Leon Y. Liu & Ping Xu | 4-1368 | 5450-52 S Indiana Avenue | $ 200,000.00 | $ 38,988.94 | | | $ 136,534.06 | $ 7,013.95 | | | | |
| 4339 | Leon Y. Liu and Ping Xu | 79-1368 | 6160-6212 S Martin Luther King Driv | $ 100,000.00 | $ 24,444.39 | | | $ 7,304.58 | | | | | |
| 4339 Total | | | | $ 300,000.00 | $ 63,433.33 | | $ - | $ 143,838.64 | $ 7,013.95 | $ 214,285.92 | 71.43% | $ - | 71.43% |
| 4237 | The BE Company Ltd. f/k/a Bluebridge Partners Ltd | 2-727 | 4533-37 S Calumet Avenue | $ 100,000.00 | $ 30,552.85 | | | $ 69,447.15 | $ 18,507.95 | | | | |
| 4237 | The BE Company Ltd. f/k/a Bluebridge Partners Ltd | 4-727 | 5450-52 S Indiana Avenue | $ 100,000.00 | $ 21,177.73 | | | $ 66,839.66 | | | | | |
| 4237 | The BE Company Ltd. f/k/a Bluebridge Partners Ltd | 71-727 | 701 S 5th Avenue | $ 76,590.82 | $ 19,685.26 | The Receiver recommends disallowing $586.8 pro-rata share of accrued interest added to principal balance of loan upon rollover from 4611 Drexel. Pro-rata pre-rollover distributions from loan secured by 4611 S Drexel | | $ 20,938.10 | | | | | |
| 4237 | The BE Company Ltd. f/k/a Bluebridge Partners Ltd | 86-727 | 7442-48 S Calumet Avenue | $ 290,000.00 | $ 100,404.35 | | | $ 101,756.59 | | | | | |
| 4237 | The BE Company Ltd. f/k/a Bluebridge Partners Ltd | 96-727 | 8326-32 S Ellis Avenue | $ 73,409.18 | $ 18,867.51 | The Receiver recommends disallowing $561.82 accrued interest added to principal amount of loan. Pro-rata share of pre-rollover distributions on loan secured by 4611 S Drexel. | | $ 18,011.20 | | | | | |
| 4237 | Bluebridge Partners LTD. (6801 East End) | 124-727 | 6801 S East End, Chicago, IL 60649 | $ 105,000.00 | $ 45,988.49 | | | | | | | | |
| 4237 Total | | | | $ 745,000.00 | $ 236,676.19 | | $ - | $ 276,992.70 | $ 18,507.95 | $ 532,176.84 | 71.43% | $ - | 71.43% |
| 4160 | Yvette Nazaire Camacho YNC 401k | 74-487 | 3074 Cheltenham Place | $ 30,000.00 | $ 7,510.00 | | | $ 13,993.69 | | | | | |
| 4160 Total | | | | $ 30,000.00 | $ 7,510.00 | | $ - | $ 13,993.69 | $ - | $ 21,503.69 | 71.68% | $ - | 71.68% |
| 4085 | Alex Breslav | 9-262 | 8100 S Essex Avenue | $ 50,000.00 | $ 15,602.70 | | | $ 12,606.70 | $ 5,774.82 | | | | |
| 4085 | Alex Breslav | 60-262 | 7026 S Cornell Avenue | $ 50,000.00 | $ 14,500.00 | | | $ 31,852.60 | | | | | |
| 4085 | Alex Breslav | 71-262 | 701 S 5th Avenue | $ 40,000.00 | $ 12,234.67 | | | $ 10,216.10 | | | | | |
| 4085 | Alex Breslav | 86-262 | 7442-48 S Calumet Avenue | $ 50,000.00 | $ 14,766.67 | | | $ 18,909.84 | | | | | |
| 4085 | Alex Breslav | 87-262 | 7508 S Essex Avenue | $ 57,000.00 | $ 16,856.17 | | | $ 23,996.85 | | | | | |
| 4085 Total | | | | $ 247,000.00 | $ 73,960.21 | | $ - | $ 97,582.09 | $ 5,774.82 | $ 177,317.12 | 71.79% | $ - | 71.79% |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4396 | James Clements | 9-1402 | 8100 S Essex Avenue | $ 50,000.00 | $ 14,019.18 | | | $ 13,187.06 | $ 4,346.55 | | | | |
| 4396 | James Clements | 59-1402 | 6001 S Sacramento Avenue | $ 70,000.00 | $ 19,273.33 | | | $ 31,305.31 | | | | | |
| 4396 | James Clements | 76-1402 | 7635-43 S East End Avenue | | $ 22,800.00 | | | $ - | | | | | |
| 4396 | James Clements | 92-1402 | 7748-50 S Essex Avenue | $ 50,000.00 | $ 12,266.67 | | | $ 20,975.47 | | | | | |
| 4396 | James Clements | 124-1402 | 6801 S East End, Chicago, IL 60649 | $ 50,000.00 | $ 20,506.00 | | | | | | | | |
| **4396 Total** | | | | **$ 220,000.00** | **$ 88,865.18** | | **$ -** | **$ 65,467.84** | **$ 4,346.55** | **$ 158,679.57** | **72.13%** | **$ -** | **72.13%** |
| 4187 | iPlan Group Agent for Custodian FBO Stephen J. Apple ROTH IRA A | 89-559 | 7600 S Kingston Avenue | $ 43,705.00 | $ 12,048.01 | | | $ 18,492.99 | $ 1,021.82 | | | | |
| **4187 Total** | | | | **$ 43,705.00** | **$ 12,048.01** | | **$ -** | **$ 18,492.99** | **$ 1,021.82** | **$ 31,562.82** | **72.22%** | **$ -** | **72.22%** |
| 4436 | Leonard A. Grosso | 59-2024 | 6001 S Sacramento Avenue | $ 50,000.00 | $ 11,602.71 | | | $ 23,696.39 | $ 4,149.92 | | | | |
| 4436 | Leonard A. Grosso | 62-2024 | 7834-44 S Ellis Avenue | $ 50,000.00 | $ 11,647.16 | | | $ 33,647.56 | | | | | |
| 4436 | Leonard A Grosso | 96-2024 | 8326-32 S Ellis Avenue | $ 50,000.00 | $ 10,897.27 | | | $ 12,912.83 | | | | | |
| **4436 Total** | | | | **$ 150,000.00** | **$ 34,147.14** | | **$ -** | **$ 70,256.78** | **$ 4,149.92** | **$ 108,553.84** | **72.37%** | **$ -** | **72.37%** |
| 4324 | iPlan Group FBO Garwood Weatherhead IRA Account # 3320844 | 5-1096-1 | 7749 S Yates Boulevard | $ 13,000.00 | $ 3,125.47 | The Receiver recommends disallowing $96 accrued interest claimant added to principal amount of loan, and deducting pre-rollover distributions from the loan secured by 4611 S Drexel | | $ 2,382.12 | $ 4,323.89 | | | | |
| 4324 | Garwood M Weatherhead | 6-1096 | 6437 S Kenwood Avenue | $ 150,000.00 | $ 25,794.00 | | | $ 87,257.77 | | | | | |
| 4324 | iPlan Group FBO Garwood Weatherhead IRA Account # 3421004 | 5-1096-2 | 7749 S Yates Boulevard | $ 16,152.00 | $ 3,857.44 | Pro-rata share of pre-rollover distributions from the loan secured by 4611 S Drexel | | $ 2,965.92 | | | | | |
| **4324 Total** | | | | **$ 179,152.00** | **$ 32,776.91** | | **$ -** | **$ 92,605.81** | **$ 4,323.89** | **$ 129,706.61** | **72.40%** | **$ -** | **72.40%** |
| 4129 | Marilyn Ackerman | 56-395 | 8209 S Ellis Avenue | $ 200,000.00 | $ 141,015.00 | Claimant agreed to rollover this loan to unsecured promissory note in January 2018 | | | $ 3,879.02 | | | | |
| **4129 Total** | | | | **$ 200,000.00** | **$ 141,015.00** | | **$ -** | **$ -** | **$ 3,879.02** | **$ 144,894.02** | **72.45%** | **$ -** | **72.45%** |
| 4241 | Joshua Morrow | 74-734 | 3074 Cheltenham Place | $ 50,000.00 | $ 13,599.93 | | | $ 22,648.79 | | | | | |
| **4241 Total** | | | | **$ 50,000.00** | **$ 13,599.93** | | **$ -** | **$ 22,648.79** | **$ -** | **$ 36,248.72** | **72.50%** | **$ -** | **72.50%** |
| 4440 | James Hoven | 74-2029 | 3074 Cheltenham Place | $ 50,000.00 | $ 14,082.00 | | | $ 22,348.83 | | | | | |
| **4440 Total** | | | | **$ 50,000.00** | **$ 14,082.00** | | **$ -** | **$ 22,348.83** | **$ -** | **$ 36,430.83** | **72.86%** | **$ -** | **72.86%** |
| 4044 | Ramsey Stephan | 6-162 | 6437 S Kenwood Avenue | $ 9,481.00 | $ 2,751.15 | Pre-rollover distributions on loan secured by 4611 S Drexel | | $ 4,727.88 | $ 1,168.99 | | | | |
| 4044 | Ramsey Stephan | 71-162 | 701 S 5th Avenue | $ 20,519.00 | $ 6,276.05 | | | $ 5,240.62 | | | | | |
| 4044 | Ramsey Stephan | 81-162 | 4317 S Michigan Avenue | $ 20,000.00 | $ 5,776.67 | | | $ 10,506.25 | | | | | |
| **4044 Total** | | | | **$ 50,000.00** | **$ 14,803.87** | | **$ -** | **$ 20,474.75** | **$ 1,168.99** | **$ 36,447.61** | **72.90%** | **$ -** | **72.90%** |
| 4303 | Flying Hound Holdings, LLC | 68-994 | 6217-27 S Dorchester Avenue | $ 1,830.00 | | | | $ 846.68 | $ 2,470.94 | | | | |
| 4303 | Flying Hound Holdings. LLC | 74-994 | 3074 Cheltenham Place | $ 16,262.85 | $ 7,884.23 | Disallow pro-rata portion of accrued interest rolled from 4511 S Merrimac | | $ 5,213.33 | | | | | |
| 4303 | Flying Hound Holdings | 77-994 | 7750-58 S Muskegon Avenue | $ 21,400.00 | $ 9,197.72 | | | $ 3,261.67 | | | | | |
| 4303 | Flying Hound Holdings, LLC | 94-994 | 816-20 E Marquette Road | $ 50,000.00 | $ 12,222.28 | | | $ 27,905.02 | | | | | |
| 4303 | Flying Hound Holdings, LLC | 130-994 | 4511 N. Merimac Ave. Chicago, IL 60 | $ 8,737.46 | $ 2,790.96 | | | | | | | | |
| **4303 Total** | | | | **$ 98,230.31** | **$ 32,095.19** | | **$ -** | **$ 37,226.70** | **$ 2,470.94** | **$ 71,792.83** | **73.09%** | **$ -** | **73.09%** |
| 4401 | Sunshine Bliss LLC | 80-1437 | 2736 W 64th Street | $ 25,000.00 | $ 9,566.67 | The records indicate that the amount of loan was $25,000. | | $ 8,710.79 | | | | | |
| **4401 Total** | | | | **$ 25,000.00** | **$ 9,566.67** | | **$ -** | **$ 8,710.79** | **$ -** | **$ 18,277.46** | **73.11%** | **$ -** | **73.11%** |
| 4198 | Liberty Quest Investment Group LLC | 58-587 | 5955 S Sacramento Avenue | $ 210,000.00 | $ 71,283.33 | | | $ 77,511.65 | $ 4,909.77 | | | | |
| **4198 Total** | | | | **$ 210,000.00** | **$ 71,283.33** | | **$ -** | **$ 77,511.65** | **$ 4,909.77** | **$ 153,704.75** | **73.19%** | **$ -** | **73.19%** |
| 4441 | Matthew P. Hutchings | 62-2030 | 7834-44 S Ellis Avenue | $ 150,000.00 | $ 44,326.00 | | | $ 92,709.48 | $ 8,481.43 | | | | |
| 4441 | Matthew Hutchings | 68-2030 | 6217-27 S Dorchester Avenue | $ 50,000.00 | $ 10,149.40 | | | $ 18,437.46 | | | | | |
| 4441 | Matthew Page Hutchings | 95-2030 | 8201 S Kingston Avenue | $ 150,000.00 | $ 46,694.00 | | | $ 35,505.32 | | | | | |
| **4441 Total** | | | | **$ 350,000.00** | **$ 101,169.40** | | **$ -** | **$ 146,652.26** | **$ 8,481.43** | **$ 256,303.09** | **73.23%** | **$ -** | **73.23%** |
| 4477 | Zin Investments LLC | 84-234 | 7051 S Bennett Avenue | $ 350,000.00 | $ 163,333.33 | | | $ 136,795.72 | | | | | |
| 4477 | ZIN INVESTMENTS LLC, William Iannazzi | 123-234 | 7107-29 S Bennett Ave Chicago IL 60 | $ 100,000.00 | $ 29,515.32 | The Receiver recommends disallowing $8,766.67 accrued interest added to principal balance of loan. | | | | | | | |
| **4477 Total** | | | | **$ 450,000.00** | **$ 192,848.65** | | **$ -** | **$ 136,795.72** | **$ -** | **$ 329,644.37** | **73.25%** | **$ -** | **73.25%** |
| 4462 | The Entrust Group Inc. fbo Marjorie Jean Sexton IRA #7230013060 | 9-2065 | 8100 S Essex Avenue | $ 100,000.00 | $ 30,700.08 | | | $ 25,398.60 | $ 4,675.97 | | | | |
| 4462 | The Entrust Group Inc. FBO Marjorie Jean Sexton IRA # 723001306 | 50-2065 | 7760 S Coles Avenue | $ 50,000.00 | $ 48,559.57 | Claimant agreed to rollover this loan to unsecured promissory note in September 2017. Pre-rollover distributions on loan secured by 7760 S Coles. | | | | | | | |
| 4462 | The Entrust Group Inc. fbo Marjorie Jean Sexton IRA # 723001306 | 59-2065 | 6001 S Sacramento Avenue | $ 40,564.00 | $ 12,182.72 | | | $ 17,515.14 | | | | | |
| 4462 | The Entrust Group Inc. fbo Marjorie Jean Sexton IRA # 723001306 | 81-2065 | 4317 S Michigan Avenue | $ 9,436.00 | $ 2,734.63 | | | $ 4,950.06 | | | | | |
| 4462 | The Entrust Group, Inc. fbo Marjorie Jean Sexton IRA # 723001306 | 92-2065 | 7748-50 S Essex Avenue | $ 3,000.00 | $ 742.00 | | | $ 1,255.19 | | | | | |
| **4462 Total** | | | | **$ 203,000.00** | **$ 94,919.00** | | **$ -** | **$ 49,118.99** | **$ 4,675.97** | **$ 148,713.96** | **73.26%** | **$ -** | **73.26%** |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4456 | Harvey Singer | 2-2054 | 4533-37 S Calumet Avenue | $ 100,000.00 | $ 30,552.85 | | | $ 69,447.15 | $ 19,975.45 | | | | |
| 4456 | Harvey Singer | 58-2054 | 5955 S Sacramento Avenue | $ 198,500.00 | $ 32,995.14 | | | $ 92,480.27 | | | | | |
| 4456 | Harvey Singer | 60-2054 | 7026 S Cornell Avenue | $ 51,500.00 | $ 8,560.48 | | | $ 38,527.75 | | | | | |
| 4456 | Harvey Singer | 81-2054 | 4317 S Michigan Avenue | $ 210,000.00 | $ 72,216.67 | | | $ 101,775.49 | | | | | |
| 4456 | Harvey Singer | 86-2054 | 7442-48 S Calumet Avenue | $ 37,500.00 | $ 12,983.33 | | | $ 13,158.18 | | | | | |
| 4456 | Harvey Singer | 90-2054 | 7656 S Kingston Avenue | $ 100,000.00 | $ 22,263.84 | Pre-rollover distributions on loan secured by 4611 S Drexel. | | $ 13,434.70 | | | | | |
| 4456 | Harvey Singer | 96-2054 | 8326-32 S Ellis Avenue | $ 65,000.00 | $ 14,198.94 | | | $ 16,775.95 | | | | | |
| **4456 Total** | | | | **$ 762,500.00** | **$ 193,771.25** | | **$ -** | **$ 345,599.49** | **$ 19,975.45** | **$ 559,346.19** | **73.36%** | **$ -** | **73.36%** |
| 4418 | Edwin Barker | 123-1498 | 7107-29 S Bennett Ave Chicago IL 60 | $ 25,000.00 | $ 14,030.33 | | | | | | | | |
| 4418 | Edwin Barker | 56-1498 | 8209 S Ellis Avenue | $ 25,000.00 | $ 14,833.00 | | | $ 7,842.08 | | | | | |
| **4418 Total** | | | | **$ 50,000.00** | **$ 28,863.33** | | **$ -** | **$ 7,842.08** | **$ -** | **$ 36,705.41** | **73.41%** | **$ -** | **73.41%** |
| 3093 | Quest IRA, Inc. FBO Nandini S. Chennappan IRA #18476-11 | 91-1269 | 7701 S Essex Avenue | $ 50,000.00 | $ 17,133.00 | | | $ 24,277.65 | | | | | |
| 3093 | Quest IRA, Inc. FBO Nandini S. Chennappan IRA # 1847611 | 92-1269 | 7748-50 S Essex Avenue | $ 5,500.00 | $ 1,470.33 | | | $ 2,240.04 | | | | | |
| 3093 | Nandini S. Chennappan | 79-1270 | 6160-6212 S Martin Luther King Driv | $ 10,000.00 | $ 2,266.61 | | | $ 747.65 | | | | | |
| **3093 Total** | | | | **$ 65,500.00** | **$ 20,869.94** | | **$ -** | **$ 27,265.34** | **$ -** | **$ 48,135.28** | **73.49%** | **$ -** | **73.49%** |
| 4080 | Robert Maione | 89-254 | 7600 S Kingston Avenue | $ 110,000.00 | $ 33,962.60 | | | $ 44,418.58 | $ 2,571.78 | | | | |
| **4080 Total** | | | | **$ 110,000.00** | **$ 33,962.60** | | **$ -** | **$ 44,418.58** | **$ 2,571.78** | **$ 80,952.96** | **73.59%** | **$ -** | **73.59%** |
| 3025 | Next Generation Trust Company FBO Mark Kapsky IRA 2396 | 60-1157 | 7026 S Cornell Avenue | $ 2,000.00 | | | | $ 1,794.51 | | | | | |
| 3025 | Next Generation Services FBO Mark Kapsky IRA 2396 | 68-1157 | 6217-27 S Dorchester Avenue | $ 40,000.00 | $ 8,299.64 | | | $ 14,666.63 | | | | | |
| 3025 | Next Generation Trust Company FBO Irene B Kapsky FFBO Mark S | 60-1166 | 7026 S Cornell Avenue | $ 13,000.00 | $ 1,941.50 | | | $ 9,922.31 | | | | | |
| 3025 | NGTS FBO Irene B. Kapsky FFBO Mark S. Kapsky IRA 3207 | 68-1166 | 6217-27 S Dorchester Avenue | $ 10,000.00 | $ 1,940.97 | | | $ 3,728.63 | | | | | |
| 3025 | Next Generation Trust Company FBO Mark Steven Kapsky IRA 270 | 60-1169 | 7026 S Cornell Avenue | $ 35,000.00 | | | | $ 31,403.97 | | | | | |
| **3025 Total** | | | | **$ 100,000.00** | **$ 12,182.11** | | **$ -** | **$ 61,516.05** | **$ -** | **$ 73,698.16** | **73.70%** | **$ -** | **73.70%** |
| 4358 | CAMA SDIRA LLC FBO Frank Starosciak IRA | 76-1239 | 7635-43 S East End Avenue | $ 17,125.00 | $ 5,774.45 | | | $ 10,833.98 | | | | | |
| 4358 | CAMA SDIRA LLC FBO Frank Starosciak IRA | 89-1239 | 7600 S Kingston Avenue | $ 20,000.00 | $ 1,928.36 | | | $ 10,556.87 | | | | | |
| 4358 | CAMA SDIRA LLC FBO Frank Starosciak IRA Acct No.R151230-01 | 96-1239 | 8326-32 S Ellis Avenue | $ 5,000.00 | $ 482.11 | | | $ 1,491.94 | | | | | |
| **4358 Total** | | | | **$ 42,125.00** | **$ 8,184.92** | | **$ -** | **$ 22,882.79** | **$ -** | **$ 31,067.71** | **73.75%** | **$ -** | **73.75%** |
| 4156 | iPlanGroup Agent for Custodian FBO David Trengove IRA Account # | 1-481 | 1700 Juneway Terrace | $ 35,000.00 | $ 5,578.58 | | | $ 11,412.59 | $ 16,458.85 | | | | |
| 4156 | iPlanGroup Agent for Custodial FBO David Trengove IRA Account # | 2-481 | 4533-37 S Calumet Avenue | $ 200,000.00 | $ 58,272.16 | | | $ 141,727.84 | | | | | |
| 4156 | iPlanGroup Agent for Custodian FBO David Trengove IRA Account # | 4-481 | 5450-52 S Indiana Avenue | $ 44,233.60 | $ 8,832.72 | | | $ 30,019.22 | | | | | |
| 4156 | iPlanGroup Agent for Custodian FBO David Trengove (Bought from | 61-481 | 7237 S Bennett Avenue | $ 43,451.47 | $ 9,949.28 | The Receiver recommends disallowing $332.53 accrued interest added to principal amount of loan. Pre-rollover distributions from loan secured by 4611 S Drexel | | $ 10,259.74 | | | | | |
| 4156 | iPlanGroup Agent for Custodian FBO David Trengove IRA Account# | 62-481 | 7834-44 S Ellis Avenue | $ 300,000.00 | $ 71,125.00 | | | $ 200,795.68 | | | | | |
| 4156 | iPlanGroup Agent for Custodian FBO David Trengove Acc. No. 3300 | 70-481 | 638 N Avers Avenue | $ 102,315.00 | $ 23,427.47 | The Receiver recommends disallowing $783 pro-rata share of accrued interest added to principal amount of loan. Pro-rata share of pre-rollover distributions on loan secured by 4611 S Drexel. | | $ 27,181.49 | | | | | |
| 4156 | iPlanGroup Agent for Custodian FBO David Trengove IRA Account# | 79-481 | 6160-6212 S Martin Luther King Driv | $ 150,000.00 | $ 35,066.67 | | | $ 11,111.54 | | | | | |
| 4156 | iPlanGroup Agent for Custodian FBO David Trengove IRA Account# | 100-481 | 11117-11119 S Longwood Drive | $ 46,000.00 | $ 4,772.25 | | | $ 16,772.73 | | | | | |
| **4156 Total** | | | | **$ 921,000.07** | **$ 217,024.13** | | **$ -** | **$ 449,280.83** | **$ 16,458.85** | **$ 682,763.81** | **74.13%** | **$ -** | **74.13%** |
| 4053 | Cosmos Building Maintenance Solo 401k Trust Acct# 2758150862 | 87-185 | 7508 S Essex Avenue | $ 50,000.00 | $ 15,036.03 | | | $ 20,900.48 | $ 1,168.99 | | | | |
| **4053 Total** | | | | **$ 50,000.00** | **$ 15,036.03** | | **$ -** | **$ 20,900.48** | **$ 1,168.99** | **$ 37,105.50** | **74.21%** | **$ -** | **74.21%** |
| 4359 | Ira J. Fields Living Trust, Glynis Sheppard, Trustee | 74-1240 | 3074 Cheltenham Place | $ 50,000.00 | $ 12,848.95 | | | $ 23,116.06 | $ 1,168.99 | | | | |
| **4359 Total** | | | | **$ 50,000.00** | **$ 12,848.95** | | **$ -** | **$ 23,116.06** | **$ 1,168.99** | **$ 37,134.00** | **74.27%** | **$ -** | **74.27%** |
| 3009 | Elisabeth Denton | 87-614 | 7508 S Essex Avenue | $ 50,000.00 | $ 15,036.03 | | | $ 20,900.48 | $ 1,693.90 | | | | |
| 3009 | Elisabeth Ann Denton | 87-650 | 7508 S Essex Avenue | $ 20,000.00 | $ 6,014.37 | | | $ 8,360.22 | | | | | |
| **3009 Total** | | | | **$ 70,000.00** | **$ 21,050.40** | | **$ -** | **$ 29,260.70** | **$ 1,693.90** | **$ 52,005.00** | **74.29%** | **$ -** | **74.29%** |
| 4235 | Shankar Thiruppathi | 68-718 | 6217-27 S Dorchester Avenue | $ 83,771.14 | $ 41,678.66 | The Receiver recommends disallowing $418.86 accrued interest added to principal balance of loan. Pre-rollover distributions on loan secured by 7109 S Calumet. | | $ 19,474.70 | $ 1,239.13 | | | | |
| 4235 | Shankar Thiruppathi | 69-718 | 6250 S Mozart Avenue | $ 16,228.86 | $ 8,074.34 | The Receiver recommends disallowing $81.14 accrued interest added to principal balance of loan. Pre-rollover distributions on loan secured by 7109 S Calumet. | | $ 3,864.86 | | | | | |
| **4235 Total** | | | | **$ 100,000.00** | **$ 49,753.00** | | **$ -** | **$ 23,339.56** | **$ 1,239.13** | **$ 74,331.69** | **74.33%** | **$ -** | **74.33%** |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4464 | Grand Mountain c/o Thaddeus Gala | 9-2070 | 8100 S Essex Avenue | $ 50,000.00 | $ 16,541.67 | | | $ 12,262.56 | $ 2,337.98 | | | | |
| 4464 | Grand Mountain c/o Thaddeus Gala | 62-2070 | 7834-44 S Ellis Avenue | $ 25,000.00 | $ 7,387.67 | | | $ 15,451.58 | | | | | |
| 4464 | Thaddeus Gala | 81-2070 | 4317 S Michigan Avenue | $ 25,000.00 | $ 7,208.33 | | | $ 13,142.05 | | | | | |
| **4464 Total** | | | | **$ 100,000.00** | **$ 31,137.67** | | **$ -** | **$ 40,856.19** | **$ 2,337.98** | **$ 74,331.84** | **74.33%** | **$ -** | **74.33%** |
| 4152 | Wesley Pittman | 5-469 | 7749 S Yates Boulevard | $ 32,000.00 | $ 5,692.40 | | | $ 6,346.40 | $ 4,209.50 | | | | |
| 4152 | Wesley Pittman | 56-469 | 8209 S Ellis Avenue | $ 70,000.00 | $ 30,146.67 | | | $ 30,739.95 | | | | | |
| 4152 | Pittman Gold, LLC | 73-469 | 7255-57 S Euclid Avenue | $ 14,700.00 | $ 4,301.38 | | | $ 7,088.36 | | | | | |
| 4152 | Pittman Gold LLC | 75-469 | 7625-33 S East End Avenue | $ 150,000.00 | $ 47,125.00 | | | $ 102,875.00 | | | | | |
| 4152 | Pittman Gold, LLC | 87-469 | 7508 S Essex Avenue | $ 14,151.00 | $ 4,184.65 | | | $ 5,957.60 | | | | | |
| 4152 | Pittman Gold, LLC | 92-469 | 7748-50 S Essex Avenue | $ 12,044.00 | $ 3,075.23 | | | $ 4,985.62 | | | | | |
| 4152 | Wesley Pittman | 123-469 | 7107-29 S Bennett Ave Chicago IL 60 | $ 85,000.00 | $ 25,088.04 | | | | | | | | |
| **4152 Total** | | | | **$ 377,895.00** | **$ 119,613.37** | | **$ -** | **$ 157,992.93** | **$ 4,209.50** | **$ 281,815.80** | **74.58%** | **$ -** | **74.58%** |
| 3028 | Dennis & Mary Ann Hennefer | 1-355 | 1700 Juneway Terrace | $ 50,000.00 | $ 11,603.66 | Pre-rollover distributions on loan secured by 7024 S Paxton | | $ 14,893.97 | $ 15,883.75 | | | | |
| 3028 | Dennis & Mary Ann Hennefer | 58-355 | 5955 S Sacramento Avenue | $ 332,334.00 | $ 120,009.50 | | | $ 118,642.00 | | | | | |
| 3028 | Dennis & Mary Ann Hennefer | 60-355 | 7026 S Cornell Avenue | $ 110,000.00 | $ 28,873.60 | Pro-rata share of pre-rollover distributions on loans secured by 7024 S Paxton and 4533 S Calumet | | $ 72,791.17 | | | | | |
| 3028 | Dennis & Mary Ann Hennefer | 62-355 | 7834-44 S Ellis Avenue | $ 55,098.00 | $ 12,786.73 | Pro-rata share of pre-rollover distributions on loan secured by 7024 S Paxton | | $ 37,120.35 | | | | | |
| 3028 | Dennis & Mary Ann Hennefer | 76-355 | 7635-43 S East End Avenue | $ 25,000.00 | $ 5,468.44 | Pre-rollover distributions on loan secured by 7024 S Paxton. | | $ 18,642.67 | | | | | |
| 3028 | Dennis & Mary Ann Hennefer | 79-355 | 6160-6212 S Martin Luther King Driv | $ 23,768.00 | $ 5,515.93 | Pro-rata share of pre-rollover distributions on loan secured by 7024 S Paxton | | $ 1,764.58 | | | | | |
| 3028 | Dennis & Mary Ann Hennefer | 89-355 | 7600 S Kingston Avenue | $ 47,044.00 | $ 10,708.50 | Pro-rata share of pre-rollover distributions on loan secured by 7024 S Paxton | | $ 21,226.02 | | | | | |
| 3028 | Dennis & Mary Ann Hennefer | 91-355 | 7701 S Essex Avenue | $ 36,134.00 | $ 8,385.73 | Pro-rata share of pre-rollover distributions on loan secured by 7024 S Paxton | | $ 20,496.63 | | | | | |
| 3028 | iPlanGroup Agent for Custodian fbo Dennis Ray Hennefer, IRA Acct | 124-1265 | 6801 S East End, Chicago, IL 60649 | $ 34,840.00 | $ 13,950.87 | | | | $ 725.65 | | | | |
| 3028 | iPlanGroup Agent for Custodian FBO Mary Ann Hennefer IRA 3300 | 124-1277 | 6801 S East End, Chicago, IL 60649 | $ 15,160.00 | $ 5,939.97 | | | | $ 318.80 | | | | |
| **3028 Total** | | | | **$ 729,378.00** | **$ 223,242.93** | | **$ -** | **$ 305,577.39** | **$ 16,928.20** | **$ 545,748.52** | **74.82%** | **$ -** | **74.82%** |
| 3051 | Harendra Pal | 94-1123 | 816-20 E Marquette Road | $ 100,000.00 | $ 24,044.39 | | | $ 56,105.62 | | | | | |
| 3051 | Harendra Pal | 96-1124 | 8326-32 S Ellis Avenue | $ 41,068.00 | $ 8,656.17 | | | $ 10,703.30 | $ 8,182.94 | | | | |
| 3051 | Harendra Pal | 4-1125 | 5450-52 S Indiana Avenue | $ 8,932.00 | $ 1,785.86 | | | $ 6,059.78 | | | | | |
| 3051 | Harendra Pal | 62-1126 | 7834-44 S Ellis Avenue | $ 100,000.00 | $ 29,550.67 | | | $ 61,806.32 | | | | | |
| 3051 | Harendra Pal | 95-1127 | 8201 S Kingston Avenue | $ 100,000.00 | $ 31,629.33 | | | $ 23,498.37 | | | | | |
| **3051 Total** | | | | **$ 350,000.00** | **$ 95,666.42** | | **$ -** | **$ 158,173.39** | **$ 8,182.94** | **$ 262,022.75** | **74.86%** | **$ -** | **74.86%** |
| 4437 | William J. & Janice R. Halbur | 89-2025 | 7600 S Kingston Avenue | $ 11,237.00 | $ 5,586.86 | Pro-rata share of pre-rollover distributions on loan secured by 6558 S Vernon | | $ 3,300.63 | $ 467.60 | | | | |
| 4437 | William and Janice J. Halbur | 93-2025 | 7957-59 S Marquette Road | $ 8,763.00 | $ 4,227.29 | Pro-rata share of pre-rollover distributions on loan secured by 6558 S Vernon | | $ 1,411.23 | | | | | |
| **4437 Total** | | | | **$ 20,000.00** | **$ 9,814.15** | | **$ -** | **$ 4,711.86** | **$ 467.60** | **$ 14,993.61** | **74.97%** | **$ -** | **74.97%** |
| 4306 | Strata Trust Company FBO David J Geldart | 9-1010 | 8100 S Essex Avenue | $ 100,000.00 | $ 28,038.97 | | | $ 26,373.90 | $ 5,391.88 | | | | |
| 4306 | Strata Trust Company FBO David J Geldart | 75-1010 | 7625-33 S East End Avenue | $ 107,362.00 | $ 32,566.04 | | | $ 74,795.96 | | | | | |
| 4306 | Strata Trust Company FBO David J Geldart IRA Acct No. 100001889 | 115-1010 | 109 N. Laramie (Property number 00 | $ 25,210.00 | $ 7,246.52 | | | | | | | | |
| **4306 Total** | | | | **$ 232,572.00** | **$ 67,851.53** | | **$ -** | **$ 101,169.86** | **$ 5,391.88** | **$ 174,413.27** | **74.99%** | **$ -** | **74.99%** |
| 3066 | JKG Investments LLC | 56-1181 | 8209 S Ellis Avenue | $ 25,000.00 | $ 10,625.00 | | | $ 11,087.82 | $ 584.50 | | | | |
| 3066 | John Gorske | 907-1208 | SSDF7 | $ 201,711.65 | $ 147,037.48 | Distributions received are return of principal from equity investment. Claim is for net out-of-pocket expenses. | | | $ 1,241.17 | | | | |
| **3066 Total** | | | | **$ 226,711.65** | **$ 157,662.48** | | **$ -** | **$ 11,087.82** | **$ 1,825.67** | **$ 170,575.97** | **75.24%** | **$ -** | **75.24%** |
| 4200 | Equity Trust Company Custodian FBO Albert Ruffin IRA 200254118 | 80-592 | 2736 W 64th Street | $ 50,000.00 | $ 19,133.33 | | | $ 17,421.58 | $ 1,168.99 | | | | |
| **4200 Total** | | | | **$ 50,000.00** | **$ 19,133.33** | | **$ -** | **$ 17,421.58** | **$ 1,168.99** | **$ 37,723.90** | **75.45%** | **$ -** | **75.45%** |
| 3070 | IRA Services Trust Custodian FBO Ronald Stephen Klein IRA | 4-301 | 5450-52 S Indiana Avenue | $ 50,000.00 | $ 10,247.27 | | | $ 33,709.50 | $ 2,680.89 | | | | |
| 3070 | Forge Trust Custodian FBO Ronald Stephen Klein IRA | 96-301 | 8326-32 S Ellis Avenue | $ 50,000.00 | $ 10,897.27 | | | $ 12,912.83 | | | | | |
| 3070 | Stephen W and Bonnie L Young Revocable Trust | 4-1223 | 5450-52 S Indiana Avenue | $ 50,000.00 | $ 5,822.25 | | | $ 37,461.82 | | | | | |
| **3070 Total** | | | | **$ 150,000.00** | **$ 26,966.79** | | **$ -** | **$ 84,084.15** | **$ 2,680.89** | **$ 113,731.83** | **75.82%** | **$ -** | **75.82%** |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4348 | Big Bean LLC c/o Randall Sotka | 2-1207 | 4533-37 S Calumet Avenue | $ 100,000.00 | $ 32,918.67 | | | $ 67,081.33 | $ 5,961.86 | | | | |
| 4348 | Big Bean LLC, c/o Randall Sotka | 10-1207 | 7301-09 S Stewart Avenue | $ 100,000.00 | $ 9,303.09 | | | $ 29,455.57 | | | | | |
| 4348 | Big Bean LLC c/o Randall Sotka | 60-1207 | 7026 S Cornell Avenue | $ 4,225.00 | $ 1,003.87 | Pro-rata share of pre-rollover distributions on loan secured by 7024 S Paxton | | $ 2,890.18 | | | | | |
| 4348 | Big Bean LLC c/o Randall Sotka | 70-1207 | 638 N Avers Avenue | $ 11,949.00 | $ 2,839.21 | Pro-rata share of pre-rollover distributions on loan secured by 7024 S Paxton | | $ 3,138.87 | | | | | |
| 4348 | Big Bean LLC c/o Randall Sotka | 75-1207 | 7625-33 S East End Avenue | $ 38,826.00 | $ 9,225.47 | | | $ 29,600.53 | | | | | |
| 4348 Total | | | | $ 255,166.48 | $ 55,290.31 | | $ - | $ 132,166.48 | $ 5,961.86 | $ 193,418.65 | 75.85% | $ - | 75.85% |
| 4144 | Hongjun Li and Sheyu Zhou | 80-432 | 2736 W 64th Street | $ 91,140.00 | $ 35,588.00 | The Receiver recommends disallowing $1,860 credit added to the principal amount of the loan. | | $ 31,354.33 | $ 2,229.74 | | | | |
| 4144 Total | | | | $ 91,140.00 | $ 35,588.00 | | $ - | $ 31,354.33 | $ 2,229.74 | $ 69,172.07 | 75.90% | $ - | 75.90% |
| 4320 | Sidney Glenn Willeford II | 73-1083 | 7255-57 S Euclid Avenue | $ 75,000.00 | $ 21,445.83 | | | $ 36,505.92 | | | | | |
| 4320 Total | | | | $ 75,000.00 | $ 21,445.83 | | $ - | $ 36,505.92 | $ - | $ 57,951.75 | 77.27% | $ - | 77.27% |
| 4049 | Joe Siracusa | 68-177 | 6217-27 S Dorchester Avenue | $ 60,000.00 | $ 32,319.23 | Pre-rollover distributions on loans secured by 7107 S Calumet and 6142 S MLK | | $ 12,806.91 | $ 1,402.79 | | | | |
| 4049 Total | | | | $ 60,000.00 | $ 32,319.23 | | $ - | $ 12,806.91 | $ 1,402.79 | $ 46,528.93 | 77.55% | $ - | 77.55% |
| 4138 | David M. Williams | 6-415 | 6437 S Kenwood Avenue | $ 24,274.00 | $ 2,794.18 | | | $ 15,090.10 | $ 1,036.05 | | | | |
| 4138 Total | | | | $ 24,274.00 | $ 2,794.18 | | $ - | $ 15,090.10 | $ 1,036.05 | $ 18,920.33 | 77.94% | $ - | 77.94% |
| 4385 | iPlanGroup Agent for Custodian FBO Richard Lohrman IRA #33003 | 86-1363 | 7442-48 S Calumet Avenue | $ 35,000.00 | $ 9,811.67 | | | $ 13,518.66 | $ 3,032.40 | | | | |
| 4385 | iPlanGroup agent for custodian FBO Richard Lohrman IRA #33003 | 88-1363 | 7546 S Saginaw Avenue | $ 150,000.00 | $ 96,680.84 | Partial repayment of principal in the amount of $60,000 on 2/1/2017 | | $ 21,811.41 | | | | | |
| 4385 Total | | | | $ 185,000.00 | $ 106,492.51 | | $ - | $ 35,330.07 | $ 3,032.40 | $ 144,854.98 | 78.30% | $ - | 78.30% |
| 4025 | Johnny Colson | 73-108 | 7255-57 S Euclid Avenue | $ 50,000.00 | $ 14,047.15 | | | $ 24,507.75 | $ 840.57 | | | | |
| 4025 Total | | | | $ 50,000.00 | $ 14,047.15 | | $ - | $ 24,507.75 | $ 840.57 | $ 39,395.47 | 78.79% | $ - | 78.79% |
| 4166 | Conrad Hanns | 73-504 | 7255-57 S Euclid Avenue | $ 50,000.00 | $ 13,047.15 | | | $ 25,189.41 | $ 1,168.99 | | | | |
| 4166 Total | | | | $ 50,000.00 | $ 13,047.15 | | $ - | $ 25,189.41 | $ 1,168.99 | $ 39,405.55 | 78.81% | $ - | 78.81% |
| 3095 | Arthur L and Dinah F Bertrand | 4-890 | 5450-52 S Indiana Avenue | $ 50,000.00 | $ 9,000.00 | | | $ 34,767.15 | $ 23,379.84 | | | | |
| 3095 | Arthur L and Dinah F Bertrand | 59-890 | 6001 S Sacramento Avenue | $ 7,552.00 | $ 2,889.00 | | | $ 2,877.71 | | | | | |
| 3095 | Arthur and Dinah Bertrand | 76-890 | 7635-43 S East End Avenue | $ 217,448.00 | $ 83,899.00 | | | $ 127,471.11 | | | | | |
| 3095 | Arthur and Dinah Bertrand | 77-890 | 7750-58 S Muskegon Avenue | $ 100,000.00 | $ 49,356.00 | | | $ 13,537.13 | | | | | |
| 3095 | Arthur and Dinah Bertrand | 78-890 | 7201 S Constance Avenue | $ 100,000.00 | $ 41,389.00 | | | $ 27,954.61 | | | | | |
| 3095 | Arthur L and Dinah F Bertrand | 80-890 | 2736 W 64th Street | $ 100,000.00 | $ 47,144.00 | | | $ 29,832.67 | | | | | |
| 3095 | Arthur L and Dinah F Bertrand | 115-890 | 109 N. Laramie (Property number 00 | $ 50,000.00 | $ 23,780.72 | | | | | | | | |
| 3095 | Arthur L and Dinah F Bertrand. (7616 S Phillips) | 122-890 | 7616-7624 S Phillips Avenue, Chicago | $ 150,000.00 | $ 131,085.04 | | | | | | | | |
| 3095 | Arthur L and Dinah F Bertrand | 126-890 | 5201-5207 W Washington Blvd, Chic | $ 225,000.00 | $ 118,689.78 | | | | | | | | |
| 3095 | Arthur Bertrand | 58-892 | 5955 S Sacramento Avenue | $ 4,825.00 | $ 1,813.00 | | | $ 1,683.04 | $ 1,825.49 | | | | |
| 3095 | Arthur Bertrand | 76-892 | 7635-43 S East End Avenue | $ 2,875.00 | $ 1,124.00 | | | $ 1,671.31 | | | | | |
| 3095 | Arthur Bertrand | 86-892 | 7442-48 S Calumet Avenue | $ 50,000.00 | $ 17,958.00 | | | $ 17,197.04 | | | | | |
| 3095 | Arthur Bertrand | 89-892 | 7600 S Kingston Avenue | $ 17,300.00 | $ 6,307.00 | | | $ 6,421.75 | | | | | |
| 3095 | Arthur L and Dinah F Bertrand | 110-892 | 5618 S Martin Luther King Drive | $ 50,000.00 | $ 64,466.18 | Claimant agreed to rollover a part of this loan to unsecured promissory note. Principal and interest payments on loan and unsecured note exceed the amount of claimant's original loan. | | $ - | | | | | |
| 3095 Total | | | | $ 1,125,000.00 | $ 598,900.72 | | $ - | $ 263,413.52 | $ 25,205.33 | $ 887,519.57 | 78.89% | $ - | 78.89% |
| 3020 | Frances D Cook | 73-539 | 7255-57 S Euclid Avenue | $ 6,000.00 | $ 1,685.67 | | | $ 2,940.92 | $ 140.28 | | | | |
| 3020 | Principle Assets LLC | 73-659 | 7255-57 S Euclid Avenue | $ 7,056.00 | $ 2,064.54 | | | $ 3,402.50 | $ 210.42 | | | | |
| 3020 | Principle Assets LLC | 87-659 | 7508 S Essex Avenue | $ 1,944.00 | $ 575.00 | | | $ 818.35 | | | | | |
| 3020 Total | | | | $ 15,000.00 | $ 4,325.21 | | $ - | $ 7,161.77 | $ 350.70 | $ 11,837.68 | 78.92% | $ - | 78.92% |
| 4067 | iPlanGroup Agent for Custodian FBO Robert Houston IRA | 73-213 | 7255-57 S Euclid Avenue | $ 50,000.00 | $ 13,297.15 | | | $ 25,018.99 | $ 1,209.91 | | | | |
| 4067 Total | | | | $ 50,000.00 | $ 13,297.15 | | $ - | $ 25,018.99 | $ 1,209.91 | $ 39,526.05 | 79.05% | $ - | 79.05% |
| 4084 | The Entrust Group, Inc. FBO Rita Deierlein Roth IRA 01-38102 | 73-260 | 7255-57 S Euclid Avenue | $ 32,000.00 | $ 8,990.15 | | | $ 15,684.97 | $ 748.15 | | | | |
| 4084 Total | | | | $ 32,000.00 | $ 8,990.15 | | $ - | $ 15,684.97 | $ 748.15 | $ 25,423.27 | 79.45% | $ - | 79.45% |
| 4051 | Fidelity Investments Custodian FBO Bolanle Addo #225824317 | 73-181 | 7255-57 S Euclid Avenue | $ 50,000.00 | $ 14,047.15 | | | $ 24,507.75 | $ 1,168.99 | | | | |
| 4051 Total | | | | $ 50,000.00 | $ 14,047.15 | | $ - | $ 24,507.75 | $ 1,168.99 | $ 39,723.89 | 79.45% | $ - | 79.45% |
| 4145 | Double Portion Foundation | 10-433 | 7301-09 S Stewart Avenue | $ 27,176.96 | $ 12,823.04 | | | $ 8,826.24 | | | | | |
| 4145 Total | | | | $ 27,176.96 | $ 12,823.04 | | $ - | $ 8,826.24 | $ - | $ 21,649.28 | 79.66% | $ - | 79.66% |
| 4169 | Michael James Guilford and Nancy Richard-Guilford | 54-516 | 8000 S Justine Street | $ 110,000.00 | $ 43,995.01 | | | $ 16,455.35 | $ 7,247.75 | | | | |
| 4169 | Michael James Guilford and Nancy Richard-Guilford | 69-516 | 6250 S Mozart Avenue | $ 50,000.00 | $ 14,458.33 | | | $ 16,845.06 | | | | | |
| 4169 | Michael James Guilford and Nancy Richard-Guilford | 75-516 | 7625-33 S East End Avenue | $ 92,561.00 | $ 30,269.05 | | | $ 62,291.95 | | | | | |
| 4169 | Michael James Guilford and Nancy Richard-Guilford | 76-516 | 7635-43 S East End Avenue | $ 57,439.00 | $ 18,709.28 | | | $ 36,967.11 | | | | | |
| 4169 Total | | | | $ 310,000.00 | $ 107,431.67 | | $ - | $ 132,559.47 | $ 7,247.75 | $ 247,238.89 | 79.75% | $ - | 79.75% |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3109 | Russ Moreland | 2-286 | 4533-37 S Calumet Avenue | $ 50,000.00 | $ 65,984.65 | Principal and interest payments received by claimant exceed the amount of claimant's original loan | | | $ 3,810.91 | | | | |
| 3109 | Russ Moreland | 87-286 | 7508 S Essex Avenue | $ 50,000.00 | $ 61,901.10 | $50,000 principal was repaid on 5/3/2018. | | | | | | | |
| 3109 | Madison Trust Company Custodian FBO Lori Moreland #M1606124 | 78-805 | 7201 S Constance Avenue | $ 10,074.00 | $ 1,222.31 | | | $ 4,221.83 | $ 4,118.48 | | | | |
| 3109 | Madison Trust Company Custodian FBO Lori Moreland#M1606124 | 124-805 | 6801 S East End, Chicago, IL 60649 | $ 11,500.00 | $ 460.65 | | | | | | | | |
| 3109 | Madison Trust Company FBO Lori Moreland | 78-822 | 7201 S Constance Avenue | $ 52,348.00 | $ 5,919.88 | Secured interest obtained from partial assignment of mortgage is $47348; claims $5,000 added to investment in February 2018, which is documented by records, but no support that this amount is secured by this property. | | $ 19,759.21 | | | | | |
| 3109 | Madison Trust Company Custodian FBO Lori Moreland Acct#M160 | 87-822 | 7508 S Essex Avenue | $ 50,000.00 | $ 2,098.82 | | | $ 28,633.98 | | | | | |
| 3109 | Madison Trust Company Custodian FBO Lori Moreland #M1606123 | 78-823 | 7201 S Constance Avenue | $ 48,087.00 | $ 5,596.84 | Secured interest obtained from partial assignment of mortgage is $45,333; claims $2,754 added to investment in February 2018, which is documented by records, but no support that this amount is secured by this property. | | $ 18,952.22 | | | | | |
| 3109 | Madison Trust Company Custodian FBO Lori Moreland Madison #N | 124-823 | 6801 S East End, Chicago, IL 60649 | $ 4,246.00 | $ 170.09 | | | | | | | | |
| **3109 Total** | | | | **$ 276,255.00** | **$ 143,354.34** | | **$ -** | **$ 71,567.24** | **$ 7,929.39** | **$ 222,850.97** | **80.67%** | **$ -** | **80.67%** |
| 4375 | Daniel Martineau | 9-1299 | 8100 S Essex Avenue | $ 125,750.00 | $ 40,552.65 | | | $ 31,225.04 | $ 7,505.32 | | | | |
| 4375 | Daniel J Martineau | 77-1299 | 7750-58 S Muskegon Avenue | $ 100,000.00 | $ 124,000.00 | Principal repaid with interest | | $ - | | | | | |
| 4375 | Daniel Martineau | 80-1299 | 2736 W 64th Street | $ 50,000.00 | $ 18,633.33 | | | $ 17,703.79 | | | | | |
| 4375 | Daniel Martineau | 82-1299 | 6355-59 S Talman Avenue | $ 24,250.00 | $ 7,097.49 | | | $ 7,426.24 | | | | | |
| 4375 | Daniel Martineau | 87-1299 | 7508 S Essex Avenue | $ 110,000.00 | $ 33,612.72 | | | $ 45,662.17 | | | | | |
| **4375 Total** | | | | **$ 410,000.00** | **$ 223,896.19** | | **$ -** | **$ 102,017.24** | **$ 7,505.32** | **$ 333,418.75** | **81.32%** | **$ -** | **81.32%** |
| 4191 | SLB Ventures, LLC | 55-565 | 8107 S Ellis Avenue | $ 95,000.00 | $ 1,044.30 | | | $ 16,643.64 | | | | | |
| 4191 | SLB Ventures LLC | 56-565 | 8209 S Ellis Avenue | $ 24,960.00 | | | | $ 19,252.32 | | | | | |
| 4191 | SLB Ventures, LLC | 109-565 | 4750 S Indiana Avenue | $ 27,641.24 | $ 84,309.48 | Claimant agreed to rollover this loan to unsecured promissory note. Principal and interest payments on loan and unsecured note exceed the amount of claimant's original loan. | | $ - | | | | | |
| **4191 Total** | | | | **$ 147,601.24** | **$ 85,353.78** | | **$ -** | **$ 35,895.96** | **$ -** | **$ 121,249.74** | **82.15%** | **$ -** | **82.15%** |
| 3069 | Kirk Road Investments LLC | 4-755 | 5450-52 S Indiana Avenue | $ 100,000.00 | $ 40,228.40 | The Receiver recommends disallowing the accrued interest that was rolled into this investment and deducting the pro-rata share of pre-rollover distributions on loan secured by 4611 S Drexel | | $ 50,685.08 | $ 8,954.48 | | | | |
| 3069 | Kirk Road Investments, LLC | 13-755 | 2909 E 78th Street | $ 235,000.00 | $ 23,611.98 | | | $ 89,381.92 | | | | | |
| 3069 | Kirk Road Investments LLC | 52-755 | 310 E 50th Street | $ 193,750.00 | $ 246,545.92 | This loan was repaid in full | | | | | | | |
| 3069 | Kirk Road Investments, LLC | 78-755 | 7201 S Constance Avenue | $ 48,000.00 | $ 17,670.00 | $15,000 of secured loan rolled to the CCF 2 fund on 11/20/17 | | $ 14,465.94 | | | | | |
| 3069 | Kirk Road Investments LLC | 151-755 | 8107 S Coles Avenue | $ 87,500.00 | $ 160,954.17 | | | | | | | | |
| 3069 | LMJ Sales, Inc. | 4-1346 | 5450-52 S Indiana Avenue | $ 100,000.00 | $ 19,994.39 | | | $ 67,843.11 | $ 14,610.93 | | | | |
| 3069 | LMJ Sales, Inc. | 9-1346 | 8100 S Essex Avenue | $ 214,000.00 | $ 83,794.31 | The Receiver recommends disallowing $1,127 accrued interest added to principal balance of loan. Pro-rata share of pre-rollover distributions from loan secured by 7420 S Colfax | | $ 47,720.71 | | | | | |
| 3069 | LMJ Sales, Inc. | 10-1346 | 7301-09 S Stewart Avenue | $ 100,000.00 | $ 30,044.36 | Pre-rollover distributions on loan secured by 7760 S Coles | | $ 22,719.44 | | | | | |
| 3069 | LMJ Sales, Inc. | 59-1346 | 6001 S Sacramento Avenue | $ 50,000.00 | $ 15,455.64 | | | $ 21,318.61 | | | | | |
| 3069 | LMJ Sales, Inc. | 92-1346 | 7748-50 S Essex Avenue | $ 45,000.00 | $ 16,054.17 | | | $ 16,090.61 | | | | | |
| 3069 | LMJ Sales, Inc. | 102-1346 | 7927-29 S Essex Avenue | $ 115,937.00 | $ 10,144.47 | | | $ 27,222.79 | | | | | |
| 3069 | Leroy & Martha Johnson | 53-1350 | 6807 S Indiana Avenue | $ 100,000.00 | $ 88,983.19 | | | $ 8,497.56 | $ 1,895.33 | | | | |
| **3069 Total** | | | | **$ 1,389,187.00** | **$ 753,481.00** | | **$ -** | **$ 365,945.77** | **$ 25,460.74** | **$ 1,144,887.51** | **82.41%** | **$ -** | **82.41%** |
| 4180 | Geronimo Usuga Carmona | 75-543 | 7625-33 S East End Avenue | $ 35,667.00 | $ 3,863.90 | | | $ 31,803.10 | $ 1,753.49 | | | | |
| 4180 | Geronimo Usuga | 89-543 | 7600 S Kingston Avenue | $ 39,333.00 | $ 4,261.10 | | | $ 20,487.87 | | | | | |
| **4180 Total** | | | | **$ 75,000.00** | **$ 8,125.00** | | **$ -** | **$ 52,290.97** | **$ 1,753.49** | **$ 62,169.46** | **82.89%** | **$ -** | **82.89%** |
| 3026 | Deborah Buffamanti | 71-1349 | 701 S 5th Avenue | $ 3,000.00 | $ 878.33 | | | $ 780.66 | $ 1,623.64 | | | | |
| 3026 | Deborah Buffamanti | 81-1351 | 4317 S Michigan Avenue | $ 50,000.00 | $ 14,416.67 | | | $ 26,284.10 | | | | | |
| **3026 Total** | | | | **$ 53,000.00** | **$ 15,295.00** | | **$ -** | **$ 27,064.76** | **$ 1,623.64** | **$ 43,983.40** | **82.99%** | **$ -** | **82.99%** |
| 4309 | Directed IRA Custodian FBO Zahra Mofrad #7440265 | 1-1024 | 1700 Juneway Terrace | $ 25,000.00 | $ 4,305.60 | | | $ 8,027.37 | $ 2,337.98 | | | | |
| 4309 | Directed IRA Custodian FBO Zahra Mofrad #7440265 | 62-1024 | 7834-44 S Ellis Avenue | $ 75,000.00 | $ 21,437.50 | | | $ 46,991.23 | | | | | |
| **4309 Total** | | | | **$ 100,000.00** | **$ 25,743.10** | | **$ -** | **$ 55,018.60** | **$ 2,337.98** | **$ 83,099.68** | **83.10%** | **$ -** | **83.10%** |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4296 | Katie Whitlock | 73-942 | 7255-57 S Euclid Avenue | $ 50,000.00 | $ 14,630.48 | | | $ 24,110.11 | $ 1,441.39 | | | | |
| 4296 | Katie Whitlock | 88-942 | 7546 S Saginaw Avenue | $ 50,000.00 | $ 15,266.67 | | | $ 14,208.45 | | | | | |
| 4296 | Katie Whitlock | 129-942 | 4944 W Roscoe Chicago Illinois | $ 50,000.00 | $ 55,096.02 | Principal and interest payments received by claimant exceed the amount of claimant's original loan | | | | | | | |
| 4296 Total | | | | $ 150,000.00 | $ 84,993.17 | | $ - | $ 38,318.56 | $ 1,441.39 | $ 124,753.12 | 83.17% | $ - | 83.17% |
| 4299 | Brad and Linda Lutz | 59-962 | 6001 S Sacramento Avenue | $ 67,876.00 | $ 64,786.51 | Pre-rollover distributions on loan secured by 7200 Stony Island | | $ 1,906.64 | | | | | |
| 4299 | Brad and Linda Lutz | 75-962 | 7625-33 S East End Avenue | $ 361,629.00 | $ 134,255.27 | | | $ 227,373.73 | | | | | |
| 4299 | Brad & Linda Lutz | 96-962 | 8326-32 S Ellis Avenue | $ 5,000.00 | $ 3,890.21 | | | $ 366.48 | | | | | |
| 4299 | Brad & Linda Lutz | 115-962 | 109 N. Laramie (Property number 00 | $ 39,663.00 | $ 11,815.12 | | | | | | | | |
| 4299 | Brad and Linda Lutz | 123-962 | 7107-29 S Bennett Ave Chicago IL 60 | $ 339,398.00 | $ 232,323.30 | | | | | | | | |
| 4299 Total | | | | $ 813,566.00 | $ 447,070.41 | | $ - | $ 229,646.85 | $ - | $ 676,717.26 | 83.18% | $ - | 83.18% |
| 4328 | Russell & Uschi Waite | 68-1120 | 6217-27 S Dorchester Avenue | $ 85,000.00 | $ 30,429.09 | The Receiver recommends disallowing $425 accrued interest added to principal balance of loan. Pre-rollover distributions on loan secured by 7109 S Calumet. | | $ 25,248.02 | $ 3,628.01 | | | | |
| 4328 | Russell Waite | 111-1120 | 6558 S Vernon Avenue | $ 220,119.00 | $ 226,683.20 | Claimant agreed to rollover this loan to unsecured promissory note in October 2017. Principal and interest payments on loan and unsecured note exceed the amount of claimant's original loan. | | $ - | | | | | |
| 4328 | Russell M. Waite | 116-1120 | 1102 Bingham St, Houston TX 77007 | $ 50,000.00 | $ 9,811.32 | Claimant agreed to rollover this loan to unsecured promissory note | | $ - | | | | | |
| 4328 Total | | | | $ 355,119.00 | $ 266,923.61 | | $ - | $ 25,248.02 | $ 3,628.01 | $ 295,799.64 | 83.30% | $ - | 83.30% |
| 4184 | Michael Terada | 51-551 | 1401 W 109th Place | $ 33,487.00 | $ 23,106.03 | | | $ 1,564.11 | $ 3,276.73 | | | | |
| 4184 Total | | | | $ 33,487.00 | $ 23,106.03 | | $ - | $ 1,564.11 | $ 3,276.73 | $ 27,946.87 | 83.46% | $ - | 83.46% |
| 4054 | Equity Trust Company Custodian FBO Ronald M. Beal IRA | 81-187 | 4317 S Michigan Avenue | $ 90,000.00 | $ 25,950.00 | | | $ 47,311.39 | $ 2,104.19 | | | | |
| 4054 Total | | | | $ 90,000.00 | $ 25,950.00 | | $ - | $ 47,311.39 | $ 2,104.19 | $ 75,365.58 | 83.74% | $ - | 83.74% |
| 4228 | Susan Martinez | 81-701 | 4317 S Michigan Avenue | $ 50,000.00 | $ 14,416.67 | | | $ 26,284.10 | $ 1,192.37 | | | | |
| 4228 Total | | | | $ 50,000.00 | $ 14,416.67 | | $ - | $ 26,284.10 | $ 1,192.37 | $ 41,893.14 | 83.79% | $ - | 83.79% |
| 4141 | Liwen Zhao | 92-426-1 | 7748-50 S Essex Avenue | $ 128,000.00 | $ 89,754.37 | $58,000 of principal balance was repaid. | | $ 21,260.25 | $ 2,291.22 | | | | |
| 4141 | Liwen Zhao | 92-426-2 | 7748-50 S Essex Avenue | $ 28,000.00 | $ 7,565.33 | | | $ 11,359.37 | | | | | |
| 4141 Total | | | | $ 156,000.00 | $ 97,319.70 | | $ - | $ 32,619.62 | $ 2,291.22 | $ 132,230.54 | 84.76% | $ - | 84.76% |
| 3149 | Louis Liu | 2-929 | 4533-37 S Calumet Avenue | $ 50,000.00 | $ 14,558.99 | | | $ 35,441.01 | $ 886.30 | | | | |
| 3149 | Heidi Liu | 92-930 | 7748-50 S Essex Avenue | $ 50,000.00 | $ 12,252.69 | | | $ 20,983.24 | $ 892.42 | | | | |
| 3149 Total | | | | $ 100,000.00 | $ 26,811.68 | | $ - | $ 56,424.25 | $ 1,778.72 | $ 85,014.65 | 85.01% | $ - | 85.01% |
| 3097 | Patricia J. Theil C/F Jacueline M. Theil | 62-923 | 7834-44 S Ellis Avenue | $ 48,837.21 | $ 11,782.06 | The Receiver recommends disallowing $327.79 accrued interest added to principal amount of loan. Pro-rata pre-rollover distributions from the loan secured by 7024 S Paxton | | $ 32,509.07 | $ 1,451.01 | | | | |
| 3097 | Patricia J Theil C/F Jacqueline M Theil | 79-923 | 6160-6212 S Martin Luther King Driv | $ 11,162.79 | $ 2,537.07 | The Receiver recommends disallowing $94.21 accrued interest claimant added to principal amount of loan, and deducting pro-rata pre-rollover distributions from the loan secured by 7834 S Ellis | | $ 833.92 | | | | | |
| 3097 | Samuel D Theil and Patricia J Theil | 62-1045 | 7834-44 S Ellis Avenue | $ 25,000.00 | $ 5,467.79 | The Receiver recommends disallowing $211 accrued interest added to principal amount of loan. Pre-rollover distributions from the loan secured by 7024 S Paxton. | | $ 17,135.92 | $ 617.92 | | | | |
| 3097 Total | | | | $ 85,000.00 | $ 19,786.92 | | $ - | $ 50,478.91 | $ 2,068.93 | $ 72,334.76 | 85.10% | $ - | 85.10% |
| 4012 | iPlanGroup Agent for Custodian FBO William Jack Needham IRA Ac | 2-80 | 4533-37 S Calumet Avenue | $ 169,500.00 | $ 51,509.92 | | | $ 117,990.08 | $ 8,309.85 | | | | |
| 4012 | iPlanGroup Agent for Custodian FBO William Jack Needham IRA Ac | 61-80 | 7237 S Bennett Avenue | $ 35,000.00 | $ 8,244.50 | | | $ 8,193.63 | | | | | |
| 4012 | iPlanGroup Agent for Custodian FBO William Jack Needham IRA Ac | 62-80 | 7834-44 S Ellis Avenue | $ 200,000.00 | $ 52,644.38 | | | $ 129,277.43 | | | | | |
| 4012 | iPlanGroup Agent for Custodian FBO William Jack Needham IRA Ac | 71-80 | 701 S 5th Avenue | $ 50,000.00 | $ 10,652.84 | | | $ 14,477.58 | | | | | |
| 4012 | iPlanGroup Agent for Custodian FBO William Jack Needham IRA Ac | 79-80 | 6160-6212 S Martin Luther King Driv | $ 25,000.00 | $ 5,648.55 | | | $ 1,870.86 | | | | | |
| 4012 | iPlanGroup Agent for Custodian FBO William Needham IRA acct 33 | 94-80 | 816-20 E Marquette Road | $ 6,000.00 | $ 1,371.67 | | | $ 3,418.78 | | | | | |
| 4012 Total | | | | $ 485,500.00 | $ 130,071.86 | | $ - | $ 275,228.36 | $ 8,309.85 | $ 413,610.07 | 85.19% | $ - | 85.19% |
| 3151 | Alan Schankman | 10-2035 | 7301-09 S Stewart Avenue | $ 50,000.00 | $ 3,704.89 | The Receiver recommends disallowing the $5,387 accrued interest that was rolled into this investment | | $ 15,035.23 | $ 4,860.49 | | | | |
| 3151 | Alan Schankman | 75-2035 | 7625-33 S East End Avenue | $ 39,664.00 | $ 14,378.20 | | | $ 25,285.80 | | | | | |
| 3151 | Alan Schankman | 79-2035 | 6160-6212 S Martin Luther King Driv | $ 50,000.00 | $ 12,291.67 | | | $ 3,645.57 | | | | | |
| 3151 | Alan Schankman | 131-2035 | 4108 N. Monticello Chicago IL 60618 | $ 50,000.00 | $ 59,920.42 | Principal and interest payments received by claimant exceed the amount of claimant's original loan | | | | | | | |
| 3151 | Alan Schankman | 908-2035 | SSDF 8 | $ 50,000.00 | | Funds wired on 5/29/18. No distributions received. | | | | | | | |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3151 | Schankman, Michael | 10-2052 | 7301-09 S Stewart Avenue | $ 50,000.00 | $ 7,411.14 | Pre-rollover distributions on loan secured by 7024 S Paxton | | $ 13,831.55 | $ 3,973.62 | | | | |
| 3151 | Michael Alden Schankman | 3-2052 | 5001 S Drexel Boulevard | $ 50,000.00 | $ 3,754.17 | LLC membership interest | | | | | | | |
| 3151 | Michael Alden Schankman | 119-2052 | 4019 S Indiana | $ 26,000.00 | $ 34,339.16 | Principal and interest payments received by claimant exceed the amount of claimant's original loan | | | | | | | |
| 3151 | Michael Alden Schankman | 904-2052 | Legacy Fund SSDF 4 | $ 49,000.00 | $ 21,505.64 | | | | | | | | |
| 3151 | Alan Schankman | 3-2096 | 5001 S Drexel Boulevard | $ 50,000.00 | $ 3,754.17 | LLC membership interest | | | $ 14,537.38 | | | | |
| 3151 | Alan Schankman | 100-2096 | 11117-11119 S Longwood Drive | $ 50,000.00 | $ 6,007.42 | | | $ 17,897.55 | | | | | |
| 3151 | Alan Schankman | 117-2096 | 3915 N. Kimball Chicago IL 60618 | $ 50,000.00 | $ 43,836.90 | | | | | | | | |
| 3151 | Alan Schankman | 119-2096 | 4019 S Indiana | $ 49,000.00 | $ 61,566.48 | Principal and interest payments received by claimant exceed the amount of claimant's original loan | | | | | | | |
| 3151 | Alan Schankman | 132-2096 | 9531 S. Fairfield Ave. Evergreen Park | $ 50,000.00 | $ 178,149.43 | Principal and interest payments received by claimant exceed the amount of claimant's original loan | | | | | | | |
| 3151 | Alan Schankman | 133-2096 | 4109 N. Kimball Ave, Chicago,IL | $ 50,000.00 | $ 67,615.18 | Principal and interest payments received by claimant exceed the amount of claimant's original loan | | | | | | | |
| 3151 | Alan Schankman | 131-2096 | 4108 N. Monticello Chicago IL 60618 | $ 50,000.00 | $ 54,937.86 | Principal and interest payments received by claimant exceed the amount of claimant's original loan | | | | | | | |
| 3151 | Alan Schankman | 156-2096 | 4351 S Calumet Avenue | $ 100,000.00 | $ 132,605.39 | Principal and interest payments received by claimant exceed the amount of claimant's original loan | | | | | | | |
| 3151 | Alan Schankman | 904-2096 | Legacy Fund SSDF 4 | $ 50,000.00 | $ 22,412.45 | | | | | | | | |
| 3151 | Alan Schankman | 10-2096 | 7301-09 S Stewart Avenue | $ 100,000.00 | $ 8,098.89 | The Receiver recommends disallowing the $8,958 accrued interest that was rolled into this investment | | $ 29,846.66 | | | | | |
| 3151 Total | | | | $ 1,013,664.00 | $ 736,289.46 | | $ - | $ 105,542.36 | $ 23,371.49 | $ 865,203.31 | 85.35% | $ - | 85.35% |
| 5004 | U.S. Bank National Association | 7-1453 | 7109-19 S Calumet Avenue | $ 1,497,160.52 | $ 109,189.31 | | $ 2,845.54 | $ 1,175,000.00 | | | | | |
| 5004 Total | | | | $ 1,497,160.52 | $ 109,189.31 | | $ 2,845.54 | $ 1,175,000.00 | $ - | $ 1,287,034.85 | 85.97% | $ - | 85.97% |
| 4112 | iPlanGroup Agent for Custodian FBO Jyotsna Sharma IRA | 64-341 | 4611 S Drexel Boulevard | $ 25,000.00 | $ 3,065.57 | Transaction to roll loan to SSDF6 equity fund was subsequently voided | | $ 21,934.43 | $ 1,168.99 | | | | |
| 4112 | iPlan Group Agent for Custodian FBO Jyotsna Sharma IRA | 74-341 | 3074 Cheltenham Place | $ 25,000.00 | $ 3,591.70 | Transaction to roll loan to SSDF6 equity fund was subsequently voided | | $ 13,320.63 | | | | | |
| 4112 Total | | | | $ 50,000.00 | $ 6,657.27 | | $ - | $ 35,255.06 | $ 1,168.99 | $ 43,081.32 | 86.16% | $ - | 86.16% |
| 4417 | Madison Trust Company Custodian FBO Denise R. Wilson Account | 4-1492 | 5450-52 S Indiana Avenue | $ 90,000.00 | $ 12,295.58 | | | $ 65,891.75 | | | | | |
| 4417 Total | | | | $ 90,000.00 | $ 12,295.58 | | $ - | $ 65,891.75 | $ - | $ 78,187.33 | 86.87% | $ - | 86.87% |
| 4266 | Jason Park | 62-814 | 7834-44 S Ellis Avenue | $ 25,000.00 | $ 7,364.58 | | | $ 15,471.83 | $ 888.43 | | | | |
| 4266 | Jason Park | 69-814 | 6250 S Mozart Avenue | $ 10,000.00 | $ 3,829.86 | | | $ 2,924.35 | | | | | |
| 4266 Total | | | | $ 35,000.00 | $ 11,194.44 | | $ - | $ 18,396.18 | $ 888.43 | $ 30,479.05 | 87.08% | $ - | 87.08% |
| 3122 | Total Return Income Fund, LLC Thomas Garlock, Managing Member | 76-1366 | 7635-43 S East End Avenue | $ 520,000.00 | $ 149,500.00 | | | $ 353,638.34 | $ 36,750.45 | | | | |
| 3122 | The Total Return Income Fund LLC | 122-1366 | 7616-7624 S Phillips Avenue, Chicago | $ 435,350.00 | $ 346,892.27 | | | | | | | | |
| 3122 | Total Return Income Fund, LLC Thomas Garlock, Managing Member | 123-1366 | 7107-29 S Bennett Ave Chicago IL 60 | $ 400,000.00 | $ 174,822.22 | | | | | | | | |
| 3122 | Total Return Income Fund, LLC Thomas Garlock, Managing Member | 152-1366 | 7635 S Coles Avenue | $ 105,000.00 | $ 129,749.81 | Principal and interest payments received by claimant exceed the amount of claimant's original loan. | | | | | | | |
| 3122 | THE INCOME FUND, LLC Thomas Garlock, Managing Member | 76-1421 | 7635-43 S East End Avenue | $ 80,000.00 | $ 29,066.67 | | | $ 48,615.33 | $ 18,045.28 | | | | |
| 3122 | THE INCOME FUND, LLC Thomas Garlock, Managing Member | 77-1421 | 7750-58 S Muskegon Avenue | $ 150,000.00 | $ 73,050.00 | | | $ 20,568.71 | | | | | |
| 3122 | The Income Fund, LLC | 110-1421 | 5618 S Martin Luther King Drive | $ 429,650.00 | $ 166,628.22 | | | $ 263,021.78 | | | | | |
| 3122 | The Income Fund, LLC | 152-1421 | 7635 S Coles Avenue | $ 105,000.00 | $ 130,012.58 | Principal and interest payments received by claimant exceed the amount of claimant's original loan | | | | | | | |
| 3122 Total | | | | $ 2,225,000.00 | $ 1,199,721.77 | | $ - | $ 685,844.16 | $ 54,795.73 | $ 1,940,361.66 | 87.21% | $ - | 87.21% |
| 4478 | Ashwin D. Patel | 56-1170 | 8209 S Ellis Avenue | $ 100,000.00 | $ 46,583.00 | | | $ 41,201.97 | | | | | |
| 4478 Total | | | | $ 100,000.00 | $ 46,583.00 | | $ - | $ 41,201.97 | $ - | $ 87,784.97 | 87.78% | $ - | 87.78% |
| 3050 | Graystone Realty, LLC | 4-1210 | 5450-52 S Indiana Avenue | $ 50,000.00 | $ 10,197.27 | | | $ 33,751.89 | | | | | |
| 3050 | Christine Hethcock | 60-1300 | 7026 S Cornell Avenue | $ 40,000.00 | $ 383.33 | | | $ 35,546.30 | | | | | |
| 3050 Total | | | | $ 90,000.00 | $ 10,580.60 | | $ - | $ 69,298.19 | $ - | $ 79,878.79 | 88.75% | $ - | 88.75% |
| 4394 | Sandeep Kattar | 4-1396 | 5450-52 S Indiana Avenue | $ 50,000.00 | $ 8,125.04 | | | $ 35,509.10 | $ 1,168.99 | | | | |
| 4394 Total | | | | $ 50,000.00 | $ 8,125.04 | | $ - | $ 35,509.10 | $ 1,168.99 | $ 44,803.13 | 89.61% | $ - | 89.61% |
| 4017 | Aksel Allouch | 4-90 | 5450-52 S Indiana Avenue | $ 50,000.00 | $ 9,130.60 | | | $ 34,656.41 | $ 1,168.99 | | | | |
| 4017 Total | | | | $ 50,000.00 | $ 9,130.60 | | $ - | $ 34,656.41 | $ 1,168.99 | $ 44,956.00 | 89.91% | $ - | 89.91% |
| 4159 | Mark Deluca | 4-485 | 5450-52 S Indiana Avenue | $ 110,000.00 | $ 21,223.93 | | | $ 75,280.28 | $ 2,571.78 | | | | |
| 4159 Total | | | | $ 110,000.00 | $ 21,223.93 | | $ - | $ 75,280.28 | $ 2,571.78 | $ 99,075.99 | 90.07% | $ - | 90.07% |
| 4433 | Luna D. and Jerry E. Ellis | 4-2020 | 5450-52 S Indiana Avenue | $ 40,000.00 | $ 7,911.07 | The Receiver recommends disallowing $1,066.65 accrued interest claimant added to principal amount of loan | | $ 27,210.75 | $ 935.19 | | | | |
| 4433 Total | | | | $ 40,000.00 | $ 7,911.07 | | $ - | $ 27,210.75 | $ 935.19 | $ 36,057.01 | 90.14% | $ - | 90.14% |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4175 | Mid LLC | 4-524 | 5450-52 S Indiana Avenue | $ 50,000.00 | $ 9,513.93 | | | $ 34,331.35 | $ 1,285.89 | | | | |
| 4175 | MID LLC | 109-524 | 4750 S Indiana Avenue | | | Duplicate of Claim No. 4-524 | | $ - | | | | | |
| 4175 Total | | | | $ 50,000.00 | $ 9,513.93 | | $ - | $ 34,331.35 | $ 1,285.89 | $ 45,131.17 | 90.26% | $ - | 90.26% |
| 4363 | Emile Dufrene | 62-1248 | 7834-44 S Ellis Avenue | $ 50,000.00 | $ 11,495.72 | Pre-rollover distributions on loan secured by 7024 S Paxton | | $ 33,780.42 | | | | | |
| 4363 Total | | | | $ 50,000.00 | $ 11,495.72 | | $ - | $ 33,780.42 | $ - | $ 45,276.14 | 90.55% | $ - | 90.55% |
| 4118 | Covenant Funding LLC | 91-364 | 7701 S Essex Avenue | $ 300,000.00 | $ 157,750.00 | | | $ 105,074.86 | $ 9,030.46 | | | | |
| 4118 Total | | | | $ 300,000.00 | $ 157,750.00 | | $ - | $ 105,074.86 | $ 9,030.46 | $ 271,855.32 | 90.62% | $ - | 90.62% |
| 3075 | Property Solutions LLC, Kevin Bybee (managing member) | 78-268 | 7201 S Constance Avenue | $ 60,000.00 | $ 20,800.00 | | | $ 18,696.50 | $ 4,773.27 | | | | |
| 3075 | Property Solutions LLC, Kevin Bybee (managing member) | 907-268 | SSDF7 | $ 102,243.78 | | Unsecured claim amount of $102,243.78 are supported out-of- pocket expenses relating to 7959 Marquette prior to rollover. | | | | | | | |
| 3075 | Equity Trust Company Custodian FBO Kevin Bybee IRA Account Nu | 50-497 | 7760 S Coles Avenue | | $ 80,121.63 | Claimant agreed to rollover this loan to unsecured promissory note in March 2018. Principal and interest payments on loan and unsecured note exceed the amount of claimant's original loan. | | | $ 2,393.33 | | | | |
| 3075 | iPlanGroup Agent for Custodian FBO Kevin Bybee IRA | 62-497 | 7834-44 S Ellis Avenue | $ 48,000.00 | $ 12,787.20 | | | $ 30,892.75 | | | | | |
| 3075 | Equity Trust Company Custodian FBO Kevin Bybee IRA | 110-497 | 5618 S Martin Luther King Drive | $ 200,000.00 | $ 208,069.12 | Principal and interest payments received by claimant exceed the amount of claimant's original loan | | $ - | | | | | |
| 3075 | Equity Trust Company Custodian FBO Kevin Bybee IRA | 112-497 | 7450 S Luella Avenue | $ 50,000.00 | $ 38,709.89 | Claimant agreed to rollover a part of this loan to unsecured promissory note in August 2017. Balance of principal was repaid. | | $ - | | | | | |
| 3075 Total | | | | $ 460,243.78 | $ 360,487.84 | | $ - | $ 49,589.25 | $ 7,166.60 | $ 417,243.69 | 90.66% | $ - | 90.66% |
| 4122 | Denton Real Estate Company Inc. 401k | 1-379 | 1700 Juneway Terrace | $ 25,000.00 | $ 4,068.10 | | | $ 8,119.50 | $ 4,675.97 | | | | |
| 4122 | Denton Real Estate Company Inc. 401k | 2-379 | 4533-37 S Calumet Avenue | $ 100,000.00 | $ 29,136.18 | | | $ 70,863.82 | | | | | |
| 4122 | Denton Real Estate Company Inc. 401k | 59-379 | 6001 S Sacramento Avenue | $ 25,000.00 | $ 7,325.00 | | | $ 10,907.90 | | | | | |
| 4122 | Denton Real Estate Company Inc. 401k | 60-379 | 7026 S Cornell Avenue | $ 50,000.00 | $ 15,378.24 | | | $ 31,064.59 | | | | | |
| 4122 Total | | | | $ 200,000.00 | $ 55,907.52 | | $ - | $ 120,955.81 | $ 4,675.97 | $ 181,539.30 | 90.77% | $ - | 90.77% |
| 4353 | Paul Franklin, Trustee F&, Inc. Solo 401K | 62-1231 | 7834-44 S Ellis Avenue | $ 24,996.40 | $ 8,557.38 | Pre-rollover distributions from the loan secured by 4108 N Monticello | | $ 13,916.53 | $ 584.50 | | | | |
| 4353 Total | | | | $ 24,996.40 | $ 8,557.38 | | $ - | $ 13,916.53 | $ 584.50 | $ 23,058.41 | 92.25% | $ - | 92.25% |
| 4113 | Sherri Agnifili | 60-348 | 7026 S Cornell Avenue | $ 30,000.00 | $ 325.00 | | | $ 26,626.08 | $ 723.90 | | | | |
| 4113 Total | | | | $ 30,000.00 | $ 325.00 | | $ - | $ 26,626.08 | $ 723.90 | $ 27,674.98 | 92.25% | $ - | 92.25% |
| 4268 | Daniel Behm | 107-816 | 1422 East 68th Street | $ 127,776.00 | $ 153,502.18 | Principal and interest payments received by claimant exceed the amount of claimant's original loan | | $ 25,334.00 | $ 2,253.20 | | | | |
| 4268 | Daniel Behm | 123-816 | 7107-29 S Bennett Ave Chicago IL 60 | $ 100,000.00 | $ 29,515.32 | | | | | | | | |
| 4268 Total | | | | $ 227,776.00 | $ 183,017.50 | | $ - | $ 25,334.00 | $ 2,253.20 | $ 210,604.70 | 92.46% | $ - | 92.46% |
| 5002 | U.S. Bank National Association | 66-1327 | 7110 S Cornell Avenue | $ 1,220,000.00 | $ 27,395.44 | | | $ 1,043,137.47 | | | | | |
| 5002 | U.S. Bank National Association | 65-1328 | 6751-57 S Merrill Avenue | $ 1,420,000.00 | $ 43,113.71 | | | $ 1,328,035.76 | | | | | |
| 5002 Total | | | | $ 2,640,000.00 | $ 70,509.15 | | $ - | $ 2,371,173.23 | $ - | $ 2,441,682.38 | 92.49% | $ - | 92.49% |
| 4343 | Rebecca Blust | 62-1189 | 7834-44 S Ellis Avenue | $ 10,000.00 | $ 2,212.84 | | | $ 6,831.80 | $ 233.80 | | | | |
| 4343 Total | | | | $ 10,000.00 | $ 2,212.84 | | $ - | $ 6,831.80 | $ 233.80 | $ 9,278.44 | 92.78% | $ - | 92.78% |
| 4029 | Alan Rubin | 62-118 | 7834-44 S Ellis Avenue | $ 50,000.00 | $ 11,647.16 | | | $ 33,647.56 | $ 1,168.99 | | | | |
| 4029 Total | | | | $ 50,000.00 | $ 11,647.16 | | $ - | $ 33,647.56 | $ 1,168.99 | $ 46,463.71 | 92.93% | | 92.93% |
| 4305 | The Entrust Group, Inc. FBO Gregory Snyder IRA # 7230001137 | 62-998 | 7834-44 S Ellis Avenue | $ 50,000.00 | $ 11,698.83 | | | $ 33,602.23 | $ 1,168.99 | | | | |
| 4305 Total | | | | $ 50,000.00 | $ 11,698.83 | | $ - | $ 33,602.23 | $ 1,168.99 | $ 46,470.05 | 92.94% | $ - | 92.94% |
| 5011 | Direct Lending Partner LLC (successor to Arena DLP Lender LLC and | 79-129 | 6160-6212 S Martin Luther King Driv | $ 2,750,000.00 | $ 267,093.00 | $2,294,664.73 total reserves | $ 2,294,664.73 | $ - | | | | | |
| 5011 Total | | | | $ 2,750,000.00 | $ 267,093.00 | | $ 2,294,664.73 | $ - | $ - | $ 2,561,757.73 | 93.15% | $ - | 93.15% |
| 4082 | Daniel Lewis & Deborah Lewis JTWROS | 62-257 | 7834-44 S Ellis Avenue | $ 50,000.00 | $ 14,285.33 | | | $ 31,333.05 | $ 1,168.99 | | | | |
| 4082 Total | | | | $ 50,000.00 | $ 14,285.33 | | $ - | $ 31,333.05 | $ 1,168.99 | $ 46,787.37 | 93.57% | $ - | 93.57% |
| 4100 | Kevin Chang | 62-305 | 7834-44 S Ellis Avenue | $ 65,000.00 | $ 19,207.93 | | | $ 40,174.11 | $ 1,519.69 | | | | |
| 4100 Total | | | | $ 65,000.00 | $ 19,207.93 | | $ - | $ 40,174.11 | $ 1,519.69 | $ 60,901.73 | 93.69% | $ - | 93.69% |
| 4408 | Chestnut Capital LLC | 13-1460 | 2909 E 78th Street | $ 60,000.00 | $ 2,500.00 | | | $ 24,312.92 | $ 4,630.31 | | | | |
| 4408 | Chestnut Capital LLC | 100-1460 | 11117-11119 S Longwood Drive | $ 50,000.00 | $ 6,024.09 | | | $ 17,890.76 | | | | | |
| 4408 | Chestnut Capital LLC | 123-1460 | 7107-29 S Bennett Ave Chicago IL 60 | $ 219,465.00 | $ 253,425.05 | Principal and interest payments received by claimant exceed the amount of claimant's original loan | | | | | | | |
| 4408 Total | | | | $ 329,465.00 | $ 261,949.14 | | $ - | $ 42,203.68 | $ 4,630.31 | $ 308,783.13 | 93.72% | $ - | 93.72% |
| 4183 | Madison Trust Company FBO Linda Smith M1803093 | 60-550 | 7026 S Cornell Avenue | $ 50,000.00 | $ 13,500.00 | | | $ 32,749.85 | $ 1,168.99 | | | | |
| 4183 Total | | | | $ 50,000.00 | $ 13,500.00 | | $ - | $ 32,749.85 | $ 1,168.99 | $ 47,418.84 | 94.84% | $ - | 94.84% |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5012 | BC57, LLC | 557 | Multiple (4) properties 74,76-78 | $ 5,328,433.43 | $ 4,846,052.00 | Distributions include $3,943,414.88 paid on title insurance claim. | $ 120,770.58 | $ - | | | | | |
| 5012 | BC57, LLC | 75-557 | 7625-33 S East End Avenue | | | | | $ 125,000.00 | | | | | |
| **5012 Total** | | | | **$ 5,328,433.43** | **$ 4,846,052.00** | | **$ 120,770.58** | **$ 125,000.00** | **$ -** | **$ 5,091,822.58** | **95.56%** | **$ -** | **95.56%** |
| 4209 | Madison Trust Company custodian FBO Anjanette Comer IRA M16 | 4-612 | 5450-52 S Indiana Avenue | $ 10,000.00 | $ 1,834.50 | This claim was inadvertently omitted from original Group 2 recommendations. Pre-rollover distributions on loan secured by 7508 Essex /2453-59 E 75th. | | $ 6,924.18 | $ 818.29 | | | | |
| **4209 Total** | | | | **$ 10,000.00** | **$ 1,834.50** | | **$ -** | **$ 6,924.18** | **$ 818.29** | **$ 9,576.97** | **95.77%** | **$ -** | **95.77%** |
| 4282 | Domenic Simone | 91-883 | 7701 S Essex Avenue | $ 100,000.00 | $ 53,133.33 | | | $ 34,618.69 | | | | | |
| 4282 | Domenic Simone | 107-883 | 1422 East 68th Street | $ 165,000.00 | $ 165,000.00 | Claimant repaid 100% of principal (Dkt. 1569). Unclear whether also received interest on this loan. | | $ - | | | | | |
| 4282 | Domenic Simone | 155-883 | Campo-Mar, Puerto Rico | $ 100,000.00 | $ 100,000.00 | Principal loan amount repaid in full. Claim is for unpaid interest only. | | | | | | | |
| **4282 Total** | | | | **$ 365,000.00** | **$ 318,133.33** | | **$ -** | **$ 34,618.69** | **$ -** | **$ 352,752.02** | **96.64%** | **$ -** | **96.64%** |
| 4073 | Timothy J Goree | 76-236 | 7635-43 S East End Avenue | $ 50,000.00 | $ 14,000.00 | | | $ 34,361.62 | | | | | |
| **4073 Total** | | | | **$ 50,000.00** | **$ 14,000.00** | | **$ -** | **$ 34,361.62** | **$ -** | **$ 48,361.62** | **96.72%** | **$ -** | **96.72%** |
| 4021 | Winnie Quick Blackwell (née Winnie Jannett Quick) | 76-102 | 7635-43 S East End Avenue | $ 11,000.00 | $ 3,087.33 | | | $ 7,552.56 | | | | | |
| **4021 Total** | | | | **$ 11,000.00** | **$ 3,087.33** | | **$ -** | **$ 7,552.56** | **$ -** | **$ 10,639.89** | **96.73%** | **$ -** | **96.73%** |
| 4474 | Equity Trust Co. FBO Nagaraja R. Rao IRA 200327298 | 76-2097 | 7635-43 S East End Avenue | $ 110,000.00 | $ 33,366.76 | Claim added after original recommendation. Claimant submitted documentation and attempted to submit a claim prior to bar date. | | $ 73,145.62 | | | | | |
| **4474 Total** | | | | **$ 110,000.00** | **$ 33,366.76** | | **$ -** | **$ 73,145.62** | **$ -** | **$ 106,512.38** | **96.83%** | **$ -** | **96.83%** |
| 4234 | Floyd L Hopkins III | 76-714 | 7635-43 S East End Avenue | $ 100,000.00 | $ 23,000.00 | | | $ 73,495.69 | $ 2,337.98 | | | | |
| **4234 Total** | | | | **$ 100,000.00** | **$ 23,000.00** | | **$ -** | **$ 73,495.69** | **$ 2,337.98** | **$ 98,833.67** | **98.83%** | **$ -** | **98.83%** |
| 4219 | Jeffry M. Edwards | 76-666 | 7635-43 S East End Avenue | $ 50,000.00 | $ 14,533.33 | | | $ 33,852.56 | $ 1,168.99 | | | | |
| **4219 Total** | | | | **$ 50,000.00** | **$ 14,533.33** | | **$ -** | **$ 33,852.56** | **$ 1,168.99** | **$ 49,554.88** | **99.11%** | **$ -** | **99.11%** |
| 4400 | QCH Investment Trust | 76-1436 | 7635-43 S East End Avenue | $ 50,000.00 | $ 14,783.33 | | | $ 33,613.94 | $ 1,168.99 | | | | |
| **4400 Total** | | | | **$ 50,000.00** | **$ 14,783.33** | | **$ -** | **$ 33,613.94** | **$ 1,168.99** | **$ 49,566.26** | **99.13%** | **$ -** | **99.13%** |
| 5017 | Federal National Mortgage Association | 67-1333 | 1131-41 E 79th Place | $ 1,214,014.59 | $ 57,450.53 | | $ 38,585.46 | $ 1,113,381.83 | | | | | |
| **5017 Total** | | | | **$ 1,214,014.59** | **$ 57,450.53** | | **$ 38,585.46** | **$ 1,113,381.83** | **$ -** | **$ 1,209,417.82** | **99.62%** | **$ -** | **99.62%** |
| 4325 | iPlan Group Agent for Custodian FBO Joshua Mora IRA | 2-1113 | 4533-37 S Calumet Avenue | | | This is a duplicate of Claim No. 2-1176 | | | | | | | |
| 4325 | iPlanGroup Agent for Custodian FBO Joshua Mora IRA Account #33 | 2-1176 | 4533-37 S Calumet Avenue | $ 57,000.00 | $ 15,366.25 | | | $ 41,633.75 | | | | | |
| **4325 Total** | | | | **$ 57,000.00** | **$ 15,366.25** | | **$ -** | **$ 41,633.75** | **$ -** | **$ 57,000.00** | **100.00%** | **$ -** | **100.00%** |
| 4344 | Vantage Appraisals, Inc. 401k | 2-1191 | 4533-37 S Calumet Avenue | $ 55,000.00 | $ 14,414.58 | | | $ 40,585.42 | | | | | |
| **4344 Total** | | | | **$ 55,000.00** | **$ 14,414.58** | | **$ -** | **$ 40,585.42** | **$ -** | **$ 55,000.00** | **100.00%** | **$ -** | **100.00%** |
| 4453 | Joseph Lee Savona | 2-2050 | 4533-37 S Calumet Avenue | $ 50,000.00 | $ 12,854.17 | | | $ 37,145.83 | | | | | |
| **4453 Total** | | | | **$ 50,000.00** | **$ 12,854.17** | | **$ -** | **$ 37,145.83** | **$ -** | **$ 50,000.00** | **100.00%** | **$ -** | **100.00%** |
| 5015 | Thorofare Asset Based Lending REIT IV | 1-1188 | 1700 Juneway Terrace | $ 2,175,000.00 | $ 362,063.12 | | $ 294,676.59 | $ 1,518,260.29 | | | | | |
| **5015 Total** | | | | **$ 2,175,000.00** | **$ 362,063.12** | | **$ 294,676.59** | **$ 1,518,260.29** | **$ -** | **$ 2,175,000.00** | **100.00%** | **$ -** | **100.00%** |
| 4422 | Equity Trust Custodian FBO Dorothy Marie Baker IRA | 76-2007 | 7635-43 S East End Avenue | $ 10,000.00 | $ 3,050.00 | | | $ 6,633.70 | $ 350.70 | | | | |
| **4422 Total** | | | | **$ 10,000.00** | **$ 3,050.00** | | **$ -** | **$ 6,633.70** | **$ 350.70** | **$ 10,034.40** | **100.34%** | **$ -** | **100.34%** |
| 4244 | Metro Rural Real Estate Solutions | 50-743 | 7760 S Coles Avenue | $ 70,000.00 | $ 70,332.98 | Claimant agreed to rollover this loan to unsecured promissory note in August 2017. Principal and interest payments on loan and unsecured note exceed the amount of claimant's original loan. | | | | | | | |
| **4244 Total** | | | | **$ 70,000.00** | **$ 70,332.98** | | **$ -** | **$ -** | **$ -** | **$ 70,332.98** | **100.48%** | **$ -** | **100.48%** |
| 4318 | Layne A. Hermansen | 2-1072 | 4533-37 S Calumet Avenue | $ 51,000.00 | $ 13,748.75 | | | $ 37,251.25 | $ 1,192.37 | | | | |
| **4318 Total** | | | | **$ 51,000.00** | **$ 13,748.75** | | **$ -** | **$ 37,251.25** | **$ 1,192.37** | **$ 52,192.37** | **102.34%** | **$ -** | **102.34%** |
| 4452 | Nicholas D Rende or Pamela M Rende | 108-2048 | 2800 E 81st Street | $ 430,000.00 | $ 289,934.00 | | | $ 140,066.00 | $ 19,405.27 | | | | |
| 4452 | Nicholas D Rende or Pamela M Rende | 113-2048 | 7840 S Yates Avenue | $ 400,000.00 | $ 294,133.00 | | | $ 105,867.00 | | | | | |
| **4452 Total** | | | | **$ 830,000.00** | **$ 584,067.00** | | **$ -** | **$ 245,933.00** | **$ 19,405.27** | **$ 849,405.27** | **102.34%** | **$ -** | **102.34%** |
| 4251 | IRA Trust Services Co. FBO SLM Property Investments IRA Account | 2-769 | 4533-37 S Calumet Avenue | $ 50,000.00 | $ 13,729.17 | | | $ 36,270.83 | $ 1,274.20 | | | | |
| **4251 Total** | | | | **$ 50,000.00** | **$ 13,729.17** | | **$ -** | **$ 36,270.83** | **$ 1,274.20** | **$ 51,274.20** | **102.55%** | **$ -** | **102.55%** |
| 4471 | Quest IRA fbo Michael E. Thomas Roth IRA acct.no. 18201-11 | 60-2092 | 7026 S Cornell Avenue | $ 50,000.00 | $ 50,844.00 | Loan repaid in full | | $ - | $ 444.22 | | | | |
| **4471 Total** | | | | **$ 50,000.00** | **$ 50,844.00** | | **$ -** | **$ -** | **$ 444.22** | **$ 51,288.22** | **102.58%** | **$ -** | **102.58%** |
| 5005 | Citibank, N.A. | 69-1324 | 6250 S Mozart Avenue | $ 1,264,000.00 | $ 1,215,143.16 | | $ 12,500.00 | $ 302,499.35 | | | | | |
| 5005 | Citibank, N.A. | 64-1325 | 4611 S Drexel Boulevard | $ 3,280,000.00 | $ 69,016.84 | | $ 1,782.23 | $ 3,550,000.00 | | | | | |
| 5005 | Citibank | 73-1326 | 7255-57 S Euclid Avenue | $ 984,000.00 | $ 38,291.46 | | $ 1,001.70 | $ 495,000.00 | | | | | |
| **5005 Total** | | | | **$ 5,528,000.00** | **$ 1,322,451.46** | | **$ 15,283.93** | **$ 4,347,499.35** | **$ -** | **$ 5,685,234.74** | **102.84%** | **$ -** | **102.84%** |
| 4261 | Robert Weech | 119-802 | 4019 S Indiana | $ 6,912.56 | $ 7,101.14 | Principal and interest payments received by claimant exceed the amount of claimant's original loan | | | $ 11.77 | | | | |
| **4261 Total** | | | | **$ 6,912.56** | **$ 7,101.14** | | **$ -** | **$ -** | **$ 11.77** | **$ 7,112.91** | **102.90%** | **$ -** | **102.90%** |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5006 | Federal Home Loan Mortgage Corporation | 72-2085 | 7024-32 S Paxton Avenue | $ 1,541,000.00 | $ 58,580.23 | | | $ 1,541,000.00 | | | | | |
| **5006 Total** | | | | **$ 1,541,000.00** | **$ 58,580.23** | | **$ -** | **$ 1,541,000.00** | **$ -** | **$ 1,599,580.23** | **103.80%** | **$ -** | **103.80%** |
| 4176 | JFKN Investment Trust | 62-527 | 7834-44 S Ellis Avenue | $ 30,000.00 | $ 32,055.54 | In addition to $8,865.20 int payments recvd on this investment, claimant recvd commissions from EquityBuild in excess of his claim amounts (apportioned to this claim in the amount of $23,190.34) and therefore Receiver recommends no further distributions. | | $ - | $ 2,221.08 | | | | |
| 4176 | JFKN Investment Trust | 87-527 | 7508 S Essex Avenue | $ 40,000.00 | $ 42,749.42 | In addition to $11,828.97 interest payments received on this investment, claimant received commissions from EquityBuild in excess of his claim amounts (apportioned to this claim in the amount of $30,920.45) and therefore the Receiver recommends no further | | | | | | | |
| 4176 | JFKN Investment Trust | 100-527 | 11117-11119 S Longwood Drive | $ 25,000.00 | $ 22,212.95 | In addition to $2,887.67 interest payments received on this investment, claimant received commissions (apportioned to this claim in the amount of $19,325.28) from EquityBuild. | | $ 1,133.86 | | | | |
| **4176 Total** | | | | **$ 95,000.00** | **$ 97,017.91** | | **$ -** | **$ 1,133.86** | **$ 2,221.08** | **$ 100,372.85** | **105.66%** | **$ -** | **105.66%** |
| 4052 | Lorenzo Jaquias | 76-184 | 7635-43 S East End Avenue | | | Claimant's loan is secured by 7625-33 S East End (property 75) only. | | $ - | $ 3,349.63 | | | | |
| 4052 | Lorenzo J Jaquias | 140-184 | 4528 S Michigan | $ 20,464.88 | $ 20,464.88 | Partial rollover to 4611 S Drexel ($21,635.12) balance to UPN ($20,464.88), which was repaid in full. | | | | | | | |
| 4052 | iPlanGroup Agent Custodian FBO Lorenzo Jaquias 3300476 | 35-184 | 61 E 92nd Street | $ 86,600.00 | $ 100,889.00 | Principal and interest payments received by claimant exceed the amount of claimant's original loan | | $ - | | | | | |
| 4052 | iPlanGroup Agent for Custodian FBO Lorenzo Jaquias IRA | 64-184 | 4611 S Drexel Boulevard | $ 21,635.00 | $ 2,489.23 | | | $ 19,145.77 | | | | | |
| 4052 | iPlanGroup Agent for Custodian FBO Lorenzo Jaquias | 75-184 | 7625-33 S East End Avenue | $ 50,000.00 | $ 14,783.33 | | | $ 35,216.67 | | | | | |
| **4052 Total** | | | | **$ 178,699.88** | **$ 138,626.44** | | **$ -** | **$ 54,362.44** | **$ 3,349.63** | **$ 196,338.51** | **109.87%** | **$ -** | **109.87%** |
| 5003 | U.S. Bank National Association | 63-1448 | 4520-26 S Drexel Boulevard | $ 4,400,000.00 | $ 223,631.08 | | $ 156,220.59 | $ 4,493,779.41 | | | | | |
| **5003 Total** | | | | **$ 4,400,000.00** | **$ 223,631.08** | | **$ 156,220.59** | **$ 4,493,779.41** | **$ -** | **$ 4,873,631.08** | **110.76%** | **$ -** | **110.76%** |
| 3089 | Mike Dirnberger | 4-443 | 5450-52 S Indiana Avenue | $ 10,000.00 | $ 2,057.73 | | | $ 6,734.88 | $ 350.70 | | | | |
| 3089 | Mike Dirnberger | 88-443 | 7546 S Saginaw Avenue | $ 5,000.00 | $ 52.08 | | | $ 2,024.06 | | | | | |
| 3089 | iPlanGroup Agent for Custodian FBO Michael Dirnberger Roth IRA | 60-445 | 7026 S Cornell Avenue | $ 817.00 | $ 71.79 | | | $ 668.64 | $ 1,038.84 | | | | |
| 3089 | iPlan Group Agent for Custodian FBO Michael Dirnberger Roth IRA | 68-445 | 6217-27 S Dorchester Avenue | $ 7,200.00 | $ 1,352.31 | | | $ 2,705.52 | | | | | |
| 3089 | iPlanGroup Agent for Custodian FBO Michael Dirnberger ROTH IRA | 83-445 | 6356 S California Avenue | $ 7,152.00 | $ 697.32 | | | $ 2,292.88 | | | | | |
| 3089 | iPlanGroup Agent for Custodian FBO Michael Dirnberger ROTH IRA | 89-445 | 7600 S Kingston Avenue | $ 14,264.00 | $ 1,442.30 | | | $ 7,490.02 | | | | | |
| 3089 | iPlanGroup Agent for Custodian FBO Michael Dirnberger ROTH IRA | 96-445 | 8326-32 S Ellis Avenue | $ 5,000.00 | $ 969.77 | | | $ 1,330.90 | | | | | |
| 3089 | iPlanGroup Agent for Custodian FBO Michael Dirnberger ROTH IRA | 141-445 | 431 E 42nd Place | | $ 25,410.48 | Claimant agreed to rollover this loan to an unsecured promissory note in 2016, and loan subsequently repaid in full | | | | | | | |
| **3089 Total** | | | | **$ 49,433.00** | **$ 32,053.78** | | **$ -** | **$ 23,246.90** | **$ 1,389.54** | **$ 56,690.22** | **114.68%** | **$ -** | **114.68%** |
| 5016 | Wilmington Trust, National Association | 3-1329 | 5001 S Drexel Boulevard | $ 2,195,582.51 | $ 102,433.63 | $2,421,115 total distribution - $598,839 from liquidation of escrow and reserve accounts and $1,822,276 from property account held by Receiver. | $ 598,839.11 | $ 1,822,276.00 | | | | | |
| **5016 Total** | | | | **$ 2,195,582.51** | **$ 102,433.63** | | **$ 598,839.11** | **$ 1,822,276.00** | **$ -** | **$ 2,523,548.74** | **114.94%** | **$ -** | **114.94%** |
| 4097 | iPlan Group Custodian FBO Chad Brown IRA # 3300471 | 111-294 | 6558 S Vernon Avenue | $ 170,000.00 | $ 205,122.74 | Claimant agreed to rollover a part of this loan to unsecured promissory note in February 2018. Principal and interest payments on loan and unsecured note exceed the amount of claimant's original loan. | | $ - | $ 983.16 | | | | |
| **4097 Total** | | | | **$ 170,000.00** | **$ 205,122.74** | | **$ -** | **$ -** | **$ 983.16** | **$ 206,105.90** | **121.24%** | **$ -** | **121.24%** |
| 4416 | Jannapureddy Brothers | 145-1491 | 4755 S St Lawrence Avenue | $ 140,000.00 | $ 178,263.78 | Principal and interest payments received by claimant exceed the amount of claimant's original loan | | | | | | | |
| **4416 Total** | | | | **$ 140,000.00** | **$ 178,263.78** | | **$ -** | **$ -** | **$ -** | **$ 178,263.78** | **127.33%** | **$ -** | **127.33%** |
| 4048 | Fixed Slice LLC | 107-176 | 1422 East 68th Street | $ 298,144.00 | $ 391,328.76 | Principal and interest payments received by claimant exceed the amount of claimant's original loan | | $ 14,666.00 | | | | | |
| **4048 Total** | | | | **$ 298,144.00** | **$ 391,328.76** | | **$ -** | **$ 14,666.00** | **$ -** | **$ 405,994.76** | **136.17%** | **$ -** | **136.17%** |
| 4059 | iPlanGroup Agent for Custodian FBO Mario Flores | 133-198 | 4109 N. Kimball Ave, Chicago,IL | $ 240,759.00 | $ 338,899.57 | Principal and interest payments received by claimant exceed the amount of claimant's original loan | | | $ 951.50 | | | | |
| **4059 Total** | | | | **$ 240,759.00** | **$ 338,899.57** | | **$ -** | **$ -** | **$ 951.50** | **$ 339,851.07** | **141.16%** | **$ -** | **141.16%** |

Exhibit A

Rising Tide Distribution Plan

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered To Date | Distribution Amount (Rising Tide) | Percentage Recovered After Group 10 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4393 | Conor Benson King | 68-1392 | 6217-27 S Dorchester Avenue | $ 15,000.00 | $ 132,786.31 | Claim submitted by former EquityBuild employee on behalf of her minor son. In addition to the interest received on this loan, commissions well in excess of the loan amount were received from EquityBuild. | | $ - | $ 350.70 | | | | |
| 4393 Total | | | | $ 15,000.00 | $ 132,786.31 | | $ - | $ - | $ 350.70 | $ 133,137.01 | 887.58% | $ - | 887.58% |
| Grand Total | | | | $ 164,184,362.48 | $ 45,606,069.09 | | $ 3,521,886.53 | $ 52,245,905.49 | $ 2,417,412.66 | $ 103,658,136.76 | | $ 19,750,000.00 | |

# Exhibit B

Exhibit B

Claims Recommended for Exclusion

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received To Date | Percentage Recovered |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 4146 | AMERICAN EXPRESS | 440 | | $ 54,472.25 | | The Receiver recommends no distribution from unencumbered funds due to failure to submit documentation supporting the claim. | | | | | |
| **4146 Total** | | | | **$ 54,472.25** | **$ -** | | **$ -** | **$ -** | **$ -** | **$ -** | **0.00%** |
| 4177 | Whitley Penn LLP | 536 | | $ 161,406.22 | | Resolved by agreement and court order. | | | | | |
| **4177 Total** | | | | **$ 161,406.22** | **$ -** | | **$ -** | **$ -** | **$ -** | **$ -** | **0.00%** |
| 4184 | Michael and Lyanne Terada | 940-551 | Colony Investment | $ 60,194.00 | | The Receiver recommends no distribution due to a failure of documentation supporting the claim either submitted by claimant or located in EquityBuild records. | | | | | |
| **4184 Total** | | | | **$ 60,194.00** | **$ -** | | **$ -** | **$ -** | **$ -** | **$ -** | **0.00%** |
| 4226 | City of Chicago | 6-693 | 6437 S Kenwood Avenue | $ 2,000.00 | | Resolved by agreement and court order. | | $ - | | | |
| 4226 | City of Chicago | 7-693 | 7109-19 S Calumet Avenue | $ 12,971.60 | $ 12,771.60 | Resolved by agreement and court order. | | | | | |
| 4226 | City of Chicago | 13-693 | 2909 E 78th Street | $ 5,485.37 | $ 5,485.37 | Resolved by agreement and court order. | | $ - | | | |
| 4226 | City of Chicago | 44-693 | 8517 S Vernon Avenue | $ 841.94 | | Resolved by agreement and court order. | | $ 841.94 | | | |
| 4226 | City of Chicago | 49-693 | 7300-04 St Lawrence Aven | $ 1,182.83 | $ 1,182.83 | Resolved by agreement and court order. | | | | | |
| 4226 | City of Chicago | 50-693 | 7760 S Coles Avenue | $ 1,079.85 | $ 1,079.85 | Resolved by agreement and court order. | | | | | |
| 4226 | City of Chicago | 54-693 | 8000 S Justine Street | $ 974.71 | $ 974.71 | Resolved by agreement and court order. | | | | | |
| 4226 | City of Chicago | 61-693 | 7237 S Bennett Avenue | $ 8,762.37 | $ 8,762.37 | Resolved by agreement and court order. | | $ - | | | |
| 4226 | City of Chicago | 73-693 | 7255-57 S Euclid Avenue | $ 1,418.05 | $ 1,118.05 | Resolved by agreement and court order. | | $ - | | | |
| 4226 | City of Chicago | 74-693 | 3074 Cheltenham Place | $ 10,812.42 | $ 10,812.42 | Resolved by agreement and court order. | | $ - | | | |
| 4226 | City of Chicago | 75-693 | 7625-33 S East End Avenue | $ 120.00 | | Resolved by agreement and court order. | | $ - | | | |
| 4226 | City of Chicago | 76-693 | 7635-43 S East End Avenue | $ 120.00 | | Resolved by agreement and court order. | | $ - | | | |
| 4226 | City of Chicago | 78-693 | 7201 S Constance Avenue | $ 17,000.00 | | Resolved by agreement and court order. | | $ - | | | |
| 4226 | City of Chicago | 89-693 | 7600 S Kingston Avenue | $ 550.00 | | Resolved by agreement and court order. | | | | | |
| 4226 | City of Chicago | 90-693 | 7656 S Kingston Avenue | $ 6,542.47 | $ 6,542.47 | Resolved by agreement and court order. | | | | | |
| 4226 | City of Chicago | 92-693 | 7748-50 S Essex Avenue | $ 900.00 | | Resolved by agreement and court order. | | | | | |
| 4226 | City of Chicago | 96-693 | 8326-32 S Ellis Avenue | $ 1,500.00 | | Resolved by agreement and court order. | | | | | |
| 4226 | City of Chicago | 110-693 | 5618 S Martin Luther King | $ 4,527.80 | $ 4,527.80 | Resolved by agreement and court order. | | $ - | | | |
| 4226 | City of Chicago | 26-693 | 8405 S Marquette Avenue | $ 413.84 | | Resolved by agreement and court order. | | $ 413.84 | | | |
| 4226 | City of Chicago | 46-693 | 9610 S Woodlawn Avenue | $ 431.13 | | Resolved by agreement and court order. | | $ 431.13 | | | |
| 4226 | City of Chicago | 115-693 | 109 N. Laramie (Property r | $ 1,715.34 | $ 1,715.34 | Resolved by agreement and court order. | | | | | |
| 4226 | City of Chicago | 72-693 | 7024-32 S Paxton Avenue | $ 413.84 | $ 293.84 | Resolved by agreement and court order. | | | | | |
| **4226 Total** | | | | **$ 79,763.56** | **$ 55,266.65** | | **$ -** | **$ 1,686.91** | **$ -** | **$ 56,953.56** | **71.40%** |
| 4232 | AMark Investment Trust | 116-710 | 1102 Bingham St, Houston | $ 125,000.00 | | Resolved by agreement and court order. | | $ 125,000.00 | $ 16,353.98 | | |
| 4232 | AMark Investment Trust | 126-710 | 5201-5207 W Washington | $ 367,500.00 | $ 236,500.00 | Resolved by agreement and court order. | | $ 197,000.00 | | | |
| **4232 Total** | | | | **$ 492,500.00** | **$ 236,500.00** | | **$ -** | **$ 322,000.00** | **$ 16,353.98** | **$ 574,853.98** | **116.72%** |
| 4275 | Cagan Management Group, Inc. | 856 | | $ 1,000,000.00 | | Contribution claim barred by good faith finding re insurance settlement | | | | | |
| **4275 Total** | | | | **$ 1,000,000.00** | **$ -** | | **$ -** | **$ -** | **$ -** | **$ -** | **0.00%** |
| 4284 | Bauer Latoza Studio, Ltd. | 2-885 | 4533-37 S Calumet Avenue | $ 3,075.00 | $ 14,200.00 | Resolved by agreement and court order. | | $ 1,250.00 | | | |
| 4284 | Bauer Latoza Studio, Ltd. | 79-885 | 6160-6212 S Martin Luther | $ 27,450.00 | $ 36,000.00 | Resolved by agreement and court order. | | $ 1,250.00 | | | |
| **4284 Total** | | | | **$ 30,525.00** | **$ 50,200.00** | | **$ -** | **$ 2,500.00** | **$ -** | **$ 52,700.00** | **172.65%** |
| 4285 | Corporate Creations International Inc. | 886 | | $ 13,018.40 | | Claim for services rendered after notice of receivership provided on 9/12/2018 is disallowed. | | | | | |
| **4285 Total** | | | | **$ 13,018.40** | **$ -** | | **$ -** | **$ -** | **$ -** | **$ -** | **0.00%** |

Exhibit B

Claims Recommended for Exclusion

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received To Date | Percentage Recovered |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 4293 | Jessica Baier | 933 | | $ 1,982.05 | | Ineligible for distribution. Failure to substantiate claim, which relates to reimbursement of taxes, and claimant did not respond to email and US Mail requests for additional information. | | | | | |
| **4293 Total** | | | | **$ 1,982.05** | **$ -** | | **$ -** | **$ -** | **$ -** | **$ -** | **0.00%** |
| 4332 | iPlanGroup FBO Christopher Mora IRA | 2-1137 | 4533-37 S Calumet Avenue | $ 67,000.00 | $ 20,695.85 | Receiver recommends that former EquityBuild Employee who actively participated in marketing the fraudulent scheme be disqualified from receiving a distribution. | | | | | |
| **4332 Total** | | | | **$ 67,000.00** | **$ 20,695.85** | | **$ -** | **$ -** | **$ -** | **$ 20,695.85** | **30.89%** |
| 4347 | Paper Street Realty LLC d/b/a Rent Ready Apartm | 124-1206 | 6801 S East End, Chicago, | $ 53,416.72 | $ 50,000.00 | Received $50,000 from Case No. 2019-CH-14244 pursuant to settlement and released lien. | | | | | |
| **4347 Total** | | | | **$ 53,416.72** | **$ 50,000.00** | | **$ -** | **$ -** | **$ -** | **$ 50,000.00** | **93.60%** |
| | Capital Investors, LLC | 3-1490 | 5001 S Drexel Boulevard | $ 75,000.00 | | Disallow $75,000 claim of promoter who actively participated in marketing the fraudulent scheme | | | | | |
| 4415 | Capital Investors, LLC | 1-1490 | 1700 Juneway Terrace | $ 250,000.00 | $ 64,933.00 | Receiver recommends disallowing further distribution to promoter of fraudulent scheme. | | $ 71,787.64 | | | |
| 4415 | Capital Investors, LLC | 58-1490 | 5955 S Sacramento Avenu | $ 50,000.00 | $ 4,666.67 | Receiver recommends disallowing further distribution to promoter of fraudulent scheme | | $ 25,331.21 | | | |
| 4415 | Capital Investors, LLC | 60-1490 | 7026 S Cornell Avenue | $ 130,000.00 | $ 36,240.89 | Receiver recommends disallowing further distribution to promoter of fraudulent scheme | | $ 84,125.94 | | | |
| 4415 | Capital Investors, LLC | 75-1490 | 7625-33 S East End Avenu | $ 36,207.00 | $ 4,505.76 | Receiver recommends disallowing further distribution to promoter of fraudulent scheme | | $ 31,701.24 | | | |
| 4415 | Capital Investors, LLC | 81-1490 | 4317 S Michigan Avenue | $ 113,793.00 | $ 15,045.91 | Receiver recommends disallowing further distribution to promoter of fraudulent scheme | | $ 72,940.85 | | | |
| 4415 | Capital Investors, LLC | 83-1490 | 6356 S California Avenue | $ 250,521.00 | $ 29,227.43 | Receiver recommends disallowing further distribution to promoter of fraudulent scheme | | $ 78,609.50 | | | |
| 4415 | Capital Investors, LLC | 93-1490 | 7957-59 S Marquette Road | $ 50,000.00 | $ 4,066.67 | Receiver recommends disallowing further distribution to promoter of fraudulent scheme | | $ 14,291.63 | | | |
| **4415 Total** | | | | **$ 880,521.00** | **$ 158,686.33** | | **$ -** | **$ 378,788.01** | **$ -** | **$ 537,474.34** | **61.04%** |
| 4421 | Inspira Financial Inc fbo Glenda K. Allred IRA #16 | 6-2004 | 6437 S Kenwood Avenue | $ 1,421,646.52 | $ 2,098.13 | Receiver recommends that former EquityBuild Employee who actively participated in marketing the fraudulent scheme be disqualified from receiving a distribution | | $ - | $ 33,237.87 | | |
| 4421 | John B. Allred & Glenda K. Allred | 13-2004 | 2909 E 78th Street | | | Receiver recommends that former EquityBuild employee who actively participated in marketing the fraudulent scheme be disqualified from receive a distribution | | $ - | | | |
| 4421 | Allred Living Trust | 54-2004 | 8000 S Justine Street | | | Receiver recommends that former EquityBuild employee who actively participated in marketing the fraudulent scheme be disqualified from receiving a distribution | | | | | |
| 4421 | John B. & Glenda A. Allred JRWROS | 55-2004 | 8107 S Ellis Avenue | | | Receiver recommends that former EquityBuild employee who actively participated in marketing the fraudulent scheme be disqualified from receiving a distribution | | | | | |

Exhibit B

Claims Recommended for Exclusion

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received To Date | Percentage Recovered |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 4421 | Allred Living Trust dated 12/7/2016 | 60-2004 | 7026 S Cornell Avenue | | | Receiver recommends that former EquityBuild Employee who actively participated in marketing the fraudulent scheme be disqualified from receiving a distribution | | $ - | | | |
| 4421 | John B. & Glenda K. Allred JTWROS | 79-2004 | 6160-6212 S Martin Luthe | | $ 15,715.62 | Receiver recommends that former EquityBuild employee who actively participated in marketing the fraudulent scheme be disqualified from receiving a distribution | | $ - | | | |
| 4421 | Inspira Financial Custodian FBO John B Allred IRA | 89-2004 | 7600 S Kingston Avenue | | | Receiver recommends that former EquityBuild employee who actively participated in marketing the fraudulent scheme be disqualified from receiving a distribution. | | | | | |
| 4421 | John B. Allred & Glenda K. Allred | 100-2004 | 11117-11119 S Longwood | | | Receiver recommends that former EquityBuild Employee who actively participated in marketing the fraudulent scheme be disqualified from receiving a distribution | | $ - | | | |
| 4421 | Allred Living Trust dated 12/7/2016 | 115-2004 | 109 N. Laramie (Property | | | Receiver recommends that former EquityBuild Employee who actively participated in marketing the fraudulent scheme be disqualified from receiving a distribution | | | | | |
| 4421 | Allred Living Trust dated 12/7/2016 | 118-2004 | 400 S Kilbourn Ave, Chicag | | | Receiver recommends that former EquityBuild Employee who actively participated in marketing the fraudulent scheme be disqualified from receiving a distribution | | | | | |
| 4421 | Allred Living Trust dated 12/7/2016 | 123-2004 | 7107-29 S Bennett Ave Ch | | | Receiver recommends that former EquityBuild Employee who actively participated in marketing the fraudulent scheme be disqualified from receiving a distribution | | | | | |
| 4421 | Allred Living Trust dated 12/7/2016 | 135-2004 | 4930 W. Cornelia, Chicago | | | Receiver recommends that former EquityBuild Employee who actively participated in marketing the fraudulent scheme be disqualified from receiving a distribution | | | | | |
| 4421 | Sunwest Trust Custodian FBO John B Allred IRA # | 904-2004 | Legacy Fund SSDF 4 | | | Receiver recommends that former EquityBuild Employee who actively participated in marketing the fraudulent scheme be disqualified from receiving a distribution | | | | | |
| **4421 Total** | | | | **$ 1,421,646.52** | **$ 17,813.75** | | **$ -** | **$ -** | **$ 33,237.87** | **$ 51,051.62** | **3.59%** |
| 5001 | UBS AG | 107-2086 | 1422 East 68th Street | | | Resolved by agreement and court order. | | $ 342,000.00 | | | |
| 5001 | UBS AG | 2086 | Multiple (6) properties 108 | $ 4,034,821.07 | $ 328,704.11 | Resolved by agreement and court order. | $ 417,974.96 | $ 1,182,025.04 | | | |
| **5001 Total** | | | | **$ 4,034,821.07** | **$ 328,704.11** | | **$ 417,974.96** | **$ 1,524,025.04** | **$ -** | **$ 2,270,704.11** | **56.28%** |
| 5005 | Citibank, N.A. | 68-1278 | 6217-27 S Dorchester Ave | $ 1,700,000.00 | $ 67,043.76 | Resolved by agreement and court order. | $ 1,221.72 | $ 1,140,000.00 | | | |
| **5005 Total** | | | | **$ 1,700,000.00** | **$ 67,043.76** | | **$ 1,221.72** | **$ 1,140,000.00** | **$ -** | **$ 1,208,265.48** | **71.07%** |

Exhibit B

Claims Recommended for Exclusion

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Insititutional Lender Claims: Reserves | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received To Date | Percentage Recovered |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 5008 | Midland Loan Services, a Division of PNC Bank, N | 972 | Multiple (11) properties 1( | $ 1,498,000.00 | $ 337,764.45 | Resolved by agreement and court order. | $ 99,379.93 | $ 1,026,724.28 | | | |
| 5008 | Midland Loan Services, a Division of PNC Bank, N | 22-972 | 7933 S Kingston Avenue | | | Resolved by agreement and court order. | | $ 81,597.34 | | | |
| 5008 | Midland Loan Services, a Division of PNC Bank, N | 26-972 | 8405 S Marquette Avenue | | | Resolved by agreement and court order. | | $ 95,070.80 | | | |
| 5008 | Midland Loan Services, a Division of PNC Bank, N | 28-972 | 8800 S Ada Street | | | Resolved by agreement and court order. | | $ 113,116.16 | | | |
| 5008 | Midland Loan Services, a Division of PNC Bank, N | 1455 | Multiple (12) properties 3( | $ 1,706,900.00 | $ 320,613.33 | Resolved by agreement and court order. | $ 78,761.90 | $ 1,133,623.00 | | | |
| 5008 | Midland Loan Services, a Division of PNC Bank, N | 33-1455 | 3723 W 68th Place | | | Resolved by agreement and court order. | | $ 87,931.58 | | | |
| 5008 | Midland Loan Services, a Division of PNC Bank, N | 35-1455 | 61 E 92nd Street | | | Resolved by agreement and court order. | | $ 86,888.77 | | | |
| 5008 | Midland Loan Services, a Division of PNC Bank, N | 40-1455 | 7953 S Woodlawn Avenue | | | Resolved by agreement and court order. | | $ 111,126.45 | | | |
| **5008 Total** | | | | $ 3,204,900.00 | $ 658,377.78 | | $ 178,141.83 | $ 2,736,078.38 | $ - | $ 3,572,597.99 | 111.47% |
| 5009 | Midland Loan Services, a Division of PNC Bank, N | 1464 | Multiple (3) properties 45 | $ 1,471,942.01 | $ 134,744.08 | Resolved by agreement and court order. | | $ 186,287.91 | | | |
| 5009 | Midland Loan Services, a Division of PNC Bank, N | 47-1464 | 5437 S Laflin Street | | | Resolved by agreement and court order. | | $ 23,646.53 | | | |
| 5009 | Midland Loan Services, a Division of PNC Bank, N | 49-1464 | 7300-04 St Lawrence Aven | | | Resolved by agreement and court order. | | $ 276,784.61 | | | |
| 5009 | Midland Loan Services, a Division of PNC Bank, N | 50-1464 | 7760 S Coles Avenue | | | Resolved by agreement and court order. | $ 43,215.54 | $ 50,000.00 | | | |
| **5009 Total** | | | | $ 1,471,942.01 | $ 134,744.08 | | $ 43,215.54 | $ 536,719.05 | $ - | $ 714,678.67 | 48.55% |
| 5010 | Midland Loan Services, a Division of PNC Bank, N | 1466 | Multiple (6) properties 51 | $ 2,403,082.84 | $ 158,938.69 | Resolved by agreement and court order. | $ 55,759.60 | $ 220,000.00 | | | |
| 5010 | Midland Loan Services, a Division of PNC Bank, N | 52-1466 | 310 E 50th Street | | | Resolved by agreement and court order. | | $ 139,211.00 | | | |
| **5010 Total** | | | | $ 2,403,082.84 | $ 158,938.69 | | $ 55,759.60 | $ 359,211.00 | $ - | $ 573,909.29 | 23.88% |
| 5013 | Northeast Bank | 898 | Multiple (17) properties 8( | $ 9,200,000.00 | $ 473,190.66 | Resolved by agreement and court order. | $ 738,756.65 | $ 3,155,243.02 | | | |
| **5013 Total** | | | | $ 9,200,000.00 | $ 473,190.66 | | $ 738,756.65 | $ 3,155,243.02 | $ - | $ 4,367,190.33 | 47.47% |
| 5014 | BMO Harris Bank N.A. | 2-1063 | 4533-37 S Calumet Avenue | $ 1,509,960.00 | $ 70,962.84 | Resolved by agreement and court order. | | $ 651,112.19 | | | |
| **5014 Total** | | | | $ 1,509,960.00 | $ 70,962.84 | | $ - | $ 651,112.19 | $ - | $ 722,075.03 | 47.82% |
| 5015 | Thorofare Asset Based Lending REIT Fund IV, LLC | 101-1188 | 6949-59 S Merrill Avenue | $ 1,540,000.00 | $ 203,522.65 | Resolved by agreement and court order. | $ 482,078.41 | $ 1,093,263.55 | | | |
| **5015 Total** | | | | $ 1,540,000.00 | $ 203,522.65 | | $ 482,078.41 | $ 1,093,263.55 | $ - | $ 1,778,864.61 | 115.51% |
| **Grand Total** | | | | $ 29,456,151.64 | $ 2,684,647.15 | | $ 1,917,148.71 | $ 11,900,627.15 | $ 49,591.85 | $ 14,773,150.25 | |

Page 4 of 4

# Exhibit C

Exhibit C

Claims Recommended for Subordination

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered |
|---|---|---|---|---|---|---|---|---|---|---|
| 3104 | CLD Construction, Inc. (Doru Unchias) | 1-1454 | 1700 Juneway Terrace | $ 5,000.00 | | Trade creditor; project put on hold - claim for completed work only | $ - | | | |
| 3104 | CLD Construction, Inc. (Doru Unchias) | 2-1454 | 4533-37 S Calumet Avenue | $ 626,335.00 | $ 600,000.00 | Trade creditor; original $600,000 contract was paid in full and claim is for add-on work. | | | | |
| 3104 | CLD Construction, Inc. (Doru Unchias) | 4-1454 | 5450-52 S Indiana Avenue | $ 2,500.00 | | Trade creditor | $ - | | | |
| 3104 | CLD Construction (Doru Unchias) | 55-1454 | 8107 S Ellis Avenue | $ 3,800.00 | | Trade creditor; project put on hold - claim for completed work only | | | | |
| 3104 | CLD Construction, Inc. (Doru Unchias) | 77-1454 | 7750-58 S Muskegon Avenue | $ 84,000.00 | $ 35,000.00 | Trade creditor - $35,000 of $84,000 was paid | $ - | | | |
| 3104 | CLD Construction, Inc. (Doru Unchias) | 78-1454 | 7201 S Constance Avenue | $ 395,000.00 | $ 264,000.00 | Trade creditor; $264,000 of $395,000 contract was paid. | $ - | | | |
| 3104 | CLD Construction, Inc. (Doru Unchias) | 93-1454 | 7957-59 S Marquette Road | $ 2,800.00 | | Trade creditor; claim is for masonry permit | | | | |
| 3104 | CLD Construction, Inc. (Doru Unchias) | 101-1454 | 6949-59 S Merrill Avenue | $ 1,000.00 | | Trade creditor - Work was not completed. Support for $1000 architectural drawings for permit. only. | | | | |
| 3104 | CLD Construction, Inc. (Doru Unchias) | 123-1454 | 7107-29 S Bennett Ave Chicago IL | $ 10,000.00 | | Trade creditor | | | | |
| 3104 | CLC Electric, Inc. (Costel Dumitrescu) | 1-1477 | 1700 Juneway Terrace | | | Trade creditor - The Receiver recommends no distribution from unencumbered funds due to a failure of documentation supporting the claim either submitted by claimant or located in EquityBuild records. | $ - | | | |
| 3104 | CLC Electric, Inc. (Costel Dumitrescu) | 9-1477 | 8100 S Essex Avenue | $ 15,000.00 | | Trade creditor | $ - | | | |
| 3104 | CLC Electric, Inc. (Costel Dumitrescu) | 101-1477 | 6949-59 S Merrill Avenue | | | Trade creditor - The Receiver recommends no distribution from unencumbered funds due to a failure of documentation supporting the claim either submitted by claimant or located in EquityBuild records. | | | | |
| **3104 Total** | | | | **$ 1,145,435.00** | **$ 899,000.00** | | **$ -** | **$ -** | **$ 899,000.00** | **78.49%** |
| 4038 | The Law Office of Richard K. Hellerman, P.C. | 142 | | $ 11,469.67 | $ 2,937.00 | Trade creditor | | | | |
| **4038 Total** | | | | **$ 11,469.67** | **$ 2,937.00** | | **$ -** | **$ -** | **$ 2,937.00** | **25.61%** |
| 4074 | Buildout, Inc | 240 | | $ 14,645.00 | $ 14,045.00 | Trade creditor. Invoice for October 2018 is disallowed as notice of receivership sent 9/27/18. | | | | |
| **4074 Total** | | | | **$ 14,645.00** | **$ 14,045.00** | | **$ -** | **$ -** | **$ 14,045.00** | **95.90%** |
| 4140 | The Kraus Law Firm | 425 | | $ 23,555.00 | $ 15,000.00 | Trade creditor | | | | |
| **4140 Total** | | | | **$ 23,555.00** | **$ 15,000.00** | | **$ -** | **$ -** | **$ 15,000.00** | **63.68%** |
| 4210 | Texas Comptroller of Public Accounts | 613 | | $ 37,000.00 | | See Receiver's Motion. Disallow $5,261.72 taxes and penalties | | | | |
| **4210 Total** | | | | **$ 37,000.00** | **$ -** | | **$ -** | **$ -** | **$ -** | **0.00%** |
| 4274 | Consilio, LLC | 841 | | $ 62,853.04 | $ 20,000.00 | Trade creditor. Disallow 10/31/18 and 2/28/19 invoices because notice of receivership and demand to cease services sent on 9/13/18. | | | | |
| **4274 Total** | | | | **$ 62,853.04** | **$ 20,000.00** | | **$ -** | **$ -** | **$ 20,000.00** | **31.82%** |
| 4287 | First Western Properties | 4-891 | 5450-52 S Indiana Avenue | $ 21,756.00 | | Trade creditor. Claim inadvertently omitted from original Group 2 recommendations. | $ - | | | |

Exhibit C

Claims Recommended for Subordination

| Claim Set No. | Claimant/Lender Name | Claim No. | Property Address / Fund Name | Total Funds Contributed to EquityBuild | Funds Received Outside of Receivership | Receiver's Recommendation Notes | Receivership Distributions - Groups 1-9 | Class Action Distribution | Total Received to Date | Percentage Recovered |
|---|---|---|---|---|---|---|---|---|---|---|
| **4287 Total** | | | | $ 21,756.00 | $ - | | $ - | $ - | $ - | 0.00% |
| 4347 | Paper Street Realty LLC DBA Rent Ready Apa | 52-1206 | 310 E 50th Street | $ 49,600.68 | | Trade creditor. Lien waiver executed; unsecured claim for pre-receivership work | | | | |
| 4347 | Paper Street Realty LLC DBA Rent Ready Apa | 56-1206 | 8209 S Ellis Avenue | | | Trade creditor. Claimant executed waiver of lien on 6/25/2020 and has withdrawn this claim. | | | | |
| 4347 | Paper Street Realty LLC DBA Rent Ready Apa | 57-1206 | 8214 S Ingleside Avenue | | | Trade creditor. Claimant executed waiver of lien on 6/25/2020 and has withdrawn this claim. | | | | |
| 4347 | Paper Street Realty LLC DBA Rent Ready Apa | 61-1206 | 7237 S Bennett Avenue | $ 162,812.50 | | Trade creditor | $ - | | | |
| **4347 Total** | | | | $ 212,413.18 | $ - | | $ - | $ - | $ - | 0.00% |
| 4374 | JK Electron, Inc., Jan Kobylarczyk | 76-1297 | 7635-43 S East End Avenue | $ 13,250.00 | | Trade creditor. Mechanics lien of record - Order approving sale (Dkt. 602) at 3(h) | $ 12,646.99 | | | |
| **4374 Total** | | | | $ 13,250.00 | $ - | | $ 12,646.99 | $ - | $ 12,646.99 | 95.45% |
| 4399 | Fields Loss Consultants LLC | 9-1424 | 8100 S Essex Avenue | $ 143,618.00 | | Trade creditor | $ 52,636.36 | | | |
| **4399 Total** | | | | $ 143,618.00 | $ - | | $ 52,636.36 | $ - | $ 52,636.36 | 36.65% |
| 4405 | Chicago Real Estate Resources | 1449 | | $ 5,950.00 | | Trade creditor | | | | |
| **4405 Total** | | | | $ 5,950.00 | $ - | | $ - | $ - | $ - | 0.00% |
| 4412 | Return Path, Inc. | 1471 | | $ 78,625.00 | $ 67,250.00 | Trade creditor. Disallow $11,375 invoice for services from 11/1/2018 to 4/1/2019. | | | | |
| **4412 Total** | | | | $ 78,625.00 | $ 67,250.00 | | $ - | $ - | $ 67,250.00 | 85.53% |
| 4469 | Gomberg Sharfman, PC | 2083 | | $ 748.00 | | Trade creditor | | | | |
| **4469 Total** | | | | $ 748.00 | $ - | | $ - | $ - | $ - | 0.00% |
| 5018 | Shatar Capital Inc et al | 1483 | Multiple (2) properties 4,5 | $ 1,800,000.00 | $ 437,266.66 | See Receiver's Motion | $ - | | | |
| **5018 Total** | | | | $ 1,800,000.00 | $ 437,266.66 | | $ - | $ - | $ 437,266.66 | 24.29% |
| **Grand Total** | | | | $ 3,571,317.89 | $ 1,455,498.66 | | $ 65,283.35 | $ - | $ 1,520,782.01 | |

# Group Exhibit D

| | |
|---|---|
| **From:** | Tyler DeRoo |
| **Sent:** | Friday, November 3, 2017 11:02 AM CDT |
| **To:** | Virju Patel |
| **CC:** | Aaron Todrin; Shuvam Bhaumik; Shaun Cohen |
| **Subject:** | Re: Capital Investors | EB - Equity Docs for Merrill Fund I |
| **Attachments:** | Investor Fund OA Template (Draft).docx, Untitled attachment 75274.html |

Hi Aaron,

It was a pleasure speaking with you yesterday. Please find attached the OA template as discussed. Let me know if you have any questions.

Tyler DeRoo
tyler@equitybuild.com
C. 847.420.2095

On Nov 3, 2017, at 10:12 AM, Virju Patel <virju@capitalinvestorspa.com> wrote:

Tyler,

Meet Aaron, our legal counsel assisting us with the Merrill Project.  Please share with him the templates you have available for him to review.

Best Regards,
Virju

--



**Virju Patel | Managing Partner**
Capital Investors LLC.
virju@capitalinvestorspa.com
260.312.3294

This material has been prepared by Capital Investors LLC.  This email, including attachments, is intended only for the addressee(s) indicated, and may include non-public, proprietary, confidential or legally privileged information. If you are not an intended recipient or an authorized agent of an intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained in or transmitted with this e-mail is unauthorized and strictly prohibited. If you have received this email in error, delete it and any attachments or copies immediately.

THE MEMBERSHIP INTERESTS DESCRIBED IN THIS AGREEMENT HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED OR THE SECURITIES LAWS OF ANY JURISDICTION.  THESE INTERESTS MAY NOT BE SOLD OR OTHERWISE DISPOSED OF, OR OFFERED FOR SALE OR OTHER DISPOSITION, UNLESS A REGISTRATION STATEMENT UNDER THOSE LAWS WITH RESPECT TO THE INTERESTS IS THEN IN EFFECT OR AN EXEMPTION FROM THE REGISTRATION REQUIREMENTS OF THOSE LAWS IS THEN APPLICABLE TO THE INTERESTS, AND UNLESS THE PROVISIONS OF ARTICLE VII OF THIS AGREEMENT ARE SATISFIED.

## OPERATING AGREEMENT

### LIMITED LIABILITY COMPANY AGREEMENT
### OF
### 6951 South Merrill Fund I, LLC

THIS LIMITED LIABILITY COMPANY AGREEMENT is made and entered into as of September__, 2017 by and among the members of the Company listed on **Exhibit "A"** attached hereto and made part hereof (hereafter each individually referred to as a "Member" and collectively as "Members," all as further defined in Article I (k) below), who have subscribed their respective names as a Member to their respective Member Signature Page also attached hereto.

The Members have caused  **6951 South Merrill Fund I, LLC,** a  Pennsylvania limited liability company (the "Company" or the "LLC") to be formed and desire to enter into this Agreement to regulate and manage the affairs of the Company, the conduct of its business and the relations of its members.

NOW, THEREFORE, in consideration of the mutual promises set forth below, the parties hereby agree as follows.

## ARTICLE I

## CERTAIN DEFINITIONS

Unless the context otherwise requires, the terms defined below shall, for purposes of this Agreement, have the meanings specified:

a. "Act" means the Limited Liability Company Act of the State of Delaware, as amended from time to time (or any corresponding provisions of succeeding law).

b. "Affiliate" with respect to any Person means (i) any other Person who controls, is controlled by or is under common control with such Person, (ii) any director, officer, partner or employee of such Person or any Person specified in clause (i) above, or (iii) any immediate family member of any Person specified in clause (i) or (ii) above.

{01269150;2}                                                    1

c.   "Agreement" means this Limited Liability Company Agreement as originally executed and as amended from time to time.

d.   "Available Cash" means all cash and cash equivalents of the Company on hand at any time, less such cash reserves as the Managing Manager deems reasonably necessary for working capital and to meet any other foreseeable cash needs of the Company.

e.   "Capital Transaction" means (i) a sale, exchange, condemnation or other disposition of all or any portion of the Property or any other asset of the Company if such asset is disposed of outside of the ordinary course of business of this Company, (ii) a fire or other casualty or condemnation affecting all or any portion of the Property, or (iii) a refinancing of any indebtedness of the Company.

f.   "Certificate" means the Certificate of Formation of the Company filed with the Secretary of State of Delaware on  November 1, 2017  for the purpose of forming the Company, as originally filed and as amended from time to time.

g.   "Class A Members" means members who have voting rights. Said member assumes all liability in terms of expenses irrespective of the percentage of ownership, a preferred rate of return as defined herein, and subordination of payment to Class B on the capital contribution made.

h.   "Class B Members or Preferred Member" means members who have no voting rights, and a preferred rate of return as defined herein.  Said members have no liability in terms of expenses irrespective of percentage of ownership.

i.   "Code" means the Internal Revenue Code of 1986, as amended from time to time (or corresponding provisions of succeeding laws).

j.   "Extraordinary Transactions", and each, an "Extraordinary Transaction", means

     (i)     the admission of additional Members to the Company;

     (ii)     any amendments to or modifications of this Agreement;

     (iii)     borrow money for and on behalf of the Company; on a secured or unsecured basis;

     (iv)     change the purpose of the Company;

     (v)     sell any of the Property or any interest therein;

     (vi)     enter into any financing transaction which creates any recourse liability to the Members or which requires the Members to pledge their Membership Interests in the Company to any financial party;

(vii)    permit the Company or any Affiliate of the Company to incur or issue any borrowing, guaranty or the like, or any refinancing or replacement thereof;

(viii)    providing or making distributions of Company cash or other property;

(ix)    entering into any management or leasing agreement with respect to the Property;

(x)    calling for Additional Capital contribution pursuant to a "Capital Call Notice" as provided for in Article III;

(x) remove a Managing Manager.

k.    "Fiscal Year" means the Company's fiscal year, which shall be the calendar year.

l.    "Initial Capital Contributions" has the meaning set forth in Section 3.1.

"Lender"  means BC57, LLC, a Michigan limited liability company.

m.    "Loan" means the loan issued by Lender to SSDF5 PORTFOLIO 1 LLC, an Illinois limited

liability company secured by the Property.

n.    "Loan Documents" shall mean, collectively, the Loan Agreement, the Note, the Security Instrument, the Assignment of Leases, the Guaranty, the Environmental Indemnity, the Assignment of Management Agreement, Loan Agreement and all other documents, agreements, certificates and instruments now or hereafter executed and/or delivered by Company as sole member of SSDF5 Portfolio LLC, an Illinois limited liability company, in connection with the Loan.

o.    "Majority" means a vote by Class A members in excess of 75% of votes.

p.    "Manager" means **Capital Investors Management, LLC**, a Pennsylvania limited liability company, or any Person(s) subsequently designated to manage the Company pursuant to the Loan Documents, this Agreement and the Act, but does not include any Person who has ceased to act in that capacity.

q.    "Member" shall mean, in connection with the formation of the Company, each of the parties who execute a counterpart of this Operating Agreement as a Member.  References to a Member as it, itself or other like references shall also, where the context so requires, be deemed to include the masculine of feminine reference, as the case may be, who shall have voting rights and rights to profits.

r.  "Member Loans" shall mean loans from the Members to the Company made pursuant to this Operating Agreement. A Member Loan shall bear interest at a rate of interest of 8% per annum.

q.  "Membership Interest" means a Member's entire interest in the Company, including the Member's right to share in Net Profits and Net Losses and to receive distributions from the Company, and all other rights of a Member under this Agreement or of a member of a limited liability company under the Act. The initial Members' initial Membership Interest percentages are stated on Exhibit A attached hereto.

r.  "Name" means the name of the Company and under which it will conduct business. The Name is **6951 South Merrill Fund I, LLC,** a Pennsylvania limited liability company.

s.  "Net Profits" and "Net Losses" mean, for each Fiscal Year, the taxable income or loss of the Company for such Year determined in accordance with Section 703(a), of the Code using the accrual method of accounting, plus any income exempt from federal income tax under the Code, and less any expenditures not deductible in computing such income or loss and not property chargeable to capital account under the Code.

t.  "Ownership Interest" means the Company's interest in any entity the Company invests in order to acquire all or part of the Properties, including company's right to share in net profits and net losses and to share in distributions from such companies and all other rights under this Agreement or of a member of a limited liability Company under the Act.

u.  "Membership Interest" means the percentages stated on **Exhibit A** to this Operating Agreement.

v.  "Person" means an individual, Limited Liability Company, partnership, business trust, Joint Membership Interest Company, trust, unincorporated association, joint venture, governmental authority or other entity of whatever nature.

w.  "Preferred Return" means an 8% cumulative, compounded annually, return calculated on the amount of such Class A and B Member's accumulated capital contribution.

x.  "Property" means by the real estate property commonly known as 6951 S Merrill Ave., Chicago, IL 60649 which serves as collateral for the Loan.

y.  "Regulations" means the Income Tax Regulations, including temporary regulations, promulgated under the Code, as amended from time to time.

z.  "Transfer" means (a) as a noun, the transfer of legal, equitable, or beneficial ownership by sale, exchange, assignment, gift, donation, grant, or other conveyance or disposition of any kind, whether voluntary or involuntary, including transfers by operation of law or legal process, and includes any (i) option, right of first refusal or similar right, whether or not presently exercisable, (ii) appointment of a receiver, trustee, liquidator, custodian, or other similar official for a Member or all or any part of the property of a Members under

{01269150;2}                                    4

applicable bankruptcy or insolvency laws, (iii) gift, donation, transfer by will or intestacy or other similar type of transfer or disposition, whether *inter vivos* or *mortis causa,* and (iv) any transfer or disposition to a spouse or former spouse of a Members (including by reason of a separation agreement or divorce, equitable or community or marital property distribution, judicial decree or other court order concerning the division or partition of property between spouses or former spouses or other persons); and (b) as a verb, the act of making any Transfer.

aa. "Unreturned Initial Capital" means the amount of a Member's Initial Capital Contribution less amounts distributed to such Member pursuant to Sections 4.1(a) and 4.1(b).

bb. "Unreturned Capital" means, as to any Member, at any time, (i) the amount of capital contributed to the Company by such Member, less (ii) the total amount previously distributed to it by the Company pursuant to Section 4.1(b).

## ARTICLE II

## FORMATION OF COMPANY

2.1    Formation.  The Certificate was filed and the Company formed as a limited liability company under and pursuant to the provisions of the Act.  The rights and obligations of the Members and the Managing Manager shall be as provided in the Act except as otherwise expressly provided in this Agreement.

2.2    Purpose.  Notwithstanding any provision hereof to the contrary, the following shall govern.  The nature of the business and of the purposes to be conducted and promoted by the Company, is to engage solely in the following activities : (1)  to be the member of SSPH Holdco I LLC, an Illinois limited liability company which owns the Property;  (2) operate, lease, mortgage, pledge and otherwise deal with the Property on behalf of SSDF5 Portfolio 1, LLC; (3) to exercise all powers enumerated in this Agreement and the limited liability company law of the State of Illinois necessary or convenient to the conduct, promotion or attainment of the business or purposes otherwise set forth herein.

2.3    Principal Place of Business.  The principal place of business of the Company shall be located at 38 Mountain View Lane, Shwenksville, PA, 19473, or at such other place as the Managing Manager may determine.

2.4    Term.  The term of the Company shall be perpetual, unless sooner dissolved in accordance with the provisions of this Agreement or the Act.

## ARTICLE III

## CAPITAL CONTRIBUTIONS AND CAPITAL ACCOUNTS

3.1    Initial Capital Contributions.  Following the execution of this Agreement, as and when it may be required for acquisition of the Ownership Interest or the Property,  each of Members shall contribute to the capital of the Company the amount of capital set forth opposite

its name on **Exhibit A** of this Agreement (the "Initial Capital Contributions"). The amounts of each Class A and Class B Members payments of the Initial Capital Contributions shall be as and when determined by the Managing Manager.

3.2     Additional Capital Contributions:

(a)     The Class A Members expect and intend that any cash requirements of the Company in excess of the Initial Capital Contributions shall be provided by loans from unrelated third parties and from the operations of the Company, and neither Members nor their principals shall be required to make any additional capital contribution except as provided herein, and shall not be liable for any acts or debts of the Company, except as otherwise provided in the Act.  Class B Members shall not be subjected to a capital call and need not pay any additional capital contribution amounts beyond the Initial Capital Contribution.

(b)     Notwithstanding anything herein to the contrary, if the funds available from third party borrowings and the operations of the Company are insufficient to meet the cash requirements of the Company for the reasonable expenses of maintaining and preserving the Property and any loans to the Company related thereto, as determined by the Managing Manager, the Class A Members shall contribute to the Company the amount so required in the proportion to the Membership Interest of each Member bears to the amount of the additional Capital so required. The Managing Manager shall notify each Class A Member in writing of the amount of capital required if such Member were to make its full Additional Capital contribution (the "Capital Call Notice").

(c)     Notwithstanding anything herein to the contrary, within Eight (8) days of the receipt of a Capital Call Notice, if any of the Class A Members respond in writing that it does not desire to make the capital contribution or if such Class A Member fails to make the capital contribution (a "Defaulting Member"), the other Class A Members shall have the right, but not the obligation, to make a contribution in the total amount set forth in the Capital Call Notice in the form of a loan to the Company, subject and subordinate to the terms and provision of the Loan Documents, a "Member Loan" which Member Loan shall earn interest at the rate of 8% per annum and shall be paid to such Member prior to any other distribution to the Members.

3.3     Capital Accounts.     (a) A separate capital account shall be established and maintained for each Member.  Each Member's capital account shall be increased by (i) the amount of money contributed by such Member to the Company; (ii) the fair market value of property or property interests contributed by such Member to the Company (net of liabilities secured by such contributed property that the Company is considered to assume or take subject to pursuant to the provisions of Section 752 of the Code); and (iii) the amount of Net Profits allocated to such Member, and shall be decreased by (iv) the amount of money distributed to such Member by the Company; (v) the fair market value of property distributed to such Member by the Company (net of liabilities secured by such distributed property that such Member is considered to assume or take subject to pursuant to the provisions of Section 752 of the Code); and (vi) the amount of Net Losses allocated to such Member, and shall otherwise be adjusted in accordance with Regulations Section 1.704-1 (b),

{01269150;2}                                    6

(b)      The capital accounts of the Members shall reflect reevaluations of property in all events in which such revaluation is permissible or required under the Regulations.  In the event that the capital accounts of the Members are, in accordance with the preceding sentence, computed with reference to a book value of any asset that differs from its adjusted tax basis, then the capital accounts shall be adjusted for depreciation, depletion, amortization, and gain or loss, as computed for book purposes with respect to such asset in accordance with the Regulations.

(c)      The foregoing provisions, and other provisions of this Agreement relating to the maintenance of capital accounts and allocation of income, gain, loss, deduction and credit, are intended to comply with Regulations Section 1.704-1(b) and 1.704-2 and shall be interpreted and applied in a manner consistent with those Regulations.  If the Managing Manager determines that it is prudent to modify the manner in which capital accounts, or any debits or credits thereto, are computed in order to comply with those Regulations, the Managing Manager may make such modification upon 10 days prior written notice to all Members of such proposed modification, provided that such modification is not likely to have a material effect on the amount distributable to any Member by the Company.  Any such modification shall not require an amendment to this Agreement or the approval of any Member.

3.4      No Withdrawal or Payment of Interest. No Member shall have the right to (a) withdraw all or any part of its capital contribution prior to the dissolution of the Company, (b) receive any return or interest on any part of its capital contribution, except as otherwise provided in this Agreement, or (c) withdraw or resign from the Company, except with the consent of the Managing Manager and other Members or by transfer or other disposition of all of its Membership Interest in accordance with the terms of this Agreement.

ARTICLE IV

DISTRIBUTIONS AND ALLOCATIONS

4.1      Distributions. (a) Available Cash from cash flow shall be distributed to the Members at such times and in such amounts as the Managing Manager determines, as follows:

(i)      First, to each Class B Member in the amount of  the preferred rate of return on any capital contribution made by that Class B Member to the Company in accordance with Section 3.2 hereof;

(ii)      Second, to each Class A Member in the amount of  the preferred rate of return on any capital contribution made by that Preferred A Member to the Company in accordance with Section 3.2 hereof;

(iii)      Third, to each Member in the amount of any outstanding balance of any Member Loan made by that Member to the Company in accordance with Section 3.2 hereof;

(iv)    Fourth issuance of profit, if any, to Members in the amount of percentage of ownership at Managing Manager's discretion during the operation of the business;at

(v)

(b)    Cash available from any <u>Capital Transaction</u> shall be distributed to the Members promptly after its receipt, after giving due consideration to the reasonably foreseeable cash needs of the Company, as follows:

(i)    First, to each Class B Member in the amount of the preferred rate of return on any capital contribution made by that Class B Member to the Company in accordance with Section 3.2 hereof;

(ii)    Second, to each Class A Member in the amount of the preferred rate of return on any capital contribution made by that Preferred A Member to the Company in accordance with Section 3.2 hereof;

(iii)    Third, to each Member in the amount of any outstanding balance of any Member Loan made by that Member to the Company in accordance with Section 3.2 hereof;

(iv)    Fourth, a return of any amount equal to such Member's Class B Members Unreturned Capital, as long as such Member has no outstanding debt to Company;

(v)    Fifth, a return of any aggregate amount equal to such Member's Class A Members Unreturned Capital, who has no outstanding debt to Company; Fourth;

(vi)    Sixth, in the event of refinance or sale of the Company, to each Member in the aggregate amount equal to such Member's Unreturned Capital;

(vii)    Seventh, issuance of profit, if any, to Members in the amount of percentage of ownership at Managing Manager's discretion during the operation of the business, and upon an event of sale of the Company or a refinancing event of the Company, if any amounts are available for profit distribution and at the discretion of the Managing Manager;

(viii)    Eighth, issuance of additional profit, if any, to Class B Members in the total amount of 12.5% and 87.5% to Class A Members, solely upon an event of sale of the Company or a refinancing event of the Company, if any amounts are available for profit distribution and at the discretion of the Managing Manager. Said funds, if any shall be distributed within Fifteen (15) calendar

days after the issuance of a quarterly financial report by LLC. LLC shall release the quarterly financial report within Thirty (30) calendar days from the end of each quarter.

4.2     Allocations of Net Profit and Net Losses.

(a) Allocations of Net Profits. After giving effect to the   allocations set forth in Section 4.3, the Net Profits of the Company at the discretion of Managing Manager shall be allocated:

(i)     Equally to those Class B and A Members with a positive balance in their capital accounts, based on the Preferred Return, relative to the aggregate Percentage Interests of all Members with a positive balance in their capital account;

(b)     Allocation of Net Losses. After giving effect to the  allocations set forth in Section 4.3, the Net Losses of the Company for each Fiscal Year shall be allocated as follows:

(i)     Only to Class A Members with a positive balance in their capital accounts, but under no circumstances shall any Class B Member be allocated Net Losses; until such Member has been allocated aggregate losses pursuant to Section 4.2(b)(i) equal to the aggregate of amount income allocated such Class A Member pursuant to Section 4.2(a), but under no circumstances shall any Class A Member be allocated Net Losses pursuant to this Section 4.2(b)(i) that would reduce such Member's balance in its capital account below Zero; and

(ii)    Second, to those  Members with a positive balance in their capital accounts, give to the aggregate Percentage Interests of all Members; until such Class A Member has been allocated aggregate losses pursuant to Section 4.2(b)(i) equal to the aggregate of amount income allocated such Class A Member pursuant to Section 4.2(a), but under no circumstances shall any Class A Member be allocated Net Losses pursuant to this Section 4.2(b)(i) that would reduce such Member's balance in its capital account below Zero; and

4.3     Regulatory and Curative Allocations. (a) The following allocations shall be made in the following order:

(i)     Minimum Gain Chargeback. Notwithstanding any other provision of this Agreement, if there is a net decrease in Minimum Gain (as defined below) during any Fiscal Year, each Member shall be allocated, before any other allocation of Company items for such Fiscal Year, items of gross income and gain for such Year (and, if necessary, for subsequent Fiscal Years) in proportion to, and to the extent of, the amount of such Member's share of the net decrease in Minimum Gain during such year. The income allocated pursuant to this Section 4.3(a)(i) in any Fiscal Year shall consist first of gains recognized from the disposition of property subject to one or more nonrecourse liabilities

{01269150;2}                                9

of the Company, and any remainder shall consist of a pro rata portion of other items of income or gain of the Company. The allocation otherwise required by this Section 4.3(a)(i) shall not apply to a Member to the extent provided in Regulations Sections 1,704-2(f)(2) through (5).

(ii)     Qualified Income Offset.  Notwithstanding any other provision of this Agreement, if a Member unexpectedly receives an adjustment, allocation or distribution described in Regulations Sections 1.704-1(b)(2)(ii)(d)(4), (5) or (6) that causes or increases an Excess Deficit Capital Account Balance (as defined below) with respect to such Member, items of Company gross income and gain shall be specially allocated to such Member in an amount and manner sufficient to eliminate, to the extent required by the Regulations, such excess deficit capital account balance as quickly as possible, provided that an allocation pursuant to this Section 4.3(a)(ii) shall be made only if as to the extent that such Member would have an Excess Deficit Capital Account Balance Account Balance after all other allocations provided for in this Section 4.3(a)(ii) have been tentatively made on as of this Section 4.3(a)(ii) was not in this Agreement.

(iii)     Gross Income Allocation.  If at the end of Fiscal Year, a Member has an Excess Deficit Capital Account Balance, such Member shall be specially allocated items of Company income or gain in an amount and manner sufficient to eliminate such excess deficit capital account balance as quickly as possible, provided that an allocation pursuant to this Section 4.3(a)(iii) shall be made only if as to the extent that such Member would have an Excess Deficit Capital Account Balance after all other allocations provided for in this Section 4.3(a)(iii) have been tentatively made as if this Section 4.3(a)(iii) or Section 4.3(a)(ii) were not in this Agreement.

(iv)     Nonrecourse Deductions.  Any deductions attributable to nonrecourse liabilities (as determined pursuant to Regulations Section 1.704-2(c)) of the Company for any Fiscal Year shall be allocated among the Members in the same proportion as Net Profits or Net Losses (as may apply) for such Fiscal Year are allocated.

(v)     Definitions.

(A)     "Minimum Gain" shall have the meaning given such term in Regulations Section 1.704-2(d), and shall generally mean the amount by which the nonrecourse liabilities secured by any assets of the Company as of the date of determination exceed the adjusted tax basis of such assets to the Company as of such date. A Member's share of Minimum Gain (and any net decrease thereof) at any time shall be determined in accordance with Regulation Section 1.704-2(g).

(B)     The "Excess Deficit Capital Account Balance" of any Member shall be the capital account balance of such Member, adjusted as provided in the immediately following sentence, to the extent, if any, that such balance is a deficit (after adjustment).  For purposes of determining

{01269150;2}                                        10

the existence and amount of an Excess Deficit Capital Account Balance, the capital account balance of a Member shall be adjusted by: (1) crediting thereto (x) that portion of any deficit capital account balance that such Member is required to restore under the terms of this Agreement, and (y) the amount of such Member's share of Minimum Gain, including any "partner nonrecourse debt minimum gain" (as defined in Regulations Section 1,704-2(i)); and (2) charging thereto the items described in Regulations Sections 1.704-1(b)(2)(ii)(d)(4), (5) and (6) that apply to such Member. The existence and amount of any Excess Deficit Capital Account Balance at the end of any Fiscal Year shall be determined before any other allocations provided for in this Article IV for such Year have been made.

(vi)    Member Nonrecourse Debt.  Notwithstanding any other provision of this Agreement, any item of Company loss, deduction or expenditures described in Section 705(a)(2)(B) of the Code that is attributable to a "partner nonrecourse debt" (as defined in Regulations Section 1.704-2(b)(4)) of a Member shall be allocated to those Members that bear the economic risk of loss for such partner nonrecourse debt, and among such Members in accordance with the ratios in which they share such economic risk, determined in accordance with Regulation Section 1.704-2(i), If there is a net decrease in any partner non-recourse debt minimum gain during any Fiscal Year, each Member with a share of such partner nonrecourse debt minimum gain as of the beginning of such Year shall be allocated items of gross income and &a in the manner and to the extent provided in Regulations Section 1.704-2(i)(4).

(vii)    Interpretation.  The foregoing provisions of this Section 4.3(a) are intended to comply with Regulations Sections 1,704-1(b) and 1.704-2 and shall be interpreted consistently with this intention.  Any terms used in such provisions that are not specifically defined in this Agreement shall have the meanings, if any, given such terms in the Regulations cited above.

(b)    The allocations set forth in Section 4.3(a) (the "Regulatory Allocations") are intended to comply with certain requirements of the Regulations.  It is the intent of the Members that, to the extent possible, all Regulatory Allocations shall be offset either with other Regulatory Allocations with special allocations of the items of Company income, gain, loss or deduction pursuant to this Section 4.3(b). Therefore, notwithstanding any other provision of this Article IV (other than in Section 4.3(a)), the Managing Manager shall make such offsetting special allocations of Company income, gain, loss or deduction in whatever manner it determines appropriate so that, after such offsetting allocations are made, each Member's capital account balance is, to the extent possible, equal to the capital account balance such Member would have had if the Regulatory Allocations were not part of this Agreement and all Company items were allocated pursuant to Section 4.2.

4.4    Section 704(c) Allocation.  Notwithstanding the foregoing allocations of Net Profits and Net Losses, if any property contributed to the Company has a fair market value (as set

forth herein or as otherwise determined by the Members) that differs from its adjusted basis for federal income tax purposes at the time of such contribution, or if there is a revaluation of any Company property such that the book value of such property differs from its adjusted basis for federal income tax purposes, items of income, gain, loss, and deduction with respect to any such property shall be allocated among the Members so as to take account of such difference, in the mariner intended by Section 704(c) of the Code and Regulation Section 1.704-3, using such method permitted by such Regulations as the Managing Manager may determine.

4.5     Property Distributions.  No property of the Company shall be distributed in kind without the consent of the Members except upon the dissolution of the Company.

4.6     Resignation of a Member.  No Member shall be entitled to resign or withdraw from the Company, except with the consent of the Members.

4.7     Tax Distributions.  Notwithstanding anything to the contrary herein, with respect to each calendar year, but subject to the limitations imposed by law, if sufficient cash is not to otherwise be distributed to the Members, the Company shall within 90 days after the close of such calendar year, distribute to each Member an amount at least equal to the such Member's share of taxable income for such calendar year multiplied by the highest combined Federal and state income tax rate applicable to any Member with respect to such taxable income.  Amounts distributed pursuant to this Section shall be treated as an advance against amounts distributable to such Member pursuant to Section 4.1(a) and/or Section 4.1(b), depending on the source of such distributions, and shall be treated as if it was distributed pursuant to such Section.

ARTICLE V

MANAGEMENT, SEPARATION OF MEMBERS AND MEMBERS

5.1     Management.  The business and affairs of the Company shall be manager managed and controlled by, or under the direction of the Managing Manager, and the Managing Manager shall have exclusive authority to act for and bind the Company in all matters.  Except as expressly provided in this Agreement or the Act, no Member who is not also a Managing Manager shall have any right to participate in, or have any power or authority over the management or control of, the business or affairs of the Company or to act for or bind the Company, except Members shall have the right to vote on matters as otherwise delineated herein. **Capital Investors Management LLC, a Pennsylvania limited liability company, as the Managing Manager**, shall have daily, operational control and management authority of the Company. Subject to Section 5.11, the approval of 75% of Class A Members shall be required to take any action on behalf of the Company pertaining to an Extraordinary Transaction but once so approved the Managing Manager shall be sufficient to implement such approved action.

5.2     Managing Manager.  (a) There shall be at least one Managing Manager.  The initial Managing Manager is set forth in Section 5.1.

Notwithstanding anything contained herein to the contrary, (i) any Managing Manager who becomes bankrupt or is declared incompetent by a court shall cease to be a Managing Manager and the remaining Managing Manager shall manage and control the business and affairs of the

Company, and (ii) in the event of the death of a Managing Manager, the remaining Managing Manager shall manage and control the business affairs of the Company.

5.3     Powers of Managing Manager.  The Managing Manager shall have the right and authority to make all decisions affecting the business and affairs of the Company and to take all actions it may deem necessary, useful, or appropriate to carry out the purpose of the Company.  In performing its duties, the Managing Manager shall be entitled to rely (unless it has knowledge concerning the matter in question that would cause such reliance to be unwarranted) on information, opinions, reports or statements of one or more employees or other agents of the Company (including any affiliates of the Managing Manager) whom the Managing Manager reasonably believes to be reliable and competent in the matters presented, or any attorney, accountant or other person as to matters which the Managing Manager reasonably believes to be within such person's professional or expert competence.  The Managing Manager may exercise all of the powers of the Company under the Act and do any and all other things not contrary to law or this Agreement which, in its reasonable judgment, are necessary or desirable to carry out the purposes of the Company.

5.4     Intentionally omitted.

5.5     Compensation Reimbursement.  (a)  Neither the Managing Manager, the Members nor any affiliates shall be entitled to any compensation from the Company for its services in its capacity as a Managing Manager or Member, but shall be reimbursed by the Company for any reasonable expenses that it advances on behalf of the Company.

(b)     The Managing Manager may directly perform, or, upon the consent of the Managing Manager as provided above, may engage a Member or an Affiliate of a Managing Manager or any Member to perform services for the Company which are directly related to Company purposes as stated above; provided, however, that any such engagement by the Managing Manager shall be in writing and shall provide that any compensation, fee, commission or other payment in connection therewith shall either (i) not unreasonably exceed the rates generally charged any third parties for similar services or (ii) be approved by the majority vote of the Members.

5.6     Third Parties.  No third party dealing with the Company in any matter shall be obligated to inquire into the propriety, necessity or expediency of the exercise of any power or authority by the Managing Manager or any person to whom the Managing Manager has delegated any of its power or authority and such third party shall be fully protected in accepting any written instrument executed by the Managing Manager or such person stating that it or he has such power or authority.

5.7     Exculpation.  Neither the Managing Manager nor any Member shall be liable to the Company or any Member (a) for mistakes of judgment, or for other acts or omissions not amounting to willful misconduct or gross negligence, or for losses or liabilities due to such mistakes or other acts or omissions, so long as it acted in good faith and in a manner it reasonably believed to be in the best interests of the Company, or (b) due to the negligence, dishonesty or bad faith of any agent, employee or independent contractor retained or engaged to provide services,

provided that reasonable care was exercised in selecting, employing, supervising or appointing such person.

5.8     Indemnification and Liability for Certain Acts.  Each Managing Manager shall perform his duties as Managing Manager in good faith, in a manner he reasonably believes to be in the best interests of the Company, and with such care as an ordinarily prudent person in a like position would use under similar circumstances.  A Managing Manager shall not be liable to the Company or to any Member for any loss or damage sustained by the Company or any Member, unless the loss or damage shall have been the result of fraud, deceit, gross negligence, willful misconduct or a wrongful taking by the Managing Manager.

The Company shall defend, indemnify and hold harmless the Members from any loss, cost, damage or expense, including but not limited to reasonable attorneys' fees and expenses, incurred by the Members by reason of anything it may do or refrain from doing for or on behalf of the Company so long as the Member's activities were in accordance with the standards set forth herein.

5.9     Intentionally omitted.

5.10     Intentionally omitted.

5.11     Action by Members. In the Extraordinary Transaction context if an action or the consent or approval of the Class A Members is required herein or under the applicable law, *"consent"* or "approval" means: (i) with respect to a vote of the Class A Members or written action in lieu of a meeting, the approval, authorization, consent or ratification of Class A Members holding more than seventy-five percent (75%) of the votes as a whole, at a meeting duly held pursuant to this Agreement or given by such Class A Members in an instrument duly executed and delivered in the manner provided herein.

5.13     Intentionally omitted.

5.14. Bank Accounts. The Managing Manager may from time to time open bank accounts in the name of the Company, and the Managing Manager shall be the sole signatories thereon, unless the Managing Manager shall designate other permitted signatories.  .

5.15     Indemnity of the Managing Manager, Employees and Other Agents.  Provided that a majority of the Class A Members  approve, the Company shall, to the maximum extent permitted under herein, indemnify and make advances for expenses to Managing Manager, its employees, and other agents.

5.16     Resignation. Subject to the Loan Documents, any Managing Manager of the Company may resign at any time by giving written notice to the Members of the Company.  The resignation of any Managing Manager shall take effect upon receipt of notice thereof or at such later date specified in such notice; and, unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.  The resignation of a Managing Manager

who is also a Member shall not affect the Managing Manager's rights as a Member and shall not constitute a withdrawal of a Member.

5.17    Removal.  At a meeting called expressly for that purpose, all or any lesser number of Managing Managers may, subject to the Loan Documents, be removed at any time, with or without cause, by the affirmative vote of Class A Members.  The removal of a Managing Manager who is also a Member shall not affect the Managing Manager's rights as a Member and shall not constitute a withdrawal of a Member.

5.18    Vacancies.  Any vacancy occurring for any reason in the number of Managing Managers of the Company may be filled by the majority vote of Class A Members.  Any Managing Manager's position to be filled by reason of an increase in the number of Managing Managers shall be filled by the majority vote of Class A Members.  A Managing Manager elected to fill a vacancy shall be elected for the unexpired term of his predecessor in office and shall hold office until the expiration of such term and until his successor shall be elected and qualified or until his earlier death, resignation or removal.  A Managing Manager chosen to fill a position resulting from an increase in the number of Managing Managers shall hold office until his successor shall be elected and qualified, or until his earlier death, resignation or removal.

5.19    Intentionally omitted.

5.20    Limitation of Liability. Each Member's liability shall be limited as set forth in this Operating Agreement, the Act and other applicable law.

5.21    Company Debt Liability. A Member will not be personally liable for any debts or losses of the Company beyond his respective Capital Contributions and any obligation of the Member herein to make Capital Contributions, except as provided in Section 6.07 or as otherwise required by law.

5.22    List of Members. The Managing Manager shall subject to the Loan Documents, have the right, by the 75% vote of Class A Members to approve the sale, exchange or other disposition of any one individual piece of real estate or all, or substantially all, of the Company's assets which is to occur as part of a single transaction or plan.

5.23    Liability of a Member to the Company. A Member who receives a distribution or the return in whole or in part of its contribution is liable to the Company only to the extent of his capital contribution.

ARTICLE VI

BOOKS OF ACCOUNT, RECORDS AND REPORTS

6.1    Books of Account.  The Managing Manager shall cause the Company to maintain full and accurate books and records at its principal place of business, showing all receipts and expenditures, assets and liabilities, profits and losses, and all other matters required by the Act.

The books and records of the Company shall be open to the reasonable inspection and examination of each Member in person or by its duly authorized representative at any time during regular business hours for any purpose reasonably related to such Member's interest as a member.

6.2     Information.  Any Member may obtain from the Company from time to time, upon reasonable demand for any purpose reasonably related to such Member's interest as a member, (a) true and full information regarding the state of the business and financial condition of the Company and any other information regarding the affairs of the Company, including, without limitation, information regarding potential leases, sales and refinancing, and (b) promptly after becoming available, a copy of the Company's federal, state and local income tax returns for each Fiscal Year. The Managing Manager shall also prepare or cause to be prepared and distributed to the Members, not less frequently than quarterly, a report of the affairs of the Company, including without limitation, leasing activities, income and expenses, results of operations and such other information as may be reasonably requested by a Member.

6.3     Bank Accounts.  All funds received by the Company shall be, deposited in the name of the Company in such checking and savings accounts, time deposit or certificates of deposit, or other accounts or instruments at such financially sound and insured commercial banks, savings banks and savings and loan institutions as may be designated by the Managing Manager, with one or more signatories appointed by the Managing Manager.

6.4     Tax Returns.  The Managing Manager shall cause. all required tax returns of the Company to be prepared and filed in a timely fashion and shall furnish to each Member the information reasonably required to enable it to properly report his distributive share of Company income, gain, loss, deduction or credit for federal, state and local income tax reporting purposes. In addition, without limiting the generality of the foregoing, the Managing Manager shall cause the Company to furnish to each Member its respective IRS Form K-1 not later than March 1 of each year.

6.5     Tax Matters Partner. Jerome H. Cohen shall be the "tax matters partner" pursuant to Section 6231 of the Code.  In the event of an audit of the Company's federal income tax return, the tax matters partner shall promptly advise all Members of the audit and provide each Member with a copy of any final administrative adjustment resulting from such audit.

6.6     Tax Elections.  The Managing Manager may make any and all elections for federal, state and local tax purposes, including, without limitation, any election if permitted by applicable law to adjust the basis of property of the Company pursuant to Sections 754, 734(b) and 743(b) of the Code, or comparable provisions of state or local law in connection with transfers of Membership Interests and distributions of assets of the Company.

ARTICLE VII

TRANSFER OF MEMBERSHIP INTERESTS

7.1     Investment Intent.  Each Member acknowledges that sufficient financial and other information has been given or made available to it in order to permit it to evaluate its investment

{01269150;2}                                      16

in the Company, that by reason of its business or financial experience it is able to protect its own interest in connection with such investment, and that it is aware that the Membership Interest being acquired by it has not been registered under the Securities Act of 1933, as amended, and as a result it may be required to hold its Membership Interest indefinitely. Each Member hereby represents and warrants to the Company and the other Member that it is acquiring its Membership Interest for its own account, for investment and not with a view to the distribution or resale thereof, and that it is able to bear the economic risk of its investment in the Company.

7.2     Termination of Membership. Upon the happening of any event that terminates the continued membership of a Member for any reason, the transfer to the person succeeding to the ownership of such former Member's Membership Interest shall constitute a transferee described in Section 7.4(b) unless the other Member consents to such Person's admission as a Member.

7. 3    Transferee as a Member. (a) Any transferee of a Membership Interest to whom the non-transferor Member has consented or deemed to have consented under this Agreement shall, subject to the Loan Documents, become a substituted Member, and be admitted to all the rights of a Member, upon the satisfaction of such additional requirements as the Managing Manager shall determine, including, by way of illustration:

     (i)     An opinion of counsel satisfactory to the Managing Manager to the effect that such transfer will not violate any then applicable federal or state securities law;

     (ii)     Such transferee's acceptance of, and agreement to be bound by, all of the terms and provisions of this Agreement, in form and substance satisfactory to the Managing Manager; and

     (iii)     The payment of such amount as the Managing Manager determines to cover all expenses incurred by the Company in connection with such substitution as a Member.

From and after the date such transferee becomes a substituted Member, it shall have all of the rights and powers, and be subject to all of the restrictions and liabilities, of its transferor to the extent of the Membership Interest so transferred, but such substitution shall not release such transferor from liability to the Company for any contributions it agreed to make or any other obligation it has under this Agreement.

(b)     Any transferee of a Membership Interest to whom the non-transferor Member has consented or deemed to have consented under this Agreement who does not become a substituted Member shall, except as otherwise provided in the Act, and subject to the Loan Documents, be entitled to receive only the share of Net Profits, Net Losses and distributions of the Company to which its transferor would otherwise be entitled with respect to such Membership Interest, and shall not have (i) any right to participate in the management or affairs of the Company, (ii) any right to vote on, consent to, approve or otherwise take part in any decision of the Members, or (iii) any of the other rights associated with such Membership Interest.

7.4     Restrictions on Transferability. No Members shall, while this Agreement is in force, assign, encumber, pledge, transfer or otherwise dispose of any of the Membership Interest

{01269150;2}                                                 17

of the LLC now or hereafter owned by him except pursuant to the terms of the Loan Documents and this Agreement.  The LLC and Member agree that all Membership Interest are subject to the Loan Documents and to these restrictions:

(i)　any "Transfer" (as hereinafter defined) of Membership Interest is subject to the terms, conditions, covenants and restrictions of this Agreement;

(ii)　any issuance by the LLC of additional Membership Interest (an "Issuance") is subject to the terms, conditions, covenants and restrictions of this Agreement;

(iii)　all Membership Interest which any Member may hereafter acquire, regardless of the circumstances or manner of such acquisition, are subject to the terms, conditions, covenants and restrictions of this Agreement; and

(iv)　any purported Transfer or Issuance of Membership Interest other than in accordance with the terms, conditions, covenants and restrictions of this Agreement is void and of no force or effect.

(v)　Approval by Lender is required on any transfer of Class A Membership Interest or Class B Membership Interest while the loan made to the SSPF5 Portfolio 1 LLC, an Illinois limited liability company, to refinance the Property is still outstanding.  Company also hearby acknowledges that Company is pledging 100% of its Class A membership interst in SSPF5 Portfolio 1 LLC, an Illinois limited liaiblity company, to Lender as secuirty for the aforementioned loan to LLC.

7.5　Proposed Bona Fide Sale. If any Member  (a "Transacting Members" or "Offering Members"), while living, intends to sell any Membership Interest (the "Sale Membership Interest") to a person who is not then a Members, (a "Qualified Purchaser") in an arms-length transaction pursuant to a written offer (a "Bona Fide Purchase Offer"), the LLC and remaining Member shall have the option subject to the Loan Documents (the "Sale Purchase Option") to acquire the Sale Membership Interest in accordance with the following procedures:

7.6　Right of First Offer When Selling Company Membership Interest.  Subject to the terms and conditions of this Subsection, the Loan Documents, and applicable securities laws, if the Company proposes to offer or sell any new securities, the Company shall first offer such to each Member.  A Member shall be entitled to apportion the right of first offer hereby granted to it, in such proportions as it deems appropriate, among (i) itself and (ii) its Affiliates; provided that each such Affiliate (iii) is not a Competitor or FOIA Party, unless such party's purchase of new securities is otherwise consented to by the Board of Directors, (iv) agrees to enter into this Agreement  and (v) agrees to purchase at least such number of new securities as are allocable hereunder to the Member holding the fewest Membership Interest.

7.7　Disposition of Membership Interest - Voluntary Transfer.  In the event a Member desires to dispose of or encumber all or any part of his Membership Interest in the LLC to any person other than the LLC, he shall first offer, in writing, such Membership Interest for sale to the LLC, (a "LLC Sale Notice"). The LLC Sale Notice must include a copy of the Bona Fide Purchase

{01269150;2}　　　18

Offer which must specify, at a minimum, the name and address of Qualified Purchaser, the number of sale membership Interest, the purchase price and terms of payment, and other material terms and conditions of the offer, including sale contingencies, if any.

If the Members intends to dispose of such Membership Interest, the LLC shall have the option to purchase all, or less than all, of such Membership Interest so offered at the purchase price for which the offering Members intends to sell such Membership Interest as stated in the aforesaid statement required to be attached to the offer or for the purchase price set forth below.

The LLC may exercise the Sale Purchase Option by providing written notice to the Offering Members (a "Purchase Notice") within thirty (30) days of the LLC's receipt of the LLC Sale Notice, of the LLC's agreement to purchase all or a designated portion of the Sale Membership Interest on the same terms and conditions as contained in the Bona Fide Purchase Offer, except that the LLC may, at its sole option, modify the terms of payment in accordance with the "Payment Terms" (as hereinafter defined). In addition, the "Closing Procedures" (as hereinafter defined) shall control over any contrary or inconsistent closing procedures specified in the Bona Fide Purchase Offer.

If the LLC does not deliver a Purchase Notice for the Sale Membership Interest within thirty (30) days of its receipt of the LLC Sale Notice, the Transacting Members shall provide written notice to the other Member of the Member's intent to sell the Sale Membership Interest (or the portion of the Sale Membership Interest that was not the subject of a Purchase Notice from the LLC) (a "Members Sale Notice"). The Members Sale Notice must include all documentation required as part of the LLC Sale Notice under subsection above, and, if applicable, a copy of the Purchase Notice from the LLC.

The other Member may exercise the Sale Purchase Option by providing a Purchase Notice to the Offering Members and the other Member within thirty (30) days from the date of the Member' receipt of the Members Sale Notice, of such Member' agreement to purchase its pro-rata portion of the remaining Sale Membership Interest on the same terms and conditions as contained in the Bona Fide Purchase Offer, except that each of the purchasing Member may, at their sole option, modify the terms of payment in accordance with the Payment Terms. In addition, the Closing Procedures shall control over any contrary or inconsistent closing procedures specified in the Bona Fide Purchase Offer. If any Members does not purchase the pro-rata portion of Sale Membership Interest which the Members is entitled to purchase under this option, the remaining Sale Membership Interest may be purchased pro-rata by the those Member which have delivered a Purchase Notice, until Purchase Notices have been delivered with respect to all Sale Membership Interest, or there is no remaining Members who desires to purchase any remaining Sale Membership Interest.

Subject to compliance with subsections above and all other applicable terms, covenants, conditions and restrictions of this Agreement, to the extent that the Offering Members has not received from the LLC and the other Member Purchase Notices with respect to all of the Sale Membership Interest, an Offering Members may Transfer the Sale Membership Interest to a Qualified Purchaser pursuant to a Bona Fide Purchase Offer provided that the closing of such sale occurs within thirty (30) days of the last day upon which a Purchase Notice could have been delivered by a Members pursuant to the section above.

The obligations of the Offering Members under this subsection do not apply to a Bona Fide Purchase Offer as to which the offering Member (as hereinafter defined) have exercised a "Drag-Along Right" (as hereinafter defined) in accordance with subsection below.

If the offering Members dies prior to the closing of the sale and transfer contemplated pursuant to this Section, the Membership Interest of Membership Interest of the offering Members shall be subject to sale and purchase pursuant to the provisions hereof.

The purchaser of any Membership Interest transferred pursuant to this Section, shall, whether or not such purchaser is an original party hereto, take such Membership Interest subject to all the restrictions, limitations and other terms and conditions set forth in the governing documents of the LLC and any existing Members Agreement and this Agreement.

Notwithstanding anything to the contrary herein, the terms and provisions of this Section 7.7 shall be subject and subordinate to the terms and provisions of the Loan Documents and to all liens created thereby.

7.8. <u>Disposition of Membership Interest - Involuntary Transfer.</u>  In the event that for any reason other than the Member's death Membership Interest are transferred by operation of law to any person other than the LLC (including but not limited to a trustee in bankruptcy, a purchaser at a creditor's or court sale or a guardian or conservator) then the LLC and the other Member shall have the same rights to purchase the Membership Interest of the Members whose Membership Interest are so transferred as would exist if, pursuant to the terms said section, such Members had offered all of his Membership Interest for sale to the LLC on the date of such transfer of Membership Interest and on the sixty-first (61) days following the date of such transfer of Membership Interest had offered for sale to the other Member any such Membership Interest as to which the LLC had failed to exercise its option to purchase provided herein. In the event of transfer of Membership Interest as aforesaid the purchase price for such Membership Interest shall be the price set forth below. The closing shall take place within thirty (30) days after the exercise of the option by the LLC or the other Member. Any Membership Interest of a Members whose Membership Interest are so transferred as to which the LLC and the other Member shall each fail to exercise its or their respective option to purchase as herein provided shall continue to be subject to the restrictions of this Agreement and such a transferee must become a party to this Agreement by executing a counterpart signature page.

Notwithstanding anything to the contrary herein, the terms and provisions of this Section 7.8 shall be subject and subordinate to the terms and provisions of the Loan Documents and to all liens created thereby.

7.9 <u>Disposition of Membership Interest - Death.</u>  Upon the death of a Member (a "Deceased Members"), the LLC shall purchase the Membership Interest owned at the time of the Member's death by the Deceased Members (the "Death Membership Interest") in accordance with the following procedures:

(i) The personal representative of the estate of the Deceased Members shall sell to the LLC, and the LLC shall purchase from the estate of the Deceased Members the Death

Membership Interest at a price equal to the "Fair Market Value" (as hereinafter defined) per Share.

(ii)     "Fair Market Value" means the value (after discount for minority interest and lack of marketability) of the Membership Interest determined by an independent appraiser, which is mutually acceptable to the LLC and the personal representative of the selling Members.

(iii)     Each Members shall include in such Member's Last Will and Testament a direction to the executor, administrator, trustee or personal representative thereunder to comply with the terms and conditions of this Agreement. Irrespective of a Member's compliance with the foregoing covenant, all of the obligations of the Member apply to and are binding upon the successors in interest of any Deceased Members, including the executor or administrator of the estate of any Deceased.

Notwithstanding anything to the contrary herein, the terms and provisions of this Section 7.9 shall be subject and subordinate to the terms and provisions of the Loan Documents and to all liens created thereby.

7.10.    DRAG-ALONG AND TAG-ALONG RIGHTS.

7.10.1 Drag-Along Rights. If one or more Member who collectively own at least eighty percent (80%) of the then issued and outstanding Membership Interest ("Offering Member") propose to Transfer (in a sale consummated in a single transfer or a series of related transfers to a single purchaser or a group of purchasers as part of a single transaction or group of related transactions) Membership Interest representing at least eighty percent (80%) of the then issued and outstanding Membership Interest pursuant to a Bona Fide Purchase Offer (a "Majority Sale Transaction"), in lieu of compliance with the provisions of subsection 3(a), the Offering Member shall comply with the following procedures:

(i)     The Offering Member have the right ("Drag-Along Right"), but not the obligation, to cause each of the other Member ("Other Member") to tender to the third party offeror(s) ("Third Party") for purchase, at the same price per Share and on the same terms and conditions as apply to the Offering Member, a number of Membership Interest held by such Other Members equal to the total number of Membership Interest held by such Other Members multiplied by a fraction, the numerator of which is the number of Membership Interest the Offering Member propose to themselves Transfer to the Third Party, and the denominator of which is the aggregate number of Membership Interest held by the Offering Member. In order to exercise the Drag-Along Right, the Offering Member must enter into an enforceable written agreement with each other (if there is more than one Offering Members) and the Third Party (the "Drag-Along Bylaws") in which the Third Party agrees unconditionally to purchase from the Other Member any Membership Interest required to be sold by such Other Member pursuant to a "Drag-Along Notice" (as hereinafter defined);

(ii)     To exercise the Drag-Along Right, the Offering Member must deliver a written notice to the LLC and Other Member (the "Drag-Along Notice") that contains (a) the name and address of the Third Party, (b) the number of Membership Interest proposed to be

Transferred, (c) the proposed amount and form of consideration and terms and conditions of payment offered by the Third Party, and (d) any other material terms pertaining to the Majority Sale Transaction ("Majority Sale Terms"). The Drag-Along Notice shall also contain a complete copy of the fully executed Drag-Along Bylaws. The Drag-Along Notice shall be given at least thirty (30) days before the proposed date of the closing of the Majority Sale Transaction;

(iii)     Upon receipt of the Drag-Along Notice, each Other Members shall be entitled and obligated to sell the number of Membership Interest set forth therein to the Third Party on the Majority Sale Terms provided that such terms do not "Unfairly Discriminate" (as hereinafter defined) against the Other Member in any material respect. For purposes hereof, a term will "Unfairly Discriminate" against an Other Members if it causes such Other Members to receive less than its proportionate share of consideration in respect of the Membership Interest being sold, causes such Other Members to assume more than its proportionate share of liabilities or risk of loss following the closing of the Majority Sale Transaction, or in any other material respect deprives the Other Members of substantially similar and proportionate economic benefits to those enjoyed by the Offering Member; provided, however, that adverse tax consequences to one or more Other Member due to their particular tax situation is not deemed to Unfairly Discriminate against, or increase the liabilities or obligations of, the adversely affected Other Members;

(iv)     At the closing of a Majority Sale Transaction, each Other Members shall be obligated to make such closing deliveries and comply with other conditions of closing as are generally applicable to the Offering Member, and shall be entitled to receive such sale consideration on the same terms and conditions as payable to the Offering Member, all as may be more specified in the Majority Sale Terms.

Notwithstanding anything to the contrary herein, the terms and provisions of this Section 7.10 shall be subject and subordinate to the terms and provisions of the Loan Documents and to all liens created thereby.

7.11.    PURCHASE PRICE AND PAYMENT.

7.11.1. Purchase Price.   In the event of a disposition of Membership Interest pursuant to the Sections herein, the purchase price of each share of Membership Interest, to the extent determined in accordance with this Section shall be equal to the fair market value of said Membership Interest as mutually agreed to by the selling Member, his/her representative and the purchaser (s). If the selling Member and the purchaser(s) shall for any reason be unable to agree to the fair market value of the Membership Interest so offered, the selling Member and the purchaser(s) shall each engage an MAI appraiser. Both appraisers shall be instructed to determine the fair market value of the Membership Interest being offered for sale, and the fair market value as agreed to by said appraisers shall be conclusive and binding on the parties.  If the appraisers shall for any reason be unable to agree to the fair market value of said Membership Interest, the two appraisers shall jointly engage a third MAI appraiser, and all three appraisers shall meet to determine the fair market value of said Membership Interest. The determination of a majority of the appraisers shall conclusively establish the fair market value of said Membership Interest. However, if two or more appraisers are unable to agree upon the fair market value of said

Membership Interest, the lowest and highest appraisals shall be discarded and the middle appraisal shall conclusively establish the fair market value of said Membership Interest and shall be binding on the parties. Each of the parties shall pay the costs and expenses of the appraiser they engaged pursuant hereto. If a third appraiser is required, the selling Member and the purchaser(s) shall each pay one-half of the costs and expenses of such third appraiser. If there is more than one purchaser, each such purchaser shall bear such appraisal expenses in proportion to the number of Membership Interest being purchased by each of them. Each appraiser shall have experience in valuing companies in the field of LLC that are of a similar size to that of the LLC.

       7.11.2   Intentionally omitted.

       7.11.3   Intentionally omitted.

       7.12    DEADLOCK PROVISION:

       7.12.1 Deadlock. For purposes of this Agreement, a "Deadlock" shall be deemed to exist when there is a substantial dispute concerning any of the matters requiring joint decision or action of the Member, which dispute materially and adversely affects or prevents the operation of the Company's business and any Initial Member delivers a written notice (the "Deadlock Notice") to the other Member specifying in reasonable detail the nature of the dispute and the date on which the ten (10) day period provided below shall begin and end (the date specified in the Deadlock Notice as the date on which the ten (10) day period specified herein shall end is referred to herein as the "Termination Date"). Notwithstanding anything in this Agreement to the contrary, section 7.12 shall not apply while any debt to the Lender is outstanding.

(a)  Cooling Off Period. In the event of a Deadlock, the Member shall use their best efforts to resolve such Deadlock in an amicable manner within ten (10) days.

(b)  Rights in the Case of an Unresolved Deadlock. If the Initial Member are not able to resolve the Deadlock in the ten (10) day period provided for above then commencing on the business day following the Termination Date, the Initial Member shall, subject to the Loan Documents, have the following rights:

(i) any initial Member shall be entitled to deliver a written notice (the "Offer Notice") to the other Initial Member (the "Deciding Member") specifying in such notice that the Initiating Member offers to purchase all, but not less than all, of the Membership Interest Interests of the Deciding Member at a price and upon the terms and conditions specified in reasonable detail in the Offer Notice (which price shall be based upon the amount that the Deciding Member would receive as a liquidating distribution if the Company were to sell the Property or its interest in Property Owner at a price designated by the initiating Member (the "Designated Sales Price") and distribute the proceeds of such sale, less customary brokerage commissions and other costs of sale (the "Net Proceeds") to the Member in accordance with the provisions of this Agreement).

{01269150;2}                                 23

(ii) upon receipt of an Offer Notice, the Deciding Member shall have fourteen (14) days to deliver a written notice (the "Response Notice") to the Initiating Member specifying in the Response Notice either that: (iii) the Deciding Member has elected to sell all of its Membership Interest in the Company to the initiating Member at the price and upon the terms and conditions specified in the Offer Notice, and for a price equal to the amount that the Deciding Member would receive as a liquidating distribution if the Company were to sell the Property for the Designated Sales Price and distribute the Net Proceeds to the Member in accordance with this Agreement, in which case the initiating Member shall purchase, and the Deciding Member shall sell, all of the Deciding Member's Interests in the Company at the price and upon the terms and conditions specified in the Offer Notice; or (iv) the Deciding Member has elected to purchase all of the initiating Member's Membership Interest Interests in the Company upon the terms and conditions specified in the Offer Notice and for a price equal to the amount that the Initiating Member would receive as a liquidating distribution if the Company were to sell the Property for the Designated Sales Price and distribute the Net Proceeds to the Member in accordance with this Agreement, in which case the Deciding Member shall purchase, and the Initiating Member shall sell, all of the Initiating Member's Membership Interest Interests in the Company at such price and upon such terms and conditions specified in the Offer Notice. In either case, the closing of the sale and purchase of a Membership Interest pursuant to this Section (the "Buy-Sell Closing") shall be all cash and shall occur within sixty (60) days of the date of receipt by the initiating Member of the Response Notice. The sale and purchase of the Membership Interest shall be subject to all liabilities and obligations of the Company and, at the Buy-Sell Closing, the purchasing Member shall assume the selling Member's share of all Company liabilities and obligations (including any guaranty descried in Section 3.8) and the selling Member shall be released from all liability under any guaranty provided in connection with the Member Loan; provided, however, that if any of the Company creditors do not consent to such assumption the purchasing Member shall, in any event, indemnify and hold the selling Member harmless from any losses or expenses incurred or payments made in connection with such company liabilities and obligations, provided that the purchasing Member shall have no obligation to indemnify the selling Member for payments made by the purchasing Member as a result of any default by the selling Member. The selling Member and the purchasing Member shall split all closing costs, including without limitation, escrow costs and transfer taxes. The selling Member shall assign to the purchasing Member the selling Member's Membership Interest in the Company free and clear of all liens, claims and encumbrances, and shall execute all assignments of interest, deeds, bills of sale, instruments of conveyance, and other instruments that may be necessary or appropriate and as the purchasing Member shall reasonably require to transfer said selling Member's Membership Interest. In the event the selling Member shall fail or refuse to execute such instruments at the Buy-Sell Closing after ten (10) business days written notice specifically designating the instruments to be executed, then the selling Member irrevocably nominates, constitutes and appoints the purchasing Member, its true and lawful attorney-in-fact for the purposes of (i) executing in the selling Member's name, place, and stead all of the foregoing instruments and (ii) giving notices to creditors and others dealing with the Company of the

{01269150;2}                                                      24

termination of the selling Member's interest in the Company and publishing notice of the termination of selling Member's interest in the Company. The foregoing power of attorney, being coupled with an interest, is irrevocable. In the event the purchasing Member shall fail to give notice of closing or close the buy-sell transaction as set forth herein, then the selling Member, in addition to any other remedy, shall have the right and option to designate itself as the purchaser thereunder, in which case it shall give at least ten (10) days prior notice of the Buy-Sell Closing which shall be held within forty-five (45) days of the last date that the Buy- Sell Closing date could have been held if the original transaction had been consummated. If the purchasing Member fails to close, in addition to any other remedies that the selling Member may have, the selling Member, if it elects to designate itself as the purchaser hereunder, may reduce the amounts to be paid at closing by ten percent (10%) of the price set forth herein, as applicable. (b)Notwithstanding any provision herein to the contrary, an Offer Notice shall be valid if delivered on or after the business day following the Termination Date, and any Offer Notice delivered prior to such time shall be deemed null and void and have no force or effect.  (c) Notwithstanding any provision herein to the contrary, upon delivery of an Offer Notice to either Member, the Deciding Member shall not be permitted to deliver a subsequent Offer Notice and any such subsequent Offer Notice shall be deemed null and void and have no force or effect; provided, however, that in the event that each of the Member shall have delivered to the other an Offer Notice on the same day (without regard to the time of day such Offer Notice is received) then, in such event, the Offer Notice which contains the lower purchase price for the other's Membership Interest in the Company shall be deemed null and void and have no force or effect. (d) Notwithstanding any provision herein to the contrary, in the event that the Deciding Member has not delivered a Response Notice within the fourteen (14) day period provided for above, then for the purposes of this Agreement the Deciding Member shall be deemed to have made the election specified above and thereafter the Deciding Member shall sell all its Membership Interest Interests in the Company to the Initiating Member at the price and upon the terms and conditions specified in the Offer Notice.

7.12.2  <u>Representations of the Selling Member</u>. The Member whose Membership Interest is to be sold shall be deemed to represent and warrant to the purchasing Member that its Membership Interest is subject to no lien or encumbrance or other legal or equitable claims (other than the legal or equitable claims to such Interests, if any, of the purchasing Member pursuant to this Section XII) and shall deliver an instrument confirming such representation and warranty to the purchasing Member at the closing of the sale of the Membership Interest.

7.12.3  <u>Other Documents</u>. In order to give effect to the provisions of this Section, the Member hereby agree to execute, acknowledge, verify and deliver any instruments or other documents reasonably required to effect the sale, assignment, transfer or other disposition of the Membership Interest Interests in accordance with the provisions of this Section.

7.12.4  <u>Compliance with Other Agreements</u>. The Member hereby acknowledge and agree that the provisions of this Section are expressly subject to the provisions of any and all agreements,

contracts, and other documents to which the Company is a party including, without limitation, any loan agreement, note or mortgage.

7.12.5 <u>Time of the Essence</u>. (a) The Member agree that time is of the essence with respect to any time periods set forth in this Section. (b) Without limiting the foregoing, if the purchasing Member described above fails to close on the purchase of the other Member's Membership Interest in the Company as described above (other than by reason of the Selling Member default), the Selling Member shall have the right to acquire the Defaulting Purchasing Member's Membership Interest in the Company at the same price and on the same terms and conditions specified in the Offer Notice as if it were the purchasing Member except that it shall have an additional sixty (60) days to close.

(iv)     Notwithstanding anything to the contrary herein, the terms and provisions of this Section 7.12 shall be subject and subordinate to the terms and provisions of the Loan Documents and to all liens created thereby.

7.13 <u>Lender Requirements</u>.  Notwithstanding any term or provision to the contrary in the Agreement, 100% of the Class A Membership Interest has been pledged to BC57, LLC as security for the repayment of loan to SSDF5 Portfolio 1 LLC;

That while such loan to the Lender is unpaid and outstanding, no Class A Membership Interests in the LLC can be transferred without the prior written consent of Lender, notwithstanding any term or provision to the contrary in the Agreement and the Agreement may not be amended to grant Class B Members the right to vote on any matter;

If Lender or its designee exercises its pledge and becomes the Member or while the loan to Lender remains unpaid, sections 7.5 through and including 7.12 of the Agreement cannot be exercised by any other Member, if any, without the prior written consent of Lender (or its designee if applicable) AND in the event Lender or its designee have exercised its pledge and has become a Member, sections 7.5 through 7.12 shall not apply to Lender or its designee unless Lender or its designee elect to implement such sections in its own sole discretion.
In the event of a deadlock in a vote, the Lender's vote will the deciding vote that break all deadlocks.

ARTICLE VIII

DISSOLUTION AND TERMINATION

8.1     <u>Dissolution</u>.  The Company shall be dissolved and its affairs shall be wound up upon the happening of the first to occur of the following events:

(a)     The consent of the Managing Manager and all of the Class A Members;

(b)  The sale or other disposition of all, or substantially all, of the assets of the Company and the collection of all amounts derived from such sale or other disposition (including all amounts payable to the Company under any promissory notes or other evidence of indebtedness taken by the Company in connection with such sale or other disposition, unless the Managing Manager elects to distribute such evidence of indebtedness to the Members in kind);

(c)  The retirement, resignation, expulsion, bankruptcy, with respect to, or dissolution of, a Member or the occurrence of any other event that terminates the continued membership of a Member in the Company, unless there is at least one remaining Member; or

(d)  Any other event that, under the Act, would cause the dissolution of the Company or make it unlawful for the business of the Company to be continued.

8.2  <u>Distribution of Assets Upon Dissolution</u>.  Upon the winding up of the Company, the assets of the Company shall be distributed as follows:

(a)  To creditors, including Members who are creditors, to the extent otherwise permitted by law, in satisfaction of liabilities of the Company; and

(b)  The balance, in accordance with Section 4.1 (a).

8.3  <u>Articles of Dissolution</u>.  When all debts liabilities and obligations of the Company have been paid and discharged or adequate provision has been made therefor and all of the remaining property and assets of the Company have been distributed to the Members, the Managing Manager shall execute and file a certificate of cancellation pursuant to the Act.

8.4  <u>Winding Up</u>.  Except as provided by law, upon dissolution, each Member shall look solely to the assets of the Company for the return of its capital contribution.  If the assets remaining after the payment or discharge of the debts and liabilities of the Company are insufficient to return the capital contribution of each Member, such Member shall have no recourse against the Managing Manager or any other Member.  The winding up of the affairs of the Company and the distribution of its assets shall be conducted exclusively by the Managing Manager, and the Managing Manager may take all actions necessary to accomplish such distribution, including without limitation, selling any assets of the Company.

ARTICLE IX

<u>AMENDMENTS</u>

9.1  <u>Without Members' Consent</u>.  This Agreement may not be amended without the written consent of the majority vote of its Class A Members.

ARTICLE X

MISCELLANEOUS PROVISIONS

10.1     Notices.  Any notice, distribution, demand or other communication required or permitted to be given under this Agreement shall be deemed to have been given and received for all purposes on the earlier of the date when actually received or the second business day following the date of mailing if sent by registered or certified mail, postage prepaid, addressed if to the Company or the Managing Manager, at the principal office of the Company and, if to a Member, at its address as it appears in the Company's records.  The names and addresses of the initial Members are stated on **Exhibit A** attached hereto.

10.2     Waiver of Partition.  Each Member irrevocably waives any right that it may have to maintain any action for partition with respect to any asset of the Company.

10.3     Further Assurance.  Each Member shall execute such other documents and take such further action as the Managing Manager or any other Member deems necessary or appropriate to effectuate the intent of this Agreement.

10.4     Construction.  As used in this Agreement, the singular shall include the plural, and the masculine shall include the feminine and neuter and vice versa, as the context requires.

10.5     Headings. The headings in this Agreement are inserted for convenience only and shall not in any way define or affect the meaning, construction or scope of any provision of this Agreement.

10.6     Binding Effect.  Subject to the provisions of this Agreement restricting transfers of Membership Interests, this Agreement shall be binding upon, and shall inure to the benefit of, the parties and their respective heirs, personal representatives, successors and assigns.

10.7     Waivers.  Neither the waiver by any Member of a breach of or a default under any provision of this Agreement, nor the failure of any Member on one or more occasions to enforce any of the provisions of this Agreement or to exercise any right, remedy or privilege hereunder, shall be construed as a waiver of any subsequent breach or default of a similar nature or as a waiver of any such provision, right, remedy or privilege.

10.8     Exercise of Rights.  No failure or delay on the part of any Member or the Company in exercising any right, power or privilege under this Agreement and no course of dealing between the Members or between any Member and the Company shall operate as a waiver thereof; nor shall any single or partial exercise of any right, power or privilege preclude any other or further exercise thereof or the exercise of any other right, power or privilege.  The rights and remedies provided in this Agreement are cumulative and not exclusive of any other rights or remedies which a Member or the Company would otherwise have at law or in equity.

10.9     No Third Party Beneficiary.  This Agreement is for the benefit of the Members, the Managing Manager and the Company and, except for as set forth in Article XI, no other person

{01269150;2}                                               28

shall have any rights, interest or claims under this Agreement or be entitled to any benefits under or on account of this Agreement as a third party beneficiary or otherwise.

10.10    Attorneys' Fees and Expenses of Litigation.  If any Member shall bring suit to enforce or interpret this Agreement, the substantially prevailing party shall be entitled to a reasonable sum as attorneys' fees and all other reasonable costs and expenses in connection with such suit, which sum shall be included in the judgment or decree entered in such suit.

10.11    Governing Law and Partial Invalidity.  This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware.  If any part of this Agreement shall be held invalid for any reason, the remainder of this Agreement shall continue in full force and effect.

10.12    Counterparts.  This Agreement may be executed in counterparts, each of which shall be deemed an original but all of which shall constitute one and the same instrument.

10.13.    Disclosure and Waiver of Conflicts.  The Members acknowledge and agree that: (i) the attorney who prepared this Agreement ("Attorney") acted as initial legal counsel to SOUTH SHORE PROPERTY HOLDINGS I LLC, a  Delaware a limited liability company, (the **"Represented Parties")** and not to any of the other Members or the Company; (ii) the Members have been advised by the Attorney that the interests of the Represented Parties  may be opposed to the interests of the other Members and to the interests of the Company, and, accordingly, the Attorney's representation of the Represented Parties may not be in the best interests of the other Members or the Company; and (iii) each of the other Members and the Company have been advised by the Attorney to retain separate legal counsel.  Notwithstanding the foregoing provisions of this Section, the other Members: (1) acknowledge that they have been advised to retain separate counsel and have either retained separate counsel or waived their right to do so; and (2) jointly and severally forever waive any claim that the Attorney's representation of the Represented Parties with respect to the preparation of this Agreement constitutes a conflict of interest.

**SIGNATURES CONTAINED ON FOLLOWING PAGES**

{01269150;2}                                      29

IN WITNESS WHEREOF, each Member has duly executed this Operating Agreement as of the date first above written.

**CLASS A MEMBER:**

_____

Capital Investors Management LLC, a Pennsylvania limited liability company
By: TBD, its Manager


**CLASS B MEMBER:**

_____

TBD Investor, a Delaware limited liability company
By:


_____

TBD Investor, a Delaware limited liability company
By: TBD, its Manager

## EXHIBT A

| MEMBER | PERCENTAGE OF OWNERSHIP | CAPITAL CONTRIBUTION |
|---|---|---|
| **CLASS A MEMBER**: | | |
| Capital Investors Management LLC | 12.5% | $0.00 |
| **CLASS B MEMBER:** | | |
| TBD | TBD% | $TBD |
| TBD | TBD% | $TBD |
| TBD | TBD% | $TBD |

{01269150;2}                                              31

Start Time: 1/17/2018 5:15:27 PM(UTC-5)
Last Activity: 7/16/2018 11:03:32 AM(UTC-4)
Participants: +12603123294 Virju Patel, +19174460514 Shuvam Bhaumik, +14695435587 Ron Bol,
+12154075777 Shaun Cohen
From: +19174460514 Shuvam Bhaumik
Timestamp: 1/17/2018 5:15:27 PM(UTC-5)
Source App: Native Messages
Body:
Guys, We sent the resolution Dr. Jerry to sign. Please notify him to sign this and then Virju and I will
execute a copy as well.
----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 1/17/2018 5:15:46 PM(UTC-5)
Source App: Native Messages
Body:
Also are we having a call today? Want to get an understanding on whether we can build out this portfolio
or not.
----------------------------
From: +14695435587 Ron Bol
Timestamp: 1/17/2018 5:17:43 PM(UTC-5)
Source App: Native Messages
Body:
We should have the call tomorrow at 11am CT.  Tyler and I are still working on it.
----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 1/17/2018 5:19:08 PM(UTC-5)
Source App: Native Messages
Body:
Ok. Also, from the last thread, shaun or Ron, can you confirm on the preferred payment distribution,
which should be monthly on Merrill. Thanks.
----------------------------
From: +12154075777 Shaun Cohen (owner)
Timestamp: 1/17/2018 5:52:02 PM(UTC-5)
Source App: Native Messages
Body:
The distribution on Merrill is monthly. We will get it set up.
I'll make sure my father signs.
What's the status on Merrill money coming in,
----------------------------
From: +12154075777 Shaun Cohen (owner)
Timestamp: 1/17/2018 5:52:03 PM(UTC-5)
Source App: Native Messages
Body:
?
----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 1/17/2018 5:53:27 PM(UTC-5)
Source App: Native Messages
Body:
I will let Virju discuss on the funds right now. We are going through the Madison Trust paperwork. Also,
waiting on a few wires to come in. Thanks on the answers shaun. Are you drinking tequila right now?
----------------------------
From: +12154075777 Shaun Cohen (owner)
Timestamp: 1/17/2018 5:53:53 PM(UTC-5)
Source App: Native Messages
Body:
Not yet, that's why I can answer.
----------------------------
From: +14695435587 Ron Bol
Timestamp: 1/17/2018 5:55:54 PM(UTC-5)
Source App: Native Messages
Body:
The Merrill resolution you sent over is wrong.  Can you send this over in word for editing and return to you
----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 1/17/2018 5:56:32 PM(UTC-5)
Source App: Native Messages
Body:
Whats incorrect?

----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 1/17/2018 5:56:48 PM(UTC-5)
Source App: Native Messages
Body:
Wasn't this what Tyler sent to. us Virju?
----------------------------
From: +14695435587 Ron Bol
Timestamp: 1/17/2018 5:58:54 PM(UTC-5)
Source App: Native Messages
Body:
This looks like a repurposed Drexel doc.  I'm walking out the door and on the other line.  If you send it over in word, it can be edited and returned to you
----------------------------
From: +12603123294 Virju Patel
Timestamp: 1/17/2018 5:58:57 PM(UTC-5)
Source App: Native Messages
Body:
Ron, I sent over the final doc Tyler sent me
----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 1/17/2018 5:59:19 PM(UTC-5)
Source App: Native Messages
Body:
Ok, virju please send word doc. Thanks Ron.
----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 1/17/2018 5:59:31 PM(UTC-5)
Source App: Native Messages
Body:
I think it was a repurposed doc.
----------------------------
From: +12603123294 Virju Patel
Timestamp: 1/17/2018 5:59:48 PM(UTC-5)
Source App: Native Messages
Body:
Will send tonight.  Driving for next two hours.
----------------------------
From: +12154075777 Shaun Cohen (owner)
Timestamp: 1/17/2018 6:00:30 PM(UTC-5)
Source App: Native Messages
Body:
Virju, can you answer the other question about the funds?
----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 1/17/2018 6:01:26 PM(UTC-5)
Source App: Native Messages
Body:
Guys, before funds come on, lets get these docs set. We thought what we have is set, but its not. Tyler sent us finalized docs that were reviewed by counsel, but now it. Isn't correct
----------------------------
From: +12603123294 Virju Patel
Timestamp: 1/17/2018 6:01:42 PM(UTC-5)
Source App: Native Messages
Body:
100k in.
200k coming in next few days
75k in Madison processing to us
----------------------------
From: +12603123294 Virju Patel
Timestamp: 1/17/2018 6:01:57 PM(UTC-5)
Source App: Native Messages
Body:
Shaun will break it all down for you tonight on raise
----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 1/17/2018 6:02:49 PM(UTC-5)
Source App: Native Messages
Body:

Clients have put trust in us, that we have extended to EB without docs being signed off on. Lets just please finalize docs.

----------------------------
From: +12154075777 Shaun Cohen (owner)
Timestamp: 1/17/2018 6:03:19 PM(UTC-5)
Source App: Native Messages
Body:
They will get finalized today. Thanks Virju

----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 1/17/2018 6:03:32 PM(UTC-5)
Source App: Native Messages
Body:
Lets do it pre tequila please

----------------------------
From: +12154075777 Shaun Cohen (owner)
Timestamp: 1/17/2018 6:03:57 PM(UTC-5)
Source App: Native Messages
Body:
Ron will edit it as soon as it comes over.

----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 1/17/2018 6:04:35 PM(UTC-5)
Source App: Native Messages
Body:
Ok. Thanks shaun. How's Mexico? Snowing here in boston.

----------------------------
From: +12154075777 Shaun Cohen (owner)
Timestamp: 1/17/2018 6:09:52 PM(UTC-5)
Source App: Native Messages
Body:
It was raining all day but is still nice. It just stopped though.

----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 1/17/2018 6:15:29 PM(UTC-5)
Source App: Native Messages
Body:
Ok cool. Well enjoy bud. Relax and enjoy the time with the family.

----------------------------
From: +12603123294 Virju Patel
Timestamp: 1/17/2018 6:15:31 PM(UTC-5)
Source App: Native Messages
Body:
Shaun, honestly you guys have the final resolution docs you sent to us last from Tyler. So why don't you just send us that signed by Jerry. I will compare our doc to yours and go from
There.

----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 1/17/2018 6:34:59 PM(UTC-5)
Source App: Native Messages
Body:
Meaning, this doc was sent to us by Tyler. You guys should have the original word doc.

----------------------------
From: +12154075777 Shaun Cohen (owner)
Timestamp: 1/17/2018 6:35:12 PM(UTC-5)
Source App: Native Messages
Body:
Got it. Ok.

----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 1/17/2018 6:35:49 PM(UTC-5)
Source App: Native Messages
Body:
And please red line what changes are being made, so we can compare and contrast to what our counsel reviewed.

----------------------------
From: +12154075777 Shaun Cohen (owner)
Timestamp: 1/17/2018 6:36:15 PM(UTC-5)
Source App: Native Messages

Body:
K

----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 1/17/2018 6:37:00 PM(UTC-5)
Source App: Native Messages
Body:
Thanks bud.

----------------------------
From: +12154075777 Shaun Cohen (owner)
Timestamp: 1/17/2018 6:39:09 PM(UTC-5)
Source App: Native Messages
Body:
Yep

----------------------------
From: +12154075777 Shaun Cohen (owner)
Timestamp: 1/17/2018 6:54:17 PM(UTC-5)
Source App: Native Messages
Body:
Guys, this will be resolved in the morning.

----------------------------
From: +14695435587 Ron Bol
Timestamp: 1/18/2018 12:03:05 PM(UTC-5)
Source App: Native Messages
Body:
Will be right there.  Last call ran long

----------------------------
From: +12603123294 Virju Patel
Timestamp: 1/18/2018 6:41:30 PM(UTC-5)
Source App: Native Messages
Body:
Gents, wanted to follow up on the property proposal for our CA client.   We are trying to line up a call with our client tomorrow. What is the timeline for the proposal?  Thanks.

----------------------------
From: +14695435587 Ron Bol
Timestamp: 1/18/2018 6:43:49 PM(UTC-5)
Source App: Native Messages
Body:
Tyler and I will update you on the call at 9:30am CT tomorrow

----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 1/18/2018 6:44:36 PM(UTC-5)
Source App: Native Messages
Body:
Ron that is a different call

----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 1/18/2018 6:45:02 PM(UTC-5)
Source App: Native Messages
Body:
Has nothing to do with this client

----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 1/18/2018 6:45:38 PM(UTC-5)
Source App: Native Messages
Body:
Tyler was invited on that call just to review the Merrill pro forma with another client who had questions

----------------------------
From: +12154075777 Shaun Cohen (owner)
Timestamp: 1/18/2018 6:53:28 PM(UTC-5)
Source App: Native Messages
Body:
Ron knows that. I want him to be on the call with your client as a silent observer so that he can help direct you better afterwards and make sure you guys have all of the guidance you need to be successful. After the call he and Tyler will update you on the CA property and when the document will be ready. Schedule the call with your guy for Mon or Tues.

----------------------------
From: +12603123294 Virju Patel
Timestamp: 1/18/2018 6:55:32 PM(UTC-5)

Source App: Native Messages
Body:
Gotcha.  Yeah that's fine for Ron to join. Shuvam can you send over invite, or I can shortly
-----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 1/18/2018 6:56:18 PM(UTC-5)
Source App: Native Messages
Body:
I will add her on to the existing invite the Tyler excepted
-----------------------------
From: +12603123294 Virju Patel
Timestamp: 1/18/2018 6:56:41 PM(UTC-5)
Source App: Native Messages
Body:
Cool, thanks.
-----------------------------
From: +12154075777 Shaun Cohen (owner)
Timestamp: 1/18/2018 6:56:48 PM(UTC-5)
Source App: Native Messages
Body:
Freudian slip?
-----------------------------
From: +12603123294 Virju Patel
Timestamp: 1/18/2018 6:57:01 PM(UTC-5)
Source App: Native Messages
Body:
He's on CarPlay with Siri.
-----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 1/18/2018 7:02:55 PM(UTC-5)
Source App: Native Messages
Body:
Sorry on CarPlay
-----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 1/18/2018 7:03:02 PM(UTC-5)
Source App: Native Messages
Body:
Voice texting
-----------------------------
From: +12154075777 Shaun Cohen (owner)
Timestamp: 1/18/2018 7:03:25 PM(UTC-5)
Source App: Native Messages
Body:
SURE... :)
-----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 1/18/2018 7:10:50 PM(UTC-5)
Source App: Native Messages
Body:
Hahah. Ron, we will text you the dial-in instructions because it keeps sending out a notification to the other parties when a change is made and i dont want to inundate their inboxes
-----------------------------
From: +14695435587 Ron Bol
Timestamp: 1/18/2018 7:12:15 PM(UTC-5)
Source App: Native Messages
Body:
Don't worry about it.  After what I've seen in text already I'm already on my way to your house and should be there in time for the call
-----------------------------
From: +12603123294 Virju Patel
Timestamp: 1/18/2018 7:12:29 PM(UTC-5)
Source App: Native Messages
Body:
866.299.9141,,39910259#
-----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 1/18/2018 7:12:39 PM(UTC-5)
Source App: Native Messages

Body:
Ahaha
----------------------------
From: +14695435587 Ron Bol
Timestamp: 1/18/2018 7:12:59 PM(UTC-5)
Source App: Native Messages
Body:
: )
----------------------------
From: +12603123294 Virju Patel
Timestamp: 1/18/2018 7:13:02 PM(UTC-5)
Source App: Native Messages
Body:
Dial in at 10:30A EST
----------------------------
From: +14695435587 Ron Bol
Timestamp: 1/18/2018 7:15:24 PM(UTC-5)
Source App: Native Messages
Body:
Thanks.  Already had the invite from Tyler an hour ago.
----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 1/18/2018 7:19:39 PM(UTC-5)
Source App: Native Messages
Body:
Great.
----------------------------
From: +14695435587 Ron Bol
Timestamp: 1/19/2018 10:32:18 AM(UTC-5)
Source App: Native Messages
Body:
Remember, I am a silent observer on this call.  Tyler is bridging me up.  Don't introduce me
----------------------------
From: +12603123294 Virju Patel
Timestamp: 1/19/2018 10:32:41 AM(UTC-5)
Source App: Native Messages
Body:
understood.
----------------------------
From: +12603123294 Virju Patel
Timestamp: 1/19/2018 10:32:46 AM(UTC-5)
Source App: Native Messages
Body:
Shuvam, confirm.
----------------------------
From: +12603123294 Virju Patel
Timestamp: 1/19/2018 10:34:17 AM(UTC-5)
Source App: Native Messages
Body:
Please have a look at the pro forma our client sent us, from their perspective on how they see the proforma from their perpective.
----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 1/19/2018 12:47:40 PM(UTC-5)
Source App: Native Messages
Body:
Ron, on the OA you sent us, end of page 3 to page 4, the letters are out of sequence.
----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 1/19/2018 1:20:22 PM(UTC-5)
Source App: Native Messages
Body:
Guys, we have to go over these docs. They are not showing 6951 Merrill fund as the class b members.
----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 1/24/2018 6:40:36 PM(UTC-5)
Source App: Native Messages
Body:
Guys, didnt want to message Tyler again and bug him, but can you mention to him to send over that excel

file. Thanks.

----------------------------
From: +14695435587 Ron Bol
Timestamp: 1/25/2018 11:13:03 AM(UTC-5)
Source App: Native Messages
Body:
Have you sent over the adjusted table reflecting the expected receipt of Merrill funds?

----------------------------
From: +12603123294 Virju Patel
Timestamp: 1/29/2018 10:31:59 AM(UTC-5)
Source App: Native Messages
Body:
Resolution Doc to jerry was just sent over, FYI.

----------------------------
From: +12154075777 Shaun Cohen (owner)
Timestamp: 1/29/2018 10:33:04 AM(UTC-5)
Source App: Native Messages
Body:
I'm on with him and just told him to sign.

----------------------------
From: +12603123294 Virju Patel
Timestamp: 1/29/2018 10:33:22 AM(UTC-5)
Source App: Native Messages
Body:
Okay cool.

----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 1/29/2018 10:34:26 AM(UTC-5)
Source App: Native Messages
Body:
Wow

----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 1/29/2018 10:34:41 AM(UTC-5)
Source App: Native Messages
Body:
This might be a first.

----------------------------
From: +12154075777 Shaun Cohen (owner)
Timestamp: 1/29/2018 10:34:44 AM(UTC-5)
Source App: Native Messages
Body:
He signed it.

----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 1/29/2018 10:34:55 AM(UTC-5)
Source App: Native Messages
Body:
Awesome. Thanks.

----------------------------
From: +12154075777 Shaun Cohen (owner)
Timestamp: 1/29/2018 10:34:57 AM(UTC-5)
Source App: Native Messages
Body:
And here comes the peanut gallery

----------------------------
From: +12603123294 Virju Patel
Timestamp: 1/29/2018 10:34:59 AM(UTC-5)
Source App: Native Messages
Body:
Two months in the making.

----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 1/29/2018 10:35:07 AM(UTC-5)
Source App: Native Messages
Body:
Hey Shaun, nice to hear from you.

----------------------------
From: +12603123294 Virju Patel

Timestamp: 1/29/2018 10:35:12 AM(UTC-5)
Source App: Native Messages
Body:
Shuvam, you up next to sign them it will come to me.
----------------------------
From: +12603123294 Virju Patel
Timestamp: 1/29/2018 10:35:18 AM(UTC-5)
Source App: Native Messages
Body:
Then*
----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 1/29/2018 10:35:35 AM(UTC-5)
Source App: Native Messages
Body:
Will do.
----------------------------
*Redacted*

----------------------------
From: +12603123294 Virju Patel
Timestamp: 1/29/2018 10:39:23 AM(UTC-5)
Source App: Native Messages
Body:
Ron and Shaun, look forward this partnership. We have a call scheduled with our Ca investor this week.
----------------------------
From: +12154075777 Shaun Cohen (owner)
Timestamp: 1/29/2018 11:02:57 AM(UTC-5)
Source App: Native Messages
Body:
We do too Virju. Sounds good on the CA investor. Let us know if you need any help.
----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 2/16/2018 9:30:38 AM(UTC-5)
Source App: Native Messages
Body:
Thanks for the info.
----------------------------
From: +14695435587 Ron Bol
Timestamp: 2/16/2018 9:31:40 AM(UTC-5)
Source App: Native Messages
Body:
You're welcome.
----------------------------
From: +12154075777 Shaun Cohen (owner)
Timestamp: 2/16/2018 11:36:06 AM(UTC-5)
Source App: Native Messages

Body:
Virju, can you send over your updated report?

----------------------------
From: +12603123294 Virju Patel
Timestamp: 2/16/2018 12:18:16 PM(UTC-5)
Source App: Native Messages
Body:
Shaun, no updates as of now unless shuvam has some. Mentioned on our last call I was in Greece and I'll be returning on Sunday.  We are waiting on one client to forward his $80K over to Madison.
We have a call with our CA investor later today and will update you on that tomorrow.    Shuvam had a good conversation with Tim, whom you met at Capital Grille.  Shuvam can provide more detail because he spoke to Tim.  Once I return I'll share with you another document depicting our over pipeline.
Shuvam, please let me know if you have anything to add here.   Thanks all.

----------------------------
From: +12154075777 Shaun Cohen (owner)
Timestamp: 2/16/2018 12:47:41 PM(UTC-5)
Source App: Native Messages
Body:
Ok, just send a pipeline on Monday morning and enjoy the rest of your trip. I forgot you were there. Just let me know when we should expect the next set of funds to be sent.

----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 2/16/2018 12:50:25 PM(UTC-5)
Source App: Native Messages
Body:
Ok cool. You'll have it next week

----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 2/16/2018 12:50:36 PM(UTC-5)
Source App: Native Messages
Body:
I will also fill you in on tim.

----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 2/16/2018 12:51:37 PM(UTC-5)
Source App: Native Messages
Body:
Let us know if you guys need any more clarity on the list of questions from our institutional investor. Again, we just need the pro forma in locked excel format. Thanks.

----------------------------
From: +14695435587 Ron Bol
Timestamp: 2/16/2018 12:54:28 PM(UTC-5)
Source App: Native Messages
Body:
I just returned to the office a short while ago and will wrap this up with Tyler shortly

----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 2/16/2018 12:54:49 PM(UTC-5)
Source App: Native Messages
Body:
Awesome. Thanks.

----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 2/16/2018 12:56:44 PM(UTC-5)
Source App: Native Messages
Body:
Tim is interested in doing a portfolio, similar to CA investor, but dont have specific return profile. Drexel will be part of that portfolio. Virju and I will converse on how to full present it, but already have mentioned to him that we acquired Drexel which will be the anchor asset in the portfolio. He's leaving for Florida today or tomorrow,, so will reconnect with him next week on this. In the meantime, I am going to send him info on Drexel etc.

----------------------------
From: +12154075777 Shaun Cohen (owner)
Timestamp: 2/16/2018 2:09:24 PM(UTC-5)
Source App: Native Messages
Body:
K

----------------------------
From: +19174460514 Shuvam Bhaumik

Timestamp: 2/17/2018 10:05:03 AM(UTC-5)
Source App: Native Messages
Body:
Good morning gents. Sent an email last night for our cali client.
----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 2/18/2018 10:08:13 PM(UTC-5)
Source App: Native Messages
Body:
Good evening guys. Just wanted to make sure you saw the email for cali client, and if you guys need any clarification on the questions
----------------------------
From: +14695435587 Ron Bol
Timestamp: 2/18/2018 10:09:13 PM(UTC-5)
Source App: Native Messages
Body:
Good evening.
Saw the email and will get back with you tomorrow.
----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 2/18/2018 10:09:34 PM(UTC-5)
Source App: Native Messages
Body:
Thanks. Please let me know if you need any clarification. Thanks.
----------------------------
From: +12154075777 Shaun Cohen (owner)
Timestamp: 2/19/2018 10:21:26 AM(UTC-5)
Source App: Native Messages
Body:
Virju, can you send us an actual pipeline in google drive? Do you expect any funds to hit our account this week? If so, how much?
----------------------------
From: +12154075777 Shaun Cohen (owner)
Timestamp: 2/19/2018 10:21:26 AM(UTC-5)
Source App: Native Messages
Body:
Virju, can you send us an actual pipeline in google drive? Do you expect any funds to hit our account this week? If so, how much?
----------------------------
From: +12603123294 Virju Patel
Timestamp: 2/19/2018 10:29:34 AM(UTC-5)
Source App: Native Messages
Body:
Sure I will send updated pipeline over tonight.  As for funds this week, I'm still waiting on funds from Madison.  I will email out client today to get a status on that.    Shuvam will give an update later on his leads as well.
----------------------------
From: +12154075777 Shaun Cohen (owner)
Timestamp: 2/19/2018 10:32:04 AM(UTC-5)
Source App: Native Messages
Body:
Let me know today on the expected timing of the funds.
----------------------------
From: +12603123294 Virju Patel
Timestamp: 2/19/2018 10:36:14 AM(UTC-5)
Source App: Native Messages
Body:
Will do.
----------------------------
From: +12154075777 Shaun Cohen (owner)
Timestamp: 2/19/2018 5:21:44 PM(UTC-5)
Source App: Native Messages
Body:
Any update Virju?
----------------------------
From: +12603123294 Virju Patel
Timestamp: 2/19/2018 5:24:38 PM(UTC-5)
Source App: Native Messages
Body:

Just got back from meetings. As of now, I called our client earlier he didn't pick up as I needed for an update. Most of my updates are net new leads. As for funding Commits for this week, I will be chatting with shuvam at 7pm. I will update my pipeline and send it over as a shared link. Sorry I'm just getting back into the swing from my trip thus the delay.

-----------------------------

From: +12154075777 Shaun Cohen (owner)
Timestamp: 2/19/2018 5:44:22 PM(UTC-5)
Source App: Native Messages
Body:
What are the clients' names for Madison? We have muscle there and can move things along quicker.

-----------------------------

From: +19174460514 Shuvam Bhaumik
Timestamp: 2/19/2018 5:45:07 PM(UTC-5)
Source App: Native Messages
Body:
It's the paperwork that's the delay. Madison requires physical signatures.

-----------------------------

From: +12154075777 Shaun Cohen (owner)
Timestamp: 2/19/2018 5:47:52 PM(UTC-5)
Source App: Native Messages
Body:
No they don't. I keep telling you that you need to let us handle this. I know the owner well.

-----------------------------

From: +19174460514 Shuvam Bhaumik
Timestamp: 2/19/2018 5:48:31 PM(UTC-5)
Source App: Native Messages
Body:
Why didn't you mention this before? LOL

-----------------------------

From: +12154075777 Shaun Cohen (owner)
Timestamp: 2/19/2018 5:48:38 PM(UTC-5)
Source App: Native Messages
Body:
I DID!

-----------------------------

From: +19174460514 Shuvam Bhaumik
Timestamp: 2/19/2018 5:48:43 PM(UTC-5)
Source App: Native Messages
Body:
Because when I speak to them they are requiring physical signatures

-----------------------------

From: +19174460514 Shuvam Bhaumik
Timestamp: 2/19/2018 5:49:27 PM(UTC-5)
Source App: Native Messages
Body:
I don't remember.

-----------------------------

From: +12154075777 Shaun Cohen (owner)
Timestamp: 2/19/2018 5:49:33 PM(UTC-5)
Source App: Native Messages
Body:
You guys said "no, we're fine, we don't need your stinkin' help"

-----------------------------

From: +19174460514 Shuvam Bhaumik
Timestamp: 2/19/2018 5:49:53 PM(UTC-5)
Source App: Native Messages
Body:
I don't use fairy words like stinkin

-----------------------------

From: +12154075777 Shaun Cohen (owner)
Timestamp: 2/19/2018 7:39:11 PM(UTC-5)
Source App: Native Messages
Body:
Guys, give me the names first thing in the morning. I will get a hold of Madison myself and get you guys on the speedy track.

-----------------------------

From: +19174460514 Shuvam Bhaumik
Timestamp: 2/20/2018 11:49:58 AM(UTC-5)
Source App: Native Messages

Body:
After speaking with shaun, on Drexel with our institutional investor, please change total partner equity from $2,032,900 to $2,182,900. When you get a chance, can you send us updated OM and any other docs with new numbers. Thank you.

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-

From: +12154075777 Shaun Cohen (owner)
Timestamp: 2/20/2018 11:53:07 AM(UTC-5)
Source App: Native Messages
Body:
I will instruct Tyler.

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-

From: +12603123294 Virju Patel
Timestamp: 2/20/2018 11:53:36 AM(UTC-5)
Source App: Native Messages
Body:
Thanks

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-

From: +14695435587 Ron Bol
Timestamp: 2/20/2018 11:53:39 AM(UTC-5)
Source App: Native Messages
Body:
I just did via text

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-

From: +19174460514 Shuvam Bhaumik
Timestamp: 2/20/2018 11:53:53 AM(UTC-5)
Source App: Native Messages
Body:
Thanks gents.

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-

From: +12154075777 Shaun Cohen (owner)
Timestamp: 2/20/2018 11:54:34 AM(UTC-5)
Source App: Native Messages
Body:
K

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-

From: +12603123294 Virju Patel
Timestamp: 2/21/2018 3:17:08 PM(UTC-5)
Source App: Native Messages
Body:
Ron, thanks for the assistance on today's call.   Per our conversation on past sales, you mentioned sending us 6142 Langley.  Would be possible to send over at least 3-5 properties?  Also if you could supply the summary on how the improvement achieved a higher value-add sale?  Thank you.

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-

From: +14695435587 Ron Bol
Timestamp: 2/21/2018 4:00:18 PM(UTC-5)
Source App: Native Messages
Body:
Sure.  Will have something over for you tomorrow late morning

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-

From: +12603123294 Virju Patel
Timestamp: 2/21/2018 4:06:47 PM(UTC-5)
Source App: Native Messages
Body:
Thanks.

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-

From: +19174460514 Shuvam Bhaumik
Timestamp: 2/22/2018 8:15:40 PM(UTC-5)
Source App: Native Messages
Body:
Ron, any word on the info?

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-

From: +19174460514 Shuvam Bhaumik
Timestamp: 2/22/2018 8:15:43 PM(UTC-5)
Source App: Native Messages
Body:
Thanks.

*Redacted*

*Redacted*

*Redacted*

-----------------------------
From: +12154075777 Shaun Cohen (owner)
Timestamp: 3/1/2018 11:08:10 AM(UTC-5)
Source App: Native Messages
Body:
Is it for Langley that you want the summary of what improvements were done to achieve the higher value add?
-----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 3/1/2018 11:11:58 AM(UTC-5)
Source App: Native Messages
Body:
Ron mentioned Langley being an example. But if you can show on Langley what was done to increase value as an example of the portfolio, that will suffice. Having 3-5 properties that were sold will also be helpful.
-----------------------------
From: +12154075777 Shaun Cohen (owner)
Timestamp: 3/1/2018 11:13:41 AM(UTC-5)
Source App: Native Messages
Body:
3-5 properties on your website with all of that info?
-----------------------------
From: +12154075777 Shaun Cohen (owner)
Timestamp: 3/1/2018 11:13:51 AM(UTC-5)
Source App: Native Messages
Body:
Or 1 and then 3-5 listed?
-----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 3/1/2018 11:14:45 AM(UTC-5)
Source App: Native Messages
Body:
No. Lol. We are talking about two different things
-----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 3/1/2018 11:15:06 AM(UTC-5)
Source App: Native Messages
Body:
This info is for client. California client.
-----------------------------
From: +12154075777 Shaun Cohen (owner)
Timestamp: 3/1/2018 11:15:12 AM(UTC-5)
Source App: Native Messages
Body:
The RCA I just sent to you with 12 properties.
-----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 3/1/2018 11:15:20 AM(UTC-5)
Source App: Native Messages
Body:
Website should be good, virju can comment on that.
-----------------------------
From: +12154075777 Shaun Cohen (owner)
Timestamp: 3/1/2018 11:15:23 AM(UTC-5)
Source App: Native Messages
Body:
You can use that for him.
-----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 3/1/2018 11:16:22 AM(UTC-5)
Source App: Native Messages

Body:
Got it. Perfect. Will review today, and let you know if we need anything else. Thanks.

----------------------------

From: +12154075777 Shaun Cohen (owner)
Timestamp: 3/1/2018 11:16:41 AM(UTC-5)
Source App: Native Messages
Body:
K. I'll have Gary get you the Langley info.

----------------------------

From: +19174460514 Shuvam Bhaumik
Timestamp: 3/1/2018 11:17:05 AM(UTC-5)
Source App: Native Messages
Body:
Langley info is needed for cali client.

----------------------------

From: +12154075777 Shaun Cohen (owner)
Timestamp: 3/1/2018 11:17:22 AM(UTC-5)
Source App: Native Messages
Body:
Call me.

----------------------------

From: +19174460514 Shuvam Bhaumik
Timestamp: 3/1/2018 2:30:40 PM(UTC-5)
Source App: Native Messages
Body:
Shaun, sorry one last item, which you might've missed. The institution is also asking for the debt term sheet for Drexel. This is needed for their underwriting team.

----------------------------

From: +12154075777 Shaun Cohen (owner)
Timestamp: 3/1/2018 2:31:42 PM(UTC-5)
Source App: Native Messages
Body:
Tyler sent that last week.

----------------------------

From: +19174460514 Shuvam Bhaumik
Timestamp: 3/1/2018 2:34:55 PM(UTC-5)
Source App: Native Messages
Body:
Give me a call when you can. Thanks.

----------------------------

From: +19174460514 Shuvam Bhaumik
Timestamp: 3/1/2018 2:35:35 PM(UTC-5)
Source App: Native Messages
Body:
Two different items. Tyler sent something for Drexel, but wasn't the terms, was more so the sources and uses updated

----------------------------

From: +12154075777 Shaun Cohen (owner)
Timestamp: 3/1/2018 2:35:54 PM(UTC-5)
Source App: Native Messages
Body:
Text Tyler with me and Rob copied.

----------------------------

From: +12603123294 Virju Patel
Timestamp: 3/1/2018 2:37:31 PM(UTC-5)
Source App: Native Messages
Body:
This was in response after we sent over the loan agreement to our institutional client, "I looked over the Loan Agreement and Drexel Loan Assumption docs, but couldn't find anything about the terms. This is very important and our underwriting team is very detailed about this. "

----------------------------

From: +12603123294 Virju Patel
Timestamp: 3/1/2018 2:37:55 PM(UTC-5)
Source App: Native Messages
Body:
I will resend with Tyler and Ron

----------------------------

From: +12603123294 Virju Patel
Timestamp: 4/9/2018 2:33:46 PM(UTC-4)

Source App: Native Messages
Body:
Ron, just following up on the Merrill spreadsheet update on distribution amount and date of funds transfer. Thanks.
----------------------------
From: +12154075777 Shaun Cohen (owner)
Timestamp: 4/9/2018 5:00:37 PM(UTC-4)
Source App: Native Messages
Body:
Just spoke with Ron. He and our bookkeeper are meeting on it tomorrow morning.
----------------------------
From: +12603123294 Virju Patel
Timestamp: 4/10/2018 1:40:49 PM(UTC-4)
Source App: Native Messages
Body:
Shaun, we need to get this information off to our investors ASAP on Merrill Distributions.. When can we expect the distribution details and funding? Thanks.
----------------------------
From: +12154075777 Shaun Cohen (owner)
Timestamp: 4/10/2018 2:44:32 PM(UTC-4)
Source App: Native Messages
Body:
Can either of you get on a call right now with Ron and I?
----------------------------
From: +12603123294 Virju Patel
Timestamp: 4/10/2018 2:44:37 PM(UTC-4)
Source App: Native Messages
Body:
Yes.
----------------------------
From: +12154075777 Shaun Cohen (owner)
Timestamp: 4/10/2018 2:44:48 PM(UTC-4)
Source App: Native Messages
Body:
Shuvam?
----------------------------
From: +19174460514 Shuvam Bhaumik
Timestamp: 4/10/2018 2:45:36 PM(UTC-4)
Source App: Native Messages
Body:
Sure.
----------------------------
From: +12603123294 Virju Patel
Timestamp: 4/10/2018 2:46:02 PM(UTC-4)
Source App: Native Messages
Body:
□617.399.3585,39910259#□
----------------------------
From: +12603123294 Virju Patel
Timestamp: 4/10/2018 2:46:05 PM(UTC-4)
Source App: Native Messages
Body:
Dial in here
----------------------------
From: +12154075777 Shaun Cohen (owner)
Timestamp: 4/10/2018 3:48:42 PM(UTC-4)
Source App: Native Messages
Body:
Talking with Ron. Let's make the statement and distribution date be the end of every month for the prior month. Example: April 30th will be the March statement and distribution.
----------------------------
From: +12603123294 Virju Patel
Timestamp: 4/10/2018 3:49:38 PM(UTC-4)
Source App: Native Messages
Body:
So in the arrears?
----------------------------
From: +12154075777 Shaun Cohen (owner)
Timestamp: 4/10/2018 3:49:54 PM(UTC-4)

Source App: Native Messages
Body:
Yes. We don't even get the PM statement until the 20th.
----------------------------
From: +12603123294 Virju Patel
Timestamp: 4/10/2018 3:50:06 PM(UTC-4)
Source App: Native Messages
Body:
I'm okay with this.
----------------------------
From: +12603123294 Virju Patel
Timestamp: 4/10/2018 3:50:19 PM(UTC-4)
Source App: Native Messages
Body:
That's how it is on your debt side, correct?
----------------------------
From: +12154075777 Shaun Cohen (owner)
Timestamp: 4/10/2018 3:50:28 PM(UTC-4)
Source App: Native Messages
Body:
Yes
----------------------------
From: +12603123294 Virju Patel
Timestamp: 4/10/2018 3:50:57 PM(UTC-4)
Source App: Native Messages
Body:
You paid us to-date from 11/13/17 to 1/31/18 so far
----------------------------
From: +12154075777 Shaun Cohen (owner)
Timestamp: 4/10/2018 3:51:05 PM(UTC-4)
Source App: Native Messages
Body:
Yep
----------------------------
From: +12603123294 Virju Patel
Timestamp: 4/10/2018 3:51:17 PM(UTC-4)
Source App: Native Messages
Body:
So Feb distributions are funded 3/30
----------------------------
From: +12154075777 Shaun Cohen (owner)
Timestamp: 4/10/2018 3:52:06 PM(UTC-4)
Source App: Native Messages
Body:
In theory 3/31 but obviously we are late due to this variability issue.
----------------------------
From: +12603123294 Virju Patel
Timestamp: 4/10/2018 3:52:54 PM(UTC-4)
Source App: Native Messages
Body:
Yeah I'm perfectly fine with this.    We are only asking for Feb distributions right now.  Not march.
----------------------------
From: +12154075777 Shaun Cohen (owner)
Timestamp: 4/10/2018 3:55:56 PM(UTC-4)
Source App: Native Messages
Body:
Yep. We will have this resolved ASAP.
----------------------------
From: +12603123294 Virju Patel
Timestamp: 4/10/2018 4:25:19 PM(UTC-4)
Source App: Native Messages
Body:
Thanks...
----------------------------
From: +12603123294 Virju Patel
Timestamp: 5/21/2018 7:13:00 PM(UTC-4)
Source App: Native Messages
Body:
Hi Ron, following up on 79 Pl information. Thanks

----------------------------
From: +14695435587 Ron Bol
Timestamp: 5/21/2018 7:45:48 PM(UTC-4)
Source App: Native Messages
Body:
Finishing it up.  Will have over to you tomorrow morning
----------------------------
From: +12603123294 Virju Patel
Timestamp: 7/16/2018 11:03:16 AM(UTC-4)
Source App: Native Messages
Body:
Good Morning Ron!  Would you happen to have a few mins today to walk me through the resolution documents on how we can adjust them to our use.  If you haven't caught up with Shaun yet.  Idea here is we are bringing in $500K of capital into Merrill.  It will be oversubscribed by $230K.  So that extra $230K we will apply $30K to merrill as an interest reserve.  And the remaining $200K in Merrill, we will buy from our Merrill entity a fractional % stake into the Drexel entity representative of $200K.  We need to create two resolutions documents between Drexel and merrill entities on our end.  I wanted to reformat the resolutions you've provided us for our spec and could use your assistance.  Please let me know if you have time today after 1pm EST for a call.  Thanks.
----------------------------
From: +12154075777 Shaun Cohen (owner)
Timestamp: 7/16/2018 11:03:32 AM(UTC-4)
Source App: Native Messages
Body:
I'm calling you now Virju
----------------------------

| From: | Shaun Cohen |
| --- | --- |
| Sent: | Tuesday, July 3, 2018 7:36 AM CDT |
| To: | Virju Patel; Shuvam Bhaumik |
| Subject: | Dates of arrival of Merril funds |

| Date Funds Received | Amount Received |
| --- | --- |
| 11/13 | $300,000.00 |
| 1/30 | $300,000.00 |
| 2/1 | $50,000.00 |
| 2/9 | $80,000.00 |
| 3/14 | $75,000.00 |
| 04/24 | $75,000.00 |
| 04/27 | $50,000 |
| 05/02 | $100,000 |
| 06/13 | $249,479 |

Thanks,

**Shaun Cohen** *Vice President, EquityBuild, Inc*
Tel: **(877) 978-1869 x 1807** | Fax: **(972) 330-2329**
shaun@equitybuild.com | www.equitybuild.com

This email is intended only for the person or entity to which it is addressed and may contain information that is confidential, privileged, or otherwise protected from disclosure under applicable law. Dissemination, distribution or copying of this email including the information contained herein or any attachments hereto (the "message") by anyone other than the intended recipient, or an employee of agent responsible for

| | |
|---|---|
| **From:** | Shaun Cohen |
| **Sent:** | Tuesday, July 10, 2018 10:13 AM CDT |
| **To:** | Virju Patel |
| **CC:** | Shuvam Bhaumik |
| **BCC:** | elizabeth |
| **Subject:** | Re: Operating Agreement |
| **Attachments:** | SSDF 2 HoldCo 3 OA-2.docx, SSDF2 Holdco 2.docx |

Here are the holdco OA's for Drexel and 79th.

**Thanks,**

**Shaun Cohen** *Vice President, EquityBuild, Inc*
Tel: (877) 978-1869 x 1807 | Fax: (972) 330-2329
shaun@equitybuild.com | www.equitybuild.com

This email is intended only for the person or entity to which it is addressed and may contain information that is confidential, privileged, or otherwise protected from disclosure under applicable law. Dissemination, distribution or copying of this email including the information contained herein or any attachments hereto (the "message") by anyone other than the intended recipient, or an employee of agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you received this email in error, please immediately contact the sender and destroy the material in its entirety whether in electronic or hard copy format.

On Mon, Jul 9, 2018 at 6:53 PM, Virju Patel <virju@capitalinvestorspa.com> wrote:
Additional Docs we used on Merrill.

Membership Sale

and

SSDF2 OPERATING AGREEMENT
Best Regards,
Virju

--



**Virju Patel | Managing Partner**
Capital Investors LLC.
virju@capitalinvestorspa.com
capitalinvestorsPA.com
260.312.3294

This email, including attachments, is intended only for the addressee(s) indicated, and may include non-public, proprietary, confidential or legally privileged information. If you are not an intended recipient or an authorized agent of an intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained in or transmitted with this e-mail is unauthorized and strictly prohibited. If you have received this email in error, delete it and any attachments or copies immediately.

On Mon, Jul 9, 2018 at 11:45 AM Virju Patel <virju@capitalinvestorspa.com> wrote:
Shaun,

Here are the two entity names:

5001 South Drexel Blvd Fund II Limited Liability Company

1131 East 79th Place Fund III Limited Liability Company

Registered Address for both entities

38 Mountain View Ln

Schwenksville PA 19473

Best Regards,
Virju

--



**Virju Patel | Managing Partner**
Capital Investors LLC.
virju@capitalinvestorspa.com
capitalinvestorsPA.com
260.312.3294

This email, including attachments, is intended only for the addressee(s) indicated, and may include non-public, proprietary, confidential or legally privileged information. If you are not an intended recipient or an authorized agent of an intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained in or transmitted with this e-mail is unauthorized and strictly prohibited. If you have received this email in error, delete it and any attachments or copies immediately.

On Mon, Jul 9, 2018 at 11:41 AM Virju Patel <virju@capitalinvestorspa.com> wrote:
Shaun,

Please change out all traces of Merrill for the use of 79pl and Drexel on this doc.

Thank you.

Best Regards,
Virju

--



**Virju Patel | Managing Partner**
Capital Investors LLC.
virju@capitalinvestorspa.com
capitalinvestorsPA.com
260.312.3294

This email, including attachments, is intended only for the addressee(s) indicated, and may include non-public, proprietary, confidential or legally privileged information. If you are not an intended recipient or an authorized agent of an intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained in or transmitted with this e-mail is unauthorized and strictly prohibited. If you have received this email in error, delete it and any attachments or copies immediately.

**FOR SALE I** MULTIFAMILY

# 6951 S. Merrill Avenue

Chicago, IL 60649



CHICAGO, IL
www.capitalinvestorspa.com | (260) 312-3294 | virju@capitalinvestorspa.com

# CONTENTS

PROPERTY INFORMATION 4

LOCATION INFORMATION 8

DEMOGRAPHICS 17

# CONFIDENTIALITY & DISCLAIMER

All materials and information received or derived from Capital Investors its directors, officers, agents, advisors, affiliates and/or any third party sources are provided without representation or warranty as to completeness , veracity, or accuracy, condition of the property, compliance or lack of compliance with applicable governmental requirements, developability or suitability, financial performance of the property, projected financial performance of the property for any party's intended use or any and all other matters. Neither Capital Investors, its directors, officers, agents, advisors, or affiliates makes any representation or warranty, express or implied, as to accuracy or completeness of the any materials or information provided, derived, or received. Materials and information from any source, whether written or verbal, that may be furnished for review are not a substitute for a party's active conduct of its own due diligence to determine these and other matters of significance to such party. Capital Investors will not investigate or verify any such matters or conduct due diligence for a party unless otherwise agreed in writing.

EACH PARTY SHALL CONDUCT ITS OWN INDEPENDENT INVESTIGATIONAND DUE DILIGENCE.

Any party contemplating or under contract or in escrow for a transaction is urged to verify all information and to conduct their own inspections and investigations including through appropriate third party independent professionals selected by such party. All financial data should be verified by the party including by obtaining and reading applicable documents and reports and consulting appropriate independent professionals. Capital Investors makes no warranties and/or representations regarding the veracity, completeness, or relevance of any financial data or assumptions. Capital Investors does not serve as a financial advisor to any party regarding any proposed transaction. All data and assumptions regarding financial performance, including that used for financial modeling purposes, may differ from actual data or performance. Any estimates of market rents and/or projected rents that may be provided to a party do not necessarily mean that rents can be established at or increased to that level. Parties must evaluate any applicable contractual and governmental limitations as well as market conditions,vacancy factors and other issues in order to determine rents from or for the property. Legal questions should be discussed by the party with an attorney. Tax questions should be discussed by the party with a certified public accountant or tax attorney. Title questions should be discussed by the party with a title officer or attorney. Questions regarding the condition of the property and whether the property complies with applicable governmental requirements should be discussed by the party with appropriate engineers, architects, contractors, other consultants and governmental agencies. All properties and services are marketed by Capital Investors in compliance with all applicable fair housing and equal opportunity laws.



6951 S. MERRILL AVENUE | 31 UNITS | CHICAGO, IL

# Executive Summary



## OFFERING SUMMARY

| | |
|---|---|
| **Total Equity:** | $1,550,000 |
| **Rehab Cost:** | $550,000 |
| **Closing Costs:** | $327,161 |
| **Financing Costs:** | $277,869 |
| **Total Capitalized Cost:** | $3,900,000 |
| **Cost / SF:** | $102.66 |

## PROPERTY HIGHLIGHTS

- Fully Stabilized Cap Rate (Based on Purchase Price): 11.75%
- Projected Refi/Resale Cap Rate Used in Model: 6.50%
- Area Market Cap Rate: 6.00%-7.00%
- Avg. Internal Rate of Return, Year 7: 29.56%
- Unit Configuration: 16-2BR,1BA, 9-1BR,1BA, 6-0BR,2BA

SECTION 1

# PROPERTY INFORMATION



Case: 1:25-cv-13 Document #: 1967 Filed: 06/30/26 Page 197 of 273 PageID #:128527

6951 S. MERRILL AVENUE | 31 UNITS | CHICAGO, IL

# Complete Highlights

## PROPERTY HIGHLIGHTS

- This attractive, three-story brick building contains sixteen 2BR/1BA, nine 1BR/1BA, and six studio apartments.

- All have hardwood floors and great closet space. Many feature separate dining rooms or living room/dining room combinations.

- There is some deferred maintenance, and the units will receive as-needed updates -- which may include new cabinets, counter tops, appliances, paint and trim, as well as refinishing the hardwood floors -- to bring them into line with market demand in Jackson Park Highlands.

- The building has great curb appeal featuring a nicely landscaped courtyard.

- The roof will receive repairs, and some minor corrections will be made to the framing in the basement and the building's masonry. New boiler lines and copper plumbing lines will be added, and the electrical service will be upgraded, including unit panels and wiring as necessary.

- Thirteen of the building's apartments will be targeted for CHA vouchers in order to maximize rental income.





Case 1:18-cv-05587 Document #: 1967 Filed: 06/30/26 Page 198 of 273 PageID #:128528

6951 S. MERRILL AVENUE | 31 UNITS | CHICAGO, IL

# Property Details

| | |
|---|---|
| **PROPERTY ADDRESS:** | 6951 S Merrill Ave<br>Chicago, IL 60649 |
| **APN:** | 20-24-417-014-0000 |
| **PRICE / SF:** | $102.66 |
| **LOT SIZE:** | 0.35 AC |
| **BUILDING SIZE:** | 30,245 SF |
| **BUILDING CLASS:** | Residential Multi-Family |
| **ZONING:** | RM-5 |
| **YEAR BUILT:** | 1922 |
| **NUMBER OF STORIES:** | 3 |
| **FOUNDATION:** | Concrete Basement |
| **WALLS:** | Brick Exterior, Frame Interior |
| **NUMBER OF UNITS:** | 31 |
| **ROOF:** | Flat Membrane |

Case: 1:15-cv-06539 Document #: 1967 Filed: 06/30/26 Page 199 of 273 PageID #:128529

6951 S. MERRILL AVENUE | 31 UNITS | CHICAGO, IL

# Additional Photos




SECTION 2
# LOCATION INFORMATION



Case 1:18-cv-05587 Document #: 1967 Filed: 06/30/26 Page 201 of 273 PageID #:128531

6951 S. MERRILL AVENUE | 31 UNITS | CHICAGO, IL

# Location

## LOCATION OVERVIEW

The property is located on a tree-lined residential street in the upscale Jackson Park Highlands enclave of Chicago's up-and-coming South Shore neighborhood...a significant value-add. It is easy walking distance to the many stores and restaurants of the 71st Street corridor.

The building is just three blocks from 542-acre Jackson Park, which is home to the city's famous Museum of Science and Industry, as well as a yacht club, three harbors, a gym and a golf course which Tiger Woods has proposed redeveloping into a new PGA-caliber course. Jackson Park will also be the home of the Obama Presidential Library; and regardless of your political leanings, that announcement is very impactful for the real estate market of the surrounding neighborhoods.

The property is also three blocks from 70-acre Rainbow Beach Park on Lake Michigan, as well as the South Shore golf course and the Nature Sanctuary.

The building is convenient to public transportation, with the Bryn Mawr Metrarail station only four blocks away and multiple bus stops nearby.

The South Side is poised for enormous economic growth. It will be the future home of a large development on the lakeside, to be built just south of Rainbow Beach. The city has already extended Lakeshore Drive south to the parcel to provide quick access to downtown -- which is only eight miles away -- a great benefit for existing properties and residents in the area.





6951 S. MERRILL AVENUE | 31 UNITS | CHICAGO, IL

# Location Maps



Case: 1:18-cv-05587 Document #: 1967 Filed: 06/30/26 Page 203 of 273 PageID #:128533

6951 S. MERRILL AVENUE | 31 UNITS | CHICAGO, IL

# Retailer Map



Map data ©2017 Google Imagery ©2017 , DigitalGlobe, IndianaMap Framework Data, Landsat / Copernicus, Sanborn, U.S. Geological Survey, USDA Farm Service Agency

Document #: 1967 Filed: 06/30/26 Page 204 of 273 PageID #:128534

6951 S. MERRILL AVENUE I 31 UNITS I CHICAGO, IL

# Sources & Uses

## Sources & Uses

| Sources | | % Of Sources |
|---|---|---|
| **Debt** | | |
| Senior Debt | $1,540,000 | 49.84% |
| Mezzanine Debt | $0 | 0.0% |
| Other Debt | $0 | 0.0% |
| Total Debt | $1,540,000 | 49.8% |
| | | |
| **Equity** | | |
| (0%) | $0 | 0.00% |
| SSDF1 (0%) | $1,550,000 | 50.16% |
| (0%) | $0 | 0.00% |
| (0%) | $0 | 0.00% |
| (0%) | $0 | 0.00% |
| (0%) | $0 | 0.00% |
| (0%) | $0 | 0.00% |
| (0%) | $0 | 0.00% |
| (0%) | $0 | 0.00% |
| (0%) | $0 | 0.00% |
| (0%) | $0 | 0.00% |
| (0%) | $0 | 0.00% |
| **Total Equity** | **$1,550,000** | **50.2%** |

| Uses | | % Of Uses |
|---|---|---|
| **Hard Costs** | | |
| Purchase Price | $1,925,000 | 62.30% |
| Rehab Cost | $550,000 | 17.80% |
| **Total** | **$2,475,000** | **80.10%** |
| | | |
| **Closing Costs** | | |
| Legal | $15,000 | 0.49% |
| Prepaid Insurance | $9,661 | 0.31% |
| Travel and Inspection | $1,500 | 0.05% |
| Prepaid AM Fee | $0 | 0.00% |
| Buyer Agent Fee | $38,500 | 1.25% |
| Yield Maintenance Penalty | $0 | 0.00% |
| Title Insurance | $5,000 | 0.16% |
| Miscellaneous | $10,000 | 0.32% |
| EB Development Fee | $247,500 | 8.01% |
| **Total Closing Costs** | **$327,161** | **10.59%** |
| | | |
| **Loan Costs & Fees** | | |
| Financed Interest | $154,000 | 4.98% |
| Lender Origination Costs | $96,002 | 3.11% |
| Lender Legal Costs | $27,837 | 0.90% |
| Appraisal | $0 | 0.00% |
| Survey | $0 | 0.00% |
| Environmental | $0 | 0.00% |
| Engineering | $0 | 0.00% |
| **Total Loan Fees & Costs** | **$277,839** | **8.99%** |
| | | |
| **Operating Capital & Deposits** | | |
| Operating Capital | $10,000 | 0.32% |
| Loan Reserves | $0 | 0.00% |
| **Total OC&D** | **$10,000** | **0.32%** |
| | | |
| **Sponsor Fees** | | |
| Loan Guarantee Fee | $15,400 | 0.50% |
| Equity Fee | $0 | 0.00% |
| **Total Sponsor Fees** | **$15,400** | **0.50%** |

| **Total Sources** | **$3,090,000** | **100.00%** |
|---|---|---|

| **Total Uses** | **$3,090,000** | **100.00%** |
|---|---|---|

www.capitalinvestorspa.com | (260) 312-3294 | virju@capitalinvestorspa.com

Case: 1:25-cv-05090 Document #: 1967 Filed: 06/30/26 Page 205 of 273 PageID #:128535

6951 S MERRILL AVE | 31 UNITS | CHICAGO, IL

# Stabilization Profit & Loss

| Unit Address | Unit Type | Current Lease Exp | Need Repair | Current Rent | Target Rent | Month 1 Aug-17 | Month 2 Sep-17 | Month 3 Oct-17 | Month 4 Nov-17 | Month 5 Dec-17 | Month 6 Jan-18 | Month 7 Feb-18 | Month 8 Mar-18 | Month 9 Apr-18 | Month 10 May-18 | Month 11 Jun-18 | Month 12 Jul-18 | Year 1 Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6949 - 1A | 2 x 1 | MTM | No | $825 | $1,150 | $825 | $825 | $825 | Vacant | Vacant | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $10,525 |
| 6949 - 2A | 2 x 1 | Vacant | No | $850 | $1,150 | Vacant | Vacant | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $11,500 |
| 6949 - 3A | 2 x 1 | MTM | No | $825 | $1,150 | $825 | $825 | $825 | Vacant | Vacant | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $10,525 |
| 6949 - 1B | 2 x 1 | Vacant | No | $825 | $1,150 | Vacant | Vacant | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $11,500 |
| 6949 - 2B | 2 x 1 | 2/28/18 | No | $825 | $1,150 | $825 | $825 | $825 | $825 | $825 | $825 | $825 | $825 | $825 | $825 | $825 | $825 | $9,900 |
| 6949 - 3B | 2 x 1 | MTM | No | $825 | $1,150 | $825 | $825 | $825 | Vacant | Vacant | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $10,525 |
| 6951 - 1A | 1 x 1 | MTM | No | $749 | $975 | $749 | $749 | $749 | Vacant | Vacant | $975 | $975 | $975 | $975 | $975 | $975 | $975 | $9,072 |
| 6951 - 2A | 1 x 1 | 2/28/18 | No | $685 | $975 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $8,220 |
| 6951 - 3A | 1 x 1 | MTM | No | $450 | $975 | $450 | $450 | $450 | Vacant | Vacant | $975 | $975 | $975 | $975 | $975 | $975 | $975 | $8,175 |
| 6951 - 1B | Studio | 2/28/18 | No | $585 | $625 | $585 | $585 | $585 | $585 | $585 | $585 | $585 | $585 | $585 | $585 | $585 | $585 | $7,020 |
| 6951 - 2B | Studio | MTM | No | $565 | $625 | $565 | $565 | $585 | $625 | $625 | $625 | $625 | $625 | $625 | $625 | $625 | $625 | $7,320 |
| 6951 - 3B | Studio | 2/28/18 | No | $585 | $625 | $585 | $585 | $585 | $585 | $585 | $585 | $585 | $585 | $585 | $585 | $585 | $585 | $7,020 |
| 6953 - 1A | 2 x 1 | MTM | No | $725 | $1,150 | $725 | $725 | $725 | Vacant | Vacant | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $10,225 |
| 6953 - 2A | 2 x 1 | 2/28/18 | No | $685 | $1,150 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $8,220 |
| 6953 - 3A | 1 x 1 | MTM | No | $680 | $975 | $680 | $680 | $680 | Vacant | Vacant | $975 | $975 | $975 | $975 | $975 | $975 | $975 | $8,865 |
| 6953 - 1B | 2 x 1 | MTM | No | $725 | $1,150 | $725 | $725 | $725 | Vacant | Vacant | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $10,225 |
| 6953 - 2B | 1 x 1 | 2/28/18 | No | $685 | $975 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $8,220 |
| 6953 - 3B | 1 x 1 | 2/28/18 | No | $685 | $975 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $8,220 |
| 6955 - 1A | 1 x 1 | 2/28/18 | No | $685 | $975 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $8,220 |
| 6955 - 2A | 1 x 1 | 2/28/18 | No | $685 | $975 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $8,220 |
| 6955 - 3A | 1 x 1 | 2/28/18 | No | $685 | $975 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $685 | $8,220 |
| 6955 - 1B | Studio | 2/28/18 | No | $585 | $625 | $585 | $585 | $585 | $585 | $585 | $585 | $585 | $585 | $585 | $585 | $585 | $585 | $7,020 |
| 6955 - 2B | Studio | 2/28/18 | No | $585 | $625 | $585 | $585 | $585 | $585 | $585 | $585 | $585 | $585 | $585 | $585 | $585 | $585 | $7,020 |
| 6955 - 3B | Studio | 2/28/18 | No | $585 | $625 | $585 | $585 | $585 | $585 | $585 | $585 | $585 | $585 | $585 | $585 | $585 | $585 | $7,020 |
| 6959 - 1A | 2 x 1 | MTM | No | $900 | $1,150 | $900 | $900 | $900 | Vacant | Vacant | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $10,750 |
| 6959 - 2A | 2 x 1 | 2/28/18 | No | $825 | $1,150 | $825 | $825 | $825 | $825 | $825 | $825 | $825 | $825 | $825 | $825 | $825 | $825 | $9,900 |
| 6959 - 3A | 2 x 1 | 12/30/15 | No | $825 | $1,150 | $825 | $825 | $825 | Vacant | Vacant | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $10,525 |
| 6959 - 1B | 2 x 1 | Vacant | No | $900 | $1,150 | Vacant | Vacant | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $11,500 |
| 6959 - 2B | 2 x 1 | Vacant | No | $900 | $1,150 | Vacant | Vacant | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $11,500 |
| 6959 - 3B | 2 x 1 | MTM | No | $900 | $1,150 | $900 | $900 | $900 | Vacant | Vacant | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $10,750 |
| 6959 - G | 2 x 1 | 2/28/18 | No | $750 | $1,150 | $750 | $750 | $750 | $750 | $750 | $750 | $750 | $750 | $750 | $750 | $750 | $750 | $9,000 |

| | Month 1 | Month 2 | Month 3 | Month 4 | Month 5 | Month 6 | Month 7 | Month 8 | Month 9 | Month 10 | Month 11 | Month 12 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Potential Income | $23,714 | $23,714 | $23,714 | $27,470 | $27,470 | $27,470 | $27,470 | $27,470 | $27,470 | $27,470 | $27,470 | $27,470 | $318,372 |
| Scheduled Income | $19,114 | $19,114 | $23,714 | $15,345 | $15,345 | $27,470 | $27,470 | $27,470 | $27,470 | $27,470 | $27,470 | $27,470 | $284,922 |
| Scheduled Economic Occupancy | 81% | 81% | 100% | 56% | 56% | 100% | 100% | 100% | 100% | 100% | 100% | 100% | 89% |
| Effective Rent/Unit | $712 | $712 | $765 | $778 | $778 | $886 | $886 | $886 | $886 | $886 | $886 | $886 | $9,948 |
| Physical Occupancy % | 87% | 87% | 100% | 65% | 65% | 100% | 100% | 100% | 100% | 100% | 100% | 100% | 100% |
| Vacancy Adjustment | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $(33,450) |
| Proforma Economic Occupancy | 81% | 81% | 100% | 56% | 56% | 100% | 100% | 100% | 100% | 100% | 100% | 100% | 79% |
| Minus Uncollectable Expense | -$956 | -$956 | -$1,186 | -$767 | -$767 | -$1,374 | -$1,374 | -$1,374 | -$1,374 | -$1,374 | -$1,374 | -$1,374 | $(14,246) |
| Other Income | $276 | $276 | $316 | $204 | $204 | $316 | $316 | $316 | $316 | $316 | $316 | $316 | $3,491 |
| Projected Income | $18,434 | $18,434 | $22,845 | $14,782 | $14,782 | $26,413 | $26,413 | $26,413 | $26,413 | $26,413 | $26,413 | $26,413 | $274,167 |

| Operating Expenses | Month 1 | Month 2 | Month 3 | Month 4 | Month 5 | Month 6 | Month 7 | Month 8 | Month 9 | Month 10 | Month 11 | Month 12 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Leasing Commissions | $0 | $0 | $(2,300) | $(117) | $0 | $(6,063) | $0 | $0 | $0 | $0 | $0 | $0 | $(8,479) |
| Real Estate Taxes | $(917) | $(917) | $(917) | $(917) | $(917) | $(917) | $(917) | $(917) | $(917) | $(917) | $(917) | $(917) | $(11,000) |
| Insurance | $(805) | $(805) | $(805) | $(805) | $(805) | $(805) | $(805) | $(805) | $(805) | $(805) | $(805) | $(805) | $(9,661) |
| Gas/Heat | $(1,350) | $(1,350) | $(1,550) | $(1,000) | $(1,000) | $(1,550) | $(1,550) | $(1,550) | $(1,550) | $(1,550) | $(1,550) | $(1,550) | $(17,100) |
| Electric | $(214) | $(214) | $(245) | $(158) | $(158) | $(245) | $(245) | $(245) | $(245) | $(245) | $(245) | $(245) | $(2,708) |
| Water | $(188) | $(188) | $(216) | $(139) | $(139) | $(216) | $(216) | $(216) | $(216) | $(216) | $(216) | $(216) | $(2,363) |
| Trash | $(191) | $(191) | $(220) | $(142) | $(142) | $(220) | $(220) | $(220) | $(220) | $(220) | $(220) | $(220) | $(2,423) |
| Snow Removal/Landscaping | $(169) | $(169) | $(194) | $(125) | $(125) | $(194) | $(194) | $(194) | $(194) | $(194) | $(194) | $(194) | $(2,138) |
| Pest Control | $(180) | $(180) | $(207) | $(133) | $(133) | $(207) | $(207) | $(207) | $(207) | $(207) | $(207) | $(207) | $(2,280) |
| Legal | $(158) | $(158) | $(181) | $(117) | $(117) | $(181) | $(181) | $(181) | $(181) | $(181) | $(181) | $(181) | $(1,995) |
| Repairs & Maintenance | $(2,067) | $(2,067) | $(2,067) | $(2,067) | $(2,067) | $(2,067) | $(2,067) | $(2,067) | $(2,067) | $(2,067) | $(2,067) | $(2,067) | $(24,800) |
| G&A | $(517) | $(517) | $(517) | $(517) | $(517) | $(517) | $(517) | $(517) | $(517) | $(517) | $(517) | $(517) | $(6,200) |
| Management Fee 5% | $(922) | $(922) | $(1,142) | $(739) | $(739) | $(1,321) | $(1,321) | $(1,321) | $(1,321) | $(1,321) | $(1,321) | $(1,321) | $(13,708) |
| Projected Expenses | $(7,676) | $(7,676) | $(10,560) | $(6,975) | $(6,859) | $(14,500) | $(8,438) | $(8,438) | $(8,438) | $(8,438) | $(8,438) | $(8,438) | $(104,674) |
| % Income | $0 | $0 | $0 | $0 | $0 | $1 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| Net Operating Income | $10,758 | $10,758 | $12,285 | $7,807 | $7,923 | $11,912 | $17,975 | $17,975 | $17,975 | $17,975 | $17,975 | $17,975 | $169,293 |

| Capital Analysis | Month 1 | Month 2 | Month 3 | Month 4 | Month 5 | Month 6 | Month 7 | Month 8 | Month 9 | Month 10 | Month 11 | Month 12 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Loan Type | BL | BL | BL | BL | BL | BL | BL | BL | BL | BL | BL | BL | BL |
| Net Operating Income | $10,758 | $10,758 | $12,285 | $7,807 | $7,923 | $11,912 | $17,975 | $17,975 | $17,975 | $17,975 | $17,975 | $17,975 | $169,293 |
| - Bridge Loan Payments | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| - Mortgage Payments | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| Cash Flow After Debt Service | $10,758 | $10,758 | $12,285 | $7,807 | $7,923 | $11,912 | $17,975 | $17,975 | $17,975 | $17,975 | $17,975 | $17,975 | $169,293 |

6951 S MERRILL AVE I 31 UNITS I CHICAGO, IL

# Stabilization Profit & Loss

| Unit Address | Unit Type | Current Lease Exp | Need Repair | Current Rent | Target Rent | Month 13 Aug-18 | Month 14 Sep-18 | Month 15 Oct-18 | Month 16 Nov-18 | Month 17 Dec-18 | Month 18 Jan-19 | Month 19 Feb-19 | Month 20 Mar-19 | Month 21 Apr-19 | Month 22 May-19 | Month 23 Jun-19 | Month 24 Jul-19 | Year 2 Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6949 - 1A | 2 x 1 | MTM | No | $825 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $13,975 |
| 6949 - 2A | 2 x 1 | Vacant | No | $850 | $1,150 | $1,150 | $1,150 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $14,050 |
| 6949 - 3A | 2 x 1 | MTM | No | $825 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $13,975 |
| 6949 - 1B | 2 x 1 | Vacant | No | $825 | $1,150 | $1,150 | $1,150 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $14,050 |
| 6949 - 2B | 2 x 1 | 2/28/18 | No | $625 | $1,150 | $825 | Vacant | Vacant | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $11,175 |
| 6949 - 3B | 2 x 1 | MTM | No | $825 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $13,975 |
| 6951 - 1A | 1 x 1 | MTM | No | $749 | $975 | $975 | $975 | $975 | $975 | $975 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $11,875 |
| 6951 - 2A | 1 x 1 | 2/28/18 | No | $685 | $975 | $685 | Vacant | Vacant | $975 | $975 | $975 | $975 | $975 | $975 | $975 | $975 | $975 | $9,460 |
| 6951 - 3A | 1 x 1 | MTM | No | $450 | $975 | $975 | $975 | $975 | $975 | $975 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $11,875 |
| 6951 - 1B | Studio | 2/28/18 | No | $585 | $625 | $585 | $625 | $625 | $625 | $625 | $625 | $625 | $625 | $625 | $625 | $625 | $625 | $7,460 |
| 6951 - 2B | Studio | MTM | No | $565 | $625 | $625 | $625 | $625 | $650 | $650 | $650 | $650 | $650 | $650 | $650 | $650 | $650 | $7,725 |
| 6951 - 3B | Studio | 2/28/18 | No | $585 | $625 | $585 | $625 | $625 | $625 | $625 | $625 | $625 | $625 | $625 | $625 | $625 | $625 | $7,460 |
| 6953 - 1A | 2 x 1 | MTM | No | $725 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $13,975 |
| 6953 - 2A | 2 x 1 | 2/28/18 | No | $685 | $1,150 | $685 | Vacant | Vacant | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $11,035 |
| 6953 - 3A | 1 x 1 | MTM | No | $680 | $975 | $975 | $975 | $975 | $975 | $975 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $11,875 |
| 6953 - 1B | 2 x 1 | MTM | No | $725 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $13,975 |
| 6953 - 2B | 1 x 1 | 2/28/18 | No | $685 | $975 | $685 | Vacant | Vacant | $975 | $975 | $975 | $975 | $975 | $975 | $975 | $975 | $975 | $9,460 |
| 6953 - 3B | 1 x 1 | 2/28/18 | No | $685 | $975 | $685 | Vacant | Vacant | $975 | $975 | $975 | $975 | $975 | $975 | $975 | $975 | $975 | $9,460 |
| 6955 - 1A | 1 x 1 | 2/28/18 | No | $685 | $975 | $685 | Vacant | Vacant | $975 | $975 | $975 | $975 | $975 | $975 | $975 | $975 | $975 | $9,460 |
| 6955 - 2A | 1 x 1 | 2/28/18 | No | $685 | $975 | $685 | Vacant | Vacant | $975 | $975 | $975 | $975 | $975 | $975 | $975 | $975 | $975 | $9,460 |
| 6955 - 3A | 1 x 1 | 2/28/18 | No | $685 | $975 | $685 | Vacant | Vacant | $975 | $975 | $975 | $975 | $975 | $975 | $975 | $975 | $975 | $9,460 |
| 6955 - 1B | Studio | 2/28/18 | No | $585 | $625 | $585 | $625 | $625 | $625 | $625 | $625 | $625 | $625 | $625 | $625 | $625 | $625 | $7,460 |
| 6955 - 2B | Studio | 2/28/18 | No | $585 | $625 | $585 | $625 | $625 | $625 | $625 | $625 | $625 | $625 | $625 | $625 | $625 | $625 | $7,460 |
| 6955 - 3B | Studio | 2/28/18 | No | $585 | $625 | $585 | $625 | $625 | $625 | $625 | $625 | $625 | $625 | $625 | $625 | $625 | $625 | $7,460 |
| 6959 - 1A | 2 x 1 | MTM | No | $900 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $13,975 |
| 6959 - 2A | 2 x 1 | 2/28/18 | No | $825 | $1,150 | $825 | Vacant | Vacant | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $11,175 |
| 6959 - 3A | 2 x 1 | 12/30/15 | No | $825 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $13,975 |
| 6959 - 1B | 2 x 1 | Vacant | No | $900 | $1,150 | $1,150 | $1,150 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $14,050 |
| 6959 - 2B | 2 x 1 | Vacant | No | $900 | $1,150 | $1,150 | $1,150 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $14,050 |
| 6959 - 3B | 2 x 1 | MTM | No | $900 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 | $13,975 |
| 6959 - G | 2 x 1 | 2/28/18 | No | $750 | $1,150 | $750 | Vacant | Vacant | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $1,150 | $11,100 |
| Potential Income | | | | | | $27,470 | $30,925 | $31,050 | $31,050 | $31,050 | $31,325 | $31,325 | $31,325 | $31,325 | $31,325 | $31,325 | $31,325 | $370,795 |
| Scheduled Income | | | | | | $27,470 | $20,475 | $20,575 | $31,050 | $31,050 | $31,325 | $31,325 | $31,325 | $31,325 | $31,325 | $31,325 | $31,325 | $349,895 |
| Scheduled Economic Occupancy | | | | | | 100% | 66% | 66% | 100% | 100% | 100% | 100% | 100% | 100% | 100% | 100% | 100% | 94% |
| Effective Rent/Unit | | | | | | $886 | $985 | $990 | $1,002 | $1,002 | $1,010 | $1,010 | $1,010 | $1,010 | $1,010 | $1,010 | $1,010 | $11,938 |
| Physicial Occupancy % | | | | | | 100% | 68% | 68% | 100% | 100% | 100% | 100% | 100% | 100% | 100% | 100% | 100% | 100% |
| Vacancy Adjustment | | | | | | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $(20,900) |
| Proforma Economic Occupancy | | | | | | 100% | 66% | 66% | 100% | 100% | 100% | 100% | 100% | 100% | 100% | 100% | 100% | 89% |
| Minus Uncollectable Expense | | | | | | $(1,374) | $(1,024) | $(1,029) | $(1,553) | $(1,553) | $(1,566) | $(1,566) | $(1,566) | $(1,566) | $(1,566) | $(1,566) | $(1,566) | $(17,495) |
| Other Income | | | | | | $316 | $214 | $214 | $316 | $316 | $316 | $316 | $316 | $316 | $316 | $316 | $316 | $3,593 |
| Projected Income | | | | | | $26,413 | $19,666 | $19,761 | $29,814 | $29,814 | $30,075 | $30,075 | $30,075 | $30,075 | $30,075 | $30,075 | $30,075 | $335,994 |

| Operating Expenses | Month 13 | Month 14 | Month 15 | Month 16 | Month 17 | Month 18 | Month 19 | Month 20 | Month 21 | Month 22 | Month 23 | Month 24 | Year 2 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Leasing Commissions | $0 | $(739) | $0 | $(5,375) | $0 | $(1,867) | $0 | $0 | $0 | $0 | $0 | $0 | $(7,781) |
| Real Estate Taxes | $(944) | $(944) | $(944) | $(944) | $(944) | $(944) | $(944) | $(944) | $(944) | $(944) | $(944) | $(944) | $(11,330) |
| Insurance | $(829) | $(829) | $(829) | $(829) | $(829) | $(829) | $(829) | $(829) | $(829) | $(829) | $(829) | $(829) | $(9,951) |
| Gas/Heat | $(1,550) | $(1,050) | $(1,050) | $(1,550) | $(1,550) | $(1,550) | $(1,550) | $(1,550) | $(1,550) | $(1,550) | $(1,550) | $(1,550) | $(17,600) |
| Electric | $(245) | $(166) | $(166) | $(245) | $(245) | $(245) | $(245) | $(245) | $(245) | $(245) | $(245) | $(245) | $(2,787) |
| Water | $(216) | $(146) | $(146) | $(216) | $(216) | $(216) | $(216) | $(216) | $(216) | $(216) | $(216) | $(216) | $(2,453) |
| Trash | $(220) | $(149) | $(149) | $(220) | $(220) | $(220) | $(220) | $(220) | $(220) | $(220) | $(220) | $(220) | $(2,493) |
| Snow Removal/Landscaping | $(194) | $(131) | $(131) | $(194) | $(194) | $(194) | $(194) | $(194) | $(194) | $(194) | $(194) | $(194) | $(2,200) |
| Pest Control | $(207) | $(140) | $(140) | $(207) | $(207) | $(207) | $(207) | $(207) | $(207) | $(207) | $(207) | $(207) | $(2,347) |
| Legal | $(181) | $(123) | $(123) | $(181) | $(181) | $(181) | $(181) | $(181) | $(181) | $(181) | $(181) | $(181) | $(2,053) |
| Repairs & Maintenance | $(2,129) | $(2,129) | $(2,129) | $(2,129) | $(2,129) | $(2,129) | $(2,129) | $(2,129) | $(2,129) | $(2,129) | $(2,129) | $(2,129) | $(25,544) |
| G&A | $(532) | $(532) | $(532) | $(532) | $(532) | $(532) | $(532) | $(532) | $(532) | $(532) | $(532) | $(532) | $(6,386) |
| Management Fee 5% | $(1,321) | $(983) | $(988) | $(1,491) | $(1,491) | $(1,504) | $(1,504) | $(1,504) | $(1,504) | $(1,504) | $(1,504) | $(1,504) | $(16,800) |
| Projected Expenses | $(8,567) | $(8,061) | $(7,327) | $(14,112) | $(8,737) | $(10,418) | $(8,750) | $(8,750) | $(8,750) | $(8,750) | $(8,750) | $(8,750) | $(109,724) |
| % Income | 32% | 41% | 37% | 47% | 29% | 35% | 29% | 29% | 29% | 29% | 29% | 29% | 33% |
| Net Operating Income | $17,846 | $11,604 | $12,433 | $15,702 | $21,077 | $19,658 | $21,325 | $21,325 | $21,325 | $21,325 | $21,325 | $21,325 | $226,269 |

| Capital Analysis | Month 13 | Month 14 | Month 15 | Month 16 | Month 17 | Month 18 | Month 19 | Month 20 | Month 21 | Month 22 | Month 23 | Month 24 | Year 2 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Loan Type | Conv | Conv | Conv | Conv | Conv | Conv | Conv | Conv | Conv | Conv | Conv | Conv | Conv |
| Net Operating Income | $17,846 | $11,604 | $12,433 | $15,702 | $21,077 | $19,658 | $21,325 | $21,325 | $21,325 | $21,325 | $21,325 | $21,325 | $226,269 |
| - Bridge Loan Payments | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| - Mortgage Payments | $9,740 | $9,740 | $9,740 | $9,740 | $9,740 | $9,740 | $9,740 | $9,740 | $9,740 | $9,740 | $9,740 | $9,740 | -$116,885 |
| Cash Flow After Debt Service | $8,105 | $1,864 | $2,693 | $5,961 | $11,336 | $9,917 | $11,585 | $11,585 | $11,585 | $11,585 | $11,585 | $11,585 | $109,384 |

6951 S MERRILL AVE | 31 UNITS | CHICAGO, IL

# Stabilized Pro Forma

| Income | Year 1 | Year 2 | Year 3 | Year 4 | Year 5 | Year 6 | Year 7 | Year 8 | Year 9 | Year 10 |
|---|---|---|---|---|---|---|---|---|---|---|
| Year Ending | 7/31/18 | 7/31/19 | 7/31/20 | 7/31/21 | 7/31/22 | 7/31/23 | 7/31/24 | 7/31/25 | 7/31/26 | 7/31/27 |
| Gross Potential Rent | $318,372 | $370,795 | $382,675 | $396,069 | $409,931 | $424,279 | $439,128 | $454,498 | $470,405 | $486,869 |
| Vacancy/Loss | $(33,450) | $(20,900) | $(19,134) | $(19,803) | $(20,497) | $(21,214) | $(21,956) | $(22,725) | $(23,520) | $(24,343) |
| Gross Scheduled Rent | $284,922 | $349,895 | $363,541 | $376,265 | $389,434 | $403,065 | $417,172 | $431,773 | $446,885 | $462,526 |
| Less Uncollectables | $(14,246) | $(17,495) | $(18,177) | $(18,813) | $(19,472) | $(20,153) | $(20,859) | $(21,589) | $(22,344) | $(23,126) |
| Other Income | $3,491 | $3,593 | $3,798 | $3,930 | $4,068 | $4,210 | $4,358 | $4,510 | $4,668 | $4,831 |
| Operating Income | $274,167 | $335,994 | $349,162 | $361,382 | $374,031 | $387,122 | $400,671 | $414,695 | $429,209 | $444,231 |
| **Expenses** | **Year 1** | **Year 2** | **Year 3** | **Year 4** | **Year 5** | **Year 6** | **Year 7** | **Year 8** | **Year 9** | **Year 10** |
| Leasing Commissions | $(8,479) | $(7,781) | $(4,774) | $(4,941) | $(5,114) | $(5,293) | $(5,478) | $(5,670) | $(5,868) | $(6,074) |
| Real Estate Taxes | $(11,000) | $(11,330) | $(11,670) | $(12,078) | $(12,501) | $(12,939) | $(13,391) | $(13,860) | $(14,345) | $(14,847) |
| Insurance | $(9,661) | $(9,951) | $(10,249) | $(10,608) | $(10,979) | $(11,364) | $(11,761) | $(12,173) | $(12,599) | $(13,040) |
| Gas/Heat | $(17,100) | $(17,600) | $(18,600) | $(19,251) | $(19,925) | $(20,622) | $(21,344) | $(22,091) | $(22,864) | $(23,664) |
| Electric | $(2,708) | $(2,787) | $(2,945) | $(3,048) | $(3,155) | $(3,265) | $(3,379) | $(3,498) | $(3,620) | $(3,747) |
| Water | $(2,383) | $(2,453) | $(2,592) | $(2,683) | $(2,777) | $(2,874) | $(2,974) | $(3,078) | $(3,186) | $(3,298) |
| Trash | $(2,423) | $(2,493) | $(2,635) | $(2,727) | $(2,823) | $(2,921) | $(3,024) | $(3,130) | $(3,239) | $(3,352) |
| Snow Removal/Landscaping | $(2,138) | $(2,200) | $(2,325) | $(2,406) | $(2,491) | $(2,578) | $(2,668) | $(2,761) | $(2,858) | $(2,958) |
| Pest Control | $(2,280) | $(2,347) | $(2,480) | $(2,567) | $(2,657) | $(2,750) | $(2,846) | $(2,945) | $(3,049) | $(3,155) |
| Legal | $(1,995) | $(2,053) | $(2,170) | $(2,246) | $(2,325) | $(2,406) | $(2,490) | $(2,577) | $(2,667) | $(2,761) |
| Repairs & Maintenance | $(24,800) | $(25,544) | $(26,310) | $(27,231) | $(28,184) | $(29,171) | $(30,192) | $(31,248) | $(32,342) | $(33,474) |
| G&A | $(6,200) | $(6,386) | $(6,578) | $(6,808) | $(7,046) | $(7,293) | $(7,548) | $(7,812) | $(8,086) | $(8,369) |
| Management Fee 5% | $(13,708) | $(16,800) | $(17,458) | $(18,069) | $(18,702) | $(19,356) | $(20,034) | $(20,735) | $(21,460) | $(22,212) |
| Operating Expenses | $(104,874) | $(109,724) | $(110,786) | $(114,664) | $(118,677) | $(122,831) | $(127,130) | $(131,579) | $(136,185) | $(140,951) |
| % Operating Income | 38.25% | 32.66% | 31.73% | 31.73% | 31.73% | 31.73% | 31.73% | 31.73% | 31.73% | 31.73% |
| Net Operating Income | $169,293 | $226,269 | $238,375 | $246,719 | $255,354 | $264,291 | $273,541 | $283,115 | $293,024 | $303,280 |
| Cap Rate (Purchase Price) | 8.79% | 11.75% | 12.38% | 12.82% | 13.27% | 13.73% | 14.21% | 14.71% | 15.22% | 15.75% |

## SECTION 2. LOCATION INFORMATION

6951 S. MERRILL AVENUE | 31 UNITS | CHICAGO, IL

# Investment Summary

## Investment Summary

| | |
|---|---|
| Purchase Price | 3,200,000 |
| Exit Cap | 5.50% |
| Sale At End Of Year | 6 |
| Exit Closing Costs | 4.0% |
| Asset Management Fee | 5.00% |
| Stabilized Refi Year | 2 |
| Refi Cap Rate | 5.50% |

### Capitalization Summary

| | |
|---|---|
| Sponsor Equity | 0 |
| Partner Equity | 3,607,900 |
| Mezzanine Debt At (20.0%) | 0 |
| Debt | 3,767,000 |
| **Total Capitalization** | **7,374,900** |

### Property Cash Flow

| | Totals | Year 0 Nov-2017 | Year 1 Oct-2018 | Year 2 Oct-2019 | Year 3 Oct-2020 | Year 4 Oct-2021 | Year 5 Oct-2022 | Year 6 Oct-2023 | Year 7 Oct-2024 | Year 8 Oct-2025 | Year 9 Oct-2026 | Year 10 Oct-2027 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Purchase Price | (5,125,000) | (5,125,000) | | | | | | | | | | |
| Closing Costs | (617,161) | (617,161) | | | | | | | | | | |
| Rehab Costs | (1,110,000) | (1,110,000) | | | | | | | | | | |
| Financing Costs | (352,739) | (352,739) | | | | | | | | | | |
| Operating Capital | 0 | (20,000) | | | | | | 20,000 | | | | |
| All-In Cost | (7,204,900) | (7,224,900) | | | | | | 20,000 | | | | |

### Property Investment Cash Flow

| | Totals | Year 0 | Year 1 | Year 2 | Year 3 | Year 4 | Year 5 | Year 6 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Net Operating Income | 3,091,021 | 0 | 396,870 | 477,445 | 525,916 | 544,323 | 563,374 | 583,092 | | | | |
| Asset Management Fee | (154,551) | 0 | (19,843) | (23,872) | (26,296) | (27,216) | (28,169) | (29,155) | | | | |
| Disposition Proceeds | 10,601,681 | | | | | | | 10,601,681 | | | | |
| Property Level Closing Costs | (424,067) | | | | | | | (424,067) | | | | |

| | Totals | Year 0 | Year 1 | Year 2 | Year 3 | Year 4 | Year 5 | Year 6 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Unleveraged Cash Flow** | **5,909,184** | **(7,224,900)** | **377,026** | **453,573** | **499,620** | **517,107** | **535,206** | **10,751,551** | | | | |
| *Yield on All-in Cost* | | | *5.22%* | *6.28%* | *6.92%* | *7.16%* | *7.41%* | *148.81%* | | | | |

| | |
|---|---|
| IRR | 11.73% |
| Profits | 5,909,184 |
| Multiple | 3.64x |

### Property Debt

| | Totals | Year 0 | Year 1 | Year 2 | Year 3 | Year 4 | Year 5 | Year 6 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Bridge Loan Proceeds | 1,540,000 | 1,540,000 | 0 | 0 | 0 | 0 | 0 | 0 | | | | |
| Repayment of Bridge Loan | (1,540,000) | 0 | (1,540,000) | 0 | 0 | 0 | 0 | 0 | | | | |
| 1st Loan Proceeds | 2,227,000 | 2,227,000 | 0 | 0 | 0 | 0 | 0 | 0 | | | | |
| Repayment of Debt | (4,134,948) | 0 | 0 | (2,188,328) | (1,946,620) | 0 | 0 | 0 | | | | |
| Refi Proceeds / Repayment At 80% LTV | 2,286,746 | 0 | 1,980,000 | 3,653,470 | 3,531,509 | 0 | 0 | (6,878,233) | | | | |
| Origination/Payoff Fees Paid | (452,077) | 0 | 0 | (211,601) | 0 | 0 | 0 | (240,476) | | | | |
| Interest Paid | (1,470,924) | 0 | (114,592) | (195,997) | (242,610) | (312,051) | (305,668) | (300,006) | | | | |
| Principal Paid | (454,397) | 0 | (38,672) | (74,152) | (34,827) | (59,989) | (120,669) | (126,087) | | | | |

| | Totals | Year 0 | Year 1 | Year 2 | Year 3 | Year 4 | Year 5 | Year 6 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Leveraged Cash Flows** | **3,910,584** | **(3,457,900)** | **663,762** | **1,436,965** | **1,807,073** | **145,067** | **108,869** | **3,206,748** | | | | |
| *Cash-on-Cash Yield* | | | *18.40%* | *39.83%* | *50.09%* | *4.02%* | *3.02%* | *88.88%* | | | | |
| *DSCR* | | | *0.000* | *1.767* | *1.896* | *1.463* | *1.321* | *1.368* | | | | |

| | |
|---|---|
| IRR | 23.34% |
| Profits | 3,910,584 |
| Multiple | 2.04x |

### Cash Flow Waterfall

#### Partner Preferred Return (8.0%)

| | | Year 0 | Year 1 | Year 2 | Year 3 | Year 4 | Year 5 | Year 6 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Partner Beginning Equity Balance | | 3,607,900 | 3,607,900 | 3,161,539 | 2,155,103 | 765,639 | 694,395 | 649,076 | | | | |
| Partner Preferred Interest | IRR Check | | 288,632 | 252,923 | 172,408 | 61,251 | 55,552 | 51,926 | | | | |
| Partner Preferred Interest Paid | 8.00% | | (288,632) | (252,923) | (172,408) | (61,251) | (55,552) | (51,926) | | | | |
| Return Of Capital (85.0%) Of Cash After Pref | | | (446,361) | (1,006,436) | (1,389,465) | (71,243) | (45,319) | (649,076) | | | | |
| Partner Ending Equity Balance | | 3,607,900 | 3,161,539 | 2,155,103 | 765,639 | 694,395 | 649,076 | 0 | | | | |

| | Totals | Year 0 | Year 1 | Year 2 | Year 3 | Year 4 | Year 5 | Year 6 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Equity Interest Paid + Return Of Capital** | | | **734,993** | **1,259,359** | **1,561,873** | **132,494** | **100,871** | **701,002** | | | | |
| *Cash Return Of Equity (Based On Equity Balance At Start Of Year)* | | | *20.37%* | *39.83%* | *72.47%* | *17.31%* | *14.53%* | *108.00%* | | | | |

| | Totals | Year 0 | Year 1 | Year 2 | Year 3 | Year 4 | Year 5 | Year 6 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Remaining Cash After Equity** | **150,000** | | **78,770** | **256,376** | **501,576** | **514,148** | **522,145** | **3,027,892** | | | | |

#### Partner Remaining Cash

| | | Year 1 | Year 2 | Year 3 | Year 4 | Year 5 | Year 6 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Partner Profit (70%) | | 0 | 0 | 0 | 0 | 0 | (2,119,524) | | | | |
| Sponsor Profit (30%) | | 0 | 0 | 0 | 0 | 0 | (908,367) | | | | |

| | Totals | Year 0 | Year 1 | Year 2 | Year 3 | Year 4 | Year 5 | Year 6 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Remaining Cash** | **150,000** | | **78,770** | **256,376** | **501,576** | **514,148** | **522,145** | **0** | | | | |

| | Totals | Nov-2017 | Oct-2018 | Oct-2019 | Oct-2020 | Oct-2021 | Oct-2022 | Oct-2023 | Oct-2024 | Oct-2025 | Oct-2026 | Oct-2027 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Yearly Gross Profits (Preferred Return +Profit) | 3,002,216 | 0 | 288,632 | 252,923 | 172,408 | 61,251 | 55,552 | 2,171,450 | | | | |
| *Cash On Cash Return* | | | *8.00%* | *8.00%* | *8.00%* | *8.00%* | *8.00%* | *334.54%* | | | | |
| Partner Investment Cash Flow | 3,002,216 | (3,607,900) | 734,993 | 1,259,359 | 1,561,873 | 132,494 | 100,871 | 2,820,526 | | | | |
| *Cash Return On Equity* | | | *20.37%* | *39.83%* | *72.47%* | *17.31%* | *14.53%* | *434.54%* | | | | |

| | |
|---|---|
| IRR | 18.27% |
| Profits | 3,002,216 |
| Multiple | 1.83x |

SECTION 3

# DEMOGRAPHICS



6951 S. MERRILL AVENUE | 31 UNITS | CHICAGO, IL

# Demographics Map



| POPULATION | 0.25 MILES | 0.5 MILES | 1 MILE |
|---|---|---|---|
| TOTAL POPULATION | 4,332 | 12,747 | 36,069 |
| MEDIAN AGE | 31.0 | 34.5 | 34.9 |
| MEDIAN AGE (MALE) | 24.0 | 28.7 | 30.5 |
| MEDIAN AGE (FEMALE) | 36.2 | 38.3 | 38.4 |

| HOUSEHOLDS & INCOME | 0.25 MILES | 0.5 MILES | 1 MILE |
|---|---|---|---|
| TOTAL HOUSEHOLDS | 1,880 | 5,881 | 16,753 |
| # OF PERSONS PER HH | 2.3 | 2.2 | 2.2 |
| AVERAGE HH INCOME | $39,298 | $39,713 | $40,253 |
| AVERAGE HOUSE VALUE | $266,337 | $254,838 | $232,565 |

Demographic data derived from 2010 US Census

**FOR SALE | MULTIFAMILY

# 5001 S Drexel Blvd

5001 S Drexel Blvd, Chicago, IL 60615



CHICAGO, IL
www.capitalinvestorspa.com | (260) 312-3294 | virju@capitalinvestorspa.com

## CONTENTS

PROPERTY INFORMATION      4

LOCATION INFORMATION      8

FINANCIAL ANALYSIS      12

DEMOGRAPHICS      18

# CONFIDENTIALITY & DISCLAIMER

All materials and information received or derived from Capital Investors its directors, officers, agents, advisors, affiliates and/or any third party sources are provided without representation or warranty as to completeness , veracity, or accuracy, condition of the property, compliance or lack of compliance with applicable governmental requirements, developability or suitability, financial performance of the property, projected financial performance of the property for any party's intended use or any and all other matters. Neither Capital Investors, its directors, officers, agents, advisors, or affiliates makes any representation or warranty, express or implied, as to accuracy or completeness of the any materials or information provided, derived, or received. Materials and information from any source, whether written or verbal, that may be furnished for review are not a substitute for a party's active conduct of its own due diligence to determine these and other matters of significance to such party. Capital Investors will not investigate or verify any such matters or conduct due diligence for a party unless otherwise agreed in writing.

EACH PARTY SHALL CONDUCT ITS OWN INDEPENDENT INVESTIGATIONAND DUE DILIGENCE.

Any party contemplating or under contract or in escrow for a transaction is urged to verify all information and to conduct their own inspections and investigations including through appropriate third party independent professionals selected by such party. All financial data should be verified by the party including by obtaining and reading applicable documents and reports and consulting appropriate independent professionals. Capital Investors makes no warranties and/or representations regarding the veracity, completeness, or relevance of any financial data or assumptions. Capital Investors does not serve as a financial advisor to any party regarding any proposed transaction. All data and assumptions regarding financial performance, including that used for financial modeling purposes, may differ from actual data or performance. Any estimates of market rents and/or projected rents that may be provided to a party do not necessarily mean that rents can be established at or increased to that level. Parties must evaluate any applicable contractual and governmental limitations as well as market conditions,vacancy factors and other issues in order to determine rents from or for the property. Legal questions should be discussed by the party with an attorney. Tax questions should be discussed by the party with a certified public accountant or tax attorney. Title questions should be discussed by the party with a title officer or attorney. Questions regarding the condition of the property and whether the property complies with applicable governmental requirements should be discussed by the party with appropriate engineers, architects, contractors, other consultants and governmental agencies. All properties and services are marketed by Capital Investors in compliance with all applicable fair housing and equal opportunity laws.



5001 S DREXEL BLVD | 33 UNITS | CHICAGO, IL

# Executive Summary



## OFFERING SUMMARY

| | |
|---|---|
| **Purchase Price:** | $3,200,000 |
| **Price / SF:** | $102.07 |
| **Number Of Units:** | 33 |
| **Renovation Costs:** | $560,000 |
| **Closing Costs:** | $290,000 |
| **Financing Costs:** | $74,900 |
| **Operating Capital & Reserves:** | $135,000 |

## PROPERTY HIGHLIGHTS

| | |
|---|---|
| • Equity Required | $2,032,900 |
| • Assumable Debt | $2,227,000 |
| • Fully Stabilized Cap Rate (Based on Building Price) | 9.00% |
| • Projected Refi/Resale Cap Rate Used in Model | 5.50% |
| • Current Area Market Cap Rate Range | 5.00% - 6.00% |
| • Preferred Return | 8.00% |
| • Expected Exit Year by Sale | 6 |
| • Internal Rate of Return (Year 7) | 15.39% |
| • Equity Multiple | 1.77x |

SECTION 1

# PROPERTY INFORMATION



Case 1:18-cr-00836 Document #: 1967 Filed: 06/30/26 Page 215 of 273 PageID #:128545

5001 S DREXEL BLVD | 33 UNITS | CHICAGO, IL

# Property Details

| | |
|---|---|
| **PROPERTY ADDRESS:** | 5001 S Drexel Blvd<br>Chicago, IL 60615 |
| **APN:** | 20-11-114-001-0000 |
| **PRICE / SF:** | $102.07 |
| **LOT SIZE:** | 0.46 AC |
| **BUILDING SIZE:** | 31,350 SF |
| **ZONING:** | RM-5 |
| **YEAR BUILT:** | 1906 |
| **NUMBER OF STORIES:** | 3 |
| **FOUNDATION:** | Concrete Basement |
| **WALLS:** | Brick and Frame |
| **NUMBER OF UNITS:** | 33 |
| **ROOF:** | Flat Membrane |

Case: 1:24-cv-05613 Document #: 1967 Filed: 06/30/26 Page 216 of 273 PageID #:128546

5001 S DREXEL BLVD | 33 UNITS | CHICAGO, IL

# Additional Photos





Case: 1:18-cv-05587 Document #: 1967 Filed: 06/30/26 Page 217 of 273 PageID #:128547

5001 S DREXEL BLVD | 33 UNITS | CHICAGO, IL

# Additional Photos





SECTION 2

# LOCATION INFORMATION



Case: 1:18-cv-05587 Document #: 1967 Filed: 06/30/26 Page 219 of 273 PageID #:128549

5001 S DREXEL BLVD | 33 UNITS | CHICAGO, IL

# Property Description

## LOCATION OVERVIEW

Hyde Park is one of Chicago's oldest and most illustrious neighborhoods. The University of Chicago is the most prominent resident, followed by America's 44th president. Hyde Park locals enjoy the many advantages that come with living around one of the nation's most prestigious universities, such as the libraries, the public lectures, the concerts, and the greenery, including the famed "Midway Plaisance," which served as a staging ground for exotic entertainment during the World's Fair in 1893. There's also a variety of cafés, bars, bookstores, student hangouts, and ethnic eateries in or around the neighborhood. Residents are never far from the lakefront path, the wide expanse of Jackson Park (with its public golf course, tennis courts, and japanese sanctuary), and The Museum of Science and Industry. Housing options are plentiful for students, professors, young professionals, and families. Many of the vintage high-rise apartment buildings closer to the lake offer larger units at affordable prices and come with outstanding views of the water. The residential streets are lined with stately single-family homes, three-flats, a nd low-rise condominium and apartment buildings. Many of the older homes have been converted into apartments for the student population, which swells every September, and the streets are charming, shady and secluded. The green line of the el runs along the west side of Washington Park, which is something of a hike for Hyde Park residents, so commuting to the Loop is not necessarily easy. I f you are affiliated w ith t he u niversity t hough, t here's a network of CTA buses that circle around the campus, and, of course, a few of them will take you all the way north to the central business district.





Document #: 1967 Filed: 06/30/26 Page 220 of 273 PageID #:128550

5001 S DREXEL BLVD I 33 UNITS I CHICAGO, IL

# Location Maps



Case: 1:18-cv-05587 Document #: 1967 Filed: 06/30/26 Page 221 of 273 PageID #:128551

5001 S DREXEL BLVD | 33 UNITS | CHICAGO, IL

# Aerial Map



SECTION 3

# FINANCIAL ANALYSIS



Case: 1:18-cv-05587 Document #: 1967 Filed: 06/30/26 Page 223 of 273 PageID #:128553

5001 S DREXEL BLVD | 33 UNITS | CHICAGO, IL

# Sources & Uses

## Sources & Uses

| Sources | | % Of Sources | Uses | | % Of Uses |
|---|---|---|---|---|---|
| **Debt** | | | **Hard Costs** | | |
| Senior Debt | $2,227,000 | 52.28% | Purchase Price | $3,200,000 | 75.12% |
| Mezzanine Debt | $0 | 0.0% | Rehab Cost | $560,000 | 13.15% |
| Other Debt | $0 | 0.0% | **Total** | **$3,760,000** | **88.26%** |
| Total Debt | $2,227,000 | 52.3% | | | |
| | | | **Closing Costs** | | |
| **Equity** | | | Legal | $15,000 | 0.35% |
| EB(0%) | $0 | 0.00% | Prepaid Insurance | $10,489 | 0.25% |
| SSDF2 (0%) | $2,032,900 | 47.72% | Travel and Inspection | $1,500 | 0.04% |
| (0%) | $0 | 0.00% | Prepaid AM Fee | $0 | 0.00% |
| (0%) | $0 | 0.00% | Buyer Agent Fee | $64,000 | 1.50% |
| (0%) | $0 | 0.00% | Yield Maintenance Penalty | $0 | 0.00% |
| (0%) | $0 | 0.00% | Title Insurance | $5,000 | 0.12% |
| (0%) | $0 | 0.00% | Miscellaneous | $6,011 | 0.14% |
| (0%) | $0 | 0.00% | EB Development Fee | $188,000 | 4.41% |
| (0%) | $0 | 0.00% | **Total Closing Costs** | **$290,000** | **6.81%** |
| (0%) | $0 | 0.00% | | | |
| (0%) | $0 | 0.00% | **Loan Costs & Fees** | | |
| (0%) | $0 | 0.00% | Interest Reserve | $0 | 0.00% |
| **Total Equity** | **$2,032,900** | **47.7%** | Lender Origination Costs | $49,900 | 1.17% |
| | | | Lender Legal Costs | $15,000 | 0.35% |
| | | | Appraisal | $3,500 | 0.08% |
| | | | Survey | $1,500 | 0.04% |
| | | | Environmental | $3,000 | 0.07% |
| | | | Engineering | $2,000 | 0.05% |
| | | | **Total Loan Fees & Costs** | **$74,900** | **1.76%** |
| | | | | | |
| | | | **Operating Capital & Deposits** | | |
| | | | Operating Capital | $10,000 | 0.23% |
| | | | Reserves | $125,000 | 2.93% |
| | | | **Total OC&D** | **$135,000** | **3.17%** |
| | | | | | |
| | | | **Sponsor Fees** | | |
| | | | Loan Guarantee Fee | $0 | 0.00% |
| | | | Equity Fee | $0 | 0.00% |
| | | | **Total Sponsor Fees** | **$0** | **0.00%** |
| | | | | | |
| **Total Sources** | **$4,259,900** | **100.00%** | **Total Uses** | **$4,259,900** | **100.00%** |

5001 S DREXEL BLVD I 33 UNITS I CHICAGO, IL

# Stabilization Profit & Loss

| Unit Address | Unit Type | Current Lease Exp | Need Repair | Current Rent | Target Rent | Month 1 Nov-17 | Month 2 Dec-17 | Month 3 Jan-18 | Month 4 Feb-18 | Month 5 Mar-18 | Month 6 Apr-18 | Month 7 May-18 | Month 8 Jun-18 | Month 9 Jul-18 | Month 10 Aug-18 | Month 11 Sep-18 | Month 12 Oct-18 | Year 1 Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5001-001 | 4 x 2 | 7/31/18 | | $1,375 | $1,400 | $1,375 | $1,375 | $1,375 | $1,375 | $1,375 | $1,375 | $1,375 | $1,375 | $1,375 | $1,375 | $1,375 | $1,375 | $16,500 |
| 5001-002 | 2 x 1 | Vacant | | $0 | $1,100 | $0 | Vacant | Vacant | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $9,900 |
| 5001-103 | 1 x 1 | 6/30/18 | | $700 | $950 | $700 | $700 | $700 | $700 | $700 | $700 | $700 | $700 | $700 | $700 | $700 | $700 | $8,400 |
| 5001-105 | 1 x 1 | 5/31/18 | | $765 | $950 | $765 | $765 | $765 | $765 | $765 | $765 | $765 | $765 | $765 | $765 | $765 | $765 | $9,180 |
| 5001-106 | 2 x 1 | 10/31/17 | | $945 | $1,100 | $945 | $945 | $945 | Vacant | Vacant | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $10,535 |
| 5001-203 | 1 x 1 | 3/31/18 | | $700 | $950 | $700 | $700 | $700 | $700 | $700 | $700 | $700 | $700 | $700 | $700 | $700 | Vacant | $7,700 |
| 5001-205 | 1 x 1 | 6/30/18 | | $865 | $950 | $865 | $865 | $865 | $865 | $865 | $865 | $865 | $865 | $865 | $865 | $865 | $865 | $10,380 |
| 5001-206 | 2 x 1 | 5/31/18 | | $925 | $1,100 | $925 | $925 | $925 | $925 | $925 | $925 | $925 | $925 | $925 | $925 | $925 | $925 | $11,100 |
| 5001-303 | 1 x 1 | 3/31/18 | | $700 | $950 | $700 | $700 | $700 | $700 | $700 | $700 | $700 | $700 | $700 | $700 | $700 | Vacant | $7,700 |
| 5001-305 | 1 x 1 | 8/31/18 | | $775 | $950 | $775 | $775 | $775 | $775 | $775 | $775 | $775 | $775 | $775 | $775 | $775 | $775 | $9,300 |
| 5001-306 | 2 x 1 | 6/30/18 | | $940 | $1,100 | $940 | $940 | $940 | $940 | $940 | $940 | $940 | $940 | $940 | $940 | $940 | $940 | $11,280 |
| 5005-101 | 1 x 1 | 6/30/18 | | $750 | $950 | $750 | $750 | $750 | $750 | $750 | $750 | $750 | $750 | $750 | $750 | $750 | $750 | $9,000 |
| 5005-102 | 1 x 1 | 4/30/18 | | $775 | $950 | $775 | $775 | $775 | $775 | $775 | $775 | $775 | $775 | $775 | $775 | $775 | $775 | $9,300 |
| 5005-104 | 2 x 1 | 3/31/18 | | $904 | $1,100 | $904 | $904 | $904 | $904 | $904 | $904 | $904 | $904 | $904 | $904 | $904 | Vacant | $9,944 |
| 5005-201 | 1 x 1 | 3/31/18 | | $770 | $950 | $770 | $770 | $770 | $770 | $770 | $770 | $770 | $770 | $770 | $770 | $770 | Vacant | $8,470 |
| 5005-202 | 1 x 1 | 7/31/18 | | $790 | $950 | $790 | $790 | $790 | $790 | $790 | $790 | $790 | $790 | $790 | $790 | $790 | $790 | $9,480 |
| 5005-204 | 2 x 1 | 6/30/18 | | $940 | $1,100 | $940 | $940 | $940 | $940 | $940 | $940 | $940 | $940 | $940 | $940 | $940 | $940 | $11,280 |
| 5005-301 | 1 x 1 | 5/31/18 | | $820 | $950 | $820 | $820 | $820 | $820 | $820 | $820 | $820 | $820 | $820 | $820 | $820 | $820 | $9,840 |
| 5005-302 | 1 x 1 | 1/31/16 | | $825 | $950 | $825 | $825 | $825 | $825 | $825 | $825 | $825 | $825 | $825 | Vacant | Vacant | $950 | $8,375 |
| 5005-304 | 2 x 1 | 4/30/18 | | $825 | $1,100 | $825 | $825 | $825 | $825 | $825 | $825 | $825 | $825 | $825 | $825 | $825 | $825 | $9,900 |
| 909-107 | 3 x 2 | 9/30/17 | | $1,013 | $1,200 | $1,013 | $1,013 | $1,013 | Vacant | Vacant | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $11,439 |
| 909-207 | 3 x 2 | 5/31/18 | | $1,100 | $1,200 | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $13,200 |
| 909-307 | 3 x 2 | 7/31/18 | | $1,000 | $1,200 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $12,000 |
| 911-108 | 3 x 2 | 4/30/18 | | $975 | $1,200 | $975 | $975 | $975 | $975 | $975 | $975 | $975 | $975 | $975 | $975 | $975 | $975 | $11,700 |
| 911-208 | 3 x 2 | 7/31/18 | | $990 | $1,200 | $990 | $990 | $990 | $990 | $990 | $990 | $990 | $990 | $990 | $990 | $990 | $990 | $11,880 |
| 911-308 | 3 x 2 | 1/31/18 | | $956 | $1,200 | $956 | $956 | $956 | $956 | $956 | $956 | $956 | $956 | $956 | Vacant | Vacant | $1,200 | $9,804 |
| 917-003 | 4 x 2 | 2/28/18 | | $1,300 | $1,325 | $1,300 | $1,300 | $1,300 | $1,300 | $1,300 | $1,300 | $1,300 | $1,300 | $1,300 | $1,300 | $1,325 | $1,325 | $15,650 |
| 917-109 | 3 x 2 | 12/31/17 | | $990 | $1,200 | $990 | $990 | $990 | $990 | $990 | $990 | $990 | $990 | Vacant | Vacant | $1,200 | $1,200 | $10,320 |
| 917-209 | 3 x 2 | 9/30/16 | | $955 | $1,200 | $955 | $955 | $955 | $955 | $955 | $955 | $955 | $955 | $955 | $955 | $955 | $955 | $11,460 |
| 917-309 | 3 x 2 | 6/30/18 | | $990 | $1,200 | $990 | $990 | $990 | $990 | $990 | $990 | $990 | $990 | $990 | $990 | $990 | $990 | $11,880 |
| 919-110 | 3 x 2 | 4/30/18 | | $925 | $1,200 | $925 | $925 | $925 | $925 | $925 | $925 | $925 | $925 | $925 | $925 | $925 | $925 | $11,100 |
| 919-210 | 3 x 2 | 2/28/18 | | $941 | $1,200 | $941 | $941 | $941 | $941 | $941 | $941 | $941 | $941 | $941 | $941 | $941 | Vacant | $9,410 |
| 919-310 | 3 x 2 | 9/30/17 | | $1,010 | $1,200 | $1,010 | $1,010 | $1,010 | Vacant | Vacant | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $11,430 |

| | Month 1 | Month 2 | Month 3 | Month 4 | Month 5 | Month 6 | Month 7 | Month 8 | Month 9 | Month 10 | Month 11 | Month 12 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Potential Income | $29,234 | $30,334 | $30,334 | $30,866 | $30,866 | $30,866 | $30,866 | $30,866 | $31,076 | $31,445 | $31,729 | $32,605 | $371,087 |
| Scheduled Income | $29,234 | $29,234 | $29,234 | $27,366 | $27,366 | $30,866 | $30,866 | $30,866 | $29,876 | $28,095 | $26,379 | $27,455 | $348,837 |
| Scheduled Economic Occupancy | 100% | 96% | 96% | 89% | 89% | 100% | 100% | 100% | 96% | 89% | 89% | 84% | 94% |
| Effective Rent/Unit | $914 | $915 | $915 | $915 | $915 | $935 | $935 | $935 | $935 | $940 | $949 | $986 | $11,188 |
| Physical Occupancy % | 100% | 97% | 97% | 91% | 91% | 100% | 100% | 100% | 97% | 91% | 91% | 85% | 100% |
| Vacancy Adjustment | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $(22,250) |
| Proforma Economic Occupancy | 100% | 96% | 96% | 89% | 89% | 100% | 100% | 100% | 96% | 89% | 89% | 84% | 88% |
| Minus Uncollectable Expense | -$877 | -$877 | -$877 | -$821 | -$821 | -$926 | -$926 | -$926 | -$896 | -$843 | -$851 | -$824 | $(10,465) |
| Other Income | $337 | $327 | $327 | $306 | $306 | $337 | $337 | $337 | $327 | $306 | $306 | $286 | $3,838 |
| Projected Income | $28,694 | $28,684 | $28,684 | $26,851 | $26,851 | $30,277 | $30,277 | $30,277 | $29,306 | $27,558 | $27,834 | $26,917 | $342,210 |

| Operating Expenses | Month 1 | Month 2 | Month 3 | Month 4 | Month 5 | Month 6 | Month 7 | Month 8 | Month 9 | Month 10 | Month 11 | Month 12 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Leasing Commissions | $0 | $0 | $0 | $(550) | $0 | $(1,750) | $0 | $0 | $0 | $0 | $(600) | $(1,075) | $(3,975) |
| Real Estate Taxes | $(1,486) | $(1,486) | $(1,486) | $(1,486) | $(1,486) | $(1,486) | $(1,486) | $(1,486) | $(1,486) | $(1,486) | $(1,486) | $(1,486) | $(17,837) |
| Insurance | $(874) | $(874) | $(874) | $(874) | $(874) | $(874) | $(874) | $(874) | $(874) | $(874) | $(874) | $(874) | $(10,489) |
| Gas/Heat | $(345) | $(345) | $(345) | $(324) | $(324) | $(356) | $(356) | $(356) | $(345) | $(324) | $(324) | $(302) | $(4,044) |
| Electric | $(300) | $(300) | $(300) | $(281) | $(281) | $(309) | $(309) | $(309) | $(300) | $(281) | $(281) | $(262) | $(3,514) |
| Water | $(1,831) | $(1,831) | $(1,831) | $(1,717) | $(1,717) | $(1,889) | $(1,889) | $(1,889) | $(1,831) | $(1,717) | $(1,717) | $(1,603) | $(21,463) |
| Trash | $(335) | $(335) | $(335) | $(314) | $(314) | $(346) | $(346) | $(346) | $(335) | $(314) | $(314) | $(293) | $(3,929) |
| Snow Removal/Landscaping | $(214) | $(214) | $(214) | $(200) | $(200) | $(220) | $(220) | $(220) | $(214) | $(200) | $(200) | $(187) | $(2,505) |
| Pest Control | $(225) | $(225) | $(225) | $(211) | $(211) | $(232) | $(232) | $(232) | $(225) | $(211) | $(211) | $(197) | $(2,637) |
| Legal | $(344) | $(344) | $(344) | $(322) | $(322) | $(355) | $(355) | $(355) | $(344) | $(322) | $(322) | $(301) | $(4,030) |
| Repairs & Maintenance | $(1,375) | $(1,375) | $(1,375) | $(1,375) | $(1,375) | $(1,375) | $(1,375) | $(1,375) | $(1,375) | $(1,375) | $(1,375) | $(1,375) | $(16,500) |
| G&A | $(550) | $(550) | $(550) | $(550) | $(550) | $(550) | $(550) | $(550) | $(550) | $(550) | $(550) | $(550) | $(6,600) |
| Management Fee 5% | $(1,435) | $(1,434) | $(1,434) | $(1,343) | $(1,343) | $(1,514) | $(1,514) | $(1,514) | $(1,465) | $(1,378) | $(1,392) | $(1,346) | $(17,111) |
| Projected Expenses | $(9,315) | $(9,314) | $(9,314) | $(9,548) | $(8,998) | $(11,256) | $(9,506) | $(9,506) | $(9,345) | $(9,033) | $(9,647) | $(9,851) | $(114,633) |
| % Income | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| Net Operating Income | $19,379 | $19,370 | $19,370 | $17,303 | $17,853 | $19,021 | $20,771 | $20,771 | $19,961 | $18,525 | $18,187 | $17,066 | $227,577 |

| Capital Analysis | Month 1 | Month 2 | Month 3 | Month 4 | Month 5 | Month 6 | Month 7 | Month 8 | Month 9 | Month 10 | Month 11 | Month 12 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Loan Type | Conv | Conv | Conv | Conv | Conv | Conv | Conv | Conv | Conv | Conv | Conv | Conv | Conv |
| Net Operating Income | $19,379 | $19,370 | $19,370 | $17,303 | $17,853 | $19,021 | $20,771 | $20,771 | $19,961 | $18,525 | $18,187 | $17,066 | $227,577 |
| - Bridge Loan Payments | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| - Mortgage Payments | $(10,956) | $(10,956) | $(10,956) | $(10,956) | $(10,956) | $(10,956) | $(10,956) | $(10,956) | $(10,956) | $(10,956) | $(10,956) | $(10,956) | -$131,466 |
| Cash Flow After Debt Service | $8,424 | $8,414 | $8,414 | $6,348 | $6,898 | $8,065 | $9,815 | $9,815 | $9,006 | $7,570 | $7,231 | $6,110 | $96,111 |

SECTION 3. FINANCIAL ANALYSIS

5001 S DREXEL BLVD | 33 UNITS | CHICAGO, IL

# Stabilization Profit & Loss

| Unit Address | Unit Type | Current Lease Exp | Need Repair | Current Rent | Target Rent | Month 13 Nov-18 | Month 14 Dec-18 | Month 15 Jan-19 | Month 16 Feb-19 | Month 17 Mar-19 | Month 18 Apr-19 | Month 19 May-19 | Month 20 Jun-19 | Month 21 Jul-19 | Month 22 Aug-19 | Month 23 Sep-19 | Month 24 Oct-19 | Year 2 Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5001-001 | 4 x 2 | 7/31/18 | | $1,375 | $1,400 | $1,375 | $1,375 | $1,375 | $1,400 | $1,400 | $1,400 | $1,400 | $1,400 | $1,400 | $1,400 | $1,400 | $1,400 | $16,725 |
| 5001-002 | 2 x 1 | Vacant | | $0 | $1,100 | $1,100 | $1,100 | $1,100 | $1,125 | $1,125 | $1,125 | $1,125 | $1,125 | $1,125 | $1,125 | $1,125 | $1,125 | $13,425 |
| 5001-103 | 1 x 1 | 6/30/18 | | $700 | $950 | $700 | $700 | Vacant | Vacant | $950 | $950 | $950 | $950 | $950 | $950 | $950 | $950 | $9,000 |
| 5001-105 | 1 x 1 | 5/31/18 | | $765 | $950 | $765 | Vacant | Vacant | $950 | $950 | $950 | $950 | $950 | $950 | $950 | $950 | $950 | $9,315 |
| 5001-106 | 2 x 1 | 10/31/17 | | $945 | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $1,125 | $1,125 | $1,125 | $1,125 | $1,125 | $1,125 | $1,125 | $13,375 |
| 5001-203 | 1 x 1 | 3/31/18 | | $700 | $950 | Vacant | $950 | $950 | $950 | $950 | $950 | $950 | $950 | $950 | $950 | $950 | $950 | $10,450 |
| 5001-205 | 1 x 1 | 6/30/18 | | $865 | $950 | $865 | $865 | Vacant | Vacant | $950 | $950 | $950 | $950 | $950 | $950 | $950 | $950 | $9,330 |
| 5001-206 | 2 x 1 | 5/31/18 | | $925 | $1,100 | $925 | Vacant | Vacant | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $10,825 |
| 5001-303 | 1 x 1 | 3/31/18 | | $700 | $950 | Vacant | $950 | $950 | $950 | $950 | $950 | $950 | $950 | $950 | $950 | $950 | $950 | $10,450 |
| 5001-305 | 1 x 1 | 8/31/18 | | $775 | $950 | $775 | $775 | $775 | $775 | Vacant | Vacant | $950 | $950 | $950 | $950 | $950 | $950 | $8,800 |
| 5001-306 | 2 x 1 | 6/30/18 | | $940 | $1,100 | $940 | $940 | Vacant | Vacant | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $10,680 |
| 5005-101 | 1 x 1 | 6/30/18 | | $750 | $950 | $750 | $750 | Vacant | Vacant | $950 | $950 | $950 | $950 | $950 | $950 | $950 | $950 | $9,100 |
| 5005-102 | 1 x 1 | 4/30/18 | | $775 | $950 | Vacant | Vacant | $950 | $950 | $950 | $950 | $950 | $950 | $950 | $950 | $950 | $950 | $9,500 |
| 5005-104 | 2 x 1 | 3/31/18 | | $904 | $1,100 | Vacant | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $12,100 |
| 5005-201 | 1 x 1 | 3/31/18 | | $770 | $950 | Vacant | $950 | $950 | $950 | $950 | $950 | $950 | $950 | $950 | $950 | $950 | $950 | $10,450 |
| 5005-202 | 1 x 1 | 7/31/18 | | $790 | $950 | $790 | $790 | $790 | Vacant | Vacant | $950 | $950 | $950 | $950 | $950 | $950 | $950 | $8,020 |
| 5005-204 | 2 x 1 | 6/30/18 | | $940 | $1,100 | $940 | $940 | Vacant | Vacant | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $10,680 |
| 5005-301 | 1 x 1 | 5/31/18 | | $820 | $950 | $820 | Vacant | Vacant | $950 | $950 | $950 | $950 | $950 | $950 | $950 | $950 | $950 | $9,370 |
| 5005-302 | 1 x 1 | 1/31/18 | | $825 | $950 | $950 | $950 | $950 | $950 | $950 | $950 | $950 | $950 | $950 | $950 | $950 | $975 | $11,425 |
| 5005-304 | 2 x 1 | 4/30/18 | | $825 | $1,100 | Vacant | Vacant | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $1,100 | $11,000 |
| 909-107 | 3 x 2 | 9/30/17 | | $1,013 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,225 | $1,225 | $1,225 | $1,225 | $1,225 | $1,225 | $1,225 | $14,575 |
| 909-207 | 3 x 2 | 5/31/18 | | $1,100 | $1,200 | $1,100 | Vacant | Vacant | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $11,900 |
| 909-307 | 3 x 2 | 7/31/18 | | $1,000 | $1,200 | $1,000 | $1,000 | $1,000 | Vacant | Vacant | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $11,400 |
| 911-108 | 3 x 2 | 4/30/18 | | $975 | $1,200 | Vacant | Vacant | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $12,000 |
| 911-208 | 3 x 2 | 7/31/18 | | $990 | $1,200 | $990 | $990 | $990 | Vacant | Vacant | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $11,370 |
| 911-308 | 3 x 2 | 1/31/18 | | $956 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,225 | $1,225 | $14,425 |
| 917-003 | 4 x 2 | 2/28/16 | | $1,300 | $1,325 | $1,325 | $1,325 | $1,325 | $1,325 | $1,325 | $1,325 | $1,325 | $1,325 | $1,325 | $1,325 | $1,350 | $1,350 | $15,950 |
| 917-109 | 3 x 2 | 12/31/17 | | $990 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,225 | $1,225 | $14,450 |
| 917-209 | 3 x 2 | 9/30/18 | | $955 | $1,200 | $955 | $955 | $955 | $955 | $955 | Vacant | Vacant | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $10,775 |
| 917-309 | 3 x 2 | 6/30/18 | | $990 | $1,200 | $990 | $990 | Vacant | Vacant | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $11,580 |
| 919-110 | 3 x 2 | 4/30/18 | | $925 | $1,200 | Vacant | Vacant | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $12,000 |
| 919-210 | 3 x 2 | 2/28/18 | | $941 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $14,400 |
| 919-310 | 3 x 2 | 9/30/17 | | $1,010 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,225 | $1,225 | $1,225 | $1,225 | $1,225 | $1,225 | $1,225 | $14,575 |

| | | | | | | Month 13 Nov-18 | Month 14 Dec-18 | Month 15 Jan-19 | Month 16 Feb-19 | Month 17 Mar-19 | Month 18 Apr-19 | Month 19 May-19 | Month 20 Jun-19 | Month 21 Jul-19 | Month 22 Aug-19 | Month 23 Sep-19 | Month 24 Oct-19 | Year 2 Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Potential Income | | | | | | $33,555 | $34,145 | $35,210 | $35,830 | $36,005 | $36,325 | $36,325 | $36,325 | $36,325 | $36,325 | $36,375 | $36,425 | $429,170 |
| Scheduled Income | | | | | | $25,155 | $25,495 | $24,760 | $26,230 | $31,705 | $34,175 | $35,125 | $36,325 | $36,325 | $36,325 | $36,375 | $36,425 | $384,420 |
| Scheduled Economic Occupancy | | | | | | 75% | 75% | 70% | 73% | 88% | 94% | 97% | 100% | 100% | 100% | 100% | 100% | 90% |
| Effective Rent/Unit | | | | | | $1,014 | $1,028 | $1,087 | $1,102 | $1,097 | $1,104 | $1,099 | $1,101 | $1,101 | $1,101 | $1,102 | $1,104 | $13,039 |
| Physical Occupancy % | | | | | | 76% | 76% | 70% | 73% | 88% | 94% | 97% | 100% | 100% | 100% | 100% | 100% | 100% |
| Vacancy Adjustment | | | | | | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $(44,750) |
| Proforma Economic Occupancy | | | | | | 75% | 75% | 70% | 73% | 88% | 94% | 97% | 100% | 100% | 100% | 100% | 100% | 79% |
| Minus Uncollectable Expense | | | | | | $(755) | $(765) | $(743) | $(787) | $(951) | $(1,025) | $(1,054) | $(1,090) | $(1,090) | $(1,090) | $(1,091) | $(1,093) | $(11,533) |
| Other Income | | | | | | $255 | $255 | $235 | $245 | $296 | $316 | $327 | $337 | $337 | $337 | $337 | $337 | $3,614 |
| Projected Income | | | | | | $24,656 | $24,985 | $24,252 | $25,688 | $31,050 | $33,466 | $34,398 | $35,572 | $35,572 | $35,572 | $35,621 | $35,669 | $376,501 |

| Operating Expenses | Month 13 | Month 14 | Month 15 | Month 16 | Month 17 | Month 18 | Month 19 | Month 20 | Month 21 | Month 22 | Month 23 | Month 24 | Year 2 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Leasing Commisions | $(600) | $(1,975) | $(2,225) | $(2,100) | $(3,125) | $(2,006) | $(475) | $(600) | $0 | $0 | $(331) | $(331) | $(13,768) |
| Real Estate Taxes | $(1,531) | $(1,531) | $(1,531) | $(1,531) | $(1,531) | $(1,531) | $(1,531) | $(1,531) | $(1,531) | $(1,531) | $(1,531) | $(1,531) | $(18,372) |
| Insurance | $(900) | $(900) | $(900) | $(900) | $(900) | $(900) | $(900) | $(900) | $(900) | $(900) | $(900) | $(900) | $(10,804) |
| Gas/Heat | $(270) | $(270) | $(248) | $(259) | $(313) | $(334) | $(345) | $(356) | $(356) | $(356) | $(356) | $(356) | $(3,618) |
| Electric | $(234) | $(234) | $(216) | $(225) | $(272) | $(290) | $(300) | $(309) | $(309) | $(309) | $(309) | $(309) | $(3,317) |
| Water | $(1,431) | $(1,431) | $(1,316) | $(1,374) | $(1,660) | $(1,774) | $(1,831) | $(1,889) | $(1,889) | $(1,889) | $(1,889) | $(1,889) | $(20,261) |
| Trash | $(262) | $(262) | $(241) | $(251) | $(304) | $(325) | $(335) | $(346) | $(346) | $(346) | $(346) | $(346) | $(3,709) |
| Snow Removal/Landscaping | $(167) | $(167) | $(154) | $(160) | $(194) | $(207) | $(214) | $(220) | $(220) | $(220) | $(220) | $(220) | $(2,364) |
| Pest Control | $(176) | $(176) | $(162) | $(169) | $(204) | $(218) | $(225) | $(232) | $(232) | $(232) | $(232) | $(232) | $(2,490) |
| Legal | $(269) | $(269) | $(247) | $(258) | $(312) | $(333) | $(344) | $(355) | $(355) | $(355) | $(355) | $(355) | $(3,805) |
| Repairs & Maintenance | $(1,416) | $(1,416) | $(1,416) | $(1,416) | $(1,416) | $(1,416) | $(1,416) | $(1,416) | $(1,416) | $(1,416) | $(1,416) | $(1,416) | $(16,995) |
| G&A | $(567) | $(567) | $(567) | $(567) | $(567) | $(567) | $(567) | $(567) | $(567) | $(567) | $(567) | $(567) | $(6,798) |
| Management Fee 5% | $(1,233) | $(1,249) | $(1,213) | $(1,284) | $(1,552) | $(1,673) | $(1,720) | $(1,779) | $(1,779) | $(1,779) | $(1,781) | $(1,783) | $(18,825) |
| Projected Expenses | $(9,055) | $(10,446) | $(10,435) | $(10,494) | $(12,349) | $(11,576) | $(10,203) | $(10,499) | $(9,899) | $(9,899) | $(10,233) | $(10,235) | $(125,325) |
| % Income | 37% | 42% | 43% | 41% | 40% | 35% | 30% | 30% | 28% | 28% | 29% | 29% | 33% |
| Net Operating Income | $15,601 | $14,539 | $13,817 | $15,194 | $18,701 | $21,890 | $24,195 | $25,073 | $25,673 | $25,673 | $25,388 | $25,434 | $251,176 |

| Capital Analysis | Month 13 | Month 14 | Month 15 | Month 16 | Month 17 | Month 18 | Month 19 | Month 20 | Month 21 | Month 22 | Month 23 | Month 24 | Year 2 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Loan Type | Conv | Conv | Conv | Conv | Conv | Conv | Conv | Conv | Conv | Conv | Conv | Conv | Conv |
| Net Operating Income | $15,601 | $14,539 | $13,817 | $15,194 | $18,701 | $21,890 | $24,195 | $25,073 | $25,673 | $25,673 | $25,388 | $25,434 | $251,176 |
| - Bridge Loan Payments | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| - Mortgage Payments | $10,956 | $10,956 | $10,956 | $10,956 | $10,956 | $10,956 | $10,956 | $10,956 | $10,956 | $10,956 | $10,956 | $10,956 | -$131,466 |
| Cash Flow After Debt Service | $4,645 | $3,583 | $2,861 | $4,238 | $7,745 | $10,935 | $13,239 | $14,117 | $14,717 | $14,717 | $14,433 | $14,478 | $119,710 |

Case: 587 Document #: 1967 Filed: 06/30/26 Page 226 of 273 PageID #:128556

5001 S DREXEL BLVD I 33 UNITS I CHICAGO, IL

# 10 Year Pro Forma

| Income | Year 1 | Year 2 | Year 3 | Year 4 | Year 5 | Year 6 | Year 7 | Year 8 | Year 9 | Year 10 |
|---|---|---|---|---|---|---|---|---|---|---|
| Year Ending | 10/31/18 | 10/31/19 | 10/31/20 | 10/31/21 | 10/31/22 | 10/31/23 | 10/31/24 | 10/31/25 | 10/31/26 | 10/31/27 |
| Gross Potential Rent | $371,087 | $429,170 | $443,525 | $459,048 | $475,115 | $491,744 | $508,955 | $526,769 | $545,205 | $564,288 |
| Vacancy/Loss | $(22,250) | $(44,750) | $(22,176) | $(22,952) | $(23,756) | $(24,587) | $(25,448) | $(26,338) | $(27,260) | $(28,214) |
| Gross Scheduled Rent | $348,837 | $384,420 | $421,349 | $436,096 | $451,359 | $467,157 | $483,507 | $500,430 | $517,945 | $536,073 |
| Less Uncollectables | $(10,465) | $(11,533) | $(12,640) | $(13,083) | $(13,541) | $(14,015) | $(14,505) | $(15,013) | $(15,538) | $(16,082) |
| Other Income | $3,838 | $3,614 | $4,043 | $4,184 | $4,330 | $4,482 | $4,639 | $4,801 | $4,969 | $5,143 |
| Operating Income | $342,210 | $376,501 | $412,751 | $427,197 | $442,149 | $457,624 | $473,641 | $490,218 | $507,376 | $525,134 |
| Expenses | Year 1 | Year 2 | Year 3 | Year 4 | Year 5 | Year 6 | Year 7 | Year 8 | Year 9 | Year 10 |
| Leasing Commissions | $(3,975) | $(13,768) | $(5,534) | $(5,728) | $(5,928) | $(6,136) | $(6,351) | $(6,573) | $(6,803) | $(7,041) |
| Real Estate Taxes | $(17,837) | $(18,372) | $(18,923) | $(19,586) | $(20,271) | $(20,981) | $(21,715) | $(22,475) | $(23,262) | $(24,076) |
| Insurance | $(10,489) | $(10,804) | $(11,128) | $(11,518) | $(11,921) | $(12,338) | $(12,770) | $(13,217) | $(13,679) | $(14,158) |
| Gas/Heat | $(4,044) | $(3,818) | $(4,271) | $(4,420) | $(4,575) | $(4,735) | $(4,901) | $(5,072) | $(5,250) | $(5,433) |
| Electric | $(3,514) | $(3,317) | $(3,711) | $(3,841) | $(3,975) | $(4,114) | $(4,258) | $(4,407) | $(4,561) | $(4,721) |
| Water | $(21,463) | $(20,261) | $(22,665) | $(23,458) | $(24,279) | $(25,129) | $(26,008) | $(26,918) | $(27,861) | $(28,836) |
| Trash | $(3,929) | $(3,709) | $(4,149) | $(4,294) | $(4,444) | $(4,600) | $(4,761) | $(4,927) | $(5,100) | $(5,278) |
| Snow Removal/Landscaping | $(2,505) | $(2,364) | $(2,645) | $(2,738) | $(2,833) | $(2,933) | $(3,035) | $(3,141) | $(3,251) | $(3,365) |
| Pest Control | $(2,637) | $(2,490) | $(2,785) | $(2,882) | $(2,983) | $(3,088) | $(3,196) | $(3,308) | $(3,423) | $(3,543) |
| Legal | $(4,030) | $(3,805) | $(4,256) | $(4,405) | $(4,559) | $(4,719) | $(4,884) | $(5,055) | $(5,232) | $(5,415) |
| Repairs & Maintenance | $(16,500) | $(16,995) | $(17,505) | $(18,118) | $(18,752) | $(19,408) | $(20,087) | $(20,790) | $(21,518) | $(22,271) |
| G&A | $(6,600) | $(6,798) | $(7,002) | $(7,247) | $(7,501) | $(7,763) | $(8,035) | $(8,316) | $(8,607) | $(8,908) |
| Management Fee 5% | $(17,111) | $(18,825) | $(20,638) | $(21,360) | $(22,107) | $(22,881) | $(23,682) | $(24,511) | $(25,369) | $(26,257) |
| Operating Expenses | $(114,633) | $(125,325) | $(125,210) | $(129,593) | $(134,128) | $(138,823) | $(143,682) | $(148,711) | $(153,915) | $(159,302) |
| % Operating Income | 33.50% | 33.29% | 30.34% | 30.34% | 30.34% | 30.34% | 30.34% | 30.34% | 30.34% | 30.34% |
| Net Operating Income | $227,577 | $251,176 | $287,540 | $297,604 | $308,021 | $318,801 | $329,959 | $341,508 | $353,461 | $365,832 |
| Cap Rate (Purchase Price) | 7.11% | 7.85% | 8.99% | 9.30% | 9.63% | 9.96% | 10.31% | 10.67% | 11.05% | 11.43% |
| Cap Rate (Market Value) | 6.00% | 6.00% | 6.00% | 6.00% | 6.00% | 6.00% | 6.00% | 6.00% | 6.00% | 6.00% |

5001 S DREXEL BLVD | 33 UNITS | CHICAGO, IL

# Investment Summary

## Investment Summary

| | |
|---|---|
| Purchase Price | 3,200,000 |
| Exit Cap | 5.50% |
| Sale At End Of Year | 6 |
| Exit Closing Costs | 4.0% |
| Asset Management Fee | 5.00% |
| Stablized Refi Year | 2 |
| Refi Cap Rate | 5.50% |

### Capitalization Summary

| | |
|---|---|
| Sponsor Equity | 0 |
| Partner Equity | 3,607,900 |
| Mezzanine Debt At (20.0%) | 0 |
| Debt | 3,767,000 |
| **Total Capitalization** | **7,374,900** |

### Property Cash Flow

| | Totals | Year 0 Nov-2017 | Year 1 Oct-2018 | Year 2 Oct-2019 | Year 3 Oct-2020 | Year 4 Oct-2021 | Year 5 Oct-2022 | Year 6 Oct-2023 | Year 7 Oct-2024 | Year 8 Oct-2025 | Year 9 Oct-2026 | Year 10 Oct-2027 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Purchase Price | (5,125,000) | (5,125,000) | | | | | | | | | | |
| Closing Costs | (617,161) | (617,161) | | | | | | | | | | |
| Rehab Costs | (1,110,000) | (1,110,000) | | | | | | | | | | |
| Financing Costs | (352,739) | (352,739) | | | | | | | | | | |
| Operating Capital | 0 | (20,000) | | | | | | 20,000 | | | | |
| All-In Cost | (7,204,900) | (7,224,900) | | | | | | 20,000 | | | | |

#### Property Investment Cash Flow

| | Totals | Year 0 Nov-2017 | Year 1 Oct-2018 | Year 2 Oct-2019 | Year 3 Oct-2020 | Year 4 Oct-2021 | Year 5 Oct-2022 | Year 6 Oct-2023 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Net Operating Income | 3,091,021 | 0 | 396,870 | 477,445 | 525,916 | 544,323 | 563,374 | 583,092 | | | | |
| Asset Management Fee | (154,551) | 0 | (19,843) | (23,872) | (26,296) | (27,216) | (28,169) | (29,155) | | | | |
| Disposition Proceeds | 10,601,681 | | | | | | | 10,601,681 | | | | |
| Property Level Closing Costs | (424,067) | | | | | | | (424,067) | | | | |

| | Totals | Year 0 Nov-2017 | Year 1 Oct-2018 | Year 2 Oct-2019 | Year 3 Oct-2020 | Year 4 Oct-2021 | Year 5 Oct-2022 | Year 6 Oct-2023 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Unleveraged Cash Flow** | **5,909,184** | **(7,224,900)** | **377,026** | **453,573** | **499,620** | **517,107** | **535,206** | **10,751,551** | | | | |
| *Yield on All-in Cost* | | | *5.22%* | *6.28%* | *6.92%* | *7.16%* | *7.41%* | *148.81%* | | | | |

| | |
|---|---|
| IRR | 11.73% |
| Profits | 5,909,184 |
| Multiple | 3.64x |

### Property Debt

| | Totals | Year 0 Nov-2017 | Year 1 Oct-2018 | Year 2 Oct-2019 | Year 3 Oct-2020 | Year 4 Oct-2021 | Year 5 Oct-2022 | Year 6 Oct-2023 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Bridge Loan Proceeds | 1,540,000 | 1,540,000 | 0 | 0 | 0 | 0 | 0 | 0 | | | | |
| Repayment of Bridge Loan | (1,540,000) | 0 | (1,540,000) | 0 | 0 | 0 | 0 | 0 | | | | |
| 1st Loan Proceeds | 2,227,000 | 2,227,000 | 0 | 0 | 0 | 0 | 0 | 0 | | | | |
| Repayment of Debt | (4,134,948) | 0 | 0 | (2,188,328) | (1,946,620) | 0 | 0 | 0 | | | | |
| Refi Proceeds / Repayment At 60% LTV | 2,286,746 | 0 | 1,980,000 | 3,653,470 | 3,531,509 | 0 | 0 | (6,878,233) | | | | |
| Origiation/Payoff Fees Paid | (452,077) | 0 | 0 | (211,601) | 0 | 0 | 0 | (240,476) | | | | |
| Interest Paid | (1,470,924) | 0 | (114,592) | (195,997) | (242,610) | (312,051) | (305,668) | (300,006) | | | | |
| Principal Paid | (454,397) | 0 | (38,672) | (74,152) | (34,827) | (59,989) | (120,669) | (126,087) | | | | |

| | Totals | Year 0 Nov-2017 | Year 1 Oct-2018 | Year 2 Oct-2019 | Year 3 Oct-2020 | Year 4 Oct-2021 | Year 5 Oct-2022 | Year 6 Oct-2023 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Leveraged Cash Flows** | **3,910,584** | **(3,457,900)** | **663,762** | **1,436,965** | **1,807,073** | **145,067** | **108,869** | **3,206,748** | | | | |
| *Cash-on-Cash Yield* | | | *18.40%* | *39.83%* | *50.09%* | *4.02%* | *3.02%* | *88.88%* | | | | |
| DSCR | | | 0.000 | 1.767 | 1.896 | 1.463 | 1.321 | 1.368 | | | | |

| | |
|---|---|
| IRR | 23.34% |
| Profits | 3,910,584 |
| Multiple | 2.04x |

## Cash Flow Waterfall

### Partner Preferred Return (8.0%)

| | | Year 0 Nov-2017 | Year 1 Oct-2018 | Year 2 Oct-2019 | Year 3 Oct-2020 | Year 4 Oct-2021 | Year 5 Oct-2022 | Year 6 Oct-2023 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Partner Beginning Equity Balance | | 3,607,900 | 3,607,900 | 3,161,539 | 2,155,103 | 765,639 | 694,395 | 649,076 | | | | |
| Partner Preferred Interest | IRR Check | | 288,632 | 252,923 | 172,408 | 61,251 | 55,552 | 51,926 | | | | |
| Partner Preferred Interest Paid | 8.00% | | (288,632) | (252,923) | (172,408) | (61,251) | (55,552) | (51,926) | | | | |
| Return Of Capital (85.0%) Of Cash After Pref | | | (446,361) | (1,006,436) | (1,389,465) | (71,243) | (45,319) | (649,076) | | | | |
| Partner Ending Equity Balance | | 3,607,900 | 3,161,539 | 2,155,103 | 765,639 | 694,395 | 649,076 | 0 | | | | |

| | Totals | | Year 1 Oct-2018 | Year 2 Oct-2019 | Year 3 Oct-2020 | Year 4 Oct-2021 | Year 5 Oct-2022 | Year 6 Oct-2023 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Equity Interest Paid + Return Of Capital** | | | 734,993 | 1,259,359 | 1,561,873 | 132,494 | 100,871 | 701,002 | | | | |
| *Cash Return Of Equity (Based On Equity Balance At Start Of Year)* | | | *20.37%* | *39.83%* | *72.47%* | *17.31%* | *14.53%* | *108.00%* | | | | |

| | | Year 0 Nov-2017 | Year 1 Oct-2018 | Year 2 Oct-2019 | Year 3 Oct-2020 | Year 4 Oct-2021 | Year 5 Oct-2022 | Year 6 Oct-2023 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Remaining Cash After Equity** | | 150,000 | 78,770 | 256,376 | 501,576 | 514,148 | 522,145 | 3,027,892 | | | | |

### Partner Remaining Cash

| | | | Year 1 Oct-2018 | Year 2 Oct-2019 | Year 3 Oct-2020 | Year 4 Oct-2021 | Year 5 Oct-2022 | Year 6 Oct-2023 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Partner Profit (70%) | | | 0 | 0 | 0 | 0 | 0 | (2,119,524) | | | | |
| Sponsor Profit (30%) | | | 0 | 0 | 0 | 0 | 0 | (908,367) | | | | |

| | | Year 0 Nov-2017 | Year 1 Oct-2018 | Year 2 Oct-2019 | Year 3 Oct-2020 | Year 4 Oct-2021 | Year 5 Oct-2022 | Year 6 Oct-2023 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Remaining Cash** | | 150,000 | 78,770 | 256,376 | 501,576 | 514,148 | 522,145 | 0 | | | | |

| | Totals | Nov-2017 | Oct-2018 | Oct-2019 | Oct-2020 | Oct-2021 | Oct-2022 | Oct-2023 | Oct-2024 | Oct-2025 | Oct-2026 | Oct-2027 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Yearly Gross Profits (Preferred Return +Profit) | 3,002,216 | 0 | 288,632 | 252,923 | 172,408 | 61,251 | 55,552 | 2,171,450 | | | | |
| *Cash On Cash Return* | | | *8.00%* | *8.00%* | *8.00%* | *8.00%* | *8.00%* | *334.54%* | | | | |
| Partner Investment Cash Flow | 3,002,216 | (3,607,900) | 734,993 | 1,259,359 | 1,561,873 | 132,494 | 100,871 | 2,820,526 | | | | |
| *Cash Return On Equity* | | | *20.37%* | *39.83%* | *72.47%* | *17.31%* | *14.53%* | *434.54%* | | | | |

| | |
|---|---|
| IRR | 18.27% |
| Profits | 3,002,216 |
| Multiple | 1.83x |

SECTION 4
# DEMOGRAPHICS



Case: 1:18-cv-05587 Document #: 1967 Filed: 06/30/26 Page 229 of 273 PageID #:128559

5001 S DREXEL BLVD | 33 UNITS | CHICAGO, IL

# Demographics Map



| POPULATION | 0.25 MILES | 0.5 MILES | 1 MILE |
| --- | --- | --- | --- |
| TOTAL POPULATION | 4,320 | 15,024 | 44,869 |
| MEDIAN AGE | 36.3 | 34.1 | 33.7 |
| MEDIAN AGE (MALE) | 35.8 | 33.5 | 33.1 |
| MEDIAN AGE (FEMALE) | 36.0 | 35.3 | 34.6 |

| HOUSEHOLDS & INCOME | 0.25 MILES | 0.5 MILES | 1 MILE |
| --- | --- | --- | --- |
| TOTAL HOUSEHOLDS | 2,122 | 6,991 | 20,723 |
| # OF PERSONS PER HH | 2.0 | 2.1 | 2.2 |
| AVERAGE HH INCOME | $60,931 | $70,141 | $68,667 |
| AVERAGE HOUSE VALUE | $283,065 | $313,486 | $371,428 |

Demographic data derived from 2010 US Census

| | |
|---|---|
| **From:** | Virju Patel |
| **Sent:** | Monday, August 6, 2018 12:55 PM CDT |
| **To:** | Gary Federico |
| **CC:** | Shaun Cohen; Shuvam Bhaumik |
| **Subject:** | Re: Marketing |

Hey Gary,

Good catching up with you this morning. To recap, we look forward to your assistance in putting together the following:

1. Announcement for our current successes (fast tracked refi on Merrill) (investors came in early November 2017 and already receiving up to 35-40% of their capital back while retaining their equity stakes.
2. Why Capital Investors seeks South Shore Investments in Chicago (gentrification is happening and recent articles referenced to support the developments and influx of capital etc). Hyde Park being a flagship area. Stating the obvious but some of our investors need everything spelled out.
3. Acquisition and equity raise for 5001 S. Drexel and a blurb why this is an incredible opportunity
4. Acquisition and equity raise for 1131 E. 79th Place and a blurb why this is an incredible opportunity

Thanks for the heads up on Bobby, didn't know your copywriter had moved on but look forward to working with you on this. We wanted to get these blurbs out quickly as we are building momentum in Chicago and want to strike while our opportunities are still hot with our current Chicago client base. We will be doing a full marketing blitz in Chicago and want to be prepared.

Look forward to working with you and getting this written.

Best Regards,
Virju

--



**Virju Patel | Managing Partner**
Capital Investors LLC.
virju@capitalinvestorspa.com
capitalinvestorsPA.com
260.312.3294

This email, including attachments, is intended only for the addressee(s) indicated, and may include non-public, proprietary, confidential or legally privileged information. If you are not an intended recipient or an authorized agent of an intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained in or transmitted with this e-mail is

unauthorized and strictly prohibited. If you have received this email in error, delete it and any attachments or copies immediately.

On Sun, Aug 5, 2018 at 8:35 PM Virju Patel <virju@capitalinvestorspa.com> wrote:
Hi Gary,

Do you have a few minutes in the AM to catch up?  Let me know what works for you. Thanks.

Best Regards,
Virju

--



**Virju Patel | Managing Partner**
Capital Investors LLC.
virju@capitalinvestorspa.com
capitalinvestorsPA.com
260.312.3294

This email, including attachments, is intended only for the addressee(s) indicated, and may include non-public, proprietary, confidential or legally privileged information. If you are not an intended recipient or an authorized agent of an intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained in or transmitted with this e-mail is unauthorized and strictly prohibited. If you have received this email in error, delete it and any attachments or copies immediately.

On Fri, Aug 3, 2018 at 10:40 AM Gary Federico <gary@equitybuild.com> wrote:
Hey, Guys,

A Little clarity on the ask:

Do you want me to write this for you, or just deliver the requested information?

Thanks!

Gary Federico
Sales Manager / Data Analyst
877-978-1869
gary@equitybuild.com
EquityBuild Inc.

www.EquityBuild.com | www.EquityBuildFinance.com

Dallas, TX. | Marco Island, FL. | Denver, CO. | New York, N.Y. | Chicago, IL.



This email is intended only for the person or entity to which it is addressed and may contain information that is confidential, privileged, or otherwise protected from disclosure under applicable law. Dissemination, distribution or copying of this email including the information contained herein or any attachments hereto (the "message") by anyone other than the intended recipient, or an employee of agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you received this email in error, please immediately contact the sender and destroy the material in its entirety whether in electronic or hard copy format. All calls to EquityBuild and EquityBuild Finance IT department are recorded for training, evaluation and reference purposes.

On Thu, Aug 2, 2018 at 1:34 PM, Virju Patel <virju@capitalinvestorspa.com> wrote:
Hi Gary

We are going to do a targeted campaign soon and an announcement of a few items and could use your assistance.

We want to give all our existing clients a status of how things are shaping out on Merrill and how and why we achieved the results so quickly. EB acquired Merrill I believe in Sept '17. And we are doing a full refinance. I wanted to put together a nice blurb our successes and overall Chicago and the active gentrification that's happening.

Second I wanted to write why we acquired both Drexel and 79th place as well.

We will target this information to two groups. First being client out reach of existing clients and one group of target 25-50 clients we have qualified to be good leads for us in Chicago specifically.

We believe Chicago based investors will help us eliminate the why and really help them understand the core values available in the South Shore.

The Ask:
Can you help us writing this and provide all the details so we can put this all together? I know we can use some of the blurbs already in the OMs as well.

Shuvam, did I miss anything you can add here?

Thanks
Virju

--



**Virju Patel | Managing Partner**
Capital Investors LLC.
virju@capitalinvestorspa.com
capitalinvestorspa.com
260.312.3294

Please Note: This email, including attachments, is intended only for the addresses(s) indicated, and may include non-public, proprietary, confidential or legally privileged information. If you are not an intended recipient or an authorized agent of an intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained in or transmitted with this e-mail is unauthorized and strictly prohibited. If you have received this email in error, delete it and any attachments or copies immediately.

| From: | Shaun Cohen |
|---|---|
| Sent: | Monday, August 13, 2018 2:52 PM CDT |
| To: | Virju Patel; Shuvam Bhaumik |
| Subject: | Draft OM |
| Attachments: | Offering_Memorandum CI 8.13.pdf |

There are definitely things that need to change like the word "fund" or that the econometric model is yours rather than the sponsor's but give this a look over and tell me if you think something different needs to be done. I also realize we need better pics.

**Thanks,**

**Shaun Cohen** *Vice President, EquityBuild, Inc*
Tel: (877) 978-1869 x 1807 | Fax: (972) 330-2329
shaun@equitybuild.com | www.equitybuild.com

This email is intended only for the person or entity to which it is addressed and may contain information that is confidential, privileged, or otherwise protected from disclosure under applicable law. Dissemination, distribution or copying of this email including the information contained herein or any attachments hereto (the "message") by anyone other than the intended recipient, or an employee of agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you received this email in error, please immediately contact the sender and destroy the material in its entirety whether in electronic or hard copy format.

**FOR SALE I** MULTIFAMILY

# Capital Investors Fund

Chicago, IL





CHICAGO, IL

# CONTENTS

PROPERTY INFORMATION     4

LOCATION INFORMATION     7

FINANCIAL ANALYSIS     10

DEMOGRAPHICS     14

# CONFIDENTIALITY & DISCLAIMER

All materials and information received or derived from EquityBuild Inc. its directors, officers, agents, advisors, affiliates and/or any third party sources are provided without representation or warranty as to completeness , veracity, or accuracy, condition of the property, compliance or lack of compliance with applicable governmental requirements, developability or suitability, financial performance of the property, projected financial performance of the property for any party's intended use or any and all other matters. Neither EquityBuild Inc. its directors, officers, agents, advisors, or affiliates makes any representation or warranty, express or implied, as to accuracy or completeness of the any materials or information provided, derived, or received. Materials and information from any source, whether written or verbal, that may be furnished for review are not a substitute for a party's active conduct of its own due diligence to determine these and other matters of significance to such party. EquityBuild Inc. will not investigate or verify any such matters or conduct due diligence for a party unless otherwise agreed in writing.

EACH PARTY SHALL CONDUCT ITS OWN INDEPENDENT INVESTIGATION AND DUE DILIGENCE.

Any party contemplating or under contract or in escrow for a transaction is urged to verify all information and to conduct their own inspections and investigations including through appropriate third party independent professionals selected by such party. All financial data should be verified by the party including by obtaining and reading applicable documents and reports and consulting appropriate independent professionals. EquityBuild Inc. makes no warranties and/or representations regarding the veracity, completeness, or relevance of any financial data or assumptions. EquityBuild Inc. does not serve as a financial advisor to any party regarding any proposed transaction. All data and assumptions regarding financial performance, including that used for financial modeling purposes, may differ from actual data or performance. Any estimates of market rents and/or projected rents that may be provided to a party do not necessarily mean that rents can be established at or increased to that level. Parties must evaluate any applicable contractual and governmental limitations as well as market conditions,vacancy factors and other issues in order to determine rents from or for the property. Legal questions should be discussed by the party with an attorney. Tax questions should be discussed by the party with a certified public accountant or tax attorney. Title questions should be discussed by the party with a title officer or attorney. Questions regarding the condition of the property and whether the property complies with applicable governmental requirements should be discussed by the party with appropriate engineers, architects, contractors, other consultants and governmental agencies. All properties and services are marketed by EquityBuild Inc. in compliance with all applicable fair housing and equal opportunity laws.



CAPITAL INVESTORS FUND | 100 UNITS | CHICAGO, IL

# Executive Summary



## OFFERING SUMMARY

| | |
|---|---|
| **Fund Equity:** | $10,000,000 |
| **Fund Investment Timeline:** | 6 Years |
| **Investor Preferred Return:** | 8% |
| **Target IRR:** | 20-23% |
| **Target Equity Multiple:** | 1.9-2.1x |

## OFFERING OVERVIEW

The Company will make equity investments in single purpose entities that will own multifamily assets leveraged with third party debt in order to maximize the returns to the Fund. The company will invest in a mix of value add and stabilized assets throughout certain neighborhoods on Chicago's south side. These generally stable lower income neighborhoods offer tremendous upside value while providing above average current income yields. The Company anticipates a 6-year investment time-line with two one year extension options at management discretion to allow sufficient time for full divestment of the Company's assets. The Company projects that it will be able to pay an 8% annual dividend to equity investors with a targeted gross IRR of 20% or greater yielding a 2x equity multiple over the term of the fund.

SECTION 1
# PROPERTY INFORMATION



Case 1:18-cv-05587 Document #: 1967 Filed: 06/30/26 Page 243 of 273 PageID #:128573

CAPITAL INVESTORS FUND | 100 UNITS | CHICAGO, IL

# Capital Investors LLC

**THE FUND MANAGER**

Better than any other major metro area, Chicago hits that highly desirable ratio of high rents to low property costs. At Capital Investors, we apply a rigorous set of standards to any investment opportunity that we are considering. One of the most important of these requirements is the size of the market that we are investigating. Larger markets allow us to keep our costs minimized, which translates into higher returns for our investors. Chicago is large enough for us to achieve the economies of scale that save our investors a significant amount of money. Over the decades, Capital Investors has developed our proprietary econometric model, a model that identifies the large real estate markets around the country that possess a favorable mix of high potential rental rates coupled with relatively low purchase prices. The Chicago Metropolitan multi-family, office, and retail real estate market provides a compelling opportunity for the purchase, management, and disposition of undervalued and distressed multifamily and apartment class real estate assets. Currently, there is no other market that satisfies our criteria





Document #: 1967 Filed: 06/30/26 Page 244 of 273 PageID #:128574

CAPITAL INVESTORS FUND | 100 UNITS | CHICAGO, IL

# Additional Photos









SECTION 2

# LOCATION INFORMATION



Case: 1:18-cv-04947 Document #: 1967 Filed: 06/30/26 Page 246 of 273 PageID #:128576

CAPITAL INVESTORS FUND | CHICAGO, IL

# Location Map And Description



**LOCATION DESCRIPTION**

South Shore

# South Side Neighborhoods

### Neighborhoods



- Bronzeville
- Washington Park
- Woodlawn
- Park Manor
- Grand Crossing
- Jackson Park
- South Shore
- Kenwood
- South Chicago
- Avalon Park

SECTION 3

# FINANCIAL ANALYSIS



Case 1:18-cv-05587 Document #: 1967 Filed: 06/30/26 Page 249 of 273 PageID #:128579

CAPITAL INVESTORS FUND | 100 UNITS | CHICAGO, IL

# Sources & Uses

## Sources & Uses

| Sources | | % Of Sources | Uses | | % Of Uses |
|---|---|---|---|---|---|
| **Debt** | | | **Hard Costs** | | |
| Senior Debt | $0 | 0.00% | Purchase Price | $15,735,000 | 60.05% |
| Mezzanine Debt | $0 | 0.0% | Rehab Cost | $6,920,000 | 26.41% |
| Bridge Debt | $16,203,433 | 61.8% | Contractor Fees | $0 | 0.00% |
| **Total Debt** | **$16,203,433** | **61.84%** | **Total** | **$22,655,000** | **86.46%** |
| | | | | | |
| **Equity** | | | **Closing Costs** | | |
| | | | Legal | $97,000 | 0.37% |
| **Preferred Equity** | | | Prepaid Insurance | $79,698 | 0.30% |
| PE (0%) | $0 | 0.00% | Travel and Inspection | $16,000 | 0.06% |
| (0%) | $0 | 0.00% | Tax Proration | -$407,394 | (1.55%) |
| (0%) | $0 | 0.00% | Transfer Fees | $118,013 | 0.45% |
| **Total Preferred Equity** | **$0** | **0.0%** | Broker Fee | $352,950 | 1.35% |
| | | | Title Insurance | $22,000 | 0.08% |
| **Common Equity** | | | Miscellaneous | $76,397 | 0.29% |
| GP(0%) | $0 | 0.00% | Development Fee | $1,126,750 | 4.30% |
| LP (100%) | $10,000,000 | 38.16% | **Total Closing Costs** | **$1,481,413** | **5.65%** |
| (0%) | $0 | 0.00% | | | |
| (0%) | $0 | 0.00% | **Loan Costs & Fees** | | |
| (0%) | $0 | 0.00% | Interest Reserve | $1,123,973 | 4.29% |
| (0%) | $0 | 0.00% | Lender Origination Costs | $485,012 | 1.85% |
| (0%) | $0 | 0.00% | Loan Guarantee Fee | $68,284 | 0.26% |
| **Total Common Equity** | **$10,000,000** | **38.2%** | Loan Broker Charges | $108,750 | 0.42% |
| | | | First Month Payment | $0 | 0.00% |
| **Total Equity** | **$10,000,000** | **38.2%** | Lender Legal Costs | $45,000 | 0.17% |
| | | | Appraisal | $12,000 | 0.05% |
| | | | Survey | $6,000 | 0.02% |
| | | | Environmental | $8,000 | 0.03% |
| | | | Engineering | $10,000 | 0.04% |
| | | | **Total Loan Fees & Costs** | **$1,867,020** | **7.13%** |
| | | | | | |
| | | | **Operating Capital & Deposits** | | |
| | | | Operating Capital | $200,000 | 0.76% |
| | | | Reserves | $0 | 0.00% |
| | | | **Total OC&D** | **$200,000** | **0.76%** |
| | | | | | |
| | | | **Equity Charges** | | |
| | | | Equity Reserves | $0 | 0.00% |
| | | | Equity Fee | $0 | 0.00% |
| | | | **Total Sponsor Fees** | **$0** | **0.00%** |
| | | | | | |
| **Total Sources** | **$26,203,433** | **100.00%** | **Total Uses** | **$26,203,433** | **100.00%** |

CAPITAL INVESTORS FUND | 100 UNITS | CHICAGO, IL

# 10 Year Pro Forma

| Income | Year 1 | Year 2 | Year 3 | Year 4 | Year 5 | Year 6 | Year 7 | Year 8 | Year 9 | Year 10 |
|---|---|---|---|---|---|---|---|---|---|---|
| Year Ending | 5/31/19 | 5/31/20 | 5/31/21 | 5/31/22 | 5/31/23 | 5/31/24 | 5/31/25 | 5/31/26 | 5/31/27 | 5/31/28 |
| **Gross Potential Rent** | $2,499,927 | $3,272,930 | $3,380,945 | $3,498,774 | $3,620,794 | $3,747,158 | $3,878,021 | $4,013,549 | $4,153,909 | $4,299,279 |
| Vacancy/Loss | $(858,581) | $(163,647) | $(169,047) | $(174,939) | $(181,040) | $(187,358) | $(193,901) | $(200,677) | $(207,695) | $(214,964) |
| Gross Scheduled Rent | $1,641,346 | $3,109,284 | $3,211,898 | $3,323,836 | $3,439,755 | $3,559,800 | $3,684,120 | $3,812,871 | $3,946,214 | $4,084,315 |
| Less Uncollectables | $(82,067) | $(155,464) | $(160,595) | $(166,192) | $(171,988) | $(177,990) | $(184,206) | $(190,644) | $(197,311) | $(204,216) |
| Other Income | $26,262 | $44,050 | $45,448 | $47,061 | $48,733 | $50,465 | $52,260 | $54,120 | $56,048 | $58,045 |
| **Operating Income** | $1,585,541 | $2,997,869 | $3,096,750 | $3,204,705 | $3,316,500 | $3,432,275 | $3,552,174 | $3,676,348 | $3,804,951 | $3,938,144 |
| **Expenses** | Year 1 | Year 2 | Year 3 | Year 4 | Year 5 | Year 6 | Year 7 | Year 8 | Year 9 | Year 10 |
| Leasing Commissions | $(107,506) | $(56,991) | $(42,375) | $(43,647) | $(44,956) | $(46,305) | $(47,694) | $(49,125) | $(50,599) | $(52,117) |
| Real Estate Taxes | $(238,072) | $(245,214) | $(252,570) | $(260,147) | $(267,952) | $(275,990) | $(284,270) | $(292,798) | $(301,582) | $(310,629) |
| Insurance | $(78,208) | $(80,554) | $(82,971) | $(85,460) | $(88,024) | $(90,665) | $(93,385) | $(96,186) | $(99,072) | $(102,044) |
| Gas/Heat | $(80,195) | $(129,346) | $(133,579) | $(137,586) | $(141,714) | $(145,965) | $(150,344) | $(154,855) | $(159,500) | $(164,285) |
| Electric | $(17,375) | $(23,910) | $(24,609) | $(25,348) | $(26,108) | $(26,891) | $(27,698) | $(28,529) | $(29,385) | $(30,266) |
| Water | $(80,797) | $(130,319) | $(134,084) | $(138,107) | $(142,250) | $(146,517) | $(150,913) | $(155,440) | $(160,104) | $(164,907) |
| Trash | $(9,520) | $(16,479) | $(16,945) | $(17,453) | $(17,977) | $(18,516) | $(19,072) | $(19,644) | $(20,233) | $(20,840) |
| Snow Removal/Landscaping | $(7,783) | $(12,430) | $(12,781) | $(13,165) | $(13,560) | $(13,966) | $(14,385) | $(14,817) | $(15,261) | $(15,719) |
| Pest Control | $(14,738) | $(21,723) | $(22,337) | $(23,008) | $(23,698) | $(24,409) | $(25,141) | $(25,895) | $(26,672) | $(27,472) |
| Legal | $(14,473) | $(21,458) | $(22,064) | $(22,726) | $(23,408) | $(24,110) | $(24,833) | $(25,578) | $(26,346) | $(27,136) |
| Repairs & Maintenance | $(178,750) | $(184,113) | $(189,636) | $(195,325) | $(201,185) | $(207,220) | $(213,437) | $(219,840) | $(226,435) | $(233,228) |
| G&A | $(90,800) | $(93,524) | $(96,330) | $(99,220) | $(102,196) | $(105,262) | $(108,420) | $(111,673) | $(115,023) | $(118,473) |
| Management Fee 5% | $(79,277) | $(149,893) | $(154,838) | $(159,483) | $(164,267) | $(169,195) | $(174,271) | $(179,499) | $(184,884) | $(190,431) |
| **Operating Expenses** | $(997,493) | $(1,165,954) | $(1,185,120) | $(1,220,674) | $(1,257,294) | $(1,295,013) | $(1,333,863) | $(1,373,879) | $(1,415,095) | $(1,457,548) |
| % Operating Income | 62.91% | 38.89% | 38.27% | 38.09% | 37.91% | 37.73% | 37.55% | 37.37% | 37.19% | 37.01% |
| **Net Operating Income** | $588,048 | $1,831,916 | $1,911,630 | $1,984,031 | $2,059,206 | $2,137,262 | $2,218,311 | $2,302,469 | $2,389,856 | $2,480,596 |
| Less: Reserves | $0 | -$71,000 | -$71,000 | -$71,000 | -$71,000 | -$71,000 | -$71,000 | -$71,000 | -$71,000 | -$71,000 |
| Less: Deferred Maintenance | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| **Net Income** | $588,048 | $1,760,916 | $1,840,630 | $1,913,031 | $1,988,206 | $2,066,262 | $2,147,311 | $2,231,469 | $2,318,856 | $2,409,596 |
| Cap Rate (Purchase Price) | 3.74% | 11.19% | 11.70% | 12.16% | 12.64% | 13.13% | 13.65% | 14.18% | 14.74% | 15.31% |

Case 1:21-cv-00087 Document #: 1967 Filed: 06/30/26 Page 251 of 273 PageID #:128581

CAPITAL INVESTORS FUND | 100 UNITS | CHICAGO, IL

# Investment Summary

## Investment Summary

| | |
|---|---|
| Purchase Price | 15,735,000 |
| Exit Cap | 7.50% |
| Sale At End Of Year | 6 |
| Exit Closing Costs | 4% |
| Asset Management Fee | 1% |

**Capitalization Summary**

| | |
|---|---|
| Sponsor Equity | 0 |
| Partner Equity | 10,000,000 |
| Preferred Equity | 0 |
| Bridge Debt | 16,203,433 |
| Perm Debt | 0 |
| Total Capitalization | 26,203,433 |

**Property Cash Flow**

| | Totals | Year 0 Jun-2018 | Year 1 May-2019 | Year 2 May-2020 | Year 3 May-2021 | Year 4 May-2022 | Year 5 May-2023 | Year 6 May-2024 | Year 7 May-2025 | Year 8 May-2026 | Year 9 May-2027 | Year 10 May-2028 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Purchase Price | (15,735,000) | (15,735,000) | | | | | | | | | | |
| Closing Costs | (1,481,413) | (1,481,413) | | | | | | | | | | |
| Rehab Costs | (6,920,000) | (6,920,000) | | | | | | | | | | |
| Financing Costs | (1,867,020) | (1,867,020) | | | | | | | | | | |
| Operating Capital | 0 | (200,000) | 0 | 0 | 0 | 0 | 0 | 200,000 | | | | |
| All-In Cost | (26,003,433) | (26,203,433) | 0 | 0 | 0 | 0 | 0 | 200,000 | | | | |
| | | | | | | | | | | | | |
| **Property Investment Cash Flow** | | | | | | | | | | | | |
| Net Income | 11,475,175 | 0 | 694,441 | 1,983,528 | 2,070,792 | 2,154,269 | 2,241,007 | 2,331,137 | | | | |
| Asset Management Fee | (600,000) | 0 | (100,000) | (100,000) | (100,000) | (100,000) | (100,000) | (100,000) | | | | |
| Disposition Proceeds | 31,081,824 | | | | 0 | 0 | 0 | 31,081,824 | | | | |
| Property Level Closing Costs | (1,243,273) | | | | 0 | 0 | 0 | (1,243,273) | | | | |
| | | | | | | | | | | | | |
| **Unleveraged Cash Flow** | 14,710,293 | (26,203,433) | 594,441 | 1,883,528 | 1,970,792 | 2,054,269 | 2,141,007 | 32,269,688 | | | | |
| *Yield on All-in Cost* | | | *2.27%* | *7.19%* | *7.52%* | *7.84%* | *8.17%* | *123.15%* | | | | |

| | |
|---|---|
| IRR | 6.63% |
| Profits | 14,710,293 |
| Multiple | 4.09x |

**Property Debt**

| | Totals | Year 0 | Year 1 | Year 2 | Year 3 | Year 4 | Year 5 | Year 6 | |
|---|---|---|---|---|---|---|---|---|---|
| Bridge Loan Proceeds | 16,203,433 | 16,203,433 | 0 | 0 | 0 | 0 | 0 | 0 | |
| Repayment of Bridge Loan | (16,203,433) | 0 | (16,203,433) | 0 | 0 | 0 | 0 | 0 | |
| Perm Loan Proceeds | 34,177,619 | 0 | 22,563,493 | 0 | 11,614,126 | 0 | 0 | 0 | |
| Repayment of Perm Loan | (29,903,253) | 0 | 0 | 0 | (10,944,000) | 0 | 0 | (18,959,253) | |
| Origation/Payoff Fees Paid | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | |
| Interest Paid | (6,003,516) | 0 | (500,889) | (1,094,815) | (1,070,326) | (1,133,835) | (1,111,511) | (1,092,140) | |
| Principal Paid | (1,266,900) | 0 | 0 | 0 | (341,929) | (181,812) | (362,363) | (380,786) | |
| | | | | | | | | | |
| **Leveraged Cash Flows** | 11,714,243 | (10,000,000) | 6,453,611 | 788,714 | 1,228,664 | 738,622 | 667,133 | 11,837,498 | |
| *Cash-on Cash Yield* | | | *64.54%* | *7.89%* | *12.29%* | *7.39%* | *6.67%* | *118.37%* | |
| *DSCR* | | | *0.000* | *1.812* | *1.466* | *1.637* | *1.520* | *1.583* | |

| | |
|---|---|
| IRR | 24.66% |
| Profits | 11,714,243 |
| Multiple | 2.17x |

**Cash Flow Waterfall**

**Partner Preferred Return (8.0%)**

| | | Year 0 | Year 1 | Year 2 | Year 3 | Year 4 | Year 5 | Year 6 |
|---|---|---|---|---|---|---|---|---|
| Partner Beginning Equity Balance | | 10,000,000 | 10,000,000 | 4,346,388 | 3,905,385 | 2,989,153 | 2,489,663 | 2,021,703 |
| Partner Preferred Interest | IRR Check | | 800,000 | 347,711 | 312,431 | 239,132 | 199,173 | 161,736 |
| Partner Preferred Interest Paid | 8.00% | | (800,000) | (347,711) | (312,431) | (239,132) | (199,173) | (161,736) |
| Return Of Capital (100.0%) Of Cash After Pref | | | (5,653,611) | (441,003) | (916,233) | (499,489) | (467,960) | (2,021,703) |
| Partner Ending Equity Balance | | 10,000,000 | 4,346,388 | 3,905,385 | 2,989,153 | 2,489,663 | 2,021,703 | 0 |

| **Remaining Cash After Equity** | 0 | 0 | 0 | 0 | 0 | 0 | 9,654,059 |
|---|---|---|---|---|---|---|---|

**Hurdle 1 (8.0%)**

| | | Year 0 | Year 1 | Year 2 | Year 3 | Year 4 | Year 5 | Year 6 | | Year 9 | Year 10 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Partner Beginning Equity Balance | | 10,000,000 | 10,000,000 | 4,346,388 | 3,905,385 | 2,989,153 | 2,489,663 | 2,021,703 | | | |
| Partner Hurdle 1 Interest | IRR Check | | 800,000 | 347,711 | 312,431 | 239,132 | 199,173 | 161,736 | | | |
| Partner Preferred Interest Already Paid | 8.00% | | (6,453,611) | (788,714) | (1,228,664) | (738,622) | (667,133) | (2,183,439) | | | |
| Partner Hurdle 1 Interest Paid | | | 0 | 0 | 0 | 0 | 0 | 0 | | | |
| Partner Ending Equity Balance | | 10,000,000 | 4,346,388 | 3,905,385 | 2,989,153 | 2,489,663 | 2,021,703 | 0 | | | |
| | | | | | | | | | | | |
| Partner Profit (100%) | | | 0 | 0 | 0 | 0 | 0 | 0 | | 0 | 0 |
| Sponsor Profit (%) | | | 0 | 0 | 0 | 0 | 0 | 0 | | | |

| **Remaining Cash After Hurdle 1** | 0 | 0 | 0 | 0 | 0 | 9,654,059 |
|---|---|---|---|---|---|---|

**Hurdle 2 (8.0%)**

| | | Year 0 | Year 1 | Year 2 | Year 3 | Year 4 | Year 5 | Year 6 | | Year 9 | Year 10 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Partner Beginning Equity Balance | | 10,000,000 | 10,000,000 | 4,346,388 | 3,905,385 | 2,989,153 | 2,489,663 | 2,021,703 | | | |
| Partner Hurdle 2 Interest | IRR Check | | 800,000 | 347,711 | 312,431 | 239,132 | 199,173 | 161,736 | | | |
| Partner Preferred Interest Already Paid | 8.00% | | (6,453,611) | (788,714) | (1,228,664) | (738,622) | (667,133) | (2,183,439) | | | |
| Partner Hurdle 2 Interest Paid | | | 0 | 0 | 0 | 0 | 0 | 0 | | | |
| Partner Ending Equity Balance | | 10,000,000 | 4,346,388 | 3,905,385 | 2,989,153 | 2,489,663 | 2,021,703 | 0 | | | |
| | | | | | | | | | | | |
| Partner Profit (%) | | | 0 | 0 | 0 | 0 | 0 | 0 | | 0 | 0 |
| Sponsor Profit (100%) | | | 0 | 0 | 0 | 0 | 0 | 0 | | | |

| **Remaining Cash After Hurdle 2** | 0 | 0 | 0 | 0 | 0 | 9,654,059 |
|---|---|---|---|---|---|---|

**Partner Remaining Cash**

| | Year 1 | Year 2 | Year 3 | Year 4 | Year 5 | Year 6 |
|---|---|---|---|---|---|---|
| Partner Profit (80%) | 0 | 0 | 0 | 0 | 0 | (7,723,247) |
| Sponsor Profit (20%) | 0 | 0 | 0 | 0 | 0 | (1,930,812) |

| **Remaining Cash** | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
|---|---|---|---|---|---|---|---|

| | Totals | Jun-2018 | May-2019 | May-2020 | May-2021 | May-2022 | May-2023 | May-2024 | May-2025 | May-2026 | May-2027 | May-2028 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Partner Investment Cash Flow | 9,783,431 | (10,000,000) | 6,453,611 | 788,714 | 1,228,664 | 738,622 | 667,133 | 9,906,667 | | | | |
| *Cash On Cash Return* | | | *64.34%* | *7.89%* | *12.29%* | *7.39%* | *6.67%* | *99.07%* | | | | |

| | |
|---|---|
| IRR | 22.34% |
| Profits | 9,783,431 |
| Multiple | 1.98x |

SECTION 4
# DEMOGRAPHICS



Case: 1:18-cv-05587 Document #: 1967 Filed: 06/30/26 Page 253 of 273 PageID #:128583

CAPITAL INVESTORS FUND | 100 UNITS | CHICAGO, IL

# Demographics Map



| POPULATION | 1 MILE | 2 MILES | 3 MILES |
|---|---|---|---|
| TOTAL POPULATION | 39,859 | 145,138 | 269,645 |
| MEDIAN AGE | 33.9 | 36.4 | 36.0 |
| MEDIAN AGE (MALE) | 33.9 | 36.5 | 35.8 |
| MEDIAN AGE (FEMALE) | 33.9 | 36.3 | 36.3 |

| HOUSEHOLDS & INCOME | 1 MILE | 2 MILES | 3 MILES |
|---|---|---|---|
| TOTAL HOUSEHOLDS | 23,439 | 83,739 | 142,144 |
| # OF PERSONS PER HH | 1.7 | 1.7 | 1.9 |
| AVERAGE HH INCOME | $118,995 | $122,872 | $110,560 |
| AVERAGE HOUSE VALUE | $420,453 | $497,014 | $491,402 |

Demographic data derived from 2010 US Census

| | |
|---|---|
| **From:** | Virju Patel |
| **Sent:** | Tuesday, August 14, 2018 10:08 PM CDT |
| **To:** | Shaun Cohen; Tyler DeRoo; Shuvam Bhaumik |
| **Subject:** | Refi Details on Merrill |

Hi Tyler,

Do you have the full details on the refi happening with 6951 South Merrill you could share with us? We want to showcase the workbook you have and are using actively with the lenders etc. Thanks.

Best Regards,
Virju

--



**Virju Patel | Managing Partner**
Capital Investors LLC.
virju@capitalinvestorspa.com
capitalinvestorsPA.com
260.312.3294

This email, including attachments, is intended only for the addressee(s) indicated, and may include non-public, proprietary, confidential or legally privileged information. If you are not an intended recipient or an authorized agent of an intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained in or transmitted with this e-mail is unauthorized and strictly prohibited. If you have received this email in error, delete it and any attachments or copies immediately.

# Exhibit E

**LIMITED LIABILITY COMPANY**
**OF**
**6951 SOUTH MERRILL FUND I, LLC**

**EXHIBIT B**

| Members | Pro Rata Ownership Interest % | Capital Contributions |
|---|---|---|
| Todd Hendrickson | 5.62% | $100,000 |
| Jonathan Cheng | 25.26% | 449,479 |
| Ramniklal & Amratben Patel | 5.62% | 100,000 |
| Timothy J. Dwyer | 39.34% | 700,000 |
| JTF Investments, LLC | 2.81% | 50,000 |
| Madison Trust Company Custodian - FBO - Rajesh Hira - M1711197 | 2.25% | 40,000 |
| Madison Trust Company Custodian - FBO - Sailesh M. Hira - M1711111 | 2.25% | 40,000 |
| Madison Trust Company Custodian - FBO – Michael Walsh – M1801204 | 4.21% | 75,000 |
| Mohamed Moussa | 4.21% | 75,000 |
| Taiym Investments, LLC | 5.62% | 100,000 |
| Rob Kim | 2.81% | 50,000 |
| *Total % Stake in Entity* | 100.0% | $1,779,479 |

Timothy J. Dwyer - _____

DATE: 09/13/2018

# Exhibit F

# RESOLUTION FOR

## 6951 South Merrill Fund I, LLC

A meeting of the members of **6951 South Merrill Fund I, LLC,** a Pennsylvania limited liability company ("LLC") was held on July 24, 2018 and at the place set forth in the written waiver of notice signed by the Members, fixing such time and place, and prefixed to the minutes of this meeting. There were present at the meeting the Members of the LLC:

6951 South Merrill Fund I, LLC, a Pennsylvania limited liability company ("**LLC**")

Upon motion duly made, Virju Patel was chosen as Chairman ("Chairman") and Shuvam, Bhaumik, as secretary of the meeting.

The Chairman then stated that the Operating Agreement provide for the resolution of the matters below and proposed the affirmative vote of the following proposed resolutions are RESOLVED:

1. LLC is increasing its total capital holdings to $1,779,479.
2. LLC is setting $29,479 as the preferred interest reserve.
3. LLC is purchasing from 5001 South Drexel Blvd Fund II, LLC ("Fund") 9.16% of Fund's Class B shares for $200,000
4. Upon execution of this resolution, LLC shall share the profits and losses of LLC according to LLC's Operating Agreement.

_____

_____

6951 South Merrill Fund I, LLC
Managing Members
By: Virju Patel
By: Shuvam Bhaumik
Date:  7/23/18



# Direct Pay

## View Payment

| | |
|---|---|
| **Payment Status:** | Sent - Payment was processed based on instructions. |
| **Transaction ID:** | DP37524119 |
| **Created/Modified Details:** | PATEL, VIRJU: 07/30/18 at 08:43 Pacific Time |
| **Send On Date:** | 07/30/18 15:00 Pacific Time |
| **Pay By Date:** | 07/31/18 |
| **Frequency:** | One-Time |
| **Total Payment Amount:** | $200,000.00 |
| **Funding Account:** | XXXXXX5803 |
| **Description:** | Transfer to EB FBO 5001 S Drexel for Ownership |

**Pay Group - EB (Business)**

| Pay To | Amount | Remittance Information | Status |
|---|---|---|---|
| Equity Build Inc | $200,000.00 | FBO 5001 South Drexel Blvd Chicago IL | Sent |

Back

🏠 **Equal Housing Lender**

© 1995 - 2018 Wells Fargo. All rights reserved.

**Details for Payee - Equity Build Inc**                                        Close

| | |
|---|---|
| **Payment Status:** | Sent - Payment to payee was processed as scheduled |
| **Transaction ID:** | DP38844809 |
| **Pay Group:** | BUSINESS MASTER LIST(1 payee) |
| **Funding Account:** | XXXXXX0239 |
| **Payee Account:** | XXXXXX4649 |
| **Account Type:** | Business Checking |
| **Payee Amount:** | $75,000.00 |
| **Send On Date:** | 08/17/18 |
| **Pay By Date:** | 08/20/18 |
| **Frequency:** | One-Time |
| **Description:** | FBO 5001 S DREXEL INVESTMENT |

**Details for Payee - Equity Build Inc**                                        Close

# Exhibit G

**ACTION OF MEMBERS OF SOUTH SIDE DEVELOPMENT FUND 3 LLC**

The undersigned being all members of **SOUTH SIDE DEVELOPMENT FUND 3 LLC** (hereinafter referred to as 'LLC") and was 1414 E 62nd Pl, Chicago, IL 60637   on the  18th day of September 2017. The members  being present were:

**MEMBERS/MEMBERS**                                          **PERCENTAGE**

 JEROME H. COHEN                                                          89.2214%

Upon motion duly made, Jerome H. Cohen was chosen as chairman and secretary of the meeting.

Notice of meeting was waived by all members.

Upon motion duly made by Jerome H. Cohen, the following proposed resolutions were made and after discussion, a vote on the proposal was taken with the following results:

1) Jerome H. Cohen has opted to sell his partial membership units of  LLC, totaling 3.4017% to Michael Terrada ("Michael").
2) Jerome H. Cohen agrees that he has adhered to all of procedural requirements for sale of a LLC membership units identified in the LLC agreement.
3) Jerome H. Cohen waives and release any and all claims as to the procedural requirement for Jerome H. Cohen to sell his partial membership units in the LLC.
4) Michael shall pay for the cost of the membership units of 3.4017% of LLC for the amount of  $60,194.
5) Upon purchase of such LLC membership units, Michael shall be a member of the LLC, with a 3.4017% ownership of the LLC and Jerome H. Cohen shall own 85.8197% of the membership units of LLC.
6) Upon purchase of such LLC membership units, Michael and Jerome H. Cohen will be members of the LLC.
7) Jerome H. Cohen and Michael shall share the profits and losses of LLC according to the percentage of ownership.
8)  Jerome H. Cohen shall be solely responsible for any and all expenses of LLC through the date that this Resolution is executed, unless otherwise specified herein.
9)  Jerome H. Cohen  shall be solely responsible for any and all other legal and financial liabilities which arose prior to the date of the execution of this Resolution.
10)  Jerome H. Cohen shall hold harmless and indemnify Michael for any and all third party claims, legal and financial which arose prior to the date of the execution of this Resolution.
11) Jerome H. Cohen has no claims as to the LLC.
12) Jerome H. Cohen attests and affirms that all amounts due and owing from the LLC has been paid by the LLC.
13) Jerome H. Cohen attests and affirms that all amounts due and owing from the any members has been paid by the LLC or by the members.

_____
Secretary of Meeting

1

2

APPROVED:

_____                    _____
 JEROME H. COHEN                             MICHAEL TERADA

# Exhibit H

 Gmail

**Jodi Wine <jwine@rdaplaw.net>**

## Re: Claim No. 940-551; SSDF3 -- SEC v. EquityBuild, Inc.
1 message

**Michael** <crosswalkproperties@comcast.net>            Mon, Apr 20, 2026 at 12:06 AM
To: Jodi Wine <jwine@rdaplaw.net>
Cc: EquityBuildClaims RDAPK <equitybuildclaims@rdaplaw.net>

Dear Jodi,

Thank you for your follow-up.

Unfortunately, our records were impacted by the Marshall Fire, and the events in question occurred well before the Receivership commenced. As a result, we have been unable to locate documentation or other evidence to substantiate our claim.

To the best of my knowledge, the most recent executed document pertains to a partial ownership interest in a basket of properties, in which Lyanne held a percentage ownership proportional to her investment and that amount was documented in it. This document should have been recorded. If you have access to that record, it represents the entirety of the supporting documentation currently available to us. I do not know the approximate date or the type of document.

Please let me know if you require any additional information, and I will do my best to assist.

Sincerely,
Michael Terada

> On Apr 10, 2026, at 10:30 AM, Jodi Wine <jwine@rdaplaw.net> wrote:
>
> Mr. Terada:
>
> The Proof of Claim form approved by the Court made clear that "[t]o be eligible for any distribution, you MUST … Submit documentation or other evidence to the Receiver to substantiate the basis for all amounts that you believe are due and owing to you by any of the Receivership Defendants." (POC Notice, p.2) It further stated that the "failure to submit supporting documentation may result in your claim being rejected or reduced" and that "Claims lacking sufficient supporting documentation may be disallowed."  (POC Form, p.1 & Section 9)
>
> You have not provided records substantiating the funds transferred to EquityBuild which form the basis for your claim 940-551, despite being given multiple opportunities to do so over the last several months. Accordingly, the Receiver is likely to recommend no distribution for claim 940-551 in his final distribution plan for Group 10 claims, which he is in the process of finalizing.
>
> Sincerely,
>
>
> Jodi Rosen Wine
> RACHLIS DUFF & PEEL, LLC
> 542 South Dearborn Street, Suite 900
> Chicago, Illinois 60605
> Mobile: 312-351-3231
> Direct: 312-275-5108
> jwine@rdaplaw.net

On Thu, Feb 26, 2026 at 9:57 AM Jodi Wine <jwine@rdaplaw.net> wrote:

> Mr. Terada:
>
> If you would like to discuss your claim 940-551, please provide a phone number and some times that you are available to talk. Best for me is morning or later in the afternoon. Without additional information, the Receiver will not be able to recommend that this claim is eligible for a potential distribution in claims Group 10.
>
> Thank you,
>
> Jodi Rosen Wine
> RACHLIS DUFF & PEEL, LLC
> 542 South Dearborn Street, Suite 900
> Chicago, Illinois 60605
> Mobile: 312-351-3231
> Direct: 312-275-5108
> jwine@rdaplaw.net

> On Thu, Feb 26, 2026 at 9:44 AM <equitybuildclaims@rdaplaw.net> wrote:
>
>> Mr. Terada,
>>
>> One of the Receiver's counsel, Ms. Wine (copied on this email), would like to set up a call with you to discuss your claim. She'll communicate with you directly.
>>
>> Receivership Estate of EquityBuild, Inc., et al.
>> c/o Rachlis Duff & Peel, LLC
>> 542 S. Dearborn St., Suite 900
>> Chicago, IL 60605
>> 312-733-3950  main
>> 312-733-3952  fax
>> equitybuildclaims@rdaplaw.net
>>
>> RACHLIS DUFF & PEEL, LLC E-MAIL CONFIDENTIAL NOTICE
>> This transmission may be: (1) subject to the Attorney-Client Privilege, (2) an attorney work product, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this information. If you have received this in error, please reply and notify the sender (only) and delete the message. Unauthorized interception of this e-mail is a violation of federal criminal law.
>>
>> ---
>>
>> **From:** equitybuildclaims@rdaplaw.net <equitybuildclaims@rdaplaw.net>
>> **Sent:** Tuesday, February 3, 2026 8:09 AM
>> **To:** 'Michael' <crosswalkproperties@comcast.net>
>> **Subject:** RE: Claim No. 940-551; SSDF3 -- SEC v. EquityBuild, Inc.

Mr. Terada,


Please submit this information promptly. Thank you.




Receivership Estate of EquityBuild, Inc., et al.
c/o Rachlis Duff & Peel, LLC
542 S. Dearborn St., Suite 900
Chicago, IL 60605
312-733-3950  main
312-733-3952  fax
equitybuildclaims@rdaplaw.net

RACHLIS DUFF & PEEL, LLC E-MAIL CONFIDENTIAL NOTICE
This transmission may be: (1) subject to the Attorney-Client Privilege, (2) an attorney work product, or (3) strictly confidential.  If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this information.  If you have received this in error, please reply and notify the sender (only) and delete the message. Unauthorized interception of this e-mail is a violation of federal criminal law.

---

**From:** Michael <crosswalkproperties@comcast.net>
**Sent:** Thursday, January 29, 2026 10:31 PM
**To:** EquityBuildClaims <equitybuildclaims@rdaplaw.net>
**Subject:** Re: Claim No. 940-551; SSDF3 -- SEC v. EquityBuild, Inc.


Hi,


I was out of town when this email was sent and I only now have seen this. Is there still time to try to find this information and submit it? Basically money was used to purchase and then additional money was added to the "investment" and that amount was transferred to the new group of assets that Lyanne became a percentage owner (that amount should be shown in the document). A lot of the records were lost because they were done via email and over time they were lost. Even my claim should have been more but I could not prove that Equity Build did not distribute the money to me for the monthly payments, because they stopped and was "building equity" but your records show that it was still being distributed to me. If there is still time, I might be able to get bank statements but I don't know if those are kept that long.



Thanks,

Michael

On Jun 12, 2025, at 10:04 AM, equitybuildclaims@rdaplaw.net wrote:


Mr. and Mrs. Terada,


Attached please find correspondence from the Receiver.


Receivership Estate of EquityBuild, Inc., et al.
c/o Rachlis Duff & Peel, LLC
542 S. Dearborn St., Suite 900
Chicago, IL 60605
312-733-3950  main
312-733-3952  fax
equitybuildclaims@rdaplaw.net

RACHLIS DUFF & PEEL, LLC E-MAIL CONFIDENTIAL NOTICE
This transmission may be: (1) subject to the Attorney-Client Privilege, (2) an attorney
work product, or (3) strictly confidential.  If you are not the intended recipient of this
message, you may not disclose, print, copy or disseminate this information.  If you
have received this in error, please reply and notify the sender (only) and delete the
message. Unauthorized interception of this e-mail is a violation of federal criminal law.


<250612 Letter to M&L Terada.pdf>

# EquityBuild, Inc.
# EquityBuild Finance, LLC
## *In Receivership*

Kevin B. Duff, Receiver
equitybuildreceiver@rdaplaw.net
equitybuildclaims@rdaplaw.net
(312) 733-3950

c/o Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, Illinois 60605

June 12, 2025

**Via E-Mail:**
Michael and Lyanne Terada
790 Trail Ridge Dr
Louisville, CO 80027
crosswalkproperties@comcast.net

> **Re:** ***U.S. Securities and Exchange Commission v. EquityBuild, Inc., EquityBuild Finance, LLC, Jerome H. Cohen, and Shaun D. Cohen,*** **Case No. 18-cv-5587**
>
> **Claim No. 940-551; South Side Development Fund 3 LLC ("SSDF3")**

Mr. and Mrs. Terada,

We write in regards to your claim 940-551 submitted in *SEC v. EquityBuild, Inc.*, 18 CV 5587 (N.D. Illinois). The Receiver is working on a distribution plan for the unsecured claims in Group 10, and looking to determine if there is additional information available regarding this claim.

Our understanding with respect to this claim is that EquityBuild gave you an equity investment in SSDF3 after you relinquished your ownership interest in 1401 W 109th. Please let us know if this understanding is not correct.

We have not located records substantiating the amount of money, if any, you gave to EquityBuild for the interest in 1401 W 109th, and what distributions you may have received from that investment, either before or at the time your interest in 1401 W 109th was relinquished. In addition, along with your Proof of Claim Form you did not submit any records to substantiate the amount of money, if any, you gave to EquityBuild for an interest in 1401 W 109th, and what distributions you may have received from that investment. As a result, without more, the Receiver may conclude that you have not shown that you contributed any money to EquityBuild for an interest in SSDF3.

June 12, 2025
Page 2 of 2

  If you have records that show the amount(s) you paid for this investment, and the amount(s) you received from EquityBuild, please provide them.  Because such records were not submitted with your proof of claim, we will be unable to approve a distribution without further information about your loss.

  Please note that any information you provide us must be consistent with Section 10(d) in the Proof of Claim Form you previously submitted. For your reference, here is a link to the Proof of Claim Form: https://www.rdaplaw.net/wp-content/uploads/sites/1103921/2024/06/Notice-and-EquityBuild-Claim-Form-Dec-31-Deadline.pdf.

  If you have any questions or need any further information, you may contact my counsel Jodi Rosen Wine at jwine@rdaplaw.net, 312-275-5108.

Very truly yours,

Kevin B. Duff, Receiver