**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, ) ) ) | |
| Plaintiff, ) | Civil Action No. 18-cv-5587 |
| ) | |
| v. ) | Judge Manish S. Shah |
| ) | |
| EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN, ) ) ) | Magistrate Judge Young B. Kim |
| ) | |
| Defendants. ) ) | |

**ORDER APPROVING PROCEDURE**
**FOR GROUP 10 DISTRIBUTION PLAN**

WHEREAS, this matter comes before the Court on Receiver's Motion to Approve Group 10 Distribution Plan (Dkt. 1967).

WHEREAS, the Receiver has asked the Court to adopt this procedure to address instances where a claimant does not agree with the Receiver's recommended determination of the claimant's Group 10 claim, or objects to claim priority or the distribution methodology.

WHEREAS, the Receiver has recommended a procedure which allows the Receiver to (1) correct errors that do not require the Court's resources, (2) address any disputed matters in a fair and efficient manner, and (3) present any unresolved objections to the Court in an organized and, if appropriate, consolidated manner, which will be efficient and, to the extent possible, avoid the Court's receipt of objections on a piecemeal basis. The procedure also provides each claimant with notice and an opportunity to be heard in accordance with applicable due process concerns.

NOW, THEREFORE, the Court, having considered the Motion and the record of this receivership case and being otherwise duly advised in the premises, hereby finds and ORDERS:

(a) Within two (2) business days after the date of this Order, the Receiver will: (i) post the Order on the Receivership website, https://rdaplaw.net/equitybuild-receivership/; and (ii) send each claimant at the email address provided on the Proof of Claim Form (or as updated in accordance with express written instructions by claimants) an email attaching the Order and setting forth the procedure for objecting to the Receiver's plan of distribution.

(b) Any claimant with an objection to the Receiver's plan of distribution must serve **the Receiver** with a written objection no later than twenty-one (21) days after the date of the Receiver's email advising the claimant of the order approving the Proposed Objection Procedure. All objections must be served on the Receiver either by email at equitybuildclaims@rdaplaw.net, or by overnight mail or courier to Kevin B. Duff, Receiver, c/o Rachlis Duff & Peel, LLC, **216 W. Jackson Blvd., Suite 975, Chicago, IL 60606**, and should **not** be filed with the Court. Such objections shall clearly state the nature and basis of the objection, and provide all supporting statements and documentation the claimant wishes the Receiver and the Court to consider. **While claimants are encouraged to send any objections by email, all claimants should note that the Receiver has a new office address, which is identified above.**

(c) Failure to properly and timely serve an objection to the plan of distribution shall permanently waive the claimant's right to object to or contest the Receiver's claim determination, claim priority, and plan of distribution and the final claim amount shall be set as the amount approved by the Court.

(d) Within three (3) business days of the date by which objections must be served on the Receiver, the Receiver will file a short status report with the Court setting forth the number and nature of the objections that have been received.

(e) A status hearing date is currently set for July 29, 2026 at 10:30 AM. Should it become necessary to reschedule that hearing or to set another status hearing date regarding the Receiver's status report on objections to the Receiver's plan of distribution, the Court will do so.

(f) If a claimant timely serves an objection, the Receiver will notify the objecting claimant of his determination regarding the pertinent objection, and the bases therefore, no later than twenty-eight (28) days after the end of the objection period (the "Notification"). The claimant will then have seven (7) days from the date of the Notification to serve the Receiver with a written response to the Notification which must clearly state whether the claimant maintains the objection or accepts the Receiver's further determination of the claim as set forth in the Notification. Failure to properly and timely serve this written response will be deemed as an acceptance of the Receiver's determination as set forth in the Notification.

(g) Although each objecting claimant previously submitted to this Court's jurisdiction by filing a claim with the Receiver, by serving an objection the objecting claimant shall be deemed to have confirmed submission to the exclusive jurisdiction of this Court. A person serving an objection to the Receiver's claim determination, claim priority, or plan of distribution, shall be entitled to notice, but only as it relates to adjudication of the particular objection and the claim to which the objection is directed.

(h) The Receiver may attempt to settle and compromise any claim or objection subject to the Court's final approval, and at such times as the Receiver deems appropriate, he will file with the Court any settlements or compromises that the Receiver wishes the Court to rule upon.

(i) If the Receiver and an objecting claimant are unable to resolve an objection, then no later than twenty-eight (28) days from the due date of the claimants' written responses to the Receiver's Notification, the Receiver will file with the Court: (1) all unresolved objections, with supporting statements and documentation, as served on the Receiver by claimants; and (2) the Receiver's recommendations regarding the claims and objections, with any supporting documents or statements.

(j) The Court may make a final determination based on the submissions identified in the previous paragraph or may set the matter for hearing and, following the hearing, make a final determination. The claimant shall have the burden of proof. The Receiver will provide notice of such hearing as provided in paragraph (a) above.

Entered:

Manish S. Shah
United States District Court Judge

Date: July 1, 2026