**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** | ) ) ) ) | |
| Plaintiff, | ) ) | **Civil Action No. 18-cv-5587** |
| v. | ) ) | **Hon. Manish S. Shah** |
| **EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,** | ) ) ) ) | **Magistrate Judge Young B. Kim** |
| Defendants. | ) ) | |

**RECEIVER'S THIRTY-SECOND STATUS REPORT**
(Second Quarter 2026)

Kevin B. Duff, as receiver ("Receiver") for the Estate of Defendants EquityBuild, Inc.,

EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Defendants Jerome Cohen

and Shaun Cohen (collectively, the "Receivership Defendants"), and pursuant to the powers vested

in him by Order of this Court, respectfully submits this Thirty-Second Status Report for the quarter

ending June 30, 2026.

## I.  CREDITORS AND CLAIMS AGAINST THE RECEIVERSHIP ESTATE

A. <u>Claims Process with Respect to Claims Secured by Properties</u>

The claims process relating to secured interests in the liquidated real estate (Groups 1-9) is

now complete and all distribution checks were sent out and have been negotiated.

B.  <u>Claims Process and Proposed Distribution Plan for Unsecured Claims (Group 10)</u>

Group 10 will address all remaining unsecured claims.  These include claims asserting an

interest in equity funds or unsecured promissory notes, previously secured claims that were rolled

to unsecured investments, trade creditors and other non-lender creditors, as well as secured claims

that were not completely satisfied in claim Groups 1-9 (and have not been waived and/or compromised). Through the Receiver's efforts to bring funds into the Estate from various sources, the Receiver estimates that there will be approximately $19.75 million of unencumbered funds to distribute to eligible claimants in Group 10 of the claims process.

During the quarter, the Receiver and his team completed the review and analysis of the thorniest unsecured claims, and in certain situations worked with claimants to obtain additional information needed to make a determination and recommendation. The Receiver then finished preparing a thorough narrative and detailed distribution spreadsheet showing each claimant whether the Receiver recommends to the Court that they receive a distribution in Group 10, and in what amount, if any. This proposed distribution plan was filed on June 30, 2026 (Dkt. 1967).

As shown in the Receiver's proposed distribution plan (Dkt. 1967), the Receiver is recommending the use of a "rising tide" methodology, whereby the Court looks at (i) the money each claimant provided to EquityBuild, and (ii) how much, if anything, each claimant has already recovered, either from distributions from EquityBuild or a third party, or as a result of the claims process in Groups 1-9 of this Receivership. To evaluate each claimant's net loss, the Receiver grouped related claims into "Claim Sets" for claimants sharing a common beneficial interest. Because certain Claim Sets that were considered in Group 10 already received more than the rising tide line, and because the Receiver has recommended that other Claim Sets be excluded or subordinated, not all Claim Sets considered in Group 10 have been recommended to receive a Group 10 distribution. However, if the Receiver's proposed distribution plan is approved by the Court, 71% percent of all eligible and non-subordinated Claim Sets will receive a Group 10 distribution, and a full 98% percent of these claimants will receive distribution(s) from this Receivership in Groups 1-10. And even including those claims that the Receiver has

recommended be excluded or subordinated, 95% of all Claim Sets would receive a distribution from the Receivership if the Receiver's plan is approved.

On July 1, 2026, the Court entered an Order Approving Procedure for Group 10 Distribution Plan (Dkt. 1969), setting a July 22, 2026 deadline for objections to the proposed plan, and a further schedule for the resolution of those objections. On July 27, 2026, the Receiver filed a status report regarding the number and nature of the objections that were submitted to the Receiver. (Dkt. 1971) The Receiver is considering each of these objections and will notify those claimants of his determination with respect to the objection on or before August 19, 2026. If the objections are not resolved to claimants' satisfaction, they will be submitted to the Court no later than September 23, 2026, and thereafter the Court will make the final determination regarding those specific objections and the distribution plan as a whole.

* * *

The Receiver has consistently reminded claimants that they may want to consider whether to hire counsel to assist them with the claims process and that the Receiver and his counsel cannot provide legal advice to any claimant, nor can the Receiver advise claimants regarding whether or not they should retain counsel. (*See, e.g.,* Dkt. 1956 at 3-4)

**All claimants have a continuing responsibility to ensure that the Receiver at all times has current and up-to-date contact information** so that the Receiver may provide important information relating to the claims process, the claimant's claims, or the Receivership Estate, as well as mail distribution checks for approved claims. **Claimants who fail to provide up to date contact information to the Receiver risk not receiving distributions that may be sent to them.** Additionally, any claimants who have closed their retirement accounts and transferred their interests to a different IRA or 401k custodian, or to themselves individually, should notify the

3

Receiver and provide documentation of the transfer or distribution from their former custodian. Communications to the Receiver with respect to claims and distribution issued should be sent to equitybuildclaims@rdaplaw.net.

## II.    ADDITIONAL OPERATIONS OF THE RECEIVER

### A.  Identification, Preservation, and Recovery of Assets

During the Second Quarter 2026, the Receiver continued efforts to identify, preserve, and recover assets.  To this end, the Receiver consulted with the SEC with respect to the last remaining asset that could potentially be brought into the estate for the benefit of claimants.

### B.  Financial Reporting of Receipts and Expenditures

The Receiver only needed to devote a minimal amount of work during the quarter to financial reporting.

### C.  Open Litigation

During the quarter, Shaun Cohen, who had been considered a fugitive, was extradited to the United States following his January 2026 arrest in the United Kingdom on felony charges relating to his activities in the EquityBuild Ponzi scheme giving rise to this Receivership.  Shaun Cohen was arraigned in the recently unsealed criminal matter *USA v. Cohen*, Case 22-cr-00006-1 (N.D. Ill.); he has been released on bond.

The Receiver is currently aware of only one remaining action in which an EquityBuild entity is a named defendant, *Equity Trust Co. Custodian FBO Joseph Kennedy IRA v. EquityBuild Inc., et al.*, Case No. 2022 CH 02709. This foreclosure action on 107-11 N. Laramie was filed March 25, 2022 pursuant to this Court's Order partially lifting the stay of litigation. (Dkt. 1176) On January 12, 2026, plaintiffs moved for leave to file a Second Amended Complaint which removes any claim for a deficiency judgment against EquityBuild, leaving it a nominal defendant in the foreclosure action.  On January 21, 2026, however, the circuit court entered an order

dismissing the action for want of prosecution. A motion to vacate that order, which was filed on January 26, 2026, was presented to the circuit court on July 15, 2026, at which time that court entered and continued the motion to August 26, 2026, giving plaintiffs until August 14, 2026 to amend or supplement their motion to vacate.

During the quarter, the Receiver reached a settlement with the City of Chicago to resolve all outstanding claims and disputes relating to EquityBuild properties, liens, and other matters asserted by the City with respect to the Receivership Estate. On June 10, 2026, the Receiver filed a Motion to Approve Settlement with the City of Chicago (Dkt. 1961), which the Court granted on June 25, 2026 (Dkt. 1964), and a $4,000 settlement check was delivered to the City on June 30, 2026. The Receiver has confirmed that the City released its liens recorded against several of the properties that the Receiver liquidated in this action.

D. Claimant Communications

Information about the Receivership can be found at the following webpage: (https://rdaplaw.net/equitybuild-receivership/. A copy of this Status Report will be posted on the Receivership web site. Court filings and orders are also available through PACER, which is the Court's electronic filing system. Those seeking court filings and orders can visit www.ilnd.uscourts.gov for information about accessing filings through PACER.

The Receiver continues to keep claimants informed regarding major occurrences in the Receivership through regular email communications. The Receiver also receives and responds to numerous emails and voicemails from claimants and their representatives. The Receiver and his staff responded in writing to approximately 75 such inquiries during the Second Quarter 2026, in addition to conducting a number of oral communications. The Receiver will continue to work to ensure that information is available and/or otherwise provided as quickly and completely as

practicable, asks all stakeholders and interested parties for patience during this lengthy process, and reiterates that responding to individual inquiries depletes Receivership assets. These quarterly status reports and the Receiver's other court filings remain the most efficient means of communicating information regarding the activities of the Receivership Estate.

E. Control of Receivership Property and Records

The Receiver has continued efforts to preserve all EquityBuild property and records. The Receiver continues to undertake efforts to maintain, preserve, and utilize EquityBuild's internal documents during the pendency of this matter. The Receiver plans to terminate services relating to EquityBuild's records in the coming months.

F. Factual Investigation

The Receiver and his retained professionals have continued to review and analyze claimants' proof of claim submissions and other supporting materials obtained from claimants pursuant to informal discovery conducted by the Receiver, as well as other EquityBuild documents and information relating to Group 10 claims and preparation of a distribution plan.

G. Tax Issues

The Receiver is giving attention to actual and potential tax issues relating to the termination of the Receivership that could impact the final Group 10 distributions.

During the Second Quarter 2026, the Receiver's tax administrator, Miller Kaplan, assisted with certain additional tax and compliance issues relating to property distributions, related follow-up with claimants, tax reporting, and estimated tax filings and withholdings.

The Receiver has informed investors that he cannot provide advice on tax matters. Moreover, the Receiver and his retained professionals do not plan to issue Forms 1099-INT or other tax forms to investors. However, Forms 1099-R may or have been issued to investors who

previously held investments through closed retirement accounts and as a result received distributions directly. With respect to valuation, loss, or other tax issues, investors and their tax advisors may wish to seek independent tax advice and to consider IRS Rev. Proc. 2009-20 and IRS Rev. Rul. 2009-9.

    H.  Accounts Established by the Receiver for the Benefit of the Receivership Estate

The Receiver had previously established custodial accounts at a federally insured financial institution to hold all cash proceeds from the sale of the Receivership properties. With all amounts in those accounts now having been distributed, all of those accounts have been closed. The Receiver continues to maintain an account relating to the administration of this Receivership, which holds all remaining Receivership funds.

Attached as **Exhibit 1** is a schedule reflecting the balance of funds in the property-specific accounts that remained as of June 30, 2026, with a description of any changes to the account balance during the quarter.

## III.    RECEIVER'S FUND ACCOUNTING

The Receiver's Standardized Fund Accounting Report ("SFAR") for the Second Quarter 2026 is attached hereto as **Exhibit 2**. The SFAR discloses the funds received and disbursed from the Receivership Estate during this reporting period. As reported in the SFAR, cash on hand as of June 30, 2026 equaled $20,343,117.51. The information reflected in the SFAR is based on records and information currently available to the Receiver. The Receiver and his advisors are continuing with their evaluation and analysis.

## IV.    RECEIVER'S SCHEDULE OF RECEIPTS AND DISBURSEMENTS

The Receiver's Schedule of Receipts and Disbursements ("Schedule") for the Second Quarter 2026 is attached hereto as **Exhibit 3**. This Schedule reflects $189,793.00 in total receipts

and $76,825.52 in total disbursements to and from the Receiver's (non-property) account during the quarter.

## V. RECEIVERSHIP PROPERTY

All known Receivership Property is identified and described in the Master Asset List attached hereto as **Exhibit 4**. The Master Asset List identifies funds in the Receiver's account in the amount of $20,343,117.51, and an additional real estate asset that may potentially be recovered for the receivership estate. The Master Asset List does not include funds received or recovered after June 30, 2026.

Additionally, the balances as of June 30, 2026 and activity during the quarter for the property-specific interest-bearing accounts established to hold the proceeds from sold real estate are reflected in Exhibit 1. All outstanding distribution checks for these accounts have now been cashed, the residual interest transferred, and the last two of these accounts have been closed.

## VI. LIQUIDATED AND UNLIQUIDATED CLAIMS HELD BY THE RECEIVERSHIP ESTATE

The Receiver is evaluating whether there are any remaining liquidated and/or unliquidated claims to be pursued prior to termination of this receivership. During the quarter, the Receiver spent a minimal amount of time on such matters. As the Receiver approaches the presentation of a final distribution associated with Group 10, any remaining liquidated and/or unliquidated claims will be addressed.

## VII. PROFESSIONAL FEES AND EXPENSES

During the quarter, the Receiver prepared and submitted his 31st Fee Application (Dkt. 1957), to which no objections were filed. On May 27, 2026, the Court granted the Receiver's 31st Fee Application, imposing a 20% holdback on all fees. (Dkt. 1960)

## VIII.  CONCLUSION

At this time, the Receiver recommends the continuation of the Receivership for at least the following reasons:

1.      The continued investigation, analysis, and recommendations regarding the claims against the Receivership Estate;

2.      The continued investigation, analysis, and potential recovery of assets for the Estate;

3.      The continued analysis and formulation, in consultation with the SEC and the Court, of a just and fair distribution plan for the creditors of the Receivership Estate; and

4.      The discharge of any other legal and/or appointed duties of the Receiver as identified in the August 17, 2018 Order Appointing Receiver, or as the Court deems necessary.

Dated:  July 28, 2026

Respectfully submitted,

Kevin B. Duff, Receiver

By:      /s/ Michael Rachlis
Michael Rachlis (mrachlis@rdaplaw.net)
Jodi Rosen Wine (jwine@rdaplaw.net)
Rachlis Duff & Peel, LLC
216 W. Jackson Blvd., Suite 975
Chicago, IL 60606
Phone (312) 733-3950

*Attorneys for Kevin B. Duff, Receiver*

9

**CERTIFICATE OF SERVICE**

I hereby certify that I provided service of the foregoing Receiver's Thirty-Second Status Report, via ECF filing, to all counsel of record on July 28, 2026.

I further certify that I caused true and correct copies of the foregoing to be served by electronic mail to all known individuals or entities that submitted a proof of claim in this action (sent to the e-mail address each claimant provided on the claim form or subsequently updated).

I further certify that the Receiver's Thirty-Second Status Report will be posted to the Receivership webpage at: https://rdaplaw.net/equitybuild-receivership/

/s/ Michael Rachlis

Michael Rachlis
Rachlis Duff & Peel, LLC
216 W. Jackson Blvd., Suite 975
Chicago, IL 60606
Phone (312) 733-3950
Fax (312) 733-3952
mrachlis@rdaplaw.net

10

# Exhibit 1

*SEC v. EquityBuild, Inc., et al.*
No. 18-cv-5587
Balances of Funds in Property Specific Accounts as of June 30, 2026

| Account Number | Account Name | Property Number | Account Balance as of 6/30/26 (including June 2026 interest posted July 1, 2026) | Date of Settlement | Date of Distribution | Reason for Change (if any) 4/1/26 - 6/30/26 |
|---|---|---|---|---|---|---|
| 0371 | 5450 S. Indiana | 4 | $10,400.35 | 6/25/2020 | 3/6/2026 | Interest earned, $861.07; fee charged by claimant's receiving bank for check disbursement ($35.00) |
| 0231 | 7749-59 S. Yates | 5 | $0.00 | 4/22/2020 | 3/6/2026 | Interest earned, $300.13; transfer residual balance and interest to Receiver's account per 2/19/26 Order (Dkt 1954), ($3,295.27); account closed |
| | TOTAL FUNDS HELD: | | $10,400.35 | | | |

1

# Exhibit 2

STANDARDIZED FUND ACCOUNTING REPORT for EQUITYBUILD, INC., et al. - Cash Basis
Receivership; Civil Court Docket No. 18-cv-05587
Reporting Period 4/1/2026 to 6/30/2026

| Fund Accounting (See Instructions): | | Detail | Subtotal | Grand Total |
|---|---|---|---|---|
| Line 1 | Beginning Balance (As of 4/1/2026): | $20,230,150.03 | | $20,230,150.03 |
| | *Increases in Fund Balance:* | | | |
| Line 2 | Business Income | | | |
| Line 3 | Cash and unliquidated assets | | | |
| Line 4 | Interest/Dividend Income | $186,298.67 | | |
| Line 5 | Business Asset Liquidation | | | |
| Line 6 | Personal Asset Liquidation | | | |
| Line 7 | Net Income from Properties | | | |
| Line 8 | Miscellaneous - Other[1] | $3,494.33 | | |
| | Total Funds Available (Line 1-8): | | | $20,419,943.03 |
| | *Decrease in Fund Balance:* | | | |
| Line 9 | Disbursements to Investors | | | |
| Line 10 | Disbursements for receivership operations | | | |
| Line 10a | Disbursements to receiver or Other Professionals[2] | ($72,825.52) | | |
| Line 10b | Business Asset Expenses | | | |
| Line 10c | Personal Asset Expenses | | | |
| Line 10d | Investment Expenses | | | |
| Line 10e | Third-Party Litigation Expenses[3] | ($4,000.00) | | |
| | 1. Attorney Fees | | | |
| | 2. Litigation Expenses | | | |
| | Total Third-Party Litigation Expenses | | $0.00 | |
| Line 10f | Tax Administrator Fees and Bonds | | | |
| Line 10g | Federal and State Tax Payments | | | |
| | Total Disbursements for Receivership Operations | | ($76,825.52) | |
| Line 11 | Disbursements for Distribution Expenses Paid by the Fund: | | | |
| Line 11a | Distribution Plan Development Expenses: | | | |
| | 1. Fees: | | | |
| | Fund Administrator……………………………………………………. | | | |
| | Independent Distribution Consultant (IDC)………………… | | | |
| | Distribution Agent……………………………………………………… | | | |
| | Consultants……………………………………………………………………. | | | |
| | Legal Advisers…………………………………………………………………. | | | |
| | Tax Advisers…………………………………………………………………. | | | |
| | 2. Administrative Expenses | | | |
| | 3. Miscellaneous | | | |
| | Total Plan Development Expenses | | $0.00 | |
| Line 11b | Distribution Plan Implementation Expenses: | | | |
| | 1. Fees: | | | |
| | Fund Administrator……………………………………………………… | | | |
| | IDC………………………………………………………………………………… | | | |

STANDARDIZED FUND ACCOUNTING REPORT for EQUITYBUILD, INC., et al. - Cash Basis
Receivership; Civil Court Docket No. 18-cv-05587
Reporting Period 4/1/2026 to 6/30/2026

|  |  |  |  |  |
|---|---|---|---|---|
| | Distribution Agent………………………………………..…………… | | | |
| | Consultants………………………………………………………………. | | | |
| | Legal Advisers………………………………………………………….. | | | |
| | Tax Advisers……………………………………………………………….. | | | |
| | 2. Administrative Expenses | | | |
| | 3. Investor identification | | | |
| | Notice/Publishing Approved Plan…………………………………. | | | |
| | Claimant Identification………………………………………………… | | | |
| | Claims Processing……………………………………………………….. | | | |
| | Web Site Maintenance/Call Center………………………………. | | | |
| | 4. Fund Adminstrator Bond | | | |
| | 5. Miscellaneous | | | |
| | 6. Federal Account for Investor Restitution | | | |
| | (FAIR) reporting Expenses | | | |
| | Total Plan Implementation Expenses | | | |
| | Total Disbursement for Distribution Expenses Paid by the Fund | $0.00 | | |
| **Line 12** | **Disbursement to Court/Other:** | | | |
| Line 12a | *Investment Expenses/Court Registry Investment System (CRIS) Fees* | | | |
| Line 12b | *Federal Tax Payments* | | | |
| | Total Disbursement to Court/Others: | | | |
| | Total Funds Disbursed (Lines 1-12): | | | ($76,825.52) |
| **Line 13** | **Ending Balance (As of 6/30/2026):** | | | $20,343,117.51 |
| **Line 14** | **Ending Balance of Fund - Net Assets:** | | | |
| Line 14a | *Cash & Cash Equivalents* | $20,343,117.51 | | |
| Line 14b | *Investments (unliquidated EquityBuild investments)* | | | |
| Line 14c | *Other Assets or uncleared Funds* | | | |
| | **Total Ending Balance of Fund - Net Assets** | | | $20,343,117.51 |

[1]Restitution payment from USA v. Almonor, $199.06; transfer in of residual fees and interest from 7749 Yates to close account, $3,295.27. Total = $3,494.33

[2]Fees disbursed to Receiver and other professionals for 31st fee application per 5/27/26 Order (#1960), ($72,825.52).

[3]Payment to City of Chicago in settlement of claim per 6/25/26 Order (#1964), ($4,000.00).

Receiver:

/s/ Kevin B. Duff
_____
(Signature)

Kevin B. Duff, Receiver EquityBuild, Inc., et al.
_____
(Printed Name)

Date:        7/24/26

# Exhibit 3

EQUITYBUILD RECEIVERSHIP ESTATE ACCOUNT #0181
April-June 2026
Schedule of Receipts and Disbursements

| | | | | |
|---|---|---|---|---|
| **Beginning Balance 4/1/26** | | | | **$20,230,150.03** |
| | | | | |
| **RECEIPTS** | | | | |
| | | **Received From** | **Amount** | |
| Interest | 4/1/2026 | Interest | $62,649.40 | |
| Deposit | 4/1/2026 | US Treasury | $199.06 | |
| Interest | 5/1/2026 | Interest | $60,804.76 | |
| Interest | 6/1/2026 | Interest | $62,844.51 | |
| Transfer In | 6/8/2026 | Transfer residual fees and interest to close account (7749 Yates) | $3,295.27 | |
| | | TOTAL RECEIPTS | | $189,793.00 |
| | | | | |
| | | **Paid To** | **Amount** | |
| Transfer Out | 5/29/2026 | Transfer fees and expenses to RDP for 31st fee app per 5/27/26 Order (Dkt 1960) | ($70,423.76) | |
| 20071 | 6/1/2026 | Payment of 1Q2026 fees to Sorren Inc (less 20% holdback) per 5/27/26 Order (Dkt 1960) | ($246.40) | |
| 20072 | 6/1/2026 | Payment of 1Q2026 fees to Miller Kaplan (less 20% holdback) per 5/27/26 Order (Dkt 1960) | ($2,155.36) | |
| Debit | 6/26/2026 | Cashier's check to City of Chicago for settlement of claim per 6/25/26 Order (#1964) | ($4,000.00) | |
| | | TOTAL DISBURSEMENTS: | | ($76,825.52) |
| | | | | |
| | | **Grand Total Cash on Hand at 6/30/2026:** | | **$20,343,117.51** |

# Exhibit 4

**Master Asset List**

| Receiver's Account (as of 6/30/2026) | | |
|---|---|---|
| **Institution** | **Account Information** | **Amount** |
| AXOS Fiduciary Services | Checking #0181 | $20,343,117.51 |

| Other, Non-Illinois Real Estate | |
|---|---|
| **Description** | **Estimated Current Market Value** |
| Single family home in Plano, Texas | ±$700,000.00[1] |
| | Estimated mortgage amount: $500,000.00<br>Estimated value less mortgage: $200,000.00 |

[1] Source: www.zillow.com