**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 18-cv-5587** |
| **v.** | ) | **Judge Manish S. Shah** |
| **EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,** | ) | **Magistrate Judge Young B. Kim** |
| **Defendants.** | ) | |

**RECEIVER'S REPORT ON OBJECTIONS TO PROPOSED GROUP 10 DISTRIBUTION PLAN**

Kevin B. Duff, as receiver ("Receiver") for the Estate of Defendants EquityBuild, Inc. ("EquityBuild"), EquityBuild Finance, LLC ("EquityBuild Finance"), their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen (collectively, the "Receivership Defendants"), and pursuant to the powers vested in him by the Order of this Court entered on August 17, 2018 (Dkt. 16), submits the following report on objections to the Receiver's Motion to Approve Group 10 Distribution Plan (Dkt. 1967, the "Motion").

**A. The Receiver's Motion and Objections Thereto**

On June 30, 2026, the Receiver filed the Motion seeking approval of a plan to make a "rising tide" distribution of approximately $19,750,000, which would allow all eligible claimants to have recovered at least 66.1% of the funds they invested in the EquityBuild Ponzi scheme. (Dkt. 1967)

Following service of the Motion, five objections to the Receiver's proposed distribution plan were submitted to the Receiver pursuant to the procedures order by the Court. (Dkt. 1969)

All five objections have been resolved. Three claimants, Capital Investors, LLC (Claims 1487, 1489, 1490), Brad and Linda Lutz (Claim 962), and Scott Pammer (Claim 827), withdrew their objections following discussions with the Receiver and, in some cases, revision of the Receiver's recommendation, as described below in Section B.[1] Two claimants, Paper Street Realty LLC (Claim 1206) and Shatar Capital Partners (Claim 1483), reached settlement agreements with the Receiver, which will be described in the Receiver's motions to approve settlements which are forthcoming.

**B. Additional Claimant Communications and Revisions to Proposed Group 10 Distribution Plan**

After serving the Motion and proposed distribution plan upon all claimants, the Receiver had communications with many more claimants than the five who submitted formal objections. Many of these communications sought clarification regarding the claimant's individual claim, the plan methodology, or the anticipated procedures. In several cases, the claimants made clear that they were endorsing the Receiver's distribution plan (*see, e.g.,* Exhibit 1 hereto, 7/20/26 email from C. Love expressing strong support for the distribution plan). Other communications led to updates to the Receiver's distribution plan regarding the total contributions to EquityBuild or the total dollars received by a claimant to date. These changes, which are described below, will be

[1] Capital Investors objected to the Receiver's recommendation as well as references to Capital Investors and/or its principals as promoters and/or insiders. Following communications with Capital Investors' counsel as well as investor Amit Patel, the Receiver agreed to amend his distribution plan as set forth in Section B below. Capital Investors then advised the Receiver it accepts the Receiver's revised recommendation; and Patel informed the Receiver that he agrees with the Receiver's new/updated recommendation. Capital Investors maintains its objection only to the references to Capital Investors and/or its principals as promoters and/or insiders; however, in light of the Receiver's revised recommendation and Capital Investors' acceptance of the same, Capital Investors, Patel, and the Receiver are agreed that there is nothing further for the Court to resolve in regard to Capital Investors or Patel.

reflected in the Receiver's updated plan that will be submitted with a proposed order if the Motion is granted and the proposed distribution plan approved by the Court.

**1. Capital Investors / Amit Patel – Claim Set 4479**

Capital Investors objected to the Receiver's proposed distribution plan as it relates to its $295,000 claimed interest in 5001 Drexel (Claim 3-1487) on two grounds: (1) that the Receiver provided no explanation for disallowing the $20,000 "interest reserve" that was included in the total $295,000 claimed by the 5001 South Drexel Blvd Fund II, LLC ("Drexel LLC"); and (2) that the $75,000 the Receiver recommended be disallowed were actually funds invested by non-claimant Amit Patel that were used to purchase a $95,000 equity interest in the Drexel LLC.[2] Subsequent to filing the Motion, the Receiver obtained a proof of claim form and supporting documentation from Amit Patel, and based on this evidence has agreed to amend his recommendation to include Amit Patel's $75,000 Claim 3-936 in his proposed distribution plan as a Class 1 claim entitled to share in the unencumbered assets of the Estate in an amount up to the rising tide line. If approved by the Court, this distribution will be paid directly to Amit Patel, and not to the Drexel LLC, Capital Investors, Shuvam Bhaumik, or Virju Patel.

As to the remaining $20,000 of Amit Patel's $95,000 investment, which Capital Investors has termed an "interest reserve" with no explanation, the Receiver continues to recommend that this $20,000 portion of the claim be disallowed because the records provided by Capital Investors, as well as EquityBuild's records, show that only $75,000 of Amit Patel's $95,000 investment was contributed to EquityBuild in exchange for the purported interest in 5001 Drexel.

[2] Capital Investors did not object to the Receiver's recommendation that any distributions on the $200,000 balance of the claim be made to the members of the 6951 South Merrill Fund I LLC directly on a pro-rata basis according to each member's percentage ownership of that LLC and neither to Capital Investors, nor to Drexel LLC or its members.

**2. Brad and Linda Lutz – Claim Set 4299**

In scrutinizing this claim to address objections made (and subsequently withdrawn) by Brad and Linda Lutz, the Receiver discovered a minor adjustment to the amount of claimants' loan related to 7107 Bennett (Claim 123-962) was warranted. The distribution plan reflected the total funds claimants contributed to EquityBuild for this loan was $339,398, whereas the evidence shows the correct amount should have been $339,414. The Receiver's initial figure was taken from EquityBuild's "Rollover Form" regarding the rollover of claimant's loan secured by 7200 S Stony Island Ave to 6001 Sacramento and 7107 Bennett, but it appears that EquityBuild changed this amount slightly before funding, and the actual share of the 7107 Bennett mortgage that claimants were granted was $339,414. This update is not expected to change the Receiver's recommendation, as claimants' 83% recovery-to-date is well over the rising tide line.

**3. Michael and Linda Grant – Claim Set 4127**

Claimants Michael and Linda Grant brought to the Receiver's attention the fact that their claim relating to 7024 Paxton (Claim 72-393) was missing from the distribution plan submitted to the Court. (Dkt. 1967) The reason for this omission is that loans that were rolled from an original investment to another property or properties were generally excluded from the plan in order to avoid duplication. The Grants rolled their loan secured by 7024 Paxton to two separate loans secured by 7051 Bennett and 7750 Muskegon, respectively. Because the Grants did not assert claims with respect to 7051 Bennett or 7750 Muskegon (the "rolled-to" properties), however, this $40,000 investment should be treated as an unsecured claim in the distribution plan, with the loan amount added to the total contributions for Claim Set 4127, and the distributions received on all three loans included in the total distributions received. Adding Claim 72-393 to the final distribution plan will adjust the to-date recovery percentage of Claim Set 4127 from 63.80% to 61.44%, which will increase the distribution needed for the Grants to reach the rising tide line.

**4. Double Portion Foundation – Claim Set 4145**

This claimant brought an error to the Receiver's attention in which the $12,823.04 that the claimant received from EquityBuild (consisting of $9,765.61 interest paid on the loan secured by 4533 Calumet and $3,057.43 interest paid on the CCF1 Fund after the loan was rolled over) was inadvertently counted twice—first, by incorrectly subtracting that amount from claimant's $40,000 investment, and, second, by correctly showing the same amount as the total distributions received on the investment outside of this Receivership. Adjusting the distribution plan to correct this error results in the to-date recovery percentage of Claim Set 4145 to drop to 54.12% from 79.66%, which will entitle Double Portion Foundation to a Group 10 distribution in order to reach the tide line percentage.

**5. Eggenberger – Claim Set 4132**

After filing the distribution plan, the Receiver discovered that the following two claims sharing a beneficial interest were inadvertently assigned to different claim sets—Estate of Larry James Eggenberger (Claim 13-713, Claim Set 4233) and Estate of Larry J. Eggenberger (Claim 61-402, Claim Set 4132). Merging these two claims into Claim Set 4132 will reduce the Claim Set's Group 10 distribution by an amount that is predicted to be less than $50.

**C. Conclusion**

For the reasons set forth above, the Receiver respectfully requests that the Court: (1) approve the claim determinations and revisions described in Section B, above including the forthcoming motions to approve settlements; and (2) grant the Motion and approve the Group 10 Distribution Plan, including the rising-tide methodology, as modified by this Report.

Following the Court's ruling, the Receiver will submit a proposed final distribution order and distribution schedule reflecting the Estate's actual net distributable cash, along with a final fee application.

Dated: October 7, 2026

Respectfully submitted,

Kevin B. Duff, Receiver

By: /s/ Michael Rachlis

Michael Rachlis
Jodi Rosen Wine
Rachlis Duff & Peel, LLC
216 W. Jackson Blvd., Suite 975
Chicago, IL 60606
Phone (312) 733-3950
mrachlis@rdaplaw.net
jwine@rdaplaw.net

# CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2026, I electronically filed the foregoing **Receiver's Report on Objections to Proposed Group 10 Distribution Plan** with the Clerk of the United States District Court for the Northern District of Illinois, using the CM/ECF system. A copy of the foregoing was served upon counsel of record via the CM/ECF system.

I further certify that I caused a true and correct copy of the foregoing to be served upon all claimants who have submitted claims in this matter by electronic mail.

I further certify that the **Report** will be posted to the Receivership webpage at: https://rdaplaw.net/equitybuild-receivership/

/s/ Michael Rachlis

Michael Rachlis
Rachlis Duff & Peel, LLC
216 W. Jackson Blvd., Suite 975
Chicago, IL 60606
Phone (312) 733-3950
mrachlis@rdaplaw.net

**From:** Cyndi Love
**To:** equitybuildclaims@rdaplaw.net
**Subject:** Response to RECEIVER'S MOTION TO APPROVE GROUP 10 DISTRIBUTION PLAN
**Date:** Monday, July 20, 2026 9:48:15 AM

Receiver and staff,
I have read through the entire document received via email from the Receiver regarding the Motion to Approve Group 10 Distribution Plan. I understand and respect the notice for objections to this motion.

This email, however, is not an objection. It is instead notice of my strong support for this motion.

I felt it was important for the Receiver to hear support of this motion not just objections or silent support.

As a claimant who had investments in multiple investment types, ie 1st lien, equity product, investment $'s transferred to another investment product due to EB's inability to pay out, I am painfully aware how difficult it was for investors to accept the outcomes of some of the groups. I did not disagree with the outcomes as I do understand the basics of contract law, I just found it hard to face minimal to no $'s on some of them.

This motion for group 10, if approved, would restore my faith in the judicial system as it pertains to Ponzi schemes and subsequent receiverships/distributions.

This motion allows the receiver to level some of the inequities inherent in a Ponzi scheme and subsequent claimant distributions. This Ponzi scheme, which at its most basic level:
1 - took money from one investor to pay off another investor (individual or institutional) in another investment instrument
2 - took money to support the remodel of one investment only to use the funds on another investment to prep for sale
3 - personal use of the Cohens.

As an Accountant for over 35 years, I cannot imagine how your staff could trace funds through the Equity Build accounting system or specific project accounts from investment to spend that would ultimately and accurately reflect where the money actually went. However, you did a very commendable job and this final motion reflects that.

This motion recognizes these "lost" investments that did not have a specific property to tie them to or that were subsequent positions due to timing with recording mortgages, recognizes how they would have benefited other investors and provides a more fair final distribution.

Exhibit
1
exhibitsticker.com

Thank you,
Cynthia Love
[redacted]