**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,**<br><br>**Defendants.** | **Civil Action No. 18-cv-5587**<br><br>**Judge Manish S. Shah**<br><br>**Magistrate Judge Young B. Kim** |

**RECEIVER'S MOTION TO APPROVE SETTLEMENT WITH SHATAR CAPITAL PARTNERS AND CLAIM SET 5018 INTEREST HOLDERS**

Kevin B. Duff, as receiver ("Receiver") for the Estate of Defendants EquityBuild, Inc. ("EquityBuild"), EquityBuild Finance, LLC ("EquityBuild Finance"), their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen (collectively, the "Receivership Defendants"), respectfully moves for an order approving a settlement reached with claimant Shatar Capital Partners ("Shatar") and all persons or entities holding or claiming any current or former legal, beneficial, economic, or other interest in the claims comprising Claim Set 5018, including 1111 Crest Drive, LLC, Danny Pakravan as Trustee of Pakravan Living Trust, Novi Partners, LLC, on behalf of themselves and the interests they purchased from Farsaa, Inc., Abraham Aaron Ebriani, and Hamid Esmail (collectively, the "Shatar Parties"). Shatar and the Shatar Parties, through undersigned counsel, join in this Motion and agree to the terms set forth below. In support of his motion, the Receiver states as follows:

1. On June 30, 2026, the Receiver filed his Motion to Approve Group 10 Distribution Plan (Dkt. 1967) (the "Group 10 Plan"), which recommended that Shatar's allowed unsecured claim, Claim Set 5018, be placed in Class 2 rather than Class 1.

2. Pursuant to the objection procedure approved by the Court (Dkt. 1969), Shatar, acting on behalf of the beneficial holders of Claim Set 5018, served an objection on July 21, 2026 seeking Class 1 treatment (the "Objection").

3. The Receiver responded to the Objection on August 19, 2026, and Shatar submitted a reply on August 26, 2026.

4. Settlement discussions between the Receiver, on the one hand, and Shatar and the Shatar Parties on the other hand, took place and resulting in a negotiated agreement to resolve the Objection, Claim Set 5018, and all related claims and interests (the "Settlement").

5. For purposes of the Settlement, Shatar and the Shatar Parties include each current or former beneficial holder, successor, assignee, trustee, beneficiary, or other person or entity holding or claiming any interest in Claim Set 5018. Originally, the subject loan was made by 1111 Crest Drive, LLC (responsible for 50% of the loan), Farsaa, Inc. (responsible for 22% of the loan), and Abraham Aaron Ebriani and Hamid Esmail each funded 14% of the original loan. Sometime after the original loan was made, the Pakravan Living Trust purchased the portions of the loan previously owned by Farsaa, Inc. and Abraham Aaron Ebriani. Novi Partners, LLC later purchased the 14% of the loan owned by Hamid Esmail.

6. Shatar and the Shatar Parties each represent and warrant, as to itself and to the best of its knowledge, that the list of current or former beneficial holder, successor, assignee, trustee, beneficiary, or other person or entity holding or claiming any interest in Claim Set 5018 identified in this Motion is complete, that no interest in Claim Set 5018 has been assigned, transferred,

pledged, or encumbered, except as disclosed herein or otherwise disclosed to the Receiver in writing, and that Shatar and each Shatar Party has authority to enter into and be bound by the Settlement.

7. The Settlement is contingent on the Court granting this Motion.

8. Contingent on the Court granting this Motion, the Receiver, Shatar, and the Shatar Parties agree as follows:

a. At or about the time the Receiver makes distributions pursuant to the Court's final Group 10 distribution order, the Receiver will pay from the Receiver's account an aggregate amount of $125,000.00 (the "Settlement Payment") to Roetzel & Andress Trust Account for the benefit of 1111 Crest Drive, LLC, Danny Pakravan as Trustee of Pakravan Living Trust, and Novi Partners, LLC, in full settlement of Claim Set 5018 and all claims and interests associated with it. Payment to the designated payee will fully discharge the Receiver, the Receivership Defendants, and the Receivership Estate, and the allocation or distribution of the Settlement Payment among the Shatar and/or the Shatar Parties will be solely their responsibility.

b. Upon entry of the Court's order approving the Settlement, without the need for any further order or action by anyone, Shatar's Objection will be withdrawn with prejudice and Shatar and the Shatar Parties will waive any present or future objection to, appeal from, collateral attack upon, or other challenge to the Group 10 Plan, the treatment or classification of Claim Set 5018, any ruling associated with the Objection or Claim Set 5018, or this matter, except for the right to receive the Settlement Payment.

c. The Settlement is a compromise of disputed claims and positions. It does not constitute an admission of liability or of the validity of any claim, defense, argument,

or position made or taken by any party, does not constitute an admission that Shatar or the Shatar Parties or Claim Set 5018 is entitled to Class 1 treatment, and will not establish a precedent with respect to any other claimant, claim, or issue in this Receivership.

d. This Settlement resolves all disputes of any kind or nature, known or unknown, asserted or unasserted, by or on behalf of Shatar or any Shatar Party against the Receiver, the Receivership Defendants, the Receivership Estate, or any of the Receiver's professionals, agents, employees, attorneys, or representatives, which relate to or arise out of Claim Set 5018, Shatar's loan or proof of claim, the properties located at 5450 S Indiana and 7749 S Yates, the Group 2 or Group 10 claims processes, the Objection, the Group 10 Plan, the Receivership Estate, or this Action.

e. All claims, liens, objections, rights, demands, actions, causes of action, liabilities, damages, losses, costs, expenses, or other interests of any kind or nature that exist, might exist, or at any time existed in favor of Shatar or any Shatar Party, and that relate to or arise out of any matter identified in the preceding paragraph, are hereby released, compromised, and waived. Other than the Settlement Payment, neither Claim Set 5018 nor any Shatar Party will receive anything further from the Receiver, the Receivership Defendants, or the Receivership Estate, including any interest, attorneys' fees, costs, Class 1 or Class 2 distribution, supplemental distribution, residual distribution, or other additional payment.

f. Shatar and the Shatar Parties, on the one hand, and the Receiver, the Receivership Defendants, and the Receivership Estate, on the other hand, each hereby irrevocably and unconditionally release and forever discharge the other, together with their respective officers, directors, members, managers, partners, trustees, beneficiaries,

employees, agents, attorneys, professionals, and representatives, from any and all claims, demands, actions, causes of action, liabilities, damages, losses, liens, costs, and expenses of every kind or nature—whether known or unknown, suspected or unsuspected, accrued or unaccrued, contingent or matured, direct or indirect, in law or in equity—arising out of, based upon, relating to, or in any way connected with:

i. the SEC Action;

ii. the Receivership Estate;

iii. Claim Set 5018, Shatar's loan or proof of claim, the Indiana and Yates properties, the Group 2 or Group 10 claims and distribution processes, the Objection, the Group 10 Plan, or the Settlement; or

iv. any act, omission, or duty of the Receiver in connection with the SEC Action, the Receivership Estate, Claim Set 5018, or any claims or distribution process in this Receivership.

These releases and waivers bind Shatar and the Shatar Parties, the Receiver, the Receivership Defendants, the Receivership Estate, and their respective predecessors, successors, assigns, trustees, beneficiaries, members, managers, agents, representatives, heirs, administrators, and all persons or entities claiming by or through any of them.

These releases include, without limitation and to the fullest extent permitted by law, any and all claims under any theory of liability, arising before, during or after the Receiver's appointment.

9. For the avoidance of doubt, the Settlement does not release any claims that Shatar, the Shatar Parties, or their respective officers, directors, members, managers, employees, agents, or affiliates may have against one another, including the claims pending in the Circuit Court of

Cook County, Case No. 2025 L 13489, or any claims that Shatar or the Shatar Parties may have against Chicago Title Insurance Company.

10. A settlement by a federal equity receiver is within the receiver's broad discretion and should be approved if it is fair. *Gordon v. Dadante*, 336 Fed. Appx. 540 (6th Cir. 2009). A district court's determination of the fairness of a settlement by a receiver is subject to the sound discretion of the court. *Id.* at 545; *see also Sterling v. Stewart*, 158 F.3d 1199, 1202 (11th Cir. 1998) (the determination of fairness of a settlement in an equity receivership will not be overturned absent a clear showing of abuse of discretion).

11. The Receiver believes that the Settlement described in this Motion is fair and reasonable, is in the best interests of the Receivership Estate, and will save time and resources by fully and finally resolving Claim Set 5018, avoiding further litigation and any appeal, and permitting the Receiver to proceed toward the final Group 10 distribution and completion of the Receivership.

12. Notice of this Motion is being given to each claimant who submitted a claim in this matter. In addition, this Motion will be made publicly available to all interested and potentially interested parties by posting a copy to the Receivership website at https://rdaplaw.net/equitybuild-receivership/.

13. The Receiver has conferred with counsel for the SEC, which does not object to the relief requested in this motion.

WHEREFORE, the Receiver seeks the following relief:

a) a finding that adequate and fair notice has been provided to all interested and potentially interested parties of the Group 10 claims process, the Group 10 Plan, the Objection, and the current Motion;

b) an order finding that the Settlement between the Receiver, Shatar, and the Shatar Parties is fair, reasonable, and in the best interests of the Receivership Estate;

c) an order providing a full and fair opportunity for each interested party to assert its interests and any objections to the relief requested in this Motion;

d) an order finding either that no objections were filed or that the Settlement is approved over any such objections;

e) an order approving all terms of the Settlement set forth herein, including the Settlement Payment at the time of the final Group 10 distribution, the withdrawal with prejudice of the Objection, and the releases, waivers, and other finality provisions set forth herein; and

f) such other relief as the Court deems fair and equitable.

Dated: October 16, 2026

Respectfully submitted,

**Kevin B. Duff, Receiver**

By: /s/ Michael Rachlis

Michael Rachlis
Jodi Rosen Wine
Rachlis Duff & Peel, LLC
216 W. Jackson Blvd., Suite 975
Chicago, IL 60606
Phone: (312) 733-3950
mrachlis@rdaplaw.net
jwine@rdaplaw.net

*Attorneys for Kevin B. Duff, Receiver*

**AGREED AND CONSENTED TO:**

**Shatar Capital Partners and the Shatar Parties**

By: /s/ Andrew R. DeVooght
Andrew R. DeVooght
Alexandra J. Schaller
LOEB & LOEB LLP
321 N. Clark St., Suite 2300
Chicago, Illinois 60654
Phone: (312) 464-3100
adevooght@loeb.com
aschaller@loeb.com

*Attorneys for Shatar Capital Partners*

and

By: /s/ Michael Scotti III
Michael Scotti III
Roetzel & Andress LPA
70 West Madison Street, Suite 3000
Chicago, IL 60602
Phone: (312) 582-1605
mscotti@ralaw.com

*Attorney for the Shatar Parties*