**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** | |
| **Plaintiff,** | **Civil Action No. 18-cv-5587** |
| **v.** | **Judge Manish S. Shah** |
| **EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,** | **Magistrate Judge Young B. Kim** |
| **Defendants.** | |

**RECEIVER'S MOTION TO APPROVE**
**SETTLEMENT WITH PAPER STREET REALTY LLC**

Kevin B. Duff, as receiver ("Receiver") for the Estate of Defendants EquityBuild, Inc. ("EquityBuild"), EquityBuild Finance, LLC ("EquityBuild Finance"), their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen (collectively, the "Receivership Defendants"), respectfully moves for an order approving a settlement reached with claimant Paper Street Realty LLC ("Paper Street"). In support of his motion, the Receiver states as follows:

1. On or about June 30, 2019 Paper Street submitted a proof of claim in these proceedings asserting interests in 310 E 50th (52-1206); 8209 S Ellis (56-1206), 8214 S Ingleside (57-1206), and 7237 S Bennett (61-1206). Paper Street subsequently withdrew its claims with respect to properties 56 and 57, and its remaining claim relating to these properties totals $212,413.18

2. On or about December 31, 2019, Paper Street submitted a second proof of claim asserting a $53,416.00 interest in 6801 S East End as of the start of the Receivership (124-1206).

3. Accordingly, Paper Street's claims total $265,829.18.

4. In the claims processes for Group 4, Group 5, and Group 6, Paper Street's claims 52-1206, 56-1206, 57-1206, and 61-1206 were deemed to be unsecured claims of a trade creditor, to be considered as part of Group 10. (Dkt. 1676, 1695, 1902)

5. Paper Street was a party to the state court action captioned *Paper Street Realty vs. Mudlic Properties LLC et al*., Case No. 2019-CH-14244 regarding construction work it performed the former EquityBuild property located at 6801 S East End, which is the subject of its claim 124-1206. In that action, Paper Street reached a settlement whereby it recovered $50,000 and released the property owner and the EquityBuild lenders "from any and all claims asserted, or which could have been asserted, arising from or related to the Contract, the Work, the Complaint, the Premises, the Lien Claim, or the Owner and Lender Claims."

6. In the Receiver's Motion to Approve Group 10 Distribution Plan, the Receiver recommended that Paper Street's claims 52-1206, 56-1206, 57-1206, and 61-1206 be subordinated to investor claims, and that claim 124-1206 be disallowed pursuant to the settlement and release agreement. (Dkt. 1967 at 41-44, 128, 133)[1]

7. On or about July 1 and July 25, 2026, Paper Street objected to the Receiver's recommendation regarding its claims. (*See* Dkt. 1971)

8. Settlement discussions between the Receiver and Paper Street have taken place and these parties reached a negotiated agreement to recommend to this Court as to the resolution of Paper Street's objection to the Receiver's Group 10 distribution plan and all of Paper Street's claims in these proceedings (the "Settlement"). This Settlement is contingent on the Court granting the instant motion.

---

[1] The page references accompanying docket citations are to the ECF pagination numbers in the legend stamped at the top of the page, rather than the page numbers at the bottom of the Motion's pages.

9. Pursuant to the proposed Settlement:

a. within 7 days of the entry of an order approving the Settlement, the Receiver will pay, by wire transfer from the Receiver's account, $5,000.00 to Paper Street in full settlement of its claims (presuming appropriate wire transfer instructions are received in a timely manner);

b. without either party admitting liability or the validity of any claim, this Settlement resolves all disputes of any kind or nature between the Receiver, the Receivership Estate, and Paper Street, including but not limited to Paper Street's objection to the Receiver's proposed Group 10 distribution plan;

c. neither Paper Street nor the Receiver will appeal from or collaterally attack any rulings associated with Paper Street's claims in this matter; and

d. all other claims, objections, or rights that might exist between the Receiver, the Receivership Estate, and Paper Street are hereby released, compromised, and waived such that Paper Street will receive nothing further from the Receiver or the Receivership Estate.

10. A settlement by a federal equity receiver is within the receiver's broad discretion and should be approved if it is fair. *SEC v. Stanford Int'l Bank, Ltd.*, 927 F.3d 830, 840 (5th Cir. 2019); *Gordon v. Dadante*, 336 Fed. App'x 540 (6th Cir. 2009). A district court's determination of the fairness of a settlement by a receiver is subject to the sound discretion of the court. *Gordon*, 336 F. App'x at 545; *see also Sterling v. Stewart*, 158 F.3d 1199, 1202 (11th Cir. 1998) (the determination of fairness of a settlement in an equity receivership will not be overturned absent a clear showing of abuse of discretion).

11. The Receiver believes that the Settlement described in this motion is fair, reasonable, and in the best interests of the Receivership Estate and its claimants, and that there will be savings of time and resources achieved based on the agreements reached between the Receiver and Paper Street.

12. Notice of this motion is being given to each of the claimants who have submitted claims in this matter. In addition, this motion will be made publicly available to all interested and potentially interested parties by posting a copy of it to the Receivership website at https://rdaplaw.net/equitybuild-receivership/.

13. The Receiver has conferred with counsel for the SEC which does not object to the relief requested in this motion.

WHEREFORE, the Receiver seeks the following relief:

a) a finding that adequate and fair notice has been provided to all interested and potentially interested parties of the claims process, the Receiver's recommendations with respect to Paper Street's claims, and the current motion;

b) an order finding that the Settlement between the Receiver and Paper Street is fair, reasonable, and in the best interests of the Receivership Estate;

c) an order providing a full and fair opportunity for each interested party to assert its interests and any objections to the relief requested in this motion;

d) an order finding either that no objections were filed or a finding that the Settlement is approved over any such objections; and

e) such other relief as the Court deems fair and equitable

Dated: October 16, 2026

Respectfully submitted,

/s/ Michael Rachlis

Michael Rachlis
Jodi Rosen Wine
Rachlis Duff & Peel, LLC
216 W. Jackson Blvd., Suite 975
Chicago, IL 60606
Phone (312) 733-3950
mrachlis@rdaplaw.net
jwine@rdaplaw.net