**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 18-cv-5587** |
| **v.** | ) | **Hon. Manish S. Shah** |
| **EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,** | ) | **Magistrate Judge Young B. Kim** |
| **Defendants.** | ) | |

**RECEIVER'S THIRTY-THIRD STATUS REPORT**
**(Third Quarter 2026)**

Kevin B. Duff, as receiver ("Receiver") for the Estate of Defendants EquityBuild, Inc., EquityBuild Finance, LLC, their affiliates, and the affiliate entities of Defendants Jerome Cohen and Shaun Cohen (collectively, the "Receivership Defendants"), and pursuant to the powers vested in him by Order of this Court, respectfully submits this Thirty-Third Status Report for the quarter ending September 30, 2026.

## I. CLAIMS AGAINST THE RECEIVERSHIP ESTATE

### A. Claims Process for Secured Claims (Groups 1-9)

The claims process relating to secured interests in the liquidated real estate within the Receivership Estate (Groups 1-9) is complete.

### B. Claims Process and Proposed Distribution Plan for Unsecured Claims (Group 10)

Group 10 addressing all remaining unsecured claims is in process. Group 10 addresses the unencumbered funds in the Receivership Estate and includes claims asserting an interest in equity funds or unsecured promissory notes, previously secured claims that were rolled to unsecured

investments, trade creditors and other non-lender creditors, as well as secured claims that were not completely satisfied in claim Groups 1-9 (and have not been waived and/or compromised). Through the Receiver's efforts to bring funds into the Estate from various sources, the Receiver estimates that there will be approximately $19.75 million of unencumbered funds to distribute to eligible claimants in Group 10 of the claims process.

The Receiver filed his proposed distribution plan on June 30, 2026. (Dkt. 1967) The plan recommends using a "rising tide" methodology, whereby the Receiver grouped related claims into "Claim Sets" for claimants sharing a common beneficial interest, and evaluated (i) the money each Claim Set provided to EquityBuild, and (ii) how much, if anything, each Claim Set has already recovered, either from distributions from EquityBuild or a third party, or as a result of the claims process for Groups 1-9. The rising tide methodology prioritizes claimants who have received little or nothing to date over those who have already recovered a larger portion of the funds they provided to EquityBuild, in order to bring all eligible claimants to the same overall minimum recovery percentage (the "rising tide line"). The proposed plan provides a detailed distribution spreadsheet showing each claimant, whether the Receiver recommends to the Court that their Claim Set receive a distribution in Group 10, and in what amount, if any.

On July 1, 2026, the Court entered an Order Approving Procedure for Group 10 Distribution Plan (Dkt. 1969), setting a July 22, 2026 deadline for objections to the proposed plan, and a further schedule for the resolution of those objections. On July 27, 2026, the Receiver filed a status report notifying the Court of five objections that were submitted to the Receiver. (Dkt. 1971) Subsequently, the Receiver considered each of these objections and notified those claimants of his determination with respect to the objection. The Receiver and the objecting parties exchanged briefs and/or correspondence related to those objections, and also engaged in

discussions relating to the potential resolution of the objections and claims. Ultimately, the Receiver was able to resolve each of the five objections, as detailed in his October 7, 2026 Report on Objections. (Dkt. 1981) Three of the objections were then withdrawn. Motions were filed with respect to the other two resolved objections seeking the Court's approval of settlements reached with claimants Shatar Capital Partners (Dkt. 1982) and Paper Street Realty (Dkt. 1984).

In addition to the five formal objections, the Receiver's team also addressed many inquiries from claimants regarding the nature of the plan and plan methodology, the Group 10 claims process, and the Receiver's recommendations on claimants' individual claims. Several of these inquiries identified issues in the proposed distribution plan that were addressed, and any revisions to the Receiver's distribution recommendations were described in the Receiver's Report on Objections (Dkt. 1981).

If the Court grants the Receiver's Motion to Approve Group 10 Distribution Plan (Dkt. 1967), the Receiver will submit a proposed order along with an updated distribution spreadsheet reflecting any changes that were made since the filing of the motion, and also replacing the projected $19,750,000 distribution amount with an updated amount of funds available for distribution to claimants. In order to calculate the funds available for distribution and submit a proposed final distribution order, the Receiver will submit a final fee application that includes estimates of the fees the Receiver projects will be needed to complete the distributions and to cover the costs of the final administration and termination of the Receivership, and a request to pay the amounts that the Court has ordered be held back.

* * *

**The Receiver reminds claimants of their continuing responsibility to ensure that the Receiver at all times has current and up-to-date contact information** so that the Receiver may

provide important information relating to the claims process, the claimant's claims, or the Receivership Estate, as well as mail distribution checks for approved claims. **Claimants who fail to provide up to date contact information to the Receiver risk not receiving distributions that may be sent to them.** Additionally, any claimants who have closed their retirement accounts and transferred their interests to a different IRA or 401k custodian, or to themselves individually, should notify the Receiver and provide documentation of the transfer or distribution from their former custodian. Communications to the Receiver with respect to claims and distribution issued should be sent to equitybuildclaims@rdaplaw.net.

## II. ADDITIONAL OPERATIONS OF THE RECEIVER

### A. Identification, Preservation, and Recovery of Assets

During the Third Quarter 2026, the Receiver continued efforts to identify, preserve, and recover assets. To this end, the Receiver consulted with the SEC with respect to a small number of potential assets that could potentially be brought into the estate for the benefit of claimants.

### B. Financial Reporting of Receipts and Expenditures

The Receiver only needed to devote a minimal amount of work during the quarter to financial reporting.

### C. Open Litigation

Shaun Cohen, who had been considered a fugitive, was extradited to the United States following his January 2026 arrest in the United Kingdom on felony charges relating to his activities in the EquityBuild Ponzi scheme giving rise to this Receivership. The criminal matter *USA v. Cohen*, Case 22-cr-00006-1 (N.D. Ill.) was unsealed in April 2026. A status hearing in that action took place on September 23, 2026, at which time counsel for the Government and Cohen reported to the Court that the parties are working on a plea agreement. The matter is currently set for a status hearing on December 16, 2026.

The Receiver is currently aware of only one remaining action in which an EquityBuild entity is a named defendant, *Equity Trust Co. Custodian FBO Joseph Kennedy IRA v. EquityBuild Inc., et al.*, Case No. 2022 CH 02709. For previous background on this matter, see the Receiver's Thirty-Second Status Report. (Dkt. 1972 at 4-5) On August 7, 2026, the court in that foreclosure action *sua sponte* rescheduled the motions hearing to October 14, 2026. Plaintiffs filed a Supplement to their Motion to Vacate on August 23, 2026, but asked for a continuance of the hearing date. The October 14 hearing was stricken; but has not been rescheduled. Of note, were the matter reinstated, the operative complaint removes any claim against EquityBuild for a deficiency judgment, making it clear that it is only a nominal defendant in that action. The Receiver does not believe that this matter impacts the Receivership, including any and all efforts to wind down and terminate the Receivership.

D. Claimant Communications

Information about the Receivership can be found at the following webpage: (https://rdaplaw.net/equitybuild-receivership/. A copy of this Status Report will be posted on the Receivership web site. Court filings and orders are also available through PACER, which is the Court's electronic filing system. Those seeking court filings and orders can visit www.ilnd.uscourts.gov for information about accessing filings through PACER.

The Receiver continues to keep claimants informed regarding major occurrences in the Receivership through regular email communications. The Receiver also receives and responds to numerous emails and voicemails from claimants and their representatives. The Receiver will continue to work to ensure that information is available and/or otherwise provided as quickly and completely as practicable, asks all stakeholders and interested parties for patience during this lengthy process, and reiterates that responding to individual inquiries depletes Receivership assets.

These quarterly status reports and the Receiver's other court filings remain the most efficient means of communicating information regarding the activities of the Receivership Estate.

E. Control of Receivership Property and Records

The Receiver has continued efforts to preserve all EquityBuild property and records. The Receiver is in the process of terminating all services relating to EquityBuild's records. The Receiver will provide further information in subsequent filings regarding the disposition of EquityBuild's records.

F. Factual Investigation

During the quarter, the Receiver and his retained professionals reviewed and analyzed certain of claimants' proof of claim submissions and other supporting materials obtained from claimants pursuant to informal discovery conducted by the Receiver, as well as other EquityBuild documents and information in an effort to resolve those claimants' objections to the Receiver's proposed Group 10 distribution plan.

G. Tax Issues

The Receiver is giving attention to actual and potential tax issues that could impact the final Group 10 distributions and/or the termination of the Receivership.

During the Third Quarter 2026, the Receiver's tax administrator, Miller Kaplan, assisted with tax advice and reporting matters, including with respect to the Receiver's planned final distribution and termination of the Receivership.

The Receiver has informed investors that he cannot provide advice on tax matters. Moreover, the Receiver and his retained professionals do not plan to issue Forms 1099-INT or other tax forms to investors. However, Forms 1099-R may or have been issued to investors who previously held investments through closed retirement accounts and as a result received

distributions directly. With respect to valuation, loss, or other tax issues, investors and their tax advisors may wish to seek independent tax advice and to consider IRS Rev. Proc. 2009-20 and IRS Rev. Rul. 2009-9.

H. Accounts Established by the Receiver for the Benefit of the Receivership Estate

The Receiver maintains an interest-bearing account at a federally insured financial institution relating to the administration of this Receivership, which holds all Receivership funds.

The Receiver had previously established custodial accounts to hold cash proceeds from the sales of the Receivership properties. With all amounts in those accounts now having been distributed, those accounts have been closed. Attached as **Exhibit 1** is a schedule reflecting the final activity in the last remaining property-specific account during the quarter.

I. SEC Final Judgment

The Receiver anticipates discussions will take place with the SEC in respect to a final judgment addressing the claims asserted by the SEC against the Receivership Defendants in this action.

## III. RECEIVER'S FUND ACCOUNTING

The Receiver's Standardized Fund Accounting Report ("SFAR") for the Third Quarter 2026 is attached hereto as **Exhibit 2**. The SFAR discloses the funds received and disbursed from the Receivership Estate during this reporting period. As reported in the SFAR, cash on hand as of September 30, 2026 equaled $20,390,357.87. The information reflected in the SFAR is based on records and information currently available to the Receiver.

## IV. RECEIVER'S SCHEDULE OF RECEIPTS AND DISBURSEMENTS

The Receiver's Schedule of Receipts and Disbursements ("Schedule") for the Third Quarter 2026 is attached hereto as **Exhibit 3**. This Schedule reflects $197,657.59 in total receipts and $150,417.23 in total disbursements to and from the Receiver's account during the quarter.

## V. RECEIVERSHIP PROPERTY

All known Receivership Property is identified and described in the Master Asset List attached hereto as **Exhibit 4**. The Master Asset List identifies funds in the Receiver's account in the amount of $20,390,357.87, and an additional real estate asset that may potentially be recovered for the receivership estate. The Master Asset List does not include funds received or recovered after September 30, 2026.

## VI. LIQUIDATED AND UNLIQUIDATED CLAIMS HELD BY THE RECEIVERSHIP ESTATE

The Receiver is evaluating whether there are any remaining liquidated and/or unliquidated claims to be pursued prior to termination of this receivership. During the quarter, the Receiver spent a minimal amount of time on such matters.

## VII. PROFESSIONAL FEES AND EXPENSES

During the quarter, the Receiver prepared and submitted his 32nd Fee Application (Dkt. 1977), to which no objections were filed. On September 4, 2026, the Court granted the Receiver's 32nd Fee Application, imposing a 20% holdback on all fees. (Dkt. 1979)

## VIII. CONCLUSION

At this time, the Receiver recommends the continuation of the Receivership for at least the following reasons:

1. The continued investigation, analysis, and recommendations regarding the claims against the Receivership Estate;

2. The continued investigation, analysis, and potential recovery of assets for the Estate;

3. The continued analysis and formulation, in consultation with the SEC and the Court, of a just and fair distribution plan for the creditors of the Receivership Estate; and

4. The discharge of any other legal and/or appointed duties of the Receiver as identified in the August 17, 2018 Order Appointing Receiver, or as the Court deems necessary.

Dated: October 20, 2026

Respectfully submitted,

Kevin B. Duff, Receiver

By: /s/ Michael Rachlis

Michael Rachlis (mrachlis@rdaplaw.net)
Jodi Rosen Wine (jwine@rdaplaw.net)
Rachlis Duff & Peel, LLC
216 W. Jackson Blvd., Suite 975
Chicago, IL 60606
Phone (312) 733-3950

*Attorneys for Kevin B. Duff, Receiver*

**CERTIFICATE OF SERVICE**

I hereby certify that I provided service of the foregoing Receiver's Thirty-Third Status Report, via ECF filing, to all counsel of record on October 20, 2026.

I further certify that I caused true and correct copies of the foregoing to be served by electronic mail to all known individuals or entities that submitted a proof of claim in this action (sent to the e-mail address each claimant provided on the claim form or subsequently updated).

I further certify that the Receiver's Thirty-Third Status Report will be posted to the Receivership webpage at: https://rdaplaw.net/equitybuild-receivership/

/s/ Michael Rachlis

Michael Rachlis
Rachlis Duff & Peel, LLC
216 W. Jackson Blvd., Suite 975
Chicago, IL 60606
Phone (312) 733-3950
Fax (312) 733-3952
mrachlis@rdaplaw.net

# Exhibit 1

***SEC v. EquityBuild, Inc., et al.***

**No. 18-cv-5587**

**Balances of Funds in Property Specific Accounts as of September 30, 2026**

| Account Number | Account Name | Property Number | Account Balance as of 9/30/26 | Date of Settlement | Date of Distribution | Reason for Change (if any) 7/1/26 - 9/30/26 |
|---|---|---|---|---|---|---|
| 0371 | 5450 S. Indiana | 4 | $0.00 | 6/25/2020 | 3/6/2026 | Interest earned, $2.06; transfer residual balance and interest to Receiver's account per 2/19/26 Order (Dkt 1954), ($10,402.41); account closed |
| | **TOTAL FUNDS HELD:** | | **$0.00** | | | |

# Exhibit 2

STANDARDIZED FUND ACCOUNTING REPORT for EQUITYBUILD, INC., et al. - Cash Basis
Receivership; Civil Court Docket No. 18-cv-05587
Reporting Period 7/1/2026 to 9/30/2026

| Fund Accounting (See Instructions): | | Detail | Subtotal | Grand Total |
|---|---|---|---|---|
| **Line 1** | **Beginning Balance (As of 7/1/2026):** | $20,343,117.51 | | $20,343,117.51 |
| | ***Increases in Fund Balance:*** | | | |
| **Line 2** | **Business Income** | | | |
| **Line 3** | **Cash and unliquidated assets** | | | |
| **Line 4** | **Interest/Dividend Income** | $187,255.18 | | |
| **Line 5** | **Business Asset Liquidation** | | | |
| **Line 6** | **Personal Asset Liquidation** | | | |
| **Line 7** | **Net Income from Properties** | | | |
| **Line 8** | **Miscellaneous - Other[1]** | $10,402.41 | | |
| | **Total Funds Available (Line 1-8):** | | | $20,540,775.10 |
| | ***Decrease in Fund Balance:*** | | | |
| **Line 9** | **Disbursements to Investors** | | | |
| **Line 10** | **Disbursements for receivership operations** | | | |
| *Line 10a* | Disbursements to receiver or Other Professionals[2] | ($150,417.23) | | |
| *Line 10b* | Business Asset Expenses | | | |
| *Line 10c* | Personal Asset Expenses | | | |
| *Line 10d* | Investment Expenses | | | |
| *Line 10e* | Third-Party Litigation Expenses | | | |
| | 1. Attorney Fees | | | |
| | 2. Litigation Expenses | | | |
| | **Total Third-Party Litigation Expenses** | | $0.00 | |
| *Line 10f* | Tax Administrator Fees and Bonds | | | |
| *Line 10g* | Federal and State Tax Payments | | | |
| | **Total Disbursements for Receivership Operations** | | ($150,417.23) | |
| **Line 11** | **Disbursements for Distribution Expenses Paid by the Fund:** | | | |
| *Line 11a* | Distribution Plan Development Expenses: | | | |
| | 1. Fees: | | | |
| | Fund Administrator........................................................... | | | |
| | Independent Distribution Consultant (IDC).................... | | | |
| | Distribution Agent........................................................... | | | |
| | Consultants...................................................................... | | | |
| | Legal Advisers.................................................................. | | | |
| | Tax Advisers..................................................................... | | | |
| | 2. Administrative Expenses | | | |
| | 3. Miscellaneous | | | |
| | Total Plan Development Expenses | | $0.00 | |
| *Line 11b* | Distribution Plan Implementation Expenses: | | | |
| | 1. Fees: | | | |
| | Fund Administrator........................................................ | | | |
| | IDC.................................................................................. | | | |

STANDARDIZED FUND ACCOUNTING REPORT for EQUITYBUILD, INC., et al. - Cash Basis
Receivership; Civil Court Docket No. 18-cv-05587
Reporting Period 7/1/2026 to 9/30/2026

| | | | | |
|---|---|---|---|---|
| | Distribution Agent……………………… | | | |
| | Consultants……………………… | | | |
| | Legal Advisers……………………… | | | |
| | Tax Advisers……………………… | | | |
| | 2. Administrative Expenses | | | |
| | 3. Investor identification | | | |
| | Notice/Publishing Approved Plan……………… | | | |
| | Claimant Identification……………… | | | |
| | Claims Processing……………… | | | |
| | Web Site Maintenance/Call Center……………… | | | |
| | 4. Fund Adminstrator Bond | | | |
| | 5. Miscellaneous | | | |
| | 6. Federal Account for Investor Restitution (FAIR) reporting Expenses | | | |
| | Total Plan Implementation Expenses | | | |
| | Total Disbursement for Distribution Expenses Paid by the Fund | | $0.00 | |
| **Line 12** | **Disbursement to Court/Other:** | | | |
| Line 12a | *Investment Expenses/Court Registry Investment System (CRIS) Fees* | | | |
| Line 12b | *Federal Tax Payments* | | | |
| | Total Disbursement to Court/Others: | | | |
| | Total Funds Disbursed (Lines 1-12): | | | ($150,417.23) |
| **Line 13** | **Ending Balance (As of 9/30/2026):** | | | $20,390,357.87 |
| **Line 14** | **Ending Balance of Fund - Net Assets:** | | | |
| *Line 14a* | *Cash & Cash Equivalents* | $20,390,357.87 | | |
| *Line 14b* | *Investments (unliquidated EquityBuild investments)* | | | |
| *Line 14c* | *Other Assets or uncleared Funds* | | | |
| | **Total Ending Balance of Fund - Net Assets** | | | $20,390,357.87 |

[1] Transfer in of residual fees and interest from 5450 Indiana to close account, $10,402.41
[2] Fees disbursed to Receiver and other professionals for 32nd fee application per 9/4/26 Order (#1979), ($150,417.23).

Receiver:

/s/ Kevin B. Duff
(Signature)

Kevin B. Duff, Receiver EquityBuild, Inc., et al.
(Printed Name)

Date: 10/15/26

# Exhibit 3

EQUITYBUILD RECEIVERSHIP ESTATE ACCOUNT #0181
July - September 2026
Schedule of Receipts and Disbursements

| | | | | |
|---|---|---|---|---|
| **Beginning Balance 7/1/26** | | | | **$20,343,117.51** |
| | | | | |
| **RECEIPTS** | | | | |
| | | **Received From** | **Amount** | |
| Interest | 7/1/2026 | Interest | $60,708.71 | |
| Transfer In | 7/7/2026 | Transfer residual fees and interest to close account (5450 | $10,402.41 | |
| Interest | 8/3/2026 | Interest | $62,995.71 | |
| Interest | 9/1/2026 | Interest | $63,231.17 | |
| Interest | 9/17/2026 | Interest | $319.59 | |
| | | | | |
| | | TOTAL RECEIPTS | | $197,657.59 |
| | | | | |
| | | | | |
| | | **Paid To** | **Amount** | |
| Wire Out | 9/8/2026 | Transfer fees and expenses to RDP for 32nd fee app per 9/4/26 Order (Dkt 1979) | ($149,323.79) | |
| 20073 | 9/8/2026 | Payment of 2Q2026 fees to Sorren Inc (less 20% holdback) per 9/4/26 Order (Dkt 1979) | ($132.00) | |
| 20074 | 9/8/2026 | Payment of 2Q2026 fees to Miller Kaplan (less 20% holdback) per 9/4/26 Order (Dkt 1979) | ($961.44) | |
| | | | | |
| | | TOTAL DISBURSEMENTS: | | ($150,417.23) |
| | | | | |
| | | **Grand Total Cash on Hand at 9/30/2026:** | | **$20,390,357.87** |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

# Exhibit 4

## Master Asset List

| Receiver's Account (as of 9/30/2026) | | |
|---|---|---|
| **Institution** | **Account Information** | **Amount** |
| AXOS Fiduciary Services | Checking #0181 | $20,390,357.87 |

| | |
|---|---|
| **Other, Non-Illinois Real Estate** | |
| **Description** | **Estimated Current Market Value** |
| Single family home in Plano, Texas | ±$700,000.00[1] |
| | Estimated mortgage amount: $500,000.00<br>Estimated value less mortgage: $200,000.00 |

[1] Source: www.zillow.com