**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**EQUITYBUILD, INC., EQUITYBUILD FINANCE, LLC, JEROME H. COHEN, and SHAUN D. COHEN,**<br><br>**Defendants.** | ) | **Civil Action No. 18-cv-5587**<br><br>**Judge Manish S. Shah**<br><br>**Magistrate Judge Young B. Kim** |

**ORDER GRANTING RECEIVER'S MOTION TO APPROVE SETTLEMENT WITH SHATAR CAPITAL PARTNERS AND CLAIM SET 5018 INTEREST HOLDERS**

WHEREAS, this matter came before the Court on the Receiver's Motion to Approve Settlement with Shatar Capital Partners and all Claim Set 5018 Interest Holders (Dkt. 1982) (the "Motion"). Shatar Capital Partners ("Shatar") and each person or entity holding or claiming any current or former legal, beneficial, economic, or other interest in Claim Set 5018 identified in the Motion (collectively, the "Shatar Parties") joined in the Motion and agreed to be bound by the terms set forth in the Motion and this Order.

WHEREAS, the Receiver served a copy of the Motion upon all parties receiving notice in this case via this Court's CM/ECF system, and also by electronic mail to all known individuals or entities that submitted a proof of claim in this action.

WHEREAS, the Receiver also posted a copy of the Motion to the Receivership webpage at https://rdaplaw.net/equitybuild-receivership/.

WHEREAS, no objections to the motion were submitted to the Receiver or filed with the Court.

WHEREAS, the SEC does not object to the relief requested in this motion.

NOW, THEREFORE, the Court, having considered the Motion and the record of this receivership case and being otherwise duly advised in the premises, hereby finds and ORDERS:

1. The Motion (Dkt. 1982) is GRANTED.

2. Adequate and fair notice has been provided to all interested and potentially interested parties of the Group 10 claims process, the Group 10 Plan, the Objection, and the current Motion.

3. The Settlement between the Receiver, Shatar, and the Shatar Parties is fair and reasonable and in the best interest of the Receivership Estate.

4. For purposes of this Order, Shatar and the Shatar Parties include each current or former beneficial holder, successor, assignee, trustee, beneficiary, or other person or entity holding or claiming any interest in Claim Set 5018, including 1111 Crest Drive, LLC, Danny Pakravan as Trustee of Pakravan Living Trust, Novi Partners, LLC, on behalf of themselves and the interests they purchased from Farsaa, Inc., Abraham Aaron Ebriani, and Hamid Esmail. Shatar and the Shatar Parties have represented and warranted that this list is complete, that no interest in Claim Set 5018 has been assigned, transferred, pledged, or encumbered except as disclosed to the Receiver in writing, and that each Shatar Party has authority to enter into and be bound by the Settlement.

5. At or about the time the Receiver makes distributions pursuant to the Court's final Group 10 distribution order, the Receiver shall pay from the Receiver's account an aggregate amount of $125,000.00 (the "Settlement Payment") to Roetzel & Andress Trust Account for the

benefit of 1111 Crest Drive, LLC, Danny Pakravan as Trustee of Pakravan Living Trust, and Novi Partners, LLC in full settlement of Claim Set 5018 and all claims and interests associated with it, excepting and without any release of claims pending in the Circuit Court of Cook County, Case No. 2025 L 13489 or any claims that Shatar or the Shatar Parties may have against Chicago Title Insurance Company, as set forth in Paragraph 8 below. Payment to the designated payee shall fully discharge the Receiver, the Receivership Defendants, and the Receivership Estate, as these terms are defined in the Order Appointing Receiver and amendments thereto (Dkt. 16, 290, 634), and the allocation or distribution of the Settlement Payment among Shatar and/or the Shatar Parties shall be solely their responsibility.

6. Without any party admitting liability or the validity of any claim, defense, argument, or position, the Settlement resolves all disputes of any kind or nature, known or unknown, asserted or unasserted, by or on behalf of Shatar or any Shatar Party against the Receiver, the Receivership Defendants, the Receivership Estate, or any of the Receiver's professionals, agents, employees, attorneys, or representatives (collectively, "the Receivership Releasees"), which relate to or arise out of Claim Set 5018, Shatar's loan or proof of claim, the properties located at 5450 S Indiana and 7749 S Yates, the Group 2 or Group 10 claims processes, the Group 10 Plan, Shatar's objection to the Group 10 Plan (the "Objection"), the Receivership Estate, or this Action. The Settlement does not constitute an admission that Shatar, the Shatar Parties, or Claim Set 5018 is entitled to Class 1 treatment and shall not establish a precedent with respect to any other claimant, claim, or issue in this Receivership.

7. Except as provided in Paragraph 8 below, all claims, liens, objections, rights, demands, actions, causes of action, liabilities, damages, losses, costs, expenses, or other interests of any kind or nature that exist, might exist, or at any time existed in favor of Shatar or any Shatar

Party, and that relate to or arise out of any matter identified in paragraph 5, are hereby released, compromised, and waived. Other than the Settlement Payment, neither Claim Set 5018, nor Shatar, nor any Shatar Party shall receive anything further from the Receiver, the Receivership Defendants, or the Receivership Estate, including any interest, attorneys' fees, costs, Class 1 or Class 2 distribution, supplemental distribution, residual distribution, or other additional payment.

8. For the avoidance of doubt, the Settlement does not release any claims that Shatar, the Shatar Parties, or their respective officers, directors, members, managers, employees, agents, or affiliates may have against one another, including but not limited to the claims pending in the Circuit Court of Cook County, Case No. 2025 L 13489, any additional claims that may be asserted in that action or other actions against parties other than against the Receivership Releasees, or any claims that Shatar or the Shatar Parties may have against Chicago Title Insurance Company.

9. Upon entry of this Order, without the need for any further order or action by anyone, the Objection is withdrawn with prejudice, and Claim Set 5018 is fully and finally settled and shall not participate in Class 1, Class 2, or any supplemental, residual, or other distribution from the Receivership Estate except for the Settlement Payment expressly approved by this Order.

10. Shatar and the Shatar Parties, on the one hand, and the Receiver, the Receivership Defendants, and the Receivership Estate, on the other hand, each hereby irrevocably and unconditionally release and forever discharge the other, together with their respective officers, directors, members, managers, partners, trustees, beneficiaries, employees, agents, attorneys, professionals, and representatives, from any and all claims, demands, actions, causes of action, liabilities, damages, losses, liens, costs, and expenses of every kind or nature—whether known or unknown, suspected or unsuspected, accrued or unaccrued, contingent or matured, direct or indirect, in law or in equity—arising out of, based upon, relating to, or in any way connected with:

- the SEC Action;
- the Receivership Estate;
- Claim Set 5018, Shatar's loan or proof of claim, the Indiana and Yates properties, the Group 2 or Group 10 claims and distribution processes, the Objection, the Group 10 Plan, or the Settlement; or
- any act, omission, or duty of the Receiver in connection with the SEC Action, the Receivership Estate, Claim Set 5018, or any claims or distribution process in this Receivership.

These releases and waivers bind Shatar and the Shatar Parties, the Receiver, the Receivership Defendants, the Receivership Estate, and their respective predecessors, successors, assigns, trustees, beneficiaries, members, managers, agents, representatives, heirs, administrators, and all persons or entities claiming by or through any of them.

These releases include, without limitation and to the fullest extent permitted by law, any and all claims under any theory of liability, arising before, during or after the Receiver's appointment.

11. Shatar and the Shatar Parties shall not appeal from or collaterally attack any ruling associated with Claim Set 5018, the Objection, the Group 10 Plan, the Settlement, or this matter, and waive any present or future objection to or other challenge to the Group 10 Plan or the treatment or classification of Claim Set 5018, except for the right to receive the Settlement Payment. For the avoidance of doubt, this does not waive or restrict Shatar or the Shatar Parties from asserting any claims or arguments pertaining to the claims against each other pending in the Circuit Court of Cook County, Case No. 2025 L 13489, as provided in Paragraph 8 above.

12. Any and all other claims, objections, rights, or interests covered by the Settlement are released, compromised, and waived. This Order and the Settlement bind Shatar and the Shatar Parties and their respective predecessors, successors, assigns, trustees, beneficiaries, members, managers, agents, representatives, heirs, administrators, and all persons or entities claiming by or through any of them, all of whom are permanently barred and enjoined from asserting any claim, objection, right, or interest released or waived by this Order. The Court retains exclusive jurisdiction over all matters concerning the Settlement, including without limitation its interpretation and enforcement.

Entered:

Manish S. Shah
United States District Court Judge

Date: October 30, 2026